**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC. | ) | Case No. 20-12836 (___) |
| | ) | |
|           Debtor. | ) | |
| Tax I.D. No. 85-2308268 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CRED (US) LLC | ) | Case No. 20-12837 (___) |
| | ) | |
|           Debtor. | ) | |
| Tax I.D. No. 83-1785799 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CRED CAPITAL, INC. | ) | Case No. 20-12838 (___) |
| | ) | |
|           Debtor. | ) | |
| Tax I.D. No. 84-5094064 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CRED MERCHANT SOLUTIONS LLC | ) | Case No. 20-12839 (___) |
| | ) | |
|           Debtor. | ) | |
| Tax I.D. No. 84-4583150 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CRED (PUERTO RICO) LLC | ) | Case No. 20-12840 (___) |
| | ) | |
|           Debtor. | ) | |
| Tax I.D. No. 66-0943566 | ) | |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

1. By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"): (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only, including a consolidated caption of "*In re Cred Inc.*, *et al.*," and (ii) granting certain related relief. In support of this motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").[1]

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this motion are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### Background

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration.

### Basis for Relief

7. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."  Fed. R. Bankr. P. 1015(b).

8. In addition, Local Rule 1015-1 provides:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

9. The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b), as Cred Inc. owns 100% of the

3

stock or membership interest in the other Debtors.  Further, the Debtors comprise a single business with integrated operations that rely on the same groups of employees, vendors and customers.  Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.[1]

10. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense.  Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.  Finally, joint administration will ease the burden on the office of the United States Trustee (the "U.S. Trustee") in supervising these bankruptcy cases; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claim will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate.

11. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

---

[1] Pursuant to Local Rule 1015-1, the Debtors are filing the First Day Declaration.  The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and the parties in interest.

12. Under section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

13. The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. In addition, the Debtors request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (except that of Cred Inc.), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Cred Inc., Case No. 20-12836 ([___]), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 20-12836 ([___]) should be consulted for all matters affecting this case.

15. It would be far more practical and expedient for the administration of these chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision

that many of the motions, hearings, and other matters involved in these chapter 11 cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

16. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this District under similar circumstances.  *See*, *e.g.*, *In re Cyc Holdings LLC*, No. 20-12594 (JTD) (Bankr. D. Del. Oct. 21, 2020) [Docket No. 11]; *In re Yogaworks, Inc.*, No. 20-12599 (KBO) (Bankr. D. Del. Oct. 16, 2020) [Docket No. 31]; *In re Emergent Capital, Inc.*, No. 20-12602 (BLS) (Bankr. D. Del. Oct. 16, 2020) [Docket No. 36]; *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del. Oct. 14, 2020) [Docket No. 210]; *In re RTI Holding Company, LLC*, No. 20-12456 (JTD) (Bankr. D. Del. Oct. 8, 2020) [Docket No. 68].[1]

17. For these reasons, the Debtors submit that the relief requested in this motion is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest and, therefore, should be granted.

## Notice

18. Notice of this motion has been given to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors.  As this motion is seeking first-day relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-l(m)(iii).  In light of the nature of the relief

---

[1] The referenced orders are voluminous in nature and are not attached to this motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, undersigned counsel has copies of each order and will make them available to the Court or to any party that requests them.  Additionally, the orders are available on the Court's CM/ECF PACER site at the cited docket index numbers.

requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (a) granting the relief requested in this motion and (b) granting such other relief as is just and proper.

Dated: November 8, 2020
Wilmington, Delaware

/s/ Scott D. Cousins
_____
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
   mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
   derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*