**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (\_\_\_) |
|  | ) |  |
| Debtors.[1] | ) | (Joint Administration Requested) |
|  | ) |  |

**MOTION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO
(I) REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) ABANDON PROPERTY IN CONNECTION THEREWITH**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (each a "Debtor"

and, collectively, the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

1.       By this motion, the Debtors request entry of an order, substantially in the form

attached as **Exhibit A** (the "Proposed Order"), authorizing the Debtors (a) to reject unexpired

leases of nonresidential real property in San Mateo and Sherman Oaks, California as of the

Petition Date (as defined below) and (b) abandon certain property in connection therewith.  In

support of this motion, the Debtors rely upon, and incorporate by reference, the *Declaration of

Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day

Declaration").[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]     Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

**<u>Jurisdiction, Venue, and Statutory Bases</u>**

2.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "<u>Local Rules</u>"), the Debtors confirm their consent to the entry of a final

order by the Court in connection with this motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this motion are sections 105(a), 365,

and 554(a) of Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Rule 9013-1(m).

**<u>Background</u>**

**1.      Chapter 11 Cases**

5.      On November 7, 2020 (the "<u>Petition Date</u>"), the Debtors each commenced a

voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are

authorized to continue operating their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of

creditors has been appointed in these chapter 11 cases.

6.      The Debtors have filed a motion requesting joint administration of their chapter

11 cases pursuant to Bankruptcy Rule 1015(b).

7.      Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the commencement of these chapter 11 cases is set forth in the First

Day Declaration.

2.      **Debtors' Real Estate Leases**

8.      Cred is currently party to a lease agreement, dated October 2, 2018, with 2121

SEC TT, LLC (together with any amendments, modifications, and renewals, the "San Mateo

Lease").  The San Mateo Lease provides Cred general use of 5,586 square feet of office space at

Tower Plaza in San Mateo, California (the "San Mateo Property"), for a term ending November

30, 2023.

9.      Cred is also currently party to an office lease, dated December 4, 2019, with

Douglas Emmett 2016, LLC (the "Sherman Oaks Lease").  The Sherman Oaks Lease provides

Cred general use of 1,816 square feet of office space at 15303 Ventura Boulevard in Sherman

Oaks, California (the "Sherman Oaks Property"), for a term ending January 31, 2023.

10.     The San Mateo Property and the Sherman Oaks Property are the only office space

utilized by the Debtors and served as the bases of the Debtors' business operations until March

2020.  In March 2020, however, the Debtors shifted all operations to remote work in response to

the COVID-19 pandemic.  The transition has largely been successful.

11.     In light of the Debtors' successful transition to remote working, as well as the

uncertainty regarding COVID-19, the Debtors no longer need their office space and do not

anticipate needing office space in the immediate future.  The Debtors vacated and removed their

personal property from the San Mateo Property prior to the Petition Date.  The Debtors have

some personal property and rented furniture at the Sherman Oaks Property that is expected to be

removed by November 13, 2020.

12.     Accordingly, the Debtors seek to reject the San Mateo Lease and the Sherman

Oaks Lease, as they are unnecessary burdens on the Debtors' estates.  The Debtors also request

authority to abandon any personal property remaining at the San Mateo Property and Sherman

Oaks Property because it is of no use or value to their estates.

## Basis for Relief

I.    **Rejection of the Debtors' Leases Is an Exercise of the Debtors' Sound Business Judgment and Is in the Best Interests of the Debtors' Estates**

13.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." The general purpose behind section 365(a) is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."[3]

14.    The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.[4] Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.[5] Courts have held that a debtors' decision to approve or reject an executory contract should be approved "as a matter of course" absent a showing of extraordinary circumstances.[6]

15.    The Debtors' rejection of the San Mateo Lease and the Sherman Oaks Lease is well within their business judgment and in the best interest of their estates. The leases are no longer necessary for, or beneficial to, the Debtors' business and impose unnecessary expenses on

---

[3]    *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

[4]    *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).

[5]    *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985).

[6]    *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). *See also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

their estates. Rejection of the leases will therefore avoid the incurrence of any additional

unnecessary expenses and will result in a net gain for the Debtors' estate.

16.     In light of the foregoing, the Debtors respectfully request the Court approve

rejection of the San Mateo Lease and the Sherman Oaks Lease.

## II.     The Court Should Reject the Leases as of the Petition Date

17.     Bankruptcy courts are empowered to authorize retroactive rejection of a lease

under sections 105(a) and 365(a) of the Bankruptcy Code.[7]  Bankruptcy courts in this district

have previously considered and allowed such relief.[8]

14.     By rejecting the San Mateo Lease and the Sherman Oaks Lease retroactive to the

Petition Date, the Debtors will avoid incurring administrative rent expenses on properties they

have no use for to the detriment of their estates.  Further, the Debtors' landlords will not be

prejudiced, as this motion is being filed at the beginning of the case, the Debtors have already

vacated the San Mateo Property, and the Sherman Oaks Property will be vacated within the

next week.  The Debtors have no need for these real property leases and do not intend to use

them in the future.

---

[7]     *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-29 (1st. Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

[8]     *See, e.g., In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Aug. 12, 2019) (granting Debtors authorization to reject certain executory contracts, effective as of the petition date); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. June 5, 2019) (same); *In re Kona Grill, Inc.*, No. 19-10953 (CSS) (Bankr. D. Del. May 2, 2019) (same); *In re Argos Therapeutics, Inc.*, No. 18-12714 (KJC) (Bankr. D. Del. Mar. 4, 2019) (same); *In re Promise Health Grp.*, No. 18-12491 (CSS) (Bankr. D. Del. Nov. 30, 2018) (same).

15.     Accordingly, the Court should permit the Debtors reject the San Mateo Lease and the Sherman Oaks Lease retroactive to the Petition Date.

**III.     Abandonment of Debtors' Property Located at San Mateo Property and Sherman Oaks Property Is Appropriate**

17.     Section 554(a) of the Bankruptcy Code provides that "the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."[9]  The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare.[10]

18.     If any of the Debtors' personal property remains at the San Mateo Property, it is of no use in the Debtors' business and of inconsequential value to their estates.  The Debtors expect to have removed any personal property having value from the Sherman Oaks Property by November 13, 2020, and anything remaining after that time will be of no use of value to the estates.  Further, abandonment of the remaining property would not threaten the public's welfare.

19.     Thus, the Court should allow the Debtors to abandon any remaining property located at the San Mateo Property and the Sherman Oaks Property.

<u>**Reservation of Rights**</u>

20.     Nothing contained in this motion is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption or adoption of any agreement, contract, or lease under section 365 of the

---

[9]     11 U.S.C. § 554(a).

[10]    *See Midlantic Nat'l Bank v. N. J. Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986).

Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## **Notice**

24.    Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (v) 2121 SEC TT, LLC; and (vi) Douglas Emmett 2016, LLC.  In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.


*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached to this motion: (i) granting the relief requested and (ii) granting such other and further relief as the Court may deem proper.

Dated: November 8, 2020
      Wilmington, Delaware

/s/  Scott D. Cousins

Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:        scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:        jamesgrogan@paulhastings.com
              mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:        alexbongartz@paulhastings.com
              derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING DEBTORS TO (I) REJECT UNEXPIRED**
**LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
**(II) ABANDON PROPERTY IN CONNECTION THEREWITH**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (each a

"Debtors" and, collectively, the "Debtors"), for entry of an order under sections 105(a), 365(a),

and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"),  authorizing the

Debtors (a) to reject unexpired leases of nonresidential real property in San Mateo and Sherman

Oaks, California as of the Petition Date, and (b) abandon certain property in connection

therewith, all as more fully set forth in the Motion; and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

under the circumstances and no other notice need be provided; and the Court having reviewed

the Motion; and the Court having held a hearing to consider the relief requested in the Motion, if

necessary (the "Hearing"); and upon the First Day Declaration and the record of the Hearing, if

necessary; and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and it appearing that the relief requested

in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in

interest; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT:**

1.      The Motion is granted as set forth herein.

2.      The San Mateo Lease and the Sherman Oaks Lease are rejected effective as of the

Petition Date.

3.      Any of the Debtors' personal property remaining at the San Mateo Property and

Sherman Oaks Property is abandoned, effective as of the Petition Date.

4.      Notwithstanding Bankruptcy Rule 6004(h), this Order is effective immediately

and enforceable upon its entry.

5.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to

create, any rights in favor of, or enhance the status of any claim held by, any party.  The Debtors

do not waive any claims they may have against any counterparty to a lease rejected under this

Order, and the rights of the Debtors to argue that: (a) any of the leases rejected under this Order

were terminated prior to the Petition Date; (b) that any claim for damages arising from the

rejection of such leases is limited to the remedies available under any applicable termination

provision of such lease; or (c) that any such claim is an obligation of a third party and not that of the Debtors or their estates, are expressly preserved.

6.      Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the leases rejected under this Order are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to such leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under such leases, without the Debtors consent or further order of this Court.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      Any proofs of claim for damages arising in connection with the rejection of the San Mateo Lease or the Sherman Oaks Lease, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these cases, if any, and (b) thirty days after entry of this Order.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.