UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF DEBTORS'
30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS TO
SERVE CERTAIN PARTIES BY E-MAIL (III) AUTHORIZING DEBTORS TO
REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL
IDENTIFICATION INFORMATION, AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

1. By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"), authorizing the Debtors (a) to file a consolidated list of creditors, (b) to provide e-mail service to certain creditors, (c) to redact or withhold publication of certain personal identification information, and (d) granting related relief. In support of this motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

**Jurisdiction, Venue, and Statutory Bases**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this motion are sections 105(a), 107(b), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(j), 2002(m), 9007, 9018, and 9037(d), and Local Rules 1001-1(c), 1007-1, 1007-2, 9013-1(m), and 9018-1(b).

**Background**

**1.    Chapter 11 Cases**

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The Debtors have also filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration.

## Basis for Relief

**I.   Request for Authority to File a Consolidated List of Creditors**

13.  The Debtors have identified thousands of entities and individuals to which notice of certain proceedings in these chapter 11 cases must be provided. The Debtors anticipate that such notices will comprise, without limitation, notice of: (i) the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code; (iii) applicable bar dates for the filing of claims; (iv) the hearing of adequacy of a disclosure statement in respect of a plan of reorganization; and (v) the hearing to confirm a plan of reorganization or liquidation (collectively, the "Notices").

14.  Local Rule 1007-2 provides that in a voluntary chapter 11 case, a debtor must filed "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."[3] Local Rule 2002-1(f)(v) requires each debtor or its duly retained agent to maintain a separate creditor mailing matrix in jointly administered cases. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice.[4]

10.  Substantially all of the Debtors' creditors are creditors of Debtor Cred, but some may also have claims against other Debtors. The Debtors believe that consolidating all of the creditors into a single creditor matrix (the "Creditor Matrix"), and providing a single consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"), will provide

---

[3]   Del. Bankr. L.R. 1007-2(a).
[4]   Del. Bankr. L.R. 1001-1(c).

significant efficiency gains when providing interested parties with Notices and other similar documents as requiring them to provide Debtor-specific Notices would be unnecessarily burdensome and would lead to significant duplication. Further, creditors will not be harmed since they will still receive adequate notice of these chapter 11 proceedings. In light of the above, the Debtors believe that permitting them to maintain the Creditor Matrix and Top 30 List in lieu of separate creditor matrices and top 20 creditors' lists for each Debtor is warranted.

II.     **Request for Authority to Provide E-Mail Service to Creditors**

11.     Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses,[5] they give significant latitude to bankruptcy courts for modifying the general rule.[6] Bankruptcy courts have explicit authority to modify the manner in which notice is given.[7]

12.     The Debtors have over 6,000 creditors, most of whom are the Debtors' clients and customers. Additionally, the Debtors' numerous former customers will also require services of notices. Because the Debtors operate an online cryptocurrency platform, all of the Debtors' customers interact with the Debtors' via e-mail, and the Debtors mainly contact their their other creditors through e-mail.

13.     Accordingly, the Debtors request authority from the Court to serve creditors by e-mail, where an email account is available to the Debtors. Not only is this likely the most efficient manner by which service of all interested parties can be completed, it is also the most likely to engender creditor responses because the customer base currently receives all notices from the Debtors via e-mail.

---

[5]     Fed. R. Bankr. P. 2002(g).

[6]     Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007.

[7]     Fed. R. Bankr. P. 2002(m).

### III. Request for Authority to Redact and Withold Publication of Documents with Personal Information

15. Section 107(b)(1) requires bankruptcy courts to protect trade secrets or "confidential commercial information."[8] Section 107(c)(1) of the Bankruptcy Code provides that a bankruptcy court may protect individuals from disclosures of types of information that may lead to identify theft or other unlawful injury.[9]

16. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any document publicly available in these chapter 11 cases the names and all associated identifying information of the Debtors' customers and withhold from publication any proofs of claim filed by its customers.

17. The Debtors operate a global financial-services platform catering to investors in various forms of cryptocurrency. All of the Debtors' customers are creditors. The Debtors' customer list, and related customer data, is an important and valuable asset of the Debtors and the Debtors maintain their customer list in strict confidence. Public dissemination of the Debtors' customer list could give the Debtors' competitiors an unfair advantage and would interfere with the Debtors' ability to sell their assets and maximinze value for their estates.

18. Courts recognize customer lists are entitled to protection under 107(b)(1), and have thus limited access to debtors' schedules and other court filings containing sensitive

---

[8] 11 U.S.C. § 107(b)(1).
[9] 11 U.S.C. § 107(c)(1).

customer information.[10]  Indeed, in a prior case, a court in this discrtict authorized Debtors to limit access to a Debtors' customer lists under section 107(b)(1).[11]

19.     Further, many of the Debtors customers are high net worth individuals, and public disclosure of their names and other identifying information could lead to negative publicity or, worse, identity theft.

20.     Accordingly, the Court should order the Debtors' remove the names and any other identifying information from the Debtors' public filings, as it is a trade secret or customer confidential information under section 107(b)(1), or may lead to identify theft or unlawful injury under 107(c)(1).

21.     Moreover, the Debtors request authority to remove the physical addresses and e-mail addresses of all of the Debtors' individual creditors because such information may violate privacy laws or could be used to perpetrate identity theft.

22.     The Debtors will provide an unredacted version of the Creditor Matrix and the Top 30 List to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and any official committee appointed in these chapter 11 cases.  Further, the Debtors' noticing and claims agent will have an unredacted version and will serve each creditor at their actual address, or e-mail address, as needed.

23.     Courts in this district have often granted the requested relief.[12]

---

[10]  *E.g., In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (holding that a customer list is entitled to protection under section 107(b) and restricting public access to it); *In re Frontier Group, LLC*, 256 B.R. 771, 774 (Bankr. E.D. Tenn. 2000) (same).  *See also*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (defining commercial information as something that would give "an unfair advantage to competitiors by providing them information as to the commercial operations of the Debtor.").

[11]  *See In re Ultimae Escapes Holdings, LLC*, No 10-12915 (BLS) (Bankr. D. Del. Oct.  12, 2010) (authorizing Debtors to file documents with club members' information under seal).  A copy of the order is attached to the Motion as **Exhibit C**.

[12]  *See, e.g.*, *Chisholm Oil and Gas Operating, LLC,* No. 20-11592 (BLS) (Bankr. D. Del. July 8, 2020) (authorizing Debtors to redact address information for certain creditors on the Creditor List); *In re Art Van*

24. In view of the foregoing, and given that there is minimal, if any, benefit to the public from publishing personal creditor information, there is cause for the court to redact such information.

### Reservation of Rights

20. Nothing contained in this motion is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

### Notice

24. Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors. As this motion is seeking first-day relief, notice of this motion and any order entered hereon will be

---

*Furniture, LLC*, No. 20-10553 (CSS) (Bankr D. Del. Mar. 10, 2020) (authorizing Debtors to redact individual creditors and interest holders address information); *In re Clover Technologies Group, LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb 4, 2020) (authorizing Debtors to redact individual creditor's information on the creditor matrix or other documents available with the court); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019) (authorizing Debtors to redact address information for certain creditors on the Creditor List): *In re Joerns WoundCo Holdings, Inc.*, No. 19-11401 (JTD) (Bankr. D. Del. June 26, 2019) (same): *In re Cloud Peak Energy Inc.* No. 19-11047 (KG) (Bankr. D. Del. May 5, 2019) (same); *In re 1515-Greenergy Holding Co. LLC,* No. 19-10303 (KJC) (Bankr. D. Del. Feb. 19, 2019) (same). Because of the voluminous nature of the orders cited in this motion, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

served on all parties required by Local Rule 9013-1(m)(iii).  In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the form attached hereto: (i) granting the relief requested in this motion, and (ii) granting such other and further relief as the Court may deem proper.

Dated: November 8, 2020
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
       mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
       derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*