# Exhibit C

**Unreported Opinions**

Case 20-12836-JTD    Doc 6-3    Filed 11/08/20    Page 1 of 5

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ESCAPES HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12915 (BLS)<br><br>Ref. Docket No. 13<br><br>(Jointly Administrated) |

**ORDER PURSUANT TO 11 U.S.C. § 107(b)(1), FED. R. BANKR. P. 9018, AND LOCAL RULE 9018-1(B) AUTHORIZING DEBTORS TO FILE CERTAIN CONFIDENTIAL, COMMERCIAL AND PROPRIETARY MEMBER INFORMATION UNDER SEAL**

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order pursuant to §107(b)(1) of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to file certain confidential, commercial and proprietary customer information under seal; the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DEL 86,344,214v2

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted, but solely to the extent set forth herein.

2. The Debtors are authorized to file certain documents (the "**Excluded Documents**") under seal or in redacted form to protect from disclosure information regarding the Debtors' Members (the "**Members**"), including information regarding the (i) names and all identifying information regarding the Debtors' Members ("**Member Information**"), and (ii) agreements to which the Debtors' Members are parties with the Debtors (the "**Excluded Agreements,** and collectively with the Member Information, the "**Sealed Information**"). The Excluded Documents may include:

   (i) excluded portions of affidavits of service which relate to, and include information regarding, the Sealed Information, including the notice of commencement and the section 341 meeting of creditors, the notice of the sale of the Debtors' assets and the bid procedures, the notice of notice procedures and master service list, the notice of the time fixed for filing proofs of claims, the notice of the objection deadline and hearing to consider approval of any plan of reorganization and adequacy of the related disclosure statement, and any other pleadings, notices, or documents which were or will be served in the Debtors' chapter 11 cases;

   (ii) excluded portions of the Debtors' schedules of executory contracts which relate to, and include information regarding, the Sealed Information;

   (iii) excluded portions of the Debtors' consolidated list of creditors holding the twenty (20) largest unsecured claims which relate to, and include information regarding, the Sealed Information;[2]

   (iv) excluded portions of the *Creditor Matrix* submitted with the voluntary petitions, pursuant to Local Rule 1007-1(a) which relate to, and include information regarding the Sealed Information; and

   (v) any other affidavits, pleadings, notices, or documents which relate to, and include information regarding, the Sealed Information, and were or will be filed and/or served in the Debtors' chapter 11 cases.

---

[2] To the extent that member has resigned, is inactive, and is among the Debtors' 20 largest unsecured creditors, the Debtors will include this member information in the creditors' list. In addition, certain member information will appear on the exhibits attached to the *Debtors' Motion for entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and Granting Related Relief.*

DEL 86,344,214v2

3. The "redacted" Creditor Matrix (the **"Matrix"**), a copy of which was filed with the Court on September 20, 2010, is a full and complete matrix of the Debtors' creditors as of the date hereof, and the filing of the Matrix has satisfied the Debtors' obligations under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including, without limitation, Local Rule 2002-1(f)(vii).

4. To the extent the Debtors have served or intend to serve Members with any notice, motion, pleading or other document (collectively, **"Documents"**), including, without limitation, notice of any bar date set pursuant to Bankruptcy Rule 3003(c)(3), BMC Group ("**BMC**"), the Debtors' notice, claims and balloting agent, as authorized by the Court on September 22, 2010 [Docket No. 39], shall, at the Debtors' direction, complete service of any such Documents on all Members and following its completion of service on all such Members, BMC shall include the designation "ALL CONFIDENTIAL MEMBERS" in any Certificate of Service to indicate that the Members received service of the applicable Document (the **"Customer Certification"**).

5. To the extent any party in interest, other than the Debtors or the statutory committee of unsecured creditors appointed in these chapter 11 cases, intends to serve Members in these chapter 11 cases with any Documents, BMC shall, at the sole cost and expense of any such party in interest, complete service of any such Documents on Members. Following its completion of service on Members, BMC shall include the Customer Certification in any Certificate of Services.

6. The Debtors are authorized to redact Member Information on Schedule G of the Debtors' Schedules of Assets and Liabilities and file such redacted schedules with the Court (the **"Redacted Schedules and Statements"**).

7. The Debtors shall provide (i) the unredacted Schedules and Statements (the "**Unredacted Schedules and Statements**") to the Court in a prominently marked envelope with a court seal attached containing the following: the above-captioned case number; docket number of the Motion and this Stipulation; title of the document to be filed under seal; and the legend "DOCUMENTS TO BE KEPT UNDER SEAL;" and (ii) a copy of the Unredacted Schedules and Statements to the U.S. Trustee and counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

8. The Unredacted Schedules and Statements shall remain under seal and confidential and shall not be made available to anyone, other than the U.S. Trustee and counsel to the Committee, without the Debtors' express consent following execution of a confidentiality agreement satisfactory to the Debtors.

9. The terms and conditions of this Order shall be immediately effective upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: October 12, 2010

_____
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DEL 86,344,214v2

- 4 -