UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (__) |
|  | ) |  |
|  | ) | (Joint Administration Requested) |
| Debtors.[1] | ) |  |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF BANKRUPTCY CODE, (II) PERMITTING DEBTORS TO MODIFY AUTOMATIC STAY, (III) APPROVING FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

1. By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"): (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (b) modifying the worldwide automatic stay, to the extent the Debtors deem appropriate in their sole discretion, to proceed with litigation or contested matters, if any, commenced before the Petition Date; (c) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to the Proposed Order (the "Notice"); and (d) granting related relief. In support of this motion, the Debtors rely upon, and incorporate by reference, the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

*Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed concurrently with this motion.[2]

### Jurisdiction, Venue, and Statutory Bases

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this motion are sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code.

### Background

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

6.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[3]

7.      Though the Debtors operate out of California, their business relations and customer base are international in scope. Indeed, the Debtors have customers in approximately 140 countries, located on every continent other than Antarctica. While a plurality of customers are based in the United States, the Debtors estimate that approximately 75% of their customers are located outside the United States. In particular, substantial numbers of the Debtors' customers are based in the United Kingdom, the European Union, Canada, and Venezuela. The Debtors also have significant business ties throughout Asia.

## Basis for Relief

**I.      Relief Is Appropriate to Ensure Adherence to Automatic Stay, Anti-Discrimination, and *Ipso Facto* Provisions of the Bankruptcy Code.**

8.      As a result of the commencement of chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.[4] The injunction contained in section 362 is a core protection for debtors, providing them with a "breathing spell from [their] creditors" that is essential to the Debtors' ability to reorganize successfully.[5]

9.      Given its fundamental importance to a debtor's reorganization, courts have

---

[3]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the First Day Declaration.

[4]   *See* 11 U.S.C. § 362(a)(3).

[5]   *See Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982); *Shugrue v. Air Line Pilots Ass'n Int'l. (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir. 1990) (internal citations omitted).

3

broadly construed the automatic stay provision of section 362 of the Bankruptcy Code, and have recognized the extraterritorial reach of the automatic stay.[6]

10. As a corollary to the protection afforded by the automatic stay, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to contracts with a debtor from terminating those contracts because of a debtor's bankruptcy filing. Specifically, section 365(e) of the Bankruptcy Code invalidates so-called *ipso facto* provisions, which provide for the termination of a contract upon a bankruptcy filing.[7]

11. Pursuant to section 525(a) of the Bankruptcy Code, "governmental units"— defined, in section 101(27), to include a foreign state or other foreign government, as well as their departments, agencies, or instrumentalities—are prohibited from, among other things, denying, revoking, suspending, or refusing to renew licenses, permits, charters, franchises, or other similar grants held by a chapter 11 debtor on the basis that the debtor has failed to pay a dischargeable debt, commenced a chapter 11 case, or was insolvent prior to the commencement of such case.[8]

---

[6] *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the bankruptcy court's decision to enforce the automatic stay extraterritorially); *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998) ("Given this clear expression of intent by Congress in the express language of the Bankruptcy Code, we conclude that Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate."); *In re Bernard L. Madoff Inv. Secs. LLC*, 2012 WL 1570859 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit).

[7] Section 365(e)(1)(B) of the Bankruptcy Code provides (subject to certain limited exceptions) that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on . . . the commencement of a case under this title.

11 U.S.C. § 365(e)(1)(B).

[8] *See* 11 U.S.C. § 525(a); *see also NextWave Pers. Commc'ns*, 537 U.S. 293, 308 (2003) (holding the Federal Communications Commission could not cancel a debtor's broadcasting license due to non-payment of licensing fees during the bankruptcy process).

12.     Finally, all interests of a debtor in property held as of the commencement of a chapter 11 case automatically become property of the estate and any restrictions or conditions on the transfer of such interests are unenforceable.[9]

13.     Although application of the protections afforded a debtor by sections 362, 365, 525, and 541 is automatic with the filing of a chapter 11 petition, not all parties affected or potentially affected by the commencement of these chapter 11 cases are aware of these statutory provisions or their significance and global impact.  In light of the international nature of the Debtors' business and operations, it is essential to advise parties outside the United States of the existence, reach, and effects of these provisions.  Indeed, in the event the Proposed Order is not entered, parties located in foreign jurisdictions may inadvertently take action against the Debtors or their property in violation of sections 362 and 365 of the Bankruptcy Code.  Any such violation may disrupt the Debtors' business and impairs their ability to successfully preserve their assets and maximize value for stakeholders.

14.     Section 105(a) of the Bankruptcy Code, moreover, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[10]  This section, therefore, authorizes the Court to issue the Proposed Order.

15.     Bankruptcy courts in this district and elsewhere have entered orders restating and enforcing the protections set forth in sections 362, 365, 525, and 541 of the Bankruptcy Code under comparable circumstances.[11]  Given the critical importance of ensuring the Debtors' non-

---

[9]  *See* 11 U.S.C. § 541(c)(1).

[10]  11 U.S.C. § 105(a).

[11]  *See, e.g.*, *In re GCX Limited,* No. 19-12031 (CSS) (Bankr. D. Del. Sept. 15, 2019); *In re Maurice Sporting Goods, Inc.*, No. 17-12481 (CSS) (Bankr. D. Del. Nov. 21, 2017); *In re TK Holdings, Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017); *In re BPS US Holdings Inc.*, No. 16-12373 (KJC) (Bankr. D. Del. Nov. 1, 2016); *In re Modular Space Holdings, Inc.*, No. 16-12825 (KJC) (Bankr. D. Del. Dec. 22, 2016); *In re: Miami Metals I, Inc., et al.*, No. 18-13359 (SHL) (Bankr. S.D.N.Y. Nov. 21, 2018); *In re Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y Oct. 15, 2018); *In re China Fishery Group Limited (Cayman), et al.*, No.

U.S. assets and/or operations are not affected by noncompliance with U.S. bankruptcy law, similar relief is appropriate here.

16. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order in the form attached hereto, which restates the applicable provisions of sections 362, 365, 525, and 541 of the Bankruptcy Code and makes clear that those provisions are applicable to all creditors and parties in interest.[12]

**Notice**

17. Notice of this motion has been given to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors. As this motion is seeking first-day relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-l(m)(iii). In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of page intentionally left blank.*]

---

16-11895 (JLG) (Bankr. S.D.N.Y. June 30, 2016); *In re CGG Holdings (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 15, 2017). The referenced orders are voluminous in nature and are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, undersigned counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the orders are available on the Court's CM/ECF PACER site at the cited docket index numbers

[12] As necessary, the Debtors will provide translations of this Motion, the Order, and/or the Notice.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (a) granting the relief requested in this motion, and (b) granting such other relief as is just and proper.

Dated: November 8, 2020
Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
              mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
              derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*