# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>  Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (__)<br><br>(Jointly Administered) |

**ORDER (I) RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF BANKRUPTCY CODE, (II) PERMITTING DEBTORS TO MODIFY AUTOMATIC STAY, (III) APPROVING FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) modifying the automatic stay, (c) approving the form and manner of notice, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Subject to section 362 of the Bankruptcy Code, all entities (including individuals, partnerships, corporations, estates, trusts, governmental units, and other entities and all those acting on their behalf), whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

    a. commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

    b. enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of these chapter 11 cases;

    c. taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to interfere with

                  deliveries or events or attempts to arrest, seize or reclaim any assets in which the Debtors have legal or equitable interests;

        d.        taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

        e.        taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of these chapter 11 cases;

        f.        taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these chapter 11 cases; and

        g.        offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases, including funds held in bank accounts (wherever located), against any claim against the Debtors.

        3.        Pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions and exceptions provided for in the Bankruptcy Code, notwithstanding any provision in a contract ("Contract") or lease ("Lease") or any applicable law, all entities are hereby stayed, restrained, and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are party or signatory, at any time after the commencement of these chapter 11 cases, because of a provision in such Contract or Lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases or (b) commencement of these chapter 11 cases under the Bankruptcy Code.

        4.        Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code,

Case 20-12836-JTD    Doc 8-1    Filed 11/08/20    Page 5 of 10

may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

5. Pursuant to section 541(c) of the Bankruptcy Code, any interest of the Debtors in property is property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors' chapter 11 cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

6. The form of Notice attached as **Exhibit 1** hereto is approved. The Debtors are authorized, but not directed, to serve the Notice (including, as the Debtors deems necessary, translations thereof), upon creditors, governmental units or other regulatory authorities, and parties in interest, wherever located.

7. For the avoidance of doubt, this Order does not expand or enlarge the rights and protections afforded to the Debtors under the Bankruptcy Code.

8. The automatic stay is modified, solely to the extent the Debtors, in their sole discretion, deem appropriate, to permit the Debtors to allow litigation or contested matters commenced before the Petition Date to proceed.

9. This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions. Unless otherwise specified herein, any party that desires to modify the automatic stay must file a motion with the United States Bankruptcy Court for the District of Delaware.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

4

11. The requirements set forth in Local Rule 9013-1 are satisfied by the contents of the Motion.

12. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

## **EXHIBIT 1**

**Form of Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) |  |

**NOTICE OF ENTRY OF ORDER RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS**
**OF THE BANKRUPTCY CODE**

  **PLEASE TAKE NOTICE** that on November [•], 2020, the debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are pending before the Honorable Judge [•], United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Cred Inc., et al.*, Case No. 20-12836 (___).

  **PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases; or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

  **PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of Bankruptcy Code, (II) Permitting Debtors to Modify Automatic Stay, (III) Approving Form and Manner Of Notice, and (IV) Granting Related Relief* [Docket No. __] (the "Order"), entered on November [•], 2020, and attached hereto as **Exhibit A**, all entities wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), entities party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

  **PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seek or assert causes of action or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any entity (including

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]  Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

governmental unit) seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding these chapter 11 cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of these chapter 11 cases at https://ecf.deb.uscourts.gov/ (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases located online at https://www.donlinrecano.com/cred or (c) contacting the following proposed co-counsel for the Debtors:

**PAUL HASTINGS LLP**
James T. Grogan, Esq.
Mack Wilson, Esq.
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002

*Proposed Co-Counsel to the Debtors*

**Exhibit A to Notice**

**Order**