IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (___) |
| Debtors.¹ | ) ) ) | (Joint Administration Requested) |

**DEBTORS' APPLICATION FOR ENTRY OF ORDER, PURSUANT TO
28 U.S.C. § 156 (C), AUTHORIZING RETENTION AND APPOINTMENT
OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING
AGENT FOR DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully represent as follows in support of this application:

**Relief Requested**

1. By this application, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Retention Order"), appointing Donlin, Recano & Company, Inc. ("DRC") as claims and noticing agent in the Debtors' chapter 11 cases in lieu of the Clerk (the "Clerk") of the United States Bankruptcy Court for the District of Delaware (the "Court"), effective *nunc pro tunc* to the Petition Date. In support of the Motion, the Debtors rely upon, and

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

1

incorporate by reference, the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion,[2] and the *Declaration of Nellwyn Voorhies* (the "Voorhies Declaration"), attached as **Exhibit B**.

### Jurisdiction, Venue, and Statutory Bases

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this application are 28 U.S.C. § 156(c), sections 105(a) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2002(f), Local Rules 2002-1(f) and 9013-1(m), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012 and all revisions and amendments thereto (the "Claims Agent Protocol").

---

[2] Capitalized terms used but not otherwise defined in this application shall have the respective meanings set forth in the First Day Declaration.

**Background**

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration.

**Basis for Relief**

7. By this application, the Debtors seek authority to employ DRC as claims and noticing agent in order to assume full responsibility for, among other things, the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these Chapter 11 Cases. The Debtors' selection of DRC to act as the claims and noticing agent has substantially satisfied the Claims Agent Protocol.

8. In accordance with the Claims Agent Protocol, prior to the selection of DRC, the Debtors reviewed and competitively compared engagement proposals from three court-approved claims and noticing agents, including DRC, to ensure selection through a competitive process.

The Debtors submit, based on the engagement proposals obtained and reviewed, that DRC's rates are competitive and reasonable given DRC's quality of services and expertise.

9. The terms of DRC's retention are set forth in the Standard Claims Administration and Noticing Agreement annexed as **Exhibit 1** (the "Engagement Agreement") to the proposed Retention Order.

10. The Debtors anticipate that there will be thousands of entities and individuals to be noticed in the Chapter 11 Cases. In view of the number of anticipated claimants, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors.

11. By appointing DRC as the claims and noticing agent in the Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

12. The Debtors note that they may also submit a separate application(s), pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by DRC that is not specifically authorized by this application (to the extent it is approved).

**A.     Services to Be Provided**

13. This application pertains only to the work to be performed by DRC under the Clerk's delegation of duties permitted by section 156(c) of the Judicial Code, Local Rule 2002-1(f), and the Claims Agent Protocol, and any work to be performed by DRC outside of this scope is not covered by this application or by any order granting approval hereof. Specifically, DRC

4

will perform, to the extent the Debtors or the Clerk request, the following services in its role as claims and noticing agent (the "Claims and Noticing Services"), as well as all quality control relating thereto:

a. Prepare and serve required notices and documents in the cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the form and manner directed by the Debtors and/or the Court including (i) notice of the commencement of the cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the cases;

b. To the extent applicable, maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c. Maintain (i) a list of all potential creditors, equity holders and other parties in interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) of the Bankruptcy Rules and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

d. To the extent applicable, furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f. For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

g. Process all proofs of claim received, including those received by the Clerk, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. Provide an electronic interface by filing proofs of claim;

i. Maintain the official claims register for each Debtor (the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor and (vii) any disposition of the claim;

j. Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

k. Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

l. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

m. Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Claims and Noticing Agent, not less than weekly;

n. Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

o. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers and any service or mailing lists,

6

      including to identify and eliminate duplicative names and addresses from such lists;

  p. Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

  q. Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

  r. If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of the notice to DRC of entry of the order converting the cases;

  s. Thirty days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing DRC as Claims and Noticing Agent and terminating its services upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

  t. Within seven days of notice to DRC of entry of an order closing the chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases; and

  u. At the close of these cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's office.

14. The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by DRC.

15. DRC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk's office, section 331 of the Judicial Code, or as otherwise directed by the Court.

B.  **DRC's Qualification**

16.  DRC specializes in providing comprehensive chapter 11 administrative services, including noticing, claims processing, balloting, and other related services critical to the effective administration of chapter 11 cases.  Indeed, DRC has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all other parties in interest.  Further, DRC has experience working with, and will continue to work with, the Clerk to ensure that the services provided conform to all of the Court's procedures, the Local Rules, and the provisions of any orders entered by the Court.  Accordingly, the Debtors' estates and their creditors will benefit from DRC's retention because DRC has developed efficient and cost-effective methods in this area of expertise.

17.  DRC has substantial experience in matters of this size and complexity, and has acted as the official claims and noticing agent in many large bankruptcy cases filed in this district.[3]

---

[3] *See, e.g.*, *In re FIC Restaurants, Inc., et. al.,* Case No. 20-12807 (CSS) (Bankr. D. Del. 2020); *In re IMH Financial Corporation,* Case No. 20-11858 (CSS) (Bankr. D. Del. 2020); *In re Muji U.S.A Limited,* Case No. 20-11805 (MFW) (Bankr. D. Del. 2020); *In re AAC Holdings, Inc., et al* Case No. 20-11648 (JTD) (Bankr. D. Del. 2020); *In re Klausner Lumber Two LLC,* Case No. 20-11518 (KBO) (Bankr. D. Del. 2020); *In re PQ New York,* Case No. 20-11266 (JTD) (Bankr. D. Del. 2020); *In re Comcar Industries, Inc.* Case No. 20-11120 (LSS) (Bankr. D. Del. 2020); *In re Longview Power, LLC,* Case No. 20-10951 (BLS) (Bankr. D. Del. 2020); *In re EBH Topco, LLC*, Case No. 18-11212 (BLS) (Bankr. D. Del. 2018); *In re PZ Wind Down, Inc.,* Case No. 17-12890 (CSS) (Bankr. D. Del. 2017); *In re Velocity Holding Co., Inc.,* Case No. 17-12442 (KJC) (Bankr. D. Del. 2017); *In re Mac Holding LLC,* Case No. 17-12226 (MFW) (Bankr. D. Del. 2017); *In re Emerald Oil, Inc.,* Case No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re Solutions Liquidation LLC,* Case No. 16-10627 (CSS) (Bankr. D. Del. 2016).

C. **Compensation and Representation of Disinterestedness**

18. The Debtors respectfully request that the undisputed fees and expenses incurred by DRC in the performance of the above services be treated as administrative expenses of the Debtors' estates pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court. DRC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

19. Prior to the Petition Date, the Debtors provided DRC a retainer in the amount of $50,000. DRC seeks to apply its retainer to all pre-petition invoices, and then seeks direction that the Debtors shall replenish the retainer to its original amount. Thereafter, DRC seeks authorization to hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

20. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless DRC and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from DRC's fraud, gross negligence or willful

misconduct or as otherwise provided in the order.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.  Moreover, consistent with the practice in this jurisdiction, the Debtors requested, and DRC has agreed, that the Court approve the indemnification provisions reflected in the Engagement Agreement subject to the modifications set forth in the Proposed Order.  The Debtors believe that the proposed modifications to the indemnification provisions of the Engagement Agreement are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction, and should be approved.

**D.     Disinterestedness**

21.     To the best of the Debtors' knowledge, information and belief, and except as disclosed in the Voorhies Declaration, DRC has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with its retention as Claims and Noticing Agent.

22.     Moreover, in connection with its retention as the claims and noticing agent, DRC represents in the Voorhies Declaration, among other things, that:

a.     DRC is not a creditor of the Debtors;

b.     DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

c.     By accepting employment in these chapter 11 cases, DRC waives any rights to receive compensation from the United States government in connection with the Debtors' cases;

d.     In its capacity as the Claims and Noticing Agent in these chapter 11 cases, DRC will not be an agent of the United States and will not act on behalf of the United States;

      e.    DRC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

      f.    DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

      g.    In its capacity as Claims and Noticing Agent in these chapter 11 cases, DRC will not intentionally misrepresent any fact to any person;

      h.    DRC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

      i.    DRC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

      j.    None of the services provided by DRC as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

23.    DRC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

24.    To the extent that there is any inconsistency between this application, the proposed order, and the Engagement Agreement, the Debtors respectfully submit that the proposed order shall govern.

25.    The Debtors represent that this application complies with the Claims Agent Protocol and conforms to the standard application pursuant to section 156(c) of the Judicial Code used in this district.

### E.    Retention *Nunc Pro Tunc* Is Appropriate

26.    Pursuant to the Debtors' request, DRC has acted as the claims and noticing agent since the Petition Date with assurances that the Debtors would seek approval of its employment

and retention, effective *nunc pro tunc* to the Petition Date, so that DRC may be compensated for its services prior to entry of an order approving DRC's retention. The Debtors believe that no party in interest will be prejudiced by granting DRC's *nunc pro tunc* employment, because DRC has provided and continues to provide valuable services to the Debtors' estates in the interim period.

27. Courts in this jurisdiction have routinely approved *nunc pro tunc* employment similar to that requested in this application in comparable matters.[4]

28. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Judicial Code, the Local Rules, and the Claims Agent Protocol. Accordingly, the Debtors respectfully request entry of an order pursuant to section 156(c) of the Judicial Code, Local Rule 2002-1(f), and the Claims Agent Protocol authorizing the Debtors to retain and employ DRC to act as the Debtors' claims and noticing agent, effective *nunc pro tunc* to the Petition Date.

### Bankruptcy Rule 6004(a) and (h)

29. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested in this application satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

---

[4] *See, e.g., In re Marsh Supermarkets Holding, LLC*, No. 17-11066 (BLS) (Bankr. D. Del. May 12, 2017) (approving *nunc pro tunc* retention of claims agent to perform claims and noticing services); *In re Roadhouse Holding Inc.*, No. 16-11819 (BLS) (Bankr. D. Del. Aug. 9, 2016) (same); *see also* Local Rule 2014-1(b) ("If the retention motion is granted, the retention shall be effective as of the date the motion was filed, unless the Court orders otherwise.").

**<u>Notice</u>**

30. Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors. As the application is seeking first-day relief, notice of this application and any order entered hereon will be served on all parties required by Local Rule 9013-1(m)(iii). The Debtors submit that, in light of the nature of the relief requested, no other or further notice of this application is required.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Retention Order substantially in the form attached hereto: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

San Mateo, California  
Dated: November 8, 2020

Respectfully submitted,

*/s/ Daniel Schatt*  
Daniel Schatt  
Chief Executive Officer, Cred Inc.