**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 9** |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF
DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING
AGENT FOR DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "Application")[2] of the debtors and debotrs in possession (the "Debtors"), for an order authorizing the retention and appointment of Donlin, Recano & Company, Inc. ("DRC") as claims and noticing agent, under 28 U.S.C. §156(c), Section 105(a) of the Bankruptcy Code2 and Local Rule 2002-1(f); and upon the Voorhies Declaration submitted in support of the Application; and this Court having found that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing on the Application and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain DRC effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Agreement attached hereto as **Exhibit 1**, and DRC is authorized and directed to perform the Claims and Noticing Services as described in the Application.

3. DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases, if any, and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. DRC is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate DRC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. DRC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who requests, in writing directed to the claims agent, service of the monthly invoices.

8. If any dispute arises relating to the Engagement Agreement or DRC's monthly invoices, the parties shall meet and confer in an attempt to resolve such dispute, and the parties may seek resolution of the matter from this Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, DRC's fees and expenses under this Order shall be an administrative expense of the Debtors' estates.

10. DRC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $50,000, and thereafter, DRC may hold its retainer

under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses under the Engagement Agreement.

11. The Debtors shall indemnify DRC under the terms of the Engagement Agreement subject to the following modifications:

(a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, DRC in accordance with the Engagement Agreement and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with DRC's performance of the services described in the Engagement Agreement;

(b) DRC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(c) Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, DRC must file an application before this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving

the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by DRC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution or reimbursement.

12. DRC shall comply with all relevant statutory provisions and rules of procedure, including local rules of procedure, general orders, and applicable guidelines.

13. Debtors' counsel shall notify both the Clerk's office and DRC within seven (7) days of an order dismissing or converting the Debtors' cases.

14. In the event DRC is unable to provide the services set out in this Order, DRC will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

15. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by DRC that is not specifically authorized by this Order.

16. The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17. DRC shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

18. At the end of the Chapter 11 Cases or upon termination of DRC's services, the Debtors or the Trustee must obtain a termination order to terminate the services of DRC. DRC is

responsible for archiving all claims with the Federal Archives Record Administration, if applicable.

19. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

20. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 10th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

6