UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (__) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 8** |

### ORDER (I) CONFIRMING WORLDWIDE AUTOMATIC STAY, CERTAIN ANTI-DISCRIMINATION PROVISIONS, AND CERTAIN *IPSO FACTO* PROTECTIONS OF BANKRUPTCY CODE, (II) APPROVING FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) modifying the automatic stay, (c) approving the form and manner of notice, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Effective as of the Petition Date, by operation of law, as provided by section 1107 of the Bankruptcy Code, each Debtor is, and has the legal status of, a debtor in possession.

3. Effective as of the Petition Date, by operation of law, as provided by section 1108 of the Bankruptcy Code, as a debtor in possession, each Debtor is authorized to operate its business in the ordinary course.

4. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code and applicable law, the commencement of the above-captioned chapter 11 cases operates as a stay, applicable to all entities (including individuals, partnerships, corporations, estates, trusts, governmental units, and other entities and all those acting on their behalf), whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction, from:

    a. commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or

    proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

  b. enforcing, against the Debtors or against property of their estates, a judgment obtained before the commencement of these chapter 11 cases;

  c. acting to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates, wherever such property is located;

  d. taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

  e. taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of these chapter 11 cases;

  f. taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these chapter 11 cases; and

  g. offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors.

5. Pursuant to and to the extent set forth in section 365(e)(1) of the Bankruptcy Code, notwithstanding any provision in an executory contract ("Contract") or unexpired lease ("Lease"), or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these chapter 11 cases, because of a provision in such Contract or Lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases or (b) the commencement of these chapter 11 cases under the Bankruptcy Code.

6. Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, the Debtors, or another person with whom the Debtors have been associated, solely because the Debtors are debtors under this title, have been insolvent before the commencement of the case under the Bankruptcy Code, or during the case but before the Debtors are granted or denied a discharge, or have not paid a debt that is dischargeable in the case under the Bankruptcy Code.

7. The form of Notice attached as **Exhibit 1** hereto is approved.  The Debtors are authorized, but not directed, to serve the Notice (including, as the Debtors deems necessary, accurate translations thereof which are filed with this Court prior to service), upon creditors, governmental units or other regulatory authorities, and parties in interest, wherever located.

8. For the avoidance of doubt, this Order does not alter, expand or restrict the rights and protections under applicable law.

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The requirements set forth in Local Rule 9013-1 are satisfied by the contents of the Motion.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

*[Signature: John T. Dorsey]*

**Dated: November 10th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

5