**Exhibit A**

**Debtors' Revised Interim Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Re: Docket No. 6 |

**ORDER (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS TO SERVE CERTAIN PARTIES BY E-MAIL (III) AUTHORIZING DEBTORS TO REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION ON AN INTERIM BASIS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors (a) to file a consolidated list of creditors, (b) to provide e-mail service to certain creditors, and (c) to redact or withhold publication of certain personal identification information, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with this Motion, and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT:**

1. The Motion is granted as set forth herein.

2. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided*, that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix and provide same to the Clerk's office in the required format.

3. The Debtors are authorized to file a single consolidated Top 30 List in the chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4. The service requirements of Bankruptcy Rule 2002(g) are hereby modified to permit e-mail service to customers that (a) have not designated a mailing address under

Bankruptcy Rule 2002(g)(1) or Rule 5003(e) and (b) upon e-mail inquiry by the Debtors, do not request to be served hard copies by mail.

5.      The Debtors are authorized, on an interim basis, to redact the names, mailing addresses, and e-mail addresses of their customers, as well as the mailing and e-mail addresses of their individual creditors, on any documents it files or makes publicly available in connection with these chapter 11 cases, including the schedules, the Creditor Matrix, and the Top 30 List; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix and the Top 30 List to the Court, the U.S. Trustee, and any official committee appointed in these chapter 11 cases; *provided*, *further*, that the Debtors' noticing and claims agent (the "Claims Agent") shall serve the Debtors' creditors at their actual addresses and e-mail addresses, as needed.

6.      Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims Agent is authorized, on an interim basis: (a) to suppress from the Claims Registers the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; (b) file publicly-available affidavits of service without disclosing the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors, while simultaneously filing affidavitds of service containing the foregoing information under seal; and (c) to withhold publication of proofs of claims filed by customers; *provided* that the foregoing documents (in unredacted form) shall be available to the Court, the U.S. Trustee, and any official committee appointed in these chapter 11 cases.

7.      A final hearing on the interim relief granted in paragraphs 5 and 6 of this Order shall be held on **December 9**, **2020, at 2:00 p.m. (ET)**, and any objections or responses to the

Motion shall be in writing, filed with the Court, and served in accordance with the Local Rules. Further, the interim relief granted in paragraph 5 of this Order shall be effective only from the date of entry through this Court's disposition of the relief on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to the relief granted herein.

8. Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to paragraphs 5 and 6 of this Order. All parties rights in this regard are reserved.

9. Nothing contained in the Motion or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.