**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS TO SERVE CERTAIN PARTIES BY E-MAIL (III) AUTHORIZING DEBTORS TO REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION, AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors")

respectfully represent as follows in support of this motion:

**Relief Requested**

1.      By this motion, the Debtors request entry of an order, substantially in the form

attached as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"), authorizing the

Debtors (a) to file a consolidated list of creditors, (b) to provide e-mail service to certain

creditors, (c) to redact or withhold publication of certain personal identification information, and

(d) granting related relief.  In support of this motion, the Debtors rely upon, and incorporate by

reference, the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and*

*First Day Motions* (the "First Day Declaration").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

**<u>Jurisdiction, Venue, and Statutory Bases</u>**

2.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "<u>Local Rules</u>"), the Debtors confirm their consent to the entry of a final

order by the Court in connection with this motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this motion are sections 105(a),

107(b), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(j), 2002(m), 9007,

9018, and 9037(d), and Local Rules 1001-1(c), 1007-1, 1007-2, 9013-1(m), and 9018-1(b).

**<u>Background</u>**

**1.      Chapter 11 Cases**

5.      On November 7, 2020 (the "<u>Petition Date</u>"), the Debtors each commenced a

voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are

authorized to continue operating their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of

creditors has been appointed in these chapter 11 cases.

6.      The Debtors have also filed a motion requesting joint administration of their

chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration.

## Basis for Relief

### I.      Request for Authority to File a Consolidated List of Creditors

13.      The Debtors have identified thousands of entities and individuals to which notice of certain proceedings in these chapter 11 cases must be provided.  The Debtors anticipate that such notices will comprise, without limitation, notice of: (i) the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code; (iii) applicable bar dates for the filing of claims; (iv) the hearing of adequacy of a disclosure statement in respect of a plan of reorganization; and (v) the hearing to confirm a plan of reorganization or liquidation (collectively, the "Notices").

14.      Local Rule 1007-2 provides that in a voluntary chapter 11 case, a debtor must filed "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."[3]  Local Rule 2002-1(f)(v) requires each debtor or its duly retained agent to maintain a separate creditor mailing matrix in jointly administered cases.  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice.[4]

10.      Substantially all of the Debtors' creditors are creditors of Debtor Cred, but some may also have claims against other Debtors.  The Debtors believe that consolidating all of the creditors into a single creditor matrix (the "Creditor Matrix"), and providing a single consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"), will provide

---

[3]      Del. Bankr. L.R. 1007-2(a).

[4]      Del. Bankr. L.R. 1001-1(c).

significant efficiency gains when providing interested parties with Notices and other similar

documents as requiring them to provide Debtor-specific Notices would be unnecessarily

burdensome and would lead to significant duplication. Further, creditors will not be harmed

since they will still receive adequate notice of these chapter 11 proceedings.  In light of the

above, the Debtors believe that permitting them to maintain the Creditor Matrix and Top 30 List

in lieu of separate creditor matrices and top 20 creditors' lists for each Debtor is warranted.

## II.    Request for Authority to Provide E-Mail Service to Creditors

11.    Although the Bankruptcy Rules generally require notices to be served on creditors

at their addresses,[5] they give significant latitude to bankruptcy courts for modifying the general

rule.[6]  Bankruptcy courts have explicit authority to modify the manner in which notice is given.[7]

12.    The Debtors have over 6,000 creditors, most of whom are the Debtors' clients and

customers.  Additionally, the Debtors' numerous former customers will also require services of

notices.  Because the Debtors operate an online cryptocurrency platform, all of the Debtors'

customers interact with the Debtors' via e-mail, and the Debtors mainly contact their their other

creditors through e-mail.

13.    Accordingly, the Debtors request authority from the Court to serve creditors by e-

mail, where an email account is available to the Debtors.  Not only is this likely the most

efficient manner by which service of all interested parties can be completed, it is also the most

likely to engender creditor responses because the customer base currently receives all notices

from the Debtors via e-mail.

---

[5]    Fed. R. Bankr. P. 2002(g).

[6]    Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007.

[7]    Fed. R. Bankr. P. 2002(m).

III.    **Request for Authority to Redact and Withold Publication of Documents with Personal Information**

15.    Section 107(b)(1) requires bankruptcy courts to protect trade secrets or "confidential commercial information."[8]  Section 107(c)(1) of the Bankruptcy Code provides that a bankruptcy court may protect individuals from disclosures of types of information that may lead to identify theft or other unlawful injury.[9]

16.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any document publicly available in these chapter 11 cases the names and all associated identifying information of the Debtors' customers and withhold from publication any proofs of claim filed by its customers.

17.    The Debtors operate a global financial-services platform catering to investors in various forms of cryptocurrency.  All of the Debtors' customers are creditors.  The Debtors' customer list, and related customer data, is an important and valuable asset of the Debtors and the Debtors maintain their customer list in strict confidence.  Public dissemination of the Debtors' customer list could give the Debtors' competitiors an unfair advantage and would interfere with the Debtors' ability to sell their assets and maximinze value for their estates.

18.    Courts recognize customer lists are entitled to protection under 107(b)(1), and have thus limited access to debtors' schedules and other court filings containing sensitive

---

[8]    11 U.S.C. § 107(b)(1).

[9]    11 U.S.C. § 107(c)(1).

customer information.[10]  Indeed, in a prior case, a court in this discrict authorized Debtors to limit access to a Debtors' customer lists under section 107(b)(1).[11]

19.     Further, many of the Debtors customers are high net worth individuals, and public disclosure of their names and other identifying information could lead to negative publicity or, worse, identity theft.

20.     Accordingly, the Court should order the Debtors' remove the names and any other identifying information from the Debtors' public filings, as it is a trade secret or customer confidential information under section 107(b)(1), or may lead to identify theft or unlawful injury under 107(c)(1).

21.     Moreover, the Debtors request authority to remove the physical addresses and e-mail addresses of all of the Debtors' individual creditors because such information may violate privacy laws or could be used to perpetrate identity theft.

22.     The Debtors will provide an unredacted version of the Creditor Matrix and the Top 30 List to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and any official committee appointed in these chapter 11 cases.  Further, the Debtors' noticing and claims agent will have an unredacted version and will serve each creditor at their actual address, or e-mail address, as needed.

23.     Courts in this district have often granted the requested relief.[12]

---

[10]    *E.g., In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (holding that a customer list is entitled to protection under section 107(b) and restricting public access to it); *In re Frontier Group, LLC*, 256 B.R. 771, 774 (Bankr. E.D. Tenn. 2000) (same).  *See also*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (defining commercial information as something that would give "an unfair advantage to competitiors by providing them information as to the commercial operations of the Debtor.").

[11]    *See In re Ultimae Escapes Holdings, LLC*, No 10-12915 (BLS) (Bankr. D. Del. Oct.  12, 2010) (authorizing Debtors to file documents with club members' information under seal).  A copy of the order is attached to the Motion as **Exhibit C**.

[12]    *See, e.g.*, *Chisholm Oil and Gas Operating, LLC*, No. 20-11592 (BLS) (Bankr. D. Del. July 8, 2020) (authorizing Debtors to redact address information for certain creditors on the Creditor List); *In re Art Van*

24.     In view of the foregoing, and given that there is minimal, if any, benefit to the

public from publishing personal creditor information, there is cause for the court to redact such

information.

### Reservation of Rights

20.     Nothing contained in this motion is intended or shall be construed as: (a) an

admission as to the amount of, basis for, or validity of any claim against the Debtors under the

Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to

dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d)

an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of

the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien

on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of

any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of

the Debtors' rights under the Bankruptcy Code or any other applicable law.

### Notice

24.     Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal

Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the

parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors.  As this

motion is seeking first-day relief, notice of this motion and any order entered hereon will be

---

*Furniture, LLC*, No. 20-10553 (CSS) (Bankr D. Del. Mar. 10, 2020) (authorizing Debtors to redact individual creditors and interest holders address information); *In re Clover Technologies Group, LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb 4, 2020) (authorizing Debtors to redact individual creditor's information on the creditor matrix or other documents available with the court); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019) (authorizing Debtors to redact address information for certain creditors on the Creditor List): *In re Joerns WoundCo Holdings, Inc.*, No. 19-11401 (JTD) (Bankr. D. Del. June 26, 2019) (same): *In re Cloud Peak Energy Inc.* No. 19-11047 (KG) (Bankr. D. Del. May 5, 2019) (same); *In re 1515-Greenergy Holding Co. LLC,* No. 19-10303 (KJC) (Bankr. D. Del. Feb. 19, 2019) (same).  Because of the voluminous nature of the orders cited in this motion, such orders have not been attached to this motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

served on all parties required by Local Rule 9013-1(m)(iii).  In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the form attached hereto: (i) granting the relief requested in this motion, and (ii) granting such other and further relief as the Court may deem proper.

Dated: November 8, 2020
      Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:       scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:      jamesgrogan@paulhastings.com
            mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:      alexbongartz@paulhastings.com
            derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF
DEBTORS' 30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS
TO SERVE CERTAIN PARTIES BY E-MAIL (III) AUTHORIZING DEBTORS TO
REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL
IDENTIFICATION INFORMATION ON AN INTERIM BASIS,
AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the

"Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 107(c), and 521 of

title 11 of the United States Code (the "Bankruptcy Code"),  authorizing the Debtors (a) to file a

consolidated list of creditors, (b) to provide e-mail service to certain creditors, and (c) to redact

or withhold publication of certain personal identification information, all as more fully set forth

in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

that this Court may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon the First Day Declaration, filed contemporaneously with this Motion, and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT:**

1.      The Motion is granted as set forth herein.

2.      The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      The Debtors are authorized to file a single consolidated Top 30 List in the chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      The service requirements of Bankruptcy Rule 2002(g) are hereby modified to permit e-mail service to creditors that have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or Rule 5003(e), or registered an address with the Debtors.

5.     The Debtors are authorized, on an interim basis, to redact the names, mailing addresses, and e-mail addresses of their customers, as well as the mailing and e-mail addresses of their individual creditors, on any documents it files or makes publicly available in connection with these chapter 11 cases, including the schedules, the Creditor Matrix, and the Top 30 List; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix and the Top 30 List to the Court, the U.S. Trustee, and any official committee appointed in these chapter 11 cases; *provided*, *further*, that the Debtors' noticing and claims agent (the "<u>Claims Agent</u>") shall serve the Debtors' creditors at their actual addresses and e-mail addresses, as needed.

6.     Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims Agent is authorized, on an interim basis: (a) to suppress from the Claims Registers the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; (b) file affidavits of service without disclosing the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; and (c) to withhold publication of proofs of claims filed by customers.

7.     A final hearing on the interim relief granted in paragraphs 5 and 6 of this Order shall be held on _____, **2020,** at _____(ET), and any objections or responses to the Motion shall be in writing, filed with the Court, and served in accordance with the Local Rules.  Further, the interim relief granted in paragraph 5 of this Order shall be effective only from the date of entry through this Court's disposition of the relief on a final basis; *<u>provided that</u>* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to the relief granted herein.

8.      Nothing contained in the Motion or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Proposed Final Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., et al., | ) | Case No. 20-12836 (___) |
|  | ) |  |
| Debtors[1] | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING DEBTORS TO REDACT OR WITHOLD PUBLICATION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION ON A FINAL BASIS

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), for entry of an order (this "Final Order"), pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors (a) to file a consolidated list of creditors, (b) to provide e-mail service to certain creditors, and (c) to redact or withhold publication of certain personal identification information, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' headquarters are located at 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

and opportunity for a hearing on the Motion were appropriate under the circumstances and no

other notice need be provided; and the Court having reviewed the Motion; and the Court having

entered an order granted the relief requested in the Motion on an interim basis on November

_____, 2020 [D.I. \_\_]; and the Court having held a hearing to consider the relief requested in

the Motion on a final basis, if necessary (the "Hearing"); and upon the First Day Declaration,

filed contemporaneously with the Motion, and the record of the Hearing, if necessary; and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and it appearing that the relief requested in the Motion is in

the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of

the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

     **IT IS HEREBY ORDERD THAT:**

     1.     The Debtors are authorized, on a final basis, to redact the names, mailing

addresses, and e-mail addresses of their customers, as well as the mailing and e-mail addresses of

their individual creditors, on any documents it files or makes publicly available in connection

with these chapter 11 cases, including the schedules, the Creditor Matrix, and the Top 30 List;

*provided* that the Debtors shall provide an unredacted version of the Creditor Matrix and the Top

30 List to the Court, the U.S. Trustee, and any official committee appointed in these chapter 11

cases; *provided*, *further*, that the Debtors' noticing and claims agent (the "Claims Agent") shall

serve the Debtors' creditors at their actual addresses and e-mail addresses, as needed.

     2.     Notwithstanding anything to the contrary in the order relating to the retention of a

claims agent, or any Local Rules or Bankruptcy Rules, the Claims Agent is authorized, on a final

basis: (a) to suppress from the Claims Registers the names, mailing addresses, and e-mail addresses

of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; (b) file affidavits of service without disclosing the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; and (c) to withhold publication of proofs of claims filed by customers.

3.      Nothing contained in the Motion or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

## Exhibit C

**Unreported Opinions**

## THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ULTIMATE ESCAPES HOLDINGS, LLC, *et al.*, | Case No. 10-12915 (BLS) |
| | Ref. Docket No. 13 |
| Debtors. | (Jointly Administered) |

## ORDER PURSUANT TO 11 U.S.C. § 107(b)(1),  FED. R. BANKR. P. 9018, AND LOCAL RULE 9018-1(B) AUTHORIZING DEBTORS TO FILE CERTAIN  CONFIDENTIAL, COMMERCIAL AND PROPRIETARY MEMBER INFORMATION UNDER SEAL

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order pursuant to §107(b)(1) of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to file certain confidential, commercial and proprietary customer information under seal; the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted, but solely to the extent set forth herein.

2.    The Debtors are authorized to file certain documents (the "**Excluded Documents**") under seal or in redacted form to protect from disclosure information regarding the Debtors' Members (the "**Members**"), including information regarding the (i) names and all identifying information regarding the Debtors' Members ("**Member Information**"), and (ii) agreements to which the Debtors' Members are parties with the Debtors (the "**Excluded Agreements,** and collectively with the Member Information, the "**Sealed Information**").  The Excluded Documents may include:

(i)    excluded portions of affidavits of service which relate to, and include information regarding, the Sealed Information, including the notice of commencement and the section 341 meeting of creditors, the notice of the sale of the Debtors' assets and the bid procedures, the notice of notice procedures and master service list, the notice of the time fixed for filing proofs of claims, the notice of the objection deadline and hearing to consider approval of any plan of reorganization and adequacy of the related disclosure statement, and any other pleadings, notices, or documents which were or will be served in the Debtors' chapter 11 cases;

(ii)    excluded portions of the Debtors' schedules of executory contracts which relate to, and include information regarding, the Sealed Information;

(iii)    excluded portions of the Debtors' consolidated list of creditors holding the twenty (20) largest unsecured claims which relate to, and include information regarding, the Sealed Information;[2]

(iv)    excluded portions of the *Creditor Matrix* submitted with the voluntary petitions, pursuant to Local Rule 1007-1(a) which relate to, and include information regarding the Sealed Information; and

(v)    any other affidavits, pleadings, notices, or documents which relate to, and include information regarding, the Sealed Information, and were or will be filed and/or served in the Debtors' chapter 11 cases.

---

[2] To the extent that member has resigned, is inactive, and is among the Debtors' 20 largest unsecured creditors, the Debtors will include this member information in the creditors' list.  In addition, certain member information will appear on the exhibits attached to the *Debtors' Motion for entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and Granting Related Relief.*

3.      The "redacted" Creditor Matrix (the **"Matrix"**), a copy of which was filed with the Court on September 20, 2010, is a full and complete matrix of the Debtors' creditors as of the date hereof, and the filing of the Matrix has satisfied the Debtors' obligations under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including, without limitation, Local Rule 2002-1(f)(vii).

4.      To the extent the Debtors have served or intend to serve Members with any notice, motion, pleading or other document (collectively, **"Documents"**), including, without limitation, notice of any bar date set pursuant to Bankruptcy Rule 3003(c)(3), BMC Group (**"BMC"**), the Debtors' notice, claims and balloting agent, as authorized by the Court on September 22, 2010 [Docket No. 39], shall, at the Debtors' direction, complete service of any such Documents on all Members and following its completion of service on all such Members, BMC shall include the designation "ALL CONFIDENTIAL MEMBERS" in any Certificate of Service to indicate that the Members received service of the applicable Document (the **"Customer Certification"**).

5.      To the extent any party in interest, other than the Debtors or the statutory committee of unsecured creditors appointed in these chapter 11 cases, intends to serve Members in these chapter 11 cases with any Documents, BMC shall, at the sole cost and expense of any such party in interest, complete service of any such Documents on Members. Following its completion of service on Members, BMC shall include the Customer Certification in any Certificate of Services.

6.      The Debtors are authorized to redact Member Information on Schedule G of the Debtors' Schedules of Assets and Liabilities and file such redacted schedules with the Court (the **"Redacted Schedules and Statements"**).

7.    The Debtors shall provide (i) the unredacted Schedules and Statements (the "**Unredacted Schedules and Statements**") to the Court in a prominently marked envelope with a court seal attached containing the following: the above-captioned case number; docket number of the Motion and this Stipulation; title of the document to be filed under seal; and the legend "DOCUMENTS TO BE KEPT UNDER SEAL;" and (ii) a copy of the Unredacted Schedules and Statements to the U.S. Trustee and counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

8.    The Unredacted Schedules and Statements shall remain under seal and confidential and shall not be made available to anyone, other than the U.S. Trustee and counsel to the Committee, without the Debtors' express consent following execution of a confidentiality agreement satisfactory to the Debtors.

9.    The terms and conditions of this Order shall be immediately effective upon its entry.

10.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: October /2, 2010

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE