**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>                Debtors.[2] | )  Chapter 11<br>)<br>)  Case No. 20-12836 (JTD)<br>)<br>)  (Jointly Administered)<br>)<br>)  Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>)  Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 502, AND 503 AND BANKRUPTCY RULE 2002, FOR ENTRY OF AN ORDER (I) FIXING DEADLINE FOR FILING PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**

1. By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Bar Date Order"), (a) establishing deadlines for the filing of proofs of claim and (b) approving the form and manner of notice with respect thereto.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 502(b)(9), and 503 of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rule 2002-1(e).

## Background

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. Additional information regarding the Debtors' business is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 12].

## Setting Bar Dates

8. By this motion, the Debtors seek entry of the Bar Date Order:

    a.    fixing January 13, 2021[3] at 5:00 p.m. (prevailing Eastern Time) as the last date for persons or entities, other than governmental units, to file proofs of claim against any of the Debtors on account of claims (as defined in section 101(5) of the Bankruptcy Code) arising, or deemed to have arisen, prior to the Petition Date, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (the "General Bar Date");

    b.    fixing May 6, 2021 at 5:00 p.m. (prevailing Eastern Time), the date that is 180 days from the Petition Date, as the last date for governmental units, as defined in section 101(27) of the Bankruptcy Code, to file proofs of claim against any of the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date (the "Government Bar Date" and together with the General Bar Date, the Rejection Damages Bar Date (as defined below), the Amended Schedules Bar Date (as defined below), and the Supplemental Bar Date (as defined below), as applicable, the "Bar Dates"); and

    c.    establishing general procedures with respect to the Bar Dates (as defined below).

9.    The Debtors also anticipate that certain creditors may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that holders of claims against the Debtors arising from the rejection by the Debtors of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) the General Bar Date, (b) thirty (30) days after the entry of an order by the Court authorizing such rejection, and (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the "Rejection Damages Bar Date"). For the avoidance of doubt, with respect to nonresidential real property leases, claims arising from the Debtors' rejection of unexpired leases shall include any claims under such unexpired leases as of the Petition Date for purposes of the Bar Date Order and such counterparties shall not be required to file proofs of claim with respect to prepetition amounts unless and until such unexpired leases have been rejected.

---

[3] Assuming the proposed Bar Date Order is approved by this Court at the December 9, 2020 hearing, the proposed General Bar Date would be thirty-five (35) days from the date of entry of the Bar Date Order.

10. The Debtors anticipate filing its Schedules of Assets and Liabilities (the "Schedules") by December 5, 2020. If the Debtors amend or supplement their Schedules after the Bar Date Notice (as defined below) is served, in accordance with Local Rule 1009-2, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby within fourteen (14) days thereof, and such holders, as set forth in any such notice, shall have until the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) twenty-one (21) days from the date of service of such notice to file a proof of claim or be barred from so doing (the "Amended Schedules Bar Date").

11. The Debtors further seek approval of the Debtors' proposed notice of the Bar Dates (the "Bar Date Notice"), substantially in the form attached to the proposed Bar Date Order as Exhibit 1. Based upon the procedures set forth below, the proposed Bar Dates will give all creditors ample notice and opportunity to file proofs of claim.

12. Moreover, in the interest of ensuring that all potential claimants receive notice of the Bar Dates, in addition to mailing the Bar Date Notice to all known creditors, the Debtors propose to provide notice of the Bar Dates by publication in accordance with Bankruptcy Rule 2002(1). Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication in substantially the form annexed as Exhibit 3 to the Proposed Order (the "Publication Notice"), on one occasion in the *San Francisco* Chronicle, with such publication to occur no later than ten (10) days after the entry of the Bar Date Order, which is at least twenty-eight (28) days prior to the General Bar Date in accordance with the Guidelines.

13. With the assistance of the Debtors' claims agent, Donlin Recano & Company, Inc. ("DRC"), the Debtors have prepared the form for filing proofs of claim attached to the proposed Bar Date Order as Exhibit 2 (the "Proof of Claim Form"), which substantially

4

conforms to Official Form B410 but is tailored to these chapter 11 cases. The modifications to Official Form B410 proposed by the Debtors include allowing creditors to assert claims arising under section 503(b)(9) of the Bankruptcy Code and adding certain instructions.

14.     The Debtors request that all proofs of claim be filed with DRC so as to be actually received on or before the applicable Bar Date and that such claim be in writing, in the English language, denominated in United States currency, with an original signature, together with supporting documentation, substantially conforming to the Proof of Claim Form, with Official Bankruptcy Form B410,[4] or as otherwise prescribed or authorized under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

15.     In addition to meeting all the other requirements of the immediately preceding paragraph, any proof of claim asserting a section 503(b)(9) claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach any documentation identifying the date such goods were received by the Debtors, (iii) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) identify the particular invoices on which the section 503(b)(9) claim is based.

16.     The Debtors propose that the following persons and entities not be required to file a proof of claim on or before the applicable Bar Dates solely with respect to the types of claims held by such persons and entities described in the applicable paragraph below:

    a.    any person or entity who has already filed a proof of claim in these chapter 11 cases with DRC or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, solely with respect to the claims asserted in that proof of claim;

---

[4] Official Bankruptcy Form B410 can also be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. The customized Proof of Claim Form can be obtained on the DRC website established for these chapter 11 cases, https://www.donlinrecano.com/Clients/Cred/Static/POC.

b.      any person or entity whose claim is listed on the Debtors' Schedules, <u>provided</u> that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, (iii) you do not dispute that the claim as listed in the Debtors' Schedules is an obligation of the specific Debtor against which the claim is listed, and (iv) the person or entity does not have or assert any other claims against the Debtors (the assertion of which would require the filing of a proof of claim unless another exception applies);

c.      any person or entity whose claim or claims have been paid in full;

d.      any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, <u>except</u> for a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the applicable Bar Date;

e.      any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

f.      any holder of a claim for which a separate deadline is (or has been) fixed by this Court;

g.      any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

h.      any holder of a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests or rights to purchase, sell, or subscribe to such an interest; provided, however, that if you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest or the sale, issuance, or distribution of the interest, you must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies; and

i.      any current officer, manager or director of any Debtor for claims based on indemnification, contribution, or reimbursement; and

j.      any Debtor holding a claim against another Debtor

**Consequences of Filing to Timely Submit a Proof of Claim**

17.  Pursuant to Bankruptcy Rule 3003(c)(2), any entity who is required, but fails, to file a Proof of Claim on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such claim against the Debtors, and the Debtors and their property will be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Moreover, such creditor will lose its right to receive further notices regarding such claim and will be prohibited from voting to accept or reject any plan filed in these chapter 11 cases or participating in any distribution in these chapter 11 cases on account of such claim.

**Basis for Relief**

18.  Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Local Rule 2002-1(e) further provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." Del. Bankr. L.R. 2002-1(e).  The Debtors now seek to establish the Bar Dates to determine what claims, if any, will be asserted against the Debtors in addition to or different from those listed on the Debtors' Schedules.

19.  Bankruptcy Rule 3002(a) provides that secured and unsecured creditors must file a proof of claim, except as provided in, among others, Bankruptcy Rule 3003.[5]  Bankruptcy Rule 3003(c)(2) further provides that any creditor whose claim is not listed in the Schedules, or is listed therein as disputed, contingent, or unliquidated, shall file a proof of claim within the time prescribed by Bankruptcy Rule 3003(c)(3), and that any creditor who fails to file such proof of claim shall not be treated as a creditor with respect to such claim for the purpose of receiving any distribution from the estate.[6]

---

[5]  See Fed. R. Bankr. P. 3002(a).

[6]  Id. 3003(c)(2).

20. Neither the Bankruptcy Rules nor the Local Rules, however, specify the time by which proofs of claim must be filed in a chapter 11 case. As a result, this Court has discretion in setting such a date and is authorized to grant the relief requested in this Motion. The Debtors believe that the Bar Dates requested herein will allow an appropriate amount of time for creditors to file proofs of claim and permit the Debtors to identify the extent of claims against it (including claims under section 503(b)(9) of the Bankruptcy Code) in a quick and efficient manner, which will facilitate the Debtors' prosecution of these chapter 11 cases.

21. Moreover, in conjunction with the setting of the Bar Dates, the Debtor must ensure that interested parties receive appropriate notice of such Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.[7] As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice."[8] A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."[9] An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."[10]

22. In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation … . The requisite search instead focuses on the debtor's

---

[7] *See Chemetron Corp. v. Jones*, 72 F.3d 341, 345-46 (3d Cir. 1995).

[8] *Id.* at 346 (citations omitted).

[9] *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).

[10] *Chemetron*, 71 F.3d at 346 (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)) (alteration in original).

8

own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.[11]

As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'"[12]

23. The Debtors submit that the proposed notice procedures satisfy the *Chemetron* standard. The Debtors has identified those persons and entities that are known to the Debtors to hold claims against the Debtors or are likely to be potential holders of claims, and all such persons and entities will be served with notice of the Bar Date Order as set forth herein.

24. In particular, the Debtors, through DRC, intends to serve a copy of the Bar Date Notice and a Proof of Claim Form (the "Bar Date Package") within five (5) business days following the entry of the Bar Date Order (such mailing date, the "Bar Date Notice Mailing Date") by United States Postal Service first-class mail, postage prepaid, on the following parties: (a) all known creditors; (b) all persons and entities with whom the Debtors conducted business post-petition; (c) all parties listed on the Debtors' mailing matrix; (d) all parties to pending litigation against the Debtors; (e) all entities who have filed a notice of appearance in these chapter 11 cases; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) local taxing authorities and states attorneys general in jurisdictions in which the Debtor conducts business; provided that, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the Bar Date Package on their customers by email.

---

[11] *Chemetron*, 72 F.3d at 346-47 (citations omitted).

[12] *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

25.     The Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules with the creditor's name, address, and/or information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

26.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of the Bar Date Package, including if: (i) the Bar Date Package is returned by the post office with forwarding addresses;[13] and (ii) additional potential claimants become known as a result of the bar date mailing process.  In this regard, the Debtors requests that the Court permit supplemental mailings of the Bar Date Package in these and similar circumstances at any time.  The Debtors believe that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

27.     If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a proof of claim must be filed by any such parties shall be the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) twenty-one (21) days from the mailing of the Bar Date Package to such additional parties (the "Supplemental Bar Date").

28.     Finally, to provide creditors unknown to the Debtors with constructive notice of the Bar Dates proposed herein, the Debtors propose to publish the Publication Notice, modified as necessary, on one occasion in the *San Francisco Chronicle,* with such publication to occur no later than five (5) days after the entry of this Order.

29.     The procedures described herein provide creditors with both sufficient notice and opportunity to file a Proof of Claim.  Indeed, the proposed procedures are designed to achieve

---

[13] However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully requests that it should not be required to mail additional notices to such creditors.

the twin goals of providing comprehensive notice and clear instructions to creditors on the one hand, and allowing these chapter 11 cases to move forward promptly and efficiently on the other hand. Accordingly, the Debtors submits that approval of the Bar Dates and the proposed procedures for filing Proofs of Claim and the form, manner and sufficiency of notice of such procedures is proper and in the best interests of the Debtor, its estate, its creditors and all parties in interest.

## Notice

30. Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

## No Prior Request

31. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the Bar Date Order, substantially in the form attached hereto, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: November 17, 2020
Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:  (302) 824-7081
Facsimile: :  (302) 295-0331
Email:  scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email:  jamesgrogan@paulhastings.com
    mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  alexbongartz@paulhastings.com
    derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*