## EXHIBIT A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) FIXING DEADLINES FOR FILING PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the

"Debtors"), pursuant to sections 105(a), 502(b)(9), and 503 of the Bankruptcy Code, Bankruptcy

Rule 2002, and Local Rule 2002-1(e), for entry of an order (this "Order") (a) establishing

deadlines for the filing of proofs of claim and (b) approving the form and manner of notice with

respect thereto, all as more fully set forth in the Motion; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate and no other notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at any hearing

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted as set forth herein.

2.    The proposed Bar Date Notice, the Proof of Claim Form, and the Publication

Notice, substantially in the forms annexed to the motion as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**,

respectively, are approved.

3.    Except as otherwise provided for or specifically excepted in this Order, all

"claims" (as defined in section 101(5) of the Bankruptcy Code) of a person or entity (other than a

governmental unit) arising before November 7, 2020 (the "Petition Date"), including any claims

under section 503(b)(9) of the Bankruptcy Code against the Debtors' estates for the value of

goods sold to the Debtors in the ordinary course of business and received by such Debtors within

twenty (20) days before the Petition Date, shall be filed with Donlin, Recano & Company, Inc.

("DRC") pursuant to the procedures provided in this Order so as to be actually received on or

before **January 13, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "General Bar Date").

4.    All governmental units (as defined in section 101(27) of the Bankruptcy Code)

holding or wishing to assert claims against the Debtors arising before the Petition Date are

required to file a proof of claim so that any such proof of claim is actually received by DRC on

or before **May 6, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "Government Bar Date").

5.    If the Debtors amend or supplement their Schedules of Assets and Liabilities (the

"Schedules") after the Bar Date Notice is served, in accordance with Local Rule 1009-2, the

Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby within fourteen (14) days thereof, and such holders, as set forth in any such notice, shall have until the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) twenty-one (21) days from the date of service of such notice to file a proof of claim (the "Amended Schedules Bar Date").  Any such holder that fails to timely file a proof of claim as provided for in this Paragraph 5 shall be barred from filing a proof of claim.

6.    Holders of claims against the Debtors arising from the Debtors' rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) the General Bar Date, (b) thirty (30) days after service of an order by the Court authorizing such rejection, and (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the "Rejection Damages Bar Date" and together with the General Bar Date, the Government Bar Date, the Amended Schedules Bar Date, and the Supplemental Bar Date (as defined below), as applicable, the "Bar Dates").  For the avoidance of doubt, with respect to nonresidential real property leases, claims arising from the Debtors' rejection of unexpired leases shall include any claims under such unexpired leases as of the Petition Date for purposes of this Order and such counter-parties shall not be required to file proofs of claim with respect to prepetition amounts unless and until such unexpired leases have been rejected.

7.    The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates solely with respect to the types of claims held by such persons and entities described in the applicable paragraph below:

> a.  any person or entity who has already filed a proof of claim in these chapter 11 cases with DRC or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, solely with respect to the claims asserted in that proof of claim;

b.  any person or entity whose claim is listed on the Debtors' Schedules, provided that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, (iii) you do not dispute that the claim as listed in the Debtors' Schedules is an obligation of the specific Debtor against which the claim is listed, and (iv) the person or entity does not have or assert any other claims against the Debtors (the assertion of which would require the filing of a proof of claim unless another exception applies);

c.  any person or entity whose claim or claims have been paid in full;

d.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estate, except for a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the applicable Bar Date;

e.  any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

f.  any holder of a claim for which a separate deadline is (or has been) fixed by this Court;

g.  any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

h.  any holder of a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests or rights to purchase, sell, or subscribe to such an interest; provided, however, that if you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest or the sale, issuance, or distribution of the interest, you must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;

i.  any current officer, manager or director of any Debtor for claims based on indemnification, contribution, or reimbursement; and

j.  any Debtor holding a claim against another Debtor.

8.      Any creditor whose prepetition claim against the Debtors is not listed in the Schedules or is listed therein as "disputed," "contingent," or "unliquidated" and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases, and

any creditor whose prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount, must file a proof of claim on or before the applicable Bar Date for such claim.

9.      Each proof of claim, to be properly filed pursuant to this Order, shall: (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iv) conform substantially to the Proof of Claim Form attached to the Motion as **Exhibit 2**, and (v) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation of why the supporting documents are not available.

10.      In addition to meeting all the other requirements of the immediately preceding paragraph above, any proof of claim asserting a section 503(b)(9) claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach any documentation identifying the date such goods were received by the Debtors, (iii) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) identify the particular invoices on which the section 503(b)(9) claim is based.

11.      Proofs of claim filed with DRC will be deemed timely filed only if *actually received* by DRC on or before the applicable Bar Date for such claim as follows:

a.   if by U.S. Mail, at Donlin Recano & Company, Inc., Re: Cred Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219;

b.   if by hand delivery or overnight mail, at Donlin Recano & Company, Inc., Re: Cred Inc., et al., 6201 15th Avenue, Brooklyn, NY 11219; or

c.   electronically using the interface available on the following website maintained by DRC:  https://www.donlinrecano.com/Clients/cred/FileClaim.

12.      DRC shall not accept proofs of claim submitted by fax or email.

13.      Parties who file an originally executed proof of claim and wish to receive from DRC a proof of receipt of their proofs of claim, must also include with their original proof of

claim a copy of such claim and a self-addressed and pre-stamped envelope.  A party who files a proof of claim electronically can verify receipt of its claim by reviewing claims on the website of DRC at https://www.donlinrecano.com/Clients/cred/ClaimsSearch.

14.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a proof of claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of reorganization or liquidation in these chapter 11 cases.  If it is unclear from the Schedules whether a creditor's claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, such creditor **must** file a proof of claim on or before the applicable Bar Date.  Any creditor that relies on the Schedules bears responsibility for determining that its claim is accurately listed therein.

15.    In accordance with Bankruptcy Rule 2002, the Debtors are authorized and directed to serve the Bar Date Notice and a Proof of Claim Form by first-class mail, postage prepaid, within five (5) business days following the date on which this Order is entered (such mailing date, the "Bar Date Notice Mailing Date") on: (a) all known creditors; (b) all persons and entities with whom the Debtors conducted business post-petition; (c) all parties listed on the Debtors' mailing matrix; (d) all parties to pending litigation against the Debtors; (e) all entities who have filed a notice of appearance in these chapter 11 cases; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) local taxing authorities and states attorneys general in jurisdictions in which the Debtors conducts business; provided that, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the Bar Date Package on their customers by email.

16.    The Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules with the creditor's name, address, and/or information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

17.    Prior to mailing the Bar Date Package, the Debtors may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Bar Date Notice and the Proof of Claim Form as the Debtors deem necessary or appropriate.

18.    After the initial mailing of the Bar Date Package, the Debtors may, their its discretion, make supplemental mailings of the Bar Date Package, including in the event that: (i) the Bar Date Package is returned by the post office with forwarding addresses; and (ii) additional potential claimants become known as a result of the Bar Date mailing process. If notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.  If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a proof of claim must be filed by such parties shall be the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) 21 days from the mailing of the Bar Date Package to such parties (the "Supplemental Bar Date").

19.    The Debtors, through DRC, shall post the Proof of Claim Form and the Bar Date Notice on the following website maintained by DRC: www.donlinrecano.com/cred.

20.    The Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form annexed to the Motion as **Exhibit 3**, on one occasion in the *San Francisco Chronicle,* with such publication to occur no later than five (5) days after the entry of this Order.

21.    Any entity who is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors, their estates, and their respective properties shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Any entity that is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall not receive any further notices regarding such claim and shall be prohibited from voting to accept or reject any chapter 11 plan filed in these cases or participating in any distribution in these chapter 11 cases on account of such claim.  Without limiting the foregoing, any entity asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

22.    Notice of the Bar Dates in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

23.    The Debtors retain all rights to (i) object to any proof of claim on any grounds; (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise; and (iii) subsequently designate any claim as disputed, contingent, and/or unliquidated.

24.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.