## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[2] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)** |
|  | ) | **Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET)** |

### APPLICATION OF DEBTORS TO EMPLOY AND RETAIN COUSINS LAW LLC AS CO-COUNSEL TO DEBTORS, *NUNC PRO TUNC* TO PETITION DATE

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this application:

### Relief Requested

1.     By this application, the Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), (a) authorizing the employment and retention of Cousins Law LLC ("Cousins Law") as their bankruptcy co-counsel under an evergreen retainer *nunc pro tunc* to the Petition Date (as defined below) and (b) providing any additional relief required in order to effectuate the foregoing.  In support of this application, the Debtors submit (i) the declaration of *Scott D. Cousins* of Cousins Law (the "Cousins Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference, and (ii) the declaration of *Daniel Schatt* in support of the Application, a copy of which is attached hereto as **Exhibit C** (the "Schatt Declaration") and incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## **Jurisdiction, Venue, and Statutory Predicates**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final

order by the Court in connection with this Application to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 327(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 5002, and Local Rule 2014-1.

## **Background**

5.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced with

this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are

authorized to continue operating their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of

creditors has been appointed in these chapter 11 cases.

6.      The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting*

*Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their*

*Chapter 11 Cases* [Docket No. 27].

7.     Additional information regarding the Debtors' business is set forth in the

*Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions*

(the "First Day Declaration") [Docket No. 12].

## Services to Be Provided

8.     The Debtors require Cousins Law to render a variety of legal services during the

pendency of these chapter 11 cases and to assist the Debtors in addressing the myriad issues that

may arise.  Subject to further order of the Court, the Debtors request the employment and

retention of Cousins Law to render professional services, including, but not limited to:

a.     assisting in preparing all petitions, motions, applications, answers, orders, reports, and other legal papers necessary or desirable to commence one or more cases under the Bankruptcy Code;

b.     advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued operation of their business and management of their property;

c.     taking all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

d.     assisting in negotiation, preparing and pursuing on behalf of the Debtors all motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtors' estates;

e.     appearing in Court and protecting the interests of the Debtors before the Court;

f.     assisting with any disposition of the Debtors' assets, by sale or otherwise;

g.     assisting in preparing a disclosure statement and any related documents and pleadings necessary to solicit votes on any plan of reorganization proposed by the Debtors;

h.     negotiating and taking all necessary or appropriate actions in connection with a plan or plans of reorganization, any amendments thereto, and all related documents thereunder and transactions contemplated therein;

i.     attending all meetings and negotiating with representatives of creditors, the United States Trustee, and other parties-in-interest; and

j.     performing all other legal services for, and providing all other necessary legal advice to, the Debtors, which may be necessary and proper in these Chapter 11 Cases.

9.     In addition to the services set forth in paragraphs 8(a) through 5(j) above, Cousins Law may perform other services assigned to it by the Debtors, in consultation with Paul Hastings LLP ("Paul Hastings"), the Debtors' co-counsel, including serving as lead counsel to the Debtors with respect to matters or parties as to which Paul Hastings has a conflict and determines that it cannot (or should not) represent the Debtors (in such instances in which Cousins Law does not similarly have a conflict).  To the extent Cousins Law determines that such services fall outside of the scope of services historically or generally performed by Cousins Law as counsel in a bankruptcy case, Cousins Law will file a supplemental declaration.

**Basis for Relief**

10.     Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."  11 U.S.C. § 327(a).  Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis."  11 U.S.C § 328(a).

11.     The Debtors believe that Cousins Law is well qualified to represent them in their bankruptcy cases in an efficient and timely manner.  The Debtors have selected Cousins Law as their co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the

4

Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, and its ability to respond quickly to emergency hearings and other emergency matters. Cousins Law's services will enable the Debtors to execute faithfully their duties as debtors in possession.

12.     To that end, Cousins Law has stated its desire and willingness to act in these chapter 11 cases and to render the necessary professional services as co-counsel to the Debtors.

13.     By separate applications, the Debtors are also seeking to employ Paul Hastings as bankruptcy co-counsel to the Debtors. The Debtors understand the division of responsibilities between these professionals and intend to monitor carefully these and any other retained professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' legal professionals, and between such legal professionals and their other professionals, will greatly add to the effective administration of these chapter 11 cases.

**Basis for Relief**

**A.     Professional Fees**

14.     The Debtors understand that Cousins Law intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court. Subject to the foregoing, the Debtors propose to pay Cousins Law its customary hourly rates in effect from time to time as set forth in the Cousins Declaration. The Debtors submit that these rates are reasonable.

15.     The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

| | | |
|---|---|---|
| a) | Scott D. Cousins | $750 per hour |
| b) | Aran D. Heining | $150 per hour |

16.     The Debtors understand that Cousins Law's hourly rates are set at a level designed to compensate Cousins Law fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Cousins Law fee application following such adjustments) and are consistent with the rates charged elsewhere.

17.     Other than the periodic adjustments described above, Cousins Law's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein.  The Debtors understand that these hourly rates are consistent with the rates that Cousins Law charges other comparable chapter 11 clients, and are not significantly different from the rates that Cousins Law charges in non-bankruptcy representations.  None of Cousins Law's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases. Notwithstanding the consistent hourly rates, Cousins Law as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

18.     Prior to the Petition Date, as is set forth in greater detail in the Cousins Declaration, the Debtors made the payments identified in such declaration to Cousins Law to serve as a retainer (the "Retainer") in connection with the Debtors' restructuring and commencement of their chapter 11 cases.  The Debtors propose that the portion of the Retainer paid to Cousins Law be treated as an evergreen retainer to be held by Cousins Law as a security throughout these chapter 11 cases until Cousins Law's fees and expenses are awarded by final order and payable to Cousins Law.

19.      In this district, evergreen retainer agreements reflect normal business terms in the marketplace.  *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's.").  Moreover, Cousins Law believes that its request for approval of an evergreen retainer in these cases satisfies the five-part test articulated by Judge Carey in *Insilco*.  First, Cousins Law submits that the proposed terms of its engagement reflect normal business terms in the market-place.  Second, Cousins Law submits that both it and the Debtors are sophisticated business entities that have negotiated the Retainer at arms' length.  Third, Cousins Law believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors' estates.  Fourth, Cousins Law is currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer.  Fifth, given the size, circumstances, and posture of the Debtors' chapter 11 cases, Cousins Law believes approval of the Retainer as an evergreen retainer (in particular in light of the very modest size of each Retainer given the size of these cases) provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these cases.

20.      Given the extensive nature of the services that Cousins Law will provide to the Debtors, the retention of Cousins Law under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the restructuring of the Debtors.

21.      Other than as set forth in the Cousins Declaration, no arrangement is proposed between the Debtors and Cousins Law for compensation to be paid in these chapter 11 cases. Cousins Law has informed the Debtors that, except for sharing arrangements among the attorneys of Cousins Law, it has no agreement with any other entity to share any compensation

received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B.      Expenses**

22.     The Debtors understand that it is Cousins Law's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, regular mail and express mail charges, messenger, special or hand delivery charges, document processing charges, filing fees, printing/photocopying/facsimile charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

23.     Cousins Law will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Cousins Law's other clients or as previously fixed by this Court.  The Debtors understand that it is Cousins Law's belief that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### Disinterestedness

24.     To the best of the Debtors' knowledge and as disclosed herein and in the Cousins Declaration: (a) Cousins Law is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) Cousins Law does not hold or represent an interest adverse to the Debtors' estates; and (c) Cousins Law's attorneys have no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Cousins Declaration.

### Bankruptcy Rule 5002

25.     As set forth in the Cousins Declaration, no partners, counsel or associate of Cousins Law is a relative of, or has been so connected with, any United States Bankruptcy Judge

for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the Office of the United States Trustee for Region 3 (the "U.S. Trustee"), the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to these chapter 11 cases or any other employee of the U.S. Trustee. Accordingly, the appointment of Cousins Law is not prohibited by Bankruptcy Rule 5002.

## Notice

26.     Notice of this application has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

## No Prior Application

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this application and such other and further relief as may be just and proper.


Dated: November 17, 2020                    Cred Inc.
       San Mateo, California           (on behalf of itself and the other Debtors)


                                           */s/ Daniel Schatt*
                                           Daniel Schatt
                                           Chief Executive Officer