**Exhibit B**

**Cousins Declaration**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

### DECLARATION OF SCOTT D. COUSINS IN SUPPORT OF THE APPLICATION OF DEBTORS TO EMPLOY AND RETAIN COUSINS LAW LLC AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

I, Scott D. Cousins, under penalty of perjury, declare as follows:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and a partner of the firm of Cousins Law LLC ("Cousins Law"). Cousins Law is a Delaware law firm with offices at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

2. I submit this declaration in support of the Application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order approving the employment and retention of Cousins Law as their co-counsel in the Debtors' chapter 11 cases, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Cousins Law's completion of further analysis, or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

**Services to be Provided**

3.     The Debtors require Cousins Law to render a variety of legal services during the pendency of these chapter 11 cases and to assist the Debtors in addressing the myriad issues that may arise.  Subject to further order of the Court, the Debtors request the employment and retention of Cousins Law to render professional services, including, but not limited to:

   a.   assisting in preparing all petitions, motions, applications, answers, orders, reports, and other legal papers necessary or desirable to commence one or more cases under the Bankruptcy Code;

   b.   advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued operation of their business and management of their property;

   c.   taking all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   d.   assisting in negotiation, preparing and pursuing on behalf of the Debtors all motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtors' estates;

   e.   appearing in Court and protecting the interests of the Debtors before the Court;

   f.   assisting with any disposition of the Debtors' assets, by sale or otherwise;

   g.   assisting in preparing a disclosure statement and any related documents and pleadings necessary to solicit votes on any plan of reorganization proposed by the Debtors;

   h.   negotiating and taking all necessary or appropriate actions in connection with a plan or plans of reorganization, any amendments thereto, and all related documents thereunder and transactions contemplated therein;

   i.   attending all meetings and negotiating with representatives of creditors, the United States Trustee, and other parties-in-interest; and

   j.   performing all other legal services for, and providing all other necessary legal advice to, the Debtors, which may be necessary and proper in these Chapter 11 Cases.

2

4.       In addition to the services set forth in paragraphs 3(a) through 3(j) above, Cousins Law may perform all other services assigned by the Debtors, in consultation with Paul Hastings LLP ("Paul Hastings"), bankruptcy co-counsel, to Cousins Law. Cousins Law understands that the Debtors have chosen Paul Hastings to serve as lead counsel to the Debtors. Cousins Law has and will continue to work closely with Paul Hastings to prevent any duplication of efforts in the course of advising the Debtors. Cousins Law is willing and able to act in the Debtors' cases and render the necessary professional services as co-counsel to the Debtors on the terms described herein, and to subject itself to the jurisdiction of the Court.

5.       More specifically, Cousins Law will (i) provide Delaware law expertise to the Debtors, including advising the Debtors and Paul Hastings on issues of local practice and the Local Rules, (ii) communicate with the Court and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with respect to the Debtors' filings and the chapter 11 cases, (iii) prepare, review, comment on and coordinate the filing of various documents and pleadings in the chapter 11 cases, and (iv) appear in Court on behalf of the Debtors. Furthermore, Cousins Law will serve as lead counsel to the Debtors with respect to matters or parties as to which Paul Hastings has a conflict and determines that it cannot (or should not) represent the Debtors (in such instances in which Cousins Law does not similarly have a conflict). To the extent Cousins Law determines that such services, including those set forth in 3(j) above, fall outside of the scope of services historically or generally performed by Cousins Law as co-counsel in a bankruptcy case, Cousins Law will file a supplemental declaration.

## Professional Compensation

6.       Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, Cousins Law intends to

3

apply for compensation for professional services rendered in connection with the Debtors' chapter 11 cases, plus reimbursement of actual, necessary expenses and other charges incurred by Cousins Law during the Debtors' bankruptcy cases.

7. The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

    a) Scott D. Cousins          $750 per hour
    b) Aran D. Heining          $150 per hour

8. Cousins Law's hourly rates are set at a level designed to compensate Cousins Law fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Cousins Law fee application following such adjustments) and are consistent with the rates charged elsewhere. Other than these potential periodic adjustments, Cousins Law does not expect any changes during the pendency of these chapter 11 cases. Notwithstanding the consistent hourly rates, Cousins Law as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

9. It is Cousins Law's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, regular mail and express mail charges, messenger, special or hand delivery charges, document processing charges, filing fees, printing/photocopying/facsimile charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Cousins Law will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Cousins Law's other clients or as previously fixed by this Court. Cousins Law

believes that it is reasonable and fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

**<u>Evergreen Retainer</u>**

10. Prior to the Petition Date, Cousins Law received from the Debtors an advance payment retainer totaling $58,585.00,[3] a portion of which has been applied in satisfaction of prepetition fees and expenses incurred by Cousins Law on behalf of the Debtors. Cousins Law currently holds a retainer (the "<u>Retainer</u>") for postpetition fees or expenses in the approximate amount of $39,080.00 in connection with the Debtors' restructuring and commencement of their chapter 11 cases. As of the filing of the Application, there may still be some prepetition fees and costs to be applied to this retainer.

11. The Debtors propose that the portion of the Retainer paid to Cousins Law be treated as an evergreen retainer to be held by Cousins Law as a security throughout these chapter 11 cases until Cousins Law's fees and expenses are awarded by final order and payable to Cousins Law as discussed in the Application. An accounting summary of payments made to Cousins Law and estimated amounts incurred by Cousins Law is attached hereto as **Exhibit 2**.

12. In this district, I believe that evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's."). Moreover, Cousins Law and the Debtors are sophisticated business entities that have negotiated the amount of the Retainer at arm's length. The amount of the Retainer secures Cousins Law's fees and expenses for work performed in connection with the Debtors'

---

[3] $8,585 of the $58,585.00 of the retainer paid by the Debtors served as an advancement for petition fees.

chapter 11 cases. Thus, I believe, under the standards articulated in the *Insilco* decision, the facts and circumstances of these cases support the approval of the security retainer requested herein.

13. Given the extensive nature of the services that Cousins Law will provide to the Debtors, I believe that the retention of Cousins Law under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the reorganization of the Debtors.

## Cousins Law's Disinterestedness

14. Neither I, Cousins Law, nor any attorney of Cousins Law, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below). In preparing this declaration, we used a set of procedures established by Cousins Law to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by a debtor or official committee under the Bankruptcy Code. In that regard, Cousins Law requested and obtained from the Debtors a list of the names of entities who may be parties in interest in these chapter 11 cases, including but not limited to, the Debtors' secured creditors, the Debtors' largest unsecured creditors, significant contract counterparties, parties to litigation with the Debtors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest"). The list of Potential Parties in Interest is attached hereto as **Exhibit 1**.

15. Cousins Law maintains and systematically updates its conflict check system in the regular course of its business and it is the regular practice of Cousins Law to make and maintain these records. The conflict system maintained by Cousins Law is designed to include (i) every active matter on which Cousins Law is engaged, (ii) every closed matter on which Cousins Law

has been engaged, (iii) the entity by which it is now or has been engaged, (iv) the identity of related parties, (v) the identity of adverse parties, and (vi) the attorney at Cousins Law that is knowledgeable about the matter. It is the policy of Cousins Law that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Cousins Law. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

16.     Cousins Law has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors' chapter 11 cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on **Exhibit 1** attached hereto).

17.     I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Cousins Law and (i) the U.S. Trustee or any person employed by the U.S. Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in the Debtors' chapter 11 cases, except as otherwise described herein. In addition, as part of its practice, Cousins Law appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in the Debtors' chapter 11 cases. Cousins Law has not represented and will not represent any such entities in relation to the Debtors and their chapter 11 cases, nor does Cousins Law have any

relationship with any such entities that would be adverse to the Debtors or their estates in the matters upon which Cousins Law is to be employed in these cases.

18. As of the Petition Date, the Debtors did not owe Cousins Law any amounts for legal services rendered before the Petition Date and Cousins Law is not a creditor of the Debtors.

19. Except as set forth herein, and based upon the information available to me, neither I, Cousins Law, nor any attorney of Cousins Law, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which Cousins Law is to be employed in these cases. Based upon the information available to me, I believe that Cousins Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

20. No promises have been received by Cousins Law, or by any partners, counsel or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Cousins Law has no agreement with any other entity to share with such entity any compensation received by Cousins Law, other than the attorneys of Cousins Law, as permitted by section 504 of the Bankruptcy Code.

21. To the best of my knowledge, other than as set forth herein, no attorney of Cousins Law is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the U.S. Trustee assigned to these chapter 11 cases or any other employee of the U.S. Trustee. Accordingly, I understand that the appointment of Cousins Law is not prohibited by Bankruptcy Rule 5002.

22. Cousins Law will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1, to the extent that Cousins Law learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), Cousins Law will file and serve a supplemental declaration with the Court setting forth the additional information.

Dated: November 17, 2020
      Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)

9

**Exhibit 1 Potential Parties in Interest**

**Debtors**

Cred Inc.
Cred (US) LLC
Cred Capital, Inc.
Cred Merchant Solutions LLC
Cred (Puerto Rico) LLC

**Debtors' Former Names**

Cred LLC
Libra Credit (US) LLC

**Non-Debtor Affiliates**

Cyber Quantum Pte. Ltd.
Income Opportunities (Luxembourg) SA

**Bankruptcy Judges and Staff**

Chief Judge Christopher S. Sontchi
Judge John T. Dorsey
Judge Karen B. Owens
Judge Brendan L. Shannon
Judge Laurie Selber Silverstein
Judge Mary F. Walrath
Judge Ashely M. Chan
Cacia Batts
Catherine Farrell
Cheryl Szymanski
Claire Brady
Danielle Gadson
Jill Walker
Karen Strupczewski
Laura Haney
Laurie Capp
Lora Johnson
Marquietta Lopez
Rachel Bello
Rachel Werkheiser
Robert Cavello
Sherry Scaruzzi

**Clerk of the Court**

Una O'Boyle

**Office of the United States Trustee**

Benjamin Hackman
Christine Green
David Buchbinder
David Villagrana
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph McMahon
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Vinson
Richard Schepacarter
Rosa Sierra
Shakima L. Dortch
T. Patrick Tinker
Timothy J. Fox, Jr.

**Shareholders**

Lu Hua
Daniel Schatt

**Current & Former Officers and Directors**

James Alexander
Daniel Goldstein
Daniyal Inamullah
Jonathan Labovich
Grant Lyon
Francesco Matteini
Joe Podulka
Maxim Rokhline
Daniel Schatt
Daniel Wheeler

**Top Unsecured Creditors**

Names on file
DCP Capital
JST Capital, LLC
Uphold, Inc.

**Banks**

Evolve Bank & Trust
LHV Pank
Metropolitan Commercial Bank
Provident Bank
Silvergate Bank

**Noteholders**

AHP
Borderless Capital
CR Fund
Dragonfly International Holding Limited
Spice VC

**Partners**

Airbitz d/b/a Edge
AngelRock
BitAngels
Bitbuy
Bitcoin.com
Bitpie Limited
Blockfills
Coinstats Inc.
cryptobriefing
Cryptoslate
Dinwiddie, Inc.
Edge
Galois Alpha Capital Fund LP
Getty/IO Inc.
GPD Holdings LLC
HotGroup Limited
HuobiWallet
Klever
Litecoin
Litecoin Foundation Limited
Saint Bitts LLC
True USD
TrueCoin LLC
Qtum Chain Foundation
Uphold, Inc.
Virtuse Group Pte. Ltd.

2

**Vendors/Suppliers**

- 10Clouds
- 2655316 Ontario Inc.
- 6C Marketing
- ABM Industry Groups
- Amazon Web Service
- Amber Technologies Limited
- Anchorage Trust Company
- Anvil Advisors
- Arendt
- AScaleX
- Bay Area Window Dressing
- Bear Risk Advisory
- Berke
- BetterSource
- BitGo
- BitTemple
- Bittrex International Gmbh
- Blacklane
- Blockchain at Berkeley
- BlockPR
- Brook Furniture Rental
- Business Wire, Inc
- Carneros Resort and Spa
- Catherine A. Seemann
- CDW Direct
- Christen Interiors
- Clayton Utz
- Cloudflare
- CoinDesk, Inc.
- Comcast
- Commercial Cleaning Pros
- Cowan Agency
- Creative Solutions
- Crypsis
- CSC
- CT Corporation
- Davies Design Group Ltd
- Decentral Media
- Destination Design
- Developing the Next Leaders
- Digital Ninja Consulting
- DLT Productions Inc
- Docusign
- Element Technologies
- elig

**Vendors/Suppliers (cont'd)**

- Illumant
- Inbound Junction BG
- InnReg LLC
- Interior Plant Design
- IOL
- Jim Ochsenreiter
- John Barr
- JST Systems
- Jumio Corporation
- KnowBe4, Inc.
- La Concha
- Lee's Florist & Nursery
- LinkedIn
- LogMeIn
- Lua's Construction and Facilities
- Mara Herbkersman
- Marlena Agency
- Mary M Pringle
- Matiri Kirtikumar Kotak
- Meltwater
- Methodical Valuation Services
- Nevtec
- Oracle
- Parker and Lynch
- Pawan Pandey
- Peninsula Security Service
- Piloto 151
- PMB Solutions
- Regulation D Resource
- Regus
- RocketSpace, Inc.
- Ryan Ortega
- Salesforce
- Saltire Management Group LLC
- Sequoia One PEO LLC
- Shoreline Labs
- Shred-it
- Shuttle Finance Inc. (d/b/a Acre)
- Silverline
- Stefan Rust
- Tableau
- Tangent Capital Partners
- Teknos
- TeleMe.io
- Ternary Intelligence Inc.

Equities First Holdings
Excolo Construction Services
Fireblocks Inc.
First Associates
Gene Kim
Global Relay Communications
Greenleaf Platters
HireUp LLC
Hubspot
Human Cloud Business Solution
HumanCloud Technologies

The Tintworks Enterprise
Todd Herschberg
Trulioo Information Services
Trupti Balekund
Uphold HQ, Inc.
User Centered Experiences, LLC
Viking PC Health Ltd
Yearwood Media
Zeroth Link LLC
Zuar

**Asset Managers**

100 Acre Cred Opportunities Fund Ltd.
AX Momentup LP
Fifth Khagan LP
Reliz LTD
Sarson Funds LLC

**Major Borrowers**

Elevar Finance LLC
moKredit Inc.

**Debtors' Professionals**

Cousins Law LLC
MACCO Restructuring Group
Paul Hastings LLP

**Other Professionals**

Armanino LLP
Bryan Cave Leighton Paisner LLP
Dentons US LLP
Ganado Advocates
Lockton Insurance Brokers, LLC
PricewaterhouseCoopers
Richards Layton & Finger
Ruddy Gregory, PLLC
Rutsaert Legal
SD Mayer & Associates, LLP
Sheppard Mullin

**Landlords**

2121 SEC TT, LLC
Douglas Emmett 2016 LLC
Tower Plaza Tower

**Insurance**

Hartford Financial Services Group.
AXIS Insurance Co.
Validus
Validus Specialty
Euclid Financial Institution Underwriters LLC
One Beacon n/k/a Intact Insurance Specialty Solutions
Western World Insurance Group

4

**Third-Party Benefits**

Anthem, Inc.
Guardian Life Insurance Company of America
Kaiser Permanente
Massachusetts Mutual Life Insurance Company
Navia Benefit Solutions
VSP Vision Care

**Taxing Authorities**

California Franchise Tax Board
Delaware Division of Corporations
Internal Revenue Service (IRS)
Los Angeles County
San Mateo County

**Other Interested Parties**

Arctos Capital Cryptoasset Credit Fund, LP
Universal Protocol Alliance

**Regulatory/Government Permitting Authorities**

California Department of Business Oversight
California Employment Development Department

**Exhibit 2**

Accounting Summary of Retainer and Payments[1]

| Date | Transaction | Amount | Retainer Balance |
|---|---|---|---|
| November 5, 2020 | Wire transfer of deposit of retainer | $58,585.00 | $58,585.00 |
| November 8, 2020 | Invoice for services rendered through November 8, 2020 | ($19,505.00) | $39,080.00 |

---

[1] $8,585 of the $58,585.00 retainer paid by the Debtors served as an advancement for petition fees.