**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[2] | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)** |
| | ) **Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 330, AND 331 AND BANKRUPTCY RULE 2016, FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors")

respectfully represent as follows in support of this motion:

**Relief Requested**

1.      By this motion, the Debtors request entry of an order, substantially in the form

attached as **Exhibit A** (the "Proposed Order"), establishing an orderly process for the allowance

and payment of compensation for professional services rendered and reimbursement of expenses

incurred by attorneys and other professionals (collectively, the "Retained Professionals") who

will be retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code and are required

to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy

the requirements of Bankruptcy Rule 2016 and Rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

"Local Rules").  Specifically, the Debtors propose that the payment of fees and reimbursement of

expenses of the Retained Professionals in these chapter 11 cases be structured in accordance with

the procedures described in Exhibit 1 to the Proposed Order and incorporated by reference herein

(the "Compensation Procedures").[3]

### Jurisdiction, Venue, and Statutory Bases

2.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Debtors

confirm their consent to the entry of a final order by the Court in connection with this motion to

the extent that it is later determined that the Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 330,

and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

### Background

5.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced a

voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are

authorized to continue operating their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory

committee of creditors has been appointed in these chapter 11 cases.

---

[3]     Unless specifically set forth herein, and for the avoidance of doubt, the Debtors' proposed Compensation
Procedures shall not override compensation procedures in any separate order of the Court approving the
employment and retention of any Retained Professional.

6.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7.      Additional information regarding the Debtors' business is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 12].

### Retention of Professionals

8.      The Debtors, as debtors in possession, are seeking approval to retain: (a) Paul Hastings LLP, as primary restructuring counsel; (b) Cousins Law LLC, as local Delaware counsel; (c) Teneo Capital LLC, as investment banker; (d) MACCO Restructuring Group, LLC, as financial advisors; and (e) Donlin, Recano & Company, Inc., as administrative agent.[4]  The Debtors anticipate they may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises.[5]  In the event that a statutory committee is appointed in these chapter 11 cases, that committee may also seek to retain professionals.

---

[4]     Pursuant to the *Order Authorizing Retention and Appointment of Donlin, Recano & Company, Inc. as Claims and Noticing Agent for Debtors,* Nunc Pro Tunc *to Petition Date* [Docket No. 28], the Court authorized the Debtors to compensate Donlin, Recano & Company, Inc. ("DRC") for claims and noticing services without the need for DRC to file fee applications or seek Court approval for such compensation.  Accordingly, the procedures set forth herein shall not apply to DRC in its capacity as claims and noticing agent.

[5]     Contemporaneously herewith, the Debtors have filed *Debtors' Motion, Pursuant to Bankruptcy Code Sections 105(a), 327, 328, and 330, for Entry of an Order,  Authorizing Debtors to Retain and Compensate Professionals Utilized in Ordinary Course of Business, Effective as of Petition Date* (the "OCP Motion").  The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "OCPs") on terms substantially similar to those in effect before the Petition Date.  If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to a monthly fee cap.

9.      The Debtors believe that establishing orderly procedures for payment of the

Retained Professionals will streamline the administration of these chapter 11 cases and otherwise

promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  Specifically, a

streamlined process for serving interim fee applications (each, an "Interim Fee Application") and

the notices thereof is in the best interest of the Debtors because it will facilitate efficient review

of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying

and mailing expenses.

**The Proposed Compensation Procedures**

10.     The Compensation Procedures will establish a streamlined process for the

retention and payment of Retained Professionals during these chapter 11 cases.  The

Compensation Procedures create a process by which Retained Professionals will prepare

monthly applications and file interim applications with the Court for approval of 80 percent of

their fees and 100 percent of expenses, upon notice to key parties, including: (a) proposed

co-counsel to the Debtors (i) Paul Hastings LLP, 600 Travis Street, Fifty-Eighth Floor, Houston,

Texas 77002, Attn:  James T. Grogan and Mack Wilson, (jamesgrogan@paulhastings.com,

mackwilson@paulhastings.com,); 200 Park Avenue, New York, New York 10166, Attn: G.

Alexander Bongartz and Derek Cash (alexbongartz@paulhastings.com,

derekcash@paulhastings.com); and (ii) Cousins Law LLC, Brandywine Plaza West, 1521

Concord Pike, Suite 301, Wilmington, Delaware 19803, Attn:  Scott D. Cousins

(scott.cousins@cousins-law.com); (b) the Office of The United States Trustee, 844 King Street,

Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Joseph James McMahon, Jr.

(joseph.mcmahon@usdoj.gov) and John Schanne (John.Schanne@usdoj.gov); and (c) counsel to

any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

11.     The Debtors believe that the proposed Compensation Procedures will enable the Debtors to: (a) closely monitor the costs of administering these chapter 11 cases; (b) maintain an appropriate level of liquidity so as to ensure the Debtors' continued ability to satisfy such costs; and (c) accurately forecast cash flows that account for the amount and timing of such costs. Moreover, the proposed Compensation Procedures will streamline the administration of these chapter 11 cases and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee, and all parties in interest.

12.     The Debtors further request that the Court limit service of Interim Fee Applications and final fee applications (each, a "Final Fee Application," and together with the Interim Fee Applications, the "Applications") to the Notice Parties.  The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices").  Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and, if applicable, object to the Retained Professionals' fees and expenses and will save unnecessary duplication and mailing expenses.

**Basis for Relief**

13.     Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.[6]

14.     Section 330 of the Bankruptcy Code provides, in relevant part, that:

---

[6]     11 U.S.C. § 331.

[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to ... a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.[7]

15.    Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

16.    Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ."[8]  The significant size of these cases and the amount of time and effort that will be required from the Retained Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested herein.  Indeed, such Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.  Courts in this jurisdiction have approved relief similar to the relief requested in this motion.[9]

17.    The Compensation Procedures will enable the Debtors to monitor closely the costs of administering these cases.  Moreover, the proposed Compensation Procedures will allow

---

[7]    11 U.S.C. § 330.

[8]    *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

[9]    *See, e.g.*, *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (establishing procedures for the interim compensation of retained professionals); *In re Argos Therapeutics, Inc.*, No. 18-12714 (KJC) (Bankr. D. Del. Jan. 3, 2019) (same); *In re ONE Aviation Corp.*, No. 18-12309 (CSS) (Bankr. D. Del. Nov. 11, 2018) (same); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Nov. 1, 2018) (same); *In re Enduro Res. Partners LLC*, No. 18-11174 (KG) (Bankr. D. Del. June 8, 2018) (same).  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and

necessity of the compensation and reimbursement sought pursuant to such procedures.  The

Debtors therefore submit that the efficient administration of these cases will be significantly

aided by establishing the Compensation Procedures.  Accordingly, the relief requested herein is

in the best interests of the Debtors, their estates, and their creditors.

### Notice

18.     Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal

Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties

included on the Debtors' consolidated list of thirty 30 largest unsecured creditors; and (v) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the

relief requested herein, the Debtors respectfully submit that no further notice of this motion is

required.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the

form attached hereto (a) granting the relief requested herein and (b) granting such other relief as

is just and proper.

Dated: November 17, 2020
        Wilmington, Delaware

                                        /s/  Scott D. Cousins
                                        —————————————————————————
                                        Scott D. Cousins (No. 3079)
                                        **COUSINS LAW LLC**
                                        Brandywine Plaza West
                                        1521 Concord Pike, Suite 301
                                        Wilmington, Delaware 19803
                                        Telephone:     (302) 824-7081
                                        Facsimile: :    (302) 295-0331
                                        Email:          scott.cousins@cousins-law.com

                                        - and -

                                        James T. Grogan (*pro hac vice*)
                                        Mack Wilson (*pro hac vice*)
                                        **PAUL HASTINGS LLP**
                                        600 Travis Street, Fifty-Eighth Floor
                                        Houston, Texas 77002
                                        Telephone:     (713) 860-7300
                                        Facsimile:     (713) 353-3100
                                        Email:          jamesgrogan@paulhastings.com
                                                        mackwilson@paulhastings.com

                                        - and -

                                        G. Alexander Bongartz (*pro hac vice*)
                                        Derek Cash (*pro hac vice*)
                                        **PAUL HASTINGS LLP**
                                        200 Park Avenue
                                        New York, New York 10166
                                        Telephone:     (212) 318-6000
                                        Facsimile:     (212) 319-4090
                                        Email:          alexbongartz@paulhastings.com
                                                        derekcash@paulhastings.com

                                        *Proposed Co-Counsel to the Debtors*