**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> CRED INC., *et al.*, <br><br> Debtors.[2] | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br><br> (Jointly Administered) <br><br> Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET) <br> Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 328, AND 330, FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF PETITION DATE**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession, (the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

1. By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing the retention and compensation of professionals utilized in the ordinary course of the Debtors' business pursuant to the procedures set forth herein (the "Ordinary Course Procedures"), effective as of the Petition Date or such later date as applicable, without the necessity of submitting formal retention or fee applications for each individual professional.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

**Jurisdiction, Venue, and Statutory Bases**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C.§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code.

**Background**

**A.    Chapter 11 Cases**

5.  On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7.      Additional information regarding the Debtors' business is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 12].

**B.      The Debtors' Ordinary Course Professionals**

8.      In the ordinary course of their business, the Debtors utilize the services of various professionals, including attorneys, accountants, auditors, digital security and technology services, and other professionals, in a variety of matters unrelated to these chapter 11 cases (collectively, the "Ordinary Course Professionals").  Due to the global footprint and nature of the Debtors' business, the Debtors' require the services of a large number specialized professionals in numerous jurisdictions.  An initial list of the Ordinary Course Professionals are attached as Schedule 1 to the Proposed Order (the "OCP List").

9.      The Ordinary Course Professionals provide a variety of professional and technological services in the same manner and for the same purposes as such professionals were retained prior to the Petition Date.  It is essential to employ these Ordinary Course Professionals, many of whom are already familiar with the Debtors' business and affairs, to avoid disruption of the Debtors' operations.  The Debtors believe that the postpetition employment and compensation of the Ordinary Course Professionals is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  In light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.  Likewise, the Debtors believe that the Ordinary Course Procedures (as laid out in more detail below) will relieve the Court, the United States Trustee for

the District of Delaware (the "U.S. Trustee"), and other interested parties in these chapter 11 cases of the burden of reviewing fee applications involving relatively modest fees and expenses for Ordinary Course Professionals.

**B.     Proposed Ordinary Course Procedures**

10. The Debtors propose to employ Ordinary Course Professionals to render professional services in the ordinary course of the Debtors' business under the following Ordinary Course Procedures:

    a.  Within 30 days following the later of (i) the entry of an order granting the motion and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, or as soon thereafter as is practicable, each Ordinary Course Professional will provide to the Debtors' attorneys an affidavit (an "OCP Declaration"), substantially in the form attached to the Proposed Order as Schedule 2, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed.

    b.  Within a reasonable time, the Debtors will file the OCP Declaration with the Court and serve, by email or first class mail, a copy on (a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 and (b) counsel to any statutory committee appointed in these chapter 11 cases, (collectively, the "Reviewing Parties").  Each Reviewing Party or any other entity will have 10 days following service of an OCP Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the affected Ordinary Course Professional, in writing, of any objection to the retention based upon the OCP Declaration (an "Objection").  If, upon the Objection Deadline, no Objection is filed, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, without further order from the Court.  If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within 14 days of the filing date of the Objection, the Debtors may schedule the Objection for a hearing before the Court.

    c.  During the pendency of these chapter 11 cases, the Debtors are authorized, but not directed, to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the interim fees and disbursements of each Ordinary Course Professional retained pursuant to the Proposed Order approving this motion, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices) up to $50,000 per month on average over a rolling three-month period

       for each Ordinary Course Professional listed on Schedule 1 attached to the Proposed Order (the "OCP Caps").  The Debtors shall be allowed to request increases in the OCP Caps.

    d.    If an Ordinary Course Professional's fees and expenses exceed the OCP Cap, such Ordinary Course Professional shall file a monthly fee application (a "Monthly OCP Fee Application") on account of the excess amount over the OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other procedures and orders of the Court.  Such Ordinary Course Professional shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines") in connection with such Monthly OCP Fee Application.

    e.    During the pendency of these chapter 11 cases and until the effective date of any chapter 11 plan confirmed in these chapter 11 cases, within 45 days after the end of any three-month period, the Debtors shall file with the Court a statement reflecting the fees and expenses paid to each Ordinary Course Professional for the preceding three-month period (each, a "Quarterly OCP Statement") and serve copies of the Quarterly OCP Statement on the Reviewing Parties; provided that the initial quarter shall be the Petition Date through December 31, 2020.

    f.    If the Debtors seek to retain an Ordinary Course Professional not already listed on Schedule 1 of the Proposed Order, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List.

    g.    If no objection to an OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth herein, so as to be actually received within 14 days after the service thereof, the OCP List Supplement will be deemed approved by the Court in accordance with the provisions of the Proposed Order approving this motion and without the need for a hearing or further order from the Court.  Any Ordinary Course Professionals retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in the Ordinary Course Procedures.

11.    The foregoing proposed Ordinary Course Procedures shall not apply to those professionals for whom the Debtors have filed or will file separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel and financial advisors.

**Basis for Relief**

12.   Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Section 327(e) of the Bankruptcy Code further provides that "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

13.   Section 328(a) of the Bankruptcy Code provides that the trustee, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment." Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

14.   Therefore, subject and pursuant to sections 327, 328, and 330 of the Bankruptcy Code, the Debtors may, with the approval of the Court, retain and compensate its Ordinary Course Professionals upon any reasonable terms and conditions. Further, the Court has the authority, pursuant to section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest.  Moreover, the Ordinary Course Procedures require each Ordinary Course Professional to file an OCP Declaration to be eligible for compensation.

16. The retention of the Ordinary Course Professionals is essential and should be authorized to avoid any disruption in the Debtors' day-to-day business operations.  Although the Debtors require the services of the Ordinary Course Professionals to maintain and preserve the value of their ongoing business operations during these chapter 11 cases, and while the Ordinary Course Professionals may wish to continue to represent the Debtors on an ongoing basis, the Ordinary Course Professionals may be unwilling to do so if the Debtors cannot pay them on a regular basis.  It is, therefore, in the best interests of the Debtors' estates, their creditors, and all parties in interest that the Debtors avoid any disruption in the professional services required in the day-to-day operation of their business.

17. Moreover, the proposed Ordinary Course Procedures for retaining and paying Ordinary Course Professionals will save the Debtors' estates the substantial expense associated with applying separately for the retention and compensation of each Ordinary Course Professional.  Specifically, granting the requested relief will avoid the Debtors incurring additional fees and expenses pertaining to preparing and prosecuting individual retention applications and fee applications for each Ordinary Course Professional.  In addition, the procedures outlined herein will relieve the Court, the U.S. Trustee, and other interested parties of the burden of reviewing numerous fee applications involving relatively small amounts of fees

and expenses. Furthermore, the Ordinary Course Professionals will not be involved in the administration of the chapter 11 cases, but rather will provide services in connection with the Debtors' ongoing business operations. Accordingly, the Debtors do not believe that the Ordinary Course Professionals are "professionals," as the term is used in section 327(a) of the Bankruptcy Code, whose retention must be approved by the Court.[3]

18. Finally, the relief requested herein is consistent with the relief frequently granted by courts in this district.[4] Accordingly, the Debtors respectfully submit that the Court should grant this motion and approve the Ordinary Course Procedures proposed herein.

## Notice

19. Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

---

[3] *See In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate"); *see also Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns–Manville Corp.)*, 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (stating that lobbyists routinely hired in ordinary course of prepetition business were not professionals within meaning of section 327(a) as "[t]hey were not hired to represent or assist [the debtor] in carrying out its duties under Title 11. They did not play any part in negotiating a plan, adjusting debtor/creditor relationship, or disposing of or acquiring assets").

[4] *See, e.g., In re Se. Grocers, LLC*, Case No. 18-10700 (MFW) (Bankr. D. Del. Apr. 23, 2018) (approving comparable OCP procedures); *In re Charming Charlie Holdings Inc.*, Case No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Key Energy Servs., Inc.*, Case No. 12306 (BLS) (Bankr. D. Del. Dec. 1, 2016) (same); *In re Roadhouse Holding Inc.*, Case No. 16-11819 (BLS) (Bankr. D. Del. Aug. 31, 2016); *In re Halcon Res. Corp.*, Case No. 16-11724 (BLS) (Bankr. D. Del. Aug. 19, 2016); *In re UCI-Airtex Holdings, Inc.*, Case No. 16-11354 (MFW) (Bankr. D. Del. July 12, 2016) (same); *In re Jumio, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Apr. 27, 2016); *In re Offshore Grp. Inv. Ltd.*, Case No. 15-12422 (BLS) (Bankr. D. Del. Jan. 6, 2016). Because of the voluminous nature of the orders cited herein, they are not annexed to the motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: November 17, 2020
      Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (*pro hac vice*)
Mack Wilson (*pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
             mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (*pro hac vice*)
Derek Cash (*pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
             derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*