**<u>Exhibit A</u>**

**Proposed Order**

Case 20-12836-JTD    Doc 55-2    Filed 11/17/20    Page 1 of 6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN ORDINARY COURSE
OF BUSINESS, EFFECTIVE AS OF PETITION DATE**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, for entry of an order (the "Order"), authorizing the retention and compensation of Ordinary Course Professionals pursuant to the Ordinary Course Procedures, effective as of the Petition Date or such later date as applicable, without the necessity of submitting formal retention or fee applications for each Ordinary Course Professional, all as more fully described in the Motion; and upon the record of any hearing to consider the relief requested in the Motion; and upon the Court's consideration of the Motion and all objections and pleadings filed with respect to the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and such notice having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Ordinary Course Procedures are approved, and the Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals, including, without limitation, those listed on the OCP List annexed to the Motion as **Schedule 1**, effective as of the Petition Date or such later date as applicable, in accordance with the terms of this Order.

3. Ordinary Course Professionals retained in these chapter 11 cases may seek compensation in accordance with the following Ordinary Course Procedures:

   a. Within 30 days following the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, or as soon thereafter as is practicable, each Ordinary Course Professional will provide to the Debtors' attorneys an affidavit (an "OCP Declaration"), substantially in the form attached to the Motion as **Schedule 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed.

   b. Within a reasonable time, the Debtors will file the OCP Declaration with the Court and serve, by email or first class mail, a copy on (a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 and (b) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Reviewing Parties").  Each Reviewing Party or any other entity will have 10 days following service of an OCP Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the affected Ordinary Course Professional, in writing, of any objection to the retention based upon the OCP Declaration (an "Objection").  If, upon the Objection Deadline, no Objection is filed, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, without further order from the

2

        Court. If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within 14 days of the filing date of the Objection, the Debtors may schedule the Objection for a hearing before the Court

c.     During the pendency of these chapter 11 cases, the Debtors are authorized, but not directed, to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the interim fees and disbursements of each Ordinary Course Professional retained pursuant to this Order, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices) up to $50,000 per month on average over a rolling three-month period for each Ordinary Course Professional listed on **Schedule 1** to the Motion (the "OCP Cap"). The Debtors shall be allowed to request increases in the OCP Cap.

d.     If an Ordinary Course Professional's fees and expenses exceed the OCP Cap, such Ordinary Course Professional shall file a monthly fee application (a "Monthly OCP Fee Application") on account of the excess amount over the OCP Cap, and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other procedures and orders of the Court. Such Ordinary Course Professional shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines") in connection with such Monthly OCP Fee Application.

e.     During the pendency of these chapter 11 cases and until the effective date of any chapter 11 plan confirmed in these chapter 11 cases, within 45 days after the end of any three-month period, the Debtors shall file with the Court a statement reflecting the fees and expenses paid to each Ordinary Course Professional for the preceding three-month period (each, a "Quarterly OCP Statement") and serve copies of the Quarterly OCP Statement on the Reviewing Parties; provided that the initial quarter shall be the Petition Date through December 31, 2020.

f.     If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** attached to the Motion, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP Lists.

      g.    If no objection to an OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth herein, so as to be actually received within 14 days after the service thereof, the OCP List Supplement will be deemed approved by the Court in accordance with the provisions of this Order and without the need for a hearing or further order from the Court. Any Ordinary Course Professionals retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in the Ordinary Course Procedures.

4.    The OCP Declaration, substantially in form annexed to the Motion as **Schedule 2**, is approved.

5.    Nothing in this Order shall preclude any Ordinary Course Professional from seeking retention as an estate professional under sections 327 or 338 of the Bankruptcy Code, and nothing in this Order shall alter the requirements of sections 330 and 331 of the Bankruptcy Code governing fee applications.

6.    This Order shall not apply to any professional that has been retained pursuant to a separate order of this Court.

7.    Nothing in the Motion or in this Order shall be deemed or construed as impairing the Debtors' right to contest the validity or amount of any claim against the Debtors arising in connection with the fees or charges of any Ordinary Course Professional, and nothing in the Motion or in this Order shall be deemed or construed as approval of an assumption or rejection of any contract, lease, or other agreement under section 365 of the Bankruptcy Code, and all of the Debtors' rights and defenses are reserved with respect thereto.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.