# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING
EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC.
AS ADMINISTRATIVE ADVISOR FOR DEBTORS, EFFECTIVE
*NUNC PRO TUNC* TO PETITION DATE**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this application:

**Relief Requested**

1.  By this application, the Debtors request entry of an order, substantially in the substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the employment and retention of Donlin, Recano & Company, Inc. ("DRC") as administrative advisor (the "Administrative Advisor") for the Debtors in connection with these chapter 11 cases, *nunc pro tunc* to the Petition Date. In support of this application, the Debtors rely upon, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

incorporate by reference, the *Declaration of Nellwyn Voorhies* (the "Voorhies Declaration"), attached hereto as **Exhibit B**.

### Jurisdiction, Venue, and Statutory Bases

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this application are sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

### Background

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. Additional information regarding the Debtors' business is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 12].

**Basis for Relief**

8. By this Application, the Debtors seek authority to employ and retain DRC as Administrative Advisor for the Debtors pursuant to the terms and conditions of the Voting and Consulting Services Agreement (the "Services Agreement"), which is annexed as Exhibit 1 hereto and incorporated herein by reference, effective *nunc pro tunc* to the Petition Date.

9. In addition to this Application, Debtors previously filed an application under 28 U.S.C. § 156(c) for authorization to retain DRC to serve as the claims and noticing agent in these chapter 11 cases (the "Section 156(c) Application"), which application was granted by order dated November 10, 2020 [Docket No. 28]. Given that the administration of these chapter 11 cases will require DRC to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtors supplement the Section 156(c) Application with this Application.

10. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or

3

represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). Moreover, section 328 of the Bankruptcy Code provides that a debtor, subject to Court approval, "may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

11. Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014. Finally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327(a) of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval." Del. Bankr. L.R. 2014-1.

A. **Services to Be Provided**

12. The Debtors seek to retain DRC to provide, among other things, the following bankruptcy administrative services (the "<u>Administrative Services</u>"), if and to the extent requested:

    a.    Assist with, among other things, any required solicitation, balloting, and tabulation and calculation of votes, as well as preparing any appropriate reports, as required in furtherance of confirmation of plan(s) of

4

    reorganization (the "<u>Balloting Services</u>");

b. Generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

c. In connection with the Balloting Services, handling requests for documents from parties in interest, including, if applicable, brokerage firms and bank back-offices and institutional holders;

d. Gathering data in conjunction with the preparation, and assisting with the preparation, of the Debtors' schedules of assets and liabilities and statements of financial affairs;

e. Providing a confidential data room, if requested;

f. Managing and coordinating any distributions pursuant to a confirmed chapter 11 plan; and

g. Providing such other claims processing, noticing, solicitation, balloting, and administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested by the Debtors from time to time.

**B. DRC's Qualifications**

11. DRC comprises leading industry professionals with significant experience in all administrative aspects of large, complex chapter 11 cases. DRC's professionals have experience in claims administration, file preparation, noticing, balloting, tabulation, disbursement services, and facilitating other administrative aspects of chapter 11 cases of this size and complexity.

12. DRC is well-qualified to serve in the capacity as Administrative Advisor and DRC's retention is in the best interests of the Debtors' estates, creditors, and other parties-in-interest.  The Debtors chose DRC based on both its experience and the competitiveness of its fees. DRC has provided identical or substantially similar services in other chapter 11 cases filed in this District and elsewhere.

**C.     Compensation**

13.     The Debtors propose to compensate DRC in accordance with the Services Agreement.  The Services Agreement sets forth the proposed hourly consulting fee rates, which are subject to adjustment based on DRC's ordinary billing practices.  Consistent with company policy with respect to its other clients, DRC will charge the Debtors for all Administrative Services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, meals, messengers, couriers, postage, and other fees related to the services.

14.     DRC intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the Administrative Services rendered under the Services Agreement. DRC will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

15.     The Debtors respectfully submit that DRC's rates are competitive and comparable to the rates its competitors charge for similar services. Prior to the Petition Date, in connection with DRC's retention as claims and noticing agent, the Debtors provided DRC a retainer in the amount of $50,000.00 (which retainer, after application of prepetition invoices, will be replenished to the original retainer amount).

16. Additionally, under the terms of the Services Agreement, the Debtors have to indemnify, defend, and hold harmless DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from DRC's gross negligence, willful misconduct, fraud, or as otherwise provided in the Services Agreement. Such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these chapter 11 cases. Moreover, consistent with the practice in this jurisdiction, the Debtors requested, and DRC has agreed, that the Court approve the indemnification provisions reflected in the Services Agreement subject to the modifications set forth in the Proposed Order. The proposed modifications to the indemnification provisions of the Services Agreement are appropriate under the circumstances, are consistent with recent orders entered in this jurisdiction, and should be approved.

**D.      Disinterestedness**

17. The Debtors understand that, except as otherwise set forth in the accompanying Voorhies Declaration, and other than in connection with these chapter 11 cases, DRC and its employees (i) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware or any person employed in the offices of the same, (ii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) do not hold or represent any interest adverse to the Debtors' estates.

18.   DRC will conduct an ongoing review of its files to ensure that no conflict or other disqualifying circumstances exist or arise.  If any new facts are discovered, DRC will supplement its disclosure to the Court.  DRC will not share any compensation to be paid by the Debtors in connection with DRC's services as Administrative Advisor to the Debtors with any other person, other than the principals and employees of DRC, to the extent required by section 504 of the Bankruptcy Code.

19.   For the foregoing reasons, the retention of DRC is in the Debtors' best interest and the best interests of their estates, creditors, and other parties-in-interest, and therefore, the Debtors desire to retain and to employ DRC as their Administrative Advisor upon the terms set forth herein and in the Services Agreement.

## Notice

20.   Notice of this application has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this application is required.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, (i) approving the Services Agreement and the Debtors' employment and retention of DRC as the Administrative Advisor for the Debtors in these chapter 11 cases pursuant to the Services Agreement, effective *nunc pro tunc* to the Petition Date, and (ii) granting related relief.

San Mateo, California
Dated: November 17, 2020

Respectfully submitted,

*/s/ Daniel Schatt*
Daniel Schatt
Chief Executive Officer, Cred Inc.