**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>Obj. Deadline: Dec. 1, 2020 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR FOR DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this application:

**Relief Requested**

1.　By this application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing them to employ MACCO Restructuring Group, LLC ("MACCO"), as financial advisor, effective *nunc pro tunc* to the Petition Date (as defined below), pursuant to the terms of the engagement letter attached hereto as **Exhibit B** (the "Engagement Letter"). In support of this application, the Debtors submit (i) the declaration of Drew McManigle (the "McManigle Declaration"), which is attached hereto as **Exhibit C** and incorporated by reference, and (ii) a copy of Mr. McManigle's biography, which is attached hereto as **Exhibit D** and is incorporated by reference.

---

[1]　The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

**Jurisdiction, Venue, and Statutory Predicates**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Background**

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* and the *Declaration in Support of First Day Motion* (the "First Day Declarations") [Docket No. 12].

## MACCO's Qualifications

8. The Debtors seek to retain MACCO as their financial advisor because MACCO is well qualified, is already well acquainted with the Debtors' businesses, and the Debtors have a need for assistance with the reporting and financial management demands of their chapter 11 cases.

9. Drew McManigle is the founder and Chief Executive Officer of MACCO, a financial advisory services company providing services to middle market companies, which was founded in July 2019. For over twenty-five (25) years, Mr. McManigle has provided operational leadership, business turnaround and bankruptcy services. Additionally, Mr. McManigle has conducted complex litigation at the federal, bankruptcy and state levels, including complex worldwide litigation. Mr. McManigle has held roles such as chief restructuring officer, interim chief executive officer, operating chapter 11 trustee, assignee and receiver, domestically and internationally, where he provided interim management, leadership and advice to companies in a variety of industries including oil & gas, healthcare, pharmaceutical & food manufacturing, defense contracting, consumer products and hospitality, among others. In February 2020, Mr. McManigle was selected as one of six Title 11, subchapter V small business chapter 11 trustees appointed by the U.S. Department of Justice, Office of the United States Trustee for the Southern

District of Texas, Houston Division. Accordingly, Mr. McManigle possesses the requisite expertise and background to handle matters that are likely to arise in these Bankruptcy Cases.

10. MACCO specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. MACCO's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages. MACCO's employees have substantial experience in business restructuring and bankruptcy proceedings.

11. In addition, Mr. McManigle and MACCO have become familiar with the Debtors' businesses, financial affairs, and capital structure. Since their initial pre-petition engagement by the Debtors, MACCO has worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of preparing the companies for their chapter 11 filings. Mr. McManigle and MACCO have developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of these cases.

## Services to Be Provided

12. Under the Engagement Letter, services anticipated to be provided by MACCO to the Debtors include, but are not limited to, the following:

- Evaluate near-term business plan/financial forecast;
- Facilitate organization of financial data, including by segment and location, as applicable;
- Prepare a weekly 13-week cash flow forecast and related financial and business models;

- Identify and implement both short-term and long-term liquidity generating initiatives;
- Assist in development of cost containment procedures;
- Evaluate and make recommendations and decisions in connection with strategic alternatives to maximize the value of the Client;
- Review assets to determine its salability and to provide monetization alternatives;
- Leverage analysis in order to develop comprehensive turnaround plan, making adequate prioritizations to ensure executability;
- Prepare marketing materials, manage data rooms and discussions with interested parties for selling some or all of the Company;
- Facilitate the confirmation of any plan of reorganization for some or all of the Company;
- Provide business and debt restructuring advice, including business strategy and other key elements of the business, including preparation of the Statement of Financial Affairs and Schedules, Monthly Operating Reports and other similar Chapter 11 reporting requirements;
- Evaluate and/or assist in developing a liquidation analysis;
- Provide advice on restructuring alternatives, including but not limited to, any asset sales or a plan of reorganization; and
- Render such other restructuring, general business consulting or other assistance as may be requested and mutually agreed.

13. Debtors believe that the services will not duplicate the services that other professionals will be providing the Debtors in these Chapter 11 cases. Specifically, MACCO will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and other professionals retained in this case to avoid the duplication of services.

14. To the extent the Debtors wish to expand the scope of MACCO's services beyond those services set for in this application, the Engagement Letter, or the Declaration, the Debtors will seek further approval from this Court.

**Proposed Terms of Employment**

15. MACCO's employment by the Debtors would be subject in all respects to an order of this Court authorizing the proposed employment. The Debtors will compensate MACCO for professional services by multiplying the actual hours expended by MACCO for the

professional service by the hourly billing rates for the MACCO personnel involved. The hourly rates charged by MACCO are based upon, among other things, each individual's level of experience and the types of services being provided. The hourly rates for MACCO personnel are:

| | |
|---|---|
| Managing Directors: | $525/hr. to $600/hr. |
| Directors: | $450/hr. to $500/hr. |
| Senior Financial Analysts: | $350/hr. to $450/hr. |
| Financial Analysts: | $175/hr. to $350/hr. |
| Administrative Staff: | $100/hr. to $200/hr. |
| Travel and Transit Time: | fifty percent (50%) of Hourly Rates |

16. In addition to compensation for professional services, MACCO will be reimbursed for reasonable expenses incurred in connection with its retention. These expenses include, but are not limited to, travel expenses, photocopying costs, and delivery services. Expenses will be charged to the Debtors at actual cost, but only to the extent they are reasonable and necessary expenses.

17. MACCO will maintain detailed hourly time records and detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. MACCO will submit monthly invoices for all services rendered and all expenses incurred.

18. MACCO will also not charge a markup to the Debtors with respect to fees billed by contract employees who are hired by MACCO to provide services to the Debtors and shall ensure that any such contract employees are subject to applicable conflicts checks and

disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

19.     Prior to the Petition Date and pursuant to the Engagement Letter, MACCO received a retainer of $150,000.00.  MACCO seeks to apply its retainer to all pre-petition invoices.  MACCO may also apply any fees and expenses incurred during these cases against the retainer.

20.     Additional terms of MACCO's proposed employment appear in the Engagement Letter and the Proposed Order accompanying this application.  In the event of a conflict between the Engagement Letter and any order entered by the Court, the order shall govern.

## MACCO's Disinterestedness

21.     The Debtors may be authorized to employ financial advisors and one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14) of the Bankruptcy Code.

22.     Generally, MACCO and its professionals have connections through the Turnaround Management Association, and the American Bankruptcy Institute among other professional organizations, including continuing education courses, professional conferences and/or social media through which they may have connections to the Office of the United States Trustee, judges, court staff, and other practitioners, including Mr. McManigle's role as subchapter V small business trustee, appointed to small business chapter 11 cases by the Office of the United States Trustee, who may appear in this case.  However, to the best of the Debtors' knowledge, and based upon the McManigle Declaration, neither Mr. McManigle nor MACCO, or any of its directors, are a creditor, an equity holder or an insider of the Debtors, nor does Mr. McManigle or MACCO, or its directors, have any direct or indirect relationship to, connection

with, or interest in, the Debtors that would make their respective interests materially adverse to the interests of the Debtors, their estates, or of any class of creditors or equity security holders.

23. In connection with the proposed retention, MACCO has been provided a list of the Debtors' creditors and other persons identified as parties-in-interest in the Debtors' Bankruptcy Cases. Except as set forth in the McManigle Declaration, to the best of the Debtors' knowledge, MACCO and Mr. McManigle do not have any connections with the Debtors, their other creditors or any other party in interest, their attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Based upon the McManigle Declaration, the Debtors believe that MACCO and Mr. McManigle each qualify as a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code, as modified by §1107(b) and are therefore respectively qualified to be employed pursuant to § 327(a) of the Bankruptcy Code.

24. MACCO and Mr. McManigle will continue to conduct periodic analyses to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, MACCO and Mr. McManigle shall supplement the McManigle Declaration as needed to account for any additional interested parties and/or creditors being identified in the bankruptcy cases.

25. The Debtors submit that the retention and employment of MACCO under the terms described in this application are appropriate under sections 327(a) and 1107(b) of the Bankruptcy Code.

## Basis for Relief

26. The Debtors seek to retain MACCO as their financial advisor pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval

may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."

27. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

28. Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

29. As required by Bankruptcy Rule 2014(a), this application, along with the McManigle Declaration and Mr. McManigle's biography, sets forth: (a) the specific facts establishing the Debtors' need to employ MACCO as financial advisor in these chapter 11 cases and the reasons for the Debtors' selection of MACCO; (b) the professional services to be rendered by MACCO; (c) MACCO's compensation and the reasonableness thereof; and (d) to the best of the Debtors' knowledge, MACCO's connection, if any, to certain parties in interest in these chapter 11 cases.

30. The Debtors submit that for all of the reasons stated in this application and the McManigle Declaration, the proposed retention of MACCO as the Debtors' financial advisor in these chapter 11 cases falls squarely within the scope of section 327(a) and is warranted.

Accordingly, the Debtors respectfully request that the Court authorize the retention of MACCO as financial advisor to the Debtors.

## Notice

31.   Notice of this application has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (a) granting the relief requested in this motion and (b) granting such other relief as is just and proper.

Dated: November 17, 2020  
      San Mateo, California

Cred Inc.  
(on behalf of itself and the other Debtors)

*/s/ Daniel Schatt*  
Daniel Schatt  
Chief Executive Officer