# **EXHIBIT C**

**McManigle Declaration**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors.[1] | ) ) ) |  |

**DECLARATION OF DREW MCMANIGLE IN SUPPORT OF
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF MACCO RESTRUCTURING
GROUP LLC AS FINANCIAL ADVISOR FOR DEBTORS, EFFECTIVE
<u>*NUNC PRO TUNC*</u> TO PETITION DATE**

I, Drew McManigle, declare and state under penalty of perjury as follows:

1. This Declaration is made in support of the *Debtors' Application for Entry of an Order Authorizing Employment and Retention of MACCO Restructuring Group LLC as Financial Advisor for the Debtors, Effective* Nunc Pro Tunc *to Petition Date* (the "<u>Application</u>").[2]

2. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows. Unless otherwise defined, all terms used in this Declaration share the same meaning as those in the Application.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other MACCO professionals or learned from my review of other documents. To the extent any information disclosed here

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

requires amendment or modification as additional information becomes available to MACCO, a supplemental declaration will be submitted.

4.    I am the founder and Chief Executive Officer of MACCO, a financial advisory services company founded in July 2019 and provides services to middle market companies. For over twenty-five (25) years, I have provided operational leadership, business turnaround and bankruptcy services.  Additionally, I have conduced complex litigation at the Federal, Bankruptcy, and State levels, including complex worldwide litigation. I have held roles such as chief restructuring officer, interim chief executive officer, operating chapter 11 trustee, assignee and receiver, domestically and internationally, where I provided interim management, leadership and advice to companies in a variety of industries including oil & gas, healthcare, pharmaceuticals, food manufacturing, defense contracting, consumer products, and hospitality, among others.  In February 2020, I was selected as one of six Title 11, subchapter v small business chapter 11 trustees appointed by the U.S. Department of Justice, Office of the United States Trustee for the Southern District of Texas, Houston Division.  Accordingly, I possess the requisite expertise and background to handle matters that are likely to arise in these Bankruptcy Cases.

5.    MACCO specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring.  MACCO's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring

packages. MACCO's employees have substantial experience in business restructuring and bankruptcy proceedings.

6. In addition, MACCO and I have become familiar with the Debtors' businesses, financial affairs, and capital structure. Since the initial pre-petition engagement by the Debtors, MACCO has worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of preparing the companies for their chapter 11 filings. MACCO and I have developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of these cases.

### Services to Be Provided

7. As more fully described in the Application, Order, and Engagement Letter, we will provide financial, accounting and related business restructuring advisory services to the Debtors to accomplish the reorganization goals of the Debtors, to the extent feasible. These services may include:

- Evaluate near-term business plan/financial forecast;
- Facilitate organization of financial data, including by segment and location, as applicable;
- Prepare a weekly 13-week cash flow forecast and related financial and business models;
- Identify and implement both short-term and long-term liquidity generating initiatives;
- Assist in development of cost containment procedures;
- Evaluate and make recommendations and decisions in connection with strategic alternatives to maximize the value of the Client;
- Review assets to determine its salability and to provide monetization alternatives;
- Leverage analysis in order to develop comprehensive turnaround plan, making adequate prioritizations to ensure executability;
- Prepare marketing materials, manage data rooms and discussions with interested parties for selling some or all of the Company;
- Facilitate the confirmation of any plan of reorganization for some or all of the Company;

- Provide business and debt restructuring advice, including business strategy and other key elements of the business, including preparation of the Statement of Financial Affairs and Schedules, Monthly Operating Reports and other similar Chapter 11 reporting requirements;
- Evaluate and/or assist in developing a liquidation analysis;
- Provide advice on restructuring alternatives, including but not limited to, any asset sales or a plan of reorganization; and
- Render such other restructuring, general business consulting or other assistance as may be requested and mutually agreed.

8. MACCO and I will not perform any services to the Debtors that are beyond the scope of the services as set forth in the Engagement Letter, the Order, or in this Declaration unless the Debtor first files notice of any Proposed Additional Services with the Court and receives authorization by the Court.

9. MACCO will also use its best efforts to coordinate with the Debtors and other retained professionals in order to prevent any duplicative services provided to the Debtors.

## Compensation

10. Prior to the Petition Date and pursuant to the Engagement Letter, MACCO received a retainer of $150,000.00. MACCO seeks to apply its retainer to all pre-petition invoices. MACCO may apply any fees and expenses incurred during these cases against the retainer. In accordance with Bankruptcy Rule 2016(b), MACCO has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person or (b) any compensation another person or party has received or may receive.

11. The compensation to be paid to MACCO shall be in accordance with normal billing practices for services rendered and out-of-pocket expenses incurred on the Debtors' behalf. The hourly rates for MACCO personnel are below:

| | |
|---|---|
| Managing Directors: | $525/hr. to $600/hr. |
| Directors: | $450/hr. to $500/hr. |
| Senior Financial Analysts: | $350/hr. to $450/hr. |
| Financial Analysts: | $175/hr. to $350/hr. |
| Administrative Staff: | $100/hr. to $200/hr. |
| Travel and Transit Time: | fifty percent (50%) of Hourly Rates |

12. To the extent that MACCO uses the services of independent third-party contractors or subcontractors, MACCO will not charge a markup to the Debtors with respect to fees billed by such contract employees who are hired by MACCO to provide services to the Debtors and shall ensure that any such contract employees are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

13. MACCO, when seeking the reimbursement for any attorneys' fees and/or expenses, will provide the invoices and supporting time records for such attorneys in its fee applications and such invoices and time records will be in compliance with the Local Rules, will be subject to the United States Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 220 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however,* that MACCO shall not seek reimbursement from the Debtors' estates for any such fees incurred in defending any of MACCO's fee applications in these bankruptcy cases.

### Disinterestedness

14. As of the Petition Date, MACCO was not owed any fees with respect to any invoices issued to the Debtors before their chapter 11 filings.

15. Generally, MACCO and its professionals have connections through the Turnaround Management Association, and the American Bankruptcy Institute among other professional organizations including continuing education courses, professional conferences and/or social media through which they may have connections to the Office of the United States Trustee, judges, court staff, and other practitioners who may appear in this case, including my role as a subchapter v small business trustee, appointed to small business chapter 11 cases by the Office of the United States Trustee, who may appear in this case. However, except as set forth herein, the professionals of MACCO do not have any connection with the Debtors, any affiliates, their creditors, any other party in interest, the United States Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the offices of the same. MACCO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) in that MACCO and its professional personnel:

(a) were not creditors, equity holders, or insiders of the Debtors prior to the Petition Date;

(b) are not and were not, within two (2) years before the date of the filing of this case, directors, officers, or employees of the Debtors; and

(c) do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

**Connections**

16. In connection with the proposed retention, MACCO was provided a list of the Debtors' creditors and other persons identified as parties-in-interest in the Debtors' Bankruptcy Cases. Based upon my review, at this time, and as set forth in further detail

6

herein, I am not aware of any connection that would present a disqualifying conflict of interest.

17. MACCO will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. Should I or MACCO discover any new, relevant facts or connections bearing on the matters described herein during the period of MACCO's retention, I will used reasonable efforts to file promptly a supplemental declaration.

18. To the best of my knowledge, and except as provided herein, neither MACCO nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties. MACCO may have relationships with certain of the Debtors' creditors as vendors or in connection with other cases in which MACCO provides or provided services.

19. MACCO has and will continue to work for companies in matters unrelated to these cases. In addition, in matters unrelated to this case, MACCO and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties-in-interest that may be involved in the Debtor's cases.

20. MACCO may also provide professional services to entities or persons that may be creditors or parties-in-interest in these, which services do not directly relate to, or have any direct connection with, these cases or the Debtors.

21. MACCO and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, and financial advisors. Such firms engaged by MACCO or its personnel may appear in cases representing the debtors or

parties-in-interest. Any engagements where such firms represent MACCO or its personnel in their individual capacities are unrelated to these cases.

22. Based on the foregoing, I believe that MACCO is a "disinterested person" as that term is defined in section 101(4) of the Bankruptcy Code, as modified by section 1107(b). Moreover, to the best of my knowledge and belief, neither MACCO nor any of its professionals hold or present any interest materially adverse to the Debtors' estates.

23. MACCO and I shall supplement the Declaration on at least a quarterly basis, and more frequently, as needed, to account for any additional interested parties and/or creditors being identified in the bankruptcy cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 17, 2020

*/s/ Drew McManigle*
Drew McManigle
Founder & Managing Director of
MACCO Restructuring Group, LLC
