**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>           Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)**<br>**Obj. Deadline: Dec. 2, 2020 at 4:00 p.m. (ET)**<br><br>**Re: Docket Nos. 34, 41, 43, 44, & 45** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**FILING UNDER SEAL OF CERTAIN CONFIDENTIAL INFORMATION**
**PURSUANT TO ORDER (I) AUTHORIZING DEBTORS TO FILE A**
**CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS,**
**(II) AUTHORIZING DEBTORS TO SERVE CERTAIN PARTIES BY E-MAIL, (III)**
**AUTHORIZING DEBTORS TO REDACT OR WITHHOLD PUBLICATION OF**
**CERTAIN PERSONAL IDENTIFICATION INFORMATION ON AN**
**INTERIM BASIS, AND (IV) GRANTING RELATED RELIEF [DOCKET NO. 34]**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors")

respectfully state as follows in support of this Motion:

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order, substantially in the form

attached as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to file under seal certain

information protected by this Court's Order (I) Authorizing Debtors to File a Consolidated List of

Debtors' 30 Largest Unsecured Creditors, (II) Authorizing Debtors to Serve Certain Parties by E-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is located at 3 East Third Avenue, Suite 200, San Mateo, California 94401.

mail, (III) Authorizing Debtors to Redact or Withhold Publication of Certain Personal

Identification Information on an Interim Basis, and (IV) Granting Related Relief [Docket No. 34]

dated November 10, 2020 (the "Interim Consolidated Creditors Order").

2.      The Debtors have filed under seal the following pleadings:

a.      List of Creditors Holding 30 Largest Unsecured Claims [Docket No. 41];

b.      Affidavit/Declaration of Service Re: Motion of Debtors to (I) Reject Unexpired Leases of Nonresidential Real Property and (II) Abandon Property in Connection Therewith and Notice of (I) Filing of Bankruptcy Petitions and Related Documents and (II) Agenda for Telephonic and Video Hearing on First Day Motions Scheduled for November 10, 2020 at 3:00 P.M. [Docket No. 43];

c.      Affidavit/Declaration of Service of Cred – Email Delivery of Certain Documents Related to Creds Chapter 11 Filing [Docket No. 44];

d.      Affidavit/Declaration of Service Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases . . . [Docket No. 45]; and

e.      List of Creditors Consolidated List [Docket No. 60].

(together, the "Confidential Creditor Information")].

3.      Pursuant to the Interim Consolidated Creditors Order, this Court authorized the

Debtors to "redact the names, mailing addresses, and e-mail addresses of their customers, as well

as the mailing and e-mail addresses of their individual creditors, on any documents it files or makes

publicly available in connection with these chapter 11 cases, including the schedules, the Creditor

Matrix, and the Top 30 List. . . ."  Interim Consolidated Creditors Order at ¶ 5.  The Debtors were

also required to "provide an unredacted version of the Creditor Matrix and the Top 30 List to the

Court, the U.S. Trustee, and any official committee appointed in these chapter 11 cases."  Id.

4.      Finally, paragraph 6 of the Interim Consolidated Creditors Order authorized

Donlin, Recano & Company, Inc. ("DRC"), as claims and noticing agent in the Debtors' chapter

11 cases (the "Claims Agent") to:

(a) to suppress from the Claims Registers the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; (b) file publicly-available affidavits of service without disclosing the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors, while simultaneously filing affidavit[s] of service containing the foregoing information under seal; and (c) to withhold publication of proofs of claims filed by customers; *provided* that the foregoing documents (in unredacted form) shall be available to the Court, the U.S. Trustee, and any official committee appointed in these chapter 11 cases.

Interim Consolidated Creditors Order at ¶ 6.

### **Jurisdiction, Venue, and Statutory Predicates**

5.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

### **Background**

8.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

9.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

10.      Additional information regarding the Debtors' business is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 12].

### Basis for Relief

11.      The Court may grant the relief requested herein pursuant to section 107(b) of the Bankruptcy Code.  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
>
>> (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2)      protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

12.      Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the Motion." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

14. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

15. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Debtors operate a global financial-services platform catering to investors in various forms of cryptocurrency. All of the Debtors' customers are creditors. The Debtors' customer list, and related customer data, is an important and valuable asset of the Debtors and the Debtors maintain their customer list in strict confidence. Public dissemination of the Debtors' customer list could give the Debtors' competitors an unfair advantage and would interfere with the

Debtors' ability to sell their assets and maximize value for their estates.  Public disclosure of the Confidential Creditor Information will place the Debtors at a competitive disadvantage and will needlessly place the individual customers' highly sensitive, personal information into the public record without any attendant benefit to parties in interest.  Further, many of the Debtors customers are high net worth individuals, and public disclosure of their names and other identifying information could lead to negative publicity or, worse, identity theft.

16.     Accordingly, under these circumstances, the Debtors respectfully submit that it is necessary and appropriate to grant the relief requested herein.

### Compliance with Local Rule 9018-1(d)(iv)

17.     The Interim Consolidated Creditors Order already authorizes the Debtors to seal the Confidential Creditor Information under seal.  Accordingly, counsel to the Debtors believes that all information related to Confidential Creditor Information should be under seal, as provided for in Local Rule 9018-1(d)(iv)(f)).

### Notice

18.     Notice of this Motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

### No Prior Motion

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank.]*

6

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: November 18, 2020
        Wilmington, Delaware

*/s/ Scott D. Cousins*

Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:       scott.cousins@cousins-law.com

- and -

James T. Grogan (*pro hac vice*)
Mack Wilson (*pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:      jamesgrogan@paulhastings.com
             mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (*pro hac vice*)
Derek Cash (*pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:      alexbongartz@paulhastings.com
             derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*