**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>Obj. Deadline: Dec. 2, 2020 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF TENEO CAPITAL LLC AS INVESTMENT BANKER FOR DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2020**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this application:

**Relief Requested**

1. By this application, the Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing them to employ Teneo Capital LLC ("Teneo"), as investment banker, effective *nunc pro tunc* to November 16, 2020 (as defined below), pursuant to the terms of the engagement letter attached as **Exhibit B** (the "Engagement Letter"). In support of this application, the Debtors submit the declaration of Christopher K. Wu (the "Wu Declaration"), which is attached as **Exhibit C** and incorporated by reference.

**Jurisdiction, Venue, and Statutory Predicates**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Background**

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions*

and the *Declaration in Support of First Day Motion* (the "First Day Declarations") [Docket No. 12].

## Teneo's Qualifications

8.  The Debtors seek to retain Teneo as their investment banker because Teneo has extensive experience in providing investment banking services in chapter 11 cases of this size and complexity and the Debtors need assistance with their proposed sale process and pursuing financing.

9.  Teneo specializes in assisting debtors, creditors' committees, investors, and court-appointed officials in bankruptcy proceedings and out-of-court workouts. Teneo's restructuring services regularly include, among other things, (i) advising debtors and committees in the various financial aspects of reorganizations and sale processes in numerous nationally prominent bankruptcy proceedings, (ii) developing, analyzing, evaluating, negotiating, and confirming chapter 11 plans, and (iii) testifying in cases regarding debtor-in-possession financing, feasibility, debt restructuring, valuation and insolvency-related litigation.

## Services to Be Provided

10.  Under the Engagement Letter, services anticipated to be provided by Teneo to the Debtors include, but are not limited to, the following:

- Assist the Debtors with the marketing and sale of its assets;
- Assist the Debtors with raising debtor-in-possession ("DIP") or exit financing;
- Review and analyze the businesses, operations, and financial projections;
- Prepare and maintain data room(s) for interested parties;
- Lead the process of preparing marketing materials to support the sale process and capital raise for a DIP or exit loan;
- Assist the Debtors in identifying and evaluating candidates for any potential transaction;
- Solicit interest from third parties in connection with a potential transaction;
- Coordinate meetings with third parties and the Debtors to support due diligence;

3

- Advise the Debtors in connection with negotiations and aid in the consummation of any potential transactions;
- Work with other professionals with the agreement of and at the direction of the Debtors, including the Debtors' financial and legal advisers to assist in consummating any potential transaction;
- Rendering financial advice to the Debtors, and participating in meetings with stakeholders;
- Provide expert testimony, as may be needed, in connection with a potential Transaction;
- Perform a valuation of the Company, if requested by the Company or its legal advisors, based on historical and projected financials provided by the Company;
- Assist the Company with the formulation of a chapter 11 plan; and
- Provide such other advisory services as are customarily provided in connection with the analysis; and negotiation of any of the transactions contemplated by this Agreement (as defined below), as requested and mutually agreed.

11.     The Debtors believe Teneo's services will not duplicate the services that other professionals will be providing the Debtors in these Chapter 11 cases.  Specifically, Teneo will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and other professionals retained in this case to avoid the duplication of services.

12.     To the extent the Debtors wish to expand the scope of Teneo's services beyond those services set for in this application, the Engagement Letter, or the Declaration, the Debtors will seek further approval from this Court.

### Proposed Terms of Employment

13.     As set forth in the Engagement Letter, and subject to the Court's approval, the Debtors have agreed to pay Teneo according to the following fee structure:

- A monthly fee of $50,000 (a "Monthly Fee"), until the earlier of the confirmation of a chapter 11 plan, dismissal of the Debtors' cases, or the termination of Teneo's employment;
- A set fee of 4.0% of any financing raised by the Debtors (the "Financing Fee"); and
- A set fee upon the consummation of a sale (the "Sale Fee").

- In the event the total dollar value (the "Enterprise Value") of the sale is less than $10,000,000, the Sale Fee shall be 6.0% of the Enterprise Value.
- If the Enterprise Value of the sale is greater than $10,000,000, the Sale fee shall be the greater of: (i) 4.0% of the Enterprise Value, or (ii) $600,000 (the "Minimum Fee").  However, if the Debtors have paid a Financing Fee, and a sale is consummated with a party that participated in the financing, then the Sale Fee shall be reduced by 50% of the Financing Fee.

14. In addition to compensation for professional services, Teneo will be reimbursed for reasonable expenses incurred in connection with its retention.  These expenses include, but are not limited to, travel expenses, photocopying costs, and delivery services. Expenses will be charged to the Debtors at actual cost, but only to the extent they are reasonable and necessary expenses.

15. Additional terms of Teneo's proposed employment appear in the Engagement Letter and the Proposed Order accompanying this application.  In the event of a conflict between the Engagement Letter and any order entered by the Court, the order shall govern.

**Teneo's Disinterestedness**

16. To the best of the Debtors' knowledge, and based upon the Wu Declaration, Teneo is not a creditor, an equity holder or an insider of the Debtors, nor does Teneo have any direct or indirect relationship to, connection with, or interest in, the Debtors that would make their respective interests materially adverse to the interests of the Debtors, their estates, or of any class of creditors or equity security holders.

17. In connection with the proposed retention, Teneo has been provided a list of the Debtors' creditors and other persons identified as parties-in-interest in the Debtors' chapter 11 cases.  Except as set forth in the Wu Declaration, to the best of the Debtors' knowledge, Teneo does not have any connections with the Debtors, their other creditors or any other party in

interest, their attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Based upon the Wu Declaration, the Debtors believe that Teneo qualifies as a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code, as modified by §1107(b) and is therefore qualified to be employed pursuant to § 327(a) of the Bankruptcy Code.

18. Teneo will continue to conduct periodic analyses to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Teneo will use reasonable efforts to promptly file a supplemental disclosure with the Court.

## Basis for Relief

19. The Debtors seek to retain Teneo as their investment banker pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."

20. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

21. Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of

the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

22. As required by Bankruptcy Rule 2014(a), this application, along with the Wu Declaration, sets forth: (a) the specific facts establishing the Debtors' need to employ Teneo as financial advisor in these chapter 11 cases and the reasons for the Debtors' selection of Teneo; (b) the professional services to be rendered by Teneo; (c) Teneo's compensation and the reasonableness thereof; and (d) to the best of the Debtors' knowledge, Teneo's connection, if any, to certain parties in interest in these chapter 11 cases.

23. The Debtors submit that for all of the reasons stated in this application and the Wu Declaration, the proposed retention of Teneo as the Debtors' investment banker in these chapter 11 cases falls squarely within the scope of section 327(a) and is warranted. Accordingly, the Debtors respectfully request that the Court authorize the retention of Teneo as financial advisor to the Debtors.

### Notice

24. Notice of this application has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (a) granting the relief requested in this motion and (b) granting such other relief as is just and proper.

Dated: November 18, 2020  
      San Mateo, California

Cred Inc.  
(on behalf of itself and the other Debtors)

*/s/ Daniel Schatt*  
Daniel Schatt  
Chief Executive Officer