# EXHIBIT C

**Wu Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**DECLARATION OF CHRISTOPHER K. WU IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF TENEO CAPITAL LLC AS INVESTMENT BANKER FOR DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2020**

I, Christopher K. Wu, declare and state under penalty of perjury as follows:

1. This Declaration is made in support of the *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Teneo Capital LLC as Investment Banker for the Debtors, Effective* Nunc Pro Tunc *to November 16, 2020* (the "Application").[2]

2. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows. Unless otherwise defined, all terms used in this Declaration share the same meaning as those in the Application.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other Teneo professionals or learned from my review of other documents. To the extent any information disclosed here requires amendment or modification as additional information becomes available to Teneo, a supplemental declaration will be submitted.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

4. I am the President of Teneo Restructuring and Senior Managing Director at Teneo, a professional services firm engaged in the business of providing professional investment banking services. In my role as President of Teneo Restructuring and Senior Managing Director at Teneo, I have advised numerous clients in a variety of different types of distressed transactions. At Teneo, and prior to my employment with Teneo, I have been involved in restructuring transactions and cases including: Welded Construction, Abengoa Bioenergy USA, Breitburn Energy, Zohar CDO 2003-1, DirectBuy Inc., Green Field Energy Services, Physiotherapy Holdings, Monitor Group, Northern Berkshire Health, Marco Polo Seatrade, Metro Fuel Inc., Biofuel Energy Inc., American Bancorp, RG Steel, MSR Resorts Golf, General Growth Properties Inc., Innkeepers USA Trust, Holley Performance Inc., FX Luxury Las Vegas I, Media News Inc., VeraSun Energy Inc., American Community Newspapers Inc., Ascendia Brands, Inc., Elite Model Management, and Metabolife International.

5. Teneo's professionals have served as investment bankers in numerous chapter 11 cases, and have advised debtors, committees, and other parties in interest in numerous restructuring transactions, including some of the largest and most complicated cases.

**Services to Be Provided**

6. As more fully described in the Application, Order, and Engagement Letter, Teneo will provide investment banking services to the Debtors to accomplish the reorganization goals of the Debtors, to the extent feasible. These services may include the following:

- Assist the Debtors with the marketing and sale of its assets;
- Assist the Debtors with raising debtor-in-possession ("DIP") or exit financing;
- Review and analyze the businesses, operations, and financial projections;
- Prepare and maintain data room(s) for interested parties;
- Lead the process of preparing marketing materials to support the sale process and capital raise for a DIP or exit loan;
- Assist the Debtors in identifying and evaluating candidates for any potential transaction;

- Solicit interest from third parties in connection with a potential transaction;
- Coordinate meetings with third parties and the Debtors to support due diligence;
- Advise the Debtors in connection with negotiations and aid in the consummation of any potential transactions;
- Work with other professionals with the agreement of and at the direction of the Debtors, including the Debtors' financial and legal advisers to assist in consummating any potential transaction;
- Rendering financial advice to the Debtors, and participating in meetings with stakeholders;
- Provide expert testimony, as may be needed, in connection with a potential Transaction;
- Perform a valuation of the Company, if requested by the Company or its legal advisors, based on historical and projected financials provided by the Company;
- Assist the Company with the formulation of a chapter 11 plan; and
- Provide such other advisory services as are customarily provided in connection with the analysis; and negotiation of any of the transactions contemplated by this Agreement (as defined below), as requested and mutually agreed.

7. Teneo will not perform any services for the Debtors that are beyond the scope of the services as set forth in the Engagement Letter, the Order, or in this Declaration unless the Debtor first files notice of any Proposed Additional Services with the Court and receives authorization by the Court.

8. Teneo will also use its best efforts to coordinate with the Debtors and other retained professionals in order to prevent any duplicative services provided to the Debtors.

### Compensation

9. The compensation to be paid to Teneo shall be as follows:

- A monthly fee of $50,000 (a "Monthly Fee"), until the earlier of the confirmation of a chapter 11 plan, dismissal of the Debtors' cases, or the termination of Teneo's employment;
- A set fee of 4.0% of any financing raised by the Debtors (the "Financing Fee"); and
- A set fee upon the consummation of a sale (the "Sale Fee").

3

- o In the event the total dollar value (the "Enterprise Value") of the sale is less than $10,000,000, the Sale Fee shall be 6.0% of the Enterprise Value.
- o If the Enterprise Value of the sale is greater than $10,000,000, the Sale fee shall be the greater of: (i) 4.0% of the Enterprise Value, or (ii) $600,000 (the "Minimum Fee"). However, if the Debtors have paid a Financing Fee, and a sale is consummated with a party that participated in the financing, then the Sale Fee shall be reduced by 50% of the Financing Fee.

### Disinterestedness

10. As of the Petition Date, Teneo was not owed any fees with respect to any invoices issued to the Debtors before their chapter 11 filings.

11. Except as set forth herein, the professionals of Teneo do not have any connection with the Debtors, any affiliates, their creditors, any other party in interest, the United States Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the offices of the same. Teneo is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) in that Teneo and its professional personnel:

(a) were not creditors, equity holders, or insiders of the Debtors prior to the Petition Date;

(b) are not and were not, within two (2) years before the date of the filing of this case, directors, officers, or employees of the Debtors; and

(c) do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

### Connections

12. In connection with the proposed retention of Teneo and in compliance with Bankruptcy Rule 2014, Teneo and reviewed the list of potential parties in interest in these cases

4

("Interested Parties"), attached as Exhibit 2, against its corporate records, including of present and former clients (the "Review").

13. As part of the Review, Matthew Shapiro[3] reviewed the Interested Parties list for conflicts and connections, and he reported that certain Interested Parties and/or affiliates thereof are current or former investors in the cryptocurrency fund that employs him.

14. The Review does not account for interactions that concluded more than three years before the date of this Application.

15. Teneo and its affiliates and/or personnel may have business associations—including purchasing goods and services on market terms in the ordinary course—with the Debtors and their respective affiliates, creditors, investors, insurers, vendors unrelated to these chapter 11 cases.

16. In the ordinary course of its business, Teneo and its affiliates and/or personnel may engage or be engaged by counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors, equity holders or other Interested Parties.

17. Teneo and its affiliates and/or personnel may have current and former clients who have relationships with Interested Parties.

18. Teneo Capital and its affiliates and/or personnel may be taxpayers or constituents of governmental bodies that are creditors or vendors of the Debtors or their respective affiliates.

---

[3] The Teneo professionals working on this matter will be supported by Matthew Shapiro, a former Teneo employee who is an expert in the cryptocurrency field. Mr. Shapiro has been engaged as an independent contractor, and Teneo will pay him at a rate of $750 per hour for his services. Teneo will oversee and direct the work of Mr. Shapiro and will be responsible for fees associated with his time charges, without incremental cost to the Debtors' estates.

5

19. Teneo Capital and its affiliates and/or personnel have roles in many cases, proceedings, and transactions that are not related to these chapter 11 cases ("Matters"). The Matters include various proceedings before judges and members of the U.S. Trustee's Office in this district.

20. The Matters also include acting as, or on behalf of, trustees, who have actual or potential claims against many parties. Some Interested Parties may be actual or potential defendants in such matters or serve as attorneys, financial advisors, investment banks or other advisors or service providers to the trustees or their adversaries.

21. The Matters also include acting as interim managers on behalf of certain clients. Some Interested Parties may have relationships with those clients, including, but not limited to, serving as attorneys, financial advisors, investment banks or other advisors or service providers to such clients or to parties adverse to such clients in unrelated matters.

22. The Matters involve many different professionals, including attorneys, accountants, investment bankers and financial consultants, who may represent Interested Parties or who are or may be aligned with, or adverse to, Interested Parties.

23. In connection with the Matters, many investment funds and financial institutions hold positions in relevant capital structures and may, in any given Matter, be aligned with or adverse to the positions of clients of Teneo and its affiliates and/or personnel. Moreover, Teneo and its affiliates and/or personnel have had, are having and may have strategic discussions or discussions regarding investment or other financial relationship, unrelated to these chapter 11 cases, with one or more parties that may be affiliated with Interested Parties.

24. Based on the Review and to the best of my knowledge, none of the actual or potential relationships described herein, create interests materially adverse to the Debtor or its affiliates.

25. Below are disclosures relating to specific names among the Interested Parties. References among these disclosures to Teneo include Teneo Capital LLC and/or its wholly owned subsidiaries, one of which is Goldin Associates, LLC, whereas references to an affiliate of Teneo are to entities in other Teneo business lines outside the Capital Advisory practice.

| Party | Disclosure |
| --- | --- |
| Bryan Cave Leighton Paisner LLP | Teneo is providing litigation support services to Bryan Cave on behalf of a common client in an unrelated matter. |
| Dentons | Teneo and Dentons advised a common client in an unrelated matter. |
| Hartford Financial | Hartford is an insurer of Teneo and of a debtor in an unrelated matter where Teneo is advising and independent advisory committee of the debtor. |
| LinkedIn | LinkedIn and its parent Microsoft are clients of an affiliate of Teneo in connection with unrelated matters. |
| Oracle | Oracle was a client of an affiliate of Teneo in connection with unrelated matters. |
| PricewaterhouseCoopers | PwC served as financial advisor to a client for whom Teneo provided interim management services in an unrelated, concluded matter. |
| Richards Layton & Finger | Richards Layton is counsel to clients whose interests are adverse to those of Teneo in unrelated matters. |

26. Aside from the disclosures above, to the best of my knowledge, Teneo does not have connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

27. Promptly after learning of any additional material information, Teneo will file and serve a supplemental declaration setting forth the additional information.

...

28. Teneo does not and will not represent any party other than the Debtors in connection with these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 18, 2020

                                                           */s/ Christopher K. Wu*
                                                           Christopher K. Wu