# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>                   Debtors.[2] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>Obj. Deadline: Dec. 2, 2020 at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO DEBTORS, EFFECTIVE AS OF PETITION DATE

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this application:

**Relief Requested**

1.      By this application, the Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing and approving the retention of Paul Hastings LLP ("Paul Hastings") as the Debtors' counsel effective as of the Petition Date (defined below).  In support of this Application, the Debtors submit the *Declaration of James T. Grogan in Support of the Debtors' Application for Entry of an Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Debtors* (the "Grogan Declaration"), attached as **Exhibit B**, and the *Declaration of Daniel B. Schatt in Support of the Debtors' Application for Entry of an Order Authorizing and Approving Retention and*

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Employment of Paul Hastings LLP as Counsel to the Debtors* (the "Schatt Declaration"), attached as **Exhibit C**, each of which is incorporated by reference.

## Jurisdiction, Venue, and Statutory Bases

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## Background

5. On November 7, 2020 (the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 12] and the *Declaration of Drew McManigle, Founder and Chief Executive Officer, MACCO Restructuring Group, LLC* [Docket No. 16] (together, the "First Day Declarations").

## Paul Hastings' Qualifications

8. The Debtors seek to retain Paul Hastings as their attorneys because of Paul Hastings' extensive knowledge of the Debtors' business and financial affairs, its extensive general experience and knowledge in legal matters, and, in particular, Paul Hastings' recognized expertise in the field of financial restructuring and bankruptcy.  As one of the largest law firms in the world, with a national and an international practice, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in these chapter 11 cases.  Paul Hastings has extensive bankruptcy and restructuring, corporate, employee benefits, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax expertise.

9. Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the

chapter 11 cases of AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone; Education Holdings 1; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Refco; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role as counsel to the Official Committee of Unsecured Creditors in Puerto Rico's cases under Title III of PROMESA.

   10. Paul Hastings has represented one or more of the Debtors in connection with certain corporate and litigation matters since June 2018.  More recently, the Debtors retained Paul Hastings to assist and advise them with respect to various restructuring and strategic alternatives, pursuant to a letter agreement dated as of October 27, 2020 (the "<u>Paul Hastings Agreement</u>").  Since then Paul Hastings has represented the Debtors in connection with the preparation for and commencement of these chapter 11 cases.  As a result of its prepetition representation, Paul Hastings has become familiar with the Debtors' capital structure, the terms of their debt, the operation of their business, and their organizational structure and needs.  Should the Debtors be required to retain lead counsel other than Paul Hastings in connection with the prosecution of these chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys'

familiarization with the intricacies of the Debtors, their business operations, and their financial circumstances.

11. Accordingly, the Debtors submit that Paul Hastings' retention as bankruptcy counsel is necessary and in the best interest of the Debtors and their estates. The Debtors further submit that the firm is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and effective manner.

## Services to Be Provided

12. The Debtors anticipate that Paul Hastings will render general legal services to the Debtors as needed throughout the course of these chapter 11 cases, including bankruptcy, corporate, labor and employment, employee benefits, finance, intellectual property, litigation, real estate, securities, and tax advice. In particular, the Debtors have requested that Paul Hastings perform, among others, the following legal services:

- (a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

- (b) preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

- (c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

- (d) advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

- (e) reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

- (f) advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)      advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)      advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)      advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)      assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k)      negotiating with parties in interest;

(l)      commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m)      providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

It is necessary and essential that the Debtors, as debtors in possession, employ attorneys to render the foregoing professional services. Paul Hastings has substantial expertise in all of these areas and has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors prior to and since the Petition Date.

13.      Paul Hastings will coordinate with the Debtors' Delaware counsel, Cousins Law LLC, to avoid any duplication of effort. To the extent the need arises, the Debtors may seek to engage conflicts or efficiency counsel in connection with the chapter 11 cases. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Paul Hastings will coordinate with any additional firms regarding their respective responsibilities in connection with representation of the Debtors.

**Professional Compensation**

14.     Paul Hastings intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Paul Hastings will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in other restructuring matters, as well as similar complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases.  Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

15.     Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.  Paul Hastings' current customary hourly rate ranges in the United States are as follows:[3]

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,150 - $1,625 |
| Of Counsel | $1,100 - $1,600 |
| Associates | $665 - $1,100 |
| Paralegals | $155 - $530 |

---

[3] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

16. Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4] So long as Paul Hastings charges its regular hourly rates in effect at the time, the Debtors consent to Paul Hastings' annual and other periodic rate increases.

17. In determining the level of compensation to be paid to Paul Hastings and its reasonableness, the Debtors compared Paul Hastings' hourly rates with the range of rates charged by other top firms in other large and complex matters. The Debtors submit that Paul Hastings' hourly rates are reasonable, comparable to Paul Hastings' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals.

18. It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to its other clients.

---

[4] For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

19. To ensure compliance with applicable deadlines in these chapter 11 cases, from time to time the firm utilizes the services of overtime secretaries. Paul Hastings charges fees for these services pursuant to the Paul Hastings Agreement, which permits Paul Hastings to bill the Debtors for secretarial and administrative overtime charges that arise out of business necessity.

20. During the 90-day period prior to the Petition Date, Paul Hastings has received from the Debtors the amounts set forth in the Grogan Declaration as compensation for professional services and reimbursement of expenses incurred on behalf of the Debtors. As of the Petition Date, the Debtors did not owe Paul Hastings any amounts for legal services rendered before the Petition Date and Paul Hastings is not a creditor of the Debtors.

21. Paul Hastings has agreed to accept as compensation for its services in these chapter 11 cases such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.

### Paul Hastings' Disinterestedness

22. The Grogan Declaration discloses Paul Hastings' connections to the Debtors and potential parties in interest in these chapter 11 cases and is incorporated in this Application by reference. In reliance on the Grogan Declaration, and except as set forth therein, the Debtors believe that: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants; (b) Paul Hastings is not a creditor, equity security holder, or insider of the Debtors; (c) none of Paul Hastings' partners or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security

holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason. Therefore, the Debtors believe that Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

23. Paul Hastings will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Basis for Relief**

24. The Debtors seek to retain Paul Hastings as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."

25. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

26. Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of

the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

27. As required by Bankruptcy Rule 2014(a), this application, along with the Grogan Declaration and the Schatt Declaration, sets forth: (a) the specific facts establishing the Debtors' need to employ Paul Hastings as counsel in these chapter 11 cases and the reasons for the Debtors' selection of Paul Hastings; (b) the professional services to be rendered by Paul Hastings; (c) Paul Hastings' compensation and the reasonableness thereof; and (d) to the best of the Debtors' knowledge, Paul Hastings' connection, if any, to certain parties in interest in these chapter 11 cases.

28. The Debtors submit that for all of the reasons stated in this Application, the Grogan Declaration, and the Schatt Declaration, the proposed retention of Paul Hastings as the Debtors' bankruptcy and restructuring counsel in these chapter 11 cases falls squarely within the scope of section 327(a) and is warranted. Accordingly, the Debtors respectfully request that the Court authorize the retention of Paul Hastings as counsel to the Debtors.

## Notice

29. Notice of this application has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested in this application and such other relief as is just and proper.

Dated:   November 18, 2020            CRED INC., *et al.*

                                                */s/ Daniel B. Schatt*
                                                Daniel B. Schatt
                                                Chief Executive Officer, Cred Inc.