## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND
EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO DEBTORS,
EFFECTIVE AS OF PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing and approving the Debtors to retain and employ Paul Hastings LLP ("Paul Hastings") as their counsel effective as of the Petition Date, pursuant to sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), all as more fully set forth in the Application; and upon consideration of the Application, the Grogan Declaration, and the Schatt Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not defined herein have the meanings set forth in the Application.

found that (i) the relief requested in the Application is in the best interest of the Debtors, their creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Grogan Declaration, the Schatt Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Paul Hastings does not hold or represent an interest adverse to the Debtors' estates; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ Paul Hastings as their attorneys effective as of the Petition Date on the terms set forth in the Application, the Grogan Declaration, and the Schatt Declaration.

3. Paul Hastings is authorized to act as the Debtors' counsel and to perform those services described in the Application. Specifically, but without limitation, Paul Hastings is authorized to render the following legal services:

   (a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

   (b) preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

   (c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

(d) advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e) reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f) advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g) advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h) advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i) advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j) assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k) negotiating with parties in interest;

(l) commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m) providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

4. Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other application procedures and orders of the Court. Paul Hastings shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in

connection with the Application and all applications for compensation and reimbursement of expenses filed by Paul Hastings in these chapter 11 cases.

5. Paul Hastings shall provide no less than ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

6. The Debtors and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7. Paul Hastings is authorized, without further order of the Court, to apply amounts from the prepetition advance payments to compensate and reimburse Paul Hastings for fees or expenses incurred on or before the Petition Date consistent with its ordinary course billing practice.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9. All of the Debtors shall be jointly and severally responsible for Paul Hastings' compensation and reimbursement of expenses in these chapter 11 cases.

10. If any affiliates of the Debtors commence chapter 11 cases that are jointly administered with these chapter 11 cases, the retention and employment of Paul Hastings and other provisions of this Order shall apply to such debtors and their respective estates.

11. To the extent the Application, the Grogan Declaration, or the Schatt Declaration is inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.