# EXHIBIT B

**Grogan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF JAMES T. GROGAN IN SUPPORT OF DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING**
**RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP**
<u>**AS COUNSEL TO DEBTORS**</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), I, James T. Grogan, declare that the following is true to the best of my knowledge,

information, and belief:

1.       I am an attorney admitted and in good standing to practice in the State of Texas

and the State of New York.  My application for admission *pro hac vice* to the United States

Bankruptcy Court for the District of Delaware (the "<u>Court</u>") was approved on November 9, 2020

[Docket No. 22].

2.       I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located

at, among other offices worldwide, 600 Travis Street, 58th Floor, Houston, Texas 77002, and am

duly authorized to make this declaration (this "<u>Declaration</u>") on behalf of Paul Hastings.  I

submit this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing*

*and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors,*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Effective as of the Petition Date* (the "Application")[2] submitted by the above captioned debtors and debtors in possession (collectively, the "Debtors").

3.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.  To the extent any information disclosed in this Declaration requires amendment or modification upon completion of Paul Hastings' further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## Paul Hastings' Qualifications

4.      Paul Hastings is particularly qualified to serve as the Debtors' counsel in these chapter 11 cases.  Paul Hastings is one of the largest law firms in the world, with a national and an international practice, and has substantial experience in virtually all aspects of the law that may arise in these chapter 11 cases.  Paul Hastings has extensive bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax expertise.

5.      Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex

---

[2]      Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone;
Education Holdings 1; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands
International; General Growth Properties; GT Advanced Technologies; Hostess Brands;
Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod
USA; Molycorp; National Steel; NewPage; OneWeb Global Limited; Pioneer Energy Services;
Reddy Ice; Refco; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The
Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation;
Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead
role in Puerto Rico's cases under Title III of PROMESA.

6.      Paul Hastings has represented one or more of the Debtors in connection with
certain corporate and litigation matters since June 2018.  More recently, the Debtors retained
Paul Hastings to assist and advise them with respect to various restructuring and strategic
alternatives, pursuant to a letter agreement dated as of October 27, 2020 (the "Paul Hastings
Agreement").  Since then Paul Hastings has represented the Debtors in connection with the
preparation for and commencement of these chapter 11 cases.  As a result of its prepetition
representation, Paul Hastings has become familiar with the Debtors' capital structure, the terms
of their debt, the operation of their business, and their organizational structure and needs.
Accordingly, Paul Hastings has the necessary background and relevant experience with the
Debtors to deal effectively and efficiently with the potential legal issues and other matters that
may arise in the context of these chapter 11 cases.

## Services to Be Provided

7.      Paul Hastings will render general legal services to the Debtors as needed
throughout the course of these chapter 11 cases, including bankruptcy, corporate, labor and

employment, employee benefits, finance, intellectual property, litigation, real estate, securities, and tax advice. In particular, the Debtors have requested that Paul Hastings perform, among others, the following legal services:

(a)     advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

(b)     preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

(c)     advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

(d)     advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e)     reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f)     advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)     advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)     advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)     advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)     assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k)     negotiating with parties in interest;

(l)     commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the

4

Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m)    providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

Paul Hastings has substantial expertise in all of these areas and has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors prior to and since the Petition Date.

## Compensation of Paul Hastings

8.    Paul Hastings will apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Paul Hastings will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in similar matters, as well as other complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases.  Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

9.    Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.  Paul Hastings' current customary hourly rate ranges in the United States are as follows:[3]

---

[3]    For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable

| Timekeeper Category | U.S. Hourly Rate Range |
| --- | --- |
| Partners | $1,150 - $1,625 |
| Of Counsel | $1,100 - $1,600 |
| Associates | $665 - $1,100 |
| Paralegals | $155 - $530 |

10.    Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. I believe these rates are reasonable and commensurate with the hourly rates of other firms of similar size and expertise. Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4]

11.    It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to its other clients. Paul Hastings believes that failure to charge these expenses would require the firm to increase its current hourly rates.

---

conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[4]    For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

12.     To ensure compliance with all applicable deadlines in the chapter 11 cases, from time to time the firm utilizes the services of overtime secretaries.  Paul Hastings charges fees for these services pursuant to the Paul Hastings Agreement, which permits Paul Hastings to bill the Debtors for secretarial and administrative overtime charges that arise out of business necessity.

13.     Paul Hastings currently charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies in its offices in the United States.  Paul Hastings does not charge its clients for incoming facsimile transmissions.  Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

14.     The Debtors paid Paul Hastings a total of approximately $917,581.98 during the 90-day period prior to the Debtors' bankruptcy filing.  An accounting summary of invoiced amounts and payments received by Paul Hastings in the 90-day period prior to the Petition Date, based on Paul Hastings' review of its internal records, is set forth on Schedule 3 to this Application.

15.     The amount of the retainer held by Paul Hastings as of the Petition Date is $36,146.86, and Paul Hastings is not a creditor of the Debtors.  To the extent allowed by the Court, Paul Hastings will apply the remaining payment balance on its retainer to the payment of fees for services rendered and the reimbursement of expenses incurred by Paul Hastings in the course of the chapter 11 cases.

16.     Paul Hastings shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules,

the Local Rules, and any other applicable procedures and orders of the Court.  Paul Hastings also

intends to make a reasonable effort to comply with the U.S. Trustee's requests for information

and additional disclosures set forth in the U.S. Trustee Guidelines in connection with the interim

and final fee applications to be filed by Paul Hastings in these chapter 11 cases.

17.    Paul Hastings has not received any promises as to payment or compensation in

connection with the chapter 11 cases other than in accordance with the provisions of the

Bankruptcy Code and as disclosed herein.  Moreover, Paul Hastings has not agreed to share any

of its compensation from the Debtors with any other person, other than the partners, of counsel,

associates, and staff employed by Paul Hastings as permitted by section 504 of the Bankruptcy

Code.  The proposed retention of Paul Hastings is not prohibited by Bankruptcy Rule 5002.

### Paul Hastings' Conflict Check Procedures

18.    Paul Hastings has a large and diversified legal practice that encompasses the

representation of many financial institutions and commercial corporations.  In preparing this

Declaration, I used a set of procedures developed by Paul Hastings to ensure compliance with the

applicable requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the

retention of professionals.  Pursuant to these procedures, I caused to be performed the actions

described below to identify Paul Hastings' connection to potential parties in interest in these

chapter 11 cases.  More specifically, I caused to be submitted for review under our conflicts

check system the names of the potential parties in interest in the chapter 11 cases, as provided by

the Debtors, identified on <u>Schedule 1</u> hereto (collectively, the "<u>Potential Parties In Interest</u>").[5]

---

[5]    Paul Hastings added to <u>Schedule 1</u> additional parties identified in reviewing pleadings filed in the chapter 11
cases.  Paul Hastings' inclusion of any parties in the attached schedules is solely to illustrate Paul Hastings'
conflict search process and is not an admission that any party has a valid claim against the Debtors or that any
party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature
described in the schedules.

The results of our conflict check were compiled and analyzed by Paul Hastings attorneys acting under my supervision.[6]

### **Paul Hastings' Connection with Potential Parties in Interest**

19.     Paul Hastings and certain of its partners, of counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.  Paul Hastings has searched on its electronic database for its connection to the Potential Parties in Interest on Schedule 1 hereto.  To the extent such searches indicated that Paul Hastings has performed services for any such entity within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth below or in Schedule 2 hereto.

20.     To the best of my knowledge, information, and belief, based on the review procedures described above, Paul Hastings does not have any "connection" to the Potential Parties in Interest except as described in this Declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure.  Out of an abundance of caution, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under either section 327(a) of the Bankruptcy Code or applicable standards of professional ethics.

21.     Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with the Debtors, the U.S. Trustee, or any Potential Party in Interest, except as set forth below or otherwise in this Declaration:

---

[6]     The Schedule 1 list of interested parties may be changed without our knowledge and may change during the pendency of the chapter 11 cases.  Accordingly, Paul Hastings will update this Declaration as necessary and when Paul Hastings becomes aware of additional material information.

a.      To the extent its conflicts check system indicated that Paul Hastings has, or may have, represented a Potential Party in Interest within the last five years in matters unrelated to the Debtors, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in **Schedule 2** hereto.  Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on **Schedule 2** hereto, Paul Hastings will not represent any such entity or individual in these chapter 11 cases.

b.      Each of the entities and individuals identified on **Schedule 2** (and any affiliates thereof) for whom Paul Hastings has performed services accounted for 1% or less of Paul Hastings' fees collected for the firm's fiscal year ending January 31, 2020.

c.      Paul Hastings currently represents, and has in the past represented Uphold Inc., Uphold HQ Inc., and Uphold Ltd. (collectively, "Uphold") in connection with certain corporate and litigation matters **unrelated** to the Debtors.  In addition, pursuant to a joint representation agreement and full advance conflicts waiver, Paul Hastings previously advised Debtor Cred (US) LLC, as well as its co-defendants Daniel Schatt (the Debtors' CEO), Uphold, Juan Pablo Thieriot (Uphold's CEO), in connection with certain litigation commenced by Dekrypt Capital LLC, Dekrypt Master Fund L.P., Dekrypt Ventures I L.P., Arrington XRP Capital Cayman SPV Ltd., and Arrington Capital Management LLC (the "Dekrypt Plaintiffs").[7]  Paul Hastings never formally appeared in court after the Dekrypt Plaintiffs' lawsuit was filed and other counsel currently represents the defendants in that action.  Moreover, pursuant to amended complaint filed by the Dekrypt Plaintiffs on November 13, 2020, Cred (US) LLC was removed as a co-defendant in Dekrypt litigation.  Paul Hastings does not and will not represent Mr. Schatt, Uphold, or Mr. Thieriot in these chapter 11 cases.  In addition, Paul Hastings has imposed (and will continue to impose) certain screening procedures in the form of ethical walls between the attorneys, files, and information relating to Paul Hastings' representation of the Debtors and those relating to Paul Hastings' representation of Uphold.  To the extent that any matters arise during the chapter 11 cases involving Uphold, Cousins Law LLC, as co-counsel to the Debtors will handle such matters on behalf of the Debtors.  Paul Hastings does not and will not represent Uphold in these chapter 11 cases.  I do not believe the foregoing circumstances preclude Paul Hastings from meeting the disinterestedness standard under the Bankruptcy Code, but disclose them out of an abundance of caution.

d.      Paul Hastings also previously represented Cred Capital, Inc. and Mr. Schatt (the Debtors' CEO) as co-defendants in certain litigation

---

[7]    The Debtors and Uphold previously provided reciprocal consents and conflict waivers to Paul Hastings with respect to this litigation.

commenced by James Alexander (the Debtors' former Chief Capital Officer). Paul Hastings has been replaced as counsel to Mr. Schatt in that matter, no longer represents Mr. Schatt in any matters, and will not represent Mr. Schatt in these chapter 11 cases. I do not believe the foregoing circumstances preclude Paul Hastings from meeting the disinterestedness standard under the Bankruptcy Code, but disclose them out of an abundance of caution.

e.      As disclosed on **<u>Schedule 2</u>**, Paul Hastings currently represents, and has represented in the past, certain contract counterparties, landlords, secured lenders, utilities providers, and vendors, or entities related thereto in matters <u>unrelated</u> to the Debtors. Paul Hastings does not and will not represent these entities in these chapter 11 cases. I do not believe these connections preclude Paul Hastings from meeting the disinterestedness standard under the Bankruptcy Code, but disclose it out of an abundance of caution.

f.      From time to time, Paul Hastings has referred work to other professionals retained or to be retained in these chapter 11 cases. Likewise, certain such professionals have referred work to Paul Hastings. In matters unrelated to these chapter 11 cases, Paul Hastings has worked with and/or represented certain of the Debtors' other professionals.

g.      Certain Potential Parties in Interest may be or may have been creditors of existing debtor clients or former clients of Paul Hastings. In addition, certain Potential Parties in Interest may be or may have been members of official committees represented by Paul Hastings.

h.      Neither I, nor any partner, of counsel, or associate of Paul Hastings individually holds a prepetition claim against the Debtors.

i.      To my knowledge, none of the partners, of counsels, or associates of Paul Hastings, and none of the members of their immediate families, are currently employees of one or more of the Debtors.

j.      Paul Hastings holds no stock of the Debtors. Neither I, nor any partner, of counsel, or associate of Paul Hastings individually holds any stock in the Debtors.

k.      Certain insurance companies pay the legal bills of certain Paul Hastings clients. Some of these insurance companies may be involved in these chapter 11 cases. None of these insurance companies, however, are Paul Hastings clients as a result of this situation.

l.      Given the number of attorneys in its offices, several attorneys at Paul Hastings have professional, working, or social relationships with firms or professionals at firms that may be adverse to the Debtors. In addition, several attorneys at Paul Hastings have spouses, parents, children,

11

siblings, fiancés, or fiancées who are attorneys at other law firms or companies that may be involved in these chapter 11 cases. Paul Hastings has strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés, and fiancées.

m.    In addition, Paul Hastings attorneys have, in the past, worked at law firms at which certain Judges in the U.S. Bankruptcy Court or the U.S. District Court for the District of Delaware were employed or were partners. In addition, Paul Hastings attorneys have, in the past, clerked for certain Judges in the U.S. Bankruptcy Court or the U.S. District Court for the District of Delaware.

22.    Despite the efforts described above to identify and disclose Paul Hastings' connections with Potential Parties in Interest in these chapter 11 cases, because Paul Hastings is an international firm with hundreds of attorneys in several offices worldwide, and, because the Debtors are a multifaceted, international enterprise with thousands of creditors and other relationships, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. If Paul Hastings discovers additional information that requires disclosure or modification of this Declaration, Paul Hastings will file a supplemental declaration with the Court.

23.    Based on the foregoing and except as provided herein and in the <u>Schedules</u> hereto, to the best of my knowledge, information, and belief formed after reasonable inquiry: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other entity with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) Paul Hastings is not a creditor, equity security holder, or insider of the Debtors; (c) none of Paul Hastings' partners, counsel, or associates is or was, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security

holders, by reason of any direct or indirect relationship to, connection with, or interest in the

Debtors, or for any other reason.  Accordingly, I believe that Paul Hastings is a "disinterested

person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a)

of the Bankruptcy Code.

### Statement Regarding the U.S. Trustee Guidelines

24.     Paul Hastings looks forward to working with the U.S. Trustee to address the

concerns that prompted the U.S. Trustee Guidelines, but reserves all rights as to their relevance

and substantive legal effect in connection with the Application or any application for

compensation in the chapter 11 cases.  Paul Hastings provides the following response to the

request for information set forth in Paragraph D.1. of the U.S. Trustee Guidelines.

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No.  Paul Hastings and the Debtors have not agreed to any variations from, or alternatives to, Paul Hastings' standard billing arrangements for this engagement.  However, for certain non-bankruptcy work Paul Hastings has historically offered the Debtors a downward adjustments on fees as a courtesy to the Debtors. The rate structure provided by Paul Hastings is appropriate and is not significantly different from (a) the rates that Paul Hastings charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No.  The hourly rates used by Paul Hastings in representing the Debtors are consistent with the rates that Paul Hastings charges comparable chapter 11 clients, regardless of the location of the chapter 11 cases. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | The billing rates charged the Debtors in the prepetition period for bankruptcy counsel are the same as the rates that Paul Hastings |

will charge in the postpetition period, noting that Paul Hastings will adjust its hourly rates effective January 1, 2021 to reflect step increases and economic and market conditions.  As previously noted, Paul Hastings has also provided certain downward adjustments to the Debtors historically on non-bankruptcy work.

Question:       Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:      The Debtors and Paul Hastings are working together on a budget and staffing plan for the period from the Petition Date through January 31, 2021.

[*Remainder of page intentionally left blank.*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 18th day of November, 2020

/s/ *James T. Grogan*
James T. Grogan

## <u>Schedule 1</u>

## POTENTIAL PARTIES IN INTEREST

**<u>Debtors</u>**
Cred Capital, Inc.
Cred Inc.
Cred Merchant Solutions LLC
Cred (Puerto Rico) LLC
Cred (US) LLC

**<u>Debtors' Former Names</u>**
Cred LLC
Libra Credit (US) LLC

**<u>Non-Debtor Affiliates</u>**
Cyber Quantum Pte. Ltd.
Income Opportunities (Luxembourg) SA

**<u>Asset Managers</u>**
100 Acre Cred Opportunities Fund Ltd.
AX Momentup LP
Fifth Khagan LP
Reliz Ltd.
Sarson Funds LLC

**<u>Bankruptcy Judges and Staff</u>**
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Chan, Judge Ashely M.
Dorsey, Judge John T.
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Johnson, Lora
Lopez, Marquietta
Owens, Judge Karen B.
Scaruzzi, Sherry
Shannon, Judge Brendan L.
Silverstein, Judge Laurie Selber
Sontchi, Chief Judge Christopher S.
Strupczewski, Karen
Szymanski, Cheryl
Walker, Jill
Walrath, Judge Mary F.
Werkheiser, Rachel

**<u>Banks</u>**
Evolve Bank & Trust
LHV Pank
Metropolitan Commercial Bank
Provident Bank

Silvergate Bank

**<u>Clerk of the Court</u>**
O'Boyle, Una

**<u>Current & Former Officers and Directors</u>**
Alexander, James
Goldstein, Daniel
Labovich, Jonathan
Lyon, Grant
Matteini, Francesco
Podulka, Joe
Rokhline, Maxim
Schatt, Daniel
Wheeler, Daniel

**<u>Insurance</u>**
AXIS Insurance Co.
Euclid Financial Institution Underwriters LLC
Hartford Financial Services Group.
One Beacon n/k/a Intact Insurance Specialty
Solutions
Validus
Validus Specialty
Western World Insurance Group

**<u>Landlords</u>**
2121 SEC TT, LLC
Douglas Emmett 2016 LLC
Tower Plaza Tower

**<u>Major Borrowers</u>**
Elevar Finance LLC
moKredit Inc.

**<u>Noteholders</u>**
AHP
Borderless Capital
CR Fund
Dragonfly International Holding Limited
Spice VC

**<u>Office of the United States Trustee</u>**
Attix, Lauren
Buchbinder, David
Casey, Linda
Cooke, Denis
Dice, Holly
Dortch, Shakima L.
Fox, Jr., Timothy J.
Giordano, Diane

Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane
McCollum, Hannah M.
McMahon, Joseph
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Sarkessian, Juliet
Schepacarter, Richard
Serrano, Edith A.
Sierra, Rosa
Starr, Karen
Tinker, T. Patrick
Villagrana, David
Vinson, Ramona
Wynn, Dion

**Partners**
Airbitz d/b/a Edge
AngelRock
BitAngels
Bitbuy
Bitcoin.com
Bitpie Limited
Blockfills
Coinstats Inc.
cryptobriefing
Cryptoslate
Dinwiddie, Inc.
Edge
Galois Alpha Capital Fund LP
Getty/IO Inc.
GPD Holdings LLC
HotGroup Limited
HuobiWallet
Klever
Litecoin
Litecoin Foundation Limited
Qtum Chain Foundation
Saint Bitts LLC
True USD
TrueCoin LLC
Uphold, Inc.
Virtuse Group Pte. Ltd.

**Professionals**
Armanino LLP
Bryan Cave Leighton Paisner LLP
Dentons US LLP
Ganado Advocates
Lockton Insurance Brokers, LLC
MACCO Restructuring Group
PricewaterhouseCoopers
Richards Layton & Finger

Ruddy Gregory, PLLC
Rutsaert Legal
SD Mayer & Associates, LLP
Sheppard Mullin

**Regulatory/Government Permitting Authorities**
California Department of Business Oversight
California Employment Development Department

**Shareholders**
Hua, Lu
Schatt, Daniel

**Taxing Authorities**
California Franchise Tax Board
Delaware Division of Corporations
Internal Revenue Service (IRS)
Los Angeles County
San Mateo County

**Third-Party Benefits**
Anthem, Inc.
Guardian Life Insurance Company of America
Massachusetts Mutual Life Insurance Company
Navia Benefit Solutions
Permanente, Kaiser
VSP Vision Care

**Top Unsecured Creditors**
Names on file
DCP Capital
JST Capital, LLC
Uphold, Inc.

**Vendors/Suppliers**
10Clouds
2655316 Ontario Inc.
6C Marketing
ABM Industry Groups
Amazon Web Service
Amber Technologies Limited
Anchorage Trust Company
Anvil Advisors
Arendt
AScaleX
Balekund, Trupti
Barr, John
Bay Area Window Dressing
Bear Risk Advisory
Berke
BetterSource
BitGo
BitTemple
Bittrex International Gmbh
Blacklane
Blockchain at Berkeley

BlockPR
Brook Furniture Rental
Business Wire, Inc.
Carneros Resort and Spa
CDW Direct
Christen Interiors
Cloudflare
CoinDesk, Inc.
Comcast
Commercial Cleaning Pros
Concha, La
Cowan Agency
Creative Solutions
Crypsis
CSC
CT Corporation
Davies Design Group Ltd.
Decentral Media
Destination Design
Developing the Next Leaders
Digital Ninja Consulting
DLT Productions Inc.
Docusign
Element Technologies
elig
Equities First Holdings
Excolo Construction Services
Fireblocks Inc.
First Associates
Global Relay Communications
Greenleaf Platters
Herbkersman, Mara
Herschberg, Todd
HireUp LLC
Hubspot
Human Cloud Business Solution
HumanCloud Technologies
Illumant
Inbound Junction BG
InnReg LLC
Interior Plant Design
IOL
JST Systems
Jumio Corporation
Kim, Gene
KnowBe4, Inc.
Kotak, Matiri Kirtikumar
Lee's Florist & Nursery

LinkedIn
LogMeIn
Lua's Construction and Facilities
Marlena Agency
Meltwater
Methodical Valuation Services
Nevtec
Ochsenreiter, Jim
Oracle
Ortega, Ryan
Pandey, Pawan
Parker and Lynch
Peninsula Security Service
Piloto 151
PMB Solutions
Pringle, Mary M
Regulation D Resource
Regus
RocketSpace, Inc.
Salesforce
Saltire Management Group LLC
Seemann, Catherine A.
Sequoia One PEO LLC
Shoreline Labs
Shred-it
Shuttle Finance Inc. (d/b/a Acre)
Silverline
Stefan Rust
Tableau
Tangent Capital Partners
Teknos
TeleMe.io
Ternary Intelligence Inc.
The Tintworks Enterprise
Trulioo Information Services
Uphold HQ, Inc.
User Centered Experiences, LLC
Utz, Clayton
Viking PC Health Ltd.
Yearwood Media
Zeroth Link LLC
Zuar

**Other Interested Parties**

Arctos Capital Cryptoasset Credit Fund, LP
Universal Protocol Alliance

**Schedule 2**

**PARTIES IN INTEREST OR THEIR AFFILIATES WHOM PAUL HASTINGS HAS, OR MAY HAVE, REPRESENTED WITHIN THE LAST FIVE YEARS IN MATTERS UNRELATED TO THE CHAPTER 11 CASES**

| Interested Parties[1] | Relationship to Debtors | Status |
|---|---|---|
| AXIS Insurance Co. | Insurance | Current client. |
| Validus | Insurance | Not a client. Parent and related entities are current clients. |
| Validus Specialty | Insurance | Not a client. Parent and related entities are current clients. |
| Western World Insurance Group | Insurance | Not a client. Parent and related entities are current clients. |
| 2121 SEC TT, LLC | Landlords | Not a client. Entities related to parent are current clients. |
| Douglas Emmett 2016 LLC | Landlords | Not a client. Entities related to parent are current clients. |
| Tower Plaza Tower | Landlords | Not a client. Entities related to parent are current clients. |
| Universal Protocol Alliance | Other Interested Parties | Current client. |
| Daniel Schatt | Officers and Directors | Former client. |
| Uphold Inc. | Top 30 Unsecured Creditors | Parent and current client. |
| Lockton Insurance Brokers, LLC | Professionals | Former client. Parent and related entities are also former clients. |
| PricewaterhouseCoopers | Professionals | Current client. |
| Los Angeles County | Taxing Authorities | Former client. |
| Anthem, Inc. | Third-Party Benefits | Not a client. Parent and related entities are former clients. |
| Guardian Life Insurance Company of America | Third-Party Benefits | Current client. |
| Kaiser Permanente | Third-Party Benefits | Former client. Parent and related entities are current clients. |
| Massachusetts Mutual Life Insurance Company | Third-Party Benefits | Former client. Related entities are current clients. |
| Business Wire, Inc. | Vendors/Suppliers | Not a client. Entities related to parent are current clients. |
| CDW Direct | Vendors/Suppliers | Current client. Entities related to parent are current clients. |
| Clayton Utz | Vendors/Suppliers | Current client. |
| Comcast | Vendors/Suppliers | Former client. An entity related to parent is a |

---

[1]    Paul Hastings requires additional information regarding certain Potential Parties in Interest in order to complete its conflicts research.  Upon receiving the information, Paul Hastings will conduct further research and, if necessary, submit a supplemental declaration with respect to these parties.

| Interested Parties[1] | Relationship to Debtors | Status |
|---|---|---|
| | | current client. |
| Corporation Service Company | Vendors/Suppliers | Former client. Related entity is a current client. |
| CT Corporation | Vendors/Suppliers | Not a client.  Entities related to parent are former clients. |
| Docusign | Vendors/Suppliers | Current client. |
| LinkedIn | Vendors/Suppliers | Current client. Entities related to parent are current clients. |
| Oracle | Vendors/Suppliers | Former client. Related entities are current clients. |
| Salesforce | Vendors/Suppliers | Current client. |
| Shred-it | Vendors/Suppliers | Not a client. A related entity is a former client. |
| Tableau | Vendors/Suppliers | Not a client. Parent is a current client. |
| Uphold HQ Inc. | Vendors/Suppliers | Current co-client with Uphold Inc.  Parent Uphold Inc. is also a current client. |

## Schedule 3

**Schedule of Invoices and Payments (90 Days Prior To Petition Date)[1]**

Invoices sent to the Debtors by Paul Hastings

| Invoice Date | Invoice Number | Amount Invoiced |
|---|---|---|
| 08/12/2020 | 2243160 | $  37,152.56 |
| 08/12/2020 | 2243161 | $    9,141.76 |
| 08/25/2020 | 2244542 | $133,342.96 |
| 09/14/2020 | 2246758 | $216,134.30 |
| 09/30/2020 | 2248593 | $  18,658.13 |
| 10/09/2020 | 2249298 | $  17,189.62 |
| 11/01/2020 | 2252286 | $    1,968.77 |
| 11/01/2020 | 2252287 | $  78,989.62 |
| 11/07/2020 | 2252224 | $274,231.75 |
| 11/07/2020 | 2252288 | $    8,663.00 |
|  |  |  |
|  | **Total** | **$795,472.47** |

---

[1]    The invoices and payments include both restructuring and non-restructuring related invoices and payments.

Payments by the Debtors to Paul Hastings

| Date | Amount |
|------|--------|
| 10/19/2020 | $  85,962.65 |
| 11/02/2020 | $200,000.00 |
| 11/05/2020 | $431,619.33 |
| 11/06/2020 | $200,000.00 |
|  |  |
| **Total** | **$917,581.98** |