**<u>Exhibit B</u>**

**Form of Sale Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## ORDER (A) AUTHORIZING (i) THE SALE OF ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), for entry of an order (a) authorizing the Sale of the Acquired Assets, free and clear of all liens, claims, interests, and encumbrances; (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith; and (c) granting certain related relief, all as more fully set forth in the Motion; and upon the First Day Declarations and the _____ Declaration; and the Court having previously issued the *Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (D) Granting Related Relief* [Docket No. __] (the "Bidding Procedures Order"); and an auction (the "Auction") having been held on January _____, 2021 in accordance with the Bidding Procedures approved by the Bidding Procedures Order; and the Debtors having filed the _____ on _____ [Docket No. ___], designating

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

_____ (the "Buyer") as the Successful Bidder for the assets to be purchased pursuant to the asset purchase agreement, dated ____ (the "Purchase Agreement"), which is attached hereto as **Exhibit 1** (the "Acquired Assets"); and the Sale Hearing having been held on ____ to consider the remaining relief requested in the Motion and approval of the Purchase Agreement; and appearances of all interested parties having been noted on the record of the Sale Hearing; and upon all of the proceedings had before this Court (including the testimony and other evidence proffered or adduced at the Sale Hearing); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having the authority to enter a final order in connection with this Motion consistent with Article III of the United States Constitution; and this Court having found that venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity to be heard were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

     **IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

---

[3]    The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

A.      <u>Final Order</u>.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

B.      <u>Statutory Bases</u>.  The statutory bases for the relief granted by this Order are sections 105, 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008, and Local Bankruptcy Rule 6004-1.

C.      <u>Notice</u>.  Notice of the Motion, the Bidding Procedures, the Auction, the Sale Hearing and the sale of the Acquired Assets was sufficient under the circumstances and no other or further notice need be provided except as set forth in the Bidding Procedures and the Assumption and Assignment Procedures.  A reasonable opportunity to object and be heard regarding the relief requested in the Motion and the relief granted by this Order has been afforded to all parties in interest.

D.      <u>Compliance with Bidding Procedures Order</u>.  As demonstrated by (i) the ____ Declarations, (ii) the testimony and other evidence proffered or adduced at the Sale Hearing, and (iii) the representations of counsel made on the record at the Sale Hearing, the Debtors, with the assistance of their advisors, have conducted the marketing and sale process in accordance with the Bidding Procedures Order.  The Debtors have conducted a fair and open sale process in a manner reasonably calculated to produce the highest or otherwise best offer for the Acquired Assets in compliance with the Bidding Procedures Order.  The sale process was non-collusive, conducted in good faith, substantively and procedurally fair to all parties and to each person or entity that desired to participate in the Auction and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer for the Acquired Assets.  The Bidding Procedures have been complied with in all material respects by the Debtors and the Buyer.

E.    <u>Highest or Best Bid</u>.  After the conclusion of the Auction and in accordance with the Bidding Procedures, the Debtors determined, in a valid and sound exercise of their business judgment, that the highest and otherwise best Qualified Bid for the Acquired Assets was that of the Buyer [as increased/modified as a result of the Auction]. The consideration provided under the Purchase Agreement, together with the assumption of the Assumed Liabilities (as defined and limited in the Purchase Agreement) and the performance of the covenants set forth in the Purchase Agreement, constitute fair and reasonable consideration for the Acquired Assets and will provide a greater recovery for Debtors' estates than would have been provided by any other available alternative.

F.    <u>Business Judgment</u>.  The Debtors' decision to enter into, and perform under, the Purchase Agreement constitutes reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. Good and sufficient reasons for the approval of the Purchase Agreement and the Sale of the Acquired Assets to the Buyer have been articulated by the Debtors.  The Debtors have demonstrated compelling circumstances for the Sale outside (i) the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code and (ii) a confirmed plan of reorganization, in that, among other things, the immediate consummation of the Sale is necessary and appropriate to preserve and maximize the value of the Debtors' estates.

G.    <u>Time is of the Essence</u>.  Based on the record of the Sale Hearing, and for the reasons stated on the record of the Sale Hearing and in the ____ Declaration, time is of the essence to implement the Purchase Agreement and to consummate the Sale contemplated thereby. Accordingly, cause exists to lift, to the extent necessary, the stay contemplated by Bankruptcy Rules 4001(a) and 6004(h), and permit the immediate effectiveness of this Order.

H.      <u>Sale Free and Clear</u>.  The Sale of the Acquired Assets other than free and clear of all Encumbrances (as defined below), except for the Permitted Liens and Assumed Liabilities (each, as defined in the Purchase Agreement), would not have brought the Debtors the consideration provided for in the Purchase Agreement, but would have yielded substantially less value for the Debtors' estates.  But for the protections afforded to the Buyer under the Bankruptcy Code and this Order, the Buyer would not have offered to pay the consideration contemplated in the Purchase Agreement.

I.      <u>Compliance with Section 363(f)(2) of the Bankruptcy Code</u>.  In addition, each entity with an Encumbrance upon the Acquired Assets (i) has consented to the Sale or is deemed to have consented to the Sale, (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Encumbrance, or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code; therefore, section 363(f) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances who did not object, or who withdrew their objections, to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. All holders of Encumbrances are adequately protected by having their Encumbrances attach to the proceeds of the Sale, in the same order of priority and with the same validity, force and effect that such Encumbrances had before the Sale, subject to any rights, claims and defenses of the Debtors or their estates, as applicable. Thus, section 363(e) of the Bankruptcy Code is satisfied. Therefore, the Sale free and clear of Encumbrances, except for the Permitted Liens and Assumed Liabilities, is in the best interests of the Debtors' estates, their creditors and other parties in interest and is appropriate pursuant to section 363(f) of the Bankruptcy Code.

J.      <u>Arms'-Length Transaction</u>.  The consideration to be paid by the Buyer under the Purchase Agreement was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the Acquired Assets for the purposes of the Bankruptcy Code and other applicable law.  The terms and conditions set forth in the Purchase Agreement are fair and reasonable under the circumstances and were not entered into with the intent to, nor for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws.  None of the Debtors or the Buyer is entering into the Purchase Agreement or proposing to consummate the Sale through collusion or fraud (for the purpose of statutory or common law fraudulent conveyance or fraudulent transfer claims, whether under the Bankruptcy Code or under any applicable state statute).

K.      <u>Good Faith</u>.  The Debtors, their management and their boards of directors or equivalent governing bodies, the Buyer; and each of the foregoing's officers, directors, employees, agents, advisors, and representatives that actively participated in the bidding process acted in good faith and without collusion.  The Purchase Agreement was negotiated and entered into based upon arm's-length bargaining, and in good faith as that term is used in section 363(m) of the Bankruptcy Code.  The Debtors were free to deal with any other party interested in buying some or all of the Acquired Assets.  Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Sale, the Purchase Agreement, or any related action or the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) of the Bankruptcy Code.  The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, the Buyer has not acted in a collusive manner with any person or entity nor was its bidding or participation in the Auction controlled by any agreement

among bidders. The Buyer's prospective performance and payment of amounts owing under the Purchase Agreement will be undertaken in good faith and for valid business purposes. The Buyer has proceeded in good faith in all respects in connection with this proceeding and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and the court decisions applying or interpreting such provision, and is therefore entitled to the full protection of section 363(m) of the Bankruptcy Code with respect to all aspects of the transactions contemplated by the Purchase Agreement.

L.    <u>Insider Status</u>.  The Buyer is not an "insider" of any Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.  No common identity of directors or controlling stockholders exists between the Buyer and the Debtors.

M.    <u>Authority</u>.  Upon entry of this Order, the Debtors will have full corporate or other power and authority to execute, deliver and perform their obligations under, the Purchase Agreement and all transactions contemplated thereby.  No consents or approvals, other than those expressly provided for herein or in the Purchase Agreement, are required for the Debtors to consummate the Sale and otherwise perform under the Purchase Agreement.  The consummation of the Sale is authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f), 363(m) and 363(n) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004 and 9014.  The Sale will be, as of the Closing Date or such later date as any Acquired Assets are transferred to the Buyer under the Purchase Agreement, a legal, valid and effective transfer of such Acquired Assets.

N.    <u>Assumption and Assignment of Contracts</u>.  The assumption and assignment of the Assumed Contracts (as defined in the Purchase Agreement) is an integral part of the Purchase Agreement and the Sale.  The assumption and assignment of the Assumed Contracts is in the

best interests of the Debtors, their estates, their creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. Upon the payment of the applicable Cure Amounts, if any, the requirements of section 365(b) of the Bankruptcy Code will have been met for each of the Assumed Contracts.  In accordance with the Purchase Agreement, the [Buyer] will be responsible for payment of the applicable Cure Amounts for each of the Assumed Contracts. Upon the Court's resolution of any Cure Objection, whether or not such resolution occurs prior to or after the closing of the Sale, [the Debtors or the Buyer, as applicable,] will have the right to exclude the relevant contract from the Acquired Assets. No monetary or non-monetary defaults under the Assumed Contracts exist as of the date of this Order other than those to be cured by the payment of the applicable Cure Amounts or those that are not required to be cured pursuant to section 365(b)(1)(A) of the Bankruptcy Code.

O.    Adequate Assurance of Performance.  The Buyer has provided adequate assurance of its future performance under each Assumed Contract within the meaning of section 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

P.    No Successor Liability.  Neither entry into the Purchase Agreement nor the sale, transfer or other disposition of the Acquired Assets pursuant to the Purchase Agreement will subject the Buyer or its affiliates, successors or assigns or any of their respective assets (including the Acquired Assets) to any liability for claims, obligations or Encumbrances asserted against the Debtors or the Debtors' interests in the Acquired Assets by reason of such actions under any laws, including, without limitation, any bulk-transfer laws, or any theory of successor or transferee liability, antitrust, environmental, product line, product safety laws, consumer protection laws, privacy laws, derivative liability, vicarious liability, alter ego, *de facto* merger or substantial continuity or similar theories. By virtue of the consummation of the Sale, (i) the

Buyer is not a continuation of the Debtors and their respective estates, there is no continuity or continuity of enterprise between the Buyer and the Debtors, there is no common identity between the Debtors and the Buyer, (ii) the Buyer is not holding itself out to the public as a continuation of the Debtors or their respective estates, and (iii) the Sale does not amount to a consolidation, merger or *de facto* merger of the Buyer and the Debtors and/or the Debtors' estates. Accordingly, the Buyer and its affiliates, successors and assigns are not and are not deemed to be a successor to the Debtors or their respective estates as a result of the consummation of the Sale.

Q.      Objections.  All parties and entities given notice of the Motion and/or the Sale that failed to timely object or withdrew their objection thereto are deemed to consent to the relief granted herein.

R.      No Sub Rosa Plan.  Entry into the Purchase Agreement and the consummation of the transactions contemplated thereby neither impermissibly restructure the rights of the Debtors' creditors, nor impermissibly dictate the terms of a plan of reorganization for the Debtors.  Entry into the Purchase Agreement does not constitute a sub rosa chapter 11 plan.

S.      No Third-Party Beneficiaries.  Nothing in the Purchase Agreement creates any third party beneficiary rights in any entity that is not a party to the Purchase Agreement.

T.      Backup Bidder.  The Debtors, their management and their boards of directors or equivalent governing bodies, the Backup Bidder; and each of the foregoing's officers, directors, employees, agents, advisors, and representatives that actively participated in the bidding process acted in good faith and without collusion.  The Backup Bid was negotiated and entered into based upon arms'-length bargaining, and in good faith as that term is used in section 363(m) of the Bankruptcy Code.  The Debtors were free to deal with any other party interested in buying some or all of the Acquired Assets.  Neither the Debtors, nor the Backup Bidder have engaged in

any conduct that would cause or permit the Sale, the Backup Bid, or any related action or the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) of the Bankruptcy Code.  The Backup Bidder has not violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, the Backup Bidder has not acted in a collusive manner with any person or entity nor was its bidding or participation in the Auction controlled by any agreement among bidders.  The Backup Bidder's prospective performance and payment of amounts owing under the Backup Bid will be undertaken in good faith and for valid business purposes.  The Backup Bidder has proceeded in good faith in all respects in connection with this proceeding and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and the court decisions applying or interpreting such provision, and is therefore entitled to the full protection of section 363(m) of the Bankruptcy Code with respect to all aspects of the transactions contemplated by the Backup Bid.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**A.    Motion Granted, Objections Overruled**

1.    The relief requested in the Motion is GRANTED as set forth herein.  Any remaining objections to the Motion or the relief granted herein that have not been withdrawn, waived, or settled (and all reservations of rights included in such objections) are overruled on the merits with prejudice and denied.

2.    This Court's findings of fact and conclusions of law in the Bidding Procedures Order and the record of the Bidding Procedures Hearing are incorporated herein by reference.

**B.      The Purchase Agreement Is Approved and Authorized**

3.      The Purchase Agreement and the Sale are approved pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004 and 9014.  The Debtors are hereby authorized to perform under the Purchase Agreement (and each of the transactions contemplated thereby is hereby approved in its entirety and is incorporated herein by reference). The failure to include specifically any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that the Purchase Agreement, and all of its provisions and the payments and transactions provided for therein shall be authorized and approved in their entirety.  Likewise, all of the provisions of this Order are non-severable and mutually dependent.

4.      Subject to the provisions of this Order, the Debtors and the Buyer are hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to consummate the Sale in accordance with the Purchase Agreement, without any further order of this Court.

5.      Pursuant to section 363(b) of the Bankruptcy Code, and without any further order of this Court, corporate act or action under applicable law, regulation, order or rule or the vote, consent, authorization or approval of any entity, the Debtors, the Buyer and each of their respective officers, employees and agents are hereby authorized and directed to perform under, consummate and implement the terms of, the Purchase Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of this Order, the Purchase Agreement, and the Sale. The Debtors are authorized to take all further actions as may be reasonably requested by the Buyer or as may be necessary or appropriate to the performance of the Debtors' obligations under the Purchase Agreement for the purpose of assigning, transferring, granting, and conveying to the

Buyer, or reducing to the Buyer's possession, the Acquired Assets, without any further corporate action or order of this Court.

6.    The Debtors are hereby authorized and directed to instruct an escrow agent to (a) hold the Buyer's Good Faith Deposit (as increased by the Incremental Deposit Amount, if applicable) in accordance with the Purchase Agreement and release and deliver such Good Faith Deposit pursuant to the terms thereof, and (b) hold the Good Faith Deposit (as increased by the Incremental Deposit Amount, if applicable) funded by the Backup Bidder in accordance with the Bidding Procedures, and [release and deliver such Good Faith Deposit of Backup Bidders on the earlier of (i) five (5) business days after the closing of the Sale(s) of the applicable Assets and (ii) 60 days after the date of the Sale Hearing, in accordance with and subject to the Bidding Procedures.]

**C.    Sale and Transfer Free and Clear of Encumbrances**

7.    Upon the Closing Date (as defined in the Purchase Agreement), all of the Debtors' legal, equitable and beneficial right, title and interest in and to, and possession of, the Acquired Assets shall immediately vest in the Buyer pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code free and clear of liens, claims (including "claims" as defined in section 101(5) of the Bankruptcy Code), defenses (including rights of setoff and recoupment), and interests, including, without limitation, security interests, mortgages, conditional sales or title retention agreements, pledges, deeds of trust, hypothecations, liens, assignments, preferences, debts, easements, charges, suits, licenses, options, rights-of-recovery, rights of first refusal, judgments, orders and decrees of any court or foreign or domestic governmental entity, taxes (including foreign, state and local taxes, including, without limitation, bulk sale taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, off-sets, claims for

reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, Employee Retirement Income Security Act of 1974 ("ERISA"), wages and benefits, *alter ego* and other liabilities, causes of action, contract rights, in each case, of any kind or nature, known or unknown, whether prepetition or postpetition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, allowed or disallowed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable, disputed or undisputed, whether imposed by agreement, understanding, law, equity or otherwise, other than Permitted Liens and Assumed Liabilities (collectively, the "Encumbrances"), including any and all Encumbrances arising out of the Debtors' continued operations following the Closing Date; provided, however, that the Encumbrances shall attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have (subject to any rights, claims and defenses the Debtors or any parties in interest may have with respect thereto).  On the Closing Date, this Order shall constitute, for any and all purposes, a legal, valid, binding, effective and complete general assignment, conveyance and transfer of the Acquired Assets and a bill of sale or assignment transferring indefeasible title to the Acquired Assets to the Buyer and shall vest Buyer with good and marketable title to the Acquired Assets.

8.    The holders of claims related solely to the Permitted Liens and Assumed Liabilities shall have the right to seek payment directly from the Buyer on account of such Permitted Liens and Assumed Liabilities; provided, however, that the Buyer reserves any and all rights, defenses or objections with regard to all Permitted Liens and Assumed Liabilities.

9.      Except with respect to the Assumed Liabilities, all persons and entities (and their respective successors and assigns), including all debt security holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants and other persons or entities holding Encumbrances arising under or out of, in connection with, or in any way relating to, the Debtors, the ownership, operation, sale or transfer of the Acquired Assets to the Buyer, or the conduct of the Debtors' business prior to or after the Closing Date, are hereby forever barred, estopped and permanently enjoined from asserting such Encumbrances against the Buyer, its property or the Acquired Assets.  Following the Closing Date, no person or entity, including the holders of any Encumbrances, shall interfere with the Buyer's title to or use and enjoyment of any of the Acquired Assets based on or related to any Encumbrance, or any action of the Debtors.

10.      If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing any Encumbrances against or in the Acquired Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements or instruments of satisfaction or release of such Encumbrances, (a) the Debtors are hereby authorized and empowered to cause to be executed and filed such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets that are necessary or appropriate to effectuate the Sale and this Order as may be required under applicable laws or as any of the officers of the Debtors may determine are necessary or appropriate and (b) the Buyer is hereby authorized and empowered to cause to be filed, registered or otherwise recorded a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances on or

against the Acquired Assets.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office.

### D.    Order Binding

11.    All persons and entities, including all filing agents, filing officers, title agents, title companies or title agents, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state and local officials, in each case, who may be required by operation of law, the duties of their office, or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets, are authorized and directed to (i) strike all recorded Encumbrances against the Acquired Assets from their records, official and otherwise and (ii) accept a certified copy of this Order as the evidence of the propriety and legality of such actions.

12.    This Order and the terms and provisions of the Purchase Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Buyer, and each of their respective affiliates, successors and assigns, and any affected third parties, including all persons asserting an Encumbrance against any of the Acquired Assets, notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of the Bankruptcy Code in these cases, and this Order and the terms and provisions of the Purchase Agreement shall be binding on any such trustee or other fiduciary.  The provisions of this Order, the terms and provisions of the Purchase Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order confirming any plan(s) of reorganization in these cases or converting these cases to cases under chapter 7 of the Bankruptcy Code, and the

terms and provisions of the Purchase Agreement, as well as the rights and interests granted

pursuant to this Order, shall continue in these and in any superseding cases.

**E.      Good Faith**

13.      The reversal or modification on appeal of this Order or of the authorization

provided herein to consummate the Sale in accordance with the Purchase Agreement shall not

affect the validity of the Sale, unless such authorization is duly stayed pending such appeal. The

Sale is not subject to avoidance pursuant to section 363(n) or chapter 5 of the Bankruptcy Code

and the Buyer is entitled to all the protections and immunities thereunder or under Section

363(m) of the Bankruptcy Code.

**F.      No Successor or Transferee Liability**

14.      The Buyer shall not be deemed, as a result of any action taken in connection with

the Purchase Agreement, the consummation of the Sale, or the transfer, operation or use of the

Acquired Assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors

(other than with respect to any of the Buyer's obligations arising after the Closing Date as an

assignee under the Assumed Contracts), (b) have, *de facto* or otherwise, merged with or into the

Debtors, or (c) be deemed an alter ego or a mere continuation or substantial continuation or

successor in any respect of the Debtors, including within the meaning of any foreign, federal,

state or local revenue, pension, antitrust, ERISA, tax, labor, employment, welfare and benefits,

environmental, product safety, consumer protection, privacy or other law, rule or regulation

(including filing requirements under any such laws, rules or regulations), or under any right or

option to effect any forfeiture modification, right of first refusal, or termination of the Debtors'

or the Buyer's interest in the Acquired Assets, or under any products liability law or doctrine

with respect to the Debtors' liability under such law, rule or regulation or doctrine.

15.     Except as expressly provided in the Purchase Agreement with respect to Assumed Liabilities, the Buyer shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as described below, the "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of derivative, successor or vicarious liability of any kind or character, or based upon any theory of labor law, employment law, tax law, ERISA, welfare and benefits law, antitrust, environmental, successor or transferee liability, *de facto* merger, alter ego or mere or substantial continuity, labor and employment or products liability, product safety liability, consumer protection liability or privacy law liability, whether known or unknown as of the Closing Date, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including any liabilities or non-monetary obligations on account of any settlement or injunction, or any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets or the Debtors' business prior to the Closing Date or such later time as the Buyer is assigned any Assumed Contract.  The Buyer shall have no liability or obligation under the WARN Act (29 U.S.C. §§ 2101 *et seq*.) or any foreign, federal, state or local labor or employment law, whether of similar import or otherwise, by virtue of the Buyer's purchase of the Acquired Assets.

16.     The Buyer has given substantial consideration under the Purchase Agreement for the benefit of the holders of Encumbrances.  The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of Successor or Transferee Liability against the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Encumbrances.

17.     Except as expressly provided in the Purchase Agreement, nothing therein or in this Order shall require the Buyer to (a) continue or maintain in effect, or assume any liability in respect of any employee, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which the Debtors or their affiliates are a party or have any responsibility therefor including medical, welfare and pension benefits payable after retirement or other termination of employment or (b) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee benefit plan, arrangement or agreement (including pension plans) or the termination of any such plan, arrangement or agreement.

18.     Effective upon the Closing Date, all persons and entities are forever prohibited, estopped and permanently enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, or its assets (including the Acquired Assets), or its successors and assigns, with respect to any Successor or Transferee Liability, including the following actions: (i) commencing or continuing in any manner any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or other order; (iii) creating, perfecting or enforcing any Encumbrance; (iv) asserting any setoff, right of subrogation or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating or failing or refusing to renew any license, permit or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

G.     **Assumption and Assignment of Contracts**

19.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Debtors are authorized and directed to assume and assign the Assumed Contracts to the Buyer, free and clear of all Encumbrances.  The payment of the Cure Amounts, if any, in accordance with the Assumption and Assignment Procedures satisfies the requirements of section 365(b) of the Bankruptcy Code.  The adequate assurance of future performance under the Assumed Contracts provided by the Buyer satisfies the requirements of sections 365(b)(1)(c) and 365(f)(2)(B) of the Bankruptcy Code.

20.     To the extent that any Counterparty did not timely file a Cure Objection or an Adequate Assurance Objection, such Counterparty is deemed to have consented to the proposed Cure Amounts, if any, and to the assumption of the applicable Assumed Contract by the applicable Debtor and its assignment to the Buyer under the Purchase Agreement.  Upon the payment of the Cure Amounts as provided in the Purchase Agreement, the Counterparties shall be forever enjoined from taking any action against the Buyer with respect to any claim for cure under the Assumed Contracts.

21.     Any provision in any Assumed Contract that prohibits, restricts or conditions the assignment of such Assumed Contract (including, without limitation, those of the type described in Sections 365(e)(1) and (f) of the Bankruptcy Code) or allows the Counterparty to impose any penalty, fee, increase in payment, profit sharing arrangement or other condition on renewal or extension, or to modify any term or condition upon the assignment of such Assumed Contract, constitutes an unenforceable anti-assignment provision that is void and of no force and effect. All requirements and conditions set forth in sections 363 and 365 of the Bankruptcy Code for the

assumption by the Debtors and assignment to the Buyer of the Assumed Contracts have been satisfied.

22.     Upon the assignment of the Assumed Contracts to the Buyer in accordance with the terms of the Purchase Agreement, the Buyer shall be deemed to be substituted for the applicable Debtor as a party to each Assumed Contract, and the Debtors and their estates shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Assumed Contract occurring after such assignment.  Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Assumed Contracts, and such Assumed Contracts shall remain in full force and effect for the benefit of the Buyer.

23.     Except as otherwise provided by this Order, each Counterparty to an Assumed Contract is forever barred, estopped, and permanently enjoined from asserting against the Debtors or the Buyer or their respective property in connection with the Sale (a) any assignment fee, acceleration, default, breach or claim or pecuniary loss, termination right, or condition to assignment existing, arising or accruing as of the Closing Date, including, any breach related to or arising out of a change-in-control resulting from the Sale of any provision of such Assumed Contract, or any purported written or oral modification to the Assumed Contract or (b) any claim, counterclaim, defense, breach, default, condition, setoff or other claim asserted or capable of being asserted against the Debtors existing as of the Closing Date. The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtors' or the Buyer's rights to enforce every term and condition of the Assumed Contract.

24.     Other than the Assumed Contracts, the Buyer shall assume none of the Debtors'
other contracts or leases and shall have no liability whatsoever thereunder.

**H.     Other Provision**

25.     <u>No Bulk Sales; No Brokers</u>.  No bulk sales law or any similar law of any state or
other jurisdiction shall apply in any way to the Sale. Other than the professionals retained by the
Debtors pursuant to orders of this Court, no brokers were involved in consummating the Sale,
and no brokers' commissions shall be due to any person or entity in connection with the Sale.
Except as set forth in other orders of this Court, the Buyer is not obligated to pay any fee or
commission or like payment to any broker, finder, or financial advisor as a result of the
consummation of the Sale.

26.     <u>Failure to Specify Provisions; Conflicts</u>.  The failure specifically to mention any
particular provision of the Purchase Agreement or any related agreements in this Order shall not
diminish or impair the effectiveness of such provision, it being the intent of this Court, the
Debtors, and the Buyer that the Purchase Agreement and any related agreements are authorized
and approved in their entirety with such amendments thereto as may be made by the parties in
accordance with their respective terms. In the event there is a direct conflict between the terms of
this Order and the terms of the Purchase Agreement, the terms of this Order shall control.

27.     <u>Allocation of Purchase Price</u>.  All rights of the respective Debtors' estates with
respect to the allocation of consideration received from the Buyer in connection with the Sale are
expressly reserved for later determination by this Court and, to the extent consideration is
received by any Debtor that is determined to be allocable to another Debtor, such other Debtor
shall have a claim against the recipient Debtor with the status of an expense of administration in
the case of the recipient Debtor under section 503(b) of the Bankruptcy Code.

28.    <u>Binding Effect of Allocation of Purchase Price</u>.  Any allocation of consideration set forth in the Purchase Agreement shall be binding with respect to tax matters only.  Such allocation shall not be binding on this Court, as expressly reserved in paragraph 27 hereof.

29.    <u>Further Assurances</u>.  From time to time, as and when requested, all necessary parties shall execute and deliver, or cause to be executed and delivered, all such documents, statements and instruments and shall take, or cause to be taken, all such further or other actions as the requesting party may reasonably deem necessary or desirable to consummate the Sale.

30.    <u>Approval of Backup Bidder</u>.  The Backup Bidder is hereby approved and the bid submitted by the Backup Bid is hereby approved and authorized. In accordance with the Bidding Procedures, the Backup Bid(s) will remain binding on the Backup Bidder(s) until the earlier of (i) the closing of the Sale for the applicable Acquired Assets and (ii) 60 days after the date of the Sale Hearing.  If the Successful Bidder(s) for the applicable Acquired Assets fail to consummate the Sale(s), the Backup Bidder(s) will be deemed the new Successful Bidder(s) for the applicable Acquired Assets, and the Debtors will be automatically authorized, but not required, to consummate the Sale(s) of the applicable Acquired Assets to the Backup Bidder(s), and all references to the Buyer and the Purchase Agreement instead shall be to the Backup Bidder and the Backup Bid, respectively, without further order of this Court.

31.    <u>Modifications</u>.  The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court; <u>provided</u> that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

32.     <u>Automatic Stay</u>.  The automatic stay under section 362 of the Bankruptcy Code is hereby modified to the extent necessary to allow the Buyer to deliver any notice provided for in the Purchase Agreement and allow the Buyer to take any and all actions permitted or required under the Purchase Agreement in accordance with the terms and conditions thereof. The Buyer shall not be required to seek or obtain any further relief from the automatic stay to enforce any of its remedies under the Purchase Agreement or any other document related to the Sale.

33.     <u>No Stay of Order</u>:  Notwithstanding Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  Neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.  Any party objecting to this Order must exercise due diligence in filing an appeal and obtaining a stay prior to the Closing Date or risk its appeal being foreclosed as moot.

34.     <u>Servers and IT Equipment</u>.  Upon consummation of the Sale, and to the extent applicable, the Debtors shall retain originals or copies of, and preserve in accordance with their discovery obligations, all hard copy documents and data and information that constitute Acquired Assets and any other document, data or information stored on or in servers, backup devices, mobile devices, electronic storage devices, or miscellaneous IT equipment, in each case, that constitutes Acquired Assets, currently in the Debtors' possession, custody, or control pertaining to pending or threatened litigation or necessary to administer these cases ("<u>Case Records</u>").  The Debtors shall not use the Case Records for any purpose except to administer these cases and, except where required to administer these cases, maintain the confidentiality of all Case Records. All Case Records subject to the Debtors' privacy policies as in existence on the

Petition Date shall be maintained in accordance with such privacy policies. Once the Case Records are no longer required for administering these cases, and no later than the final decree closing these cases is entered, the Debtors shall destroy and delete, as applicable, all Case Records in their possession, custody or control, and all Case Records shall be scrubbed or removed from any of the foregoing equipment prior to any transfer, abandonment or other disposition of such equipment.

35.    Notice of Sale Closing Date: Within one (1) business day of the occurrence of the Closing Date, the Debtors shall file and serve a notice of same, substantially in the form attached hereto as **Exhibit 2** (the "Notice of Sale Closing Date").

36.    Retention of Jurisdiction:  This Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, the Bidding Procedures Order, and the Purchase Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, and decide any issues or disputes concerning this Order, the Sale, and the Purchase Agreement or the rights and duties of the parties thereunder, including the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Acquired Assets and Assumed Liabilities. The Buyer shall have standing to seek to enforce the terms of this Order.

37.    No Section 1146(a) Exemption: The Sale Transaction contemplated hereunder is not receiving an exemption under section 1146(a) of the Bankruptcy Code.

38.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

39.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

40.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## Exhibit 1

**Purchase Agreement**

## Exhibit 2

**Notice of Sale Closing Date**