**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)<br>Obj. Deadline: Dec. 2, 2020 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession, (the "Debtors") respectfully represent as follows in support of this motion:

### Relief Requested

By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), extending the initial fourteen (14) day deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by 28 days, without prejudice to the Debtors' ability to request additional time should it become necessary. In support of this motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 12] (the "First Day Declaration").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(b).[3]

**Background**

**I.    General Background**

4. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting*

---

[3] According to Local Rule 9006-2, the filing of this motion extends the time to take action until the Court decide this motion, without the necessity for the entry of a bridge order.

*Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration.

## II.     Preparation for Chapter 11 Filings

7.      In preparation for their chapter 11 filings, the Debtors and their professionals undertook a thorough analysis of their existing books and records to obtain a comprehensive understanding of their current financial situation, the value of their assets, and their obligations to their creditors and other parties in interest.

8.      Despite the considerable efforts thus far, the Debtors anticipate that they will not be able to complete their Schedules within the fourteen (14) day period prescribed by the Bankruptcy Rules.  The Debtors have thousands of creditors and parties-in-interest, and must compile financial information from voluminous records and documents concerning their obligations under various customer agreements and contracts.

### **Relief Requested**

9.       The Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Rule 1007-1(b) extending the initial fourteen (14) day deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by twenty-eight (28) days, without prejudice to the Debtors' ability to request additional time should it become necessary

**Basis for Relief**

10.     This Court has the authority to grant the requested extension under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Rule 1007-1(b).  Section 105(a) of the Bankruptcy Code grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code.  Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown."  Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon the filing of a motion by the debtor."

11.     Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require the Debtors to file their Schedules within 14 days after the Petition Date.  Thus, absent the relief requested in this Motion, the Debtors must file their Schedules by November 23, 2020.[4]

12.     The Debtors and their professionals have spent, and continue to spend, a substantial amount of time on ensuring that the Debtors have a smooth transition into chapter 11, with minimal disruptions to their business.  That task requires working with the Debtors' customers and various other parties-in-interest to stabilize operations.  As a result, and due to the burdens occasioned by preparing for these chapter 11 cases, the Debtors anticipate that they will be unable to complete their Schedules within 14 days of the Petition Date.  To prepare their Schedules, the Debtors must compile information from books, records, and documents relating to a myriad of claims, assets, and contracts.  Indeed, due to the difficulty of this process, the Debtors engaged MACCO Restructuring Group LLC as financial advisor to, among other things, provide a team of professionals dedicated to the preparation of the Schedules.  Nevertheless,

---

[4] Because the 14-day period expires on a Saturday (November 21, 2020), the period is automatically extended to the next business day, which is Monday, November 23, 2020.  *See* FED. R. BANKR. P. 9006(a)(2)(C).

collection of the necessary information has and will require an enormous expenditure of time and effort on the part of the Debtors and their professionals.

13. While the Debtors, with the help of their professional advisors, are working diligently and expeditiously on the preparation of the Schedules, resources are limited. In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules within the 14-day period following the Petition Date.

14. At present, the Debtors anticipate that it will require approximately 40 days from the Petition Date to complete their Schedules. The Debtors, therefore, request that the Court extend the period provided under Bankruptcy Rule 1007(c) by 28 days, for a total of 44 days from the Petition Date, *i.e.*, December 21, 2020. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time for the filing of the schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee and to any committee . . . trustee, examiner, or other party as the court may direct."[5]

15. The Debtors submit that the vast amount of information it must assemble and compile, the size and complexity of the Debtors' business operations, and the many employee and professional hours required to complete the Schedules, together constitute good and sufficient cause for granting the extension of time requested herein. As a result, the Debtors request that the Court grant such an extension, without prejudice to their rights to seek any

---

[5] FED. R. BANKR. P. 1007(c).

further extensions from the Court. The requested extension will enhance the accuracy of the Debtors' Schedules and avoid the necessity of substantial subsequent amendments. The relief requested herein has been routinely granted by courts in this jurisdiction.[6]

### Notice

16. Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the parties included on the Debtors' consolidated list of thirty 30 largest unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

### No Prior Request

17. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of page intentionally left blank.*]

---

[6] *See, e.g., In re Global Eagle Entertainment Inc.*, No. 20- 11835 (JTD) (Bankr. D. Del. August 18, 2020); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. May 1, 2019)*; In re Imerys Talc America, Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Mar. 19, 2019*); In re Vitamin World, Inc.*, No. 17-11933 (KJC) (Bankr. D. Del. Oct. 6, 2017)*; In re Panda Temple Power, LLC,* No. 17-10839 (LSS) (Bankr. D. Del. May 22, 2017)*; In re Chieftain Sand & Proppant, LLC,* No. 17-10064 (KG) (Bankr. D. Del. Jan. 10, 2017*); In re Chaparral Energy, Inc.,* No. 16-11144 (LSS) (Bankr. D. Del. June 7, 2016).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: November 18, 2020
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
          mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
          derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*