## **EXHIBIT A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## ORDER (I) FIXING DEADLINES FOR FILING PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (as amended, the "Motion")[2] of the debtors and debtors in possession

(the "Debtors"), pursuant to sections 105(a), 502(b)(9), and 503 of the Bankruptcy Code,

Bankruptcy Rule 2002, and Local Rule 2002-1(e), for entry of an order (this "Order") (a)

establishing deadlines for the filing of proofs of claim and (b) approving the form and manner of

notice with respect thereto, all as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final

order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate and no other notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at any hearing

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is granted as set forth herein.

2.       The proposed Bar Date Notice, the Proof of Claim Form, and the Publication

Notice, substantially in the forms annexed hereto as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**,

respectively, are approved.

3.       Except as otherwise provided for or specifically excepted in this Order, all

"claims" (as defined in section 101(5) of the Bankruptcy Code) of a person or entity (other than a

governmental unit) arising before November 7, 2020 (the "Petition Date"), including any claims

under section 503(b)(9) of the Bankruptcy Code against the Debtors' estates for the value of

goods sold to the Debtors in the ordinary course of business and received by such Debtors within

twenty (20) days before the Petition Date, shall be filed with Donlin, Recano & Company, Inc.

("DRC") pursuant to the procedures provided in this Order so as to be actually received on or

before **January 29, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "General Bar Date").

4.       All governmental units (as defined in section 101(27) of the Bankruptcy Code)

holding or wishing to assert claims against the Debtors arising before the Petition Date are

required to file a proof of claim so that any such proof of claim is actually received by DRC on

or before **May 6, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "Government Bar Date").

5.       If the Debtors amend or supplement their Schedules of Assets and Liabilities (the

"Schedules") after the Bar Date Notice is served, in accordance with Local Rule 1009-2, the

Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby within fourteen (14) days thereof, and such holders, as set forth in any such notice, shall have until the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) twenty-one (21) days from the date of service of such notice to file a proof of claim (the "Amended Schedules Bar Date"). Any such holder that fails to timely file a proof of claim as provided for in this Paragraph 5 shall be barred from filing a proof of claim.

6.      Holders of claims against the Debtors arising from the Debtors' rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) the General Bar Date, (b) thirty (30) days after service of an order by the Court authorizing such rejection, and (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the "Rejection Damages Bar Date" and together with the General Bar Date, the Government Bar Date, the Amended Schedules Bar Date, and the Supplemental Bar Date (as defined below), as applicable, the "Bar Dates"). For the avoidance of doubt, with respect to nonresidential real property leases, claims arising from the Debtors' rejection of unexpired leases shall include any claims under such unexpired leases as of the Petition Date for purposes of this Order and such counter-parties shall not be required to file proofs of claim with respect to prepetition amounts unless and until such unexpired leases have been rejected.

7.      The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates solely with respect to the types of claims held by such persons and entities described in the applicable paragraph below:

> a.  any person or entity who has already filed a proof of claim in these chapter 11 cases with DRC or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, solely with respect to the claims asserted in that proof of claim;

3

b.  any person or entity whose claim is listed on the Debtors' Schedules, <u>provided</u> that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, (iii) you do not dispute that the claim as listed in the Debtors' Schedules is an obligation of the specific Debtor against which the claim is listed, and (iv) the person or entity does not have or assert any other claims against the Debtors (the assertion of which would require the filing of a proof of claim unless another exception applies);

c.  any person or entity whose claim or claims have been paid in full;

d.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estate, <u>except</u> for a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the applicable Bar Date;

e.  any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

f.  any holder of a claim for which a separate deadline is (or has been) fixed by this Court;

g.  any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

h.  any holder of a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests or rights to purchase, sell, or subscribe to such an interest; provided, however, that if you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest or the sale, issuance, or distribution of the interest, you must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;

i.  any current officer, manager or director of any Debtor for claims based on indemnification, contribution, or reimbursement; and

j.  any Debtor holding a claim against another Debtor.

8.  Any creditor whose prepetition claim against the Debtors is not listed in the Schedules or is listed therein as "disputed," "contingent," or "unliquidated" and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases, and

4

any creditor whose prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount, must file a proof of claim on or before the applicable Bar Date for such claim.

9.      Each proof of claim, to be properly filed pursuant to this Order, shall: (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iv) to the extent the claim is based on one or more forms of cryptocurrency, (x) convert such cryptocurrency into U.S. currency using the conversion rate in effect as of 12:00 a.m. (prevailing Eastern Time) on the Petition Date and (y) for each form of cryptocurrency, identify the number of units, name of cryptocurrency, and conversion rate(s) used to convert the cryptocurrency into U.S. currency, (v) conform substantially to the Proof of Claim Form attached hereto as **Exhibit 2**, and (vi) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation of why the supporting documents are not available.

10.     In addition to meeting all the other requirements of the immediately preceding paragraph above, any proof of claim asserting a section 503(b)(9) claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach any documentation identifying the date such goods were received by the Debtors, (iii) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) identify the particular invoices on which the section 503(b)(9) claim is based.

11.     Proofs of claim filed with DRC will be deemed timely filed only if *actually received* by DRC on or before the applicable Bar Date for such claim as follows:

> a.   if by U.S. Mail, at Donlin Recano & Company, Inc., Re: Cred Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219;
>
> b.   if by hand delivery or overnight mail, at Donlin Recano & Company, Inc., Re: Cred Inc., et al., 6201 15th Avenue, Brooklyn, NY 11219; or

     c.   electronically using the interface available on the following website maintained by DRC:  https://www.donlinrecano.com/Clients/cred/FileClaim.

12.     DRC shall not accept proofs of claim submitted by fax or email.

13.     Parties who file an originally executed proof of claim and wish to receive from DRC a proof of receipt of their proofs of claim, must also include with their original proof of claim a copy of such claim and a self-addressed and pre-stamped envelope.  A party who files a proof of claim electronically can verify receipt of its claim by reviewing claims on the website of DRC at https://www.donlinrecano.com/Clients/cred/ClaimsSearch.

14.     Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a proof of claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of reorganization or liquidation in these chapter 11 cases.  If it is unclear from the Schedules whether a creditor's claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, such creditor **must** file a proof of claim on or before the applicable Bar Date.  Any creditor that relies on the Schedules bears responsibility for determining that its claim is accurately listed therein.

15.     In accordance with Bankruptcy Rule 2002, the Debtors are authorized and directed to serve the Bar Date Notice and a Proof of Claim Form by first-class mail, postage prepaid, within five (5) business days following the date on which the Schedules are filed (such mailing date, the "Bar Date Notice Mailing Date") on: (a) all known creditors; (b) all persons and entities with whom the Debtors conducted business post-petition; (c) all parties listed on the Debtors' mailing matrix; (d) all parties to pending litigation against the Debtors; (e) all entities who have filed a notice of appearance in these chapter 11 cases; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) local taxing authorities and states

attorneys general in jurisdictions in which the Debtors conducts business; <u>provided</u> that, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the Bar Date Package on their customers by email.

16.      The Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules with the creditor's name, address, and/or information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

17.      Prior to mailing the Bar Date Package, the Debtors may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Bar Date Notice and the Proof of Claim Form as the Debtors deem necessary or appropriate.

18.      After the initial mailing of the Bar Date Package, the Debtors may, their its discretion, make supplemental mailings of the Bar Date Package, including in the event that: (i) the Bar Date Package is returned by the post office with forwarding addresses; and (ii) additional potential claimants become known as a result of the Bar Date mailing process. If notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.  If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a proof of claim must be filed by such parties shall be the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) 21 days from the mailing of the Bar Date Package to such parties (the "<u>Supplemental Bar Date</u>").

19.      The Debtors, through DRC, shall post the Proof of Claim Form and the Bar Date Notice on the following website maintained by DRC: <u>www.donlinrecano.com/cred</u>.

20.     The Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form annexed hereto as **Exhibit 3**, on one occasion in the *San Francisco Chronicle,* with such publication to occur no later than five (5) days after the date on which the Schedules are filed.

21.     Any entity who is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors, their estates, and their respective properties shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Any entity that is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall not receive any further notices regarding such claim and shall be prohibited from voting to accept or reject any chapter 11 plan filed in these cases or participating in any distribution in these chapter 11 cases on account of such claim.  Without limiting the foregoing, any entity asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

22.     Notice of the Bar Dates in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

23.     The Debtors retain all rights to (i) object to any proof of claim on any grounds; (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise; and (iii) subsequently designate any claim as disputed, contingent, and/or unliquidated.

24.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM
INCLUDING SECTION 503(b)(9) CLAIMS**

On November 7, 2020, the debtors and debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  These chapter 11 cases are pending before the Honorable Judge John T. Dorsey, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Cred Inc., et al.*, Case No. 20-12836 (JTD).

On December ___, 2020 the Court entered an order (the "<u>Bar Date Order</u>") in the Debtors' chapter 11 cases in accordance with Bankruptcy Rule 3003(c) fixing:

(a)   **<u>January 29, 2020 at 5:00 p.m.</u>** (prevailing Eastern Time) (the "<u>General Bar Date</u>") as the last date for persons or entities, other than governmental units, to file proofs of claim against any of the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date, including, for the avoidance of doubt, claims arising under section 503(b)(9) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

(b)   **<u>May 6, 2021 at 5:00 p.m.</u>** (prevailing Eastern Time) (the "<u>Government Bar Date</u>")[2] as the last date for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file proofs of claim against any of the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]   The General Bar Date, the Government Bar Date, the Rejection Damages Bar Date (as defined below), the Amended Schedules Bar Date (as defined below) and the Supplemental Bar Date (as defined below) are collectively referred to as the "<u>Bar Dates</u>".

1.    **WHO MUST FILE A PROOF OF CLAIM**

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have a claim against the Debtors.  The fact that you have received this Notice does not mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have such a claim. **YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

You **MUST** file a proof of claim to vote on any chapter 11 plan of reorganization or liquidation or to share in distributions from the Debtors' bankruptcy estate if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to November 7, 2020 and it is not one of the types of claims described in Section 2 subparagraphs (a) through (i) below.

Acts or omissions of the Debtors that arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.    **PARTIES WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates solely with respect to the types of claims held by such persons and entities described in the applicable paragraph below:

a.    any person or entity who has already filed a proof of claim in the Debtors' chapter 11 cases with DRC or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, solely with respect to the claims asserted in that proof of claim;

b.    any person or entity whose claim is listed on the Debtors' Schedules, provided that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not have or assert any other claims against the Debtors (the assertion of which would require the filing of a proof of claim unless another exception applies);

c.    any person or entity whose claim or claims have been paid in full;

d.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estate, except for a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the applicable Bar Date;

e.  any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

f.  any holder of a claim for which a separate deadline is (or has been) fixed by this Court;

g.  any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

h.  any holder of a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests or rights to purchase, sell, or subscribe to such an interest; provided, however, that if you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest or the sale, issuance, or distribution of the interest, you must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;

i.  any current officer, manager or director of any Debtor for claims based on indemnification, contribution, or reimbursement; and

j.  any Debtor holding a claim against another Debtor.

If the Bankruptcy Court, in the future, fixes a date by which the claims described in Section 2 subparagraphs (a) through (j) must be filed, you will be notified.

## 3.    AMENDMENTS OR SUPPLEMENTS TO SCHEDULES

If the Debtors amend or supplement their Schedules after this Notice is served, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders, as set forth in any such notice, shall have until the later of (i) the General Bar Date or, if the creditor is a governmental unit, the Government Bar Date, and (ii) twenty-one (21) days from the date of service of such notice to file a proof of claim or be barred from so doing (the "Amended Schedules Bar Date").

## 4.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim against the Debtors arising from the rejection of an executory contract or unexpired lease, you must file a proof of claim on or before the later of: (a) the General Bar Date; (b) thirty (30) days after the entry of an order by the Court authorizing such rejection; and (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the

3

"Rejection Damages Bar Date").  For the avoidance of doubt, with respect to nonresidential real property leases, claims arising from the Debtors' rejection of unexpired leases shall include any claims under such unexpired leases as of the Petition Date for purposes of the Bar Date Order and such counterparties shall not be required to file proofs of claim with respect to prepetition amounts unless and until such unexpired leases have been rejected.

5.     **WHEN AND WHERE TO FILE**

All proofs of claim shall be filed with the Debtors' claims agent, Donlin, Recano & Company, Inc. ("DRC") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date at the following address if delivered by first class mail, hand delivery, or overnight courier:

**If sent by United States Postal Service, send to:**

Donlin, Recano & Company, Inc.
Re: Cred Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If sent by Hand Delivery or Overnight Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Cred Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

***Proofs of claim sent by fax or email will not be accepted***.

Alternatively, proofs of claim may be submitted electronically using the interface available on the following website maintained by DRC in connection with these chapter 11 cases (https://www.donlinrecano.com/Clients/cred/FileClaim).

If you wish to receive from DRC a proof of receipt of your proof of claim, you must also include with your original proof of claim a copy of such claim and a self-addressed and pre-stamped envelope.

6.     **WHAT TO FILE**

The Debtors are enclosing a proof of claim form (the "Proof of Claim Form") for use in these chapter 11 cases.  If your claim is scheduled by the Debtors, the form also may set forth the amount of your claim as scheduled by the Debtors.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.

To be properly filed pursuant to this Notice, each proof of claim must (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iii) be denominated in currency of the United States, (iv) to the extent the claim is based on one

or more forms of cryptocurrency, (x) convert such cryptocurrency into U.S. currency using the conversion rate in effect as of 12:00 a.m. (prevailing Eastern Time) on the Petition Date and (y) for each form of cryptocurrency, identify the number of units, name of cryptocurrency, and conversion rate(s) used to convert the cryptocurrency into U.S. currency, (v) conform substantially with the Proof of Claim Form provided with this Notice, and (vi) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation of why the supporting documents are not available.  In addition, any proof of claim asserting a section 503(b)(9) claim must (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (b) attach any documentation identifying the date such goods were received by the Debtors, (c) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (d) identify the particular invoices on which the section 503(b)(9) claim is based.

The Proof of Claim Form can be obtained on the website maintained by DRC at https://www.donlinrecano.com/Clients/cred/Static/POC.  Alternatively, the Official Bankruptcy Form B410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

### 7.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, be advised that:

a.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING THE UNDERLYING CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

### 8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Schedules. Copies of the Debtors' Schedules may be examined and inspected by interested parties during regular business hours at the office of the Clerk of the Bankruptcy Court, 824 N. Market Street, Wilmington, DE, 19801, or at the DRC website, www.donlinrecano.com/cred.

If it is unclear from the Schedules whether your claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you **must** file a proof of claim on or before the applicable Bar Date.  Any creditor that relies on the Schedules bears responsibility for determining that its claim is accurately listed therein.

## 9.    <u>ADDITIONAL INFORMATION</u>

If you require additional information regarding this Notice, you may contact DRC toll free at 1-877-739-9988 or submit an inquiry via e-mail to <u>credinfo@donlinrecano.com</u>.

**If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a proof of claim.  <u>The fact that you received this Notice does not mean that you have a claim or that the Debtors or the Court concedes that you have a claim.</u>**

Dated: December ___, 2020
　　　　Wilmington, Delaware

　　　　　　　　　　　　Scott D. Cousins
　　　　　　　　　　　　**COUSINS LAW LLC**
　　　　　　　　　　　　Brandywine Plaza West
　　　　　　　　　　　　1521 Concord Pike, Suite 301
　　　　　　　　　　　　Wilmington, Delaware 19803

　　　　　　　　　　　　[*Proposed*] *Co-Counsel to the Debtors*

## __Exhibit 2__

**Proof of Claim Form**

In re: Cred Inc., et al.

Debtor name: _____

United States Bankruptcy Court for the District of Delaware

Case number: _____

Your claim is scheduled by the Debtor as:

# Proof of Claim
04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense other than a claim arising under section 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name and address of the creditor.

Name and address of creditor (the person or entity to be paid for this claim):

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**

❏ No  ❏ Yes.
From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

Where should notices to the creditor be sent?

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____

Email: _____

Where should payments to the creditor be sent? (if different)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____

Email: _____

**4. Does this claim amend one already filed?**

❏ No  ❏ Yes. Claim number on court claims registry (if known): _____

Filed on (MM/DD/YYYY): _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❏ No  ❏ Yes.
Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case was Filed

**6. Do you have any number you use to identify the debtor?**

❏ No  ❏ Yes. Last 4 digits of the debtor's account or any identification number used: _____ _____ _____ _____

**7.A. How much is the claim in lawful currency of the United States?**

$_____

**Does this amount include interest or other charges?**
❏ No  ❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**7.B. Is your claim based on a form of cryptocurrency transferred to the Debtors?**

❏ No  ❏ Yes

If you answered yes, on the table below, you must state the number of units for each kind of cryptocurrency that you transferred to the Debtors, the name of the cryptocurrency, and the conversion rate you used to calculate the amount of your claim in lawful currency of the United States. You are required to determine the amount of your claim in United States currency as at 12:00 a.m. (prevailing Eastern Time) on November 7, 2020. You may attach additional pages as needed.

| Number of Units | Name of Cryptocurrency | Conversion Rate |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.  _____ |
|---|---|

| 9. **Is all or part of the claim secured?** | ☐ No |
|---|---|

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle
☐ Other (describe): _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____     **Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured** (the sum of the secured and unsecured amounts should match the amount in line 7):     $_____

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual interest rate** (when case was filed):_____%     ☐ Fixed     ☐ Variable

| 10. **Is this claim based on a lease?** | ☐ No | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
|---|---|---|

| 11. **Is this claim subject to a right of setoff?** | ☐ No | ☐ Yes. Identify the property: _____ |
|---|---|---|

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**  A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.  * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | ☐ No     ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_\_\_) that applies. | $_____ |

| 13. **Is all or part of the claim entitled to priority under 11 U.S.C. § 503(b)(9)?** | ☐ No |
|---|---|

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.  Attach documentation supporting such claim.

$_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*
☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date (MM/DD/YYYY): _____

Signature: _____

**Print the name of the person who is completing and signing this claim:**

First name: _____     Middle: _____     Last:_____

Title: _____

Company (identify the corporate servicer as the company if the authorized agent is a servicer): _____

Address: _____

City: _____     State: _____     Zip: _____

Phone: _____     Email: _____

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the reverse page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the claims agent's website (www.donlinrecano.com/cred) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Administrative expense claim under 11 U.S.C. §503(b)(9):** Administrative expense claims under 11 U.S.C. §503(b)(9) include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a)

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Cred Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Cred Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

Alternatively, your claim can be filed electronically on DRC's website at:
https://www.donlinrecano.com/Clients/cred/FileClaim

**Do not file these instructions with your form.**

## Exhibit 3

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM**
**INCLUDING SECTION 503(b)(9) CLAIMS**

PLEASE TAKE NOTICE THAT:

On November 7, 2020 (the "Petition Date"), Cred Inc. and its affiliated the debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On December ___, 2020 the Court entered an order (the "Bar Date Order")[2] in the Debtors' chapter 11 cases in accordance with Bankruptcy Rule 3003(c) fixing:

(a) **January 29, 2020 at 5:00 p.m.** (prevailing Eastern Time) (the "General Bar Date") as the last date for persons or entities, other than governmental units, to file proofs of claim against any of the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date, including, for the avoidance of doubt, claims arising under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"); and

(b) **May 6, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "Government Bar Date") as the last date for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file proofs of claim against any of the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date.

Copies of the Bar Date Order and the Proof of Claim Form may be viewed and downloaded free of charge at the website of the Debtors' claims agent, Donlin, Recano & Company, Inc. ("DRC"), *i.e.*, www.donlinrecano.com/cred, and also may be obtained by written request to DRC at credinfo@donlinrecano.com.

All proofs of claim shall be filed with DRC pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date at the following address if delivered by first class mail, hand delivery, or overnight courier:

**If sent by United States Postal Service, send to:** Donlin, Recano & Company, Inc., Re: Cred Inc., et al.,  P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219.

**If sent by Hand Delivery or Overnight Delivery, send to:** Donlin, Recano & Company, Inc., Re: Cred Inc., et al., 6201 15th Avenue, Brooklyn, NY 11219.

***Proofs of claim sent by fax or email will not be accepted***.

Alternatively, proofs of claim may be submitted electronically using the interface available on the following website maintained by DRC in connection with these chapter 11 cases (https://www.donlinrecano.com/Clients/cred/FileClaim).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used by not otherwise defined in this Notice have the meanings set forth in the Bar Date Order.

To be properly filed, each proof of claim must (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iv) (iv) to the extent the claim is based on one or more forms of cryptocurrency, (x) convert such cryptocurrency into U.S. currency using the conversion rate in effect as of 12:00 a.m. (prevailing Eastern Time) on the Petition Date and (y) for each form of cryptocurrency, identify the number of units, name of cryptocurrency, and conversion rate(s) used to convert the cryptocurrency into U.S. currency, (v) conform substantially with the Proof of Claim Form provided with this Notice, and (vi) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation of why the supporting documents are not available.  In addition, any proof of claim asserting a section 503(b)(9) claim must (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (b) attach any documentation identifying the date such goods were received by the Debtors, (c) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (d) identify the particular invoices on which the section 503(b)(9) claim is based.

Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date: (i) shall be forever barred, estopped, and enjoined from asserting the underlying claim against the Debtors (or filing a proof of claim with respect thereto); (ii) shall not receive any distribution in the Debtors' chapter 11 cases on account of that claim; and (iii) shall not be permitted to vote on any chapter 11 plan for the Debtors on account of the barred claim or receive further notices regarding such claim.  In addition, the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

If you require additional information regarding this Notice, you may contact DRC toll free at 1-877-739-9988 or submit an inquiry via e-mail to credinfo@donlinrecano.com.  **If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a proof of claim.**

Scott D. Cousins
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803

*[Proposed]* Co-Counsel to the Debtors