**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CRED INC., et al.[1] ) | Case No. 20-12836 (JTD) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**EMERGENCY MOTION OF JAIME SHILLER, TAKASHI YANAGI, WU CHI KING, JOSEPH RICHARDSON, THOMAS CALVERT, CLINT COWEN, ROBIN HOUCK, TODD WISEMAN, MATTHEW DIXON, JONATAN ASHUROV, DANIEL BECKER, TEPPEI MIYAUCHI, JEAN VACCA, XIAN SU, AND EMMANUEL BEAUFILS TO COMPEL THE DEBTORS TO MAKE DEMAND OF CERTAIN CRYPOCURRENCY EXCHANGES TO FREEZE THE TRANSFER OF CERTAIN ACCOUNTS THAT MAY HOLD THE DEBTORS' ASSETS**

Jaime Shiller, Takashi Yanagi, Wu Chi King, Joseph Richardson, Thomas Calvert, Clint Cowen, Robin Houck, Todd Wiseman, Matthew Dixon, Jonatan Ashurov, Daniel Becker, Teppei Miyauchi, Jean Vacca, Xian Su, and Emmanuel Beaufils (collectively, the "Movants"), hereby file this emergency motion to compel the Debtors to make demand of certain cryptocurrency exchanges to freeze certain accounts that may hold the Debtors' assets (the "Motion"), and upon in support of the request herein, the Movants hereby state as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

## BACKGROUND

3. The Debtors operate a financial technology platform through which customers transfer cryptocurrency to the Debtors—generally through a loan agreement or financing agreement.

4. On November 7, 2020, the above-captioned debtors (the "Debtors") each filed voluntary bankruptcy petitions. On November 8, 2020, the Debtors filed the declaration of the Debtors' co-founder and Chief Executive Officer of Cred Inc., Daniel Schatt, in support of Debtors' Chapter 11 petitions and first day motions (the "Schatt Declaration") [Docket No. 12]. In the Schatt Declaration, Mr. Schatt stated the reason for the filing of these cases was a confluence of events, including:

   a. In March 2020, the former Chief Capital Officer, James Alexander, failed to appropriately issue new securities for the Debtors, which resulted in Cred Capital never receiving certain capital;

   b. In July 2020, the Debtors discovered that Mr. Alexander had absconded with $3 million of bitcoin that had been loaned to the Debtors;

   c. The theft of 800 bitcoin worth over $10 million of bitcoin by an imposter hired by the Debtors; and

   d. Costs devoted to litigating against Mr. Alexander.

5. On November 8, 2020, the Debtors also filed the declaration of Drew McManigle, founder and Chief Executive Officer, Macco Restructuring Group, LLC. (the "McManigle Declaration") [Docket No. 16]. In his declaration, Mr. McManigle states that the Debtors have approximately $67,839,000 in assets, including loans and assets under management, and over $136,499,000 in liabilities. See McManigle Declaration, Exhibit B.

6. The Movants are claimants who had transferred to the Debtors certain bitcoin with a collective value in excess of present value over $50,000,000 USD. Each of the Movants has standing to be heard pursuant to 11 U.S.C. § 1109(b).

7. Counsel, working with information provided by Movants and a crypto analytics firm, has identified 21 cryptocurrency exchanges/services which have processed at least 8,502 bitcoin transactions. The present value of the bitcoin processed through these accounts has a present value in excess of $150,000,000. These exchanges/services include but are not limited to:

   e. Coinbase
   f. Bittrex
   g. BitMex
   h. FTX
   i. Xapo
   j. Uphold
   k. Okex
   l. Bitfinex
   m. Binance
   n. Ren
   o. Bitstamp
   p. Houbi
   q. Gemini
   r. Bitpanda
   s. Kraken
   t. HitBTC
   u. Deribit
   v. Crypto.com
   w. Luno
   x. Bixin
   y. CoinPayments.net

8. There are twenty one exchanges/services, which counsel based on information provided by Movants have identified include five (5) primary exchanges based in the United States (collectively, the "US Exchanges").[2]  While Movants cannot ascertain how much of the

---

[2] The Exchanges that are based in the United States are Bittrex, Inc., Coinbase, Inc., Xapo, Inc., Gemini, and Payward Inc. d/b/a Kraken.

cryptocurrencies remain at these exchanges, on information and belief, insiders of Cred hold accounts at these exchanges and the exchanges/services are aware of accounts that are linked to the missing Cred cryptocurrencies that remain at their exchanges/services. The exchanges/services are the primary means for converting cryptocurrencies into US dollars/fiat.

9. On November 18, 2020, Krzysztof Majdak and Philippe Godinea (the "Original Movants"), filed a Motion for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (i) Dismissing the Cases; (ii) Converting the Cases to a Chapter 7 Liquidation; or (iii) Appointing a Chapter 11 Trustee [Docket No. 62](the "Motion to Dismiss"). The Motion to Dismiss is scheduled to be heard on December 9, 2020. The Movants are considering whether to join the Motion to Dismiss and the relief sought therein, in whole or in part.

10. In the meantime, the Movants are aware that some, but not all, of the cryptocurrencies that were allegedly taken from the Debtors (the "Debtors' Crypto")[3] can be traced to certain accounts with the Exchanges.[4] Specifically, the Exchanges processed at least 3,529 bitcoin belonging to the Debtors, presently worth $63,500,000. Specifically, the US Exchanges processed at least 3,529 bitcoin belonging to the Debtors, presently worth $63,500,000. Upon information and belief, the Debtors have not taken any action - either prior to or since the Petition Date - to notify any of the Exchanges that the Debtors' bitcoin/cryptocurrencies are/were in those accounts and make demand that the Exchanges freeze those accounts holding the Debtors' bitcoin/cryptocurrencies pending a further determination as to ownership.

---

[3] The Movants understand that there may be issues with respect to whether the bitcoin that were in the Debtors' possession are property of the Debtors' estates under Section 541, if that the Debtors were simply bailors for the actual owners who pledged or loaned their bitcoin to the Debtors. Such designation is not relevant to the issues raised by this motion, and the definition used herein is solely for the purpose of identification

[4] The Movants are willing to disclose the tracing analysis and non-public address information to the Debtors, the United States Trustee, and this Court, if necessary, but believe public disclosure would not be in the best interests of the estates or their creditors.

**RELIEF REQUESTED**

11. The Movants hereby request on an emergency basis that the Debtors' be required to serve upon the Exchanges a demand that such exchanges freeze accounts believed to hold the Debtors' Crypto and any related accounts that currently possess related transactions to known related parties of Cred including all insiders of the company.

12. It is utterly incomprehensible that the Debtors have not made demand to preserve assets that were transferred from the Debtors in April 2020 and can be easily liquidated. Moreover the failure to make such demand is nothing short of gross mismanagement and negligence because, absent such demand, the bitcoins held in those accounts can be transferred at any time, and with such transfers, those amounts may never be recovered. To be clear, Debtors must have done a similar analysis and based on the publicly available information of the blockchain must know where some if not all of the missing assets are.

13. The relief sought herein will not prejudice the estates or any other party in interest. Rather, it is intended to do something that the Debtors are either unwilling or unable to do: identify Cred insiders who possess large amounts of the stolen cryptocurrencies, preserve the assets of the estates for the benefit of creditors; and identify where the missing $100,000,000 is. Further, the rights of all parties with respect to those identified accounts are expressly subject to this Court's jurisdiction.

14. Finally, time is of the essence. Because the Motion to Dismiss is not scheduled to be heard on December 9, 2020, there is a need to put all parties on notice immediately. Absent such seasonable relief, the damages that may be suffered by the Debtors, the bankruptcy estates, the Movants, and other creditors of the Debtors may be significant and irreparable.

## RESERVATION OF RIGHTS

15. The Movants expressly reserve and preserve all rights and claims against the Debtors, their insiders, employees, agents, or advisors, with respect to the underlying negligence in failing to preserve the Debtors' assets.

## NOTICE

16. A copy of this Motion for Expedited Relief is being served upon (i) the Debtors, (ii) the Debtors' counsel, (iii) the Office of the United States Trustee, (iv) the Original Movants, (v) each of the Exchanges, and (vi) all parties having entered an appearance in these Chapter 11 cases.

## CONCLUSION

17. For the above reasons, the Movants respectfully request that the Court enter an order in the form hereto (i) granting the Motion, (ii) directing that the Debtors issue a notice substantially in the form attached as Exhibit A to the Motion to each of the Exchanges, or alternatively, allowing Movants to provide notice to the listed exchanges/services with additional detailed information of the missing cryptocurrencies, and (iii) granting to the Movants such other

and further relief as is just and proper.

Dated: November 23, 2020                     **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Email: jwaxman@morrisjames.com

   -and-

David C. Silver, Esquire.
SILVER MILLER
11780 W Sample Road
Coral Springs, Florida 33065
Phone: (954) 516-6000

*Counsel to the Movants*