**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing: Nov. 25, 2020 @ 11:00 a.m.<br>Objection Deadline: At the hearing<br><br>Re: D.I. 75 |

**RESPONSE OF DEBTORS TO EMERGENCY MOTION OF JAIME SHILLER, TAKASHI YANAGI, WU CHI KING, JOSEPH RICHARDSON, THOMAS CALVERT, CLINT COWEN, ROBIN HOUCK, TODD WISEMAN, MATTHEW DIXON, JONATHAN ASHUROV, DANIEL BECKER, TEPPEI MIYAUCHI, JEAN VACCA, XIAN SU, AND EMMANUEL BEAUFILS TO COMPEL THE DEBTORS TO MAKE DEMAND OF CERTAIN CRYPTOCURRENCY EXCHANGES TO FREEZE THE TRANSFER OF CERTAIN ACCOUNTS THAT MAY HOLD THE DEBTORS' ASSETS**

**TO THE HONORABLE JOHN T. DORSEY, UNITED STATES BANKRUPTCY JUDGE:**

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") respectfully respond as follows to the *Emergency Motion of Jaime Shiller, Takashi Yanagi, Wu Chi King, Joseph Richardson, Thomas Calvert, Clint Cowen, Robin Houck, Todd Wiseman, Matthew Dixon, Jonathan Ashurov, Daniel Becker, Teppei Miyauchi, Jean Vacca, Xian Su, and Emmanuel Beaufils to Compel the Debtors to Make Demand of Certain Cryptocurrency*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

*Exchanges to Freeze the Transfer of Certain Accounts that May Hold the Debtors' Assets* [D.I. 75] (the "Motion"):

## PRELIMINARY STATEMENT

1.  The Debtors are fully committed to recovering any misappropriated cryptocurrency assets and maximizing the value of the estates. For example, a mere week after the Petition Date, the Debtors brought an adversary proceeding against James Alexander for turnover to recover misappropriated assets. That adversary proceeding is currently pending in this Court. With respect to approximately 800 bitcoin that were stolen by an imposter pretending to be Quantcoin, the Debtors continue to work with law enforcement to recover those assets. Moreover, in order to achieve a value-maximizing transaction for the benefit of all stakeholders, the Debtors have retained an investment banker and filed proposed bidding procedures for a sale process that the Debtors have now commenced.

2.  Indeed, given the Debtors' efforts over the first two-weeks of these cases to maximize value, the Motion was entirely unnecessary and the issues raised in it could have been quickly resolved by engaging in a dialogue with the Debtors' professionals. The Debtors have no objection to the movants' suggestion that cryptocurrency exchanges be given notice that assets transferred from the addresses used by Mr. Alexander or the imposter be frozen so as to permit the Debtors to undertake additional recovery initiatives.

3.  Although the movants declined to share the motion with Debtors' counsel prior to filing it, Debtors' counsel reviewed it after being served with the motion on Monday, met and conferred with the movants on Tuesday, and both sides agreed that sending a letter prior to Thanksgiving would be advantageous. To that end, the Debtors have drafted the attached letter and plan to send it out as soon as possible.

4.	In light of the parties' resolution of the relief requested in the Motion, the Debtors respectfully request that the relief requested in the Motion be denied.

## RESPONSE

5.	Since the Petition Date, the Debtors have undertaken numerous actions to recover property of the estate and maximize value. As mentioned above, the Debtors are seeking turnover of the assets misappropriated by James Alexander,[2] and have continued to engage with law enforcement authorities about recovering the cryptocurrency stolen by the imposter. In addition, the Debtors recently hired Teneo as their investment banker[3] and have begun a fulsome marketing process to sell the business.[4]

6.	Despite the fact that the cases are barely two-weeks old, movants filed the Motion without engaging in any meaningful dialogue with the Debtors, other than to seek consent for its emergency consideration. The Motion does not even seek relief against the Debtors, but rather inappropriately requests what is essentially an affirmative injunction compelling counsel to the Debtors to make demands on various cryptocurrency exchanges, regardless of whether they have any connection to the Debtors and without specifying any relevant blockchain addresses that may have been used to deprive the Debtors of their property.

7.	Upon reviewing the Motion, counsel to the Debtors met and conferred with movants' counsel and Debtors' counsel agreed to send a letter in the form annexed to this

---

[2] *See* Adv. Proc. 20-51006 (Bankr. D. Del. Nov. 18, 2020).

[3] *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Teneo Capital LLC as Investment Banker for Debtors, Effective* Nunc Pro Tunc *to November 16, 2020* [D.I. 63].

[4] *See Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Notice Thereof, and (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (II) Authorizing (A) the Sale(s), Free and Clear of Liens, Claims, Interests, and Encumbrances, and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 65].

Response as **Exhibit A**.  Debtors' counsel intends to send the attached letter to each of the exchanges identified by Movants, as well as other exchanges identified by the Debtors that may be relevant, before the Thanksgiving holiday.  The letter requests that the exchanges receiving the letter freeze cryptocurrency transferred to-or-from certain identified addresses that the Debtors have ascertained through their investigations as associated with the illicit takings of their assets.

8.        Although the Motion is unsubstantiated and unwarranted, the Debtors agree with the goal of taking all reasonable measures to recover assets of the estates.   In light of the parties' agreement that the sending of the attached letter prior to Thanksgiving addresses the relief requested in the Motion, the Debtors respectfully requests the Court deny the Motion as moot.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors request the Court deny the Motion and grant the Debtors such other and further relief as is just and proper.

Dated: November 25, 2020
      Wilmington, Delaware

*Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:    scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:    jamesgrogan@paulhastings.com
            mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (*pro hac vice* pending)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:    alexbongartz@paulhastings.com
            aviluft@paulhastings.com
            derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*