**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>    Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 20-12836 (JTD)<br>)<br>) (Jointly Administered)<br>)<br>) **Related to Docket Nos. 6, 34 and 61** |

**MAPLE PARTNERS LLC'S JOINDER TO DEBTORS' MOTIONS TO
REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL
IDENTIFICATION INFORMATION AND TO FILE UNDER SEAL CERTAIN
<u>CONFIDENTIAL INFORMATION</u>**

  Maple Partners LLC ("<u>Maple Partners</u>") hereby files this joinder (this "<u>Joinder</u>") to (i) the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to File a Consolidated List of Debtors' 30 Largest Unsecured Creditors, (II) Authorizing Debtors to Serve Certain Parties by E-mail, (III) Authorizing Debtors to Redact or Withhold Publication of Certain Personal Identification Information, and (IV) Granting Related Relief* [D.I. 6] (the "<u>Redaction Motion</u>"), and (ii) the *Debtors' Motion for Entry of an Order Authorizing the Filing under Seal of Certain Confidential Information Pursuant to Order (I) Authorizing Debtors to File a Consolidated List of Debtors' 30 Largest Unsecured Creditors, (II) Authorizing Debtors to Serve Certain Parties by E-mail, (III) Authorizing Debtors to Redact or Withhold Publication of Certain Personal Identification Information, and (IV) Granting Related Relief* [D.I. 61] (the "<u>Seal Motion</u>," and together with the Redaction Motion, the "<u>Confidentiality Motions</u>") insofar as the

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is located at 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Confidentiality Motions seek relief to protect the identities, and maintain the privacy, of the Debtors' individual customers, and respectfully state as follows:

**General Background**

1. Maple Partners is a limited liability company formed by two individual holders (the "Holders") of ethereum (ETH) and bitcoin (BTC) who were customers of the Debtors pursuant to two Cred Loan Agreements (the "Cred Loan Agreements"). The company was formed, in part, to protect the identities of the Holders during these chapter 11 cases. Upon the formation of Maple Partners, the Holders transferred to Maple Partners their ETC and BTC interests and their rights under the Cred Loan Agreements. Accordingly, Maple Partners, and not the Holders, should be reflected as the Debtors' customer in the Debtors' records.[2]

2. The relief that the Debtors are seeking through the Confidentiality Motions is similar: by the Redaction Motion, the Debtors seek to (i) redact from any publicly available document the names and all associated identifying information of the Debtors' customers, and (ii) withhold from publication any proofs of claim filed by their customers. In support of the motion, the Debtors reason that their customer list and related customer data are valuable assets and public dissemination could give competitors an unfair advantage. The Debtors also argue that many of their customers are high net worth individuals and disclosure of identifying information could lead to negative publicity or identity theft.

3. An interim order granting the relief requested in the Redaction Motion was entered on November 10th [D.I. 34] (the "Interim Order"). The Interim Order provides, in part, that the "Debtors are authorized, on an interim basis, to redact the names, mailing addresses, and e-mail

---

[2] In particular, Maple Partners expects that the name "Maple Partners LLC," *and not the names of the Holders*, will be reflected in the Schedules and any other applicable documents filed with the Court as the owner of the BTC and ETH interests referenced in the Cred Loan Agreements between the Holders and the Debtors.

addresses of their customers, as well as the mailing and e-mail addresses of their individual creditors, on any documents it files or makes publicly available in connection with these chapter 11 cases, including the schedules, the Creditor Matrix, and the Top 30 List[.]" *See* Interim Order, at ¶ 5.

4. By the Seal Motion, for reasons identical to the reasoning set forth in the Redaction Motion, the Debtors seek authority to file under seal certain information protected by the Interim Order.

**Joinder**

5. Maple Partners does not dispute the Confidentiality Motions but files this Joinder to expand upon the Debtors' explanation as to why confidentiality is critical when it comes to the identities of the Debtors' customers.

6. Pursuant to the Cred Loan Agreements (which are presumably similar to certain of the Debtors' agreements with their other customers), the Holders provided cryptocurrency to the Debtors to earn interest. Similar to when one deposits or loans money from a financial institution, there is a general and reasonable expectation of privacy with respect to such transactions. This expectation and need for privacy is heightened in the context of the cryptocurrency market.

7. Cryptocurrency is rife with fraud and scams because there are ways to steal cryptocurrency that are untraceable. In addition, because cryptocurrency is a new space, the same types of security safeguards that are in place for transactions with large banks or financial institutions do not exist. The result is that funds held by holders of cryptocurrency are only as secure as the holders can make them through their own efforts, and the security of such information is under constant threat. Indeed, cryptocurrency hacks have continued to increase in recent years. *See* Catalin Cimpanu, *2019 Saw More Cryptocurrency Hacks than Any Other Year*, ZDNet

- 4 -

(Jan. 28, 2020), https://protect-us.mimecast.com/s/gMsiCADQWRumXlk7TOhNj4?domain=zdnet.com (stating that hacks of major cryptocurrency exchanges in 2019 represented the highest number of security breaches at cryptocurrency exchange portals recorded in a single year in the last decade).

8. If, and as soon as, any individual customer names are publicly disclosed, Maple Partners expects that those customers will become the primary targets of persistent – and likely, *daily* – attempts at attacks on their accounts, which could include phishing, SIM porting, viruses, doxxing, blackmail and impostor emails, to name a few. Maple Partners has instituted best practices in securing its accounts but, even in such circumstances, these practices may not prevent a well-resourced operation from successfully hacking its accounts through these various methods. These risks are further made riskier where the individual names of holders are revealed since anyone who is known to have large holdings of cryptocurrency will become an immediate target for fraud.

9. The Debtors' largest customers have substantial holdings of cryptocurrency, likely beyond what they deposited with the Debtors, and these chapter 11 cases are likely already being closely tracked by parties with improper intentions. If a list of the largest customers is published, those parties will almost certainly become targets of scammers, and they will incur an undue burden, in terms of both financial and personal costs, in protecting their accounts. Such a result is unnecessary and unfair, particularly in a case where holders such as Maple Partners are already faced with financial loss as a result of the Debtors' mismanagement and fraudulent practices. In contrast, because customers of the Debtors all have similar claims against the Debtors, there is no public interest served in making the list of these customers public.

10. For these reasons, Maple Partners joins the Confidentiality Motions to further support the relief sought to protect the identities of the Debtors' customers, and incorporate all of the relevant arguments raised in such motions as if set forth in detail herein.

11. Maple Partners further reserves the right to amend or supplement this Joinder and make such other and further arguments as may be necessary or appropriate, whether at or prior to the hearing on the Confidentiality Motions.

WHEREFORE, Maple Partners respectfully requests that the relief requested in the Confidentiality Motions be granted, and that the Court grant such other and further relief as deemed just and proper.

Dated: December 2, 2020

SAUL EWING ARNSTEIN & LEHR LLP

*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mark.minuti@saul.com
　　　　monique.disabatino@saul.com

*Attorneys for Maple Partners LLC*