# Exhibit 5

# CONTRIBUTION AGREEMENT
(Cred LLC)

This Contribution Agreement (this "Agreement"), effective as of March 16, 2020, is made by and between **Cred Capital, Inc.**, a Delaware corporation (the "Corporation"), and **Cred LLC**, a Delaware limited liability company (the "Contributor"). The Corporation and the Contributor are sometimes individually referred to herein as a "Party" and collectively as the "Parties".

WHEREAS, the Contributor desires to make an initial capital contribution to the Corporation in exchange for an aggregate of 5,000,000 shares of the originally issued Class B common stock in the Corporation (the "Shares"), subject to the terms and conditions set forth herein.

WHEREAS, the contribution pursuant to this Agreement is one of several contributions structured and intended to collectively satisfy the requirements of and qualify as non-taxable contributions under Section 351 of the Internal Revenue Code of 1986, as amended (the "Code").

NOW, THEREFORE, in consideration of the foregoing and of the mutual promises and covenants set forth herein, the Parties agree as follows:

1.  Contribution for Shares. Subject to the terms and conditions of this Agreement, (a) the Contributor hereby contributes for and agrees to purchase, and the Corporation hereby agrees to issue, sell and deliver to the Contributor, the Shares; (b) as full consideration for the Shares, the Contributor shall contribute, convey, assign, transfer and deliver to the Corporation the assets and consideration described on Appendix 1 attached hereto (the "Assets"), free and clear of any Liens (as defined below); and (c) the Corporation shall receive, acquire and accept the Assets from the Contributor (free and clear of any and all Liens); and (c) the Corporation hereby accepts the foregoing assignment of the Assets.

2.  Representations and Warranties of the Contributor. The Contributor represents and warrants to the Corporation that (a) the Contributor has duly and validly executed and delivered to the Corporation this Agreement, which Agreement constitutes a valid and binding agreement of the Contributor, enforceable against the Contributor in accordance with its terms, except that such enforcement may be subject to bankruptcy, conservatorship, receivership, insolvency, moratorium or similar laws affecting creditors' rights generally and to general principles of equity, (b) the Contributor owns the Assets free and clear of any and all liens, security interests, charges, licenses, covenants, options, claims, restrictions or encumbrances of any kind (collectively "Liens"), and (c) the Shares constitute full consideration for all rights, title or interest that Contributor has or may have in and to the Assets.

3.  Representations and Warranties of the Corporation. The Corporation represents and warrants to the Contributor as follows:

    (a)  Organization, Power and Authority, and Qualification. The Corporation is a corporation duly incorporated, validly existing and in good standing under the laws of the State of Delaware and has the corporate power and corporate authority to execute and deliver this Agreement and to carry out the transactions contemplated hereby. Upon issuance, the Shares shall be validly issued, fully paid and non-assessable shares of Common Stock of the Corporation.

(b) <u>Binding Obligation</u>. The Corporation has caused this Agreement to be duly and validly executed on its behalf and delivered to the Contributor and this Agreement constitutes a valid and binding agreement of the Corporation, enforceable against the Corporation in accordance with its terms, except that such enforcement may be subject to bankruptcy, conservatorship, receivership, insolvency, moratorium or similar laws affecting creditors' rights generally and to general principles of equity.

4. <u>Stock Certificate Restrictions</u>. All certificates representing Shares subject to this Agreement shall bear a legend in substantially the following form:

> "THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "<u>SECURITIES ACT</u>"), OR STATE SECURITIES LAWS AND CANNOT BE OFFERED, SOLD, OR TRANSFERRED IN THE ABSENCE OF REGISTRATION OR EXEMPTION FROM REGISTRATION UNDER THE SECURITIES ACT AND APPLICABLE STATE SECURITIES LAWS AND REGULATIONS PROMULGATED THEREUNDER. THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE BEEN ACQUIRED BY THE REGISTERED OWNER HEREOF FOR INVESTMENT AND NOT WITH A VIEW TO OR FOR SALE IN CONNECTION WITH ANY DISTRIBUTION THEREOF IN VIOLATION OF THE SECURITIES ACT. THE SHARES MAY NOT BE SOLD, PLEDGED, TRANSFERRED OR ASSIGNED EXCEPT IN A TRANSACTION WHICH IS EXEMPT UNDER THE PROVISIONS OF THE SECURITIES ACT AND ANY APPLICABLE STATE SECURITIES LAWS, OR PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT OR IN A TRANSACTION OTHERWISE IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE SECURITIES LAWS."

5. <u>Miscellaneous Provisions</u>.

(a) <u>Governing Law</u>. This Agreement shall be enforced, governed and construed in accordance with the laws of the State of Delaware, but not including the choice of law rules thereof.

(b) <u>Binding Effect</u>. All covenants and agreements in this Agreement by or on behalf of any of the Parties shall bind and inure to the benefit of their respective successors and permitted assigns.

(c) <u>Assignment</u>. Contributor shall not assign this Agreement, in whole or in part, whether by operation of law or otherwise, without the prior written consent of the Corporation, and any such assignment contrary to the terms hereof shall be null and void and of no force and effect.

(d) <u>Integration, Amendment and Waiver</u>. This Agreement constitutes the entire agreement between the Parties with respect to the matters set forth herein and supersedes and renders of no force and effect all prior oral or written agreements, commitments and understandings between the Parties with respect to the matters set forth herein. Except as otherwise expressly provided in this Agreement, no amendment, modification or discharge of this Agreement, and no waiver hereunder, shall be valid or binding unless set forth in writing and duly executed by each of the Parties.

(e) <u>Counterparts</u>. This Agreement may be executed in any number of counterparts (including by means of facsimile or PDF), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

(f) <u>Severability</u>. If any part of this Agreement shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of such provision or the remaining provisions of this Agreement.

(g) <u>Headings</u>. Section headings contained in this Agreement are inserted for convenience of reference only, shall not be deemed to be a part of this Agreement for any purpose, and shall not in any way define or affect the meaning, construction or scope of any of the provisions hereof.

\* \* \* \* \* \* \*

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be duly executed as of the date first written above.

**CORPORATION:**

CRED CAPITAL, INC.

By: *James Alexander* (DocuSigned)
Name: James Alexander
Title: Officer

**CONTRIBUTOR:**

CRED LLC

By: *Dan Schatt* (DocuSigned)
Name: Dan Schatt
Title: Chief Executive Officer

[Signature Page to Founder Contribution Agreement]

80

# APPENDIX 1

## ASSETS

1. Contributor has entered into that certain Asset Management Agreement with Corporation and pursuant thereto, has among other things, agreed to pay Corporation a minimum aggregate of $2 million in fees thereunder.  Contributor's failure to make the full contribution of $2 million as agreed will result in a forfeiture of shares proportionate to the portion of the $2 million that was not paid to Corporation.

2. Contributor will pay up to an aggregate of $300,000 of the Corporation's expenses during the six-month period following the date of this Agreement as and when requested by the Corporation and Corporation may accept such payment as an in-kind contribution as contemplated by the Asset Management Agreement.

[Appendix 1 to Contribution Agreement]