# Exhibit 11

## AMENDED AND RESTATED CERTIFICATE OF INCORPORATION

## OF

## CRED CAPITAL, INC.

Cred Capital, Inc., a corporation organized and existing under the laws of the State of Delaware, hereby certifies as follows:

1.      The name of the corporation is Cred Capital, Inc.   The corporation was formed by filing its original certificate of incorporation with the Secretary of State of the State of Delaware on March 10, 2020.

2.      This amended and restated certificate of incorporation was duly adopted by the board of directors of the corporation and by the stockholders of the corporation in accordance with sections 242 and 245 of the Delaware General Corporation Law and by the written consent of the stockholders of the corporation in accordance with Section 228 of the Delaware General Corporation Law.

3.      This amended and restated certificate of incorporation restates, integrates and amends the provisions of the corporation's certificate of incorporation.

4.      The text of the corporation's certificate of incorporation is hereby amended and restated in its entirety to read as follows:

**FIRST**: The name of the corporation is Cred Capital, Inc. (the "Corporation").

**SECOND**: The registered office of the Corporation is to be located at 251 Little Falls Drive, in the City of Wilmington, in the County of New Castle, in the State of Delaware 19808. The name of the Corporation's registered agent at that address is Corporation Service Company.

**THIRD**: The purpose of the Corporation is to engage in any lawful act or activity, without limitation, for which a corporation may be organized under the Delaware General Corporation Law ("DGCL").

**FOURTH**:

1.      **Authorized Capital Stock; Reclassification.**

(a)      The total number of shares of capital stock that the Corporation is authorized to issue is one thousand (1,000) shares, all of which shall be common stock, par value $0.00001 per share (the "Common Stock").

(b)      Upon the effectiveness of the filing of this amended and restated certificate of incorporation (the "Effective Time"), each share of Class A Common Stock validly issued and outstanding immediately prior to the Effective Time (the "Old Common Stock") shall be reclassified into one validly issued, fully paid, and non-assessable share of Common Stock, automatically and without any action by the Corporation or the holder thereof.

2.      **Common Stock**

(a)      The holders of shares of Common Stock shall be entitled to one vote for each such share on each matter properly submitted to a vote of the stockholders on which the holders of shares

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:51 PM 06/22/2020
FILED 12:51 PM 06/22/2020
SR 20205822442 - File Number 7893962

of Common Stock are entitled to vote and the Common Stock shall have the exclusive right to vote for the election of directors and for all other matters properly submitted to a vote of the stockholders. There shall be no cumulative voting.

(b)      The holders of shares of Common Stock shall be entitled to receive such dividends (payable in cash, property or capital stock of the Corporation) when, as and if declared thereon by the board of directors from time to time out of any assets or funds of the Corporation legally available therefor and shall share equally on a per share basis in such dividends.

(c)      In the event of any voluntary or involuntary liquidation, dissolution or winding-up of the Corporation, after payment or provision for payment of the debts and other liabilities of the Corporation, the holders of all outstanding shares of Common Stock shall be entitled to receive all the remaining assets of the Corporation available for distribution to its stockholders, ratably in proportion to the number of shares of Common Stock held by each such stockholder.

**FIFTH**:  The board of directors of the Corporation is authorized and empowered, from time to time in its discretion, to make, alter, amend or repeal bylaws of the Corporation, except as such power may be restricted or limited by the DGCL.  The stockholders also shall have the power to adopt, amend or repeal the bylaws of the Corporation.

**SIXTH**:  For the management of the business and for the conduct of the affairs of the Corporation, and in further definition, limitation and regulation of the powers of the Corporation, of its directors and of its stockholders, as the case may be, it is further provided that:

(a)      Except as otherwise provided by the DGCL or this amended and restated certificate of incorporation, the business and affairs of the Corporation shall be managed by or under the direction of the board of directors of the Corporation.

(b)      The number of directors which shall constitute the whole board of directors of the Corporation shall be fixed by, or in the manner provided in, the bylaws of the Corporation. The phrase "whole Board" and the phrase "total number of directors" shall be deemed to have the same meaning, to wit, the total number of directors which the Corporation would have if there were no vacancies in previously authorized directorships.

(c)      Each director shall serve until his or her successor is duly elected and qualified or until his or her earlier death, resignation, or removal.

(d)      The directors of the Corporation need not be elected by written ballot unless the bylaws of the Corporation so provide.

(e)      Any director, or the entire board of directors of the Corporation, may be removed from office by the stockholders of the Corporation, with or without cause, by the holders of a majority total voting power of all then outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class.

(f)      Meetings of stockholders may be held within or without the State of Delaware, as the bylaws of the Corporation may provide.

**SEVENTH:** No director of the Corporation shall be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (a) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (b) for acts or omissions not in good

2

faith or which involve intentional misconduct or a knowing violation of law, (c) under section 174 of the DGCL, or (d) for any transaction from which the director derived an improper personal benefit.

**EIGHTH**:

(a)    The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (a "Covered Person") who was, is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Covered Person. Notwithstanding the preceding sentence, except as otherwise provided in paragraph (c) of this Article EIGHTH, the Corporation shall be required to indemnify a Covered Person in connection with a Proceeding (or part thereof) commenced by such Covered Person only if the commencement of such Proceeding (or part thereof) by the Covered Person was authorized in the specific case by the Board of Directors.

(b)    The Corporation shall, to the fullest extent not prohibited by applicable law, pay the expenses (including attorneys' fees) incurred by a Covered Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by applicable law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Covered Person to repay all amounts advanced if it should be ultimately determined that the Covered Person is not entitled to be indemnified under this Article EIGHTH or otherwise.

(c)    If a claim for indemnification (following the final disposition of such Proceeding) or advancement of expenses under this Article EIGHTH is not paid in full within thirty days after a written claim therefor by the Covered Person has been received by the Corporation, the Covered Person shall thereupon (but not before) be entitled to file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim to the fullest extent permitted by applicable law.  In any such action, the Corporation shall have the burden of proving that the Covered Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

(d)    The rights conferred on any Covered Person by this Article EIGHTH shall not be exclusive of any other rights which such Covered Person may have or hereafter acquire under any statute, provision of this Certificate of Incorporation, the Bylaws, any agreement, vote of stockholders or disinterested directors or otherwise.

(e)    The Corporation's obligation, if any, to indemnify or to advance expenses to any Covered Person who was or is serving at its request as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, enterprise or nonprofit entity shall be reduced by any amount such Covered Person may collect as indemnification or advancement of expenses from such other corporation, partnership, joint venture, trust, enterprise or non-profit enterprise.

(f)    Any right to indemnification or to advancement of expenses of any Covered Person arising hereunder shall not be eliminated or impaired by an amendment to or repeal of this Certificate of

Incorporation after the occurrence of the act or omission that is the subject of the Proceeding for which indemnification or advancement of expenses is sought.

(g)    This Article EIGHTH shall not limit the right of the Corporation, to the extent and in the manner permitted by applicable law, to indemnify and to advance expenses to persons other than Covered Persons when and as authorized by appropriate corporate action.

(h)    The Corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, enterprise or non-profit entity against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under the provisions of the DGCL.

NINTH:  Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (a) any derivative action or proceeding brought on behalf of the Corporation, (b) any action asserting a claim of breach of a fiduciary duty owed or other wrongdoing by any director, officer, employee or agent of the Corporation to the Corporation or the Corporation's stockholders, (c) any action asserting a claim arising pursuant to any provision of the DGCL or this Certificate of Incorporation or the Bylaws of the Corporation (as either may be amended from time to time) or as to which the DGCL confers jurisdiction on the Court of Chancery of the State of Delaware, (d) any action to interpret, apply, enforce or determine the validity of this Certificate of Incorporation or the Bylaws of the Corporation (as either may be amended from time to time), or (e) any action asserting a claim governed by the internal affairs doctrine shall be the Court of Chancery in the State of Delaware (or, if the Court of Chancery does not have jurisdiction, the federal district court for the District of Delaware).  Any person purchasing or otherwise acquiring or holding any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this Article NINTH.

4

**IN WITNESS WHEREOF**, the undersigned, as a duly authorized officer of the Corporation, has signed this amended and restated certificate of incorporation on this 22nd day of June, 2020.

CRED CAPITAL, INC.


By:  \_\_/s/ Joseph Podulka_____
Name: Joseph Podulka
Title: Chief Financial Officer