IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CRED INC., et al.[1] ) | Case No. 20-12836 (JTD) |
| ) | (Jointly Administered) |
| Debtors. ) | **Docket Nos. 7, 11, 57, 63, and 65** |

**OMNIBUS LIMITED OBJECTION OF JAMIE SHILLER, TAKASHI YANAGI, WU CHI KING, JOSEPH RICHARDSON, THOMAS CALVERT, CLINT COWEN, ROBIN HOUCK, TODD WISEMAN, MATTHEW DIXON, JONATAN ASHUROV, DANIEL BECKER, TEPPEI MIYAUCHI, JEAN VACCA, XIAN SU, AND ERIC SCHURMAN TO DEBTORS' MOTIONS AND APPLICATIONS (I) TO MAINTAIN BANK ACCOUNTS, (II) PAY EMPLOYEE WAGES (III) APPROVE BIDDING PROCEDURES, SCHEDULING AN AUCTION AND SALE HEARING AND APPROVING FORM AND MANNER OF NOTICE THEREOF, AND APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND FORM AND MANNER OF NOTICE THEREOF; AND (IV) APPROVE RETENTION APPLICATIONS OF CERTAIN PROPOSED DEBTOR PROFESSIONALS**

Jamie Shiller, Takashi Yanagi, Wu Chi King, Joseph Richardson, Thomas Calvert, Clint Cowen, Robin Houck, Todd Wiseman, Matthew Dixon, Jonatan Ashurov, Daniel Becker, Teppei Miyauchi, Jean Vacca, Xian Su, and Eric Schurman (collectively, the "Movants") file this omnibus limited objection to the following motions and applications of the Debtors (the "Debtors") to (I) continue to operate their cash management system, honor certain prepetition obligations related thereto, maintain existing business forms, continue to perform intercompany transactions; grant administrative expense status to post petition intercompany balances, and waive requirements of Section 345(b) of the Bankruptcy Code [Docket No. 7] (the "Bank Account Motion"); (II) pay employee obligations and continue certain employee benefit programs [Docket No. 11] (the "Employee Motion"); (III) employ Macco Restructuring Group LLC ("Macco") as financial

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

advisor to the Debtors and employ Teneo Capital LLC ("Teneo") as investment banker to the Debtors [Docket Nos. 57 and 63] (collectively, the "Retention Applications"); and (IV) approve bidding procedures, schedule an auction and sale hearing and approving form and manner of notice thereof, and approve assumption and assignment procedures and form and manner of notice thereof [Docket No. 65 ] (the "Sale Motion"); and in support of their limited objection, the Movants represent as follows:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Movants are claimants who had transferred to the Debtors certain bitcoin with a collective value in excess of present value over $65,000,000 USD. Each of the Movants has standing to be heard pursuant to 11 U.S.C. § 1109(b).

4. An official committee of unsecured creditors has not yet been appointed in these cases.

## BACKGROUND

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases").

A.  **The Debtors' Motion and Applications**

6. On the Petition Date, the Debtors filed the Bank Account Motion and the Employee Motion. On November 11, 2020, the Court entered orders approving the Bank Account Motion and the Employee Motion on an interim [Docket Nos 29 and 30, respectively]. The Bank Account

Motion and the Employee Motion are scheduled to be heard on December 9, 2020 and the deadline to object to each is December 2, 2020.

7. On November 17, 2020, the Debtors filed the Applications by and through which they sought to retain a financial advisor and investment banker. The Applications are both scheduled to be heard on December 9, 2020 and the deadline to object to each is December 2, 2020.

8. On November 18, 2020, the Debtors filed the Sale Motion, by and through which the Debtors have requested, among other things, entry of an order (the "<u>Bidding Procedures Order</u>"):[2]

>   i. approving the bidding procedures, including certain protections in connection with a Stalking Horse Bid (as defined therein), substantially in the form attached as Exhibit 1 to the Bidding Procedures Order;
>   ii. setting deadlines of January 6, 2021 for the submission of proposals and for proposed stalking horse bidders to submit bids;
>   iii. setting a stalking horse designation deadline of January 12, 2021;
>   iv. setting a bid deadline of January 15, 2021;
>   v. scheduling an auction for January 18, 2021;
>   vi. scheduling a hearing for approval of sale(s) of the Debtors' assets for February 3, 2021, or as soon thereafter as the Court's schedule permits;
>   vii. authorizing and approving the notice of the Bidding Procedures, the Auction, and the Sale; and
>   viii. authorizing and approving procedures for the assumption and assignment of the executory contracts unexpired leases.

9. It is unclear from the Sale Motion that the Debtors have done any marketing of the Debtors prior to the Petition Date. Notwithstanding the apparent limited marketing of the Debtors' assets prior to the Petition Date, the Debtors are seeking approval of a sale process that would require potential bidders to submit a bid by January 15, 2021.

---

[2] Further, by and through the Sale Motion, the Debtors also seek entry of an order that would: (i) authorize the Sale(s), free and clear of all liens, claims, interests, and encumbrances; (ii) authorize the assumption and assignment of certain Contracts in connection therewith; and (iii) grant other, related relief, but that order would be granted only after the conclusion of the sale process.

10. The Sale Motion is scheduled to be heard on December 9, 2020, and the deadline to object to the Sale Motion is December 2, 2020.

**B.    The Motion to Dismiss**

11. On November 18, 2020, Krzysztof Majdak and Philippe Godinea filed a Motion to Dismiss the Bankruptcy Cases, Convert the Cases to Chapter 7, or Appoint a Chapter 11 Trustee [Docket No. 62] (the "<u>Motion to Dismiss</u>").  The Motion to Dismiss is scheduled to be heard on December 9, 2020.  On December 1, 2020, Krzysztof Majdak and Philippe Godinea filed the Declaration of Daniyal Inamullah in Support of the Motion to Dismiss [Docket No. 97].

12. Substantially contemporaneously herewith, the Movants are filing a partial joinder to the Motion to Dismiss.

## BASIS FOR LIMITED OBJECTION

13. The Movants have significant concerns with the Sale Motion and each of the other motions and applications that are the subject of this limited objection, particularly in light of the likelihood that a Chapter 11 trustee will be appointed or the Chapter 11 Cases will be converted to Chapter 7.

14. Among other things, the Movants have concerns about the Debtors incurring costs in connection with continued employee obligations that may be unnecessary depending upon the Court's ruling on the Motion to Dismiss.  Relatedly with respect to the Applications, in the event that this Court grants the Motion to Dismiss and either appoints a Chapter 11 trustee will be appointed or converts the Chapter 11 Cases to Chapter 7, the trustee, the Trustee should decide the professionals, if any, to be retained on behalf of the estates.

15. The Movants also have concerns about the Debtors seeking relief from the protections required by Section 345 of the Bankruptcy Code and other relief sought in the Bank

Account Motion. There have been significant allegations with respect to the lack of honesty and truthfulness of certain current and former insiders. <u>See</u>, <u>e.g.</u>, Declaration of Daniyal Inamullah in Support of the Motion to Dismiss [Docket No. 97]. Accordingly, the Movants respectfully submit that relief from the protections required by Section 345 should be considered only after the determination of the Motion to Dismiss.

16. If the Court grants the Motion to Dismiss and either appoints a Chapter 11 trustee will be appointed or converts the Chapter 11 Cases to Chapter 7, the trustee should make the business decisions with respect to the relief sought by the Employee Motion. Additionally, the creditors committee should have a chance to be appointed and retain counsel, and counsel should have an opportunity to get up to speed and object to the Employee Motion and the Bank Account Motion, if the Committee believes an objection is appropriate.

17. If the Court grants the Motion to Dismiss and either appoints a Chapter 11 trustee will be appointed or converts the Chapter 11 Cases to Chapter 7, the trustee should make the business decisions with respect to the relief sought by the Employee Motion and the Sale Motion. Additionally, the creditors committee should have a chance to be appointed and retain counsel, and counsel should have an opportunity to get up to speed and object to the Employee Motion and the Bank Account Motion, if the Committee believes an objection is appropriate.

18. None of the relief sought by the motions and applications that are the subject of this limited objection are so time sensitive that they should be considered until the Court has had an opportunity to adjudicate the Motion to Dismiss, and determine whether a trustee should be appointed in these cases, and until after the creditors committee has been appointed. Based upon the foregoing, the Movants request that the Bank Account Motion, the Employee Motion, the "Retention Applications, and the Sale Motion each be continued until the next omnibus hearing

scheduled for December 17, 2020 at 11:00 a.m., and the Committee should receive a reasonable objection deadline to respond to each of the motions and applications that are the subject of this omnibus limited objection.

## **RESERVATION OF RIGHTS**

19. The Movants intend to take discovery from the Debtors promptly in connection with the Motion to Dismiss and each of the other motions and applications that are the subject of this limited objection. The Movants expressly reserve and preserve all rights to supplement this Limited Objection on any basis.

Dated: December 2, 2020                    **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Email: jwaxman@morrisjames.com
Email: emonzo@morrisjames.com

-and-

David C. Silver, Esquire
SILVER MILLER
11780 W Sample Road
Coral Springs, Florida 33065
Phone: (954) 516-6000

*Counsel to the Movants*