<u>**Exhibit A**</u>

**Lyon Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF GRANT LYON IN SUPPORT OF DEBTORS' OBJECTION TO
MOTION OF KRZYSZTOF MAJDAK AND PHILIPPE GODINEA FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. § 1112(b) (I) DISMISSING THE CASES; (II)
CONVERTING THE CASES TO A CHAPTER 7 LIQUIDATION; OR (III)
APPOINTING A CHAPTER 11 TRUSTEE**

I, Grant Lyon, hereby declare under penalty of perjury as follows:

1.      I submit this declaration (the "Declaration") in support of *Debtors' Objection to Motion of Krzysztof Majdak and Philippe Godinea for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* (the "Objection"),[2] filed in opposition to the *Motion Of Krzysztof Majdak and Philippe Godinea for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting The Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* (the "Motion").

2.      I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined in this Declaration have the meanings set forth in the Objection.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration (a) are based on my personal knowledge and/or information supplied to me by others at the Debtors and the Debtors' professionals, (b) were learned from my review of relevant documents, or (c) are my opinion based upon my experience and knowledge of the Debtors' operations and financial condition.

4.      The opinions and conclusions expressed herein are subject to change based on additional data, facts and information that may be received subsequent to the date of this report including, among other things, additional data, facts and information that becomes available in the public domain or that is made available by the Debtors or other parties in interest during discovery or otherwise.  In addition, it is possible that I may be asked at a future date to review and respond to a report or declaration issued by other parties in interest related to the confirmation of the plan.

A.      **Qualifications**

5.      I am the co-founder of Arete Capital Partners, LLC.  I have over 30 years of experience in the financial restructuring world.  I have advised clients in the purchase, restructuring and divestiture of assets totalling over $35 billion.  I have sat on over 25 boards of directors of companies as an independent member and have served many times as a Chapter 11 trustee or state court receiver.  I have been a Chief Financial Officer of a public company and a Chief Executive Officer of private companies.  I have served clients on boards and as an advisor in numerous industries, including real estate, retail, airlines, gaming, securities, hospitality and as an advisor to the Bahamian government.  Attached as **Exhibit 1** is my current CV.

**B.**    **My Work with the Debtors**

6.    On November 3, 2020, I was appointed as an independent director or manager (as the case may be) of the Debtors to replace Lu Hua.  I was also appointed as the chair and sole member of the Restructuring Committee of Cred Inc.'s board of directors.  As a result, I effectively have a veto right over all matters requiring board approval.

**C.**    **The Debtors' Efforts to Maximize the Value of Their Estates**

7.    Since I joined the Debtors, I have been involved in several efforts to preserve and maximize the Debtors' estates.  The Debtors' overall strategy is as follows: to sell the Debtors' existing business as a going concern by preserving key salaried employees, to preserve any litigation claims for eventual transfer into a litigation trust, to preserve and maximize the assets that Debtors currently hold, and to expeditiously file a plan of reorganization and conclude this bankruptcy case.

**D.**    **Debtors' New Management Is Experienced and Independent**

8.    In order to ensure that Debtors' restructuring proceeds as smoothly and effectively as possible, I suggested that Debtors hire a Chief Restructuring Officer.  Debtors have since hired on my recommendation Matthew Foster as Chief Restructuring Officer.  I hired Mr. Foster to work for my prior company, Odyssey Capital, and we worked together from 2009 to around 2016.  Mr. Foster has served as an interim-Chief Financial Officer and Chief Restructuring Officer many times.  Moreover, Mr. Foster has been involved in many other complicated restructurings, including some where there have been allegations of fraud.

9.    Mr. Foster and I will provide independent oversight over, among other things, the Debtors' sale process, efforts to obtain DIP financing, and the investigation into potential causes of action.  Furthermore, Mr. Foster will be in charge of operational controls over the Debtors,

including requiring his approval on the Debtors' cash expenditures, working with MACCO on the Debtors' reconciliation of their accounting records, working with Teneo on the marketing and sale process, working with parties-in-interest to formulate a chapter 11 plan, and ensuring the Debtors' compliance with U.S. Trustee requirements.

E.     **Debtors' and Their Professionals Are Preserving Estate Assets**

10.     The Debtors and their advisors have taken numerous steps to marshal and preserve assets of the estates, including by investigating potential causes of action and, where appropriate, prosecuting such causes of action.  Among other things:

- the Debtors are evaluating to what extent their loans to moKredit can be recovered, have formally demanded that moKredit repay the outstanding principal amount, and have reached out to moKredit to seek informal discovery regarding, among other things, moKredit's financial condition and ability to repay the loans;

- the Debtors have initiated a turnover action under section 542 of the Bankruptcy Code against Mr. Alexander seeking the return of bitcoin worth approximately $3.75 million;

- the Debtors are cooperating with law enforcement to help secure the return of some or all of the bitcoin lost as a result of the scam perpetrated by the Imposter;

- the Debtors have begun their investigation of potential preference claims; and

- the Debtors have taken steps to preserve the value of their customer list, including by asking that this court keep the list under seal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on December 2, 2020
New York, NY

*/s/ Grant Lyon*
Grant Lyon
Independent Director of the Debtors and Sole Member of
Restructuring Committee

**Exhibit 1**

**CV**

# GRANT LYON
**Founder**

### PROFESSIONAL SUMMARY

Mr. Lyon is the Founder of Arete Capital, LLC. Grant Lyon has over 30 years of experience in corporate restructuring, expert testimony and corporate governance.  His fair and objective analysis of company operations, development of strategic plans, cash flow analysis, liquidity alternatives, negotiations, and restructuring alternatives are conducted with best interests of the organization and its people. With a prowess at bringing a clear perspective and sound mind to an otherwise emotional circumstance, Mr. Lyon is adept at identifying strategic tactics and methods for turning around the financially distressed quickly and methodically. His philosophy towards business and life is the same, people matter.

Mr. Lyon has spent many years formulating and executing business plans for a diverse range of industries at every stage of a business lifecycle. His extensive background gives him a broad vantage point for successful restructuring. Mr. Lyon has worked with airline companies, dairy farms and everything in between. His background is as diverse as his knowledge of financial distress and viability. He understands the importance of quickly identifying and implementing solutions to mitigate crisis situations, and return the organization of financial viability.

Over the span of his career, Mr. Lyon has testified over 30 times in numerous jurisdictions, including bankruptcy court, federal district court and state court. His depth of knowledge regarding the legalities of financial crisis make him invaluable to the strategic turnaround process.

Mr. Lyon has served and is currently serving on numerous boards of directors, all of which involved companies in distress and/or needing an independent board member.    Mr. Lyon has also served as the financial advisor to the Government of the Commonwealth of the Bahamas. There he was able to stabilize and execute strategy to recover a bankrupt $5 billion hotel and casino project.

While solving financial puzzles is his passion, family is what Mr. Lyon considers his greatest accomplishment. Mr. Lyon and his wife of 35 years, Jill, have raised four children. They are now grandparents to nine grandchildren.

Mr. Lyon finds joy in the eternal quest for knowledge, always learning a new language, skill or lesson from history. His quest for life-long learning will never be reached and he will continually strive to grow with every new destination, client, friendship and experience.