**Subpoena of Daniyal Inamullah**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the _____ District of ___Delaware___

In re _____Cred Inc._____
_____Debtor_____

*(Complete if issued in an adversary proceeding)*

Case No. _____20-12836 (JTD)_____

Chapter ___11___

_____
_____Plaintiff_____

v.

_____
_____Defendant_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Daniyal Inamullah_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
|  | December 7, 2020, at 10:00 a.m. MST or such time as otherwise agreed to. |

The deposition will be recorded by this method: ___Stenographically and Video___

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: ___See Exhibit A___

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___12/03/2019___

CLERK OF COURT

OR

_____        ___/s/ Scott D. Cousins___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Debtors (See Exhibit B)___ , who issues or requests this subpoena, are:

Scott D. Cousins, Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington Delaware 19803, (302) 824-7081, scott.cousins@cousins-law.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                             _____
                                                     *Server's signature*

                                             _____
                                                     *Printed name and title*

                                             _____
                                                     *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# DEFINITIONS

1.      For the purposes of these requests for production of documents (the "**Requests**" and each a "**Request**"), the following definitions shall apply.  These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

2.      "PERSON" or "PERSONS" shall include natural persons, limited liability companies, corporations, firms, partnerships, proprietorships, associations, or any other organizations or entities.

3.      "YOU" and "YOUR" refer to Daniyal Inamullah and/or his attorneys, agents, and all other PERSONS acting or purporting to act on his behalf.

4.      "DOCUMENT" or "DOCUMENTS" shall be construed in the broadest sense possible and shall include without limitation any handwritings, memo pads, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming, and every other form of recording upon any tangible thing; any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof; any stored information or databases, including information stored in personal information software, risk management information systems, databases, flow charts, word processing software, desktop publishing software, and spreadsheets, whether maintained on paper, floppy disks, zip disks, PDAs, CD-ROMs, DVD-ROMs, hard drives, tapes, other magnetic or electronic media or computer storage, or by any other manner; and any electronic hardware storing such information, including individual computers, networked computer systems, personal information managers, cellular telephones, or other handheld communication devices.  This term shall include, without limitation, all originals; all copies of originals on which appear any notation or marking, of any sort, not appearing on the original or another copy; all duplicates of said originals, if originals are unavailable, from which information can be obtained or translated; and all drafts

or notes, whether typed, handwritten, or otherwise, made or prepared in connection with said documents, whether used or not.  Any copy of an original that contains therein or attaches thereto any alteration, note, comment, or other material which is not included in the original, or other copies thereof, shall be deemed a separate DOCUMENT.

5.      "COMMUNICATION" or "COMMUNICATIONS" shall be construed in the broadest sense possible and shall include, without limitation, any oral, written, or electronic communication, correspondence, discussion, meeting, conversation, or occurrence whereby thoughts, opinions, or data are transmitted between two or more PERSONS. Communication(s) may be embodied in any means or media, including oral statements, writing, electronic or magnetic storage of computer files, electronic mail, voice mail, answering machine, digital recording, facsimile transmission, sound recording, text message, or online communication, including Skype, AOL Instant Messenger, Google Chat, BlackBerry Messenger, Facebook messaging, Twitter, WeChat, Yahoo Messenger, Slack, Telegram Messenger or any similar method.

6.      "REGARDING" and "RELATING TO," or any part thereof, shall mean analyzing, assessing, concerning, constituting, containing, describing, discussing, embodying, evaluating, evidencing, identifying, incorporating, indicating, involving, memorializing, mentioning, noting, referencing, reflecting, showing,  stating, summarizing, supporting, alluding to, pertaining to, responding to, or referring to, in whole or in part, the given subject. referencing, reflecting, showing, stating, summarizing, supporting, alluding to, pertaining to, responding to, or referring to, in whole or in part, the given subject.

7.      "CRED" refers to Debtor Cred Inc. (f/k/a Cred LLC), any parents, subsidiaries, affiliates, business units, segments, or divisions thereof, and any present or former partners, officers, directors, employees, agents, independent contractors, attorneys, or other PERSONS or entities acting on their behalf.

8.      "CRED CAPITAL" refers to Debtor Cred Capital, Inc., any parents, subsidiaries, affiliates, business units, segments, or divisions thereof, and any present or former partners,

officers, directors, employees, agents, independent contractors, attorneys, or other PERSONS or entities acting on their behalf.

## **INSTRUCTIONS**

1.      Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of any Request any DOCUMENT that otherwise would not be brought within its scope.

3.      As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of a Request any DOCUMENT that otherwise would not be brought within its scope.

4.      As used herein, the word "any" shall include the term "all" and the word "all" shall include the term "any."

5.      In responding to this request, YOU are required to produce all DOCUMENTS described in each Request, along with any attachments, drafts, and non-identical copies thereof, in any language whatsoever, in YOUR possession, custody, or control, including but not limited to any DOCUMENTS in the possession of YOUR agents, employees, partners, consultants, advisors, attorneys, representatives, or other PERSONS acting on YOUR behalf.  Without limitation to the term "control," a DOCUMENT is deemed to be within YOUR control if YOU have ownership, possession, or custody of the DOCUMENT or the right to secure the DOCUMENT or a copy thereof from any PERSON having physical possession thereof.

6.      If any portion of a DOCUMENT is responsive to any Request, produce the entire DOCUMENT, including all attachments, enclosures, and items physically attached to the DOCUMENT.

7.      Produce all DOCUMENTS in such manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive, or, if not, in the order and in the manner that they were or are kept in the ordinary course of business.

8.      Responsive DOCUMENTS that are kept in the ordinary course of business in electronic format should be produced as electronic files in "native format," as they are maintained in the ordinary course of business, along with intact application and systems metadata.  Application metadata is information embedded in the document file, including title, subject, author, comments, revision number, last print date, creation date, last save time, total editing time, and prior revisions and comments.  System metadata is information stored externally on the computer file system.  System metadata may include a file name, size, location, path, creation date, and modification date.

9.      If any DOCUMENT or portion thereof is withheld under a claim of privilege or other protection, produce so much of the DOCUMENT that is not subject to the privilege or protection and provide the following information with respect to each such DOCUMENT or portion of such DOCUMENT that YOU claim is privileged or protected from discovery:

(a)      The identity of the PERSON or PERSONS who prepared the DOCUMENT, who signed it, or under whose name it was sent or issued;

(b)      The identity of the PERSON or PERSONS to whom the DOCUMENT was directed;

(c)      The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties hereto to identify the DOCUMENT;

(d)      The date of the DOCUMENT;

(e)      The identity of the PERSON or PERSONS having custody of or control over the DOCUMENT and each copy thereof;

(f)      The identity of each PERSON or PERSONS to whom copies of the DOCUMENT were furnished;

(g)      The number of pages of the DOCUMENT;

(h)    Identify the alleged privilege or protection claimed

(i)    The basis on which any privilege or other protection is claimed; and

(j)    Whether any non-privileged or non-protected matter is included in the DOCUMENT.

10.    If a DOCUMENT is not produced in full, produce it to the fullest extent possible, state with particularity the reason or reasons it is not being produced in full and describe, to the best of YOUR knowledge, information, and belief, with as much particularity as possible, those portions of the DOCUMENT that were not produced.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>REQUEST FOR PRODUCTION NO. 1</u>

All DOCUMENTS and COMMUNICATIONS REGARDING CRED.

<u>REQUEST FOR PRODUCTION NO. 2</u>

All DOCUMENTS and COMMUNICATIONS REGARDING CRED CAPITAL.

<u>REQUEST FOR PRODUCTION NO. 3</u>

All DOCUMENTS and COMMUNICATIONS REGARDING YOUR role at CRED CAPITAL.

<u>REQUEST FOR PRODUCTION NO. 4</u>

All DOCUMENTS and COMMUNICATIONS REGARDING YOUR role at CRED, including any DOCUMENTS or COMMUNICATIONS RELATING TO the due diligence on any investment opportunities you completed for CRED and any marketing or promotional activities you completed for CRED.

<u>REQUEST FOR PRODUCTION NO. 5</u>

All COMMUNICATIONS between YOU and Lu Hua.

<u>REQUEST FOR PRODUCTION NO. 6</u>

All COMMUNICATIONS and DOCUMENTS REGARDING moKredit, including all COMMUNICATIONS and DOCUMENTS RELATING TO any due diligence or marketing activities YOU completed REGARDING moKredit.

REQUEST FOR PRODUCTION NO. 7

All COMMUNICATIONS and DOCUMENTS REGARDING QuantCoin, including all COMMUNICATIONS and DOCUMENTS RELATING TO any due diligence or marketing activities YOU completed REGARDING QuantCoin.

REQUEST FOR PRODUCTION NO. 8

All COMMUNICATIONS and DOCUMENTS REGARDING Elevar, including all COMMUNICATIONS and DOCUMENTS RELATING TO any due diligence or marketing activities YOU completed REGARDING Elevar.

REQUEST FOR PRODUCTION NO. 9

All COMMUNICATIONS between YOU and James Alexander.

REQUEST FOR PRODUCTION NO. 10

All DOCUMENTS and COMMUNICATIONS REGARDING the transfer of $2 million dollars of Bitcoin and USD Coin from CRED CAPITAL accounts to blockchain addresses that are not in CRED's control, including but not limited to any COMMUNICATIONS with James Alexander REGARDING the transfer.

REQUEST FOR PRODUCTION NO. 11

All DOCUMENTS and COMMUNICATIONS REGARDING the governance framework, organizational structure, and capital structure of CRED CAPITAL once established.

REQUEST FOR PRODUCTION NO. 12

All COMMUNICATIONS between YOU and any prospective or actual client or customer of CRED.

REQUEST FOR PRODUCTION NO. 13

All DOCUMENTS and COMMUNICATIONS REGARDING YOUR role in determining CRED's client interest rates, including any DOCUMENTS and COMMUNICATIONS RELATING TO the marketing of those interest rates to prospective or actual clients or customers.

REQUEST FOR PRODUCTION NO. 14

All COMMUNICATIONS between YOU and Daniel Schatt.

REQUEST FOR PRODUCTION NO. 15

All COMMUNICATIONS between YOU and Joseph Podulka.

REQUEST FOR PRODUCTION NO. 16

All COMMUNICATIONS between YOU and any member of CRED's Capital Markets team.

REQUEST FOR PRODUCTION NO. 17

All DOCUMENTS and COMMUNICATIONS RELATING TO your position and responsibilities as Head of Capital Markets at CRED.

**EXHIBIT B**

The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are as follows:  Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).