**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Dec. 9, 2020 at 2:00 p.m. (ET)**<br>**RE: Docket Nos. 65, 104** |

**REPLY OF DEBTORS TO LIMITED OBJECTION OF THOMAS AREHART TO DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING AN AUCTION AND SALE HEARING AND APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND FORM AND MANNER OF NOTICE THEREOF; AND (II)(A) AUTHORIZING SALES FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, AND (B) ASSUMPTION AND SALE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the limited objection (the "Objection")[2] of Thomas Arehart to the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Manner of Notice Thereof, and (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (II)(A) Authorizing Sales Free and Clear of All Liens, Claims, Interests, and Encumbrances,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Limited Objection of Thomas Arehart to Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Manner of Notice Thereof, and (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (II)(A) Authorizing Sales Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (B) Assumption and Sale of Executory Contracts and Unexpired Leases* [Docket No. 104].  Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Objection.

and (B) Assumption and Sale of Executory Contracts and Unexpired Leases* [Docket No. 65] (the "Bidding Procedures Motion"). In support of this Reply, the Debtors respectfully state as follows:

## BACKGROUND

1. Prepetition, Debtor Cred (US) LLC ("CredBorrow") issued the Loan[3] to Mr. Arehart. To secure the Loan, Mr. Arehart transferred to the Debtors the 400,000 units of a cryptocurrency known as "XRP." Under the Pledge Agreement, CredBorrow agreed to pay 400,000 XRP to Mr. Arehart upon repayment of the Loan.

2. On November 18, 2020, the Debtors filed the Bidding Procedures Motion, which, among other things, requests the Court approve the Debtors' proposed procedures for selling their assets, which may include the Loan, agreements related to the Loan (the "Agreements"),[4] and the Pledged XRP.

3. On December 2, 2020, Mr. Arehart filed a limited objection requesting the Court require the Debtors' proposed Bidding Procedures Order and Sale Order provide that the Debtors many not sell the Loan, the Agreements, or the Pledged XRP without the buyer's assuming the Debtors' obligation to return 400,000 XRP to Mr. Arehart upon repayment of the Loan.

## REPLY

4. At this time, the only relief sought from the Court is approval of procedures for prospective buyers to place bids for the Debtors' assets. The Debtors' have not yet lined up a buyer and thus are not yet assuming and assigning contracts or selling assets.

---

[3]

[4] The agreements relating to the Loan include the (i) Credit Agreement, (ii) the 2020 Credit Agreement, (iii) the Pledge Agreement, and (iv) the Program Summary.

2

5.      Whether the Agreements will be assumed or rejected, whether they are separate contracts or are part of a single contract, and what cure amount (if any) needs to be paid to assume the Agreements is not yet (and may never be) in controversy, and thus cannot presently be adjudicated.[5]  Those issues will not be justiciable *before* the Debtors file a Notice of Proposed Assumed Contracts.  The requested relief does not affect Mr. Arehart's rights in the least—if Mr. Arehart takes issue with the Debtors' yet-to-be proposed treatment of the Agreements, he will have the opportunity to object to the sale on or prior to the sale objection deadline (which the Debtors propose to be January 27, 2021).[6]

6.      Further, at the present moment, no one is proposing to actually purchase the Loan, the Agreements, or the Debtors' cryptocurrency assets.  Thus, any ruling about a sale that is not yet proposed would be based on a "hypothetical state of facts" and would thus be inappropriate.[7]  Again, if a prospective buyer seek to acquire such assets, Mr. Arehart is free to object to such a sale prior to the sale objection deadline.  In other words, the proposed Bidding Procedures Order does not prejudice Mr. Arehart's rights.

7.      At bottom, the Objection is premature and a ruling on it at this time would be advisory in nature since the matter is not ripe for adjudication.[8]

---

[5]   *See, e.g., In re Cubic Energy, Inc.*, 587 B.R. 849, 856-57 (Bankr. D. Del. 2018) (citing *Coffin v. Malvern Federal Sav. Bank*, 90 F.3d 851, 853-54 (3d Cir. 1996)); *see also Blanchette v. Connecticut General Ins. Corp.*, 419 U.S. 102, 142-43 (1974).

[6]   *See* Docket No. 65-2.

[7]   *See In re Cubic Energy*, 587 B.R. at 855.

[8]   *See id.* ("Federal courts, including bankruptcy courts, are also barred from giving 'opinions advising what the law would be upon a hypothetical state of facts.'  To allow decisions on these types of matters would be to open the door to advisory opinions, over which the court has no jurisdiction.") (quoting *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 421 (3d Cir. 2013)).

8. Moreover, Mr. Arehart does not contest that the Loan and the Agreements are property of the Debtors' estates, but he alleges that the Pledged XRP is not.[9] The Debtors disagree, and believe that all of the Debtors' cryptocurrency holdings are property of the estate. Cryptocurrency is an intangible good[10] and cannot be pledged.[11] Thus, in the Debtors' view, Mr. Arehart's transfer of the Pledged XRP to the Debtors was not a pledge, but a transfer of all equitable and legal title. The fact that the agreement was done under a "Pledge Agreement" is irrelevant to the analysis.[12]

9. Nevertheless, that issue is not ripe and prematurely limiting the rights of the Debtors to implement bidding procedures will impede the Debtors' marketing efforts and their efforts to maximize the value of their estates by limiting the Debtors' flexibility in pursuing a value-maximizing sale(s) and by injecting significant uncertainty into the sale process.[13]

## CONCLUSION

10. The Debtors have not yet sought to assume or reject the Agreements, nor proposed any actual sale of the Loan, the Agreements, or their cryptocurrency assets. Thus, any controversy regarding these matters is purely hypothetical at this point and should not be adjudicated by the Court at this time.

11. For these reasons, the Court should overrule the Objection.

---

[9] *See* Obj. ¶ 6.

[10] Cal. Com. Code § 9102(42); 6 Del. Code § 9-102(42).

[11] Cal. Com. Code § 9313(a); 6 Del. Code § 9-313(a).

[12] *See* Cal. Com. Code § 9109; 6 Del. Code § 9-109. *See also* U.C.C. § 9-109, cmt. 2 ("the subjective intention of the parties with respect to the legal characterization of their transaction is irrelevant as to whether this Article applies").

[13] To the extent relevant, the question of whether a customer continues to own cryptocurrency transferred to the Debtors as collateral for a loan extended to such customer is being litigated in the context of the *Motion of UpgradeYa Investments, LLC for Relief from Stay Under Bankruptcy Code Section 362* [Docket No. 89].

WHEREFORE, the Debtors request the Court overrule the Objection, grant the Bidding Procedures Motion, and grant the Debtors such other and further relief as is just and proper.

Dated: December 4, 2020
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
        mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (*pro hac vice* pending)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
        aviluft@paulhastings.com
        derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*