UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors.¹ | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 53** |

### FIRST SUPPLEMENTAL DECLARATION OF SCOTT D. COUSINS IN SUPPORT OF THE APPLICATION OF DEBTORS TO EMPLOY AND RETAIN COUSINS LAW LLC AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

I, Scott D. Cousins, under penalty of perjury, declare as follows:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and a partner of the firm of Cousins Law LLC ("Cousins Law"). Cousins Law is a Delaware law firm with offices at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

2. I submit this supplemental declaration (the "First Supplemental Declaration") in further support of the Application (the "Application")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to Employ and Retain Cousins Law LLC as Co-Counsel to Debtors, *Nunc Pro Tunc* to Petition Date [Docket No. 53, 11/17/20].

3. The purpose of this First Supplemental Declaration is to supplement certain disclosures in my original declaration (the "Original Declaration") filed in connection with the Application.

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

² Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

4. Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth.

5. Neither I, Cousins Law, nor any attorney of Cousins Law, insofar as I have been able to ascertain, has in the past, and does not currently represent any Potential Parties in Interest (as attached to **Exhibit 1** to my Original Declaration). If in the future, Cousins Law undertakes to represent any Potential Parties in Interest in any matters wholly unrelated to the Debtors' chapter 11 cases, Cousins Law will file a supplement this First Supplemental Declaration with the Court.

6. Cousins Law will file interim and final fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, and be paid pursuant thereto. Cousins Law also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Case Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Cousins Law in these chapter 11 cases. Cousins Law also intends to work cooperatively with the U.S. Trustee to address any concerns with Cousins Law's Application and to respond to any further information requests.

7. Pursuant to Part D.1 of the Revised UST Guidelines, Cousins Law is seeking employment as co-counsel to the Debtors and hereby provides the following responses set forth below:

| | |
|---|---|
| **Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?** | Answer: No. Cousins Law's professionals working on this matter will bill at Cousins Law's standard hourly rates. |
| **Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?** | Answer: No. |
| **Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.** | Answer: Cousins Law did not represent the Debtors until immediately prior to the filing of the Chapter 11 Cases. |
| **Question: Have the Debtors approved your prospective budget and staffing plan, and, if so for what budget period?** | The Debtors and their professionals are currently in the process of formulating a detailed budget that is consistent with the form of budget attached as Exhibit C-1 to the UST Guidelines, recognizing that in the course of cases like these Chapter 11 Cases, it is highly likely that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and their professionals. |

8. With respect to the use of Cousins Law as "conflicts counsel," if the Debtors are authorized by this Court to use Cousins Law for such purpose, the Office of the U.S. Trustee has advised me that it does not view such use as curing or otherwise waiving the conflict as to conflicted counsel; the U.S. Trustee's rights are reserved in this regard.

3

9. By reason of the foregoing, I believe Cousins Law is eligible for employment and retention by the Debtors pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules, *nunc pro tunc* to the Petition Date.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2020
   Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)