## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Dec. 6, 2020 (extended by Debtors for UST)**<br>**Hearing Date: Dec. 9, 20202 at 4:00 pm (ET)**<br>**Related Docket Nos. 6 & 34** |

### OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD INFORMATION

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Objection") to the Debtors' request to redact and withhold publication of documents as set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to File a Consolidated List of Debtors' 30 Largest Unsecured Creditors, (II) Authorizing Debtors to Serve Certain Parties by E-Mail, (III) Authorizing Debtors to Redact or Withhold Publication of Certain Personal Identification Information, and (IV) Granting Related Relief* (D.I. 6) (the "Motion").[2] In support of this Objection, the U.S. Trustee states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' headquarters are located at 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

1

**JURISDICTION**

1.  Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

2.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this Objection. *Id.*

**PRELIMINARY STATEMENT**

3.  Through the Motion, the Debtors seek authorization to, among other things, "redact from any document publicly available in these chapter 11 cases the names and all associated identifying information of the Debtors' customers." *See* Motion, ¶ 16. Through the Motion, the Debtors seek to seal the names and any other identifying information of *all* their creditors, including those on the Top 30 List. The Debtors assert the relief is necessary because (i) public dissemination of their customer list, and related customer data, could give competitors an unfair advantage and (ii) many of their customers are high net worth individuals and disclosure of identifying information may lead to identity theft.

4.  The Debtors have not provided a sufficient factual record establishing the necessity of sealing *all* their creditor information.  The bankruptcy process operates, like the rest of the court system, on the bedrock principles of transparency and disclosure, subject to very limited exceptions.  The only evidence of record from the Debtors is general assertions that the customer names and other identifying information is a trade secret or customer confidential information under section 107(b)(1), or may lead to identify theft or unlawful injury under 107(c)(1).  The U.S. Trustee does not oppose redaction of the residential addresses of the Debtors' individual creditors, but the creditor names must be disclosed.  The majority of the Debtors' customers are individuals and disclosure of a name without any other identifying information would alleviate the noted concerns of (i) disclosing the customer list with customer data or (ii) creating an undue risk of identity theft.  With respect to the limited universe of creditors that are entities, the U.S. Trustee opposes any request to redact.  Because the Debtors have not carried their burden, the request to seal should be (i) modified as it relates to individual creditors to provide that an individual creditor may be listed by name only and (ii) denied as to all other aspects.

## BACKGROUND AND FACTS

5.  On September 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").  The cases have been ordered jointly consolidated for administrative purposes.  No official committee of creditors or equity holders has been appointed in these cases.

6.  On the Petition Date, the Debtors filed the Motion to Seal.

7. The First Day Declaration does not provide any evidence in support of the Motion to Seal, other than the conclusory statement that approval of the totality of the First Day Motions is in the best interest of all stakeholders. First Day Declaration, ⁋ 43.

## ARGUMENT

### A. Debtors Have The Burden Of Demonstrating Extraordinary Circumstances And Compelling Need To Seal

8. The Debtors have not carried their burden of demonstrating that the names and any other identifying information of *all* their creditors can be sealed under Bankruptcy Code sections 107(b) or 107(c).

9. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); accord *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993). The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted).

10. Courts have generally observed that the common law right of access is codified in Bankruptcy Code section 107(a), with only limited exceptions. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D.

4

Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013). Section 107 provides in pertinent part that "except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).

11. Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") requires that a debtor in a voluntary case "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms." Rule 1007-2(a) of the Local Rules of Bankruptcy Procedure (the "<u>Local Rules</u>") provides that "[i]n all voluntary cases, the debtor shall file with the petition a list containing the *name and complete address of each creditor* in such format as directed by the Clerk's Office Procedures." Local Rule 1007-2(a) (emphasis added). Through the Motion, the Debtors seek authority to circumvent the general right of access and the specific rules requiring the disclosure of the name and complete address of each creditor.

12. Limited exceptions to the general rule of full public access are contained in Bankruptcy Code sections 107(b) and 107(c), as well as in Bankruptcy Rule 9018, all of which are cited by the Debtors in support of the relief requested in the Motion.

13. In seeking to apply any such exception, the burden is on the moving party to show "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334, 340 (D. Del. 1993). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Sealing is

"an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

### B.   Debtors Have The Burden Of Demonstrating The Information Is "Confidential Commercial Information"

14.    Bankruptcy Code section 107(b)(1) permits the bankruptcy courts to protect trade secrets or confidential commercial information.  The "confidential . . . commercial information" exception protects parties from the release of information which "would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corporation*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27-28).

15.    As the Court stated in *In re Borders Grp., Inc.*, 462 B.R. 42, 47-48 (Bankr. S.D.N.Y. 2011) (internal quotations, citations, and brackets omitted):

> The term [commercial information] includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors. Moreover, the Court must also find that the redacted information is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors.

16.    "Information is not considered 'commercial' merely because it relates to business affairs." *In re Anthracite Capital, Inc.*, 491 B.R. 162, 178 (Bankr. S.D.N.Y. 2013).  Broad allegations of harm, without specific examples or articulated reasoning, are insufficient. *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *In re Dreier LLP*, 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013) (denying motion to seal excerpt in deposition transcript finding that movant failed to show that its disclosure would place it at a competitive disadvantage and conclusory statements in the supporting declaration were not probative). "That information might

'conceivably' or 'possibly' fall within a protected category is not sufficient to seal documents." *In re FiberMark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005). Rather, the movant must show a specific threat of harm from public disclosure of the information. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47-48 (Bankr. S.D.N.Y. 2011); see also, In *Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24, 27 (2d Cir. 1994) (nothing that "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.").

17. As stated earlier, it is the Debtors' burden to prove that this is "commercial information" as contemplated by the statute, and neither the Motion nor the First Day Declaration contain sufficient detail to meet their burden of proof. The majority of the Debtors' customers are individuals and the disclosure of names without any other identifying information would provide no meaningful ability for competitors to engineer a customer list of the Debtors. Any corporate entity operating in the cryptocurrency market undoubtedly is known by the other participants in this space and disclosure would provide no new information.

18. The Debtors also cite Bankruptcy Rule 9018 in support of their Motion. The Court's authority under Rule 9018 is limited, however, to protecting against disclosure of (a) trade secrets or other confidential research, development, or commercial information, (b) scandalous or defamatory matter, or (c) governmental matters that are made confidential by statute or regulation. Subsection (a) fails for the reasons just discussed and subsections (b) and (c) are inapplicable.

### C. Debtors Have The Burden Of Demonstrating Allegations Of Particular Harm And That The Information Is Means Of Identification That Can Be Sealed

19. Bankruptcy Code section 107(c)(1) provides that a bankruptcy court may protect <u>individuals</u> from disclosures of types of information that may lead to identify theft or other unlawful injury. The critical language in section 107(c) defines "means of identification" as that set forth in section 1028(d) of title 18, which again protects the disclosure of information that can be used to "identify a specific individual."[3] The name of an individual creditor without any additional information is not the type of "means of identification" contemplated for protection under section 1028(d)(7)(A). Personal addresses are not enumerated in the "means of identification" definition, however the U.S. Trustee does not oppose sealing of that information for individuals. Although the names of individual creditors must be disclosed, the U.S. Trustee does not oppose the request to redact other identifying information of individuals.[4]

20. The plan language of Bankruptcy Code section 107(c)(1) and section 1028(d) of title 18 does not extend the protective provisions to non-individuals to allow for the redaction of

---

[3] Section 107(c) provides in relevant part:
    (1) The bankruptcy court, for cause, may protect an *individual*, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
        (A) Any means of identification *(as defined in section 1028(d) of title 18)* contained in a paper filed, or to be filed, in a case under this title.
        (B) Other information contained in a paper described in subparagraph (A).
(Emphasis added).

18 U.S.C. Section 1028(d)(7) provides that:
    the term ''means of identification'' means any name or number that may be used, alone or in conjunction with any other information, *to identify a specific individual*, including any …
(Emphasis added)

[4] Rule 9037(a) does identify that the names of minors should be redacted. Although the U.S. Trustee believes the names of individual creditors should be disclosed, the U.S. Trustee does not object to the redaction of the <u>names and addresses</u> of minors, if any of the persons sought to be protected by the Motion are minors.

the names and addresses of entities. In seeking to apply an exception to disclosure, the burden is on the moving party. *See In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993).

21. The U.S. Trustee understands that in limited circumstances, it is appropriate to prevent the disclosure of "means of identification" when the factual record supports a judicial finding that such disclosure would create an undue risk of identity theft or other unlawful injury. However, any such protection must not be so overarching as to prevent the public, and especially parties in interest, from understanding the details of what is by common law and the Bankruptcy Code, an inherently public process. Any relief should be tailored accordingly and must be constrained by the terms of the statute, which seeks to protect individuals.

22. Disclosure of the name of an individual without any additional information would alleviate any concerns regarding an undue risk of identity theft or other unlawful injury to an individual or the individual's property. The names and addresses of corporate entities, however, are not the type of personally identifiable information that the Bankruptcy Code seeks to protect. Without any additional facts establishing an undue risk of identity theft or other unlawful injury to an individual or the individual's property, the Debtors' Motion must be denied as requested.

## **CONCLUSION**

22. The Debtors are seeking to redact the entire Creditor Matrix. The Debtors have not carried their burden for approval of that extraordinary relief based upon the record before the Court. The U.S. Trustee leaves the Debtors to their burden of proof and reserves all rights with respect to any evidence offered by the Debtors.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny the Motion absent modification as set forth in this Objection and grant such other and further relief as the Court deems appropriate, fair and just.

Dated: December 4, 2020
       Wilmington DE

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: */s/ John Schanne*
Joseph J. McMahon, Jr.
John Schanne
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)
Joseph.McMahon@usdoj.gov
John.Schanne@usdoj.gov