**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) ) |
| Debtors.[1] | ) (Jointly Administered) ) |
| | ) RE: Docket Nos. 62 & 103 |

**OPPOSITION OF DEBTORS TO RESPONSE OF JAMES ALEXANDER
TO THE MOTION OF KRZYSZTOF MAJDAK AND PHILIPPE GODINEA
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 1112(B)
(I) DISMISSING THE CASES; (II) CONVERTING THE CASES TO A
CHAPTER 7 LIQUIDATION; OR (III) APPOINTING A CHAPTER 11 TRUSTEE**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this opposition (the "Opposition") to James Alexander's response (the "Response")[2] to the *Motion of Krzysztof Majdak and Philippe Godinea for Entry of Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 62] (the "Motion to Convert"). In support of this Opposition, the Debtors respectfully state as follows:

**BACKGROUND**

1.      Mr. Alexander is a former officer of the Debtor who was terminated for cause in June 2020. Mr. Alexander's actions during his employment caused significant damage to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Response of James Alexander to the Motion of Krzysztof Majdak and Philippe Godinea for Entry of Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 103].

Debtors in the form of trading losses, losing 800 bitcoin to an imposter pretending to be a legitimate business, and outright absconding with 225 bitcoin.

2. The Debtors commenced these chapter 11 cases on November 7, 2020 in the midst of a liquidity crises that was largely the result of Mr. Alexander's malfeasance. Since filing, the Debtors have taken comprehensive steps to preserve, marshal, and maximize the value of their estates for the benefit of all their creditors. These steps include filing an action against Mr. Alexander who absconded with more than $4 million worth of the Debtors' bitcoin at current valuation, working with law enforcement in an attempt to secure the return of more than $15 million in stolen bitcoin at current valuation, and conducting a thorough investigation of what other steps can be taken to maximize value of the Debtors' creditors, including, for example, running a value-maximizing sale process for the Debtors' business as a going concern.[3]

3. On November 18, 2020, Mr. Majdak and Mr. Godinea filed the Motion to Convert, which asserts that there is cause to dismiss, convert, or appoint a chapter 11 trustee based on movants' allegations that the Debtors are suffering continuing losses and have no likelihood of rehabilitation,[4] and that the Debtors were mismanaged.[5]

4. On December 2, 2020, the Debtors filed their objection to the Motion to Convert.[6]

---

[3] A detailed discussion of the Debtor's restructuring efforts is provided in the *Debtors' Objection to Motion of Krzysztof Majdak and Philippe Godinea for Entry of Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 109].

[4] Motion to Convert ¶¶ 9-20. *See also* 11 U.S.C. § 1112(b)(4)(A).

[5] Motion to Convert ¶¶ 21-35. *See also* 11 U.S.C. § 1112(b)(4)(B).

[6] *Debtors' Objection to Motion of Krzysztof Majdak and Philippe Godinea for Entry of Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 109].

5. Also on December 2, 2020, Mr. Alexander filed the Response. In the Response, Mr. Alexander states that he will be filing his own motion to dismiss the Cred Capital case.[7] The Response then goes on to make different factual[8] and legal[9] arguments that have no overlap with and are completely irrelevant to the allegations in the Motion to Convert.[10] The Response also requests different relief based on its allegations.[11]

6. Specifically, the Response alleges that Cred Capital's chapter 11 case should be dismissed because its Chief Executive Office, Daniel Schatt, did not have authority to file Cred Capital's voluntary chapter 11 petition, despite the fact Cred Capital's board of directors authorized him to do so.[12]

7. Further, the Response does not seek the same relief as the Motion to Convert— even though it is titled as a "motion to dismiss" and requests dismissal as an alternative, the Motion to Convert only argues in favour of conversion to chapter 7 or appointment of a chapter 11 trustee, not dismissal. The Response, however, seeks different relief. It requests the Court dismiss Cred Capital's case only,[13] and convert the other cases.[14]

---

[7] Response ¶ 2.

[8] *Id.* ¶¶ 14-51.

[9] *Id.* ¶¶ 52-59.

[10] The Response says as much, stating "the Court does not need to decide these issues [raised by the Motion] in connection with the current Motion with respect to Cred Capital. The Cred Capital case should be dismissed because it was not authorized by the sole legitimate director of Cred Capital or by Cred Capital's sole voting shareholder." *Response* at 4, ¶ 13.

[11] *Id.* ¶ 59.

[12] *In re Cred Capital, Inc.* (Bankr. D. Del. 20-12838) [Docket No. 1] at 12-14.

[13] Response ¶ 59.

[14] *Id.* ¶ 63.

3

## OPPOSITION TO RESPONSE'S ALLEGATIONS REGARDING CRED CAPITAL'S OWNERSHIP

### A.    Legal Standard

8.    The United States Constitution requires that litigants receive due process.[15] "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[16]

9.    To afford due process, federal courts have implemented the Bankruptcy Rules. Bankruptcy Rule 9013 provides that, if a party requests entry of an order, the request must be made by a written motion.

10.    Another key component of due process is giving other parties a "reasonable time" to respond to the relief requested.[17] Recognizing that motions to convert or dismiss are not to be considered lightly and only after adequate time for response and deliberation, the Bankruptcy Rules provide a baseline minimum of 21 days' notice for motions to convert or dismiss.[18] Although a court may reduce the amount of notice required for a Motion or convert, it must do so with an order and only if cause is shown.[19]

---

[15]    U.S. Const. art. V.

[16]    *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

[17]    *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (quoting *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995)); *see also Mullane* at 314.

[18]    Fed. R. Bankr. P. 2002(a)(4).

[19]    Fed. R. Bankr. P. 9006(c)(1).

11. Section 105 authorizes bankruptcy courts to "control their own"[20] dockets and issue appropriate orders to "prevent an abuse of process."[21]

**B.    Alexander's Response Is a *De Facto* Motion, Should Not Be Considered at the December 9, 2020 Hearing, and Alexander Should Be Required to File His Own Motion**

12. Mr. Alexander filed the Response on December 2, 2020, seven (7) days before the hearing on the Motion. Although it is titled as a "Response," it is a *de facto* motion to dismiss/convert (even though, on the surface, the Response and the Motion to Convert use the word "dismiss" in their title).[22] The Response alleges different facts than the Motion to Convert,[23] asserts a different legal basis for dismissal than the Motion to Convert,[24] and seeks different relief from the Motion to Convert.[25]

13. In essence, Mr. Alexander is attempting to use the December 9, 2020, hearing on the Motion to Convert to get his own, separate request for dismissal heard on seven days' notice, instead of the normal twenty-one (21) days, without seeking a court order or demonstrating any emergency or cause to do so.[26]

14. Allowing him to do so would severely prejudice the Debtors and would deny them their due process rights. Responding within seven days would require the Debtors to

---

[20] *In re Am. Capital Equip., LLC*, 688 F.3d 145, 154 (3d Cir. 2012) ("the court's equitable powers under 11 U.S.C. § 105 surely enable it to control its own docket.") (quotations omitted). *See also Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561 (3d Cir. 1985) (federal courts are granted inherent powers to regulate their own docket); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962).

[21] 11 U.S.C. § 105(a).

[22] The Motion to Convert and the Response do not actually seek similar outcomes. The Motion to Convert seeks to have all cases treated together, while the Response seeks special treatment for the Cred Capital case.

[23] *Compare* Motion to Convert *with* Response ¶¶ 14-51.

[24] *Compare* Motion to Convert *with* Response ¶¶ 52-59.

[25] *Compare* Motion to Convert at 9 *with* Response at 15-16.

[26] *Cf.* Fed. R. Bankr. P. 9006(c)(1).

respond to a rash of new allegations, completely unrelated to those asserted in the Motion to Convert, on an expedited basis, while the Debtors are also preparing their presentation to the Court on the Motion to Convert and other matters set for second-day hearing. The Debtors should not be forced to do so without a **substantial** showing that there is good cause for the relief requested on shortened notice.

15. Accordingly, the Court should not consider the Response's allegations concerning the ownership of Cred Capital along with the Motion, and should require Mr. Alexander to file a separate motion on proper notice to all parties in interest.

### **OPPOSITION TO RESPONSE'S JOINDER IN THE MOTION**

16. To the extent Mr. Alexander seeks merely to join the Motion to Convert,[27] Mr. Alexander has no standing to do so and his Response should be disregarded. To have standing to be heard on the Motion to Convert, Mr. Alexander must "have demonstrated some injury-in-fact, i.e. some specific identifiable trifle of injury, or personal stake in the outcome of the litigation, that is fairly traceable to the [Motion to Convert]."[28] That is, Mr. Alexander must have some "legally protected interests that could be affected by the [Motion to Convert]."[29] He does not.

17. Mr. Alexander has no legally protected interests at stake in the Debtors' bankruptcy cases. He is not a creditor, an officer, or a director of the Debtors[30] and has no stake in the outcome of the Debtors' chapter 11 cases. The bases for conversion alleged by the Motion to Convert—continuing diminution of the estates with no likelihood of reorganization and gross

---

[27] *Response* at 15, ¶¶ 60-63.

[28] *In re Global Indus. Techs.*, 645 F.3d 201, 211-12 (3d Cir. 2011) (quoting *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982); *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000)) (quotations omitted).

[29] *Id.*

[30] Despite Mr. Alexander's allegations to the contrary, Cred Capital's current corporate documents do not list him as a director and no court has ever said he was wrongfully removed from his position at Cred Capital.

6

mismanagement—while false, would not have the slightest effect on Mr. Alexander's pecuniary interests or legal rights, even if true.

18. The legal rights Mr. Alexander has in these chapter 11 cases are limited to bringing defenses to the Debtors' claims against him and asserting that he is the sole director of Cred Capital. But being a defendant in litigation brought by a chapter 11 debtor does not grant a person standing to be heard on every matter in a chapter 11 case, nor does having an inchoate claim to being installed as a member the board of directors of a debtor allow one to be heard on every matter in a chapter 11 case.

19. Accordingly, Mr. Alexander does not have standing to join the Motion, and his Response should not be considered by the Court.

## **CONCLUSION**

20. In sum, Mr. Alexander is seeking to piggy back on the Motion to Convert to bring his own, separate motion to dismiss on shortened notice without seeking leave from the Court or demonstrating cause. Allowing him to do so would prejudice the Debtors' due process rights and should not be allowed.

21. Further, to the extent Mr. Alexander is not seeking his own relief, but is merely joining in the Motion to Convert, he has no standing to do so. Although standing in chapter 11 cases is broad, there are limits—one must have cognizable legal rights that will be affected by the contested matter. Mr. Alexander has no right or pecuniary interest in the outcome of the Motion, and thus has no right to be heard on it.

22. Accordingly, the Court should not consider the Response.

[*Remainder of the page left intentionally blank.*]

WHEREFORE, the Debtors request the Court not consider the Response and grant the Debtors such other and further relief as is just and proper.

Dated: December 6, 2020
Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:    scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:    jamesgrogan@paulhastings.com
       mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (*pro hac vice* pending)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:    alexbongartz@paulhastings.com
       aviluft@paulhastings.com
       derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*