IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>**Re:  D.I. 57, 63, 64 and 65**<br><br>**Hearing Date:  December 9, 2020 at 2:00 P.M. ET** |

**GENERAL OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' PROFESSIONAL EMPLOYMENT APPLICATIONS AND BID PROCEDURES MOTION IN LIGHT OF PENDING TRUSTEE/EXAMINER/CONVERSION MOTIONS**

In support of his objection to the Debtors' (the "Debtors" or "Cred") proceeding with the noticed hearing(s) on certain employment applications identified below and the motion to establish bid procedures prior to this Court's resolution of the pending motions to appoint a chapter 11 trustee, an examiner and/or to convert the cases to chapter 7 cases, Andrew R. Vara, United States Trustee for Regions Three and Nine ("U.S. Trustee"), through his counsel, avers:

1.　　　The Debtors have filed the following employment applications (the "Employment Applications"):

　　　a.　*Debtors' Application for Entry of an Order Authorizing Employment and Retention of Macco Restructuring Group LLC as Financial Advisor for Debtors, Effective* Nunc Pro Tunc *to Petition Date* [D.I. 57];

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

b. *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Teneo Capital LLC as Investment Banker for Debtors, Effective* Nunc Pro Tunc *to November 16, 2020* [D.I. 63]; and

c. *Debtors' Application for Entry of an Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Debtors, Effective as of Petition Date* [D.I. 64].[2]

2. Additionally, the Debtors have filed the following motion:

a. *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Manner of Notice Thereof, and (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof …* [D.I. 65] (the "Bid Procedures Motion").

3. Presently pending before the Court are two separate motions which request dispossession of the Debtors in possession as all or part of the relief requested (the "Trustee Motions"):

a. *Motion of Krzysztof Majdak and Philippe Godinea for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [D.I. 62]; and

b. *Motion of the U.S. Trustee for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases* [D.I. 133].

4. The U.S. Trustee generally objects to the Applications and Motion being considered

---

[2] The U.S. Trustee has filed a separate objection to this Application [D.I. 139].

by the Court prior to the Trustee Motions being resolved and, if the appointment of a chapter 11 trustee is directed by the Court, the chapter 11 trustee having an opportunity to take a position with respect to same. The allegations contained in the Trustee Motions raise the issue of whether the Debtors should be permitted to remain in control of the bankruptcy cases – accordingly, those motions should be heard prior to the Employment Applications and the Bid Procedures Motion. If the Court determines that an independent trustee should be appointed, the trustee should have the opportunity to be heard regarding the Employment Applications and the Bid Procedures Motion.

5.  The U.S. Trustee has raised a number of issues with the Debtors regarding the Employment Applications and the Motion. The Debtors have indicated that they are willing to address a number of them and reserves the right to report to the Court regarding the resolution of same. The U.S. Trustee highlights certain of those issues if the hearing on the Employment Applications and Motions do go forward:

   a. With respect to the Debtors' application to employ Macco, the Debtors have noticed a motion to employ a chief restructuring officer, who is proposed to be supported by members of his firm, for hearing on December 17. *Debtors' Motion for Entry of an Order (I) Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* [D.I. 95]. The Sonoran employment application does not clearly explain why the Debtors need the services of both firms, at a substantial cost to the Debtors' estates, in these liquidating cases.

3

b. With respect to the Debtors' application to employ Teneo, there is a "tail" provision in the engagement letter which entitles Teneo to a Transaction Fee in the event that a Transaction is consummated within twelve (12) months after the effective date of Teneo's termination. See Appl. Ex. B (Engagement Letter) ¶. Given the pendency of the Trustee motions, such provision should not be addressed by the Court until after the Court rules on the Trustee Motions.

c. With respect to the Bid Procedures Motion, the Debtors seek authority to award bid protections to a yet-to-be-identified "stalking horse" bidder. Mot. ¶ 10 ("Stalking Horse Bidders"). Under the United States Court of Appeals for the Third Circuit's decision in *Calpine Corp v. O'Brien Envt'l Energy, Inc. (In re O'Brien Envt'l Energy, Inc.*, 181 F.3d 527 (3d. Cir. 1999), this Court has to be able to make findings regarding the necessity of the bid protections before such administrative expenses are allowed, and identification of the bidder is a necessary predicate to this Court's work in that regard. *See O'Brien*, 181 F.3d at 535 ("[T]he determination whether break-up fees or expenses are allowable under § 503(b) must be made in reference to general administrative expense jurisprudence. In other words, the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate."). Accordingly, the Court should not approve bid protections until the Debtors identify the proposed "stalking horse" bidder, on notice to parties in interest.

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court postpone the hearings on the Employment Applications and the Bid Procedures Motion as requested herein and grant other relief consistent with this Objection.

Dated: December 6, 2020  
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**  
**UNITED STATES TRUSTEE,**  
**REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*  
Joseph J. McMahon, Jr.  
Trial Attorney  
John Schanne  
Trial Attorney  
United States Department of Justice  
Office of the United States Trustee  
J. Caleb Boggs Federal Building  
844 King Street, Suite 2207, Lockbox 35  
Wilmington, DE 19801  
(302) 573-6491 (Phone)  
(302) 573-6497 (Fax)  
joseph.mcmahon@usdoj.gov  
john.schanne@usdoj.gov