# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| CRED INC., CRED CAPITAL, INC., and CRED (US) LLC | |
| Plaintiffs, | Adversary Proceeding No. _____ |
| v. | |
| JAMES ALEXANDER | |
| Defendant | |

## COMPLAINT FOR TURNOVER PURSUANT TO BANKRUPTCY CODE SECTION 542

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession, Cred Capital, Inc. ("Cred Capital"), and Cred (US) LLC ("Cred (US)" and together with Cred and Cred Capital, the "Plaintiffs"), hereby file this Complaint for turnover against defendant James Alexander ("Alexander" or "Defendant") and in support thereof allege as follow:

### INTRODUCTION

1. This adversary proceeding seeks turnover under section 542 of the Bankruptcy Code.

2. First, Plaintiffs seek turnover from Defendant of cryptocurrency, further described below consisting of Bitcoin and USD Coin that has a current market value of approximately

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

$3.75 million (the "Digital Assets"). The Digital Assets were wrongfully taken from Plaintiffs by Defendant without authorization and surreptitiously transferred by Defendant to blockchain addresses that are owned or controlled by Defendant.

3. Second, Plaintiffs seek turnover from Defendant of property of the Estate, further described below, consisting of a company laptop, iPad and external server (the "Computer Assets").

4. Third, Plaintiffs seek turnover from Defendant of payment of a debt incurred in connection with an employee loan agreement between Defendant and Cred (US) that was executed in June 2019. Under the terms of the loan agreement, Plaintiff Cred (US) loaned Defendant $250,000 and LBA Tokens (collectively, the "Debts"), which Debts are matured, payable on demand, or payable on order.

5. Despite Plaintiffs' demands, Defendant has refused to return the Digital Assets or the Computer Assets and has failed to satisfy the Debts owed to the Plaintiffs.

## JURISDICTION, VENUE, AND STATUTORY BASES

6. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2). In accordance with Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plaintiffs confirm their consent to the entry of a final orders or judgments by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This adversary proceeding is brought pursuant to sections 542 of title 11 of the United States Code (the "Bankruptcy Code").

**PARTIES AND BACKGROUND**

9. Plaintiff Cred is a Delaware corporation, with its principal place of business in California. Cred's mailing address is 3 East Third Avenue, San Mateo, California 94401. Cred, together with its affiliates, operates a financial technology platform which allows customers to earn returns on investments of cryptocurrency.

10. Plaintiff Cred Capital is a Delaware corporation, with its principal place of business in California. Cred Capital's mailing address is 3 East Third Avenue, San Mateo, California 94401. Cred Capital was created as a subsidiary of Cred to provide bond securitization and asset management for Cred.

11. Plaintiff Cred (US) is a Delaware limited liability corporation, with its principal place of business in California. Cred US's mailing address is 3 East Third Avenue, San Mateo, California 94401.

12. On November 7, 2020 (the "Petition Date"), Cred and its subsidiaries (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner have been made in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

13. Defendant James Alexander is an individual who resides in Los Angeles, California, and is a citizen of the State of California. In August 2018, Alexander was hired as an

at-will employee by Cred to the position of Chief Capital Officer, and reported to Cred's President, Daniel Schatt, in San Mateo. As part of his employment, Alexander was provided by Cred the Computer Assets to be used while he was an employee and to be returned at the end of his employment.

14. On or around June 26, 2020, Cred fired Alexander and removed his access to the Plaintiffs' email server.

## FACTS

**Defendant's Duties to Cred as Officer and Employee**

15. On August 27, 2018, Cred hired Defendant as Cred's Chief Capital Officer. As an officer of Cred, Defendant owed Cred fiduciary duties, including a duty of loyalty.

16. As part of his employment agreement, Defendant agreed that he would not "engage in any other employment, occupation, consulting or other business activity directly related to the business in which [Cred] is now involved or becomes involved during the term of your employment, nor will you engage in any other activities that conflict with your obligations to the Company."

17. Defendant also agreed that he was "expected to devote [his] full business time and best efforts to performing [his] job duties for the Company during [his] employment" with Cred. The employment agreement also specified that it "may not be modified or amended except by a written agreement signed by Dan Schatt and [Defendant]."

18. As part of his employment, Alexander also signed a Confidentiality, Non-Solicitation, and Inventions Agreement (the "Confidentiality Agreement") in which he agreed that while he was employed by Cred, he would "not provide any services in competition against [Cred]." The Confidentiality Agreement also specified that this duty applies to Defendant

"regardless of the Company subsidiary or business for which [he] works or provides services, or the duties which [he] is or may in the future be assigned."

19.     The Confidentiality Agreement further provides that Alexander retains no rights, titles, or interests whatsoever in any "Work Product," or "materials, information, concepts, or work whatsoever that (i) are prepared or developed by [Defendant], individually or jointly with others, during [Defendant's] employment by the Company, whether or not during working hours, and (ii) relate to, are connected with or arise in any way out of (1) current and/or anticipated businesses and/or activities of the Company," including "any work performed by the [Defendant] for the Company, and/or (4) any information or assistance provided by the Company[.]"

20.     Based on the employment agreement, Defendant received a base annual salary of $240,000. In 2019, as an additional employee benefit, Defendant received an employee loan of $250,000 and a loan of LBA, Cred's general utility token.

21.     As a Cred employee, Defendant also was given use of the Computer Assets, consisting of (1) a Macbook Pro; Serial Number: SC02CLK4HMD6M (2) an Ipad; Serial Number: DMPZM21CLMV7 and (3) a Samsung SSD External Drive; Serial Number: S49WNSON307389. Per the terms of his employment, Defendant was required to return Cred's Computer Assets to Cred upon the termination of his employment by Cred.

**Cred Forms Cred Capital**

22.     In early 2020, in connection with a broader corporate strategy aimed at diversifying Cred's fund allocations, Cred assigned Defendant to organize and manage Cred Capital as a Delaware entity to be owned and controlled by Cred for the purposes of (a) creating an entity that would arrange bond offerings for companies in need of capital and (b) facilitate Cred's asset management strategies.

23. Defendant was to oversee the organization of Cred Capital, which was supposed to be owned under a traditional parent-subsidiary relationship with Cred, and have a typical governance framework with board control of the subsidiary and with Cred owning and controlling the stock of the subsidiary.

24. Cred specifically instructed Defendant to organize Cred Capital so that it was governed by a three-person board of directors with two Cred employees controlling a three-person board of directors. Cred also instructed Defendant to establish Cred as the majority shareholder of Cred Capital, with voting control over its subsidiary.

25. On or around May 30, 2020, Cred CEO Dan Schatt discovered that Cred Capital was not organized in accordance with Cred's specifications. Instead of being managed by a three-person board of directors, Defendant installed himself as the sole director of Cred Capital. Moreover, rather than assigning the majority of Cred Capital's voting shares to Cred, Defendant assigned Class B shares with no voting rights to Cred—and assigned Class A voting shares to a purported third-party "investor" who never made any investment but supposedly gave Defendant a proxy to control Cred Capital in his name.

26. At the time, however, Defendant was still a Cred employee, and owed fiduciary duties to Cred and was bound by the agreements that he signed in 2018. In the Confidentiality Agreement, Defendant had assigned to Cred all rights, titles, and interests, in any materials or works that were prepared by him that "are connected with or arise in any way out of" Cred's current or anticipated businesses or activities, whether or not they were developed during working hours.

27. Additionally, Defendant had agreed that Cred was his true attorney-in-fact with "full power of substitution and re-substitution, in [Defendant's] name, place, and stead, in any

and all capacities, to execute, verify, acknowledge, and deliver any document necessary or appropriate to effectuate" Cred's ownership over Defendant's works, including any corporate documents for Cred Capital that were created by him or at his request.

28. Likewise, Defendant had agreed that while employed by Cred he would not provide any services in competition against the company, which includes the creation of any entities adverse to Cred.

29. As a result of Defendant's actions, Cred was required to take steps to correct the organization and management of Cred Capital. On June 22, 2020, Cred, acting as a substitute incorporator of Cred Capital under Section 107(d) of the Delaware General Corporation Law ("DGCL"), executed a valid action of incorporator to adopt bylaws and appoint Messrs. Schatt and Joe Podulka, Cred's Chief Financial Officer, as the initial directors of Cred Capital. Cred Capital's board, constituted with Schatt and Podulka as directors, then appointed a set of officers that did not include Defendant.

30. The board also confirmed that Cred Capital's prior stock issuances were null and void and authorized a new issuance of voting stock to Cred. Cred thereby became the sole valid stockholder of Cred Capital.

31. On June 29, 2020, Podulka, in his capacity as an officer of Cred Capital, also filed a Certificate of Correction pursuant to Section 103(f) of the DGCL to correct Defendant's omission of the names of Cred Capital's initial board of directors to remove any doubt as to the status of Cred Capital's true board of directors and the validity of the board's actions undertaken on June 22, 2020.[2]

---

[2] With respect to the June 22, 2020 action, Cred acted as a substitute incorporator of Cred Capital because it was initially unable to identify or contact Rebecca Floren, the individual identified as sole incorporator on Cred Capital's March 10, 2020 certificate of incorporation. Upon identifying Ms. Floren on or about June 27, 2020, Cred determined to file the June 29, 2020 Certificate of Incorporation.

7

32. On or around June 26, 2020, Cred terminated Defendant's employment and removed his access to the Plaintiffs' email servers. Despite his termination, Defendant failed to return the Computer Assets to Cred, even after Cred made a written demand for the return of such assets.

**Cred Learns that Defendant Misappropriated the Digital Assets**

33. In connection with the creation of Cred Capital, Cred provided the Digital Assets to Cred Capital as funding for the anticipated business of Cred Capital. As of the filing of this Complaint, the Digital Assets have a value of approximately $3.75 million.

34. Shortly after regaining control of Cred Capital, Cred learned that Defendant caused an unauthorized transfer of the Digital Assets to blockchain addresses outside the Plaintiffs' control.

35. Specifically, on the evening of June 24, 2020 Cred learned that Defendant had instructed Daniyal Inamullah, Cred Capital's Vice President of Capital Markets to move the Digital Assets from Cred Capital accounts to blockchain addresses that did not belong to the Plaintiffs, or any of the Plaintiffs' custodians or asset managers. Defendant communicated with Mr. Inamullah via Telegram Messenger – rather than through the Plaintiffs' email server –which appears to be an attempt to evade detection of his conversion of the Digital Assets. Defendant subsequently deleted the conversation thread on Telegram Messenger to destroy evidence of his malfeasance.

36. On information and belief, the Plaintiffs allege that Defendant owns, or is in control of, the following four blockchain addresses to which he moved the Digital Assets:

- **BTC Addresses**: 0x58ac2780289a9D2D788dA184F2c15C0586f8e53D
  - 463362d41ab2686977f6f7c8bcb40ffbbfbf7fb9846558c602a29351f2cdbba0

- o   3GGyZqR9Z79Sad8irEiDFtxPfxyCvYxEv3

- **USDC Address**: 3GGyZqR9Z79Sad8irEiDFtxPfxyCvYxEv3

    - o   2329c3648ad590ce615397103029ce2c396d9b3b74c26beb442cb9ee16cb6ca3

    - o   0xf225f18dbff318505fc2857abd78caf9310de2c2fa6f641254dab42f46cf19d6

**Debts Defendant Owes to Plaintiffs**

37.     Under an employee loan agreement and pledge agreement with Cred (US), entered June 1, 2019, Cred (US) loaned Alexander $250,000.

38.     Similarly, on October 30, 2019, Cred (US) loaned Alexander 5,200,000 LBA tokens via three separate loan agreements.

39.     Pursuant to Sections 8 and 9 of the employee loan agreement, the entire loan to Defendant matured and all outstanding borrowing under the line of credit were required to be paid in full upon his June 26, 2020 termination.

40.     Further, pursuant to Section 25 of the employee loan agreement, Alexander's misappropriation of the Digital Assets and other wrongful conduct also renders any of Defendant's obligations under the employee loan agreement into a full-recourse obligation.

41.     On July 23, 2020, Cred (US) sent Alexander a letter demanding repayment of the Debts owed by Defendant. Plaintiffs also demanded return of the Digital Assets.

42.     Despite repeated demands, Defendant has refused to return the Digital Assets or repay the Debts owed to the Plaintiffs.

43.     Prior to the Petition Date, the Plaintiffs commenced litigation against Defendant in California state court seeking, among other things, injunctive relief to prevent further dissipation of the Plaintiffs' property.[3] In connection with that action, on July 17, 2020, the

---

[3]   Case No. 20-CIV-02915, Superior Court of the State of California; County of San Mateo, Southern Branch.

California court granted Cred and Cred Capital's motion for a preliminary injunction requiring the preservation of the Digital Assets.

### Claims for Relief

### Count I: Turnover of Estate Property Pursuant to Bankruptcy Code § 542(a)

44.   Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set forth herein.

45.   Section 542(a) of the United States Bankruptcy Code provides, in pertinent part:

> [A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code],…shall deliver to the trustee, and account for, such property or the value of such property….

11 U.S.C. § 542(a)

46.   Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of, subject to certain exceptions, "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

47.   The Digital Assets and Computer Assets are the property of the Debtors' estates in the Defendant's possession, custody or control.

48.   The Defendant has failed to deliver the Digital Assets and Computer Assets to the Plaintiffs.

49.   Therefore, the Plaintiffs are entitled to judgment ordering Defendant to turnover the Digital Assets and Computer Assets, or the value thereof, pursuant to section 542(a) of the Bankruptcy Code.

50.   Moreover, to the extent that Defendant is in possession of any other property of the estate Plaintiffs are entitled to a judgment directing Defendant to turnover such property.

**Count II: Turnover of Debt Pursuant to Section § 542(b)**

51. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set forth herein.

52. Section 542(b) of the Bankruptcy Code provides, in pertinent part:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent such debt may be offset under section 553 of [the Bankruptcy Code] against a claim against the debtor.
>
> 11 U.S.C. § 542(b).

53. Defendant is an entity that owes a debt to Plaintiffs.

54. The Debts are property of the estate.

55. The Debts are matured, payable on demand, or payable on order to Plaintiffs.

56. The Defendant has not paid the Debts owed to Plaintiffs.

57. The Debts are not subject to offset under section 553 of the Bankruptcy Code.

58. Accordingly, the Plaintiffs are entitled to judgment ordering the Defendant to pay the Debts to Cred (US) in accordance with section 542 of the Bankruptcy Code.

**Count III: Turnover of Records Pursuant to Section § 542(e)**

59. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set forth herein.

60. Section 542(e) of the Bankruptcy Code provides that "after notice and a hearing, the court may order . . . [a] person that holds recorded information . . . relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.""

11

61. To the extent that Defendant is in possession of any recorded information relating to Plaintiff's property or financial affairs, Plaintiffs are entitled to a judgment directing Defendant to turnover such recorded information.

62. The foregoing counts are without prejudice to any additional claims Plaintiffs may have against the Defendant.

### Prayer for Relief

63. Wherefore, the Plaintiffs respectfully request that the Court grant the following relief against the Defendant as to Counts I, II and III of this Complaint, and that the Court enter judgment against the Defendant as follows:

   a. Ordering Defendant to turnover the Digital Assets, Computer Assets and any other property of the estate in Defendant's possession, custody or control to the Plaintiffs;

   b. Ordering Defendant to pay the Debts owed by Defendant to Plaintiffs as set forth herein;

   c. Ordering Defendant to turnover any recorded information in his possession related to Plaintiffs' property or financial affairs; and

   d. Granting Plaintiffs such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

Dated: November 18, 2020
    Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:    scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:    jamesgrogan@paulhastings.com
    mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:    alexbongartz@paulhastings.com
    derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*