# EXHIBIT 11



---------- Forwarded message ---------
From: **Dan Schatt** <dan@mycred.io>
Date: Tue, Jun 23, 2020 at 4:01 PM
Subject: Cred Capital
To: James Alexander <james@credcapital.io>, Dan Wheeler <dan.wheeler@mycred.io>
Cc: Joseph Podulka (joe@mycred.io) <joe@mycred.io>

Hi Dan, James,

We have tried without luck to engage with James on the status of Cred Capital and how it fits within Cred's goals. We hoped to come to a solution that would align all parties towards those goals and believed that a direct discussion would bring clarity as to where all of us stand on the matter.

Given our inability to engage with James despite several attempts, we have taken what we believe are prudent steps to protect Cred's interests with respect to Cred Capital. These changes may come as a surprise, but we believe we have been clear as to the framework for governance going forward.

We had outside counsel review the Cred Capital organization documents, and we discovered that the initial board of directors was not properly constituted, as the incorporator of the company, Rebecca Floren, never signed resolutions transferring control of the company to the initial board of directors as required by Delaware law. James had signed an "action of incorporator" naming himself as a director (attachment #1), but this was an invalid action because Rebecca Floren was named as the incorporator in the original certificate of incorporation. As a result, all of the subsequent actions James purportedly took as a director were also invalid, such as naming officers and approving the issuance and sale of stock.

To cure these defects, on the advice of outside counsel, after determining that Rebecca Floren was not available, Cred executed a new action of incorporator in reliance on Section 108(d) of the DGCL (attachment #2) appointing myself and Joe Podulka as directors. In our capacity as the new board, we confirmed that all prior purported stock issuances and authorizations were void and approved a new issuance and sale of 1,000 shares of

1

Class A Common Stock to Cred Inc. This action made Cred the sole stockholder and parent company of Cred Capital. We also named a new slate of officers (myself, Joe and Dan) and amended and restated the certificate of incorporation of Cred Capital, Inc. to simplify the capital structure and create a single class of common stock (attachment #3).

We are also updating the asset management agreement to reflect the change in circumstances and include additional terms that are standard for such agreements.

We have engaged outside counsel to review Cred's organizational structure (now changed as outlined above) and provide guidance over the coming week as to how from a governance, resource, operational and human capital perspective, we can operate as a combined business with diversified business lines that respect important regulatory status considerations, but do not introduce unnecessary inefficiencies or impediments to business success. We look forward to receiving this guidance so ultimately we can commercialize all of our offerings under the Cred brand name.

As I stated from the beginning, we created Cred Capital for regulatory purposes, but its mission, vision and work are all tied to a single Cred strategy. Our main aim in executing these organizational changes is to give substance to the traditional parent-subsidiary relationship Cred has always envisioned. We would like James to remain on the Cred Capital team in an important role that recognizes the ordinary course prerogatives of a parent company, and we welcome an open and transparent dialogue about how to best move forward.

I received James' latest email concerning the settlement discussion letter agreement and will be responding separately in due course.

Best regards,

Dan Schatt

--



**James Alexander**

President

213 262 6000

james@credcapital.io

https://protect-us.mimecast.com/s/XYkxCmZ7y1TJkQGI9qBGv

2