**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | **Waiver of Local Rules Requested** |
| | ) | **Hr'g Date: Dec. 17, 2020 at 11:00 a.m. (ET)** |
| | ) | **Obj. Deadline: Dec. 14, 2020 at 4:00 p.m. (ET)** |

**DEBTORS' AMENDED MOTION FOR ENTRY OF ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession, (the "Debtors") respectfully represent as follows in support of this motion:

**Relief Requested**

By this amended motion,[2] the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), extending the initial fourteen (14) day deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by a total of 62 days, without prejudice to the Debtors' ability to request additional time should it become necessary. In support of this amended

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] This amended motion amends the original motion to extend the time to file the Schedules [Docket No. 67] (the "Original Motion"). The Original Motion requested a 28-days extension of time to file the Schedules for a total of 44 days from the Petition Date, *i.e.*, until December 21, 2020.

motion, the Debtors rely upon, and incorporate by reference, the declaration of Matthew Foster, attached as **Exhibit B** (the "Foster Declaration").

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(b).[3]

**Background**

4. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting*

[3] According to Local Rule 9006-2, the filing of the Original Motion extended the time to take action until the Court decided the motion, without the necessity for the entry of a bridge order.

*Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

6. On December 3, 2020, the Office of the United States Trustee for the District of Delaware appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 120]. No trustee or examiner has been appointed in these chapter 11 cases.

**Relief Requested**

7. The Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Rule 1007-1(b) extending the initial fourteen (14) day deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by sixty-two (62) days, without prejudice to the Debtors' ability to request additional time should it become necessary.

**Basis for Relief**

8. This Court has the authority to grant the requested extension under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Rule 1007-1(b). Section 105(a) of the Bankruptcy Code grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown." Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon the filing of a motion by the debtor."

9. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require the Debtors to file their Schedules within 14 days after the Petition Date. Thus, absent the relief

requested in this Motion, the Debtors were required to file their Schedules by November 23, 2020.[4]

10. At the time these "free-fall" cases were filed, the Debtors were in the midst of a severe liquidity crises and had only recently retained restructuring professionals to assist them. Since the Petition Date, the Debtors and their professionals have spent, and continue to spend, a substantial amount of time on collecting, analyzing, and organizing information related to the Debtors' assets and liabilities to enable the Debtors to file their Schedules.

11. Since the Petition Date, the Debtors have undergone management changes that have resulted in the appointment of new personnel in key positions. Most importantly, the Debtors have appointed a Chief Restructuring Officer, Matthew Foster, and have removed their prepetition Chief Executive Officer (who remains an employee, but not in an officer capacity) and Chief Financial Officer (whose employment has been terminated).[5] The Debtors have also appointed Scott Wiley as Interim Chief Financial Officer.

12. To prepare their Schedules, the Debtors must compile information from books, records, and documents relating to a myriad of claims, assets, and contracts. Collection of the necessary information has and will require an enormous expenditure of time and effort on the part of the Debtors and their professionals.

13. While the Debtors, with the help of their professional advisors, are working diligently and expeditiously on the preparation of the Schedules, resources are limited and the individuals in charge of the process – the Chief Restructuring Officer and Interim Chief

---

[4] Because the 14-day period expired on a Saturday (November 21, 2020), the period is automatically extended to the next business day, which is Monday, November 23, 2020. *See* FED. R. BANKR. P. 9006(a)(2)(C).

[5] In addition, the Debtors' Controller is expected to commence maternity leave in the near term, and she will be replaced by a Sonoran employee as Interim Controller until the Debtors' Controller returns.

Financial Officer – were only recently appointed. In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors anticipate that it will require approximately 76 days from the Petition Date to complete their Schedules. The Debtors, therefore, request that the Court extend the period provided under Bankruptcy Rule 1007(c) by 62 days, for a total of 76 days from the Petition Date, *i.e.*, January 22, 2021. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time for the filing of the schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee and to any committee . . . trustee, examiner, or other party as the court may direct."[6]

14. The Debtors submit that the vast amount of information it must assemble and compile, the changes the Debtors have made in their management team, the size and complexity of the Debtors' business operations, and the many employee and professional hours required to complete the Schedules, together constitute good and sufficient cause for granting the extension of time requested herein. As a result, the Debtors request that the Court grant such an extension, without prejudice to their rights to seek any further extensions from the Court. The requested extension will enhance the accuracy of the Debtors' Schedules and avoid the necessity of substantial subsequent amendments. The relief requested herein has been routinely granted by courts in this jurisdiction.[7]

---

[6] FED. R. BANKR. P. 1007(c).

[7] *See, e.g., In re Global Eagle Entertainment Inc.*, No. 20- 11835 (JTD) (Bankr. D. Del. August 18, 2020); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. May 1, 2019)*; In re Imerys Talc America, Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Mar. 19, 2019*); In re Vitamin World, Inc.*, No. 17-11933 (KJC) (Bankr. D. Del. Oct. 6, 2017)*; In re Panda Temple Power, LLC,* No. 17-10839 (LSS) (Bankr. D. Del. May 22, 2017)*; In re*

**Notice**

15. Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) counsel to the official committee of unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of page intentionally left blank.*]

---

*Chieftain Sand & Proppant, LLC,* No. 17-10064 (KG) (Bankr. D. Del. Jan. 10, 2017*); In re Chaparral Energy, Inc.,* No. 16-11144 (LSS) (Bankr. D. Del. June 7, 2016).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: December 10, 2020
Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone: (302) 824-7081
Facsimile: : (302) 295-0331
Email: scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com
mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: alexbongartz@paulhastings.com
derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*