**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Waiver of Local Rules Requested** |
| | ) |
| | ) **Hr'g Date: Dec. 17, 2020 at 11:00 a.m. (ET)** |
| | ) **Obj. Deadline: Dec. 14, 2020 at 4:00 p.m. (ET)** |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO**
**DEBTORS' AMENDED MOTION FOR ENTRY OF ORDER EXTENDING**
**TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors")

respectfully state as follows in support of this motion:

**Relief Requested**

By this motion (the "Motion to Shorten"), the Debtors seek entry of an order,

substantially in the form attached as **Exhibit A** (the "Proposed Order"), (a) scheduling the

Debtors' Amended Motion for Entry of Order Extending Time to File Schedules and Statement

of Financial Affairs [Docket No. 169] (the "Amended Motion"), filed contemporaneously with

this motion, for a hearing at the **December 17, 2020 at 11:00 a.m. hearing**, (b) shortening the

period for notice of the hearing on the Amended Motion, with objections, if any, to be filed on or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

before **December 14, 2020 at 4:00 p.m. (ET)**, and (c) allowing the Debtors to reply to any such objections by **December 15, 2020 at 4:00 p.m. (ET)**.

### Jurisdiction, Venue, and Statutory Bases

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief sought herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(b).

### Background

4.       On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

2

6.      On December 3, 2020, the Office of the United States Trustee for the District of Delaware appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 120] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

## Basis for Relief

7.      Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Del. Bankr. L.R. 9006-1(c)(i).  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) (permitting the Court to order time periods set by the Bankruptcy Rules to be reduced "for cause shown").  For the reasons set forth in the Amended Motion, sufficient cause exists to justify shortening the notice and objection periods for, and scheduling a hearing on, the relief requested in the Amended Motion.

8.      Local Rule 9006-1(c)(ii) requires that the objection deadlines with respect to motions be scheduled such that all objections to be filed and served at least seven (7) days before the hearing date.  The Debtors request that the Court require that any objections to the relief sought by the Amended Motion be filed on or before December 14, 2020 at 4:00 p.m. (ET).

9.      Under Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing, and the Debtors request that this Motion to Shorten be granted without further hearing.

10.     As set forth in more detail in the Amended Motion, the Debtors believe that good cause and compelling circumstances exist warranting expedited consideration and shortened notice of the Amended Motion.  At the time these "free-fall" cases were filed, the Debtors were in the midst of a severe liquidity crises and had only recently retained restructuring professionals to assist them.  Since the Petition Date, the Debtors and their professionals have spent, and continue to spend, a substantial amount of time on collecting, analyzing, and organizing information related to the Debtors' assets and liabilities to enable the Debtors to file their Schedules.

11.     Moreover, since the Petition Date, the Debtors have undergone management changes that have resulted in the appointment of new personnel in key positions.  Most importantly, the Debtors have appointed a Chief Restructuring Officer, Matthew Foster, and have removed their prepetition Chief Executive Officer and Chief Financial Officer.[2]  The Debtors have also appointed Scott Wiley as Interim Chief Financial Officer.

12.     To prepare their Schedules, the Debtors must compile information from books, records, and documents relating to a myriad of claims, assets, and contracts.  Collection of the necessary information has and will require an enormous expenditure of time and effort on the part of the Debtors and their professionals.  While the Debtors, with the help of their professional advisors, are working diligently and expeditiously on the preparation of the Schedules, resources are limited and the individuals in charge of the process – the Chief Restructuring Officer and Interim Chief Financial Officer – were only recently appointed.

---

[2]     In addition, the Debtors' Controller is expected to commence maternity leave in the near term, and she will be replaced by a Sonoran employee as Interim Controller until the Debtors' Controller returns.

13.     Despite the considerable efforts thus far, the Debtors will not be able to complete their Schedules by December 21, 2020, *i.e.*, the extended deadline requested in the Debtors' Motion for Entry of Order Extending Time to File Schedules and Statements of Financial Affairs dated November 18, 2020 [Docket No. 67] (the "Original Motion").  The Debtors have thousands of creditors and parties-in-interest, and must compile financial information from voluminous records and documents concerning their obligations under various customer agreements and contracts.

14.     Moreover, scheduling a hearing on the motion for December 17, 2020 will allow the Court to consider this motion in connection with other motions that have been scheduled for that date, including Motion of Debtors, Pursuant to Bankruptcy Code Sections 105(a), 502, and 503 and Bankruptcy Rule 2002, for Entry of an Order (I) Fixing Deadline for Filing Proofs of Claim and (II) Approving Form and Manner of Notice Thereof [Docket No. 52].

15.     Further, pursuant to Local Rule 9006-1(e), the Debtors inquired about this Motion to Shorten to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to the Committee.  The U.S. Trustee indicated that it had no objection to this Motion to Shorten or having the Amended Motion heard on an expedited basis.[3]  As of the time of the filing of this Motion to Shorten, counsel to the Committee has not responded to Debtors' request.

16.     Accordingly, the Debtors respectfully request that the Court shorten the notice and objection periods for Amended Motion in accordance with this Motion to Shorten.  Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a

---

[3]     The rights of the United States Trustee to object to the Amended Motion are, of course, fully reserved and preserved.

hearing, and accordingly, the Debtors request that this Motion to Shorten be granted without further hearing.

17.      For these reasons, the Debtors request that the Court schedule a hearing on the Amended Motion at the Court's earliest convenience.

### **Notice**

18.      The Debtors will provide notice of this Motion to Shorten, as well as the underlying Amended Motion, via electronic mail where available, otherwise by overnight mail, on the following parties, or their counsel, if known to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) counsel to the official committee of unsecured creditors; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required (collectively, the "Notice Parties").

19.      If the Court grants this Motion to Shorten and enters an order fixing a hearing date and shortening the time to object or respond to the Motion to Shorten, the Debtors will immediately serve a copy of such Order, and a notice of hearing for the Motion to Shorten, on the Notice Parties by electronic mail where available, otherwise by overnight mail.

### **No Prior Request**

20.      No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, (a) scheduling a hearing on the Amended Motion, (b) shortening the period for notice of the hearing on the Amended Motion, with objections, if any, to be filed on or before December 14, 2020 at 4:00 p.m. (ET), (c) allowing the Debtors to reply to any such objections by December 15, 2020 at 4:00 p.m. (ET), and (d) granting such other relief as is just and proper.

Dated: December 10, 2020
      Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile:    (302) 295-0331
Email:        scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:        jamesgrogan@paulhastings.com
               mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:        alexbongartz@paulhastings.com
               derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*