**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>           Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>**Re: D.I. 169**<br><br>**Hearing Date: December 17, 2020 at 11:00 A.M. ET** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' AMENDED MOTION FOR ENTRY OF ORDER EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

In support of his objection in response to the above-captioned Debtors' (the "Debtors" or "Cred") amended motion (the "Motion") for entry of an order extending their time to file schedules and Statements of Financial Affairs [D.I. 169], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

**INTRODUCTION**

1. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

*Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

## **GROUNDS/BASIS FOR RELIEF**

4. In the Motion, the Debtors indicate that they need two and one-half months (seventy-two (72) days) from the petition date to complete their schedules of assets and liabilities and Statements of Financial Affairs. Mot. ¶ 13. The length of the request is simply more evidence that the cases need to be run by an independent fiduciary – the point being that, if the Debtors were being run by honest pre-petition management with "institutional knowledge" that was capable of accurately and completely preparing the documents, the task would take substantially less than the amount of time requested. Since the cases were filed five (5) weeks ago, there appears to have been no progress in completing the schedules (given that an additional six (6) weeks has been requested), which militates against a finding of "cause" for a further extension. Further, given that we are five (5) weeks into the cases (that is, a week beyond the twenty-eight (28)-day period afforded under this Court's Local Rule 1007-1(b)), there is an urgency to completing the documents; the Debtors should not be seeking to delay their completion.

5. Additionally, two points need to be made: first, in the event the Court determines that some relief is appropriate, there should be no further extensions of the deadline

that is set; second, this Court's consideration of the Debtors' motion to establish a claims bar date [D.I. 169] must wait until an independent fiduciary or the Debtors in possession complete the task of preparing the schedules, given that creditors are entitled to know what the Debtors' books and records indicate regarding their respective liabilities before the creditors decide whether to file proofs of claim.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court enter an order (i) denying the Motion or (ii) granting other relief consistent with this objection.

Dated: December 13, 2020
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE,
REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
John Schanne
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov
john.schanne@usdoj.gov