Case 20-12836-JTD    Doc 183    Filed 12/14/20    Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>        Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>Re:  D.I. 7, 29, 35<br><br>Hearing Date:  December 17, 2020 at 11:00 A.M. ET |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES; (III) WAIVING THE REQUIREMENTS OF SECTION 345(b) OF BANKRUPTCY CODE; AND (IV) GRANTING RELATED RELIEF**

In support of his limited objection in response to the above-captioned Debtors' (the "Debtors" or "Cred") motion (the "Motion") for entry of a final order (i) authorizing the Debtors to (a) continue to operate their cash management system, (b) honor certain prepetition obligations related thereto, (c) maintain existing business forms, and (d) continue to perform intercompany transactions; (ii) granting administrative expense status to postpetition intercompany balances; (iii) waiving the requirements of section 345(b) of the Bankruptcy Code; and (iv) granting related relief [D.I. 7], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

## INTRODUCTION

1.      This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2.      Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3.      The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

## GROUNDS/BASIS FOR RELIEF

4.      After discussing this Motion with the Debtor's representatives, the U.S. Trustee understands that the Debtors will accommodate the U.S. Trustee's concerns with respect to four (4) items:

    a. providing for administrative expense priority for intercompany transfers (as opposed to superpriority administrative expense status for such transfers);

      b. ensuring that the Debtors will not increase their cryptocurrency holdings and/or borrow funds to facilitate the purchase of same;

      c. providing for a sweep (each night or immediately, depending on daily volume) of any funds that are deposited into the Silvergate accounts;

      d. providing that use of the Evolve accounts will be suspended pending completion of the sale process, to the extent it goes forward.

5. The Debtors still have a sizeable amount – approximately $3 million in so-called "liquid" cryptocurrency, and more than three times that amount (approximately $10.5 million) in "illiquid" cryptocurrency.[2] 11 U.S.C. § 345 addresses requirements with respect to handling the estates' "money," and this Court is typically dealing with the fiat currency of debtors in possession. In contrast, cryptocurrencies are not controlled by a central authority (e.g., a central bank) and are not deposited in FDIC-insured banks which have executed a uniform depository agreement with the U.S. Trustee. Regardless of whether cryptocurrency is characterized as digital money or property, it has value, and the issue is what should be done to protect the Debtors' "downside" risk with respect to the handling of same under the circumstances. While the U.S. Trustee understands the Debtors' desire to augment the value of their assets by taking advantage of positive market trends (e.g., the rising price of Bitcoin), cryptocurrencies also experience unpredictable, sudden drops in value, as evidenced by the mid-March 2020 Bitcoin price drop (which these Debtors experienced).

6. Thus, the U.S. Trustee leaves the Debtors to their burden to demonstrate that the requirements of 11 U.S.C. §§ 345 and 363, as applicable, are satisfied with respect to their handling of the Debtors' "money" and cryptocurrency.

---

[2] Figures taken from the Debtors' cash flow forecast dated 12/4/20.

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court enter an order granting relief consistent with this limited objection.

Dated: December 13, 2020
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
John Schanne
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov
john.schanne@usdoj.gov