UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 64, 139 & 140** |

**FIRST SUPPLEMENTAL DECLARATION OF JAMES T. GROGAN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO DEBTORS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, James T. Grogan, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted and in good standing to practice in the State of Texas and the State of New York. My application for admission *pro hac vice* to the United States Bankruptcy Court for the District of Delaware (the "Court") was approved on November 9, 2020 [Docket No. 22].

2. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings" or the "Firm"), located at, among other offices worldwide, 600 Travis Street, 58th Floor, Houston, Texas 77002, and am duly authorized to make this first supplemental declaration (this "First Supplemental Declaration") on behalf of Paul Hastings. I submit this First Supplemental Declaration in further support of the *Debtors' Application for Entry of an Order Authorizing and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 64] (the "Application")[2] and in response to inquiries made by the Office of the United States Trustee (the "U.S. Trustee").

3.    The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the Firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.  To the extent any information disclosed in this Declaration requires amendment or modification upon completion of Paul Hastings' further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**Additional Disclosures Regarding Work Performed by Paul Hastings for the Debtors**

4.    In my prior Declaration, I disclosed that Paul Hastings has represented one or more of the Debtors in connection with certain corporate and litigation matters since June 2018.

5.    The U.S. Trustee later requested additional detail regarding the corporate legal work performed by Paul Hastings for the Debtors.  In that regard, Cred Inc. (formerly Libra Credit) originally engaged Paul Hastings for legal advice and analysis of the treatment under U.S. securities law of an offering of digital tokens called LBA that was to be sponsored by Cred and which was ultimately conducted out of Singapore in 2018 with advice from another law firm called Dentons.  The Firm analyzed the offering after it was completed and made recommendations on recordkeeping and also provided advice on the implications of commercially introducing the tokens within the United States.  The Firm has also provided corporate tax advice to the Debtors.

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

2

6. The Firm did not provide assistance to the Debtors preparing or negotiating customer cryptocurrency loan agreements or customer cryptocurrency rental agreements.

7. In January 2019, a Paul Hastings attorney participated in two conference calls with Daniel Wheeler (who was at that time a partner and head of the FinTech practice at Bryan Cave Leighton Paisner LLP) during which calls the Debtors' CredEarn product was discussed. It is my understanding that Bryan Cave Leighton Paisner LLP served as Cred's primary outside regulatory counsel and would have provided legal advice related to product development, marketing, and negotiation with customers, not Paul Hastings. On information and belief, in approximately August 2019 Mr. Wheeler was hired by Cred as its in-house general counsel, a position which he held for approximately one year.

8. The Firm was also asked by the Debtors at various times to perform the following corporate legal work:

   a. assist with the proposed formation of German and Australian subsidiaries, but ultimately the Debtors decided not to proceed with the project;

   b. prepare and oversee the filing for Cred (US) LLC of state qualification to do business as a foreign entity filings in all 50 states;

   c. assist the Debtors with the corporate and transaction work in connection with a capital raising convertible notes private placement offering;

   d. advised, along with the Richards Layton & Finger law firm, the Debtors in connection with the corporate steps in Delaware for Cred to obtain for stock ownership and board control of its subsidiary Cred Capital, Inc., including preparation of related corporate governance documents.[3]

---

[3] The corporate action authorizing the steps that set the definitive course for the establishment of Cred's corporate control over Cred Capital, Inc. was taken on the same date as Mr. James Alexander was terminated, *i.e.*, June 26, 2020, and was followed with corporate filings in Delaware on June 29, 2020. Paul Hastings started consulting with Richards Layton & Finger about this corporate action on June 19, 2020 and consulted with Richards Layton & Finger over the weekend and during the week leading up to the taking of the corporate action and the termination of James Alexander.

9. The U.S. Trustee has also suggested that Paul Hastings acted as "outside general counsel" to the Debtors prior to the Petition Date. Although the Firm represented the Debtors prior to the Petition Date with respect to the matters described above and in my initial Declaration, Paul Hastings was one of several outside law firms that advised or represented the Debtors. Further, the Debtors employed an in-house general counsel who was an experienced FinTech and financial regulatory attorney, as well as a former partner at a different law firm that also provided advice and counsel to the Debtors. Paul Hastings never agreed to represent the Debtors as "outside general counsel."

### Additional Disclosures Regarding Uphold

10. In my prior Declaration, I disclosed that Paul Hastings currently represents Uphold Inc., Uphold HQ Inc., and Uphold Ltd (collectively, "Uphold") in matters unrelated to the Debtors. I also disclosed that Paul Hastings previously jointly advised Debtor Cred (US) LLC, Uphold, and certain individuals in connection with prepetition litigation initiated by the Dekrypt Plaintiffs. I also disclosed that Cred (US) LLC has been dropped as a party in that litigation, that Paul Hastings never appeared for any party in the litigation, has no ongoing role in the litigation, and is not representing any party in the litigation.

11. Following my initial Declaration, the U.S. Trustee asked why Paul Hastings is unwilling to be adverse to Uphold in these chapter 11 cases, which is addressed below.

12. Uphold is a current Firm client in matters unrelated to the Debtors. In connection with preparing the bankruptcy Petitions, the Debtors identified Uphold, Inc. as holding a trade claim against the Debtors in the amount $518,635.45. I am also aware that the Debtors held a prepetition account with Uphold that contained some of the Debtors' cryptocurrency assets with a value of approximately $425,000 that was frozen by Uphold.

4

13.    Although the Firm obtained advance conflict waivers in its engagement letters with both the Debtors and Uphold, there was the potential for adversity between Uphold and the Debtors during a chapter 11 case and out of an abundance of caution Paul Hastings requested, prior to the Petition Date, that Cousins Law LLC act as conflicts counsel to the Debtors with respect to any issues that may arise in the cases related to Uphold, and Cousins Law LLC was willing and able to act in that capacity.

14.    Uphold has engaged Baker Hostetler as legal counsel to represent Uphold in these chapter 11 cases.

15.    Moreover, as noted in my prior Declaration, Paul Hastings has imposed (and will continue to impose) certain screening procedures in the form of ethical walls between the attorneys, files, and information relating to Paul Hastings' representation of the Debtors and those relating to Paul Hastings' representation of Uphold.

## Prepetition Transfers to Paul Hastings

16.    The U.S. Trustee requested that a reformatted summary, in the form attached hereto as **Exhibit 1**, of the Debtors' prepetition transfers to Paul Hastings within 90 days prior to the Petition Date.

17.    After supplying this summary, the U.S. Trustee suggested that the payment of the Firm's August 25 and September 14 invoices may have been preferential. To avoid any potential concerns that the Court, the U.S. Trustee, or other parties in interest may have over the payment of these invoices, if the firm's retention is approved then Paul Hastings will (a) credit $313,330.40—the aggregate amount of Paul Hastings' August 25, 2020 and September 14, 2020 invoices being challenged by the U.S. Trustee ($349,477.26) *minus* the amount of the retainer

Paul Hastings held as of the Petition Date ($36,146.86)[4]— to the Debtors' retainer and (b) waive prepetition fees in the amount of $313,330.40. As a result, the Debtors' retainer account will hold $349,477.26 to be applied to postpetition fees that may be approved by the Court.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 14th day of December, 2020

/s/ *James T. Grogan*

---

[4] The prepetition retainer acts as security for the payment of fees, and, accordingly, insulates the payment of prepetition fees in the amount of the retainer against preference liability.