# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Dec. 17, 2020 at 11:00 a.m. (ET)**<br><br>**RE: Docket Nos. 64, 139** |

### REPLY OF DEBTORS TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the objection (the "Objection")[2] of Andrew R. Vara, United States Trustee for Regions Three and Nine (the "U.S. Trustee") to the *Debtors' Application for Entry of an Order Authorizing and Approving Retention of Paul Hastings LLP as Counsel to the Debtors Effective as of the Petition Date* (the "Application") [Docket No. 64]. In support of this Reply, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Objection of the United States Trustee to the Debtors' Application for Entry of an Order Authorizing and Approving Retention of Paul Hastings LLP as Counsel to the Debtors Effective as of the Petition Date* [Docket No. 139]. Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Objection.

**PRELIMINARY STATEMENT**

1.  Paul Hastings LLP ("Paul Hastings") is not only well qualified to serve as Debtors' counsel, it also is disinterested within the meaning of section 327 of the Bankruptcy Code. In an effort to be as transparent as possible, Paul Hastings provided extensive initial disclosures in support of its retention, has promptly responded to all follow-up requests by the U.S. Trustee, has voluntarily provided a supplemental disclosures, and agrees to waive more than $300,000 in prepetition fees so as to remove *any* question as to whether Paul Hastings is conflicted in its representation of the Debtors.

2.  For whatever reason, Paul Hastings' efforts to satisfy the U.S. Trustee's concerns—despite going well beyond the requirements of Bankruptcy Rule 2014 and section 327 of the Bankruptcy Code—have been met with the Objection, which relies solely upon insinuation and never comes close to showing how Paul Hastings would actually be conflicted in its representation of the Debtors.

3.  Simply stated, the contentions in the Objection are not true. Paul Hastings' disclosures are comprehensive and do not show an adverse interest to the Debtors, their estates, or any class of creditors within the meaning of section 327 of the Bankruptcy Code. Accordingly, Paul Hastings is disinterested and its retention application should be granted.[3]

---

[3] Attached as **Exhibit C** is a revised proposed order approving the Debtors' retention and employment of Paul Hastings LLP, reflecting informal comments provided by the U.S. Trustee. A blackline marked to show changes against the proposed order attached to the Application is attached as **Exhibit D**.

**BACKGROUND**

4. On November 18, 2020, the Debtors filed the Application. In support of the Application, the Debtors' submitted the Initial Grogan Declaration.[4] The Initial Grogan Declaration discloses Paul Hastings' services as counsel to the Debtors prepetition, a description of services performed by Paul Hastings immediately prior to the Petition Date, and Paul Hastings' connection to Uphold.

5. Specifically, the Initial Grogan Declaration discloses: (i) that Paul Hastings represented the Debtors in "corporate and litigation matters since June 2018;"[5] (ii) that Paul Hastings represented the Debtors in corporate governance matters and litigation related to Cred Capital;[6] (iii) that Paul Hastings had recently represented Debtor Cred (US) LLC, Uphold, Mr. Schatt, and Mr. Thierot in the litigation with the Dekrypt Plaintiffs;[7] (iv) that Uphold was a current Paul Hastings's client, that Paul Hastings would continue to represent Uphold in matters unrelated to the Debtors' chapter 11 cases, that Paul Hastings had instituted an "ethical wall" between its matters related to the Debtors and its matters related to Uphold, and that Cousins Law—the Debtors' proposed co-counsel—would handle any matters arising between the Debtors and Uphold in the course of the chapter 11 cases;[8] and (v) Paul Hastings' invoice and payment history with Cred in the 90 days prior to the Petition Date.[9]

---

[4] *Declaration of James T. Grogan In Support of Debtors' Application for Entry of an Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Debtors, Effective as of Petition Date* (the "Initial Grogan Declaration") [Docket No. 64-3].

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 21(d).

[7] *Id.* ¶ 21(c).

[8] *Id.*

[9] *Id.* Schedule 3.

3

6. On December 2, 2020, the U.S. Trustee requested further information from Paul Hastings regarding the Application, which Paul Hastings promptly provided.[10] Further, on December 6, 2020, Paul Hastings informed the U.S. Trustee that it would file a supplemental declaration in support of the Application.[11]

7. Later that evening, the U.S. Trustee filed the Objection. The Objection alleges Paul Hastings' disclosures were insufficiently detailed[12] and that Paul Hastings holds an adverse interest to the Debtors.[13]

8. Contemporaneously with this Reply, the Debtors are filing the Supplemental Grogan Declaration.

**REPLY**

9. Paul Hastings' disclosures regarding its proposed retention as counsel to the Debtors are comprehensive under the standards of Bankruptcy Rule 2014 and do not disclose any interests that would disqualify it from serving as Debtors' counsel under section 327 of the Bankruptcy Code.

**I.    Paul Hastings Disclosed All Its Connections and Has Not Mislead the Court or the U.S. Trustee**

10. Bankruptcy Rule 2014 requires applications for employment of attorneys under section 327 of the Bankruptcy Code state the applicant's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."[14] Disclosures under

---

[10]  See **Exhibit A**.
[11]  See **Exhibit B**.
[12]  Objection ¶¶ 7-11.
[13]  *Id.* ¶¶ 12-19.
[14]  FED. R. BANKR. P. 2014(a).

Bankruptcy Rule 2014 are "for the Court's benefit so that it can scrutinize any adverse interests of the attorney."[15] The disclosure requirements are meant to "ensure that all relevant connections have been brought to light"[16] and are not so onerous "as to require the party to raise with the court every imaginable conflict which may occur in a bankruptcy".[17] In the event an applicant fails to disclose a connection, this Court has considered whether there was any "conscious effort . . . to conceal".[18]

11. The Initial Grogan Declaration complied with Bankruptcy Rule 2014. It apprised the Court and the U.S. Trustee of Paul Hastings' connections with the Debtors and various parties in interest (including Uphold) and provided the Court and the U.S. Trustee with adequate information to "scrutinize the adverse interests of the attorney."[19] None of the information provided in the Initial Grogan Declaration was misleading and any party reading it would know that Paul Hastings provided prepetition legal services to the Debtors and Uphold.

12. Although the Initial Grogan Declaration did not discuss every detail of its representations of the Debtors and Uphold, doing so is "beyond the scope of Rule 2014."[20]

13. In fact, it is clear that the Initial Grogan Declaration apprised the U.S. Trustee of all relevant connections, as the ostensible "issues" raised by the U.S. Trustee in the Objection

---

[15] *Magten Asset. Mgmt. Corp. v. Paul Hastings Janofsky & Walker LLP (In re Northwestern Corp.)*, 346 B.R. 84, 89 (D. Del. 2006) (quoting *In re CIC Inv. Corp.*, 175 B.R. 52, 54 (Bankr. 9th Cir. 1994). *See also Exco Res. v. Milbank*, No. 02 Civ. 5638 (BSJ), 2003 U.S. Dist. LEXIS 1442, at *14 (S.D.N.Y. 2003 Feb. 3, 2003) ("the purpose of Rule 2014(a) is to provide the court and the United States trustee with information to determine whether the professional's employment is in the best interest of the estate.") (citing *In re The Leslie Fay Co., Inc.*, 175 B.R. 525, 532 (S.D.N.Y. 1994)).

[16] *Exco Res. v. Milbank* at *19.

[17] *In re eToys, Inc.*, 331 B.R. 176, 191 (Bankr. D. Del. 2005).

[18] *In re Norhtwestern Corp.*, No. 03-12782 (CGC), 2004 Bankr. LEXIS 1023, at *5 (Bankr. D. Del. Jul 23, 2004).

[19] *Magten Asset. Mgmt. Corp. v. Paul Hastings Janofsky & Walker LLP*, 346 B.R. at 89.

[20] *Exco Res. v. Milbank* at *19-20.

*were* disclosed in the Initial Grogan Declaration.[21] The additional points addressed in the Supplemental Grogan Declaration that were not specifically included in the Initial Grogan Declaration[22] were nonetheless sufficiently referenced in the Initial Grogan Declaration,[23] such that the U.S. Trustee was able to request additional information with a single email request to Paul Hastings.[24]

14. Further, it is obvious that Paul Hastings has not attempted to conceal any connections. Upon the U.S. Trustee's request, Paul Hastings promptly and voluntarily provided the U.S. Trustee with all of the information requested, and, moreover, Paul Hastings advised the U.S. Trustee that it would provide a supplemental declaration disclosing that additional information.

15. In fact, the Supplemental Grogan Declaration goes well beyond Bankruptcy Rule 2014's requirements, providing comprehensive details regarding Paul Hastings' connections that verge on "disclosing every imaginable conflict" resulting from its connections.[25] Although such disclosures are beyond the scope of Rule 2014, Paul Hastings advised the U.S. Trustee, **before the filing of the Objection**, that it would make such disclosures to ensure there were no questions regarding Paul Hastings' disinterestedness.

16. Moreover, there is no prejudice to the Court or any party in interest because the Supplemental Grogan Declaration was filed in advance of the Application's consideration by the Court.

---

[21] Objection ¶¶ 5(b) and (c), 6.
[22] Objection ¶ 5(a), and Objection Exhibit B [Docket No. 139-2].
[23] Initial Grogan Declaration ¶ 6.
[24] See **Exhibit A.**
[25] See *In re eToys, Inc.*, 331 B.R. at 191.

17.     In light of the foregoing—*i.e.*, the extensive disclosures in the Initial Grogan Declaration, Paul Hastings' responsiveness to the U.S. Trustee's follow-up questions, and the filing of the Supplemental Grogan Declaration—Paul Hastings believes that the concerns raised by the U.S. Trustee have been adequately addressed.  Paul Hastings has cooperated with the U.S. Trustee during the entire retention process and provided to the Court all the details requested by the U.S. Trustee.

## II.     Paul Hastings Is a Disinterested Person

18.     Section 327 of the Bankruptcy Code provides that a debtor-in-possession may employ its own attorneys so long as they are disinterested.[26]  A person is disinterested so long as he is: (a) not a creditor, equity holder, or insider of the debtor; (b) was not a director, officer, or employee of the debtor in the two years before the petition date; and (c) does not hold a materially adverse interest to the Debtors' estates or creditors.[27]  Because Paul Hastings satisfies the first two criteria for disinterestedness, it can only be conflicted if it holds an interest materially adverse to the Debtors' estates or creditors.

19.     Although a bankruptcy court must disqualify a professional for providing services to the estate if there is an actual conflict, and has wide discretion in disqualifying a professional if there is a potential conflict, it cannot deny retention application where there is only an appearance of conflict.[28]

20.     The Objection alleges three theories as to why Paul Hastings holds interests materially adverse to the Debtors estates and its creditors: (1) it provided prepetition legal services to the Debtors; (2) a creditor of the Debtors is a firm client; and (3) it allegedly received

---

[26]    11 U.S.C. § 327(a)(1).
[27]    § 101(14).
[28]    *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 476 (3d Cir. 1998).

7

a preferential transfer. In light of the steps the Debtors and Paul Hastings have taken to cure any actual or potential conflicts, Paul Hastings submits it has no actual or potential conflicts, and thus it should not be disqualified.

    A.    <u>Paul Hastings' Prepetition Legal Services to the Debtors Do Not Make It An Interested Party</u>

21. The Objection generally alleges that Paul Hastings is not disinterested because any review of "the Debtors' prepetition conduct will inevitably involve a review of Paul Hastings' role in connection with the Debtors' operations."[29] The Objection, however, does not articulate any specific reason why Paul Hastings' prepetition services would put it in a conflict with the Debtors' estates. That is because there is none.

22. None of the prepetition services Paul Hastings provided to the Debtors conflicts with maximizing the value of the Debtors' estates for their creditors. As noted in the Supplemental Grogan Declaration, contrary to the U.S. Trustee's allegations, the Debtors had their own in-house general counsel and used a number of law firms for legal advice. Paul Hastings advised the Debtors on a variety of discrete corporate matters, but was not even the Debtors' primary outside regulatory counsel.

23. Further, the mere fact that a law firm may have advised the Debtors on certain prepetition legal issues does not render it an interested party.[30] To disqualify a debtor-in-possession's proposed choice of counsel, an objector must point to something in the record that would cause an actual conflict.[31] A significant aspect of Paul Hastings' prepetition representation of the Debtors involved disputes with James Alexander, the Debtors' former Chief

---

[29] Objection ¶ 17.
[30] *See Magten Asset. Mgmt. Corp. v. Paul Hastings Janofsky & Walker LLP*, 346 B.R. at 88.
[31] *See id.*

Investment Officer. These disputes are ongoing and Paul Hastings' prepetition efforts have facilitated the postpetition efforts to claw back cryptocurrency taken by Mr. Alexander from the Debtors. There is no evidence in the record that Paul Hastings has represented, and will continue to represent, the Debtors in any capacity other than as a disinterested professional, and the U.S. Trustee's unsubstantiated insinuations to the contrary should be rejected.

B.  Paul Hastings' Relationship with Uphold Does Not Make It An Interested Party

24. The Objection appears to argue that Paul Hastings' representation of a single creditor in these cases should render it ineligible to serve as counsel to the Debtors. Such a rule would be in direct contravention of section 327 of the Bankruptcy Code, which provides that a professional's representation of a creditor may only serve as a basis for disapproval of the professional if there is an "actual conflict of interest."[32] As with its allegation that Paul Hastings is conflicted because of its prepetition representation of the Debtors, the Objection fails to articulate any actual conflict of interest that may arise from Paul Hastings' representation of the Debtors'.

25. The fact is there is no conflict because Paul Hastings has taken substantial steps to ensure that its relationship with Uphold will not cause any conflicts of interest in this case. First, Paul Hastings will not represent Uphold in any matters related to the Debtors' chapter 11 cases. Uphold has appeared in this case through its own counsel – Baker Hostetler – and Paul Hastings will have no role in advising Uphold regarding the Debtors.

26. Second, Paul Hastings has instituted an ethical wall, so that there is no overlap between Uphold client matters and the Debtors' client matters at the firm.

---

[32]  11 U.S.C. § 327(c).

27.     Third, the Debtors' proposed co-counsel, Cousins Law, will represent the Debtors in any matters involving Uphold that arise during these chapter 11 cases.

28.     There is no actual conflict in Paul Hastings's representation of the Debtors and its continued representation of Uphold in unrelated matters. Any argument that these measures do not cure any perceived conflicts would severely restrict the ability of a debtor-in-possession to select its own counsel. Moreover, the use of conflicts counsel is widely accepted in bankruptcy cases.[33]

    C.    <u>Prepetition Payments Do Not Make Paul Hastings an Interested Party</u>

29.     In its Objection, the Trustee invokes *Pillowtex* by making a conclusory allegation that "the application of the November 5, 2020 payment in partial or complete satisfaction of the August 25, 2020 invoice in the amount of $133,342.96, and the September 14, 2020 invoice in the aggregate amount of $216,134.30, would be preferential."[34]

30.     Paul Hastings does not believe it has any exposure with respect to the payment of the August and September invoices, which were paid in the ordinary course of the Debtors' business. Nevertheless, to avoid any potential concerns that the Court, the U.S. Trustee, or other parties in interest may have over the payment of these invoices, if the firm's retention is

---

[33] *See, e.g., In re Washington Mutual,* 442 B.R. 314, 327 (Bankr. D. Del. 2011) (overruling objection based on counsel's perceived conflict because Debtors had disclosed representation of the counterparty, had retained conflicts counsel to pursue counterparty, and lack of evidence that counsel had failed to adequately represent the interests of the estate). *See also In re Caesars Entm't Operating Co., Inc.*, 561 B.R. 420, 435 (Bankr. N.D. Ill. 2015) (overruling objection to debtors' counsel's retention on the basis of counsel's representation of potential litigation targets and noting that "[s]hould questions arise about [counsel's] willingness to pursue claims belonging to the bankruptcy estates, there are better solutions than depriving [a debtor] of its choice of counsel. One of them is […] the retention of conflicts counsel."); *Exco Res. v. Milbank* at *17-19 (rejecting objection to firm's retention as Committee counsel where firm previously represented investment bankers involved in potentially challenged financing transaction, noting, *inter alia*: (i) that firm would not be handling any matter regarding the transaction; (ii) that conflicts counsel would review all pleadings to identify matters from which firm should be excluded; (iii) that firm had created "firewall" to prevent transfer of information to employees who had previously represented parties with an adverse interest and (iv) that conflicts counsel and examiner would investigate the challenged transaction.).

[34] Objection ¶19.

approved then Paul Hastings will (a) credit $313,330.40—the aggregate amount of Paul Hastings' August 25, 2020 and September 14, 2020 invoices being challenged by the U.S. Trustee ($349,477.26) *minus* the amount of the retainer Paul Hastings held as of the Petition Date ($36,146.86)[35]— to the Debtors' retainer and (b) waive prepetition fees in the amount of $313,330.40. As a result, the Debtors' retainer account will hold $349,477.26 to be applied to future fees if approved by the Court.

        D.        The Objection Does Not Allege Any Actual or Potential Conflicts

        31.        At bottom, the Objection repeatedly attempts to insinuate that Paul Hastings will be conflicted. However, the Third Circuit has held that a bankruptcy court may only deny a professional's employment upon a showing of actual or potential conflict.[36] The U.S. Trustee has not made any showing that Paul Hastings' proposed retention would present any actual or potential conflict with the Debtors estates' or creditors.

        32.        Accordingly, the Court should approve Paul Hastings' proposed retention as Debtors' counsel.

        33.        Finally, in response to informal comments by the U.S. Trustee, Paul Hastings has agreed to make certain changes to its proposed order. A copy of the revised proposed order is attached as **Exhibit C**. A blackline marked to show changes against the proposed order attached to the Application is attached as **Exhibit D**.

## CONCLUSION

        34.        Paul Hastings has been transparent with the Court and is both well qualified and disinterested. Any potential conflict Paul Hastings may have had has been cured by the

---

[35] The prepetition retainer acts as security for the payment of fees, and, accordingly, insulates the payment of prepetition fees in the amount of the retainer against preference liability.

[36] *In re Marvel Entm't Grp., Inc.*, 140 F.3d at 476.

protective measures Paul Hastings has taken. Accordingly, the Objection should be overruled and the Court should approve Paul Hastings's retention as Debtors' counsel.

[*Remainder of the page left intentionally blank.*]

WHEREFORE, the Debtors request the Court overrule the Objection, grant the Application, and grant the Debtors such other and further relief as is just and proper.

Dated: December 14, 2020
     Wilmington, Delaware

/s/ *Scott D. Cousins*
_____
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
          mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
          aviluft@paulhastings.com
          derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*