**Exhibit A**

**Subject:** FW: U.S. Trustee Comments/Questions/Requests re:  Paul Hastings Application -- Cred
**Attachments:** Libra Credit - Engagement Letter(135709881_1)[1].pdf; Cred - Engagement Letter(149414042_1).PDF; PG_DS_COI.pdf; PH_Cred_COI.pdf; Dan Schatt - Engagement Letter(149414046_1).PDF; Cred Capital - Engagement Letter(149414045_1).PDF; CRED Billing  Payment 90 days.xlsx; #152315486v2_LEGAL_USE_ - Cred Inc. - Revised Retention Order.DOC; Comparison of_152315486v1_Cred Inc. - Revised Retention Order - 152315486v2_Cred Inc. - Revised Retention Order.pdf

**From:** Grogan, James T.
**Sent:** Friday, December 4, 2020 1:03 PM
**To:** 'McMahon, Joseph (USTP)' <Joseph.McMahon@usdoj.gov>
**Cc:** Bongartz, Alex <alexbongartz@paulhastings.com>; Scott Cousins <scott.cousins@cousins-law.com>; Schanne, John (USTP) <John.Schanne@usdoj.gov>
**Subject:** RE: U.S. Trustee Comments/Questions/Requests re: Paul Hastings Application -- Cred

Joe, our responses to your questions about the Paul Hastings application are below.  Thanks

| UST QUESTION | PH RESPONSE |
|---|---|
| Paragraph 10 of application – Please describe the corporate work performed by Paul Hastings for the Debtors.  Did Paul Hastings advise on regulatory issues?  Did Paul Hastings advise on loan agreements with customers?  Did Paul Hastings advise on the rental contracts described in footnote 2 of the Schatt first day declaration (D.I. 12)?  Did Paul Hastings provide any opinion letters to the Debtors?  Please provide us with copies of the engagement letters re:  Paul Hastings' various pre-petition representations of the Debtors. | Cred Inc. (formerly Libra Credit) originally engaged Paul Hastings LLP ("Paul Hastings" or the "Firm") for legal advice and analysis of the treatment of a token offering called LBA that was to be sponsored by Cred under U.S. securities law and which was ultimately conducted out of Singapore in 2018 with advice from another law firm. The Firm analyzed the offering and made recommendations on recordkeeping and also provided advice on the implications of commercially introducing the token within the United States.  See attached for the original engagement letter.<br><br>The Firm has also provided corporate tax advice to the Debtors, as well as securities regulatory advice in conjunction with interactions with the Debtors' former general counsel who was also obtaining advice from other law firms.<br><br>The Firm assisted with proposed formation of German and Australian subsidiaries, but ultimately the Debtors decided not to proceed with the project. |

| | |
|---|---|
| | The Firm was tasked with preparing and overseeing the filing of state qualification to do business as a foreign entity filings in all 50 states.<br><br>The Frim assisted the Debtors with the corporate and transaction work in connection with a capital raising convertible notes private placement offering.<br><br>The Firm, along with Richards Layton & Finger, advised the Debtors in connection with the corporate steps for Cred to obtain for stock ownership and board control of its subsidiary Cred Capital Inc., including preparation of related corporate governance documents.<br><br>The Firm did not provide assistance to the Debtors preparing or negotiating customer loan agreements or customer rent agreements.<br><br>Lastly, I have also attached the other engagement letters between the Debtors and the Firm. |
| Paragraph 5 of order – please add the following sentence at the end: The United States Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code. | See attached Order revisions incorporating comment. |
| Paragraph 7 of order – application of retainer to amounts due re: prepetition services – delete same (Paul Hastings represents itself not to be a "creditor," so it is not necessary) | See attached Order revisions incorporating comment. |
| Paragraph 10 of order – retention automatically applicable to affiliates – delete same; file a motion, on notice, w/r/t first, 2nd day orders that you want made applicable to the new case(s) if/when they happen; Paul Hastings will provide supplemental disclosures at that time. | See attached Order revisions incorporating comment. |
| Please insert paragraphs into order re: independent contractor use, expenses billed at cost (below) – | See attached Order revisions incorporating comment. |

| | |
|---|---|
| Notwithstanding anything in the Application or the Declarations to the contrary, Paul Hastings shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.<br><br>Notwithstanding anything in the Application or the Declarations to the contrary, Paul Hastings shall, to the extent that Paul Hastings uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "<u>Contractors</u>") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Paul Hastings pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Paul Hastings; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014. | |
| Do the Debtors/their creditors have potential claims/causes of action against Schatt and/or the Uphold entities represented by Paul Hastings? | As noted above, Mr. Schatt and Uphold have been sued by the DeKrypt plaintiffs in state court. One of the Debtors was originally named as a defendant in that litigation, but has since been dropped as a party to the lawsuit. I do not know whether the DeKrypt plaintiffs consider themselves creditors or not, but at present they are not suing a Debtor. Other law firms are handling the litigation and Paul Hastings is not representing any party in that litigation.<br><br>I do not yet know whether the Debtors or creditors may have other potential claims against Schatt or Uphold. Further, our co-counsel, Cousins Law, is representing the Debtors with respect to the Uphold entities and Paul Hastings is not involved in looking at those issues. |
| Pre-petition transfers to Paul Hastings (Exhibit 3) – put it in a spreadsheet format with the following columns, noting retainer transfers/draws: invoice date; invoice amount; period of services covered by invoice; payment date; and payment amount. Retainer balance can be noted in a separate column. | See the attached spreadsheet setting forth the information in the requested format. |

3



**James Grogan | Partner**
Paul Hastings LLP | 600 Travis Street, Fifty-Eighth Floor, Houston, TX 77002 | Direct: +1.713.860.7338 | Main: +1.713.860.7300 | Mobile: +1+917.859.2040 | jamesgrogan@paulhastings.com| www.paulhastings.com

---

**From:** McMahon, Joseph (USTP) <Joseph.McMahon@usdoj.gov>
**Sent:** Wednesday, December 2, 2020 2:24 PM
**To:** Grogan, James T. <jamesgrogan@paulhastings.com>
**Cc:** Bongartz, Alex <alexbongartz@paulhastings.com>; Scott Cousins <scott.cousins@cousins-law.com>; Schanne, John (USTP) <John.Schanne@usdoj.gov>
**Subject:** [EXT] U.S. Trustee Comments/Questions/Requests re: Paul Hastings Application -- Cred


James:

What follows are our preliminary comments re: the referenced item(s). Nothing contained herein should be construed as a limitation upon/waiver of the U.S. Trustee's rights with respect to same.

Please provide us with a response.


Paragraph 10 of application – Please describe the corporate work performed by Paul Hastings for the Debtors. Did Paul Hastings advise on regulatory issues? Did Paul Hastings advise on loan agreements with customers? Did Paul Hastings advise on the rental contracts described in footnote 2 of the Schatt first day declaration (D.I. 12)? Did Paul Hastings provide any opinion letters to the Debtors? Please provide us with copies of the engagement letters re: Paul Hastings' various pre-petition representations of the Debtors.

Paragraph 5 of order – please add the following sentence at the end: The United States Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

Paragraph 7 of order – application of retainer to amounts due re: prepetition services – delete same (Paul Hastings represents itself not to be a "creditor," so it is not necessary)

Paragraph 10 of order – retention automatically applicable to affiliates – delete same; file a motion, on notice, w/r/t first, 2nd day orders that you want made applicable to the new case(s) if/when they happen; Paul Hastings will provide supplemental disclosures at that time.

Please insert paragraphs into order re: independent contractor use, expenses billed at cost (below) –

Notwithstanding anything in the Application or the Declarations to the contrary, Paul Hastings shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

Notwithstanding anything in the Application or the Declarations to the contrary, Paul Hastings shall, to the extent that Paul Hastings uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such

Contractors to the Debtors at the same rate that Paul Hastings pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Paul Hastings; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

Do the Debtors/their creditors have potential claims/causes of action against Schatt and/or the Uphold entities represented by Paul Hastings?

Pre-petition transfers to Paul Hastings (Exhibit 3) – put it in a spreadsheet format with the following columns, noting retainer transfers/draws:  invoice date; invoice amount; period of services covered by invoice; payment date; and payment amount.  Retainer balance can be noted in a separate column.


Regards,

Joe

Joseph J. McMahon, Jr.
UNITED STATES DEPARTMENT OF JUSTICE –
  OFFICE OF THE UNITED STATES TRUSTEE
J. Caleb Boggs Federal Building
844 N. King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491 (General tel.)
(202) 631-5097 (Mobile)
joseph.mcmahon@usdoj.gov