**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 4** |

**ORDER AUTHORIZING DEBTORS TO (I) REJECT UNEXPIRED**
**LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
**(II) ABANDON PROPERTY IN CONNECTION THEREWITH**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (each a "Debtors" and, collectively, the "Debtors"), for entry of an order under sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors (a) to reject unexpired leases of nonresidential real property in San Mateo and Sherman Oaks, California as of the Petition Date, and (b) abandon certain property in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion, if necessary (the "Hearing"); and upon the First Day Declaration and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The San Mateo Lease and the Sherman Oaks Lease are rejected effective as of the Petition Date.

3. Any of the Debtors' personal property remaining at the San Mateo Property and Sherman Oaks Property is abandoned, effective as of the Petition Date.

4. Notwithstanding Bankruptcy Rule 6004(h), this Order is effective immediately and enforceable upon its entry.

5. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party. The Debtors do not waive any claims they may have against any counterparty to a lease rejected under this Order, and the rights of the Debtors to argue that: (a) any of the leases rejected under this Order were terminated prior to the Petition Date; (b) that any claim for damages arising from the rejection of such leases is limited to the remedies available under any applicable termination

provision of such lease; or (c) that any such claim is an obligation of a third party and not that of the Debtors or their estates, are expressly preserved.

6. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the leases rejected under this Order are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to such leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under such leases, without the Debtors consent or further order of this Court.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. Any proofs of claim for damages arising in connection with the rejection of the San Mateo Lease or the Sherman Oaks Lease, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these cases, if any, and (b) thirty days after entry of this Order.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.