# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 17, 2020 at 11:00 a.m. (ET)<br>RE: Docket Nos. 57, 63, 64, 65, 140 |

## REPLY OF DEBTORS TO GENERAL OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' PROFESSIONAL EMPLOYMENT APPLICATIONS AND BID PROCEDURES MOTION IN LIGHT OF PENDING TRUSTEE/EXAMINER/CONVERSION MOTIONS

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

    Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the United States Trustee's general objection (the "Objection")[2] of Movants to the Employment Applications[3] and the Bid Procedures Motion.[4] In support of this Reply, the Debtors respectfully state as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]  *General Objection of the United States Trustee to the Debtors' Professional Employment Applications and Bid Procedures Motion In Light of Pending Trustee/Examiner/Conversion Motions* [Docket No. 140]. Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Objection.

[3]  Collectively, *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Macco Restructuring Group LLC as Financial Advisor for Debtors, Effective Nunc Pro Tunc to Petition Date* [Docket No. 57]; *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Teneo Capital LLC as Investment Banker for Debtors, Effective Nunc Pro Tunc to November 16, 2020* [Docket No. 63]; and *Debtors' Application for Entry of an Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Debtors, Effective as of Petition Date* [Docket No. 64].

[4]  *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving Form and Manner of Notice Thereof, and (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (II) Authorizing (A) the Sale(s) Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 65].

**BACKGROUND**

1.  On November 18, 2020, the Debtors filed the Employment Applications, by which the Debtors seek to retain Paul Hastings LLP as their counsel, MACCO Restructuring Group LLC ("MACCO") as their financial advisor, and Teneo Capital LLC ("Teneo") as their investment banker.  On December 1, 2020, the Debtors filed an application to retain Sonoran Capital Advisors, LLC ("Sonoran") to provide a Chief Restructuring Officer ("CRO") and further personnel.[5]

2.  Also on November 18, 2020, the Debtors filed the Bid Procedures Motion, by which the Debtors seek the entry of an order approving the Debtors' proposed process for selling their assets.  Among many other things, the Bid Procedures Motion requests the Court permit the Debtors to select a "stalking horse" bidder and grant it, as necessary, certain bid protections in line with the customary practices of this Court.

3.  The Employment Applications and the Bid Procedures Motion are scheduled to be heard by the Court, on December 17, 2020, at 11:00 a.m. (the "Hearing").  The Trustee Motions[6] are also scheduled to be heard by the Court at the Hearing.

4.  The U.S. Trustee primarily objects to the Employment Applications and the Bid Procedures Motion on the basis that the matters should not be heard until after the Court determines the pending Trustee Motions.  The Objection also "highlights" three other "issues" it

---

[5] *Debtors' Motion for Entry of an Order (I) Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Mathew Foster as Debtors' Chief Restructuring Officer* [Docket No. 95].

[6] Collectively, *Motion of Krzysztof Majdak and Philippe Godinea for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 62]; and *Motion of the U.S. Trustee for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases* [Docket No. 64].

has discussed with the Debtors: (i) the proposed employment of Sonoran; (ii) a proposed tail fee for Teneo; and (iii) proposed bid protections for a stalking horse bidder.

## REPLY

### I. Continuance Beyond the Hearing Is Unnecessary and Would Harm the Debtors' Estates and Creditors

5. The Debtors have no objection to the Court considering the Trustee Motions first at the Hearing, and considering the Employment Applications and the Bid Procedures Motion later at the Hearing.[7] To the extent the U.S. Trustee seeks a continuance beyond the date of the Hearing, the Court should deny the request because it is unnecessary and would harm the Debtors' estates and their creditors.

6. First, there is no reason for consideration of the Employment Applications and Bid Procedures Motion to be heard at a later date. By the time of the Hearing, the Employment Applications will have been on file for more than four (4) weeks (and the motion to retain Sonoran will have been on file for more than two (2) weeks), and each party in interest has had an appropriate amount of time to review them. Thus, no party will be harmed by considering the Employment Applications and Bid Procedures Motion at the Hearing.

7. Further, a continuance would further delay these chapter 11 cases to the detriment of the Debtors' estates and its creditors. As the Debtors have made abundantly clear, time is of

---

[7] *See Reply of Debtors to Omnibus Limited Objection of Jamie Shillers, Takashi Yanagi, Wu Chu King, Joseph Richardson, Thomas Calvert, Clint Cowen, Robin Houck, Todd Wiseman, Matthew Dixon, Jonatan Ashurov, Daniel Becker, Teppei Miyauchi, Jean Vacca, Xian Su, and Eric Schurman to Debtors' Motion and Applications (I) to Maintain Bank Accounts, (II) Pay Employee Wages, (III) Approve Bidding Procedures, Scheduling an Auction and Sale Hearing, and Approving Form and Manner of Notice Thereof, and Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof; and (IV) Approve Retention of Certain Proposed Debtor Professionals* [Docket No. 123].

the essence in these chapter 11 cases.[8]  The more delay there is in these cases, the more likely the estates' value relative to its creditors' claims will be diminished.

8.  The Debtors' concern about the harms caused by delay are shared by the Official Committee of Unsecured Creditors (the "Committee").  To that end, the Debtors and the Committee have reached a plan support agreement (the "PSA") which contains certain milestones to ensure these cases proceed as expeditiously as possible.  Among them, the Debtors are required to obtain entry of an order approving the bidding procedures by December 31, 2020, and obtain entry of an order approving a sale of the Debtors' assets by March 17, 2021.

9.  Any continuance of the Employment Applications and Bid Procedures Motion beyond the Hearing will necessarily inject further delay into the Debtors' chapter 11 cases and will create unnecessary uncertainty regarding the direction of the cases.  This delay, and attendant uncertainty, could jeopardize the Debtors' sale process and also lead to a potential breach of the PSA.  Such an outcome would harm the Debtors, their estates, and their creditors.

10.  Accordingly, the Court should consider the Employment Applications and the Bid Procedures Motions at the Hearing.

## II.  The U.S. Trustee's Other "Issues"

### A.  MACCO and Sonoran Provide Different Services to the Debtors

11.  At the request of the Committee, the Debtors have removed their CEO and CFO from office, which means that, at present, the CRO, Matt Foster, is the Debtors' only senior executive.  After the CFO was removed from office, Scott Wiley, was appointed as Interim CFO for the Debtors to manage the day-to-day finance and account operations.  The U.S. Trustee

---

[8]  *See, e.g., id.* ¶¶ 4-6.

seems to suggest that a financial advisor should also be running a debtor's business. The Debtors are not aware of any precedent for this proposition.

12. In particular, the Objection questions whether the Debtors need the services of both MACCO and Sonoran.[9] The question appears to fundamentally misunderstand the roles that Sonoran and MACCO will play in the Debtors' chapter 11 cases. MACCO is providing financial advisory services to the Debtors and will assist in, for example, preparing financial forecasts, preparing schedules of assets and liabilities and statements of financial affairs, developing appropriate accounting and cost-containment procedures, and developing liquidation analysis.

13. Sonoran, on the other hand, is providing CRO and other *limited* personnel services to the Debtors to implement and execute the Debtors' day-to-day restructuring functions. That is, Sonoran will be responsible for providing the Debtors with leadership in these chapter 11 cases and the manpower to ensure the Debtors operations continue smoothly and are not interrupted by the chapter 11 process while remaining compliant with the Bankruptcy Code's and the U.S. Trustee's reporting requirements.

14. Sonoran's services are necessary in these cases as the Debtors' two officers have left their positions and the Debtors have also reduced their workforce significantly in recent months. Thus, Sonoran's services will provide the Debtors with the leadership and accounting functions they would otherwise lack.

15. Moreover, to ensure that Sonoran and MACCO's services are not redundant, Sonoran will submit a supplemental declaration and a revised proposed order to clarify the terms of its employment. In particular, the revised proposed order will clear make clear that the CRO

---

[9] Objection ¶ 5.a.

will have an Interim CFO and a controller, and that any additional staff are subject to Committee review on three days' notice.

16.    These changes should resolve the Objection's concerns and make clear that there is no redundancy between the services to be performed by MACCO and the services provided by Sonoran. Accordingly, the Court should approve both MACCO and Sonoran's employment.

      **B.**    **Teneo's Tail Fee Is Warranted and Should Be Approved**

17.    The Objection points out that Teneo's engagement letter includes a "tail fee," but does not discuss it in any depth, stating only that "such provision should not be addressed by the Court until after the Court until after the Court rules on the Trustee motion."[10] To the extent the Objection only seeks to have Teneo's application heard *after* the Trustee Motions, the Debtors have no objection. If the U.S. Trustee seeks to deny Teneo's employment on other grounds, the Debtors object.

18.    In the event the Debtors sell their assets and Teneo is no longer employed by the Debtors, it will likely be due, at least in part, to Teneo's current efforts to sell the Debtors. Teneo should be compensated for such efforts. As such, tail fees like the one in the Teneo engagement letter are customary in the investment banking industry and are common practice in this district.[11] Accordingly, the Court should approve Teneo's application.

---

[10]  *Id.* ¶ 5.b.

[11]  *See, e.g., In re RTI Holding Company, LLC*, Case No. 20-12456 (JTD), Docket No. 365 (Bankr D. Del. Nov. 9, 2020); *In re Global Eagle Entertainment, Inc.*, Case No. 20-11385 (JTD), Docket No. 278 (Bankr. D. Del. Aug. 28, 2020); *In re AAC Holdings, Inc.,* Case No. 20-11648 (JTD), Docket No. 162 (Bankr. D. Del. Jul 16, 2020); *In re Sustaining Restaurant Holdings, Inc.*, Case No. 20-11097 (JTD), Docket No. 187 (Bankr. D. Del. Jul 10, 2020); *In re Lucky's Market Parent Company, LLC*, Case No. 20-10166 (JTD), Docket No. 279 (Bankr. D. Del. Feb. 26, 2020).

    **C.    The Debtors' Proposed Changes to the Bidding Procedures Should Resolve the US Trustee's Concerns**

19.    The Objection also raises the "issue" of the Debtors granting bidding protections to a potential stalking horse bidder.[12] After discussions with the Committee, the Debtors have agreed that the selection of the stalking horse bidder will be subject to the consent of the Committee. Moreover, if no stalking horse agreement is executed on or before January 14, 2021, the Debtors will terminate the sale process.

20.    Given the Committee's absolute veto over the selection of the stalking horse bidder, and given that the parameters of the bid protections are set forth in the bidding procedures, the Debtors believe that a further hearing (with the attendant costs and delays) on the selection of a stalking horse bidder would be wasteful. In any event, to the extent the U.S. Trustee has any objections to the sale (including the selection of the winning bidder), its rights to object to the sale are preserved. Accordingly, the Bid Procedures Motion should be granted.

## CONCLUSION

21.    The Debtors agree the Court should consider the Employment Applications and the Bid Procedures Motion *after* the Trustee Motions. Additionally, the Debtors have taken affirmative steps that should resolve U.S. Trustee's other "issues" regarding the Employment Applications and the Bid Procedures Motion. Accordingly, the Court should overrule the Objection and enter orders approving the Employment Applications and the Bid Procedures Motion.

*[Remainder of the page left intentionally blank.]*

---

[12]   *Id.* ¶ 5.c.

WHEREFORE, the Debtors request the Court overrule the Objection, grant the Employment Applications and Bid Procedures Motion, and grant the Debtors such other and further relief as is just and proper.

Dated: December 14, 2020
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
   mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (*pro hac vice* pending)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
   aviluft@paulhastings.com
   derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*