IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>Re: D.I. 7, 29, 35<br><br>**Hearing Date: December 17, 2020 at 11:00 A.M. ET** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF SONORAN CAPITAL ADVISORS, LLC TO PROVIDE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATING MATTHEW FOSTER AS DEBTORS'
CHIEF RESTRUCTURING OFFICER**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (the "Objection") to the *Debtors' Motion for Entry of Order (I) Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* (D.I. 95) (the "Motion").[2] In support of this Objection, the U.S. Trustee states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

1

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this Objection. *Id.*

**GROUNDS FOR OBJECTION**

4. On November 8, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"). The cases have been ordered jointly consolidated for administrative purposes. An official committee of unsecured creditors was been appointed in these cases.

5. On December 1, 2020, the Debtors filed the Motion, seeking the retention of the CRO and certain additional personnel.

6. On December 10, 2020, the Debtors filed the *Debtors' Amended Motion for Entry of Order Extending Time to File Schedules and Statements of Financial Affairs* (D.I. 169) (the

"<u>Extension Motion</u>").  Through the Extension Motion, the Debtors request an extension to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>").  The Debtors report that they:

> recently removed Daniel Schatt as Chief Executive Officer (although he remains an employee, but not in an officer capacity).  In addition, the Debtors recently terminated the employment of their Chief Financial Officer, Mr. Joe Podulka, who has been replaced by Mr. Scott Wiley (an employee of Sonoran) as interim Chief Financial Officer.  Furthermore, the Debtors' Controller is expected to commence maternity leave in the near term, and she will be replaced by Ms. Tonia Tautolo (also a Sonoran employee) as Interim Controller until the Debtors' Controller returns.

Extension Mot., Foster Decl. ¶ 6.

7. Through the Motion, the Debtors propose to pay Matthew Foster ("<u>Foster</u>") $35,000/month (or $420,000/year) for serving as Chief Restructuring Officer for a group of entities which are not operating a business – they are liquidating.  That $420,000/year rate is exclusive of unspecified amounts proposed to be paid to MACCO Restructuring Group LLC ("<u>MACCO</u>") personnel and Sonoran supplemental staff ("<u>Additional Personnel</u>").  The Motion provides no indication regarding what amounts are budgeted to pay MACCO and Sonoran Additional Personnel.  Additionally, the Motion does not provide any information at all with respect to the Sonoran employee (Scott Wiley) who is now serving as the Debtors' Chief Financial Officer.

8. The CRO was selected while Daniel Schatt remained Chief Executive Officer and presumably with the approval of the independent director Grant Lyons, who in turn was appointed by a board controlled by Mr. Schatt and Lu Hua.  The recent removal of Mr. Schatt as CEO and termination of the employment of the Debtors' Chief Financial Officer, Mr. Joe Podulka, is the Debtors' acknowledgment that the Debtors' top management is unfit to lead.

9. The Debtors need an independent fiduciary to resolve the Debtors' corporate governance issues and pursue all potential recoveries for the Debtors' creditors and investors free of conflict.  Rather than acknowledging the need to appoint a disinterested trustee, the debtors in

possession are scrambling to bring in new officers at the cost of hundreds of thousands of dollars for liquidating cases. The Debtors' problems cannot be resolved through retention of multiple professionals whose retention was put in motion by the Debtors' conflicted management. Indeed, section 1104(e) specifically requires the U.S. Trustee to seek appointment of a trustee in situations like these, where there are reasonable grounds to suspect that members of the governing body who selected the Debtors' chief executive or chief financial officer participated in actual fraud or dishonesty in the management of the debtor.

10. Despite the CFO's officer status and importance to the bankruptcy cases, the Motion makes no mention of the Debtors' appointment of the Sonoran employee as CFO and provides no disclosures regarding same, including no disclosures regarding the services to be provided nor the proposed compensation. The Motion similarly lacks any detail regarding the appointment of the Sonoran employee as Controller.

11. In acknowledgment of the mandatory nature of those disclosures, the proposed form of order submitting with the Motion provides that:

> In the event the Debtors seek to have the Sonoran Personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of executive officers, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention **shall** be filed.

Mot., Proposed Order at 3 (first full paragraph, emphasis added). Nevertheless, no such Motion has been filed.

12. The agreement of the parties similarly requires full disclosure of all Sonoran employees to be used in the engagement. *See*, Engagement Letter, ¶ 1(c) ("The Application of Sonoran **shall** disclose the individual identified for CRO as well as the names and proposed functions of the Additional Personnel.") (emphasis added).

4

13.     Further, the U.S. Trustee notes the following issues with respect to the Motion:

- The Debtors seek to pay Sonoran a $15,000 "evergreen" retainer – that is, the retainer shall be held until the end of the cases. Mot. ¶ 20; Ex. B (Engagement Letter) ¶ 4(b); Ex. C (Foster Decl.) ¶ 33. To the extent it is retained, Sonoran should exhaust the retainer prior to being paid by the Debtors.

- The Debtors propose that Sonoran "Additional Personnel" keep time in half-hour increments. Appl. ¶ 22. Additional Personnel should be required to keep time in one-tenth of an hour increments.

- There can be no limitation of Sonoran's liability in connection with the engagement. Mot. Ex. B (Engagement Letter) ¶ 10 (note: the indemnity/limitation of liability rider was apparently not attached/filed at D.I. 95).

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny the Motion, require the filing of an amended form of motion providing full and complete disclosure as noted herein, and grant such other and further relief as the Court deems appropriate, fair and just.

| | |
|---|---|
| Dated: December 14, 2020<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE,**<br>**REGIONS 3 and 9**<br><br>By: */s/ Joseph J. McMahon, Jr.*<br>Joseph J. McMahon, Jr.<br>Trial Attorney<br>John Schanne<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491 (Phone)<br>(302) 573-6497 (Fax)<br>joseph.mcmahon@usdoj.gov<br>john.schanne@usdoj.gov |