## Exhibit B

**Blackline of Proposed Ordinary Course Professionals Order to Form of Order Filed with Ordinary Course Professionals Motion**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 55** |

**ORDER AUTHORIZING DEBTORS TO RETAIN AND COMPENSATE**
**PROFESSIONALS UTILIZED IN ORDINARY COURSE**
**OF BUSINESS, EFFECTIVE AS OF PETITION DATE**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, for entry of an order (the "Order"), authorizing the retention and compensation of Ordinary Course Professionals pursuant to the Ordinary Course Procedures, effective as of the Petition Date or such later date as applicable, without the necessity of submitting formal retention or fee applications for each Ordinary Course Professional, all as more fully described in the Motion; and upon the record of any hearing to consider the relief requested in the Motion; and upon the Court's consideration of the Motion and all objections and pleadings filed with respect to the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion having been given, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Ordinary Course Procedures are approved, and the Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals, including, without limitation, those listed on the OCP List annexed hereto as **Schedule 1**, effective as of the Petition Date or such later date as applicable, in accordance with the terms of this Order.

3. Ordinary Course Professionals retained in these chapter 11 cases may seek compensation in accordance with the following Ordinary Course Procedures:

    a. Within 30 days following the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, ~~or as soon thereafter as is practicable,~~ each Ordinary Course Professional will provide to the Debtors' attorneys ~~an affidavit~~a declaration (an "OCP Declaration"), substantially in the form attached ~~hereto~~to the Motion as **Schedule 2**, certifying that (i) if the proposed Ordinary Course Professional is a law firm, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed or (ii) if the proposed Ordinary Course Professional is not a law firm, that the Ordinary Course Professional does not hold or represent an interest adverse to the Debtors or their estates.

    b. Within ~~a reasonable time~~three (3) business days of receipt of the OCP Declaration, the Debtors will file the OCP Declaration with the Court and serve, by email or first class mail, a copy on (a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 and (b) proposed counsel to ~~any~~the statutory committee appointed in these chapter 11 cases (the "Committee") (i) McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173-1922, Attn. Timothy Walsh and Darren Azman

(twwalsh@mwe.com, dazman@mwe.com) and (ii) McDermott Will & Emery LLP, The Nemours Building, 1007 North Orange Street, 4th Floor, Wilmington, DE 19801, Attn. David Hurst (dhurst@mwe.com) (collectively, the "Reviewing Parties"). Each Reviewing Party or any other entity will have ~~10~~fourteen (14) days following service of an OCP Declaration or such greater amount of time agreed to by the Debtors (the "Objection Deadline") to ~~notify~~file with the Court and serve upon the Debtors, the other Reviewing Parties, and the affected Ordinary Course Professional, ~~in writing, of~~ any objection to the retention based upon the OCP Declaration (an "Objection"). If, upon the Objection Deadline, no Objection is filed, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, without further order from the Court. If an Objection is filed on or before the Objection Deadline and such objection cannot be resolved within fourteen (14) days of the filing date of the Objection, the Debtors may schedule the Objection for a hearing before the Court.

c. During the pendency of these chapter 11 cases, the Debtors are authorized, but not directed, to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the interim fees and disbursements of each Ordinary Course Professional retained pursuant to this Order, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices) up to $~~50,000~~20,000 per month on average over a rolling three-month period for each Ordinary Course Professional listed on **Schedule 1** ~~attached hereto~~to the Motion (the "OCP Cap"). The Debtors, with the consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest, shall be allowed to request increases in the OCP Cap. The rights of the Reviewing Parties and any other party in interest to review and/or object to compensation and reimbursement reported on a Quarterly OCP Statement are fully reserved.

d. If an Ordinary Course Professional's fees and expenses exceed the OCP Cap, such Ordinary Course Professional shall file a monthly fee application (a "Monthly OCP Fee Application") on account of the excess amount over the OCP Cap, and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other procedures and orders of the Court. Such Ordinary Course Professional shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines") in connection with such Monthly OCP Fee Application.

3

  e. During the pendency of these chapter 11 cases and until the effective date of any chapter 11 plan confirmed in these chapter 11 cases, within 45 days after the end of any three-month period, the Debtors shall file with the Court a statement reflecting the fees and expenses paid to each Ordinary Course Professional for the preceding three-month period (each, a "Quarterly OCP Statement") and serve copies of the Quarterly OCP Statement on the Reviewing Parties; provided that the initial quarter shall be the Petition Date through December 31, 2020.

  f. If the Debtors, with the consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest, seek to retain an Ordinary Course Professional not already listed on **Schedule 1** attached hereto to the Motion, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP Lists.; provided that such OCP List Supplement (and the related OCP Declaration) must be filed with the Court within thirty-three (33) days of the date on which the Ordinary Course Professional commences postpetition services for the Debtors.

  g. If no objection to an OCP Declaration associated with an OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth herein, so as to be actually received within fourteen (14) days after the filing and service thereof, the OCP List Supplement will be deemed approved by the Court in accordance with the provisions of this Order and without the need for a hearing or further order from the Court. Any Ordinary Course Professionals retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in the Ordinary Course Procedures.

4. The OCP Declaration, substantially in form annexed hereto to the Motion as **Schedule 2**, is approved.

5. Nothing in this Order shall preclude the Debtors from seeking retention of any Ordinary Course Professional from seeking retention as an estate professional under sections 327 or 338 of the Bankruptcy Code, and nothing in this Order shall alter the requirements of sections 330 and 331 of the Bankruptcy Code governing the format of fee applications to the extent this Order requires same.

6. This Order shall not apply to any professional that has been retained pursuant to a separate order of this Court.

4

7. Nothing in the Motion or in this Order shall be deemed or construed as impairing the Debtors' right (or the rights of parties in interest) to contest the validity or amount of any claim against the Debtors arising in connection with the fees or charges of any Ordinary Course Professional, and nothing in the Motion or in this Order shall be deemed or construed as approval of an assumption or rejection of any contract, lease, or other agreement under section 365 of the Bankruptcy Code, and all of the Debtors' rights and defenses (as well as the rights of other parties in interest) are reserved with respect thereto.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**OCP List**

| OCP Name | Service |
|---|---|
| ~~Armanino LLP~~ | ~~Audit, Tax Services~~ |
| ~~Calfo Eakers LLP~~ | ~~Legal Services (Washington Litigation Counsel)~~ |
| Crowell & Moring LLP | Legal Services (California Litigation Counsel) |
| ~~Dentons US LLP~~ | ~~Legal Services, Employment Matters~~ |
| ~~Oracle~~ | ~~Accounting Technology Services~~ |
| Pricket, Jones & Elliot, P.A. | Legal Services (Delaware Litigation Counsel) |

**~~SCHEDULE~~Schedule 2**

**Form of Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS OF PROPOSED
ORDINARY COURSE PROFESSIONAL**

I, _____, being duly sworn, state the following under penalty of perjury:

1. I am _____ of _____, which firm maintains offices at _____ (the "Firm"). The Firm's practice consists of: [*insert business description*].

2. Neither I, the Firm, nor any other owner or associate of the Firm, to the best of my knowledge, information, and belief, has any connection with Cred Inc. and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors"), their creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth in this declaration.

3. The Firm has worked with the Debtors in providing the following services: [*insert services, if any, provided to the Debtors prepetition*].

4. The Debtors have requested, and the Firm has agreed, for the Firm to represent and advise the Debtors with respect to the matter(s) set forth above and such other matters as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

may be ordinarily rendered by the Firm.  The principal [attorneys and paralegals/other professionals] / [employees] designated to represent the Debtors and their current standard rates are:

      1.    [Placeholder for list of professionals and hourly rates]

      5.    The Debtors [do not owe the Firm for prepetition services/owe the Firm $_____ for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code].  [FOR NON-LEGAL FIRMS:  The Firm has waived or will waive any is owed $_____ for prepetition services and such claim against the Debtors' estates shall be waived upon Court approval of the Firm's employment under the Ordinary Course Procedures.].

      6.    As of the Petition Date, the Firm held a prepetition retainer of $[AMOUNT].  In the event the Firm's employment is authorized, the Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to the Ordinary Course Procedures.

      7.    The Firm [does / does not] keep time records in one-tenth of an hour increments in the ordinary course of business. [IF THE FIRM DOES NOT KEEP TIME IN ONE-TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT.]

      8.    As of November 7, 2020, the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to a services agreement with one/more of the Debtors. [A copy of any such agreement, together with any agreement(s) the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as **Exhibit 1** to this Declaration.]

      9.    The Firm understands that any compensation/reimbursement paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

10.    6. Except as set forth herein, no promises have been received by the Firm, or any owner or associate thereof, as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and all orders of the Court.[2]

11.    7. Neither I nor any other owner of the Firm has agreed to share, or will share, any portion of the compensation received from the Debtors with any person other than the owners, associates, and regular employees of the Firm.

12.    In the ordinary course of business, the Firm maintains a database for the purpose of performing conflicts checks.  The Firm's database contains information regarding present and past engagements.  Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from the Debtors for the purpose of searching the aforementioned database and determining the connection(s) which the firm has with such entities.  The list is attached as **Exhibit 2**.  The firm's search of the database identified the following connections [INSERT DESCRIPTION]:

13.    8. The Firm and its owners and associates may have in the past represented, currently represent, and may in the future represent entities that are affiliates of, or related to, the Debtors or other parties in interest in these chapter 11 cases in matters unrelated to these chapter 11 cases.  However, the Firm does not, and will not, represent any such entity in connection with these chapter 11 cases, and.  If the Firm is a law firm, the Firm does not have any relationship with any such entity, itsperson, their attorneys, or accountants that would be materially adverse to the Debtors or their estates. 9. Neither I, the Firm, nor any other owner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning set forth in the *Debtors' Motion, Pursuant to Bankruptcy Code Sections 105(a), 327, 328, and 330, for Entry of Order Authorizing Debtors to Retain and Compensate Professionals Utilized in Ordinary Course of Business, Effective as of Petition Date*.

3

~~their estates in matters upon which the Firm is to be engaged.~~ with respect to the matter on which the Firm is proposed to be employed.  If the Firm is not a law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

14. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

15. ~~10.~~ The foregoing constitutes the statement of the Firm pursuant to sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 2020

_____
[Name of Declarant]