**Exhibit A**

**Proposed Final Insurance Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 10 & 31** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO**
**(A) MAINTAIN INSURANCE POLICIES, (B) PAY ALL RELATED**
**OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "Final Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors (a) to continue their Insurance Policies on an uninterrupted basis in accordance with the same practices and procedures in effect prior to the Petition Date, and renew its Insurance Policies or obtain replacement coverage, as needed in the ordinary course of business, without further approval of the Court; and (b) satisfy, in its sole discretion, all payment obligations related to the Insurance Policies whether they arose before or after the Petition Date, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having entered an order granted the relief requested in the Motion on an interim basis on November 10, 2020 [D.I. 31]; and the Court having held a hearing to consider the relief requested in the Motion on a final basis, if necessary (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to continue the Insurance Policies and, in their sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to the Insurance Policies in the ordinary course of business and to pay any prepetition amounts due in connection therewith.

3. The Debtors, with the written consent of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* or (in the absence of such consent) further order of the Court, on notice to parties in interest, are authorized, but not directed, to renew, amend, supplement,

extend, or purchase insurance policies to the extent that the Debtors determine that such action is in the best interest of their estates.

4.  Nothing contained in the Motion or this Final Order, nor any action taken pursuant to the authority granted by this Final Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5.  Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6.  The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7.  The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Insurance Policies

8. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.