## Exhibit A

**Proposed Final Wages Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 11 & 30** |

### FINAL ORDER (I) AUTHORIZING
### DEBTORS TO (A) PAY EMPLOYEE OBLIGATIONS AND (B) CONTINUE
### EMPLOYEE BENEFIT PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession (the

"<u>Debtors</u>") for entry of an order (this "<u>Final Order</u>"), pursuant to sections 105(a), 363, 364,

and 507 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing, but not

directing, the Debtors to pay and honor certain prepetition claims and obligations, continue

programs, and maintain funding, in the exercise of their discretion, relating to, among other

things: (i) Employee Compensation Obligations; (ii) Employee Benefit Programs; and (iii)

Supplemental Workforce Obligations, all as more fully set forth in the Motion; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a

final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate under the circumstances and no other notice need be provided; and the Court

having reviewed the Motion; and the Court having entered an order granted the relief requested

in the Motion on an interim basis on November 10, 2020 [D.I. No. 30]; and the Court having

held a hearing to consider the relief requested in the Motion on a final basis, if necessary (the

"Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and

the record of the Hearing, if necessary; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to pay and honor all prepetition

obligations associated with the Employee Obligations (subject to a cap of $80,000 for prepetition

payroll obligations) and to continue programs and maintain funding in the ordinary course of

business, to the extent requested in the Motion, on account of: (i) Employee Compensation

Obligations; (ii) Employee Benefit Programs; and (iii) Supplemental Workforce Obligations;

*provided*, that the Debtors are authorized, but not directed, to pay or honor only amounts or

obligations that are or become due and payable between the Petition Date and the date that a

final order on the Motion is entered, unless otherwise ordered  by the  Court; *provided*, *further*,

that payments on account of pre-petition obligations referenced in sections 507(a)(4) and

507(a)(5) of the Bankruptcy Code shall not exceed $13,650 for each individual; *provided,*

*further*, that the Debtors are permitted to extend credit to their employees post-petition through the Token Loan Program in the form of LBA tokens; *provided*, *further*, that the going-forward severance authority referenced in paragraph 20 of the Motion is authorized in an amount equal to two weeks' salary solely as to non-insiders; *provided*, *however* that no forward severance shall be paid without the written consent of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee") or (in the absence of such consent) further order of the Court, on notice to parties in interest.

3.      The Debtors are further authorized, but not directed, to modify or discontinue any Employee Benefit Program to reduce or eliminate program expenses or the benefits provided thereunder, with the written consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest, subject to applicable requirements.

4.      The Debtors shall not make any bonus or incentive payments to any non-"insider" persons, and shall not make any bonus, incentive or severance payments to "insider[s]" (as defined in section 101(31) of the Bankruptcy Code) without the consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest.  Nothing in this Final Order shall be construed as approving any transfer pursuant to (and/or restricted by) section 503(c) of the Bankruptcy Code.

5.      The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with all costs and expenses incidental to payment of Employee Obligations and Employee Benefits, including, but not limited to, licensing fees for Zenefits.

6.      Nothing contained in the Motion or this Final Order, nor any action taken pursuant to the authority granted by this Final Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the

3

Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8.      The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9.      The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Employee Compensation Obligations and Employee Benefit Programs

10.      Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11.      Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.