UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Dec. 17, 2020 at 11:00 a.m. (ET)**<br><br>**RE: Docket Nos. 7, 29, 183** |

**REPLY OF DEBTORS TO LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES; (III) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE; AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the limited objection (the "Limited Objection")[2] of Andrew R. Vara, United States Trustee for Regions Three and Nine (the "U.S. Trustee") to the *Debtors' Motion for Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Limited Objection of the United States Trustee to the Debtors' Motion for Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions; (II) Granting Administrative Expense Status to Postpetition Intercompany Balances; (III) Waiving the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* [Docket No. 183]. Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Motion.

*Business Forms, and (D) Continue to Perform Intercompany Transactions; (II) Granting Administrative Expense Status to Postpetition Intercompany Balances; (III) Waiving the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* (the "<u>Motion</u>") [Docket No. 7]. In support of this Reply, the Debtors respectfully state as follows:

### **REPLY**

1.\quad The Debtors have worked with the U.S. Trustee to accommodate his concerns regarding the Debtors' cash management systems, and have agreed to incorporate certain terms in the proposed Final Order that the Debtors understand resolve the matters raised by the U.S. Trustee. In the Limited Objection, the U.S. Trustee admits as much and does not interpose any objection to the relief requested in the Motion, but states that he "leaves the Debtors to their burden to demonstrate that the requirements of 11 U.S.C. §§ 345 and 363, as applicable, are satisfied with respect to the handling of the Debtors'" fiat and cryptocurrency. The Debtors are confident they have met their burden and that the Motion demonstrates good cause for the Motion's requested relief.

2.\quad As a preliminary matter, section 345 of the Bankruptcy Code does not apply to the Debtors' cryptocurrency holdings because a cryptocurrency is not "money."[3] Additionally, the Debtors' use of their fiat currency to purchase cryptocurrency is in the ordinary course of their business, and is not an "investment" of the Debtors' money. The very nature of the Debtors' business—as a financial platform for cryptocurrency holders—requires them to hold and transfer cryptocurrencies in the ordinary course of their businesses. Just as no bankruptcy

---

[3] *See, e.g., Commodity Futures Trading Comm'n v. McDonnell*, 287 F.Supp.3d 213, 228-29 (E.D.N.Y. 2018) (holding that cryptocurrency is a commodity); *Tucker v. Chase Bank USA, N.A.*, 399 F.Supp.3d 105, 108 (S.D.N.Y. 2019) (finding that "cryptocurrencies are not legal tender, do not represent any claim on legal tender, are not accepted as currency by the government, and are not accepted as payment by the overwhelming majority of overwhelming majority of private business and individuals.").

court would ever hold that, for example, an oil refiner's purchase of oil is an "investment" under section 345, the Debtors' purchase of cryptocurrencies should not be considered an "investment" under section 345.  Instead, it should be considered a continuation of the Debtors' everyday operations under section 363(c)(1), which does not acquire approval.  In essence, the U.S. Trustee appears to suggest that the Debtors liquidate the very asset that is at the heart of its business—which is tantamount to telling an oil refiner to divest of all its oil assets.

3. To the extent the Court determines section 345 of the Bankruptcy Code should apply, the Motion provides sufficient support for why the requirements of section 345(b) should be waived.

4. Furthermore, the Debtors have taken affirmative steps to further protect their fiat and cryptocurrency holdings since commencing these chapter 11 cases.  For example, under the plan support agreement the Debtors recently entered into with the Official Committee of Unsecured Creditors (the "Committee"), the Committee will have extensive oversight over the Debtors' fiat and cryptocurrency activities.  The Committee will receive an updated 13-week cash flow forecast each week detailing the Debtors' projected net proceeds of sales of cryptocurrency, the Debtors' fiat currency holdings, the value of the Debtors' liquid and illiquid cryptocurrency assets, and a detailed list the Debtors' cryptocurrency assets.  Additionally, the Committee will have consent rights over each cash flow forecast.

5. The Debtors' current cash management system, as well as the reporting and consent provisions of the PSA, make sure that the Debtors' fiat and cryptocurrency assets are maintained in line with the requirements of the Bankruptcy Code and creditor expectations.  A copy of the revised proposed final order reflecting comments provided by the U.S. Trustee and the Committee is attached as **Exhibit A** to this Reply, and a blackline of the revised proposed

final order against the interim order previously entered by this Court [Docket No. 29] is attached as **<u>Exhibit B</u>** to this reply.  Accordingly, the Court should grant the Motion and enter the revised proposed final order.

[*Remainder of the page left intentionally blank.*]

WHEREFORE, the Debtors request the Court overrule the Limited Objection, grant the Motion, and grant the Debtors such other and further relief as is just and proper.

Dated: December 15, 2020
Wilmington, Delaware

/s/  Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:	(302) 824-7081
Facsimile: :	(302) 295-0331
Email:	scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:	(713) 860-7300
Facsimile:	(713) 353-3100
Email:	jamesgrogan@paulhastings.com
	mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:	(212) 318-6000
Facsimile:	(212) 319-4090
Email:	alexbongartz@paulhastings.com
	aviluft@paulhastings.com
	derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*