<u>**Exhibit A**</u>

**Proposed Final Cash Management Order (Clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 29** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES; (III) WAIVING REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "Final Order"), pursuant to sections 105(a), 345, 363, and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to (a) to continue their existing cash management system (the "Cash Management System") at their existing banks (the "Banks"), consistent with their prepetition practices, (b) honor certain obligations related to the Cash Management System, (c) maintain existing business forms, (d) continue to perform intercompany transactions, and (e) waive the requirements of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' headquarters are located at 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate under the circumstances and no other notice need be provided; and the Court

having reviewed the Motion; and the Court having entered an order granting the relief requested

in the Motion on an interim basis on November 10, 2020 [D.I. 29]; and the Court having held a

hearing to consider the relief requested in the Motion on an final basis, if necessary (the

"Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and

the record of the Hearing, if necessary; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      Except as otherwise provided herein, the Debtors are authorized, but not directed,

to: (a) continue operating the Cash Management System as described in the Motion, and

(b) honor their prepetition obligations related thereto; (c) maintain existing Business Forms; and

(d) continue to perform Intercompany Transactions consistent with historical practice.

3.      The Debtors are further authorized, but not directed, to: (a) continue to use, with

the same account numbers, their bank accounts in existence as of the Petition Date; (b) deposit

funds in and withdraw funds from their bank accounts by all usual means, including checks, wire

transfers, and other debits; (c) pay any Bank Fees (including any prepetition amounts) incurred

in connection with their bank accounts; (d) pay any fees due to Fireblock (including any

prepetition amounts) incurred in connection with their E-Wallets or cryptocurrency accounts;

and (e) perform their obligations under the documents governing their bank accounts.

4.      All postpetition payments from a Debtor to another Debtor under any postpetition

intercompany transfer authorized hereunder are hereby accorded administrative expense status

under section 503(b) of the Bankruptcy Code. The Debtors shall maintain accurate and detailed

records of all transfers, including intercompany transfers, so that all transactions may be readily

ascertained, traced, recorded properly and distinguished between prepetition and post-petition

transactions.

5.      Notwithstanding the Debtors' use of a consolidated cash management system, the

Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the

disbursements of (or on behalf of) each Debtor regardless of which entity actually pays such

expenses.

6.      The requirements of the U.S. Trustee Guidelines that the Debtors close all bank

accounts and open new debtor-in-possession are hereby waived. In addition, the requirements of

the U.S. Trustee Guidelines that the Debtors establish specific bank accounts are hereby waived.

7.      Except as otherwise expressly provided in this Final Order, each of the Banks is

authorized to continue to maintain, service, and administer the Debtors' bank accounts without

interruption and in the ordinary course in accordance with prepetition practices, and to receive,

process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit

3

card payments, and ACH transfers issued, presented, or drawn on the Debtors' bank accounts when presented for payment.

8.      Subject to the terms set forth herein, the Banks may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to, on, or after the Petition Date should be honored pursuant to any order of the Court, and no Bank shall be held liable for actions taken (a) at the direction of the Debtors or (b) in a good-faith belief that the Court has authorized such action.

9.      The Debtors and each of the Banks are hereby authorized to continue to perform pursuant to the terms of any unexpired prepetition cash management agreements that may exist between them, except and to the extent set forth in this Final Order and except as amended, modified, or supplemented by agreement between the Debtors and a Bank in the ordinary course of business.

10.     The requirements provided in section 345(b) of the Bankruptcy Code are hereby waived.

11.     The Debtors are authorized, with the consent of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee") or (in the absence of such consent) further order of the Court, on notice to parties in interest, to implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including (a) opening any new bank accounts or closing any existing bank accounts and (b) entering into any ancillary agreements, including new deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; *provided* that the Debtors give notice within five (5) business days to the U.S. Trustee.

4

12.     The relief granted in this Final Order is extended to any new bank account opened by the Debtors after the date hereof.  As required herein, to the extent the Debtors open a new bank account, they shall obtain the consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest, and provide notice within five (5) days to the U.S. Trustee.

13.     The Debtors shall not purchase cryptocurrencies or extend new loans in respect of any cryptocurrency.  For the avoidance of doubt, the foregoing shall not preclude the Debtors from engaging in market-making activities for the purpose of selling cryptocurrencies.

14.     The Debtors agree to manually sweep, on a daily basis, any funds in the Silvergate accounts.  The use of the Evolve accounts will be suspended pending completion of the sale process.

15.     Nothing contained in the Motion or this Final Order, nor any action taken pursuant to the authority granted by this Final Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

16.     Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

17.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

18.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

20.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.