UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Waiver of Local Rules Requested** |
| | ) | |
| | ) | RE: Docket Nos. 7, 29, 183 & 215 |

**DEBTORS' MOTION FOR LEAVE TO FILE REPLY TO LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES; (III) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE; AND (IV) GRANTING RELATED RELIEF**

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") hereby move (this "Motion for Leave") and respectfully state as follows:

**Relief Requested**

1. By this Motion for Leave, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to file and serve their Reply dated December 15, 2020 [Docket No. 215] to the Limited Objection of the United States Trustee (the "U.S. Trustee") dated December 14, 2020 [Docket No. 183] (the "Limited Objection") to the *Debtors' Motion for Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions; (II) Granting Administrative Expense Status to Postpetition Intercompany Balances; (III) Waiving the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* (the "Cash Management Motion") [Docket No. 7][2] beyond the deadline set forth in rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. The Reply will address issues raised in the Limited Objection filed in opposition to the Cash Management Motion.

**Jurisdiction, Venue, and Statutory Predicates**

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein is Local Rule 9006-1(d).

**Background**

6. On November 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to

---

[2] Capitalized terms used but not defined in this Motion for Leave have the meanings set forth in the Reply.

continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

7.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

8.  On December 7, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 120] (the "Unsecured Creditors Committee").

**Basis for Relief**

9.  Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The agenda for the hearing on the Cash Management Motion (the "Hearing") was filed by 12:00 p.m. (prevailing Eastern Time) on December 15, 2020. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply was 4:00 p.m. (prevailing Eastern Time) on December 14, 2020 (the "Opposition Deadline"). By agreement of the Debtors, the U.S. Trustee and the Committee, the deadline for the U.S. Trustee to object to the Cash Management Motion was extended to December 14, 2020 at 4:00 p.m. (ET). There was no agreement, however, as to the deadline for the Debtor to file any reply to the Limited Objection.

10. Thus, absent leave of the Court, the Debtors would be unable to file and serve the Reply and the Court would be denied the opportunity to the Reply to the Limited Objection in advance of the Hearing.

11. The Debtors submit that cause exists to grant the relief requested by this Motion for Leave and approve an extension of the time by which to file the Reply under Local Rule 9006-1(d). The Reply will provide the Court with critical information and arguments to consider when ruling on the relief requested in the Cash Management Motion, and the Court's consideration of the Reply may reduce argument on this matter at the Hearing. Further, extending the Reply Deadline will not prejudice the parties.

12. Moreover, as set forth more fully in the Reply, the Debtors are confident they have met their burden with respect to the Cash Management Motion and that those accommodations should resolve the matters raised by the U.S. Trustee. In addition, the Court's consideration of the Reply will streamline argument at the Hearing. Finally, extending the Reply Deadline will not prejudice the parties.

13. Accordingly, the Debtors submit that the relief requested herein is reasonable under the circumstances and cause exists for the Court to grant leave to file and serve the Reply.

## Notice

14. Notice of this Motion for Leave has been given to (i) the U.S. Trustee; (ii) counsel to the official committee of unsecured creditors; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this motion is required.

## No Prior Motion

15. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, attached hereto as **Exhibit A**, granting the relief requested in this Motion for Leave and such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank]*

Dated: December 15, 2020
      Wilmington, Delaware

          */s/ Scott D. Cousins*
          Scott D. Cousins (No. 3079)
          **COUSINS LAW LLC**
          Brandywine Plaza West
          1521 Concord Pike, Suite 301
          Wilmington, Delaware 19803
          Telephone:   (302) 824-7081
          Facsimile:   (302) 295-0331
          Email:   scott.cousins@cousins-law.com

          - and -

          James T. Grogan (admitted *pro hac vice*)
          Mack Wilson (admitted *pro hac vice*)
          **PAUL HASTINGS LLP**
          600 Travis Street, Fifty-Eighth Floor
          Houston, Texas 77002
          Telephone:   (713) 860-7300
          Facsimile:   (713) 353-3100
          Email:   jamesgrogan@paulhastings.com
                       mackwilson@paulhastings.com

          - and -

          G. Alexander Bongartz (admitted *pro hac vice*)
          Derek Cash (admitted *pro hac vice*)
          **PAUL HASTINGS LLP**
          200 Park Avenue
          New York, New York 10166
          Telephone:   (212) 318-6000
          Facsimile:   (212) 319-4090
          Email:   alexbongartz@paulhastings.com
                       derekcash@paulhastings.com

          *Proposed Co-Counsel to the Debtors*
          *Proposed Co-Counsel to the Debtors*