**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 62, 103,<br>107, 126 132, 152 and 191 |

**REPLY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS OBJECTION TO MOTIONS SEEKING CONVERSION, DISMISSAL, AND APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Krzysztof Majdak and Philippe Godineau (the "Moving Creditors"), by and through their undersigned counsel, hereby file this Reply (the "Reply") to the Official Committee of Unsecured Creditors' Omnibus Objection to Motions Seeking Conversion, Dismissal, and Appointment of a Chapter 11 Trustee (hereafter "Omnibus Objection" and the "Motions" or "Motions to Convert") [Dk. No. 191].

**ARGUMENT**

1.      Let us suppose for a moment that, instead of confessing his sins to the authorities, Bernard Madoff had hired the very best bankruptcy law firm in the world to fashion his exit plan. That firm would likely advise him to: step down as chairman of his firm, hire an independent director, a chief restructuring officer, and a financial advisor, and file for Chapter 11 protection. The Office of the U.S. Trustee would form a Creditors Committee, and that Committee would hire counsel who would then hire a financial advisor.  Pretty soon, scores of renowned advisors would be sharing their restructuring prowess even though the underlying "business" was a Ponzi

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

{00029782. }

scheme. What a miscarriage of justice and abuse of the Bankruptcy Code that would have been. Yet, that very scenario is what is being proposed here.

2.  This case has all the elements that merit the appointment of a Trustee: (i) fraud; (ii) diminution in the value of the estate; (iii) gross mismanagement of the estate; and lastly, (iv) a significant issue about whether the Debtors properly had the authority to file the bankruptcy petition against Cred Capital, Inc.

3.  The Ponzi scheme is evident from the Debtors' own description of their activities. The Debtors' "business" was to borrow cryptocurrency – lots of it – from individuals and entities around the world. That is it.[2] Instead of using the borrowed cryptocurrency to capitalize an actual business, here the borrowing <u>was</u> the business. Bizarrely, the Debtors refer to the lenders as "customers." The Debtors borrowed crypto at 6-10%, converted it to US dollars, and sought to lend it out at a higher rate. Except for one salient fact: almost all the money they lent out, they lost. Because the Debtors' massive losses trace back to at least 2019, the only possible way it could have repaid these loans would have been to keep borrowing more money from more unsuspecting lenders. To do that, they misrepresented their finances and were obligated to keep raising the interest rate they paid on the loans to attract new money. While the Debtors assert that they are running a sale process, what institutional investor would purchase an entity rife with fraud and deception when the very core of the lending business is premised on trust?

4.  As noted in the declaration of Daniyal Inamullah, the Debtors have been running a Ponzi scheme for most of the past year. (*See* Decl. of Daniyal Inamullah in Support of the Motion, the "Inamullah Decl.," Dkt. no. 97, at ¶¶12, 14, 15, 17). When Mr. Schatt was

---

[2] The other, smaller part of Debtors' business is known as CredBorrow, whereby they would trick customers into depositing cryptoassets as "collateral" for a loan. Then Debtors would simply appropriate the collateral to fund the Ponzi Scheme. UpgradeYa Investments was a notable victim of CredBorrow. *See* UpgradeYa's Mot. to Lift Stay, Dkt. No. 89, and UpgradeYa's subsequent Reply, Dkt. No. 126.

questioned at his December 14, 2020 deposition whether he was told the Debtors were insolvent in April 2020, he avoided the question and said he would search his files.  As Mr. Inamullah stated, Debtors' "business" is to borrow from Peter to pay back Paul.  It is inconceivable that they would be permitted by this Court to continue their fraudulent scheme under the cover of bankruptcy protection.

5. The second major reason that a Chapter 7 Trustee is necessitated is the dramatic post-petition diminution in the value of the estate.  The Debtors' financial advisor's 13-week cash flow proposes an outlay of over $5.6 million for professional fees and a drop in net liquidity from $2,009,555 to $483,002 (*See* table at Dkt. No. 123-1 at 4).

6. As reflected on the following chart, there are over nine professionals that have been retained or are being proposed be retained in these cases at a projected burn rate of $5.6 million over the next 13 weeks.

| List of Estate Professionals | | | | | |
|---|---|---|---|---|---|
| Position | Name | Amount | Hourly | Retainer | Pre-Petition Fees |
| Indpt Board Member | Grant Lyon | $ 25,000.00 | | | |
| Chief Restructuring Officer | Sonoran Capital Advisors, LLC/Matthew Foster | $ 35,000.00 + | $ 450.00 | | |
| Financial Advisor | Macco Restructuring Group, LLC | | $ 600.00 | $ 150,000.00 | |
| Debtor's counsel | Paul Hastings LLP | | $ 1,625.00 | $ 36,146.86 | $ 917,581.98 |
| Debtor's local counsel | Cousins Law LLC | | $ 750.00 | $ 58,585.00 | $ 19,505.00 |
| Debtor's claims agent | Donlin, Recano & Company | | | $ 50,000.00 | |
| Investment Banker | Teneo Capital | | $ 50,000.00 [1] | | |
| Creditors Committee counsel | McDermott Will & Emery | unknown | | | |
| Financial Advisors to Creditors' Committee | Dundon Advisors | unknown | | | |
| 19 Employees including Mr. Schatt | | $ 300,000.00 [2] | | | |
| Total Over 13 Weeks | | $ 5,600,000.00 | | | |

[1] monthly expense plus financing & Sale Fees
[2] monthly expense

7. While the Official Committee of Unsecured Creditors (the "Committee") certainly owe a fiduciary to all unsecured creditors of the Debtors, the simple fact is that they do not need the Debtors or their professionals.  Counsel to the Official Committee of Unsecured Creditors in their Omnibus Objection acknowledges that there is no chance of rehabilitating these Debtors.  (Omnibus Objection at ¶6).  However, rather than consent to the appointment of a

{00029782. }                                              3

Trustee, which would be the least expensive and most expeditious course of action, they have forged an agreement with the Debtors in a race to consummate a plan to support agreement, which would give them the opportunity to pursue avoidance causes of action.

8. This case merits the appointment of a trustee, either in Chapter 7 or Chapter 11. Chapter 11 liquidations sometimes make for some strange bedfellows. The fact that the Committee has joined hands with the Debtors to blame the entire Cred fiasco on "rogue employees" only further justifies appointment of an independent Trustee. ("If anything, the record substantiates what the Debtors have been saying all along, namely that two former, rogue employees (who were given oversight over the Debtors' investment decisions) are responsible for much of the damage done to the Debtors." Opposition to the U.S. Trustee's Motion to Appoint a Trustee or Convert, Dkt. 195, at ¶3). The Committee now believes that "[t]he Debtors' independent professionals, together with appropriate oversight from the Committee, are in the best position to accomplish [the objectives of the bankruptcy]." (Omnibus Objection, Dkt. No. 191 at ¶6).

9. Although Daniel Schatt may not be Bernie Madoff, he lost over $100 million dollars of investors' money. Up until December 7, 2020 he still served as Chief Executive Officer at a salary in excess of $300,000. In his deposition on December 14, 2020,[3] Mr. Schatt, acknowledged that he only stepped down as the Debtors' Chief Executive Officer and fired Joe Podulka, the Debtors' Chief Financial Officer, to mollify the Creditors' Committee. What was not disclosed by the Committee or the Debtors, however, is that Mr. Schatt, is still being paid by the Debtors.

---

[3] The transcript to the Schatt Deposition was not yet available at the time of filing this Reply.

{00029782. }   4

10.     With respect to post-petition fraud, in the context of the UpgradeYa Investments, LLC motion to lift the automatic stay (Dkt. No. 89), the Debtors have consistently misled the Court about what assets they have on hand.  At one point, on November 10 (one day after the Petition Date), the Debtors told UpgradeYa that they were holding 478.170 BTC in collateral. Later, on December 1, 2020, Debtors' counsel advised UpgradeYa's counsel that Debtors "currently have 160 bitcoin."  (UpgradeYa Investment's Reply to Objection of Debtors to Mot. for Relief from Stay, Dkt. No. 126, at ¶31).  The fact that Debtors cannot verify how much cryptocurrency is within their control justifies the appointment of a trustee.

11.     Another reason to appoint a trustee is that there are genuine issues with respect to corporate authority to file a bankruptcy petition on behalf of one of the Debtors.  As set forth in the Motion to Dismiss of James Alexander, (Dkt. No. 152) there is a genuine issue as to whether the Debtors had authority to file a bankruptcy petition for Cred Capital, Inc.  Given that these issues need to be resolved before proceeding further, it is in the best interests of the creditors for one individual, a Trustee, to sort through these matters rather than a plethora of professionals.

12.     Finally, the Moving Creditors appreciate that all of the professionals in this case are highly talented – their motion, and this Reply, are not an attack on their integrity.  The Bankruptcy Code requires the appointment of a Trustee when there is no chance of reorganization, the estate continues to lose money, and all that is left is pursuit of avoidance actions to fund a recovery for creditors.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

For the above reasons, the Moving Creditors respectfully reiterate their request that the Court enter an order either (i) converting these cases to cases under Chapter 7 of the Bankruptcy Code; (ii) dismissing these Chapter 11 cases; or (iii) appointing a Chapter 11 trustee.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  December 15, 2020<br>Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>*/s/ Jason A. Gibson*<br>Jason A. Gibson (DE 6091)<br>824 N. Market St., Suite 810<br>Wilmington, Delaware 19801<br>Tel: (302) 777-111<br>Email: gibson@teamrosner.com<br><br>and<br><br>SARACHEK LAW FIRM<br>Joseph E. Sarachek (admitted *pro hac vice*)<br>Zachary E. Mazur (admitted *pro hac vice)*<br>670 White Plains Road<br>Penthouse Fl.<br>Scarsdale, New York 10583<br>Telephone: (646) 517-5420<br>Facsimile: (646) 861-4950<br>joe@saracheklawfirm.com<br>zachary@saracheklawfirm.com<br><br>*Counsel to Krzysztof Majdak and Philippe Godineau* |