**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Dec. 17, 2020 at 11:00 a.m. (ET)<br>RE: Docket Nos. 95 & 206 |

**REPLY OF DEBTORS TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF SONORAN CAPITAL ADVISORS, LLC TO PROVIDE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATING MATTHEW FOSTER AS DEBTORS' CHIEF RESTRUCTURING OFFICER**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the United States Trustee's objection (the "Objection")[2] to the *Debtors' Motion for Entry of an Order Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* (the "Motion") [Docket No. 93]. In support of this Reply, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Objection of the United States Trustee to the Debtor's Motion for Entry of an Order Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* [Docket No. 206]. Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Objection.

**BACKGROUND**

1.  On December 14, 2020, the U.S. Trustee filed an objection to Sonoran Capital Advisor, LLC's ("Sonoran") retention on the grounds that: (1) a chapter 11 trustee should be appointed instead of a CRO; (2) the Motion does not fully "disclose" Sonoran personnel used in the engagement; (3) the use of an "evergreen" retainer; (4) Sonoran personnel should be required to keep time in 1/10 of an hour; and (5) the indemnity/limitation of liability rider was omitted from the Engagement Letter.

2.  The Debtors have worked productively with the Official Committee of Unsecured Creditors regarding Sonoran's employment to ensure the Debtors are properly managed and advised. The compromise the Debtors have reached with the Committee regarding Sonoran's employment are explained in the supplemental declaration in support of the Motion,[3] attached as **Exhibit A**, and are reflected in the proposed retention order (the "Proposed Order"), attached as **Exhibit B**.

3.  The Proposed Order also resolves the other issues raised in the Objection. Specifically, the Proposed Order:

    - discloses the Sonoran personnel engaged by the Debtors and their roles at the Debtors;[4]

    - provides that personnel providing services at an hourly rate shall keep time entries in 1/10 hour increments;[5]

---

[3] *Supplemental Declaration of in Support of Debtors' Motion for Entry of an Order (I) Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer.* The supplemental declaration will be filed contemporaneously with this Reply.

[4] Proposed Order ¶ 3.b and c.

[5] Proposed Order ¶ 3.f.

- provides that, notwithstanding anything contained in the Engagement Letter to the contrary, there shall be no limitation of Sonoran's liability in connection with the engagement;[6] and

- deletes the final sentence of section 10 of the Engagement Letter (which refers to certain indemnity and limitation on liability provisions).[7]

4. The Objection's remaining issues should be overruled. First, a response to the Motion is not the appropriate place to argue for the appointment of a chapter 11 trustee, and the Debtors have fully responded to the U.S. Trustee's allegations in their response to the U.S. Trustee's motion to appoint a chapter 11 trustee.[8] Indeed, if the Court determines the Debtors should remain in control of these chapter 11 cases, then the US Trustee's arguments in this regard have no bearing on whether Sonoran should be employed.

5. The U.S. Trustee's only remaining issue is Sonoran's proposed "evergreen retainer." The Debtors believe an evergreen retainer is appropriate here in light of *Insilico*:[9] (1) the proposed terms of Sonoran's engagement reflect normal business terms in the marketplace; (2) both Sonoran and the Debtors are sophisticated business entities that have negotiated Sonroan's employment at arm's length; (3) approval of the retainer is in the best interest of the Debtors' estates; (4) there is no creditor opposition to approval of the terms of Sonoran's employment; and (5) the evergreen retainer appropriately minimize Sonoran's risk in connection

---

[6] Proposed Order ¶ 4.e.

[7] *Id*.

[8] *See, e.g., Debtors' (A) Objection to Motion of the United States Trustee for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (I) Directing the Appointment of an Examiner, or (II) Converting the Cases to Chapter 7 Cases and (B) Supplement to Objection to Motion of Kzysztof Majdak and Philippe Godinea fr Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 195].

[9] *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003).

3

with these chapter 11 cases. Additionally, evergreen retainers are routinely approved by bankruptcy courts in this district.[10]

## CONCLUSION

6.      The Proposed Order should resolve any concerns regarding Sonoran's employment. Accordingly, the Court should overrule the Objection and approve the Motion.

[*Remainder of page intentionally left blank*]

---

[10]   *See, e.g., In re AAC Holdings, Inc.*, Case No. 20-11648 (JTD), Docket No. 151 (Bankr. D. Del. Jul 15, 2020); *In re Basin Transload, LLC,* Case No. 20-11462 (JTD), Docket No. 122 (Bankr. D. Del. Jun 23, 2020).

WHEREFORE, the Debtors request the Court overrule the Objection, grant the Motion, and grant the Debtors such other and further relief as is just and proper.

Dated: December 15, 2020
      Wilmington, Delaware

/s/  Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:     (302) 824-7081
Facsimile: :     (302) 295-0331
Email:          scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:     (713) 860-7300
Facsimile:     (713) 353-3100
Email:          jamesgrogan@paulhastings.com
                mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6000
Facsimile:     (212) 319-4090
Email:          alexbongartz@paulhastings.com
                aviluft@paulhastings.com
                derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*