**Exhibit A**

**Proposed Teneo Retention Order**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | **Re: Docket No. 63** |
|  | ) |  |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF TENEO CAPITAL GROUP LLC AS INVESTMENT BANKER FOR DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2020**

Upon consideration of the application (the "Application")[2] of the debtors and debtors in possession (the "Debtors"), for entry of an Order authorizing the employment and retention of Teneo Capital LLC ("Teneo") as the Debtors' investment banker *nunc pro tunc* to November 16, 2020, all as more fully set forth in the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

the Court having reviewed the Application; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "Hearing"); and upon the Wu Declaration and the Supplemental Declaration of Christopher K. Wu in support of the Application [D.I. 184] (together with the "Wu Declaration," the "Wu Declarations"), and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDER THAT**:

    1.    The Application is granted as set forth herein.

    2.    The Debtors are authorized to retain and employ Teneo as their investment banker in this case effective as of the Petition Date on the terms set forth in the Application, the Engagement Letter, and the Wu Declarations; *provided*, *however* that if the Debtors have not executed a binding stalking horse agreement to sell all or substantially all of their assets on or prior to January 15, 2021, the Debtors shall terminate any sale process, which shall include the termination of Teneo, unless the Debtors and the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee") agree that Teneo shall continue to be retained.

    3.    The compensation structure laid out in the Application is approved under section 328 of the Bankruptcy Code; provided, however, that notwithstanding any provision of this Order or any provision to the contrary in the Application, the Engagement Letter, or the Wu Declarations, the U.S. Trustee shall have the right and be entitled to object to Teneo's request for compensation and reimbursement based on the reasonableness standard provided in section 330

of the Bankruptcy Code, and shall not be limited to the standard set forth in section 328(a) of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Teneo's compensation and reimbursement requests under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record relating to this Court's consideration of the Application or otherwise shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee on appeal or otherwise with respect to the reasonableness of Teneo's compensation and reimbursement requests. Furthermore, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

4. Any compensation or reimbursement of expenses will be subject to final application under section 330 of the Bankruptcy Code, or as otherwise ordered by the Court.

5. Teneo shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

6. Notwithstanding anything in the Engagement Letter to the contrary, in the event that the Enterprise Value of the Sale Transaction exceeds $10,000,000, Teneo shall credit 50% of the Monthly Fees against the Sale Transaction Fee.

7. The indemnification, reimbursement, and contribution provisions set forth in the Engagement Letter, if any, are approved, subject during the pendency of these cases to the following:

    a) Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Teneo for any claims arising out of or related to the Engagement Letter and/or the services to be provided in the Application, but

        not for any claim arising from, related to, or in connection with Teneo's post-petition performance of any other services, unless such post- petition services and indemnification therefor are approved by this Court;

b)     The Debtors shall have no obligation to indemnify Teneo (i) for any claim or expense that is judicially determined (the determination having become final) to have resulted primarily from Teneo's actual fraud, gross negligence, bad faith, breach of fiduciary duty (if any), self-dealing (if found to be applicable), or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Teneo's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible following *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which Teneo should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Letter, as modified by this Order ;

c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Teneo believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, reimbursement, and contribution obligations under the Engagement Letter or the Application, including, without limitation, the advancement of defense costs, Teneo must file an application in this Court, and the Debtors may not pay any such amounts to Teneo before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Teneo for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify or provide contribution or reimbursement to Teneo.

d)     Notwithstanding anything contained in the Engagement Letter to the contrary, there shall be no limitation of Teneo's liability in connection with the engagement.

4

8. In the event that, during the pendency of these cases, Teneo seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Teneo's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that Teneo shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Teneo's fee applications in these chapter 11 cases.

9. Notwithstanding any provision in the Engagement Letter to the contrary, during the course of these chapter 11 cases Teneo shall have the duties imposed upon it by applicable law.

10. To the extent the Debtors wish to expand the scope of Teneo's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 21 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11. Teneo shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals.

12.   To the extent there is inconsistency between the terms of the Engagement Letter, the Application, the Wu Declaration and this Order, the terms of this Order shall govern.

13.   Notice of the Application as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.   The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.