UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**SECOND SUPPLEMENTAL DECLARATION OF JAMES T. GROGAN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO DEBTORS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, James T. Grogan, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted and in good standing to practice in the State of Texas and the State of New York. My application for admission *pro hac vice* to the United States Bankruptcy Court for the District of Delaware (the "Court") was approved on November 9, 2020 [Docket No. 22].

2. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings" or the "Firm"), located at, among other offices worldwide, 600 Travis Street, 58th Floor, Houston, Texas 77002, and am duly authorized to make this second supplemental declaration (this "Second Supplemental Declaration") on behalf of Paul Hastings. I submit this Second Supplemental Declaration in further support of the *Debtors' Application for Entry of an Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 64] (the "Application") and in response to inquiries made by the Office of the United States Trustee (the "U.S. Trustee").

3. The facts set forth in this Second Supplemental Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the Firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. To the extent any information disclosed in this Second Supplemental Declaration requires amendment or modification upon completion of Paul Hastings' further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**Additional Disclosure Regarding Dekrypt Litigation**

4. In my Initial Declaration,[2] I disclosed that Paul Hastings previously represented Debtor Cred (US) LLC in connection with litigation brought by the Dekrypt Plaintiffs in Washington state court.[3]

5. As stated in the Initial Declaration, Paul Hastings never formally appeared in court in the Dekrypt litigation, and other counsel currently represent the parties in that action. Moreover, pursuant to the amended complaint filed by the Dekrypt Plaintiffs on November 13, 2020, no Debtor entity is involved in the action. A true and correct copy of the amended complaint filed by the Dekrypt Planitiffs on November 13, 2020, is attached hereto as **Exhibit A**.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Declaration of James T. Grogan in Support of Debtors' Application for Entry of an Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Debtors* [Docket No. 64-3] (the "Initial Declaration").
[3] Initial Declaration ¶ 21(c).

### Additional Disclosure Regarding Cred Capital, Inc.

6. In my Initial Declaration, I disclosed that Paul Hastings represented Debtor Cred Capital, Inc. in litigation with James Alexander, the Debtors' former Chief Capital Officer.[4]

7. Paul Hastings continues to vigorously represent the Debtors in their litigation with Mr. Alexander, including in a turnover proceeding before this Court.

8. Prior to the filing of the Debtors' chapter 11 cases, Paul Hastings sought and received injunctive relief against Mr. Alexander in California state court, requiring him to preserve and not use the bitcoin he misappropriated from the Debtors. A true and correct copy of the temporary restraining order entered against Mr. Alexander is attached as **Exhibit B**. A true and correct copy of the tentative ruling, which was later adopted by the court, converting the temporary restraining order against Mr. Alexander into a preliminary injunction is attached at **Exhibit C**.

### Additional Disclosures Regarding Uphold

9. In my Initial Declaration, I disclosed that Paul Hastings currently represents Uphold in matters unrelated to the Debtors.[5]

10. In the 12 months preceding the filing of this case, fees attributable to Uphold client matters represented less than 0.05% of Paul Hastings' total revenue.

*[Remainder of page intentionally left blank].*

---

[4]  *Id.* at ¶ 21(d).

[5]  *Id.* at ¶ 21(c).

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 16th day of December, 2020

/s/ *James T. Grogan*