**<u>Exhibit C</u>**

Preliminary Injunction against James Alexander

**August 27, 2020   Writs and Receivers Calendar        PAGE 5**
**Judge:  Elizabeth M. Hill, Department 12**

---

2:00

LINE: 4

20-CIV-02915   CRED INC., ET AL. VS. JAMES ALEXANDER, ET AL.


CRED, INC.                                         PETER M. STONE
JAMES ALEXANDER

---

MOTION FOR PRELIMINARY INJUNCTION
**TENTATIVE RULING:**

**In weighing the relevant factors, the Court finds that the balance of
hardships weighs in favor of Plaintiffs; that Plaintiffs have
demonstrated a likelihood of success on the merits of its conversion
and breach of duty claims which also weighs in favor of an injunction;
and that the requested relief is narrowly tailed to preventing future
harm and preserving the status quo. Thus, for the reasons set forth
above, the Court converts the TRO to a preliminary injunction IN PART.
As to requiring Defendant, within forty-eight (48) hours to identify
under oath any blockchain addresses containing digital assets
belonging to Plaintiffs, etc., this request is DENIED, as it appears
this is better handled in discovery and is not related to maintaining
the status quo. Further, this request was not addressed in the
Application and no support for this request was provided. The
Objection to the Reply is OVERRULED. The allegations made and document
introduced in the Reply Declaration have been made and introduced
elsewhere, in the instant matter and/or in the related matter. Thus,
Defendant has had an opportunity to respond and has done so.
Therefore, the Court, in its discretion, accepts the evidence provided
in the Reply. (Alliant Ins. Services, Inc. v. Gaddy (2008) 159
Cal.App.4th 1292, 1308, 72 Cal.Rptr.3d 259 [in preliminary injunction
proceeding, "the trial court had discretion whether to accept new
evidence with the reply papers"].)**


POSTED:  **5:46 PM**