# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: Dec. 17, 2020 @ 11:00 A.M. (EST) |

## NON-PARTY DANIEL SCHATT'S MOTION TO QUASH
## SUBPOENA TO TESTIFY AT HEARING

Pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 45(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), non-party Daniel Schatt ("Mr. Schatt"), by and through his undersigned counsel, hereby moves (the "Motion") to quash the Office of the United States Trustee's Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (Or Adversary Proceeding) served December 10, 2020, directing Mr. Schatt to appear and testify at the hearing scheduled for December 17, 2020 at 11:00 a.m. (EST) in the above-captioned cases. As grounds for this Motion, Mr. Schatt respectfully represent as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

BACKGROUND

3. On November 7, 2020, the above-captioned debtors (the "Debtors") each filed petitions for relief pursuant to section 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On November 18, 2020, the Debtors filed the Debtors' Application for Entry of an Order Authorizing and Approving Retention of Paul Hastings LLP as Counsel to the Debtors, as of the Petition Date [D.I. 64].

5. On December 4, 2020, the Office of the United States Trustee (the "UST") filed the Motion of the U.S. Trustee for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases [D.I. 133] (the "Trustee Motion"), and on December 6, 2020, filed the Objection of the United States Trustee to the Debtors' Application for Entry of an Order Authorizing and Approving Retention of Paul Hastings LLP as Counsel to the Debtors Effective as of the Petition Date [D.I. 139] (the "Retention Objection").

6. On December 10, 2020, the UST filed a Notice of Issuance of Subpoenas to Dan Schatt directing Mr. Schatt (a) to testify and produce documents in connection with a deposition scheduled for December 14, 2020; and (b) to appear and testify at the December 17, 2020 hearing on the Trustee Motion and Retention Objection [D.I. 172] (the "Subpoena").

7. Despite not having been served with the Subpoena in accordance with the Bankruptcy Rules, on December 10, 2020, California counsel for Mr. Schatt, served the UST with Non-Party Daniel Brian Schatt's Objections to Subpoena. Thereafter, on December 11, 2020, counsel for the UST emailed counsel for Mr. Schatt requesting that he accept service of the Subpoena, and confirm that Mr. Schatt would appear for a deposition the following Monday as requested in the Subpoena. Notwithstanding the lack of proper notice. Mr. Schatt's counsel

responded that same day that Mr. Schatt would voluntarily appear for the deposition as requested on December 14, 2020, and his videotaped deposition was taken that day as scheduled.

## RELIEF REQUESTED

8. By this Motion, Mr. Schatt seeks an order of the Court pursuant to Rule 9016 of the Bankruptcy Rules and Rule 45(c) of the Federal Rules quashing the Subpoena to the extent it directs Mr. Schatt to appear and testify at the hearing scheduled for December 17, 2020, on grounds that it exceeds the jurisdictional limits of Bankruptcy Rule 9016 and Federal Rule 45(c), fails to allow a reasonable time to comply, and would cause undue burden to Mr. Schatt who has already given testimony regarding the subjects raised in the Trustee Motion and Retention Objection.

## ARGUMENT

9. Bankruptcy Rule 9016 and Federal Rule 45 provide that a subpoena to a non-party "may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Bankruptcy Rule 9016(c)(1)(A); Federal Rule 45(c)(1)(A). Here, Mr. Schatt resides in California, which is clearly beyond the reach of this Court's subpoena power. Mr. Schatt is also neither an officer nor director of the Debtors and does not regularly transact business in person within 100 miles of Delaware. Therefore, under the Bankruptcy Rules and the Federal Rules, Mr. Schatt may not be compelled to attend a hearing in this Court.

10. Moreover, even if this Court could compel Mr. Schatt's attendance at the December 17 hearing, the Subpoena fails to allow a reasonable time to comply and would cause undue burden to Mr. Schatt who voluntarily appeared for a deposition on only one business days' notice where the UST had a full and fair opportunity to examine him regarding the facts relevant to the Trustee Motion and Retention Objection. Having received Mr. Schatt's cooperation to sit

for a deposition, there is absolutely no justification for demanding Mr. Schatt's appearance at the December 17, 2020 hearing.  Additionally, to require Mr. Schatt to attend the hearing on such short notice would be unfair, oppressive, and unduly burdensome, given that Mr. Schatt has been given little to no opportunity to prepare for a hearing and would have to allocate additional time away from his current pursuits to appear at the hearing.  Thus, the burden, inconvenience, and lack of notice to Mr. Schatt outweighs any need for live testimony.

## CONCLUSION

For all the foregoing reasons, of these reasons, Mr. Schatt respectfully requests that the Court quash the subpoena to appear an testify at the December 17, 2020 hearing.

Dated: December 17, 2020
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donna L. Culver*
Donna L. Culver (Bar No. 2983)
Robert J. Dehney (Bar No. 3578)
Nader A. Amer (Bar No. 6635)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
Email: rdehney@mnat.com
dculver@mnat.com
namer@mnat.com

*and*

Daniel M. Glassman
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
dglassman@crowell.com

*Counsel for Daniel Schatt*

4