**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 53 & 131** |

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN COUSINS LAW LLC**
**AS CO-COUNSEL TO DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (each a "Debtors" and, collectively, the "Debtors"), for entry

of an Order authorizing the employment and retention of Cousins Law LLC ("Cousins Law") as

the Debtors' bankruptcy counsel *nunc pro tunc* to the Petition Date, all as more fully set forth in

the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

that this Court may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Application in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

the relief requested in the Application is in the best interests of the Debtors, their estates, their

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

Application and opportunity for a hearing on the Application were appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

circumstances and no other notice need be provided; and the Court having reviewed the

Application; and a hearing having been held, if necessary, to consider the relief requested in the

Application (the "Hearing"); and upon the Cousins Declaration, the first supplemental

declaration of Scott D. Cousins, Esq. in support of the Application [D.I. 131] (together with the

Cousins Declaration, the "Cousins Declarations") and the Schatt Declaration, filed

contemporaneously with this Application, and the record of the Hearing; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and it appearing that the relief requested in the Application is in the best

interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:**

1.      The Application is granted to the extent forth herein.

2.      The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, to employ and retain Cousins Law as bankruptcy co-counsel to the Debtors on

the terms and conditions set forth in the Application and the Cousins Declarations, *nunc pro tunc*

to the Petition Date.

3.      Cousins Law shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local

Rules, and any other applicable procedures and orders of the Court.

4.      Cousins Law is authorized to apply its retainer to outstanding prepetition invoices

and, thereafter, shall apply and exhaust the remaining retainer balance to postpetition invoices in

satisfaction of allowed fees and expenses before seeking payment of postpetition invoices from the Debtors.

5.  To the extent that the Cousins Declarations and the Schatt Declaration are inconsistent with this Order, the terms of this Order shall govern.

6.  Cousins Law shall be compensated for its services and reimbursed for any related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other application procedures and orders of the Court.  Cousins Law shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Cousins Law in these chapter 11 cases.

7.  Cousins Law shall provide ten-business-days' notice to the Debtors, the United States Trustee, and the Official Committee of Unsecured Creditors of Cred Inc. *et al.* before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The United States Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: December 18th, 2020**
**Wilmington, Delaware**