# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors.¹ | ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket Nos. 56 & 130** |

**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR FOR DEBTORS, EFFECTIVE *NUNC PRO TUNC TO* PETITION DATE**

Upon the application² (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") authorizing the retention and employment of Donlin, Recano & Company, Inc. ("DRC") as administrative advisor in these chapter 11 cases pursuant to the terms set forth in the Services Agreement and all as described more fully in the Application; and upon consideration of the Voorhies Declaration submitted in support of the Application and the supplemental declaration of Nellwyn Voorhies in support of the Application [D.I. 130] (together with the Voorhies Declaration, the "Voorhies Declarations"); and upon consideration of the record of these chapter 11 cases, and the Court being satisfied based on the representations made in the Voorhies Declarations that DRC does not represent or hold any interest adverse to the Debtors or the Debtors' estates, and it appearing that this Court has jurisdiction over this matter

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. § 1334; and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Application has been given under the circumstances, and that no other or further notice need be given; and it appearing that the employment of DRC is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain DRC as the Administrative Advisor as of the Petition Date on the terms set forth in the Application, the Services Agreement attached hereto as **Exhibit 1**, and this Order.  DRC is authorized to provide the Administrative Services described in the Application.

3. With respect to the Administrative Services to be provided as Administrative Advisor for the Debtors, DRC shall apply to this Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in these chapter 11 cases after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4. The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The indemnification provisions of the Services Agreement are approved, subject to the following modifications:

    a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, DRC in accordance with the Services Agreement and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with DRC's performance of the services described in the Services Agreement;

    b. DRC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    c. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct, or fraud, (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement, including without limitation the advancement of defense costs, DRC must file an application before this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by DRC for indemnification, contribution or reimbursement, and

not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution, or reimbursement.

6. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction and power with respect to all matters relating to the interpretation or implementation of this Order.

4

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

Dated: December 18th, 2020
Wilmington, Delaware