**Exhibit B**

**Blackline of Proposed Final Wages Order to Interim Wages Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. ~~xx~~ 11 & 30 |

**~~INTERIM~~ FINAL ORDER (I) AUTHORIZING**
**DEBTORS TO (A) PAY EMPLOYEE OBLIGATIONS AND (B) CONTINUE**
**EMPLOYEE BENEFIT PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "~~Interim~~ Final Order"), pursuant to sections 105(a), 363, 364, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors to pay and honor certain prepetition claims and obligations, continue programs, and maintain funding, in the exercise of their discretion, relating to, among other things: (i) Employee Compensation Obligations; (ii) Employee Benefit Programs; and (iii) Supplemental Workforce Obligations, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having <ins>entered an order granted the relief requested in the Motion on an interim basis on November 10, 2020 [D.I. No. 30]; and the Court having</ins> held a hearing to consider the relief requested in the Motion on <del>an interim</del><ins>a final</ins> basis<ins>, if necessary</ins> (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing<ins>, if necessary</ins>; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is <del>necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is</del> in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY <del>ORDERD</del><ins>ORDERED</ins> THAT:**

1. The Motion is granted on <del>an interim</del><ins>a final</ins> basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay and honor all prepetition obligations associated with the Employee Obligations <ins>(subject to a cap of $80,000 for prepetition payroll obligations)</ins> and to continue programs and maintain funding in the ordinary course of business, to the extent requested in the Motion, on account of: (i) Employee Compensation Obligations; (ii) Employee Benefit Programs; and (iii) Supplemental Workforce Obligations; *provided*, that the Debtors are authorized, but not directed, to pay or honor only amounts or obligations that are or become due and payable between the Petition Date and the date that a

final order on the Motion is entered, unless otherwise ordered by the Court; *provided*, *further*, that payments on account of pre-petition obligations referenced in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code shall not exceed $13,650 for each individual; *provided, further*, that the Debtors are ~~prohibited from extending~~<u>permitted to extend</u> credit to their employees post-petition through the Token Loan Program ~~or any other loan program pending a final hearing on~~<u>in</u> the ~~Motion~~<u>form of LBA tokens</u>; *provided*, *further*, that the going-forward severance authority referenced in paragraph 20 of the Motion is ~~not being authorized pending a final hearing on the Motion~~<u>authorized in an amount equal to two weeks' salary solely as to non-insiders; *provided*, *however* that no forward severance shall be paid without the written consent of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee") or (in the absence of such consent) further order of the Court, on notice to parties in interest</u>.

    3.    The Debtors are further authorized, but not directed, to modify or discontinue any Employee Benefit Program to reduce or eliminate program expenses or the benefits provided thereunder, ~~at any time, in their sole discretion~~<u>with the written consent of the Committee or (in the absence of such consent) further order of the Court, on notice to parties in interest</u>, subject to applicable requirements.

    4.    The Debtors shall not make any bonus~~,~~<u>, or</u> incentive~~,~~<u>, payments to any non-"insider" persons, and shall not make any bonus, incentive</u> or severance payments to ~~any persons, including~~ "insider[s]" (as defined in section 101(31) of the Bankruptcy Code) without <u>the consent of the Committee and </u>further order of ~~this~~<u>the</u> Court~~; with respect to the Motion, no bonus, incentive, or severance payments shall be made pending a final hearing~~<u>,</u> on ~~the Motion.~~<u>notice to parties in interest.</u>  Nothing in this ~~Interim~~<u>Final</u> Order shall be construed as approving any transfer pursuant to (and/or restricted by) section 503(c) of the Bankruptcy Code.

5.	The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with all costs and expenses incidental to payment of Employee Obligations and Employee Benefits, including, but not limited to, licensing fees for Zenefits.

6.	Nothing ~~in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the final hearing to consider the relief requested in the Motion (the "Final Hearing").~~

~~7.~~6.	~~Nothing~~ contained in the Motion or this ~~Interim~~Final Order, nor any action taken pursuant to the authority granted by this ~~Interim~~Final Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

~~8.~~7.	Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

~~9.~~8.	The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any

particular electronic payment request as approved by this ~~Interim~~Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

~~10.~~9.  The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Employee Compensation Obligations and Employee Benefit Programs

~~11.  The requirements of Bankruptcy Rule 6003(b) have been satisfied.~~

~~12.~~10.  Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

~~13.~~11.  Notwithstanding Bankruptcy Rule 6004(h), this ~~Interim~~Final Order shall be immediately effective and enforceable upon its entry.

~~14.  The Final Hearing shall be held on **December 9, 2020, at 2:00 p.m. (ET)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served in accordance with the Local Rules.~~

~~15.  This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.~~

~~16.~~12.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this ~~Interim~~Final Order.

~~17.~~13.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this ~~Interim~~Final Order.