**Exhibit A**

**Proposed Sonoran CRO Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) |  |
|  | ) | **Re: Docket No. 95** |

**ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF SONORAN CAPITAL ADVISORS, LLC TO PROVIDE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATING MATTHEW FOSTER AS DEBTORS' CHIEF RESTRUCTURING OFFICER**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), for entry of an Order (i) authorizing the employment and retention, effective as of November 30, 2020, of Sonoran Capital Advisors, LLC ("Sonoran") to provide the Debtors a Chief Restructuring Officer and certain additional personnel (the "Additional Personnel") and (ii) designating Matthew K. Foster, effective as of November 30, 2020, as the Debtors' Chief Restructuring Officer (the "CRO" and, together with the CRO, the "Sonoran Personnel"), all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Debtors, their estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and a hearing having been held, if necessary, to consider the relief requested in the Motion (the "Hearing"); and upon the Supplemental Foster Declaration [Docket No. 218-1], the Foster Declaration attached to the Motion, and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDER THAT**:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to employ Sonoran and the Sonoran Personnel, effective as of November 30, 2020, to provide services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective as of November 30, 2020.

3. Matthew K. Foster is hereby designated to serve as the CRO for the Debtors, effective as of November 30, 2020 and on the terms and conditions set forth in the Motion and the Engagement Letter, subject to the following terms which apply notwithstanding anything in the Motion or the Engagement Letter to the contrary:

   a. For the period from November 30, 2020, through December 13, 2020, the provisions of this Order shall apply, *except* for sections 3(b), (c), and (d). For the period on and after December 14, 2020, the provisions of this Order shall apply without exception.

b.  Sonoran shall provide Scott Wiley to serve as the Debtors' interim CFO, and Scott Wiley is hereby designated to serve as the interim CFO for the Debtors as of December 14, 2020, at a rate of $395 per hour.

c.  Sonoran shall provide Tonja Tautolo to serve as the Debtors' interim controller, and Tonja Tautolo is hereby designated to serve as the interim Controller for the Debtors as of December 14, 2020, at a rate of $150 per hour.

d.  In the event the Debtors seek to have the Sonoran Personnel assume executive officer positions that are different than the positions disclosed in the Motion and the Supplemental Foster Declaration, or to materially change the terms of the engagement by either (i) modifying the functions of executive officers, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

e.  Sonoran and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

f.  Sonoran shall file with the Court and serve by email or first class mail on the U.S. Trustee and any statutory committees appointed in these cases (collectively, the "Notice Parties") a monthly report (the "Monthly Report") on the engagement for the previous month.  Such report shall include the names and functions filled by the individuals assigned and a summary chart that describes the compensation earned by each Additional Personnel and itemizes the expenses incurred for the relevant period.  The time records for the Additional Personnel shall (i) be appended to such reports, (ii) contain detailed time entries describing the task(s) performed and (iii) be organized by project category (but may be redacted to protect any attorney-client privilege or other applicable privilege).  Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 hour increments and corresponding charge (multiplied by hourly rate) for each task.  The Notice Parties shall have 14 days after the date each Monthly Report is served on the Notice Parties to object to such report.  In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, the objected to portion of the Monthly Report shall be subject to review of the Court.  No payments shall be made to Sonoran on account of the objected to portion of such Monthly Report until such objection is resolved.

g.  Notwithstanding anything to the contrary contained in the Motion, Engagement Letter or any exhibits thereto, during the course of the

      chapter 11 cases, Sonoran will only seek reimbursement of actual and necessary expenses itemized in the monthly report.

  h. Subject to the Notice Parties' rights to object as set forth in paragraph (f) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Sonoran for fees and expenses incurred in connection with Sonoran's retention.

  i. Sonoran shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

  j. No principal, employee, or independent contractor of Sonoran and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned chapter 11 cases.

  k. For a period of three years after the conclusion of the engagement, neither Sonoran nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

  l. The Debtors are permitted to indemnify those persons serving as executive officers (the CRO and the CFO) on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director and officer liability insurance policies.

  m. There shall be no other indemnification of Sonoran or its affiliates.

  n. Any success fees or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and shall not be pre-approved under section 328(a). No success fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

4.   Notwithstanding the Engagement Letter:

  a. Any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Motion or the services provided by the Additional Personnel to the Debtors as outlined in the Motion, including any matter involving a successor in interest or agent of any of the Debtors or of Sonoran, shall be brought in this Court.

  b. Sonoran, the Debtors, and any and all of their successors and assigns, consent to the jurisdiction and venue of the Court as the exclusive forum for the resolution of Sonoran's and the Debtors' claims, causes of actions,

   or lawsuits described above (unless the Court does not have or retain jurisdiction over such claims or controversies).

  c. Sonoran and the Debtors, and any and all successors and assigns, waive trial by jury, such waiver being informed and freely made.

  d. Sonoran and the Debtors will not raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to the Motion or the services provided hereunder.

  e. There shall be no limitation of Sonoron's liability in connection with the engagement, and, moreover, the final sentence of section 10 of the Engagement Letter shall be deleted.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Motion, the Foster Declaration and this Order, the terms of this Order shall govern.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.