UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors.[1] | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 54** |

# REVISED ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

therein at any hearing before this Court, if necessary (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if necessary, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Compensation Procedures attached as **Exhibit 1** hereto are hereby approved. Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals retained in these cases pursuant to section 327, 363, or 1103 of the Bankruptcy Code may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures.

3. In each Interim Fee Application and Final Fee Application, all Retained Professionals[3] (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim

---

[3] For the avoidance of doubt, any professionals retained by the Debtors pursuant to an order granting the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, Effective as of the Petition Date* (such order, the "OCP Order" and such professionals, the "OCPs") shall not be required to apply for compensation or reimbursement of expenses pursuant to this Order, but instead will be paid pursuant to the terms of the OCP Order.

2

Fee Application and Final Fee Application to be filed by the Retained Professionals in these chapter 11 cases.

4.     Each member of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee") is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to counsel for the Committee, which counsel will collect and file the Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

5.     The Retained Professionals shall only be required to serve the (a) Monthly Fee Applications (as defined in **Exhibit 1** hereto), Interim Fee Applications, and Final Fee Applications on the Notice Parties, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

6.     All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.     Notwithstanding anything in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     All time periods set forth in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 21st, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

4