## EXHIBIT 1

**Compensation Procedures**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## <u>COMPENSATION PROCEDURES</u>

Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "<u>Order</u>"),[2] the following compensation procedures (collectively, the "<u>Compensation Procedures</u>") shall apply with respect to the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2 (collectively, the "<u>Retained Professionals</u>"), except in the event an order of the Court provides for different procedures with respect to the compensation of such Retained Professionals.  Specifically, the Compensation Procedures are as follows:

  a.  On or after the 14th day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may file an application (each, a "<u>Monthly Fee Application</u>") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

Fee Application on: (a) proposed co-counsel to the Debtors (i) Paul Hastings LLP, 600 Travis Street, Fifty-Eighth Floor, Houston, Texas 77002, Attn:  James T. Grogan and Mack Wilson, (jamesgrogan@paulhastings.com, mackwilson@paulhastings.com); 200 Park Avenue, New York, New York 10166, Attn: G. Alexander Bongartz and Derek Cash (alexbongartz@paulhastings.com, derekcash@paulhastings.com); and (ii) Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803, Attn:  Scott D. Cousins (scott.cousins@cousins-law.com); (b) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Joseph James McMahon, Jr. (joseph.mcmahon@usdoj.gov) and John Schanne (John.Schanne@usdoj.gov); and (c) proposed counsel to the statutory committee appointed in these chapter 11 cases (the "Committee") (i) McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173-1922, Attn. Timothy Walsh and Darren Azman (twwalsh@mwe.com, dazman@mwe.com) and (ii) McDermott Will & Emery LLP, The Nemours Building, 1007 North Orange Street, 4th Floor, Wilmington, DE 19801, Attn.  David Hurst (dhurst@mwe.com) (collectively, the "Notice Parties").

b.     Each Notice Party will have until 4:00 p.m. (Prevailing Eastern Time) twenty (20) days after service of a Monthly Fee Application to object to the requested fees and expenses in accordance with paragraph (c) below. Upon the expiration of such 20-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO").  After a CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

c.     If any Notice Party objects to a Retained Professional's Monthly Fee Application, the objecting party shall, within 14 days of service of the Monthly Fee Application, serve a written notice upon the respective Retained Professional and each of the Notice Parties setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such

2

Objection on the respective Retained Professional and each of the Notice Parties.  Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

d.      Each Retained Professional may submit its first Monthly Fee Application no earlier than December 14, 2020.  This initial Monthly Fee Application will cover the period from the Petition Date through November 30, 2020. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described above.

e.      Beginning with the period ending on January 31, 2021, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an interim fee application (each an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Applications served during such period.  Each Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by this Court or required by the Local Rules.  Interim Fee Applications, if any, shall be filed with this Court and served on the Notice Parties within 45 days after the end of the applicable Interim Fee Period.  Objections, if any, to an Interim Fee Application shall be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before the 14th day following service of the Interim Fee Application.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including January 31, 2021.

f.      The Debtors will request that the Court schedule a hearing on Interim Fee Application at least once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Retained Professional's filing of a CNO.  Upon allowance by the Court of a Retained Professional's Interim Fee Application Request, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g.      Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court.  All Final Fee Applications shall comply with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

h. Copies of all Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications must be served upon only the Notice Parties.  All other parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a notice of any hearing thereon.

i. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

j. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Retained Professionals.  All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

k. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to counsel for the Committee, which counsel will collect and file the Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.