**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 65** |

**ORDER (A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING AN
AUCTION AND SALE HEARING AND APPROVING FORM AND MANNER OF
NOTICE THEREOF, (C) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES AND FORM AND MANNER OF NOTICE THEREOF; AND (D)
<u>GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession (the

"<u>Debtors</u>") for entry of an order (a) approving the bidding procedures, including certain

protections in connection with a Stalking Horse Bid, substantially in the form attached hereto as

**Exhibit 1** (the "<u>Bidding  Procedures</u>"), (b) scheduling an auction (the "<u>Auction</u>") (if necessary),

(c) scheduling a hearing (the "<u>Sale Hearing</u>") for approval of the sale(s) of some or all of the

assets of one or more of the Debtors (such assets, collectively, the  "<u>Assets</u>"), (d) authorizing and

approving the notice (including Publication Notice) of the Bidding Procedures, the Auction, and

the Sale Hearing, substantially in the form attached hereto as **Exhibit 2**, (e) authorizing and

approving the procedures for assumption and assignment of executory contracts and unexpired

leases in connection with the Sale(s) (the "<u>Assumption and Assignment Procedures</u>"), (f)

authorizing and approving the Notice of Proposed Assumed Contracts, substantially in the form

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

attached hereto as **Exhibit 3**, and (g) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having the authority to enter a final order in connection with this Motion consistent with Article III of the United States Constitution; and this Court having found that venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon consideration of the First Day Declarations; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND AND DETERMINED THAT**:[3]

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

B.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     The statutory bases for the relief requested in the Motion are sections 105, 363, and 365 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008, and Local Rules 6004-1.

---

[3]    The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

D.      Notice of the Motion and the hearing on the Bidding Procedures was sufficient under the circumstances and no other or further notice need be provided except as set forth in the Bidding Procedures and the Assumption and Assignment Procedures.  A reasonable opportunity to object and be heard regarding the relief requested in the Motion has been afforded to parties in interest.

E.      The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, and the Bidding Procedures are fair, reasonable and appropriate, and designed to maximize the value of the Assets.

F.      The Assumption and Assignment Procedures set forth below are fair, reasonable and appropriate and comply with the provisions of section 365 of the Bankruptcy Code.

G.      Each of the Sale Notice, Publication Notice, and the Notice of Proposed Assumed Contracts is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, the Auction, the Assumption and Assignment Procedures, the Debtors' good faith calculation of the Cure Amounts, the Sale Hearing, and of all dates and deadlines relevant to the foregoing.

H.      Entry of this Order is in the best interests of the Debtors' estates, their creditors and all other interested parties.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, hereby are overruled and denied on the merits with prejudice.

## **Bidding Procedures**

3.      The Bidding Procedures attached hereto as **Exhibit 1** are approved and fully incorporated into this Order.  The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order.

4.      The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

5.      The Debtors may, as they deem necessary and appropriate in the prudent exercise of their business judgment and with the consent of the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee"), execute one or more "stalking horse" agreements (each the "Stalking Horse Agreement") for the Assets (or any subset of the Assets). Any bid protections to be granted under such Stalking Horse Agreement(s) are subject to further order of this Court, on notice to parties in interest.

6.      If the Debtors have not executed a binding Stalking Horse Agreement for the Assets on or prior to January 15, 2021, the Debtors shall terminate any sale process, which shall include the termination of Teneo Capital LLC, unless the Debtors and the Committee agree that Teneo Capital LLC shall continue to be retained.

7.      For the avoidance of doubt, the Assets shall not include any cryptocurrency without the written consent of the Committee.

8.      The Auction, if required, shall be conducted at the offices of Paul Hasting LLP, 600 Travis Street, Fifty-Eighth Floor, Houston, Texas 77002 on **January 18, 2021**, at a time to

be determined, or at such other time and location as designated by the Debtors, provided that the Debtors may designate a telephonic or video-enabled platform in lieu of an in-person Auction.

9.     Promptly after the conclusion of the Auction, the Debtors shall file with the Court, serve on the Sale Notice Parties and cause to be published on the website maintained by Donlin Recano & Company, the Debtors' claims and noticing agent, at https://www.donlinrecano.com/cred (the "DRC Website"), the results of the Auction, which will include (i) a copy of all Successful Bid(s) and Backup Bid(s), if any, (ii) the identities of the Successful Bidder(s) and Backup Bidder(s), and (iii) a copy of the Purchase Agreements(s) of the Successful Bidder(s).

10.     The hearing to approve the Sale(s) (the "Sale Hearing") shall take place on February 3, 2021 at 1:00 p.m. (prevailing Eastern Time) before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Delaware, located at 824 N. Market St, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned or rescheduled by the Debtors.

11.     Objections to a Sale, including any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code (each, a "Sale Objection"), or to entry of a Sale Order must (i) be in writing and specify the nature of such objection, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Court; and (iii) be filed with the Court and served on the Objection Recipients by **January 27, 2020, at 5:00 p.m. (prevailing Eastern Time**) (the "Objection Deadline").

12.     All Sale Objections not resolved by the parties (with the consent of the Committee) prior thereto shall be heard at the Sale Hearing.  The failure of any party to timely

file and serve a Sale Objection forever shall bar such party from asserting, at the applicable Sale

Hearing or thereafter, any objection to the relief requested in the Motion, or to the consummation

of the applicable Sale(s), including the transfer of the Assets to the applicable Successful

Bidder(s), free and clear of all liens, claims, interests, and encumbrances pursuant to section

363(f) of the Bankruptcy Code.

13.     If a Successful Bidder fails to consummate the approved Sale, a hearing to

authorize the assumption and assignment of Proposed Assumed Contracts to the applicable

Backup Bidder(s) shall be held on no less than five (5) business days' notice, with objections due

at least one (1) business day prior to such hearing, unless otherwise ordered by the Court.  For

the avoidance of doubt, the scope of such hearing will be limited to issues relating to the adequate

assurance of future performance by the applicable Backup Bidder(s).

14.     Sale Objections must be served on: (i) the Debtors, 3 East Third Avenue, Suite

200, San Mateo, CA 94401; (ii) Paul Hastings LLP, 600 Travis Street, Fifty-Eighth Floor,

Houston, TX, 77002, Attn: James T. Grogan, Esq., Mack Wilson, Esq., Alexander Bongartz,

Esq., and Derek Cash, Esq., proposed counsel for the Debtors, jamesgrogan@paulhastings.com,

mackwilson@paulhastings.com, alexbongartz@paulhastings.com, derekcash@paulhastings.com;

(iii) Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, DE

19803, Attn: Scott D. Cousins, proposed counsel for the Debtors, scott.cousins@cousins-

law.com, (iv) the Office of the United States Trustee, 844 N. King St #2207, Wilmington, DE

19801, Attn: Joseph McMahon and John Schanne, joseph.mcmahon@usdoj.gov,

john.schanne@usdoj.gov; (v) proposed counsel to the Committee (a) McDermott Will & Emery

LLP, 340 Madison Avenue, New York, NY 10173-1922, Attn. Timothy Walsh and Darren

Azman (twwalsh@mwe.com, dazman@mwe.com) and (b) McDermott Will & Emery LLP, The

Nemours Building, 1007 North Orange Street, 4th Floor, Wilmington, DE 19801, Attn. David

Hurst (dhurst@mwe.com); (vi) the Internal Revenue Service; and (vii) the United States

Attorney for the District of Delaware (the foregoing, collectively, the "<u>Objection Recipients</u>").

### Sale Notice

15.     The Sale Notice attached hereto as **<u>Exhibit 2</u>** is approved.  No other or further

notice of the sale(s) of the Assets, the Auction, the Sale Hearing, or the deadlines for Sale

Objections shall be required if the Debtors serve and publish such notice in the manner provided

in the Bidding Procedures.  The Sale Notice contains the type of information required by

Bankruptcy Rule 2002 and Local Rule 2002-1, and complies in all respects with applicable

provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

16.     Within two days of entry of this Order, the Debtors shall serve the Sale Notice by

first class mail or email on: (i) the Office of the United States Trustee, 844 N. King St #2207,

Wilmington, DE 19801, Attn: Joseph McMahon and John Schanne,

joseph.mcmahon@usdoj.gov, john.schanne@usdoj.gov; (ii) proposed counsel to the Committee

(a) McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173-1922, Attn.

Timothy Walsh and Darren Azman (twwalsh@mwe.com, dazman@mwe.com) and (b)

McDermott Will & Emery LLP, The Nemours Building, 1007 North Orange Street, 4th Floor,

Wilmington, DE 19801, Attn. David Hurst (dhurst@mwe.com); (iii) the Internal Revenue

Service; (iv) the United States Attorney for the District of Delaware; (v) all of the Debtors'

known creditors (for whom identifying information and addresses are known to the Debtors);

(vi) all parties who have filed a notice of appearance and request for service of papers in these

cases pursuant to Bankruptcy Rule 2002; (vii) all persons and entities known by the Debtors to

have expressed an interest in the Assets during the past 12 months; and (viii) all other persons and entities as directed by the Court (collectively, the "Sale Notice Parties").

17.    In addition, the Debtors shall (i) post the Sale Notice and this Order on the DRC Website, and (ii) no later than five (5) business days after entry of this Order, cause the Publication Notice to be published once in the *San Francisco Chronicle* and, in the Debtors' discretion, any appropriate local or trade periodicals.

### Assumption and Assignment Procedures

18.    The Notice of Proposed Assumed Contracts attached hereto as **Exhibit 3** is approved.  The Notice of Proposed Assumed Contracts (i) identifies the Contracts, (ii) lists the Debtors' good faith calculation of the Cure Amount with respect to each Contract, (iii) expressly states that assumption and assignment of any particular Contract is not guaranteed, and (iv) prominently displays the deadline for filing objections to the assumption and assignment of the Contracts and/or the proposed Cure Amounts.

19.    The Notice of Proposed Assumed Contracts is reasonable, fair, and appropriate, contains the type of information required by Bankruptcy Rule 2002, Local Rule 2002-1, and otherwise complies with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and no other or further notice shall be required if the Debtors file and serve such notice on each Counterparty.

20.    Promptly after the conclusion of the Auction, the Debtors will (a) file with the Court, serve on the Sale Notice Parties, by email, and cause to be published on the DRC Website, (i) the Notice of the Proposed Assumed Contracts and (ii) each Successful Bidder's and Backup Bidder's proposed form of adequate assurance of future performance with respect

to the relevant Proposed Assumed Contracts and (b) mail the Notice of Proposed Assumed Contracts to all relevant Counterparties.

21.    Any Counterparty that wishes to object to the assumption and assignment of its Contract must file its objection with the Court and serve it on the Objection Recipients by no later than the Objection Deadline.

22.    Any Counterparty that wishes to object to the proposed Cure Amount with respect to its Contract (each, a "Cure Objection") must file with the Court and serve on the Objection Recipients its Cure Objection (which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof) by no later than the Objection Deadline.

23.    If the parties (with the consent of the Committee) are unable to consensually resolve any Cure Objection prior to the commencement of the Sale Hearing, the Court shall make the determinations relating to such Cure Objection at or subsequent to the Sale Hearing; provided that the determination of whether a Cure Objection may be heard at the Sale Hearing is in the Debtors' and the Court's discretion.  An adjourned Cure Objection may be resolved after the closing of the applicable Sale if the relevant purchase agreement provides for the establishment of a cash reserve equal to the cure amount the objecting Counterparty reasonably believes is required (or as otherwise ordered by the Court).  Upon the Court's resolution of any Cure Objection, whether or not such resolution occurs prior to or after the closing of the applicable Sale, the Debtors or the applicable Successful Bidder, as applicable, shall have the right to exclude the relevant Contract from the Assets being purchased.

24.    Upon resolution of a Cure Objection, provided that neither the Debtors nor the applicable Successful Bidder have determined to exclude the relevant Contract from the

applicable Sale, and upon the payment of the applicable cure amount, if any, the Contract shall be deemed assumed and assigned to the applicable Successful Bidder as of the closing date of the applicable Sale.

25.     If a Counterparty fails to timely file and serve a Cure Objection, the Counterparty shall be deemed to have consented to the Cure Amount set forth in the Notice of Proposed Assumed Contracts and forever shall be barred from asserting any other cure amount against the Debtors, the applicable Successful Bidder, or their respective properties, and such Cure Amount shall constitute the only amount necessary to cure outstanding monetary defaults under the applicable Contract in accordance with section 365(b) of the Bankruptcy Code, notwithstanding anything to the contrary in such Contract or any other document.

26.     Any Counterparty that wishes to object to the proposed adequate assurance of future performance by the applicable Successful Bidder (each, an "Adequate Assurance Objection") must file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof, including any appropriate documentation in support thereof, by no later the Objection Deadline.

27.     If the parties (with the consent of the Committee) are unable to consensually resolve an Adequate Assurance Objection prior to the commencement of the Sale Hearing, such objection and all issues of adequate assurance of future performance by the applicable Successful Bidder shall be determined by the Court at the Sale Hearing.

28.     If a Counterparty fails to timely file and serve an Adequate Assurance Objection, such Counterparty shall be deemed to have accepted the adequate assurance of future performance offered in connection with its Contract and consented to the assumption and assignment of such Contract (unless the Counterparty has filed a timely Cure Objection with

respect thereto) and forever shall be barred from asserting any objection with regard to such assumption and assignment or adequate assurance of future performance.  The applicable Successful Bidder shall be deemed to have provided adequate assurance of future performance with respect to the applicable Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code, notwithstanding anything to the contrary in such Contract or any other document.

29.     The inclusion of any Contract on Schedule 1 of the Notice of Proposed Assumed Contracts shall not constitute or be deemed a determination or admission by the Debtors, the applicable Successful Bidder(s), or any other party in interest that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Amount is due (all rights with respect thereto being expressly reserved).

30.     The Debtors shall have the right to amend, modify or supplement the Notice of Proposed Assumed Contracts; provided that the Debtors shall obtain the consent of the Committee prior to making any material modification to the Notice of Proposed Assumed Contracts.  The inclusion of any Proposed Assumed Contract in any subsequently filed Notices of Proposed Assumed Contracts (collectively, the "Contract Notices") shall be without prejudice to the Debtors' or any Successful Bidder's rights to subsequently exclude such Contract from assumption and assignment prior to the closing of the applicable Sale.

31.     The deadline for any Counterparty added to an amended Contract Notice or whose Cure Amount is reduced thereby to file (a) a Cure Objection shall be **5:00 p.m. (prevailing Eastern Time)** on the date that is seven (7) days following service of the applicable amended Contract Notice and (b) an Adequate Assurance Objection shall be the **earlier of one (1) business day following the service of the applicable amended Contract**

**Notice or the date of the Sale Hearing**; provided, however, that if such date is after the date of the Sale Hearing, the Counterparty need not file a written Adequate Assurance Objection and may instead make its Adequate Assurance Objection on the record at the Sale Hearing.

## Related Relief

32.     After the selection of a Successful Bid, and only if the Sale(s) includes the transfer of customer information, the U.S. Trustee is directed to appoint a consumer privacy ombudsman (an "Ombudsman") in accordance with section 332(a) of the Bankruptcy Code by no later than the date that is seven (7) days prior to the date of the Sale Hearing. Subject to further order of the Court, the Ombudsman shall perform the functions set forth in section 332(b) of the Bankruptcy Code, and shall at all times comply with section 332(c) of the Bankruptcy Code. The Ombudsman shall be compensated pursuant to section 330 of the Bankruptcy Code, upon approval by the Court of a request for compensation, for time charges and reimbursable expenses of the Ombudsman and that of any professionals or paraprofessionals who assist the Ombudsman in carrying out her duties.  This paragraph shall not apply if the Sale(s) are consummated under section 1123(b)(4) of the Bankruptcy Code as part of a plan.

33.     Except as expressly provided herein, nothing in this Order shall be construed as a determination of the rights of any party in interest in these chapter 11 cases.

34.     All objections to the relief granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits with prejudice.

35.     All persons and entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this

Court with respect to all matters related to the Bidding Procedures, the Auction, and any Sale and waived the right to a jury trial in connection with any disputes relating to the Auction, the Sale(s) and the construction and enforcement of any Stalking Horse Agreement(s) and all other agreements entered into in connection with any Sale(s).

36.    All rights of the U.S. Trustee to object to the Sale Order are preserved.

37.    In the event there is a conflict between this Order and the Motion, this Order shall control.

38.    The requirements of Bankruptcy Rule 6004(a) are satisfied.

39.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     The Debtors are authorized to take all steps necessary or appropriate to carry out the provisions of this Order.

41.    This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: December 21st, 2020**
**Wilmington, Delaware**