# Exhibit C

**Foster Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |
|  | ) |

**DECLARATION OF MATTHEW K. FOSTER IN SUPPORT OF DEBTORS'**
**MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b) AND 105(a)**
**FOR AUTHORIZATION TO ENTER INTO AND PERFORM UNDER A PLAN**
**SUPPORT AGREEMENT TERM SHEET**

I, Matthew K. Foster, declare and state under penalty of perjury as follows:

1. I am a Managing Director of Sonoran Capital Advisors, LLC ("Sonoran"), a turnaround, crisis management, and financial advisory firm that maintains an office at 1733 N. Greenfield Road, Mesa, Arizona 85205.

2. Since November 30, 2020, I have been providing CRO services to the Debtors. On December 21, 2020, the Court authorized the Debtors' employment of Sonoran and designated me to serve as the CRO for the Debtors, effective as of November 30, 2020.

3. In the capacity as CRO for the Debtors, I have provided independent oversight over all the Debtors' operations, including, among other things, the Debtors' cash expenditures, working with the Debtors' professionals, including MACCO Restructuring Group LLC ("MACCO"), to prepare schedules and statements, reviewing and reconciling accounting records, working with the Debtors' investment banker, Teneo Capital LLC ("Teneo") on the marketing and sale process, ensuring the Debtors' compliance with U.S. Trustee requirements,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

and engaging in communications with the official committee of unsecured creditors appointed in these cases (the "Committee").

4. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as set forth in this Declaration.

5. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other Sonoran professionals, information supplied to me by MACCO professionals, or learned from my review of other documents. To the extent any information disclosed here requires amendment or modification as additional information becomes available to me, a supplemental declaration will be submitted.

6. I am duly authorized to make this declaration (the "Declaration"), which is made in support of the *Debtors' Motion Pursuant to Bankruptcy Code Sections 363(b) and 105(a) for Authorization to Enter Into and Perform Under a Plan Support Agreement Term Sheet* (the "Motion").[2]

## THE PLAN SUPPORT AGREEMENT

7. The Plan Support Agreement contemplates the wind-down of the Debtors through a potential sale (the "In-Court Sale") of certain of the Debtors' assets pursuant to Bankruptcy Code sections 105(a), 363(b), (f), (k) and (m), and 365, followed by a chapter 11 plan of liquidation (the "Plan") to be confirmed by the Bankruptcy Court. The Plan will provide for (i) distribution of the net proceeds realized from the In-Court Sale in accordance with the Plan Support Agreement, and (ii)(x) through a liquidation trust, the liquidation and distribution of proceeds from the claims, causes of action and avoidance actions and other assets included

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion.

therein, net of any costs of liquidation or distribution, and (y) the funding of such wind-down efforts.

8. The material terms of the Plan under the Plan Support Agreement are summarized in the Motion and set forth in greater detail in the Plan Support Agreement. These terms include the treatment of various categories of claims, including Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, General Unsecured Claims, the establishment of a Liquidation Trust, the means for implementation of the Plan, discussion of certain release provisions, and conditions to confirmation and the Effective Date of the Plan.

## THE DEBTORS' BUSINESS JUDGMENT

9. I believe that entry into the Plan Support Agreement is a reasonable exercise of the Debtors' business judgment, and is in the best interests of the Debtors, their estates and their creditors.

10. The Plan Support Agreement is the result of arms'-length negotiations between the Debtors and the Committee, both of which were represented by experienced, sophisticated and capable counsel. The Debtors have exercised due care in entering into the Plan Support Agreement, as they have determined that an expedited sale and distribution of the Debtors' assets is the best way to maximize the value of their estates. The only realistic alternatives to the approach in the Plan Support Agreement are a prolonged chapter 11 case, which would likely involve significant administrative expenses, or conversion of the case to one under chapter 7 of the Bankruptcy Code, which would likely result in significantly lower distributions to the Debtors' creditors. The Plan Support Agreement provides significant value to the Debtors' estates by, among other things, providing funding for distribution of the Debtors' assets by the

Liquidation Trust and establishing a framework for the Liquidation Trustee to pursue estate claims for the benefit of general unsecured creditors.

11.     I believe that the Plan contemplated in the Plan Support Agreement will result in the creditors of the Debtors' estates receiving a greater distribution on account of their claims than is otherwise possible under the circumstances of these cases.  Because the Plan contemplated by the Plan Support Agreement currently is the most viable alternative, the benefits of the Plan Support Agreement significantly outweigh its burdens on the Debtors' estates.  To the extent a better alternative appears, the Plan Support Agreement contains an explicit fiduciary out and reserves entirely to the Debtors the right to determine if their fiduciary duties require that they abandon the Plan Support Agreement.

12.     For all of these reasons, I believe that entering into the Plan Support Agreement is in the best interests of the Debtors, their estates and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 23, 2020
               Mesa, Arizona

*/s/ Matthew K. Foster*
Matthew K. Foster
Chief Restructuring Officer for the Debtors