# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>Re: D.I. 62, 133 and _____ |

## ORDER DENYING IN PART, AND GRANTING IN PART, THE TRUSTEE/EXAMINER MOTIONS

This matter came before this Court for hearing on December 17 and 18, 2020, on the (i) *Motion of Krzysztof Majdak and Philippe Godineau ("Majdak/Godineau") for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [D.I. 62] (the "Majdak/Godineau Motion"); (ii) the *Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (I) Directing the Appointment of an Examiner, or (II) Converting the Cases to Chapter 7 Cases* [D.I. 133] (the "U.S. Trustee Motion" and, together with the Majdak/Godineau Motion, the "Motions"); (iii) Response of James Alexander to the Motion of Krzysztof Majdak and Philippe Godinea for Entry of an Order Pursuant to 11 U.S.C. § 1112(B) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; Or (III) Appointing a Chapter 11 Trustee [D.I. 103] (the "Alexander Response"); (iv) Partial Joinder of Jamie Shiller, Takashi Yanagi, Wu Chi King, Joseph Richardson, Thomas Calvert, Clint Cowen, Robin Houck, Todd Wiseman, Matthew Dixon, Jonatan Ashurov,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Daniel Becker, Teppei Miyauchi, Jean Vacca, Xian Su, and Eric Schurman to Motion to Dismiss the Bankruptcy Cases, Convert the Cases to Chapter 7, or Appoint a Chapter 11 Trustee [D.I. 107] (the "Shiller Joinder"); and (v) UpgradeYa Investments, LLC's (I) Reply to Objection of Debtors to Motion of UpgradeYa Investments, LLC for Relief From Stay Under Bankruptcy Code Section 362 and (II) Limited Joinder in the Motion for an Order Converting the Chapter 11 Cases to Chapter 7 [D.I. 126] (the "UpgradeYa Joinder" and, together with the Alexander Response, the Shiller Joinder, and the UpgradeYa Joinder, the "Joinders"); and sufficient notice of the Motions and Joinders was given to interested parties in accordance with title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). For the reasons stated on the record at the December 18, 2020 hearing, it is hereby ORDERED as follows:

1. The Motions and Joinders are DENIED without prejudice to the extent they sought (i) appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a), (ii) conversion of the above-captioned cases to chapter 7 cases under 11 U.S.C. § 1112(b), or (iii) dismissal of the cases pursuant to 11 U.S.C. § 1112(b); *provided, however*, that if the Debtors' respective equity security holders remove the Debtors' current director, Mr. Grant Lyons, or appoint additional directors, thereby diluting Mr. Lyon's control of the Debtors' Board of Directors, the Court may direct the appointment of a chapter 11 trustee.

2. The U.S. Trustee Motion is GRANTED to the extent it seeks the appointment of an examiner pursuant to 11 U.S.C. § 1104(c).

3. The U.S. Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c).

4. The Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current or former management of the Debtors and (b) otherwise perform the duties

of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation").  The scope and conduct of the Investigation and the Examiner's budget shall be further detailed in the Examiner's work plan, and the rights of parties in interest to be heard with respect to the work plan are fully reserved.

5.  The Debtors and the Official Committee of Unsecured Creditors (the "Committee") shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation, and that the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

6.  In connection with discharging its fiduciary obligations, the Committee may (with the Examiner's consent or, alternatively, by order of this Court after notice was given) participate in the Examiner's investigation in a limited capacity, including: (i) attending interviews and depositions conducted by the Examiner (with a maximum of one Committee professional permitted to attend); and (ii) receiving status updates from the Examiner.

7.  Notwithstanding the appointment of an Examiner, the Committee may file responsive briefing and participate in oral argument at any hearing on the *Motion of James Alexander to Dismiss the Cred Capital, Inc. Case* [D.I. 152].

8.  The Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner deems relevant to perform the Investigation.  If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution.

9. Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until the Examiner's report is filed with the Court.

10. The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

11. The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. The Examiner may, in his or her sole discretion, upon agreement of the Debtors and Committee, avail himself/herself of work product created by the Debtors or the Committee's financial advisor in connection with the Investigation.

12. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 244]. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

13. Before commencing the Investigation, the Examiner shall meet and confer with representatives from the Committee, the Debtors, and any other party that the Examiner deems

appropriate to discuss the Investigation.

14. Within seven (7) business days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a work plan and shall provide his or her budget for the Investigation consistent with this Order, which shall be subject to the approval of the Court on seven (7) days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002. Notwithstanding the foregoing, the parties required to receive notice may waive such requirement in writing.

15. The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; *provided*, *however* that the Examiner shall not have the standing or ability to prosecute any claim or cause of action absent further order of this Court.

16. This Order is without prejudice to the right of any party-in-interest to seek relief from the Court, including modification of the scope of the Investigation. This Order is also without prejudice to the Examiner's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

17. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.