# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: Feb. 3, 2021 at 1:00 p.m. (EST)<br>Obj. Deadline: Jan. 13, 2021 at 4:00 p.m. (EST) |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CRED INC., *ET AL.*, TO RETAIN AND EMPLOY MCDERMOTT WILL & EMERY LLP AS COUNSEL, *NUNC PRO TUNC* TO DECEMBER 5, 2020

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Committee to retain and employ McDermott Will & Emery LLP ("McDermott") as its counsel in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") effective *nunc pro tunc* to December 5, 2020. In support of this Application, the Committee submits the declaration of Timothy W. Walsh, a partner of McDermott (the "Walsh Declaration"), attached hereto as **Exhibit B**, and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

declaration of Michael Michelin (the "Michelin Declaration"), not in his individual capacity but solely in his capacity as co-chair of the Committee, attached hereto as **Exhibit C**. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Committee consents to the entry of a final order by the Court.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 3, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee in the Chapter 11 Cases. *See* Docket No. 120.

**RELIEF REQUESTED**

6. By this Application, the Committee seeks to retain and employ McDermott as its bankruptcy counsel pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to December 5, 2020.

**RETENTION OF MCDERMOTT**

7. The Committee respectfully submits that it is necessary and appropriate for it to retain and employ McDermott to, among other things:

   a. Advise the Committee with respect to its rights, duties, and powers in the Chapter 11 Cases;

   b. Assist and advise the Committee in its consultations and negotiations with the Debtors and other parties in interest relative to the administration of the Chapter 11 Cases;

   c. Solicit information from and provide information to the general creditor body, including through the establishment of a Committee information website;

   d. Assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

   e. Assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and their insiders and of the operation of the Debtors' businesses;

   f. Assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions, and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

   g. Assist and advise the Committee as to its communications with the general creditor body regarding significant matters in the Chapter 11 Cases;

   h. Represent the Committee at all hearings and other proceedings before the Court;

   i. Review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety

          and, to the extent deemed appropriate by the Committee, support, join, or object thereto;

j.      Advise and assist the Committee with respect to any legislative, regulatory, or governmental activities;

k.      Assist the Committee in its review and analysis of the Debtors' various agreements;

l.      Prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any matter related to the Debtors or the Chapter 11 Cases;

m.      Investigate and analyze any claims belonging to the Debtors' estates; and

n.      Perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties, as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

8.      The Committee believes McDermott possesses extensive knowledge and expertise in the areas of law relevant to the Chapter 11 Cases, and McDermott is well qualified to represent the Committee in the Chapter 11 Cases. In selecting counsel, the Committee sought attorneys with considerable experience, including in representing unsecured creditors' committees in chapter 11 cases and other debt restructurings. McDermott has extensive experience in chapter 11 cases representing creditors' committees, debtors, and other parties in interest.

9.      Accordingly, the Committee believes that the employment of McDermott is necessary to satisfy the Committee's obligations to the Debtors' unsecured creditor constituency and is in the best interests of the Debtors' estates and creditors because of the extensive legal services required by the Committee in connection with the Chapter 11 Cases.

10.      The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in the Chapter 11 Cases be paid as

administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b), and 507(a)(2). Subject to the Court's approval, McDermott will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330, and 331. McDermott's hourly rates are subject to periodic adjustments (typically effective as of January of each year) to reflect economic and other conditions. The current hourly rates charged by McDermott for professionals and paraprofessionals employed in its U.S. offices are provided below:

| **Billing Category** | **Range** |
| --- | --- |
| Partners | $875 - $2,000 |
| Senior Counsel | $755 - $1,605 |
| Employee Counsel | $320 - $1,515 |
| Associates | $545 - $995 |
| Paraprofessionals | $115 - $650 |

11.    McDermott has advised the Committee that it is McDermott's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of its clients. The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals," and computerized research. McDermott will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

12.    The names, positions, and applicable hourly rates of the McDermott attorneys currently expected to have primary responsibility for providing services to the Committee are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| Timothy W. Walsh | Partner / Corporate Advisory | $1,530 |
| David R. Hurst | Partner / Corporate Advisory | $1,050 |
| Darren Azman | Partner / Corporate Advisory | $985 |
| Joseph B. Evans | Associate / Trial | $850 |
| Gregg Steinman | Associate / Corporate Advisory | $745 |
| Darren Yang | Associate / Corporate Advisory | $545 |

In addition to the lawyers named above, the Committee understands that it may be necessary, during the course of the Chapter 11 Cases, for other McDermott professionals in other legal disciplines to provide services to the Committee.

13.     McDermott has advised the Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, and any further applicable orders or procedures of the Court for all professional services performed and expenses incurred.

14.     McDermott has advised the Committee that it intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with this Application and in the interim fee applications and final fee applications to be filed by McDermott in the

Chapter 11 Cases.[2] To that end, McDermott has advised the Committee that it responds to the questions set forth in Section D.1 of the U.S. Trustee Guidelines as follows:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: McDermott did not represent the Committee or any member of the Committee prior to the Petition Date.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: McDermott expects to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court. Recognizing that unforeseeable fees and expenses may arise in large chapter 11 cases, McDermott may need to amend the budget as necessary to reflect changed circumstances or unanticipated developments.

15. Upon information and belief, McDermott does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which McDermott is to be engaged, except to the extent set forth in the Walsh Declaration. McDermott is, however, a large firm with a national and international practice and may represent or may

---

[2] McDermott's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application and the interim and final fee applications to be filed by McDermott in the Chapter 11 Cases is based exclusively on the facts and circumstances of the Chapter 11 Cases. McDermott reserves the right to object to the requirements contained in the U.S. Trustee Guidelines should it determine that it is appropriate to do so.

7

have represented certain of the Debtors' creditors, equity holders, related parties, or other parties in interest in matters unrelated to these cases.

### *NUNC PRO TUNC* RELIEF

16.   The Committee believes that the employment of McDermott effective *nunc pro tunc* to December 5, 2020, the date the Committee selected McDermott as its proposed counsel, is warranted under the circumstances of the Chapter 11 Cases.  Upon its selection, the Committee requested McDermott to commence work immediately on time-sensitive matters and devote substantial resources to the Chapter 11 Cases prior to the submission and approval of this Application.  Thus, McDermott has provided, and will continue to provide, valuable services to the Committee.

17.   Courts in this jurisdiction routinely approve *nunc pro tunc* employment similar to that requested herein.  *See, e.g.*, *In re Energy Alloys Holdings, LLC*, No. 20-12088 (Bankr. D. Del. Nov. 10, 2020) [Docket No. 161]; *In re Brooks Brothers Group, Inc.*, No. 20-11785 (CSS) (Bankr. D. Del. Sept. 9, 2020) [Docket No. 558]; *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. Aug. 19, 2020) [Docket No. 802]; *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. Aug. 12, 2020) [Docket No. 717].  Accordingly, the Committee respectfully requests that the Court authorize employment of McDermott *nunc pro tunc* to December 5, 2020.

### NO PRIOR REQUEST

18.   No prior request for the relief sought herein has been made to this Court or any other court.

## **NOTICE**

19. Notice of this Application will be provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) all other parties that have requested notice pursuant to Local Rule 2002-1(b). The Committee respectfully submits that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (i) enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, authorizing the Committee to retain and employ McDermott as its counsel *nunc pro tunc* to December 5, 2020; and (ii) grant such other and further relief as the Court may deem just, proper, and equitable.

Dated: December 23, 2020            THE OFFICIAL COMMITTEE OF UNSECURED
                                    CREDITORS OF CRED INC., *ET AL*.

                                    By: */s/ Michael Michelin*
                                    Name: Michael Michelin, not in his individual
                                    capacity but solely as Co-Chair of the Official
                                    Committee of Unsecured Creditors of Cred Inc., *et al*.