EXHIBIT C

<u>Michelin Declaration</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al*., | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL MICHELIN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CRED INC., *ET AL.* TO RETAIN AND EMPLOY MCDERMOTT WILL & EMERY LLP, AS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 5, 2020**

Under 28 U.S.C. § 1746, I, Michael Michelin, declare as follows under the penalty of perjury:

1. I make this declaration (the "Declaration") solely in my capacity as co-chair of the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. I am familiar with the matters set forth herein and make this Declaration in support of the application (the "Application")[2] of the Committee seeking to retain and employ McDermott Will & Emery LLP ("McDermott") as counsel to the Committee. I am competent to make this declaration in support of the Application.

3. This Declaration is provided pursuant to the U.S. Trustee Guidelines. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

set forth herein, information gathered from my review of relevant documents, and information supplied to me by McDermott.

4. I have been informed by McDermott that the U.S. Trustee Guidelines request that any application for employment of an attorney under sections 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") be accompanied by a verified statement from the client that addresses:

    a. The identity and position of the person making the verification.

    b. The steps taken by the client to ensure the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    c. The number of firms the client interviewed.

    d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. Whether and how the procedures for the budgeting, review, and approval of fees and expenses differ from those the client regularly employees in non-bankruptcy cases to supervise outside counsel, and any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**The Committee's Selection of McDermott as Bankruptcy Counsel**

5. On December 3, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee in the Chapter 11 Cases. *See* Docket No. 120. The Committee currently comprises: (i) DragonFly International Holding Limited; (ii) Wendy Lee; (iii) Cedric de Lisser; (iv) Maple Partners, LLC; (v) Michael Michelin; (vi) Christopher Moser; and (vii) Kyle Tuo Wang.

6. On December 5, 2020, the Committee held a meeting and, after interviewing six law firms, voted to retain McDermott as its bankruptcy counsel. The Committee believes that

McDermott's extensive knowledge and experience in bankruptcy and insolvency matters generally, its experience representing creditors and official committees in corporate reorganizations, and its expertise in areas of non-bankruptcy law relevant in these Chapter 11 Cases make McDermott well qualified to represent the Committee in the Chapter 11 Cases in an efficient and timely manner.  Thus, the Committee decided to retain McDermott as the Committee's bankruptcy counsel during the Chapter 11 Cases, subject to Court approval.[3]

### Rate Structure

7.	The Committee has reviewed and approved McDermott's standard rates for bankruptcy services as set forth in the Application.  McDermott has informed the Committee that its rates for bankruptcy representations are consistent with and comparable to the rates McDermott charges for non-bankruptcy representations.  McDermott also has informed the Committee that its current hourly rates apply to non-bankruptcy services, if any, provided by McDermott, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon.  McDermott has further informed the Committee that its hourly rates are subject to periodic adjustments (typically effective as of January each year) to reflect economic and other conditions. The Committee has consented to such ordinary course rate increases.  Based upon these representations and the Committee members' experience, the Committee believes that McDermott's proposed rates are reasonable.

### Cost Supervision

8.	The Committee will review and approve any prospective budget and staffing plan provided by McDermott, recognizing that, in the course of large chapter 11 cases like the

---

[3] On December 7, 2020, the Committee selected Dundon Advisers LLC to serve as financial advisor to the Committee, subject to Court approval.

Chapter 11 Cases, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Committee and McDermott.

9. I further recognize that it is the Committee's responsibility to closely monitor the billing practices of its professionals to ensure the fees and expenses paid by the estates remain consistent with the Committee's expectations and the exigencies of the Chapter 11 Cases. To that end, the Committee will review the invoices submitted by McDermott to ensure that the fees charged and expenses incurred are reasonable and necessary.

Dated: December 23, 2020         By: */s/ Michael Michelin*
                                 Name: Michael Michelin, not in his individual
                                 capacity but solely as co-chair of the Official
                                 Committee of Unsecured Creditors of Cred Inc., *et al*.