## **Exhibit D**

**Judge Hill's Tentative Rulings against Alexander**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

WRITS AND RECEIVERS CALENDAR
Judge: HONORABLE ELIZABETH M. HILL
Department 12

400 County Center, Redwood City
Courtroom 4C

Thursday, August 27, 2020

> **If you plan to appear** on any case on this calendar, **you must** do one of the following:
>
> 1. YOU MUST CALL (650) 261-5112 BEFORE 4:00 P.M. AND FOLLOW THE INSTRUCTIONS ON THE MESSAGE.
>
> 2. EMAIL WRLawandMotion@sanmatecourt.org BEFORE 4:00 P.M. CONTEMPORANEOUSLY COPIED TO ALL PARTIES OR THEIR COUNSEL OF RECORD. IF BY EMAIL, IT MUST INCLUDE THE NAME OF THE CASE, THE CASE NUMBER, AND THE NAME OF THE PARTY CONTESTING THE TENTATIVE RULING
>
> **and you must give notice also before 4:00 p.m. to all parties of your intent to appear pursuant to California Rules of Court 3.1308(a)(1).**

| Case | Title / Nature of Case |
|---|---|

**August 27, 2020   Writs and Receivers Calendar                    PAGE 4**
**Judge:  Elizabeth M. Hill, Department 12**

2:00

LINE: 3

20-CIV-02728    JAMES ALEXANDER VS. DANIEL BRIAN SCHATT, ET AL.


JAMES ALEXANDER                                      THOMAS V. REICHERT
DANIEL BRIAN SCHATT

JAMES ALEXANDER'S MOTION FOR PRELIMINARY INJUNCTION
**TENTATIVE RULING:**

**The Motion for Preliminary Injunction is DENIED. Plaintiff cannot show a likelihood of success on the merits and the relief sought would alter the status quo. Plaintiff has not shown that, without the injunction, Plaintiffs will be irreparably harmed. The balance of equities does not favor issuance of a Preliminary Injunction in favor of Plaintiff and against Defendant. Further, with the issuance of a preliminary injunction in the related matter at Line 4, the status quo is sufficiently maintained. Lastly, there has been no showing that there is any likelihood that Plaintiff will seek to dissolve Cred Capital or will fail to continue to honor the investment agreement and the Asset Management Agreement between Cred and Cred Capital. The Requests to Strike are DENIED and the Evidentiary Objections are OVERRULED in their entirety.**

2:00
LINE: 4
20-CIV-02915   CRED INC., ET AL. VS. JAMES ALEXANDER, ET AL.


CRED, INC.                                              PETER M. STONE
JAMES ALEXANDER

MOTION FOR PRELIMINARY INJUNCTION
**TENTATIVE RULING:**

**In weighing the relevant factors, the Court finds that the balance of hardships weighs in favor of Plaintiffs; that Plaintiffs have demonstrated a likelihood of success on the merits of its conversion and breach of duty claims which also weighs in favor of an injunction; and that the requested relief is narrowly tailed to preventing future harm and preserving the status quo. Thus, for the reasons set forth above, the Court converts the TRO to a preliminary injunction IN PART. As to requiring Defendant, within forty-eight (48) hours to identify under oath any blockchain addresses containing digital assets belonging to Plaintiffs, etc., this request is DENIED, as it appears this is better handled in discovery and is not related to maintaining the status quo. Further, this request was not addressed in the Application and no support for this request was provided. The Objection to the Reply is OVERRULED. The allegations made and document introduced in the Reply Declaration have been made and introduced elsewhere, in the instant matter and/or in the related matter. Thus, Defendant has had an opportunity to respond and has done so. Therefore, the Court, in its discretion, accepts the evidence provided in the Reply. (Alliant Ins. Services, Inc. v. Gaddy (2008) 159 Cal.App.4th 1292, 1308, 72 Cal.Rptr.3d 259 [in preliminary injunction proceeding, "the trial court had discretion whether to accept new evidence with the reply papers"].)**


POSTED:  **5:46 PM**