UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 20-12836 (JTD)<br>)<br>) (Jointly Administered)<br>)<br>) Hearing Date: Feb. 3, 2021 at 1:00 p.m. (ET)<br>) Obj. Deadline: Jan. 14, 2021 at 4:00 p.m. (ET)<br>) |

**FIRST OMNIBUS MOTION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS**

> IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW **SCHEDULE 1**, ATTACHED TO THE PROPOSED ORDER (AS DEFINED BELOW), TO DETERMINE IF THE MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") respectfully represent as follows in support of this motion:

**RELIEF REQUESTED**

1.　By this motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to reject, effective as of the date of this motion (i.e., December 31, 2020), the executory contracts identified and described on Schedule 1 to the Proposed Order. In support of this motion, the Debtors rely upon and incorporate by reference the *Declaration of Matthew K. Foster in Support of First Omnibus*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Motion of Debtors for Entry of Order Authorizing debtors to Reject Certain Executory Contracts* (the "Foster Declaration"), attached as **Exhibit B**.

### JURISDICTION, VENUE, AND STATUTORY BASES

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this motion are sections 105(a) and 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 9013-1(m).

### Background

5.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

7. On December 3, 2020 the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these chapter 11 cases.

8. On December 21, 2020, the Court entered its *Order Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* [Docket No. 267], by which the Court authorized the hiring of Matt Foster as the Debtors' CRO and the person responsible for the Debtors' management *nunc pro tunc* to November 30, 2020.

9. As part of his duties, Mr. Foster, with the assistance of the Debtors' employees and advisors, is engaged in a comprehensive review of the Debtors' contracts to determine which ones are executory and, moreover, determine whether to assume or reject such executory contracts.

10. In his review so far, Mr. Foster has determined that the Debtors no longer need the Rejected Contracts. The Rejected Contracts consist of (1) consulting agreements, (2) asset management agreements, (3) software agreements, and (4) other various service agreements, as further detailed on <u>Schedule 1</u> attached to the Proposed Order. Because the Debtors have reduced operations substantially and are no longer taking on new customers or actively investing any funds, and, moreover, because the Debtors anticipate selling their assets in connection with the bidding procedures approved by this Court, these Rejected Contracts are no longer necessary for the Debtors' operations or the administration of their estates. Maintaining the Rejected Contracts would impose unnecessary costs and burdens on the Debtors' estates, without providing any benefit.

11. Accordingly, Mr. Foster has determined in the exercise of his sound business judgment that the Debtors should reject the Rejected Contracts.

## BASIS FOR RELIEF

**I. Rejection of the Rejected Contracts Is an Exercise of the Debtors' Sound Business Judgment and Is in the Best Interests of the Debtors' Estates**

13. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." The "purpose behind section 365(a) is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."[2]

14. The decision to assume or reject an executory contract is a matter within the "business judgment" of the debtor.[3] Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.[4] Courts have held that a debtors' decision to approve or reject an executory contract should be approved "as a matter of course" absent a showing of extraordinary circumstances.[5]

15. The Debtors' rejection of the Rejected Contracts is well within the Debtors' business judgment and is in the best interest of the Debtors' estates. As noted above, Mr. Foster has reviewed the Rejected Contracts and determined they are no longer necessary for, or

---

[2] *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

[3] *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).

[4] *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985).

[5] *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). *See also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

beneficial to, the Debtors' businesses and impose unnecessary expenses on their estates. Rejection of the Rejected Contracts will therefore avoid the incurrence of any additional unnecessary expenses and will result in a net benefit for the Debtors' estates.

16. Accordingly, the Debtors respectfully request the Court approve rejection of the Rejection Contracts.

## II. The Court Should Permit Rejection of the Rejected Contracts as of December 31, 2020

17. Bankruptcy courts are empowered to authorize retroactive rejection under sections 105(a) and 365(a) of the Bankruptcy Code.[6] Bankruptcy courts in this district have previously considered and allowed such relief,[7] and this Court has previously allowed retroactive rejection in these bankruptcy cases.[8]

14. By rejecting the Rejected Contracts effective as of December 31, 2020, the Debtors will avoid incurring further administrative expenses for services for which they have no use, to the detriment of their estates. Further, the Debtors' counterparties will not be prejudiced, as the Debtors are not actively using their services. The Debtors have no need for the Rejected Contracts and do not intend to use them in the future.

---

[6] *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-29 (1st. Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution.").

[7] *See, e.g.*, *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Aug. 12, 2019) (granting Debtors authorization to reject certain executory contracts, effective as of the petition date); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. June 5, 2019) (same); *In re Kona Grill, Inc.*, No. 19-10953 (CSS) (Bankr. D. Del. May 2, 2019) (same); *In re Argos Therapeutics, Inc.*, No. 18-12714 (KJC) (Bankr. D. Del. Mar. 4, 2019) (same); *In re Promise Health Grp.*, No. 18-12491 (CSS) (Bankr. D. Del. Nov. 30, 2018) (same).

[8] *Order Authorizing Debtors to (I) Reject Unexpired Leases of Nonresidential Real Property and (II) Abandon Property In Connection Therewith* [Docket No. 243].

15. Accordingly, the Court should permit the Debtors to reject the Rejected Contracts effective as of December 31, 2020.

## Reservation of Rights

20. Nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.  The Debtors do not waive any claims they may have against any counterparty to a Rejected Contract, and the Debtors expressly reserve the right to argue that: (a) any of the Rejected Contracts were terminated prior to December 31, 2020; (b) that any claim for damages arising from the rejection of such contracts is limited to the remedies available under any applicable termination provision of such contracts; or (c) that any such claim is an obligation of a third party and not that of the Debtors or their estates.

## Notice

24. Notice of this motion has been given to (i) counsel the U.S. Trustee; (ii) counsel to the Official Committee of the Unsecured Creditors; (iii) all parties that have requested notice in these bankruptcy cases pursuant to Bankruptcy Rule 2002(i); and (iv) each of the Rejected Contracts' counterparties.  In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached to this motion: (i) granting the relief requested and (ii) granting such other and further relief as the Court may deem proper.

Dated: December 31, 2020
      Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
       mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
       derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*