**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>**Re:  D.I. 279**<br><br>**Hearing Date:  January 6, 2021 at 10:00 A.M. ET** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b) AND 105(a) FOR AUTHORIZATION TO ENTER INTO AND PERFORM UNDER A PLAN SUPPORT AGREEMENT TERM SHEET**

In support of his objection in response to the above-captioned Debtors' (the "Debtors" or "Cred") motion (the "Motion") pursuant to Bankruptcy Code sections 363(b) and 105(a) for authorization to enter into and perform under a plan support agreement term sheet [D.I. 279], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

**INTRODUCTION**

1.　This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334.  This Court is authorized to hear and determine the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

### **GROUNDS/BASIS FOR OBJECTION**

4. This eve-of-trustee-motion-hearing plan support agreement ("PSA") between the Debtors and the Official Committee of Unsecured Creditors (the "Committee") was designed to stave off the appointment of an independent fiduciary. What's unclear is what the Debtors' estates are getting from the Committee by entering into the PSA, beyond the ability to say that they have an agreed-upon game plan. A case management order can provide an agreed-upon game plan. The terms of the Motion and the accompanying PSA go well beyond a traditional case management order.

5. This Court recently entered an order directing the appointment of an examiner (the "Examiner") [D.I. 281, entered 12/23/20]. The Examiner – whose appointment has yet to be approved by this Court – will conduct an investigation and file a report. The information contained in that report will be both central and critical to (i) any disclosure statement related to a chapter 11 plan contemplated by the plan support agreement ("PSA") which is the subject of the Motion and

(ii) by extension, informed voting on the plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319-25 (3d Cir. 2003) (bankruptcy court did not err in determining that estate was estopped from asserting cause of action which was not identified in the debtor's disclosure statement); *TGX Corp. v. J.C. Templeton (In re TGX Corp.)*, 168 B.R. 122, 125-28, 132 (W.D. La. 1994) (disclosure statement referring voting creditors to examiner's report for detail regarding estate causes of action sufficient to overcome estoppel defense; court noted that disclosure statement should have included information contained in Examiner's initial/supplemental reports); *see also In re PWS Holding Corp.*, No. 98-212 (SLR), 1999 WL 33510165 at *1 (D. Del. Dec. 30, 1999) (confirmation order references examiner's final report as having been filed prior to approval of disclosure statement).

6.      A multitude of reasons support denial of the Motion. First, the Motion was filed in an incomplete form. As of the date of filing of this objection, the Debtors have yet to file the budget, which is an exhibit to the Term Sheet. Accordingly, parties in interest have not had an opportunity to review the budget as of the date this objection was filed – seven (7) days prior to the hearing. The hearing on the Motion should be continued so that other parties in interest – and this Court – may review the budget.

7.      Second, the Motion creates a situation where the Committee would play a role akin to a debtor-in-possession lender, with a cash flow forecast being approved by the lender each week which restricts the Debtors' use of estate cash, including "non-operating outflows" such as professional fees and expenses. In that regard, the Debtors and the Committee do not specifically acknowledge that this Court has directed the appointment of an Examiner by providing that the fees and expenses of the Examiner and the Examiner's professionals *allowed by this Court* will be paid from the Debtors' estates, as provided for in the Examiner Order. Mot. at 4, 5 ("Budget and

Reporting"); Examiner Order ¶ 11, 12. More generally, the Debtors and Committee provide no basis for usurping this Court's own role – and the role of other parties in interest – in protecting unencumbered funds for the estates' benefit and to determine which administrative expenses will be allowed/paid.

8. Third, given that the Examiner has yet to be appointed, it is not a reasonable exercise of the Debtor's business judgment to agree to milestones related to the plan process under the PSA – (i) the January 29, 2021 date for disclosure statement/combined hearing approval; (ii) the March 17, 2021 date for obtaining approval of the plan; and (iii) the March 31, 2021 date for the plan to go effective – which potentially are at odds with the timeline for the Court-ordered examination. This Court should refrain from considering the Motion until after the Examiner's work plan has been presented to this Court. Mot. ¶ 11 (describing the "Milestones"). And, while the establishment of milestones can be an important mechanism to ensure the timely and efficient administration of the case, the U.S. Trustee respectfully submits that the entry of a case management order after hearing an examiner's plan for his or her investigation and reporting is a better alternative than approval of a "plan support agreement" between estate fiduciaries who are free, in any event, to extensively cooperate in furthering the proper administration of the case.

9. Fourth, nothing in the Motion provides evidentiary support as to why it is a reasonable exercise of the Debtors' business judgment for the Debtors to bind themselves today – before the examination has even started – to a plan that will provide "full customary debtor and 'third party' releases from liability in favor of the Debtors' professionals, Grant Lyon as the Debtors' independent director, the Debtors' chief restructuring officer and any other temporary staff supplied by Sonoran Capital, the Committee's professionals, and each Committee member." Mot. at 5 ("Releases"). For example, Paul Hastings LLP provided extensive pre-petition services

to the Debtors for an extended period of time. There is no reason why the estates should be tying themselves to providing anyone with releases before the Examiner's work is complete.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Motion.

Dated: December 31, 2020
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
John Schanne
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov
john.schanne@usdoj.gov