## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: Jan. 21, 2021 at 3:00 p.m. (ET)** |
|  | ) | **Obj. Deadline: Jan. 14, 2021 at 4:00 p.m. (ET)** |
|  | ) |  |
|  | ) | **Re: Docket No. 301** |

**DEBTORS' MOTION FOR ENTRY OF ORDER: (I) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (IV) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN OF LIQUIDATION; (V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN; (VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII) ESTABLISHING HEARING DATE FOR FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND RELATED NOTICE AND OBJECTION PROCEDURES**

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession, (the "Debtors")

respectfully represent as follows in support of this motion:

### RELIEF REQUESTED

1.    By this motion, the Debtors seek entry of an order, substantially in the form

attached as **Exhibit A** (the "Disclosure Statement Order"):

(a)  approving, on an interim basis, the Debtors' proposed disclosure statement,[2] the
      form of which is attached to the Disclosure Statement Order as Exhibit 1, as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    See *Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code*, filed contemporaneously with this motion.  Though the Debtors have filed a single, combined disclosure statement and chapter 11 plan (the "Combined Joint Plan and Disclosure Statement"), this motion seeks relief only with respect to the disclosure statement portion of the document

containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(b) approving the notice of deadline to object to the interim approval of the Disclosure Statement;

(c) approving the Solicitation Packages (as defined herein) and the procedures for distribution thereof;

(d) establishing the Voting Deadline (as defined herein) by which holders of claims against the Debtors must vote to accept or reject the Plan;

(e) approving the forms of Ballots (as defined herein), substantially in the form of Exhibit 2 and Exhibit 3 attached to the Disclosure Statement Order;

(f) establishing the Voting Record Date (as defined herein) for purposes of determining the holders of claims against, and interest in, the Debtors;

(g) approving voting and tabulation procedures;

(h) approving the forms of notice to impaired and unimpaired non-voting classes under the Plan, attached as Exhibit 4 and Exhibit 5 to the Disclosure Statement Order;

(i) approving the form of the Opt-Out Election Form (as defined herein), attached as Exhibit 6 to the Disclosure Statement Order;

(j) scheduling a date for the combined hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"); and

(k) approving the form and manner of notice and objection procedures for the Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached to the Disclosure Statement Order as Exhibit 7.

## **JURISDICTION, VENUE, AND STATUTORY BASES**

2.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C.§ 1334.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local

Rules, the Debtors confirm their consent to the entry of a final order by the Court in connection

---

(herein, the "Disclosure Statement").  With respect to portions of the document constituting the liquidation plan, this motion refers to the "Plan."  Capitalized terms used but not otherwise defined in this motion have the

with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, 9006, 9013, 9014, and 9021, and Local Rules 2002-1, 3017-1, 3017-2, and 9006-1.

## BACKGROUND

5.      On November 7, 2020, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On December 3, 2020 the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases.

7.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].

## COMBINED JOINT PLAN AND DISCLOSURE STATEMENT

8.      On December 31, 2020, the Debtors filed the Combined Joint Plan and Disclosure Statement [Docket No. 301].  The proposed Plan is the result of extensive negotiations among

---

meanings set forth in the Combined Joint Plan and Disclosure Statement.

the Debtors and the Creditors' Committee.  The Plan contemplates a chapter 11 plan of liquidation centered on an expeditious liquidation of the Debtors' assets, first through the Debtors' proposed asset sale process to be conducted pursuant to section 363 of the Bankruptcy Code, and, irrespective of whether an actionable transaction comes to fruition, the transfer of all of the Debtors' assets, including sale proceeds, if any, cryptocurrency, and estate causes of action into a liquidation trust.

9.    The following table (a) designates the Classes of Claims against, and Equity Interests in, the Debtors, (b) specifies the Classes of Claims and Equity Interests that are Impaired by the Plan and therefore are deemed to reject the Plan or are entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, and (c) specifies the Classes of Claims and Equity Interests that are Unimpaired by the Plan and therefore are deemed to accept the Plan in accordance with section 1126 of the Bankruptcy Code.

| Class | Description | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| 1 | Other Priority Claims | Unimpaired | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | No (deemed to accept) |
| 3 | Other Secured Claims | Unimpaired | No (deemed to accept) |
| 4 | General Unsecured Claims | Impaired | Yes |
| 5 | Convenience Claims | Impaired | Yes |
| 6 | Subordinated Securities Claims | Impaired | No (deemed to reject) |
| 7 | Equity Interests in Debtors | Impaired | No (deemed to reject) |

## BASES FOR RELIEF REQUESTED

### I.    Interim Approval of Disclosure Statement

#### A.    The Disclosure Statement Contains Adequate Information

10.    Pursuant to section 1125 of the Bankruptcy Code, the Debtors must provide

holders of impaired claims with "adequate information" regarding the Debtors' proposed plan.

Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such a
> hypothetical investor of the relevant class to make an informed
> judgment about the plan . . . . [3]

11.    The primary purpose of a disclosure statement is to provide all material

information that creditors and interest holders affected by a proposed plan need to make an

informed decision regarding whether or not to vote for the plan.[4]  The determination of whether

the disclosure statement includes adequate information is made on a case-by-case basis, and

courts exercise broad discretion when evaluating whether a disclosure statement contains

adequate information.[5]  Courts within the Third Circuit and elsewhere acknowledge that

---

[3]    11 U.S.C. § 1125(a)(1).

[4]    *See, e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321-22 (3d
Cir. 2003) ("Under 11 U.S.C. 1125(b), a party seeking chapter 11 bankruptcy protection has an affirmative duty
to provide creditors with a disclosure statement containing adequate information to enable a creditor to make an
informed judgment about the Plan.") (internal citations omitted); *Century Glove, Inc. v. First Am. Bank of New
York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to
the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix
Petroleum Co.,* 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D.
Ill. 1987).

[5]    *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the
legislative history of § 1125 we discern that adequate information will be determined by the facts and
circumstances of each case."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("The legislative notes

determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.[6]

12.     In determining whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures regarding topics such as:

- the events that led to the filing of a bankruptcy petition;

- the relationship of the debtors and their affiliates;

- a description of the available assets and their value;

- the anticipated future of the debtors;

- the source of information stated in the disclosure statement;

- the present condition of the debtors while in chapter 11;

- claims asserted against the debtors;

- the estimated return to creditors under a chapter 7 liquidation;

- the future management of the debtors;

- the chapter 11 plan or a summary thereof;

- financial information, valuations, and projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

- information relevant to the risks posed to creditors under the plan;

---

to § 1125 provide that '[b]oth the kind and form of information are left essentially to the judicial discretion of the court, guided by the specification . . . that it be of a kind and in sufficient detail that a reasonable and typical investor can make an informed judgment about the plan.'"); *see also* S. Rep. No. 95- 989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

[6]     *See, e.g.*, *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); *Texas Extrusion Corp.* v. *Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) (same).

- the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

- litigation likely to arise in a nonbankruptcy context; and

- tax attributes of the debtors.[7]

Disclosure regarding all topics is not necessary in every case.[8]

13.    In this case, the Disclosure Statement contains information concerning, but not limited to:

- an overview of the Plan;

- an overview of the Debtors' businesses;

- the indebtedness of the Debtors and information regarding pending claims and administrative expenses;

- key events leading to the commencement of these chapter 11 cases;

- significant events that occurred during these chapter 11 cases;

- information regarding claims against the Debtors' estates;

- an analysis of the liquidation of the Debtors' assets, both during these chapter 11 cases and as proposed in the Plan;

- risk factors affecting the Debtors;

- the treatment of creditors and equity holders under the Plan;

- information regarding the liquidating trust;

- requirements for confirmation of the Plan; and

- tax consequences of the Plan.

---

[7]    *See In re U.S. Brass Corp.,* 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.,* 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

[8]    *In re U.S. Brass,* 194 B.R. at 425; *see also In re Phoenix Petroleum Co.,* 278 B.R. at 393 (cautioning that "no one list of categories will apply in every case").

14.     In addition to the information listed above that bankruptcy courts typically consider when determining whether the information in a disclosure statement is adequate, the Disclosure Statement also provides an analysis of the alternatives to confirmation and consummation of the Plan.

15.     Furthermore, Local Rule 3017-2 permits a debtor to seek interim approval of a combined plan and disclosure statement if the following requirements are satisfied:

- All or substantially all of the assets of the debtor[s] were or will be liquidated pursuant to a sale under 11 U.S.C. § 363;

- The plan of liquidation proposes to comply with section 1129(a)(9) of the Bankruptcy Code;

- The plan of liquidation does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and

- The debtor's combined assets to be distributed pursuant to the proposed plan of liquidation are estimated, in good faith, to be worth less than $25 million (excluding causes of action).[9]

Here, the Debtors are contemplating a sale or sales of all or substantially all of their assets, the Plan proposes to comply with the requirements of section 1129(a)(9) of the Bankruptcy Code, the Plan does not seek non-consensual releases or injunctions, and the Debtors estimate that the combined assets to be distributed under the Plan are less than $25 million (excluding causes of action).

16.     Accordingly, the Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and respectfully request that the Court approve the Disclosure Statement on an interim basis.

---

[9]    Local Rule 3017-2(a).

**B.      The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan**

17.      Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise specifically enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  In addition, Local Rule 3017(c)(ii) requires, among other things, that a motion seeking interim approval of a disclosure statement (a) recite whether the plan of liquidation contains release and injunction provisions and (b) identify the location of any such provision in the plan of liquidation.

18.      Article XVIII of the Combined Joint Plan and Disclosure Statement describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the language in Article XVIII of the Combined Joint Plan and Disclosure Statement is bolded, making it conspicuous to the reader.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) and Local Rule 3017-2(c)(ii).

**C.      Highlighted Provisions Under Local Rule 3017-2**

19.      Pursuant to Local Rule 3017-2(c)(ii), the Debtors note that the Plan contains the following provisions:

| Local Rule | Response |
|---|---|
| 3017-2(c)(ii)(A) – Provisions Seeking Consensual Releases/Injunctions with Respect to Claims Creditors May Hold Against Non-Debtor Parties | Section 18.2 of the Combined Joint Plan and Disclosure Statement provides, *inter alia*, that Holders of Claims and Interests who (1) vote in favor of the Plan or (2) (A) abstain from voting, are not entitled to vote, or vote to reject the Plan and (B) do not opt out of the release shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action. |

| | |
|---|---|
| | "Released Parties" means the professionals retained and employed by the Debtors and the Debtors-in-Possession pursuant to a Final Order of the Bankruptcy Court, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Creditors' Committee, the professionals retained by the Creditors' Committee, each member of the Creditors' Committee, and the respective agents and representatives of each of the foregoing. *See* Plan § 1.99. |
| 3017-2(c)(ii)(B) – Provisions Seeking to Release Any Claims Debtors May Have Against Insiders | Section 18.2 provides, *inter alia,* that the Debtors and their respective Estates shall release, waive, and discharge the Released Parties from any and all Claims, Causes of Action and Liabilities, provided that such shall not operate as a waiver of or release from any Cause of Action resulting from willful misconduct, fraud, or gross negligence. |
| 3017-2(c)(ii)(C) – Provisions which Seek an Exemption Under Section 1146 of the Bankruptcy Code | None. |

## II.    Notice of Deadline to Object to Disclosure Statement

20.    Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest.[10]  Moreover, Local Rule 3017-1 provides that the date of the disclosure statement hearing "shall be at least thirty-five (35) days following service of the disclosure statement and the objection deadline shall be at least twenty-eight (28) days from service of the disclosure statement."[11]  However,

---

[10]    *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof); *see also* Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement).

[11]    Del. Bankr. L.R. 3017-1(a).

under Local Rule 3017-2, a motion for interim approval of a proposed disclosure statement may be granted without notice and a hearing if, among other things, "[t]he motion provides at least fourteen (14) days' notice to the United States Trustee and the creditors' committee . . . and all parties who have requested service of notices under Fed. R. Bankr. 2002(d)."[12]  Moreover, Local Rule 3017-2(c)(ii) provides that "[i]f an objection is timely filed within such notice period, a hearing on the motion will not occur less than seven (7) days after expiration of the notice period."

21.     Contemporaneously with the filing of this motion, the Debtors served this motion, the related notice of motion, and the Combined Joint Plan and Disclosure Statement by electronic and/or first class mail on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; and (iii) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (the "2002 List" and, together with (i) and (ii), the "Notice Parties").  The notice of motion annexed to this motion provides the Notice Parties with notice of the time set for filing objections to the Disclosure Statement as well as notice of the hearing (if necessary) on this motion in accordance with the Bankruptcy Rules and Local Rules.

22.     The Debtors will also provide copies of the Combined Joint Plan and Disclosure Statement to any party in interest who specifically requests such documents in the manner specified in Bankruptcy Rule 3017(a).  Copies of the Combined Joint Plan and Disclosure Statement are also available online at https://www.donlinrecano.com/Clients/cred/Index

23.     The Debtors have set the deadline to object to the Disclosure Statement as **January 14, 2021 at 4:00 p.m. (prevailing Eastern Time)**.  Accordingly, parties in interest will have 14 days' notice of the deadline to object to the interim approval of the Disclosure Statement

---

[12]   Local Rule 3017-2(c)(i).

in compliance with Local Rule 3017-2(c)(i).  If a hearing on this motion becomes necessary, the

Debtors propose that such hearing commence on **January 21, 2021 at 3:00 p.m. (prevailing**

**Eastern Time)**, which is at least seven (7) days after the objection deadline.[13]

24.    Thus, the Debtors submit that they have provided adequate notice of this motion

and request that the Court approve such notice as appropriate and in compliance with the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### III.    Voting Record Date, Solicitation Packages, and Distribution Procedures

#### A.    Establishment of a Voting Record Date

25.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in

connection with the confirmation of a plan, "creditors and equity security holders shall include

holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after

notice and a hearing."[14]  Bankruptcy Rule 3018(a) contains a similar provision regarding

determination of the record date for voting purposes.[15]  Additionally, Local Rule 3017-1(b)

provides that "[t]he plan proponent shall timely file a motion to be heard at a disclosure

statement hearing for approval of the voting procedures, including the form of ballots, the voting

agent and the manner and time of voting." [16]  Furthermore, Local Rule 3017-2(d) requires that the

propose order shall contain a provision "[e]stablish[ing] . . . a record date pursuant to Fed. R.

Bankr. P. 3017(d) and 3018(a)."  Similarly, Bankruptcy Rule 3017(c) provides that before

approving the disclosure statement, the Court must fix a time within which the holders of claims

---

[13]    Out of an abundance of action, the Debtors request that, to the extent that Local Rule 3017-2 does not apply under the circumstances here, the Court shorten the period for notice of the Interim Disclosure Statement Hearing in accordance with Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

[14]    Fed. R. Bankr. P. 3017(d).

[15]    Fed. R. Bankr. P. 3018(a).

and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.[17]

26.     The Debtors request that the Court set the Voting Record Date for **January 14, 2021**, *i.e.*, the same date as the deadline to object to this motion.  Holders of claims or interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be holders of record, and as such, shall (a) be entitled to vote on the Plan or (b) in the case of the Non-Voting Classes, be entitled to receive an appropriate notice of non-voting status ("Notice of Non-Voting Status").  The Voting Record Date shall have no preclusive effect as to distributions under the Plan.  The Debtors submit that the Voting Record Date is appropriate and should be approved.

**B.     Approval of Solicitation Packages and Distribution Procedures**

27.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)     the plan or a court-approved summary of the plan;
>
> (2)     the disclosure statement approved by the court;
>
> (3)     notice of the time within which acceptances and rejections of such plan may be filed; and

---

[16]   Del. Bankr. L.R. 3017-1(b).

[17]   *See* Fed. R. Bankr. P. 3017(c).

(4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .[18]

28.     Upon Court approval of the Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code, the Debtors propose to mail or cause to be mailed solicitation packages (the "Solicitation Packages") by no later than the date that is five (5) business days following entry of the Disclosure Statement Order (the "Solicitation Date").

29.     Solicitation Packages distributed to creditors holding claims in Class 4 (General Unsecured Claims) and Class 5 (Convenience Claims) (collectively, the "Voting Classes") will contain a copy of: (i) the Disclosure Statement Order (excluding exhibits attached thereto); (ii) the appropriate form of ballot to accept or reject the Plan in the form set forth in Exhibit 2 and Exhibit 3 to the Disclosure Statement Order (a "Ballot" or collectively, the "Ballots") with instructions and a return envelope; (iii) the Combined Joint Plan and Disclosure Statement; (iv) a notice of the Combined Hearing, substantially in the form annexed to the Disclosure Statement Order as Exhibit 7 (the "Combined Hearing Notice"); (v) a letter from the Creditors' Committee urging creditors to vote to accept the Combined Joint Plan and Disclosure Statement, substantially in the form annexed to the Disclosure Statement Order as Exhibit 8 (the "Committee Support Letter"); and (vi) such other material as the Court may direct.

---

[18]   Fed. R. Bankr. P. 3017(d).

Notwithstanding anything to the contrary contained in this motion, any creditor that has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Voting Agent) within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

30.     Solicitation Packages distributed to holders of claims and interests in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 6 (Subordinated Securities Claims), and Class 7 (Equity Interests in Debtors) (collectively, the "Non-Voting Classes") will contain a copy of (i) the Combined Hearing Notice, (ii) the appropriate Notice of Non-Voting Status, and (iii) the opt-out election form, substantially in the form attached to the proposed Disclosure Statement Order as Exhibit 6 (the "Opt-Out Election Form").  The Debtors request that, consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Non-Voting Classes receive a Solicitation Package that does not include a Ballot, Combined Joint Plan and Disclosure Statement, the Disclosure Statement Order, or the Committee Support Letter.  The Debtors further request that the Court determine that the Debtors are not required to distribute copies of the Combined Joint Plan and Disclosure Statement, Disclosure Statement Order, or Committee Support Letter to holders of such claims and interests in the Non-Voting Classes, unless a party makes a specific written request to the Debtors' voting agent, Donlin Recano & Company, Inc. (the "Voting Agent")[19] at Cred Inc. Voting Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219, at least 10 days before the deadline to object to confirmation of the Plan, for copies of such documents.

---

[19]     *See Order Approving the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Advisor for the Debtors, Effective Nunc Pro Tunc to Petition Date,* dated December 18, 2020 [Docket No. 246].

31.     With respect to any transferred Claim, if the transferor of such Claim is entitled to vote to accept or reject the Plan, the Debtors propose that the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

32.     Further, the Debtors will distribute, or cause to be distributed by the Solicitation Date, the Disclosure Statement Order (excluding exhibits attached thereto), the Combined Hearing Notice, the Combined Joint Plan and Disclosure Statement, and any other materials as the Court may direct to: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the 2002 List; (iv) the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) all persons or entities who are counterparties to executory contracts or unexpired leases with the Debtors that have not been previously assumed or rejected; and (viii) all persons or entities that have filed an administrative expense claim.

33.     The Debtors request that they be authorized (but not required) to distribute the Combined Joint Plan and Disclosure Statement and the Disclosure Statement Order in digital format on a flash drive.  The Ballots, Combined Hearing Notice, Notices of Non-Voting Status, the Opt-Out Election Form, and the Committee Support Letter will be provided in paper format. Notwithstanding the foregoing, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the full Solicitation Package on their customers by email.  Bankruptcy courts in this district have permitted debtors to transmit solicitation

documents in digital format in other large chapter 11 cases in the interest of saving printing and mailing costs.[20]

34.     The Debtors also propose to make the Combined Joint Plan and Disclosure Statement and Combined Hearing Notice available in electronic format on-line at https://www.donlinrecano.com/Clients/cred/Index, and to advise creditors and equity holders in the Non-Voting Classes of that fact in the Combined Hearing Notice and the Notice of Non-Voting Status.

35.     The Debtors also propose not to send Solicitation Packages to creditors that have claims that have already been paid in full; *provided, however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that such claim had been paid by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

36.     The Debtors also request that the Court determine that they are not required to distribute copies of the Combined Joint Plan and Disclosure Statement to any party that holds a claim and is not entitled to vote on the Plan pursuant to the Disclosure Statement Order, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018.

37.     Certain notices mailed during the course of these chapter 11 cases have been returned as undeliverable by the United States Postal Service.  The Debtors submit that it would be costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable notices were mailed.  Therefore, the Debtors seek Court approval to depart from the strict notice rule, excusing the Debtors from mailing Solicitation Packages to those entities

---

[20]   *See, e.g.*, *In re Pipeline Data Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Aug. 8, 2013 (authorizing debtors to transmit solicitation documents in CD-ROM format); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Apr. 19, 2013) (same); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. *Del*. Apr. 12, 2012)

listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date.

38.     The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures.

## IV.     Forms of Ballots and Notices to Non-Voting Classes

### A.     Approval of Forms of Ballots

39.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan."[21]  As indicated above, the Debtors propose to distribute to Class 4 (*i.e.*, General Unsecured Claims) Ballots substantially in the form annexed as <u>Exhibit 2</u> to the Disclosure Statement Order, and to Class 5 (*i.e.*, Convenience Claims) Ballots substantially in the form annexed as <u>Exhibit 3</u> to the Disclosure Statement Order.  The forms for the Ballots are based upon Official Form No. 14 but have been modified to address the particular aspects of these chapter 11 cases and to include certain additional information that the Debtors believe to be relevant and appropriate for each class of claims that is entitled to vote to accept or reject the Plan.  The appropriate Ballot forms will be distributed to holders of claims in the Voting Classes. All other classes either are unimpaired and conclusively presumed to have accepted the Plan or are receiving no distribution and conclusively presumed to have rejected the Plan.

40.     The Debtors submit that in light of the facts and circumstances of these chapter 11 cases, the forms of Ballots are appropriate and should be approved.

---

(same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 1, 2011) (same); *in re OTC Holdings Corp.*, No. 1012636 (BLS) (Bankr. D. Del. Nov. 11, 2010) (same).

[21]     Fed. R. Bankr. P. 3017(d).

## B. Notice to Non-Voting Classes Deemed to Accept the Plan

41.     Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.[22]

The holders of claims in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims) and Class 3 (Other Secured Claims) (collectively, the "Unimpaired Non-Voting Classes") are unimpaired under the Plan.  Therefore, the holders of claims and interests in such classes are conclusively deemed to accept the Plan.[23]

42.     Consistent with Bankruptcy Rule 3017(d), the Debtors propose to send to holders of such unimpaired claims a Combined Hearing Notice and a Notice of Non-Voting Status, substantially in the form annexed to the Disclosure Statement Order as Exhibit 4 (the "Notice of Unimpaired Non-Voting Status"), which identifies each such class as unimpaired and provides information to such holders of unimpaired claims as to how a copy of the Combined Joint Plan and Disclosure Statement may be obtained.  Additionally, holders of claims in Classes 1, 2, and 3 will receive the Opt-Out Election Form.  As noted above, the Debtors request that the Court determine that they are not required to distribute copies of the Combined Joint Plan and Disclosure Statement or the Disclosure Statement Order on any holder of a claim in the Unimpaired Non-Voting Classes unless such party makes a written request for copies of such documents to the Voting Agent at Cred Inc. Voting Department, c/o Donlin, Recano &

---

[22]    Fed. R. Bankr. P. 3017(d).

[23]    11 U.S.C. § 1126(f).

Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219, at least 10 days before the deadline to object to confirmation of the Plan.

### C.    Notice to Non-Voting Classes Deemed to Reject the Plan

43.    The holders of claims in Class 6 (Subordinated Securities Claims) and interest in Class 7 (Equity Interests in Debtors) (together, the "Impaired Non-Voting Classes") are not receiving distributions under the Plan; thus, the holders of such claims or interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.[24]  The Debtors propose to mail to the holder of claims and interests in the Impaired Non-Voting Classes a Combined Hearing Notice and a Notice of Non-Voting Status (the "Notice of Impaired Non-Voting Status"), substantially in the form annexed to the Disclosure Statement Order as Exhibit 5, which informs the holder of any claims or interests in such Impaired Non-Voting Classes that it will receive no recovery under the Plan, is not entitled to vote and, therefore, is deemed to have rejected the Plan.  The Notice of Impaired Non-Voting Status also sets forth the manner in which the holder of claims or interests in such classes may obtain a copy of the Combined Joint Plan and Disclosure Statement.  The Debtors submit that the Notice of Impaired Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules.  Additionally, holders of claims and interests in Classes 6 and 7 will receive the Opt-Out Election Form.

44.    The Debtors request that the Court determine that it is not required to distribute copies of the Combined Joint Plan and Disclosure Statement or Disclosure Statement Order to any holder of a claim or interest in the Impaired Non-Voting Classes, unless such party makes a

---

[24]    *See* 11 U.S.C. § 1126(g); *In re The Leslie Fay Co., Inc.*, 207 B.R. 764 (Bankr. S.D.N.Y. 1997) (classes that would receive nothing under the debtor's proposed plan did not have the right to vote as they were conclusively presumed to have rejected the plan pursuant to 11 U.S.C. §1126(g)); *see also In re Walnut Equip. Leasing*, No. 97-19699, 1999 WL 1068448, at *2 (Bankr. E.D. Pa. 1999) ("A class that is to receive nothing under a plan is deemed to reject the plan and is not entitled to vote."); *In re Zenith Elec. Corp.*, 241 B.R. 92, 99 (Bankr. D. Del. 1999) (a class that would receive nothing under the debtor's proposed plan did not have the right to vote as it was conclusively presumed to have rejected the plan pursuant to 11 U.S.C. § 1126(g)).

written request for copies of such documents to the Voting Agent at Cred Inc. Voting

Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219, at

least 10 days before the deadline to object to confirmation of the Plan.

45.     The Debtors submit that the distribution to such holders of the appropriate Notice

of Non-Voting Status satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules.

### D.     Opt-Out Election Form

46.     The Debtors will also distribute to the Non-Voting Classes an Opt-Out Election

Form substantially in the form attached to the Disclosure Statement Order as <u>Exhibit 6</u>.  Each

holder of an Allowed Claim or Interest in a Non-Voting Class who receives an Opt-Out Form

will have the opportunity to elect to opt out of the third party releases in Section 18.2 of the Plan.

The Debtors respectfully request that the Court approve the Opt-Out Election Form.

47.     Moreover, the Debtors request that in order to be counted as an election to opt-out

of the third party releases, each Opt-Out Election Form must be properly executed, completed,

and the original thereof delivered to the Voting Agent so as to be actually received by the Voting

Agent no later than the Voting Deadline, *i.e.*, **4:00 p.m. (prevailing Eastern Time) on March 1,**

**2021**.

### V.     <u>Voting and Tabulation Procedures and Voting Deadline</u>

### A.     Establishing Voting Deadline for Receipt of Ballots

48.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure

statement, the Court shall fix a time within which the holders of claims or equity security

interests may accept or reject a plan.  The Debtors anticipate completing mailing of the

Solicitation Packages by the Solicitation Date.  Based on such schedule, the Debtors propose that

in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly

executed, completed, and delivered to the Voting Agent via: (i) first-class mail, in the return

envelope provided with each Ballot, to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (ii) overnight courier or hand delivery to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, 6201 15th Avenue, Brooklyn, NY 11219; or (iii) the online balloting portal at https://www.donlinrecano.com/Clients/cred/vote (the "Online Portal"), in each case so as to be actually received by no later than **4:00 p.m. (prevailing Eastern Time) on March 1, 2021** (the "Voting Deadline"), which is at least 32 days after the anticipated Solicitation Date.[25]

49.     The Debtors submits that such solicitation period is a sufficient period within which creditors can make an informed decision whether to accept or reject the Plan.

**B.     Approval of Voting and Tabulation Procedures**

50.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.[26]

Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."[27]

51.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each claim within a class of claims

---

[25]     Assuming the Disclosure Statement Order is entered on or before January 21, 2021, the Solicitation Date would occur by January 28, 2021.

[26]     11 U.S.C. § 1126(c).

[27]     Fed. R. Bankr. P. 3018(a).

entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules.  The foregoing general procedure will be subject to the following exceptions:

(a)    If a claim is allowed under the Plan or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan or the order;

(b)    If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

(c)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)    If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e)    If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtors propose that such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)    If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)    If the Debtors have served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting

Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(h)    Claims filed for $0.00 are not entitled to vote; and

(i)    If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors have objected to such earlier-filed claim.

52.    The Debtors propose that the following procedures shall apply for tabulating votes: (i) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; (ii) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed eliminated; (iii) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last received, validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots; (iv) creditors must vote all their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted; (v) creditors that are entitled to make the Convenience Class Election with respect to claims within a particular class must make the Convenience Class Election as to the entire amount of such claims and may not split such claims; and (vi) except as otherwise provided in the Motion, for purposes of determining whether numerosity and claim or interest amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a

single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

53.    The Debtors further propose that the following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors, in their discretion, grant an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; and (v) any Ballot transmitted to the Voting Agent by facsimile or other electronic means, other than through the Online Portal.  The Debtors, in their discretion, may allow any claimant who submits a properly completed Ballot to supersede or withdraw such Ballot on or before the Voting Deadline.  In the event the Debtors permit such superseding Ballot or withdrawal, the claimant, for cause, may change or withdraw its acceptance or rejection of the Plan in accordance with Bankruptcy Rule 3018(a). Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects.  The Debtors further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

54.    If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to

serve on the Debtors and the Creditors' Committee, and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the 7th calendar day before the Voting Deadline.  The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

55.      The Debtors believe that the proposed voting and tabulation procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify the obligations of every holder of a claim entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirement of section 1126(c) of the Bankruptcy Code.  Accordingly, the Debtors submit that the voting and tabulation procedures are in the best interests of their estates, holders of claims, and other parties in interests, that these procedures provide for a fair and equitable voting process, and that good cause supports the relief requested herein.  Accordingly, the voting and tabulation procedures should be approved.

## VI.    The Combined Hearing and Establishment of Notice and Objection Procedures

### A.      The Combined Hearing

56.      Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.[28]

57.      In addition, Local Rule 3017-2(c)(v) requires that (1) the combined hearing on the final approval of a disclosure statement and confirmation of a plan of liquidation must occur no

---

[28]    Fed. R. Bankr. P. 3017(c).

earlier than forty-five (45) days after entry of an order scheduling such hearing and (2) the

objection deadline shall be at least thirty-eight (38) days from entry of such order.

58.       In light of the proposed solicitation procedures described herein, and in

accordance with Bankruptcy Rules 2002(b) and (d) and 3017(c) and Local Rule 3017-2, the

Debtors request that a combined hearing on final approval of the Disclosure Statement and

confirmation of the Plan (the "Combined Hearing") be scheduled for **March 8 (prevailing**

**Eastern Time)** (subject to the Court's availability), which is at least 46 days after the anticipated

date of entry of the Disclosure Statement Order (*i.e.*, by January 21, 2021).  The Combined

Hearing may be continued from time to time by the Court or the Debtors without further notice

except for adjournments announced in open court or filed on the Court's docket and the Plan

may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result

of the Combined Hearing, in each case without further notice to parties in interest.

59.       The proposed timing for the Combined Hearing is in compliance with the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Debtors to

pursue confirmation of the Plan in a timely fashion.

### B.       Notice of Combined Hearing

60.       Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days'

notice to all creditors and equity security holders of the time fixed for filing objections and the

hearing to consider confirmation of a chapter 11 plan.

61.       In accordance with Bankruptcy Rules 2002 and 3017(d) and Local Rule 3017-

2(c), the Debtors propose to provide to all creditors and equity interest holders a Combined

Hearing Notice in the form attached as Exhibit 7 to the Disclosure Statement Order as part of the

Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the

Voting Record Date, (iii) the Voting Deadline, (iv) the time fixed for filing objections to final

approval of the Disclosure Statement or confirmation of the Plan (the "Confirmation Objection Deadline"), and (v) the time, date, and place for the Combined Hearing.  Because it is included in the Solicitation Package, such notice will be sent on or prior to the date that is twenty-eight (28) days prior to the Confirmation Objection Deadline, as required by Bankruptcy Rule 2002(b).

62.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."[29] Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, the Debtors will publish the Combined Hearing Notice (in a format modified for publication) within seven business days of the Solicitation Date in *The San Francisco Chronicle* (the "Publication Notice").  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Confirmation Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service and publication of the Combined Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

63.     The Debtors submit that the foregoing procedures will provide adequate notice of the Combined Hearing and, accordingly, request that the Court deem such notice adequate.

### C.     Objections to Confirmation of Plan and Final Approval of Disclosure Statement

64.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."[30]  Parties in interest are entitled to

---

[29]   Fed. R. Bankr. P. 2002(l).

[30]   Fed. R. Bankr. P. 3020(b)(1).

twenty-eight (28) days notice of such time fixed by the Court.[31]  The Combined Hearing Notice

provides, and the Debtors request that the Court direct that objections to final approval of the

Disclosure Statement or confirmation of the Plan or proposed modifications to the Plan, if any,

must (i) be in writing, (ii) state the name and address of the objecting party and the amount and

nature of the claim or interest of such party, (iii) state with particularity the basis and nature of

any objection or proposed modification to the Disclosure Statement or Plan, and (iv) be filed,

together with proof of service, with the Court and served so as to be actually received by: (a)

counsel for the Debtors, (i) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas

77002, Attn: James T. Grogan and Mack Wilson, (ii) Paul Hastings LLP, 200 Park Avenue, New

York, New York, 10166, Attn: G. Alexander Bongartz and Derek Cash, and (iii) Cousins Law

LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803,

Attn: Scott D. Cousins; (b) counsel for the Creditors' Committee, McDermott Will & Emery

LLP, 340 Madison Avenue, New York, New York 10173, Attn: Timothy W. Walsh and Darren

Azman; and (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801,

Attn: Joseph J. McMahon, Jr. and John Schanne, so as to be actually received no later than **4:00**

**p.m. (prevailing Eastern Time), on March 1, 2021.**  Since the Combined Hearing Notice will

be sent out as part of the Solicitation Packages by January 28, 2021 (assuming the Disclosure

Statement Order is entered by January 21, 2021), parties will receive at least 32-days notice of

the Confirmation Objection Deadline.  Moreover, in accordance with Local Rule 3017-2(f), the

Confirmation Objection Deadline is more than 38 days after the anticipated entry of the

Disclosure Statement Order.  The proposed Confirmation Objection Deadline will afford the

---

[31]    Fed. R. Bankr. P. 2002(b).

Court, the Debtors, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Combined Hearing.

**D.      Deadline to File Confirmation Reply Brief**

65.      The Debtors also request that they be permitted to file a reply to any objections to final approval of the Disclosure Statement or Confirmation of the Plan no later than the date that is three business days before the Combined Hearing.

## Non-Substantive Modifications

66.      The Debtors request authorization to make non-substantive modifications to the Combined Joint Plan and Disclosure Statement, the Combined Hearing Notice, the Solicitation Packages, the Non-Voting Status Notices, the Ballots, and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

## Notice

67.      Notice of this motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Creditors' Committee; and (c) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## No Prior Request

68.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems just and proper.

Dated: December 31, 2020
Wilmington, Delaware

/s/  Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:     (302) 824-7081
Facsimile: :     (302) 295-0331
Email:              scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:     (713) 860-7300
Facsimile:      (713) 353-3100
Email:              jamesgrogan@paulhastings.com
                        mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6000
Facsimile:      (212) 319-4090
Email:              alexbongartz@paulhastings.com
                        aviluft@paulhastings.com
                        derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*