## Exhibit A

**Proposed Derivative Standing Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cred Inc., *et al.*,[1] | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER APPROVING STIPULATION GRANTING DERIVATIVE STANDING TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO COMMENCE LITIGATION**

Upon the certification of counsel of the debtors and debtors in possession (the "Debtors"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the certification of counsel and the *Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence Litigation*, attached hereto as **Exhibit 1** (the "Stipulation")[2]; and after due deliberation and sufficient cause appearing therefor, it is IT IS HEREBY ORDERED THAT:

1.    The Stipulation is approved.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

2.      Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

3.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

4.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order and/or the Stipulation.

## **EXHIBIT 1**

## **STIPULATION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Cred Inc., *et al.*, [1] | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

### STIPULATION GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMMENCE LITIGATION

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with the Committee, the "Parties") and the Debtors hereby enter into this *Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence Litigation* (this "Stipulation"). In support of the Stipulation, the Parties agree as follows:

### RECITALS

A.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to Bankruptcy Code section 1107(a) and 1108. These chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No trustee or examiner has been appointed in the Debtors' cases.

B.      On December 3, 2020, the Office of the United States Trustee for the District of Delaware appointed the Committee, pursuant to section 1102 of the Bankruptcy Code, to represent all unsecured creditors of the Debtors.

C.      The Committee has requested, as part of its negotiations with the Debtors regarding a plan support agreement (the "Plan Support Agreement"), that the Debtors consent to entering into a stipulation granting the Committee derivative standing to investigate, and if the Committee deems appropriate, bring any and all claims or causes of action on behalf of the Debtors' estates (the "Causes of Action") against any current or prior insider, affiliate, or employee of any Debtor (collectively, the "Targets").

D.      The Debtors have no objection to the bringing of colorable claims in the best interests of the estates against the Targets, and accordingly will not provide releases to the Targets absent agreement from the Committee. Consistent with the Debtors' view and the Committee's request, and their joint view that claims against the Targets should ultimately be controlled by a litigation trust upon plan confirmation, the Debtors and the Committee believe claims against the Targets should be dealt with by granting the Committee derivative standing to bring such claims, to ensure litigation coherence and efficiency.

E.      The grant of derivative standing for the Causes of Action against the Targets is a key term of the Plan Support Agreement and the grant of such standing is beneficial to the Debtors' chapter 11 proceedings.

2

F.    The Debtors are prepared to consent to the grant of derivative standing to the Committee to investigate and bring the Causes of Action against the Targets, subject to the terms and conditions of this Stipulation.

**NOW, THEREFORE,** in consideration of the mutual promises and agreements set forth below and for other good, valuable, and adequate consideration hereby deemed received, the following is hereby stipulated and agreed to, subject to the approval of the Bankruptcy Court.

1.    <u>Recitals</u>. The preceding recitals are true and correct and are incorporated into this Stipulation by this reference.

2.    <u>Authorization to Assert Claims</u>. The Committee and the Debtors hereby stipulate, subject to the terms of this Stipulation, that the Committee is authorized and has derivative standing to assert, on behalf of the Debtors' estates, the Causes of Action against the Targets. Notwithstanding the grant of derivative standing to the Committee, the approval of this Stipulation by the Bankruptcy Court is not to be construed as a finding that any claims that may be brought by the Committee pursuant to this Stipulation are or would be meritorious.

3.    <u>Settlement</u>. No settlement of the Causes of Action against a Target shall be approved without an order of the Bankruptcy Court, after notice and a hearing thereon, if any objections are timely filed and served. The Debtors reserve all rights with respect to any motion filed seeking to approve any settlement of the Causes of Action against a Target.

4.    <u>Termination</u>. The Committee's right to assert any Cause of Action against the Targets shall terminate if the Bankruptcy Court determines that the Committee has intentionally violated any order of the Bankruptcy Court; *provided*, *however*, that the Bankruptcy Court may nevertheless grant the Committee standing to investigate and pursue Causes of Action.

5.    <u>No Conflict with Prior Orders of the Court</u>. Nothing in this order is intended to be inconsistent with any prior order of this Court.

6.    <u>Counterparts</u>. This Stipulation may be executed in counterparts, whereby each counterpart, when so executed and delivered, shall be deemed an original and all counterparts, taken together, shall constitute but one and the same Stipulation.

7.    <u>Headings</u>. The headings used in this Stipulation are for convenience of reference only and shall not be used or deemed to explain or modify the terms of any provision hereof.

8.    <u>Authority</u>. The undersigned represent that they are fully authorized to enter into this Stipulation on their own behalf and on behalf of their respective clients.

9.    <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on this [●] day of December, 2020.

Dated: Wilmington, Delaware
       December [●], 2020

**MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP**

*/s/ DRAFT*_____
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone:     (302) 485-3900
Facsimile:      (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone:     (212) 547-5400
Facsimile:      (212) 547-5444

*Proposed Counsel to the Committee*

**Cᴏᴜsɪɴs Lᴀᴡ LLC**

*/s/ DRAFT*_____
Scott D. Cousins (No. 3079)
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19803
Telephone:     (302) 824-7081
Facsimile:      (302) 295-0331

- and -

**Pᴀᴜʟ Hᴀsᴛɪɴɢs LLP**

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
600 Travis Street, Fifty-Eighth Floor
Houston, TX 77002
Telephone:     (713) 860-7300
Facsimile:      (713) 353-3100

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:     (212) 318-6000
Facsimile:      (212) 319-4090

*Proposed Co-Counsel to the Debtors*