## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: Feb. 3, 2021 at 1:00 p.m. (ET)** |
| | **Obj. Deadline: Jan. 18, 2021 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ORDER APPROVING
## STIPULATION BETWEEN DEBTORS AND UPHOLD, INC.

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") submit this motion (the "Motion") pursuant to sections 105(a), 361, 362, 506, and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Bankruptcy Rule 6004 for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving that certain Stipulation and Order Regarding Turnover and Reservation of Rights dated as of January 4, 2021, by and among the Debtors and Uphold, Inc. ("Uphold," and such stipulation, the "Stipulation") attached to the Proposed Order as **Exhibit 1**, and respectfully state as follow:

## JURISDICTION, VENUE, AND STATUTORY BASES

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 361, 362, 506, and 553 of the Bankruptcy Code.  Such relief also is warranted under Bankruptcy Rule 6004.

## BACKGROUND

4.      On November 7, 2020, the Debtors commenced these Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5.      On December 3, 2020, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors of Cred Inc. *et al.* (the "Committee") to serve in these Chapter 11 Cases.

## THE PROPERTY HELD BY UPHOLD

6.      As set forth more fully, in the Stipulation, Uphold is presently in possession of or controls property of the Debtors, including certain crypto currency valued as of December 10, 2020 at approximately $423,975.04 (the "Currencies") and 1 billion Universal Protocol Tokens or

UPT crypto tokens (the "Crypto Tokens" and, together with the Currencies, the "Property"). Pursuant to contract, the Crypto Tokens may not entirely be sold, transferred, or encumbered without the consent of the council members of the Universal Protocol Alliance, a consortium consisting of Uphold, Bittrex International, CertiK Global, Ledger, InfiniGold, Fifth Era and Hard Yaka (collectively, the "Universal Protocol Alliance").

7.      Throughout the month of December 2020 and into the new year, the Debtors and Uphold have engaged in discussions with regard to Uphold returning the Property to the Debtors while protecting Uphold's rights to recoupment, setoff or similar rights against the Property. Those discussions led to the negotiation and execution of the Stipulation by the Debtors, Uphold and the Committee.

## THE TERMS OF THE STIPULATION WITH UPHOLD

8.      Uphold asserts that, as of the Petition Date, it has certain rights, claims and defenses to the Property under the Bankruptcy Code (together, "Claims") including, without limitation, any right to recoupment, setoff, or otherwise against the Property.  Moreover, Uphold asserts that to the extent such Claims are valid, enforceable, and were not or are not subject to procedural or substantive defenses, the Claims are secured against the Property of the Debtors' estates, pursuant to section 506(a)(1) of the Bankruptcy Code (the "Secured Claims"), and that Uphold's asserted prepetition rights of setoff as preserved by section 553(a) of the Bankruptcy Code.

9.      As set forth more fully in the Stipulation, Uphold is presently in possession of or controls property of the Debtors, including Currencies valued at approximately $423,975.04 (as of December 10, 2020).[2]

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Stipulation.

10.     Pursuant to the terms of the Stipulation as agreed to by the Debtors, Uphold and the Committee, Uphold has agreed to use all commercially reasonable efforts to request a meeting of the Universal Protocol Alliance to be held within fifteen (15) days of Bankruptcy Court approval of the Stipulation.  At such a meeting, Uphold has agreed to request that the Universal Protocol Alliance vote to approve of the turnover of the Crypto Tokens to the Debtors, as well to request the necessary consents to approve said turnover as required pursuant to that certain Token Restriction Agreement between the Universal Protocol Alliance and Cred, dated December 25, 2019 (the "Restricted Token Agreement").  Furthermore, Uphold has agreed to provide written notice within five (5) business days to the Debtors and the Committee after the Universal Protocol Alliance votes on the request to turn over the Crypto Tokens to the Debtors.  Moreover, in the event the Universal Protocol Alliance does not approve the turnover, the Debtors, Uphold and the Committee have agreed that nothing in this Motion or the Stipulation shall be deemed an admission by the Debtors or the Committee that approval of the turnover of the Crypto Tokens by the Universal Protocol Alliance is necessary or shall prejudice the rights of the Debtors or the Committee to seek a further Order of this Court requiring turnover, or other relief.

11.     Finally, the Stipulation will preserve Uphold's asserted prepetition rights, claims and defenses under the Bankruptcy Code, including setoff.

## Basis for Relief

### I.      The Stipulation is Appropriate

12.     Section 553(a) preserves a creditor's right "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 553(a). Further, section 506(a)(1) of the Bankruptcy Code provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to

the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

13.     Absent the Stipulation, Uphold has refused to turn over the Property out of fear of destroying its asserted rights of setoff and related Secured Claim. *See In re Reliance Acceptance Grp., Inc.*, 2000 WL 33712305, at *3 (Bankr. D. Del. 2000) ("[C]ourts have held that a setoff cannot exist when the creditor pays the debt because '[o]nce a debt is paid it is no longer owed, and therefore the required mutual debts do not exist.' *United States v. Morris (In re McCormick)*, 1993 WL 246001, at *2 (D. Kan. 1993); *Nat'l Bank of Boaz v. Royal Crown Bottling Co. of Boaz, Inc. (In re Royal Crown Bottling Co. of Boaz, Inc.)*, 29 B.R. 52, 54 (Bankr. N.D. Ala. 1981) (any right of setoff 'was a right which could be exercised only before [payment of the] sum to the trustee, which is another way of saying that this payment by [the bank] extinguished any such right which it might have had.').");' *see also In re Orexigen Therapeutics, Inc.*, 596 B.R. 9, 15-16 (Bankr. D. Del. 2018) (discussing *Reliance* and holding that account debtor's payment of debt owed to the debtor did not extinguish right of setoff where there was a stipulation preserving such setoff rights).[3]

14.     In order to preserve Uphold's asserted rights of setoff under section 553 of the Bankruptcy Code and its Secured Claims, the Debtors and Uphold have agreed to enter into the Stipulation, subject to this Court's approval.

---

[3]     An appeal of an unrelated portion of the *Orexigen* decision (whether the bankruptcy court erred in invalidating a contractual setoff provision in an agreement between a debtor and a creditor due to a supposed lack of mutual debts between the parties) is pending before the Third Circuit Court of Appeals. On November 17, 2020, the Third Circuit heard oral argument and ordered the matter submitted.

15.    As set forth more fully in therein, the Stipulation preserves Uphold's asserted rights of setoff against the Property by allowing Uphold to set off against postpetition amounts owed to the Debtors up to the amount of Uphold's Secured Claim to the extent such Secured Claim is valid, enforceable, and were not or are not subject to procedural or substantive defenses.

16.    For the Debtors, the Stipulation requires Uphold to remit the Currencies valued at approximately $423,975.04 (as of December 10, 2020) and to turn over the Property thereby providing the Debtors with significant cash needed to continue to operate their businesses and fund these cases.   Thus, the relief requested herein will protect both Uphold's with respect to its Secured Claim and the Debtors' rights with respect to the Property while allowing the Debtors to receive the Property.   Consequently, all of the Debtors' creditors will benefit if the requested relief is granted.

17.    Accordingly, the Debtors request that the Court approve the Stipulation.

## **RESERVATION OF RIGHTS**

18.    Nothing in this Motion shall be deemed:  (a) admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Uphold under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', Uphold's, the Committee's, or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court enters any order granting the relief sought herein, any payment made pursuant to such order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **NO PRIOR REQUEST**

19.    No previous request for the relief sought herein has been made to this or any other court.

## **REQUEST FOR WAIVER OF STAY**

20.    The Debtors request a waiver of any stay of the effectiveness of the order approving the relief requested in the Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  The Debtors submit that, the order authorizing the Debtors' entry into the Stipulation must be immediately effective to avoid unnecessary delay in the remittance of payments and return of the Property to

the Debtors' estates.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that such rule applies.

## **NOTICE**

21.     Notice of the Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to Uphold; and (iv) all parties entitled to notice under Del. Bankr. L.R. 2002-1(b).  The Debtors submits that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: January 4, 2021
      Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile:    (302) 295-0331
Email:       scott.cousins@cousins-law.com

*Co-Counsel to the Debtors*