**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" filed for chapter 11 (the "**Chapter 11 Cases**") and in connection therewith have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors, with the assistance of their legal and financial advisors, and Chief Restructuring Officer, prepared the Schedules and Statements, pursuant to section 521 of Chapter of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and are unaudited.

While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on information that was available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are as complete as practicable.

These ***Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements of Financial Affairs*** (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis unless otherwise noted.  Disclosure of information in one Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement. The Schedules and Statements, as well as these Global Notes, should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of any of the Debtors.  Moreover, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights with respect to the chapter 11 cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements for the Debtors are signed by Matthew Foster, Chief Restructuring Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Foster relied upon his knowledge of the business, his accounting and financial data provided by Debtors' Chief Financial Officer, the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Foster has not and could not personally verify the accuracy of each statement and/or representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses. Although every reasonable attempt has been made to assign corresponding transactions of the Debtors utilizing the available accounting and finance management systems and data, certain assets, liabilities, or cash payments may have been reported on one legal entity in these Schedules and Statements, while the beneficiary of the transaction may have been another Debtor or legal entity.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors, and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors and their professionals expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors, or their agents, attorneys, and financial advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, or financial advisors are advised of the possibility of

such damages.

**Global Notes and Overview of Methodology**

1.    **Description of Cases.** On November 7, 2020, (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    **Reservations and Limitations**. Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   (a)    **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the right to dispute any claim or assert any cause of action or defense against any party.

   (b)    **Recharacterization.** Notwithstanding that the Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

   (c)    **Categories or Labels for Purpose of Presentation in Schedules and Statements**. Information requested by the Schedules and Statements requires the Debtors to make a judgment regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed. The Debtor reserves the right to modify, change or delete any information in the Schedules and Statements by

amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

(d)     **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the right to recharacterize or reclassify such claim or contract.

(e)     **Claims Description.** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(f)     **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(g)     **Causes of Action.** Despite commercially reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(h)     **Intellectual Property Rights.** Exclusion of certain intellectual property

4

from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(i)    **Insiders.** Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) members of boards of directors or managers of the Debtors; (b) section 16 executive officers; (c) the shareholders of Cred Inc., and (d) entities that are known to be under the control of the shareholders of Cred Inc. Persons listed as "insiders" have been included for informational purposes only.  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to persons who are believed to have been "insiders" during the relevant time periods. Such individuals may no longer serve as officers, directors or managers of the Debtors, as applicable.

The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

3.    **Methodology.**

(a)    **Basis of Presentation.** Prior to the Petition Date, the Debtors relied on their former Chief Financial Officer as well as their outside accounting firm to maintain Debtors' books and records.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements, but neither Mr. Foster nor his professionals and staff can vouch for the accuracy of those books and records.  The fair value and net realizable value of real and personal property may vary materially from the net book value presented herein.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements prepared by the Debtors. These Schedules and Statements reflect the best available estimate of assets and liabilities of each separate Debtor, except where otherwise indicated.

Given, among other things, the uncertainty surrounding the condition, collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than

liabilities, this is not an admission that a Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that a Debtor was insolvent as of the Petition Date or any time prior to the Petition Date.

All asset and liability information, except where otherwise noted, is reflected through November 7, 2020.

(b)     **Confidential Information.** There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Generally, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual. Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Bankruptcy Court sealing or otherwise protecting such information from public disclosure.

(c)     **Master Agreements.** Contracts and leases listed in the Schedules and Statements may be master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(d)     **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(e)     **Net Book Value.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.    Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values where possible. **In certain instances, Debtors' advisors were not provided with sufficient underlying details and schedules in order to properly assess book value.** Additionally, market values fluctuate as to the rate of the coin as it is date specific and varies materially from net book values. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements

that the market values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(f)     **Undetermined Amounts.** The description of an amount as "unknown," is not intended to reflect upon the materiality of such amount.

(g)     **Unliquidated Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated." The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

(h)     **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(i)     **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(j)     **Allocation of Liabilities.** The Debtors allocated liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the pre-petition and post-petition periods may change

(k)     **Credits and Adjustments.** The claims of individual creditors for, among

other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(l)     **Intercompany Claims and Transfers.** The Debtors maintain business relationships with each other, conducting transactions from time to time that result in intercompany receivables and payables and/or are on account of capital contributions, equity investments, or distributions on account of equity investments. Known and assumed prepetition receivables and payables among and between the Debtors are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In certain instances, intercompany accounts may not have been reconciled and therefore the values are unknown and are listed as such. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

(m)    **Guarantees and Indemnification Claims.** The Debtors have exercised commercially reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees or indemnification claims have been identified, they have been included in the relevant Schedules E/F, G and H for the affected Debtor. The Debtors may have inadvertently omitted guarantees or indemnifications embedded in their contractual agreements and may identify additional guarantees or indemnifications as they continue to review their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified. In addition, the Debtors may have entered into certain guarantees of debt and other obligations of other Debtors, subsidiaries or affiliates, including but not limited to cross-collateralization of obligations. The Debtors do not track these guarantees and thus have not listed them.

(n)     **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(o)     **Paid Claims.**  Pursuant to various orders entered by the Bankruptcy Court,

the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims, including, without limitation, certain claims of employees for wages and benefits. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. To the extent the Debtors have paid or pay any of the Claims listed in the Schedules and Statements pursuant to any order entered by the Bankruptcy Court, the Debtors reserve all of their rights to take any action as is necessary or appropriate to avoid overpayments of or duplicate payments for any such liabilities.

(p)    **Allocation of Assets and Liabilities Among Debtors.** The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors engaged in numerous transactions by one entity on behalf of another. Also, the Debtors may not have recorded the appropriate Debtor entity on their books and records for certain assets or liabilities, as the case may be. Although the Debtors have made reasonable efforts to identify assets and liabilities on the Schedules and Statements of the appropriate Debtor, there can be no assurance that the correct Debtor entity has been identified as the owner of certain assets or the liable party, as the case may be.

4.    **Specific Schedules Disclosures.**

(a)    **Schedules Summary**. Except as otherwise noted, the asset and liability totals represent amounts obtained utilizing trial balances through November 7, 2020. The Company closes its books quarterly. Based on the size of the Company, the scope of its operations and internal accounting resources, a monthly close is not performed.

It was noted that the Debtor had not properly reconciled its asset and liability balances, results of operations, to include mark-to-market adjustments related to fluctuations in the value of cryptocurrencies for the period January 1, 2020 through November 7, 2020.

(b)    **Schedule A/B – Parts 1 & 2 - Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' bank accounts are provided in the Debtors' Schedules and are as of the Petition Date.

(c)    **Schedule A/B, Part 3 – Accounts Receivable, Item 11.** The Debtors' reported accounts receivable through November 7, 2020. Also, accounts receivable includes amounts that may be uncollectible. The Debtors are unable to determine with certainty what amounts will actually be collected.

(d)    **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule

A/B, Part 4, as unknown amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(e)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Debtors maintained an asset depreciation schedule updated as of November 7, 2020.

(f)     **Schedule A/B, Part 11 – All Other Assets.** Debtors maintained an asset depreciation schedule updated as of November 7, 2020.

(g)     *Interests* in *Insurance Policies or Annuities.* For section 73 related to interests in insurance policies or annuities, the Debtors believe that there is little or no cash value to the vast majority of the insurance policies, other than any potential recover under the Directors & Officers policy, listed in the Schedules.

(h)     *Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including* **Counterclaims** *of the Debtors and Rights to Setoff Claims.* In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

(i)     *B77 Cryptocurrency.* Cryptocurrency values presented utilize closing market price on the referenced date for liquid crypto-currency assets and thirty-day trailing averages for illiquid crypto-currency assets. Illiquid Crypto-Currency assets consist of Cred's Lend-Borrow-Asset Token (LBA), Tap (XTP) and Universal Protocol Token (UPT). Accounts associated with Uphold HQ Inc. were frozen on the Petition Date. Changes in valuation relate to conversions, liquidations, collections received in kind and periodic mark to market adjustments. Actual net realizable value may vary significantly.

(j)     **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D and reserve all rights to dispute or challenge the secured nature of any such creditor's

claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Debtors assert that to their knowledge there are no perfected liens as the Debtors have no secured debt obligations.

(k)    **Schedule E/F – Creditors Who Have Unsecured Claims.**

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a commercially reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts' payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, may contain information regarding certain compensation-related or other claims of insiders of the Debtors, with such claims being listed as "contingent," "unliquidated," and/or "disputed." In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, may contain information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that

11

may have accrued prior to the Petition Date. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

In calculating the fair market value as to the cryptocurrency claims of Debtors' customers, the following table sets forth the rate of conversion to U.S. Dollars based upon the type of cryptocurrency held as of November 6, 2020 close of business.

|  | Cryptocurrency | Conversion Rate to US Dollars as of close of business 11/6/2020 |
|---|---|---|
| (BTC) | Bitcoin | 15,565.880 |
| (LBA) | Lend-Borrow-Asset Token | 0.010 |
| (BAT) | Basic Attention Token | 0.204 |
| (BCH) | Bitcoin Cash | 257.720 |
| (ETH) | Ethereum | 454.720 |
| (TUSD) | True US Dollar | 1.000 |
| (USDC) | US Dollar Coin | 1.000 |
| (XRP) | Ripple | 0.258 |
| (DAI) | Dai | 1.010 |
| (LTC) | Litecoin | 63.130 |
| (UPBTC) | Universal Bitcoin | 15,565.880 |
| (UPEUR) | Universal Euro | 1.187 |
| (UPUSD) | Universal US Dollar | 1.000 |
| (USDT) | Tether | 1.000 |
| (OMG) | OMG Network/ OmiseGo | 3.300 |
| (XLM) | Stellar | 0.084 |
| (UPT) | Universal Protocol Token | 0.003 |
| (ADA) | Cardano | 0.109 |
| (MIOTA) | IOTA | 0.267 |
| (ZIL) | Zilliqa | 0.020 |
| (ATOM) | Atomic Coin | 4.870 |
| (TRX) | TRON | 0.026 |
| (NANO) | Nano | 0.780 |
| (DGB) | DigiByte | 0.021 |
| (EOS) | EOS | 2.540 |
| (ZRX) | 0x | 0.376 |
| (XEM) | NEM | 0.125 |
| (NEO) | Neo | 15.660 |
| (DCR) | Decred | 14.840 |
| (DOGE) | Dogecoin | 0.003 |

(l)    **Schedule G – Executory Contracts and Unexpired Leases.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, relationships between the Debtors and their vendors are sometimes governed by a master services agreement, under which the Debtors also place work and purchase orders, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code

with respect to any such omitted contract or agreement is not impaired by the omission.

(m)    **Schedule H – Co-Debtors.** The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "**<u>Guaranties</u>**") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors providing such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or E/F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.

5.    <u>**Specific Statements Disclosures**</u>.

(a)    **Statements, Part 1, Question 1 – Income.** Due to the circumstances outlined above, the Debtors cannot accurately estimate income for 2020 or year to date.

(b)    **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days.** The dates set forth in the "Dates" column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an "ACH" processing; or (iii) the check issuance date. Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates and certain non-debtor affiliates. Consequently, for the purpose of this schedule, payments are recorded on the Debtor's Statements, Part 2, Question 3, based on the Debtors' bank account owned.

Payments to the Debtors' bankruptcy professionals, insiders, intercompany transactions, wage garnishments and donations are not included in the payments to creditors. Payments to the aforementioned parties are included in the following locations within the Statements: bankruptcy professionals (Question 11), insider (Question 4, 13, and 30), intercompany (Question 4, 13, and 30).

(c)    **Statements, Part 2, Question 4 – Payments and Transfers to Insiders.** To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in

Statements, Part 2, Question 4. Business travel arrangements, including flights and hotels, for certain of the Debtors' directors and officers have been paid for by the Debtors' corporate credit card. Such payments are listed in the response to Question 4 on the Statements.

(d)     **Statements, Part 3, Question 7 – Legal Actions or Assignments**. The Debtors do not know of any workers' compensation claims in response to this question. However, if any become known the Debtors maintain that disclosure would be in violation of certain laws including HIPAA (Health Insurance Portability and Accountability Act of 1996).

(e)     **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.** The payments provided in Question 11 are reported for the joint representation of the Debtors. The Debtors believe that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis. It is possible that some of the disclosed payments relate to non-bankruptcy related services.

(f)     **Statements, Part 6, Question 13 – Transfers not already listed on this statement.** Debtors reserve their rights to supplement or amend should any non-ordinary course transfers be identified.

(g)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtors to their respective directors and officers are listed on the attachment to Question 4.

**These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

**Fill in this information to identify the case:**

Debtor name      **Cred Capital, Inc.**

United States Bankruptcy Court for the:      DISTRICT OF DELAWARE

Case number (if known)    **20-12838**

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................    $    **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*...............................................................................    $    **9,181.15**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................    $    **9,181.15**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $    **0.00**

3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................    $    **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............    +$    **0.00**

4.    **Total liabilities** ................................................................................................................
    Lines 2 + 3a + 3b      $    **0.00**

**Fill in this information to identify the case:**

Debtor name   **Cred Capital, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **20-12838**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3.   **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Silvergate** | **Operating** | **3986** | $0.00 |
| 3.2. | **Silvergate** | **Network (SEN)** | **3994** | $0.00 |

4.   **Other cash equivalents** *(Identify all)*

5.   **Total of Part 1.**

| | $0.00 |
| --- | --- |

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

☑ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

| Debtor | **Cred Capital, Inc.** | | Case number *(If known)* | **20-12838** |
|--------|------------------------|---|---|---|
| | Name | | | |

☑ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:      Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:      Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:      Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:      Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:      Real property**

**54. Does the debtor own or lease any real property?**

☑ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:      Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:      All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|--|--|--|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |

| Debtor | Cred Capital, Inc. | Case number *(If known)* 20-12838 |
|---|---|---|
| | Name | |

**Hartford - Commercial Liability Package - Policy No. 57SBABL1118 - $261,300.00 (Property); $4,000,000.00 (General Liability); $2,000,000.00 (Auto); $1,000,000.00 (Umbrella)**                                                                  Unknown

**AXIS - Cyber Liability - Policy No. P-001-000080303-03 - $5,000,000.00**                                                         Unknown

**Validus Specialty - Errors & Omissions - Policy No. FIP0000445 - $1,000,000.00**                                               Unknown

**Validus - Directors & Officers - Policy No. FIP0000270 - $1,000,000.00**                                                          Unknown

**Euclid - Excess Directors & Officers - Policy No. EFI0701394 01 - $1,000,000.00**                                           Unknown

**One Beacon - Employed Lawyers - Policy No. MML - 12988-19 - $1,000,000.00**                                               Unknown

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
**Claim filed against James Alexander in Case No. 20-CIV-02915 Cred Inc. (f/k/a Cred LLC), Cred Capital, Inc., and Cred (US) LLC vs. James Alexander filed in the Superior Court of the State of California for the County of San Mateo**                                                    Unknown

Nature of claim
Amount requested                    **225 bitcoins and other damages**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
**Debtor reserves its rights to prosecute all Chapter 5 causes of action.**                                                        Unknown

Nature of claim
Amount requested                    **Unknown**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**CCI Fireblocks**                                                                                            **$9,181.15**

78. **Total of Part 11.**                                                                                     **$9,181.15**
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    __Cred Capital, Inc._____    Case number *(If known)*    __20-12838_____
          Name

☐ Yes

Debtor  **Cred Capital, Inc.**
Name

Case number *(If known)*  **20-12838**

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ......................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $9,181.15 | |
| 91. **Total.** Add lines 80 through 90 for each column | $9,181.15 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $9,181.15 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|

Debtor name  **Cred Capital, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  **20-12838**

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name **Cred Capital, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known) **20-12838**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☐ No. Go to Part 2.

    ■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address<br>**Internal Revenue Service**<br><br>**Post Office Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **Unknown** | **Unknown** |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address<br>**State of California**<br>**Department of Financial Protection and I**<br>**Department of Business Oversight**<br>**2101 Arena Blvd**<br>**Sacramento, CA 95834** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **Unknown** | **Unknown** |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Cred Capital, Inc.** | | Case number *(if known)* | **20-12838** |
|---|---|---|---|---|
| | Name | | | |

| 3.1 | Nonpriority creditor's name and mailing address |
|---|---|

**CUSTOMER CLAIMS**
**See Cred, Inc. Attachment Exhibit F-1**
**See Cred (US) LLC Attachment Exhibit F-1**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*          **Unknown**

■ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Customer Claims total $166,186,947.72 - fair market value as of closing of 11/6/2020, excluding interest.**

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name      **Cred Capital, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-12838**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*  *Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

| Fill in this information to identify the case: |
| --- |

Debtor name    **Cred Capital, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-12838**

☐ Check if this is an
    amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | | | Name | Check all schedules that apply: |
| --- | --- | --- | --- | --- | --- | --- |
| 2.1 | _____ | Street _____ | | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | City | State | Zip Code | | |
| 2.2 | _____ | Street _____ | | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | City | State | Zip Code | | |
| 2.3 | _____ | Street _____ | | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | City | State | Zip Code | | |
| 2.4 | _____ | Street _____ | | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | City | State | Zip Code | | |

| Fill in this information to identify the case: |
| --- |

Debtor name  **Cred Capital, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)  **20-12838**

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/7/2021        x _____
Signature of individual signing on behalf of debtor

**Matthew K. Foster**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **Cred Capital, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **20-12838**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---|---|

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2020** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$0.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

| Debtor | **Cred Capital, Inc.** | | Case number *(if known)* **20-12838** |
|---|---|---|---|

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | **See attached Exhibit SOFA 4/30**<br>**Payments**<br>**Payments to Insiders/Affiliates**<br>**Insiders/Affiliates** | **Last 12**<br>**Months** | **$0.00** | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Cred Inc. (f/k/a Cred LLC),**<br>**Cred Capital, Inc., and Cred**<br>**(US) LLC vs. James**<br>**Alexander**<br>**20-CIV-02915** | **Absconding with**<br>**over $2 million**<br>**dollars' worth of**<br>**cryptocurrency**<br>**and**<br>**compensatory**<br>**and punitive**<br>**damages for**<br>**Alexander's**<br>**conversion;**<br>**breach of his**<br>**employment**<br>**contract; breach**<br>**of his employee**<br>**loan and pledge**<br>**agreements;**<br>**breach of the**<br>**implied covenant**<br>**of good** | **Superior Court of the State**<br>**of Californi**<br>**For the County of San**<br>**Mateo**<br>**400 County Center**<br>**Redwood City, CA 94063** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Alexander v. Schatt**<br>**20-CIV-02728** | | **Superior Court of the State**<br>**of Californi**<br>**For the County of San**<br>**Mateo**<br>**400 County Center**<br>**Redwood City, CA 94063** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

**SOFA 4 / 30**
**Cred Capital**
**Bank Account Payments / Transfers**
**Last 12 Months**

| Name | Date(s) | Amount | Description |
|------|---------|--------|-------------|
| James Alexander | 6/16/2020 | 3,981.42 | Travel Expenses |
| James Alexander | 6/24/2020 | 1,670.95 | Travel Expenses |
| James Alexander | 6/24/2020 | 1,030.00 | Travel Expenses |
| James Alexander | 6/25/2020 | 55.85 | Travel Expenses |
| | **Total** | **6,738.22** | |

**SOFA 4 / 30**
**Cred Capital**
**Current and Former Executives - Payments**
**Last 12 Months**

| Name | Date(s) | Amount | Description |
|------|---------|--------|-------------|
| James Alexander | 6/15/2020 | 10,021.55 | Payroll |
| James Alexander | 6/30/2020 | 10,021.55 | Payroll |
| | **Total** | **20,043.10** | |

**SOFA 4 / 30**
**Cred Capital**
**Current and Former Executives - Payments**
**Last 12 Months**

| Name | Date(s) | Amount | Description |
|------|---------|--------|-------------|
| Daniyal Inamullah | 6/15/2020 | 6,879.54 | Payroll |
| Daniyal Inamullah | 6/30/2020 | 7,283.36 | Payroll |
| | **Total** | **14,162.90** | |

| Debtor | **Cred Capital, Inc.** | Case number *(if known)* | **20-12838** |
|---|---|---|---|

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | **Alexander v. Schatt, et al.**<br>**2020-0941** | Civil Action | **Court of Chancery<br>(Delaware)<br>New Castle County<br>Courthouse<br>500 N King Street<br>Wilmington, DE 19801** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **MACCO Restructuring Group<br>700 Milam Street<br>Ste 1300<br>Houston, TX 77002** | **Financial Advisor Retainer and Fees<br>The amount is for Joint Administration amongst Cred Inc, Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC.** | **11/5/2020** | **$150,000.00** |
| | Email or website address<br>**www.macco.group** | | | |
| | Who made the payment, if not debtor? | | | |

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor   **Cred Capital, Inc.**                                    Case number *(if known)*  **20-12838**

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2. **Paul Hastings LLP 200 Park Avenue New York, NY 10166** | **Legal fees paid for Joint Administration amongst Cred Inc, Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC.** | **11/2/20 $200,000.00 11/5/20 $431,619.33 11/6/20 $200,000.00** | **$831,619.33** |
| Email or website address **www.paulhastings.com** | | | |
| Who made the payment, if not debtor? | | | |
| 11.3. **Grant Lyon Arete Capital LLC 721 5th Avenue, 45K New York, NY 10022** | **Professional Retainer for Independent Director The amount is for Joint Administration amongst Cred Inc, Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC.** | **11/6/2020** | **$25,000.00** |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |
| 11.4. **Donlin Recano 6201 15th Avenue Brooklyn, NY 11219** | **Professional Retainer for Noticing/Claims Agent The amount is for Joint Administration amongst Cred Inc, Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC.** | **11/5/2020** | **$50,000.00** |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |
| 11.5. **Cousins Law LLC** | **Legal Retainer The amount is for Joint Administration amongst Cred Inc, Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC.** | **11/5/2020** | **$58,585.00** |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

   ■ None.

| Debtor | **Cred Capital, Inc.** | Case number *(if known)* | **20-12838** |
|---|---|---|---|

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **2121 S El Camino Real Ste 500 San Mateo, CA 94403** | **3/2020-11/6/2020** |
| 14.2. | **15303 Ventura Blvd. Suite 610 Sherman Oaks, CA 91403** | **3/2020-11/6/2020** |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **Cred Capital, Inc.** | Case number *(if known)* **20-12838** |
|---|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.

☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

Debtor   **Cred Capital, Inc.**                                   Case number *(if known)*   **20-12838**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
| --- | --- | --- |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| | Name and address | Date of service<br>From-To |
| --- | --- | --- |
| 26a.1. | **Joseph Podulka**<br>**3837 Carlson Ct**<br>**Palo Alto, CA 94306** | **7/1/20 - 12/7/2020**<br>**(Terminated Post**<br>**Petition)** |
| 26a.2. | **Sung Swang**<br>**3 East Third Avenue**<br>**San Mateo, CA 94401** | **8/17/20 - 1/5/2021**<br>**(Terminated Post**<br>**Petition)** |
| 26a.3. | **Adnan Khakoo**<br>**3 East Third Avenue**<br>**San Mateo, CA 94401** | **5/4/20 - 1/5/2021**<br>**(Terminated Post**<br>**Petition)** |
| 26a.4. | **Han Ha**<br>**3 East Third Avenue**<br>**San Mateo, CA 94401** | **11/4/19 - Current** |
| 26a.5. | **Yihan Xu**<br>**3 East Third Avenue**<br>**San Mateo, CA 94401** | **10/12/20 - 1/5/2021**<br>**(Terminated Post**<br>**Petition)** |
| 26a.6. | **Karen Wong**<br>**Address Unknown** | **2018 - 2019** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
within 2 years before filing this case.

☐ None

| Debtor | **Cred Capital, Inc.** | Case number *(if known)* | **20-12838** |
|--------|------------------------|--------------------------|--------------|

| Name and address | Date of service From-To |
|------------------|-------------------------|
| 26b.1. | **PricewaterhouseCoopers LLP**<br>**1000 Louisiana Street Suite 5800**<br>**Houston, TX 77002** | **2018 - Current** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|------------------|------------------------------------------------------------------|
| 26c.1. | **Armanino LLP**<br>**50 West San Fernando Street**<br>**Ste 500**<br>**San Jose, CA 95113** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|------------------|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---------------------------------------------------------------|-------------------|------------------------------------------------------------------------------|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| **Cred Inc.** | **3 East Third Avenue**<br>**San Mateo, CA 94401** | **Member** | **100** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| **Dan Schatt** | **3 East Third Avenue**<br>**San Mateo, CA 94401** | **CEO, Shareholder** | **0%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| **Joe Podulka** | **3837 Carlson Ct**<br>**Palo Alto, CA 94306** | **Chief Financial Officer** | **0** |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
■ Yes. Identify below.

Debtor  **Cred Capital, Inc.**       Case number *(if known)*  **20-12838**

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| James Alexander | PO Box 291549<br>Los Angeles, CA 90029 | Chief Capital Officer | 3/2020-6/2020 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| Daniyal Inamullah | 11130 Otsego St, Apt 438<br>North Hollywood, CA 91601 | VP Capital Markets | 3/2020-6/2020 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- | --- |
| 30.1. | See attached Exhibit SOFA 4/30 Payments Payments to Insiders/Affiliates | | Last 12 Months | |
| | **Relationship to debtor**<br>Insiders/Affiliates | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
| --- | --- |
| Cred Inc. | EIN:  85-2308268 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
| --- | --- |

Debtor    **Cred Capital, Inc.**

Case number *(if known)*  **20-12838**

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     1 / 7 / 21

_____          **Matthew K. Foster**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

# United States Bankruptcy Court
## District of Delaware

In re   **Cred Capital, Inc.**

_____

Debtor(s)

Case No.   **20-12838**

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Cred Inc.**<br>**3 East Third Avenue**<br>**San Mateo, CA 94401** | | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date _____1 / 7 / 21_____          Signature _____

**Matthew K. Foster**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.