# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>CRED INC., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br>(Jointly Administered)<br><br>**Re: D.I. 303**<br><br>**Hearing Date: January 21, 2020 at 3:00 P.M. ET** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ENTRY OF ORDER: (I) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (IV) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN OF LIQUIDATION; (V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN; (VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII) ESTABLISHING HEARING DATE FOR FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PLAN OF LIQUIDATION <u>AND RELATED NOTICE AND OBJECTION PROCEDURES</u>**

　　　　In support of his objection to the above-captioned Debtors' (the "<u>Debtors</u>" or "<u>Cred</u>") motion (the "<u>Motion</u>") for entry of an order: (i) approving, on an interim basis, the Debtors' disclosure statement; (ii) establishing a voting record date; (ii) approving solicitation packages; (iii) approving solicitation packages and distribution procedures; (iv) approving forms of ballots and establishing procedures for voting on joint plan of liquidation; (v) approving forms of notices to the non-voting classes under the plan; (vi) establishing a voting deadline to accept or reject the plan; (vii) approving procedures for vote tabulations; and (viii) establishing a hearing date for final approval of the disclosure statement, confirmation of the joint plan of liquidation, and related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

notice and objection procedures [D.I. 303], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

## INTRODUCTION

1. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements." 28 U.S.C. § 586(a)(3)(B).

3. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

## BASES FOR OBJECTION

*Voting Record Date*

4. The Debtors' inability to file their schedules of assets/liabilities and Statements of Financial Affairs prior to approximately sixty (60) days after the Petition Date, combined with the

rapid speed at which the Debtors are moving the plan process, has led the Debtors to deviate from standard solicitation and tabulation procedures, to the detriment of creditors. In a standard chapter 11 case, the deadline for non-government creditors to file proofs of claim pre-dates plan solicitation. In that standard situation, the debtor files a plan solicitation and tabulation procedures motion which seeks to allow non-contingent, pre-petition claims filed in liquidated amounts for voting purposes as reflected in the filed proofs of claim unless the debtor objects to the claims by a date prior to the voting deadline; under 11 U.S.C. § 502(a), a proof of claim is allowed unless it is objected to. 11 U.S.C. § 502(a). If the claims are objected to, the claimant must file a motion pursuant to Rule 3018 by a prescribed date to have the claims allowed.

5. In contrast with standard procedures, the Debtors propose that the "Voting Record Date" be January 14, 2021. Mot. ¶¶ 25, 26. The claims bar date in these cases is February 10, 2021. The Debtors' request that the voting record date precede the bar date means two things: (i) any creditor who was not listed on the Debtors' liability schedules who timely files a proof of claim after the Voting Record Date and by/prior to the Bar Date will not be permitted to vote on the proposed plan; and (ii) any creditor who was listed on the Debtors' liability schedules who timely files a non-contingent proof of claim in a liquidated amount, either before or after the Voting Record Date, will have their claim allowed for voting purposes in the amount reflected on the Debtor's schedules – not the amount reflected in the filed proof of claim – unless the claimant files a motion pursuant to Rule 3018. Mot. ¶ 26 ("Holders of claims or interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be holders of record, and as such, shall (a) be entitled to vote on the Plan or (b) in the case of the Non-Voting Classes, be entitled to receive an appropriate notice of non-voting status.").

6. The Debtors seek to consolidate the Debtors' estates for plan purposes, on grounds that the Debtors' pre-petition recordkeeping was so disorganized and shoddy that they cannot connect their assets and liabilities with a specific Debtor. Disclosure Stmt. § 7.3; Plan § 12.1. Given that admission, the Debtors should be exercising care in connection with the plan solicitation process by (i) creating a solicitation timetable which provides ample opportunity for unscheduled creditors who timely file proofs of claim to receive a solicitation package and vote on the proposed plan and (ii) implementing tabulation procedures under which non-contingent proofs of pre-petition claims, timely filed in liquidated amounts, are allowed in the amount reflected in the filed proof of claim unless the Debtors object to such claims by a date well in advance of the plan voting deadline, with the creditor filing a Rule 3018 motion if its filed claim is objected to.

*Liquidation Trust*

7. The Plan section addressing "Liquidation of the Debtors" (12.3) does not disclose (i) the identity of the Liquidation Trustee, (ii) the compensation proposed to be paid to the Liquidation Trustee, and (iii) the members of Trust Advisory Board. Such information should be disclosed in a plan supplement to be filed no later than ten (10) days prior to the voting deadline.

*Liquidation Analysis*

8. Section 6.1 of the Disclosure Statement, titled "Best Interest Test," references the liquidation analysis as Exhibit B. The liquidation analysis has not been filed to date. The Debtors should not be permitted to solicit acceptances or rejections of the plan without the document, and the U.S. Trustee's rights to be heard with respect to the content of same are reserved until after the liquidation analysis is filed.

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Motion.

Dated: January 18, 2021  　　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By:  */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
John Schanne
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov
john.schanne@usdoj.gov