EXHIBIT B

<u>Blackline Version of Revised Order</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 282, 366** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF CRED INC., *ET AL*. TO RETAIN
AND EMPLOY MCDERMOTT WILL & EMERY LLP, AS COUNSEL,
EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 5, 2020**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ McDermott Will & Emery LLP ("McDermott") as its counsel in connection with the Chapter 11 Cases; and upon the ~~declaration~~declarations of Timothy W. Walsh, a partner of McDermott, dated December 23, 2020 [Docket No. 282-3] (the "Walsh Declaration") and January 19, 2021 [Docket No. 366] (the "Supplemental Walsh Declaration" and, together with the Walsh Declaration, the "Walsh Declarations"), and the declaration of Michael Michelin, dated

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

December 23, 2020, solely in his capacity as co-chair of the Committee (the "Michelin Declaration"); and this Court finding, based on the representations made in the Application, the Walsh ~~Declaration~~Declarations, and the Michelin Declaration, that McDermott does not hold or represent any interest adverse to the Committee or the Debtors' estates, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), and that its employment is necessary and in the best interests of the Committee and the Debtors' estates; and this Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Application; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, Local Rules 2014-1 and 2016-1, and the U.S. Trustee Guidelines, the Committee is hereby authorized to retain and employ McDermott as its counsel to represent it in the Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application, the Walsh ~~Declaration~~Declarations, and the Michelin Declaration, effective *nunc pro tunc* to December 5, 2020.

3. McDermott shall be compensated in accordance with ~~the procedures set forth in~~ Bankruptcy Code sections 330 and 331, applicable provisions of the Bankruptcy Rules and Local

2

Rules, the U.S. Trustee Guidelines, and any order establishing procedures for interim compensation of professionals. McDermott shall make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, including Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by McDermott in the Chapter 11 Cases.

4. McDermott shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee prior to any increases in the rates set forth in the Walsh Declaration. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

5. Notwithstanding anything in the Application or the Walsh Declarations to the contrary, McDermott shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

6. Notwithstanding anything in the Application or the Walsh Declarations to the contrary, McDermott shall, to the extent that McDermott uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that McDermott pays the Contractors; (ii) seek reimbursement for actual costs only;

(iii) ensure that the Contractors are subject to the same conflicts checks as required for McDermott; and (iv) file with this Court disclosures pertaining to such as required by Bankruptcy Rule 2014.

7.  5. Consistent with ~~the opinion and ruling in *In re Boomerang Tube, Inc.*, Case No. 15-11247 (MFW), 2016 WL 385933 (Bankr. D. Del. Jan. 29, 2016)~~governing law, McDermott shall not receive payment from the Debtors' estates for any fees or costs arising from the defense of an objection to its fees or expenses in the Chapter 11 ~~Case~~Cases.

8.  6. To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

9.  7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. 8. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

11. 9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Document comparison by Workshare 10.0 on Tuesday, January 19, 2021 12:53:16 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://DM_US/DM_US/176204687/1 |
| Description | #176204687v1<DM_US> - Cred - Revised MWE Retention Order |
| Document 2 ID | iManage://DM_US/DM_US/176204687/2 |
| Description | #176204687v2<DM_US> - Cred - Revised MWE Retention Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 33 |