## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 20-12836 (JTD) |
| CRED INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 312** |

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND UPHOLD, INC.**

Upon consideration of the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each a "Debtors" and, collectively, the "Debtors"), for entry of an Order approving that certain Stipulation and Order Regarding Turnover and Reservation of Rights dated as of January 4, 2021, by and among the Debtors and Uphold, Inc. ("Uphold," and such stipulation, the "Stipulation") attached hereto as **Exhibit 1**, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Court having reviewed the Motion; and a hearing having been held, if necessary, to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:**

1.      The Stipulation attached hereto as **Exhibit 1** is hereby approved.

2.      Uphold is authorized to effectuate the setoff provided for in the Stipulation without further order of the Court.

3.      The Stipulation shall become effective immediately upon entry of this Order.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

5.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

6.      The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

## Exhibit 1

**Stipulation**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED, INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors[1]. | (Jointly Administered) |

## STIPULATION AND ORDER REGARDING
## TURNOVER AND RESERVATION OF RIGHTS

This stipulation ("**Stipulation**") and order is entered into by and between the above-captioned debtors and debtors-in-possession (each a "**Debtor**" and, collectively, the "**Debtors**"), Uphold, Inc. ("**Uphold**"), and the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**"). The Debtors, Uphold, and the Committee are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A.      Uphold is presently in possession of or controls property of the Debtors, including certain crypto currency valued as of December 10, 2020 at approximately $423,975.04 (the "**Currencies**") and 1 billion Universal Protocol Tokens or UPT crypto tokens (the "**Crypto Tokens**" and, together with the Currencies, the "**Property**"). Pursuant to contract, the Crypto Tokens may not entirely be sold, transferred, or encumbered without the  consent of the council members of the Universal Protocol Alliance, a consortium consisting of Uphold, Bittrex

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

International, CertiK Global, Ledger, InfiniGold, Fifth Era and Hard Yaka (collectively, the "**Universal Protocol Alliance**").

B.      Uphold desires to turn over the Property to the Debtors, subject to, and without waiver of, Uphold's rights under title 11 of the United States Code (the "**Bankruptcy Code**"), if any, to recoupment, setoff, or similar rights against the Property.

C.      Any turnover by Uphold to the Debtors of the Crypto Tokens is subject to approval by the council members of the Universal Protocol Alliance, which approval shall be determined no later than five (5) days after entry of an Order approving this Stipulation.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1.      This Stipulation shall have no force and effect unless and until approved by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on the date of entry of an Order approving the Stipulation.

2.      Uphold is authorized to remit payment and turn over the Property to the Debtors, subject to: (i) any of Uphold's rights, claims and defenses to the Property under the Bankruptcy Code, if any, including, without limitation, any right to recoupment, setoff, or otherwise against the Property prior to the turnover thereof to the extent that such rights exist as of the date of this Stipulation; (ii) the Debtors' and the Committee's rights, claims and defenses thereto; (iii) as to the Crypto Tokens, the approval of the council of the Universal Protocol Alliance, as well as any consents to said turnover as required pursuant to that certain Token Restriction Agreement between the Universal Protocol Alliance and Cred, dated December 25, 2019 (the "**Restricted Token**

**Agreement**"), and certain pre-existing vesting and transfer restrictions; and (iv) each of the Parties' rights shall be subject to judicial determination at a later time, to the extent necessary.

3.      Prior to asserting any right to recoupment, setoff, or otherwise against the Property, Uphold shall provide the basis therefor in writing to the Debtors and the Committee.

4.      Uphold shall use all commercially reasonable efforts to request a meeting of the Universal Protocol Alliance to be held within fifteen (15) days of Bankruptcy Court approval of this Stipulation in order for the Universal Protocol Alliance to vote to approve of the turnover of the Crypto Tokens to the Debtors and Uphold shall agree that it will vote in favor of such turnover. Uphold shall provide written notice within five (5) business days to the Debtors and the Committee after the Universal Protocol Alliance votes on the request to turn over the Crypto Tokens to the Debtors.  Uphold shall also use all commercially reasonable efforts to obtain any consents to the turnover of the Crypto Tokens that may be required pursuant to the Restricted Token Agreement. Nothing in this Stipulation shall prejudice the Debtors or the Committee's rights to seek a further Order of the Court requiring turnover, or other relief, of the Crypto Tokens if the council members of the Universal Protocol Alliance withhold approval.

5.      In the event that Uphold, subsequent to Court approval of this Stipulation, determines that it is holding additional funds or Property of the Debtors, Uphold is authorized to remit payment and turnover said subsequently identified property to the Debtors subject to the terms and conditions of this Stipulation.

6.      If the Court enters any order granting the relief sought herein, nothing in this Stipulation shall be deemed:  (a) admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Uphold under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', Uphold's, the Committee's, or any other party

in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law.

7.     This Stipulation shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustees and/or any successor and assigns of the Debtors.

8.     This Stipulation is for the benefit the Debtors, Uphold and their corporate affiliates.  No non-affiliated third parties hold any rights under this Stipulation and this Stipulation does not grant any rights or remedies to any third parties.

9.     Each person who executed this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Stipulation.

10.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.     This Stipulation is subject to approval of the Court, and the Parties agree to present the Stipulation to the Court for approval.

12.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an order approving this Stipulation.

13.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED** to this 4th day of January, 2021.

**BAKER & HOSTETLER LLP**

By:  _/s/ Jorian L. Rose_
Jorian L. Rose
Michael A. Sabella
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201

-and-

Jeffrey L. Lyons
1201 North Market Street, 14th Floor
Wilmington, DE 19801-1147
Tel: (302) 468-7088

*Attorneys for Uphold, Inc.*

**McDERMOTT WILL & EMERY, LLP**

By:  _/s/ Darren Azman_
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, NY 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

-and-

David R. Hurst
The Nemours Building
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone:  (302) 485-3900
Facsimile:  (302) 351-8711

*Proposed Attorneys for the Official
Committee of Unsecured Creditors*

**COUSINS LAW LLC**

By:  _/s/ Scott D. Cousins_
Scott D. Cousins (No. 3079)
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:  (302) 824-7081
Facsimile:  (302) 295-0331
Email: scott.cousins@cousins-law.com

*Attorneys for the Debtors*