# Exhibit A

**[Proposed Work Plan and Budget]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> CRED INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br><br> (Jointly Administered) <br><br> **Response Deadline: January 27, 2021 at 4:00 p.m. (ET)** |

## PROPOSED SCOPE, WORK PLAN, AND BUDGET FOR INVESTIGATION, PREPARED AND SUBMITTED BY ROBERT J. STARK, AS EXAMINER

Robert J. Stark, in his capacity as the Court-appointed examiner (the "Examiner") in the above-captioned Chapter 11 cases of Cred, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through his undersigned proposed counsel, pursuant to the Court's *Order Denying in Part, and Granting in Part, the Trustee/Examiner Motions*, dated December 23, 2020 [ECF No. 281] (the "Examiner Order"), hereby submits this proposed scope, work plan, and budget for the Examiner's investigation. In support hereof, the Examiner states as follows:

## RELEVANT FACTUAL BACKGROUND

1. On November 7, 2020 (the "Petition Date"), each of the Debtors commenced Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court. The Debtors remain in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

possession of their property and are managing their businesses as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. On December 3, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") in the Debtors' Chapter 11 cases. See ECF No. 120.

3. On December 4, 2020, the U.S. Trustee filed its *Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (I) Directing the Appointment of an Examiner, or (II) Converting the Cases to Chapter 7 Cases* [ECF No. 133] (the "Trustee/Examiner Motion").

4. The Debtors and the Creditors' Committee each filed oppositions to the Trustee/Examiner Motion. See ECF Nos. 191, 195.

5. On December 18, 2020, the Court conducted a hearing with respect to the Trustee/Examiner Motion.

6. On December 23, 2020, the Court entered the Examiner Order, pursuant to which the Court granted the U.S. Trustee's request for the appointment of an examiner pursuant to Bankruptcy Code Section 1104(c). See Examiner Order ¶ 2.

7. The Examiner Order provides, among other things, that the Examiner:

(i) will investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current or former management of the Debtors, and otherwise perform the duties of an examiner set forth in Bankruptcy Code Sections 1106(a)(3) and 1106(a)(4) (the "Investigation");

(ii) will meet and confer with the Debtors and Creditors' Committee before commencing the Investigation (with the Debtors and Creditors' Committee agreeing to fully cooperate with the Examiner in connection with the Investigation, and to use best efforts to coordinate with the Examiner in respect of same);

(iii) may retain counsel and other professionals in connection with the Investigation; and

(iv) will have standing as a "party-in-interest" with respect to the matters that are within the scope of the Investigation.

See Examiner Order ¶¶ 4, 5, 8, 11, 12, 13, 15.

8. The Examiner Order further provides that: (a) the scope and conduct of the Investigation and the Examiner's budget will be detailed in the Examiner's proposed work plan; and (b) such proposed work plan and budget will be filed by the Examiner within seven (7) business days after entry of the order approving the appointment of the Examiner. See Examiner Order ¶¶ 4, 14.

9. On January 7, 2021, the U.S. Trustee filed its motion to approve the appointment of Robert J. Stark, as Examiner. See ECF No. 330.

10. On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark, as Examiner. See ECF No. 338.

## PROPOSED SCOPE, WORK PLAN, AND BUDGET FOR INVESTIGATION

11. Pursuant to and in accordance with the Examiner Order, the Examiner hereby submits the below proposed scope, work plan, and budget for the Investigation. The Examiner anticipates retaining counsel, subject to approval by the Court, to assist with the Investigation.

Prior to filing this proposed work plan and budget, the Examiner met and conferred with the U.S. Trustee, the Debtors, and the Creditors' Committee regarding the substance herein, and shared a draft of this pleading with the foregoing parties.

(i) <u>Scope of Investigation</u>: The Examiner Order provides that the Investigation will include any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by the Debtors' current or former management. <u>See</u> Examiner Order ¶ 4. The Examiner Order further provides that the Investigation will include any other items set forth in Bankruptcy Code Section 1106(a)(3), which, in turn, includes the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business, the desirability to continue the business, and any other matter relevant to the case or to the formulation of a Chapter 11 plan. <u>See</u> <u>id</u>.; 11 U.S.C. § 1106(a)(3). Following his appointment, the Examiner directed a thorough review of the bankruptcy docket, the various pleadings filed in these cases, and other relevant materials, and met and conferred with the U.S. Trustee, the Debtors, and the Creditors' Committee to ascertain the proper scope of the Investigation. Pursuant thereto, the Examiner has identified the following specific items to be included in the Investigation:

    (a) the Debtors' business and operations prior to the Petition Date, including allegations of insider transactions and comingling of corporate and client accounts;

    (b) the facts, circumstances, decisions, and events surrounding the substantial losses experienced by the Debtors prior to the Petition

      Date, including in connection with the liquidation of certain hedge positions;

 (c) the facts, circumstances, decisions, and events surrounding the Debtors' relationship and dealings with moKredit, including any investments made in, and/or outstanding debts owed by, moKredit;

 (d) equity sponsor Lu Hua's transfer of certain cryptocurrency to the Debtors prior to the Petition Date and the nature of such transaction(s);

 (e) the facts, circumstances, decisions, and events surrounding the Debtors' purported QuantCoin investment and the losses associated therewith; and

 (f) the facts, circumstances, decisions, and events surrounding the Debtors' dealings with James Alexander.

(ii) <u>Work Plan</u>:  The Examiner proposes to conduct the Investigation as follows:

 (a) <u>Initial Witness Interviews</u>:  The Examiner intends to promptly conduct initial witness interviews, including (but not limited to), the Debtors' key management personnel, current and former employees, equity sponsors, relevant personnel from other entities and/or parties, and affiliated individuals as needed, regarding the facts and circumstances relevant to the Investigation, the Debtors' business, and the events precipitating the Debtors' bankruptcy filings.[2]  The

---

[2] Given timing and budget constraints, the Examiner presently anticipates conducting interviews rather than depositions. However, to the extent that any witnesses are unwilling to participate in interviews or the Examiner determines that any witnesses are less than forthcoming in their interviews, the Examiner reserves the right to seek and take depositions of any witnesses in connection with the Investigation.

Examiner presently anticipates that the initial witness interviews will include (although not necessarily be limited to) the following individuals:

- James Alexander (former Chief Capital Officer)
- Matthew Foster (CRO)
- Lu Hua (Co-Founder)
- Daniyal Inamullah (former head of Capital Markets)
- Grant Lyon (Independent Director)
- Joseph Podulka (former CFO)
- Daniel Schatt (Co-Founder and former CEO)
- Daniel Wheeler (General Counsel)
- Scott Wiley (Interim CFO)

(b) <u>Document Review</u>: The Examiner has begun the process of collecting documents, communications, information, and other forms of digital data from the Debtors and other parties, and coordinating with those parties to ensure that such productions are made expeditiously and efficiently. The Examiner has also begun preparing additional requests for the production of documents, communications, information, and other forms of digital data relevant to the subject matter of the Investigation, and intends to propound such requests on certain additional parties. The Examiner intends to utilize targeted searches of select document custodians in order to reasonably manage costs and the timing of the completion of the Investigation. The Examiner expects good faith cooperation by the recipients of such requests, but reserves the right to seek to compel production if any parties refuse to timely produce requested materials.

(c) <u>Financial Advisory Assistance</u>: Pursuant to the Examiner Order, the Examiner may, in his discretion, and upon agreement of the Creditors' Committee or Debtors (as applicable), avail himself of work product created by the Creditors' Committee's or Debtors' financial advisors in connection with the

Investigation. <u>See</u> Examiner Order ¶ 11. After conferring with the Creditors' Committee and Debtors, the Examiner anticipates leveraging work already performed or being performed by advisors to the Creditors' Committee and Debtors, including, without limitation, cryptocurrency tracing and other forensic analysis, in connection with the Investigation. To the extent that the Examiner determines that it is necessary to retain additional financial advisory or forensic assistance, the Examiner will seek approval of such retention expeditiously.

(d)     <u>Key Witness Interviews</u>: Following (or in conjunction with) the initial interviews, document review, and applicable work product review, the Examiner anticipates identifying key witnesses for further interviews in an effort to obtain a complete and thorough understanding of the matters pertinent to the Investigation.

(e)     <u>Examiner Report</u>:  At the conclusion of the Investigation, the Examiner intends to prepare a report, pursuant to and in accordance with Bankruptcy Code Section 1106(a)(4), setting forth the facts ascertained by the Examiner pertaining to the Investigation and, if applicable, potential causes of action that may be available to the estates arising therefrom. The Examiner will transmit such report to the Court, the U.S. Trustee, the Debtors, and the Creditors' Committee, and intends to file a copy of such report (with appropriate redactions, if necessary) on the case docket.

(iii)    <u>Budget</u>: The Examiner proposes an initial budget for the Investigation of $800,000 (inclusive of primary and local counsel fees and costs). The Examiner and its professionals will endeavor to work efficiently and expeditiously to complete the

Investigation within this proposed budget. But, given that the Examiner does not yet know the volume or complexity of information subject to the Investigation, the level of witness cooperation, and other matters pertinent to the Investigation, the Examiner reserves the right to seek modifications to the proposed Investigation budget by order of the Court after notice and an opportunity for parties-in-interest to be heard.

(iv)    <u>Timeline</u>: If at all possible, the Examiner intends, and will do his very best, to complete the Investigation and submit his report prior to the March 8, 2021 plan confirmation hearing.[3] The timing of completion of the Investigation, though, depends on several factors that are outside the current knowledge and/or control of the Examiner, including the volume and complexity of information subject to the Investigation, and the level of cooperation that the Examiner will receive from various parties. The Examiner will promptly inform the Court of any circumstances that may arise that could result in additional time being required to complete the Investigation.

12.    The Examiner fully expects that all parties will provide timely and good faith cooperation in connection with the Investigation. However, the Examiner reserves the right to seek formal discovery, including through a Bankruptcy Rule 2004 motion (on an expedited basis, if necessary), and to issue subpoenas in connection with the Investigation.

## **RESERVATION OF RIGHTS**

13.    The Examiner reserves the right to amend the scope and work plan set forth herein and the direction of the Investigation as it progresses, within the scope of the Examiner Order. To the extent that the Examiner seeks to materially modify the scope or work plan, or to

---

[3] The Examiner will strive to submit his report in advance of the plan confirmation hearing so as to provide parties adequate time to review before consideration of the plan. If practicable, the Examiner intends to share a draft of the report with key case parties in advance of finalizing the report.

modify the budget, for the Investigation, as set forth herein, the Examiner will seek approval of any such modification(s) by order of the Court, after notice and an opportunity for parties-in-interest to be heard.

Dated: January 20, 2021

                **ASHBY & GEDDES, P.A.**

                */s/ Gregory A. Taylor*
                Gregory A. Taylor (DE Bar No. 4008)
                Katharina Earle (DE Bar No. 6348)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                Tel: (302) 654-1888
                Email: gtaylor@ashbygeddes.com
                        kearle@ashbygeddes.com

                -and-

                **BROWN RUDNICK LLP**
                Andrew M. Carty (*pro hac vice* pending)
                Michael W. Reining (*pro hac vice* pending)
                Seven Times Square
                New York, NY 10036
                Tel: (212) 209-4800
                Email: acarty@brownrudnick.com
                        mreining@brownrudnick.com

                *Proposed Counsel to Robert J. Stark,*
                *in his capacity as Chapter 11 Examiner for Debtors*

9