UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Jan. 21, 2021 at 3:00 p.m. (ET)**<br>**RE: Docket Nos. 303 & 359** |

**REPLY OF DEBTORS TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ENTRY OF ORDER: (I) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (IV) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FORVOTING ON JOINT PLAN OF LIQUIDATION; (V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN; (VI) ESTABLISHINGVOTING DEADLINE TO ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII) ESTABLISHING HEARING DATE FOR FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND RELATED NOTICE AND OBJECTION PROCEDURES**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") file this reply (the "Reply") to the United States Trustee's objection (the "Objection")[2] to the

*Debtors' Motion for Entry of an Order: (i) Approving, on an Interim Basis, the Debtors'*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] *Objection of the United States Trustee to the Debtor's Motion for Entry of an Order (i) Approving, on an Interim Basis, the Debtors' Disclosure Statement; (ii) Establishing Voting Record Date; (iii) Approving Solicitation Packages and Distribution Procedures, (iv) Approving Forms of Ballots and Establishing Procedures for Voting on Joint Plan of Liquidation; (v) Approving Forms of Notices to Non-Voting Classes Under the Plan; (vi) Establishing Deadline to Accept or Reject Plan; (vii) Approving Procedures for Vote Tabulations; and (viii) Establishing Hearing Date for Final Approval of Disclosure Statement and Confirmation of Joint Plan of Liquidation and Related Notice and Objection Procedures* [Docket No. 359]. Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the Objection.

*Disclosure Statement; (ii) Establishing Voting Record Date; (iii) Approving Solicitation Packages and Distribution Procedures, (iv) Approving Forms of Ballots and Establishing Procedures for Voting on Joint Plan of Liquidation; (v) Approving Forms of Notices to Non-Voting Classes Under the Plan; (vi) Establishing Deadline to Accept or Reject Plan; (vii) Approving Procedures for Vote Tabulations; and (viii) Establishing Hearing Date for Final Approval of Disclosure Statement and Confirmation of Joint Plan of Liquidation and Related Notice and Objection Procedures* (the "<u>Motion</u>") [Docket No. 303]. In support of this Reply, the Debtors respectfully state as follows:

## **<u>REPLY</u>**

1. On January 18, 2021, the U.S. Trustee filed the Objection, raising certain concerns about the solicitation procedures proposed by the Debtors in the Motion. The Debtors submit that these concerns are easily addressed (as set forth herein) and do not merit denial of the Motion.

2. The initial concern raised in the Objection is that the Voting Record Date (proposed as January 14, 2021) pre-dates the February 10, 2021 Bar Date. The Objection contends that this means that

> (i) any creditor who was not listed on the Debtors' liability schedules who timely files a proof of claim after the Voting Record Date and by/prior to the Bar Date will not be permitted to vote on the proposed plan; and (ii) any creditor who was listed on the Debtors' liability schedules who timely files a non-contingent proof of claim in a liquidated amount, either before or after the Voting Record Date, will have their claim allowed for voting purposes in the amount reflected on the Debtor's schedules – not the amount reflected in the filed proof of claim – unless the claimant files a motion pursuant to Rule 3018.

Objection, ¶ 5. The Objection then quotes the Motion for the proposition that "Holders of claims or interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall

be holders of record, and as such, shall (a) be entitled to vote on the Plan …" *Id.* The Objection concludes that this statement operates to preclude other creditors from voting on the Plan. That is not so.

3. This argument misapprehends the Debtors' purpose in requesting the January 14, 2021 Voting Record Date, and the effect of such timing. Bankruptcy Rule 3017 requires the establishment of a record date for determining which creditors and equity holders are *automatically* entitled to receive solicitation packages concerning a proposed chapter 11 plan. It does not preclude other parties that may have a claim from filing a proof of claim and/or requesting a solicitation package from the Debtors. As long as such creditors held a claim as of the Voting Record Date, they will be entitled to vote, and their ballots will be counted in determining acceptance or rejection of the Plan.

4. The Debtors filed amended schedules of January 11, 2021, listing all known creditors holding unsecured claims as having fixed, liquidated and non-contingent claims. As a result, each of these creditors will automatically receive a solicitation package, including a ballot, and will be entitled to vote on the Plan. This will not prelude other creditors holding valid claims that were not scheduled from requesting a ballot, provided they held the claim as of the Voting Record Date.

5. To address the possibility that a creditor not listed on the schedules may wish to vote on the Plan, the Debtors will revise the proposed order approving the Motion to establish a procedure for the creditor to contact the Debtors and enter a stipulation as to the amount of its claim for voting purposes. A copy of the revised form of order will be filed prior to the hearing. Absent entering into a stipulation with the Debtors, the creditor retains all rights to pursue temporary allowance of its claim for voting purposes, in accordance with Rule 3018. Because the Debtors' schedules are essentially the same as the list of creditors used for mailing notice of

the claims bar date, the Debtors do not anticipate a large number of creditors filing proofs of claims for claims that were not scheduled, and then having to take steps to obtain a Ballot. The Debtors believe this procedure outlined above provides ample opportunity for unscheduled creditors who timely file proofs of claim to receive a solicitation package and vote on the proposed plan.

6. The Objection also raises certain issues concerning the Liquidation Trust. To address these concerns, the Debtors have agreed to file the Plan Supplement ten (10) days prior to the Voting Deadline, which Plan Supplement will identify the Liquidation Trustee and any compensation to be paid to the Liquidation Trustee.

7. With respect to the "Best Interest Test", the Debtors intend to file the Liquidation analysis prior to the hearing on interim approval of the Disclosure Statement, and to include the Liquidation Analysis in the solicitation packages.

## CONCLUSION

8. The procedure described above should resolve any concerns regarding the establishment of the Voting Record Date prior to the claims bar date. Coupled with the protections afforded under Bankruptcy Rue 3018, no creditor will be prejudiced by the proposed solicitation procedures. With regard to the other issues raised in the Objection, the Debtors believe they are addressed by the Debtors' agreement to file the Plan supplement ten (10) days prior to the Voting Deadline and to file the Liquidation Analysis in advance of the hearing on interim approval of the Disclosure Statement.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request the Court overrule the Objection, grant the Motion, and grant the Debtors such other and further relief as is just and proper.

Dated: January 21, 2021
    Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile: :   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
    mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admitted *pro hac vice*)
Avram E. Luft (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   alexbongartz@paulhastings.com
    aviluft@paulhastings.com
    derekcash@paulhastings.com

*Co-Counsel to the Debtors*