## Exhibit A

**Revised Proposed Solicitation Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 502, 1125,**
**1126 AND 1128, BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020, AND**
**LOCAL RULES 3017-1, 3017-2, 3018-1, AND 3020-1: (I) APPROVING, ON AN**
**INTERIM BASIS, THE DEBTORS' DISCLOSURE STATEMENT; (II) ESTABLISHING**
**VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND**
**DISTRIBUTION PROCEDURES; (IV) APPROVING FORMS OF BALLOTS AND**
**ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN OF LIQUIDATION;**
**(V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN;**
**(VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN;**
**(VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII)**
**ESTABLISHING HEARING DATE FOR FINAL APPROVAL OF DISCLOSURE**
**STATEMENT AND CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND**
**RELATED NOTICE AND OBJECTION PROCEDURES**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Upon the motion, (the "Motion")[1] of Cred Inc. and its affiliated debtors and debtors in possession in the above-captioned matter (collectively, the "Debtors") for entry of an order, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020, 9006, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3017-2, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) approving, on an interim basis, the Debtors' Disclosure Statement; (ii) establishing voting record date; (iii) approving solicitation packages and distribution procedures; (iv) approving forms of ballots and establishing procedures for voting on the joint plan of liquidation; (v) approving forms of notices to non-voting classes under the plan; (vi) approving the Opt-Out Election Form; (vii) establishing voting deadline to accept or reject the plan; (viii) approving procedures for vote tabulations; and (ix) establishing hearing date for final approval of the Disclosure Statement and confirmation of Plan and related notice and objection procedures thereof, all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice

---

[1]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

need be given; and the Court having reviewed the Motion and determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors and their

estates and creditors; [and a hearing having been held to consider the relief requested in the

Motion (the "Hearing")]; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.    The Disclosure Statement attached hereto as **Exhibit 1** (together with all exhibits

and as it may be further amended, the "Disclosure Statement") contains "adequate information"

about the Debtors' joint plan of liquidation (as it may be further amended, the "Plan") within the

meaning of section 1125 of the Bankruptcy Code.

B.    The Disclosure Statement and Motion comply with the requirements set forth in

Local Rule 3017-2(c).

C.    Notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for

filing objections to interim approval of the Disclosure Statement was due and proper to all

interested parties and no further notice is necessary.

D.    The forms of the Ballots attached hereto as **Exhibit 2** and **Exhibit 3** are consistent

with Official Form No. 14, address the particular needs of these chapter 11 cases, and are

appropriate for each class of claims or interests entitled to vote to accept or reject the Plan.  The

voting instructions attached to each Ballot contain adequate information to instruct all members

of the Voting Classes how to vote.

E.    Holders of claims and interests in Class 1 (Other Priority Claims), Class 2

(Secured Tax Claims), Class 3 (Other Secured Claims), Class 6 (Subordinated Securities

Claims), and Class 7 (Equity Interests in Debtors) (the "Non-Voting Classes") are conclusively presumed to accept or reject the Plan, as applicable. Accordingly, members of the Non-Voting Classes are not entitled to vote or receive a Ballot.

F.      The period, as set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

G.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The notice procedures set forth below comply with Bankruptcy Rules 2002 and 3017(d), and provide due, proper, and adequate notice of approval of the Disclosure Statement, the Combined Hearing, and the procedures for filing objections or responses to final approval of the Disclosure Statement and confirmation of the Plan.

I.      The proposed timing for the Combined Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

J.      The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

K.      The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest.

L.      The legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein.

NOW, THEREFOR, IT IS ORDERED THAT:

1.      The Motion is GRANTED.

2.      Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

3.      The Disclosure Statement is approved on an interim basis.

4.      In accordance with Local Rule 3017-2(c)(vi), objections not made to (a) the voting procedures, (b) the form of Combined Hearing Notice, or (c) the form of Ballots at the time of the hearing (if any) on the Motion shall not be considered at the time of the Combined Hearing.

5.      The forms of Ballots are approved.

6.      For the purposes of determining creditors entitled to vote on the Plan, the Voting Record Date (the "Voting Record Date") is **January 14, 2021** with respect to holders of claims or interests in Class 4 (General Unsecured Claims) and Class 5 (Convenience Claims) (collectively, the "Voting Classes").

7.      The Voting Record Date is the date for purposes of determining which creditors and equity interest holders in the Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

8.      The Debtors will complete the mailing of Solicitation Packages by no later than the date that is five (5) business days following entry of this Order (the "Solicitation Date").

9.      Solicitation Packages distributed to creditors in the Voting Classes will contain a copy of (i) the Disclosure Statement Order (excluding exhibits attached thereto); (ii) the appropriate form of Ballot to accept or reject the Plan with instructions and a return envelope; (iii) the Combined Joint Plan and Disclosure Statement; (iv) the Combined Hearing Notice; (v) the Committee Support Letter; and (vi) such other material as the Court may direct.

Notwithstanding anything to the contrary contained in this Order, any creditor who has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Voting Agent) within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

10.     Solicitation Packages distributed to holders of claims and interests in Non-Voting Classes will contain a copy of (i) the Combined Hearing Notice, (ii) the appropriate Notice of Non-Voting Status, and (iii) the Opt-Out Election Form.

11.     With respect to any transferred Claim, if the transferor of such Claim is entitled to vote to accept or reject the Plan, the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

12.     By the Solicitation Date, the Debtors shall distribute, or cause to be distributed, the Disclosure Statement Order (excluding exhibits attached thereto), the Combined Hearing Notice, the Combined Joint Plan and Disclosure Statement, and any other materials as the Court may direct to the following: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the 2002 List; (iv) the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) all persons or entities who are counterparties to executory contracts or unexpired leases with the Debtors that have not been

previously assumed or rejected; and (viii) all persons or entities that have filed an administrative expense claim.

13.     The Debtors are not required to distribute copies of the Combined Joint Plan and Disclosure Statement, Disclosure Statement Order, or Committee Support Letter to holders of claims and interests in Non-Voting Classes unless such a holder makes a specific written request for copies of such documents to the Debtors' voting agent, Donlin Recano & Company, LLC (the "Voting Agent") at Cred Inc. Voting Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219 at least 10 days before the deadline to object to confirmation of the Plan.

14.     The Debtors are authorized (but not required) to distribute the Combined Joint Plan and Disclosure Statement and the Disclosure Statement Order in digital format in a flash drive.  The Ballots, Combined Hearing Notice, Notices of Non-Voting Status, Opt-Out Election Form, and Committee Support Letter will be provided in paper format.  Notwithstanding the foregoing, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the full Solicitation Package on their customers by email.   The Debtors shall also make the Combined Joint Plan and Disclosure Statement and Combined Hearing Notice available in electronic format on-line at https://www.donlinrecano.com/Clients/cred/Index.

15.     The Debtors are not required to send Solicitation Packages to creditors that have claims that have already been paid in full; *provided, however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that such claim had been paid by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

16.     The Debtors are excused from mailing Solicitation Packages and any other material related to voting or confirmation of the Plan to those entities to which certain notices mailed during the course of these chapter 11 cases have been returned as undeliverable by the United States Postal Service, unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date.  The Debtors' failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Combined Hearing or Voting Deadline, and shall not constitute a violation of Bankruptcy Rule 3017(d).

17.     The Debtors are not required to distribute copies of the Combined Joint Plan and Disclosure Statement to any party not entitled to vote on the Plan pursuant to this Order, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018.

18.     The Debtors are authorized to make non-substantive modifications to the Combined Joint Plan and Disclosure Statement, the Combined Hearing Notice, the Solicitation Packages, the Non-Voting Status Notices, the Ballots, and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Combined Joint Plan and Disclosure Statement and any other materials in the Solicitation Packages before distribution.  The Debtors shall file the Plan Supplement no later than ten (10) calendar days prior to the Voting Deadline (as defined below in Paragraph 22).

19.     The Notice of Unimpaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, is approved and shall be distributed to all known holders of claims in the Unimpaired Non-Voting Classes.

20.     The Notice of Impaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 5**, is approved and shall be distributed to all known holders of claims and interests in the Impaired Non-Voting Classes.

21.     The Opt-Out Election Form, substantially in the form attached hereto as **Exhibit 6**, is approved and shall be distributed to all known holders of claims or interest in the Unimpaired Non-Voting Classes and the Impaired Non-Voting Classes.

22.     To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent via: (i) first-class mail, in the return envelope provided with each Ballot, to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (ii) overnight courier or hand delivery to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, 6201 15th Avenue, Brooklyn, NY 11219; or (iii) the online balloting portal at https://www.donlinrecano.com/Clients/cred/vote (the "Online Portal"), in each case so as to be actually received by no later than **4:00 p.m. (prevailing Eastern Time) on March 1, 2021** (the "Voting Deadline").

23.     To be counted as an election to opt-out of the third party releases in Section 18.2 of the Plan, each Opt-Out Election Form must be properly executed, completed, and the original thereof delivered to the Voting Agent so as to be actually received by the Voting Agent no later than the Voting Deadline, *i.e.*, **4:00 p.m. (prevailing Eastern Time) on March 1, 2021**.

24.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, each claim within a class of claims entitled to vote to accept

or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set

forth in the Schedules, provided that:

(a)     If a claim is allowed under the Plan or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan or the order;

(b)     If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

(c)     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)     If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)     If the Debtors have served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(h)     Claims filed for $0.00 are not entitled to vote; and

(i)     If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors have objected to such earlier-filed claim.

25.     The following procedures shall apply for tabulating votes: (i) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; (ii) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed eliminated; (iii) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last received, validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots; (iv) creditors must vote all their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted; (v) creditors that are entitled to make the Convenience Class Election with respect to claims within a particular class must make the Convenience Class Election as to the entire amount of such claims and may not split such claims; and (vi) except as otherwise provided in the Motion, for purposes of determining whether numerosity and claim or interest amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

26.     The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors, in their discretion, grant an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; and (v) any Ballot transmitted to the Voting Agent by facsimile or other electronic means, other than through the Online Portal.  Notwithstanding anything contained in this Order to the contrary, the Voting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects.  Subject to any contrary order of the Court and except as otherwise set forth in this Order, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any decision to either waive any defects or irregularities or reject any Ballot pursuant to this Paragraph 26 shall be documented in the vote tabulation certification prepared by the Voting Agent.

27.     If any creditor disputes the amount of its claim for voting purposes, or did not receive a Ballot because its claim was not listed on the Debtors' schedules of liabilities, such creditor may contact Debtors' counsel to discuss the amount and priority of such claim, and the Debtors will negotiate in good faith to enter into a stipulation with such creditor regarding the amount of the claim for voting purposes.  Neither the Debtors nor the disputing creditor have any obligation to reach a stipulation.  In the event the creditor enters a stipulation with the Debtors, the creditor will receive a Ballot and will be entitled to vote its claim in the agreed amount.

28.     In the event a creditor is unable to reach agreement with the Debtors on the

allowed amount of its claim for voting purposes as set forth in paragraph 27 of this Order, any

creditor that seeks to challenge the allowance of its claim for voting purposes in accordance with

the above procedures, such creditor shall serve on the Debtors and the Creditors' Committee, and

file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily

allowing such claim in a different amount for purposes of voting to accept or reject the Plan on

or before the 7th calendar day before the Voting Deadline.  The Debtors further propose, in

accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such

creditor's Ballot should not be counted unless temporarily allowed by an order entered by the

Court prior to the Voting Deadline.

29.     The hearing on final approval of the Disclosure Statement and confirmation of the

Plan (the "Combined Hearing") will be held at **[_____], a/p.m. (prevailing Eastern Time) on**

**March [__]**; *provided, however*, that the Combined Hearing may be adjourned or continued

from time to time by the Court or the Debtors without further notice other than adjournments

announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing

filed by the Debtors with the Court.

30.     The notice of (i) the time fixed for filing objections to final approval of the

Disclosure Statement and confirmation of the Plan and (ii) the time, date, and place of the

Combined Hearing, substantially in the form annexed hereto as **Exhibit 7**, (the "Combined

Hearing Notice") is approved.

31.     The Committee Support Letter, substantially in the form attached hereto as

**Exhibit 8**, is approved.

32.     The Debtors shall publish the Combined Hearing Notice (in a format modified for publication) within seven business days of the Solicitation Date in *The San Francisco Chronicle*. The publication of the Combined Hearing Notice provides sufficient notice to persons who do not otherwise receive the Combined Hearing Notice by mail.

33.     Objections or responses to final approval of the Disclosure Statement or confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Disclosure Statement or Plan, and (iv) be filed, together with proof of service, with the Court and served upon either the following e-mail or physical addresses so as to be actually received by: (a) counsel for the Debtors, (i) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James T. Grogan (jamesgrogan@paulhastings.com) and Mack Wilson (mackwilson@paulhastings.com), (ii) Paul Hastings LLP, 200 Park Avenue, New York, New York, 10166, Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com), Scott Shelley (scottshelley@paulhastings.com), and Derek Cash (derekcash@paulhastings.com), and (iii) Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803, Attn: Scott D. Cousins (scott.cousins@cousinslaw.com); (b) counsel for the Creditors' Committee, McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173, Attn: Timothy W. Walsh (twwalsh@mwe.com) and Darren Azman (dazman@mwe.com); and (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Joseph J. McMahon, Jr. (joseph.mcmahon@usdoj.gov) and John Schanne (john.schanne@usdoj.gov), so as to be actually received no later than **4:00 p.m. (prevailing Eastern Time), on March 1, 2021.**

14

34.     Objections to final approval of the Disclosure Statement or confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

35.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

36.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

37.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

## Exhibit 1

**Combined Joint Plan and Disclosure Statement**

## **Exhibit 2**

**Form of Ballot for Classes 4 (General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF LIQUIDATION OF CRED INC. AND
ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4:  GENERAL UNSECURED CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
> MARCH 1, 2021 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Cred Inc. and its affiliated debtors, as debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively the "Combined Joint Plan and Disclosure Statement").  Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Combined Joint Plan and Disclosure Statement.

If you, as of **January 14, 2021** (the "Voting Record Date"), hold a Class 4 General Unsecured Claim, as defined in the Combined Joint Plan and Disclosure Statement, this Ballot permits you to cast your vote to accept or reject the Plan as well as make the Convenience Class Election in accordance with the Plan.  The Disclosure Statement has been approved on an interim basis by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate the Bankruptcy Court's approval of the Plan.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two thirds in amount of the interests in each impaired Class of interests who vote on the Plan, and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**Ballots may be submitted either in hard copy to the Voting Agent or via the Online Portal, as further detailed in the attached Instructions.  Ballots submitted by e-mail or facsimile transmission will not be accepted.  Ballots should not be sent to the Debtors or the Bankruptcy Court.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE REVIEW THE COMBINED JOINT PLAN AND DISCLOSURE STATEMENT BEFORE YOU VOTE.  THIS BALLOT IS FOR VOTING ALL OF YOUR GENERAL UNSECURED CLAIMS IN CLASS 4.  IF YOU HOLD CLAIMS IN MORE THAN ONE CLASS UNDER THE PLAN, YOU WILL RECEIVE A BALLOT FOR EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE AND MUST COMPLETE A SEPARATE BALLOT FOR EACH CLASS OF CLAIMS.**

**IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2 OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE NOT BE COUNTED.**

**PLEASE REVIEW THE ACKNOWLEDGEMENT CONTAINED IN ITEM 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

<u>**Item 1**</u>.  **Voting Amount of Class 4 General Unsecured Claims.**  The undersigned certifies that, as of the Voting Record Date, the undersigned is a holder of General Unsecured Claims in Class 4 of the Plan in the following aggregate amount:

> $ [*VoteAmt*][2]

<u>**Item 2**</u>.  **Vote to Accept or Reject the Plan**.  The undersigned, a holder of the Class 4 General Unsecured Claims set forth in <u>Item 1</u>, votes as follows (check *only* one box below):

| ❑   **ACCEPT** the Plan. | ❑   **REJECT** the Plan. |
|---|---|

<u>**Item 3**</u>.  **Release.**  You will be bound by the third party release in Section 18.2 of the Plan if you (1) vote in favor of the Plan or (2) abstain from voting or vote to reject the Plan and do not opt out by checking the box at the end of this Item 3.  The third party release in Section 18.2 provides as follows:

> **In addition, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the services of the Released Parties, the settlements and compromises contained herein, and the Distributions to be made pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors, (b) all Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to reject the Combined Plan and Disclosure Statement and (B) do not opt out of the this release on a timely submitted Ballot or the Opt -Out Election Form, and (c) with respect to the foregoing subparagraph (b), the current and former Affiliates thereof, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers,**

---

[2]   For voting purposes only.  Subject to tabulation rules.

**principals, members employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, each in their capacity as such, shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.**

**For the avoidance of doubt, no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind hereunder, whether from the Debtors or otherwise.**

"Released Parties" is defined in the Plan as the Professionals retained by the Debtors, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Professionals retained by the Committee, and the respective agents and representatives of each of the foregoing.

> ❑   By checking this box, the undersigned elects to <u>opt out</u> of the release.

**<u>Item 4</u>. Voluntary Election for Convenience Claim Treatment (Optional).**  As explained in the Combined Joint Plan and Disclosure Statement, you may elect to have your Class 4 Claims treated instead as a Convenience Claim in Class 5 by making a Convenience Class Election.  Making the Convenience Class Election is optional and voluntary; you should compare the treatment of Claims in Class 4 and Class 5 before deciding whether to make the Convenience Class Election.  **If you accept the Convenience Class Election, then you will be deemed to have waived your Class 4 Claims and instead your Claims shall be converted to a Class 5 Convenience Claim in the amount of $1,000.**

The undersigned, a holder of the Class 4 General Unsecured Claims as set forth in <u>Item 1</u>:

> ❑   **ACCEPTS the Convenience Class Election** and the conversion of all its Class 4 General Unsecured Claims into a Class 5 Convenience Claim in the amount of $1,000.

**Item 5.** **Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Combined Joint Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Creditor: [*name*]

       [*address*]

| |
|---|
| Name |
| Social Security or Federal Tax I.D. No. (optional) |
| Signature |
| If by Authorized Agent, Name and Title |
| Name of Institution |
| Street Address |
| City, State, Zip Code |
| Telephone Number |
| Date Completed |

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS
OF CLASS 4 GENERAL UNSECURED CLAIMS AND MAKING THE CONVENIENCE CLASS
ELECTION**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE
COMBINED JOINT PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE
COMPLETING THE BALLOT.**

2. Please review the information contained in Item 1 for accuracy.

3. In the boxes provided in Item 2 of the Ballot, please indicate acceptance or rejection of the Plan.

4. You must vote your entire Class 4 General Unsecured Claims to accept or reject the Plan. You may not split
your vote.

5. If you vote in favor of the Plan, you will be bound by the third party release in Section 18.2 of the Plan. If you
vote to reject the Plan or abstain from voting on the Plan you may opt out of the third party release in Section
18.2 of the Plan. In order to do so, you must check the box in Item 3.

6. If you wish to make the Convenience Class Election, check the box in Item 4. If you make the Convenience
Class Election, you make this election as to the entire amount of your Class 4 General Unsecured Claims. You
may not split your Class 4 Claims.

7. Complete the Ballot by providing all the information requested and sign, date, and return the Ballot so that it is
**received by the Voting Agent by 4:00 p.m. (prevailing Eastern Time) on March 1, 2021 (the "Voting
Deadline").**

   If a Ballot is received after the Voting Deadline, it will not be counted.

8. Ballots may be submitted by mail, overnight courier or personal delivery to Donlin Recano & Company, Inc.
(the "Voting Agent") at the applicable following address:

<table>
<tr><td align="center"><b>BY UNITED STATES MAIL:</b></td><td align="center"><b>BY OVERNIGHT COURIER OR PERSONAL<br>DELIVERY:</b></td></tr>
<tr><td align="center">Donlin, Recano & Company, Inc.<br>Re: CRED, INC<br>Attn: Voting Department<br>P.O. Box 199043, Blythebourne Station<br>Brooklyn, NY 11219</td><td align="center">Donlin, Recano & Company, Inc.<br>Re: CRED, INC<br>Attn: Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219</td></tr>
</table>

9. In the alternative, you may also submit your Ballot via the online portal (the "Online Portal") at
https://www.donlinrecano.com/Clients/cred/vote

   Please make sure to follow the instructions at the Online Portal to submit your Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized
   electronic Ballot:**

   **Unique E-Ballot ID#:**_____

   **The Online Portal is the sole manner in which Ballots will be accepted via electronic or online
   transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be
   counted. Ballots should not be sent to the Debtors or the Bankruptcy Court.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**CREDITORS WHO CAST A BALLOT USING THE ONLINE PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline your vote will not be counted.**

10. If you hold Claims in more than one voting Class under the Plan, you may receive more than one Ballot. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting General Unsecured Claims in Class 4.** You must vote all of your General Unsecured Claims in a particular class under the Plan either to accept or reject the Plan.

11. If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, if requested, submit satisfactory evidence of your authority to do so (*i.e.*, a power of attorney).

12. Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Disclosure Statement Order which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors or the Liquidation Trustee in any other context (*i.e.*, the right of the Debtors or the Liquidation Trustee to contest the amount or validity of any Claim for purposes of allowance under the Plan).

13. The Ballot does not constitute and shall not be deemed a proof of Claim or interest or an assertion of a Claim or interest.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE BANKRUPTCY COURT.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, DONLIN RECANO & COMPANY, INC. , AT AT (877) 739-9988 (OR OUTSIDE THE U.S. AT (212) 771-1128).**

**<u>Exhibit 3</u>**

**Form of Ballot for Classes 5 (Convenience Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF LIQUIDATION OF CRED, INC. AND
ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5:  CONVENIENCE CLAIMS**

<div style="border:1px solid black; padding:10px;">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
MARCH 1, 2021 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

</div>

Cred Inc. and its affiliated debtors, as debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively the "Combined Joint Plan and Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Combined Joint Plan and Disclosure Statement.

If you, as of **January 14, 2021** (the "Voting Record Date"), hold a Class 5 Convenience Claim, as defined in the Plan, this Ballot permits you to cast your vote to accept or reject the Plan. The Disclosure Statement has been approved on an interim basis by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate Bankruptcy Court approval of the Plan. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two thirds in amount of the interests in each impaired Class of interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**Ballots may be submitted either in hard copy to the Voting Agent or via the Online Portal, as further detailed in the attached Instructions. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors or the Bankruptcy Court.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE REVIEW THE COMBINED JOINT PLAN AND DISCLOSURE STATEMENT BEFORE YOU
VOTE. THIS BALLOT IS FOR VOTING ALL YOUR CLASS 5 CONVENIENCE CLAIMS.  IF YOU HOLD
CLAIMS IN MORE THAN ONE CLASS UNDER THE PLAN, YOU WILL RECEIVE A BALLOT FOR
EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE AND MUST COMPLETE A SEPARATE
BALLOT FOR EACH CLASS OF CLAIMS.

IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES
ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED.

PLEASE REVIEW THE ACKNOWLEDGEMENT CONTAINED IN ITEM 4.  IF THIS BALLOT IS NOT
SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR
COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Voting Amount of Class 5 Convenience Claims.**  The undersigned certifies that, as of the Voting Record
Date, the undersigned is a holder of Convenience Claims in Class 5 of the Plan in the following aggregate amount:

$ *[VoteAmt]*[2]

**Item 2.  Vote to Accept or Reject the Plan**.  The undersigned, a holder of the Class 5 Convenience Claims set forth
in Item 1, votes as follows (check *only* one box below):

| ❑     **ACCEPT** the Plan. | ❑     **REJECT** the Plan. |
|---|---|

**Item 3.  Release.**  You will be bound by the third party release in Section 18.2 of the Plan if you (1) vote in favor of
the Plan or (2) abstain from voting or vote to reject the Plan and do not opt out by checking the box at the end of this
Item 3.  The third party release in Section 18.2 provides as follows:

> In addition, effective as of the Confirmation Date, but subject to the occurrence
> of the Effective Date, and in consideration of the services of the Released Parties, the
> settlements and compromises contained herein, and the Distributions to be made
> pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors, (b) all
> Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and
> Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to
> reject the Combined Plan and Disclosure Statement and (B) do not opt out of the this
> release on a timely submitted Ballot or the Opt -Out Election Form, and (c) with respect
> to the foregoing subparagraph (b), the current and former Affiliates thereof, and such
> Entities' and their current and former Affiliates' current and former members, directors,
> managers, officers, equity holders (regardless of whether such interests are held directly
> or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their
> respective current and former members, equity holders, officers, directors, managers,

---

[2]    For voting purposes only.  Subject to tabulation rules.

**principals, members employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, each in their capacity as such, shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.**

**For the avoidance of doubt, no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind hereunder, whether from the Debtors or otherwise.**

"Released Parties" is defined in the Plan as the Professionals retained by the Debtors, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Professionals retained by the Committee, and the respective agents and representatives of each of the foregoing.

❑   By checking this box, the undersigned elects to <u>opt out</u> of the release.

**Item 4.**  **Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Combined Joint Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Creditor: [*name*]

       [*address*]

| |
|---|
| Name |
| Social Security or Federal Tax I.D. No. (optional) |
| Signature |
| If by Authorized Agent, Name and Title |
| Name of Institution |
| Street Address |
| City, State, Zip Code |
| Telephone Number |
| Date Completed |

4

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 5 CONVENIENCE CLAIMS**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  **PLEASE READ THE COMBINED JOINT PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT.**

2.  In the boxes provided in <u>Item 2</u> of the Ballot, please indicate acceptance or rejection of the Plan.

3.  If you vote in favor of the Plan, you will be bound by the third party release in Section 18.2 of the Plan.  If you vote to reject the Plan or abstain from voting on the Plan you may opt out of the third party release in Section 18.2 of the Plan.  In order to do so, you must check the box in <u>Item 3</u>.

4.  Ballots may be submitted by mail, overnight courier or personal delivery to Donlin Recano & Company, Inc. (the "<u>Voting Agent</u>") at the applicable following address:

<table>
<tr><td align="center"><b>BY UNITED STATES MAIL:</b></td><td align="center"><b>BY OVERNIGHT COURIER OR PERSONAL DELIVERY:</b></td></tr>
<tr><td align="center">Donlin, Recano & Company, Inc.<br>Re: CRED, INC<br>Attn: Voting Department<br>P.O. Box 199043, Blythebourne Station<br>Brooklyn, NY 11219</td><td align="center">Donlin, Recano & Company, Inc.<br>Re: CRED, INC<br>Attn: Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219</td></tr>
</table>

5.  In the alternative, you may also submit your Ballot via the online portal (the "<u>Online Portal</u>") at https://www.donlinrecano.com/Clients/cred/vote

Please make sure to follow the instructions at the Online Portal to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  Ballots should not be sent to the Debtors or the Bankruptcy Court.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**CREDITORS WHO CAST A BALLOT USING THE ONLINE PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline your vote will not be counted.**

6.  If you hold Claims in more than one voting Class under the Plan, you may receive more than one Ballot.  **Each Ballot you receive is for voting only those Claims described on the Ballot**.  **Please complete and return each Ballot you receive**.  **The attached Ballot is designated only for voting Convenience Claims in Class 5.** You must vote all of your Convenience Claims in a particular class under the Plan either to accept or reject the Plan.

7.   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, if requested, submit satisfactory evidence of your authority to do so (*i.e.*, a power of attorney).

8.   Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "<u>Tabulation Rules</u>").  The Tabulation Rules are set forth in the Disclosure Statement Order which is enclosed with the solicitation materials you received along with this Ballot.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors or the Liquidation Trustee in any other context (*i.e.*, the right of the Debtors or the Liquidation Trustee to contest the amount or validity of any Claim for purposes of allowance under the Plan).

9.   The Ballot does not constitute and shall not be deemed a proof of Claim or interest or an assertion of a Claim or interest.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE BANKRUPTCY COURT.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT,  OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, DONLIN RECANO & COMPANY, INC. AT (877) 739-9988 (OR OUTSIDE THE U.S. AT (212) 771-1128).**

## Exhibit 4

**Notice of Unimpaired Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF UNIMPAIRED NON-VOTING STATUS UNDER JOINT PLAN OF LIQUIDATION OF
CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE[2]**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On November 7, 2020, Cred Inc. and certain of its subsidiaries, as debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On [\_\_\_], 2021, the Bankruptcy Court entered an Order (the "Disclosure Statement Order") approving, on an interim basis, the Disclosure Statement as set forth in the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively the "Combined Joint Plan and Disclosure Statement"). Capitalized terms used in this Notice have the meanings given to them in the Combined Joint Plan and Disclosure Statement. The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan.

**Under the terms of the Plan, your claim(s) against the Debtors is/are not impaired, and therefore, pursuant to section 1126(f) of the Bankruptcy Code you are (i) deemed to have accepted the Plan and (ii) not entitled to vote on the Plan.**

**IMPORTANT: You will be bound by the third party release in Section 18.2 of the Plan unless you opt out of such release by filling out and timely submitting an Opt-Out Election Form, which is enclosed with this Notice. The deadline to submit the Opt-Out Election Form is March 1, 2021 at 4:00 p.m. (prevailing Eastern Time).**

The third party release in Section 18.2 of the Plan provides as follows:

> **In addition, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the services of the Released Parties, the settlements and compromises contained herein, and the Distributions to be made pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors, (b) all Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Unimpaired Classes consist of Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims) and Class 3 (Other Secured Claims).

**reject the Combined Plan and Disclosure Statement and (B) do not opt out of the this release on a timely submitted Ballot or the Opt -Out Election Form, and (c) with respect to the foregoing subparagraph (b), the current and former Affiliates thereof, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, each in their capacity as such, shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.**

       **For the avoidance of doubt, no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind hereunder, whether from the Debtors or otherwise.**

"Released Parties" is defined in the Plan as the Professionals retained by the Debtors, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Professionals retained by the Committee, and the respective agents and representatives of each of the foregoing.

       **If you have any questions about the status of your claim(s), or you wish to obtain a copy of the Combined Joint Plan and Disclosure Statement, copies of the document (including any exhibits thereto) are available at no charge via the internet at <u>https://www.donlinrecano.com/Clients/cred/Index</u>.  Copies of the Combined Joint Plan and Disclosure Statement (excluding any publicly-filed exhibits thereto) are also available upon a written request made to Donlin Recano & Company, Inc. at Cred Inc. Voting Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

Dated: January [__], 2021
      Wilmington, Delaware

                             Scott D. Cousins
                             **COUSINS LAW LLC**
                             Brandywine Plaza West
                             1521 Concord Pike, Suite 301
                             Wilmington, Delaware 19803

                             *Co-Counsel to the Debtors*

## Exhibit 5

**Notice of Impaired Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF IMPAIRED NON-VOTING STATUS UNDER JOINT PLAN OF LIQUIDATION OF CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE[2]**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On November 7, 2020, Cred Inc. and certain of its subsidiaries, as debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On [___], 2021, the Bankruptcy Court entered an Order (the "Disclosure Statement Order") approving, on an interim basis the Disclosure Statement as set forth in the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively the "Combined Joint Plan and Disclosure Statement"). Capitalized terms used in this Notice have the meanings given to them in the Combined Joint Plan and Disclosure Statement. The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan.

**Under the terms of the Plan, you are not entitled to receive or retain any property on account of your claim(s) against, or interest(s) in, the Debtors. Therefore, pursuant to section 1126(g) of the Bankruptcy Code you are (i) deemed to have rejected the Plan and (ii) not entitled to vote on the Plan.**

**IMPORTANT: You will be bound by the third party release in Section 18.2 of the Plan unless you opt out of such release by filling out and timely submitting an Opt-Out Election Form, which is enclosed with this Notice. The deadline to submit the Opt-Out Election Form is March 1, 2021 at 4:00 p.m. (prevailing Eastern Time).**

The third party release in Section 18.2 of the Plan provides as follows:

**In addition, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the services of the Released Parties, the settlements and compromises contained herein, and the Distributions to be made pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors, (b) all Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Impaired Non-Voting Classes consist of Class 6 (Subordinated Securities Claims) and Class 7 (Equity Interests in Debtors).

**reject the Combined Plan and Disclosure Statement and (B) do not opt out of the this release on a timely submitted Ballot or the Opt -Out Election Form, and (c) with respect to the foregoing subparagraph (b), the current and former Affiliates thereof, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, each in their capacity as such, shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.**

**For the avoidance of doubt, no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind hereunder, whether from the Debtors or otherwise.**

"Released Parties" is defined in the Plan as the Professionals retained by the Debtors, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Professionals retained by the Committee, and the respective agents and representatives of each of the foregoing.

**If you have any questions about the status of your claim(s), or you wish to obtain a copy of the Combined Joint Plan and Disclosure Statement, copies of the document (including any exhibits thereto) are available at no charge via the internet at https://www.donlinrecano.com/Clients/cred/Index. Copies of the Combined Joint Plan and Disclosure Statement (excluding any publicly-filed exhibits thereto) are also available upon a written request made to Donlin Recano & Company, Inc. at Cred Inc. Voting Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

Dated: January [__], 2021
   Wilmington, Delaware

Scott D. Cousins
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803

*Co-Counsel to the Debtors*

3

## Exhibit 6

### Opt-Out Election Form

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

## OPT-OUT ELECTION FORM

On November 7, 2020, Cred Inc. and certain of its subsidiaries, as debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On [___], 2021, the Bankruptcy Court entered an Order (the "Disclosure Statement Order") approving, on an interim basis the Disclosure Statement as set forth in the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively, the "Combined Joint Plan and Disclosure Statement").  The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan.

You are receiving this Third Party Release Opt-Out Election Form because the Debtors believe you are a Holder of a Claim or Interest in (a) Class 1, 2, or 3, and thus a member of an Unimpaired Non-Voting Class or (b) Class 6 or 7, and thus a member of an Impaired Non-Voting Class.  The Unimpaired Non-Voting Classes and the Impaired Non-Voting Classes are referred to, collectively, as the "Non-Voting Classes."

As a member of a Non-Voting Class, you will be bound by the third party release in Section 18.2 of the Plan unless you opt-out by checking the box below.  You should read Section 18.2 of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.  You should check the box below if you do not consent to the release.  If you do not check the box, and/or otherwise do not correctly complete and return this Opt-Out Election Form, you will have been deemed to consent to the third party release.

Among other things, section 18.2 of the Plan provides as follows:

> **In addition, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the services of the Released Parties, the settlements and compromises contained herein, and the Distributions to be made pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors, (b) all Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to reject the Combined Plan and Disclosure Statement and (B) do not opt out of the this release on a timely submitted Ballot or the Opt -Out Election Form, and (c) with respect to the foregoing subparagraph (b), the current and former Affiliates thereof, and such Entities' and their current and former Affiliates' current and former members, directors,**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

**managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, each in their capacity as such, shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.**

**For the avoidance of doubt, no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind hereunder, whether from the Debtors or otherwise.**

"Released Parties" is defined in the Plan as the Professionals retained by the Debtors, Grant Lyon as the Debtors' independent director, Matthew Foster as the Debtors' chief restructuring officer, any other staff supplied by Sonoran Capital Advisors, LLC, the Professionals retained by the Committee, and the respective agents and representatives of each of the foregoing.

---

❑    By checking this box, the undersigned elects to <u>opt out</u> of the release.

---

**Complete this Opt-Out Election Form by providing all the information requested and sign, date, and return the Opt-Out Election Form by mail, overnight courier or personal delivery to Donlin Recano & Company, Inc. (the "<u>Voting Agent</u>") at the applicable following address:**

| BY UNITED STATES MAIL: | BY OVERNIGHT COURIER OR PERSONAL DELIVERY: |
|---|---|
| Donlin, Recano & Company, Inc. | |
| Re: CRED, INC | Donlin, Recano & Company, Inc. |
| Attn: Voting Department | Re: CRED, INC |
| P.O. Box 199043, Blythebourne Station | Attn: Voting Department |
| Brooklyn, NY 11219 | 6201 15th Avenue |
| | Brooklyn, NY 11219 |

**The completed Opt-Out Election Form must be *received* by the Voting Agent by 4:00 p.m. (prevailing Eastern Time) on March 1, 2021.**

**Acknowledgment.** By signing this Opt-Out Election Form, the undersigned acknowledges and certifies that the undersigned is the claimant or has the power and authority to vote to opt out of the release on behalf of the claimant.

Creditor: [*name*]

     [*address*]

| |
|---|
| Name |

| |
|---|
| Social Security or Federal Tax I.D. No. (optional) |

| |
|---|
| Signature |

| |
|---|
| If by Authorized Agent, Name and Title |

| |
|---|
| Name of Institution |

| |
|---|
| Street Address |

| |
|---|
| City, State, Zip Code |

| |
|---|
| Telephone Number |

| |
|---|
| Date Completed |

## Exhibit 7

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF: (I) INTERIM APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHMENT OF
VOTING RECORD DATE; (III) PROCEDURES AND DEADLINE FOR VOTING ON PLAN; AND
(IV) HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF
PLAN AND RELATED PROCEDURES FOR OBJECTIONS**

**PLEASE TAKE NOTICE THAT:**

1. **Interim Approval of Disclosure Statement**. On [___], 2021, the Bankruptcy Court entered an Order (the "Disclosure Statement Order") approving, on an interim basis the Disclosure Statement as set forth in the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (with respect to its component parts, as modified, amended, or supplemented from time to time, the "Plan" and the "Disclosure Statement", or, collectively the "Combined Joint Plan and Disclosure Statement"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan.

2. **Combined Hearing**. The combined hearing (the "Combined Hearing") to consider final approval of the Disclosure Statement and confirmation of the Plan shall be held on **March [__], 2021 at [___] a./p.m. (prevailing Eastern Time)** before the Honorable John T. Dorsey, United States Bankruptcy Judge, of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Combined Hearing or any continued hearing. The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Combined Hearing in accordance with the terms of the Plan without further notice. **NOTE: Due to the COVID-19 crisis, the Combined Hearing may be conducted remotely. Please refer to the Bankruptcy Court's website for further instructions at https://www.deb.uscourts.gov**.

3. **Record Date for Voting Purposes**. Holders of claims in Class 4 (General Unsecured Claims) and Class 5 (Convenience Claims) on **January 14, 2021** (the "Voting Record Date") are entitled to vote on the Plan.

4. **Voting Procedures.** If you are entitled to vote you will receive a solicitation package which shall include a copy of (a) the Disclosure Statement Order, (b) this Notice, (c) the Combined Joint Plan and Disclosure Statement, and (d) a ballot (the "Ballot"). Please review the Ballot of specific instructions as to how to vote. If you disagree with the amount listed on your ballot, you may contact Debtors' counsel to attempt to try and resolve the matter. In the event you are unable to reach agreement with the Debtors on the allowed amount of its claim for voting purposes, you may file with the Court a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount. Failure to follow the voting instructions may disqualify your vote.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

5.  **Voting Deadline.**  The deadline to vote on the Plan is **4:00 p.m. (prevailing Eastern Time) on March 1, 2021** (the "Voting Deadline").  The Debtors' voting agent, Donlin Recano & Company, Inc. (the "Voting Agent"), must receive your ballot by the Voting Deadline otherwise your vote will not be counted.

6.  **Parties in Interest Not Entitled to Vote.**  Holders of claims in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 6 (Subordinated Securities Claims), and Class 7 (Equity Interests in Debtors) are not entitled to vote on the Plan.  Such holders will receive an appropriate Notice of Non-Voting Status instead of a Ballot.  If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, you may contact Debtors' counsel to attempt to try and resolve the matter.  In the event you are unable to reach agreement with the Debtors on the allowed amount of its claim for voting purposes, you may file with the Court a Rule 3018 Motion for an order pursuant temporarily allowing your claim for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before the 7th calendar day before the Voting Deadline.  As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court.  Creditors may contact Donlin Recano & Company at (877) 739-9988 (or outside of the U.S. at (212) 771-1128) to receive an appropriate Ballot for any claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

7.  **Objections to Final Approval of Disclosure Statement or Plan Confirmation.**  Objections or responses to final approval of the Disclosure Statement or confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Disclosure Statement or Plan, and (iv) be filed, together with proof of service, with the Court and served upon either the following e-mail or physical addresses so as to be actually received by: (a) counsel for the Debtors, (i) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James T. Grogan (jamesgrogan@paulhastings.com) and Mack Wilson (mackwilson@paulhastings.com), (ii) Paul Hastings LLP, 200 Park Avenue, New York, New York, 10166, Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com), Scott Shelley (scottshelley@paulhastings.com), and Derek Cash (derekcash@paulhastings.com), and (iii) Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803, Attn: Scott D. Cousins (scott.cousins@cousinslaw.com); (b) counsel for the Creditors' Committee, McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173, Attn: Timothy W. Walsh (twwalsh@mwe.com) and Darren Azman (dazman@mwe.com); and (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Joseph J. McMahon, Jr. (joseph.mcmahon@usdoj.gov) and John Schanne (john.schanne@usdoj.gov), so as to be actually received no later than **4:00 p.m. (prevailing Eastern Time), on March 1, 2021**.  Failure to file and serve any objection to final approval of the Disclosure Statement or confirmation of the Plan in conformity with the foregoing procedures may result in the objecting party not being heard at the hearing.

8.  **Additional Information.**  For more information about the solicitation procedures, or for copies of the Combined Joint Plan and Disclosure Statement, parties should contact the Debtors' Voting Agent, Donlin Recano & Company, Inc., at (877) 739-9988 (or outside of the U.S. at (212) 771-1128).  The Combined Joint Plan and Disclosure Statement and related documents may be examined free of charge at https://donlinrecano.com/clients/cred/Index.  The Combined Joint Plan and Disclosure Statement are also on file with the Court and may be viewed by accessing the Court's website at www.deb.uscourts.gov.  To access documents on the Court's website, you will need a PACER password and login, which you can be obtained at www.pacer.psc.uscourts.gov.

Dated: January [__], 2021
        Wilmington, Delaware

                                    Scott D. Cousins
                                    **COUSINS LAW LLC**
                                    Brandywine Plaza West
                                    1521 Concord Pike, Suite 301
                                    Wilmington, Delaware 19803

                                    *Co-Counsel to the Debtors*

## **Exhibit 8**

**Committee Support Letter**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**Of CRED INC.,** *ET AL.*

Chapter 11 Case No. 20-12836 (JTD)
In the United States Bankruptcy Court
for the District of Delaware

c/o McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173

---

All communications from the Committee to General Unsecured Creditors are available at
**https://cases.stretto.com/Credcommittee/**

All pleadings and other court filings in these Chapter 11 Cases are available at
**https://www.donlinrecano.com/Clients/cred/Index**

---

**To: Holders of General Unsecured Claims**

The Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee to represent the interests of all unsecured creditors in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Cred Inc., *et al.* (collectively, the "Debtors"). We write to advise you of the Committee's position regarding the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the "Plan")[1] filed by the Debtors, which we strongly urge all unsecured creditors to accept.

The Committee is conscious of the unique challenges of these Chapter 11 Cases, being the first of their kind in the United States to deal with certain cryptocurrency issues. Furthermore, the large majority of unsecured creditors in these Chapter 11 Cases are also the Debtors' former customers. The involvement of more than 6,500 customers in a case of this kind has posed considerable logistical challenges, and the Committee is very grateful for the unsecured creditors' patience and support.

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

**BACKGROUND**

A.    The Committee's Efforts

Since its appointment,[2] the Committee has been actively involved in the Chapter 11 Cases. Among other things, the Committee, with the advice of its professionals, McDermott Will & Emery LLP and Dundon Advisors LLC, has (i) scrutinized the proposed sale of the Debtors' assets; (ii) focused on reducing the costs and expenses of administering the Debtors' estates; (iii) tracing and attempting to freeze the Debtors' fraudulently transferred cryptocurrency assets; (iv) investigated certain of the Debtors' prepetition and postpetition conduct and affairs; (v) analyzed and gained an in-depth understanding of the value of the Debtors' assets; and (vi) evaluated immediate action items to maximize the recovery for all unsecured creditors.  Notably, however, the Debtors did not maintain organized books and records, which has resulted in the need for considerable reconciliation of the Debtors' financial transactions to build a more coherent picture of the Debtors' assets and liabilities.

The Committee and its professionals continue to work tirelessly to secure inflows of value to the Debtors' estates, which efforts include, among other things: (i) discussions with moKredit and Lu Hua; (ii) evaluating the Debtors' various insurance policies, correspondence with the Debtors' insurance brokers and agents, and pursuing claims under these policies; (iii) evaluating the Debtors' illiquid cryptocurrency holdings and their respective valuations; (iv) seeking return of assets from asset managers and other third parties; (v) seeking the repayment of loans to the Debtors; (vi) overseeing the careful management of the Debtors' liquid cryptocurrency; and (vii) continuing the ongoing recovery efforts against James Alexander and the Quantcoin impostor.

B.    The Plan

The Committee has worked with the Debtors to establish an expedited timeline to confirm the Plan, which will transfer all of the Debtors' assets, including all claims and causes of action, into a liquidation trust (the "Trust").[3]  The Trust will be managed by a Liquidation Trustee, which will be selected by the Committee.  In turn, the Liquidation Trustee will be overseen by a Trust Advisory Board, which will be comprised of at least three members of the

---

[2] On January 8, 2021, the Bankruptcy Court entered an Order approving the appointment of Robert J. Stark as the examiner in these Chapter 11 Cases (the "Examiner"). The Examiner's role is to investigate the Debtors' conduct. The Examiner will provide a report of his findings. The Committee's investigations will not be duplicative of the Examiner's investigation.

[3] The Committee and the Debtors entered into a Plan Support Agreement, which, among other things: (i) sets forth certain milestones, culminating in a confirmation hearing on the Plan no later than March 17, 2021; (ii) establishes a budget for the administration of the Chapter 11 Cases; (iii) requires the Debtors to provide the Committee with weekly financial reports; (iv) requires the Committee's consent for, among other things, the sale of any of the Debtors' assets, including cryptocurrency and the incurrence of debtor-in-possession financing; (v) requires the Debtors to cooperate with the Committee; and (vi) grants the Committee derivative standing to pursue certain causes of action held by the Debtors.

2

Committee.  Under the guidance of the Trust Advisory Board, the Liquidation Trustee will be directed to pursue a comprehensive and aggressive strategy to recover value through various causes of action, including, without limitation, avoidance actions, fraud, breach of fiduciary duty, malfeasance, gross negligence, negligence, other torts, and/or breach of contract in relation to the directors, officers, insiders, partners, professionals, advisers, custodians, associates, and third parties (collectively, the "Causes of Action"). The chapter 11 bankruptcy process is extremely costly, and therefore it is more cost effective for the Debtors to quickly conclude these Chapter 11 Cases and assign the Causes of Action to the Trust.  In the meantime, the Committee's cryptocurrency tracing and freezing efforts will continue, along with any other actions that are necessary to prevent the dissipation of assets.

C.      The Committee Urges Unsecured Creditors to Accept the Plan

It is the Committee's firm belief that confirming the Plan and transitioning to the Trust as soon as possible is the best, and perhaps only, way to maximize recovery for unsecured creditors and minimize the costs associated with the Chapter 11 Cases. It is primarily for these reasons the Committee has worked with the Debtors and its professionals to get to this stage, and **the Committee strongly supports the Plan**.

D.      Plan Voting

Detailed instructions regarding how to vote on the Plan are contained on your ballot (the "Ballot"), which is enclosed in the same package as this letter. In order to vote on the Plan, you must return your Ballot so that it is actually received by the Claims Agent on or before _____, 2021 at __:00 p.m., prevailing Eastern Time (the "Voting Deadline").

E.      Plan Alternatives

If the Plan is not confirmed, the Debtors retain the right to amend, modify, or revoke the Plan and set forth an alternative plan that the Committee would not support. If the Plan is revoked, amended, or modified, the process will almost certainly delay concluding these Chapter 11 Cases and, as a result, increase the costs associated therewith. Furthermore, such a delay may result in alternative plans being proposed, which may cause confusion, prolong the bankruptcy process, and increase administrative costs to the detriment of unsecured creditors.

*[Remainder of page intentionally left blank]*

F.      Unsecured Creditors' Concerns

The Committee will continue to monitor concerns expressed by creditors through various social media channels, including Telegram and Discord. Although we cannot respond to creditors directly, we will continue to communicate with you through the Committee Website to the extent we can. Thank you again for your understanding and support.

Best regards,

The Official Committee of Unsecured Creditors of Cred Inc., *et al.*

## **DISCLAIMER**

The Committee strongly recommends that, prior to voting on the Plan, each unsecured creditor carefully review the materials provided to them, including, without limitation, the Plan, all of which are available at https://www.donlinrecano.com/Clients/cred/Index.

This letter is not and should not be construed as legal advice, and may not be relied upon by any person for any reason. To the extent you wish to seek legal advice, you should consult with your own legal counsel. Please note that, although the Committee, by this letter, expresses its support of the Plan, this letter does not necessarily reflect the views of any of the individual members of the Committee, each of which reserves any and all of its rights. If you have any questions with respect to the Plan, the proposed treatment of your claims or the information contained in this letter, please consult with your own legal counsel.

YOU ARE URGED TO CAREFULLY READ THE PLAN AND THE EXHIBITS ATTACHED THERETO IN THEIR ENTIRETY. THIS LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE COMMITTEE'S RECOMMENDATION ON HOW TO VOTE ON THE PLAN. REGARDLESS OF HOW YOU VOTE ON THE PLAN, THERE REMAINS A RISK THAT FURTHER LITIGATION AND/OR A LATER SETTLEMENT COULD RESULT IN HIGHER OR LOWER RECOVERIES FOR UNSECURED CREDITORS. THE COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THE CHAPTER 11 CASES. ALTHOUGH THE BANKRUPTCY COURT HAS AUTHORIZED THE DEBTORS TO INCLUDE THIS RECOMMENDATION LETTER AS PART OF THE SOLICITATION PACKAGE, SUCH AUTHORIZATION DOES NOT CONSTITUTE AN ENDORSEMENT BY THE BANKRUPTCY COURT OF THE MERITS OF THE PLAN OR THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED HEREIN. THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY ANY INDIVIDUAL MEMBER OF THE COMMITTEE OR ANY OF ITS REPRESENTATIVES. THE COMMITTEE RESERVES THE RIGHT TO CHANGE ITS POSITION AND RECOMMENDATION REGARDING THE PLAN, OR FILE ANY OBJECTION, RESPONSE OR OTHER PLEADING IN RESPONSE TO THE PLAN OR ANY OTHER MATTER IN THE DEBTORS' CHAPTER 11 CASES, TO THE EXTENT THAT SUBSEQUENT DEVELOPMENTS SO WARRANT, AS DETERMINED BY THE COMMITTEE, OR OTHERWISE.

1" = "1" "DM_US 176174032-4.113270.0011" "" DM_US 176174032-4.113270.0011