## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No.:  20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Requested Hearing Date: February 3, 2021 at 1:00 p.m. (ET)** |
| | **Requested Objection Deadline: January 28, 2021 at 4:00 p.m. (ET)** |
| | Ref. No. 396 |

**MOTION OF UPGRADEYA INVESTMENTS, LLC FOR ENTRY OF AN ORDER AUTHORIZING UPGRADEYA INVESTMENTS, LLC TO (A) FILE UNDER SEAL THE SUPPLEMENTAL BRIEF IN SUPPORT OF THE MOTION OF UPGRADEYA INVESTMENTS, LLC FOR RELIEF FROM AUTOMATIC STAY UNDER BANKRUPTCY CODE SECTION 362 AND ANY SUBSEQUENT PLEADINGS REFERENCING THE CONFIDENTIAL INFORMATION CONTAINED THEREIN AND (B) RULING THAT NO PRIVILEGES HAVE BEEN WAIVED BY FILING THE SUPPLEMENTAL BRIEF OR ANY SUBSEQUENT PLEADINGS RELATED TO THE CONFIDENTIAL INFORMATION DISCLOSED THEREIN**

UpgradeYa Investments, LLC ("UpgradeYa"), by and through its undersigned counsel, hereby submits this *Motion of UpgradeYa Investments, LLC for Entry of an Order Authorizing UpgradeYa Investments, LLC to (a) File under Seal the Supplemental Brief in Support of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay under Bankruptcy Code Section 362 and Any Subsequent Pleadings Referencing the Confidential Information Contained Therein and (b) Ruling that No Privileges Have Been Waived by Filing the Supplemental Brief or Any Subsequent Pleadings Related to the Confidential Information Disclosed Therein* (the "Motion").  In support of the Motion, UpgradeYa respectfully represents and sets forth as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 107(b) of chapter 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3.      On November 7, 2020 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the Court.

4.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.  On January 7, 2021, an examiner was appointed in these Chapter 11 Cases [D.I. 329].

---

[2] Pursuant to Local Rule 9013-1(f), UpgradeYa hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      On December 3, 2020, the Office of the United States Trustee (the "U.S. Trustee")
appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the
"Committee") [D.I. 120].

6.      On November 25, 2020 UpgradeYa filed the *Motion of UpgradeYa Investments,
LLC for Relief from Stay under Bankruptcy Code Section 362* [D.I. 89] (the "Relief from Stay
Motion").  Through the Relief from Stay Motion UpgradeYa seeks relief to pursue its direct, non-
derivative claims against non-debtor third parties (collectively, the "Direct Claims").[3]

7.      At the conclusion of the hearing on January 6, 2021 with regard to the Relief From
Stay Motion (the "Hearing"), the Court directed UpgradeYa, the Debtors and the Committee to
submit further briefing on the issues of what direct claims UpgradeYa believes it has and why
those third-party claims are not derivative claims of the Debtors' estates.  Hr'g Tr. 192:5-8, Jan. 6,
2021.

8.      Contemporaneously herewith, UpgradeYa filed the *Supplemental Brief in Support
of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay Under Bankruptcy
Code Section 362* (the "Supplemental Brief"), which provides the information requested by the
Court regarding UpgradeYa's Direct Claims that it seeks to pursue, pending the relief sought in
the Relief from Stay Motion.  UpgradeYa also anticipates the future filing of subsequent pleadings
that will include, but may not be limited to, an answer from the Debtors and/or the Committee and
a reply brief by UpgradeYa (collectively, "Subsequent Pleadings") that will contain and or discuss
the same Confidential Information (as defined below) as is contained in the Supplemental Brief.

---

[3] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings
ascribed to them in the Relief from Stay Motion.

## RELIEF REQUESTED

9.        By this Motion, UpgradeYa seeks entry of an order, substantially in the form of the proposed order attached hereto, (i) authorizing the Supplemental Brief and Subsequent Pleadings to be filed under seal, (ii) directing that the Supplemental Brief, any Subsequent Pleadings and the information contained therein not be made available to anyone except to the Court, the United States Trustee for the District of Delaware, the professionals retained by the Debtors, and the professionals retained by the Committee, (iii) ruling that no applicable claims, privileges, rights, or defenses have been, or will be, waived by filing the Supplemental Brief or any Subsequent Pleadings, and (iv) granting such other and further relief as is just and proper.

## BASIS FOR RELIEF

10.        Bankruptcy Code Section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ."  Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

11.        UpgradeYa respectfully submits that the information contained in the Supplemental Brief and any Subsequent Pleadings filed in connection therewith will identify and describe UpgradeYa's litigation strategy and plans with regard to its Direct Claims (the "Confidential Information") which is of a highly sensitive, non-public, confidential nature to UpgradeYa, and thus, is confidential commercial information as contemplated by Bankruptcy Code section 107. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors'" for which "[d]isclosure of [the] information [must] reasonably be

expected to cause the entity commercial injury." *In re Altera Healthcare Corp.*, 353 B.R. 66, 75

(Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27, 27-28 (2d Cir. 1994) and

*In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)).  Unlike its counterpart

in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does

not require an entity seeking such protection to demonstrate "good cause."  *In re Orion Pictures

Corp.*, 21 F.3d at 28.  If an interested party is requesting to seal information covered by section

107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no

discretion to deny the application."  *Id.* at 27.  Moreover, the resulting order should be broad, that

is "any order which justice requires."  *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr.

S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  Courts are required to provide such protections,

"generally where open inspection may be used as a vehicle for improper purposes."  *In re Orion

Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential

documents, but to other confidentiality restrictions that are warranted in the interests of justice."

*In re Global Crossing, Ltd.*, 295 B.R. at 724.[4]

12.     Here, the Court should authorize UpgradeYa to file the Supplemental Brief and

direct parties filing any Subsequent Pleadings related thereto to do so under seal to preserve

UpgradeYa's non-public, confidential and commercially sensitive information regarding its Direct

Claims, litigation strategy and plan.  Not only is sealing the Confidential Information warranted in

the interests of justice and necessary to prevent the disclosure of UpgradeYa's highly Confidential

---

[4] While considered in regard to a protective order limiting disclosure of attorney work product to be potentially produced as part of discovery, this Court likewise provides express protections for attorney work product such as documents created "in anticipation of litigation," in part to "prevent disclosure of the attorney's legal theories, research, and certain factual material gathered in preparation for proper representation of the client." *Burtch v. Luminescent Sys. (In re AE Liquidation, Inc.)*, 2012 Bankr. LEXIS 5710, at *8-9 (Bankr. D. Del. Dec. 11, 2012); *see also In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003) (noting that the attorney work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.") (internal citation omitted).

Information, but it is also required to ensure no applicable privileges, including but not limited to attorney-client and attorney work product, are waived.  Filing the Supplemental Brief and Subsequent Pleadings without such documents being under seal would disclose "information that is privileged or constitutes work product, and which, if not sealed, could (1) constitute a waiver of privilege and (2) undermine the value of [claims] . . . by disclosing [a party's] evaluation of the merits and litigation strategy to the target defendants."  *In re 4 Front Petroleum, Inc.*, 2007 Bankr. LEXIS 3547, at *2-3 (Bankr. N.D. Okla. Oct. 11, 2007) (granting order to file a motion that explains a party's proposed litigation strategy under seal).  Here, filing the Supplemental Brief and Subsequent Pleadings under seal is critical to preserving the confidentiality of UpgradeYa's Confidential Information.

13.    Additionally, public disclosure of UpgradeYa's Direct Claims and litigation strategy may cause significant challenges and conflicts for UpgradeYa prior to the Direct Claims even being filed, a situation that would not typically be present except for the need for the supplemental briefing.  It would be unfair, unjust and prejudicial to require UpgradeYa to have its Confidential Information broadcast and publicly available on the docket without the protection of it being filed under seal.

14.    The Direct Claims and the details related thereto comprise an essential and confidential aspect of UpgradeYa's litigation strategy and plans.  UpgradeYa seeks to file the Supplemental Brief under seal to maintain UpgradeYa's Direct Claims, to preserve the confidentiality of its litigation strategy and plans, and to avoid waiving any applicable claims, privileges, rights, or defenses.  Given that the overwhelming focus of the Supplemental Brief and any Subsequent Pleadings related thereto focus on the Direct Claims and UpgradeYa's litigation strategy, and thus Confidential Information, UpgradeYa seeks to seal the Supplemental Brief in its

entirety.  As detailed in the Relief from Stay Motion, UpgradeYa has already been significantly harmed due to the loss of its Collateral.  If UpgradeYa is required to publicly disclose the information contained in the Supplemental Brief, without the protection of filing it under seal, it could undermine the very purposes of UpgradeYa's litigation strategy and plans and may cause substantial hindrance to UpgradeYa's potential recovery and prejudice UpgradeYa in future matters.  Therefore, UpgradeYa respectfully submits that the relief requested herein is necessary to maintain UpgradeYa's Direct Claims, to preserve the confidentiality of its litigation strategy and plans, and to avoid waiving any applicable claims, privileges, rights, or defenses.

## NOTICE AND NO PRIOR REQUEST

15.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee; (c) the Committee; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, UpgradeYa submits that no other or further notice is required.

16.    No previous request for the relief sought in this Motion has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, for the reasons set forth herein UpgradeYa respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto, (i) authorizing the Supplemental Brief and any Subsequent Pleadings related thereto to be filed under seal, (ii) directing that the Supplemental Brief and any Subsequent Pleadings not be made available to anyone except to the Court, the United States Trustee for the District of Delaware, professionals retained by the Debtors, and professionals retained by the Committee, (iii) ruling that no applicable claims, privileges, rights, or defenses have been, or will be, waived by filing the Supplemental Brief or any Subsequent Pleadings related thereto, and (iv) granting such other and further relief as is just and proper.

Dated: January 21, 2021
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Nicolas E. Jenner*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:   (302) 467-4400
Facsimile:   (302) 467-4450
Email: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com
      jenner@lrclaw.com

*Counsel to UpgradeYa Investments, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No.:  20-12836 (JTD) |
| Debtors.[5] | (Jointly Administered) |

## <u>CERTIFICATION OF NICOLAS E. JENNER</u>

Nicolas E. Jenner, an attorney-at-law, duly admitted and in good standing to practice in the State of Delaware, hereby certifies that:

1.       I am an associate with the firm of Landis Rath & Cobb LLP ("<u>LRC</u>") and I am duly authorized to make this certification on behalf of LRC.  This certification is made in support of the *Motion of UpgradeYa Investments, LLC for Entry of an Order Authorizing UpgradeYa Investments, LLC to (a) File under Seal the Supplemental Brief in Support of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay under Bankruptcy Code Section 362 and Any Subsequent Pleadings Referencing the Confidential Information Contained Therein and (b) Ruling that No Privileges Have Been Waived by Filing the Supplemental Brief or Any Subsequent Pleadings Related to the Confidential Information Disclosed Therein* (the "<u>Motion to Seal</u>") and in compliance with rule 9018-1(d)(iv) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rule</u>"), except to the extent that such Local Rule and the procedures set forth therein have been modified by the Clerk of the Court.

---

[5] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

2.      I certify that to the best of my knowledge, information and belief the Supplemental

Brief should be filed entirely under seal such that no proposed redacted document can be filed and

the Supplemental Brief does not contain information subject to the confidentiality rights of another

holder of any such rights.

Dated: January 21, 2021          **LANDIS RATH & COBB LLP**
       Wilmington, Delaware

                                 /s/ Nicolas E. Jenner
                                 Nicolas E. Jenner (No. 6554)
                                 919 Market Street, Suite 1800
                                 Wilmington, Delaware 19801
                                 Telephone: (302) 467-4400
                                 Facsimile: (302) 467-4450
                                 Email: jenner@lrclaw.com

                                 *Counsel to UpgradeYa Investments, LLC*