**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No.: 20-12836 (JTD) |
| Debtors.[1] | Jointly Administered |
| | Ref. No. 397 |

**MOTION TO SHORTEN TIME FOR NOTICE OF MOTION OF UPGRADEYA INVESTMENTS, LLC FOR ENTRY OF AN ORDER AUTHORIZING UPGRADEYA INVESTMENTS, LLC TO (A) FILE UNDER SEAL THE SUPPLEMENTAL BRIEF IN SUPPORT OF THE MOTION OF UPGRADEYA INVESTMENTS, LLC FOR RELIEF FROM AUTOMATIC STAY UNDER BANKRUPTCY CODE SECTION 362 AND ANY SUBSEQUENT PLEADINGS REFERENCING THE CONFIDENTIAL INFORMATION CONTAINED THEREIN AND (B) RULING THAT NO PRIVILEGES HAVE BEEN WAIVED BY FILING THE SUPPLEMENTAL BRIEF OR ANY SUBSEQUENT PLEADINGS RELATED TO THE CONFIDENTIAL INFORMATION DISCLOSED THEREIN**

UpgradeYa Investments, LLC ("UpgradeYa"), by and through its undersigned counsel, hereby submits this motion (the "Motion to Shorten") for entry of an order shortening the time for notice of the hearing to consider the *Motion of UpgradeYa Investments, LLC for Entry of an Order Authorizing UpgradeYa Investments, LLC to (a) File under Seal the Supplemental Brief in Support of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay Under Bankruptcy Code Section 362 and Any Subsequent Pleadings Referencing the Confidential Information Contained Therein and (b) Ruling that No Privileges Have Been Waived by Filing the Supplemental Brief or Any Subsequent Pleadings Related to the Confidential Information*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

{1311.001-W0063966.}

*Disclosed Therein* (the "Motion to Seal").[2]  The Motion to Seal is being filed and served contemporaneously herewith.  UpgradeYa respectfully requests that the Court hear the Motion to Shorten at the February 3, 2021 hearing at 1:00 p.m. (ET) (the "February 3 Hearing") and set an objection deadline of January 28, 2021 at 4:00 p.m. (ET).  In support of the Motion to Shorten, UpgradeYa respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rules 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") commenced the above-captioned chapter 11 cases (the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Seal or the First Day Declaration (as defined below), as applicable.

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), UpgradeYa hereby confirms its consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1311.001-W0063966.}                                       2

"Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the Court.

5.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. On January 7, 2021, an examiner was appointed in these Chapter 11 Cases [D.I. 329].

6.  On December 3, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") [D.I. 120].

7.  On November 25, 2020 UpgradeYa filed the *Motion of UpgradeYa Investments, LLC for Relief from Stay under Bankruptcy Code Section 362* [D.I. 89] (the "Relief from Stay Motion").[4] Through the Relief from Stay Motion UpgradeYa seeks relief to pursue its direct, non-derivative claims against non-debtor third parties (collectively, the "Direct Claims").

8.  At the conclusion of the hearing on January 6, 2021 with regard to the Relief from Stay Motion (the "Hearing"), the Court directed UpgradeYa, the Debtors and the Committee to submit further briefing on the issues of what direct claims UpgradeYa believes it has and why those third-party claims are not derivative claims of the Debtors' estates. Hr'g Tr. 192:5-8, Jan. 6, 2021.

9.  Contemporaneously herewith, UpgradeYa filed the *Supplemental Brief in Support of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay Under Bankruptcy Code Section 362* (the "Supplemental Brief"). Also, contemporaneously herewith, UpgradeYa filed the Motion to Seal. Through the Motion to Seal, UpgradeYa seeks authority to file the Supplemental Brief and any Subsequent Pleadings related thereto under seal. The Supplemental

---

[4] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Relief from Stay Motion.

{1311.001-W0063966.}   3

Brief and any Subsequent Pleadings will identify and describe UpgradeYa's litigation strategy and plans with regard to its Direct Claims (the "Confidential Information"), all of which is of a highly sensitive, non-public, confidential nature to UpgradeYa. As a result, UpgradeYa filed the Motion to Seal seeking to seal the Supplemental Brief and any Subsequent Pleadings.

## RELIEF REQUESTED

10. By this Motion to Shorten, UpgradeYa requests, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Motion to Seal so that it may be heard at the February 3 Hearing, with an objection deadline of 4:00 p.m. (ET) on January 28, 2021.

## BASIS FOR RELIEF

11. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

12. Under Local Rule 9006-1(c)(i), ordinarily, motions must be filed and served fourteen (14) days prior to the applicable hearing date. Where a motion proposes the use of, sale, or lease or property of the estate outside of the ordinary course of business, parties must provide at least twenty-one (21) days' notice pursuant to Bankruptcy Rule 2002(a)(2).

13.     Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date.  However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Local Rule 9006-1(e).  No hearing on such a motion to shorten is required.  *See id.*

14.     Here, there is sufficient cause to grant the Motion to Shorten.  The Supplemental Brief has been filed contemporaneously herewith.  Furthermore, the Debtors and the Committee have until February 4, 2021 to file their response to the Supplemental Brief.  Any response undoubtedly will reference UpgradeYa's Confidential Information.  Therefore, the Motion to Seal is imperative to protect the Confidential Information contained in the Supplemental Brief and any Subsequent Pleadings and should be heard at the February 3 Hearing, before any more Subsequent Pleadings are scheduled to be filed.

15.     UpgradeYa will promptly serve the Motion to Seal, thus giving parties-in-interest thirteen (13) days' notice prior to the hearing on the Motion to Seal – just one (1) day less than the typical notice period.  UpgradeYa recognizes the shortened timing of the Motion to Seal, however, given the critical need to obtain prompt approval of the Motion to Seal, UpgradeYa respectfully asks for shortened notice as set forth herein.

16.     Consistent with its obligations under Local Rule 9006 1(e), undersigned counsel notified the Debtors, the U.S. Trustee and the Committee of its intent to request shortened notice and requested its consent to do so.  The Debtors, the U.S. Trustee and the Committee confirmed that they do not object to the relief requested herein.  Nonetheless, for the reasons stated above, UpgradeYa respectfully requests the Court shorten notice as set forth herein.

17. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten.  Therefore, UpgradeYa respectfully requests that the Motion to Shorten be granted at the Court's earliest convenience.

### NOTICE AND NO PRIOR REQUEST

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee; (c) the Committee; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, UpgradeYa submits that no other or further notice is required.

19. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, UpgradeYa respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 21, 2021
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Nicolas E. Jenner
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Facsimile:    (302) 467-4450
Email: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com
       jenner@lrclaw.com

*Counsel to UpgradeYa Investments, LLC*