**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| Debtors.[1] | ) | (Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 502, 1125, 1126 AND 1128, BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020, AND LOCAL RULES 3017-1, 3017-2, 3018-1, AND 3020-1: (I) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (IV) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN OF LIQUIDATION; (V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN; (VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII) ESTABLISHING HEARING DATE FOR FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND RELATED NOTICE AND OBJECTION PROCEDURES**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Upon the motion, (the "Motion")[1] of Cred Inc. and its affiliated debtors and debtors in possession in the above-captioned matter (collectively, the "Debtors") for entry of an order, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020, 9006, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3017-2, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) approving, on an interim basis, the Debtors' Disclosure Statement; (ii) establishing voting record date; (iii) approving solicitation packages and distribution procedures; (iv) approving forms of ballots and establishing procedures for voting on the joint plan of liquidation; (v) approving forms of notices to non-voting classes under the plan; (vi) approving the Opt-Out Election Form; (vii) establishing voting deadline to accept or reject the plan; (viii) approving procedures for vote tabulations; and (ix) establishing hearing date for final approval of the Disclosure Statement and confirmation of Plan and related notice and objection procedures thereof, all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

need be given; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; [and a hearing having been held to consider the relief requested in the Motion (the "Hearing")]; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The Disclosure Statement attached hereto as **Exhibit 1** (together with all exhibits and as it may be further amended, the "Disclosure Statement") contains "adequate information" about the Debtors' joint plan of liquidation (as it may be further amended, the "Plan") within the meaning of section 1125 of the Bankruptcy Code.

B. The Disclosure Statement and Motion comply with the requirements set forth in Local Rule 3017-2(c).

C. Notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to interim approval of the Disclosure Statement was due and proper to all interested parties and no further notice is necessary.

D. The forms of the Ballots attached hereto as **Exhibit 2** and **Exhibit 3** are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and are appropriate for each class of claims or interests entitled to vote to accept or reject the Plan. The voting instructions attached to each Ballot contain adequate information to instruct all members of the Voting Classes how to vote.

E. Holders of claims and interests in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 6 (Subordinated Securities

Claims), and Class 7 (Equity Interests in Debtors) (the "Non-Voting Classes") are conclusively presumed to accept or reject the Plan, as applicable. Accordingly, members of the Non-Voting Classes are not entitled to vote or receive a Ballot.

F. The period, as set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

G. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H. The notice procedures set forth below comply with Bankruptcy Rules 2002 and 3017(d), and provide due, proper, and adequate notice of approval of the Disclosure Statement, the Combined Hearing, and the procedures for filing objections or responses to final approval of the Disclosure Statement and confirmation of the Plan.

I. The proposed timing for the Combined Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

J. The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

K. The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest.

L. The legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein.

NOW, THEREFOR, IT IS ORDERED THAT:

1. The Motion is GRANTED.

2. Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

3. The Disclosure Statement is approved on an interim basis.

4. In accordance with Local Rule 3017-2(c)(vi), objections not made to (a) the voting procedures, (b) the form of Combined Hearing Notice, or (c) the form of Ballots at the time of the hearing (if any) on the Motion shall not be considered at the time of the Combined Hearing.

5. The forms of Ballots are approved.

6. For the purposes of determining creditors entitled to vote on the Plan, the Voting Record Date (the "Voting Record Date") is **January 14, 2021** with respect to holders of claims or interests in Class 4 (General Unsecured Claims) and Class 5 (Convenience Claims) (collectively, the "Voting Classes").

7. The Voting Record Date is the date for purposes of determining which creditors and equity interest holders in the Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

8. The Debtors will complete the mailing of Solicitation Packages by no later than the date that is five (5) business days following entry of this Order (the "Solicitation Date").

9. Solicitation Packages distributed to creditors in the Voting Classes will contain a copy of (i) the Disclosure Statement Order (excluding exhibits attached thereto); (ii) the appropriate form of Ballot to accept or reject the Plan with instructions and a return envelope; (iii) the Combined Joint Plan and Disclosure Statement; (iv) the Combined Hearing Notice; (v) the Committee Support Letter; and (vi) such other material as the Court may direct.

Notwithstanding anything to the contrary contained in this Order, any creditor who has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Voting Agent) within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

10. Solicitation Packages distributed to holders of claims and interests in Non-Voting Classes will contain a copy of (i) the Combined Hearing Notice, (ii) the appropriate Notice of Non-Voting Status, and (iii) the Opt-Out Election Form.

11. With respect to any transferred Claim, if the transferor of such Claim is entitled to vote to accept or reject the Plan, the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

12. By the Solicitation Date, the Debtors shall distribute, or cause to be distributed, the Disclosure Statement Order (excluding exhibits attached thereto), the Combined Hearing Notice, the Combined Joint Plan and Disclosure Statement, and any other materials as the Court may direct to the following: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the 2002 List; (iv) the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) all persons or entities who are counterparties to executory contracts or unexpired leases with the Debtors that have not been

previously assumed or rejected; and (viii) all persons or entities that have filed an administrative expense claim.

13. The Debtors are not required to distribute copies of the Combined Joint Plan and Disclosure Statement, Disclosure Statement Order, or Committee Support Letter to holders of claims and interests in Non-Voting Classes unless such a holder makes a specific written request for copies of such documents to the Debtors' voting agent, Donlin Recano & Company, LLC (the "Voting Agent") at Cred Inc. Voting Department, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219 at least 10 days before the deadline to object to confirmation of the Plan.

14. The Debtors are authorized (but not required) to distribute the Combined Joint Plan and Disclosure Statement and the Disclosure Statement Order in digital format in a flash drive. The Ballots, Combined Hearing Notice, Notices of Non-Voting Status, Opt-Out Election Form, and Committee Support Letter will be provided in paper format. Notwithstanding the foregoing, in accordance with the Court's order, dated November 10, 2020 [Docket No. 34], the Debtors may serve the full Solicitation Package on their customers by email. The Debtors shall also make the Combined Joint Plan and Disclosure Statement and Combined Hearing Notice available in electronic format on-line at https://www.donlinrecano.com/Clients/cred/Index.

15. The Debtors are not required to send Solicitation Packages to creditors that have claims that have already been paid in full; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that such claim had been paid by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

16. The Debtors are excused from mailing Solicitation Packages and any other material related to voting or confirmation of the Plan to those entities to which certain notices mailed during the course of these chapter 11 cases have been returned as undeliverable by the United States Postal Service, unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date. The Debtors' failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Combined Hearing or Voting Deadline, and shall not constitute a violation of Bankruptcy Rule 3017(d).

17. The Debtors are not required to distribute copies of the Combined Joint Plan and Disclosure Statement to any party not entitled to vote on the Plan pursuant to this Order, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018.

18. The Debtors are authorized to make non-substantive modifications to the Combined Joint Plan and Disclosure Statement, the Combined Hearing Notice, the Solicitation Packages, the Non-Voting Status Notices, the Ballots, and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Combined Joint Plan and Disclosure Statement and any other materials in the Solicitation Packages before distribution. The Debtors shall file the Plan Supplement no later than ten (10) calendar days prior to the Voting Deadline (as defined below in Paragraph 22).

19. The Notice of Unimpaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, is approved and shall be distributed to all known holders of claims in the Unimpaired Non-Voting Classes.

20. The Notice of Impaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 5**, is approved and shall be distributed to all known holders of claims and interests in the Impaired Non-Voting Classes.

21. The Opt-Out Election Form, substantially in the form attached hereto as **Exhibit 6**, is approved and shall be distributed to all known holders of claims or interest in the Unimpaired Non-Voting Classes and the Impaired Non-Voting Classes.

22. To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent via: (i) first-class mail, in the return envelope provided with each Ballot, to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (ii) overnight courier or hand delivery to Donlin, Recano & Company, Inc., Re: CRED, INC, Attn: Voting Department, 6201 15th Avenue, Brooklyn, NY 11219; or (iii) the online balloting portal at https://www.donlinrecano.com/Clients/cred/vote (the "Online Portal"), in each case so as to be actually received by no later than **4:00 p.m. (prevailing Eastern Time) on March 1, 2021** (the "Voting Deadline").

23. To be counted as an election to opt-out of the third party releases in Section 18.2 of the Plan, each Opt-Out Election Form must be properly executed, completed, and the original thereof delivered to the Voting Agent so as to be actually received by the Voting Agent no later than the Voting Deadline, *i.e.*, **4:00 p.m. (prevailing Eastern Time) on March 1, 2021**.

24. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, each claim within a class of claims entitled to vote to accept

or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules, provided that:

(a) If a claim is allowed under the Plan or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan or the order;

(b) If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f) If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) If the Debtors have served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(h) Claims filed for $0.00 are not entitled to vote; and

(i) If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors have objected to such earlier-filed claim.

25. The following procedures shall apply for tabulating votes: (i) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; (ii) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed eliminated; (iii) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last received, validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots; (iv) creditors must vote all their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted; (v) creditors that are entitled to make the Convenience Class Election with respect to claims within a particular class must make the Convenience Class Election as to the entire amount of such claims and may not split such claims; and (vi) except as otherwise provided in the Motion, for purposes of determining whether numerosity and claim or interest amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

26. The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors, in their discretion, grant an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; and (v) any Ballot transmitted to the Voting Agent by facsimile or other electronic means, other than through the Online Portal. Notwithstanding anything contained in this Order to the contrary, the Voting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects. Subject to any contrary order of the Court and except as otherwise set forth in this Order, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any decision to either waive any defects or irregularities or reject any Ballot pursuant to this Paragraph 26 shall be documented in the vote tabulation certification prepared by the Voting Agent.

27. If any creditor disputes the amount of its claim for voting purposes, or did not receive a Ballot because its claim was not listed on the Debtors' schedules of liabilities, such creditor may contact Debtors' counsel to discuss the amount and priority of such claim, and the Debtors will negotiate in good faith to enter into a stipulation with such creditor regarding the amount of the claim for voting purposes. Neither the Debtors nor the disputing creditor have any obligation to reach a stipulation. In the event the creditor enters a stipulation with the Debtors, the creditor will receive a Ballot and will be entitled to vote its claim in the agreed amount.

28. In the event a creditor is unable to reach agreement with the Debtors on the allowed amount of its claim for voting purposes as set forth in paragraph 27 of this Order, any creditor that seeks to challenge the allowance of its claim for voting purposes, in accordance with the above procedures, shall serve on the Debtors and the Creditors' Committee, and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the 7th calendar day before the Voting Deadline. The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

29. The hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will be held at **2:00 p.m. (prevailing Eastern Time) on March 9, 2021**; *provided, however*, that the Combined Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

30. The notice of (i) the time fixed for filing objections to final approval of the Disclosure Statement and confirmation of the Plan and (ii) the time, date, and place of the Combined Hearing, substantially in the form annexed hereto as **Exhibit 7**, (the "Combined Hearing Notice") is approved.

31. The Committee Support Letter, substantially in the form attached hereto as **Exhibit 8**, is approved.

32. The Debtors shall publish the Combined Hearing Notice (in a format modified for publication) within seven business days of the Solicitation Date in *The San Francisco Chronicle*. The publication of the Combined Hearing Notice provides sufficient notice to persons who do not otherwise receive the Combined Hearing Notice by mail.

33. Objections or responses to final approval of the Disclosure Statement or confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Disclosure Statement or Plan, and (iv) be filed, together with proof of service, with the Court and served upon either the following e-mail or physical addresses so as to be actually received by: (a) counsel for the Debtors, (i) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James T. Grogan (jamesgrogan@paulhastings.com) and Mack Wilson (mackwilson@paulhastings.com), (ii) Paul Hastings LLP, 200 Park Avenue, New York, New York, 10166, Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com), Scott Shelley (scottshelley@paulhastings.com), and Derek Cash (derekcash@paulhastings.com), and (iii) Cousins Law LLC, Brandywine Plaza West, 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803, Attn: Scott D. Cousins (scott.cousins@cousinslaw.com); (b) counsel for the Creditors' Committee, McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173, Attn: Timothy W. Walsh (twwalsh@mwe.com) and Darren Azman (dazman@mwe.com); and (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Joseph J. McMahon, Jr. (joseph.mcmahon@usdoj.gov) and John Schanne (john.schanne@usdoj.gov), so as to be actually received no later than **4:00 p.m. (prevailing Eastern Time) on March 1, 2021.**

34. Objections to final approval of the Disclosure Statement or confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

35. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

36. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

37. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**Dated: January 21st, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**