# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 20-12836 (JTD) |
| CRED INC., *et al.*, | Jointly Administered |
| Debtors. | Hearing Date: January 6, 2020 |
| | Related Doc.: 152 |

## DECLARATION OF JAMES ALEXANDER
## IN SUPPORT OF MOTION TO DISMISS
## THE CRED CAPITAL, INC. CASE

I, James Alexander, declare under the penalty of perjury as follows:

1.  I am the sole rightful director of Cred Capital, Inc. ("Cred Capital") which is the debtor at case 20-12838.

2.  I submit this declaration in support of my motion to dismiss the Cred Capital case.

## BACKGROUND

3.  My principal role in this case is as the sole valid director of Cred Capital and the holder of a voting proxy from Cred Capital's sole, valid voting shareholder. I am also a defendant in an adversary proceeding brought by the Debtors alleging misconduct.

4.  Daniel Schatt ("Schatt") and Joseph Podulka ("Podulka") (collectively, the "Disputed Directors") claim they are the directors of Cred Capital. But, as explained in this motion, they are not.

### The Formation of Cred Capital

5.  Cred Capital is a newly formed entity, without substantial operations, which was capitalized by non-debtor funds. It was formed on March 10, 2020 by a paralegal from the Chicago

office of Bryan Cave[1] named Rebecca Floren (the "Sole Incorporator") A true and correct copy of the Certificate of Incorporation (the "Certificate of Incorporation") for Cred Capital is attached as Exhibit 1.

### The Sole Incorporator Appoints Alexander as the Sole Director

6.      On April 16, 2020, the Sole Incorporator signed a written consent, dated as of March 10, 2020, appointing myself as the sole director of Cred Capital. A true and correct copy of the written consent is attached as Exhibit 2. A PDF copy of the written consent includes metadata showing the file was created on April 16, 2020. Pursuant to the written consent, the Sole Incorporator assigned all of the Sole Incorporator's rights, responsibilities and duties as incorporator to myself.

### The Voting and Non-Voting Classes of Stock

7.      The Certificate of Incorporation established two classes of common stock: Series "A" and Series "B". The Series "A" shareholders are the only shareholders with voting rights. The Series "B" shareholders have no voting rights.

8.      The Certificate of Incorporation provides the board of directors is elected by the Series "A" shareholders.

### Series "A" Voting Stock is Issued

9.      On April 1, 2020, Cred Capital issued series "A" preferred stock to third party investor, Zobar Agha (the "Voting Shareholder"), pursuant to a stock purchase agreement (the "Series "A" Stock Purchase Agreement"). A true and correct copy of the Series "A" Stock Purchase Agreement is attached as Exhibit 3. Prior to the unauthorized transactions engaged in by

---

[1] The law firm's Chicago address is listed as the address of the incorporator in the certificate of incorporation.

the Disputed Directors, the series "A" preferred stock was the only voting stock issued by Cred Capital and the Voting Shareholder was the only shareholder entitled to vote pursuant to the certificate of incorporation.

### Series "B" Non-Voting Stock is Issued

10. Pursuant to a contribution agreement (the "Cred Series "B" Contribution Agreement") dated as of March 16, 2020, Cred Capital issued Series "B" non-voting stock to Cred, LLC. A true and correct copy of the Cred Series "B" Contribution Agreement is attached as Exhibit 4.

11. The Cred Series "B" Contribution Agreement required Cred, LLC to pay $300,000 of Cred Capital's expenses and provide $2 million in fees to Cred Capital over time pursuant to an asset management agreement (the "Asset Management Agreement") between Cred Capital and Cred LLC. A true and correct copy of the Asset Management Agreement is attached as Exhibit 5.

12. The Cred Series "B" Contribution Agreement and Asset Management Agreement between Cred Capital and Cred, LLC were both electronically signed by Schatt on behalf of Cred, LLC. Schatt is one of the Disputed Directors and the chief executive of the Debtors except for Cred Capital.

13. The Cred Series "B" Contribution Agreement and Asset Management Agreement were also signed by myself in my capacity as an officer of Cred Capital.

14. Pursuant to a second contribution agreement dated March 31, 2020 (the "Hua Series "B" Contribution Agreement"), Cred Capital issued the remaining Series "B" non-voting stock to non-debtor Lu Hua ("Hua") who is a founder and insider of the Debtors. A true and correct copy of the Hua Series "B" Contribution Agreement is attached as Exhibit 6.

15. The Hua Series "B" Contribution Agreements was electronically signed by myself in my capacity as president and chief executive officer of Cred Capital.

16. The Hua Series "B" Contribution Agreement required Hua, pursuant to a separate assignment agreement (the "Assignment Agreement"), to contribute 300 bitcoin to Cred Capital. A true and correct copy of the Assignment Agreement is attached as Exhibit 7.

## Debtors' General Counsel was Involved at Every Step

17. The formation of Cred Capital was at all times overseen by the Debtors' former general counsel Daniel Wheeler ("Wheeler") who is a former shareholder at Bryan Cave. Specifically, while employed as general counsel for the Debtors, Wheeler reviewed, and drafted or contributed to the drafting of, the operative documents including the certificate of incorporation, the Series "A" stock purchase agreement, the Series "B" contribution agreements and the asset management agreement.

**Voting Shareholder Gives Proxy to Alexander**

18. Pursuant to an irrevocable proxy (the "Proxy") dated April 6, 2020, the Voting Shareholder delegated his right to vote to the Alexander. A true and correct copy of the Proxy is attached as Exhibit 8.

**Communications with Debtors**

19. A true and correct copy of a June 3, 2020 email string between myself and Schatt is attached as Exhibit 9.

20. Copies of further emails between the parties are attached as Exhibit 10.

**The Unauthorized Amendments to Cred Capital's Corporate Documents**

21. Schatt took steps to change operative corporate documents of Cred Capital to cut Alexander and the Voting Shareholder out.

22. On June 22, 2020, Podulka filed an amended and restated certificate of incorporation (the "Amended and Restated Certificate of Incorporation") for Cred Capital which recited it was "duly adopted by the board of directors of [Cred Capital] and by the stockholders of [Cred Capital] in accordance with sections 242 and 245 of the Delaware General Corporation Law and by the written consent of the stockholders of the corporation in accordance with Section 228 of the Delaware General Corporation Law." A true and correct copy of the Amended and Restated Certificate of Incorporation is attached as Exhibit 11.

23. Neither I, the board of directors of Cred Capital nor the Voting Shareholder authorized the Amended and Restated Certificate of Incorporation.

24. On June 28, 2020, about a week after filing the Amended and Restated Certificate of Incorporation, Podulka signed and then filed a certificate of correction (the "Certificate of Correction") for the certificate of incorporation which added a provision to the certificate of

6

incorporation to name the Disputed Directors as the initial directors of Cred Capital. A true and correct copy of the Certificate of Correction is attached as Exhibit 12.

25. Neither I, the board of directors of Cred Capital nor the Voting Shareholder authorized the Certificate of Correction.

26. Neither I, the board of directors nor the Voting Shareholder authorized Cred Capital to file the bankruptcy petition in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2021

Execution Location: Los Angeles, CA

James Alexander