# Exhibit 1

**Revised Exhibit A to the Alexander Subpoena**

**EXHIBIT A**

**DEFINITIONS**

1. For the purposes of these requests for production of documents (the "**Requests**" and each a "**Request**"), the following definitions shall apply. These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

2. "PERSON" or "PERSONS" shall include natural persons, limited liability companies, corporations, firms, partnerships, proprietorships, associations, or any other organizations or entities.

3. "YOU" and "YOUR" refer to James Alexander and/or his attorneys, agents, and all other PERSONS acting or purporting to act on his behalf.

4. "DOCUMENT" or "DOCUMENTS" shall be construed in the broadest sense possible and shall include without limitation any handwritings, memo pads, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming, and every other form of recording upon any tangible thing; any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof; any stored information or databases, including information stored in personal information software, risk management information systems, databases, flow charts, word processing software, desktop publishing software, and spreadsheets, whether maintained on paper, floppy disks, zip disks, PDAs, CD-ROMs, DVD-ROMs, hard drives, tapes, other magnetic or electronic media or computer storage, or by any other manner; and any electronic hardware storing such information, including individual computers, networked computer systems, personal information managers, cellular telephones, or other handheld communication devices. This term shall include, without limitation, all originals; all copies of originals on which appear any notation or marking, of any sort, not appearing on the original or another copy; all duplicates of said originals, if originals are unavailable, from which information can be obtained or translated; and all drafts

or notes, whether typed, handwritten, or otherwise, made or prepared in connection with said documents, whether used or not. Any copy of an original that contains therein or attaches thereto any alteration, note, comment, or other material which is not included in the original, or other copies thereof, shall be deemed a separate DOCUMENT.

5. "COMMUNICATION" or "COMMUNICATIONS" shall be construed in the broadest sense possible and shall include, without limitation, any oral, written, or electronic communication, correspondence, discussion, meeting, conversation, or occurrence whereby thoughts, opinions, or data are transmitted between two or more PERSONS. Communication(s) may be embodied in any means or media, including oral statements, writing, electronic or magnetic storage of computer files, electronic mail, voice mail, answering machine, digital recording, facsimile transmission, sound recording, text message, or online communication, including Skype, AOL Instant Messenger, Google Chat, BlackBerry Messenger, Facebook messaging, Twitter, WeChat, WhatsApp, Yahoo Messenger, Slack, Telegram Messenger or any similar method.

6. "REGARDING" and "RELATING TO," or any part thereof, shall mean analyzing, assessing, concerning, constituting, containing, describing, discussing, embodying, evaluating, evidencing, identifying, incorporating, indicating, involving, memorializing, mentioning, noting, referencing, reflecting, showing, stating, summarizing, supporting, alluding to, pertaining to, responding to, or referring to, in whole or in part, the given subject. referencing, reflecting, showing, stating, summarizing, supporting, alluding to, pertaining to, responding to, or referring to, in whole or in part, the given subject.

7. "CRED" refers to Debtor Cred Inc. (f/k/a Cred LLC), any parents, subsidiaries, affiliates, business units, segments, or divisions thereof, and any present or former partners, officers, directors, employees, agents, independent contractors, attorneys, or other PERSONS or entities acting on their behalf.

8. "CRED CAPITAL" refers to Debtor Cred Capital, Inc., any parents, subsidiaries, affiliates, business units, segments, or divisions thereof, and any present or former partners,

officers, directors, employees, agents, independent contractors, attorneys, or other PERSONS or entities acting on their behalf.

## INSTRUCTIONS

1. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of any Request any DOCUMENT that otherwise would not be brought within its scope.

3. As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of a Request any DOCUMENT that otherwise would not be brought within its scope.

4. As used herein, the word "any" shall include the term "all" and the word "all" shall include the term "any."

5. In responding to this request, YOU are required to produce all DOCUMENTS described in each Request, along with any attachments, drafts, and non-identical copies thereof, in any language whatsoever, in YOUR possession, custody, or control, including but not limited to any DOCUMENTS in the possession of YOUR agents, employees, partners, consultants, advisors, attorneys, representatives, or other PERSONS acting on YOUR behalf. Without limitation to the term "control," a DOCUMENT is deemed to be within YOUR control if YOU have ownership, possession, or custody of the DOCUMENT or the right to secure the DOCUMENT or a copy thereof from any PERSON having physical possession thereof.

6. If any portion of a DOCUMENT is responsive to any Request, produce the entire DOCUMENT, including all attachments, enclosures, and items physically attached to the DOCUMENT.

7. Produce all DOCUMENTS in such manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive, or, if not, in the order and in the manner that they were or are kept in the ordinary course of business.

8. Responsive DOCUMENTS that are kept in the ordinary course of business in electronic format should be produced as electronic files in "native format," as they are maintained in the ordinary course of business, along with intact application and systems metadata.  Application metadata is information embedded in the document file, including title, subject, author, comments, revision number, last print date, creation date, last save time, total editing time, and prior revisions and comments.  System metadata is information stored externally on the computer file system.  System metadata may include a file name, size, location, path, creation date, and modification date.

9. If any DOCUMENT or portion thereof is withheld under a claim of privilege or other protection, produce so much of the DOCUMENT that is not subject to the privilege or protection and provide the following information with respect to each such DOCUMENT or portion of such DOCUMENT that YOU claim is privileged or protected from discovery:

(a) The identity of the PERSON or PERSONS who prepared the DOCUMENT, who signed it, or under whose name it was sent or issued;

(b) The identity of the PERSON or PERSONS to whom the DOCUMENT was directed;

(c) The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties hereto to identify the DOCUMENT;

(d) The date of the DOCUMENT;

(e) The identity of the PERSON or PERSONS having custody of or control over the DOCUMENT and each copy thereof;

(f) The identity of each PERSON or PERSONS to whom copies of the DOCUMENT were furnished;

(g) The number of pages of the DOCUMENT;

    (h)    Identify the alleged privilege or protection claimed

    (i)    The basis on which any privilege or other protection is claimed; and

    (j)    Whether any non-privileged or non-protected matter is included in the DOCUMENT.

10. If a DOCUMENT is not produced in full, produce it to the fullest extent possible, state with particularity the reason or reasons it is not being produced in full and describe, to the best of YOUR knowledge, information, and belief, with as much particularity as possible, those portions of the DOCUMENT that were not produced.

11. All DOCUMENTS are to be produced no later than January 28, 2021, at 6:00 p.m. EST, or at another time to be agreed upon by the parties.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS RELATING TO CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 2

All DOCUMENTS RELATING TO the governance structure of CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 3

All DOCUMENTS RELATING TO the incorporation of CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 4

All DOCUMENTS RELATING TO all actual or proposed equity in CRED CAPITAL, including but not limited to any potential or actual shareholders, potential distribution of equity in CRED CAPITAL, proposed or actual rights attendant to the equity in CRED CAPITAL, proposed or actual classes of equity in CRED CAPITAL, or potential or actual distribution of the equity in CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 5

All DOCUMENTS RELATING TO any payment or contribution from any PERSON in exchange for equity in CRED CAPITAL, including but not limited to any agreements or

financial records evidencing contribution or payment from any PERSON for any shares in CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS RELATING TO any employees or officers of CRED CAPITAL, including but not limited to DOCUMENTS describing their role, their compensation, and employment terms CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 7

All COMMUNICATIONS between YOU and any employee of CRED, including but not limited to Daniel Schatt, Daniel Wheeler, Joseph Podulka, or Daniyal Inamullah, regardless of whether they were working in their capacity as a CRED employee, RELATING TO CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 8

All COMMUNICATIONS between YOU and any PERSON not employed by CRED RELATING TO CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 9

All DOCUMENTS RELATING TO any potential or actual investors in CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 10

All COMMUNICATIONS between YOU and any potential or actual investor in CRED CAPITAL, including but not limited to Zobar Agha.

REQUEST FOR PRODUCTION NO. 11

All DOCUMENTS reflecting any records of transfers of funds in connection with CRED CAPITAL, including but not limited to any transfers of funds to or from CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 12

All COMMUNICATIONS between YOU and any legal counsel RELATING TO CRED CAPITAL prior to YOUR termination from CRED, including but not limited to Bryan Cave.

REQUEST FOR PRODUCTION NO. 13

All COMMUNICATIONS between YOU and any shareholders of CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 14

All DOCUMENTS RELATING TO compensation or benefits received by YOU from CRED between February 1, 2020 and July 1, 2020.

REQUEST FOR PRODUCTION NO. 15

All DOCUMENTS RELATING TO any compensation or benefits received by YOU from CRED CAPITAL between February 1, 2020 and July 1, 2020.

REQUEST FOR PRODUCTION NO. 16

All DOCUMENTS RELATING TO any other income earned by YOU or other benefit YOU received or agreed to receive RELATING TO CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 17

All DOCUMENTS RELATING TO any compensation or equity YOU discussed any other PERSON receiving in connection with CRED CAPITAL, including but not limited to potential investors and current CRED employees.

REQUEST FOR PRODUCTION NO. 18

All DOCUMENTS RELATING TO any contracts or potential contracts that YOU entered into, or were considering entering into, on behalf of CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 19

All DOCUMENTS RELATING TO the terms of YOUR employment with CRED, including any employment agreement(s) with CRED.

REQUEST FOR PRODUCTION NO. 20

All DOCUMENTS RELATING TO any BTC transferred to address 0x58ac2780289a9D2D788dA184F2c15C0586f8e53D and any USD coin transferred to address 3GGyZqR9Z79Sad8irEiDFtxPfxyCvYxEv3 the week of June 21, 2020.

REQUEST FOR PRODUCTION NO. 21

All DOCUMENTS RELATING TO any transfer of CRED CAPITAL assets to any account, wallet, or individual not controlled by CRED CAPITAL as of June 29, 2020.

REQUEST FOR PRODUCTION NO. 22

All DOCUMENTS RELATING TO any transfer of assets from any CRED accounts or wallets to CRED CAPITAL.

REQUEST FOR PRODUCTION NO. 23

All DOCUMENTS RELATING TO any property belonging to CRED, including but not limited a Macbook Pro, Serial Number: SC02CLK4HMD6M, an Ipad, Serial Number: DMPZM21CLMV7, and an Samsung SSD External Drive, Serial Number: S49WNSON307389.

REQUEST FOR PRODUCTION NO. 24

All DOCUMENTS RELATING TO the 5,200,000 LBA tokens that were loaned to YOU by Cred (US) LLC, including DOCUMENTS sufficient to locate the tokens or to identify the transfer or use of such tokens.

REQUEST FOR PRODUCTION NO. 25

All DOCUMENTS RELATING TO the transfer of the 300 BTC to CRED CAPITAL referenced in YOUR Motion to Dismiss on paragraphs 17, 18, and 22.

REQUEST FOR PRODUCTION NO. 26

All DOCUMENTS and COMMUNICATIONS REGARDING the use of any of the BTC transferred to address 3GGyZqR9Z79Sad8irEiDFtxPfxyCvYxEv3 and any of the USD coin transferred to address 0x58ac2780289a9D2D788dA184F2c15C0586f8e53D the week of June 21, 2020.

REQUEST FOR PRODUCTION NO. 27

All DOCUMENTS sufficient to identify the current location of the BTC transferred to address 3GGyZqR9Z79Sad8irEiDFtxPfxyCvYxEv3 and the USD coin transferred to address 0x58ac2780289a9D2D788dA184F2c15C0586f8e53D the week of June 21, 2020.