UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.¹ | ) | Re: Docket No. 296 |
| | ) | |

**DECLARATION OF MATTHEW K. FOSTER IN SUPPORT OF DEBTORS'
OBJECTION TO MOTION OF JAMES ALEXANDER TO DISMISS THE
<u>CRED CAPITAL, INC. CASE</u>**

I, Matthew K. Foster, declare and state under penalty of perjury as follows:

1. I submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Objection to Motion of James Alexander to Dismiss the Cred Capital, Inc. Case* [Docket No. 296] (the "<u>Objection</u>").²

2. I am a Managing Director of Sonoran Capital Advisors, LLC ("<u>Sonoran</u>"), a turnaround, crisis management, and financial advisory firm that maintains an office at 1733 N. Greenfield Road, Mesa, Arizona 85205. The Debtors have hired me as their Chief Restructuring Officer³ and, in that role, I report directly to the Debtors' board of directors and I am responsible for managing the day-to-day operations of the Debtors and assessing and implementing the restructuring of the Debtors' businesses, including overseeing the Debtors'

---

¹ The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

² Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

³ *See Order Authorizing Employment and Retention of Sonoran Capital Advisors, LLC to Provide Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designating Matthew Foster as Debtors' Chief Restructuring Officer* [Docket No. 267]

liquidity needs. I am over the age of 18 and am authorized to make this declaration (the "Declaration") on behalf of the Debtors.

3. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows.

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by the Debtors' employees or professionals, or learned from my review of other documents.

**The Debtors' Pre-Petition Relationship with Cred Capital**

5. In connection with the filing of the Objection, I instructed the Debtors' employees and advisors to undertake a thorough review of the Debtors' books and records related to certain assertions made regarding Cred Capital.

6. Based on said review, I can affirm that the 300 bitcoin Lu Hua contributed to the Debtors was initially transferred to Cred in five separate transactions over a period from March 13-16, 2020. On March 13, Lu Hua made two transfers of 0.1 bitcoin and 49.9 bitcoin to Cred; on March 14, Lu Hua made another two transfers of 50 bitcoin and 100 bitcoin to Cred; and on March 16, Lu Hua transferred the final 100 bitcoin to Cred. I've had my advisors review Cred Capital's accounts and there is no record Lu Hua transferred bitcoin to Cred Capital.

7. Additionally, I am aware that under the Certificate of Incorporation Alexander had filed for Cred Capital, a purported investor, Zobar Agha, is alleged to be the holder of all the outstanding series A preferred stock in Cred Capital, which held all of the voting rights. I have had the Debtors' books and records examined and we have found no record of Zobar Agha ever paying for those shares, making a transfer to Cred Capital for the shares, or making a

contribution or investment in Cred or Cred Capital. Nor have we found any record of any series A preferred stock ever actually being issued to Mr. Agha.

8. Based on our review of the Debtors' books and records, Cred used both its own and Cred Capital's Fireblocks accounts for its own business purposes and moved cryptocurrency in and out of the accounts for purposes of Cred's business, apparently without regard to any corporate distinction or separation. Cred Capital's Fireblocks account appears to have been used in all phases of the Debtors' business model, from accepting customer's cryptocurrency (even though all Cred's customers used either CredEarn, i.e. Cred Inc., or Cred Borrow, i.e. Cred (US) LLC), and placing cryptocurrency with third-party asset managers, to meeting customers' withdrawal and redemption requests. In sum, the Cred Capital Fireblocks account was used as a cohesive part of effectuating Cred's general business model.

9. It is clear that cryptocurrency from CredBorrow and CredEarn customers were commingled in and across Cred Capital and Cred's Fireblocks account.

**Cred & Cred Capital Now**

10. Cred Capital is currently insolvent. It does not have any material assets, except for its claims against James Alexander, and has no means of paying its bills as they come due or its creditors.

11. Since filing bankruptcy, the Debtors have filed a turnover action to recover cryptocurrency currently worth about $7.5 million that Alexander caused Cred Capital to improperly transfer from Cred Capital's Fireblocks account to an e-Wallet under Alexander's personal control on June 24, 2020 – two days before he was fired.

12. Also included in the turnover action is a claim against Alexander for the more than $250,000 he owes the Debtors. One of Alexander's obligation arises out of $250,000 loan

Debtor Cred (US) LLC issued to Alexander on June 1, 2019, and that matured upon his termination.  Alexander owes *another* obligation to the Debtors, 5,200,000 of LBA tokens, under another employee loan agreement dated October 30, 2019, that also matured upon his termination.

13. Prior to filing bankruptcy, Cred sued Alexander in California state court on claims related to Alexander's misappropriation of Cred Capital's cryptocurrency.  In that action, the court enjoined Alexander from using the cryptocurrency he took from Cred Capital upon a finding that Cred had demonstrated a likelihood of success on the merits of its conversion and breach of duty claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 28, 2021
Mesa, Arizona

*/s/ Matthew K. Foster*
Matthew K. Foster
Managing Director of
Sonoran Capital Advisors, LLC