**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS OF PROPOSED**
**ORDINARY COURSE PROFESSIONAL**

I, Daniel M. Glassman, being duly sworn, state the following under penalty of perjury:

1. I am Senior Counsel of Crowell & Moring LLP (the "Firm").

2. Neither I, the Firm, nor any other owner or associate of the Firm, to the best of my knowledge, information, and belief, has any connection with Cred Inc. and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors"), their creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth in this declaration.

3. The firm represents Daniel B. Schatt, the former CEO of Cred Inc., in litigation pending in the Superior Court of California, County of San Mateo, Case No. 20-CIV-02728, entitled *James Alexander v. Daniel Brian Schatt*. This case concerns issues that directly affect the pending bankruptcy as Mr. Alexander is attacking the corporate governance of Debtors by alleging and seeking a judicial declaration (among other relief) that he is the sole authorized director of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Cred Capital and controls its assets which are part of Debtors' bankruptcy estate in this pending bankruptcy.

4. The Firm does keep time records in one-tenth of an hour increments in the ordinary course of business.

5. As of November 7, 2020, the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to a services agreement with one/more of the Debtors.

6. The Firm understands that any compensation/reimbursement paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

7. Except as set forth herein, no promises have been received by the Firm, or any owner or associate thereof, as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and all orders of the Court.[2]

8. Neither I nor any owner of the Firm has agreed to share, or will share, any portion of the compensation received from the Debtors with any person other than the owners, associates, and regular employees of the Firm.

> In the ordinary course of business, the Firm maintains a database for the purpose of performing conflicts checks. The Firm's database contains information regarding present and past engagements. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from the Debtors for the purpose of searching the aforementioned database and determining the connection(s) which the firm has with such entities. The list is attached as **Exhibit 1**.

---

[2] Capitalized terms used but not otherwise defined herein have the meaning set forth in the *Debtors' Motion, Pursuant to Bankruptcy Code Sections 105(a), 327, 328, and 330, for Entry of Order Authorizing Debtors to Retain and Compensate Professionals Utilized in Ordinary Course of Business, Effective as of Petition Date*.

The firm's search of the database identified the following connections: Cred US LLC (client), Cred Capital Inc. (client), Cred Merchant Solutions, LLC (client), Cred Puerto Rico LLC (client), Daniel Schatt (client), Amazon Web Service (client), Comcast Corp (client), Linkedin (client), PricewaterhouseCoopers (client), Axis Ins. Co. (firm relationship), Anthem Inc. (client), Massachusetts Mutual Life Ins. Co. (client), Los Angeles California County of (parent of client).

9. The Firm and its owners and associates may have in the past represented, currently represent, and may in the future represent entities that are affiliates of, or related to, the Debtors or other parties in interest in these chapter 11 cases in matters unrelated to these chapter 11 cases. However, the Firm does not, and will not, represent any such entity in connection with these chapter 11 cases. If the Firm is a law firm, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Firm is proposed to be employed. If the Firm is not a law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

11. The foregoing constitutes the statement of the Firm pursuant to sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

4

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  January 26, 2021

                                          *[s] Daniel M. Glassman*

                                          Daniel M. Glassman