IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: February 16, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: February 23, 2021 at 1:00 p.m. (ET)** |

**APPLICATION OF EXAMINER FOR ORDER AUTHORIZING
RETENTION AND EMPLOYMENT OF BROWN RUDNICK LLP,
AS COUNSEL TO THE EXAMINER, *NUNC PRO TUNC* TO JANUARY 8, 2021**

Robert J. Stark, as Court-appointed Examiner (the "Examiner") for Cred Inc. and its affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to the Court's *Order Denying in Part, and Granting in Part, the Trustee/Examiner Motions*; [ECF No. 281] (the "Examiner Order") and the Court's *Order Approving Appointment of Examiner* [ECF No. 338], for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Brown Rudnick LLP ("Brown Rudnick"), as counsel to the Examiner, *nunc pro tunc* to January 8, 2021. The declarations of Robert J. Stark and Andrew M. Carty in support of this Application are annexed hereto as **Exhibits B** and **C**, respectively. In further support of this Application, the Examiner states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Application is based on the Examiner Order, section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the Chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

5. On December 3, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").

6. On December 4, 2020, the United States Trustee filed the *Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases* [ECF No. 133] (the "U.S. Trustee Motion").

7. On December 23, 2020 the Court issued the Examiner Order, which provides that the U.S. Trustee is directed to appoint an examiner pursuant to 11 U.S.C. § 1104(c).

8. Pursuant to the Examiner Order, the Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current of former management of the Debtors and (b) otherwise perform the duties of an examiner set forth in Bankruptcy Code Sections 1106(a)(3) and 1106(a)(4). See Examiner Order ¶ 4.

9. The Examiner Order authorizes the Examiner to retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. See Examiner Order ¶ 11.

10. The Examiner Order further provides that any professional retained by the Examiner and approved by the Court will be compensated pursuant to and in accordance with the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 244] and Bankruptcy Code Section 330.

11. On January 7, 2021, the U.S. Trustee filed its motion to approve the appointment of Robert J. Stark, as Examiner. See ECF No. 330.

12. On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark, as Examiner. See ECF No. 338.

13. On January 20, 2021, the Examiner filed his proposed scope, work plan, and budget for the Investigation. See ECF No. 376.

**RELIEF REQUESTED**

14. By this Application, the Examiner seeks entry of an order, pursuant to the Examiner Order, Bankruptcy Code Section 327, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing and approving the employment and retention of Brown Rudnick, as counsel to the Examiner, *nunc pro tunc* to January 8, 2021, to perform the legal services that are necessary for

the Examiner to discharge his duties. The Examiner requests that Brown Rudnick be retained to perform the services described in this Application and on the terms set forth herein.

## BROWN RUDNICK'S ROLE

15. The Examiner seeks the appointment of Brown Rudnick to represent him in carrying out his duties and responsibilities under the Examiner Order and Bankruptcy Code Section 1106. Brown Rudnick has stated its willingness to serve as the Examiner's counsel in this case.

16. Brown Rudnick has extensive investigative and bankruptcy experience, expertise and resources, and is well qualified to serve as counsel to the Examiner. Brown Rudnick is a full-service firm with approximately 250 attorneys in offices in New York, Boston, Hartford, Orange County, Providence, Washington, DC, London, and Paris.

17. Brown Rudnick's financial restructuring and bankruptcy practice is nationally recognized, and it has substantial experience representing debtors, creditors, and other interested parties in complex chapter 11 proceedings and knowledge of the particular issues that arise in bankruptcy cases. The Examiner believes that Brown Rudnick is qualified to represent him in these cases in a cost effective, efficient, and timely manner.

18. Through his employment of Brown Rudnick, the Examiner will have the benefit of the knowledge and experience of these attorneys, as well as the ability to call upon attorneys within Brown Rudnick with experience in other specialized areas of law as may be needed.

19. The Examiner believes that Brown Rudnick's professional services are necessary to effectively execute his duties as examiner. The Examiner anticipates that Brown Rudnick will render various legal services to him, including the following:

    a. represent and assist the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

  b. represent the Examiner in the preparation of motions, applications, notices, orders, and other documents necessary in the discharge of the Examiner's duties;

  c. represent the Examiner at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

  d. analyse and advise the Examiner regarding any legal issues that arise in connection with the discharge of his duties;

  e. assist the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Examiner's investigation;

  f. perform all necessary legal services on behalf of the Examiner in connection with the case; and

  g. assist the Examiner in undertaking any additional tasks or duties that the Court might direct or that the Examiner might determine are necessary and appropriate in connection with the discharge of his duties.

## **BROWN RUDNICK'S DISINTERESTEDNESS**

20. As described in detail in the declaration of Andrew M. Carty in support of the Application (the "Carty Declaration"), which is annexed hereto as **Exhibit C**, Brown Rudnick has conducted a search of its conflict database and has made other internal inquiries about connections with the Debtors, the entities and individuals associated with the Debtors, and its actual and potential creditors and parties in interest. The Carty Declaration sets forth the scope of the search and those inquiries and their results.

21. The examiner believes that none of Brown Rudnick's connections to parties in interest disqualify Brown Rudnick from serving as counsel to the Examiner.

22. Based on the Carty Declaration, the Examiner believes that Brown Rudnick is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14), and does not hold or represent an interest adverse to the Debtor's estate as required by Bankruptcy Code Section 327(a), and that Brown Rudnick's partners, associates, and special attorneys do not hold or represent any interest adverse to the Debtors' estate. The Examiner understands that the

disclosures by Brown Rudnick set forth in Carty Declaration have been made based upon a review of the best information available at the time.

23. Brown Rudnick has agreed to review its files periodically during and at the conclusion of its employment in this case and to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

### BROWN RUDNICK'S COMPENSATION

24. Brown Rudnick has advised the Examiner that it intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Examiner in connection with the case. As set forth in the Carty Declaration, Brown Rudnick will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2021, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Brown Rudnick on the Examiner's behalf, subject to the Court's approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Fee Guidelines. The current hourly rates for Brown Rudnick attorneys and para-professionals who are expected to be the primary attorneys and para-professionals rendering services to the Examiner range from $395.00 per hour to $1,105.00 per hour.[2]

25. Brown Rudnick's policy is to request reimbursement of its actual and necessary out-of-pocket expenses incurred in connection with providing legal services. Among other things, Brown Rudnick charges its clients for facsimile and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, after-hours

---

[2] In connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour. Other than that, Brown Rudnick did not agree to any other variations from, or alternatives to, its standard or customary billing arrangements in connection with this engagement.

6

taxi expenses, expenses for working meals or overtime/after-hours meals, computerized research, and transcript costs. Brown Rudnick, however, will not seek reimbursement of secretarial or other overtime charges. The Examiner has been assured that Brown Rudnick will charge the Examiner for these expenses at rates consistent with charges made to other Brown Rudnick clients, and subject to the Local Rules, orders of this Court and the guidelines of the U.S. Trustee.

26. Brown Rudnick will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

27. Based upon the foregoing, the Examiner respectfully represents that the employment of Brown Rudnick is necessary and in the best interests of the estate, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order. Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

## **NOTICE**

28. Notice of this Application have been given to: (a) Office of the United States Trustee; (b) the Debtors; (c) Paul Hastings LLP and Cousins Law, LLC, as Counsel to the Debtors; (d) McDermott Will & Emery, as Counsel to the Committee; (e) and all parties that have filed a notice of appearance in this case. In light of the nature of the relief requested, the Examiner submits that no other or further notice need to be provided.

## **NO PRIOR REQUEST**

29. No previous request for the relief sought herein has been made by the Examiner to this or any other court.

## CONCLUSION

**WHEREFORE**, the Examiner respectfully requests that the Court enter the proposed order annexed hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) such other and further relief as it deems just and proper.

Dated: February 1, 2021

                                    Respectfully submitted,

                                    By: */s/ Robert J. Stark*
                                          Robert J. Stark, as Examiner