# **<u>EXHIBIT A</u>**

{1311.001-W0064021.}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.:  20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. ___ & ___ |

**ORDER AUTHORIZING UPGRADEYA INVESTMENTS, LLC TO (A) FILE
UNDER SEAL THE SUPPLEMENTAL BRIEF IN SUPPORT OF THE MOTION
OF UPGRADEYA INVESTMENTS, LLC FOR RELIEF FROM AUTOMATIC
STAY UNDER BANKRUPTCY CODE SECTION 362 AND ANY SUBSEQUENT
PLEADINGS REFERENCING THE CONFIDENTIAL INFORMATION CONTAINED
THEREIN AND (B) RULING THAT NO PRIVILEGES HAVE BEEN WAIVED BY
FILING THE SUPPLEMENTAL BRIEF OR ANY SUBSEQUENT PLEADINGS
RELATED TO THE CONFIDENTIAL INFORMATION DISCLOSED THEREIN**

Upon the *Motion of UpgradeYa Investments, LLC for Entry of an Order Authorizing UpgradeYa Investments, LLC to (a) File under Seal the Supplemental Brief in Support of the Motion of UpgradeYa Investments, LLC for Relief from Automatic Stay Under Bankruptcy Code Section 362 and Any Subsequent Pleadings Referencing the Confidential Information Contained Therein and (b) Ruling that No Privileges Have Been Waived by Filing the Supplemental Brief or Any Subsequent Pleadings Related to the Confidential Information Disclosed Therein* (the "Motion")[2]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that there is good and sufficient cause for the relief set forth in this Order; and after due deliberation, and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Supplemental Brief and any Subsequent Pleadings related thereto shall be filed under seal; and it is further

ORDERED that the Motion complies with Del. Bankr. L.R. 9018-1 and no further request to seal any Subsequent Pleading is necessary or required; and it is further

ORDERED that the Supplemental Brief and any Subsequent Pleadings (collectively, the "Confidential Briefing") shall not be disseminated to anyone other than: (a) the Court; (b) the United States Trustee for the District of Delaware (the "US Trustee"); (c) the Debtors and the professionals retained by the Debtors (the "Debtor Review Parties"); (d) the Committee and the professionals retained by the Committee (the "Committee Review Parties"); and (e) UpgradeYa and the professionals retained by UpgradeYa (the "UpgradeYa Review Parties" and, together with the Debtor Review Parties and the Committee Review Parties, as the "Review Parties"), without either: (i) the express written consent of the party filing such Confidential Briefing; or (ii) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to each of the Review Parties and the US Trustee, as applicable; and it is further

ORDERED that the Review Parties shall keep the Confidential Briefing strictly

confidential and shall not disclose such contents thereof to any Person[3] other than the Review Parties (the "<u>Confidentiality Obligation</u>"); and it is further

ORDERED that, notwithstanding the Confidentiality Obligation:

      i.      if the Court denies the Motion for Stay Relief, then the Debtor Review Parties and the Committee Review Parties shall no longer be bound by the Confidentiality Obligation and, for the avoidance doubt, the UpgradeYa Review Parties shall continue to be bound by the Confidentiality Obligation;

      ii.      if UpgradeYa is permitted to pursue any direct claim or cause of action against one or more third parties related in any way to the Debtors or the Debtors' estates (the "<u>UpgradeYa Direct Claims</u>"), then UpgradeYa shall no longer be bound by the Confidentiality Obligation with respect to such claims or causes of action and, for the avoidance doubt, the Debtor Review Parties and the Committee Review Parties shall continue to be bound by the Confidentiality Obligation with respect to the UpgradeYa Direct Claims; ***provided***, ***however***, that to the extent that one or more of the UpgradeYa Direct Claims also constitutes a claim or cause of action that is property of the Debtors' estates (the "<u>Overlapping Claims</u>"), then the Review Parties shall continue to be bound by the Confidentiality Obligation with respect to such Overlapping Claims solely to the extent such Overlapping Claim is not their own; and, for the avoidance of doubt, nothing in this Order shall be interpreted as restricting UpgradeYa or the Debtors from pursuing their respective Overlapping Claims in any capacity other than preventing the disclosure of the other parties' Overlapping Claims;

      iii.      the Confidentiality Obligation applicable to the Review Parties does not apply to any of the facts underlying or related to the claims or causes of action described in the

---

[3] The term "Person" shall have the meaning ascribed to it in 11 U.S.C. § 101(41).

{1311.001-W0063965.4}      3

Confidential Briefing; and

        iv.    the Confidentiality Obligation does not apply to any information that: (A) was in such Review Party's possession immediately prior to UpgradeYa filing the Supplemental Brief [D.I. 396]; (B) is or becomes publicly available other than as a result of a disclosure by a Review Party in violation of this Order; (C) is or becomes available to a Review Party on a non-confidential basis from a source other than another Review Party, so long as such source is not bound by a confidentiality agreement with, or legal, contractual, or fiduciary obligation of confidentiality to, a non-disclosing Review Party; or (D) is independently developed by a Review Party not in violation of this Order and without reliance upon any information subject to the Confidentiality Obligation; and it is further

    ORDERED that no applicable claims, privileges, rights, or defenses have been or will be waived by any of the Review Parties by filing the Supplemental Brief and any Subsequent Pleadings related thereto; and it is further

    ORDERED that the terms and conditions of this Order shall be binding upon any successor(s) in interest or privilege to any of the Debtor Review Parties and the Committee Review Parties; and it is further

    ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

    ORDERED that the Review Parties are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Dated: _____, 2021
       Wilmington, Delaware

                                      THE HONORABLE JOHN T. DORSEY
                                      UNITED STATES BANKRUPTCY JUDGE