## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Feb. 23, 2021 at 1:00 p.m. (ET)<br>Obj. Deadline: Feb. 17, 2021 at 4:00 p.m. (ET) |

### JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE MOVANTS TO FILE STIPULATION UNDER SEAL

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors for the Debtors appointed in the chapter 11 bankruptcy cases (the "Committee" and, together with the Debtors, the "Movants") (the "Chapter 11 Cases") hereby jointly move (the "Motion") pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Movants to file the Stipulation (as defined herein) under seal. In support of this Motion, the Movants respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules, the Movants confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section 107(b)-(c), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On December 3, 2020, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee. *See* Docket No. 120.

6.      On January 8, 2021, the Court approved the appointment of Robert J. Stark (the "Examiner"), as the Examiner in the Chapter 11 Cases. *See* Docket No. 338.

7.      The Committee has requested that the Debtors enter into a stipulation (the "Stipulation") respecting certain estate assets, as set forth more fully in the Stipulation  The

Debtors are prepared to consent to the Committee's request, subject to the terms and conditions of the Stipulation. A true and correct copy of the Stipulation is attached hereto as **Exhibit B** and filed under seal.

### RELIEF REQUESTED

8.  By this Motion, the Committee requests entry of an order in the form attached hereto as **Exhibit A**, authorizing the Movants to file the Stipulation under seal.

### BASIS FOR RELIEF REQUESTED

**I.     The Stipulation Contains Confidential, Commercially Sensitive Information.**

9.  The Stipulation contains confidential research regarding the Committee's legal analysis, research, and strategy (collectively, the "Confidential Research"). Moreover, as set forth in the Stipulation, the Debtors have provided the Committee with confidential commercial information (the "Debtor Information" and, together with the Confidential Research, the "Confidential Information") that is included in the Stipulation.

10. The Confidential Information includes commercially sensitive information regarding the Debtors' assets. If such Confidential Information is not sealed, such assets may become the target of thieves, scammers, and other malefactors, potentially causing significant, irreversible damage to the Debtors' estates. Moreover, the Confidential Information includes commercially sensitive third-party information. In addition to the foregoing risks, if such Confidential Information is not sealed, the Movants may be susceptible to claims for publicly disclosing such information.

11. Notwithstanding this Motion, the Movants propose to provide, on a confidential basis, the unsealed Stipulation to (a) the Court, (b) the Examiner, (c) the U.S. Trustee, and (d) other parties, upon further order of the Court (collectively, the "Disclosure Parties").

**II.     The Stipulation Should be Sealed to Protect Estate Assets and Pursuant to Bankruptcy Code Section 107.**

12. Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d 194 (noting that the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'")

13. In proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, Bankruptcy Code section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.* Bankruptcy Rule 9018 implements Bankruptcy Code section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Bankruptcy Code section 107(c) provides that, for cause, the bankruptcy court may protect an individual with respect to the disclosure of information that "would create undue risk of identity theft or other unlawful injury to the individual's property." 11 U.S.C. § 107(c).

14. An order sealing or redacting commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [ ] commercial

injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See Alterra Healthcare*, 353 B.R. at 75–76 (citations omitted); *In re Mum Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor" (citations omitted)).  Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b).  *See, e.g., Orion Pictures*, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

15.  Once a court determines that the information in question falls within one of the enumerated categories in Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.*  The Court has broad authority to issue such an order under Bankruptcy Rule 9018.  *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16.  In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

17.  The Confidential Information is sensitive and confidential.  Cryptocurrency assets are particularly susceptible to theft or misappropriation.  If the Confidential Information is publicly disclosed, the Debtors' assets are at further risk of theft or misappropriation.  Similarly,

the Confidential Research should be sealed so as to protect estate assets, avoid potential unlawful injury to the Debtors' property, and deplete the Committee's ability to recover such assets. Similarly, if the Confidential Information were targeted, the Movants would be forced to expend considerable resources in monitoring and safeguarding against such attempts. Revealing the Confidential Information could hinder the Committee's attempts to recover the misappropriated assets, thereby causing further damage to the Debtors' estates. Accordingly, the Confidential Information should remain confidential.

18. The unsealed Stipulation, however, will still be provided upon request to the Disclosure Parties to the extent described herein, thereby alleviating concerns about stakeholders' ability to access such information as needed.

## NOTICE

19. Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the U.S. Trustee, (iii) counsel to the Examiner, and (iv) parties that have requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Movants request entry of an order authorizing the Movants to file the Stipulation under seal.

Dated: February 3, 2021

| **McDERMOTT WILL & EMERY, LLP** | **COUSINS LAW LLC** |
|---|---|
| By: /s/ *David R. Hurst*<br>David R. Hurst<br>The Nemours Building<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>-and-<br><br>Timothy W. Walsh<br>Darren Azman<br>340 Madison Avenue<br>New York, NY 10173-1922<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br><br>*Counsel to the Official Committee of Unsecured Creditors* | By: /s/ *Scott D. Cousins*<br>Scott D. Cousins (No. 3079)<br>Brandywine Plaza West<br>1521 Concord Pike, Suite 301<br>Wilmington, Delaware 19803<br>Telephone: (302) 824-7081<br>Facsimile: (302) 295-0331<br>Email: scott.cousins@cousins-law.com<br><br>- and -<br><br>James T. Grogan (admitted *pro hac vice*)<br>Mack Wilson (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>600 Travis Street, Fifty-Eighth Floor<br>Houston, Texas 77002<br>Telephone: (713) 860-7300<br>Facsimile: (713) 353-3100<br>Email: jamesgrogan@paulhastings.com<br>mackwilson@paulhastings.com<br><br>- and -<br><br>Pedro A. Jimenez (admitted *pro hac vice*)<br>Avram Emmanuel Luft (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: pedrojimenez@paulhastings.com<br>aviluft@paulhastings.com<br><br>*Co-Counsel to the Debtors* |