**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Feb. 23, 2021 at 1:00 p.m. (ET)<br>Obj. Deadline: Feb. 16, 2021 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS**

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") submit this motion (the "Motion") pursuant to 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2 for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the time period by which the Debtors may file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 (the "Removal Deadline") by 90 days through and including May 6, 2021 with respect to all matters pending as of November 7, 2020 (the "Petition Date") as specified in Bankruptcy Rule 9027(a)(2) (the "Prepetition Actions") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "Postpetition Actions," together with the Prepetition Actions," the "Actions").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Under Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion before the expiration of the current

The Debtors further request that the Order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code (as defined below) applies to stay any given Action, and (b) the right of the Debtors to seek further extensions of the Removal Deadline, and respectfully state as follows:

### JURISDICTION, VENUE, AND STATUTORY BASES

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2.

### BACKGROUND

4. On November 7, 2020, the Debtors commenced these Chapter 11 Cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"). The Debtors are managing and operating their businesses as debtors in

---

Removal Deadline, February 5, 2021, automatically extends the Removal Deadline until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5. On December 3, 2020, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors of Cred Inc. *et al.* (the "Committee") to serve in these Chapter 11 Cases.

6. On January 8, 2021, the Court approved the appointment of Robert J. Stark (the "Examiner"), as the Examiner in the Chapter 11 Cases.

## BASIS FOR RELIEF

7. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> [A] notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b) further provides that the Court may extend unexpired time periods, such as the Debtors' Removal Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause

>shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10.  It is well settled, in this district and others, that this Court has the authority to grant the relief requested herein.  *See, e.g., In re Pacor, Inc.*, 743 F.2d 984, 966 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.").

11.  The Debtors submit that ample cause exists to extend the Removal Deadline.  As of the date of the filing of this Motion, the Debtors are involved in many Actions pending in state or federal courts in various jurisdictions.  While the Debtors have filed notices of removal with respect to certain of the Actions, the Debtors have not yet had the opportunity to properly consider, or make decisions concerning, the removal of all of the Actions.  Indeed, since the Petition Date, the Debtors have expended considerable time and effort focusing on their transition into chapter 11, including, but not limited to, stabilizing business operations, seeking and obtaining various forms of first and second-day relief, handling countless operational issues, including responding to creditor, and customer concerns and questions, and addressing various issues related to maximizing value for all creditors and stakeholders. Based on the foregoing, the Debtors believe

the current Removal Deadline of February 5, 2021 would not provide sufficient time for the Debtors to determine conclusively which remaining Actions, if any, they should seek to remove.

12. The extension of the Removal Deadline will provide the Debtors with time to make fully-informed decisions concerning the removal of any or all of the Actions and will ensure that the Debtors do not forfeit any valuable rights under 28 U.S.C. § 1452. Thus, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

13. Moreover, granting the requested extension will not unduly prejudice the rights of the counterparties to the Actions. The Actions against the Debtors are stayed by operation of the automatic stay contained in section 362(a) of the Bankruptcy Code. Further, any counterparty to an Action that is removed retain their rights under 28 U.S.C. § 1452(b) to seek to remand such Actions. Accordingly, the Debtors submit that cause exists to grant the relief requested herein.

## NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

15. Notice of the Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee, (iii) counsel to the Examiner, and (iv) parties that have requested notice pursuant to Local Rule 2002-1(b). The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank.*]

the current Removal Deadline of February 5, 2021 would not provide sufficient time for the Debtors to determine conclusively which remaining Actions, if any, they should seek to remove.

12. The extension of the Removal Deadline will provide the Debtors with time to make fully-informed decisions concerning the removal of any or all of the Actions and will ensure that the Debtors do not forfeit any valuable rights under 28 U.S.C. § 1452. Thus, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

13. Moreover, granting the requested extension will not unduly prejudice the rights of the counterparties to the Actions. The Actions against the Debtors are stayed by operation of the automatic stay contained in section 362(a) of the Bankruptcy Code. Further, any counterparty to an Action that is removed retain their rights under 28 U.S.C. § 1452(b) to seek to remand such Actions. Accordingly, the Debtors submit that cause exists to grant the relief requested herein.

## NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

15. Notice of the Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee, (iii) counsel to the Examiner, and (iv) parties that have requested notice pursuant to Local Rule 2002-1(b). The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: February 4, 2021
      Wilmington, Delaware

      */s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile:    (302) 295-0331
Email:        scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:    (713) 353-3100
Email:        jamesgrogan@paulhastings.com
               mackwilson@paulhastings.com

- and -

Pedro A. Jimenez (admitted *pro hac vice*)
Avram Emmanuel Luft (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:    (212) 319-4090
Email:        pedrojimenez@paulhastings.com
               aviluft@paulhastings.com

*Co-Counsel to the Debtors*