# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: March 2, 2021 @ 4:00 p.m.**<br>**Hearing Date: March 9, 2021 @ 2:00 p.m.** |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT AMONG THE DEBTORS, THE COMMITTEE, AND QUINN EMANUEL URQUHART & SULLIVAN LLP

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby move (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the *Stipulation of Settlement Regarding Turnover, Releases, and Reservations* (the "Stipulation"), attached as **Exhibit 1** to the Proposed Order, between the Debtors, the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases, and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel" and, together with the Committee and the Debtors, the "Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019.

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 3, 2020, the Office of the United States Trustee appointed the Committee. Docket No. 120. On January 8, 2021, the Court appointed Robert J. Stark as examiner (the "Examiner"). Docket No. 338.

6. On February 3, 2021, the Committee filed the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting (I) A Temporary Restraining*

2

*Order and Preliminary Injunction Against James Alexander and (II) Related Relief* (the "Emergency Motion") [*In re Cred*, No. 20-12836, Adv. Proc. No. 20-51006, Docket No. 6]. On February 5, 2021, the Court granted the Emergency Motion for the reasons stated on the record [Adv. Proc. No. 20-51006, Docket Nos., 15, 19] (the "Emergency Order").

7. The Emergency Order directed James Alexander to *inter alia* turnover all of Cred Capital Inc.'s assets in his possession or under his control and to produce documents detailing the use of those assets, including subsequent transferees. Pursuant to the Emergency Order, Alexander produced certain responsive documents including statements for a bank account at Wells Fargo ending in 9285 (the "Bank Statements"). Among the transactions identified in the Bank Statements was a January 28, 2021 transfer of $350,000 to Quinn Emanuel (the "Disputed Funds"). The Debtors and the Committee understand that the Disputed Funds relate to a purported advance of legal defense costs for Daniel Wheeler, the Debtors' former General Counsel. The Debtors and the Committee assert that the Disputed Funds are assets of the Debtors' estates.

8. The Parties have conferred in good faith and agreed to resolve the issue of turnover of the Disputed Funds on the terms set forth in the Stipulation. The Stipulation provides for the turnover of the Disputed Funds from Quinn Emmanuel to the Debtors in an amount equal to $350,000 less $33,500 (*i.e.*, $316,500), in exchange for certain releases of claims between the Parties and a reservation of rights with respect to claims or causes of action that the Parties may have against Mr. Wheeler.

**RELIEF REQUESTED**

9. By this Motion, the Debtors request entry of an order pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019, in the form attached hereto as **Exhibit A**, approving the Stipulation.

**BASIS FOR RELIEF REQUESTED**

A.  **Legal Basis For The Relief Requested**

10. Bankruptcy Code section 363(b)(1) provides that a debtor in possession may use property of the estate "other than in the ordinary course of business" after notice and a hearing, 11 U.S.C. § 363(b)(1); *see Meyers v. Martin (In re Martin)*, 91 F.3d 389, 394-95 (3d Cir. 1996).

11. In determining whether to authorize the use or transfer of estate property under Bankruptcy Code section 363(b)(1), such use or transfer must be supported by a "sound business purpose." *In re Decora Indus., Inc.*, No. 00-4459, 2002 WL 32332749, at *2 (D. Del. May 20, 2002); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991). A court determining whether a sound business purpose justifies the transaction "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *In re Montgomery Ward Holding Corp.*, 242 B.R. at 153-54 (quoting *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983)). In addition, a debtor must show that the transaction has been proposed in good faith, that adequate and reasonable notice has been provided and that it is receiving fair and reasonable value in exchange. *See In re Decora Indus., Inc.*, 2002 WL 32332749, at *2; *In re Del. & Hudson Ry. Co.*, 124 B.R. at 176.

12. The business judgment rule under Bankruptcy Code section 363(b)(1) shields a debtor from judicial second-guessing. *See Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 149-50 (3d Cir. 1986) (applying good faith standard to transaction by debtor); *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). "In evaluating whether a sound business purpose justifies the use, sale

or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'" *In re Montgomery Ward Holding Corp.*, 242 B.R. at 153. Whether a debtor "articulates a reasonable basis for its business decisions . . . courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. at 616.

13. Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Additionally, Bankruptcy Rule 9019(a) provides in part that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

14. Settlements are often used to expedite case administration and reduce unnecessary administrative costs. As such, they are favored in bankruptcy. *See In re Nutraquest, Inc.*, 434 F.3d 639, 646 (3d Cir. 2006) ("[i]t is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation"). Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a settlement so long as the proposed compromise is fair, reasonable and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'"); *In re Nw. Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("[T]he bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate."); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) ("[T]he bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities." *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004).

15. In determining whether a compromise is fair and reasonable, the Third Circuit has adopted a four-factor balancing test: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Nutraquest*, 434 F.3d at 643; *see also Key3Media*, 336 B.R. 87 at 93 (when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal") (internal citations omitted). The Stipulation satisfies these factors.

B. **The Stipulation Should Be Approved**

16. *The Debtors' Business Judgment.* The Debtors and the Committee strongly believe that the Disputed Funds are property of the Debtors' estates. Although the Stipulation allows Quinn Emanuel to retain a small portion of the Disputed Funds, in light of the facts and the circumstances it is well within the Debtors' and the Committee's business judgment to enter into the Stipulation, and the Stipulation is in the best interests of the Debtors' estates.

17. Litigating turnover of the Disputed Funds will be costly to the Debtors and the Committee. Moreover, Quinn Emanuel may raise certain defenses, and litigation would delay the Debtors' recovery of the Disputed Funds.

18. Accordingly, permitting Quinn Emanuel to retain a small portion (*i.e.*, 10.58%) of the Disputed Funds provides a significant benefit to the Debtors' estates.

19. *Probability of Success in Litigation.* Again, although the Debtors and the Committee strongly believe their claims to be meritorious, there is no question that substantial litigation risk exists. Quinn Emanuel may assert a number of defenses to turnover. And although the Debtors and the Committee may ultimately prevail, this is not a foregone conclusion.

20. *Likely Difficulties in Collection.* There would likely not be difficulties in collecting against Quinn Emanuel if the Debtors and the Committee are successful in litigation. Nevertheless, this factor is not dispositive. *See In re Capmark Fin. Group Inc.*, 438 B.R. 471 (Bankr. D. Del. 2010) (approving settlement motion despite finding that there would not be any difficulties in collection). Furthermore, any recovery would certainly be delayed by litigation, and could be further delayed by potential appeals. *Key3Media*, 336 B.R. at 97.

21. *Complexity of Litigation, Expense, Inconvenience, Delay.* Turnover litigation regarding the Disputed Funds would not be straightforward. Such litigation would likely be a fact intensive process, requiring discovery, document review, legal research, briefing, and oral argument. Such litigation would be a costly (and in light of the Stipulation, unnecessary) administrative expense of the Debtors' estates and should be avoided.

22. *Paramount Interest of the Creditors.* The Committee, as the representative of all unsecured creditors, strongly supports approval of the Stipulation. The Stipulation allows for the recovery of nearly 90% of the Disputed Funds, at very little cost to the Debtors' estates, and ultimately for the benefit of the Debtors' creditors. Furthermore, the Stipulation permits the Debtors and the Committee to focus on the successful prosecution of these Chapter 11 Cases. Accordingly, the paramount interests of the creditors supports approval of the Stipulation.

## NOTICE

23. Notice of the Motion has been provided to (i) counsel to the Committee, (ii) the U.S. Trustee for the District of Delaware, (iii) counsel to the Examiner, (iv) Quinn Emanuel, and (v) parties that have requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

**WHEREFORE**, the Debtors requests entry of an order pursuant to Bankruptcy Code sections 105(a) and 363(b), and Bankruptcy Rule 9019, substantially in the form attached hereto as **Exhibit A**, (i) approving the Stipulation and (ii) granting related relief.

Dated: February 17, 2021
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile:   (302) 295-0331
Email:   scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:   (713) 353-3100
Email:   jamesgrogan@paulhastings.com
        mackwilson@paulhastings.com

- and -

Pedro A. Jimenez (admitted *pro hac vice*)
Avram Emmanuel Luft (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   pedrojimenez@paulhastings.com
        aviluft@paulhastings.com

*Co-Counsel to the Debtors*