**Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20-12836 (JTD) |
| Debtors. [1] | ) ) ) ) ) ) | (Jointly Administered) |

**ORDER APPROVING THE STIPULATION OF SETTLEMENT AMONG THE DEBTORS, THE COMMITTEE, AND QUINN EMANUEL URQUHART & SULLIVAN LLP**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019 approving the Stipulation; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court finding that the Stipulation is reasonable and in the best interests of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Stipulation is approved and the Debtors, the Committee, and Quinn Emanuel are authorized to perform thereunder.

3. No later than three business days after entry of this Order, Quinn Emanuel shall turn over $316,500 to the Debtors.

4. Any and all claims or causes of action that the Debtors may have against Quinn Emanuel relating to the return of the Disputed Funds, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived. Any and all claims or causes of action that Quinn Emanuel may have against the Debtors, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived.

5. The Parties rights to pursue any and all claims or causes of action against Daniel Wheeler, including in connection with the Disputed Funds, are expressly reserved.

6. Nothing in this Order or the Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Quinn Emanuel under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Committee's, the Debtors', or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest

in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law, except as explicitly provided for herein..

7.      The Stipulation shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustee and/or any successor and assign of the Debtors.

8.      The Stipulation is for the benefit the Debtors, the Committee, and Quinn Emanuel. No unaffiliated third parties hold any rights under the Stipulation and this Stipulation does not grant any rights or remedies to any third parties.

9.      The terms and conditions of this Order and the Stipulation are immediately effective and enforceable upon entry of this Order.

10.     The Court shall retain jurisdiction to resolve any disputes or controversies arising from the implementation of this Order or the Stipulation.

# **Exhibit 1**

Stipulation of Settlement

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

## STIPULATION OF SETTLEMENT REGARDING
## TURNOVER, RELEASES, AND RESERVATION OF RIGHTS

This stipulation and order (the "Stipulation") is entered into by and between the above-captioned debtors and debtors-in-possession (the "Debtors"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"). The Debtors, Quinn Emanuel, and the Committee are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A.  Quinn Emanuel is presently in possession of or controls $350,000 that the Debtors assert are property of the Debtors' estates (the "Disputed Funds"). On January 28, 2021, James Alexander transferred the Disputed Funds to Quinn Emanuel.

B.  Quinn Emanuel desires to turn over the Disputed Funds to the Debtors, less $33,500 (*i.e.*, $316,500).

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

C. The Parties desire to release certain claims amongst themselves, subject to, and without waiver, of any Party's claims or causes of action against Daniel Wheeler.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:**

1. This Stipulation shall have no force and effect unless and until approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This Stipulation shall be effective on the date of entry of an Order approving the Stipulation.

2. No later than three business days after entry of an Order approving the Stipulation, Quinn Emanuel shall turn over $316,500 to the Debtors ($350,000 less $33,500).

3. Any and all claims or causes of action that the Debtors may have against Quinn Emanuel relating to the return of the Disputed Funds, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived. Any and all claims or causes of action that Quinn Emanuel may have against the Debtors, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived.

4. The Parties rights to pursue any and all claims or causes of action against Daniel Wheeler, including in connection with the Disputed Funds, are expressly reserved.

5. Nothing in this Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Quinn Emanuel under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Committee's, the Debtors', or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission as to

the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses that may exist against any entity under the Bankruptcy Code or any other applicable law, except as explicitly provided for herein.

6. This Stipulation shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustee and/or any successor and assign of the Debtors.

7. This Stipulation is for the benefit the Debtors, the Committee, and Quinn Emanuel. No unaffiliated third parties hold any rights under this Stipulation, and this Stipulation does not grant any rights or remedies to any third parties.

8. Each person who executed this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Stipulation.

9. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation is subject to approval of the Court, and the Parties agree to present the Stipulation to the Court for approval.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an Order approving this Stipulation.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED** to this 16th day of February, 2021.

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **COUSINS LAW LLC** |
| By: /s/ *Marc L. Greenwald* | By: _____ |
| Marc L. Greenwald | Scott D. Cousins (No. 3079) |
| 51 Madison Avenue, 22nd Floor | Scott D. Jones (No. 6672) |
| New York, NY 10010 | Brandywine Plaza West |
| Telephone: (212) 849-7140 | 1521 Concord Pike, Suite 301 |
| Facsimile: (212) 849-7100 | Wilmington, Delaware 19803 |
| | Telephone: (302) 824-7081 |
| | Facsimile: (302) 295-0331 |
| **MCDERMOTT WILL & EMERY LLP** | **PAUL HASTINGS LLP** |
| | James T. Grogan (admitted *pro hac vice*) |
| | Mack Wilson (admitted *pro hac vice*) |
| By: _____ | 600 Travis Street, Fifty-Eighth Floor |
| Timothy W. Walsh (admitted *pro hac vice*) | Houston, Texas 77002 |
| Darren Azman (admitted *pro hac vice*) | Telephone:   (713) 860-7300 |
| 340 Madison Avenue | Facsimile:    (713) 353-3100 |
| New York, NY 10173-1922 | Email:         jamesgrogan@paulhastings.com |
| Telephone: (212) 547-5400 |                    mackwilson@paulhastings.com |
| Facsimile: (212) 547-5444 | |
| | - and - |
| - and - | |
| | Pedro A. Jimenez (admitted *pro hac vice*) |
| David R. Hurst (I.D. No. 3743) | Avram Emmanuel Luft (admitted *pro hac vice*) |
| The Nemours Building | **PAUL HASTINGS LLP** |
| 1007 North Orange Street, 4th Floor | 200 Park Avenue |
| Wilmington, DE 19801 | New York, New York 10166 |
| Telephone: (302) 485-3900 | Telephone:   (212) 318-6000 |
| Facsimile: (302) 351-8711 | Facsimile:    (212) 319-4090 |
| | Email: |
| *Counsel to the Official Committee* |         pedrojimenez@paulhastings.com |
| *of Unsecured Creditors* |         aviluft@paulhastings.com |
| | *Co-Counsel to the Debtors* |

**STIPULATED AND AGREED** to this 16th day of February, 2021.

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **COUSINS LAW LLC** |
| By: _____<br>Marc L. Greenwald<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7140<br>Facsimile: (212) 849-7100 | By: _____<br>Scott D. Cousins (No. 3079)<br>Scott D. Jones (No. 6672)<br>Brandywine Plaza West<br>1521 Concord Pike, Suite 301<br>Wilmington, Delaware 19803<br>Telephone: (302) 824-7081<br>Facsimile: (302) 295-0331 |
| **MCDERMOTT WILL & EMERY LLP** | **PAUL HASTINGS LLP**<br>James T. Grogan (admitted *pro hac vice*)<br>Mack Wilson (admitted *pro hac vice*)<br>600 Travis Street, Fifty-Eighth Floor<br>Houston, Texas 77002<br>Telephone:   (713) 860-7300<br>Facsimile:   (713) 353-3100<br>Email:   jamesgrogan@paulhastings.com<br>            mackwilson@paulhastings.com |
| By: /s/ *Timothy W. Walsh*<br>Timothy W. Walsh (admitted *pro hac vice*)<br>Darren Azman (admitted *pro hac vice*)<br>340 Madison Avenue<br>New York, NY 10173-1922<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444 | |
| - and - | - and - |
| David R. Hurst (I.D. No. 3743)<br>The Nemours Building<br>1007 North Orange Street, 4th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711 | Pedro A. Jimenez (admitted *pro hac vice*)<br>Avram Emmanuel Luft (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:   (212) 318-6000<br>Facsimile:   (212) 319-4090<br>Email:<br>   pedrojimenez@paulhastings.com<br>   aviluft@paulhastings.com |
| *Counsel to the Official Committee of Unsecured Creditors* | *Co-Counsel to the Debtors* |

**STIPULATED AND AGREED** to this 16th day of February, 2021.

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **COUSINS LAW LLC** |
| By: _____<br>Marc L. Greenwald<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7140<br>Facsimile: (212) 849-7100 | By:  /s/ Scott D. Cousins<br>Scott D. Cousins (No. 3079)<br>Scott D. Jones (No. 6672)<br>Brandywine Plaza West<br>1521 Concord Pike, Suite 301<br>Wilmington, Delaware 19803<br>Telephone: (302) 824-7081<br>Facsimile: (302) 295-0331 |
| **MCDERMOTT WILL & EMERY LLP** | **PAUL HASTINGS LLP**<br>James T. Grogan (admitted *pro hac vice*)<br>Mack Wilson (admitted *pro hac vice*)<br>600 Travis Street, Fifty-Eighth Floor<br>Houston, Texas 77002<br>Telephone:    (713) 860-7300<br>Facsimile:    (713) 353-3100<br>Email:         jamesgrogan@paulhastings.com<br>                   mackwilson@paulhastings.com |
| By: _____<br>Timothy W. Walsh (admitted *pro hac vice*)<br>Darren Azman (admitted *pro hac vice*)<br>340 Madison Avenue<br>New York, NY 10173-1922<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444 | |
| - and - | - and - |
| David R. Hurst (I.D. No. 3743)<br>The Nemours Building<br>1007 North Orange Street, 4th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711 | Pedro A. Jimenez (admitted *pro hac vice*)<br>Avram Emmanuel Luft (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:    (212) 318-6000<br>Facsimile:    (212) 319-4090<br>Email:<br>       pedrojimenez@paulhastings.com<br>       aviluft@paulhastings.com |
| *Counsel to the Official Committee*<br>*of Unsecured Creditors* | *Co-Counsel to the Debtors* |