# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: March 10, 2021 at 4:00 pm (ET)**<br>**Hearing Date: TBD** |

## APPLICATION OF EXAMINER
## FOR ORDER AUTHORIZING RETENTION AND
## EMPLOYMENT OF ANKURA CONSULTING GROUP, AS FINANCIAL
## ADVISOR TO THE EXAMINER, *NUNC PRO TUNC* TO FEBRUARY 2, 2021

Robert J. Stark, as Court-appointed Examiner (the "Examiner") for Cred Inc. and its affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to the Court's *Order Denying in Part, and Granting in Part, the Trustee/Examiner Motions*; [ECF No. 281] (the "Examiner Order") and the Court's *Order Approving Appointment of Examiner* [ECF No. 338], for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Ankura Consulting Group, LLC ("Ankura"), to serve as financial advisor to the Examiner, *nunc pro tunc* to February 2, 2021. The declarations of Robert J. Stark and Vikram Kapoor in support of this Application are annexed hereto as **Exhibits B** and **C**, respectively. In further support of this Application, the Examiner states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Application is based on the Examiner Order, section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the Debtors commenced the above captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are managing their business, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 3, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").

6. On December 4, 2020, the United States Trustee filed the *Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases* [ECF No. 133] (the "U.S. Trustee Motion").

7. On December 23, 2020 the Court issued the Examiner Order, which provides that the U.S. Trustee is directed to appoint an examiner pursuant to 11 U.S.C. § 1104(c).

8. Pursuant to the Examiner Order, the Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in

the management of the affairs of the Debtors of or by current of former management of the Debtors and (b) otherwise perform the duties of an examiner set forth in Bankruptcy Code Sections 1106(a)(3) and 1106(a)(4). See Examiner Order ¶ 4.

9. The Examiner Order authorizes the Examiner to retain counsel and other professionals if he determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. See Examiner Order ¶ 11.

10. The Examiner Order further provides that any professional retained by the Examiner and approved by the Court will be compensated pursuant to and in accordance with the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 244] and Bankruptcy Code Section 330. See Examiner Order ¶ 12.

11. On January 7, 2021, the U.S. Trustee filed its motion to approve the appointment of Robert J. Stark, as Examiner. See ECF No. 330.

12. On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark, as Examiner. See ECF No. 338.

13. On January 20, 2021, the Examiner filed his proposed scope, work plan, and budget for the Investigation (the "Initial Work Plan"). See ECF No. 376.

14. On January 28, 2021, the Court entered its order approving the Examiner's proposed scope, work plan, and budget for the Investigation (the "Work Plan Order"). See ECF No. 431.

15. The Examiner Order and Initial Work Plan provided that the Examiner would have the ability to leverage work product created by the Debtors' and Creditors' Committee's

financial advisors, and other work performed by such advisors, in connection with the Investigation. The Examiner has been able to do just that, with the cooperation of the Debtors and Creditors' Committee.

16. But, given the timing of when the Initial Work Plan was filed (*i.e.*, at the beginning stages of the Investigation), the Examiner could not know what precise information would be necessary to complete the Investigation and what information the Debtors' and Creditors' Committee's advisors would be able to provide.

17. Accordingly, pursuant to the Initial Work Plan (and consistent with the Examiner Order), the Examiner reserved the right to amend the Initial Work Plan as the Investigation progressed, including the right to (a) seek to retain additional financial advisory assistance if necessary to complete the Investigation, and (b) modify the proposed Investigation budget. See Initial Work Plan ¶¶ 11(ii)(c), 13. The Work Plan Order, likewise, reserves the Examiner's right to seek to amend the Initial Work Plan, including the proposed budget, as necessary. See Work Plan Order ¶ 2.

18. The Examiner has analyzed the information provided by the Debtors' and Creditors' Committee's advisors. Such information has been informative and beneficial to the Investigation. The Examiner intends to continue utilizing information provided by these professionals. But, given the foregoing advisors' specific mandates, such information does not address certain issues that the Examiner believes are necessary to expeditiously complete the Investigation. Accordingly, the Examiner has determined that additional financial advisory services are necessary to complete the Investigation.

19. Substantially contemporaneous herewith, the Examiner has filed his proposed amendment to the Initial Work Plan, pursuant to which the Examiner seeks to amend the Initial

Work Plan to provide for the retention of Ankura as financial advisor to the Examiner and to increase the Investigation budget by $125,000, to a total Investigation budget of $925,000 (inclusive of primary counsel, local counsel, and financial advisory fees and costs).

20. The Examiner does not believe that the work to be performed by Ankura will be duplicative of work performed by other advisors in these cases and will endeavor to ensure that there is no duplication of effort.

## RELIEF REQUESTED

21. By this Application, the Examiner seeks entry of an order, pursuant to the Examiner Order, Bankruptcy Code Section 327, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing and approving the employment and retention of Ankura to serve as financial advisor to the Examiner, *nunc pro tunc* to February 2, 2021, in accordance with the terms set forth herein.

## ANKURA'S ROLE

22. The Examiner seeks the appointment of Ankura to assist him in carrying out his duties and responsibilities under the Examiner Order and Bankruptcy Code Section 1106. Ankura has stated its desire and willingness to serve as financial advisor to the Examiner in this case.

23. In consideration of the size and complexity of the Debtors' business, as well as the immaturity of the space in which Debtors operate, the Examiner has determined that the services of a financial advisor experienced in the crypto currency space will substantially enhance his ability to conduct the Investigation, including, specifically, the facts and circumstances surrounding the decline of the Debtors' business into bankruptcy and the associated allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, and/or irregularity in the management of the affairs of the Debtors. Ankura is well qualified to provide

these services in light of its extensive knowledge and expertise in the areas of forensic accounting and crypto currency.

24. Ankura is an international company specializing in, among other areas, forensic accounting and financial investigative services to parties navigating complex financial and accounting probes. Ankura employs a team of top professionals and seasoned advisors with decades of experience in forensic accounting, auditing, corporate finance, financial valuation and analytics, trading, fraud, and anti-corruption matters tailored to investigations dealing with crypto currency, digital assets, and blockchain and immutable technology.

25. Vikram Kapoor, a Senior Managing Director at Ankura, will be responsible for the overall engagement and will serve as the Examiner's primary crypto market analysis advisor. Mr. Kapoor has submitted expert reports and testified in U.S. Federal Court, state court, FINRA arbitration, Singapore International Commercial Court, and Stockholm District Court. Mr. Kapoor has also submitted reports/white papers in SEC investigations (including presenting results/conclusions to the SEC) and whistle blower allegations. Mr. Kapoor is registered with FINRA, has his Series 7, 57, and 63 licenses, and has an MBA in Finance and a BS in Engineering. Mr. Kapoor has been or currently is engaged as an expert on matters related to the valuation and trading of illiquid assets, including market linked structured products (equity, fund, commodity, rates, fx), fixed income structured products (RMBS, CDO, CLO, CMBS, ABS), equity, futures, corporate bonds, municipal bonds, OTC derivates (CDS, IRS, FX), and cryptocurrency (BTC, ETH). Mr. Kapoor's work includes analyses of algorithmic market making and trade routing by financial institutions where he has analysed more than 50 TB of intraday transactions from NYSE Trades and Quote (TAQ) database as well as the related code. Mr. Kapoor has also testified in a matter involving crypto currency market making.

26. By retaining Ankura, the Examiner will have access to the experience, knowledge and expertise of experienced crypto currency financial experts, financial fraud forensic accountants and investigators. The Examiner believes that the Ankura team's extensive experience and knowledge and the insight they will bring to the Investigation will result in an efficient and cost-effective handling of this investigation. Ankura is well qualified and uniquely situated, based on its experience, and the comprehensiveness of its services, to deal effectively and efficiently with matters that may arise in the context of this case. Accordingly, the Examiner submits that the retention of Ankura on the terms and conditions set forth herein is necessary and appropriate, and is in the best interest of the Debtors, creditors, and all other parties in interest, and should be granted in all respects.

27. The Examiner believes that Ankura's professional services are necessary to effectively execute his duties as examiner. The Examiner proposes to employ and retain Ankura to serve as financial advisor to the Examiner, and anticipates that Ankura will render various services to him,[2] including the following:

   a. assist and advise the Examiner in the discharge of his duties and responsibilities under the Order, other orders of this Court, and applicable law;

   b. assist the Examiner in the evaluation and analysis of financial and crypto currency issues raised in connection with the Investigation;

   c. assist the Examiner in evaluating the relationship between the Debtors' assets and liabilities vis-à-vis crypto currency valuations;

   d. assist the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Investigation;

   e. assist the Examiner in the preparation of reports and other documents necessary for the Examiner to discharge his duties; and

---

[2] For the purposes of preserving attorney-client privilege and confidentiality, the Examiner may retain Ankura through counsel.

f.  assist the Examiner in undertaking any additional tasks or duties that the Court may direct or that the Examiner may determine are necessary and appropriate in connection with the discharge of his duties.

## ANKURA'S DISINTERESTEDNESS

28. As described in detail in the declaration of Vikram Kapoor in support of the Application (the "Kapoor Declaration"), which is annexed hereto as **Exhibit C**, Ankura has conducted a search of its conflict database and has made other internal inquiries about connections with the Debtors, the entities and individuals associated with the Debtors, and its actual and potential creditors and parties in interest. The Kapoor Declaration sets forth the scope of the search and those inquiries and their results.

29. The Examiner does not believe that any of Ankura's connections to parties in interest disqualify Ankura from serving as financial advisor to the Examiner.

30. Based on the Kapoor Declaration, the Examiner believes that Ankura is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14), and does not hold or represent an interest adverse to the Debtor's estate as required by Bankruptcy Code Section 327(a), and that Ankura's professionals do not hold or represent any interest adverse to the Debtors' estate.

31. To the extent that, during or at the conclusion of Ankura's employment, Ankura receives an updated list of Case Parties and discovers any facts bearing on matters described in the Kapoor Declaration, Ankura will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

## ANKURA'S COMPENSATION

32. As Examiner, I will be responsible for supervising the fees and expenses incurred by Ankura in this case. As set forth in my amended work plan and budget, I have proposed an

overall budget for the Investigation of $925,000 (inclusive of primary counsel, local counsel, and financial advisor fees and costs).[3]

33. Ankura intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Examiner in connection with the Chapter 11 case. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Fee Guidelines, and the interim compensation order entered in this case, Ankura intends (a) to charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered; and (b) to seek reimbursement of actual and necessary out-of-pocket expenses and other charges (including reasonable legal fees incurred by Ankura in defense of the Application and fee applications submitted in this Chapter 11 case) in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules and any other applicable orders of this Court.

34. The current hourly rates for the Ankura professionals who are expected to render services to the Examiner range from $300.00 per hour to $875.00 per hour. Notably, due to the particular circumstances of this engagement, Ankura has agreed to provide a 15% discount to total fees billed on a monthly basis. The discount will not be applied against expenses incurred by Ankura.

35. Ankura will maintain detailed records of fees and expenses incurred in connection with the rendering of the services described above, in accordance with applicable rules and guidelines.

---

[3] As noted in my proposed work plan and budget, I and my professionals will endeavor to work efficiently and expeditiously to complete the investigation within this proposed budget. Notwithstanding, I reserve the right to seek modifications to the proposed investigation budget by order of the Court after notice and an opportunity for parties-in-interest to be heard.

36. Based upon the foregoing, the Examiner respectfully represents that the employment of Ankura is necessary and in the best interests of the estate, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order. Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

37. Prior to filing this application, the Examiner met and conferred with the U.S. Trustee, the Debtors, and the Creditors' Committee regarding the substance herein.

## NOTICE

38. Notice of this Application have been given to: (a) Office of the United States Trustee; (b) the Debtors; (c) Paul Hastings LLP and Cousins Law, LLC, as Counsel to the Debtors; (e) McDermott Will & Emery, as Counsel to the Committee; (f) and all parties that have filed a notice of appearance in this case. In light of the nature of the relief requested, the Examiner submits that no other or further notice need to be provided.

## NO PRIOR REQUEST

39. No previous request for the relief sought herein has been made by the Examiner to this or any other court.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

**WHEREFORE**, the Examiner respectfully requests that the Court enter the proposed order annexed hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) such other and further relief as it deems just and proper.

Dated: February 24, 2021

                                        Respectfully submitted,

                                        By: */s/ Robert J. Stark*
                                              Robert J. Stark, as Examiner