## EXHIBIT B

## STARK DECLARATION

{01664523;v1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF ROBERT J. STARK IN SUPPORT OF APPLICATION OF EXAMINER FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ANKURA CONSULTING GROUP, AS FINANCIAL ADVISOR TO THE EXAMINER, *NUNC PRO TUNC* TO FEBRUARY 2, 2021

I, ROBERT J. STARK, declare the following is true to the best of my knowledge, information, and belief:

1. I am the Court-appointed examiner (the "Examiner") in the above-captioned Chapter 11 cases of Cred Inc. and a partner with the law firm of Brown Rudnick LLP.

2. I submit this application in connection with the application for an order approving the retention and employment of Ankura Consulting Group, LLC ("Ankura") as financial advisor to the Examiner, *nunc pro tunc* to February 2, 2021 (the "Application"). Unless otherwise stated, I have personal knowledge of the matters set forth herein.

3. On December 4, 2020, the United States Trustee filed the *Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (I) Directing the Appointment of an Examiner, or (II) Converting the Cases to Chapter 7 Cases* [ECF No. 133].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

{01664523;v1 }

4. On December 23, 2020, the Court entered the *Order Denying in Part, and Granting in Part, the Trustee/Examiner Motions* [ECF No. 281] (the "Examiner Order"), pursuant to which the Court granted the U.S. Trustee's request for the appointment of an examiner pursuant to Bankruptcy Code Section 1104(c). See Examiner Order ¶ 2.

5. The Examiner Order authorizes the Examiner to retain counsel and other professionals if I determine that such retention is necessary to discharge my duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. See Examiner Order ¶ 11.

6. The Examiner Order further provides that any professional retained by the Examiner and approved by the Court will be compensated pursuant to and in accordance with the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 244] and Bankruptcy Code Section 330. See Examiner Order ¶ 12.

7. On January 7, 2021, the U.S. Trustee filed its motion to approve my appointment as Examiner. See ECF No. 330.

8. On January 8, 2021, the Court entered its order approving my appointment as Examiner. See ECF No. 338.

9. On January 20, 2021, I, as Examiner, filed my proposed scope, work plan, and budget for the investigation (the "Initial Work Plan"). See ECF No. 376.

10. On January 28, 2021, the Court entered its order approving the proposed scope, work plan, and budget for the Investigation (the "Work Plan Order"). See ECF No. 431.

11. The Examiner Order and Initial Work Plan provided that the Examiner would have the ability to leverage work product created by the Debtors' and Creditors' Committee's

financial advisors, and other work performed by such advisors, in connection with the Investigation. I have been able to do just that, with the cooperation of the Debtors and Creditors' Committee.

12. But, given the timing of when the Initial Work Plan was filed (*i.e.*, at the beginning stages of the Investigation), I, as Examiner, could not know what precise information would be necessary to complete the Investigation and what information the Debtors' and Creditors' Committee's advisors would be able to provide.

13. Accordingly, pursuant to the Initial Work Plan, I, as Examiner, reserved the right to amend the Initial Work Plan as the Investigation progressed, including the right to (a) seek to retain additional financial advisory assistance if necessary to complete the Investigation, and (b) modify the proposed Investigation budget. See Initial Work Plan ¶¶ 11(ii)(c), 13. The Work Plan Order, likewise, reserves the Examiner's right to seek to amend the Initial Work Plan, including the proposed budget, if necessary. See Work Plan Order ¶ 2.

14. I and my counsel have analyzed the information provided by the Debtors' and Creditors' Committee's advisors. Such information has been informative and beneficial to the Investigation. I intend to continue utilizing information provided by these advisors. But, given the foregoing advisors' specific mandates, such information does not address certain issues that I believe are necessary to expeditiously complete the Investigation. Accordingly, I have determined that additional financial advisory services are necessary to complete the Investigation.

15. Substantially contemporaneous herewith, I, as Examiner, filed a proposed amendment to the Initial Work Plan, pursuant to which I am seeking to amend the Initial Work Plan to provide for the retention of Ankura as financial advisor to the Examiner and to increase

to Investigation budget by $125,000, to a total Investigation budget of $925,000 (inclusive of primary counsel, local counsel, and financial advisory fees and costs).

## SELECTION OF PROFESSIONALS

16. I am seeking this Court's authorization to retain Ankura as financial advisor to the Examiner. I based my decision to select Ankura on the firm's extensive experience providing financial and restructuring advisory services, as well as investigation services, in numerous complex Chapter 11 cases; the specialized expertise of its professionals, including, specifically, Mr. Vikram Kapoor and his team in the crypto currency and forensic accounting spaces; the consistent and high quality of Ankura's services; Ankura's understanding, willingness, and ability to adhere to a very short timeframe for the engagement; and Ankura's willingness to agree to a discounted hourly fee arrangement (15% discount) for its services. I believe that Ankura is well qualified and able to serve as financial advisor to the Examiner in this case in an efficient, timely, and cost-effective manner.

## RATE STRUCTURE

17. As Examiner, I will be responsible for supervising the fees and expenses incurred by Ankura in this case. As set forth in my amended work plan and budget, I have proposed an overall budget for the Investigation of $925,000 (inclusive of primary counsel, local counsel, and financial advisor fees and costs).[2]

18. Ankura will charge for its professional services, on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2021, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Ankura on the

---

[2] As noted in my proposed work plan and budget, I and my professionals will endeavor to work efficiently and expeditiously to complete the investigation within this proposed budget. Notwithstanding, I reserve the right to seek modifications to the proposed investigation budget by order of the Court after notice and an opportunity for parties-in-interest to be heard.

Examiner's behalf. As set forth in the Declaration of Vikram Kapoor in support of the Application, the current hourly rates for the Ankura professionals who are expected to render services to the Examiner range from $300.00 per hour to $875.00 per hour. Notably, Ankura has agreed to provide a 15% discount to total fees billed, excluding expenses, on a monthly basis.

19. I am generally familiar with the market rates for professionals in the bankruptcy space, including the professionals in this case, and believe that Ankura's rates are generally reasonable as compared to the rates of professionals of similar experience.

20. I recognize that it is my responsibility to monitor closely the billing practices of my professionals to ensure that the fees and expenses paid by the Debtors' estates on account of my appointment and investigation remain consistent with expectations and the exigencies of the Chapter 11 cases. Accordingly, I will review the invoices that Ankura submits throughout the investigation.

21. Any request for payment from the Debtors' estate for compensation and reimbursement of expenses incurred by Ankura will be subject to the approval of the Court and will be made in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's interim compensation order.

I verify, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 24, 2021         */s/ Robert J. Stark*
                                 Robert J. Stark

5