# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| | (Jointly Administered) |
| Debtors. | **Response Deadline:** March 17, 2021 at 4:00 p.m. (ET) |
| | **Hearing Date:** *Only if an objection is filed* |

**FIRST MONTHLY FEE APPLICATION OF EXAMINER AND BROWN
RUDNICK LLP, AS CO-COUNSEL TO EXAMINER,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF DISBURSEMENTS PURSUANT TO 11 U.S.C. §§ 330 AND 331
FOR THE PERIOD JANUARY 8, 2021 THROUGH JANUARY 31, 2021**

| | |
|---|---|
| Name of Applicant: | Brown Rudnick LLP ("Brown Rudnick") |
| Authorized to Provide Professional Services to: | Robert J. Stark, Examiner (the "Examiner") |
| Date Retention Approved: | Order Entered February 18, 2021 [Docket No. 517], *Nunc Pro Tunc* to January 8, 2021 |
| Period for which compensation and reimbursement sought: | January 8, 2021 through January 31, 2021 |
| Amount of compensation sought as actual, reasonable and necessary: | $260,102.50 (interim compensation sought for 80% of that amount, or $208,082.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $1,418.30 |

This is a: _x_ monthly _ interim _ final application

This is the First Monthly Fee Application for Compensation and Reimbursement of Disbursements

Prior Applications: None.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## SUMMARY OF TIME AND COMPENSATION OF PROFESSIONALS

**For the Period from January 8, 2021 through January 31, 2021**

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Stephen R. Cook | Partner; Admitted to California Bar in 1999; Admitted to District of Columbia Bar in 2000; White Collar Defense & Government Investigations | $1,105.00 | 13.30 | $14,696.50 |
| Robert J. Stark | Partner; Admitted to New Jersey Bar in 1995; Admitted to New York Bar in 1996; Bankruptcy & Corporate Restructuring | $1,100.00[2] | 4.30 | $4,730.00 |
| Ashley L. Baynham | Partner; Admitted to New York Bar in 2005; Admitted to District of Columbia Bar in 2006; Admitted to California Bar in 2019; White Collar Defense & Government Investigations | $1,025.00 | .30 | $307.50/ |
| **TOTAL** | | | **17.90** | **$19,734.00** |

---

[2]    In connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour.

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| **PARTNER BLENDED RATE** | | **$1,102.46** | | |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| E. Patrick Gilman | Counselor at Law; Admitted to Illinois Bar in 2005; Admitted to District of Columbia Bar in 2019; White Collar Defense & Government Investigations | $805.00 | 101.50 | $81,707.50 |
| Tiffany B. Lietz | Associate; Admitted to New York Bar in 2018; White Collar Defense & Government Investigations | $720.00 | 71.80 | $51,696.00 |
| Michael W. Reining | Associate, Admitted to California Bar in 2015; Admitted to New York Bar in 2018; Bankruptcy & Corporate Restructuring | $685.00 | 30.40 | $20,824.00 |
| David L. Rosenthal | Associate; Admitted to California Bar in 2017; Admitted to District of Columbia Bar in 2021; White Collar Defense & Government Investigations | $660.00 | 36.90 | $24,354.00 |
| Alannah M. Irwin | Associate; Admission Pending; White Collar Defense | $570.00 | 42.70 | $24,339.00 |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| | & Government Investigations | | | |
| Rachel C. McKenzie | Associate; Admission Pending; White Collar Defense & Government Investigations | $435.00 | 66.40 | $28,884.00 |
| **TOTAL** | | | **349.70** | **$231,804.50** |
| **ASSOCIATE & OTHER COUNSEL BLENDED RATE** | | **$662.87** | | |

| TIME AND COMPENSATION BREAKDOWN - PARAPROFESSIONALS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position/Number of Years** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Roderick J. Crawford | Paralegal – White Collar & Litigation; over 5 years | $415.00 | 9.50 | $3,942.50 |
| Nina Khalatova | Paralegal - Bankruptcy & Corporate Restructuring; over 20 years | $395.00 | 11.70 | $4,621.50 |
| **TOTAL** | + | | **21.20** | **$8,564.00** |
| **PARAPROFESSION ALS BLENDED RATE** | | **$403.96** | | |
| **GRAND TOTAL** | | | **388.80** | **$260,102.50** |
| **BLENDED RATE FOR ALL BROWN RUDNICK TIMEKEEPERS** | | **$668.99** | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| | (Jointly Administered) |
| Debtors. | <u>Response Deadline:</u> **March 17, 2021 at 4:00 p.m. (ET)** |
| | <u>Hearing Date</u>: *Only if an objection is filed* |

**FIRST MONTHLY FEE APPLICATION OF EXAMINER AND BROWN
RUDNICK LLP, AS CO-COUNSEL TO EXAMINER,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF DISBURSEMENTS PURSUANT TO 11 U.S.C. §§ 330 AND 331
<u>FOR THE PERIOD JANUARY 8, 2021 THROUGH JANUARY 31, 2021</u>**

Brown Rudnick LLP ("<u>Brown Rudnick</u>"), co-counsel to Robert J. Stark, the Court-appointed examiner (the "<u>Examiner</u>") in the above captioned chapter 11 cases of Cred Inc., *et al*. (the "<u>Debtors</u>"), hereby submits this *First Monthly Fee Application of Examiner and Brown Rudnick LLP, as Co-Counsel to Examiner, for Compensation and Reimbursement of Disbursements Pursuant to 11 U.S.C. §§ 330 and 331 for the Period from January 8, 2021 through January 31, 2021* (the "<u>Application</u>"). In the Application, Brown Rudnick seeks payment for legal services performed, and reimbursement for expenses incurred, during the period commencing January 8, 2021 through and including January 31, 2021 (the "<u>Application Period</u>"). In support of this Application, Brown Rudnick respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy court") has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M), the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.[2]

2.      The statutory bases for the relief sought herein are sections 105(a), 330 and 331 of chapter 11 of the title 11 of the United States Code, 11 U.S.C. § 101 *et seq* (as amended or modified, the "Bankruptcy Code").

## BACKGROUND

3.      On November 7, 2020 (the "Petition Date"), each of the Debtors commenced their chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continues to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5.      Factual background relating to the Debtors' Chapter 11 Cases is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions,* filed on November 9, 2020 [D.I. 12].

---

[2]      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Brown Rudnick hereby confirms its consent to entry of a final order of the Bankruptcy Court in connection with this Application if it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders of judgments consistent with Article III of the United States Constitution.

6.      On December 3, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(l) [D.I. 120].

7.      On December 18, 2020, the Bankruptcy Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 244].  On December 21, 2020, the Bankruptcy Court entered the *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 269] (the "Interim Compensation Order").

8.      On December 23, 2020, the Bankruptcy Court issued the Examiner Order *Pursuant to 11 U.S.C. § 1104(c)* [D.I. 281] (the "Examiner Order") directing the appointment of an examiner under section 1104(c) of the Bankruptcy Code

9.      The Examiner Order authorizes the "Examiner and any professionals retained by the Examiner [to] be compensated and reimbursed for their expenses pursuant to the procedures established in the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [D.I. 269]*.  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330."  See Examiner Order ¶ 12.

10.      On January 7, 2021 the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed the *Notice of Appointment of Examiner*, appointing Robert J. Stark as Examiner, subject to Court approval [D.I. 329].  On the same date, the U.S. Trustee filed the *Application of the United States Trustee for Order Approving Appointment of Examiner* [D.I. 330].

3

11.    On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark as Examiner [D.I.338].

12.    On February 18, 2021, the Bankruptcy Court entered the *Order Authorizing Retention and Employment of Brown Rudnick LLP, as Counsel to the Examiner, Nunc Pro Tune to January 8, 2021* [D.I. 517].

**TERMS AND CONDITIONS OF
COMPENSATION OF THE EXAMINER AND HIS PROFESSIONALS**

13.    This Application includes a request for the payment of fees and expenses of both Brown Rudnick, as counsel to the Examiner, as well as Robert J. Stark, as Examiner.

14.    Subject to Bankruptcy Court approval, Brown Rudnick, for itself and on behalf of the Examiner, seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred during the Application Period.

15.    The rates charged by Brown Rudnick in these Chapter 11 Cases do not differ from the rates charged to non-bankruptcy clients, except that, in connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour.

16.    Attached hereto as <u>Exhibit A</u> is a summary of the value of the services rendered by Brown Rudnick and the Examiner during the Application Period.

17.    Attached hereto as <u>Exhibit B</u> are detailed time entries indicating the daily work performed by each Brown Rudnick professional (and the Examiner) with respect to whom compensation is sought during the Application Period and an itemized description of disbursements incurred during the Application Period.  These disbursements are summarized in <u>Exhibit C</u>.

18.     Pursuant to Local Bankruptcy Rule 2016-2, this Application is supported by the Certification of Andrew M. Carty, which is annexed hereto as <u>Exhibit D</u>.  All time entries and requested expenses are in compliance with rule 2016-2 of the Local Rules.[3]

19.     Pursuant to the Interim Compensation Order, Brown Rudnick and professionals retained in these Chapter 11 Cases are authorized to file and to serve upon the parties identified in the Interim Compensation Order monthly applications (a "<u>Monthly Fee Application</u>") of their fees and expenses.  After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Bankruptcy Court orders otherwise.

20.     In accordance with the Interim Compensation Order, Brown Rudnick has filed and served upon the parties identified in the Interim Compensation Order this Application with respect to fees and expenses incurred during the Application Period: fees in the amount of $260,102.50 and expenses in the amount of $1,418.30.

## COMPENSATION REQUESTED

21.     All services and costs for which compensation is requested by Brown Rudnick and the Examiner in this Application were reasonable and necessary and were performed for and on behalf of the Examiner during the Application Period.  Pursuant to the Interim Compensation Order, Brown Rudnick and the Examiner request interim payment of 80% of the total fees requested or $208,082.00.  None of the requested fees detailed herein have previously been paid.

---

[3]     Brown Rudnick has made reasonable efforts to submit this Application in a manner consistent with the U.S. Trustee Guidelines. To the extent that the U.S. Trustee Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, Brown Rudnick has chosen to comply with such Local Rule.  To the extent necessary or appropriate, Brown Rudnick will supplement this Application with additional detail or information upon request.

All of the professional services that Brown Rudnick rendered to the Examiner during the Application Period are set forth in detail in <u>Exhibit B.</u>

**REIMBURSEMENT OF EXPENSES**

22.    During the Application Period, Brown Rudnick and/or the Examiner incurred certain necessary expenses in rendering services in these Chapter 11 Cases, as set forth in <u>Exhibit C</u>.  Brown Rudnick represents that its rate for non-color and color duplication is $0.10 per page, consistent with the Local Rules and the U.S. Trustee Guidelines.  Additionally, Brown Rudnick seeks reimbursement for, among other things, the actual cost of computer-assisted research. Brown Rudnick seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $1,418.30.

**LEGAL STANDARD**

23.    Bankruptcy Code section 330(a)(l) allows the payment of:

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(l).  Reasonableness of compensation is informed by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.,* 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.,* 19 F.3d 833, 849 (3d Cir. 1994).  Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper,* 50 F.3d at 259.

24.    In accordance with its practices in non-bankruptcy matters, Brown Rudnick has calculated its compensation requested in this Application by applying its standard hourly rates, as discounted solely with respect to this engagement.  Brown Rudnick's calculation is based upon

6

hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, Brown Rudnick's rates should be determined to be reasonable under Bankruptcy Code section 330.

25.    Brown Rudnick's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. Brown Rudnick's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, Brow Rudnick's fees are reasonable pursuant to Bankruptcy Code section 330.

26.    Bankruptcy Code section 330(a)(l)(B) permits reimbursement for actual and necessary expenses. Brown Rudnick's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred in providing services to the Examiner. Brown Rudnick has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

27.    Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between Brown Rudnick and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Examiner.

28.    Pursuant to the standards set forth in Bankruptcy Code sections 330 and 331, Brown Rudnick submits that the compensation requested is for actual and necessary services and expenses.

## NOTICE AND NO PRIOR REQUEST

29.    Notice of this Application has been given to the following parties: (a) Counsel to the Debtors; (b) the U.S. Trustee; (c) Counsel to the Official Committee of Unsecured Creditors;

and (e) all parties required to be given notice in the Interim Compensation Order.    Brown Rudnick submits that no other or further notice is necessary

30.    No prior request for the relief sought in this Application has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, pursuant to and in accordance with the Interim Compensation Order, Brown Rudnick respectfully requests prompt payment and reimbursement by the Debtors of the following amounts in connection with Brown Rudnick's representation of the Examiner for the Application Period:

(a)     interim compensation in the amount of $208,082.00 (*i.e.*, 80% of total fees of $260,102.50) for professional services rendered, and

(b)     reimbursement for actual and necessary expenses in the amount of $1,418.30.

Dated: February 25, 2021

Respectfully submitted,

By: */s/ Andrew M. Carty*
**BROWN RUDNICK LLP**
Andrew M. Carty (admitted *pro hac vice*)
Seven Time Square
New York, New York 10036
T. 212- 209-4800
acarty@brownrudnick.com

*Counsel for Robert J. Stark, as Examiner*

9