**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 89** |

## MEMORANDUM ORDER

UpgradeYa Investments, LLC ("UpgradeYa") filed a Motion for Relief from Stay (the "Motion") (D.I. 89) seeking authority to pursue causes of actions against certain third parties. UpgradeYa filed the Motion "out of an abundance of caution" because of comments made by the Court at a hearing on November 25, 2020. (D.I. 93) The Debtors object to the Motion (D.I. 116) ("Debtors' Objection"), as does the Official Committee of Unsecured Creditors (D.I. 190) ("UCC Objection") arguing that the causes of action UpgradeYa seeks to pursue are property of the Debtors' estates as either derivative claims of the Debtors, or because they seek to obtain possession of Debtors' property. A hearing was held on the Motion on January 6, 2021. At the Court's direction, the parties submitted supplemental briefing. (D.I. 396, 477, 475, 505). For the reasons set forth below, the Motion is denied.

## BACKGROUND

UpgradeYa and the Debtors are parties to a Loan and Security Agreement (the "Agreement") by which the Debtors provided UpgradeYa with a $2 million revolving line of credit that was secured by Bitcoin pledged by UpgradeYa as collateral. (Motion at 4). Upon learning of the Debtors' financial difficulties, UpgradeYa reached out to the Debtors with an offer to repay the line of credit and have its collateral returned. (Motion at 5). The Debtors

seemed unwilling to engage in discussions regarding the return of the collateral, prompting UpgradeYa to file this Motion. (Motion at 4-5).

At the time UpgradeYa filed its Motion, the relief it requested was "the entry of an order granting relief from the automatic stay pursuant to section 362(d) … to allow UpgradeYa to recover its Collateral…" (Motion at 1). However, as these cases evolved and the facts developed, it became clear that the Debtors were no longer holding the Bitcoin that UpgradeYa pledged as collateral.[1]  Accordingly, UpgradeYa modified its request for relief.  As was made clear at the hearing and in UpgradeYa's Supplemental Brief in Support of the Motion ("UpgradeYa's Supplemental Brief") (D.I. 396), UpgradeYa now seeks relief from the automatic stay to pursue claims for damages against non-debtor third parties for liability stemming from the loss of its pledged Bitcoin.  *Id.* at 2.  UpgradeYa asserts that it has direct causes of action against the third parties that are unique to it and could not be brought by the Debtors on their behalf.  As UpgradeYa correctly observes, relief from stay is not typically needed for a creditor to pursue direct claims against non-debtor parties.  But due to the unique nature of the assets at play in this case and my direction early in case that parties exercise caution in initiating claims, UpgradeYa brought this Motion out of an abundance of caution.

The Debtors and the UCC oppose the requested relief on similar grounds.  They argue that because UpgradeYa's pledged Bitcoin was commingled with the Bitcoin pledged by other creditors, any claims with respect to that Bitcoin are derivative or quasi-derivative and are therefore property of the estate.  They argue that any harm suffered by UpgradeYa is not unique

---

[1]  Though the issues of whether the Debtors had a contractual or legal obligation to hold the pledged Bitcoin and whether the Bitcoin became property of the Debtors once it was commingled were extensively briefed and argued, the Motion does not require me to decide them, and I decline to do so.

to UpgradeYa, but the same as that suffered by all the Debtors' creditors and any damages recovered for such harm must be monetized for distribution to all creditors, not just UpgradeYa.

As noted above, UpgradeYa states that it is no longer seeking return of the specific Bitcoin it pledged as collateral, but rather it is seeking damages for breach of common law or statutory duties that non-debtor third parties owed to it in connection with the Debtors' dispossession of the Bitcoin.  Because its claims arise out of a specific transaction with the Debtors, it argues, its claims are not ones that other creditors could also assert. UpgradeYa did not provided drafts of complaints, but, rather, provided general and somewhat vague descriptions of the types of actions it intends to pursue.

## DISCUSSION

Section 362 of the Bankruptcy Code provides that:

(a) a petition filed under 301, 302 or 303  … operates as a stay, applicable to all entities, of –

(1)      the commencement or continuation. . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\*\*\*

(3)      any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a).  "The automatic stay was meant to cease creditor collection efforts of antecedent debts, to protect assets of the debtor's estate, to provide for equitable treatment of all creditors and to ensure successful reorganization efforts."  *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, No. 01-01139(JKF), 2004 Bankr. LEXIS 579, at *6 (Bankr. D. Del. Apr. 29, 2004).  Although the extension of the stay to non-debtor actions may further Congress' intent in some instances, for example "where such actions would interfere with, deplete or adversely

affect property of [the estate] or which would frustrate the statutory scheme of Chapter 11 or diminish [the debtor's] ability to formulate a plan of reorganization," *id.* quoting *Johns-Manville Corp. v. Asbestos Litig. Group (In re Johns-Manville Corp.),* 26 B.R. 420, 423 (Bankr. S.D.N.Y. 1983), "courts are careful to reserve such power to the most extreme and 'unusual circumstances.'" *Id.* quoting *McCartney v. Integra National Bank North*, 106 F.3d 506, 510 (3d Cir. 1997).

Here, the details of the exact claims that UpgradeYa proposes to file are unknown. Without a complaint before me that identifies the specifics of the claims being asserted and the party against whom they are asserted, I cannot determine whether those claims belong to the estate or to UpgradeYa.  Nor can I offer general guidance to UpgradeYa regarding the types of claims that might be outside of the scope of the automatic stay, as doing so would be the equivalent of issuing an impermissible advisory opinion. *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) ("Federal courts have no jurisdiction to render advisory opinions. Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'") quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1023, (2013) (citation, internal quotation marks, and alteration omitted).  I can only rule on the issue before me: does the automatic stay preclude UpgradeYa from commencing an action against non-debtor third parties for monetary damages arising from the loss of its Bitcoin?  As a general matter, it does not.  By its words, Section 362(a) operates only to stay actions against the Debtors or the Debtors' property.  Claims against non-debtor third parties, such as those that UpgradeYa represents it will pursue, do not generally fall within the purview of Section 362(a) and UpgradeYa is free to pursue such claims. However, if or when such actions are commenced, the Debtors are also free to seek to have the

automatic stay extended to halt them, or to argue that the causes of action alleged are indeed property of the Debtors' estates.

As the automatic stay does not apply to actions against non-debtors, UpgradeYa does not need an order for relief from the stay to initiate one. To the extent its Motion requests such an order, it is denied.

SO ORDERED

Dated: February 26, 2021

JOHN T. DORSEY, U.S.B.J.