```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

                                    .  Chapter 11
IN RE:                              .
                                    .  Case No. 20-12836(JTD)
CRED INC., et al,                   .
                                    .
                                    .  824 Market Street
                         Debtors.   .  Wilmington, Delaware 19801
                                    .
. . . . . . . . . . . . . . . . .   .  Tuesday, February 23, 2021
CRED INC., CRED CAPITAL,            .
INC., and CRED (US) LLC,            .  Adv. Proc. No. 20-51006(JTD)
                                    .
         vs.                        .
                                    .
JAMES ALEXANDER.                    .
. . . . . . . . . . . . . . . . .

         TRANSCRIPT OF ZOOM HEARING RE:  STATUS CONFERENCE
              BEFORE THE HONORABLE JOHN T. DORSEY
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES VIA TELEPHONE:

For the Debtors:           Scott D. Cousins, Esq.
                           Scott D. Jones, Esq.
                           COUSINS LAW, LLC

                           James T. Grogan, Esq.
                           Pedro A. Jimenez, Esq.
                           Broocks (Mack) Wilson, Esq.
                           Avi E. Luft, Esq.
                           Derek Cash, Esq.
                           Casey Doherty, Esq.
                           PAUL HASTINGS, LLP

(Appearances Continued)

Audio Operator:            Electronically Recorded
                           by Jason Spencer, ECRO

Transcription Company:     Reliable
                           1007 N. Orange Street
                           Wilmington, Delaware 19801
                           (302)654-8080
                           Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

```
APPEARANCES VIA TELEPHONE:    (Continued)

For the U.S. Trustee:         Joseph J. McMahon, Jr., Esq.
                              John Schanne, Esq.
                              OFFICE OF THE U.S. TRUSTEE


For the Official Committee
of Unsecured Creditors:       Gregg Steinman, Esq.
                              Timothy W. Walsh, Esq.
                              Samuel Ashworth, Esq.
                              Joseph Evans, Esq.
                              Darren Azman, Esq.
                              David Hurst, Esq.
                              MCDERMOTT, WILL & EMERY, LLP


For Upgradeya Investments,
LLC:                          Matthew Pierce, Esq.
                              Kimberly Brown, Esq.
                              LANDIS, RATH & COBB, LLP


For the United States:        Augustus Curtis, Esq.
                              U.S. DEPARTMENT OF JUSTICE -
                               CIVIL DIVISION


For James Alexander:          Mark Pfeiffer, Esq.
                              Geoffrey Grivner, Esq.
                              BUCHANAN, INGERSOLL & ROONEY, PC


For the Examiner Robert
J. Stark:                     Gregory Taylor, Esq.
                              ASHBY & GEDDES, PA

                              Andrew Carty, Esq.
                              BROWN RUDNICK, LLP



Also Appearing:               Julius Hudec, Pro Se

                              Ivan Damyanov, Pro Se

                              Uday Gorrepati
                              "ABI PROJECT"

                              Vince Sullivan
                              LAW360

                              Becky Yerak
                              WALL STREET JOURNAL

                              Laura Haney
                              U.S. BANKRUPTCY COURT - DISTRICT
                               OF DELAWARE
```

INDEX

|  | Page |
|---|---|
| STATUS BY MR. LUFT | 4 |
| COMMENTS BY MR. PFEIFFER | 5 |
| COMMENTS BY MR. AZMAN | 7 |
| COMMENTS BY MS. BROWN | 9 |

1      (Proceedings commence at 1:01 p.m.)

2            THE COURT:  Good afternoon.  Can everyone hear me
3  okay?

4            COUNSEL:  Yes, Your Honor.  Yes, Your Honor.

5            THE COURT:  Thank you.

6            This is Judge Dorsey.  We're on the record in Cred,
7  Inc., Case Number 20-12836.

8            I'll go ahead and turn it over to debtors' counsel.

9            MR. COUSINS:  Good afternoon, Your Honor.  Scott
10 Cousins on behalf of the debtors.

11           We just have a status conference.  We waned to
12 update Your Honor with respect to (indiscernible) Chapter 11
13 (indiscernible) Mr. Alexander.

14           I also think that Ms. Brown might have an inquiry
15 for the Court, at some point, but perhaps (indiscernible) and
16 take it from there, effectively, Your Honor.

17           THE COURT:  All right.  Let's go ahead.

18           MR. COUSINS:  Avi Luft, I think, is going to make
19 the presentation for the debtors.

20           THE COURT:  All right.  Mr. Luft.

21           MR. LUFT:  Thank you, Your Honor.  To be honest,
22 it's not much of a presentation.

23           In short, we have gone to -- we went to the
24 Bankruptcy Code in the Central District of California, we
25 filed the lift-stay motion.  The Court ordered the lift-stay

1    as of the time of the hearing.  There is now a proposed order
2    in place.  There is -- Mr. Alexander's counsel has filed an
3    objection and we tend to -- intend to reply as to the scope
4    of the order.  But the fact is the Court ordered the lift-
5    stay as of the time.
6           Once that is all finalized, Your Honor, we intend
7    to continue to proceed with where we were with regarding to
8    seeking enforcement of your order, both in terms of the
9    turnover and the discovery that was ordered therein.  That
10   really is where we stand with regard to that.
11          THE COURT:  All right.  I did see that Mr.
12   Alexander's counsel filed a motion to withdraw.  Mr.
13   Pfeiffer?
14          MR. PFEIFFER:  Yes, Your Honor.  Mark Pfeiffer,
15   with me, Geoffrey Grivner, on behalf of James Alexander.
16          Our firm filed a motion to withdraw in both the
17   main case and the adversary case, and I believe the date for
18   that hearing is March 17th.  Perhaps we could have filed it a
19   little earlier, but we recognized that, while we were trying
20   to effectuate as smooth of a landing as possible for
21   everybody involved in this matter, in that regard, we did
22   file a few of the Court's orders, a notice of appeal of the
23   Court's orders, in the event that the Court grants the motion
24   to withdraw and Mr. Alexander wishes to pursue appeals of
25   those orders, he would be able to.  And we were concerned

1  that, if we didn't, we would miss a deadline and there would
2  be some prejudice.
3          We've also continued to remain involved and try to
4  coordinate some of the activities with the debtor and the
5  committee, providing information to the debtor and the
6  committee.  And I'm happy to report that there are some
7  agreements to transfer balances back to the debtor from the
8  DIP account in California.  I don't know if that has actually
9  occurred, but the process is still ongoing and the issues are
10 getting narrower and narrower, from our perspective.
11         THE COURT:  All right.  Is Mr. Alexander looking
12 for new counsel?
13         MR. PFEIFFER:  I don't know if Mr. Alexander is
14 looking for new counsel.  He has counsel in the Chapter 11
15 bankruptcy case in California advising him on various matters
16 and he has other counsel in California who was -- who were
17 involved in the underlying corporate dispute issues.
18         THE COURT:  All right.  Well, I would ask you to
19 encourage him to find replacement counsel.  I don't think he
20 would be able to navigate the issues involved in this case
21 without counsel representing him, so I think it would be in
22 his best interest to retain counsel.
23         MR. PFEIFFER:  Will do, Your Honor.
24         THE COURT:  Okay.
25         MR. AZMAN:  Your Honor, it's Darren Azman for the

1     committee.  May I be heard briefly?

2              THE COURT:  Go ahead, Mr. Azman.

3              MR. AZMAN:  Thank you.  Just two notes to add.

4              In addition to asking the California Bankruptcy

5     Court to lift the stay, we also filed a motion for transfer

6     of venue of Mr. Alexander's Chapter 11 case to Your Honor's

7     court here.  Judge Barash did not think that that was

8     something that needed to be heard on an emergency basis, and

9     that's fair.  And so he had to set a briefing schedule on

10    that and there will be a hearing, but that may be coming back

11    around, Your Honor.  So I just wanted to make sure you were

12    aware of that.

13             THE COURT:  Okay.  I did see --

14             MR. AZMAN:  The only --

15             THE COURT:  I did see --

16             MR. AZMAN:  -- other issue --

17             THE COURT:  -- the motion, so ...

18             MR. AZMAN:  Okay.  Great.

19             The only other issue I wanted to raise with respect

20    to Mr. Pfeiffer's withdrawal, we are concerned about Mr.

21    Alexander's continued compliance with Your Honor's TRO.  As

22    we sit here today, even though the stay was lifted at 4:05

23    p.m. Pacific, as Judge Barash put it, one week ago, nothing

24    has transpired.  We haven't gotten any more assets, we

25    haven't received an updated declaration, we haven't received

1     any additional discovery.  And so we do have concerns about
2     Mr. Alexander's willingness to comply.
3             And so I guess my question for the Court, plus Mr.
4     Pfeiffer, is to confirm that Mr. Pfeiffer will continue to
5     represent Mr. Alexander until Your Honor does enter an order
6     withdrawing him.  I believe that's what I hear Mr. Pfeiffer
7     to be saying, but I just wanted to confirm.
8             THE COURT:  Mr. Pfeiffer?
9             MR. PFEIFFER:  That is correct, Your Honor.  Until
10    the Court issues an order permitting my firm to withdraw, we
11    are still representing Mr. Alexander.
12            THE COURT:  All right.  Good.
13            MR. LUFT:  Your Honor, if I may.  This is Avi Luft.
14    Just one further question for clarification.  And I'm not
15    sure if I misheard Mr. Pfeiffer or not.
16            With regard to the notice of appeal that was filed,
17    I didn't understand whether he was saying that Mr. Alexander
18    has indicated that he wishes to appeal or simply a notice to
19    appeal was filed, just in case he wants to.  And certainly,
20    you know, that impacts us going forward as to whether we are
21    actually (indiscernible)
22            THE COURT:  You froze up on us there, Mr. Luft, but
23    I think I got the gist of what you were asking.
24            I understood Mr. Pfeiffer to be saying that he
25    filed the notices of appeal before their withdrawal was

1   approved, so that, if Mr. Pfeiffer wanted to continue those

2   appeals, he'd have the ability to do so.  Is that correct,

3   Mr. Pfeiffer?

4              MR. PFEIFFER:  That is correct, Your Honor.

5              THE COURT:  Okay.

6              MR. PFEIFFER:  And to the extent that we still are

7   involved in the case, we're still counsel with regard to

8   those appeals.

9              THE COURT:  All right.  Okay.  Does that answer

10  your question, Mr. Luft?

11             MR. LUFT:  Yes, Your Honor.  Thank you.

12             THE COURT:  Okay.  All right.  Anything else on the

13  status conference then before I turn it to Ms. Brown?

14             MR. COUSINS:  Your Honor, I think that's it.  I

15  know Ms. Brown has something to say.  And I think the next

16  time we're before you is in connection with confirmation, so

17  (indiscernible) March 9th, Your Honor.

18             THE COURT:  Okay.  Ms. Brown, you had something you

19  wanted to put on the record?

20             MS. BROWN:  Yes.  Good afternoon, Your Honor.  Kim

21  Brown from Landis, Rath & Cobb, appearing today on behalf of

22  Upgradeya Investments.

23             Your Honor, I just have a quick housekeeping

24  matter.  As you may have seen, Upgradeya, the debtors, and

25  the committee filed a joint notice of completion of briefing

1  on Friday to advise the Court that the supplemental briefing
2  that was requested with regard to Upgradeya's lift-stay
3  motion is now complete.
4       While I'm not trying, in any way, to press Your
5  Honor with respect to a ruling, I just wanted to inquire
6  whether a ruling is expected to come prior to Monday's plan
7  objection deadline, as Your Honor's ruling will impact the
8  scope and breadth of Upgradeya's objection, particularly with
9  respect to Section 18.5 of the plan that seeks to extend the
10 automatic stay indefinitely.
11      THE COURT:  Not likely that I will have a ruling
12 for you by Monday, but I will endeavor to try to do that,
13 given the other things I have on my calendar right now.  But
14 I will -- I'll try to get you something before the Monday
15 deadline.
16      MS. BROWN:  Certainly.  Thank you, Your Honor.  I
17 appreciate that.
18      THE COURT:  All right.  Okay.  Anything else?
19      MR. COUSINS:  No, Your Honor.  I think we're done.
20      THE COURT:  All right.  Thank you all very much,
21 appreciate it.  We're adjourned.
22      COUNSEL:  Thank you, Your Honor.  Thank you, Your
23 Honor.
24    (Proceedings concluded at 1:10 p.m.)
25                              *****

1   CERTIFICATION

2         I certify that the foregoing is a correct
3   transcript from the electronic sound recording of the
4   proceedings in the above-entitled matter to the best of my
5   knowledge and ability.

6
7
8
9
10   _____          February 26, 2021
11   Coleen Rand, AAERT Cert. No. 341
12   Certified Court Transcriptionist
13   For Reliable