IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CRED INC., *et al.*, | : | Case No. 20-12836 (JTD) |
| | : | |
| | : | Hearing Date: March 9, 2021, at 2:00 p.m. |
| Debtors. | : | Confirmation Obj.: March 1, 2021 at 4:00 p.m. |
| | : | |

**OBJECTION BY THE UNITED STATES TO THE FIRST AMENDED COMBINED JOINT PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT OF CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, files this objection to First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries under Chapter 11 of the Bankruptcy Code [Docket No. 380] ("Plan"). In support of its objection, the United States avers as follows:

**BACKGROUND**

1. On November 7, 2020, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. [Docket No. 1].

2. On January 21, 2021, the Debtors filed the Plan, amending the original plan filed on December 31, 2020.

3. On November 20, 2020, the Debtors filed the Amended Motion to Establish Deadline to File Proofs of Claim Filed by Cred Inc, requesting a May 6, 2021, bar date for governmental units ("Government Bar Date"). [Docket No. 74]. On December 21, 2020, the Bankruptcy Court entered an order approving the Motion. [Docket No. 271].

**OBJECTION**

4. **The Plan does not comply with 11 U.S.C. § 511**.

The Bankruptcy Code provides specific guidance about the payment of interest, including the rate and method of interest that accrues on pre-petition and post-petition tax claims. [11 U.S.C. § 511]. The Plan fails to provide for the payment of interest on the pre-petition and post-petition tax claims of the United States. [Plan, Articles 9.1(a) and 9.3]. Moreover, the Plan states that except as otherwise provided in the Plan or the Confirmation Order, interest shall not accrue on claims, and no holders of a claim shall be entitled to interest accruing on or after the petition date on any claim. In addition, interest shall not accrue or be paid on any disputed claim in respect of the period from the petition date through the date such claim becomes an Allowed Claim. Except as expressly provided in the Plan, no claim shall be allowed to the extent that it is for post-petition interest or other similar charges. [Plan, Article 13.13]. These Plan provisions impair the rights of all creditors, not just holders of tax claims, who do not receive the interest that they would otherwise be entitled to in accordance with the Bankruptcy Code. The United States objects to the Plan to the extent that it fails to provide for the payment of an adequate rate of interest on the claims of the United States. See 11 U.S.C. Section 503(b)(1)(C) and Section 511; United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

5. **Compromise not appropriate**.

The United States objects to the provision in the Plan which provides:

> Pursuant to sections 363 and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided pursuant hereto, the provisions hereof shall constitute a good faith compromise and of all Claims, Equity Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Equity Interest may have with respect to any

>Allowed Claim or Allowed Equity Interest or any Distribution to be made on account of such Allowed Claim or Allowed Equity Interest. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Equity Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and Holders of Claims and Equity Interests, and is fair, equitable, and reasonable. In accordance with the provisions hereof, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order, or approval of the Bankruptcy Court, after the Effective Date, the Liquidation Trustee may compromise and settle Claims against the Liquidation Trust and Causes of Action against other Entities. [Plan, Article 17.1].

Section 1123(b)(3)(A) of the Bankruptcy Code provides for the settlement or adjustment of any claim belonging to the Debtors or to the estates. The Debtors here are not compromising their own claims but instead are attempting to compromise the unknown claims of unknown creditors without providing adequate notice. The Government Bar Date does not expire until May 6, 2021, and the universe of government claims is unknown. The settlement and compromise provisions in the Plan would result in substantial injustice to the interests of the United States. By virtue of the Plan process, the United States does not waive sovereign immunity and has not consented to the compromise or settlement of its claims and this provision is unfairly prejudicial to the rights of the United States

6. **<u>Non-Debtor Releases</u>**.

The United States opts out of and objects to the third-party non-debtor limitation of liability, discharge, injunction, exculpation and release provisions set forth in Article XVIII and elsewhere in the Plan. Although this is a liquidating Plan and the Debtors are not entitled to a discharge, the Plan currently provides for broad third-party injunctions, exculpations and releases. [11 U.S.C. § 1141(d)(3)]. While the Third Circuit stopped short of adopting a per se rule that a non-debtor release in a reorganization plan is not permissible (as other circuits have done), it held

that, at most, such a provision could only be valid in "extraordinary" cases. <u>Gillman v. Continental Airlines (In re Continental Airlines)</u>, 203 F.3d 203, 212 (3d Cir. 2000). At minimum, <u>Continental</u> held that such a nonconsensual release of non-debtor entities must contain all of the following "hallmarks": "fairness, necessity to the reorganization, and specific factual findings to support these conclusions." Id. at 214; <u>see also</u> <u>In re Wash. Mut., Inc.</u>, 442 B.R. 314, 351-52 (Bankr. D. Del. 2011) (collecting cases). This Court has interpreted <u>Continental's</u> holding on non-debtor releases to mean that "limiting the liability of non-debtor parties is a rare thing that should not be considered absent a showing of exceptional circumstances in which several key factors are present." <u>In re Genesis Health Ventures, Inc.</u>, 266 B.R. 591, 608 (Bankr. D. Del. 2001) (emphasis added). This Court has previously held that a non-debtor release over a creditor's objection "would not pass muster." <u>Wash. Mut.</u>, 442 B.R. at 352 ("This Court has previously held that it does not have the power to grant a third-party release of a non-debtor."). Where this Court has even contemplated approval of a non-consensual release, it has required the following factors be present to justify the "rare" release: "(1) the non-consensual release was necessary to the success of the reorganization, (2) the releases have provided a critical financial contribution to the Debtor's plan, (3) the releases' financial contribution is necessary to make the plan feasible, and (4) the release is fair to the non-consenting creditors, i.e., whether the non-consenting creditors received reasonable compensation in exchange for the releases." <u>In re Tribune Co.</u>, 464 B.R. 126, 177-78 (Bankr. D. Del. 2011); <u>see also</u> <u>Genesis Health Ventures</u>, 266 B.R. at 607-09. For the Court to infer consent from nonresponsive creditors and equity holders, the Debtors must make a showing under contract principles that the Court may construe silence as acceptance. <u>In re Emerge Energy Services LP, et al.</u>, Case No. 19-11563, page 23, (Bankr. D. Del. 2019) [Docket No. 671]. Here, setting aside the question of whether the Debtors have made such a showing against all creditors

4

generally (and it has not), the Debtors make no adequate showing of a single factor, let alone all of the Tribune/Genesis/Emerge factors, that justifies the extraordinary release of non-debtors in these liquidating cases with respect to their potential liability to the United States.

7. **Setoff and Recoupment**.

The United States objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the United States. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. In re Continental Airlines, 134 F.3d at 542 (3d Cir. 1998). Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor

constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagara Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the federal government's setoff rights. Failure to do so violates Section 1129(a)(1). ("The court shall confirm a plan only if . . . the plan complies with the applicable provisions of this title.").

8. Similarly, the Plan improperly fails to preserve recoupment rights of the United States. Recoupment is unaffected by discharge even where it is available to debtors who are not liquidating. Megafoods Stores, Inc. v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.), 60 F.3d 1031, 1035-36 (3rd Cir. 1995) (holding that recoupment survives discharge following confirmation and implementation of chapter 11 plan even if creditor did not object to plan or seek a stay pending appeal); see also Beaumont v. Dep't of Veteran Affairs (In re Beaumont), 586 F.3d 776 (10th Cir. 2009); Saif Corp. v. Harmon (In re Harmon), 188 B.R. 421, 425 (B.A.P. 9th Cir. 1995) ("Because recoupment only reduces a debt as opposed to constituting an independent basis for a debt, it is not a claim in bankruptcy, and is therefore unaffected by the debtor's discharge.");

6

Lunt v. Peoples Bank (In re Lunt), 500 B.R. 9, 16 (D. Kan. 2013); Mercy Hosp. of Watertown v. New York, 171 B.R. 490, 495 (N.D.N.Y. 1994); Brown v. General Motors Corp., 152 B.R. 935, 938 (W.D. Wis. 1993) (holding right of recoupment not a claim or debt to be discharged in bankruptcy). For the same reasons as stated above with respect to setoff rights, this Plan provision dispensing creditors' recoupment rights is impermissible and impairs creditors.

9. **Exclusive Jurisdiction.**

The United States objects to the Plan to the extent that it provides for the retention of exclusive jurisdiction. [Plan, Article 19]. See 28 U.S.C. 1334. While "the bankruptcy court plainly [may retain] jurisdiction to interpret and enforce its own prior orders," Travelers Indem. Co. v. Bailey, 129 S. Ct. 2195, 2205 (2009), it may not divest other courts of their concurrent jurisdiction to interpret bankruptcy court orders. Rather, if for example, the United States, post-confirmation, asserts liabilities in a non-bankruptcy court of competent jurisdiction, that court may hear and determine all issues raised in the action, including whether the defendant can rely on the confirmation order as an affirmative defense. Adjudication of such a defense is a proceeding over which the bankruptcy court, as a unit of the district court, has "original but not exclusive jurisdiction." 28 U.S.C. § 1334(b) (emphasis added); see also Stern v. Marshall, 131 S.Ct. 2594 (2011); In re Mystic Tank Lines Corp., 544 F.3d 524 (3d Cir. 2008) ("No provision of the Bankruptcy Code requires the Bankruptcy Court to hear all 'related to' claims . . . the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is 'the bankruptcy petition itself.'") (citing In re Wood, 825 F.2d 90, 92 (5th Cir.1987)); In re Combustion Eng'g, Inc., 391 F.3d 190, 224-225 (3d Cir. 2004), as amended (Feb. 23, 2005) ("Section 105(a) permits a bankruptcy court to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code. But as the

statute makes clear, § 105 does not provide an independent source of federal subject matter jurisdiction."); In re Skyline Woods Country Club, 636 F.3d 467 (8th Cir. 2011); Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002). The imposition of these restrictive jurisdictional provisions impairs creditors.

10. **No automatic expungement of claims filed or amended on or after the Effective Date**.

The United States objects to the Plan to the extent proofs of claim that are filed or amended on or after the Effective Date, without the prior authorization of the Bankruptcy Court or the Liquidation Trustee, are deemed disallowed in full and expunged without further notice or action. [Plan, Article 14.8]. The Government Bar Date does not expire for months. The United States may well timely file or amend claims on or after the Effective Date in these cases. The Debtors should not be entitled to automatically expunge and disallow timely filed claims.

11. **The timing of the Effective Date is altered by Plan provisions**.

The Plan provides that distributions made after the Effective Date shall be deemed to have been made on the Effective Date. [Plan, Article 13.12]. The United States objects to this alteration of the timing of the Effective Date as unfair and prejudicial to creditors. This Plan provision allows the Debtors to avoid the payment of interest to creditors that they would otherwise be obligated to pay.

12. **The Plan does not comply with 11 U.S.C. § 1141(d)(3).**

Section 1141(d)(3) of the Bankruptcy Code provides:

The confirmation of a plan does not discharge a debtor if –

(A) The plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after the consummation of the plan; and

(C) The debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

The liquidating Debtors are not entitled to a discharge. The Plan contains at least thirteen references to the discharge of obligations. The United States objects to the discharge provisions in the Plan to the extent that Debtors have liquidated substantially all of their assets, do not engage in business after the consummation of the Plan, and would be denied a discharge if they were a cases under Chapter 7 of the Bankruptcy Code.

13. **The Plan must comply with Sections 1129(a)(9)(A) and (C)**.

The United States objects to the Plan to the extent claims entitled to payment under sections 1129(a)(9)(A) and (C) of the Bankruptcy Code, respectively, are not paid in accordance with the Bankruptcy Code.

## CONCLUSION

14. **The Plan does not comply with Section 1129(a)(1) of the Bankruptcy Code.**

For the reasons stated above, the Plan does not comply with the applicable provisions of Title 11 and therefore cannot be confirmed pursuant to Section 1129(a)(1) of the Bankruptcy Code.

**WHEREFORE**, the United States respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

DAVID C. WEISS
United States Attorney

BY: */s/ Ellen Slights*
Ellen W. Slights (DE Bar No. 2782)
Assistant United States Attorney

Dated: March 1, 2021

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CRED INC., *et al.*, | : | Case No. 20-12836 (JTD) |
| | : | |
| | : | **Hearing Date: March 9, 2021, at 2:00 p.m.** |
| Debtors. | : | **Confirmation Obj.: March 1, 2021 at 4:00 p.m.** |
| | : | |

## AFFIDAVIT OF SERVICE

I, Shane Macas, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest that on March 1, 2021, I caused to be served a copy of the **OBJECTION BY THE UNITED STATES TO THE FIRST AMENDED COMBINED JOINT PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT OF CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties

Paul Hastings LLP
600 Travis Street, 58th Floor, Houston
Texas 77002
Attn: James T. Grogan
jamesgrogan@paulhastings.com
Mack Wilson
mackwilson@paulhastings.com

Paul Hastings LLP
200 Park Avenue
New York, New York, 10166
Attn: G. Alexander Bongartz
alexbongartz@paulhastings.com
Scott Shelley
scottshelley@paulhastings.com
Derek Cash
derekcash@paulhastings.com

| | |
|---|---|
| Cousins Law LLC<br>Brandywine Plaza West<br>1521 Concord Pike, Suite 301<br>Wilmington, Delaware 19803<br>Attn: Scott D. Cousins<br>scott.cousins@cousinslaw.com<br><br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, New York 10173<br>Attn: Timothy W. Walsh<br>twwalsh@mwe.com<br>Darren Azman<br>dazman@mwe.com | Office of the U.S.Trustee<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801<br>Attn: Joseph J. McMahon, Jr.<br>joseph.mcmahon@usdoj.gov<br>John Schanne<br>john.schanne@usdoj.gov |

*/s/ Shane Macas*
Shane Macas
Legal Assistant

2