## **Exhibit A**

**Liquidation Trust Agreement**

# LIQUIDATION TRUST AGREEMENT

## PREAMBLE

This Liquidation Trust Agreement (the "**Agreement**") is entered into by and among Cred Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") and Christopher Moser, Michael Michelin, and Cedric de Lisser, not individually, but solely in their capacities as trustees (the "**Liquidation Trustees**" and, together with the Debtors, the "**Parties**") in accordance with the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code, dated January 21, 2021 (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "**Plan**").[1]

## RECITALS

WHEREAS, on November 7, 2020 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing their chapter 11 cases (the "**Chapter 11 Cases**");

WHEREAS, on December 3, 2020, the United States Trustee for the District of Delaware (the "**United States Trustee**") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "**Committee**");

WHEREAS, on January 21, 2021, the Debtors filed the Plan;

WHEREAS, the Plan provides for the creation of the Liquidation Trust, as of the Effective Date, to hold, administer, and liquidate the Liquidation Trust Assets, and to distribute the same or proceeds of the same to the Holders of Allowed General Unsecured Claims, in accordance with the terms of the Plan and this Agreement;

WHEREAS, this Agreement is executed to establish the Liquidation Trust and to facilitate the Plan;

WHEREAS, the Liquidation Trust is created on behalf of, and for the benefit of, the Liquidation Trust Beneficiaries (each, a "**Beneficiary**");

WHEREAS, the Liquidation Trust is intended to qualify as a "liquidating trust" under the United States Internal Revenue Code of 1986, as amended, (the "**IRC**") and the Treasury Regulations promulgated thereunder, specifically Treasury Regulation section 301.7701-4(d), and as such be treated as a "grantor trust" for federal income tax purposes with the Beneficiaries treated as the grantors and owners of the Liquidation Trust, and in that regard it is the Parties' intention that this Agreement satisfy the requirements set forth in Revenue Procedure 94-45, 1994-2 C.B. 684 (July 11, 1994).

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

---

[1] Capitalized terms used herein and not otherwise defined herein or when first used shall have the meanings set forth in the Plan.

## ARTICLE I.
## NAME OF TRUST AND LIQUIDATION TRUSTEES

1.1.    Appointment of Liquidation Trustee

The legal name of the Liquidation Trust shall be "Cred Liquidation Trust." Christopher Moser, Michael Michelin, and Cedric de Lisser are hereby appointed to serve as the initial Liquidation Trustees under the Plan and hereby accept this appointment and agree to serve in such capacities effective upon the Effective Date of the Plan and pursuant to the terms of the Confirmation Order, the Plan, and this Agreement. A successor Liquidation Trustee shall be appointed as set forth in Section 11.1 in the event any Liquidation Trustee is removed or resigns pursuant to this Agreement or if any Liquidation Trustee otherwise vacates the position.

## ARTICLE II.
## DUTIES AND POWERS OF THE LIQUIDATION TRUSTEES

2.1.    Generally

The Liquidation Trustees shall be responsible for (a) liquidating and administering (or abandoning, as the case may be) the Liquidation Trust Assets, including the Avoidance Actions, the Debtors' commercial tort claims, the Debtors' claims or Causes of Action against the Debtors' directors and officers, and claims or Causes of Action that may be satisfied by insurance policies, (collectively, the "**Causes of Action**"), and (b) taking actions on behalf of, and representing, the Liquidation Trust. The Liquidation Trustees shall have the authority to bind the Liquidation Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Liquidation Trustees and not individually.

2.2.    Scope of Authority of Liquidation Trustees

Within the limitations set forth herein, and subject to the provisions set forth in this Agreement, the responsibilities and authority of the Liquidation Trustees shall include, without limitation: (i) holding and administering the Liquidation Trust Assets; (ii) evaluating and determining strategy with respect to the Causes of Action and litigating the Causes of Action, or settling, transferring, releasing or abandoning any and all Causes of Action on behalf of the Liquidation Trust; facilitating the prosecution or settlement of objections to or estimations of Claims asserted against the Debtors, their estates, the Liquidation Trust or the Liquidation Trust Assets; calculating and implementing distributions to the Beneficiaries; (v) filing all required tax returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671- 4(a); (vi) performing such acts as are necessary for the administration, resolution and wind-down of the Debtors after the Effective Date, including, without limitation, preparing and filing final tax returns for the Debtors; (vii) retaining Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals (both as defined herein); (viii) receiving reasonable compensation for performing services as Liquidation Trustees and paying the reasonable fees, costs and expenses of any Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals in accordance with the applicable provisions of this Agreement; (ix) filing periodic reports as set forth in section 12.3(b) of the Plan; and (x) carrying out such other responsibilities not specifically set forth herein as may be vested in the Liquidation Trustees pursuant to the Confirmation Order, the Plan, this Agreement, or other Bankruptcy Court order, or

as may be necessary and proper to carry out the provisions of the Confirmation Order, the Plan or this Agreement.

      2.3.   Obligations to Liquidation Trust and Beneficiaries

      The Liquidation Trustees' actions as Liquidation Trustees will be subject to standards required under Delaware law.

      2.4.   Additional Powers of Liquidation Trustees

      In connection with the administration of the Liquidation Trust, subject to and except as otherwise set forth in the Confirmation Order, the Plan or this Agreement, the Liquidation Trustees are hereby authorized to perform those acts necessary to accomplish the purposes of the Liquidation Trust. Without limiting, but subject to, the foregoing, the Liquidation Trustees shall, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Confirmation Order and the Plan:

      (1)   Administer the implementation of the Liquidation Trust, including the making of the Distributions contemplated herein;

      (2)   Marshall, market for sale, and liquidate the Liquidation Trust Assets;

      (3)   Conduct an analysis of any and all Claims and Equity Interests and prosecuting objections thereto or settling or otherwise compromising such Claims and Equity Interests, if necessary and appropriate, in accordance with Article XIV of the Plan;

      (4)   Maintain and administer the Reserves in accordance with the terms hereof;

      (5)   Commence, prosecute, or settle claims and Causes of Action, enforce contracts, and assert claims, defenses, offsets, and privileges in accordance herewith and pay all associated costs;

      (6)   Recover and compel turnover of the Debtors' property;

      (7)   Adjudicate third-party claims assigned, purchased, or otherwise transferred to the Liquidation Trust;

      (8)   Pay Liquidation Trust expenses;

      (9)   Abandon any property constituting the Estates' Assets that cannot be sold or otherwise disposed of for value and whose Distribution to Holders of Allowed Claims would not be feasible or cost-effective in the Liquidation Trustees' reasonable judgment;

      (10)   Prepare and file post-Effective Date operating reports;

      (11)   File appropriate tax returns in the exercise of the Liquidation Trustees' fiduciary obligations;

(12)     Retain such Professionals as are necessary and appropriate in the furtherance of the Liquidation Trustees' fiduciary obligations;

(13)     Take such actions as are necessary and reasonable to carry out the purposes of the Liquidation Trust, including winding down the Debtors' business affairs;

(14)     Be expressly authorized to purchase such insurance coverage as the Liquidation Trustees, in their sole discretion, deem necessary and appropriate with respect to real and personal property that may be or may become Liquidation Trust Assets;

(15)     Have any required financial statements and United States Trustee post-confirmation quarterly reports prepared, until such time as the Bankruptcy Court enters an order (i) dismissing the Bankruptcy Cases, (ii) converting the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code, or (iii) approving a final decree closing the Bankruptcy Cases;

(16)     Implement and/or enforce all provisions of the Plan;

(17)     Assert and/or waive, as the Liquidation Trustees deem appropriate, any attorney-client privilege or similar privilege belonging to any Debtor immediately prior to the Effective Date of the Plan; and

(18)     Have such other powers as may be vested in or assumed by the Liquidation Trustees pursuant to this Agreement, the Plan, other Bankruptcy Court order, or as may be needed or appropriate to carry out the provisions of the Plan and this Agreement.

2.5.    <u>General Authority of the Liquidation Trustees</u>

Unless specifically stated otherwise herein, the Liquidation Trustees shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement, or (b) specifically contemplated in the Confirmation Order or the Plan.

2.6.    <u>Limitation of Liquidation Trustees' Authority; No Ongoing Business</u>

(a)     The Liquidation Trustees shall have no power or authority except as set forth in this Agreement or in the Confirmation Order or the Plan.

(b)     For federal income tax purposes, the Liquidation Trustees shall not be authorized to engage in any trade or business with respect to the Liquidation Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust. The Liquidation Trustees shall take such actions consistent with the prompt orderly liquidation of the Liquidation Trust Assets as required by applicable law and consistent with the treatment of the Liquidation Trust as a liquidating trust under Treasury Regulation section 301.7701-4(d), to the extent such actions are permitted by this Agreement.

2.7.    <u>Investment and Safekeeping of Liquidation Trust Assets</u>

All monies and other assets received by the Liquidation Trustees shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidation Trustees, and further, shall be held in trust for the benefit of the Beneficiaries. The Liquidation Trustees shall be responsible for establishing and maintaining any segregated, reserve or escrow accounts as are required to carry out the obligations of the Liquidation Trust under the Plan.

The Liquidation Trustees shall promptly invest any such monies in the manner set forth in this Section 2.7, but shall otherwise be under no liability for interest or income on any monies received by the Liquidation Trust hereunder and held for distribution or payment to the Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidation Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidation Trustees to invest the Liquidation Trust Assets, the proceeds thereof, or any income earned by the Liquidation Trust, shall be limited to the right and power to (i) invest such Liquidation Trust Assets (pending distributions in accordance with the Confirmation Order, the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America, (b) short-term obligations of any agency or corporation that is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof, or (c) an open-ended management investment company, registered under the Investment Company Act of 1940 that is regulated as a "money market fund" pursuant to Rule 2a-7 under the Investment Company Act of 1940, provided that the fund: (1) invests exclusively in United States Treasury bills and United States Treasury Notes owned directly or through repurchase agreements; (2) has received the highest money market fund rating from a nationally recognized statistical rating organization, such as Standard & Poor's or Moody's; (3) has agreed to redeem funds shares in cash, with payment being made no later than the business day following a redemption request by a shareholder, except in the event of an unscheduled closing of the Federal Reserve Banks or the New York Stock Exchange; and (4) has adopted a policy that it will notify its shareholders 60 days prior to any change in its policy (A) to invest exclusively in Treasury Securities as described in (1) above or (B) to redeem fund shares in cash no later than the business day following a redemption request by the shareholder, with limited exceptions for unscheduled closings of Federal Reserve Banks or the New York Stock Exchange; or (ii) deposit such assets in demand deposits at any bank or trust company, (collectively, the "**Permissible Investments**") <u>provided</u>, <u>however</u>, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the Internal Revenue Service of the United States of America (the "**IRS**"), whether set forth in IRS rulings, other IRS pronouncements or otherwise.

## ARTICLE III.
## TERM AND COMPENSATION FOR LIQUIDATION TRUSTEES

3.1.    <u>Compensation</u>

(a)    For the term of this Agreement, each Liquidating Trustee shall receive $5,000 per month or portion of a month from the Liquidating Trust. The Liquidating Trust shall

also reimburse the Liquidating Trustees for their reasonable out-of-pocket expenses spent on behalf of the Liquidating Trust as they are incurred.

(b)     All compensation and other amounts payable to the Liquidation Trustees shall be paid out of the Liquidation Trust Expense Fund (as defined hereinafter), subject to any applicable limitations or restrictions set forth in the Confirmation Order, Plan, or this Agreement.

3.2.    <u>Termination</u>

The Liquidation Trust will terminate on the earlier of: (a) final liquidation, administration and Distribution of the Liquidation Trust Assets in accordance with the terms of the Agreement and the Plan, and its full performance of all other duties and functions as set forth herein; and (b) the fifth (5th) anniversary of the Effective Date. Notwithstanding the foregoing, multiple fixed term extensions can be obtained so long as Bankruptcy Court approval is obtained within six (6) months before the expiration of the term of the Liquidation Trust and each extended term provided that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes. After (a) the final Distributions pursuant hereto, (b) the Filing by or on behalf of the Liquidation Trust of a certification of dissolution with the Bankruptcy Court, and (c) any other action deemed appropriate by the Liquidation Trustees, the Liquidation Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

3.3.    <u>Insurance; Bond</u>

The Liquidation Trustees, in their sole discretion, may obtain insurance coverage (in the form of an errors and omissions policy or otherwise) with respect to the Liabilities and obligations of the Liquidation Trustees. The Liquidation Trustees shall serve with a bond, the terms of which shall be agreed to by the Trust Advisory Board, and the cost and expense of which shall be paid by the Liquidation Trust.

3.4.    <u>Removal</u>

The Liquidation Trustees may be removed only for cause by a Final Order of the Bankruptcy Court upon a motion by any party in interest and after notice and a hearing; *provided, however*, that no Liquidation Trustee may be removed until a successor Liquidation Trustee has been named or is capable of being named immediately upon such removal. For purposes of removing a Liquidation Trustee, "cause" shall mean gross negligence, breach of fiduciary duty, breach of trust, or reckless or willful mishandling of the Liquidation Trust Assets. Any fees and unreimbursed expenses that have been properly incurred by a Liquidation Trustee in accordance with the terms of this Agreement that are owing to such Liquidation Trustee as of the date of the Liquidation Trustee's removal shall be paid to such Liquidation Trustee within five days after the removal date.

3.5.    <u>Resignation</u>

A Liquidation Trustee may resign by giving not less than sixty (60) days prior written notice thereof to the Bankruptcy Court.

## ARTICLE IV.
## PROVISIONS REGARDING DISTRIBUTIONS

4.1.    <u>Priority and Method of Distributions</u>

(a)    <u>Generally</u>. The Liquidation Trustees, on behalf of the Liquidation Trust, or such other person or entity as may be designated in accordance with this Agreement, will make distributions to the Beneficiaries and holders of other Claims in accordance with this Agreement and in accordance with the priorities set forth in, and the other provisions of, the Plan. Whenever any distribution to be made under the Confirmation Order, the Plan or this Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due.

(b)    <u>Periodic Distribution Requirement</u>. Subject to the provisions of this Article IV, and only to the extent required to maintain grantor trust tax status, the Liquidation Trustees shall distribute at least once per twelve-month period to the Beneficiaries the Liquidation Trust's net income plus all net proceeds from the sale, realization, settlement or liquidation of the Liquidation Trust Assets, except that the Liquidation Trustees may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidation Trust Assets, to satisfy current and projected expenses of the Liquidation Trust, and to meet Claims and contingent liabilities (including Disputed Claims).

(c)    <u>Withholding</u>. The Liquidation Trustees may withhold from amounts distributable to any person or entity any and all amounts, to be determined in the Liquidation Trustees' reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof. To the extent that amounts are so withheld and paid over to the appropriate governmental entity, such amounts shall be treated for all purposes of this Agreement as having been paid to the person or entity in respect of whom such deduction and withholding was made.

(d)    <u>Tax Identification Numbers and Tax Information</u>. The Liquidation Trustees are authorized to request and obtain from the Beneficiaries or holders of other Claims or any other person or entity Forms W-8 and/or W-9 or such other forms or information relating to the Liquidation Trustees' tax obligations or obligations to withhold as the Liquidation Trustees may reasonably request, and the Liquidation Trustees may condition any distribution to any Beneficiary or other distributee upon receipt of such forms or information.

4.2.    <u>Delivery of Distributions</u>

Subject to the provisions of Federal Rule of Bankruptcy Procedure 2002(g), and except as otherwise provided herein, distributions and deliveries to the Beneficiaries or other holders of Claims shall be made at the address of each such Beneficiary set forth on the Debtors' books and records unless superseded by (i) the address set forth on proofs of claim filed by any such Beneficiary or (ii) the address provided in connection with a transfer pursuant to Section 14.1.

## ARTICLE V.
## TRUST FUNDING

5.1.    Trust Funding

        The costs and expenses of the Liquidation Trust, including, without limitation, the compensation to and reimbursement of expenses of the Liquidation Trustees and the fees, costs and expenses of all professionals retained by the Liquidation Trustees in connection with the performance of the Liquidation Trustees' duties in connection with this Agreement, shall be paid from a fund set aside for such purpose (the "**Liquidation Trust Expense Fund**") for payment of same on the Effective Date. The initial amount of the Liquidation Trust Expense Fund shall be equal to $750,000. Additional funds may be transferred to the Liquidation Trust Expense Fund from time to time as necessary to pay the reasonable costs and expenses of the Liquidation Trust. The Liquidation Trust Expense Fund shall not be subject to charge for claims against the Liquidation Trust, the Liquidation Trustees, the Debtors or their estates. Any funds remaining in the Liquidation Trust Expense Fund after completion of the Liquidation Trustees' activities and full payment of all reasonable costs and expenses of the Liquidation Trust including, without limitation, the fees, costs and expenses of the Liquidation Trustees and the professionals retained by the Liquidation Trustees, shall be paid to the Beneficiaries according to the terms of the Confirmation Order, the Plan and this Agreement.

## ARTICLE VI.
## PROSECUTION AND RESOLUTION OF DISPUTED, CONTINGENT AND UNLIQUIDATED CLAIMS AND CAUSES OF ACTION

6.1.    Objections to Claims; Prosecution of Disputed Claims

        The Liquidation Trustees, on behalf of the Liquidation Trust, shall have the exclusive right to object to the allowance of any Claims by no later than the Claims Objection Deadline. The Liquidation Trustees shall have the right to object to the allowance of Claims with respect to which the Liquidation Trustees dispute classification, liability or allowance in whole or in part. The Liquidation Trustees shall have the authority to settle, in their sole discretion and without approval of the Bankruptcy Court, any and all such objections to Claims; _provided_, _however_, that the Liquidation Trustees may not settle any objection to a Claim where the remaining claim amount after the settlement exceeds $250,000 without approval of the Bankruptcy Court.

6.2.    Estimation of Claims

        The Liquidation Trustees may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Liquidation Trustees previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of Section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidation Trustees may

pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

6.3.    Payments and Distributions on Disputed Claims

(a)    Notwithstanding any provision hereof to the contrary, the Liquidation Trustees may, in their reasonable discretion, pay the undisputed portion of a Disputed Claim. Notwithstanding the foregoing, the Liquidation Trustees will set aside for each Holder of a Disputed Claim such portion of Cash as may be necessary to provide required distributions if that Claim were an Allowed Claim, either based upon the amount of the Claim as filed with the Bankruptcy Court or the amount of the Claim as estimated by the Bankruptcy Court.

(b)    At such time as a Disputed Claim becomes, in whole or in part an Allowed Claim, the Liquidation Trustees shall distribute to the Holder thereof the distributions, if any, to which such Holder is then entitled under the Confirmation Order, the Plan or this Agreement. Such distribution, if any, will be made as soon as practicable after the date on which the order or judgment of the Bankruptcy Court allowing such Disputed Claim becomes a Final Order. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a Holder.

6.4.    Prosecution of Causes of Action

The Liquidation Trustees, on behalf of the Liquidation Trust, shall have the exclusive right to assert and prosecute in accordance with the Liquidation Trustees' reasonable business judgment the Causes of Action. The Liquidation Trustees shall have the authority to settle and comprise, in their sole discretion and without approval of the Bankruptcy Court, any and all Causes of Action; *provided*, *however*, that the Liquidation Trustees may not settle any Cause of Action where the initial amount of such Cause of Action, without consideration of any defenses to the same, exceeds $250,000 without approval of the Bankruptcy Court.

**ARTICLE VII.**
**LIABILITY AND EXCULPATION PROVISIONS**

7.1.    Liability of Liquidation Trustees; Indemnification

None of the Liquidation Trustees, the Trust Advisory Board, nor their respective members, employees, employers, designees or professionals, or any of their duly designated agents or representatives (each, an "**Exculpation Party**" and collectively, the "**Exculpation Parties**") shall be liable for losses, claims, damages, liabilities or expenses in connection with the affairs of the Liquidation Trust or for the act or omission of any other Exculpation Party, nor shall the Exculpation Parties be liable for any act or omission taken or omitted to be taken pursuant to the discretion, powers and authority conferred, or in good faith believed to be conferred by the Agreement or the Plan other than for specific acts or omissions resulting from such Exculpation Party's willful misconduct, gross negligence or actual fraud. Subject to the terms of the Agreement, the Liquidation Trustees shall be entitled to enjoy all of the rights, powers, immunities and privileges applicable to a chapter 7 trustee, and the Trust Advisory Board shall be entitled to enjoy

all of the rights, powers, immunities and privileges of an official committee of unsecured creditors. The Liquidation Trustees, or the Trust Advisory Board, may, in connection with the performance of their functions, and in their sole and absolute discretion, consult with their attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, none of the Liquidation Trustees nor the Trust Advisory Board shall be under any obligation to consult with their attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Liquidation Trustees or the Trust Advisory Board or their respective members and/or designees, unless such determination is based on willful misconduct, gross negligence, or actual fraud. The Liquidation Trust shall indemnify and hold harmless the Exculpation Parties (in their capacity as such), from and against and in respect of all Liabilities, losses, damages, claims, costs and expenses (including, without limitation, reasonable attorneys' fees, disbursements, and related expenses) that such parties may incur or to which such parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against such parties arising out of or due to their acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Liquidation Trust or the Plan or the discharge of their duties hereunder; _provided, however_, that no such indemnification will be made to such Persons for actions or omissions as a result of willful misconduct, gross negligence, or actual fraud. Persons dealing or having any relationship with the Liquidation Trustees shall have recourse only to the Liquidation Trust Assets and shall look only to the Liquidation Trust Assets to satisfy any liability or other obligations incurred by the Liquidation Trustees or the Trust Advisory Board to such Person in carrying out the terms of the Liquidation Trust Agreement, and neither the Liquidation Trustees nor the Trust Advisory Board shall have any personal obligation to satisfy any such liability. The Liquidation Trustees and/or the Trust Advisory Board shall not be liable whatsoever except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into the Liquidation Trust Agreement against any of them. The Liquidation Trust shall promptly pay expenses reasonably incurred by any Exculpation Party in defending, participating in, or settling any action, proceeding or investigation in which such Exculpation Party is a party or is threatened to be made a party or otherwise is participating in connection with the Liquidation Trust Agreement or the duties, acts or omissions of the Liquidation Trustees or otherwise in connection with the affairs of the Liquidation Trust, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Exculpation Party hereby undertakes, and the Liquidation Trust hereby accepts his or her undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Exculpated Party is not entitled to be indemnified therefor under the Liquidation Trust Agreement. The foregoing indemnity in respect of any Exculpation Party shall survive the termination of such Exculpation Party from the capacity for which they are indemnified.

    7.2.   <u>Reliance by Liquidation Trustees</u>

       Except as otherwise provided herein:

       (a)    the Liquidation Trustees may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or

presented by the proper party or parties;

(b)     the Liquidation Trustees shall not be liable for any action reasonably taken or not taken in accordance with the advice of a Liquidation Trustee Professional; and

(c)     persons or entities dealing with the Liquidation Trustees shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustees to such person or entity in carrying out the terms of this Agreement, and the Liquidation Trustees shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidation Trustees are determined by a Final Order to be solely due to the Liquidation Trustees' own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

## ARTICLE VIII.
## ESTABLISHMENT OF THE LIQUIDATION TRUST

8.1.    Transfer of Assets to Liquidation Trust; Assumption of Liabilities

Pursuant to the Plan, the Debtors and the Liquidation Trustees hereby establish the Liquidation Trust on behalf of the Beneficiaries, to be treated as the grantors and deemed owners of the Liquidation Trust Assets. The Debtors hereby transfer, assign, and deliver to the Liquidation Trust, on behalf of the Beneficiaries, all of their right, title, and interest in the Liquidation Trust Assets, including the Causes of Action, free and clear of any liens, claims or encumbrances, notwithstanding any prohibition of assignability under applicable non-bankruptcy law.[2] Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors or their estates in respect of the Liquidation Trust Assets. The Liquidation Trustees agree to accept and hold the Liquidation Trust Assets in the Liquidation Trust for the benefit of the Beneficiaries, subject to the terms of the Confirmation Order, the Plan and this Agreement.

8.2.    Title to Assets

(a)     Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all assets and properties encompassed by the Plan shall vest in the Liquidation Trust in accordance with Section 1141 of the Bankruptcy Code. Upon the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Debtors shall have no interest in or with respect to such Liquidation Trust Assets or the Liquidation Trust.

(b)     For all federal income tax purposes, all Parties and Beneficiaries shall treat the transfer of the Liquidation Trust Assets by the Debtors to the Liquidation Trust, as set forth in this Article VIII and in the Plan, as a transfer of such assets by the Debtors to the Beneficiaries entitled to distributions under this Agreement followed by a transfer by such Beneficiaries to the Liquidation Trust. Thus, the Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

---

[2] For the avoidance of doubt, license number 60DBO-91480 held by CRED (US) LLC shall not be transferred and shall continue to be held by CRED (US) LLC.

8.3.    <u>Valuation</u>

As soon as practicable after the Effective Date, the Liquidation Trustees shall make a good faith determination of the fair market value of the Estates' Assets as of the Effective Date; *provided, however*, that the Liquidation Trustees shall not be required to hire an expert to make such a valuation. This valuation shall be used consistently by all parties (including the Debtors, the Liquidation Trustees, and the Holders of General Unsecured Claims) for all federal income tax purposes. The Bankruptcy Court shall resolve any dispute regarding the valuation of the Liquidation Trust Assets.

**ARTICLE IX.**
**<u>BENEFICIARIES</u>**

9.1.    <u>Identification of Beneficiaries</u>

In order to determine the actual names and addresses of the Beneficiaries, the Liquidation Trustees shall be entitled, but not required, to conclusively rely on the names and addresses set forth in the Debtors' Schedules, books and records or filed proofs of claim. Each Beneficiary's right to distribution from the Liquidation Trust shall be that accorded to such Beneficiary under the Plan.

**ARTICLE X.**
**<u>ADMINISTRATION</u>**

10.1.    <u>Purpose of the Liquidation Trust</u>

The Liquidation Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust. Accordingly, the Liquidation Trustees shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Beneficiaries and not unduly prolong its duration, and shall take or refrain from taking such other actions as may be necessary, in the Liquidation Trustees' reasonable judgment, to preserve and maintain the status of the Liquidation Trust as a "liquidating trust" and as a "grantor trust" within the meaning of Treasury Regulation sections 301.7701-4(d) and 1.671-4(a). The Liquidation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Agreement. The Liquidation Trust also shall not be deemed a successor-in-interest of the Beneficiaries for any purpose other than as specifically set forth in this Agreement.

10.2.    <u>Books and Records</u>

The Liquidation Trustees shall maintain books and records relating to the administration of the Causes of Action and the distribution by the Liquidation Trustees of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. The Liquidation Trustees shall also maintain books and records relating to the administration of the Liquidation Trust Assets (including the Causes of Action), the income and expenses of the Liquidation Trust, and the payment of expenses of and liabilities of, claims against or assumed by,

the Liquidation Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Liquidation Trustees to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust, or as a condition for making any payment or distribution out of the Liquidation Trust Assets.

10.3.    Voting

The affirmative vote of a majority of the non-recused, voting members of the Liquidation Trustees shall be the act of the Liquidation Trustees with respect to any matter that requires the determination, consent, approval, or agreement of such Liquidation Trustees.

10.4.    Compliance with Laws

Any and all distributions of Liquidation Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

## ARTICLE XI.
## SUCCESSOR LIQUIDATION TRUSTEE
## AND TRUST ADVISORY BOARD MEMBERS

11.1.    Successor Liquidation Trustee

In the event a Liquidation Trustee is removed by the Bankruptcy Court, resigns pursuant to this Agreement, or otherwise vacates its position, a successor Liquidation Trustee shall be appointed by the Trust Advisory Board. If the Trust Advisory Board does not appoint a successor within 60 days, then the Bankruptcy Court, upon a motion of any party-in-interest, including counsel to the Liquidation Trust, shall approve a successor to serve as the successor Liquidation Trustee. Any successor Liquidation Trustee appointed hereunder shall execute an instrument accepting such appointment. Thereupon, such successor Liquidation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidation Trust with like effect as if originally named herein; *provided*, *however*, that a removed or resigning Liquidation Trustee shall, nevertheless, when requested in writing by the successor Liquidation Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidation Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Liquidation Trustee.

11.2.    Successor Trust Advisory Board Members

In the event a member of the Trust Advisory Board is removed by the Bankruptcy Court, resigns pursuant to this Agreement, or otherwise vacates its position, a successor member of the Trust Advisory Board shall by appointed by the Liquidation Trustees.  If the Liquidation Trustees do not appoint a successor within 60 days, then the Bankruptcy Court, upon a motion of any party-in-interest, including counsel to the Liquidation Trust, shall approve a successor to serve as a member of the Trust Advisory Board.  Any member of the Trust Advisory Board appointed hereunder shall execute an instrument accepting such appointment.  Thereupon, such

member of the Trust Advisory Board shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidation Trust with like effect as if originally named herein; *provided, however*, that a removed or resigning member of the Trust Advisory Board shall, nevertheless, when requested in writing by the successor member of the Trust Advisory Board, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor member of the Trust Advisory Board all the estates, properties, rights, powers, and trusts of such removed or resigning member of the Trust Advisory Board.

## ARTICLE XII.
## DISPUTED CLAIMS RESERVES

12.1.  Disputed Claims Reserves

The Liquidation Trustees shall maintain reserves for any distributable amounts required to be set aside on account of Disputed Claims and shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided in the Plan and the Confirmation Order, as such Disputed Claims are resolved, and such amounts shall be distributable in respect of such Disputed Claims as such amounts would have been distributable had the Disputed Claims been Allowed Claims as of the Effective Date.

## ARTICLE XIII.
## REPORTING

13.1.  Required Plan Reporting

The Liquidation Trustees shall comply with any reporting requirements set forth in the Confirmation Order and/or the Plan, including as required under section 12.3(b) of the Plan.

13.2.  Federal Income Tax

(a)    Grantor Trust Status. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustees of a private letter ruling if the Liquidation Trustees so request one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustees), the Liquidation Trustees shall file tax returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)    Treatment of Beneficiaries as Grantors. Subject to the provisions of Section 13.2(a) hereof, (i) for federal income tax purposes, the Beneficiaries shall be treated as grantors and owners of the Liquidation Trust for each tax return filed by the Liquidation Trustees as a grantor trust; and (ii) each Beneficiary shall be responsible for payment of any federal income tax with respect to its share of the taxable income of the Liquidation Trust for any taxable year determined pursuant to Section 13.2(c), whether or not a reserve is established for disputed claims.

(c)    Allocations of Liquidation Trust Taxable Income. Subject to the provisions of Section 13.2(a) hereof, allocations of Liquidation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income

would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Beneficiaries (treating any Holder of a Disputed Claim, for this purpose, as a current Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Liquidation Trust (including any distributions held in reserve pending the resolution of Disputed Claims). Similarly, taxable losses of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Liquidation Trust Assets. The tax book value of the Liquidation Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidation Trust, adjusted in either case in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations and any other applicable administrative and judicial authorities and pronouncements.

(d)     Tax Reporting Duties of Liquidation Trustees. In compliance with the IRC and the regulations thereunder, the Liquidation Trustees shall prepare and distribute a statement setting forth the information necessary for each Beneficiary to determine its share of items of income, gain, loss, deduction or credit for United States federal income tax purposes.

13.3.   Other

The Liquidation Trustees shall file (or cause to be filed) any other statement, returns or disclosures relating to the Liquidation Trust or the Liquidation Trust Assets that are required by the Internal Revenue Service or any other governmental unit.

## ARTICLE XIV.
## TRANSFER OF BENEFICIARIES' INTERESTS

14.1.   Transfer of Beneficiaries' Interests

The beneficial interests that are owned by the Beneficiaries shall not be certificated. The Liquidation Trustees may make distributions and send communications to Beneficiaries based on the Liquidation Trust's books and records identifying Holders of Claims as of the Record Date as set forth in the Plan, and in so doing the Liquidation Trustees shall be fully protected and incur no liability to any purported transferee or any other person or entity.

## ARTICLE XV.
## LIQUIDATION TRUSTEE PROFESSIONALS
## AND NON-PROFESSIONALS

15.1.   Retention of Liquidation Trustee Professionals and Non-Professionals

(a)     The Liquidation Trustees shall have the right to retain their own professionals, including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors, as the Liquidation Trustees deem appropriate (the "**Liquidation Trustee Professionals**") and on such terms as the Liquidation Trustees deem appropriate. The Liquidation Trustee Professionals shall be compensated in accordance with Section 15.2 hereof. The Liquidation Trustee Professionals so retained need not be "disinterested," as that term is defined in the Bankruptcy Code, and may include, without

limitation, counsel and financial advisors of the Debtors or the Committee.

(b)     The Liquidation Trustees shall have the right to retain non-professionals, including, without limitation, employees, independent contractors or other agents as the Liquidation Trustees deem appropriate (the "**Liquidation Trustee Non-Professionals**") and on such terms as the Liquidation Trustees deem appropriate. Such Liquidation Trustee Non-Professionals shall be compensated in accordance with Section 15.2 hereof. The Liquidation Trustee Non-Professionals so retained need not be "disinterested," as that term is defined in the Bankruptcy Code, and may include, without limitation, employees, independent contractors or agents of the Debtors or the Committee.

15.2.   Payment to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals

After the Effective Date, Liquidation Trustee Professionals shall be required to submit reasonably detailed invoices on a periodic basis to the Liquidation Trustees. The Liquidation Trustees shall have ten (10) days after receipt of any such invoice to advise the Liquidation Trustee Professional in writing of any objections to the invoice. If no objection to the invoice is made within that time period, then the Liquidation Trustees shall pay that invoice, without Bankruptcy Court approval. If there is a dispute as to a part of an invoice, the Liquidation Trustees shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount; *provided, however*, that the parties shall first attempt to resolve the dispute before submitting the dispute to the Bankruptcy Court for resolution. All payments to Liquidation Trustee Professionals or Liquidation Trustee Non- Professionals shall be paid out of the Liquidation Trust Expense Fund.

## ARTICLE XVI.
## TERMINATION OF LIQUIDATION TRUST

16.1.   Duration and Extension

Notwithstanding any provision of the Plan to the contrary, the Liquidation Trust will terminate as soon as practicable, but in no event later than the fifth (5th) anniversary of the Effective Date; *provided*, *however*, that, the Bankruptcy Court, upon motion by a party-in-interest within the six (6) month period prior to the fifth (5th) anniversary (or within the six (6) months prior to the end of an extension period), may extend the term of the Liquidation Trust for a finite period (not to exceed an additional three (3) years, together with any prior extensions, without a favorable ruling from the IRS that any further extension would not adversely affect the status of the Liquidation Trust as a grantor trust for federal income tax purposes) if such an extension is warranted by the facts and based upon a finding that such an extension is necessary to the liquidating purpose of the Liquidation Trust, *provided further*, adequate funding exists for such extension period as determined by the Bankruptcy Court.

16.2.   Diligent Administration

The Liquidation Trustees shall, as applicable, (i) not unduly prolong the duration of the Liquidation Trust; (ii) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidation Trust Assets; (iii) effect the liquidation and distribution of the Liquidation Trust Assets to the Beneficiaries in accordance with the terms hereof, and (iv)

endeavor to terminate the Liquidation Trust as soon as reasonably practicable.

## ARTICLE XVII.
## AMENDMENT AND WAIVER

17.1.    Amendment and Waiver.

Any substantive provision of this Agreement may be materially amended or waived only by order of the Bankruptcy Court if necessary to implement the Plan; *provided, however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Liquidation Trust as a "grantor trust." Technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Liquidation Trust to effectuate the terms of this Agreement, with the consent of the Liquidation Trustees.

## ARTICLE XVIII.
## MISCELLANEOUS PROVISIONS

18.1.    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

18.2.    Preservation of Privilege

In connection with the vesting and transfer of the Liquidation Trust Assets, including rights and Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors shall be transferred to the Liquidation Trust and shall vest in the Liquidation Trust. Accordingly, in connection with the prosecution and/or investigation of the Causes of Action by the Liquidation Trustees, any and all directors, officers, employees, counsel, agents, or attorneys-in-fact, of the Debtors, cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Liquidation Trustees in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews). The Debtors and the Liquidation Trustees shall take all necessary actions to protect the transfer of such privileges, protections and immunities.

18.3.    Standing

The Liquidation Trust and the Liquidation Trustees shall have standing to object to Claims against the Debtors' estates and to assert and prosecute the Causes of Action, and shall stand in the shoes of the Debtors with respect thereto.

18.4.   <u>Laws as to Construction</u>

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law.

18.5.   <u>Severability</u>

If any provision of this Agreement or the application thereof to any person or entity or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or entities or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

18.6.   <u>Notices</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered by electronic mail (at the addresses set forth below) and deposited, postage prepaid, in a post office or letter box addressed to the person or entity (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

**<u>Liquidation Trustees</u>**:

Christopher Moser
Michael Michelin
Cedric de Lisser
[Address 1]
[Address 2]
[E-mail]


With a copy to:

[Name of Counsel]
[Attn: ]
[Address 1]
[Address 2]
[E-mail]

18.7.   <u>Notices if to a Beneficiary</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person or entity for whom such notice is intended, or via electronic mail, to the name and address set forth on such Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court, or if none of the above has been filed, to the address set forth in the Debtors' Schedules or books and records or provided to the Liquidation Trustees

pursuant to Section 14.1.

    18.8.  <u>Survivability</u>

      Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Liquidation Trustees.

    18.9.  <u>Headings</u>

      The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

    18.10.  <u>Conflicts with Plan Provisions</u>

      Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern; <u>*provided, however*</u>, that if any inconsistencies or clarifications are in furtherance of the Liquidation Trust's qualification as a grantor trust for federal income tax purposes, then the terms and/or provisions of the Liquidation Trust shall govern.

*[Remainder of Page Intentionally Left Blank]*

In WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers as of the date first above written.

LIQUIDATION TRUSTEES
By: _____
Not individually, but solely in his capacity as Liquidating Trustee
Title:
Name:


By: _____
Not individually, but solely in his capacity as Liquidating Trustee
Title:
Name:



By: _____
Not individually, but solely in his capacity as Liquidating Trustee
Title:
Name:


CRED INC.
By: _____
Title:
Name:


CRED (US) LLC
By: _____
Title:
Name:


CRED CAPITAL INC.
By: _____
Title:
Name:


CRED MERCHANT SOLUTIONS LLC
By: _____
Title:

Name:


CRED (PUERTO RICO) LLC
By: _____
Title:
Name