# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 20-12836 (JTD) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) <br> ) |

### ORDER APPROVING THE STIPULATION OF SETTLEMENT AMONG THE DEBTORS, THE COMMITTEE, AND QUINN EMANUEL URQUHART & SULLIVAN LLP

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019 approving the Stipulation; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court finding that the Stipulation is reasonable and in the best interests of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Stipulation is approved and the Debtors, the Committee, and Quinn Emanuel are authorized to perform thereunder.

3. No later than three business days after entry of this Order, Quinn Emanuel shall turn over $316,500 to the Debtors.

4. Any and all claims or causes of action that the Debtors may have against Quinn Emanuel relating to the return of the Disputed Funds, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived. Any and all claims or causes of action that Quinn Emanuel may have against the Debtors, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived.

5. The Parties rights to pursue any and all claims or causes of action against Daniel Wheeler, including in connection with the Disputed Funds, are expressly reserved.

6. Nothing in this Order or the Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Quinn Emanuel under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Committee's, the Debtors', or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest

in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law, except as explicitly provided for herein..

7. The Stipulation shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustee and/or any successor and assign of the Debtors.

8. The Stipulation is for the benefit the Debtors, the Committee, and Quinn Emanuel. No unaffiliated third parties hold any rights under the Stipulation and this Stipulation does not grant any rights or remedies to any third parties.

9. The terms and conditions of this Order and the Stipulation are immediately effective and enforceable upon entry of this Order.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the implementation of this Order or the Stipulation.

**Dated: March 3rd, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

3