# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 20-12836 (JTD)<br>)<br>) (Jointly Administered)<br>)<br>) **Obj. Deadline: 3/10/21 at 4:00 p.m. (ET)**<br>) **Hrg. Date: 3/17/21 at 2:00 p.m. (ET)**<br>)<br>) **Related to Docket No. 584** |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE COMMITTEE TO FILE RULE 2004 MOTION UNDER SEAL

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves (the "Motion") pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file the Rule 2004 Motion (as defined herein) under seal. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Local Rule 9013-1(f) the Committee confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On November 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 3, 2020, the Office of the United States Trustee appointed the Committee.  Docket No. 120.  On January 8, 2021, the Court appointed Robert J. Stark as examiner (the "Examiner").  Docket No. 338.

6. To facilitate the recovery of the Debtors' assets, the Committee has filed the *Omnibus Motion Of The Official Committee Of Unsecured Creditors For Entry Of An Order (I) Authorizing Examinations And (II) Directing The Production Of Documents* [Docket No. 584] (the "Rule 2004 Motion").  The Rule 2004 Motion requests the examination of and production of documents from various entities.

**RELIEF REQUESTED**

7. By this Motion, the Committee requests entry of an order in the form attached hereto as **Exhibit A** authorizing the Committee to file the Rule 2004 Motion under seal.

**BASIS FOR RELIEF REQUESTED**

I. **The Rule 2004 Motion Contains Confidential, Commercially Sensitive Information.**

8. The Rule 2004 Motion contains confidential information regarding the Committee's efforts to recover assets of the Debtors' estates including the Committee's legal analysis, research, and strategy. Additionally, the information contained in the Rule 2004 Motion includes commercially sensitive information regarding assets of the Debtors' estates (collectively, the "Confidential Information"). If the Confidential Information is not sealed, such assets may become the target of thieves, scammers, and other malefactors, potentially causing significant, irreversible damage to the Debtors' estates. Furthermore, revealing the Confidential Information may alert certain malefactors and lead them to attempt to hinder or sabotage the Committee's recovery efforts.

9. Moreover, the Confidential Information includes commercially sensitive information regarding third parties. In addition to the foregoing risks, if such Confidential Information is not sealed, the Committee could potentially face claims for publicly disclosing such information.

10. Notwithstanding this Motion, the Committee proposes to provide, on a confidential basis, the unredacted Rule 2004 Motion to (a) the Court, (b) the Debtors, (c) the Examiner, (d) the U.S. Trustee, (e) the Entities (as defined in the Rule 2004 Motion), or counsel thereto, and (f) other parties, upon further order of the Court (collectively, the "Disclosure Parties").

**II.     Bankruptcy Code Section 107(b) Authorizes the Court to Redact the Confidential Information.**

11.     Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  *See* 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d 194 (noting that the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

12.     In proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute.  *See* 11 U.S.C. § 107(b).  Specifically, Bankruptcy Code section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  *Id.*  "On motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

13.     An order sealing or redacting commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [ ] commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See Alterra Healthcare*, 353 B.R. at 75–76 (citations omitted); *In re Mum Servs., Inc.*, 279 B.R. 478, 484

(Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g.*, *Orion Pictures*, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

14. Once a court determines that the information in question falls within one of the enumerated categories in Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

15. In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

16. The Confidential Information is sensitive and confidential. The assets in question are particularly susceptible to theft or misappropriation. If the Confidential Information were targeted, the Debtors would be forced to expend considerable resources in monitoring and safeguarding against such attempts. Furthermore, revealing the Confidential Information could hinder the Committee's attempts to recover the misappropriated assets, thereby causing further

damage to the Debtors' estates.  Accordingly, the Confidential Information should remain confidential.

17. The Confidential Information, however, will still be provided upon request to the Disclosure Parties to the extent described herein, thereby alleviating concerns about stakeholders' ability to access such information as needed.

## **NOTICE**

18. Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the U.S. Trustee for the District of Delaware, (iii) counsel to the examiner, (iv) the Entities, or counsel thereto, and (v) parties that have requested notice pursuant to Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

**WHEREFORE**, the Committee requests entry of an order in the form attached hereto as **Exhibit A** authorizing the Committee to file under seal (i) the Rule 2004 Motion and (ii) any related affidavit of service, to the extent necessary to conceal the names of any parties the disclosure of which might interfere with the Committee's efforts to recover assets of the Debtors' estates.

Dated:  Wilmington, Delaware
          March 3, 2021

        **MCDERMOTT WILL & EMERY LLP**

        */s/ David R. Hurst*
        David R. Hurst (I.D. No. 3743)
        1007 North Orange Street, 10th Floor
        Wilmington, DE 19801
        Telephone: (302) 485-3900
        Facsimile:  (302) 351-8711

        - and -

        Timothy W. Walsh (admitted *pro hac vice*)
        Darren Azman (admitted *pro hac vice*)
        Joseph B. Evans (admitted *pro hac vice*)
        340 Madison Avenue
        New York, NY 10173
        Telephone: (212) 547-5400
        Facsimile:  (212) 547-5444

        *Counsel to the Official Committee of*
        *Unsecured Creditors*