## **EXHIBIT A**

Proposed Redacted Rule 2004 Motion

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: 3/10/21 at 4:00 p.m. (ET)** |
| | ) | **Hrg. Date: 3/17/21 at 2:00 p.m. (ET)** |

## NOTICE OF HEARING ON THE OMNIBUS MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EXAMINATIONS AND (II) DIRECTING THE PRODUCTION OF DOCUMENTS

TO:     (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the examiner; (iv) ███████████████████; and (v) all other parties that have requested notice pursuant to Del. Bankr. L.R. 2002-1(b)

PLEASE TAKE NOTICE that, on March 3, 2021, the Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases (the "Committee") filed the *Omnibus Motion Of The Official Committee Of Unsecured Creditors For Entry Of An Order (I) Authorizing Examinations And (II) Directing The Production Of Documents* (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

An objection, if any, to the Motion must be in writing, filed with the Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon undersigned counsel for the Committee, so that it is received on or before 4:00 p.m. (ET) on March 10, 2021.

*[Remainder of Page Intentionally Left Blank]*

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

A HEARING ON THE MOTION WILL BE HELD ON MARCH 17, 2021 AT 2:00 P.M. (ET) BEFORE THE HONORABLE JOHN. T. DORSEY, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5TH FLOOR, COURTROOM NO. 5, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:  Wilmington, Delaware
         March 3, 2021

**MCDERMOTT WILL & EMERY LLP**

/s/  *David R. Hurst*

David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile:  (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: 3/10/21 at 4:00 p.m. (ET)** |
| | ) | **Hrg. Date: 3/17/21 at 2:00 p.m. (ET)** |

**OMNIBUS MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EXAMINATIONS AND**
**(II) DIRECTING THE PRODUCTION OF DOCUMENTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") hereby moves (the "Motion") pursuant to

section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached

hereto as **Exhibit A**, ████████████████████████████████████████████

████████████████████████████████████████    In support of this Motion, the

Committee respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax
identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred
Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third
Avenue, San Mateo, California 94401.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  In accordance with Local Rule 9013-1(f) the Committee confirms its consent to the

entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are Bankruptcy Code section

105(a), Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

**A.     General Background.**

4.     On November 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter

11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors

continue to operate their businesses and manage their properties as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.     On December 3, 2020, the Office of the United States Trustee appointed the

Committee.  Docket No. 120.  On January 8, 2021, the Court appointed Robert J. Stark as

examiner (the "Examiner").  Docket No. 338.

6.     ██████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

2

7.

8.



9.

10.

11.





**B.**

13.

14.

15.

**C.** ████████████████████

16.    ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████

17.    ████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████

18.    ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████

---

[4]    ████████████████████

7

19. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

20. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

21. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

███████████████████

22. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

23.

**RELIEF REQUESTED**

24.     By this Motion, the Committee requests entry of an order pursuant to Bankruptcy Rule 2004, in the form attached hereto as **Exhibit A**,

**BASIS FOR RELIEF REQUESTED**

25.     Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders. *See* 11 U.S.C. § 105(a).  "On motion of any party in interest, the court may order the examination of any entity" and "the production of documents . . . may be compelled as provided in Rule 9016."  Fed. R. Bankr. P. 2004.  The Committee is duty bound to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor . . . and any other matter relevant to the case or to the formulation of a plan."  *See* 11 U.S.C. § 1103(c)(2).  "[A] creditors' committee may . . . assist a debtor in locating property under Bankruptcy Rule 2004."  *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp v. Chinery*, 330 F.3d 538, 565-66 (3d Cir. 2003).

26.     "A Rule 2004 examination may be used to cover a wide range of subjects relating

to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to

any matter which may affect the administration of the debtor's estate."  *Simon v. FIA Card*

*Servs., N.A.*, 732 F.3d 259, 278 (3d Cir. 2013) (internal citations omitted).  Discovery under

Bankruptcy Rule 2004 includes, *inter alia*, any matter that may relate to the property and assets

of the estate; the financial condition of the debtor; and any matter that may affect the

administration of a debtor's estate.  *See* Fed. R. Bankr. P. 2004(b); *see also In re Teleglobe*

*Commc'ns Corp.*, 493 F.3d 345, 354 n.6 (3d Cir. 2007) (Bankruptcy Rule 2004 "allows parties

with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate.");

*In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2010) ("[t]he purpose of the examination

is to enable the trustee to discover the nature and extent of the bankruptcy estate.").



27.

28.

---

[5]

29. ███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████ █

████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

30. The Committee reserves the right to seek a further order of the Court in the event that the Committee subsequently determines that additional information is required.

### LOCAL RULE 2004-1 CERTIFICATION

31. Counsel for the Committee submits the certification of compliance with Local Rule 2004-1, attached hereto as **Exhibit D**.

### NOTICE

32. Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the U.S. Trustee for the District of Delaware, (iii) counsel to the examiner, (iv) ██████████████ ███████ and (v) parties that have requested notice pursuant to Local Rule 2002-1(b).  In light of

the nature of the relief requested herein, the Committee submits that no other or further notice is

required.

## **CONCLUSION**

**WHEREFORE**, the Committee requests entry of an order pursuant to Bankruptcy Rule

2004, in the form attached hereto as **Exhibit A**, ███████████████████

██████████████████████████████████████████

███

Dated:   Wilmington, Delaware
         March 3, 2021

**MCDERMOTT WILL & EMERY LLP**

*/s/    David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile:  (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel to the Official Committee of*
*Unsecured Creditors*

12

**EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors. [1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER (I) AUTHORIZING EXAMINATIONS, (II) DIRECTING THE PRODUCTION OF DOCUMENTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Local Rule 2004-1, ███████████████████████████████████ ████████████████████████████████ and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; ██ ████████████████████████████████████████████████████████████████

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

████████████████████████████████████████████████

████████████████████████; and after due deliberation and sufficient cause appearing

therefor, it is hereby ORDERED THAT:

    1.      The Motion is granted to the extent set forth herein.

    2.      ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████

    3.      ███████████████████████████████

██████████████████████████████████████

████████████████

    4.      The Committee's rights are reserved to request additional discovery and/or

examination, including, without limitation, requests based on any information that may be

revealed as a result of the discovery authorized pursuant to this Order.

    5.      This Order is without prejudice to the right of the Committee to seek further

discovery of any other entity.

    6.      The terms and conditions of this Order shall be effective immediately and

enforceable upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**EXHIBIT B**

<u>Informal Requests</u>[1]

---

[1] ████████████████████████████████████████████████████████████████████

**EXHIBIT B.1(a)**



**mwe.com**

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

December 31, 2020

**BY CERTIFIED MAIL AND EMAIL**

███████████████████████

**Re: *In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. Del.)**

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors of Cred Inc., *et al.*[1] (the "Committee") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.[2]  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[3]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] For your convenience, we have attached a copy of the first-day declaration of Daniel Schatt that was filed in the Bankruptcy Cases, which provides an overview of the Bankruptcy Cases.

[3] *See* 11 U,S.C. § 1102.



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**
*US practice conducted through McDermott Will & Emery LLP.*



December 31, 2020
Page 2



McDermott
Will & Emery



December 31, 2020
Page 3

Sincerely,



Joseph B. Evans

CC:     Timothy Walsh (twwalsh@mwe.com)
        Darren Azman (dazman@mwe.com)
        James Grogan (jamesgrogan@paulhastings.com)
        Avi Luft (aviluft@paulhastings.com)
        Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures



## EXHIBIT A

### DOCUMENT REQUESTS[1]



1. 

2. 

3. 

4. 

5. 

6. 

7. 

8. 

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.



[2] 



[3] 

McDermott
Will & Emery

**EXHIBIT B.1(b)**



**mwe.com**

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 12, 2021

**BY CERTIFIED MAIL AND EMAIL**



**Re:** *In re Cred Inc., et al.*, **Case No. 20-12836 (JTD) (Bankr. Del.)**

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3]



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**
*US practice conducted through McDermott Will & Emery LLP.*



February 12, 2021
Page 2



McDermott
Will & Emery



February 12, 2021
Page 3







February 12, 2021
Page 4

Sincerely,

Joseph B. Evans

CC:    Timothy Walsh (twwalsh@mwe.com)
       Darren Azman (dazman@mwe.com)
       James Grogan (jamesgrogan@paulhastings.com)
       Avi Luft (aviluft@paulhastings.com)
       Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures



## Appendix 1

### DOCUMENT REQUESTS[1]



1.

2.

3.

4.

5.

6.

7.

8.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.



[2]

[3]



**<u>EXHIBIT B.2</u>**

███████  <u>Informal Request</u>



**mwe.com**

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 13, 2021

**BY FEDERAL EXPRESS AND EMAIL**



Re: *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3] ███████████████████████████████████████████████



██████████████
February 13, 2021
Page 2

████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████

████████████████████████████████████████████████████████████
██████████████████████████████████

| | | |
|---|---|---|
| ██████ | ██████ | |
| ████ | ██████ | |
| ██████████ | ████████████████████████████████████ | |
| ██████ | ██████████████████████████ | |

| | | |
|---|---|---|
| ██████ | ████ | |
| ████ | ██████ | |
| ██████████ | ████████████████████████████████████ | |
| ██████ | ██████████████████████████ | |

| | | |
|---|---|---|
| ██████ | ██████ | |
| ████ | ██████ | |
| ██████████ | ████████████████████████████████████ | |
| ██████ | ██████████████████████████ | |

████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████

████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████

[4] ████████████████████████████████████

McDermott
Will & Emery



February 13, 2021
Page 3

Sincerely,

Joseph B. Evans

CC:     Timothy Walsh (twwalsh@mwe.com)
        Darren Azman (dazman@mwe.com)
        James Grogan (jamesgrogan@paulhastings.com)
        Avi Luft (aviluft@paulhastings.com)
        Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures



**Appendix 1**

**DOCUMENT REQUESTS**[1]



---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.



## **EXHIBIT B.3**

██████ Informal Request



mwe.com

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 14, 2021

**BY EMAIL**



**Re: *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)**

Dear Sir or Madam:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3]



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444
*US practice conducted through McDermott Will & Emery LLP.*



February 14, 2021
Page 2

McDermott
Will & Emery



February 14, 2021
Page 3

Sincerely,

Joseph B. Evans

CC:     Timothy Walsh (twwalsh@mwe.com)
        Darren Azman (dazman@mwe.com)
        James Grogan (jamesgrogan@paulhastings.com)
        Avi Luft (aviluft@paulhastings.com)
        Andrew Carty (acarty@brownrudnick.com)

Enclosures



# Appendix 1

## DOCUMENT REQUESTS[1]

1. 

2.

3.

4.

5.

6.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.

[2]



**<u>EXHIBIT B.4</u>**

█████████ Informal Request



mwe.com

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

January 1, 2021

**BY CERTIFIED MAIL AND EMAIL**

[REDACTED]

**Re:** *In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. Del.)

[REDACTED]

This firm represents the Official Committee of Unsecured Creditors of Cred Inc., *et al.*[2] (the "<u>Committee</u>") in connection with the above-captioned chapter 11 bankruptcy case (the "<u>Bankruptcy Cases</u>") pending in the United States Bankruptcy Court for the District of Delaware.[3]  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[4]



_____

[1] [REDACTED]

[2] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[3] For your convenience, we have attached a copy of the first-day declaration of Daniel Schatt that was filed in the Bankruptcy Cases, which provides an overview of the Bankruptcy Cases.

[4] *See* 11 U.S.C. § 1102.



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**
*US practice conducted through McDermott Will & Emery LLP.*



January 1, 2021
Page 2

Sincerely,

Joseph B. Evans

CC:    Timothy Walsh (twwalsh@mwe.com)
       Darren Azman (dazman@mwe.com)
       James Grogan (jamesgrogan@paulhastings.com)
       Avi Luft (aviluft@paulhastings.com)
       Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures

---

5



# EXHIBIT A

## DOCUMENT REQUESTS[1]



1.

2.

3.

4.

5.

6.

7.

8.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.





McDermott
Will & Emery

**<u>EXHIBIT B.5</u>**

█████ <u>Informal Request</u>



**mwe.com**

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 13, 2021

**BY CERTIFIED MAIL AND EMAIL**



Re: *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3]



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**
*US practice conducted through McDermott Will & Emery LLP.*

February 13, 2021
Page 2



[*Remainder of page intentionally left blank*]

---

McDermott
Will & Emery



February 13, 2021
Page 3

Sincerely,



Joseph B. Evans

CC:    Timothy Walsh (twwalsh@mwe.com)
       Darren Azman (dazman@mwe.com)
       James Grogan (jamesgrogan@paulhastings.com)
       Avi Luft (aviluft@paulhastings.com)
       Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures



## Appendix 1

### DOCUMENT REQUESTS[1]



1.

2.

3.

4.

5.

6.

7.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.

[2] 

**McDermott**
**Will & Emery**

**<u>EXHIBIT B.6</u>**

██████████ <u>Informal Request</u>



mwe.com

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 13, 2021

**BY EMAIL**



Re: *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3] 



███████████████

February 13, 2021
Page 2

████████████████████████████████████████████████████
████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████

| █ | | | █ | | |
|---|---|---|---|---|---|
| █ | | | █ | | |
| █ | | █ | | | █ |
| | | | ███████████████████ | | █ |

| █ | | | █ | | |
|---|---|---|---|---|---|
| █ | | | █ | | |
| █ | | █ | | | █ |
| | | | ███████████████████ | | █ |

| █ | | | █ | | |
|---|---|---|---|---|---|
| █ | | | █ | | |
| █ | | █ | | | █ |
| | | | ███████████████████ | | █ |

| █ | | | █ | | |
|---|---|---|---|---|---|
| █ | | | █ | | |
| █ | | █ | | | █ |
| | | | ████████████████ | | █ |

| █ | | | █ | | |
|---|---|---|---|---|---|
| █ | | | █ | | |
| █ | | █ | | | █ |
| | | | █████████████████ | | █ |

---

[4] ████████████████████████████

**McDermott**
**Will & Emery**



February 13, 2021
Page 3



Sincerely,



Joseph B. Evans

CC:     Timothy Walsh (twwalsh@mwe.com)
        Darren Azman (dazman@mwe.com)
        James Grogan (jamesgrogan@paulhastings.com)
        Avi Luft (aviluft@paulhastings.com)
        Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures



## Appendix 1

### DOCUMENT REQUESTS[1]

1. 

2.

3.

4.

5.

6.

7.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.

[2] 



**EXHIBIT B.7**

█████ Informal Request



**mwe.com**

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 4, 2021

**BY EMAIL AND FEDERAL EXPRESS**

[REDACTED]

**Re:**   *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

[REDACTED]

We represent the Official Committee of Unsecured Creditors of Cred Inc., *et al.*[2] (the "<u>Committee</u>") in connection with the above-captioned Chapter 11 Bankruptcy case (the "<u>Bankruptcy Cases</u>") pending in the United States Bankruptcy Court for the District of Delaware.[3]  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[4]

---

[1] [REDACTED]

[2] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their  predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[3] We have attached a copy of the first-day declaration of former Chief Executive Officer Daniel Schatt that was filed in the Bankruptcy Cases, as Exhibit A.

[4] *See* 11 U.S.C. § 1102.



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**

*US practice conducted through McDermott Will & Emery LLP.*

██████████████

February 4, 2021
Page 2

████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████ ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████ ███████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████ █

██████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████ ████████████████████
████████████████████████████████ █

██████████████████████████████████████████████████████
████████████████████████████████████████████

───────────────────────────────

[5] ████████████████████████████████████

[6] ████████████████████████████████████

[7] ████████████████████████████████████████████████

[8] ████████████████████████████████████

McDermott
Will & Emery

██████████████
February 4, 2021
Page 3

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ██████████████████████████████████████████ |  |
| ██████████████ | ████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ██████████████████████████████████████████ |  |
| ██████████████ | ██████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ████████████████████████████████████████████ |  |
| ██████████████ | ████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ████████████████████████████████████████████ |  |
| ██████████████ | ██████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ████████████████████████████████████████████ |  |
| ██████████████ | ████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ████████████████████████████████████████████ |  |
| ██████████████ | ██████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ████████████████████████████████████████████ |  |
| ██████████████ | ████████████████████████ |  |

| ██████████ | ██████████ |  |
|---|---|---|
| ████ | ████ |  |
| ████████████ | ██████████████████████████████████████████ |  |
| ██████████████ | ██████████████████████████ |  |





February 4, 2021
Page 4

Sincerely,



Joseph B. Evans

CC:    Timothy Walsh (twwalsh@mwe.com)
       Darren Azman (dazman@mwe.com)
       James Grogan (jamesgrogan@paulhastings.com)
       Avi Luft (aviluft@paulhastings.com)
       Alex Bongartz (alexbongartz@paulhastings.com)
       Patrick Gilman (pgilman@brownrudnick.com)

Enclosures



# APPENDIX 1

## DOCUMENT REQUESTS[1]



_____

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.



**EXHIBIT B.8**

██████ Informal Request



mwe.com

Joseph B. Evans
jbevans@mwe.com
+1 212 547 5767

February 13, 2021

**BY CERTIFIED MAIL AND EMAIL**



Re: *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

To Whom It May Concern:

This firm represents the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.*[1] (the "Debtors") in connection with the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware.  On December 3, 2020, the Office of the United States Trustee appointed the Committee in the Bankruptcy Cases.  The Committee represents the interests of unsecured creditors in the Bankruptcy Cases.[2]



---

[1] For purposes of this letter, "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

[2] *See* 11 U.S.C. § 1102.

[3]





February 13, 2021
Page 2



February 13, 2021
Page 3

Sincerely,



Joseph B. Evans

CC:     Timothy Walsh (twwalsh@mwe.com)
        Darren Azman (dazman@mwe.com)
        James Grogan (jamesgrogan@paulhastings.com)
        Avi Luft (aviluft@paulhastings.com)
        Alex Bongartz (alexbongartz@paulhastings.com)

Enclosures

McDermott
Will & Emery

## Appendix 1

### DOCUMENT REQUESTS[1]



1.

2.

3.

4.

5.

6.

7.

8.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the foregoing letter.

[2] 

[3] 

McDermott
Will & Emery

# **EXHIBIT C**

Proposed Rule 2004 Subpoenas

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re  __Cred Inc., _et al.___                    Case No. __20-12836 (JTD)__
          Debtor

                                        Chapter  __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ████████████████████████ _____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           CLERK OF COURT

                              OR

_____       _____
  *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq*. (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ███████████████████████

███████████████████████████████████████████████

███████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      ███████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████

6.      ██████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████

7.    ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

8.    "<u>Concerning</u>" means relating to, referring to, describing, evidencing, or constituting.

9.    "<u>Cred</u>" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.    ███████████████████████████████████████



11.    █████████████████████████████████████████████
███

12.    ██████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████

13.    ████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████

a.    

b.



c.

d.

e.

f.

g.

14.

15.



**INSTRUCTIONS**

1.	The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or

7

subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.      All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.      Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.      If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any

8

sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 to the present.

## REQUESTS

1.     ███████████████████████████████████████████

███████████████████████████

2.     ███████████████████████████████████████████

███████████████████████████████████████████



3.

4.

5.

6.

7.

8.

**APPENDIX 1**





B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Cred Inc., _et al._____    Case No. __20-12836 (JTD)___

Debtor

Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ███████████████████████  _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                            _____
                                                            *Server's signature*

                                            _____
                                                            *Printed name and title*

                                            _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq.* (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ███████████████████████

███████████████████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      █████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
████████

6.      ██████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████████████

███████████████████████████████████████████

███████

7.    ████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████

8.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.    "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.    ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████



11.

12.

13.

a.

b.



15. 

16.

17.

18.

**INSTRUCTIONS**

1.      The preceding definitions apply to these Instructions and each of the succeeding

Requests.

2.      All terms defined above shall have the meanings set forth therein, whether

capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession,

custody, or control, wherever located, including without limitation those in the custody of your

representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

---

2

4.    These Requests are for documents only to the extent they have not already been provided to the Committee.

5.    These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.    If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.    If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.    Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.    If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document,

the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.     All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.     Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.     If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and

carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 and the present.

## REQUESTS

1.     █████████████████████████████████████████

████████████████████████████

2.     █████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

3.     ████████████████████████████████████

███████████████████████

4. 

**APPENDIX 1**



B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Cred Inc., _et al._____     Case No. __20-12836 (JTD)___
          Debtor

                             Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ████████_____
                     *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           CLERK OF COURT

                           OR

_____       _____
  *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
                                            1007 North Orange Street, 10th Floor Wilmington, DE 19801
                                            dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                            _____
                                                             *Server's signature*

                                            _____
                                                             *Printed name and title*

                                            _____
                                                             *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq.* (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ███████████████████

███████████████████████████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal

entity.

2.     The use of any singular noun shall be construed to include the plural, and vice

versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.     The terms "all," "any," and "each" shall each be construed as encompassing any

and all.

4.     The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

5.     █████████████████████████████████████
█████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████████
███████

6.     █████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████████████

2

███████████████████████████████████████████████████

████████

7.    ███████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

8.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.    "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.    ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

11.    ████████████████████████████████████████████

██████

12.    ██████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

13.    ████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

a.    

b.



15. 

16.

17.

18.

**INSTRUCTIONS**

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

---

2

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document,

the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.     All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.     Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.     If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and

carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 and the present.

## REQUESTS

1.     ████████████████████████████████████████████

████████████████████████████

2.     ████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████

3.     ████████████████████████████████████████

████████████████████████



**APPENDIX 1**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Delaware_

In re _Cred Inc., et al._                         Case No. _20-12836 (JTD)_
                    Debtor

                                                  Chapter _11_

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ██████████████████
      *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                        OR

        _____        _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the Official Committee of Unsecured Creditors , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                             _____
                                                          *Server's signature*

                                             _____
                                                          *Printed name and title*

                                             _____
                                                          *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq.* (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ██████████████████

████████████████████████████████████████████████

████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal

entity.

2.      The use of any singular noun shall be construed to include the plural, and vice

versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any

and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

5.      █████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████

6.      ██████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████

███████

7.      ██████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

8.      "<u>Concerning</u>" means relating to, referring to, describing, evidencing, or constituting.

9.      "<u>Cred</u>" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.      ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

11.    ██████████████████████████████████████████████

███

12.    ████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

13.    ██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

a.    

b.    ████████████████████████████████████████████████



c.

d.

e.

f.

g.

14.

15. 

16.

17.

18.

**INSTRUCTIONS**

1.      The preceding definitions apply to these Instructions and each of the succeeding

Requests.

2.      All terms defined above shall have the meanings set forth therein, whether

capitalized in the Requests or not.

---

[2]

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.     All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.     Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.     If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the

8

document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated January 1, 2018 to the present.

## REQUESTS

1.     ████████████████████████████████████████

████████████████████████████████

2.     ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████

3. 

4.

5.

6.

7.

8.

**APPENDIX 1**

| | | | |
|---|---|---|---|
| ███ | | ███ | |
| ███ | | ███████████████████████████ | |
| ███ | | ████████████████ | |

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Cred Inc., *et al.*__          Case No. __20-12836 (JTD)__

         Debtor

                                            Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ████████████████████ _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              CLERK OF COURT

                            OR

    _____          _____
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
                                              1007 North Orange Street, 10th Floor Wilmington, DE 19801
                                            dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Cred, Inc.[1]

("<u>Debtors</u>") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq.* (the "<u>Bankruptcy Code</u>") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ██████████████████████████

████████████████████████████████████████████████████████

████████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.       Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal

entity.

2.      The use of any singular noun shall be construed to include the plural, and vice

versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any

and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

5.      ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

██████████████████████

6.      ████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

████████

7.    ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████

8.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.    "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.    ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

11.  ████████████████████████████████████

███

12.  ███████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████

13.  ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████████

a.  

b.



15.     

16.

17.

18.

**INSTRUCTIONS**

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

---

2

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document,

the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.    All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.    Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.    If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and

carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.    Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.    In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.    Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 and the present.

## REQUESTS

1.    ████████████████████████████████████████████

████████████████████████████

2.    ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████

3.    ████████████████████████████████████████

██████████████████████████

4. 

5.

6.

7.

**APPENDIX 1**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Cred Inc., *et al.*__          Case No. __20-12836 (JTD)__
          Debtor

          Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ██████████ _____
          *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          CLERK OF COURT

                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                      *Server's signature*

                                                    _____
                                                                     *Printed name and title*

                                                    _____
                                                                       *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Cred") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et seq.*

(the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc., et

al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ███████████████████████████

████████████████████████████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      ███████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████

6.      "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

7.      ███████████████████████████████████████████
███████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████ █

8.     ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

9.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10.     ████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████



11.

12.

13.

a.

b.



c.

d.

e.

f.

g.

14.

15. 

INSTRUCTIONS

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.      All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.      Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.      If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the

document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated January 1, 2018 to the present.

## REQUESTS

1.     ███████████████████████████████████████

████████████

2.     ███████████████████████████████████████

███████████████

3.     ███████████████████████████████████████

█████████████████

4. ██████████████████████████████████
████████████████████████████

5. ██████████████████████████████████
███████████████████████████████
███████████████████████████████████
██████

6. ███████████████████████████████
███████████████████████████████████
█████████████████████

7. ███████████████████████████████████
█████████████████████████████████████
██████████████████

8. ███████████████████████████████
██████████████████████

9. ███████████████████████████████████
███████████████████████████████
███████████████████████████████████
████

10. ███████████████████████████████
███████████████████████████████████
██████████████

11. ████████████████████████████
██████████████████████████████

12. 

**APPENDIX 1**





B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Delaware_

In re _Cred Inc., et al._                     Case No. _20-12836 (JTD)_

                    Debtor

                                              Chapter _11_

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _██████████_

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                CLERK OF COURT

                                OR

        _____              _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _the Official Committee of Unsecured Creditors_ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                         _____
                                                 *Server's signature*

                                         _____
                                                 *Printed name and title*

                                         _____
                                                 *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq.* (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ███████████████

███████████████████████████████

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      ███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

█████████████

6.      ████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

███████████

7.      ████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

8.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.      "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.      ████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████



███████████████████████████████████████

███████████████████████████████

    11.   ██████████████████████████████████████

██ .

    12.   ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

    13.   ████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

█████████████████████████

      a.

      b.





15. 

16.

17.

18.

**INSTRUCTIONS**

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

---

2

6

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document,

the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.    All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.    Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.    If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and

carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.    Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.    In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.    Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 and the present.

## REQUESTS

1.    ███████████████████████████████████████

██████████████████████████████

2.    ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

3.    ███████████████████████████████████

█████████████████████████

4. 

5.

6.

7.

**APPENDIX 1**



B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Cred Inc., *et al.*__          Case No. __20-12836 (JTD)__

Debtor

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ███████████████████  _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__the Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are: McDermott Will & Emery LLP, David R. Hurst
1007 North Orange Street, 10th Floor Wilmington, DE 19801
dhurst@mwe.com, 1 (302) 485-3930

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                                *Server's signature*

                                                    _____
                                                                *Printed name and title*


                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that pursuant to Rule 2004(c) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule

2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of

Delaware, the Official Committee of Unsecured Creditors (the "Committee") of Cred, Inc.[1]

("Debtors") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 *et*

*seq*. (the "Bankruptcy Code") in jointly administered chapter 11 cases styled as *In re Cred, Inc.,*

*et al.,* No. 20-12836 (JTD) (Bankr. D. Del.), ██████████████████████████████

████████████████████████████████████████████████████████████

██████████.

## DEFINITIONS

The following definitions of terms apply to all Requests.  Unless otherwise defined

herein, all words and phrases used herein shall be accorded their usual meaning and shall be

interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association,

organization, or any other business or legal entity (including any of the Debtors) shall be deemed

to include the corporation's, partnership's, proprietorship's, association's, organization's, or

other business or legal entities' agents, accountants, advisors, employees, attorneys, officers,

directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries,

predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the

---

[1] "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, and Professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      ███████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████

6.      ███████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

█████████████████████████████████████████████████████

███████████

7.    ██████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████

8.    "<u>Concerning</u>" means relating to, referring to, describing, evidencing, or constituting.

9.    "<u>Cred</u>" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors, subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.   ██████████████████████████████████████████



██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

11.    ██████████████████████████████████████

███

12.    ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

13.    ████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████

a.    

b.



c. ████████████████████████████████

d. ████████████████████████████████

e. ████████████████████████████████

f. ████████████████████████████████

g. ████████████████████████████████

14. ████████████████████████████████

15. 

16.

17.

18.

**INSTRUCTIONS**

1. The preceding definitions apply to these Instructions and each of the succeeding Requests.

2. All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3. You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

---

2

4.      These Requests are for documents only to the extent they have not already been provided to the Committee.

5.      These Requests are continuing requests pursuant to the Bankruptcy Rules. You must supplement any production of documents that are received, discovered, or created after any of your responses to the Requests, or that are otherwise within your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professional, affiliates, or anyone acting on your behalf.

6.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

7.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

8.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

9.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document,

the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

10.     All documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

11.     Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

12.     If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and

carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

14.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is. If no document exists that is responsive to a particular request, You must state so in writing.

15.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 and the present.

## REQUESTS

1.     ███████████████████████████████████

███████████████████████████

2.     ███████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████

3.     ████████████████████████████████

██████████████████████



4. ████████████████████████████████

████████████████████████████████

█████████████████

5. ████████████████████████████

█████████████████████████████████

6. ███████████████████████████

██████████████████████████████

████████████████████

7. ████████████████████████████

█████████████████████████████

███████████████████

8. ███████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████████

████████████████████████████████

[3] ████████████████████████████████
████████████████████████████████
██████████████

**APPENDIX 1**



# **EXHIBIT D**

Local Rule 2004-1 Certification

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

## <u>LOCAL RULE 2004-1 CERTIFICATION</u>

Pursuant to Local Rule 2004-1, the undersigned certifies as follows:



---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.



c.

d.

e.

f.

g.

h.

2.    McDermott conferred with ████████████████ but no agreement was reached.  *See* Local Rule 2004-1(a), 1(b)(i).

3.    McDermott has not conferred with ████████████████████ ████ because they were not responsive to the written requests to participate voluntarily with discovery or to confer.  *See* Local Rule 2004-1(a), 1(b)(ii).

2

Dated:  Wilmington, Delaware
        March 3, 2021

**MCDERMOTT WILL & EMERY LLP**

/s/  *David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile:  (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel to the Official Committee of*
*Unsecured Creditors*