#### UNITED STATES BANKRUPTCY COURT
#### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Apr. 1, 2021 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Mar 19, 2021 at 4:00 p.m. (ET)** |

### DEBTORS' FIRST MOTION PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) FOR ORDER EXTENDING PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

TO THE HONORABLE BANKRUPTCY JUDGE JOHN T. DORSEY:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors") submit this motion (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form attached as **Exhibit A**, (a) extending the Debtors' exclusive period under section 1121(c)(2) of the Bankruptcy Code to file a chapter 11 plan to May 24, 2021, and (b) extending the Debtors' exclusive period under section 1121(c)(3) to solicit acceptances of a chapter 11 plan to July 20, 2021. In support hereof, the Debtors respectfully state as follows:

#### PRELIMINARY STATEMENT

1. Just under four months ago, the Debtors commenced these chapter 11 cases. Since then, the Debtors and their professionals have worked tirelessly to maximize the value of the Debtors' estates and reach consensus with their major stakeholders on a path forward. These

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

efforts have culminated in the Debtors' proposed *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 380] (as amended, supplemented, and modified, the "Combined Plan and Disclosure Statement"),[2] which has the support of the Committee as well as a substantial majority of the Debtors' creditors, and is set to be considered at a confirmation hearing on March 9, 2021.  Accordingly, the Debtors believe that confirmation of their chapter 11 plan is within reach.

2.     To preserve the Debtors substantial progress in these chapter 11 cases and ensure there are no unnecessary disruptions, the Debtors seek an extension of the Bankruptcy Code's exclusive periods for filing and soliciting the Combined Plan and Disclosure Statement.  Specifically, the Debtors seek to extend the period during which they have the exclusive right to propose a chapter 11 plan to **May 24, 2021**, and the period during which they have the exclusive right to solicit a chapter 11 plan to **July 20, 2021**, without prejudice to their rights to seek further extensions of such periods.

### JURISDICTION, VENUE, AND STATUTORY BASES

3.     This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that

---

[2] Capitalized terms used but not defined in this Motion have the meaning set forth in the Combined Plan and Disclosure Statement.

it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

6. On November 7, 2020, the Debtors commenced these Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

7. On December 3, 2020, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to serve in these Chapter 11 Cases [Docket No. 120]. On January 7, 2021, the U.S. Trustee appointed Robert J. Stark as the Examiner in these Chapter 11 Cases [Docket No. 329], and the Court approved the appointment on January 8, 2021 [Docket No. 338].

8. On January 21, 2021, the Debtors filed the Combined Plan and Disclosure Statement [Docket No. 380], and that same day the Court granted initial approval of the Combined Plan and Disclosure Statement and approved the Debtors' solicitation procedures [Docket No. 399]. The Combined Hearing is set for March 9, 2021.

9. Since commencing these cases, the Debtors have made significant progress and are on track to exit chapter 11 quickly and efficiently. The Debtors have worked closely with the Committee and other case constituents to formulate a largely consensual plan of liquidation which

3

provides for an exit from chapter 11 just four months after filing these cases in "free-fall." Additionally, the Debtors have been actively working to recover estate assets, including by unwinding the Debtors' pre-petition transactions and pursuing James Alexander, both in this Court and in his personal bankruptcy case filed in the midst of these Chapter 11 Cases. The Debtors success in these efforts have substantially increased projected recoveries for the Debtors' creditors.

10. At the same time, the Debtors have also addressed numerous motions from the U.S. Trustee, individual creditors, and former directors requesting dismissal of the Debtors' cases, relief from the automatic stay, and other similar relief. Responding to these motions has required significant effort and often involved protracted litigation. Moreover, the Debtors and their professionals have worked closely with the Examiner so he can timely complete his investigation.

11. In short, the first months of these chapter 11 cases have been extremely busy and productive. While the Debtors expect that the Combined Plan and Disclosure Statement will be confirmed within the 180-day exclusivity period provided for under the Bankruptcy Code, they nevertheless request an extension of the exclusive period to file and solicit a chapter 11 plan to address any unforeseen obstacles that may arise.

## RELIEF REQUESTED

12. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Filing Period"). Section 1121(c)(3) provides that if a debtor files a plan within the Filing Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed (the "Solicitation Period" and, together with the Filing Period, the "Exclusive Periods"). Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend a debtor's Exclusive Periods for cause shown, provided that the Filing Period may not be extended beyond eighteen months after

the commencement of the case and the Solicitation Period may not be extended beyond twenty months after the commencement of the case.

13. The Debtors' Filing Period and Solicitation Period will expire on March 8, 2021, and May 6, 2021, respectively. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors request entry of an order extending the Exclusive Periods by approximately 75 days to and including May 24, 2021[3], and July 20, 2021, respectively, without prejudice to the Debtors' right to seek further extensions of such periods.[4] This is the Debtors' first request to extend the Exclusive Periods.

## BASIS FOR RELIEF

### A. Exclusive Periods May Be Extended for Cause

14. Section 1121(b) of the Bankruptcy Code provides a 120-day period after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Additionally, section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day exclusive filing period, it has a 180-day period from the petition date to obtain acceptances of its plan.

15. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods "for cause." The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension of the Exclusive Periods. The

---

[3] Seventy-five days from March 8, 2021 is Saturday, May 22, 2021. Thus, pursuant to Bankruptcy Rule 9006(a)(1)(C), the period is extended to the next day that is not a Saturday, Sunday, or legal holiday, here, May 24, 2021.

[4] The Motion is being filed prior to the expiration of the Debtors' current Exclusive Periods. Accordingly, such periods are automatically extended until the Court has an opportunity to consider the relief requested in this Motion. See Local Rule 9006-2 ("[I]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy Code, Bankruptcy Rules, Local Rules] or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.").

legislative history of section 1121 of the Bankruptcy Code indicates, however, that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.[5]

16. Courts often use the following factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period:

    i. the size and complexity of the debtor's case;

    ii. the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    iii. the existence of good faith progress towards a plan;

    iv. the fact that the debtor is paying its bills as they become due;

    v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    vi. whether the debtor has made progress in negotiations with its creditors;

    vii. the amount of time which has elapsed in the case;

    viii. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's demands; and

    ix. whether an unresolved contingency exists.[6]

---

[5] See H.R. Rep. No. 95-595, at 231-32 (1978) (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest); *see also In re Borders Group, Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion.").

[6] *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also In re Borders Group, Inc.*, 460 B.R. at 822 (evaluating the nine factors set forth in Adelphia to hold that debtor established cause to extend exclusivity); *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend exclusive period based upon certain of the nine factors).

17.     Not all factors are relevant to every case, and courts tend to use a relevant subset of the above factors in determining whether cause exists to grant an exclusivity extension in a particular chapter 11 case.[7]

### B.     Cause Exists to Extend the Exclusive Periods

18.     The Debtors submit that all of the relevant factors for determining whether cause exists to extend the Exclusive Periods have been met in these Chapter 11 Cases.

19.     *First*, the Debtors cases are large and complex. They involve novel issues as the first major cryptocurrency bankruptcy in the United States, with over 6,000 creditors and more than $100 million in claims.

20.     *Second*, in light of the numerous claimants in these cases, as well as the turnover of the Debtors' management during the course of these cases, the Debtors have moved as expeditiously as possible to negotiate the Combined Plan and Disclosure Statement and provide adequate information.

21.     *Third*, the Debtors believe the Court will soon confirm their Combined Plan and Disclosure Statement with the support of a substantial majority of their creditors, which demonstrates good faith progress towards a plan.

22.     *Fourth*, the Debtors are in an excellent cash position and are paying their bills as they come due.

---

[7]     *See, e.g., In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (Bankr. 8th Cir. 2003) ("It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000) (finding cause to extend where the debtors established six of the aforementioned factors); *In re Express One, 194 B.R. at 100* (identifying four of the factors as relevant in determining whether "cause" existed to extend exclusivity).

23. **Fifth,** the Debtors have already filed their proposed Combined Plan and Disclosure Statement, which is set for hearing on March 9, 2021, and has the support of a substantial majority of their creditors, indicating that there are better than reasonable prospects for a viable plan.

24. **Sixth**, the Debtors have been negotiating in good faith with the Committee, the Ad Hoc Committee of Bitcoin Lenders, and other case constituents, and have made substantial progress towards confirming the Combined Plan and Disclosure Statement.

25. **Seventh**, this is the Debtors' first request for an extension of the Exclusive Periods, and bankruptcy courts regularly grant a debtor's first request.[8]

26. **Eighth**, the Debtors are not seeking to extend the Exclusivity Periods to pressure creditors to accept the Debtors' demands. As mentioned before, most creditors have already agreed to support the Debtors' Combined Plan and Disclosure Statement.

27. In summary, the Debtors satisfy almost every factor constituting cause for extending the Exclusive Periods. Accordingly, the Debtors' request the Court enter an order extending the Exclusive Periods for 75 days.

## **NOTICE**

28. Notice of the Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) all parties entitled to notice under Local Rule 2002-1(b). The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank.*]

---

[8] *See In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization … the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization with a reasonable time has been satisfied.") (citation omitted); *see also In re Borders Grp., Inc.*, 460 B.R. 812, 825 (Bankr. S.D.N.Y. 2011) (same).

WHEREFORE, the Debtors request the Court grant the Motion and such other and further relief as is just and proper.

Dated: March 5, 2021
       Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile:    (302) 295-0331
Email:        scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:   (713) 860-7300
Facsimile:    (713) 353-3100
Email:        jamesgrogan@paulhastings.com
               mackwilson@paulhastings.com

- and -

Pedro A. Jimenez (admitted *pro hac vice*)
Avram Emmanuel Luft (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:    (212) 319-4090
Email:        pedrojimenez@paulhastings.com
               aviluft@paulhastings.com

*Co-Counsel to the Debtors*