### Exhibit A

**Proposed Confirmation Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |

## ORDER CONFIRMING AND APPROVING ON A FINAL BASIS MODIFIED FIRST AMENDED COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT OF CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Cred Inc. ("Cred") and its debtor affiliates, as debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), having proposed and filed the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 602] (as it may be modified, amended, or supplemented from time to time, the "Combined Plan and Disclosure Statement") with the United States Bankruptcy Court for the District of Delaware (the "Court") and the *Debtors' Motion for Entry of Order (I) Approving, on an Interim Basis, the Debtors' Disclosure Statement; (II) Establishing Voting Record Date; (III) Approving Solicitation Packages and Distribution Procedures; (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Combined Plan of Liquidation; (V) Approving Forms of Notices to Non-Voting Classes Under Plan; (VI) Establishing Voting Deadline to Accept or Reject Plan; (VII) Approving Procedures for Vote Tabulations; and (VIII) Establishing Hearing Date for Final Approval of Disclosure Statement and Confirmation of Combined Plan of Liquidation and Related Notice and Objection Procedures* [Docket No. 303] (the "Disclosure Statement and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital Inc. (4064), Cred

Solicitation Motion"), and the Court having entered, after due notice and a hearing, the *Order (I) Approving, on an Interim Basis, the Debtors' Disclosure Statement; (II) Establishing Voting Record Date; (III) Approving Solicitation Packages and Distribution Procedures; (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Combined Plan and Disclosure Statement of Liquidation; (V) Approving Forms of Notices to Non-Voting Classes Under Plan; (VI) Establishing Voting Deadline to Accept or Reject Plan; (VII) Approving Procedures for Vote Tabulations; and (VIII) Establishing Hearing Date for Final Approval of Disclosure Statement and Confirmation of Combined Plan of Liquidation and Related Notice and Objection Procedures*, dated January 21, 2021 [Docket No. 399] (the "Interim Disclosure Statement Order") approving (i) on an interim basis, the Disclosure Statement (as that term is defined in the Interim Disclosure Statement Order), and (ii) Disclosure Statement and Solicitation Motion and, as found and ordered *infra*, the Combined Plan and Disclosure Statement and the Solicitation Packages (defined *infra*) having been duly transmitted to holders of Claims[2] entitled to vote thereon as provided in the Interim Disclosure Statement Order; and due notice of (i) entry of the Interim Disclosure Statement Order, (ii) the Confirmation Hearing (defined *infra*), and (iii) the deadline for voting on, and/or objecting to the Combined Plan and Disclosure Statement having been provided to holders of Claims against and Equity Interests in the Debtors and other parties in interest in accordance with the Interim Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"); and such notice being sufficient under the circumstances and no other or further notice being required; and objections

---

Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

(the "<u>Objections</u>") to the Combined Plan and Disclosure Statement, having been interposed by various parties; and the Court having entered that *Order Pursuant to Bankruptcy Code Sections 363(b) and 105(a) Authorizing Debtors to Enter Into and Perform Under a Plan Support Agreement Term Sheet* [Docket No. 480] (the "<u>Amended PSA Order</u>") approving the Amended PSA (as defined in the Amended PSA Order and filed as Docket No. 480-1); and the Debtors having entered into the Amended PSA with the Committee; and the Debtors having filed the Plan Supplement on February 19, 2021 [Docket No. 533], in accordance with the provisions of the Combined Plan and Disclosure Statement and such filing and notice thereof being sufficient under the circumstances and no further notice being required; and upon consideration of (i) the *Debtors' Memorandum of Law (I) In Support of (A) Final Approval of the Adequacy of the Disclosure Statement Under Section 1125 of the Bankruptcy Code and (B) Confirmation of the Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code and (II) In Response to Objections to Approval of, and Confirmation of Combined Plan and Disclosure Statement* [Docket No. 595] (the "<u>Confirmation Brief</u>"), (ii) the *Declaration of Matthew K. Foster* [Docket No. 595-1] (the "<u>Foster Declaration</u>"), (iii) the *Declaration of Grant Lyon In Support of Confirmation of the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 595-2] (the "<u>Lyon Declaration</u>") (iv) the *Affidavit of Donlin, Recano & Company, Inc. Regarding Service of Solicitation Packages with Respect to the First Amended Combined Joint Plan of Liquidation and Disclosure Statement Cred Inc and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 491] (the "<u>Solicitation Declaration</u>"), (v) the *Supplemental Affidavit of Donlin, Recano and Company, Inc. Regarding Service of Solicitation Pacakges with*

*Respect to the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 497] (the "Supplemental Solicitation Declaration", and together with the Solicitation Declaration, the "Solicitation Declarations"), and the (vi) *Declaration of John Burlacu of Donlin Recano & Company, Inc. Regarding the Solicitation and Tabulation of Votes Cast on the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 593] (the "Ballot Report") and, together with the Foster Declaration, the Lyon Declaration, and the Solicitation Declarations, , the "Declarations"); and the hearing to consider final approval and confirmation of the Combined Plan and Disclosure Statement having been held before the Court on March 9, 2021 (the "Confirmation Hearing"); and the Court having reviewed and considered the Combined Plan and Disclosure Statement, the Plan Supplement, the Interim Disclosure Statement Order, the Confirmation Brief, the Declarations, each of the Objections which has not been withdrawn or otherwise resolved, and all related documents; and the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing, including the Declarations filed and testimony therein and the exhibits admitted into evidence; and upon all of the proceedings had before the Court and upon the entire record of the Confirmation Hearing; and the Court having determined based upon all of the foregoing that the Disclosure Statement should be approved and that the Combined Plan and Disclosure Statement should be confirmed, as reflected by the Court's rulings made herein and on the record of the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

# **FINDINGS OF FACT**

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth in this Order

and on the record of the Confirmation Hearing constitute the Court's findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made

applicable by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of

fact constitute conclusions of law, they are adopted as such. To the extent any of the following

conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction</u>.  The Court has jurisdiction over the Debtors' Chapter 11 Cases,

confirmation of the Combined Plan and Disclosure Statement, and the Objections pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated as of February 29, 2012.  Confirmation of the

Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b),

and this Court has jurisdiction to enter a final order confirming the Combined Plan and

Disclosure Statement. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Commencement and Joint Administration of the Debtors' Chapter 11 Cases</u>.  On

November 7, 2020 (the "<u>Petition Date</u>"), the Debtors commenced the Chapter 11 Cases.  The

Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015 and the

*Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint*

*Administration of Their Chapter 11 Cases* [Docket No. 27].  The Debtors have managed their

properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No

trustee has been appointed in these Chapter 11 Cases.

D.    <u>Official Committee of Unsecured Creditors</u>.  On December 3, 2020, the Office of

the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official

committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee").
[Docket No. 120].

E.    Appointment of Examiner. On January 8, 2021, the Court appointed Robert J.
Stark as the Examiner [Docket No. 338].

F.    Judicial Notice.  The Court takes judicial notice of the docket of the Chapter 11
Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other
documents filed, all orders entered, and all evidence and arguments made, proffered or adduced
at the hearings held before the Court during the pendency of the Chapter 11 Cases.

G.    Burden of Proof.  The Debtors, as proponents of the Combined Plan and
Disclosure Statement, have met their burden of proving the elements of Bankruptcy Code
sections 1129(a) and (b) by a preponderance of the evidence.

H.    Resolution of Objections.  As provided in this Order and on the record at the
Confirmation Hearing, the consensual resolutions of certain Objections satisfy all applicable
requirements of the Bankruptcy Code and the Bankruptcy Rules and are in the best interests of
the Debtors and are hereby approved.  All Objections that were not resolved are hereby
overruled.

I.    Adequacy of the Disclosure Statement.  The Combined Plan and Disclosure
Statement provided adequate information within the meaning of Bankruptcy Code section 1125
and comply with the requirements set forth in Local Rule 3017-2.

J.    Solicitation and Notice.  On January 21, 2021, the Court entered the Interim
Disclosure Statement Order, which, among other things: (i) approved, on an interim basis, the
Debtors' Disclosure Statement; (ii) established a voting record date; (iii) approved Solicitation
Packages (as defined in the Interim Disclosure Statement Order) and distribution procedures; (iv)

approved forms of ballots (the "Ballots") and established procedures for voting on the Combined

Plan and Disclosure Statement; (v) approved forms of notices to non-voting classes under the

plan; (vi) approved the Opt-Out Election Form; (vii) established voting deadline to accept or

reject the Combined Plan and Disclosure Statement; (viii) approved procedures for vote

tabulations; and (ix) established a hearing date for final approval and confirmation of the

Combined Disclosure Statement and Plan and related notice and objection procedures thereof.

The Debtors have substantially complied with the Interim Disclosure Statement Order and

properly served and noticed the Solicitation Packages and required materials, and (a) (i) the

appropriate form of Ballot; (ii) the Combined Plan and Disclosure Statement; (iv) the Combined

Hearing Notice; (v) the Committee Support Letter, to creditors in the Voting Classes; and (b) (i)

the Combined Hearing Notice, (ii) the appropriate Notice of Non-Voting Status, and (iii) the

Opt-Out Election Form to holders of claims and interests in Non-Voting Classes, in compliance

with the Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order

(the "Solicitation").  As described and approved in the Interim Disclosure Statement Order, and

as set forth in the Ballot Report and the Solicitation Declarations establish, (i) the service of the

Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11

Cases, and (ii) adequate and sufficient notice of the Confirmation Hearing and other

requirements, deadlines, hearings, and matters described in the Interim Disclosure Statement

Order were provided in compliance with the Bankruptcy Rules and the Interim Disclosure

Statement Order and provided due process to all parties in interest.  No other or further notice is

required.

     K.    Voting.  Votes on the Combined Plan and Disclosure Statement were solicited

after disclosure of "adequate information" as defined in Bankruptcy Code section 1125.  As

evidenced by the Ballot Report, the votes to accept or reject the Combined Plan and Disclosure

Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with

the Interim Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.

L.    Plan Supplement.  On February 19, 2021, the Debtors filed the Plan Supplement

[Docket No. 533] that includes the following: (i) the identity of the Liquidation Trustees; (ii) the

identity of the Trust Advisory Board; (iii) a list of the Executory Contracts and Unexpired Leases

of Debtors to Be Assumed and Assigned and Proposed Cure Amounts; and (iv) a proposed

Notice of Effective Date.  On March 4, 2021, the Debtors filed the amended Plan Supplement

[Docket No. 589] that amends the membership of the Trust Advisory Board.  All such materials

and documents comply with the terms of the Combined Plan and Disclosure Statement, and the

filing and notice of such materials and documents is due and sufficient in accordance with the

Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order, and no

other or further notice is or shall be required.

M.    Liquidation Trust Agreement.  On March 2, 2021, the Debtors filed the

Liquidation Trust Agreement [Docket No. 579].  The Liquidation Trust Agreement complies

with the terms of the Combined Plan and Disclosure Statement, and the filing and notice of the

Liquidation Trust Agreement is due and sufficient in accordance with the Bankruptcy Code and

the Bankruptcy Rules, and no other or further notice is or shall be required.

### MODIFICATIONS TO THE COMBINED PLAN AND DISCLOSURE STATEMENT

N.    Modification.  Subsequent to Solicitation, on March 5, 2021, the Debtors filed an

amendment to the Combined Plan and Disclosure Statement, *Modified First Amended Combined*

*Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter*

*11 of the Bankruptcy Code* [Docket No. 600], which includes certain modifications to the

Combined Plan and Disclosure Statement filed on January 21, 2021 [Docket No. 399] to, among other things, address objections raised by various parties (the "Modifications").  Pursuant to Bankruptcy Code section 1127(a), the Modifications are made a part of the Combined Plan and Disclosure Statement.

O.      Notice of Modifications.  The filing of the Modifications to the Combined Plan and Disclosure Statement and the description of the Modifications on the record at the Confirmation Hearing provided due and sufficient notice to all parties in interest under the circumstances of these Chapter 11 Cases.

P.      Deemed Acceptance of Plan as Modified.  The Modifications to the Combined Plan and Disclosure Statement are either (i) immaterial or do not adversely affect the treatment of any Claim against or Equity Interest in the Debtors under the Combined Plan and Disclosure Statement, or (ii) the adversely affected parties have consented to the Modifications.  Therefore, in accordance with Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Combined Plan and Disclosure Statement or who are conclusively presumed to have accepted the Combined Plan and Disclosure Statement are deemed to have accepted the Combined Plan and Disclosure Statement, as modified by the Modifications.  No holder of a Claim or Equity Interest that has voted to accept the Combined Plan and Disclosure Statement shall be permitted to change its acceptance to a rejection as a consequence of the Modifications.  The Modifications neither require additional disclosure under Bankruptcy Code section 1125 nor re-solicitation of votes on the Combined Plan and Disclosure Statement under Bankruptcy Code section 1126.

Q.     Compliance with Bankruptcy Code Section 1127.  The Modifications incorporated into the Combined Plan and Disclosure Statement comply with Bankruptcy Code section 1127 and Bankruptcy Rule 3019.

## COMPLIANCE WITH BANKRUPTCY CODE SECTION 1129

R.     Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code, thus satisfying Bankruptcy Code section 1129(a)(1).

S.     Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  In addition to Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims, which need not be classified, Article X of the Combined Plan and Disclosure Statement designates the following six (6) Classes of Claims and one Class of Equity Interests: Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 4 (General Unsecured Claims), Class 5 (Convenience Claims), Class 6 (Subordinated Securities Claims), and Class 7 (Equity Interests in Debtors).  Each of the Claims or Equity Interests, as the case may be, in each particular Class is substantially similar to the other Claims or Equity Interests in such Class.  Valid business, legal, and factual reasons exist for separately classifying the various Claims and Equity Interests pursuant to the Combined Plan and Disclosure Statement, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests.  The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

T.     Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article X of the Combined Plan and Disclosure Statement specifies that Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), and Class 3 (Other Secured Claims) are unimpaired under the Combined

Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code section 1123(a)(2).

U.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article X of the Combined Plan and Disclosure Statement designates Class 4 (General Unsecured Claims), Class 5 (Convenience Claims), Class 6 (Subordinated Securities Claims), and Class 7 (Equity Interests in Debtors) as impaired, and Sections 10.4-10.7 of the Combined Plan and Disclosure Statement specify the treatment of Claims and Equity Interests in such Classes.  The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code section 1123(a)(3).

V.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Combined Plan and Disclosure Statement provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest.  The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code section 1123(a)(4).

W.    <u>Implementation of the Combined Plan and Disclosure Statement (11 U.S.C. § 1123(a)(5))</u>.  The Combined Plan and Disclosure Statement and the various documents set forth in the Plan Supplement provide adequate and proper means for the implementation of the Combined Plan and Disclosure Statement as required by Bankruptcy Code section 1123(a)(5). The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code section 1123(a)(5).

X.    <u>Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>.  The Debtors are liquidating, and as such, will transfer all of their Assets to the Liquidation Trust and each Debtor will ultimately be dissolved.  Accordingly, the Combined

Plan and Disclosure Statement does not provide for the issuance of nonvoting equity securities, and the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1123(a)(6).

Y.    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  Section 12.3 of the Combined Plan and Disclosure Statement provides that the Liquidation Trustees will have all power and authority that may be or could have been exercised, with respect to the Liquidation Trust Assets, by any officer, director, or other party acting in the name of the Debtors or their estates with like effect as if duly authorized, exercised, and taken by action of such officers, directors, or other party.  The identity of the Liquidation Trustees has been disclosed in the Plan Supplement.  Each of the Liquidation Trustees is not affiliated with the Debtors.  As such, the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1123(a)(7).

Z.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The other provisions of the Combined Plan and Disclosure Statement are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1123(b).  The failure to specifically address a provision of the Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

AA.    <u>Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))</u>.  As contemplated by Bankruptcy Code section 1123(b)(1), Class 4 (General Unsecured Claims), Class 5 (Convenience Claims), Class 6 (Subordinated Securities Claims), and Class 7 (Equity Interests in Debtors) are impaired by the Combined Plan and Disclosure Statement. Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), and Class 3 (Other Secured Claims) are unimpaired by the Combined Plan and Disclosure Statement.  Accordingly, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1123(b)(1).

BB.    <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>.  In accordance with Bankruptcy Code section 1123(b)(2), Sections 15.1 and 15.2 of the Combined Plan and Disclosure Statement provide that, in accordance with, and subject to, the provisions and requirements of Bankruptcy Code sections 365 and 1123, all of the Debtors' executory contracts and unexpired leases will be deemed rejected as of the Effective Date, except to the extent (a) the Debtors previously have assumed, assumed and assigned, or rejected such Executory Contract or Unexpired Lease, (b) prior to the Effective Date, the Debtors have filed a motion to assume, assume and assign, or reject an Executory Contract or Unexpired Lease on which the Court has not ruled, (c) an Executory Contract and Unexpired Lease is identified in the Plan Supplement as an Executory Contract or Unexpired Lease to be assumed or assumed and assigned pursuant to the Combined Plan and Disclosure Statement, or (d) Executory Contracts and Unexpired Leases under which the counterparty has consented to the extension of the time by which the Debtors must assume or reject to a date beyond the Effective Date.  Accordingly, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1123(b)(2).

CC.    <u>Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3))</u>.  Pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019, the Combined Plan and Disclosure Statement incorporates a global compromise and settlement, (the "<u>Global Settlement</u>"), of numerous inter-Debtor, Debtor-Creditor, and inter-Creditor issues designed to achieve an economic settlement of Claims against the Debtors and an efficient resolution of the Chapter 11 Cases.  The Global Settlement is fair, equitable, reasonable, and in the best interests of the Debtors, their Estates, their creditors, and other parties in interest.  The Global Settlement will be implemented through the substantive consolidation of the Debtors' Estates solely for purposes of

voting on, and Distributions under the Global Plan and Disclosure Statement. Absent the approval of the Global Settlement, the potential costs to each of the Debtors' Estates of untangling the Debtors' financial affairs so as to allow the pursuit of five (5) separate liquidating plans would be significant.

DD.    <u>Sale of All or Substantially All Assets (11 U.S.C. § 1123(b)(4))</u>. In accordance with Bankruptcy Code section 1123(b)(4), the Combined Plan and Disclosure Statement establishes a Liquidation Trust (which, for the avoidance of doubt, is also the "Cred Liquidation Trust" referred to in the Combined Plan and Disclosure Statement) and the Amended PSA provide for the orderly liquidation of all of the Estates' Assets and the distribution of the proceeds thereof to Holders of Allowed Class 4 General Unsecured Claims. Accordingly, the Combined Plan and Disclosure Statement is consistent with Bankruptcy Code section 1123(b)(4).

EE.    <u>Modification of Creditor Rights (11 U.S.C. § 1123(b)(5))</u>. In accordance with Bankruptcy Code section 1123(b)(5), Article X of the Combined Plan and Disclosure Statement modifies the rights of holders of Claims and Equity Interests in Classes 4, 5, and 7. The Combined Plan and Disclosure Statement also provides for the payment in full of Allowed Claims in Classes 1, 2, and 3. Accordingly, the Combined Plan and Disclosure Statement is consistent with Bankruptcy Code section 1123(b)(5).

FF.    <u>Debtors Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and the Interim Disclosure Statement Order, including having complied with Bankruptcy Code section 1125 with respect to the Disclosure Statement and the Combined Plan and Disclosure Statement.

GG.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors are the

proponents of the Combined Plan and Disclosure Statement.  The Debtors have proposed the

Combined Plan and Disclosure Statement (including all documents necessary to effectuate the

Combined Plan and Disclosure Statement) in good faith and not by any means forbidden by law,

thereby complying with Bankruptcy Code section 1129(a)(3).  The Debtors' good faith is evident

from the record of these Chapter 11 Cases, including the Declarations, the record of the

Confirmation Hearing, and the record of all hearings and proceedings in these Chapter 11 Cases.

The Combined Plan and Disclosure Statement is based upon extensive, arm's-length negotiations

between and among the Debtors, the Committee, and other parties-in-interest, and represents the

culmination of intensive negotiations and discussions among all parties in interest.  Moreover,

the Combined Plan and Disclosure Statement was proposed with the legitimate and honest

purpose of maximizing the value of the Debtors' estates and effectuating a successful liquidation

of the Debtors.  The Combined Plan and Disclosure Statement accomplishes maximization of the

value of the Debtors' estates and equitable distribution of the Debtors' through the establishment

of the Liquidation Trust and the Class 5 Convenience Class to make distributions to the holders

of Allowed General Unsecured Claims and Allowed Convenience Claims.  The Committee

supports the Combined Plan and Disclosure Statement.  Further, the exculpation, release, and

injunction provisions of the Combined Plan and Disclosure Statement have been negotiated in

good faith and at arm's-length with, among other persons, representatives of the Debtors and the

Committee, are consistent with Bankruptcy Code sections 105, 362, 1122, 1123(b)(3)(A),

1123(b)(6), 1129, and 1142, and are each necessary and appropriate to the successful winding

down of the Debtors' Estates.  Accordingly, the Combined Plan and Disclosure Statement and

the related documents have been filed in good faith and the Debtors have satisfied their

obligations under section 1129(a)(3).

HH.    <u>Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Pursuant to

the interim compensation procedures previously approved by this Court and established in these

Chapter 11 Cases pursuant to Bankruptcy Code section 331, all payments made or to be made by

the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in

connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11

cases, have been approved by, or are subject to the approval of, the Court as reasonable, thus

satisfying Bankruptcy Code section 1129(a)(4).

II.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Debtors have

complied with Bankruptcy Code section 1129(a)(5).  The Plan Supplement, as amended,

identifies the Liquidation Trustees and the Trust Advisory Board.  From and after the Effective

Date, the Liquidation Trustees will have all power and authority that may be or could have been

exercised, with respect to the Liquidation Trust Assets, by any officer, director, shareholder, or

other party acting in the name of the Debtors or their estates with like effect as if duly

authorized, exercised, and taken by action of such officers, directors, shareholders, or other

party.  As such, the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section

1129(a)(5).

JJ.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  No governmental regulatory

commission has jurisdiction, after confirmation of the Combined Plan and Disclosure Statement,

over the rates of the Debtors.  Thus, Bankruptcy Code section 1129(a)(6) is not applicable in

these Chapter 11 Cases.

KK.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  As demonstrated by the

Foster Declaration, the Liquidation Analysis annexed to the Foster Declaration, and the

Combined Plan and Disclosure Statement, with respect to each impaired class of Claims against

or Equity Interests in the Debtors, each holder of a Claim or Equity Interest in such Class has

accepted the Combined Plan and Disclosure Statement or will receive or retain pursuant to the

Combined Plan and Disclosure Statement on account of such Claim or Equity Interest property

of a value, as of the Effective Date, that is not less than the amount that such holder would so

receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the

Effective Date.  Accordingly, the Combined Plan and Disclosure Statement satisfies Bankruptcy

Code section 1129(a)(7).

LL.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Class 1 (Other Priority

Claims), Class 2 (Secured Tax Claims), and Class 3 (Other Secured Claims) are unimpaired

under the Combined Plan and Disclosure Statement and are, therefore, conclusively deemed to

have accepted the Combined Plan and Disclosure Statement pursuant to Bankruptcy Code

section 1126(f).  Class 4 (General Unsecured Claims) and Class 5 (Convenience Claims) have

voted to accept the Plan.  As such, Bankruptcy Code section 1129(a)(8) is satisfied with respect

to these Classes of Claims.  Class 6 (Subordinated Securities Claims) and Class 7 (Equity

Interests) are deemed to reject the Combined Plan and Disclosure Statement pursuant to

Bankruptcy Code section 1126(g), because holders of Subordinated Security Claims and Equity

Interests will not receive or retain any property on account of their interests in the Debtors.  The

Combined Plan and Disclosure Statement may nevertheless be confirmed because the Combined

Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(b) with respect to Classes

6 and 7.

MM.    Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C.
§ 1129(a)(9)).  The treatment of Administrative Expense Claims and Priority Tax Claims
pursuant to Article IX of the Combined Plan and Disclosure Statement satisfies the requirements
of Bankruptcy Code sections 1129(a)(9)(A), (B), (C) and (D).

NN.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Classes 4 and 5, each
of which is impaired under the Combined Plan and Disclosure Statement and entitled to vote,
voted to accept the Combined Plan and Disclosure Statement by the requisite majorities,
determined without including any acceptance of the Combined Plan and Disclosure Statement by
any insider, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(10).
Specifically, as set forth in the Ballot Report, (i) creditors holding 93.97% in number and
79.91% in dollar amount of Class 4 Claims voted to accept the Combined Plan and Disclosure
Statement, and (ii) creditors holding 92.29% in number and 95.07% in dollar amount of Class 5
Claims voted to accept the Combined Plan and Disclosure Statement.  Therefore, the
requirements of Bankruptcy Code section 1129(a)(10) have been satisfied.

OO.    Feasibility (11 U.S.C. § 1129(a)(11)).  The information in the Combined Plan and
Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing and in
the Foster Declaration: (i) is persuasive and credible; (ii) has not been controverted by other
evidence; (iii) establishes that the Combined Plan and Disclosure Statement is feasible; (iv)
provides that there is a reasonable likelihood that the Liquidation Trust will meet its financial
obligations under the Combined Plan and Disclosure Statement in the ordinary course of
business; and (v) confirmation of the Combined Plan and Disclosure Statement is not likely to be
followed by conversion to chapter 7 or the financial restructuring of the Liquidation Trust.  Thus,
the requirements of Bankruptcy Code section 1129(a)(11) are satisfied.

PP.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  As required pursuant to Section 20.8 of the Combined Plan and Disclosure Statement, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on or before the Effective Date, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

QQ.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtors do not and have never provided retiree benefits within the meaning of Bankruptcy Code section 1114. Accordingly, Bankruptcy Code section 1129(a)(13) is inapplicable in these Chapter 11 Cases.

RR.     <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, Bankruptcy Code section 1129(a)(14) is inapplicable in these Chapter 11 Cases.

SS.     <u>Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, Bankruptcy Code section 1129(a)(15) is inapplicable in these Chapter 11 Cases.

TT.     <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors are moneyed, business, or commercial corporations, and/or partnerships, as the case may be, and, accordingly, Bankruptcy Code section 1129(a)(16) is inapplicable in these Chapter 11 Cases.

UU.     <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  The Debtors have satisfied the requirements of Bankruptcy Code sections 1129(b)(1) and (b)(2) with respect to Class 6 (Subordinated Securities Claims) and Class 7 (Equity Interests) (the "<u>Rejecting Classes</u>").  Based on the evidence proffered or adduced at the Confirmation Hearing and in the Foster Declaration, the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to the Rejecting Classes, as required by Bankruptcy Code

sections 1129(b)(1) and (b)(2).  First, the Combined Plan and Disclosure Statement does not

discriminate unfairly, except with respect to Class 4 (General Unsecured Claims) and Class 5

(Convenience Claims), no class of Claims or Equity Interests having similar legal rights to the

Claims and Equity Interests in the Rejecting Classes is receiving different treatment under the

Combined Plan and Disclosure Statement.  Second, the creation of Class 5 (Convenience

Claims) is reasonable and necessary for the administrative convenience of the Debtors, and, thus,

the difference in the treatment of Class 4 (General Unsecured Claims) and Class 5 (Convenience

Claims) is not unfair.  Third, the Combined Plan and Disclosure Statement is "fair and equitable"

as to the Rejecting Classes because no holder of a Claim senior to Classes 6 and 7 will receive

more than full value on account of its Claim.  Based on the foregoing, the requirements of

Bankruptcy Code section 1129(b) are met with respect to the Rejecting Classes, and the

Combined Plan and Disclosure Statement may be confirmed notwithstanding the deemed

rejection by the Rejecting Class.

VV.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Combined Plan and Disclosure

Statement is the only plan filed in these cases, and accordingly, Bankruptcy Code section

1129(c) is inapplicable in these Chapter 11 Cases.

WW.    <u>Principal Purpose of the Combined Plan and Disclosure Statement (11 U.S.C. §</u>

<u>1129(d))</u>.  The principal purpose of the Combined Plan and Disclosure Statement is not the

avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

Accordingly, the Combined Plan and Disclosure Statement satisfies the requirements of

Bankruptcy Code section 1129(d).

XX.    <u>Small Business Case (11 U.S.C. § 1129(e))</u>. None of these Chapter 11 Cases are "small business case[s]," as that term is defined in the Bankruptcy Code, and accordingly, Bankruptcy Code section 1129(e) is inapplicable.

**Additional Findings**

YY.    <u>Good-Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the Court in these Chapter 11 Cases and the Ballot Report, the Debtors have solicited acceptances of the Combined Plan and Disclosure Statement in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, Bankruptcy Code sections 1125(a) and (e), and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation.

ZZ.    <u>Satisfaction of Confirmation and Disclosure Requirements</u>.  Based upon the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129 and for disclosure under Bankruptcy Code section 1125.

AAA.    <u>Implementation</u>.  All documents necessary to implement the Combined Plan and Disclosure Statement, including, without limitation, those contained in the Plan Supplement, as amended and all other relevant and necessary documents have been negotiated in good faith and at arm's-length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

BBB.    <u>Good Faith of the Debtors</u>.  The Debtors, and all of their current respective members, officers, directors, agents, financial advisers, attorneys, employees, partners, affiliates, and representatives (i) have acted in good faith in negotiating, formulating, and proposing the Combined Plan and Disclosure Statement and agreements, compromises, settlements,

21

transactions, and transfers contemplated thereby, and (ii) will be acting in good faith in proceeding to (a) consummate the Combined Plan and Disclosure Statement and the agreements, compromises, settlements, transactions, and transfers contemplated thereby and (b) take the actions authorized and directed or contemplated by this Order.

CCC.   <u>Executory Contracts and Unexpired Leases</u>.   The Debtors have satisfied the provisions of Bankruptcy Code section 365 with respect to the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to Sections 15.1 and 15.2 of the Combined Plan and Disclosure Statement.

DDD.   <u>Vesting of Assets</u>.   Except as provided in the Combined Plan and Disclosure Statement, including to (a) pay claims or fees having priority over Class 4 (General Unsecured Claims) and (b) make distributions to Holders of Allowed Class 5 Claims (Convenience Claims), and subject to the Liquidation Trust Agreement, on the Effective Date all property of the Debtors shall vest in the Liquidation Trust free and clear of all Claims, Liens, Liabilities, encumbrances, charges, and other interests, including, without limitation, any and all claims, liens, encumbrances and any and all right, title, and interests related thereto of governmental entities relating to any tax liabilities or similar liabilities.   Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

EEE.   <u>Injunction, Exculpation, and Releases</u>.   The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, exculpation, and releases set forth in Article XVIII of the Combined Plan and Disclosure Statement, because, *inter alia*, these provisions are an integral part of the Debtors' Plan and are necessary and appropriate for the Combined Plan and Disclosure Statement's implementation.   Bankruptcy Code section 105(a) permits issuance of the injunction and approval of the releases set forth in Article XVIII

22

of the Combined Plan and Disclosure Statement if, as has been established here based upon the record in these Chapter 11 Cases, the Foster and Lyon Declarations, and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the agreement among the various parties in interest and are important and necessary to the formulation and implementation of the Combined Plan and Disclosure Statement, as provided in Bankruptcy Code section 1123, (ii) confer substantial benefits on the Debtors' estates and creditors, (iii) are fair and reasonable, and (iv) are in the best interests of the Debtors, their estates, and parties in interest.  Further, the release and exculpation provisions in the Combined Plan and Disclosure Statement do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a final order by a court of competent jurisdiction to have constituted willful misconduct, fraud, or gross negligence or the other exceptions set forth therein.  Based upon the record of these Chapter 11 Cases, the Foster and Lyon Declarations, and the evidence proffered or adduced at the Confirmation Hearing, this Court finds that the injunction, exculpation, and releases set forth in Article XVIII of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law.

FFF.    Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the releases, exculpations, and injunctions set forth in Article XVIII of the Combined Plan and Disclosure Statement and implemented by this Order are fair, equitable, reasonable, and in the best interests of the Debtors and the Debtors' Estates, creditors, and equity holders.  The failure to include such provisions would seriously impair the Debtors' ability to confirm a consensual Plan in these Chapter 11 Cases.  Accordingly, this Court finds that the releases, exculpations, and injunctions set forth in Article XVIII of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law.

23

GGG.   <u>Compromise and Settlement</u>.  Pursuant to Bankruptcy Rule 9019, in consideration of the distributions and other benefits provided under the Combined Plan and Disclosure Statement, the provisions of the Combined Plan and Disclosure Statement shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Combined Plan and Disclosure Statement.  All Plan distributions made to creditors holding Allowed Claims in any Class are intended to be, and shall be, final.

HHH.   <u>Findings with Respect to Substantive Consolidation</u>.  As set forth in the Combined Plan and Disclosure Statement, the Debtors' books and records did not accurately reflect the Assets and Liabilities attributable to each individual Debtor.

III.     As set forth in the Foster Declaration, it would be prohibitively costly, difficult, and time-consuming to administer the claims reconciliation with respect to each Debtor entity, especially as to Crytocurrencies.  The Debtors are unable to ascertain which specific Debtor entity owns remaining Cryptocurrencies, as there was significant movement and co-mingling between the Debtors of Cryptocurrencies, and tracing Cryptocurrency transfers is painstaking difficult and often impossible.

JJJ.     The deemed substantive consolidation is projected to increase recoveries to holders of General Unsecured Claims when compared to the distributions under five separate chapter 11 plans for each of the Debtors (assuming that the assets and liabilities could even be appropriately disentangled).  Moreover, pursuing separate chapter 11 plans for each of the Debtor entities would mean abandoning the Global Settlement, which would result in costly litigation concerning substantive consolidation, the validity and enforceability of Intercompany Claims, and the allocation of Assets among the Estates, all of which would reduce recoveries to holders of Allowed General Unsecured Claims and would likely not result in any clear factual or

legal resolution, given the nature of these Chapter 11 Cases.  The deemed substantive

consolidation that the Debtors seek in the Combined Plan and Disclosure Statement is proper and

in the best interests of creditors.

KKK.   Liquidation Trust.  Entry into the Liquidation Trust Agreement is in the best

interests of the Debtors, the Debtors' Estates, and Holders of General Unsecured Claims against

the Debtors.  The establishment of the Liquidation Trust, the selection of Cedric de Lisser,

Michael Michelin, and Christopher Moser to serve as the Liquidation Trustees, and the form of

the proposed Liquidation Trust Agreement (as it may be modified or amended), are appropriate

and in the best interests of the Debtors and the Debtors' Estates, and Class 4 creditors.  The

Liquidation Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable

in accordance with its terms.

LLL.   Exemption from Securities Law.  Bankruptcy Code section 1145 exempts from

registration under section 5 of the Securities Act or other applicable securities laws the offer or

sale, under a chapter 11 plan of reorganization, of a security of a debtor, of any affiliate

participating in a Combined Plan and Disclosure Statement with the debtor, or of a successor to a

debtor under a plan, if such securities are offered or sold in exchange for a claim against, or an

equity interest in, such debtor or affiliate.  Such securities may be resold without registration

under the Securities Act, unless the holder is an "underwriter" with respect to such securities, as

that term is defined in Bankruptcy Code section 1145(b).  To the extent the Liquidation Trust

Beneficiaries' interest in the Liquidation Trust is deemed to be a security, Bankruptcy Code

section 1145 applies to the distribution under the Combined Plan and Disclosure Statement of

interests in the Liquidation Trust.  In addition, to the extent persons deemed to be "underwriters"

receive interests in the Liquidation Trust pursuant to the Combined Plan and Disclosure

Statement, which interests are otherwise exempt from registration pursuant to Bankruptcy Code

section 1145, resales of such interests in the Liquidation Trust would not be exempted by

Bankruptcy Code section 1145 from registration under the Securities Act or other applicable law.

MMM. <u>Liquidation Trust Assets</u>.  It is in the best interests of the Debtors, the Debtors'

Estates, creditors, and equity holders that the Liquidation Trust Assets be transferred to and

vested in the Liquidation Trust, as set forth in Sections 12.3(c) and 12.3(d) of the Combined Plan

and Disclosure Statement.

NNN.  <u>Liquidation Trust Is Not A Successor of the Debtors</u>.  The Liquidation Trust shall

not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically

set forth in the Combined Plan and Disclosure Statement or in the Liquidation Trust Agreement.

<b><u>CONCLUSIONS OF LAW</u></b>

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      <u>Final Approval of the Disclosure Statement and Solicitation Motion.</u>  The

(i) Combined Plan and Disclosure Statement and (ii) Solicitation Motion are approved in full and

in a final basis.  The findings and conclusions of law contained in the Interim Disclosure

Statement Order, to the extent made on an interim basis, are now made on a final basis herein,

and are incorporated by reference herein.  The Combined Plan and Disclosure Statement is

APPROVED on a final basis as containing adequate information within the meaning of

Bankruptcy Code section 1125, and any Objections to the adequacy of the information contained

in the Combined Disclosure Statement and Plan not otherwise consensually resolved are

overruled.

2.      <u>Confirmation</u>.  All requirements for confirmation of the Combined Plan and

Disclosure Statement have been satisfied.  Accordingly, the Combined Plan and Disclosure

Statement in its entirety is CONFIRMED pursuant to Bankruptcy Code section 1129.  A copy of

the confirmed Combined Plan and Disclosure Statement is attached as "Exhibit A" to this Order.

The terms of the Combined Plan and Disclosure Statement, and the Plan Supplement are

incorporated by reference into, and are an integral part of, this Order.

3.      <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues

raised by the Objections, or which might have been raised, and the Objections have been fully

and fairly litigated.  All Objections, responses, statements, and comments in opposition to the

Combined Plan and Disclosure Statement, other than those withdrawn with prejudice in their

entirety prior to the Confirmation Hearing or otherwise resolved on the record of the

Confirmation Hearing and/or herein are overruled for the reasons stated on the record.

4.      <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and the

conclusions of law stated in this Order shall constitute findings of fact and conclusions of law

pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.

To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so

deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it

shall be so deemed.

5.      <u>Plan Supplement</u>.  The documents contained in the Plan Supplement, and any

amendments, modifications, and supplements thereto, and all documents and agreements

introduced into evidence by the Debtors at the Confirmation Hearing, including all exhibits and

attachments thereto and documents referred to therein, and the execution, delivery, and

performance thereof by the Debtors, are authorized and approved when they are finalized,

27

executed and delivered, and are integral to, part of and are incorporated by reference into the Combined Plan and Disclosure Statement. Without further order or authorization of this Court, the documents included in the Plan Supplement may be amended and supplemented, prior to execution, so long as such amendment or supplement does not materially and adversely change the treatment of holders of Claims. Execution versions of the documents comprising the Plan Supplement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms. The documents contained in the Plan Supplement, including, as applicable, as forms to be substantially adhered to, are sufficient to comply with applicable requirements of the laws, rules, and regulations of any state or other governmental authority, and all such state and other governmental authorities are directed to accept such documents for filing and implementation.

6.     <u>Solicitation and Notice</u>.  Notice of the Confirmation Hearing complied with the terms of the Interim Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of these Chapter 11 Cases, and was in substantial compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Solicitation of votes on the Combined Plan and Disclosure Statement and the Solicitation Materials substantially complied with the solicitation procedures in the Interim Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and to the extent that the Debtors did not comply with the Interim Disclosure Statement Order, because holders of Claims against and interests in the Debtors received adequate due process, the need for such compliance is hereby waived. Notice of the Plan Supplement, and all related documents, was appropriate and satisfactory based upon

the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the

Interim Disclosure Statement Order, Bankruptcy Code, the Bankruptcy Rules, and the Local

Bankruptcy Rules.

7.      <u>Omission of Reference to Particular Plan Provisions</u>.  The failure to specifically

describe or include any particular provision of the Combined Plan and Disclosure Statement in

this Order shall not diminish or impair the effectiveness of such provision, it being the intent of

this Court that the Combined Plan and Disclosure Statement be approved and confirmed in its

entirety.

8.      <u>Plan Classification Controlling</u>.  The classifications of Claims and Equity

Interests for purposes of the distributions to be made under the Combined Plan and Disclosure

Statement shall be governed solely by the terms of the Combined Plan and Disclosure Statement.

The classification set forth on the Ballots tendered or returned by the Debtors' creditors in

connection with voting on the Combined Plan and Disclosure Statement: (a) were set forth on the

Ballots solely for purposes of voting to accept or reject the Combined Plan and Disclosure

Statement; (b) do not necessarily represent, and in no event shall be deemed to modify or

otherwise affect, the actual classification of such Claims and Equity Interests under the

Combined Plan and Disclosure Statement for distribution purposes; and (c) shall not be binding

on the Debtors, the Liquidation Trust, creditors, or equity holders for purposes other than voting

on the Combined Plan and Disclosure Statement; <u>provided</u>, <u>however,</u> a Convenience Class

Election on a properly executed Ballot made by a holder of an otherwise General Unsecured

Claim shall be conclusive, final, and binding on the holder of such Claim.

9.      <u>Binding Effect</u>.  Subject to the occurrence of the Effective Date, on and after the

Confirmation Date, the provisions of the Combined Plan and Disclosure Statement, the Plan

Supplement, and this Order shall bind (a) any holder of a Claim against, or Equity Interest in, the

Debtors and such holder's respective successors and assigns (whether or not the Claim or Equity

Interests are Impaired under the Combined Plan and Disclosure Statement, whether or not such

holder has voted to accept the Combined Plan and Disclosure Statement, and whether or not such

holder is entitled to a Distribution under the Combined Plan and Disclosure Statement), (b) all

Entities that are parties to or are subject to the settlements, compromises, releases, and

injunctions described in the Combined Plan and Disclosure Statement, (c) each Person acquiring

property under the Combined Plan and Disclosure Statement or this Order, and (d) any and all

non-Debtor parties to executory contracts and unexpired leases with the Debtors.

   10. <u>Corporate Existence and Dissolution of Debtors</u>.  Immediately after the Effective

Date, and subject to the Combined Plan and Disclosure Statement, the Liquidation Trustees shall

be authorized to take, in their sole and absolute discretion, all actions reasonably necessary to

dissolve one or more of the Debtors under applicable laws, including under the laws of the

jurisdictions in which they may be organized or registered, and to pay all reasonable costs and

expenses in connection with such dissolutions, including the costs of preparing or filing any

necessary paperwork or documentation.  Upon the final Distributions, any Debtors that have not

been previously dissolved shall be deemed dissolved for all purposes without the necessity for

other or further actions to be taken by or on behalf of the Debtors, and the Liquidation Trustees

shall be authorized to file any certificate of cancellation or other documents as may be necessary

or desirable to terminate the legal existence of these Debtors.

   11. <u>Cancellation of Instruments and Stock</u>.  On the Effective Date, all instruments

evidencing or creating any indebtedness or obligation of the Debtors, except such instruments

that are authorized or issued under the Combined Plan and Disclosure Statement, shall be

canceled and extinguished.  Additionally, as of the Effective Date, all Equity Interests in all of

the Debtors, and any and all warrants, options, rights, or interests with respect to such Equity

Interests that have been issued, could be issued, or that have been authorized to be issued but that

have not been issued, shall be deemed cancelled and extinguished without any further action of

any party.  The Liquidation Trustees shall have all power and authority that may be or could

have been exercised, with respect to the Liquidation Trust Assets, by any officer, director, or

other party acting in the name of the Debtors or their estates with like effect as if duly

authorized, exercised and taken by action of such officers, directors, or other party.  The holders

of, or parties to, the cancelled notes, membership interests, share certificates, and other

agreements and instruments shall have no rights arising from or relating to such notes, share

certificates, and other agreements and instruments or the cancellation thereof, except the rights

provided pursuant to the Combined Plan and Disclosure Statement.

12.    Liquidation Trust Agreement.  The Debtors are authorized and approved to enter

into the Liquidation Trust Agreement and this Order shall be deemed approval of the Liquidation

Trust Agreement.

13.    Vesting of Liquidation Trust Assets.  Any and all of the Estates' Assets shall

remain assets of the Estates pursuant to Bankruptcy Code section 1123(b)(3)(B) and on the

Effective Date shall, subject to the Combined Plan and Disclosure Statement and the Liquidation

Trust Agreement, be transferred to and vest in the Liquidation Trust free and clear of all Claims,

Liens, Liabilities, encumbrances, charges, and other interests, including, without limitation, any

and all claims, liens, encumbrances and any and all right, title, and interests related thereto of

governmental entities relating to any tax liabilities or similar liabilities.  Pursuant to Bankruptcy

Code section 1123(b)(3)(B), only the Liquidation Trustees shall have the right to pursue or not to

pursue, or, subject to the terms of the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement, compromise, or settle any Liquidation Trust Assets.  From and after the Effective Date, the Liquidation Trustees may commence, litigate, and settle any Causes of Action or Claims relating to the Liquidation Trust Assets or rights to payment or Claims that belong to the Debtors as of the Effective Date or are instituted by the Liquidation Trustees on or after the Effective Date, except as otherwise expressly provided in the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement.  The Liquidation Trustees shall be entitled to enforce all defenses and counterclaims to all Claims asserted against the Debtors and their Estates, including setoff, recoupment and any rights under Bankruptcy Code section 502(d).

14.    <u>Limited Substantive Consolidation</u>.  Entry of this Order shall constitute approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123(a)(5), 1129, effective as of the Effective Date, of the limited substantive consolidation of the Estates of Debtors, and the Assets and Liabilities of the Debtors are treated as the Assets and Liabilities of a single substantively consolidated entity for the purposes of voting and creditor distributions under the Combined Plan and Disclosure Statement.  Under this limited substantive consolidation: (i) all Assets and Liabilities of the Debtors will, solely for Distribution purposes, be treated as if they were merged, (ii) all Intercompany Claims will be eliminated, (iii) each Claim Filed or to be Filed against the Debtors will be deemed a single nonaggregated Claim against, and a single non-aggregated obligation of, the Debtors, (iv) all guarantees of any Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and canceled; (v) all transfers, disbursements and Distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates, and (vi) Holders of Allowed Claims entitled to Distributions under the

Combined Plan and Disclosure Statement shall be entitled to their Distribution Pro Rata Share on account of such Claim without regard to which Debtor was originally liable for such Claim.  The limited substantive consolidation called for in the Combined Plan and Disclosure Statement shall not (other than for the purposes of voting and creditor distributions under the Combined Plan and Disclosure Statement) affect (i) the legal and organizational structure of the Debtors, (ii) executory contracts or unexpired leases that were entered into during these Chapter 11 Cases or that have been or will be assumed or rejected, (iii) any agreements entered into by the Liquidation Trustees on or after the Effective Date, and (d) the Debtors' or the Liquidation Trustees' ability to subordinate or otherwise challenge Claims on an entity-by-entity basis. Notwithstanding the limited substantive consolidation called for in the Combined Plan and Disclosure Statement, each and every Debtor shall remain responsible for the payment of U.S. Trustee Fees until its particular case is closed, dismissed, or converted.

15.     _Liquidation Trustees_.  Cedric de Lisser, Michael Michelin, and Christopher Moser are appointed as the Liquidation Trustees.  Absent authorization of the Court pursuant to a Final Order, no judicial, administrative, arbitral, or other action or proceeding shall be commenced in any forum other than this Court against the Liquidation Trustees, in their official capacities, with respect to their status, duties, powers, acts, or omissions as Liquidation Trustees.

16.     _Distributions Under the Combined Plan and Disclosure Statement_.  All distributions under the Combined Plan and Disclosure Statement shall be made in accordance with Article XIII of the Combined Plan and Disclosure Statement and such methods of distribution are approved.

17.    <u>Disputed Claims</u>.  The provisions of Article XIV of the Combined Plan and Disclosure Statement, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are found to be fair and reasonable and are approved.

18.    <u>Treatment is in Full Satisfaction</u>.  All distributions under the Combined Plan and Disclosure Statement shall be made in accordance with the Combined Plan and Disclosure Statement.  The treatment set forth in the Combined Plan and Disclosure Statement is in full satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding a Claim or Equity Interest may have in or against the Debtors, the Estates, or their respective property.  This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtors, the Estates, or their respective property.

19.    <u>Supplemental Administrative Expense Bar Date</u>.  Subject to Article 9.1(b) of the Combined Plan and Disclosure Statement, Holders of Administrative Expense Claims (other than Professional Fee Claims) arising during the period from November 7, 2020 through the Effective Date must file requests for payment of Administrative Expense Claims so as to be **<u>actually received</u> on or before 4:00 p.m. (prevailing Eastern Time) on the day that is thirty (30) calendar days after the Effective Date** by the Claims Agent at the following address:

If by first-class mail:

Cred Inc. Claims Processing Center
c/o Donlin, Recano & Company, Inc.
P.O. Box 199043 Blythebourne Station
Brooklyn, NY 11219

If by hand delivery or overnight:

Cred Inc. Claims Processing Center
c/o Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, NY 11219

20.     All such requests for payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in the English language; (iii) denominate the claim in lawful currency of the United States as of the Administrative Expense Claims Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.  The notice of the Effective Date delivered pursuant to Bankruptcy Rules 2002(c)(3) and 2002(f), substantially in the form included in the Plan Supplement, shall set forth the Administrative Expense Claims Bar Date and shall constitute notice of such bar date. Nothing in this Order shall extend or otherwise modify any deadline or requirement for filing claims set forth in previous Orders of this Court.

21.     Any Person that is required to file a request for payment of an Administrative Expense Claim (other than Professional Fee Claims) under the Combined Plan and Disclosure Statement and that fails to do so by the Administrative Expense Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim, and such Administrative Expense Claim shall not be enforceable against the Liquidation Trust, the Liquidation Trustees, the Debtors, the Estates, and their respective properties, and the Liquidation Trust, the Liquidation Trustees, Debtors, the Estates, and their respective properties shall be forever discharged from any and all Liability with respect to such Administrative Expense Claim unless otherwise ordered by the Court or as otherwise provided herein.  All such Administrative Expense Claims shall, as of the Effective Date, be subject to the permanent injunction pursuant to Section 18.5 of the Combined Plan and Disclosure Statement and this Order.

22.     <u>Assumption and Rejection of Executory Contracts and Unexpired Leases (11</u> <u>U.S.C. § 1123(b)(2))</u>.  All of the Debtors' executory contracts and unexpired leases are deemed rejected as of the Effective Date, except to the extent (a) the Debtors previously have assumed, assumed and assigned, or rejected such Executory Contract or Unexpired Lease, (b) prior to the Effective Date, the Debtors have filed a motion to assume, assume and assign, or reject an Executory Contract or Unexpired Lease on which the Court has not ruled, (c) an Executory Contract and Unexpired Lease is identified in the Plan Supplement as an Executory Contract or Unexpired Lease to be assumed or assumed and assigned pursuant to the Combined Plan and Disclosure Statement, or (d) Executory Contracts and Unexpired Leases under which the counterparty has consented to the extension of the time by which the Debtors must assume or reject to a date beyond the Effective Date.  Entry of this Order shall constitute approval of all rejections of Executory Contracts and Unexpired Leases pursuant to Section 15.1 of the Combined Plan and Disclosure Statement and Bankruptcy Code sections 365(a) and 1123.  Entry of this Order shall, subject to and upon the occurrence of the Effective Date, constitute the approval, pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2), of the rejection of the Executory Contracts and Unexpired Leases pursuant to Section 15.1 of the Combined Plan and Disclosure Statement.  The assumption of the contracts and leases identified in Exhibit C of the Plan Supplement (the "<u>Assumed Contracts</u>") is hereby approved, and the requirements of Bankruptcy Code section 365 with respect thereto are hereby deemed satisfied.  The cure amounts with respect to the Assumed Contracts specified in Exhibit C of the Plan Supplement are hereby approved.

23.     <u>Bar Date for Rejection Damages</u>.  If the rejection by the Debtors of an executory contract or an unexpired lease pursuant to Section 15.1 of the Combined Plan and Disclosure

36

Statement results in damages to the non-Debtor counterparty to such Executory Contract or Unexpired Lease, a Claim for such damages arising from such rejection shall not be enforceable against the Debtors or their Estates or agents, successors, or assigns, unless a proof of Claim is filed with the Claims Agent **so as to actually be received on or before** the Rejection Bar Date, *i.e.*, the date that is thirty (30) calendar days after the Effective Date.  Any Person that is required to file a proof of Claim arising from the rejection of an Executory Contract or Unexpired Lease under the Combined Plan and Disclosure Statement and that fails to timely do so shall be forever barred, estopped, and enjoined from asserting such Claim, and such Claim shall not be enforceable against the Liquidation Trust, the Liquidation Trustees, the Debtors, the Estates, and their respective properties, and the Liquidation Trust, the Liquidation Trustees, Debtors, the Estates, and their respective properties shall be forever discharged from any and all Liability with respect to such Claim unless otherwise ordered by the Court or as otherwise provided herein.  All such Claims shall, as of the Effective Date, be subject to the permanent injunction pursuant to Section 18.5 of the Combined Plan and Disclosure Statement and this Order.

**24.    Exculpation.  None of the Debtors-in-Possession, and the current or former directors, officers, employees, Affiliates, agents, accountants, financial advisors, investment bankers, restructuring advisors, attorneys, representatives, and other Professionals of or to the Debtors and the Debtors-in-Possession who served or were employed in such capacities after the Petition Date, and each of their respective agents and representatives, the Released Parties, the Committee, the members of the Committee and the Professionals retained by the Committee shall have or incur any Liability for any Claim, Cause of Action, or other assertion of Liability for any act taken or omitted to be taken in connection with or arising out of these Chapter 11 Cases, the sale of the Debtors' Assets,**

the formulation, dissemination, implementation, approval, confirmation, consummation, or administration of the Combined Plan and Disclosure Statement, property to be distributed under the Combined Plan and Disclosure Statement, or any other act or omission in connection with or arising out of these Chapter 11 Cases, the Combined Plan and Disclosure Statement, or any contract, instrument, document or other agreement related thereto; **provided**, **however** (i) that the foregoing shall not affect the Liability of any Entity resulting from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, fraud, or gross negligence; and (ii) no Insider that is not a Released Party, including, without limitation, James Alexander, Lu Hua, Dan Schatt, Joseph Podulka, and Daniyal Inamullah, will receive a release or exculpation of any kind under the Combined Plan and Disclosure Statement or this Order, whether from the Debtors or otherwise (the "**Insider Carve-Out**").  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, discharges, and any other applicable law or rules protecting such Persons from liability.

25.    **Liquidation Trustees Exculpation and Indemnification**.  The Liquidation Trustees shall not have or incur any liability for any act or omission taken or omitted to be taken (a) in their capacities as Liquidation Trustees or (b) to otherwise implement or effectuate the terms and provisions of the Combined Plan and Disclosure Statement, or (c) in the exercise of the power and authority that may be or could have been exercised by any officer, director, shareholder or other party acting in the name of the Debtors or their estates; **provided**, **however**, that the foregoing shall not affect the liability of a Liquidation Trustees resulting from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, fraud, or gross

negligence.  **The Liquidation Trust shall indemnify and hold harmless the Liquidation Trustees, from and against and in respect of all liabilities, losses, damages, claims, costs and expenses (including, without limitation, reasonable attorneys' fees, disbursements, and related expenses) which the Liquidation Trustees may incur or become subject in connection with any action, suit, proceeding, or investigation brought by or threatened against such parties arising out of or due to their acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Liquidation Trust or the Combined Plan and Disclosure Statement or the discharge of their  duties thereunder, and the Liquidation Trustees shall be entitled to payment or reimbursement from the assets of the Liquidation Trust for any and all such liabilities, losses, damages, claims, costs and expenses; provided, however, that no such indemnification, payment or reimbursement will be made to a Liquidation Trustees for actions or omissions as a result of willful misconduct, gross negligence, or fraud.  This exculpation and indemnification shall be in addition to, and not in limitation of, all other releases, indemnities, discharges, and any other applicable law or rules protecting the Liquidation Trustees from liability.**

26.    **Releases by Debtors, the Estates, the Liquidation Trust, and the Liquidation Trustees.  Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and also subject to the Insider Carve-Out, and in consideration of the services of the Released Parties, (a) the Debtors, (b) their respective Estates, (c) the Liquidation Trust, and (d) the Liquidation Trustees shall release, waive, and discharge unconditionally and forever each of the Released Parties from any and all Claims, Causes of Action, and Liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law,**

equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with the Debtors; and (ii) in connection with or arising out of the Debtors' Chapter 11 Cases, the pursuit of confirmation of the Combined Plan and Disclosure Statement and Disclosure Statement, the Consummation thereof, the administration thereof or the property to be distributed thereunder; **provided**, **that** the foregoing shall not operate as a waiver of or release from any Causes of Action resulting from the willful misconduct, actual fraud, or gross negligence of any Released Party arising under chapter 5 of the Bankruptcy Code.

27.    In addition, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and the Insider Carve-Out, and in consideration of the services of the Released Parties, the settlements and compromises contained in the Combined Plan and Disclosure Statement and this Order, and the Distributions to be made pursuant to the Combined Plan and Disclosure Statement, (a) each of the Debtors and (b) all Holders of Claims or Equity Interests, who (1) vote in favor of the Combined Plan and Disclosure Statement or (2) (A) abstain from voting, are not entitled to vote, or vote to reject the Combined Plan and Disclosure Statement and (B) do not opt out of the release by timely submitting a Ballot or the Opt-Out Election Form shall be deemed to have released and discharged each Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition operations and activities, existing or hereinafter arising in law, equity,

or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place before the Effective Date.

28.    <u>Injunction</u>.  Except as otherwise provided in the Combined Plan and Disclosure Statement, including, without limitation, as to the Insider Carve-Out, all Persons that have held, hold, or may hold Claims against or Equity Interests in the Debtors or their Estates that arose prior to the Effective Date are permanently enjoined, solely with respect to any such Claims or Equity Interests, from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustees; (b) enforcing, attaching, collecting, or recovering, by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustees; (c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any Lien or encumbrance against the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustees; (d) except to the extent permitted by Bankruptcy Code sections 362(b), 553, 559, 560, or 561, asserting any right of setoff, subrogation, or recoupment against the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustees; (e) pursuing any Claim or Cause of Action released pursuant to the Combined Plan and Disclosure Statement; or (f) taking any actions which interfere with the implementation or consummation of the Combined Plan and Disclosure Statement.  The rights afforded in the Combined Plan and Disclosure Statement and the treatment of all Claims and Equity Interests therein shall be in exchange for and in complete satisfaction of all Claims and Equity Interests of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against the

41

Debtors or any of their respective assets, properties, or Estates.  Nothing in this paragraph or Section 18.5 of the Combined Plan and Disclosure Statement shall (i) preclude the United States Securities and Exchange Commission (the "**SEC**") from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding, or investigations against any Entity other than the Debtors.

29.    <u>Terms of Stays and Injunctions</u>.  The automatic stay arising under Bankruptcy Code section 362(a) and the injunctions set forth in Section 18.4 of the Combined Plan and Disclosure Statement or provided for in these Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant on the Confirmation Date, shall permanently remain in full force and effect.

30.    <u>Retention of Causes of Action/Reservation of Rights</u>.  Except with respect to the exculpation in Section 18.1 of the Combined Plan and Disclosure Statement and the release in Section 18.2 of the Combined Plan and Disclosure Statement, nothing contained in the Combined Plan and Disclosure Statement or this Order shall be deemed to be a waiver or the relinquishment of any rights or causes of action that the Debtors or the Liquidation Trust may have or which the Liquidation Trust may choose to assert on behalf of the Debtors' Estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including, without limitation, (i) any and all claims against any person or entity, to the extent such person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtors, their officers, directors, managers or representatives and (ii) the turnover of any property of the Debtors' Estates.  Except as otherwise explicitly provided in the Combined Plan and Disclosure Statement, nothing shall affect either the Debtors' or the Liquidation Trustees'

rights and defenses, both legal and equitable, with respect to any Claims or Equity Interests, including all rights with respect to legal and equitable defenses to alleged rights of setoff or recoupment.

31.    Effectuating Documents; Further Transactions.  The appropriate officer and/or director of the Debtors or the Liquidation Trustees, as applicable, shall be, and hereby are, authorized to execute, deliver, file, and record such contracts, instruments, releases, indentures, certificates, and other agreements or documents, and take such other actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Combined Plan and Disclosure Statement.

32.    Conditions to Effective Date.  The Combined Plan and Disclosure Statement shall not become Effective unless and until the conditions set forth in Section 16.2 of the Combined Plan and Disclosure Statement have been satisfied or waived pursuant to Section 16.3 of the Combined Plan and Disclosure Statement.

33.    Retention of Jurisdiction.  Pursuant to Article XIX of the Combined Plan and Disclosure Statement, and except as otherwise provided in this Order, this Court shall retain and have exclusive jurisdiction of all matters in connection with, arising out of, or related to the Chapter 11 Cases and the Combined Plan and Disclosure Statement pursuant to, and for the purposes of, Bankruptcy Code sections 105(a) and 1142.

34.    Modifications.  Pursuant to Section 20.5 of the Combined Plan and Disclosure Statement, the Combined Plan and Disclosure Statement may be altered, amended, or modified at any time after the Confirmation Date and before substantial consummation; provided, that the Combined Plan and Disclosure Statement, as altered, amended, or modified, satisfies the requirements of Bankruptcy Code sections 1122 and 1123, and the Court, after notice and a

hearing, confirms the Combined Plan and Disclosure Statement, as altered, amended, or

modified, under Bankruptcy Code section 1129 and the circumstances warrant such alterations,

amendments, or modifications.  A holder of a Claim that has accepted the Combined Plan and

Disclosure Statement prior to any alteration, amendment, or modification will be deemed to have

accepted the Combined Plan and Disclosure Statement, as altered, amended, or modified, if the

proposed alteration, amendment, or modification does not materially and adversely change the

treatment of the holders of the Claims.  Prior to the Effective Date, the Debtors, after

consultation with the Committee, may make appropriate technical adjustments and modifications

to the Combined Plan and Disclosure Statement without further order or approval of the Court,

provided that such technical adjustments and modifications do not materially change the

treatment of holders of Claims or Equity Interests.

35.    <u>Payment of Statutory Fees</u>.  On or before the Effective Date, all fees payable

under section 1930 of chapter 123 of title 28 of the United States Code shall be paid in Cash.

Following the Effective Date, all such fees shall be paid by the Liquidation Trustees from the

Liquidation Trust Assets until the earlier of the conversion or dismissal of the applicable Chapter

11 Case under Bankruptcy Code section 1112, or the closing of the applicable Chapter 11 Case

pursuant to Bankruptcy Code section 350(a).  For the avoidance of doubt, the U.S. Trustee Fees

shall be deemed part of the Liquidation Trust Expenses.

36.    <u>Exemption from Transfer Taxes</u>.  Pursuant to Bankruptcy Code section 1146(a),

the issuance, transfer, or exchange of notes or equity securities under or in connection with the

Combined Plan and Disclosure Statement, the creation of any mortgage, deed of trust, or other

security interest, the making or assignment of any lease or sublease or the making or delivery of

any deed or other instrument of transfer under, in furtherance of, or in connection with the

Combined Plan and Disclosure Statement, including the issuance of any stock, any merger agreements, or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Combined Plan and Disclosure Statement shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

37.    <u>Dissolution of the Committee</u>.  On the Effective Date, except as provided in Section 20.9 of the Combined Plan and Disclosure Statement, the Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities, and obligations related to, arising from, or in connection with these Chapter 11 Cases, and the retention or employment of the Debtors' and Committee's attorneys, accountants, and other agents, if any, shall terminate, except for purposes of Filing and prosecuting applications for final allowances of compensation for professional services rendered and reimbursement of expenses incurred in connection therewith, or any appeal of this Order.

38.    <u>Securities Laws Exemption</u>.  To the extent the Liquidation Trust Beneficiaries' interest in the Liquidation Trust is deemed to be a security, the distribution under the Combined Plan and Disclosure Statement of interests in the Liquidation Trust, shall be exempt from registration under applicable securities laws pursuant to Bankruptcy Code section 1145(a), as amended.

39.    <u>Professional Fee Claims</u>.  Pursuant and subject to Section 9.2 of the Combined Plan and Disclosure Statement, all Persons seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under Bankruptcy Code sections 330, 331, 363, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) shall (a) file, on or before the date that is sixty (60) days after the Effective Date, their

respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred and (b) be paid in full, in Cash, in such amounts as are Allowed by the Court in accordance with the order relating to or allowing any such compensation and reimbursement of expenses, upon providing notice of the order's entry to Matthew K. Foster, Sonoran Capital Advisors, 1733 N.  Greenfield Road, Suite 10, Mesa, Arizona 85205 (mfoster@sonorancap.com).  The Liquidation Trustees are authorized to pay reasonable compensation for professional services rendered and reimbursement of expenses incurred after the Effective Date in the ordinary course and without the need for Court approval in accordance with the Liquidation Trust Agreement.

40.     Professional Fee Escrow.  The Debtors shall deposit, in an account maintained at East West Bank, Cash equal to the Professional Fee Reserve Amount.  East West Bank and Matthew Foster, as custodian of the Professional Fee Escrow, may rely upon the representations of Professionals with respect to whether any request for payment of an Allowed Professional Fee Claim should be honored and shall not be held liable for actions taken (a) at the direction of a Professional or (b) in a good-faith belief that the Court has authorized such action. Notwithstanding any other language in the Combined Plan and Disclosure Statement or the this Order, the Professional Fee Escrow and the funds therein shall be used for the sole purpose of paying the Allowed Professional Fee Claims and shall not constitute property of the Debtors, their Estates, or the Liquidation Trust; provided, that the Liquidation Trust shall hold a residual interest in the Professional Fee Escrow and, upon the satisfaction of all Allowed Professional Fee Claims, any funds remaining in the Professional Fee Escrow shall vest in the Liquidation Trust. Further, if the amount in the Professional Fee Escrow is insufficient to pay in full all Allowed

Professional Fee Claims, the deficiency shall be promptly paid by the Liquidation Trustees from the Liquidation Trust Assets, without any further action or order of the Court.

41.    <u>Notice of Effective Date</u>.  As soon as practicable after the occurrence of the Effective Date, the Debtors shall file and serve, pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), notice of entry of this Order and the occurrence of the Effective Date in substantially the form included as Exhibit D to the Plan Supplement (the "<u>Notice of Effective Date</u>") on all creditors and interest holders, the U.S. Trustee, the attorneys for the Committee, and other parties in interest, by causing the Notice of Effective Date to be delivered to such parties by first-Class mail, postage prepaid.  The Notice of Effective Date shall also be posted on the website of the Debtors' Court-appointed voting and tabulation agent, Donlin Recano at https://www.donlinrecano.com/Clients/cred/Index.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Effective Date substantially in the form included as Exhibit D to the Plan Supplement is approved.

42.    <u>Reserves</u>.  In accordance with the terms of the Combined Plan and Disclosure Statement, on the Effective Date, and after making all Distributions required to be made on the Effective Date hereunder, the Liquidation Trustees shall establish and maintain a separate reserve (each, a "<u>Reserve</u>" and, as plural and collectively, as applicable, the "<u>Reserves</u>") for the estimated amount of the Liquidation Trust Expenses, as well as for payment of Class 4 General Unsecured Claims, which Reserve shall be administered by the Liquidation Trustees.  To the extent that Reserves are established and maintained for the benefit of any Holder of a Disputed Claim, such Reserves shall include a combination of Cryptocurrency and Cash equal to the Distributions that would have been made to the Holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (a) the amount of the Disputed Claim, (b) the

amount in which the Disputed Claim shall be estimated by the Court pursuant to Bankruptcy

Code section 502 for purposes of allowance, which amount, unless otherwise ordered by the

Bankruptcy Court, shall constitute and represent the maximum amount in which such Claim

ultimately may become an Allowed Claim, or (c) such other amount as may be agreed upon by

the Holder of such Disputed Claim and the Liquidation Trustees.

43.    <u>UpgradeYa Investments LLC</u>.  Notwithstanding any other language in the

Combined Plan and Disclosure Statement or this Order, anything in Sections 1.57 and 14.7 of the

Combined Plan and Disclosure Statement Disallowing a Claim on the basis of Bankruptcy Code

section 502(d) will be deemed to no longer apply to the Claim of UpgradeYa upon the earlier of

(a) the Court entering a Final Order in favor of UpgradeYa in connection with an action brought

against UpgradeYa under Chapter 5 of the Bankruptcy Code or (b) the statute of limitations

expires without any action under Chapter 5 of the Bankruptcy Code having been brought against

UpgradeYa.

44.    <u>Value of Allowed General Unsecured Claims</u>.  Notwithstanding Sections 1.8,

1.63, 1.68, and 10.4 or any other provisions of the Combined Plan and Disclosure Statement or

this Order to the contrary, the Combined Plan and Disclosure Statement shall not constitute a

determination that the amount of an Allowed General Unsecured Claim shall be calculated based

on the value of such claim, as denominated in United States dollar, as of the Petition Date.  The

rights of Holders of Allowed General Unsecured Claims to assert that their Claims should be

valued as of a date other than the Petition Date for purposes of calculating the Dollar

Denominated Value, including, without limitation, the Effective Date, whether under 11 U.S.C. §

562 or any other applicable law, are hereby preserved and may be asserted in the claims

administration process.  This right shall apply to Holders of Allowed General Unsecured Claims

irrespective of the amounts included in Section 7 of a Proof of Claim based upon an exchange rate tied to the Petition Date.

45.    <u>Cryptocurrency Elections</u>.  Notwithstanding Sections 10.4(b), 13.3, 13.6, 14.6, or any other provisions of the Combined Plan and Disclosure Statement or thisOrder to the contrary, the Liquidation Trustees shall use commercially best efforts to honor the Cryptocurrency Elections.  To the extent the Liquidation Trustees plan on making any Equivalent Cryptocurrency Distribution that does not honor the Cryptocurrency Election of Holders of an Allowed General Unsecured Claim in Class 4, the Liquidation Trustees shall consult, in good faith, with certain members of the Ad Hoc Committee of Bitcoin Lenders [Docket No. 546] (the "<u>Ad Hoc Committee</u>") who represent the interest of overseas creditors, before making such distribution.

46.    <u>Ad Hoc Committee</u>.  Notwithstanding anything to the contrary in this Order or in the Plan, including Sections 18.2 and 18.4 thereof, nothing in this Order or in the Plan shall constitute a release of, or injunction against, individual claims or causes of action that a Creditor may possess against any Person or Entity other than the Debtors, unless such Creditor is deemed to release such individual claim or causes of action against a Released Party pursuant to Section 18.2 of the Plan.

47.    Notwithstanding anything to the contrary in this Order or the Plan, including, but not limited to, Section 18.2 thereof, the Ad Hoc Committee members shall be deemed to have accepted the Plan but shall not be deemed a releasing party for purposes of Section 18.2 of the Plan.

48.    <u>United States</u>.  Notwithstanding any provision to the contrary in the Plan, the Plan
Supplement, the Definitive Documents, this Order or any implementing Plan documents
(collectively, "Documents"):

      i.    Nothing in the Documents shall: (1) discharge, release, enjoin, impair or otherwise preclude (a) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code ("claim"), (b) any claim of the United States arising after the Confirmation Date, or (c) any liability of any entity or person under police or  regulatory statutes or regulations to any Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) as the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates or leases after the Confirmation Date; (2) release, nullify, preclude or enjoin the enforcement of any police or regulatory power; (3) modify the scope of Bankruptcy Code Section 1141; (4) confer exclusive jurisdiction to the Bankruptcy Court with respect to the claims, liabilities, Causes of Action or interests of the United States, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (5) pursuant to Article 13.12 of the Plan, cause a claim of a Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) to be deemed as allowed on the Effective Date unless such claim is actually allowed on the Effective Date;  (6) cause claims filed or amended by a Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) after the Effective Date to be deemed automatically disallowed pursuant to Article 14.8 of the Plan and such claims will be treated

in accordance with the Bankruptcy Code and applicable law; (7) release, exculpate, enjoin, impair or discharge any non-Debtor from any claim, liability, suit, right or Cause of Action of the United States; (8) affect any setoff or recoupment rights of the United States and such rights are preserved; (9) require the United States to file an administrative claim in order to receive payment for any liability described in Section 503(b)(1)(B) and (C) pursuant to Section 503(b)(1)(D) of the Bankruptcy Code; (10) constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under non-bankruptcy law; or (11) be construed as a compromise or settlement of any liability, claim, Cause of Action or interest of the United States.

ii.  Liens securing claims of the United States shall be retained until the claim, with interest, is paid in full.  Administrative expense claims of the United States allowed pursuant to the Plan or the Bankruptcy Code shall accrue interest and penalties as provided by non-bankruptcy law until paid in full. Priority Tax Claims of the United States allowed pursuant to the Plan or the Bankruptcy Code will be paid in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code.  To the extent allowed Priority Tax Claims (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate set forth in Section 511 of the Bankruptcy Code.  Moreover, nothing shall effect a release, injunction or otherwise preclude any claim whatsoever against any

Debtor or any of the Debtors' Estates by or on behalf of the United States for any liability arising a) out of pre-petition or post-petition tax periods for which a return has not been filed or b) as a result of a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Further, nothing shall enjoin the United States from amending any claim against any Debtor or any of the Debtors' Estates with respect to any tax liability a) arising out of pre-petition or post-petition tax periods for which a tax return has not been filed or b) from a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Any Administrative Expense Claim or Priority Tax Claim of the United States arising a) out of pre-petition or post-petition tax periods for which a return has not been filed or b) as a result of a pending audit or audit which may be performed with respect to any pre-petition or post-petition tax period shall be paid in accordance with 1129(a)(9)(A) and (C) of the Bankruptcy Code. Without limiting the foregoing but for the avoidance of doubt, nothing contained in the Documents shall be deemed to bind the United States to any characterization of any transaction for tax purposes or to determine the tax liability of any person or entity, including, but not limited to, the Debtors and the Debtors' estates, nor shall the Documents be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor shall anything in the Documents be deemed to have conferred jurisdiction upon the Bankruptcy Court to make

determinations as to federal tax liability and federal tax treatment except as provided under Section 505 of the Bankruptcy Code.

49.    <u>Substantial Consummation</u>.  On the Effective Date, the Combined Plan and Disclosure Statement shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127.

50.    <u>Reversal</u>. If any of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Combined Plan and Disclosure Statement prior to receipt of written notice of such order by the Debtors.  Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order, the Combined Plan and Disclosure Statement, all documents relating to the Combined Plan and Disclosure Statement and any amendments or modifications to any of the foregoing.

51.    <u>Conflicts Between Order and Combined Plan and Disclosure Statement</u>.  The provisions of the Combined Plan and Disclosure Statement, the Liquidation Trust Agreement, and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any provision in the Combined Plan and Disclosure Statement and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of the Combined Plan and Disclosure Statement and shall control and take precedence; <u>provided</u>

further, however, that if there is determined to be any inconsistency between any provision of the

Liquidation Trust Agreement and any provision of this Order that cannot be so reconciled, then

solely to the extent of such inconsistency, the provisions of this Order shall govern and any such

provision of this Order shall be deemed a modification of the Liquidation Trust Agreement and

shall control and take precedence.  The provisions of this Order are integrated with each other

and are non-severable and mutually dependent.

52.     Closing of Chapter 11.  Upon or as soon as practicable after the Effective Date,

the Liquidation Trustees shall file and submit separate orders closing each of the Debtors'

Chapter 11 Cases, other than Case No. 20-12836, under certification of counsel.  The Court also

finds that as a result of the substantive consolidation as contemplated by the Combined Plan and

Disclosure Statement, the closure of the Debtors' cases other than Case No. 20-12386 shall not

trigger the statute of limitations provided in section 546(a)(2) and all Avoidance Actions of any

of the Debtors may be asserted under Case No. 20-12386 until the earlier of 2 years after the

Petition Date or the closing of Case No. 20-12386.

53.     Final Order; Waiver of Stay.  This Order is a final order and the period in which

an appeal must be filed shall commence upon the entry hereof.  Any stay of this Order provided

by any Bankruptcy Rule (including Bankruptcy Rule 3020(e)) is hereby waived, and this Order

shall be effective and enforceable immediately upon its entry by the Court.


Dated: Wilmington, Delaware
          March ___, 2021


_____
HON. JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**Combined Plan**