# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CRED INC., *et al.*, | ) ) | Case No. 20- 12836 (JTD) |
| Debtors.[1] | ) ) ) ) ) | (Jointly Administered)<br><br>**Re: Docket No. 593** |

## AMENDED DECLARATION OF JOHN BURLACU OF DONLIN, RECANO & COMPANY, INC. REGARDING THE SOLICITATION AND TABULATION OF VOTES CAST ON THE FIRST AMENDED COMBINED JOINT PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT OF CRED INC. AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

I, John Burlacu, declare, under penalty of perjury to the best of my knowledge, information, and belief:[2]

1. I am a Senior Director at Donlin, Recano & Company, Inc. ("DRC"), located at 6201 15th Avenue, Brooklyn, New York 11219. I am over the age of 18 years and competent to testify.

2. On March 4, 2021, I submitted the *Declaration of John Burlacu of Donlin, Recano & Company, Inc. Regarding the Solicitation and Tabulation of Votes Cast on the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

*Under Chapter 11 of the Bankruptcy Code* [ Docket No. 593] (the "Declaration").

3. I now submit this *Amended Declaration of John Burlacu of Donlin, Recano & Company, Inc. Regarding the Solicitation and Tabulation of Votes Cast on the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the "Amended Declaration") with respect to the solicitation of votes and the tabulation of votes cast on the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and It's Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 380], (as may be amended, supplemented, or otherwise modified, the "Combined Joint Plan of Liquidation and Disclosure Statement"). Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, information supplied to me by the Debtor or its advisors, including DRC, and my review of relevant documents. If I were called to testify, I could and would testify competently as to the facts set forth herein on that basis.

4. In accordance with the *Order Approving the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Advisor for Debtors, Effective Nunc Pro Tunc to Petition Date* [Docket No. 246], DRC was authorized to assist the Debtor in connection with, *inter alia*, soliciting, receiving, and tabulating Ballots accepting or rejecting the Combined Joint Plan of Liquidation and Disclosure Statement.

**I.    Service and Transmittal of Solicitation Packages and Related Information.**

5. On January 21, 2021, the Court entered the *Order Pursuant to Bankruptcy Code Sections 105, 502, 1125, 1126 and 1128, Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, and Local Rules 3017-1, 3017-2, 3018-1, and 3020-1: (I) Approving, on an Interim Basis, the Debtors' Disclosure Statement; (II) Establishing Voting Record Date; (III) Approving Solicitation Packages and Distribution Procedures; (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Joint Plan of Liquidation; (V) Approving Forms of Notices to Non-Voting Classes Under*

*Plan; (VI) Establishing Voting Deadline to Accept Or Reject Plan; (VII) Approving Procedures for Vote Tabulations; and (VIII) Establishing Hearing Date for Final Approval of Disclosure Statement and Confirmation of Joint Plan of Liquidation and Related Notice and Objection Procedures* (the "Disclosure Statement Order") [Docket No. 399] approving the Combined Joint Plan of Liquidation and Disclosure Statement on an interim basis and establishing, among other things, certain solicitation and voting tabulation procedures.

6. DRC worked with the Debtors and their advisors to solicit votes to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement and to tabulate the Ballots of creditors voting to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement in accordance with the Disclosure Statement Order. Except as otherwise noted, I could and would testify to the following based upon my personal knowledge.

7. Pursuant to the Combined Joint Plan of Liquidation and Disclosure Statement and Disclosure Statement Order, Holders of Claims in Classes 4 and 5 (the "Voting Classes") as of January 14, 2021 (the "Voting Record Date"), as set forth below, were entitled to vote to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement. No other Classes were entitled to vote on the Combined Joint Plan of Liquidation and Disclosure Statement.

| Class | Type of Claim |
|---|---|
| Class 4 | General Unsecured Claims |
| Class 5 | Convenience Claims |

8. On or around January 26, 2021, DRC posted links on the Debtor's restructuring website maintained by DRC at https://www.donlinrecano.com/Clients/cred/Index to provide parties with access to, among other documents, copies of the Combined Joint Plan of Liquidation and Disclosure Statement.

9.  In accordance with the Disclosure Statement Order, on January 26, 2021, DRC commenced distributing Solicitation Packages to holders of Claims in the Voting Classes as of the Voting Record Date. Proof of service of the Solicitation Packages and non-voting packages are set forth in the *Affidavit of Donlin, Recano and Company, Inc. Regarding Service of Solicitation Packages with Respect to the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and It's Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 491] and the *Supplemental Affidavit of Donlin, Recano and Company, Inc. Regarding Service of Solicitation Packages with Respect to the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and It's Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 497].

## II. General Tabulation Process.

10.  As specified in the Disclosure Statement Order, January 14, 2021 was established as the Voting Record Date for determining the holders of Claims in the Voting Classes entitled to vote to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement.

11.  Pursuant to the Disclosure Statement Order, DRC relied on the following information to identify and solicit holders of Claims in the Voting Class: (a) the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs filed with the Court; (b) the official claims register maintained by DRC as of January 14, 2021; (c) claims information pertaining to the Debtors' chapter 11 cases, as reflected in DRC's internal database to which this information was loaded; and (d) other information and instructions provided by the Debtors and/or their advisors. Using this information, and with guidance from the Debtors and their advisors, DRC created a voting database reflecting the name, address, voting amount, and classification of Claims in the applicable Voting Class. Using this voting database and the form of Ballots approved under the Disclosure Statement Order, DRC generated Ballots for holders of Claims entitled to vote to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement.

12. Ballots returned by online submission, regular mail, hand delivery, or overnight delivery were received by personnel of DRC at its office in Brooklyn, New York. Ballots received by DRC were processed in accordance with the Disclosure Statement Order. Upon receiving Ballots, DRC took the following actions:

a. The envelopes containing the Ballots were opened, and the contents were removed and stamped with the date and time received. Each Ballot was then scanned into DRC's system and sequentially numbered (the "Sequence Number");

b. DRC then entered into a computer database all pertinent information from each of the Ballots, including among other things, the date and time the Ballot was received, the Sequence Number, the voting dollar amount, and whether the creditor submitting the Ballot voted to accept or reject the Combined Joint Plan of Liquidation and Disclosure Statement.

13. In order for a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the Disclosure Statement Order and executed by the relevant holder, or such holder's authorized representative, and must have been actually received by DRC by 4:00 p.m. (Prevailing Eastern Time) on March 1, 2021 (the "Voting Deadline"). The Voting Deadline was further extended to 11:59 p.m. (Prevailing Eastern Time) on March 2, 2021 for all creditors either (a) submitting a Ballot for the first time, or (b) withdrawing a previously submitted Ballot. All Ballots were to be delivered to DRC as follows: (a) if by hand delivery, or overnight courier, to Donlin Recano Company, Inc., Re: Cred, Inc., Attn: Voting Department, 6201 15th Avenue, Brooklyn, New York 11219; (b) if by First Class mail, to Donlin Recano Company, Inc., Re: Cred, Inc., Attn: Voting Department, P.O. Box 199043 Blythebourne Station, Brooklyn, NY 11219; or (c) if by using the online vote portal, by visiting www.donlinrecano.com/clients/cred/vote and entering the Unique E-Ballot Identification number provided on the Ballot.

14. All validly executed Ballots cast by holders of Claims in the Voting Class received by DRC on or before the Voting Deadline were tabulated as outlined in the Disclosure Statement

Order.

15.     DRC is in possession of the Ballots received by it, and copies of the same are available for review during DRC's normal business hours at 6201 15th Avenue, Brooklyn, New York 11219.

### III.    The Voting Results.

16.     The results of the aforesaid tabulation of properly executed Ballots received on or before the Voting Deadline are set forth below and in the report annexed hereto as **Exhibit A** (the "Final Tabulation Results").

| CLASS | TOTAL BALLOTS RECEIVED | | | |
|---|---|---|---|---|
| | Accept | | Reject | |
| | AMOUNT (% of Amount Voted) | NUMBER (% of Number Voted) | AMOUNT (% of Amount Voted) | NUMBER (% of Number Voted) |
| Class 4 – General Unsecured Claims | $104,796,824.33 (79.91%) | 405 (93.97%) | $26,348,370.41 (20.09%) | 26 (6.03%) |
| Class 5 – Convenience Claims | $125,030.92 (95.07%) | 359 (92.29%) | $6,489.95 (4.93%) | 30 (7.71%) |

17.     In accordance with the Disclosure Statement Order, a complete list of all defective Ballots with explanatory defective codes is set forth on **Exhibit B**.

18.     Only two Ballots voting to reject, totaling $673,138.95 in amount, were deemed defective. The inclusion of these defective ballots would not have materially altered the Final Tabulation Results. If the defective ballots had been included in the Final Tabulation Results,

93.53% in number and 79.50% in amount of Class 4 – General Unsecured Claims would have voted to accept.

19. A report of any parties in the Voting Classes that checked the opt-out box on their Ballot and either abstained from voting on the Plan or voted to reject the Plan is attached hereto as **Exhibit C**. For the avoidance of doubt, this Amended Declaration does not certify the validity or enforceability of any opt-out elections received and reported on **Exhibit C** attached hereto, but rather this Amended Declaration is providing such information for reporting and information purposes only.

20. Certain parties in the Voting Classes voted to Accept the Plan but also checked the opt-out box on their Ballot. Attached hereto as **Exhibit D** is a report of parties that completed their Ballots in this fashion and expressly requested from the Debtors a waiver of this irregularity in advance of the Voting Deadline. With respect to the parties listed on Exhibit D, the Debtors have agreed to waive this irregularity, in accordance with Paragraph 26 of the Disclosure Statement Order, and to count these Acceptances and permit these parties to opt out of the Releases.

21. Attached hereto as **Exhibit E** is a report of parties that voted to Accept the Plan and also checked the opt-out box on their Ballot, but did not request a waiver from the Debtors in advance of the Voting Deadline. With respect to the parties listed on Exhibit E, the Debtors have determined, in accordance with Paragraph 26 of the Disclosure Statement Order, to count these Acceptances but not permit these parties to opt out of the Releases. Inclusion of the parties listed on Exhibit E as accepting the Plan did not have a material impact on the voting results. If the Ballots submitted by these parties were rejected in their entirety (i.e., not counted as either an Acceptance or a Rejection), the voting results for Class 4 would be as set forth below, demonstrating sufficient creditor support to confirm the Plan:

|  | Number | Number% | Amount | Amount% |
|---|---|---|---|---|
| **Accept** | 357 | 92.97% | $87,797,984.45 | 76.92% |
| **Reject** | 27 | 7.03% | $26,348,370.41 | 23.08% |
| **Total** | 384 |  | **$114,146,354.86** |  |

Similarly, if the Ballots submitted by these parties were rejected in their entirety (i.e., not counted as either an Acceptance or a Rejection), the voting results for Class 5 would be as set forth below, demonstrating sufficient creditor support to confirm the Plan:

|  | Number | Number% | Amount | Amount% |
|---|---|---|---|---|
| **Accept** | 252 | 90.32% | $88,011.92 | 93.13% |
| **Reject** | 27 | 9.68% | $6,489.95 | 6.87% |
| **Total** | 279 |  | **$94,501.87** |  |

I declare under penalty of perjury that the foregoing is true and correct and to the best of my knowledge, information and belief.

Dated:  March 6, 2021

Brooklyn, New York

*/s/ John Burlacu*

John Burlacu, Senior Director
Donlin, Recano & Company, Inc.