## **EXHIBIT A**

Revised Proposed Order

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket Nos. 584, 586** |
| | ) | |

## ORDER (I) AUTHORIZING EXAMINATIONS, (II) DIRECTING THE PRODUCTION OF DOCUMENTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Local Rule 2004-1, (i) authorizing the Bankruptcy Rule 2004 examination of the Entities and (ii) directing the production of documents; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court finding that Bankruptcy Rule 2004 examinations of the Entities are appropriate for the

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

reasons set forth in the Motion, and that the time for compliance with subpoenas for the

production of documents is reasonable; and after due deliberation and sufficient cause appearing

therefor, it is hereby ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Committee and the Cred Liquidation Trust, including the trustees of such

trust (the "Trust"), are authorized, in their sole discretion, pursuant to Bankruptcy Rule 2004 and

Local Rule 2004-1, to serve subpoenas on the Entities requesting information, the production of

documents, or the examination of witnesses related to the Suspect Transactions. The Entities

shall respond to the information requests, produce the requested documents, and schedule

examination of witnesses responsive to such subpoenas on or before fourteen (14) days from

service of such subpoenas at the offices of McDermott Will & Emery LLP, 340 Madison

Avenue, New York, NY 10173, or at such other time or location or in such other form as the

Entities and counsel for the Committee or the Trust may hereafter agree.

3.      The Trust shall be deemed the Committee's successor-in-interest with respect to

any subpoenas served by the Committee pursuant to this Order, as if such subpoenas had been

served by the Trust.

4.      The Committee and the Trust are authorized and empowered to take any and all

actions necessary to implement the terms of this Order including, but not limited to, issuing

discovery requests and subpoenas.

5.      The Committee's and the Trust's rights are reserved to request additional

discovery and/or examination, including, without limitation, requests based on any information

that may be revealed as a result of the discovery authorized pursuant to this Order.

6.      This Order is without prejudice to the rights of the Committee and the Trust to seek further discovery of any other entity.

7.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.