## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: April 5, 2021 at 4:00 p.m. (ET)** |

## SUMMARY OF FOURTH MONTHLY APPLICATION OF COUSINS LAW LLC FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH FEBRUARY 28, 2021

| | |
|---|---|
| Name of Applicant: | Cousins Law LLC |
| | Retention Order Entered December 18, 2020 *Nunc Pro Tunc* to November 8, 2020 |
| Authorized to Provide Professional Services to: | Cred Inc. (Debtors) |
| Period for which compensation and Reimbursement is sought: | February 1, 2021 through February 28, 2021 |
| Amount of Compensation sought as actual, reasonable and necessary: | $64,995.00 (80% = $51,996.00) (20% = $12,999.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $728.45 |

This is a(n) ___ interim  X  monthly ___ final fee application.

This application includes approximately 11.80 hours and associated fees of approximately $5,090.00 in connection with the preparation of fee applications.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## MONTHLY APPLICATION HISTORY

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 1/8/21 | 11/08/20 – 11/30/20 | $73,155.00 | $479.25 | $58,524.00 | $479.25 |
| 1/22/21 | 12/01/20 – 12/31/20 | $140,640.00 | $1,962.10 | $112,512.00 | $1,962.10 |
| 2/16/21 | 1/01/21 – 1/31/21 | $75,405.00 | $297.80 | $60,324.00 | $297.80 |
| **Total:** | | **$289,200.00** | **$2,739.15** | **$231,360.00** | **$2,739.15** |

## INTERIM APPLICATION HISTORY

None

## COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Scott D. Cousins | Partner, Bankruptcy | $750.00 | 71.20 | $53,400.00 |
| Scott D. Jones | Associate, Bankruptcy | $350.00 | 24.30 | $8,505.00 |
| Aran Heining | Paralegal | $150.00 | 20.60 | $3,090.00 |
| **Grand Total:** | | | **116.10** | **$64,995.00** |
| **Blended Rate:** | | | | **$559.82** |

## COMPENSATION BY PROJECT CATEGORY

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| B110 | Case Administration | 16.0 | $5,100.00 |
| B120 | Asset Analysis | 22.0 | $16,500.00 |
| B150 | Meetings of and Communications with Creditors | 2.10 | $1,575.00 |
| B160 | Fee/Employment Applications | 11.80 | $5,090.00 |
| B180 | Avoidance Action Analysis | 7.30 | $5,475.00 |
| B185 | Assumption/Rejection of Leases and Contracts | 2.70 | $2,025.00 |

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| B230 | Financing/Cash Collections | 0.20 | $150.00 |
| B310 | Claims Administration and Objections | 2.30 | $1,725.00 |
| B320 | Plan and Disclosure Statement (Including Business Plan) | 6.50 | $3,915.00 |
| L140 | Document/ File Management | 9.60 | $1,440.00 |
| L210 | Pleadings | 2.00 | $1,500.00 |
| L250 | Other Written Motions and Submissions | 2.70 | $945.00 |
| L450 | Trial and Hearing Attendance | 30.90 | $19,555.00 |
| **Total:** | | **116.10** | **$64,995.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (If Applicable) | Total Expenses |
|---|---|:---:|
| Trial Transcripts | Reliable Company | $728.45 |
| **Total:** | | **$728.45** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al*., | ) | Case No. 20-12836 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**FOURTH MONTHLY APPLICATION OF COUSINS LAW LLC**
**FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH FEBRUARY 28, 2021**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, §§ 101 –

1532, as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), and the Court's *Revised Order Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses for Retained Professionals* [Docket No. 269] (the "Interim

Compensation Order"), Cousins Law LLC (the "Applicant"), attorneys for the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Fourth Monthly*

*Application of Cousins Law LLC for Payment of Compensation and Reimbursement of Expenses*

*for the Period from February 1, 2021 through February 28, 2021* (the "Application").  By this

Application, Cousins Law seeks a monthly interim approval and allowance of compensation in

the amount of $64,995.00 and reimbursement of actual expenses in the amount of $728.45, for

an aggregate total of $65,723.45 in accordance with the Interim Compensation Order.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

Accordingly, Cousins Law hereby seeks payment of $51,996.00 (80% of the allowed fees) and reimbursement of $728.45 (100% of allowed expenses), for an aggregate total payment of $52,724.45 for the period from February 1, 2021 through and including February 28, 2021 (the "Interim Fee Period"). In support of this Application, the Applicant respectfully represents as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## Background

4.      On November 8, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting*

*Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].  On December 3, 2020, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors [Docket No. 120] (the "Committee").  On January 8, 2020, the Court appointed Robert J. Stark, Esq., as Examiner in these chapter 11 cases [Docket No. 338].

6.      On November 18, 2020, the Debtors filed an application to retain and employ Cousins Law as counsel, effective as of the Petition Date [Docket No. 53] (the "Retention Application").  On December 18, 2020, the Court entered the *Order Authorizing Debtors to Employ and Retain Cousins Law LLC as Co-Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [Docket No. 245] (the "Retention Order").  The Retention Order authorizes the Applicant to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

7.      By this Application, in accordance with the Interim Compensation Order, the Applicant requests (i) interim allowance of compensation for professional services rendered to the Debtors during the Interim Fee Period and expenses incurred in connection therewith in the amount of $64,995.00 and $728.45, respectively, and (ii) payment of $51,996.00 (representing 80 percent of the allowed fees) and $728.45 (representing 100 percent of the allowed expenses). All services for which compensation is requested were performed for or on behalf of the Debtors.

8.      During the Interim Fee Period, the Applicant received no payment or any promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or

3

understanding between the Applicant and any other person, other than the attorneys and employees of the Applicant, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

9.      The fees charged by the Applicant in these chapter 11 cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period and in accordance with the Retention Order.  The rates the Applicant charged for the services rendered by its professionals and paraprofessionals during the Interim Fee Period are no greater than the rates the Applicant charged for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  The Applicant's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

10.      To the best of the Applicant's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, and the Interim Compensation Order. To the extent necessary, the Applicant requests a waiver for cause shown of any such requirement not met by this Application.

11.      The Applicant maintains computerized records of the time spent by all the Applicant's attorneys and paraprofessionals in connection with its representation of the Debtors. Attached hereto as **Exhibit A** is a true and correct copy of the Applicant's fee statement for services performed for the Debtors during the Interim Fee Period (the "Fee Statement").  The Fee Statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of the Applicant's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules

and the Interim Compensation Order.  The time reports are organized on a daily basis.

12.     The Applicant's time records comply with the requirements set forth in Local

Rule 2016-2 and the *Department of Justice Appendix B Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under the United States Code by*

*Attorneys in Larger Chapter 11 Cases*, as described below in greater detail.

### Summary of Services Rendered

13.     The Applicant's primary focus has been to move the Debtors through the

bankruptcy process in an efficient, timely, and value-maximizing manner.  The services rendered

by the Applicant during the Interim Fee Period are grouped into the project categories set forth in

the Fee Statement.  The attorneys and paralegals who rendered services relating to each category

are identified, along with the number of hours for each individual and the total compensation

sought for each category, in the Fee Statement.

14.     The professional services set forth in the Fee Statement (a) were necessary and

appropriate to the administration of these chapter 11 cases, (b) were in the best interests of the

Debtors, the estates, and their stakeholders, and (c) were provided without unnecessary

duplication of effort or expense.  Compensation for the services as requested is commensurate

with the complexity, importance, and nature of the problems, issues, and tasks involved.  The

professional services were performed skillfully and efficiently.

### Valuation of Services

15.     The Fee Statement for the Interim Fee Period is attached hereto as **Exhibit A**.

16.     All of the services during the Interim Fee Period were rendered by the Applicant's

restructuring and corporate attorneys and paraprofessionals.  The Applicant has extensive

experience and knowledge in the field of debtors' and creditors' rights, business reorganizations

and liquidations under chapter 11 of the Bankruptcy Code, expertise, experience and knowledge

in practicing before this Court, and the ability to respond quickly to emergency hearings and other emergency matters.  Moreover, the Applicant brings to these chapter 11 cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

17.    The Applicant has been involved in a meaningful way in all facets of the Debtors' chapter 11 cases and continues to fulfill its duties in representing the Debtors.  The Applicant submits that in view of its integral role in every aspect of these chapter 11 cases, its request for compensation and reimbursement of expenses is reasonable and warranted.

18.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Applicant respectfully submits that the amount requested here is fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**Actual and Necessary Disbursements**

19.    The Applicant requests allowance and payment of actual and necessary expenses incurred during the Interim Fee Period in the aggregate amount of $728.45.  Attached hereto as **Exhibit B** is a summary of such expenses.  It is the Applicant's policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The Applicant charged at actual cost for all ancillary services and expenses such as photocopying, scanning, messenger and courier services, court reporter services, filing fees, online or computerized research, litigation support service, document processing, facsimile, postage, printing, travel related expenses, parking and similar expenses, whether internal or paid to third parties.

20.     Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure, Cousins Law represents as follows with regard to its charges for actual and necessary costs and expenses incurred during the Application Period:

(a)     Copy Charges were $.10 per page, which charge is reasonable and customary in the legal industry and represents the costs of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of related expenditures.  In addition, Cousins Law often utilizes outside copier services for high volume projects, and this Application seeks the recovery of those costs, if applicable;

(b)     Incoming facsimiles are not billed;

(c)     Out-going facsimiles are billed at the rate of $1.00 per page.  The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of related expenditures;

(d)     Toll telephone charges are not billed; and

(e)     Computer assisted legal research charges are billed at actual costs.

21.     The Applicant believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, the Applicant believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Reservation

22.     To the extent that time or disbursements for services rendered relate to the Interim Fee Period but were not processed before the preparation of, or included in, this Application, or the Applicant has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Interim Fee Period, the Applicant reserves the right to request compensation for such services and reimbursement of such expenses in a supplemental or future application.

**Notice**

23.      In accordance with the Interim Compensation Order, the Applicant has provided

notice of this Application to: (a) the U.S. Trustee, (b) counsel to the Committee, and (c) those

parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The

Applicant submits that no other or further notice need be given.

**No Prior Request**

24.      No prior request for the relief sought in this Application has been made to this or

any other court.

**WHEREFORE**, the Applicant respectfully requests (i) interim allowance of

compensation for professional services rendered to the Debtors during the Interim Fee Period

and reimbursement of expenses incurred in connection therewith in the amount of $64,995.00

and $728.45, respectively, (ii) payment of $51,996 (representing 80 percent of the allowed fees)

and $728.45 (representing 100 percent of the allowed expenses) for a total payment of

$52,724.45 in accordance with the Interim Compensation Order, (iii) that allowing such

compensation for professional services rendered and reimbursement of actual and necessary

expenses incurred be without prejudice to the Applicant's right to seek further compensation for

the full value of services performed and expenses incurred, and (iv) such other and further relief

as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: March 15, 2021
      Wilmington, Delaware

/s/ Scott D. Cousins

Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile:    (302) 295-0331
Email:    scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:    jamesgrogan@paulhastings.com
             mackwilson@paulhastings.com

- and -

Pedro A. Jimenez (admitted *pro hac vice*)
Avram Emmanuel Luft (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:    pedrojimenez@paulhastings.com
             aviluft@paulhastings.com

*Co-Counsel to the Debtors*

9

**CERTIFICATION**

I, Scott D. Cousins, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      a.      I am an attorney with the applicant firm, Cousins Law LLC, and have been admitted to the bar of the State of Delaware since 1992.

      b.      I have personally performed many of the legal services rendered by Cousins Law as counsel to the Debtors and am familiar with the other work performed on behalf of the Debtors in their chapter 11 cases by the lawyers and paraprofessionals in the firm.

      c.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such rule.

I, Scott D. Cousins, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 15, 2021
        Wilmington, Delaware

                                      */s/ Scott D. Cousins*
                                        Scott D. Cousins (No. 3079)