IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 643** |

**MOTION TO SHORTEN TIME FOR NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) HOLDING JAMES ALEXANDER IN CONTEMPT OF COURT AND (II) ISSUING A BENCH WARRANT FOR THE ARREST AND DETENTION OF JAMES ALEXANDER**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the time for notice of the hearing to consider the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Holding James Alexander in Contempt of Court and (II) Issuing a Bench Warrant for the*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Arrest and Detention of James Alexander* (the "Contempt Motion"),[2] filed contemporaneously herewith. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Local Rule 9013-1(f) the Committee confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rules 2002(a)(3) and 9006(c)(1), and Local Rule 9006-1(e).

## BACKGROUND

4. On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 3, 2020, the Office of the United States Trustee appointed the Committee. Docket No. 120. On January 8, 2021, the Court appointed Robert J. Stark as examiner. Docket No. 338.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Contempt Motion.

6. On February 3, 2021, the Committee filed the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting (I) Temporary Restraining Order and Preliminary Injunction Against James Alexander and (II) Related Relief* (the "Emergency Motion"). *In re Cred Inc.*, et al., No. 20-12836, Adv. Proc. No. 20-51006, D.I. 6 (Bankr. D. Del. Feb. 3, 2021). On February 5, 2021, the Court entered the *Order Approving the Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting (I) Temporary Restraining Order and Preliminary Injunction Against James Alexander and (II) Related Relief* [Docket No. 486] (the "Emergency Order"). Alexander has failed to comply with the Emergency Order. Accordingly, the Contempt Motion requests (i) a finding of contempt against Alexander and (ii) the issuance of a bench warrant for his arrest and detention until he complies with the Emergency Order.

## RELIEF REQUESTED

7. By this Motion, the Committee requests entry of an order in the form attached hereto as **Exhibit A**, shortening the time for notice of the Contempt Motion.

## BASIS FOR RELIEF REQUESTED

8. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Del. Bankr. L.R. 9006-1(e).

9. Under Local Rule 9006-1(c)(i), motions must ordinarily be filed and served fourteen (14) days prior to the applicable hearing date. Del. Bankr. L.R. 9006-1(c)(i).

10. Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. Del. Bankr. L.R. 9006-1(c)(ii). However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice" and no hearing on such a motion is required. Del. Bankr. L.R. 9006-1(e).

11. As detailed in the Contempt Motion, Alexander has demonstrated complete disregard for the Emergency Order and has repeatedly refused to comply with it. Alexander's actions have directly impeded the Committee's efforts to recover assets of the Debtors' estates that are still in Alexander's possession. Furthermore, Alexander has refused to produce documents he was ordered to provide to the Committee concerning the Debtors' assets in his possession.

12. Specifically, although Alexander has returned some cryptocurrency and cash, there is a significant amount of Cred Cryptocurrency and the proceeds of liquidations of Cred Cryptocurrency that is still unaccounted for. Alexander has failed to identify and produce documents regarding each transaction, explain the reasons for the transaction, and identify all parties to each transaction. Alexander has failed to produce information or explanations of where the Cred Cryptocurrency and money that he took from Cred was spent, who it was sent to, why each transaction was executed, and where the remaining cryptocurrency and cash is currently located, all as explicitly ordered by this Court.

13. The need for detailed information of these various transactions is even more acute here than might ordinarily be the case because of the nature of the cryptocurrency transactions

Alexander engaged in. Alexander traded Cred Cryptocurrency on a number of different Coinbase accounts and he also engaged in "off exchange" transactions where cryptocurrency is traded and transferred to and from private wallets that are not associated with exchanges. When Alexander provided certain of the Cred Cryptocurrency back to the Debtors, it was not held within Coinbase or another regulated cryptocurrency exchange. Rather, that cryptocurrency was being stored in an off-exchange wallet. This makes transactions significantly more difficult to track and trace. That is why detailed information and explanations of the transactions, reasons for the transactions, and the natural persons or entities on each side of the transaction is critical.

14. Similarly, there is no explanation for the late January 2021 transfers of Cred Cryptocurrency. Nor is there an explanation as to why the Debtors have not received the full amount of the fiat currency Alexander received when he liquidated 100 Bitcoin on January 17, 2021 and where that fiat is presently located.

15. The information Alexander has submitted fails to explain any of the Cred Cryptocurrency transactions, cash withdrawals, or other transfers to third parties. Accordingly, the Contempt Motion is necessary to not only recover the Debtors' assets before they are dissipated, hidden, lost, or otherwise rendered unrecoverable by Alexander, but to obtain documents and information to identify whether there are additional Debtor assets to be recovered.

16. Additionally, cause exists to shorten the time for notice of the Contempt Motion because if Alexander is given additional time, he will likely continue to take pre-emptive steps to undermine the Emergency Order. Alexander has repeatedly demonstrated his willingness to ignore court orders, including: (i) by transferring large sums of cryptocurrency on the eve of a preliminary injunction hearing in the California Action (as defined in the Contempt Motion);

(ii) surreptitiously transferring 100 BTC of the Debtors', in direct violation of the California Freeze Orders, while this adversary proceeding commenced by the Debtors was pending against him; (iii) withdrawing $170,000 of cash proceeds from Debtors assets immediately following the Committee's filing of the Emergency Motion; and (iv) filing a voluntary petition for chapter 11 relief in the middle of a Court-ordered deposition to halt the deposition.  In light of the relief requested in the Contempt Motion, it is clear that given the opportunity, Alexander will take additional measures to frustrate the Court, the Debtors, and the Committee.

17. Accordingly, the notice provided to parties-in-interest is an appropriate amount of time given the balance between providing notice and the very real danger that Alexander will take extraordinary, illegal actions to combat the Contempt Motion.  Moreover, the discovery and information that Alexander is required to turnover pursuant to the Emergency Order was due weeks ago.  Thus, Alexander has no excuse as to not having such information and assets readily available to be turned over.

18. Consistent with its obligations under Local Rule 9006-1(e), the Committee notified the Debtors and the U.S. Trustee of its intent to request shortened notice and requested their consent to do so.  The Debtors confirmed that they do not object while the U.S. Trustee did not take a position regarding the relief requested herein.  Nonetheless, for the reasons stated above, the Committee respectfully requests the Court shorten notice as set forth herein.

**NO PRIOR REQUEST**

19. No previous request for the relief requested herein has been made to this or any other court.

## NOTICE

20.     Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the U.S. Trustee for the District of Delaware, (iii) counsel to Alexander in these Chapter 11 Cases, (iv) counsel to Alexander in the Alexander Bankruptcy, and (v) parties that have requested notice pursuant to Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

**WHEREFORE**, the Committee requests entry of an order in the form attached hereto as **Exhibit A** shortening the time for notice of the Contempt Motion.

Dated: Wilmington, Delaware
March 15, 2021

**MCDERMOTT WILL & EMERY LLP**

/s/     *David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to the Official Committee of Unsecured Creditors*