**EXHIBIT B**

**California Action Preliminary Injunction Order**

```
2:00
  LINE: 4
20-CIV-02915    CRED INC., ET AL. VS. JAMES ALEXANDER, ET AL.


CRED, INC.                                          PETER M. STONE
JAMES ALEXANDER
```

MOTION FOR PRELIMINARY INJUNCTION
**TENTATIVE RULING:**

**In weighing the relevant factors, the Court finds that the balance of hardships weighs in favor of Plaintiffs; that Plaintiffs have demonstrated a likelihood of success on the merits of its conversion and breach of duty claims which also weighs in favor of an injunction; and that the requested relief is narrowly tailed to preventing future harm and preserving the status quo. Thus, for the reasons set forth above, the Court converts the TRO to a preliminary injunction IN PART. As to requiring Defendant, within forty-eight (48) hours to identify under oath any blockchain addresses containing digital assets belonging to Plaintiffs, etc., this request is DENIED, as it appears this is better handled in discovery and is not related to maintaining the status quo. Further, this request was not addressed in the Application and no support for this request was provided. The Objection to the Reply is OVERRULED. The allegations made and document introduced in the Reply Declaration have been made and introduced elsewhere, in the instant matter and/or in the related matter. Thus, Defendant has had an opportunity to respond and has done so. Therefore, the Court, in its discretion, accepts the evidence provided in the Reply. (<u>Alliant Ins. Services, Inc. v. Gaddy</u> (2008) 159 Cal.App.4th 1292, 1308, 72 Cal.Rptr.3d 259 [in preliminary injunction proceeding, "the trial court had discretion whether to accept new evidence with the reply papers"].)**

POSTED:  **5:46 PM**