**EXHIBIT K**

**Stay Relief Order**

Gregory R. Jones (Cal. Bar No. 229858)
**McDermott Will & Emery LLP**
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Telephone: (310) 284-6140
Facsimile: (310) 277-4730
E-mail: gjones@mwe.com

Timothy W. Walsh (NY Bar No. 4911673) (*pro hac vice* pending)
Darren Azman (NY Bar No. 2436152) (*pro hac vice* pending)
**McDermott Will & Emery LLP**
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

Counsel to the Official Committee of Unsecured Creditors of Cred Inc., *et al.*

Justin Rawlins (Cal. Bar No. 209915)
**Paul Hastings LLP**
515 South Flower Street Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6130
Facsimile: (213) 996-3130

James T. Grogan (TX Bar No. 24027354) (*pro hac vice* pending)
**Paul Hastings LLP**
600 Travis St., Floor 58
Houston, Texas 77002
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Counsel to Cred Inc., *et al.*

FILED & ENTERED

FEB 25 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER, JAMES,<br><br>　　　　Debtor. | Case No. 21-10214-MB<br><br>Chapter 11<br><br>**ORDER GRANTING, IN PART, CRED INC., *ET AL.* AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CRED INC., *ET AL.*'S JOINT EMERGENCY OMNIBUS MOTION FOR (I) RELIEF FROM THE AUTOMATIC STAY AND (II) TRANSFER OF VENUE**<br><br>[LBR 2080-1, 9075-1] |

1" = "1" "DM_US 177192562-3.113270.0011" "" DM_US 177192562-3.113270.0011

1  Upon consideration of *Cred Inc., et al. and the Official Committee of Unsecured Creditors of Cred Inc., et al.'s Joint Emergency Omnibus Motion for (I) Relief from the Automatic Stay and (II) Transfer of Venue* [Docket No. 16] (the "<u>Motion</u>") and the Opposition to the Motion filed by James Alexander, debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case ("<u>Alexander</u>");[1] and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need by provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and a hearing having been scheduled and held to consider the relief requested in the Motion on February 16, 2021 (the "<u>Hearing</u>"); and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, <u>and having considered Alexander's objections to the form of this order, as proposed by the Movants,</u> it is HEREBY ORDERED THAT:

1. The Motion is GRANTED <u>in part</u>, to the extent set forth herein.

2. ~~The~~ <u>As announced at the hearing on the Motion,</u> Movants ~~shall be~~<u>are</u> granted relief from the automatic stay<u>, effective February 16, 2021 at 4:05 pm (PST) (i.e., the conclusion of such hearing),</u> to enforce the Delaware Order entered by the Delaware Bankruptcy Court on February 5, 2021<u>, to the extent the Delaware Order</u>, ~~nunc pro tunc to February 16, 2021 at 4:05 p.m. (PST), which~~ requires:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 2 -

  a. Mr. Alexander to submit to the Movants:

    i. A declaration that (i) identifies the Cred assets, including cryptocurrency, that Mr. Alexander has in his possession or had in his possession, how he obtained such assets, where such assets were transferred, how such assets were liquidated, and where the liquidated funds are currently located and (ii) provides an explanation for the use of Cred funds subsequent to the initial transfer of cryptocurrency from Cred, as well as an explanation for why Alexander liquidated the cryptocurrency, how the cryptocurrency was liquidated, where the funds are located, who received the funds, and the basis for why the funds were transferred or paid to third parties;

    ii. Expedited discovery regarding Cred assets, including cryptocurrency, that Mr. Alexander has in his possession or had in his possession, how he obtained such assets, where such assets were transferred, how such assets were liquidated, and where the liquidated funds are currently located;

    iii. Expedited discovery on all of Mr. Alexander's personal assets, including Mr. Alexander's cryptocurrency and cash holdings;

    iv. Expedited discovery regarding the difference between Cred's 224.98993 Bitcoin and $204,567 USDC that was misappropriated by Mr. Alexander and the cryptocurrency and cash provided by Alexander to Cred to date;

    v. Expedited discovery explaining each of Mr. Alexander's transfer of Cred property; and

    vi. Expedited discovery regarding the identity of entities or individuals that received transfers of Cred assets from Mr. Alexander.

  b. Mr. Alexander to attend a scheduled deposition.[2]

  c. Mr. Alexander to <u>immediately</u> turnover the following Cred assets to Cred (collectively, the "<u>Assets Subject to Turnover</u>"):

    i. $170,000 that Mr. Alexander transferred to himself ($100,000), withdrew in cash ($60,000), or claims to have written as a counter-check ($10,000) on February 3, 2021 and February 4, 2021 from Mr. Alexander's Wells Fargo Account (9285);

    ii. The remainder of the proceeds of Mr. Alexander's January 16, 2021 and January 17, 2021 Bitcoin transactions ($604,751.19);

---

[2] On February 9, 2021, the Movants began a deposition of Mr. Alexander; however, the February 9, 2021 deposition was stayed as a result of this chapter 11 case and was not completed.

- 3 -

1" = "1" "DM_US 177192562-3.113270.0011" "" DM_US 177192562-3.113270.0011

  iii. All cryptocurrency remaining in Mr. Alexander's Coinbase accounts held by al3xander.james@gmail.com and james@levelcapital.io, including BTC, DAI, ETH, and USDC;

  iv. $45,295.38 which remained in Mr. Alexander's JP Morgan Chase account following Mr. Alexander's transfer of $35,000 to Cred on February 8, 2021;

  v. All remaining assets in Mr. Alexander's ledger wallet, including DAI, Aave Interest bearing DAI, Dai Stablecoin v.20, USDC, USDT, ETH, Compound;

  vi. All remaining assets that Mr. Alexander deposited with IDLE or are otherwise subject to smart contracts with IDLE;

  vii. $204,567 USDC that Mr. Alexander received on June 24, 2021;

  viii. All cash Mr. Alexander withdrew from Mr. Alexander's Wells Fargo Account (9285) since August 2020;[3]

  ix. Macbook Pro, Serial Number: SC02CLK4HMD6M;

  x. Ipad, Serial Number: DMPZM21CLMV7; and

  xi. Samsung SSD External Drive, Serial Number: S49WNSON307389.

~~3. Mr. Alexander shall comply with the Delaware Order.~~

3. This Order is not intended and should not be construed to interpret the nature and extent of the relief ordered by the Delaware Court in the Delaware Order. This Order is intended to grant relief from the automatic stay to permit the enforcement of the Delaware Order, but only to the extent of the matters described in the subparagraphs of Paragraph 2 above. As the Court explained at the hearing on the Motion, it is the purview of the Delaware Court to interpret and enforce its own orders. The purpose of enumerating the matters set forth in Paragraph 2 is not to undertake such an interpretation but simply to define the limits of the stay relief being granted hereunder. Accordingly, to the extent Mr. Alexander argues that his turnover obligations under

---

[3] Other than the $70,000 of cash withdrawals referenced *supra*, Mr. Alexander withdrew an additional $107,410 in cash from the Wells Fargo Account (9285) since August 2020.

- 4 -

Case 1:21-cv-02104-MN Doc 52 Filed 02/25/21 Page 6 of 7
Case 2:21-bk-12826-DS Doc 64 Filed 02/15/21 Entered 02/15/21 11:22:01 Desc
Main document    Page 5 of 6

1  the Delaware Order are subject to terms and conditions that are not expressly described in

2  Paragraph 2 above, see Case Docket No. 46 at 13 (Alternate Form of Order), his ability to make

3  that argument to the Delaware Court is fully preserved. Nothing in this Order adjudicates that

4  question. To the contrary, the rights of all parties with respect to the scope and meaning of the

5  Delaware Order are fully preserved.[4]

6      4.     The relief requested in the Motion as to the transfer of venue of this chapter 11

7  case shall be continued to **March 23, 2021 at 1:30 p.m. (PST)**.

    a. The Movants shall have until **March 2, 2021** to submit supplemental briefing as to the transfer of venue.

    b. Mr. Alexander shall have until **March 15, 2021** to submit his response to the request to transfer venue.

    c. The Movants shall have until **March 19, 2021** to submit their replies to Mr. Alexander's response, if any.

    5.     Subject to the provisions of Paragraph 2, t~~T~~he terms and conditions of this Order ~~shall be~~are immediately effective and enforceable upon its entry.

    6.     This order shall be binding on Mr. Alexander as well as any trustee that may be appointed in this chapter 11 case or upon conversion of this chapter 11 case to one under chapter 7 of the Bankruptcy Code.

    7.     The Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

---

[4] Likewise, to the extent Mr. Alexander has issues with the scope of the discovery ordered by the Delaware Court, he must raise those issues with the Delaware Court. Mr. Alexander objected to the inclusion in this order of subparagraph 2.a.iii, which provides relief from stay to permit discovery regarding his personal assets. *See* Case Docket No. 46 at 12. If that is what the Delaware Court ordered, this Court hereby lifts the automatic stay to require Mr. Alexander's compliance with such discovery. The estate representatives in this case and in the Delaware case ultimately will need to sort out which assets belong to which estate. There may be disputes as to these issues. Accordingly, it is perfectly appropriate for the Movants to conduct discovery of Mr. Alexander as to those assets he claims are personal to his estate, in addition to those he acknowledges belong to the corporate debtors.

- 5 -

Not approved, objection to follow.

/s/ David B. Golubchik
David B. Golubchik
Levene, Neale, Bender, Yoo & Brill L.L.P.
Proposed Bankruptcy Counsel to James Alexander

###

Date: February 25, 2021

Martin R Barash
United States Bankruptcy Judge

- 6 -

1" = "1" "DM_US 177192562-3.113270.0011" "" DM_US 177192562-3.113270.0011