**EXHIBIT O**

**February 7, 2021 Email Correspondence
Regarding the Alexander Declaration**

| | |
|---|---|
| **From:** | Evans, Joseph |
| **Sent:** | Sunday, February 7, 2021 4:45 PM |
| **To:** | Pfeiffer, Mark; Grivner, Geoffrey G.; Thomas V. Reichert |
| **Cc:** | Avram Luft (aviluft@paulhastings.com); Azman, Darren; Grogan, James T.; Walsh, Timothy |
| **Subject:** | RE: Alexander declaration |

Mark,

The declaration James Alexander submitted is plainly insufficient. On February 5, 2021, the Court Ordered (the "Order") that Alexander was required to submit a detailed declaration by 4PM on Friday, February 5, 2021. (*See* Hearing Tr. at 31 ("I'll order the declaration to be submitted by 4 p.m. today").) Alexander failed to do so. Alexander finally submitted the declaration at approximately 8PM on Saturday, February 6, 2021. Despite being more than 24 hours late, the declaration contained only nine paragraphs and did not provide any of the explanations of the various transactions at issue and the current location of Debtors' assets. The Order required Alexander to provide this information in detail. Alexander is in clear violation of the Order.

The Order required Alexander to submit a detailed declaration by February 5, 2021 at 4PM which includes the following:

1. "I order him to submit a declaration by sometime today that lays out exactly what he has, when he got it, how he got it, where it was transferred to, how it was liquidated, where the liquidated funds are located." (*See* Hearing Tr. at 24.)

2. "He should also address the differences between the 225 Bitcoin that Ms. Clegg has been able to trace, that was transferred from Cred Capital to Mr. Alexander, and his assertion that he only took possession of 150 Bitcoin. I want to know, well, how – what's the basis for that distinct difference between the two." (*See* Hearing Tr. at 33.)

3. "He should also provide an explanation for each of the transfers subsequent to the initial transfer of all the Bitcoin, as well as an explanation for why he liquidated the Bitcoin and where that money is located." (*See* Hearing Tr. at 35.)

4. "When he's describing the transfer's, he's describing who the funds were – or who the Bitcoin or who the funds were transferred to and where they're currently residing so – and not just some anonymous account number. He has to provide full disclosure here." (*See* Hearing Tr. at 37.)

5. "I'll order the declaration to be submitted by 4 p.m. today." (*See* Hearing Tr. at 31.)

Alexander has violated the Order by merely providing vague statements that he "had 225 Bitcoin held by Cred Capital, Inc. transferred to my personal account" and then providing no explanation about what happened to that 225 Bitcoin. Alexander does not explain why he was only able to transfer 49.9980892 Bitcoin and $2,773,489.24 USDC to the Debtors on February 5, 2021. As Alexander admits, he received 225 Bitcoin. As of the time of this email, 225 Bitcoin is worth $8,572,635. Alexander has transferred 49.9980892 BTC (worth $1,904,957.20) and $2,773,438.24 in USDC. That is a total of $4,678,395.44. Where is the other $3,894,239.56?

Paragraph 8 merely states that "prior to the hearing in California on the Temporary Restraining Order, I liquidated 75 Bitcoin, the proceeds of which were deposited into a Coinbase account." This vague explanation does not provide the dates of the transactions, the reasons for the transactions, the parties to the transactions, the transaction IDs and digital wallet addresses, which coinbase account the "proceeds" were transferred into, who owns and controls that coinbase account, and where the proceeds of that 75 Bitcoin are now. Alexander then says that "in August 2020, I transferred the ***remaining amounts*** to a bank account at Wells Fargo." What are the "remaining amounts"? What happened to the rest of the proceeds of the 75 Bitcoin? The "Wells Fargo Account" does not contain anywhere near $3,894,239.56. The

1

information provided about the Wells Fargo Account also indicates that it never had anywhere near the value of 75 Bitcoin.  As of the most recent account statement provided (12/31/20), only $32,206.63 remains in the Wells Fargo Account.

The appendix attached to the declaration is similarly unhelpful.  It simply shows that Alexander transferred Cred Bitcoin on 1/16/21 and 1/17/21 but does not show where it was transferred.  Also, for some reason, the "Account xpub" column only shows 5 digits.  This appendix does not contain the transaction IDs or digital addresses.  Alexander is an experienced cryptocurrency professional.  He knows that the full transaction IDs and digital addresses are necessary to identify cryptocurrency transactions.  Although Alexander admits that he received 225 Bitcoin on June 24, 2020 in paragraph 2 of the declaration, the appendix does not even contain a reference to the June 24, 2020 transaction.

These are just a few of the many deficiencies in the declaration.  This nine paragraph declaration does not even begin to approach the level of detail that the Court Ordered Alexander to provide.  Alexander is an experienced cryptocurrency professional who was responsible for overseeing Cred's complex trading and hedging strategies.  His ongoing feigned ignorance about the particulars of these cryptocurrency transactions in this declaration (and during the laborious two hour zoom conference on Friday night) must cease immediately.  As the Court stated "[i]t is time for Alexander to start answering some difficult questions and do so in a way that gives the parties and the Court the ability to understand what's going on here."  (Hearing Tr. at 23.)

We demand that Alexander provide a new declaration that is compliant with the Order by **Monday, February 8, 2021 at 11AM**.  If we do not receive a new declaration by that time, we will be immediately making an application to the Court.

Joe

JOSEPH B. EVANS
Partner
**McDermott Will & Emery LLP**  340 Madison Avenue, New York, NY 10173-1922
**Tel** +1 212 547 5767     **Email** jbevans@mwe.com
Biography | Website | vCard | Twitter | LinkedIn
Mabel Albino, Assistant to Joseph B. Evans
**Tel** 212-547-5499     **Email** malbino@mwe.com

---

**From:** Pfeiffer, Mark <mark.pfeiffer@bipc.com>
**Sent:** Saturday, February 6, 2021 7:55 PM
**To:** Avram Luft (aviluft@paulhastings.com) <aviluft@paulhastings.com>; Evans, Joseph <Jbevans@mwe.com>; Azman, Darren <Dazman@mwe.com>
**Subject:** Alexander declaration

Attached are the declaration, the Wells Fargo statements and a hardware wallet log.

## Mark Pfeiffer

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3921 (o)
267 934 1515 (c)
mark.pfeiffer@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

## Buchanan Ingersoll & Rooney PC

3

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is proh bited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

3