**EXHIBIT P**

**February 23, 2021 Through March 14, 2021 Email Correspondence
Regarding Alexander's Noncompliance With TRO Order**

| | |
|---|---|
| **From:** | Azman, Darren |
| **Sent:** | Sunday, March 14, 2021 5:17 PM |
| **To:** | Pfeiffer, Mark |
| **Cc:** | David B. Golubchik; Luft, Avi E.; Grogan, James T.; Walsh, Timothy; Evans, Joseph; Steinman, Gregg |
| **Subject:** | RE: Cred TRO |
| **Attachments:** | RE: Cred TRO |

Mark,

Despite multiple assurances from you over the past several weeks that your client would comply with Judge Dorsey's TRO (including the email below and the attached email on March 2 in which you wrote "My client is working on this now and the information will be provided as soon as it is completed."), nothing has progressed and Mr. Alexander has still not complied.  At this point, we have no choice but to seek intervention from the court and will be doing so shortly.  It's unfortunate that Mr. Alexander continues to cause the Debtors and their estates to expend additional resources on seeking compliance with a court order.


Best,
Darren


DARREN AZMAN
Partner
**McDermott Will & Emery LLP**  340 Madison Avenue, New York, NY 10173-1922
**Tel** +1 212 547 5615    **Mobile** +1 410 409 7591    **Email** dazman@mwe.com
**Biography | Website | vCard | Twitter | LinkedIn**

---

**From:** Pfeiffer, Mark <mark.pfeiffer@bipc.com>
**Sent:** Monday, March 1, 2021 6:35 PM
**To:** Azman, Darren <Dazman@mwe.com>
**Cc:** David B. Golubchik <DBG@lnbyb.com>; Luft, Avi E. <aviluft@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>; Walsh, Timothy <Twwalsh@mwe.com>; Evans, Joseph <Jbevans@mwe.com>; Steinman, Gregg <Gsteinman@mwe.com>
**Subject:** RE: Cred TRO

Darren,

I will respond tomorrow.

**Mark Pfeiffer**

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3921 (o)
267 934 1515 (c)
mark.pfeiffer@bipc.com


vCard | Bio | BIPC.com | Twitter | LinkedIn

1

**Buchanan Ingersoll & Rooney** PC

**From:** Azman, Darren <Dazman@mwe.com>
**Sent:** Monday, March 01, 2021 6:23 PM
**To:** Pfeiffer, Mark <mark.pfeiffer@bipc.com>
**Cc:** David B. Golubchik <DBG@lnbyb.com>; Luft, Avi E. <aviluft@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>; Walsh, Timothy <Twwalsh@mwe.com>; Evans, Joseph <Jbevans@mwe.com>; Steinman, Gregg <Gsteinman@mwe.com>
**Subject:** RE: Cred TRO

Mark,

We still have not heard back from you.  We will assume that Alexander does not intend to comply with the requests below.

Best,
Darren

DARREN AZMAN
Partner
**McDermott Will & Emery LLP**  340 Madison Avenue, New York, NY 10173-1922
**Tel** +1 212 547 5615    **Mobile** +1 410 409 7591    **Email** dazman@mwe.com
**Biography** | **Website** | **vCard** | **Twitter** | **LinkedIn**

---

**From:** Azman, Darren
**Sent:** Thursday, February 25, 2021 10:27 AM
**To:** 'Pfeiffer, Mark' <mark.pfeiffer@bipc.com>
**Cc:** David B. Golubchik <DBG@lnbyb.com>; Luft, Avi E. <aviluft@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>; Walsh, Timothy <Twwalsh@mwe.com>; Evans, Joseph <jbevans@mwe.com>; Steinman, Gregg <gsteinman@mwe.com>
**Subject:** RE: Cred TRO

Marc,

Has the check been mailed out yet?  Please also confirm that you will be addressing the remaining issues we highlighted below.

Thanks,
Darren

DARREN AZMAN
Partner
**McDermott Will & Emery LLP**  340 Madison Avenue, New York, NY 10173-1922
**Tel** +1 212 547 5615    **Mobile** +1 410 409 7591    **Email** dazman@mwe.com
**Biography** | **Website** | **vCard** | **Twitter** | **LinkedIn**

---

**From:** Pfeiffer, Mark <mark.pfeiffer@bipc.com>
**Sent:** Wednesday, February 24, 2021 4:00 PM
**To:** Azman, Darren <Dazman@mwe.com>
**Cc:** David B. Golubchik <DBG@lnbyb.com>; Luft, Avi E. <aviluft@paulhastings.com>; Grogan, James T.

<jamesgrogan@paulhastings.com>; Walsh, Timothy <Twwalsh@mwe.com>; Evans, Joseph <Jbevans@mwe.com>; Steinman, Gregg <Gsteinman@mwe.com>
**Subject:** RE: Cred TRO

I understand a check for $116,225.34 will be sent by FedEx today and my client will forward a tracking number. This is apparently the entire balance of DIP account.

## Mark Pfeiffer

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3921 (o)
267 934 1515 (c)
mark.pfeiffer@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

## Buchanan Ingersoll & Rooney PC

**From:** Azman, Darren <Dazman@mwe.com>
**Sent:** Tuesday, February 23, 2021 9:37 PM
**To:** Pfeiffer, Mark <mark.pfeiffer@bipc.com>
**Cc:** David B. Golubchik <DBG@lnbyb.com>; Luft, Avi E. <aviluft@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>; Walsh, Timothy <Twwalsh@mwe.com>; Evans, Joseph <Jbevans@mwe.com>; Steinman, Gregg <Gsteinman@mwe.com>
**Subject:** Cred TRO

[This Email Originated From dazman@mwe.com Which Is External To The Firm]

Mark,

We write concerning Alexander's compliance with the Delaware Court's February 5, 2021 Order.  As you know, the California Bankruptcy Court lifted the stay at 4:05pm PST 7 days ago.  Yet we have not received any additional information or assets from Alexander.

There are a number of issues that are not addressed in this email, but we would want to address some of the more immediate concerns first.  Along with responding to the below, please let us know when Alexander is available to transfer the remaining assets held in his ledger wallet.  We will coordinate with CipherTrace to assist.

We are hopeful that Alexander will comply and avoid the need to expend additional estate resources on enforcing the Delaware Court's Order.

1. **Phase Two:**  Respond to the "Phase Two" interrogatories and discovery demands concerning Alexander's personal assets no later than **February 25, 2021**.

2. **Bank Account Statements:**  Produce account statements from 2018 through present for all bank accounts Alexander owns/controls/has signatory authority, including the below listed bank accounts, no later than **February 25, 2021**.

    a. Wells Fargo – On 7/22/20 this Wells Fargo account transferred $500,000 into Alexander's JP Morgan Chase account (6006). *See* JP Morgan Chase (6006), July 31, 2020 Account Statement, at 10 ("FEDWIRE CREDIT VIA: WELLS FARGO BANK/█████0248 500,000.00 B/O: JAMES ALEXANDER SHERMAN OAKS, CA █████4820 REF: CHASE NYC/CTR/BNF=JAMES ALEXANDER SHERMAN OAKS CA 91423-3891 US/AC-█1417 RFB=████████0984 OBI= BROKERAGE TRANSFER TRN: █████04FF").
    b. Alexander Custom Management bank account – This account received the "salary," the $100,000 "prepaid salary," and a series of other bank transfers from the "dedicated" Wells Fargo account (9285). *See* Alexander Dep. Tr. at 43 ("Q. There was $100,000 transferred out of this account on February 4th, 2021 to an account held by Alexander Custom Management.  The Account Alexander Custom Management is owned and controlled by you, right? A. Yes.")
    c. Wells Fargo Account (1923). *See* Alexander Schedules at 6.
    d. Wells Fargo Account (2155). *See* Alexander Schedules at 6.
    e. "Other Wells Fargo."  *See* Alexander Schedules at 7.
    f. DIP Wells Fargo Account (0816). *See*  Alexander Schedules at 6.

3. **Declaration**:     Alexander's declaration is insufficient.  Alexander provided a vague 9 paragraph declaration that does not comply with the Court's Order.  The Committee immediately identified these deficiencies in detail in an email on February 7, 2021, the day after Alexander provided the declaration.  Alexander has not responded to that email and has not supplemented his declaration.  Let us know by February 25, 2021 whether Alexander will

be amending the declaration and when the amended declaration will be provided.  The Committee needs a revised declaration by no later than February 26, 2021.

Alexander admits that he received 224.98993 Bitcoin and $204,567 in USDC on June 24, 2020.  To date, Alexander has provided the Debtors with 49.9980892 BTC, $2,773,489.24 USDC, and $84,355 in fiat currency.  There remains a significant amount of Bitcoin and the proceeds of the liquidation of Bitcoin that is unaccounted for.  This is exactly what the declaration was supposed to address.  Alexander was supposed to identify each transaction, explain the reasons for the transaction, and identify all parties to each transaction.  (*See* Hearing Tr. at 33, 35, 37.)  Alexander was supposed to explain where all the cryptocurrency and money that he took from Cred was spent, who it was sent to, why each transaction was executed, and where the remaining cryptocurrency and cash is currently located.  (*See* Hearing Tr. at 24, 33, 35, 37.)  Alexander fell well short of his obligations under the Order.  For example, the only explanation for the transfer and liquidation of 75 BTC on July 17, 2020 is: "prior to the hearing in California on the Temporary Restraining Order, I liquidated 75 Bitcoin, the proceeds of which were deposited into a Coinbase account.  In August 2020, I transferred the remaining amounts to a bank account at Wells Fargo (the "Bank Account")."  There is no explanation as to how that money was spent, who it was transferred to, why it was transferred, and where it is now.  We now know that there were significant transactions out of that Wells Fargo account, including cash transactions, and payments to third parties.  But Alexander does not explain any of those transactions in his declaration or identify any third parties he sent cash or cryptocurrency to.  Similarly, there is no explanation at all for the transfers of 100 BTC on January 16, 2021 and January 17, 2021 and the liquidation of that Bitcoin.  There is also no explanation as to why the Debtors have not received the full amount of the fiat Alexander received when he liquidated 100 BTC on January 17, 2021 and where that fiat is presently located.  The Court ordered:  "It is time for Alexander to start answering some difficult questions and do so in a way that gives the parties and the Court the ability to understand what's going on here." (Hearing Tr. at 23.)  We demand that Alexander comply with the Court's Order and provide the comprehensive declaration the Court Ordered.  The key portions of the transcript which the Court Ordered are set forth below.

a. "I order him to submit a declaration by sometime today that lays out exactly what he has, when he got it, how he got it, where it was transferred to, how it was liquidated, where the liquidated funds are located." (*See* Hearing Tr. at 24.)

b. "He should also address the differences between the 225 Bitcoin that Ms. Clegg has been able to trace, that was transferred from Cred Capital to Mr. Alexander, and his assertion that he only took possession of 150 Bitcoin.  I want to know, well, how – what's the basis for that distinct difference between the two." (*See* Hearing Tr. at 33.)

c. "He should also provide an explanation for each of the transfers subsequent to the initial transfer of all the Bitcoin, as well as an explanation for why he liquidated the Bitcoin and where that money is located." (*See* Hearing Tr. at 35.)

d. "When he's describing the transfer's, he's describing who the funds were – or who the Bitcoin or who the funds were transferred to and where they're currently residing so – and not just some anonymous account number.  He has to provide full disclosure here." (*See* Hearing Tr. at 37.)

e. "I'll order the declaration to be submitted by 4 p.m. today." (*See* Hearing Tr. at 31.)

f. "It is time for Alexander to start answering some difficult questions and do so in a way that gives the parties and the Court the ability to understand what's going on here." (Hearing Tr. at 23.)

Best,
Darren

6

DARREN AZMAN
Partner

**McDermott Will & Emery LLP**  340 Madison Avenue, New York, NY 10173-1922
**Tel** +1 212 547 5615    **Mobile** +1 410 409 7591    **Email** dazman@mwe.com
**Biography** | **Website** | **vCard** | **Twitter** | **LinkedIn**

*********************************************************************************************************

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is proh bited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is proh bited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.