IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> CRED INC., *et al.*,[1] <br><br>          Debtors. | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br> (Jointly Administered) <br><br> **Re: D.I. 686** <br><br> **Hearing Date: April 21, 2021 at 10:00 A.M. ET** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE AMENDED APPLICATION OF INVICTUS GLOBAL MANAGEMENT, LLC FOR ALLOWANCE AND PAYMENT OF FEES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(b)(1)(A), 503(b)(3)(D), and 503(b)(4)**

In support of his objection in response to the amended application (the "Application") of Invictus Global Management, LLC ("Invictus") for allowance and payment of fees pursuant to Bankruptcy Code sections 503(b)(1)(A), 503(b)(3)(D) and 503(b)(4) [D.I. 686], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

**PRELIMINARY STATEMENT**

The Application should be denied. First, Invictus is not entitled to allowance of an administrative claim under 11 U.S.C. § 503(b)(1)(A) because the attorney fees and costs sought to be reimbursed do not represent the "actual, necessary cost of preserving" the Debtors' estates. Invictus was not party to an executed, Court-approved post-petition financing agreement and, by extension, did not lend to the Debtors' estates. Second, Invictus is not entitled to allowance of an administrative claim under 11 U.S.C. § 503(b)(3)(D) because Invictus is not a party with standing to seek allowance of a claim under that Code subsection; Invictus is not a "creditor" because it did

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

1

not, and does not, hold a pre-petition claim against the Debtors' estates. Even if Invictus does have standing to seek allowance of a claim under that Code subsection, Invictus did not make a "substantial contribution" to the Debtors' estates, as the estates did not benefit from Invictus' activity or, alternatively, any benefit received by the estates was merely incidental to Invictus' pursuit of the Debtors as customers.

## **INTRODUCTION**

1. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Application pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3. The U.S. Trustee has standing to be heard with respect to the Application pursuant to 11 U.S.C. § 307.

**GROUNDS/BASIS FOR OBJECTION**

4. Section 503(b) of the Bankruptcy Code must be narrowly construed so that administrative expenses will be held to a minimum. *See In re Worldwide Direct, Inc.*, 334 B.R. 112, 122 (Bankr. D. Del. 2005) (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997)).

5. Section 503(b)(1)(A) of the Bankruptcy Code provides (in relevant part): "After notice and a hearing, there shall be allowed administrative expenses … including the actual, necessary costs of preserving the estate …." 11 U.S.C. § 503(b)(1)(A). To establish an administrative claim under section 503(b)(1)(A), there must be (i) a post-petition transaction between the claimant and the estate and (ii) a benefit to the estate. *See In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005). The claimant bears the burden of proving there was a post-petition transaction which benefitted the estate. *See id.*

6. Here, Invictus cannot prove either of the two elements necessary to establish entitlement of an administrative expense under section 503(b)(1)(A). There was no "post-petition transaction" between the claimant and the estate. Additionally, Invictus did not provide financing to the Debtors' estates.

7. Section 503(b)(3)(D) of the Bankruptcy Code provides for the allowance of "actual, necessary expenses" incurred by a "creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders, other than a official committee appointed under section 1102 of this title, in making a substantial contribution" in a chapter 11 case. Section 503(b)(4) provides for the allowance of "reasonable compensation for professional services rendered by an attorney or an accountant if an entity who expense is allowable under" section 503(b)(3).

8.     Invictus is not, and was not, a "creditor," "equity security holder," or "indenture trustee" as those terms are defined in section 101 of the Bankruptcy Code.  *See* 11 U.S.C. § 101(10)(A) ("creditor"); 11 U.S.C. § 101(17) ("equity security holder"); 11 U.S.C. § 101(29) ("indenture trustee").  Accordingly, Invictus does not have standing to seek allowance of a claim under section 503(b)(3)(D).

9.     Even if Invictus demonstrates that it has standing to seek allowance of a claim under section 503(b)(3)(D), Invictus did not make a "substantial contribution" warranting allowance of an administrative claim.  Invictus is a lender who sought to provide a product (financing) to the Debtors at a price.  Invictus did not actually provide any financing to the Debtors, and the Debtors' estate did not benefit from Invictus' activities in the cases.

10.    Section 503(b)(3)(D) has two purposes: (1) to encourage creditors to participate meaningfully in the reorganization process; and (2) to minimize fees and administrative expenses and thereby maximize creditor recoveries.  *Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 944 (3d Cir. 1994).  A creditor makes a substantial contribution if its efforts provide an "actual and demonstrable benefit to the debtor's estate and the creditors."  *Lebron v. Mechem Financial Inc.*, 927 F.3d at 943-44 (citation omitted) (*quoting In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)).  *See also In re Worldwide Direct, Inc.*, 334 B.R. at 121.

11.    While the term "substantial contribution" is not defined in the Bankruptcy Code, and the phrase "does not lend itself to a set of exacting criteria, 'a well-developed body of case law teaches that the sort of contribution that reaches the substantial threshold is exceedingly narrow.'"  *In re KiOR, Inc.*, 567 B.R. 451, 459 (D. Del. 2017) (*citing In re RS Legacy Corp.,* 2016 WL 1084400 at *4 (Bankr. D. Del. Mar. 17, 2016)).  A benefit that the estate receives as an incident to a creditor's protecting its own interests is not a substantial contribution.  *See Lebron*, 27 F.3d at

944 (""substantial contribution" should be applied in a manner that excludes reimbursement in connection with activities of creditors and other interested parties which were designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate"); *see also In re Essential Therapeutics, Inc.*, 308 B.R. 170, 174 (Bankr. D. Del. 2004) ("Inherent in substantial contribution, however, is the requirement that the benefit received by the estate be more than incidental to the applicant's self-interest.").

12. Creditors are presumed to act in their own interest "until they satisfy the court that their efforts have transcended self-protection." *Lebron*, 27 F.3d at 944 (citations omitted). The activities that a Section 503(b)(3)(D) applicant has engaged in are "presumed to be incurred for the benefit of the engaging party and are reimbursable if, but only if, the services 'directly and materially contributed' to the reorganization." *Lebron v. Mechem Financial Inc.*, 27 F.3d at 943-44 (citation omitted).

13. When determining if a claimant has met its burden, courts consider whether the services provided (a) were only for the benefit of the claimant or were for the benefit of all parties in the case; (b) directly, significantly and demonstrably benefited the estate; and (c) were duplicative of the services provided by professionals for the creditors' committee, the committee itself, debtor and its attorneys, or other fiduciaries and their professionals. *See In re Worldwide Direct, Inc.*, 334 B.R. at 122 (citing *In re Buckhead America Corp.*, 161 B.R. at 15).

14. Invictus seeks reimbursement for the services of its counsel. The attorney time records and the Lyon Declaration submitted in support of the application demonstrate that Invictus' counsel protected Invictus' interests in connection with the proposed DIP financing. Invictus' activity as a potential lender did not "transcend self-protection" and, by extension, was not a

"substantial contribution" under Code section 503(b)(3)(D); any alleged benefit received by the Debtors' estates was merely incidental to Invictus' protection of its own interests. Invictus needs to provide a more fulsome evidentiary record to support the requested relief, given that the Debtors never filed a DIP financing motion.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Application.

Dated: April 9, 2021
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
John Schanne
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov
john.schanne@usdoj.gov