## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| CRED INC., *et al.*, | ) |
| | ) |
| Debtors. [1] | ) |
| | ) |
| | ) |
| | ) |

Chapter 11

Case No. 20-12836 (JTD)

(Jointly Administered)

**Obj. Deadline: 4/29/21 at 4:00 p.m. (ET)**
**Hrg. Date: 5/12/21 at 1:00 p.m. (ET)**

**Related to Docket No. 704**

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE COMMITTEE TO FILE OBJECTION UNDER SEAL

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves (the "Motion") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to (i) file an unredacted version of the *Objection of the Official Committee of Unsecured Creditors to Amended Application of Invictus Global Management, LLC for Allowance and Payment of Fees Pursuant to Bankruptcy Code Sections 503(b)(1)(A), 503(b)(3)(D) and 503(b)(4)* (the "Objection") under seal and (ii) redact

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

the Objection wherever publicly filed. In support of this Motion, the Committee respectfully

states as follows:

## JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2). In accordance with Local Rule 9013-1(f) the Committee confirms its consent to the

entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.        Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory predicates for the relief sought herein are Bankruptcy Code sections

105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.        On November 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter

11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors

continue to operate their businesses and manage their properties as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.        On March 26, 2021, Invictus Global Management, LLC ("Invictus") filed the

*Amended Application of Invictus Global Management, LLC for Allowance and Payment of Fees*

*Pursuant to Bankruptcy Code Sections 503(b)(1)(A), 503(b)(3)(D) and 503(b)(4)* [Docket No.

686]. On April 14, 2021, the Committee filed the Objection.

## RELIEF REQUESTED

6.      By this Motion, the Committee requests entry of an order in the form attached hereto as **Exhibit A** authorizing the Committee to (i) file an unredacted version of the Objection under seal and (ii) redact the Objection wherever publicly filed.

## BASIS FOR RELIEF REQUESTED

### I.      The Objection Contains Confidential, Commercially Sensitive Information.

7.      The Objection contains confidential information regarding the Debtors' efforts to sell certain assets during the Chapter 11 Cases (collectively, the "Confidential Information") which, if revealed, could negatively impact the ability to monetize such assets. Additionally, the Confidential Information includes commercially sensitive information regarding third parties, including the identity of potential bidders.

8.      Notwithstanding this Motion, the Committee proposes to provide, on a confidential basis, the unredacted Objection to (a) the Court, (b) the Debtors, (c) Invictus, and (d) the U.S. Trustee, and (e) other parties, upon further order of the Court (collectively, the "Disclosure Parties").

### II.     Bankruptcy Code Section 107(b) Authorizes the Court to Redact the Confidential Information.

9.      Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d 194 (noting that the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion*

*Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

10.     In proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, Bankruptcy Code section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.* "On motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

11.     An order sealing or redacting commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [ ] commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See Alterra Healthcare*, 353 B.R. at 75–76 (citations omitted); *In re Mum Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g.*, *Orion Pictures*, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

12.     Once a court determines that the information in question falls within one of the enumerated categories in Bankruptcy Code section 107(b), "the court is required to protect a

requesting interested party and has no discretion to deny the application." *Id.* The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13.     In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

14.     The Confidential Information is sensitive and confidential because it relates to ongoing efforts to sell the Debtors' assets to a third party. Disclosing the Confidential Information could negatively impact the ability to monetize the Debtors' assets. Accordingly, the Confidential Information should be redacted in the publicly filed Objection.

15.     The Confidential Information, however, will still be provided upon request to the Disclosure Parties to the extent described herein, thereby alleviating concerns about stakeholders' ability to access such information as needed.

## NOTICE

16.     Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the U.S. Trustee for the District of Delaware, (iii) counsel to Invictus, and (iv) parties that have requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

**WHEREFORE**, the Committee requests entry of an order in the form attached hereto as

**Exhibit A** authorizing the Committee to (i) file an unredacted version of the Objection under

seal and (ii) redact the Objection wherever publicly filed.

Dated:   Wilmington, Delaware
          April 15, 2021

                                        **MCDERMOTT WILL & EMERY LLP**

                                        */s/ David R. Hurst*
                                        David R. Hurst (I.D. No. 3743)
                                        1007 North Orange Street, 10th Floor
                                        Wilmington, DE 19801
                                        Telephone: (302) 485-3900
                                        Facsimile: (302) 351-8711

                                        - and -

                                        Timothy W. Walsh (admitted *pro hac vice*)
                                        Darren Azman (admitted *pro hac vice*)
                                        Joseph B. Evans (admitted *pro hac vice*)
                                        340 Madison Avenue
                                        New York, NY 10173
                                        Telephone: (212) 547-5400
                                        Facsimile: (212) 547-5444

                                        *Counsel to the Official Committee of*
                                        *Unsecured Creditors*