WIN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: April 30, 2021 at 4:00 pm (ET)**<br>**Hearing Date: May 12, 2021 at 1:00 pm (ET)**<br><br>**Re: D.I. 716** |

## MOTION TO FILE UNDER SEAL COMPENDIUM OF
## EXHIBITS TO REPORT OF ROBERT J. STARK, EXAMINER

Robert J. Stark, in his capacity as the Court-appointed examiner (the "Examiner") in the

above-captioned Chapter 11 cases of Cred, Inc. and its affiliated debtors and debtors-in-

possession (collectively, the "Debtors"), by and through his undersigned counsel, files this

motion (the "Motion"), pursuant to Bankruptcy Code Section 107(b), Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as

**Exhibit A**, authorizing the Examiner to file under seal his *Compendium of Exhibits to Report of*

*Robert J. Stark, Examiner* [D.I. 716] (the "Compendium of Exhibits"). In support hereof, the

Examiner states as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.    The United States Bankruptcy Court for the District of Delaware (the "Court")
has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended
Standing Order of Reference from the United States District Court for the District of Delaware,
dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. §
157(b)(2).[2]  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory
predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 107(b),
Bankruptcy Rule 9018, and Local Rule 9018-1.

## RELIEF REQUESTED

2.    Through this Motion, the Examiner seeks entry of an order, substantially in the
form attached hereto as **Exhibit A**, authorizing the Examiner to file under seal the Compendium
of Exhibits.

## BASIS FOR RELIEF

3.    On March 8, 2021, the Examiner filed the *Report of Robert J. Stark, Examiner*
[D.I. 605] (the "Examiner Report"), pursuant to and in accordance with the *Order Denying in
Part, and Granting in Part, the Trustee/Examiner Motions*, dated December 23, 2020 [D.I. 281]
(the "Examination Order").  The Examiner Report contains the Examiner's findings and
conclusions respecting his investigation into allegations of fraud, dishonesty, incompetence,
misconduct, mismanagement, and irregularity in the management of the affairs of the Debtors, as
set forth more fully in the Examination Order (the "Investigation").

---

[2] In accordance with Local Rule 9013-1(f) the Examiner confirms his consent to the entry of a final order by the
Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the
parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States
Constitution.

4.      As noted in the Examiner Report, in connection with the Investigation, the Examiner obtained documents from the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and certain other parties.  In total, approximately 13,000 documents were provided to and reviewed by the Examiner's professionals.  The Examiner's professionals interviewed 23 individuals, including Daniel Schatt (founder, co-owner, director, former CEO), Lu Hua (founder, co-owner, director, former CEO), James Alexander (former Chief Capital Officer), Matthew Foster (Chief Restructuring Officer), Scott Wiley (interim Chief Financial Officer), Joseph Podulka (former Chief Financial Officer), Daniel Wheeler (former General Counsel), and Daniyal Inamullah (former Vice President of Capital Markets).  After discussions with the Debtors and the Committee, the Examiner endeavored to complete the Investigation and file his Report in an exceptionally short (8-week) timeframe so as to not materially delay consideration of the Debtors' Chapter 11 plan.

5.      At the outset of the Investigation, the Examiner entered into a confidentiality agreement with the Committee and became party to the protective order entered in the cases with respect to the Debtors (the "Confidentiality Agreements").  The documents and information provided by the Debtors and the Committee throughout the course of the Investigation were provided pursuant to the Confidentiality Agreements.  The Examiner notes that he received cooperation from the Debtors and the Committee throughout the course of the Investigation, and believes that the Examiner's agreements under the Confidentiality Agreements were important in obtaining such cooperation.

6.      The Examiner Report contains specific references and citations to certain documents that were obtained by the Examiner in the course of the Investigation.  The documents cited in the Examiner Report are contained in the Compendium of Exhibits.  Pursuant

to and in accordance with the Confidentiality Agreements, certain information in the Compendium of Exhibits either (i) was designated as confidential, or (ii) is subject to a request to file under seal on the grounds that such information is confidential, contains sensitive information, and/or if disclosed, could potentially adversely impact assets of the estate, including potential causes of action (the "Confidential Information").

7.      The Confidential Information contained in the Compendium of Exhibits and for which the Examiner requests a sealing order includes loan documents, deposition recordings, unaudited financial statements, emails and other forms of communications, invoices, employment agreements, information regarding the Debtors' business and operations, licensing agreements, board and committee minutes, general ledger information, insurance information, internal policies, liquidity analyses, investor presentations, vendor agreements, banking statements, risk reports, Fireblocks logs, monthly statements, subscription agreements, employee loan agreements, organizational documents, and additional information.

8.      Bankruptcy Code Section 107(b) requires the Court to protect confidential commercial information from public disclosure. *See* 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall ... protect an entity with respect to a trade secret or confidential research, development, or commercial information...."). Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in Section 107(b), such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (Section 107(b)(1) protection mandatory for certain commercial information).

9.      Courts have held that protection under Section 107(b) must be granted if the information sought to be protected is "commercial information." Notably, "commercial information" need not rise to the level of a trade secret to be entitled to confidential treatment. *Id*. at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").

10.     Further (and in contrast to Rule 26(c) of the Federal Rules of Civil Procedure), relief under Section 107(b) does not require a finding of "good cause" or "extraordinary circumstances or compelling need." *See Orion Pictures Corp.*, 21 F.3d at 27-28.  Rather, a party seeking the protection of Section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature.  *Id*. at 27; *see also Global Crossing* 295 B.R. at 725 (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Further, "the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

11.     The Examiner believes that sufficient cause exists for the Court to grant the relief requested in this Motion.  The Confidential Information: (i) was provided to the Examiner pursuant to Confidentiality Agreements by and between the Examiner and the Debtors and Committee and, in the Examiner's opinion, may not have been made available to the Examiner consensually absent the agreements embodied in the Confidentiality Agreements; and/or (ii) contains, in whole or in part, confidential or commercially sensitive information.  Further, based on discussions with the Committee, the Examiner understands that the disclosure of the

Confidential Information could potentially adversely impact assets of the estates, including potential estate claims and causes of action, and the Committee has requested that such information be sealed.

12.     The Examiner has provided an unsealed version of the Compendium of Exhibits to the Office of the United States Trustee, the Debtors, and the Committee.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

13.     In accordance with Local Rule 9018-1(d)(ii) and (iv), prior to filing this Motion, the Examiner provided notice to the Committee, the Debtors, and the United States Trustee regarding the Examiner's intent to file the Compendium of Exhibits publicly.  Pursuant to those discussions, the Committee requested that the Confidential Information be filed under seal; the Debtors did not indicate a position; and the United States Trustee reserved its rights regarding the sealing request.

## NOTICE

14.     Notice of this Motion has been provided to the following parties: (i) the Debtors; (ii) the Office of the United States Trustee; (iii) the Committee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page left intentionally blank.]*

## CONCLUSION

**WHEREAS**, the Examiner respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Examiner to file the Compendium of Exhibits under seal, and (ii) grant such other relief to the Examiner as the Court deems necessary or appropriate.

Dated:  April 16, 2021

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
Katharina Earle (DE Bar No. 6348)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel:  (302) 654-1888
Email: gtaylor@ashbygeddes.com
          kearle@ashbygeddes.com

- and -

**BROWN RUDNICK LLP**
Andrew M. Carty (admitted *pro hac vice*)
Michael W. Reining (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Email: acarty@brownrudnick.com
          mreining@brownrudnick.com

*Counsel to Robert J. Stark, in his capacity as
Examiner to the Chapter 11 Debtors*