**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Cred Inc., *et al.*,[1] | Case No. 20-12836 (JTD) |
| Debtors. | (Jointly Administered) |
|  | Obj. Deadline: May 6, 2021 at 4:00 p.m. (ET)<br>Hearing Date: *Only if objections are filed* |

**FOURTH MONTHLY FEE APPLICATION OF
MCDERMOTT WILL & EMERY LLP, COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021**

| | |
|---|---|
| Name of Applicant: | **McDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Official Committee of Unsecured Creditors** |
| Date of retention: | **January 19, 2021 *nunc pro tunc* to December 5, 2020** |
| Period for which compensation and reimbursement is sought: | **March 1, 2021 through March 31, 2021** |
| Amount of compensation sought as actual, reasonable and necessary: | **$315,863.70 (60%[2] of 526,439.50)** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$27,661.73** |
| This is a: | **Fourth Monthly Application** |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] As an accommodation to the Official Committee of Unsecured Creditors, McDermott has agreed to seek interim payment of 60% of its March fees instead of the 80% of fees it is permitted to seek pursuant to the Interim Compensation Order (as defined herein).

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| First | 1/20/21 | 12/5/20 – 12/31/20 | $874,104.50 | $18,869.85 |
| Second | 3/8/21 | 1/1/21 – 1/31/21 | $642,858.00 | $37,908.24 |
| Third | 3/19/21 | 2/1/21 – 2/28/21 | $683,338.50 | $12,113.66 |

**CRED, INC., *ET AL*.**

**SUMMARY OF BILLING BY PROFESSIONAL**
**MARCH 1, 2021 THROUGH MARCH 31, 2021**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Gary C. Karch | 1980 | Partner; Tax | $1,395 | 0.3 | $418.50 |
| William R. Pomierski | 1983 | Partner; Tax | $1,380 | 2.3 | $3,174.00 |
| Timothy W. Walsh | 1989 | Partner; Corporate Advisory | $1,375 | 67.8 | $93,225.00 |
| Michael J. Wilder | 1992 | Partner; Tax | $1,240 | 11.0 | $13,640.00 |
| Andrew B. Kratenstein | 2000 | Partner; Trial | $1,185 | 0.2 | $237.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,050 | 51.2 | $53,760.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $985 | 67.2 | $66,192.00 |
| Gregory R. Jones | 2003 | Partner; Trial | $975 | 0.5 | $487.50 |
| John M. Robert | 2012 | Partner; Tax | $915 | 5.3 | $4,849.50 |
| Ethan H. Townsend | 2012 | Partner; Trial | $895 | 1.9 | $1,700.50 |
| Joseph B. Evans | 2014 | Partner; Trial | $850 | 68.1 | $57,885.00 |
| Blaine Adams | 2016 | Associate; Corporate Advisory | $850 | 0.7 | $595.00 |
| Gregg Steinman | 2016 | Associate; Corporate Advisory | $745 | 123.0 | $91,635.00 |
| Samuel Ashworth | 2018 | Associate; Trial | $745 | 82.9 | $61,760.50 |
| Darren Yang | 2020 | Associate; Corporate Advisory | $545 | 87.6 | $47,742.00 |
| Mike D. Ferrara | 2021 | Associate; Trial | $545 | 12.1 | $6,594.50 |
| Benjamin P. Casten | N/A | Discovery Consultant; McDermott Discovery | $490 | 3.5 | $1,715.00 |
| Cathy Greer | N/A | Paralegal; Corporate Advisory | $385 | 54.1 | $20,828.50 |
| **TOTALS** | | | | **639.7** | **$526,439.50** |

**Blended Rate: $822.95**

## CRED, INC., *ET AL*.

### COMPENSATION BY PROJECT CATEGORY
### MARCH 1, 2021 THROUGH MARCH 31, 2021

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.5 | $1,228.50 |
| Asset Analysis and Recovery | 154.1 | $119,404.00 |
| Meetings/Communications with Creditors | 42.4 | $37,809.00 |
| Court Hearings | 32.6 | $29,122.00 |
| Fee/Employment Applications | 47.2 | $29,418.50 |
| Avoidance Action Analysis | 2.5 | $1,982.50 |
| Other Contested Matters | 190.0 | $152,061.50 |
| Tax Issues | 22.7 | $27,526.50 |
| Claims Administration & Objections | 32.7 | $25,255.50 |
| Plan and Disclosure Statement | 80.7 | $77,198.50 |
| Examiner Matters and Data Collection | 31.8 | $25,433.00 |
| **TOTALS** | **639.7** | **$526,439.50** |

**CRED, INC., *ET AL*.**

**EXPENSE SUMMARY**
**MARCH 1, 2021 THROUGH MARCH 31, 2021**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Case Website Hosting & Maintenance | Stretto | $1,336.84 |
| Computer Hosting Fees[3] | Relativity | $262.56 |
| Computer Research | Westlaw/Lexis/PACER | $9,437.65 |
| Computer Usage Charge – Data Review & Production Software[4] | Relativity | $53.50 |
| Deposition Transcript Fees | Veritext | $2,752.90 |
| Federal Express |  | $25.22 |
| Hearing Transcript Fees | Reliable | $375.45 |
| Outside Copying/Mail out Services | Reliable | $4,792.61 |
| Professional Services/Consultants | Ciphertrace | $8,625.00 |
| **TOTALS** |  | **$27,661.73** |

---

[3] McDermott licenses document-hosting software from Relativity for use in ongoing discovery processes and pays applicable software fees to Relativity based on the size of the data stored on its servers. "Computer Hosting Fees" includes monthly hosting fees related to McDermott's license of Relativity's document hosting software, specifically the cost to use and maintain both the related servers and necessary network storage.

[4] McDermott licenses document-hosting software from Relativity for use in ongoing discovery processes and pays applicable software fees to Relativity based on the size of the data stored on its servers. "Computer Usage Charge – Data Review & Production Software" includes monthly document processing, extraction, and conversion fees related to McDermott's license of Relativity's document hosting software.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Cred Inc., *et al.*,[1] | ) | Case No. 20-12836 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Obj. Deadline: May 6, 2021 at 4:00 p.m. (ET)** |
|  | ) | **Hearing Date:** *Only if objections are filed* |

**FOURTH MONTHLY FEE APPLICATION OF**
**MCDERMOTT WILL & EMERY LLP, COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021**

McDermott Will & Emery LLP (the "**Applicant**" or "**McDermott**"), counsel to the Official Committee of Unsecured Creditors of Cred, Inc., *et al.* (the "**Committee**") in the above-captioned chapter 11 cases, hereby applies (the "**Application**"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for allowance of compensation for services rendered and reimbursement of expenses for the period from March 1, 2021 through March 31, 2021 (the "**Application Period**"), and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2.

3. Pursuant to Local Rule 9013-1(f), McDermott consents to the entry of a final judgment or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgment or order absent the consent of the parties.

**BACKGROUND**

**A.** **The Chapter 11 Cases**

4. On November 7, 2020, the above-captioned debtors and debtors in possession (the "**Debtors**") each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered.

5. On December 3, 2020, the Office of the United States Trustee for the District of Delaware appointed the Committee. *See* Docket No. 120.

**B.** **The Retention of McDermott**

6. On December 5, 2020, the Committee selected McDermott as its bankruptcy counsel. On December 23, 2020, the Committee applied [Docket No. 282] (the "**McDermott Retention Application**") to the Court for an order authorizing it to retain and employ McDermott as its counsel, *nunc pro tunc* to December 5, 2020. The Court entered an order

2

[Docket No. 368] approving McDermott's retention as counsel to the Committee on January 19, 2021.

7.  On March 11, 2011, the Court entered an order confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (the "**Plan**").

**C.   The Interim Compensation Order**

8.  On December 18, 2020, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 244]; and on December 21, 2020, the Court entered the *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retain Professionals* [Docket No. 269] (the "**Interim Compensation Order**"),[2] which sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application on or after the fourteenth (14th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to objection.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Interim Compensation Order.

**RELIEF REQUESTED**

9.      Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, McDermott is seeking compensation in the amount of $315,863.70, which is equal to sixty percent (60%)[3] of the $526,439.50 in fees for professional services rendered by McDermott during the Application Period. This amount is derived solely from the applicable hourly billing rates of McDermott's personnel who rendered such services to the Committee. In addition, McDermott is seeking reimbursement of expenses incurred during the Application Period in the amount of $27,661.73.

**A.      Compensation Requested**

10.     Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by McDermott with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity. All time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

11.     The attorneys and paraprofessionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.[4]

---

[3]     As an accommodation to the Committee, McDermott has agreed to seek interim payment of 60% of its March fees instead of the 80% of fees it is permitted to seek pursuant to the Interim Compensation Order.

[4]     In accordance with Del. Bankr. L.R. 2016-2(d)(ix), McDermott reduces its request for compensation of non-working travel by 50% of the normal rate.

4

**B.  Expense Reimbursement**

12. McDermott incurred out-of-pocket expenses during the Application Period in the amount of $27,661.73. Attached hereto as **Exhibit B** is a description of the expenses actually incurred by McDermott in the performance of services rendered as counsel to the Committee. The expenses are broken down into categories of charges, including among other things, the following charges: photocopying, filing fees, travel expenses, computerized legal research, messenger service, transcripts, working meals, and other non-ordinary expenses.[5]

## VALUATION OF SERVICES

13. Attorneys and paraprofessionals of McDermott have expended a total of 639.70 hours in connection with this matter during the Application Period.

14. The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**. The rates are McDermott's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by McDermott for the Application Period as counsel for the Committee in these cases is $526,439.50.

15. In accordance with the factors enumerated in Bankruptcy Code section 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

---

[5] In accordance with Del. Bankr. L.R. 2016-2(e)(iii), McDermott does not charge more than $0.10 per page for photocopies, does not charge for incoming facsimile transmissions, and does not charge more than $0.25 per page for outgoing facsimiles. McDermott does not surcharge for computerized research.

## NO PRIOR REQUEST

16.     No prior request for the relief sought in the Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

17.     The undersigned representative of McDermott certifies that he has reviewed the requirements of Local Rule 2016-2 and the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, McDermott believes that such deviations are not material and respectfully requests that any such requirements be waived.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, McDermott respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $315,863.70 (60% of 526,439.50) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $27,661.73; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        April 16, 2021

                                        **MCDERMOTT WILL & EMERY LLP**

                                        */s/ David R. Hurst*
                                        David R. Hurst (I.D. No. 3743)
                                        1007 North Orange Street, 10th Floor
                                        Wilmington, DE 19801
                                        Telephone: (302) 485-3900
                                        Facsimile: (302) 351-8711

                                        - and -

                                        Timothy W. Walsh (admitted *pro hac vice*)
                                        Darren Azman (admitted *pro hac vice*)
                                        340 Madison Avenue
                                        New York, NY 10173
                                        Telephone: (212) 547-5400
                                        Facsimile: (212) 547-5444

                                        *Counsel to the Official Committee of Unsecured Creditors*