

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE 19801-3036

T 302 552 4200
F 302 552 4295

April 26, 2021

The Honorable John T. Dorsey
United States Bankruptcy Judge
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

    Re: *In re Cred Inc., et al.*, Case No. 20-12836 (JTD)

Dear Judge Dorsey:

  I write on behalf of James Alexander ("Mr. Alexander") in the above-referenced action to respond to the April 26, 2021 letter (the "Letter") to Your Honor from the Cred Inc. Liquidation Trust, the successor-in-interest to the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc. and its affiliated debtors (collectively, the "Debtors").

**<u>Mr. Alexander's Compliance with the Emergency Order</u>**

  In its Letter, the Committee asserts that Mr. Alexander is non-compliant with Your Honor's February 5, 2021 Emergency Order. To the contrary, since Your Honor entered the Emergency Order, Mr. Alexander has cooperated with the Committee and complied to the best of his ability. Specifically:

  a. Mr. Alexander has turned over all cryptocurrency and proceeds from liquidated cryptocurrency traceable to Debtors, amounting to millions of dollars worth of Bitcoin and USD Coin.

  b. On February 7, 2021, pursuant to the Bankruptcy Court's Emergency Order, Mr. Alexander provided the Committee with his Declaration of James Mr. Alexander (the "First Declaration");

  c. On February 8, 2021, Mr. Alexander served his Responses and Objections to the Official Committee of Unsecured Creditors' Interrogatories and Demands for

April 26, 2021
Page - 2 -

      Production of Documents – Part 1.[1]  In the days immediately following provision of the First Declaration and the Committee propounding Discovery Requests, Mr. Alexander provided the Committee with responsive documents, including:

    (i)    Account statements for Mr. Alexander's JP Morgan Chase Bank, N.A. account ending x6006;

    (ii)    Account statements for Mr. Alexander's Wells Fargo Business Choice Checking account (dba James Alexander Cred) ending x9285;

    (iii)    Certain screenshots from Alexander's Coinbase account;

    (iv)    The transaction history report from Alexander's Coinbase Account;

    (v)    The log from Alexander's Hardware Wallet;

    (vi)    Meghan Gardler's Consulting Agreement; and

    (vii)    A LedgerLive operations log;

d.    Mr. Alexander sat for deposition on February 9, 2021;[2]

e.    On March 16, 2021, Mr. Alexander provided the Committee with his Responses and Objections to the Committee's Interrogatories and Demands for Production of Documents – Part II and produced documents responsive to the Part II Requests for Production, including:

    (i)    Mr. Alexander's Experian Credit Report;

    (ii)    .csv records of all activity in Mr. Alexander's Wells Fargo Custom Management Checking account ending x1923;

---

[1] On February 8, 2021, the Committee propounded two-part discovery requests (the "Discovery Requests") on Alexander, included ninety-five (95) interrogatories and thirty-seven (37) requests for production of documents.

[2] Mr. Alexander sat for and fully participated in the deposition until such time as his personal bankruptcy case was filed, halting the deposition due to the automatic stay. The Committee moved for, and was granted, lifting of the automatic stay, on February 16, 2021.  It was not until *April 16, 2021* that the Committee unilaterally re-noticed Mr. Alexander's deposition, without offering the courtesy of checking whether Mr. Alexander or counsel were available.

April 26, 2021
Page - 3 -

      (iii)    Mr. Alexander's Form 1040 Individual Tax Returns for the years 2017, 2018, and 2019; and

      (iv)    Mr. Alexander's personal bankruptcy schedules which list his personal assets and provide much of the information the Committee sought in its Interrogatories.

f.    Mr. Alexander provided the Committee with a Supplemental Declaration of James Alexander (the "Supplemental Declaration") on March 17, 2021;

g.    Finally, on March 30, 2021, Mr. Alexander provided a letter to the Committee answering many of the questions posed by the Committee in their March 21, 2021 letter which included a list of perceived deficiencies in Mr. Alexander's discovery responses. In addition, Mr. Alexander provided a Second Supplemental Declaration of James Alexander (the "Second Supplemental Declaration"), Supplemental Responses and Objections to the Committee's Part II Discovery Requests, and producing additional documents, including:

      (i)    Account statements from June 2019 through January 2021 for Mr. Alexander's JP Morgan Chase Bank, N.A. account ending x6006;

      (ii)    Account statements from August 2020 through February 2021 and a Check Register for Mr. Alexander's Wells Fargo Business Choice Checking account (dba James Alexander Cred) ending x9285;

      (iii)    Account statements from June 2019 through February 2021 and a Check Register for Mr. Alexander's Wells Fargo Custom Management Checking account ending x1923;

      (iv)    Account statements from February 2021 for Mr. Alexander's Wells Fargo Everyday Checking account (Debtor in Possession Ch 11 Case 12-10214 (CCA)) ending x0816;

      (v)    Account statements from June 2019 through February 2021 for Mr. Alexander's Wells Fargo Business Everyday Checking account ending x2155;

      (vi)    Account statements from July 2020 through February 2021 for Mr. Alexander's Wells Fargo Way2Save Savings account ending x6552

      (vii)    A screen shot of Mr. Alexander's Bittrex account; and

      (viii)    Screen shots of Mr. Alexander's Coinbase account.

April 26, 2021
Page - 4 -

In short, contrary to the Official Committee's contentions, Mr. Alexander has complied, and continues to comply, with this Court's February 5 Emergency Order and continues to cooperate with the Committee in responding to their ongoing requests for information.

**The Contempt Motion**

Despite Mr. Alexander's continued compliance and cooperation with the Emergency Order, the Committee has left a Contempt Motion (the "Motion") pending before the U.S. District Court for the District of Delaware since March 23, 2021, simultaneously claiming non-compliance with the Emergency Order in the Motion while also refusing to litigate the Motion based upon Mr. Alexander's compliance. This is improper.

The Committee has twice adjourned the Motion for two-week periods due to Mr. Alexander's continued compliance with the Emergency Order. Mr. Alexander did not oppose the first adjournment, hoping that the Committee would realize the Motion was unnecessary and improper. They did not. Instead, on April 15, 2021, the Committee again sought to adjourn the Motion based upon Mr. Alexanders continued compliance with the Emergency Order. Claiming that the Motion is ripe to be heard and should proceed or be withdrawn, Mr. Alexander opposed[3] the second adjournment. Mr. Alexander still maintains this position. The Committee's Motion for Contempt is ripe to be heard and should proceed. The Committee's use of the pending Motion as leverage over Mr. Alexander, repeatedly seeking adjournment rather than litigating, is, in his view, improper.

**The Continued Deposition**

On April 16, 2021, after adjourning the Motion for the second time, the Committee unilaterally re-noticed Mr. Alexander's deposition. Mr. Alexander responded via letter dated April 19, 2021 with his position that he continues to comply and cooperate with the Emergency Order and is amenable to scheduling his continued deposition, but that the Committee must either withdraw or litigate the pending Motion. Leaving the Motion pending in the off chance that the Committee decides to pursue it is improper. Rather, the Committee should withdraw the motion and continue to proceed in good faith with Mr. Alexander's obligations. Until such time as the Committee withdraws or litigates the Motion, Mr. Alexander would not be available for deposition.

---

[3] Before receiving Mr. Alexander's opposition, the District Court granted the Committee's request for a second adjournment. In requesting the adjournment via letter dated April 15, the Committee noted to Judge Noreika that it "would prefer to respond in writing to counsel for Mr. Alexander [regarding outstanding discovery issues], discuss these issues, and attempt to narrow the disputed issues prior to the hearing." The Committee has not yet communicated with Mr. Alexander regarding these outstanding issues or his deposition.

April 26, 2021
Page - 5 -

      Mr. Alexander heard nothing further from the Committee until receiving its Letter to Your Honor this morning. Over the past few months the Committee has failed to provide even the most basic courtesies in seeking discovery from Mr. Alexander. The Committee has spent weeks without word, only to emerge from its silence with unrealistic, unilaterally imposed deadlines on Mr. Alexander. The Committee has requested information from Mr. Alexander unrelated to any pending discovery requests, only to claim non-compliance with the Emergency Order when he objects with good basis. The Committee claims non-compliance with the Emergency Order when they are not pleased with the response given to its discovery requests. The Committee unilaterally imposed a deposition date and failed to meet and confer with Mr. Alexander before writing to Your Honor. All of these seem to be an effort by which to fabricate Mr. Alexander's non-compliance with the Emergency Order when, in fact, he has been and continued to be compliant and cooperative to the best of his ability.

      For the foregoing reasons, Mr. Alexander contends that the Committee should either litigate or withdraw the pending Motion for Contempt. After this has occurred, Mr. Alexander will be available for his continued deposition. As has been the case over the past three months, Mr. Alexander will continue to be cooperative and compliant with this Court's Emergency Order to the best of his ability, and will respond to proper requests from the Committee.

      Should Your Honor have any questions, I am available at your convenience.

      Respectfully submitted,

      */s/ Geoffrey G. Grivner*

      Geoffrey G. Grivner (#4711)

Cc:    David R. Hurst, Esq.
         Mark Pfeiffer, Esq.
         Kody M. Sparks, Esq.
         David B. Golubchik, Esq.
         Joseph J. McMahon, Jr., Esq.