```
 1                      UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE
 2

 3                                    .   Chapter 11
     IN RE:                           .
 4                                    .   Case No. 20-12836 (JTD)
     CRED INC., et al.,               .
 5                                    .   Courtroom No. 5
                                      .   824 North Market Street
 6                                    .   Wilmington, Delaware 19801
                                      .
 7                        Debtors.    .   May 4, 2021
     . . . . . . . . . . . . . . . .      10:00 A.M.
 8

 9           TRANSCRIPT OF TELEPHONIC DISCOVERY DISPUTE HEARING
                  BEFORE THE HONORABLE JOHN T. DORSEY
10                   UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For Cred, Inc.,           David R. Hurst, Esquire
     Liquidation Trust:        MCDERMOTT WILL & EMERY LLP
13                             1007 North Orange Street, 10th Floor
                               Wilmington, Delaware 19801
14
                               - and -
15
                               Timothy W. Walsh, Esquire
16                             Darran Azman, Esquire
                               340 Madison Avenue
17                             New York, New York 10173

18   For James Alexander:      Geoffrey Grivner, Esquire
                               BUCHANAN INGERSOLL & ROONEY PC
19                             919 North Market Street, Suite 990
                               Wilmington, Delaware 19801
20

21   Audio Operator:           Jason Spencer

22   Transcription Company:    Reliable
                               1007 N. Orange Street
23                             Wilmington, Delaware 19801
                               (302)654-8080
24                             Email: gmatthews@reliable-co.com
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1    (Proceedings commenced at 10:01 a.m.)

2    THE COURT:  Good morning.  This is Judge Dorsey.

3  We're on the record in Cred, Inc.; Case No. 20-12836.

4    I'll go ahead and turn it over to the liquidating

5  trustee's counsel to run the agenda.

6    MR. EVANS:  This is Joseph Evans from McDermott

7  Will & Emery on behalf of the liquidation trust as successor

8  in interest to the committee.

9    Good morning, Your Honor.

10    THE COURT:  Good morning.

11    MR. EVANS:  I'm also joined by my colleagues,

12  David Hurst and Gregg Steinman.

13    THE COURT:  Alright.  Is someone going to run the

14  agenda?

15    MR. EVANS:  Yes, Your Honor.  I believe there is

16  only one matter on for today and that concerns the dispute

17  over the deposition for Mr. Alexander.

18    THE COURT:  Alright, go ahead.

19    MR. EVANS:  So the committee or the trust is

20  seeking to depose Mr. Alexander.  As the court knows, he

21  stated a deposition on February 9th, 2021 which was abruptly

22  halted when Mr. Alexander asked for a break claiming that he

23  was short of breath and then filed for personal bankruptcy in

24  the Northern District of California.

25    Since that time we have been chasing Mr. Alexander

1  around trying to get discovery.  We had to go to the Northern

2  District of California and get a lift of the stay, which the

3  court granted for a number of reasons including to continue

4  the deposition.  We also have a contempt hearing which Your

5  Honor is aware of, by which was withdrawn.  And that

6  presently in front of the District Court we have a hearing on

7  Thursday.

8       We have been going back and forth with letters,

9  and calls, and various disputes on written discovery, and on

10  April 16th the trust served a notice of deposition to

11  continue the deposition for Mr. Alexander.  We received a

12  letter back saying that he refuses to participate in the

13  deposition, and stated that until such time that the

14  committee withdraws or litigates the motion Mr. Alexander

15  would not be available for a deposition.

16       So that is where we are.  I mean we are

17  (indiscernible).  I know the court is concerned about

18  jurisdiction, and that's for briefing on jurisdiction.  We're

19  not here seeking a contempt order.  We're not here seeking to

20  incarcerate Mr. Alexander.  We're not seeking a penalty or

21  sanctions at this time.  All we are seeking is to continue

22  the deposition that we are entitled to pursuant to the

23  emergency order that was filed on February 9th.

24       So the issue before the District Court is contempt

25  and what penalties may apply.  The issues that we are

1   pointing to this court is a scheduled deposition and direct

2   Mr. Alexander to participate, that's it.  The March 24th

3   order, which we referenced, specifically stated that

4   (indiscernible) reference that the "contempt motion" and to

5   "consider whether it's appropriate to impose civil contempt

6   sanctions, including issuing a bench warrant for the arrest

7   and detention of James Alexander, or the Bankruptcy Court has

8   determined that such a sanction may be appropriate or that it

9   may lack the power to impose it."  That is the

10  (indiscernible) sufficient cause appearing therefore.

11         So the March 24th order was due to reference with

12  respect to contempt, with respect to issues of whether Mr.

13  Alexander should be incarcerated pending his compliance with

14  the emergency order, but not whether he has to sit for a

15  deposition; not whether he can come back to this court and

16  ask for just compliance with the emergency order that is

17  already in place.

18         We also note that there is no motion for a

19  protective order.  Alexander didn't file a motion and say,

20  well, I want a protective order under 26(c) because I

21  shouldn't have to complete the deposition pending a contempt

22  motion.  He just said I won't participate.  This is the

23  longest -- this is the latest in a long line of delays and

24  obfuscation, and it appears to us to be an effort to avoid

25  being -- avoid taking his deposition, avoid making statements

1  under oath.

2          Just by way of context, Your Honor, the deposition

3  was halted on February 9th because he filed for personal

4  bankruptcy.  After we (indiscernible) District of California

5  and made all these motions and brought him back to Delaware

6  he has now filed a motion to withdraw his personal

7  bankruptcy.  That was three days before he was supposed to

8  sit for a 341 Meeting.  We have just been notified that now

9  has also been adjourned.

10          So all we are asking is to require Mr. Alexander

11  to sit for a deposition, maybe sometime next week, and we

12  just want it contingent; that's all.

13          THE COURT:  Well isn't my original order still

14  standing?  I haven't withdrawn it.  I mean he was ordered to

15  sit for a deposition.  If he hasn't done it he's still in

16  contempt, is he not?

17          MR. EVANS:  That's right, Your Honor.  There has

18  been no changes to the emergency order whatsoever.  The

19  emergency order required him to sit for a deposition.

20          THE COURT:  So then I don't understand what you're

21  asking me to do then.  We have an order out there, he was

22  told to sit for a deposition.  If he is refusing to do it and

23  he hasn't filed a motion for protective order go forward with

24  the motion for contempt.  Have the District Court deal with

25  that issue.

1    MR. EVANS:  Your Honor, I understand the contempt

2  motion -- the contempt motion was filed with respect to a

3  number of deficiencies with Mr. Alexander's compliance with

4  the emergency order.  At that time we had re-noticed the

5  deposition.  Now we're requesting the deposition and he

6  flatly refuses, and he's refusing because the contempt motion

7  is pending.

8    So all we are asking for is to require him to sit

9  for a deposition.  We're not asking for a penalty or anything

10  else before this court.

11    THE COURT:  Well it seems to me that Mr. Alexander

12  would be well-served to sit for the deposition that I have

13  already ordered him to sit for and if he doesn't the District

14  Court will take-up the contempt motion and deal with it

15  appropriately.

16    Let me hear from Mr. Alexander's counsel if

17  they're here.

18    MR. GRIVNER:  Good morning, Your Honor.  This is

19  Geoffrey Grivner of Buchanan Ingersoll & Rooney on behalf of

20  Mr. Alexander.

21    First and foremost, if Mr. Evans had  picked up

22  the phone and asked me if Mr. Alexander could be made

23  available for a deposition next week that would have resolved

24  this issue, I think, in its entirety because I think that, as

25  Mr. Evans noted, the contempt motion is being heard on

1   Thursday.  There is no real dispute.  The contempt motion, as

2   Your Honor stated, will be heard on Thursday.  We have every

3   intention, and I have every intention, of doing everything

4   within my ability to make Mr. Alexander available for a

5   deposition.

6            Our concern and where things perhaps got off the

7   rails was that the committee has requested an adjournment of

8   the contempt hearing on two separate occasions now and keeps

9   kicking that can down the road.  Our concern is that

10  something that may or may not occur at that deposition could

11  then be used for purposes of the motion that has been pending

12  for well over a month.  That was our concern.

13           We wanted the motion heard on April 1st, and then

14  in the middle of April, and now it will be heard unless the

15  committee again attempts to adjourn the contempt hearing.

16  This, you know, perpetual kicking the can down the road and

17  having this contempt motion hang over my client's head, I

18  think, is an improper use of the judicial mechanism that

19  exists.

20           A motion was filed many, many weeks ago, had no

21  real reference to him sitting for a deposition, and we want

22  that motion heard so that can be behind him and there is not

23  this threat of criminal contempt going into a deposition.

24  That was simply our motivation and our intention.

25           Just to be clear, Your Honor, since you denied our

1  motion to withdraw on March 17th I have taken considerable

2  efforts to re-engage with Mr. Alexander and get him to comply

3  with the emergency order to the best of his ability.  We

4  continually get -- we respond quickly to the committee and

5  then hear about several additional deficiencies from their

6  perspective; nevertheless, we continue to work to get the

7  committee what they are looking for within reason and

8  consistent with the emergency order.

9        THE COURT:  Well I don't understand your position

10 that he doesn't want to go forward with the deposition until

11 the contempt motion is ruled upon because part of the

12 contempt motion is that he didn't sit for his deposition as I

13 ordered him to.  So I don't understand that position at all.

14        MR. GRIVNER:  Well I think the concern, from my

15 client, is that things that may occur during that deposition

16 could then be used against him as a further basis to bring

17 the contempt motion, but I understand your -- Your Honor, I

18 understand where you're coming from in that regard.  Mr.

19 Alexander will be sitting for the deposition.

20        THE COURT:  Alright, so when is the deposition

21 scheduled for?

22        MR. GRIVNER:  I am happy to work with Mr. Evans in

23 finding a mutual agreeable time next week.

24        MR. EVANS:  If Thursday next week works for you

25 that works for the trust.

1         MR. GRIVNER:  I will -- I believe Thursday works

2  for me and I will reach out to Mr. Alexander and, as I've

3  said, do everything that I can to make him available on

4  Thursday of next week.

5         THE COURT:  Alright, so we have that set Thursday

6  of next week.  I guess you will have to move the contempt

7  motion again until after he sits for that deposition and go

8  forward from there.

9         Is there anything else you need from me at this

10  point?

11         MR. EVANS:  No, Your Honor.

12         MR. GRIVNER:  No, Your Honor.

13         THE COURT:  Okay.  Thank you all very much.

14  Hopefully this gets resolved.  As I said, I think Mr.

15  Alexander would be well-served to sit for this deposition

16  next Thursday.

17         Thank you.  We're adjourned.

18      (Proceedings concluded at 10:12 a.m.)

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE


     We certify that the foregoing is a correct transcript

from the electronic sound recording of the proceedings in the

above-entitled matter.

/s/Mary Zajaczkowski              May 4, 2021
Mary Zajaczkowski, CET**D-531