# **EXHIBIT A**

**(PROPOSED ORDER)**

{01688520;v1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> CRED INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br><br> (Jointly Administered) <br><br> **RE: D.I. _____** |

**ORDER GRANTING
MOTION OF ROBERT J. STARK, EXAMINER, FOR ENTRY
OF ORDER (I) DISCHARGING EXAMINER; (II) INCREASING
FINAL BUDGET FOR INVESTIGATION; (III) GRANTING RELIEF
FROM THIRD-PARTY DISCOVERY; (IV) APPROVING THE DISPOSITION
OF DOCUMENTS AND INFORMATION; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the Examiner appointed in the above-captioned chapter 11 cases, for entry of an order (this "**Order**") (i) discharging the Examiner, (ii) increasing the final budget for the Investigation, (iii) granting the Examiner and his Professionals relief from third-party discovery, (iv) authorizing the disposition of documents and information related to the Investigation, and (v) granting the Examiner certain related relief, including exculpating the Examiner and his Professionals in connection with the Investigation, the Examiner Report, and the Debtors' Chapter 11 cases; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

{01688520;v1 }

has been provided under the circumstances; and after due deliberation thereon; and there being good and sufficient cause;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Examiner is hereby discharged of his duties and obligations under the Examination Order, the Initial Work Plan Order, and the Work Plan Amendment Order, as of the date of this Order, and his appointment as Examiner is hereby terminated; *provided, however*, that, for the avoidance of doubt, the Examiner is not relieved of his obligations under this Order. For the avoidance of doubt, notwithstanding the foregoing, the Examiner and his Professionals shall be entitled to file final fee applications in the Debtors' Chapter 11 cases.

3. The budget for the Investigation is hereby increased up to an aggregate amount of $1.76 million (inclusive of professionals fees and expenses), with the allowance of the Examiner's and his Professionals' fees and expenses subject to both final approval by the Court and the rights of parties in interest to respond and/or object to the final fee applications of the Examiner and his Professionals in the Debtors' Chapter 11 cases.

4. The Examiner and his Professionals are hereby relieved from any duty to respond to, object to, or move for a protective order in response to any formal or informal discovery process, including but not limited to, any request for production of documents, requests for admissions, interrogatories, subpoenas *duces tecum*, trial subpoenas, requests for testimony (through subpoena, notice of deposition, request for Bankruptcy Rule 2004 examination, or otherwise), or any other form of discovery (including under Bankruptcy Rule 2004) related to the Examiner Report, the Investigation, the Investigative Record, the Privileged Materials, the Debtors, the Debtors' Chapter cases, or any other documents or information obtained by the

Examiner in connection with the Investigation; *provided, however*, that nothing contained in this Order relieves the Examiner of his duty to cooperate with federal and state law enforcement and regulatory authorities with regards to the Investigation.

5. For a period of 2 years after entry of this Order (unless such period is extended by order of this Court for cause, on notice to the Examiner and his Professionals), the Examiner and his Professionals shall maintain the Investigative Record and the Privileged Materials that are in their respective possession. Following such 2 year period (unless extended), the Examiner and his Professionals are authorized to dispose of all or any portion of the Investigative Record and/or the Privileged Materials, such that the continued maintenance of any such materials shall be at the Examiner's sole discretion.

6. Neither the Examiner nor his Professionals shall have or incur any liability with respect to any act, omission, statement, representation, or submission, in each instance arising out of, relating to, or involving in any way, the Investigation, the Examiner Report, or the Debtors' Chapter 11 cases; *provided, however*, that the foregoing exculpation shall not affect the liability of any entity resulting from any act or omission to the extent that such act or omission is determined by a final order to have constituted willful misconduct, fraud, or gross negligence or violations of any disciplinary rule or code of professional responsibility; *provided further*, that the final fee applications referenced in paragraph 2, *supra*, and any amounts previously paid to the Examiner and his Professionals shall remain subject to applicable bankruptcy law.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.