**<u>EXHIBIT C</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| SAMUELS JEWELERS, INC.,[1] | Case No. 18-11818 (KJC) |
| Debtor. | Ref. Nos. 294, 324, 441, 442, 443 & 440, 815, 839 |

### ORDER APPROVING EXAMINER'S MOTION FOR ENTRY OF AN ORDER DISCHARGING THE EXAMINER AND GRANTING RELATED RELIEF

Upon the motion of (the "Motion") of John J. Carney, the Court-appointed examiner (the "Examiner") for the chapter 11 case of Samuels Jewelers, Inc. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)–(4) & (b), and 1109(b), for entry of an order: (i) discharging the Examiner; (ii) relieving the Examiner, his counsel, Baker & Hostetler LLP ("BH"), his Delaware counsel, Landis Rath & Cobb LLP ("LRC"), and his forensic accountant, Alvarez & Marsal Disputes and Investigations, LLC ("A&M", and together with BH and LRC, "Professionals"), from discovery obligations in connection with the Investigation[2] and the Report; (iii) authorizing the retention or disposition of documents and information in the possession of the Examiner and his Professionals; (iv) exculpating the Examiner and his Professionals in connection with the Investigation and the Report; and (v) approving a mechanism for the Examiner and his Professionals to provide further assistance to the estate upon request and to seek compensation and reimbursement of expenses incurred in providing such assistance; and the Court being satisfied that the relief sought in the Motion is necessary and in the best interests of the Debtor and the estate; and due and proper notice of the Motion having been given and it appearing that

---

[1] The last four digits of the Debtor's taxpayer identification number are 6316 and its address is 2914 Montopolis Drive, Suite 200, Austin, Texas 78741.

[2] Terms not defined herein shall have the meanings ascribed in the Motion.

{1219.001-W0055397.}

no other or further notice need be provided; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED:**

1. The Examiner is discharged from his duties and obligations under the Examiner Order and Work Plan Order effective as of the date of this Order, and his appointment as Examiner is hereby terminated.

2. The discharge of the Examiner is without prejudice to the entry of an order in the future re-engaging the Examiner or his Professionals to provide such services as the Court determines are necessary and appropriate.

3. As provided in the Protective Orders, the Examiner and his Professionals are relieved from any duty to respond, object to, or move for a protective order in response to any formal or informal discovery process, including any subpoenas, requests for production of documents, requests for admissions, interrogatories, requests for testimony (through subpoena, notice of deposition, request for Bankruptcy Rule 2004 examination, or otherwise), letters rogatory, or any other discovery of any kind related to the Report, the Investigation, the Investigative Record or the Case.

4. The Examiner and his Professionals are authorized to dispose of all Confidential or Highly Confidential Discovery Material received and all copies thereof within thirty (30) days of entry of this Order, in accordance with the protocol provided in the Protective Orders.

5. The Examiner and his Professionals are authorized to discard any and all other documents and information in the Investigative Record not contemplated in the Protective Orders, such that the continued maintenance of these materials shall be at the Examiner's

discretion; provided, however, that the Examiner and his Professionals will maintain the materials for at least thirty (30) days after entry of this Order.

6. Neither the Examiner nor his Professionals shall have or incur any liability with respect to (i) any act or omission, (ii) any statement or representation arising out of, relating to, or involving in any way, the Investigation or the Report, or (iii) any other writing filed by the Examiner or his Professionals in connection with, related to, or arising out of the Case, including the Report. Nothing contained in this paragraph, however, shall be construed to limit the liability of the Examiner or his Professionals for any acts of willful misconduct or gross negligence or violations of any applicable disciplinary rule or code of professional responsibility.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May 2, 2019
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE