**<u>EXHIBIT E</u>**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **CAESARS ENTERTAINMENT** | ) **Case No. 15-01145 (ABG)** |
| **OPERATING COMPANY, INC. *et al.*,**[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. A. Benjamin Goldgar |
| | ) |
| | ) Re: Docket No. 4275 |

**ORDER (I) DISCHARGING THE EXAMINER; (II) RELIEVING THE
EXAMINER AND HIS PROFESSIONALS FROM DISCOVERY
OBLIGATIONS; (III) APPROVING THE DISPOSITION OF CERTAIN
DOCUMENTS AND INFORMATION; (IV) APPROVING CERTAIN
WIND DOWN TASKS OF THE EXAMINER AND HIS PROFESSIONALS;
AND (V) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Examiner for an Order (I) Discharging the Examiner; (II) Relieving the Examiner and his Professionals from Discovery Obligations; (III) Approving the Disposition of Certain Documents and Information; (IV) Approving Certain Wind Down Tasks of the Examiner and his Professionals; and (V) Granting Related Relief* (the "Motion"),[2] and the responses to the Motion; and the Court being fully advised in the premises and a hearing having been held before the Court to consider the Motion (the "Hearing"), and after due deliberation thereon, it is hereby

ORDERED:

1.  The Motion is GRANTED to the extent set forth herein.

---

[1] A complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      The Examiner is discharged from his duties and obligations under the Examiner

Order effective as of the date of this Order, and his appointment as Examiner is hereby

terminated.  The discharge of the Examiner is without prejudice to: (i) the entry of an order, in

the future, reengaging the Examiner and the Examiner's Professionals to provide such services as

the Court deems necessary and appropriate; or (ii) the continued cooperation and assistance as

the Examiner in his discretion deems appropriate to government agencies, the United States

Trustee, and the parties in interest to the Chapter 11 Cases.

3.      Unless the Examiner or his Professionals agree otherwise in writing, and except

as otherwise provided herein, the Examiner and his Professionals are relieved from any duty to

respond, object to or move for a protective order in response to any formal or informal discovery

process, including but not limited to any subpoenas, requests for production of documents,

requests for admissions, interrogatories, requests for testimony (through subpoena, notice of

deposition, request for Bankruptcy Rule 2004 examination, or otherwise), letters rogatory, or any

other discovery of any kind related to the Final Report, the Investigation, the Investigative

Record or the Chapter 11 Cases.  This prohibition shall not apply to: (i) requests for documents,

materials or information that the requesting party has demonstrated to this Court, upon notice to

and an opportunity to object by the Examiner, cannot be reasonably obtained from any other

source and that can be reasonably provided by the Examiner and/or his Professionals; (ii)

productions required in response to any subpoena or formal request for discovery made by or on

behalf of any state or federal governmental or regulatory agency acting pursuant to its police or

regulatory powers; (iii) any information the Examiner in his discretion deems appropriate to

provide in response to informal requests from parties in interest to the Chapter 11 Cases relating

to the Final Report; or (iv) discovery of information related to compensation applications filed by

the Examiner or his Professionals.

2

4.      The Examiner and his Professionals are authorized and directed to maintain the Document Depository, EEO Documents, Transcripts and Memoranda, and Final Report Documents in archived form until the earlier of (i) the effective date of any plan of reorganization that includes a disposition of the archived portions of the Investigative Record, or (ii) the date on which the Court enters an order with respect to the disposition of the archived portions of the Investigative Record.

5.      Unless the Examiner or his Professionals agree otherwise in writing, the Examiner and his Professionals are authorized to discard any and all other documents and information not contemplated in Paragraph 4 above, including, without limitation, the Examiner's Privileged Materials and Other Documents two years from the date of this Order. The Examiner and his Professionals are also authorized to terminate the contract with Firmex, Inc. relating to the Document Depository as promptly as practicable.

6.      Unless the Examiner or his Professionals agree otherwise in writing, neither the Examiner nor his Professionals shall have or incur any liability with respect to (a) any act taken or omitted to be taken, (b) any statement or representation arising out of, relating to, or involving in any way, the Investigation or the Final Report, or (c) any report, pleading or other writing filed by the Examiner or the Examiner's Professionals in connection with, related to, or arising out of the Chapter 11 Cases including, without limitation, the Final Report. Nothing contained in this paragraph, however, shall be construed to limit the liability of the Examiner or the Examiner's Professionals for any acts of willful misconduct, gross negligence or violation of any applicable disciplinary rule or code of professional responsibility.

*[handwritten annotation: to parties with notice of the motion seeking entry of this order]*

7.      The Examiner and his Professionals shall be entitled to reimbursement from the Debtors, their estates, and their successors in interest, for their reasonable fees and actual costs

3

after the date of the entry of this Order for (a) maintaining or disposing of the Investigative

Record as set forth herein; (b) responding or objecting to any formal or informal discovery or

other requests for information or inquiries served on the Examiner or the Examiner's

Professionals; (c) the preparation and prosecution of interim and final fee applications; and

(d) such other actions undertaken by the Examiner or the Examiner's Professionals at the request

or direction of the Court. To the extent that the Examiner and his Professionals incur reasonable

fees or costs in connection with these matters subsequent to the time period covered by their final

fee applications, the Examiner and his Professionals shall serve such fees and costs on the Fee

Committee and the Notice Parties identified in the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Professionals* dated March 4, 2015 [Docket

No. 587], and absent written objection within twenty-one (21) business days of delivery of the

invoice, the Debtors shall be authorized and directed to pay or reimburse the Examiner and his

Professionals for such fees and costs without the need for any additional Court approval;

provided, however, that if a timely objection is raised to such invoice and the matter cannot be

resolved consensually, the objection shall be presented to the Court for resolution and any

undisputed portion of the subject invoice should be paid.

        8.     The final fee applications of the Examiner and the Examiner's Professionals shall

be subject to the following schedule:

        a.    The final fee applications of the Examiner and the Examiner's Professionals

            shall be filed by September 30, 2016.

        b.    Objections, if any, to any final fee applications filed by September 30, 2016,

            must be filed by October 31, 2016.

4

    c.  A hearing to consider the final fee applications filed by September 30, 2016

        will be held on the omnibus hearing date set by the Court in November 2016.

9.    The Court shall retain jurisdiction to resolve professional compensations issues for the Examiner or his Professionals in connection with the Chapter 11 Cases.

10.    This Order shall survive confirmation of any plan or plans in the Debtors' bankruptcy cases, as well as the dismissal or conversion of any of the Debtors' cases to cases under chapter 7 of the Bankruptcy Code.

11.    In the event of a conflict between this Order and any provision of a plan of reorganization confirmed in the Debtors' cases, this Order shall control as it pertains to the rights, duties and obligations of the Examiner and the Examiner's Professionals.

12.    The Court reserves jurisdiction to hear and determine all matters arising from or related to this Order, including its implementation, interpretation, enforcement or requested modification.

Dated:   **2 0** JUL 2016
       Chicago, Illinois

HONORABLE A. BENJAMIN GOLDGAR
UNITED STATES BANKRUPTCY JUDGE

5