**<u>EXHIBIT F</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :        Case No. 08-13555 (JMP)
                                                    :
                            Debtors.                :        (Jointly Administered)
-------------------------------------------------------------------x

## ORDER DISCHARGING EXAMINER
## AND GRANTING RELATED RELIEF

Upon consideration of the Motion of Anton R. Valukas, Bankruptcy Court Examiner, by and through his attorneys, Jenner & Block LLP, for an Order discharging him as Examiner, and after due deliberation and sufficient cause appearing,

IT IS ORDERED as follows:

1. The Motion is granted, the appointment of Anton R. Valukas is terminated; and the Examiner and his professionals are discharged from any further obligations, duties, or responsibilities except as otherwise set forth in this Order.   Subject to paragraph 4 below:

   a. If requested, the Examiner and his professionals may continue to provide such cooperation and assistance as he in his discretion deems appropriate to government agencies and the United States Trustee.

   b. If requested, the Examiner and his professionals may continue to provide such cooperation and assistance as he in his discretion deems appropriate to the

Debtors, the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee") and James W. Giddens, SIPA Trustee for the Liquidation of the Business of Lehman Brothers Inc. (the "SIPA Trustee").

c. If other parties request cooperation or assistance from the Examiner and his professionals and such requesting parties are not parties to a pending civil litigation, the Examiner shall give written notice to the attorneys for the Debtors, Weil, Gotshal & Manges LLP, and the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, and any other party in interest that makes a written request of the Examiner for notice of all such requests for cooperation or assistance from the Examiner. The Debtors, the Creditors' Committee and any party that has requested notice of requests for cooperation or assistance of the Examiner may, within five business days of receipt of such notice, informally object to such request. If an objection is asserted, the parties shall confer within five business days of the assertion of such objection in an effort to resolve the objection. If the objection cannot be resolved, the objecting party or parties may, within five additional business days, make a motion with the Court to be heard at the next omnibus hearing and in compliance with the case management order governing the Debtors' cases seeking an order prohibiting or limiting the scope of the requested cooperation or assistance from the Examiner and his professionals, or for such other relief as may be appropriate. If such a motion is filed, the Examiner

shall not provide the requested cooperation or assistance pending the disposition of the motion. If no objection is asserted within five business days of receipt of the notice, or if no motion is filed within ten business days after assertion of an objection, the Examiner and his professionals may provide such cooperation and assistance as he in his discretion deems appropriate.

d.  Notwithstanding anything herein to the contrary, if a party to a pending civil litigation, including the Debtors, the Creditors' Committee and the SIPA Trustee, requests cooperation and assistance from the Examiner relating to, concerning or involving that litigation, the Examiner shall give written notice to all other parties to such litigation and the Debtors and the Creditors' Committee to the extent either the Debtors or the Creditors' Committee is not a named party to the litigation. Any such party may, within five business days of receipt of such notice, informally object to such request. If an objection is asserted, the parties shall confer within five business days of the assertion of such objection in an effort to resolve the objection. If the objection cannot be resolved, the objecting party or parties may, within five additional business days, make a motion with the Court to be heard at the next omnibus hearing and in compliance with the case management order governing the Debtors' cases or in the court where such litigation is pending in accordance with the rules governing notice and discovery in that litigation seeking an order prohibiting or limiting the scope of the requested cooperation or assistance from

3

the Examiner and his professionals, or for such other relief as may be appropriate. If such a motion is filed, the Examiner shall not provide the requested cooperation or assistance pending the disposition of the motion. If no objection is asserted within five business days of receipt of the notice, or if no motion is filed within ten business days after assertion of an objection, the Examiner and his professionals may provide such cooperation and assistance as he in his discretion deems appropriate.

e.  The Examiner and his professionals shall perform any and all acts necessary to transition the maintenance of the CaseLogistix database of documents he has assembled to a neutral vendor as more fully described in paragraph 6 of this Order.

2.  The Examiner and his professionals are released from any and all liability with respect to any act or omission, statement, or representation arising out of, relating to, or involving in any way, the Investigation or any report, pleading, or other writing filed by the Examiner in connection with the bankruptcy cases, except in the case of gross negligence or willful misconduct.

3.  The Examiner and his professionals are relieved from any formal or informal discovery process and no party shall issue or serve any discovery request upon the Examiner or his professionals, except as authorized (a) by this Court or another court of competent jurisdiction where litigation is pending upon notice of

4

motion to, and an opportunity to object by, the Examiner, the Debtors, the
Creditors' Committee and parties in interest and demonstration by the
requesting party that such materials or information cannot be reasonably
obtained from any other source or for other cause shown, or (b) by an order of a
federal district court presiding over a criminal proceeding in which a party in
interest is a defendant finding that the Examiner or his professionals are obliged
to produce documents or other materials to said defendant under the principles
of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and
the Federal Rules of Criminal Procedure. The prohibition against discovery
from the Examiner shall not prevent the discovery of information related to
compensation applications filed by the Examiner or his professionals. The
Examiner and his professionals shall maintain all materials currently in their
possession related to their work on behalf of the Examiner until further order of
the Court, upon notice and an opportunity to be heard by parties in interest, or
until the closing of these Chapter 11 cases.

4. The Examiner and his professionals shall be entitled to reimbursement by the
Debtors of any reasonable fees and expenses incurred (including professional
fees and expenses) in connection with (i) any cooperation, assistance, or
transition services they provide to the Debtors, the Creditors' Committee,
government agencies or the United States Trustee pursuant to this Order, (ii)

5

objecting to, opposing, or otherwise responding to any request for formal discovery pursuant to paragraph 3 of this Order, or (iii) an application or motion for allowance and payment of fees and expenses payable by the Debtors.    All fees of and expenses incurred by the Examiner and his professionals in connection with any cooperation or assistance provided to a party other than the Debtors, the Creditors' Committee, government agencies or the United States Trustee pursuant to this Order or in objecting to, opposing, or otherwise responding to any request for discovery by such party that is outside the scope of paragraph 3 of this Order shall be paid by, and shall be the sole and exclusive obligation of, such party.    To the extent that the Examiner and his professionals' fees and expenses are payable by the Debtors and do not exceed $150,000 per month, the Examiner and his professionals may submit invoices to the Debtors and the Creditors' Committee, with notice to the United States Trustee and an opportunity to object.    Such invoices shall be reasonably detailed, shall indicate the nature of the services rendered and shall be calculated in accordance with the billing practices employed by the Examiner and his professionals in this case. Absent any objection or dispute, the Debtors shall be authorized to pay such invoices without further order of the Court. In the event that the Debtors dispute any such invoice, the Examiner and his professionals may request, by motion, that such disputed fees or expenses be

approved by this Court and shall not be required to file a fee application therefor. In the event that fees and expenses payable by the Debtors exceed $150,000 in any month, a fee application shall be filed and considered in accordance with the procedures established in these cases. Nothing herein shall abrogate the obligation of the Examiner and his professionals to file applications for final allowances of compensation and reimbursement of expenses incurred prior to the entry of this Order or limit the rights of any party in interest to contest or otherwise object to such applications.

5. The Debtors shall continue to maintain the Stratify database of documents, in its current format, in the interests of the administration of the chapter 11 cases until further order of the Court, upon notice and an opportunity to be heard by parties in interest.

6. The Examiner is authorized to join with the Debtors to negotiate a contract between the Debtors and Epiq Bankruptcy Solutions LLC ("Epiq") or another comparable, neutral vendor, under which the selected vendor will take custody and maintenance of the documents contained in the CaseLogistix database assembled by the Examiner. The vendor's reasonable charges shall be paid by Debtors as an administrative expense of the Debtors.

7. Parties in interest who are not stayed or otherwise prohibited from seeking discovery by order of the Court or any other court of competent jurisdiction or

applicable law may request access to documents contained in the CaseLogistix database as follows:

a.  In the case of a request by a person or entity that is not a party to a pending civil litigation in a court of competent jurisdiction, a document request ("Document Request") must be served on the attorneys for the Debtors and the Creditors' Committee and forwarded to the vendor.  A Document Request shall not be filed with the Court.  In the case of a request by a person or entity that is a party to such a pending civil litigation, including the Debtors, the Creditors' Committee and the SIPA Trustee, a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure or any other applicable rules ("Subpoena") shall be served in compliance with all rules governing notice and discovery in that litigation and shall also be served on attorneys for the Debtors and the Creditors' Committee to the extent either the Debtors or the Creditors' Committee is not a named party to the litigation and forwarded to the vendor.

b.  The vendor shall promptly identify responsive documents by producing party. The vendor shall then provide notice ("Notice") to each identified producing party setting out the Document Request or Subpoena, the identity of the party making the request (the "Requesting Party") and the specific documents that have been identified as responsive to the Document Request or Subpoena; the vendor shall provide to the Debtors, the Creditors' Committee, the Requesting Party and any

other person or entity that has been served with notice of a Subpoena by the Requesting Party in accordance with paragraph 7(a) above, a copy of the Notice that includes a schedule of responsive documents, but shall not attach or provide copies of any specific documents.

c.   The Debtors, the Creditors' Committee and the producing party (collectively, the "Interested Parties") shall have five business days from the date of Notice to informally object to the Document Request and shall serve such objection on the Requesting Party and the other Interested Parties with a copy to the vendor.  An objection to a Document Request shall not be filed with the Court.  If a timely objection to the Document Request is asserted, the objecting party or parties and the Requesting Party shall confer within five business days of the assertion of an objection in an effort to resolve the objection.  If the objection cannot be resolved, the objecting party or parties may, within five additional business days, make a motion with the Court to be heard at the next omnibus hearing and in compliance with the case management order governing the Debtors' cases seeking an order restricting or prohibiting access to the requested documents, or for such other relief as may be appropriate.  If such a motion is filed, the vendor shall not comply with the Document Request pending the disposition of the motion.  If no timely objection is asserted to a Document Request, or if no motion is filed within ten business days after assertion of an objection, the vendor shall promptly make the

9

requested documents available to the Requesting Party on a separate, publicly available platform. Nothing herein shall confer standing on any party to object to a Document Request and all rights to contest, object to or support standing of an objecting party are preserved.

d.  Objections to a Subpoena issued in a pending civil litigation shall be heard in that litigation and governed by the applicable rules of civil procedure and discovery in such litigation. Nothing herein shall confer standing on any party to object to a Subpoena and all rights to contest, object to or support standing of an objecting party are preserved.

e.  Notwithstanding anything herein to the contrary, the Debtors, the Creditors' Committee and the SIPA Trustee may request access to documents contained in the CaseLogistix database that do not relate to, concern or involve a pending civil litigation to which the Debtors, the Creditors' Committee or the SIPA Trustee are a party by providing a Document Request directly to the vendor. Prior notice to, and an opportunity to object to such a Document Request by, the Debtors or the Creditors' Committee shall not be required; *provided, however,* that, in all cases, the producing party or parties must be notified of and given an opportunity to object to the Document Request in accordance with provisions of paragraph 7 of this Order. A Document Request made by the Debtors, the Creditors' Committee or the SIPA Trustee shall not be filed with the Court. All requests by the Debtors, the

10

Creditors' Committee or the SIPA Trustee for documents contained in the CaseLogistix database relating to, concerning or involving a pending civil litigation to which the Debtors, the Creditors' Committee or the SIPA Trustee is a party shall be made by Subpoena and shall comply with the provisions of this paragraph 7 governing Subpoenas.

f.   For the avoidance of doubt, nothing in this paragraph 7 is intended to expand, contract, waive or otherwise modify the rights of any party in interest to seek discovery in these cases or in any pending litigation.  All rights possessed by the Debtors, the Creditors' Committee, or other parties in interest to object to or otherwise contest the propriety of any party or parties in interest to request access to documents contained in the CaseLogistix database are expressly reserved.

Dated: New York, New York
       July 13, 2010

                                    s/ James M. Peck
                                    UNITED STATES BANKRUPTCY JUDGE