**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |

**SUMMARY OF SECOND MONTHLY AND FINAL FEE APPLICATION
OF EXAMINER AND BROWN RUDNICK LLP, AS CO-COUNSEL TO
EXAMINER, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF DISBURSEMENTS PURSUANT TO 11 U.S.C. §§
330 AND 331 FOR PERIOD JANUARY 8, 2021 THROUGH APRIL 19, 2021**

| | |
|---|---|
| Name of applicant: | Brown Rudnick LLP |
| Authorized to provide professional services to: | Robert J. Stark, Examiner (the "**Examiner**") |
| Date Retention Approved | Order Entered February 18, 2021 [Docket No. 517], *Nunc Pro Tunc* to January 8, 2021 |
| Monthly Period for which compensation and reimbursement is sought: | February 1, 2021 – April 19, 2021 |
| Monthly Amount of compensation sought as actual, reasonable and necessary: | $1,298,846.00 |
| Monthly Amount of expense reimbursement sought as actual, reasonable and necessary: | $4,579.77 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

| | |
|---|---|
| Final Period for which compensation and reimbursement is sought: | January 8, 2021 through April 19, 2021 |
| Final Amount of compensation sought as actual, reasonable and necessary: | $1,558,948.50[2] |
| Final Amount of expense reimbursement sought as actual, reasonable and necessary: | $5,998.07[3] |
| Total compensation approved to date | $208,082.00 |
| Total expenses approved to date | $1,418.30 |
| Total allowed compensation paid to date | $208,082.00 |
| Total allowed expense paid to date | $1,418.30 |
| Blended rate in this application for all attorneys | $686.97 |
| Blended rate in this application for all timekeepers | $676.07 |
| Compensation sought in this application already paid but not yet approved by interim order | $0.00 |
| Expenses sought in this application already paid but not yet approved by interim order | $0.00 |
| Number of professionals included in this application | 14 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |

---

[2]   This amount includes monthly amount of compensation of $1,298,846.00 for the period February 1, 2021 through April 19, 2021.

[3]   This amount includes monthly amount of expense reimbursement of $4,579.77 for the period February 1, 2021 through April 19, 2021.

| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
|---|---|
| Number of professionals billing fewer than 15 hours to the case during this period | 1 Attorney<br>1 Paraprofessional |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | ☐Yes          ☒ No |

Case Name:          Cred Inc., et al.
Case Number:        20-12836 (JTD)
Applicant's Name:   Brown Rudnick LLP
Date of Application: May 14, 2021
Interim or Final:   Final

## **PREVIOUS FEE APPLICATION**

| Date Filed and Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date and Docket No. | Approved Fees | Approved Expenses | 20% Holdback | Total Remaining to be Paid (Including 20% Holdback and Fees) |
|---|---|---|---|---|---|---|---|---|
| (First) 02/25/2021 D.I. 561 | 01/08/21 through0 01/31/21 | $260,102.50 | $1,418.30 | 03/19/2021 D.I. 663 | $208,082.00 | $1,418.30 | $52,020.50 | $52,020.50 |
| **TOTAL** | | **$260,102.50** | **$1,418.30** | | **$208,082.00** | **$1,418.30** | **$52,020.50** | **$52,020.50** |

## SUMMARY OF TIME AND COMPENSATION OF PROFESSIONALS

### For the Monthly Period from February 1, 2021 through April 19, 2021

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Stephen R. Cook | Partner; Admitted to California Bar in 1999; Admitted to District of Columbia Bar in 2000; White Collar Defense & Government Investigations | $1,105.00 | 85.90 | $94,919.50 |
| Robert J. Stark | Partner; Admitted to New Jersey Bar in 1995; Admitted to New York Bar in 1996; Bankruptcy & Corporate Restructuring | $1,100.00[4] | 56.90 | $62,590.00 |
| Baynham, Ashley L. | Partner; Admitted to New York Bar in 1995; Admitted to New York Bar in 2005; Admitted to District of Columbia Bar in 2006; Admitted to California Bar in 2019; White Collar Defense & Government Investigations | $1,025.00 | 5.70 | $5,842.50 |

---

[4]   In connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour.

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Andrew M. Carty | Partner; Admitted to New York Bar in 2013; Bankruptcy & Corporate Restructuring | $975.00 | 130.00 | $126,750.00 |
| **TOTAL** | | | **278.50** | **$290,102.00** |
| **PARTNER BLENDED RATE** | | **$1,041.66** | | |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
| --- | --- | --- | --- | --- |
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| E. Patrick Gilman | Counselor at Law; Admitted to Illinois Bar in 2005; Admitted to District of Columbia Bar in 2019; White Collar Defense & Government Investigations | $805.00 | 261.60 | $210,588.00 |
| Tiffany B. Lietz | Associate; Admitted to New York Bar in 2018; White Collar Defense & Government Investigations | $720.00 | 264.10 | $190,152.00 |
| Michael W. Reining | Associate, Admitted to California Bar in 2015; Admitted to New York Bar in 2018; Bankruptcy & Corporate Restructuring | $685.00 | 138.00 | $94,530.00 |
| David L. Rosenthal | Associate; Admitted to California Bar in 2017; Admitted to District of Columbia Bar in 2021; White Collar Defense & Government Investigations | $660.00 | 173.20 | $114,312.00 |
| Alannah M. Irwin | Associate; Admission Pending; White Collar Defense | $570.00 | 334.30 | $190,551.00 |

| Name of Professional Person | Position; Admission Date; Specialty | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | |
| | & Government Investigations | | | |
| Erio Vignali | Associate; Admitted to Maryland Bar in 2020; White Collar Defense & Government Investigations | $535.00 | 72.10 | $38,573.50 |
| Rachel C. McKenzie | Associate; Admission Pending; White Collar Defense & Government Investigations | $435.00 | 327.00 | $142,245.00 |
| **TOTAL** | | | **1,570.30** | **$980,951.50** |
| **ASSOCIATE & OTHER COUNSEL BLENDED RATE** | | **$624.69** | | |

| TIME AND COMPENSATION BREAKDOWN - PARAPROFESSIONALS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position/Number of Years** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Cohen, Harriet E. | Paralegal - Bankruptcy & Corporate Restructuring; over 30 years | $435.00 | .80 | $348.00 |
| Roderick J. Crawford | Paralegal – White Collar & Litigation; over 5 years | $415.00 | 39.10 | $16,226.50 |
| Nina Khalatova | Paralegal - Bankruptcy & Corporate Restructuring; over 20 years | $395.00 | 28.40 | $11,218.00 |
| **TOTAL** | | | **68.30** | **$27,792.50** |
| **PARAPROFESSIONALS BLENDED RATE** | | **$406.92** | | |
| **GRAND TOTAL** | | | **1,917.10** | **$1,298,846.00** |
| **BLENDED RATE FOR ALL BROWN RUDNICK TIMEKEEPERS** | | **$677.51** | | |

`-

**SUMMARY OF TIME AND COMPENSATION OF PROFESSIONALS**

**For the Final Period from January 8, 2021 through April 19, 2021**

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Stephen R. Cook | Partner; Admitted to California Bar in 1999; Admitted to District of Columbia Bar in 2000; White Collar Defense & Government Investigations | $1,105.00 | 99.20 | $109,616.00 |
| Robert J. Stark | Partner; Admitted to New Jersey Bar in 1995; Admitted to New York Bar in 1996; Bankruptcy & Corporate Restructuring | $1,100.00[5] | 61.20 | $67,320.00 |
| Baynham, Ashley L. | Partner; Admitted to New York Bar in 1995; Admitted to New York Bar in 2005; Admitted to District of Columbia Bar in 2006; Admitted to California Bar in 2019; White Collar Defense & Government Investigations | $1,025.00 | 6.00 | $6,150.00 |

---

[5]    In connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour.

| TIME AND COMPENSATION BREAKDOWN – PARTNERS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Andrew M. Carty | Partner; Admitted to New York Bar in 2013; Bankruptcy & Corporate Restructuring | $975.00 | 130.00 | $126,750.00 |
| **TOTAL** | | | **296.40** | **$309,836.00** |
| **PARTNER BLENDED RATE** | | **$1,045.33** | | |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| E. Patrick Gilman | Counselor at Law; Admitted to Illinois Bar in 2005; Admitted to District of Columbia Bar in 2019; White Collar Defense & Government Investigations | $805.00 | 363.10 | $292,295.50 |
| Tiffany B. Lietz | Associate; Admitted to New York Bar in 2018; White Collar Defense & Government Investigations | $720.00 | 335.90 | $241,848.00 |
| Michael W. Reining | Associate, Admitted to California Bar in 2015; Admitted to New York Bar in 2018; Bankruptcy & Corporate Restructuring | $685.00 | 168.40 | $115,354.00 |
| David L. Rosenthal | Associate; Admitted to California Bar in 2017; Admitted to District of Columbia Bar in 2021; White Collar Defense & Government Investigations | $660.00 | 210.10 | $138,666.00 |
| Alannah M. Irwin | Associate; Admission Pending; White Collar Defense | $570.00 | 377.00 | $214,890.00 |

| TIME AND COMPENSATION BREAKDOWN – ASSOCIATES AND OTHER COUNSEL | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position; Admission Date; Specialty** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| | & Government Investigations | | | |
| Erio Vignali | Associate; Admitted to Maryland Bar in 2020; White Collar Defense & Government Investigations | $535.00 | 72.10 | $38,573.50 |
| Rachel C. McKenzie | Associate; Admission Pending; White Collar Defense & Government Investigations | $435.00 | 393.40 | $171,129.00 |
| **TOTAL** | | | **1,920.00** | **$1,212,756.00** |
| **ASSOCIATE & OTHER COUNSEL BLENDED RATE** | | **$631.64** | | |

| TIME AND COMPENSATION BREAKDOWN - PARAPROFESSIONALS | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Position/Number of Years** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Harriet E. Cohen | Paralegal - Bankruptcy & Corporate Restructuring; over 30 years | $435.00 | .80 | $348.00 |
| Roderick J. Crawford | Paralegal – White Collar & Litigation; over 5 years | $415.00 | 48.60 | $20,169.00 |
| Nina Khalatova | Paralegal - Bankruptcy & Corporate Restructuring; over 20 years | $395.00 | 40.10 | $15,839.50 |
| **TOTAL** | + | | **89.50** | **$36,356.50** |
| **PARAPROFESSIONALS BLENDED RATE** | | **$406.22** | | |
| **GRAND TOTAL** | | | **2,305.90** | **$1,558,948.50** |
| **BLENDED RATE FOR ALL BROWN RUDNICK TIMEKEEPERS** | | **$676.07** | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline : June 3, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date:  June 17, 2021 at 2:00 p.m. (ET)** |

**SECOND MONTHLY AND FINAL FEE APPLICATION OF EXAMINER
AND BROWN RUDNICK LLP, AS CO-COUNSEL TO EXAMINER,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF DISBURSEMENTS PURSUANT TO 11 U.S.C. §§ 330 AND 331
FOR THE PERIOD JANUARY 8, 2021 THROUGH APRIL 19, 2021**

Brown Rudnick LLP ("**Brown Rudnick**"), co-counsel to Robert J. Stark, the Court-appointed examiner (the "**Examiner**") in the above captioned chapter 11 cases of Cred Inc., *et al*. (the "**Debtors**"), hereby submits this *Second Monthly and Final Fee Application of Examiner and Brown Rudnick LLP, as Co-Counsel to Examiner, for Compensation and Reimbursement of Disbursements Pursuant to 11 U.S.C. §§ 330 and 331 for the Period January 8, 2021 through April 19, 2021* (the "**Second Monthly and Final Application**") for compensation of professional legal services rendered as co-counsel to the Examiner seeking (i) approval and payment of professional fees in the amount of $1,298,846.00 together with the reimbursement of actual and necessary expenses incurred in the amount of $4,579.77 for the period from February 1, 2021 through April 19, 2021 (the "**Monthly Period**") and (ii) final approval and payment of professional fees in the amount of $1,558,948.50 together with actual and necessary expenses incurred in the amount of $5,998.07 for the period of January 8, 2021 through April 19, 2021

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

(the "**Final Period**" and, together with the Monthly Period, the "**Compensation Period**")[2].  In support of this Application, Brown Rudnick hereby states as follows

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M), the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.      The statutory bases for the relief sought herein are sections 105(a), 330 and 331 of chapter 11 of the title 11 of the United States Code, 11 U.S.C. § 101 *et seq* (as amended or modified, the "**Bankruptcy Code**").

**BACKGROUND**

3.      On November 7, 2020 (the "**Petition Date**"), each of the Debtors commenced their chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

---

[2]      Brown Rudnick reserves the right to supplement this final fee application to include any additional fees and expenses incurred after the effective date.

[3]      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Brown Rudnick hereby confirms its consent to entry of a final order of the Bankruptcy Court in connection with this Application if it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders of judgments consistent with Article III of the United States Constitution.

5.      Factual background relating to the Debtors' Chapter 11 Cases is set forth in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions*, filed on November 9, 2020 [ECF No. 12] and the *Report of Robert J. Stark, Examiner*, dated March 8, 2021 [ECF No. 605] (the "**Examiner Report**").

6.      On December 3, 2020, the Office of the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these Chapter 11 Cases pursuant to Bankruptcy Code Section 1102(a)(l) [ECF No. 120].

7.      On December 18, 2020, the Bankruptcy Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 244].  On December 21, 2020, the Bankruptcy Court entered the *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 269] (the "**Interim Compensation Order**").

8.      On December 23, 2020, the Bankruptcy Court entered its *Order Denying in Part, and Granting in Part, the Trustee/Examiner Motions* [ECF No. 281] (the "**Examination Order**") directing the appointment of an examiner under section 1104(c) of the Bankruptcy Code.

9.      The Examination Order authorized the "Examiner and any professionals retained by the Examiner [to] be compensated and reimbursed for their expenses pursuant to the procedures established in the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [ECF No. 269].  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330."  *See* Examination Order ¶ 12.

3

10.     On January 7, 2021 the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") filed the *Notice of Appointment of Examiner*, appointing Robert J. Stark as Examiner, subject to Court approval [ECF No. 329].  On the same date, the U.S. Trustee filed the *Application of the United States Trustee for Order Approving Appointment of Examiner* [ECF No. 330].

11.     On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark as Examiner [ECF No. 338].

12.     On February 18, 2021, the Bankruptcy Court entered the *Order Authorizing Retention and Employment of Brown Rudnick LLP, as Counsel to the Examiner, Nunc Pro Tune to January 8, 2021* [ECF No. 517].

13.     On February 25, 2021, Brown Rudnick filed the *First Monthly Fee Application of Examiner and Brown Rudnick LLP, as Co-Counsel to Examiner, for Allowance of Compensation and Reimbursement of Disbursements Pursuant to 11 U.S.C. §§330 and 331 for the Period January 8, 2021 through January 31, 2021* [ECF No. 561].

14.     On March 8, 2021, pursuant to and in accordance with the Examination Order, the Examiner filed the Examiner Report which contained the Examiner's factual findings and conclusions respecting the investigation.

15.     On March 11, 2021, the Court conducted a hearing with respect to the Debtors' *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [ECF No. 619] (as may be amended or modified from time to time, the "**Chapter 11 Plan**").  At the March 11th hearing, the Bankruptcy Court confirmed the Chapter 11 Plan and thereafter entered its *Order Confirming and Approving on a Final Basis the Modified First Amended Combined Plan of Liquidation and*

*Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [ECF No. 629] (the "**Confirmation Order**").  The Court cited to the Examiner Report numerous times in confirming the Plan.  *See* Mar. 11, 2021 Hr'g Tr. at 22:13-23, 23:11-16, 24:14-21, 29:1-10, 29:17-22.

16.    The Examiner and his Professionals attended the confirmation hearing and made themselves available to the Court and other parties in interest to address any questions or comments in respect of the Examiner Report.  The Court thanked the Examiner and his Professionals for the "great work" they did and the "excellent" report, particularly given the "very short period of time" for the Investigation.  *See* Mar. 11, 2021 Hr'g Tr. at 33:18-25 ("Well, you stole my thunder, Mr. Carty, because … I was going to give my thanks to Mr. Stark and his team, including yourself, for the great work you did on that report. It was excellent, done in a very short period of time, provided great information for me, and I'm sure for everybody else involved in this case.  So, I appreciate the effort and the amount of work that went into that over a very short period of time.").

17.    The effective date of the Chapter 11 Plan occurred on April 19, 2021.  *See* ECF No. 730.  Under the Chapter 11 Plan, the deadline for professionals seeking final approval of fees and expenses is June 15, 2021.

### TERMS AND CONDITIONS OF
### <u>COMPENSATION OF THE EXAMINER AND HIS PROFESSIONALS</u>

18.    This Application includes a request for the payment of fees and expenses of both Brown Rudnick, as counsel to the Examiner, as well as Robert J. Stark, as Examiner.

19.    Subject to Bankruptcy Court approval, Brown Rudnick, for itself and on behalf of the Examiner, seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred during the Compensation Period.

20.     The rates charged by Brown Rudnick in these Chapter 11 Cases do not differ from the rates charged to non-bankruptcy clients, except that, in connection with his engagement as Examiner, Robert J. Stark agreed to a reduction in his hourly rate from $1,605.00 per hour to $1,100.00 per hour.

21.     Substantially contemporaneous with the filing of this Second Monthly and Final Application, the Examiner has filed the *Motion of Robert J. Stark, Examiner, for Entry of Order (I) Discharging Examiner; (II) Increasing Final Budget for Investigation; (III) Granting Relief from Third-Party Discovery; (IV) Approving the Disposition of Documents and Information; and (V) Granting Related Relief* (the "**Discharge Motion**"), pursuant to which the Examiner is seeking, among other things, an increase in the final budget for the Investigation to approximately $1.76 million in the aggregate.   The Examiner and Brown Rudnick fully incorporate herein by reference the Discharge Motion.

## SERVICES RENDERED

22.     As counsel to the Examiner, Brown Rudnick assisted the Examiner in conducting the investigation and preparing and submitting a detailed final report within a condensed 8 week timeframe.   Specifically, Brown Rudnick provided the following services to the Examiner throughout the course of the Debtors' Chapter 11 Cases:

(i)     Met and conferred with key stakeholders (including the Debtors, the Committee, and the U.S. Trustee) to understand their views respecting the scope and timing for the investigation.

(ii)     Prepared and submitted the investigation work plan (including amendments), which work plan identified the following topics for the investigation:

(a)     the Debtors' business and operations prior to the Petition Date, including allegations of insider transactions and comingling of corporate and client accounts;

(b)     the facts, circumstances, decisions, and events surrounding the substantial losses experienced by the Debtors prior to the Petition Date, including in connection with the liquidation of certain hedge positions;

(c)     the facts, circumstances, decisions, and events surrounding the Debtors' relationship and dealings with moKredit, including any investments made in, and/or outstanding debts owed by, moKredit;

(d)     equity sponsor Lu Hua's transfer of certain cryptocurrency to the Debtors prior to the Petition Date and the nature of such transaction(s);

(e)     the facts, circumstances, decisions, and events surrounding the Debtors' purported QuantCoin investment and the losses associated therewith; and

(f)     the facts, circumstances, decisions, and events surrounding the Debtors' dealings with James Alexander.

(iii)   Collected and analyzed approximately 13,000 documents (55 gigabytes of data) from the Debtors, the Committee, and other parties.

(iv)    Interviewed 23 witnesses (some more than once), including (but not limited to) Daniel Schatt (founder, co-owner, director, former CEO), Lu Hua (founder, co-owner, director, former CEO), James Alexander (former Chief Capital Officer), Matthew Foster (Chief Restructuring Officer), Scott Wiley (interim Chief Financial Officer), Joseph Podulka (former Chief Financial Officer), Daniel Wheeler (former General Counsel), and Daniyal Inamullah (former Vice President of Capital Markets).

(v)     Completed the investigation and then assisted the Examiner in drafting the final examiner report [ECF No. 605], which report was submitted within only approximately 8 weeks of the Examiner's appointment.

(vi)    Met and conferred with various stakeholders throughout the course of the investigation, including the Debtors, Committee, U.S. Trustee, and the Ad Hoc Committee of Lenders.

(vii)   In response to input from the foregoing stakeholders, expanded the scope of the investigation to include certain issues pertinent to Cred's Chapter 11 Plan.

(viii)  Responded to inquiries from certain governmental regulators.

(ix)    Attended hearings in Cred's bankruptcy case, including the confirmation hearing with respect to Cred's Chapter 11 Plan, discovery disputes, and the first day hearing in respect of James Alexander's personal bankruptcy case.

(x)     Worked with parties in interest respecting the filing of exhibits and requests to seal same.

23.     In total, during the Compensation Period the professionals of Brown Rudnick rendered 2,305.90 hours of professional services.  This Second Monthly and Final Application requests an allowance of monthly application in the amount of $1,298,846.00 and final compensation in the amount of $1,558,948.50.  As noted in the Discharge Motion (and as set forth more fully herein and in the annexed exhibits), it bears observing that the Examiner himself billed modestly on this matter, and focused his efforts on issues that would provide the most benefit to the estate (i.e., determining the focus and scope of the investigation and preparing the final report).  Meanwhile, work that required the most time commitment (e.g., document review and research) was delegated to attorneys with lower billable rates.

24.     Attached hereto as **Exhibit A** is a copy of the First Monthly Fee Application, including a summary of the value of the services rendered by Brown Rudnick and detailed time entries indicating the daily work performed by each Brown Rudnick professional (and the Examiner) for the period January 8, 2021 through January 31, 2021 [ECF No. 561].

25.     Attached hereto as **Exhibit B** is a summary of the value of the services rendered by Brown Rudnick and the Examiner during the Monthly Period and Final Period.

26.     Attached hereto as **Exhibit C** are detailed time entries indicating the daily work performed by each Brown Rudnick professional (and the Examiner) with respect to whom compensation is sought during the Monthly Period and an itemized description of disbursements incurred during the Monthly Period  Disbursements for the monthly and final periods are summarized in **Exhibit D**.

27.     Attached hereto as **Exhibit E** is the Customary and Comparable Compensation Disclosure with respect to the Application.

28.     Pursuant to Local Bankruptcy Rule 2016-2, this Second Monthly and Final Application is supported by the Certification of Andrew M. Carty, which is annexed hereto as **Exhibit F**.  All time entries and requested expenses are in compliance with Rule 2016-2 of the Local Rules.[4]

29.     In accordance with the Interim Compensation Order, Brown Rudnick has filed and served upon the parties identified in the Interim Compensation Order this Second Monthly and Final Application with respect to fees and expenses incurred during the Compensation Period: fees in the amount of $1,558,948.50 and expenses in the amount of $5,998.07.

## COMPENSATION REQUESTED

30.     All services and costs for which compensation is requested by Brown Rudnick and the Examiner in this Second Monthly and Final Application were reasonable and necessary and were performed for and on behalf of the Examiner during the Compensation Period.  During the Compensation Period, Brown Rudnick rendered legal services to the Examiner having a value of $1,558,948.50 in fees, calculated at Brown Rudnick's usual and customary hourly rates, as more specifically set forth herein.  In addition, during the Compensation Period, Brown Rudnick made disbursements to pay expenses in the amount of $5,998.07.  This is Brown Rudnick's final fee application.

## REIMBURSEMENT OF EXPENSES

31.     During the Compensation Period, Brown Rudnick and/or the Examiner incurred certain necessary expenses in rendering services in these Chapter 11 Cases, as set forth in **Exhibit D**.  Brown Rudnick represents that its rate for non-color and color duplication is $0.10

---

[4]     Brown Rudnick has made reasonable efforts to submit this Application in a manner consistent with the U.S. Trustee Guidelines to the extent applicable. To the extent that the U.S. Trustee Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, Brown Rudnick has chosen to comply with such Local Rule.  To the extent necessary or appropriate, Brown Rudnick will supplement this Application with additional detail or information upon request.

per page, consistent with the Local Rules and the U.S. Trustee Guidelines. Additionally, Brown Rudnick seeks reimbursement for, among other things, the actual cost of computer-assisted research. Brown Rudnick seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Compensation Period for the total amount of $5,998.07.

## **LEGAL STANDARD**

32.     Bankruptcy Code Section 330(a)(l) allows the payment of:

    (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(l).

33.     Reasonableness of compensation is informed by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.,* 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.,* 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper,* 50 F.3d at 259.

34.     In accordance with its practices in non-bankruptcy matters, Brown Rudnick has calculated its compensation requested in this Second Monthly and Final Application by applying its standard hourly rates, as discounted solely with respect to this engagement. Brown Rudnick's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, Brown Rudnick's rates should be determined to be reasonable under Bankruptcy Code Section 330.

35.     Brown Rudnick's fees during the Compensation Period are also reasonable under the prevailing legal standard and should be allowed. Brown Rudnick's fees are commensurate

with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, Brown Rudnick's fees are reasonable pursuant to Bankruptcy Code Section 330.

36.    Bankruptcy Code Section 330(a)(l)(B) permits reimbursement for actual and necessary expenses. Brown Rudnick's legal services and expenses incurred during the Compensation Period are set forth in this Second Monthly and Final Application and constitute only those necessary expenses that were incurred in providing services to the Examiner. Brown Rudnick has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

37.    Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between Brown Rudnick and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Second Monthly and Final Application were rendered at the request of and solely on behalf of the Examiner.

38.    Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, Brown Rudnick submits that the compensation requested is for actual and necessary services and expenses.

### SUPPLEMENTAL DISCLOSURES REQUIRED BY UST GUIDELINES

39.    To the extent application, Brown Rudnick makes the following disclosures in respect of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses in Larger Chapter 11 Cases (the "UST Guidelines"). Pursuant to section C.3 of the UST Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other

11

firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The blended hourly rates for the professionals who performed services included in the Compensation Period are provided herein.

40. The following statements address the information required pursuant to section C.5 of the UST Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

Response: No, although Robert J. Stark, as Examiner, agreed to a reduced hourly rate of $1,100 per hour.

**Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: Contemporaneous with the filing of this application, the Examiner has filed the Discharge Motion seeking, among other things, an increase in the budget for the investigation to cover all allowed fees and expenses of the Examiner's professionals.

**Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application).

Response: This Application does include time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of the Monthly Fee Applications.

**Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

Response: No.

**Question:** Does this fee application include any rate increases since retention?

Response: No.

**Question:**            Did the client agree when retaining Brown Rudnick to accept all future rate increases? If not, did Brown Rudnick inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:            The client was notified at the outset of the engagement that Brown Rudnick's hourly rates are reviewed and revised from time to time.

## NOTICE AND NO PRIOR REQUEST

41.    Notice of this Second Monthly and Final Application has been given to the following parties: (a) Counsel to the Debtors; (b) the U.S. Trustee; (c) Counsel to the Official Committee of Unsecured Creditors; (d) Counsel to the Liquidating Trustee; and (e) all parties required to be given notice in the Interim Compensation Order.  Brown Rudnick submits that no other or further notice is necessary

42.    No prior request for the relief sought in this Second Monthly and Final Application has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, Brown Rudnick respectfully requests that the Court enter an order authorizing (i) approval and payment of professional fees in the amount of $1,298,846.00 together with the reimbursement of actual and necessary expenses incurred in the amount of $4,579.77 for the Monthly Period, and (ii) final approval and payment of professional fees in the amount of $1,558,948.50 together with actual and necessary expenses incurred in the amount of $5,998.07 for the Final Period.

Dated: May 14, 2021

Respectfully submitted,

By: */s/ Andrew M. Carty*

**BROWN RUDNICK LLP**
Andrew M. Carty (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Email: acarty@brownrudnick.com

*Counsel for Robert J. Stark as Examiner*

14