**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 |
| | Case No. 20-12836 (JTD) |
| CRED INC., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |

**SUMMARY OF SECOND COMBINED MONTHLY AND FINAL FEE APPLICATION
OF ASHBY & GEDDES, P.A. FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS DELAWARE
COUNSEL TO THE EXAMINER FOR (I) THE MONTHLY PERIOD FROM
FEBRUARY 1, 2021 THROUGH APRIL 19, 2021, AND (II) THE FINAL
PERIOD JANUARY 8, 2021 THROUGH APRIL 19, 2021**

| | |
|---|---|
| Name of Applicant: | Ashby & Geddes, P.A. |
| Authorized to Provide Professional Services to: | Robert J. Stark in his capacity as Chapter 11 Examiner for the Debtors |
| Petition Date: | November 7, 2020 |
| Date of Retention: | February 18, 2021 (*Nunc Pro Tunc* to January 8, 2021) |
| Second Combined Monthly Period for which compensation is sought: | February 1, 2021 through April 19, 2021 |
| Total compensation sought for Second Combined Monthly Fee Period: | $18,750.50[2] |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    The total time spent in preparing this application is an estimated 11.5 hours and corresponding fees incurred are an estimated $4,500. The actual amount of fees and expenses plus any subsequently incurred fees and expenses (the "Additional Amount") in connection with Ashby's application or assistance regarding applications of the other professionals of the Examiner will be submitted before the final hearing on the Final Application. Ashby hereby reserves the right to supplement this Final Application to include any additional fees and expenses incurred in preparing, filing or serving the Final Application, the applications of any other professionals of the Examiner, or any other pleadings related to the Examiner prior to the hearing on the Final Application. Ashby & Geddes further reserves the right to supplement this final fee application to further include any additional fees or expenses incurred after the effective date.

{01687288;v1 }

| | |
|---|---|
| Total expenses sought for Second Combined Monthly Fee Period: | $2,076.72 |
| Final Period for which compensation is sought: | January 8, 2021 through April 19, 2021 |
| Total compensation sought for Final Period: | $29,542.00 |
| Total expenses sought for Final Period: | $2,608.73 |
| Total compensation approved by interim order to date: | $0.00 |
| Total expenses approved by interim order to date: | $0.00 |
| Total allowed compensation received to date: | $8,633.20 |
| Total allowed expenses received to date: | $532.01 |
| Blended rate in Final Application for all attorneys: | $558.43 |
| Blended rate in Final Application for all timekeepers: | $385.67 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Number of professionals included in this combined application: | 4 |
| If applicable, number of professionals in this combined application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and fees sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during the period: | 2 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application: | No |

This is a(n): X monthly __ interim X final application.

**PRIOR APPLICATIONS**

| Application | Dated Filed | Fees Sought | Expenses Sought | CNO Filed | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| First Monthly for the Period from January 8, 2021 through January 31, 2021 [D.I. 574] | 3/1/2021 | $10,791.50 | $532.01 | 3/23/2021 [D.I. 676] | $8,633.20 | $532.01 |

**COMPENSATION BY INDIVIDUAL FOR THE SECOND COMBINED MONTHLY PERIOD FROM FEBRUARY 1, 2021 THROUGH APRIL 19, 2021**

| Name | Position | Year Admitted | Department | Hourly Billing Rate | Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Gregory A. Taylor (GAT) | Partner | 2000 | Bankruptcy | $645.00 | 15.10 | $9,739.50 |
| Katharina Earle (KE) | Associate | 2017 | Bankruptcy | $375.00 | 2.90 | $1,087.50 |
| Amanda Hrycak (AH) | Paralegal | n/a | Bankruptcy | $265.00 | 27.70 | $7,340.50 |
| Chris Warnick (CW) | Paralegal | n/a | Bankruptcy | $265.00 | 2.20 | $583.00 |
| **Totals:** | | | | | **47.90** | **$18,750.50** |
| **Blended Hourly Rate:** | | | | **$391.45** | | |

**MONTHLY COMPENSATION BY PROJECT CATEGORY FOR THE
SECOND COMBINED MONTHLY PERIOD FROM
FEBRUARY 1, 2021 THROUGH APRIL 19, 2021**

| Project Category/Task Code | Hours | Fees |
|---|---|---|
| Asset Analysis and Recovery (01) | 6.20 | $3,999.00 |
| Case Administration (07) | 22.80 | $9,008.00 |
| Employment and Fee Applications (11) | 18.30 | $5,546.50 |
| Litigation/Adversary Proceedings (14) | 0.60 | $197.00 |
| **TOTALS** | **47.90** | **$18,750.50** |

**MONTHLY EXPENSE SUMMARY FOR THE SECOND COMBINED MONTHLY
PERIOD FROM FEBRUARY 1, 2021 THROUGH APRIL 19, 2021**

| Expense Category | Amount |
|---|---|
| Reliable Wilmington (Transcript Fees) | $377.40 |
| Reliable Wilmington (Hand Deliveries, Copy and Mail Out) | $1,695.02 |
| Photocopies | $0.40 |
| Pacer Service Charges | $3.90 |
| **TOTAL DISBURSEMENTS** | **$2,076.72** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re:* | Chapter 11 |
|  | Case No. 20-12836 (JTD) |
| CRED INC., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |

**SECOND COMBINED MONTHLY AND FINAL FEE APPLICATION OF ASHBY &
GEDDES, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS DELAWARE
COUNSEL TO THE EXAMINER FOR (I) THE MONTHLY PERIOD FROM
FEBRUARY 1, 2021 THROUGH APRIL 19, 2021, AND (II) THE FINAL
PERIOD JANUARY 8, 2021 THROUGH APRIL 19, 2021**

Pursuant to sections 330 and 331 of title 11 of the United States Code (as amended, the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-2 of the Local Rules of Practice and Procedure for the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Revised Order*

*Pursuant to 11 U.S.C. Section 105(a), 330 and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Retained Professionals* (the "Interim Compensation

Order") [D.I. 269], the law firm of Ashby & Geddes, P.A. (the "Firm" or "Ashby & Geddes")

hereby submits its Second Combined Monthly and Final Fee Application (the "Application") for

the period (i) February 1, 2021 through April 19, 2021 (the "Monthly Application Period") and

(ii) January 8, 2021 through April 19, 2021 (the "Final Application Period"), as co-counsel to

Robert J. Stark in his capacity as Chapter 11 Examiner for the Debtors (the "Examiner") in the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification
number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred
Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third
Avenue, Suite 200, San Mateo, California 94401.

above captioned cases, for professional legal services rendered in the amount of $29,542.00[2], together with reimbursement for actual and necessary expenses incurred in the amount of $2,608.73. In support of its Application, Ashby & Geddes respectfully represents as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to the provisions of 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2)(A) and (M), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

3.    The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified), Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

4.    On November 7, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate

---

[2]    The total time spent in preparing this application is an estimated 11.5 hours and corresponding fees incurred are an estimated $4,500. The actual amount of fees and expenses plus any subsequently incurred fees and expenses (the "Additional Amount") in connection with Ashby's application or assistance regarding applications of the other professionals of the Examiner will be submitted before the final hearing on the Final Application. Ashby hereby reserves the right to supplement this Final Application to include any additional fees and expenses incurred in preparing, filing or serving the Final Application, the applications of any other professionals of the Examiner, or any other pleadings related to the Examiner prior to the hearing on the Final Application. Ashby & Geddes further reserves the right to supplement this final fee application to further include any additional fees or expenses incurred after the effective date.

[3]    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Examiner hereby confirms his consent to entry of a final order by the Bankruptcy Court in connection with this Application if it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On December 3, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee) [D.I. 120].

6.      The factual background related to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Declaration of Daniel Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 12], filed on November 9, 2020 and the *Report of Robert J. Stark, Examiner*, dated March 8, 2021 [D.I. 605] (the "Examiner Report").

7.      On December 18, 2020, the Bankruptcy Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 244] (the "Interim Compensation Order").   On December 21, 2020, the Bankruptcy Court entered the *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 269] (the "Revised Interim Compensation Order").

8.      On December 23, 2020, the Court entered the Order Denying in Part, and Granting In Part, the Trustee/Examiner Motions (the "Examiner Order") [D.I. 281]. The Examiner Order directed the U.S. Trustee to appoint an examiner pursuant to 11 U.S.C. § 1104(c).

9.      The Examiner Order provides that the "Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties......and any professionals retained by the Examiner pursuant to any order of this Court

shall be compensated and reimbursed for their expenses pursuant to the procedures established in the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 244].[4]" Examiner Order, ¶¶ 11-12.

10.    On January 7, 2021, the U.S. Trustee appointed the Examiner, and on the same day filed the *Application of the United States Trustee for Order Approving Appointment of Examiner* [D.I. 330] (the "Examiner Application"). The order was subsequently granted on January 8, 2021, approving the Examiner Application, which appointed Robert J. Stark as the chapter 11 Examiner in these cases pursuant to 11 U.S.C. § 1104(d).

11.    On January 20, 2021 the Examiner filed the *Notice of Proposed Scope, Work Plan, and Budget for Investigation, Prepared and Submitted by Robert J. Stark, as Examiner (the* "Proposed Work Plan and Budget") [D.I. 376]. On January 28, 2021 the Proposed Work Plan and Budget was approved by the Court [D.I. 431].

12.    On February 1, 2021, the Examiner filed the *Application of the Examiner for Entry of an Order Authorizing the Employment and Retention of Ashby & Geddes, P.A. as His Delaware Counsel, Nunc Pro Tunc to January 8, 2021* (the "Retention Application") [D.I. 457]. On February 18, 2021, the Court entered the *Order Authorizing the Employment and Retention of Ashby & Geddes, P.A. As Counsel to the Examiner, Nunc Pro Tunc to January 8, 2021* (the "Retention Order") [D.I. 518].    The Retention Order authorizes Ashby & Geddes to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

13.    On February 24, 2021 the Examiner filed the *Notice of Filing of Proposed*

---

4        On December 21, 2020, the Court entered the *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Revised Interim Compensation Order ") [D.I. 269].

*Amendment to Work Plan, and Budget for Investigation, Prepared and Submitted by Robert J. Stark, as Examiner (the* "Amended Proposed Work Plan and Budget") [D.I. 552]. The Proposed Amended Work Plan and Budget set forth estimated budgets for the Examiner's professionals in the aggregate amount of $925,000.00 (inclusive of primary counsel, local counsel, and financial advisory fees and costs). *See* Amended Proposed Work Plan and Budget, ¶ 9. On March 9, 2021 the Amended Proposed Work Plan and Budget was approved by the Court [D.I. 613].

14.     On March 8, 2021, pursuant to and in accordance with the Examination Order, the Examiner filed the Examiner Report which contained the Examiner's factual findings and conclusions respecting the investigation.

15.     On March 11, 2021, the Court entered an order (the "Confirmation Order") confirming the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the "Plan") [D.I. 629].

16.     On April 19, 2021 the effective date of the Plan occurred pursuant to the *Notice of (A) Entry of Order Confirming the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code and (B) the Occurrence of the Effective Date* [D.I. 730].

## SUMMARY OF SERVICES RENDERED AND DISBURSEMENTS

17.     Ashby & Geddes has maintained detailed records of the time spent in the rendition of professional services to the Examiner.  Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct copy of the billing statement detailing the services rendered by Ashby & Geddes during the Monthly Fee Period (the "Billing Statement").  Copies of the previous monthly billing statements for the services rendered by Ashby & Geddes have been provided in Ashby & Geddes' prior filed monthly fee applications and are incorporated herein by

reference. [*See* D.I. No. 574]. The Billing Statement is in the same form regularly used by Ashby

& Geddes to bill its clients for services rendered and includes, *inter alia*, the dates of services; a

detailed, contemporaneous narrative description of the services provided; the amount of time

spent for each service; the professional who performed the service; and the applicable project

code. As set forth in **Exhibit A**, Ashby & Geddes rendered 47.90 hours of professional services

during the Monthly Fee Period, resulting in legal fees totaling $18,750.50.

18.     Ashby & Geddes incurred associated reasonable and necessary expenses totaling

$2,076.72 during the Monthly Fee Period. (*See* Billing Statement.) To the extent such itemization

is insufficient to satisfy the requirements of Local Rule 2016-2(e)(ii), Ashby & Geddes

respectfully requests that the Court waive strict compliance with such rule.

## RELIEF REQUESTED

19.     Pursuant to the Interim Compensation Order, Ashby & Geddes seeks allowance of

$15,000.40 in fees (80% of which is $18,750.50) as compensation for reasonable and necessary

services rendered during the Monthly Fee Period, and the sum of $2,076.72 for reimbursement of

actual and necessary costs and expenses incurred during the Monthly Fee Period.

20.     Ashby & Geddes also seeks final allowance of $29,542.00 as compensation for

reasonable and necessary services rendered during the Final Fee Period, and the sum of

$2,608.73 for reimbursement of actual and necessary costs and expenses incurred during the

Final Fee Period.

21.     Ashby & Geddes has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Combined Monthly and Final Fee Application.

There is no agreement or understanding between Ashby & Geddes and any other person (other

than the Directors of Ashby & Geddes) for the sharing of compensation to be received for services rendered in these cases.

22.     During the Monthly Fee Period and the Final Fee Period, Ashby & Geddes rendered the following professional services to the Examiner:

(i)     Assisted the Examiner's lead counsel Brown Rudnick and provided legal advice regarding the rules and practices of this Court;

(ii)    Assisted in the preparation, filing, and service of applications, motions, and the report of the Examiner on behalf of the Examiner;

(iii)   Appeared and participated in hearings held by the Court; and

(iv)    Performed such other legal services for the Examiner as the Examiner and Brown Rudnick believed may be necessary and proper in these cases.

23.     Ashby & Geddes submits that the services rendered and expenses incurred during the Monthly Fee Period and Final Fee Period were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code.

## LEGAL STANDARD

24.     Bankruptcy Code Section 330(a)(l) allows the payment of:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(l).

25.     Reasonableness of compensation is informed by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster*

{01687288;v1 }                                     7

*Co.,* 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.,* 19 F.3d 833, 849 (3d

Cir. 1994).  Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper,*

50 F.3d at 259.

26.     In accordance with its practices in non-bankruptcy matters, Ashby & Geddes has

calculated its compensation requested in this Second Combined Monthly and Final Application

by applying its standard hourly rates per the engagement agreement.  Ashby & Geddes'

calculation is based upon hourly rates that are well within the range of rates that are charged by

comparable firms in similar bankruptcy cases. Accordingly, Ashby & Geddes' rates should be

determined to be reasonable under Bankruptcy Code Section 330.

27.     Ashby & Geddes' fees during the Compensation Period are also reasonable under

the prevailing legal standard and should be allowed.  Ashby & Geddes' fees are commensurate

with fees that other attorneys of comparable experience and expertise have charged and been

awarded in similar chapter 11 cases.  Accordingly, Ashby & Geddes' fees are reasonable

pursuant to Bankruptcy Code Section 330.

28.     Bankruptcy Code Section 330(a)(l)(B) permits reimbursement for actual and

necessary expenses.  Ashby & Geddes' legal services and expenses incurred during the

Compensation Period are set forth in this Second Combined Monthly and Final Application and

constitute only those necessary expenses that were incurred in providing services to the

Examiner.  Ashby & Geddes has properly requested reimbursement of only actual, necessary and

appropriate legal expenses.

29.     Except as permitted by Bankruptcy Rule 2016, no agreement or understanding

exists between Ashby & Geddes and/or any third person for the sharing or division of

compensation.  All of the services for which compensation is requested in this Second Combined

Monthly and Final Application were rendered at the request of and solely on behalf of the Examiner.

30.     Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, Ashby & Geddes submits that the compensation requested is for actual and necessary services and expenses.

## FINAL FEE PERIOD

31.     Pursuant to and consistent with the relevant requirements of Appendix B of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "OUST Guidelines"), as applicable, the following additional exhibits pertaining to the Final Application Period are annexed hereto:

(a)     **Exhibit B**:     Summary of Fees by Individual for the Final Application Period;

(b)     **Exhibit C**:     Summary of Compensation by Project Category for the Final Application Period;

(c)     **Exhibit D**:     Summary of Expenses for the Final Application Period;

(d)     **Exhibit E:**     Customary and Comparable Compensation Disclosures;

(e)     **Exhibit F**:     Staffing Plan for the Final Application Period

## NOTICE AND NO PRIOR REQUEST

32.     Notice of this Second Combined Monthly and Final Application has been given to the following parties: (a) Counsel to the Debtors; (b) the U.S. Trustee; (c) Counsel to the Official Committee of Unsecured Creditors; (d) Counsel to the Liquidating Trustee; and (e) all parties required to be given notice in the Interim Compensation Order. Ashby & Geddes submits that no other further notice is necessary.

33.     No prior request for the relief sought in this Second Combined Monthly and Final Application has been made to this or any other Court.

**WHEREFORE,** Ashby & Geddes, as Delaware counsel for the Committee, respectfully requests (i) pursuant to the terms of the Interim Compensation Order, allowance of $15,000.40 in fees (80% of which is $18,750.50) as compensation for necessary professional services rendered and $2,076.72 in reimbursement of actual and necessary costs and expenses incurred during the Monthly Fee Period, (ii) final allowance of $29,542.00 in fees as compensation for necessary professional services rendered and $2,608.73 in reimbursement of actual and necessary costs and expenses incurred during the Final Fee Period; and (iii) the Additional Amount.

Dated:  May 14, 2021
       Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
Katharina Earle (DE Bar No. 6348)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888
Fax: (302) 654-2067
Email : GTaylor@ashbygeddes.com
Email : KEarle@ashbygeddes.com

*Co-Counsel to Robert J. Stark in his capacity as Chapter 11 Examiner for the Debtors*