# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| CRED INC., *et al.*,[1] | Case No. 20-12836 (JTD) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |

## SUMMARY OF FIRST AND FINAL FEE APPLICATION OF ANKURA CONSULTING GROUP, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| **Name of Applicant:** | Ankura Consulting Group, LLC | |
|---|---|---|
| **Applicant's Role in Case:** | Financial Advisor to the Examiner | |
| **Date Order of Employment Signed:** | March 11, 2021, Effective February 2, 2021 [Docket No. 630] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | February 3, 2021 | March 5, 2021 |
| **Time period(s) covered by prior Applications:** | Not Applicable | Not Applicable |
| **Total amounts awarded in all prior Applications:** | Not Applicable | |
| **Total fees requested in this Application:** | $160,962.38 | |
| **Total professional fees requested in this Application:** | $160,962.38 | |
| **Total actual professional hours covered by this Application:** | 330.3 | |
| **Average hourly rate for professionals:** | $487.32 | |
| **Total paraprofessional fees requested in this Application:** | Not Applicable | |
| **Total actual paraprofessional hours covered by this Application:** | Not Applicable | |
| **Average hourly rate for paraprofessionals:** | Not Applicable | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

| Reimbursable expenses sought in this application: | $0.00 |
|---|---|

## AMOUNTS INCURRED PER MONTH
## IN THE APPLICATION PERIOD

| Fee Statement/ Docket No. | Period Covered | Paid | | Unpaid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (100%) | Expenses |
| N/A [1] | February 3, 2021 - March 5, 2021 | $0.00 | $0.00 | $160,962.38 | $0.00 |

[1] *Total amount is reflective of a 15% discount.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* <br><br> CRED INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br><br> (Jointly Administered) <br><br> **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)** <br> **Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |

**FIRST AND FINAL FEE APPLICATION OF ANKURA CONSULTING
GROUP, LLC, AS FINANCIAL ADVISOR TO THE EXAMINER, FOR THE
PERIOD FROM FEBRUARY 3, 2021 THROUGH AND INCLUDING MARCH 3, 2021**

Ankura Consulting Group, LLC ("Ankura"), financial advisor to the above-captioned Examiner (the "Examiner"), hereby submits its first and final fee application (the "Fee Application") for allowance and approval of compensation for professional services provided in the amount of $160,962.38 and reimbursement of actual and necessary expenses in the amount of $0.00 that Ankura incurred for the period from February 3, 2021 through March 3, 2021 (the "Fee Period"). In support of this Fee Application, Ankura respectfully states as follows.[2]

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Application is based on the Examiner Order, section

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Fee Application or in the Plan, as applicable.

327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4. On November 7, 2020 (the "Petition Date"), the Debtors commenced the above captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are managing their business, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 3, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").

6. On December 4, 2020, the United States Trustee filed the Motion for Entry of an Order Directing the Appointment of a Trustee, or in the Alternative, (i) Directing the Appointment of an Examiner, or (ii) Converting the Cases to Chapter 7 Cases [D.I. 133] (the "U.S. Trustee Motion").

7. On December 23, 2020 the Court issued the Examiner Order, which provides that the U.S. Trustee is directed to appoint an examiner pursuant to 11 U.S.C. § 1104(c).

8. Pursuant to the Examiner Order, the Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current of former management of the Debtors and (b) otherwise perform the duties of an examiner set forth in Bankruptcy Code Sections 1106(a)(3) and 1106(a)(4). *See* Examiner Order ¶ 4.

9. The Examiner Order authorizes the Examiner to retain counsel and other

2

professionals if he determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. *See* Examiner Order ¶ 11.

10. The Examiner Order further provides that any professional retained by the Examiner and approved by the Court will be compensated pursuant to and in accordance with the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [D.I. 244] and Bankruptcy Code Section 330. *See* Examiner Order ¶ 12.

11. On January 7, 2021, the U.S. Trustee filed its motion to approve the appointment of Robert J. Stark, as Examiner. *See* D.I. 330.

12. On January 8, 2021, the Court entered its order approving the appointment of Robert J. Stark, as Examiner. *See* D.I. 338.

13. On January 20, 2021, the Examiner timely filed his proposed work plan in respect of the Investigation [D.I. 376] (the "Initial Work Plan"), which the Court approved on January 28, 2021 [D.I. 431] (the "Initial Work Plan Order"). The Examiner subsequently submitted an amendment to the work plan [D.I. 552] (the "Work Plan Amendment"), which amendment was approved by the Court on March 9, 2021 [D.I. 613] ("Work Plan Amendment Order"). The Work Plan identified the below specific topics for the Investigation:

    i. the Debtors' business and operations prior to the Petition Date, including allegations of insider transactions and comingling of corporate and client accounts;

    ii. the facts, circumstances, decisions, and events surrounding the substantial losses experienced by the Debtors prior to the Petition Date, including in connection with the liquidation of certain hedge positions;

    iii. the facts, circumstances, decisions, and events surrounding the Debtors' relationship and dealings with moKredit, including any investments made in, and/or outstanding debts owed by, moKredit;

    iv.    equity sponsor Lu Hua's transfer of certain cryptocurrency to the Debtors prior to the Petition Date and the nature of such transaction(s);

    v.    the facts, circumstances, decisions, and events surrounding the Debtors' purported QuantCoin investment and the losses associated therewith; and

    vi.    the facts, circumstances, decisions, and events surrounding the Debtors' dealings with James Alexander.

14. The Initial Work Plan provided for an initial proposed budget of $800,000 for the Investigation. *See* Initial Work Plan ¶ 11(iii). Given that, at the time that the Initial Work Plan was submitted, the Examiner did not yet know, among other things, the volume and complexity of the information and issues relevant to the Investigation, and that the Debtors' books and records were in such a state of disarray, the Initial Work Plan and the order approving the same reserved the Examiner's right to seek modifications to the proposed budget. *See* Initial Work Plan ¶¶ 11(iii), 13; Initial Work Plan Order ¶ 2.

15. In order to assist the Examiner in the discharge of his duties, the Examination Order permitted the Examiner to retain counsel and other professionals in respect of the Investigation, subject to Court approval. *See* Examination Order ¶ 11. In connection with the Investigation, the Examiner retained Brown Rudnick LLP and Ashby & Geddes, P.A. as counsel, and Ankura Consulting Group, LLC, as financial advisors (collectively, the "<u>Professionals</u>"), which retentions were approved by the Court. *See* D.I.s 517, 518, 630.

16. In connection with its retention of Ankura, the Examiner filed the Work Plan Amendment, pursuant to which, among other things, the Examiner sought to increase the Investigation budget to $925,000. The Work Plan Amendment was approved by Order of this Court, and, as with the Initial Work Plan, both the Work Plan Amendment and the order approving the same reserved the Examiner's right to seek further modifications to the proposed budget if appropriate. *See* Work Plan Amendment ¶¶ 11, 12; Work Plan Amendment Order ¶ 2.

4

**Preliminary Statement**

17. During the chapter 11 case, Ankura assisted and advise the Examiner in the discharge of his duties and responsibilities under the Order, other orders of this Court, and applicable law; assisted the Examiner in the evaluation and analysis of financial and crypto currency issues raised in connection with the Investigation; assisted the Examiner in evaluating the relationship between the Debtors' assets and liabilities vis-à-vis crypto currency valuations; assisted the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Investigation; assisted the Examiner in the preparation of reports and other documents necessary for the Examiner to discharge his duties; and assisted the Examiner in undertaking any additional tasks or duties that the Court may direct or that the Examiner may determine are necessary and appropriate in connection with the discharge of his duties.

18. Given the complexity of the Examiner's investigation and the Debtors' bankruptcy cases, Ankura respectfully submits that the fees and expenses request herein are necessary and reasonable and that this Application be granted as set forth herein.

**Previously Filed Fee Application**

19. This is Ankura's first and final fee application.

**The Examiner's Retention of Ankura**

20. On March 11, 2021, the Court entered the *Order Granting Application of Examiner for Order Authorizing Retention and Employment of Ankura Consulting Group, LLC, as Financial Advisor to the Examiner, nunc pro tunc to February 2, 2021* [D.I. 630] (the "Retention Order"). The Retention Order authorizes the Examiner to compensate and reimburse Ankura in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy

Local Rules. The Retention Order also authorizes the Examiner to compensate Ankura at Ankura's hourly rates charged for services of this type and to reimburse Ankura for Ankura's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

### Summary of Compliance with Interim Compensation Order

21. On December 21, 2020, the Court entered the Revised *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 269] (the "Interim Compensation Order").

22. This Fee Application has been prepared in accordance with the Interim Compensation Order. Ankura seeks final compensation for professional services rendered to the Examiner during the Fee Period in the amount of $160,962.38, as well as reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount $0.00. During the Fee Period, Ankura professionals expended a total 330.3 hours for which compensation is required.

23. In accordance with the Interim Compensation Order, as of the date hereof, Ankura has received payments totaling $0.00 for services performed from February 3, 2021 through March 3, 2021, which consists of (a) 100% of the fees incurred by Ankura for actual, reasonable, and necessary professional services rendered to the Examiner and (b) 100% of the actual, reasonable, and necessary costs and expenses incurred by Ankura in parallel with the services provided by the Examiner for each month. By this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application (if any), Ankura seeks payment of the remaining $160,962.38, which amounts to the amount of fees unpaid as of the date hereof under any of the Monthly Fee Statements.

**Fees and Expenses Incurred During Fee Period**

**Customary Billing Disclosures**

24. Ankura's hourly rates are set at a level designed to compensate Ankura for the work of its professionals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Ankura in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Ankura for other restructuring matters.

**Fees Incurred During Fee Period**

25. In the ordinary course of Ankura's practice, Ankura maintains computerized records of the time expended to render the professional services required by the Examiner and their estates. For the convenience of the Court and all parties in interest, attached here to as **Exhibit A** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information.

- The name of each professional and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- The aggregate time expended, and fees billed by each professional and each paraprofessional during the Fee Period;

- The hourly billing rate for each professional and each paraprofessional at Ankura's current billing rates;

- The hourly billing rate for each professional and each paraprofessional as disclosed in the first interim application;

- A calculation of total compensation request using the rates disclosed in the *Application of Examiner for Order Authorizing Retention and Employment of Ankura Consulting Group, as Financial Advisor to the Examiner, nunc pro tunc to February 2, 2021* [Docket No. 553] (the "Retention Application").

**Description and Benefits of Services Performed**

26. The following is a summary, by Time Category, of the most significant

professional services provided by Ankura during the Fee Period. The detailed descriptions demonstrate that Ankura was heavily involved in performing services for the Examiner on a daily basis, often including night and weekend work, to meet the needs of the Examiners' estates in these chapter 11 cases. A schedule setting forth a description of the Time Categories utilized in this case, the number of hours expended by Ankura professionals and paraprofessionals by matter and the aggregate fees associated with each matter are referenced in the below table.

| TASK CODE | TASK CATEGORY | 02/03/2021 - 03/05/2021 HOURS | FEES |
|---|---|---|---|
| 1 | General Case Administration | 142.2 | $ 65,062.50 |
| 2 | Prepare For and Conduct Interviews | 52.6 | $ 39,272.50 |
| 3 | Heding Analysis | 65.6 | $ 29,517.50 |
| 4 | Reporting | 52.0 | $ 40,512.50 |
| 5 | General Meetings with Clients, Advisors, Counsel and Credit Committee | 17.9 | $ 15,002.50 |
| | **Hourly Professional Time and Fees** | **330.3** | **$ 189,367.50** |
| | Less: 15% Discount | | $ (28,405.13) |
| | **Total Professional Fees Less Discount** | | **$ 160,962.38** |
| | Average Billing Rate | | $ 487.32 |

27.     In addition, Ankura's records of time expended providing professional services to the Examiner and their estates are attached hereto as **Exhibit B**.

**General Case Administration (Code 1) (Hours: 142.2 Fees: $65,062.50)**

28.     This time category includes time spent by Ankura professionals providing services relating to the overall case management activities including but not limited to staffing, coordination of work assignments, document review, case status meetings and conference calls. Additionally, participating in various telephone conferences and meetings with the Examiner and their advisors regarding the chapter 11 cases.

**Prepare For and Conduct Interviews – (Code 2) (Hours: 52.6 Fees: $39,272.50)**

29.     This time category includes time spent by Ankura professionals preparing for and conducting interview.

**Hedging Analysis (Code 3) (Hours: 65.6 Fees: $29,517.50)**

30.     This time category includes time spent by Ankura professionals providing services relating to the preparation of a hedging analysis.

**Reporting (Code 4) (Hours: 52.0 Fees: $40,512.50)**

31.     This time category includes time spent by Ankura professionals providing services relating to the development and submission of various case related reporting.

**General Meetings with Clients, Advisors, Counsel and Credit Committee (Code 5) (Hours: 17.9 Fees: $15,002.50)**

32.     This time category includes time spent by Ankura professionals participating in meetings or on conference calls with the Examiner or the Examiners' other advisors to discuss to discuss case status, next steps and to ensure coordination of assigned tasks.  This time category includes time spent by Ankura professionals and paraprofessionals providing services relating to preparing for and/or attending meetings with other parties in interest.

### Ankura's Requested Compensation and Reimbursement Should Be Allowed

33.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also set forth the criteria for the award of such compensation and reimbursement.

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)     The time spent on such services;
>
> (b)     The rates charged for such services;
>
> (c)     Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      (e)      Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34. Ankura respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Examiner and their estates and were rendered to protect and preserve the Examiners' estates. Ankura believes that it performed the services for the Examiner economically, effectively, and efficiently, and the results obtained benefited not only the Examiner, but also the Examiners' estates and the Examiners' constituents. Ankura further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Examiner, their estates, and all parties in interest.

35. Accordingly, Ankura respectfully submits that approval of the compensation sought herein is warranted and should be approved.

36. No previous application for the relief sought herein has been made to this or any other Court.

### Reservations of Rights and Notice

37. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. Ankura reserves the right to include such amounts in future fee applications.

38. Notice of this Application has been provided in accordance with the Interim Compensation Order.

**WHEREFORE**, Ankura, in connection with the services rendered on behalf of the Examiner, respectfully requests (a) final allowance of compensation in the amount of (i) $160,962.38 for reasonable and necessary professional services rendered and (ii) $0.00 for 100% of actual and necessary costs and expenses incurred during the Fee Period; (b) authorizing Ankura to offset the amounts awarded herein from the retainer it is holding; and (c) such other relief as may be just and proper.

| | |
|---|---|
| Wilmington, Delaware<br>May 14, 2021 | **ANKURA CONSULTING GROUP, LLC**<br><br>*/s/ Vikram Kapoor*<br>Vikram Kapoor, Senior Managing Director<br>485 Lexington Avenue<br>10th Floor<br>New York, NY 10017<br>Tel: (646)-227-4259<br>Email: vikram.kapoor@ankura.com |