**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |
| | ) **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)** |
| | ) |

**SUMMARY OF COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION OF**
**COUSINS LAW LLC FOR COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM NOVEMBER 7, 2020 THROUGH APRIL 19, 2021**

| | |
|---|---|
| **Applicant**: | Cousins Law LLC |
| **Name of Client:** | Debtors |
| **Date of Retention:** | December 18, 2020 *nunc pro tunc* to November 7, 2020 |
| **Petition Date:** | November 7, 2020 |
| **Monthly Compensation Period for Which Compensation and Reimbursement are Sought:** | April 1, 2021 – April 19, 2021 |
| **Amount of Compensation Sought as Actual, Reasonable, and Necessary:** | $20,525.00 |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:** | $220.95 |
| **Final Compensation Period for Which Compensation and Reimbursement are Sought:** | November 7, 2020 through April 19, 2021 |
| **Amount of Final Compensation Sought as Actual, Reasonable, and Necessary:** | $435,130.00[2] |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Cousins Law's final requested fees include an estimated $5,000 for compensation for services and expenses incurred after the April 19, 2021 effective date of the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No.

**Summary of Monthly Fee Applications for the Final Compensation Period:**

| | | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| Date Filed and Docket No. | Period Covered | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees Outstanding |
| 1/8/21 [Docket No. 342] | 11/7/20 – 11/30/20 | $73,155.00 | $479.25 | $58,524.00 | $479.25 | $14,631.00 |
| 1/22/21 [Docket No. 401] | 12/1/20 – 12/31/20 | $140,640.00 | $1,962.10 | $112,512.00 | $1,962.10 | $28,128.00 |
| 2/16/21 [Docket No. 511] | 1/1/21 – 1/31/21 | $75,405.00 | $297.80 | $60,324.00 | $297.80 | $15,081.00 |
| 3/15/21 [Docket No. 637] | 2/1/21 – 2/28/21 | $64,995.00 | $728.45 | $51,996.00 | $728.45 | $12,999.00 |
| 4/16/21 [Docket No. 711] | 3/1/21 – 3/31/21 | $55,410.00 | $308.30 | $44,328.00 | $308.30 | $11,082.00 |
| 5/17/21 [Docket No. N/A] | 4/1/21 – 4/19/21 | $20,525.00 | $220.95 | $0.00 | $0.00 | $20,525.00 |
| Total: | | $430,130.00 | $3,996.85 | $327,684.00 | $3,775.90 | $102,446.00 |

**Monthly Compensation by Professional**

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice, department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Scott D. Cousins | Started firm in 2020. Partner since 2020. Member of DE Bar since 1992 and FL Bar since 2009.  Area of Expertise: Bankruptcy. | $750 | 15.80 | $11,850.00 |
| Scott D. Jones | Started at firm in 2020. Associate since 2020. Member of DE Bar since 2019. Area of Expertise: Bankruptcy. | $350 | 24.40 | $8,540.00 |
| Aran D. Heining | Paralegal since 2020. Joined firm in 2020. | $150 | 0.90 | $135.00 |
| **TOTAL** | | | **41.10** | **$20,525.00** |

**Monthly Compensation by Project Category**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (B110) | 7.30 | $4,515.00 |
| Asset Analysis (B120) | 1.50 | $1,125.00 |
| Meetings of and Communications with Creditors (B150) | 0.20 | $150.00 |
| Fee/Employment Applications (B160) | 21.80 | $8,110.00 |
| Avoidance Action Analysis (B180) | 0.40 | $300.00 |
| Claims Administration and Objections (B310) | 1.30 | $975.00 |
| Plan and Disclosure Statement (Including Business Plan) (B320) | 3.80 | $2,330.00 |
| Document/File Management (L140) | 0.30 | $45.00 |
| Trial and Hearing Attendance (L450) | 4.50 | $2,975.00 |
| **TOTAL** | **41.10** | **$20,525.00** |

**Monthly Expenses by Category**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Filing Fees | | $20.00 |
| FSX Alert Service | | $20.00 |
| Trial Transcripts | Reliable Company | $180.95 |
| **TOTAL** | | **$220.95** |

**Final Compensation by Professional**

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice, department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Scott D. Cousins | Started firm in 2020. Partner since 2020. Member of DE Bar since 1992 and FL Bar since 2009.  Area of Expertise: Bankruptcy. | $750 | 495.80 | $371,850.00 |
| Scott D. Jones | Started at firm in 2020. Associate since 2020. Member of DE Bar since 2019.  Area of Expertise: Bankruptcy. | $350 | 95.20 | $33,320.00 |
| Aran D. Heining | Paralegal since 2020. Joined firm in 2020. | $150 | 166.40 | $24,960.00 |
| **TOTAL** | | | **757.40** | **$430,130.00** |

**Final Compensation by Project Category**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (B110) | 102.00 | $41,960.00 |
| Asset Analysis (B120) | 74.70 | $56,025.00 |
| Asset Disposition (B130) | 7.40 | $5,550.00 |
| Relief from Stay/Adequate Protection Proceeding (B140) | 11.70 | $8,475.00 |
| Meetings of and Communications with Creditors (B150) | 33.10 | $24,825.00 |
| Fee/Employment Applications (B160) | 76.90 | $35,515.00 |
| Fee/Employment Objections (B170) | 3.00 | $2,250.00 |
| Avoidance Action Analysis (B180) | 15.70 | $11,775.00 |
| Assumption/Rejection of Leases and Contracts (B185) | 4.40 | $3,300.00 |
| Business Operations (B210) | 4.30 | $3,225.00 |
| Financing/Cash Collection (B230) | 2.70 | $2,025.00 |

| | | |
|---|---|---|
| Claims Administration and Objections (B310) | 8.70 | $6,525.00 |
| Plan and Disclosure Statement (Including Business Plan) (B320) | 66.10 | $39,095.00 |
| Analysis/Strategy (L120) | 0.80 | $600.00 |
| Document/File Management (L140) | 91.10 | $13,665.00 |
| Budgeting (L150) | 0.10 | $75.00 |
| Pleadings (L210) | 68.90 | $50,295.00 |
| Retention of Others (L240) | 0.40 | $300.00 |
| Other Written Motions and Submissions (L250) | 6.30 | $2,325.00 |
| Document Production (L320) | 0.40 | $300.00 |
| Written Motions and Submissions (L430) | 0.80 | $280.00 |
| Other Trial Preparation and Support (L440) | 1.30 | $455.00 |
| Trial and Hearing Attendance (L450) | 168.20 | $118,350.00 |
| Appellate Motions and Submissions (L510) | 8.40 | $2,940.00 |
| **TOTAL** | **757.40** | **$430,130.00** |

### Final Expenses by Category

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Filing Fees | | $741.00 |
| Court Call Fees | Court Call | $1,121.25 |
| Trial Transcripts | Reliable Company | $1,843.50 |
| Service Expense | DLS | $128.85 |
| Service Expense | File & ServeXpress | $42.25 |
| *Pro Hac Vice* Admission Expense | | $100.00 |
| FSX Alert Service | | $20.00 |
| **TOTAL** | | **$3,996.85** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 17, 2021 at 2:00 p.m. (ET)** |
| | ) **Obj. Deadline: June 3, 2021 at 4:00 p.m. (ET)** |
| | ) |

**COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION OF COUSINS LAW
LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
<u>NOVEMBER 7, 2020 THROUGH APRIL 19, 2021</u>**

By this application (the "<u>Application</u>"), pursuant to sections 330 and 331 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local</u>

<u>Rules</u>"), and using best efforts to comply with the *Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases,* effective November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>"), Cousins

Law LLC ("<u>Cousins Law</u>") hereby seeks (i) approval of a monthly allowance of compensation for

professional legal services rendered  as co-counsel in the above-captioned cases of Cred Inc. and

its affiliated debtors (collectively, the "<u>Debtors</u>") in the amount of $20,525.00 together with

reimbursement of actual and necessary expenses incurred in the amount of $220.95 for the period

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

from April 1, 2021 through April 19, 2021 (the "Monthly Compensation Period") and (ii) final

compensation for professional legal services rendered as co-counsel to the Debtors in the amount

of $435,130.00 together with reimbursement for actual and necessary expenses incurred in the

amount of $3,996.85 for the period commencing November 7, 2020 through and including April

19, 2021 (the "Final Compensation Period").  In further support of this Application, Cousins Law

respectfully represents as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the

Bankruptcy Court.

2.    Pursuant to Local Rule 9013-(f), Cousins Law consents to the entry of a final order

by the Bankruptcy Court in connection with this Application to the extent that it is later determined

that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments

consistent with Article III of the United States Constitution.

3.    The statutory predicates for the relief requested herein are sections 328, 330 and

331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

4.    On November 7, 2020, the Debtors commenced these chapter 11 cases (these

"Chapter 11 Cases") by filing petitions for relief under chapter 11 of the Bankruptcy Code. The

Debtors were managing and operating their businesses as debtors in possession pursuant to

Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5.      On December 3, 2020, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee of Unsecured Creditors (the "Committee") to serve in these Chapter 11 Cases [Docket No. 120].  On January 7, 2021, the U.S. Trustee appointed Robert J. Stark as the Examiner in these Chapter 11 Cases [Docket No. 329], and the Court approved the appointment on January 8, 2021 [Docket No. 338].

6.      On November 18, 2020, the Debtors filed an application to retain and employ Cousins Law as counsel, effective as of the Petition Date [Docket No. 53] (the "Retention Application").  On December 18, 2020, the Bankruptcy Court entered the *Order Authorizing Debtors to Employ and Retain Cousins Law LLC as Co-Counsel to Debtors,* Nunc Pro Tunc *to Petition Date* [Docket No. 245] (the "Retention Order").  The Retention Order authorized Cousins Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Bankruptcy Court may direct.

7.      Also on December 18, 2020, the Bankruptcy Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 244] (the "Compensation Order").

8.      On January 7, 2021, the Bankruptcy Court entered the *Order Authorizing and Approving the Retention of Paul Hastings LLP as Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 327].

9.      On March 11, 2021, the Bankruptcy entered the *Order Confirming and Approving on a Final Basis Modified First Amended Combined Plan of Liquidation and Disclosure Statement*

*of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629] (the

"<u>Confirmation Order</u>").

10.     On April 19, 2021, the Debtors filed the *Notice of (A) Entry of Order Confirming*

*the First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and*

*its Subsidiaries Under Chapter 11 of the Bankruptcy Code and (B) the Occurrence of the Effective*

*Date* [Docket No. 730] (the "<u>Notice of Effective Date</u>").  The Notice of Effective Date documented

the effective date of the Combined Plan as April 19, 2021.

<u>**Relief Requested**</u>

11.     Cousins Law submits this Application for (i) approval and payment of reasonable

compensation and expenses incurred by Cousins Law in rendering professional services as co-

counsel to the Debtors during the Monthly Compensation Period and (ii) final approval and

payment of reasonable compensation and expenses incurred by Cousins Law in rendering

professional services as co-counsel to the Debtors during the Final Compensation Period. All

services for which Cousins Law requests compensation were performed for, or on behalf of, the

Debtors. This Application is made pursuant to the provisions of sections 328, 330, and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, the Compensation Order, and the U.S.

Trustee Guidelines.

12.     This Application is the final monthly application and the final fee application filed

by Cousins Law in these Chapter 11 Cases.  In connection with the professional services rendered

by this Application, Cousins Law seeks (i) approval of its total reasonable and necessary fees and

reimbursement of its actual expenses incurred during the Monthly Compensation Period in the

amounts of \$20,525.00 and \$220.95[2], respectively and (ii) final approval of its total reasonable and necessary fees and reimbursement of its actual expenses incurred during the Final Compensation Period in the amounts of \$435,130.00 and \$3,996.85, respectively.[3]

13.     Given the nature and value of the services that Cousins Law provided to the Debtors as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

14.     Cousins Law has received no payment or promises for payment from any source for services rendered in connection with these Chapter 11 Cases other than those in accordance with the Bankruptcy Rules.  There is no agreement or understanding between Cousins Law and any other person (other than members of Cousins Law) for the sharing of compensation to be received for the services rendered in these Chapter 11 Cases.

## U.S. Trustee Guidelines Disclosures

15.     Pursuant to section C.3 of the U.S. Trustee Guidelines, Cousins Law's believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Cousins Law believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

16.     Pursuant to section C.5 of the U.S. Trustee Guidelines, Cousins Law hereby makes the following disclosures for the Compensation Period:

---

[2]     The invoice documenting the compensation and expenses for the period of April 1 – April 19, 2021, is attached hereto as **Exhibit C**.

[3]      Invoices related to the monthly compensation periods from November 7, 2020 – March 31, 2021, were attached to Cousins Law's previously filed monthly fee applications [Docket Nos. 342, 401, 511, 637, and 711] (the "Prior Applications"), which are incorporated herein by reference.

| | |
|---|---|
| Did Cousins Law agree to any variations from, or alternatives to, Cousins Law's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No. |
| If the fees sought in the fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did Cousins Law discuss the reasons for the variation with the client? | The fees sought in this Application are less than the fees budgeted for the time period covered by such application. |
| Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case? | No. |
| Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? | No. |
| If the fee application includes any rate increases since retention:<br><br>    (a) Did your client review and approve those rate increases in advance?<br><br>    (b) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11- 458? | N/A. |

17.     As indicated in the Retention Order, Cousins Law agreed to use best efforts to comply with the U.S. Trustee Guidelines.  Consistent with section C.6 of the U.S. Trustee Guidelines, attached hereto as **Exhibit A**, is a copy of Cousins Law's consolidated budget and staffing report covering the time period from November 7, 2020 through and including April 19, 2021 (the "Budget and Staffing Report").  Attached hereto as **Exhibit B** is a summary of fees and hours budgeted compared to fees and hours billed.  The Budget and Staffing Report reflects

Cousins Law's estimated fees in the amount of $446,000.00 for services provided through April 19, 2021.

### Basis for Relief

18.     The applicable standard for compensation of professionals is set forth in section 330(a) of the Bankruptcy Code which provides that a bankruptcy court may award to a professional person employed under sections 327 or 1103 "reasonable compensation for actual, necessary services rendered by [such] . . . attorney . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a). Further, section 330 provides certain guidelines for the Court to consider with respect to the amount of compensation to be awarded, which include:

A.     The time spent on such services;

B.     The rates charged for such services;

C.     Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D.     Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

E.     With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in this bankruptcy field; and

F.     Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.     Professional services rendered by Cousins Law during these Chapter 11 Cases have been itemized by professional, noting each professional's rate and number of hours.  In performing services for the Debtors during the Monthly Compensation Period and the Final Compensation

- 7 -

Period, Cousins Law took into account both the hourly rate of the attorney providing the service, and the relative skill of the particular attorney as it related to the required tasks. By utilizing those most skilled in a particular area, Cousins Law was able to provide efficient and effective representation to the Debtors.

## A.    Reasonableness of Compensation Requested

20.    Cousins Law believes that the hourly rate it charges are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise levels of experience as Cousins Law.  The hourly rate of each professional who rendered services in connection with these Chapter 11 Cases during the Monthly Compensation Period and the Final Compensation Period is set forth above.

21.    Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided, and the results that have been achieved to date, allowance of the amounts requested is appropriate.  Because Cousins Law's fees and expenses are comparable to those incurred by counsel to similarly-situated debtors in cases involving issues of commensurate complexity, Cousins Law's fees are "reasonable" and should be allowed in the amounts set forth herein.

## B.    Novelty and Difficulty of Legal Questions/Skill Requisite to Performing Legal Services

22.    The Debtors unique business model consisting of notoriously volatile assets of cryptocurrency, as well as the investigations of potential theft and misappropriation of the Debtors' assets that were required to determine the whereabouts of cryptocurrency that were believed to be property of the Debtors, required evaluation of several difficult factual and legal issues in connection with the Debtors' Chapter 11 Cases.  Further, there can be no dispute that Cousins Law expended significant time and effort to the Debtors' affairs, as shown by the detailed entries

included in Cousins Law's Prior Applications and the summaries set forth herein.

**<u>Summary of Services Rendered</u>**

23.     The summary of the services performed by Cousins Law included, without limitation, the following:

a.     providing legal and strategic advice to the Debtors with respect to their rights, duties, and powers in these Chapter 11 Cases;

b.     advising and representing the Debtors as their co-counsel in connection with all matters arising in these Chapter 11 Cases;

c.     representing the Debtors as their co-counsel at all hearings in these Chapter 11 Cases;

d.     appearing on behalf of the Debtors, at any meetings that may have been held in connection with these Chapter 11 Cases;

e.     preparing, on behalf of the Debtors, any necessary applications, motions, pleadings, or other documents that needed to be filed in these Chapter 11 Cases;

f.     monitoring the case docket and responding, as needed, regarding matters directly or indirectly impacting the Debtors or affecting the Debtors' interests in these Chapter 11 Cases;

g.     providing such other services that were required or deemed to be required in the interest of the Debtors.

24.     The following is a summary of the professional services rendered by Cousins Law during the Final Compensation Period.  This summary is organized in accordance with Cousins Law's internal system of task codes established at the outset of this case. In classifying services into task codes, Cousins Law attempted to place the services performed in the category that most closely related to the services provided. The below does not include summaries for certain task codes for which a de minimis amount of time was billed during the Final Compensation Period. The hours billed to the task codes described below represent approximately 90% of the total hours that Cousins Law expended in these Chapter 11 Cases on behalf of the Debtors.

### A.  Case Administration (B110)

| Total Hours | Fees |
| --- | --- |
| 102.00 | $41,960.00 |

24.     This category includes time spent by Cousins Law professionals and paraprofessionals performing various general administrative tasks including among other things: (i) monitoring the docket for these Chapter 11 Cases to track filings and to remain apprised of developments; (ii) maintaining an internal calendar of critical dates; (iii) preparing, corresponding about, and filing documents related to the administration of these Chapter 11 cases including certificates of no objection, notices, and orders; (iv) communicating with the Debtors' other advisors and other parties in interest regarding general case administration and related matters; and (v) performing other necessary tasks related to the successful and efficient administration of this case.

### B.  Asset Analysis (B120)

| Total Hours | Fees |
| --- | --- |
| 74.70 | $56,025.00 |

25.     This category includes time spent by Cousins Law professionals and paraprofessionals evaluating and researching the various cryptocurrencies held by the Debtors and the value of those cryptocurrencies at various points in time.  In addition, Cousins Law expended time performing investigations as to the locations of missing cryptocurrency that was believed to be the property of the Debtors.

### C.  Meetings of and Communications with Creditors (B150)

| Total Hours | Fees |
| --- | --- |
| 33.10 | $24,825.00 |

26.     This category includes time spent by Cousins Law professionals preparing for, and attending, the 341 Meeting of creditors.  In addition, Cousins Law expended a number of hours

communicating with various creditors regarding issues that were occurring within these Chapter 11 Cases.

### D. Fee/Employment Applications (B160)

| Total Hours | Fees |
|:---:|:---:|
| 76.90 | $35,515.00 |

27.     This category includes time spent by Cousins Law professionals and paraprofessionals in connection with the preparation of Cousins Law's monthly fee applications. This category also includes time spent by Cousins Law professionals and paraprofessionals in connection with (i) the preparation, filing, and service of professional fee applications filed by the Debtors' other advisors, and (ii) reviewing, analyzing, and corresponding about any concerns arising in connection with professional fee applications filed by the Debtors' professionals and any other professionals retained in this case pursuant to section 327 of the Bankruptcy Code.

### E. Plan and Disclosure Statement (B320)

| Total Hours | Fees |
|:---:|:---:|
| 66.10 | $39,095.00 |

28.     This category includes, *inter alia*, time spent by Cousins Law professionals researching, drafting and reviewing the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the "Combined Plan") [Docket No. 602].   In addition, Cousins Law professionals expended time addressing the concerns of parties in interest regarding the Combined Plan and reviewing the voting tabulations to the Combined Plan.   This culminated in the Bankruptcy Court entering the Confirmation Order [Docket No. 629].

### F. Document/File Management (L140)

| Total Hours | Fees |
|:---:|:---:|
| 91.10 | $13,665.00 |

29.     This category includes time spent by Cousins Law professionals and paraprofessionals in connection with the preparing and uploading to the docket various motions, applications, agendas, etc. for filing on ECF in these Chapter 11 Cases.

### G.  Pleadings (L210)

| Total Hours | Fees |
|:---:|:---:|
| 68.90 | $50,295.00 |

30.     This category includes time spent by Cousins Law professionals and paraprofessionals in connection with the drafting, reviewing and filing of a number of motions that were required to be filed in this case.  In addition to first-day motions, the Debtors were forced to draft a number of motions throughout the course of these Chapter 11 Cases.  These include, *inter alia*, the *Complaint for Turnover Pursuant to Bankruptcy Code Section 542* [Docket No. 58], which was filed under Adversary Proceeding Case No. 20-51006, and the *Opposition of Debtors to Response of James Alexander to the Motion of Krzysztof Majdak and Philippe Godinea for Entry of Order Pursuant to 11 U.S.C. § 1112(B) (I) Dismissing the Cases; (II) Converting the Cases to a Chapter 7 Liquidation; or (III) Appointing a Chapter 11 Trustee* [Docket No. 137] to provide a few examples.

### H.  Trial and Hearing Attendance (L450)

| Total Hours | Fees |
|:---:|:---:|
| 168.20 | $118,350.00 |

31.     This category includes time spent by Cousins Law professionals and paraprofessionals in connection with all hearings and status conferences held in these Chapter 11 Cases during the Final Compensation Period. Cousins Law professionals attended each hearing held before the Bankruptcy Court regarding these Chapter 11 Cases and assisted with various matters related to preparation for the hearings. In preparing for such hearings, Cousins Law

professionals and paraprofessionals reviewed and analyzed all issues, motions, and applications filed with the Bankruptcy Court, including any objections and responses thereto. Additionally, Cousins Law professionals and paraprofessionals prepared, corresponded about, and filed notices of agenda for all hearings held in these Chapter 11 Cases, assisted with the preparation of certifications of counsel and proposed orders related to motions before the Bankruptcy Court at various hearings, and corresponded with the Bankruptcy Court, the U.S. Trustee, the Committee, and various other parties in interest in connection with issues before the Bankruptcy Court.

## **Certification and Notice**

32.    Pursuant to Local Rule 2016-2, Cousins Law represents as follows with regard to its charges for actual and necessary costs and expenses incurred during the Compensation Period:

    a.   Copy Charges were $.10 per page, which charge is reasonable and customary in the legal industry and represents the costs of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of related expenditures.  In addition, Cousins Law often utilizes outside copier services for high volume projects, and this Application seeks the recovery of those costs, if applicable;

    b.   Incoming facsimiles are not billed;

    c.   Out-going facsimiles are billed at the rate of $1.00 per page.  The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of related expenditures;

    d.   Toll telephone charges are not billed; and

    e.   Computer assisted legal research charges are billed at actual costs.

33.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these Chapter 11 Cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

34.     As noted above, this case presented nuanced issues that required Cousins Law to expend considerable time and incur costs to ensure the value of the Debtors' assets were maximized.  Cousins Law submits that its rates are reasonable and comparable to, or lower than, firms of similar size both in the bankruptcy and non-bankruptcy markets.  Indeed, Cousins Law was selected as co-counsel to the Debtors due to the experience and expertise of its attorneys in the area of bankruptcy and other areas directly affecting these Chapter 11 Cases and the Debtors.

35.     In summary, all the professional services rendered on the Debtors' behalf have been performed by attorneys with a high level of skill.  This level of skill enabled Cousins Law to represent the Debtors in an efficient and effective manner.

36.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that this Application complies therewith. In accordance with the Interim Compensation Order, Cousins Law has provided notice of this Application to: (a) the U.S. Trustee, (b) counsel to the Committee, and (c) those parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  Cousins Law submits that no other or further notice need be given.

## <u>Conclusion</u>

WHEREFORE, Cousins Law requests (i) approval of a monthly allowance of $20,525.00 as compensation for professional services rendered to the Debtors and $220.95 for reimbursement of actual and necessary costs and expenses incurred by Cousins Law during the Monthly Compensation Period, and (ii) approval of $435,130.00 as the total compensation for professional services rendered to the Debtors and the sum of $3,996.85 for reimbursement of actual and necessary costs and expenses incurred by Cousins Law during the Final Compensation Period in these Chapter 11 Cases.

Dated: May 14, 2021
      Wilmington, Delaware

/s/ Scott D. Cousins
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile:    (302) 295-0331
Email:    scott.cousins@cousins-law.com

- and -

James T. Grogan (admitted *pro hac vice*)
Mack Wilson (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:    jamesgrogan@paulhastings.com
        mackwilson@paulhastings.com

- and -

Pedro A. Jimenez (admitted *pro hac vice*)
Avram Emmanuel Luft (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:    pedrojimenez@paulhastings.com
        aviluft@paulhastings.com

*Co-Counsel to the Debtors*