## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) |

## SUMMARY OF FIRST INTERIM AND FINAL APPLICATION OF PAUL HASTINGS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 7, 2020 THROUGH FINAL FEE HEARING

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP |
| Applicant's role in case | Counsel to the above-captioned Debtors and Debtors in Possession |
| Time period covered by this application: | November 7, 2020 through the date of the final fee hearing (the "Fee Period") |
| Date of Retention: | January 7, 2021, effective as of November 7, 2020 [Docket No. 327] |
| Total Fees Sought in this Application: | $5,380,217.00[2] |
| Total Expenses Sought in this Application: | $42,752.70 |
| Total Compensation approved and paid by interim order to date: | $0.00 |
| Total Expenses approved and paid by interim order to date: | $0.00 |
| Blended rate in the Fee Period for all attorneys: | $1,121 |
| Blended rate in the Fee Period for all timekeepers: | $1,105 |
| Compensation sought for the Fee Period already paid pursuant to an | $4,118,108.00 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Paul Hastings has included here post-April fees in the amount of $50,000.00 for services provided and to be provided in connection with the preparation of, and hearing on, fee applications for services provided during the chapter 11 cases.

| | |
|---|---|
| interim compensation order but not yet allowed: | |
| Expenses sought for the Fee Period already paid pursuant to an interim compensation order but not yet allowed: | $38,330.28 |
| Time expended and compensation requested for fee application preparation during Fee Period: | 43.6 hours $42,908.00 fees |
| Number of professionals included for the Fee Period: | 29 |
| If applicable, number of professionals for the Fee Period not included in staffing plan approved by client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought during the Fee Period: | Amount budgeted: $5,205,975.00 Amount sought: $5,380,217.00 |
| Number of professionals billing fewer than 15 hours to the case during the Fee Period: | 16 |
| Are any rates higher than those approved or disclosed at retention? | Yes.  Paul Hastings implemented its customary rate adjustment in the Debtors' chapter 11 cases on February 1, 2021, as provided in the firm's *Notice of Change in Hourly Rates* [Docket No. 341].  In the retention application [Docket No. 64], the Debtors acknowledged that Paul Hastings periodically adjusts its rates to reflect economic and other conditions and consented thereto so long as Paul Hastings charges its regular hourly rates in effect at the time. |

This is a(n):  _X_  interim          _X_ final application

## MONTHLY APPLICATION HISTORY

| Application | Date Filed / Docket No. | Period Covered | Requested Amounts | | | Certificate of No Objection Docket No. |
|---|---|---|---|---|---|---|
| | | | Fees 100% | Fees 80% | Expenses 100% | |
| First Monthly | 1/8/21 340 | 11/7/20 – 11/30/20 | $783,393.00 | $626,714.40 | $1,231.33 | 439 |
| Second Monthly | 2/2/21 461 | 12/1/20 – 12/31/20 | $1,476,836.50 | $1,181,469. | $7,540.57 | 564 |
| Third | 3/3/21 | 1/1/21- | $1,118,345.00 | $894,767.00 | $17,168.75 | 682 |

| Application | Date Filed / Docket No. | Period Covered | Requested Amounts | | | Certificate of No Objection Docket No. |
|---|---|---|---|---|---|---|
| | | | Fees 100% | Fees 80% | Expenses 100% | |
| Monthly | 581 | 1/31/21 | | | | |
| Fourth Monthly | 3/31/21 696 | 2/1/21-2/28/21 | $1,136,960.50 | $909,568.40 | $7,909.80 | 736 |
| Fifth Monthly | 4/16/21 710 | 3/1/21-3/31/21 | $632,100.00 | $505,680.00 | $4,479.83 | 762 |
| Sixth Monthly | | 4/1/21-4/30/21 | $182,582.00 | $146,065.60 | $4,422.42 | |

## SUMMARY OF TIMEKEEPERS INCLUDED IN APPLICATION

| Name, Position, and Initials Used in Invoices | Date of First Admission; Department | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed[3] | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|
| | | | | For period from 11/7/20 through 1/31/21 | For period from 2/1/21 through 4/30/21 | |
| **Partner** | | | | | | |
| Carlton, D. Scott, DSC3 | 2005, Litigation | $154,687.50 | 118.00 | $1,275.00 | $1,400.00 | 1 |
| Dayanim, Behnam, BD2 | 1993, Corporate | $405.00 | 0.30 | $1,350.00 | n/a | n/a |
| Grogan, James, JTG4 | 2000, Corporate | $994,582.50 | 728.90 | $1,325.00 | $1,425.00 | 1 |
| Jimenez, Pedro, PJ1 | 1998, Corporate | $255,925.00 | 181.40 | $1,400.00 | $1,475.00 | 1 |
| Makso, David, DM12 | 2001, Tax | $3,220.00 | 2.30 | $1,400.00 | n/a | n/a |
| Nelson, Gregory V., GVN | 1981, Tax | $48,150.00 | 32.10 | $1,450.00 | $1,525.00 | 1 |
| Rawlins, Justin, JR28 | 2000, Corporate | $7,965.00 | 5.90 | n/a | $1,350.00 | 1 |
| Snow, Holly, HS5 | 2009, Corporate | $5,757.50 | 4.70 | $1,225.00 | n/a | n/a |
| Stellenberg, Daniel S, DSS4 | 2002, Tax | $570.00 | 0.40 | $1,425.00 | n/a | n/a |
| Song, Jane I., JIS2 | 2000, Corporate | $2,025.00 | 1.50 | $1,350.00 | n/a | n/a |
| Stone, Peter M., PMS | 1992, Litigation | $61,250.00 | 44.30 | $1,375.00 | $1,450.00 | 1 |
| Schwartz, Todd, TMS8 | 2007, Corporate | $625.00 | 0.50 | $1,250.00 | n/a | n/a |
| Zuppone, Michael L., MLZ | 1989, Corporate | $135,422.50 | 88.30 | $1,525.00 | $1,600.00 | 1 |

---

[3]    As noted in the *Notice of Change in Hourly Rates* [Docket No. 341], Paul Hastings adjusted its hourly rates effective February 1, 2021.  In the retention application [Docket No. 64], the Debtors acknowledged that Paul Hastings periodically adjusts its rates to reflect economic and other conditions and consented to such adjustments so long as Paul Hastings charges its regular hourly rates in effect at the time.

| Name, Position, and Initials Used in Invoices | Date of First Admission; Department | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed[3] | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|
| | | | | For period from 11/7/20 through 1/31/21 | For period from 2/1/21 through 4/30/21 | |
| **Total Partner:** | | **$1,670,585.00** | **1208.60** | | | |
| **Counsel** | | | | | | |
| Bongartz, Alex, AB21 | 2007, Restructuring | $403,000.00 | 310.00 | $1,300.00 | n/a | n/a |
| Hilson, John Francis, JFH2 | 1977, Corporate | $775.00 | 0.50 | $1,550.00 | n/a | n/a |
| Luft, Avi E., AEL2 | 2000, Corporate | $846,045.00 | 626.70 | $1,350.00 | $1,350.00 | n/a |
| Shelley, Scott C., SCS8 | 1994, Corporate | $300,000.00 | 240.00 | $1,250.00 | $1,250.00 | n/a |
| Traxler, Katherine A, KAT2 | 1990, Corporate | $44,953.00 | 49.70 | $890.00 | $920.00 | 1 |
| **Total Counsel:** | | **$1,594,773.00** | **1226.90** | | | |
| **Associate** | | | | | | |
| Barnes, Chanse J., CB24 | 2017, Corporate | $1,337.00 | 1.40 | n/a | $955.00 | n/a |
| Barron, Douglass E., DEB4 | 2012, Restructuring | $414.00 | 0.40 | $1,035.00 | n/a | n/a |
| Cash, Derek D., DDC1 | 2015, Corporate | $222,813.00 | 260.60 | $855.00 | n/a | n/a |
| Clark, Kiaura, KC23 | 2021, Litigation | $16,170.00 | 23.10 | n/a | $700.00 | n/a |
| Counihan, Brendan, BC1 | 2019, Tax | $3,442.50 | 4.50 | $765.00 | n/a | n/a |
| Doherty, Casey W., CWD1 | 2011, Corporate | $103,600.00 | 92.50 | n/a | $1,120.00 | n/a |
| Farmer, Will C., WCF | 2018, Corporate | $13,465.50 | 14.10 | n/a | $955.00 | n/a |
| Hua, April, AH35 | 2019, Litigation | $15,147.00 | 19.80 | n/a | $765.00 | n/a |
| Hwang, Phil Mhan, PMH1 | 2021, Litigation | $27,720.00 | 39.60 | n/a | $700.00 | n/a |
| Lin, Bryant P., BPL2 | 2016, Litigation | $308,455.50 | 321.50 | $930.00 | $1,035.00 | 1 |
| Lopez, Leah M., LML1 | Pending Admission, Corporate | $56,359.50 | 77.80 | $690.00 | $765.00 | 1 |
| Lysle, Lily R., LL22 | 2017, Litigation | $76,662.00 | 88.40 | $855.00 | $955.00 | 1 |
| Maza, Shlomo, SM29 | 2012, Restructuring | $319.50 | 0.30 | $1,065.00 | n/a | n/a |
| Mottweiler, Michael, MM48 | 2019, Litigation | $9,715.50 | 12.70 | n/a | $765.00 | n/a |
| Prouty Austin M., AMP1 | 2019, Litigation | $134,925.00 | 191.50 | $690.00 | $765.00 | 1 |
| Roberts, Max M., MMR | 2019, Corporate | $9,103.50 | 11.90 | n/a | $765.00 | n/a |
| Shah, Asna Erfan, AE4 | 2018, Corporate | $10,260.00 | 12.00 | $855.00 | n/a | n/a |
| Shin, Joyce (Jungwon), JS49 | 2013, Corporate | $40,530.50 | 38.00 | $1,065.00 | $1,120.00 | 1 |
| Wilson, Mack, MW26 | 2016, Corporate | $776,406.50 | 866.30 | $855.00 | $955.00 | 1 |

| Name, Position, and Initials Used in Invoices | Date of First Admission; Department | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed[3] | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|
| | | | | For period from 11/7/20 through 1/31/21 | For period from 2/1/21 through 4/30/21 | |
| Zwillinger, Zachary S., ZSZ | 2013, Litigation | $62,260.00 | 56.60 | $1,100.00 | n/a | n/a |
| **Total Associate:** | | $1,889,106.50 | 2133.00 | | | |
| **Other Attorney** | | | | | | |
| Goldstein, Irena M., IG1 | 1988, Corporate | $132,312.50 | 146.50 | $875.00 | $905.00 | 1 |
| **Total Other Attorney:** | | **$132,312.50** | **146.50** | | | |
| **Paraprofessional** | | | | | | |
| Boyle, Terrence G., TGB2 | Paralegal | $1,534.50 | 3.10 | n/a | $495.00 | n/a |
| Elliott, Elizabeth, EE3 | Legal Research Analyst | $508.00 | 1.30 | $385.00 | $400.00 | 1 |
| Graham, Lesley, R., LRG | Tech. Operations Senior Analyst | $810.00 | 1.80 | $450.00 | n/a | n/a |
| Holthuis, Ingrid, M., IMH | Paralegal | $1,960.00 | 4.00 | $490.00 | n/a | n/a |
| Kuo, Jocelyn, JK21 | Paralegal | $27,589.50 | 56.50 | $480.00 | $495.00 | 1 |
| Limaldi, Jacob, JL45 | Case Assistant | $117.50 | 0.50 | n/a | $235.00 | n/a |
| Wijemanne, Manel, MW3 | Paralegal | $828.00 | 1.80 | $460.00 | n/a | n/a |
| Wrench, Patricia L., PLE | Paralegal | $1,276.00 | 2.90 | $440.00 | n/a | n/a |
| Wu, Winnie, WW6 | Case Assistant | $8,816.50 | 38.80 | $220.00 | $235.00 | 1 |
| **Total Paraprofessional:** | | **$43,440.00** | **110.70** | | | |
| **Subtotal:** | | **$5,330,217.00** | **4825.70** | | | |
| **Blended Rate:** | | | | **$1,105** | | |
| **Blended Rate Excluding Paraprofessionals:** | | | | **$1,121** | | |
| **Post-Effective Date Fees for Preparation of, and Hearing on, Fee Applications** | | **$50,000.00** | | | | |
| **Total:** | | **$5,380,217.00** | | | | |

## COMPENSATION BY PROJECT CATEGORY

| U.S. Trustee Task Code and Project Category | | Hours Billed | Fees Billed |
|---|---|---|---|
| B110 | Case Administration | 323.00 | $350,525.00 |
| B111 | Schedules and Statements of Financial Affairs | 24.30 | $29,756.50 |
| B112 | General Creditor Inquiries | 4.40 | $5,336.00 |
| B113 | Pleadings Review | 1.90 | $1,882.50 |
| B120 | Asset Analysis and Recovery | 137.30 | $171,121.50 |
| B130 | Asset Disposition | 186.10 | $221,597.00 |
| B140 | Relief from Stay / Adequate Protection Proceedings | 149.70 | $166,822.50 |
| B150 | Meetings of and Communications with Creditors | 16.90 | $21,265.50 |
| B155 | Court Hearings | 338.00 | $387,954.50 |
| B160 | Employment / Fee Applications (Paul Hastings) | 123.40 | $122,759.00 |
| B161 | Budgeting (Case) | 7.70 | $6,788.50 |
| B165 | Employment / Fee Applications (Other Professionals) | 119.00 | $128,031.00 |
| B180 | Avoidance Action Analysis | 75.00 | $85,544.50 |
| B185 | Assumption / Rejection of Leases and Contracts | 12.70 | $14,093.50 |
| B190 | Other Contested Matters | 941.80 | $991,321.50 |
| B191 | General Litigation | 770.80 | $833,712.50 |
| B210 | Business Operations | 58.20 | $71,410.00 |
| B211 | Financial Reports (Monthly Operating Reports) | 6.70 | $9,215.00 |
| B220 | Employee Benefits / Pensions | 2.30 | $3,077.50 |
| B230 | Financing / Cash Collections | 179.30 | $207,545.50 |
| B231 | Security Document Analysis | 0.70 | $598.50 |
| B240 | Tax Issues | 44.10 | $63,605.50 |
| B260 | Board of Directors Matters | 4.00 | $6,060.00 |
| B261 | Investigations | 358.30 | $381,123.00 |
| B310 | Claims Administration and Objections | 69.10 | $79,026.50 |
| B320 | Plan and Disclosure Statement | 870.50 | $969,269.00 |
| B410 | General Bankruptcy Advice/Opinions | 0.50 | $775.00 |
| **TOTAL** | | **4,825.70** | **$5,330,217.00** |

## **EXPENSE SUMMARY**

| Expense Category | Total Expenses |
|---|---:|
| Attorney Service | $2,565.85 |
| Reproduction Charges (7,468 pages at $0.08 per page) | $597.44 |
| Reproduction Charges (Color) (487 pages at $0.50 per page) | $243.50 |
| Court Call | $43.50 |
| Filing Fee | $855.00 |
| Postage/Express Mail | $282.46 |
| Computer Search | $12,522.32 |
| Outside Professional Services | $16,112.50 |
| Courier Service | $399.08 |
| Court Reporting Services | $9,131.05 |
| **TOTAL** | **$42,752.70** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

**FIRST INTERIM AND FINAL APPLICATION OF PAUL HASTINGS LLP**
**FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD FROM**
**NOVEMBER 7, 2020 THROUGH FINAL FEE HEARING**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the

Court's *Revised Order Establishing Procedures for Interim Compensation and Reimbursement*

*of Expenses for Retained Professionals* [Docket No. 269] (the "Interim Compensation Order"),

and Section 9.2 of the *Modified First Amended Combined Joint Plan of Liquidation and*

*Disclosure Statement of Cred Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code*

[Docket No. 722], Paul Hastings LLP ("Paul Hastings"), attorneys for the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), hereby files this *First Interim*

*and Final Application of Paul Hastings LLP for Compensation and Reimbursement of Expenses*

*for the Period from November 7, 2020 through Final Fee Hearing* (the "Application"). By this

Application, Paul Hastings seeks final allowance and payment of the sums of $5,380,217.00 as

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

compensation and $42,752.70 for reimbursement of actual and necessary expenses, for a total of $5,422,969.70, for the period from November 7, 2020 through and including the final fee hearing (the "<u>Fee Period</u>") for legal services rendered to the Debtors in their chapter 11 cases (the "<u>Chapter 11 Cases</u>").  In support of this Application, Paul Hastings respectfully represents as follows:

## **Preliminary Statement**

1.     In the course of these chapter 11 cases, Paul Hastings successfully steered the Debtors from their free-fall entry into bankruptcy in November 2020 to the confirmation of their plan just 4 months later, which is expected to yield a more than 30% return to the Debtors' unsecured creditors.  Within this expedited timeline, Paul Hastings successfully navigated several complex, novel, and contested legal issues unique to these cases – the first major cryptocurrency bankruptcy in U.S. history – while defending the Debtors against numerous requests by interested parties seeking to dismiss these chapter 11 cases or exercise control over estate property.  Additionally, Paul Hastings assisted the Debtors in recovering tens of millions of dollars' worth of cryptocurrency for the benefit of their creditors, while also maintaining the Debtors' other assets, ultimately leading to the successful and consensual resolution of these cases.

2.     Among the services performed for the Debtors during these cases were: (a) successfully obtaining first- and second-day relief for the Debtors over the objections of numerous interested parties, including receiving authority for the Debtors to continue engaging in cryptocurrency transactions and to redact all customer names from publicly filed documents in these cases; (b) obtaining authority for the Debtors to market all of their assets for sale under section 363 of the Bankruptcy Code, and assisting the Debtors in procuring various offers from

interested bidders and negotiating with those bidders; (d) successfully defending against a motion for stay relief brought by one of the Debtors' largest creditors, which was litigated over a several-week period and implicated valuable estate assets; (e) successfully defeating three motions to dismiss or convert these chapter 11 cases brought by the U.S. Trustee, several creditors of the Debtors, and a former insider of the Debtors named James Alexander;  (f) successfully prosecuted a turnover action and related collection activities against Mr. Alexander to recover assets taken by Alexander during his employment, including assisting the Debtors with obtaining stay relief and the transfer of venue in Mr. Alexander's own bankruptcy that he filed in California to impede the ongoing actions against him in this case; (g) negotiating and implementing a plan support agreement with the Committee, which played a key role in the consensual resolution of these cases in only four months' time; (h) assisting the Debtors in preserving assets and addressing liquidity concerns through, among other things, negotiating for potential post-petition financing and assisting the Debtors in negotiations with various prepetition investment managers like Sarson Funds LLC and Equities First Holdings that resulted in the return to the estates of cryptocurrency worth millions of dollars; (i) conducting an investigation of the Debtors' pre-petition conduct and evaluating sources of potential recovery for the benefit of creditors, including facilitating and assisting the Examiner during his investigation; and (j) leading the Debtors' efforts in proposing and confirming a consensual, value-maximizing chapter 11 plan of liquidation.

3.     In light of the nature and complexity of these matters and other issues in these chapter 11 cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  Additionally, Paul Hastings submits its fees were necessary and beneficial to the Debtors, as well as their estates and creditors, and were

rendered to protect, preserve, and maximize value.  For these reasons, Paul Hastings respectfully requests the Court grant the Application and allow its fees and expenses on a final basis.

### Jurisdiction, Venue, Basis for Relief, and U.S. Trustee Guidelines

4.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.  Paul Hastings consents to this Court's authority to enter final orders on this matter.

7.       To the best of Paul Hastings' knowledge, this Application substantially complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-2, the Interim Compensation Order, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]  To the extent necessary, Paul Hastings requests a waiver of any requirement not met by this Application.

8.       In accordance with the U.S. Trustee Guidelines and the Local Rules, at the end of this Application are the following Exhibits:

·        Exhibit A contains disclosures regarding "customary and comparable compensation" for the Fee Period.

---

[2]    The Debtors and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in the Chapter 11 Cases.

·    <u>Exhibit B</u> contains a summary of Paul Hastings' timekeepers included in the Fee Period.

·    <u>Exhibit C</u> contains the staffing plans for Paul Hastings' services during the Fee Period.

·    <u>Exhibit D</u> contains a summary of the compensation requested by project category as compared to the compensation budgeted for Paul Hastings' services during the Fee Period.

·    <u>Exhibit E</u> contains a summary of the expense reimbursements requested by category for the Fee Period.  An itemized schedule of all such expenses is included in Paul Hastings' filed monthly statements.

### **Background**

9.    On November 7, 2020 (the "<u>Petition Date</u>"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.    The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27].  On December 3, 2020, the Office of the United States Trustee for Region 3 (the "<u>U.S. Trustee</u>") appointed the Committee [Docket No. 120].

11.    On November 18, 2020, the Debtors filed an application to retain and employ Paul Hastings as counsel, effective as of the Petition Date [Docket No. 64] (the "<u>Retention Application</u>").  On January 7, 2021, the Court entered an order approving the Retention Application [Docket No. 327] (the "<u>Retention Order</u>").  The Retention Order authorizes Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and such orders as the Court may direct.

12.     On March 11, 2021, the Court entered an order confirming the *First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code* [Docket No. 629] (as modified on April 16, 2021 [Docket No. 722], the "Plan").  The Effective Date of the Plan occurred on April 19, 2021.

13.     Paul Hastings has submitted monthly fee applications for services rendered from the Petition Date through April 30, 2021, which are incorporated herein by this reference.  *See* Docket Nos. 340, 461, 581, 696, 710, and 774.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

14.     By this Application, Paul Hastings requests final allowance and payment of compensation for professional services rendered to the Debtors during the Fee Period and expenses incurred in connection therewith in the amount of $5,380,217.00 and $42,752.70, respectively.[3]  All services for which compensation is requested were performed for or on behalf of the Debtors.

15.     As disclosed in the Retention Application, Paul Hastings received $36,146.86 from the Debtors before the Petition Date as an advance for Paul Hastings' fees and expenses. Subsequently, Paul Hastings agreed to return $313,330.40 to its retainer and, thus, currently holds a retainer of $349,477.26.  Paul Hastings requests Court authorization to apply this retainer to the fees and expenses allowed pursuant to this Application.

16.     Except for the above-referenced retainer and as permitted under the Interim Compensation Order, during the Fee Period Paul Hastings received no payment or any promise

---

[3]     Paul Hastings has included here post-Effective Date fees in the amount of $50,000.00 for services provided and to be provided in connection with the preparation of, and hearing on, fee applications for services provided during the Chapter 11 Cases.

of payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.  There is no agreement or understanding between Paul Hastings and any other person, other than the attorneys and employees of Paul Hastings, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

17.     The fees charged by Paul Hastings in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period and in accordance with the Retention Order. The rates Paul Hastings charged for the services rendered by its professionals and paraprofessionals during the Fee Period are no greater than the rates Paul Hastings charged for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Paul Hastings' fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

18.     Paul Hastings maintains computerized records of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Debtors. Attached to Paul Hastings' filed monthly fee applications is a true and correct copy of Paul Hastings' fee statements for services performed during the Fee Period (the "Fee Statements").

### Summary of Services Rendered

19.     Paul Hastings' primary focus has been to move the Debtors through the bankruptcy process in an efficient, timely, and value-maximizing manner.  The services rendered by Paul Hastings during the Fee Period are grouped into the project categories set forth in the Fee Statements.  The attorneys and paralegals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category, are identified in the Fee Statements.

20.     The professional services set forth in the Fee Statements (a) were necessary and

appropriate to the administration of the Chapter 11 Cases, (b) were in the best interests of the

Debtors, the estates, and their stakeholders, and (c) were provided without unnecessary

duplication of effort or expense.  Compensation for the services as requested is commensurate

with the complexity, importance, and nature of the problems, issues, and tasks involved.  The

professional services were performed skillfully and efficiently.

### **Valuation of Services**

21.     Nearly all of the services during the Fee Period were rendered by Paul Hastings'

restructuring and corporate attorneys.  With dozens of attorneys specializing in this area of law,

Paul Hastings has a preeminent practice and enjoys a national reputation for its expertise in

financial reorganization and restructuring of troubled entities.  Paul Hastings brings to the

Chapter 11 Cases a high level of expertise and experience that inures to the benefit of the

Debtors and all parties in interest.

22.     Paul Hastings has been involved in a meaningful way in all facets of the Debtors'

Chapter 11 Cases and has fulfilled its duties in representing the Debtors.  Paul Hastings submits

that in view of its integral role in every aspect of the Chapter 11 Cases, its request for

compensation and reimbursement of expenses is reasonable and warranted.

23.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

Paul Hastings respectfully submits that the amount requested here is fair and reasonable given

(a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of

the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under this title.

### **Actual and Necessary Disbursements**

24.     Paul Hastings requests final allowance and payment of actual and necessary

expenses incurred during the Fee Period in the aggregate amount of $42,752.70.  Attached hereto

as **Exhibit E** is a summary of such expenses.  It is Paul Hastings' policy to charge its clients in

all areas of practice for all expenses incurred in connection with a client's matter.  Paul Hastings

charged at actual cost for its ancillary services and expenses such as photocopying, scanning,

messenger and courier services, court reporter services, filing fees, litigation support service,

document processing, facsimile, postage, printing, travel related expenses, parking and similar

expenses, whether internal or paid to third parties.

     25.     Paul Hastings charges $0.08 per page for standard black and white duplication

and $0.50 per page for standard color copies.  Because Paul Hastings believes that on-line legal

research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using

hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not

a profit center for Paul Hastings.  Paul Hastings does not charge its clients for incoming

facsimile transmissions, and all travel expenses are billed at coach fare rates.[4]

     26.     The time constraints imposed by the circumstances in the Chapter 11 Cases

required Paul Hastings' attorneys and other employees, at times, to devote substantial time

during the evenings and on weekends to perform legal services on behalf of the Debtors.  These

extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily

basis from parties involved in the matter, and satisfy the Debtors' needs and demands.

Consistent with firm policy, attorneys and other Paul Hastings employees who worked late in the

evenings or on weekends were reimbursed for their reasonable meal and transportation costs.

Paul Hastings' regular practice is not to include components for those charges in overhead when

establishing billing rates, but rather to charge its clients for these and all other out-of-pocket

---

[4]    Paul Hastings' computerized billing system records certain expenses, such as telephone, courier, and online research charges, without identifying the individual incurring the expense, and Paul Hastings respectfully requests that the Court waive Paul Hastings' compliance with Local Rule 2016-2(e)(ii).

disbursements incurred during the regular course of the provision of legal services.

27.    Paul Hastings believes its billing arrangements for expenses incurred are customary and market among large law firms.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Quinlan and LitCon

28.    During the course of the Chapter 11 Cases, the Debtors, with Court authorization, retained Quinlan Partners LLC ("Quinlan") and LitCon Group, LLC ("LitCon") to provide services for the Debtors and assist Paul Hastings in its services for the Debtors.  Quinlan provided services valued at $47,610.00, for which it invoiced the Debtors in accordance with approved procedures.  Quinlan was paid in full.  LitCon provided services valued at $63,023.00, for which it invoiced the Debtors in accordance with approved procedures.  LitCon was paid in full.  In an abundance of caution, Paul Hastings, on behalf of Quinlan and LitCon, requests final allowance of such fees and expenses.

## Reservation

29.    To the extent that time or disbursements for services rendered relate to the Fee Period but were not processed before the preparation of, or included in, this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Paul Hastings reserves the right to request compensation for such services and reimbursement of such expenses in a supplemental or future application.  Also, Paul Hastings does not waive, and expressly reserves, its right to respond to any objections regarding the Application and the amounts sought for Paul Hastings' services in the Chapter 11 Cases.

### Notice

30.    In accordance with the Interim Compensation Order and the Plan, Paul Hastings has provided notice of this Application to (a) the U.S. Trustee and (b) counsel to the Liquidation Trustee.  Paul Hastings submits that no other or further notice need be given.

### No Prior Request

31.    No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Paul Hastings respectfully requests entry of an order (i) granting final allowance and a final administrative claim for compensation for professional services rendered to the Debtors during the Fee Period and reimbursement of expenses incurred in connection therewith in the amount of $5,380,217.00 and $42,752.70, respectively, (ii) authorizing Paul Hastings to apply the retainer to the allowed fees and expenses, (iii) authorizing and directing the Debtors' payment of the difference between the allowed fees and expenses and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order or by virtue of the retainer, (iv) allowing that such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek further compensation for the full value of services performed and expenses incurred, (v) granting final allowance for compensation for professional services rendered to the Debtors during the Fee Period and reimbursement of expenses incurred in connection therewith in the amount of $47,610.00 and $63,023.00 for Quinlan and LitCon, respectively, and (vi) providing such other and further relief as is just and proper.

Dated:  May 14, 2021
       Wilmington, Delaware

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:     (302) 824-7081
Facsimile: :   (302) 295-0331
Email:         scott.cousins@cousins-law.com

- and -

James T. Grogan (*pro hac vice*)
Mack Wilson (*pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:        jamesgrogan@paulhastings.com
              mackwilson@paulhastings.com

*Co-Counsel to the Debtors*

# CERTIFICATION OF JAMES T. GROGAN

I, James T. Grogan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am an attorney admitted and in good standing to practice in the states of Texas and New York.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 600 Travis Street, Fifty-Eighth Floor, Houston, Texas 77002, and am duly authorized to make this Certification on behalf of Paul Hastings.

2.      I make this Certification regarding the *First Interim and Final Application of Paul Hastings LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period from November 7, 2020 through Final Fee Hearing* (the "Application") for services provided by Paul Hastings during the Fee Period.[1]

3.      I have personally performed many of the legal services rendered by Paul Hastings as counsel to the Debtors and am familiar with the other work performed on behalf of the Debtors in the Chapter 11 Cases by the lawyers and paraprofessionals in the firm.

4.      I have reviewed the Application, including each monthly application relating to the Fee Period covered by the Application, and I hereby certify that such applications substantially comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.[2]  In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Application, Paul Hastings has made a reasonable effort to comply with the U.S. Trustee Guidelines.

---

[1]     Capitalized terms used but not defined herein have the meaning given in the Application.

[2]     To the extent necessary, Paul Hastings requests a waiver for cause shown of any requirement not met by the Application.

5.      Paul Hastings responds to the questions set forth in Paragraph C.5. of the U.S.

Trustee Guidelines as follows:

**Question:**      Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period?
**Response:**      Yes.  Consistent with customary practice, Paul Hastings adjusted its hourly rates firm-wide on January 1, 2021.  As a courtesy to the Debtors, Paul Hastings did not implement this rate adjustment in the Chapter 11 Cases until February 1, 2021, as provided in the firm's *Notice of Change in Hourly Rates* [Docket No. 341].

**Question:**      If the fees sought in this Application as compared to the fees budgeted for the Fee Period are higher by 10% or more, did you discuss the reasons for the variation with the client.
**Response:**      Not applicable.

**Question:**      Have any of the professionals included in this Application varied their hourly rate based on the geographic location of the bankruptcy case?
**Response:**      No.

**Question:**      Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.
**Response:**      The Application includes approximately 6.1 hours and associated fees of approximately $6,155.00 related to reviewing or revising time records or preparing, reviewing, or revising invoices for, among other things, privileged or confidential information.  These tasks are performed concurrently by the same individuals and, thus, such time is not divisible on a task-by-task basis.

**Question:**      Does this Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.
**Response:**      Yes, as set forth above.

**Question:**      If the Application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance?  (ii) Did your client agree when retaining the law firm to accept all future rates increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?
**Response:**      As noted in the *Notice of Change in Hourly Rates* [Docket No. 341], Paul Hastings adjusted its hourly rates effective February 1, 2021.  In the

Retention Application, the Debtors acknowledged that Paul Hastings periodically adjusts its rates to reflect economic and other conditions and consented to such adjustments so long as Paul Hastings charges its regular hourly rates in effect at the time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 14, 2021
       Houston, Texas

*/s/ James T. Grogan*

James T. Grogan (TX 24027354)

3