**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 20-12836 (JTD)<br>)<br>)<br>) (Jointly Administered)<br>)<br>) |

**SUMMARY OF SIXTH MONTHLY APPLICATION OF PAUL HASTINGS LLP FOR**
**PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021**

| | |
|---|---|
| Name of Applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors in possession (collectively, the "Debtors") |
| Date of Retention: | January 7, 2021 effective as of  November 7, 2020 [Docket No. 327] |
| Period for which compensation and reimbursement are sought: | April 1, 2021 through April 30, 2021 (the "Fee Period") |
| Amount of Compensation sought as actual, reasonable, and necessary: | $182,582.00 |
| Amount of Compensation sought to be paid: | $146,065.60   (80% of $182,582.00) |
| Amount of Fees Voluntarily Waived: | $0.00 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $4,422.42 |

This is a(n):  _X_  monthly      ___ interim      ___ final application

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

This application includes approximately 12.2 hours and associated fees of approximately $13,338.50 in connection with the preparation of fee applications.

## MONTHLY APPLICATION HISTORY

| Application | Date Filed / Docket No. | Period Covered | Requested Amounts | | | Certificate of No Objection |
|---|---|---|---|---|---|---|
| | | | **Fees 100%** | **Fees 80%** | **Expenses 100%** | |
| First Monthly | 1/8/21 Docket No. 340 | 11/7/20 – 11/30/20 | $783,393.00 | $626,714.40 | $1,231.33 | Docket No. 439 |
| Second Monthly | 2/2/21 Docket No. 461 | 12/1/20 – 12/31/20 | $1,476,836.50 | $1,181,469.20 | $7,540.57 | Docket No. 564 |
| Third Monthly | 3/3/21 Docket No. 581 | 1/1/21- 1/31/21 | $1,118,345.00 | $894,767.00 | $17,168.75 | Docket No. 682 |
| Fourth Monthly | 3/31/21 Docket No. 696 | 2/1/21- 2/28/21 | $1,136,960.50 | $909,568.40 | $7,909.80 | Docket No. 736 |
| Fifth Monthly | 4/16/21 Docket No. 710 | 3/1/21- 3/31/21 | $632,100.00 | $505,680.00 | $4,479.83 | Docket No. 762 |

## COMPENSATION BY INDIVIDUAL DURING FEE PERIOD

| Name of Individual | Position, Year of Obtaining License to Practice Law, Department | Hourly Billing Rate (including changes)[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| D. Scott Carlton | Partner, 2005, Litigation | $1,400.00 | 2.20 | $3,080.00 |
| James T. Grogan | Partner, 2000, Corporate | $1,425.00 | 55.40 | $78,945.00 |
| Michael L. Zuppone | Partner, 1989, Corporate | $1,600.00 | 9.70 | $15,520.00 |
| Peter M. Stone | Partner, 1992, Litigation | $1,450.00 | 0.30 | $435.00 |
| | **Partners** | | **67.60** | **$97,980.00** |
| Avi E. Luft | Of Counsel, 2000, Corporate | $1,350.00 | 13.30 | $17,955.00 |
| Katherine A. Traxler | Of Counsel, 1990, Corporate | $920.00 | 5.00 | $4,600.00 |
| Scott C. Shelly | Of Counsel, 1994, Corporate | $1,250.00 | 0.30 | $375.00 |

---

[2]   As noted in the *Notice of Change in Hourly Rates* [Docket No. 341], Paul Hastings adjusted its hourly rates effective February 1, 2021.  In the *Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors, Effective as of the Petition* Date [Docket No. 64], the Debtors acknowledged that Paul Hastings periodically adjusts its rates to reflect economic and other conditions and consented to such adjustments so long as Paul Hastings charges its regular hourly rates in effect at the time.

| Name of Individual | Position, Year of Obtaining License to Practice Law, Department | Hourly Billing Rate (including changes)[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | | **Of Counsel** | **18.60** | **$22,930.00** |
| Austin M. Prouty | Associate, 2019, Litigation | $765.00 | 3.30 | $2,524.50 |
| Bryant P. Lin | Associate, 2016, Litigation | $1,035.00 | 0.60 | $621.00 |
| Mack Wilson | Associate, 2016, Corporate | $955.00 | 53.60 | $51,188.00 |
| Will Clark Farmer | Associate, 2017, Corporate | $955.00 | 0.50 | $477.50 |
| | | **Associates** | **58.00** | **$54,811.00** |
| Irena M. Goldstein | Attorney, 1988, Corporate | $905.00 | 4.10 | $3,710.50 |
| | | **Attorney** | **4.10** | **$3,710.50** |
| Jocelyn Kuo | Paralegal | $495.00 | 2.60 | $1,287.00 |
| Terrence G. Boyle | Paralegal | $495.00 | 3.10 | $1,534.50 |
| Winnie Wu | Case Assistant | $235.00 | 1.40 | $329.00 |
| | | **Paraprofessionals** | **7.10** | **$3,150.50** |
| **Grand Total** | | | **155.40** | **$182,582.00** |
| **Blended Hourly Rate**[3] | | | **$1,175** | |

---

[3]    The blended rate reflects the total fees billed divided by the total hours incurred.

**COMPENSATION BY PROJECT CATEGORY DURING FEE PERIOD**

| | Total for Fee Period | |
|---|---|---|
| **U.S. Trustee Task Code and Project Category** | **Total Hours** | **Total Fees** |
| B110  Case Administration | 3.20 | $1,716.00 |
| B155  Court Hearings | 11.70 | $14,910.50 |
| B160  Employment / Fee Applications (Paul Hastings) | 12.90 | $14,007.00 |
| B165  Employment / Fee Applications (Other Professionals) | 1.80 | $1,907.00 |
| B190  Other Contested Matters (excl. assumption/rejections motions) | 15.10 | $13,700.50 |
| B191  General Litigation | 21.40 | $26,409.00 |
| B210  Business Operations | 17.30 | $21,352.00 |
| B211  Financial Reports (Monthly Operating Reports) | 1.40 | $1,995.00 |
| B310  Claims Administration and Objections | 2.70 | $3,612.50 |
| B320  Plan and Disclosure Statement | 67.90 | $82,972.50 |
| **Total** | **155.40** | **$182,582.00** |

**EXPENSE SUMMARY FOR FEE PERIOD**

| Expense Category | Amount |
|---|---|
| Computer Search | $1,196.76 |
| Outside Professional Services | $2,345.25 |
| Attorney Service | $172.30 |
| Court Reporting Services | $648.00 |
| Reproduction Charges | $0.88 |
| Courier Service | $59.23 |
| **Total** | **$4,422.42** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al*., | ) Case No. 20-12836 (JTD) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[4] | ) |
| | ) |

**SIXTH MONTHLY APPLICATION OF PAUL HASTINGS LLP**
**FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the

Court's *Revised Order Establishing Procedures for Interim Compensation and Reimbursement*

*of Expenses for Retained Professionals* [Docket No. 269] (the "Interim Compensation Order"),

Paul Hastings LLP ("Paul Hastings"), attorneys for the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), hereby files this *Sixth Monthly Application of Paul*

*Hastings LLP for Payment of Compensation and Reimbursement of Expenses for the Period from*

*April 1, 2021 through April 30, 2021* (the "Application").  By this Application, Paul Hastings

seeks allowance of $182,582.00 (and payment of 80 percent in the amount of $146,065.60) as

compensation and $4,422.42 for reimbursement of actual and necessary expenses for services

---

[4]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number,
as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred
Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East
Third Avenue, Suite 200, San Mateo, California 94401.

provided during the period from April 1, 2021 through and including April 30, 2021 (the "Fee Period"). In support of this Application, Paul Hastings respectfully represents as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## Background

4.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and the *Order Granting Motion of Debtors and Debtors in Possession for Order Directing Joint Administration of Their Chapter 11 Cases* [Docket No. 27]. On December 3, 2020, the Office of the United States

Trustee for Region 3 (the "U.S. Trustee") appointed an Official Committee of Unsecured

Creditors [Docket No. 120] (the "Committee").

6.      On November 18, 2020, the Debtors filed an application to retain and employ

Paul Hastings as counsel, effective as of the Petition Date [Docket No. 64] (the "Retention

Application").  On January 7, 2021, the Court entered the *Order Authorizing and Approving the*

*Retention and Employment of Paul Hastings LLP as Counsel to the Debtors, Effective as of the*

*Petition Date* [Docket No. 327] (the "Retention Order").  The Retention Order authorizes Paul

Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-

pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and such orders as the Court may direct.

7.      On March 11, 2021, the Court entered an order confirming the *First Amended*

*Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries*

*under Chapter 11 of the Bankruptcy Code* [Docket No. 629].  On April 16, 2021, the Debtors

submitted the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure*

*Statement of Cred Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code* [Docket

No. 722] (the "Plan").  The Effective Date of the Plan occurred on April 19, 2021.

**Summary of Professional Compensation**
**and Reimbursement of Expenses Requested**

8.      By this Application, in accordance with the Interim Compensation Order, Paul

Hastings requests (i) interim allowance of compensation for professional services rendered to the

Debtors during the Fee Period and expenses incurred in connection therewith in the amount of

$182,582.00 and $4,422.42, respectively, and (ii) payment of $146,065.60 (representing

80 percent of the allowed fees) and $4,422.42 (representing 100 percent of the allowed

expenses).  All services for which compensation is requested were performed for or on behalf of

the Debtors.

9.      During the Fee Period, Paul Hastings received no payment or any promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.[5]  There is no agreement or understanding between Paul Hastings and any other person, other than the attorneys and employees of Paul Hastings, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

10.     The fees charged by Paul Hastings in these chapter 11 cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period and in accordance with the Retention Order. The rates Paul Hastings charged for the services rendered by its professionals and paraprofessionals during the Fee Period are no greater than the rates Paul Hastings charged for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Paul Hastings' fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

11.     To the best of Paul Hastings' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee including the *Department of Justice Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee

---

[5]      As disclosed in the Retention Application, Paul Hastings received $36,146.86 from the Debtors before the Petition Date as an advance for Paul Hastings' fees and expenses. Subsequently, Paul Hastings agreed to return $313,330.40 to its retainer and, thus, it currently holds a retainer of $349,477.26.  Paul Hastings will seek to apply this retainer to allowed fees and expenses in connection with its final fee application.

Guidelines"), Local Rule 2016-2, and the Interim Compensation Order.[6] To the extent necessary, Paul Hastings requests a waiver for cause shown of any such requirement not met by this Application.

12.    Paul Hastings maintains computerized records of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Debtors. Attached hereto as **Exhibit A** is a true and correct copy of Paul Hastings' fee statements for services performed for the Debtors during the Fee Period (the "Fee Statements"). Paul Hastings' time records comply with the requirements set forth in Local Rule 2016-2 and the U.S. Trustee Guidelines, as set forth below.

### Summary of Services Rendered

13.    Paul Hastings' primary focus has been to move the Debtors through the bankruptcy process in an efficient, timely, and value-maximizing manner. The services rendered by Paul Hastings during the Fee Period are grouped into the project categories set forth in the Fee Statements. The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the Fee Statements.

14.    The professional services set forth in the Fee Statements (a) were necessary and appropriate to the administration of these chapter 11 cases, (b) were in the best interests of the Debtors, the estates, and their stakeholders, and (c) were provided without unnecessary duplication of effort or expense. Compensation for the services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed skillfully and efficiently.

---

[6]    The Debtors and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

**Valuation of Services**

15.    Nearly all of the services during the Fee Period were rendered by Paul Hastings'

restructuring and corporate attorneys.  With dozens of attorneys specializing in this area of law,

Paul Hastings has a preeminent practice and enjoys a national reputation for its expertise in

financial reorganization and restructuring of troubled entities.  Paul Hastings brings to these

chapter 11 cases a high level of expertise and experience that inures to the benefit of the Debtors

and all parties in interest.

16.    Paul Hastings has been involved in a meaningful way in all facets of the Debtors'

chapter 11 cases and continues to fulfill its duties in representing the Debtors.  Paul Hastings

submits that in view of its integral role in every aspect of these chapter 11 cases, its request for

compensation and reimbursement of expenses is reasonable and warranted.

17.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

Paul Hastings respectfully submits that the amount requested here is fair and reasonable given

(a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of

the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under this title.

**Actual and Necessary Disbursements**

18.    Paul Hastings requests allowance and payment of actual and necessary expenses

incurred during the Fee Period in the aggregate amount of $4,422.42.  Attached hereto as

**Exhibit B** is a summary of such expenses.  It is Paul Hastings' policy to charge its clients in all

areas of practice for all expenses incurred in connection with a client's matter.  Paul Hastings

charged at actual cost for all ancillary services and expenses such as photocopying, scanning,

messenger and courier services, court reporter services, filing fees, online or computerized

research, litigation support service, document processing, facsimile, postage, printing, travel

related expenses, parking and similar expenses, whether internal or paid to third parties.

19.     Paul Hastings charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies.  Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.  Paul Hastings does not charge its clients for incoming facsimile transmissions, and all travel expenses are billed at coach fare rates.[7]

20.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Debtors.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from parties involved in the matter, and satisfy the Debtors' needs and demands. Consistent with firm policy, attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

21.     Paul Hastings believes its billing arrangements for expenses incurred are customary and market among large law firms.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for

---

[7]     Paul Hastings' computerized billing system records certain expenses, such as telephone, courier, and online research charges, without identifying the individual incurring the expense, and Paul Hastings respectfully requests that the Court waive Paul Hastings' compliance with Local Rule 2016-2(e)(ii).

disbursements and other charges.

## Reservation

22.     To the extent that time or disbursements for services rendered relate to the Fee

Period but were not processed before the preparation of, or included in, this Application, or Paul

Hastings has for any other reason not sought compensation or reimbursement of expenses herein

with respect to any services rendered or expenses incurred during the Fee Period, Paul Hastings

reserves the right to request compensation for such services and reimbursement of such expenses

in a supplemental or future application.

## Notice

23.     In accordance with the Interim Compensation Order, Paul Hastings has provided

notice of this Application to (a) the U.S. Trustee and (b) counsel to the Committee.  Paul

Hastings submits that no other or further notice need be given.

## No Prior Request

24.     No prior request for the relief sought in this Application has been made to this or

any other court.

**WHEREFORE**, Paul Hastings respectfully requests (i) interim allowance of

compensation for professional services rendered to the Debtors during the Fee Period and

reimbursement of expenses incurred in connection therewith in the amount of $182,582.00 and

$4,422.42, respectively, (ii) payment of $146,065.60 (representing 80 percent of the allowed

fees) and $4,422.42 (representing 100 percent of the allowed expenses) for a total payment of

$150,488.02 in accordance with the Interim Compensation Order, (iii) that allowing such

*[Remainder of page intentionally left blank.]*

compensation for professional services rendered and reimbursement of actual and necessary

expenses incurred be without prejudice to Paul Hastings' right to seek further compensation for

the full value of services performed and expenses incurred, and (iv) such other and further relief

as is just and proper.

Dated:  May 14, 2021
        Wilmington, Delaware

*/s/ Scott D. Cousins*

Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:     (302) 824-7081
Facsimile: :    (302) 295-0331
Email:           scott.cousins@cousins-law.com

- and -

James T. Grogan (*pro hac vice*)
Mack Wilson (*pro hac vice*)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:     (713) 860-7300
Facsimile:     (713) 353-3100
Email:           jamesgrogan@paulhastings.com
                 mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (*pro hac vice*)
Derek Cash (*pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6000
Facsimile:     (212) 319-4090
Email:           alexbongartz@paulhastings.com
                 derekcash@paulhastings.com

*Co-Counsel to the Debtors*

## <u>CERTIFICATION</u>

I, James T. Grogan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      a.      I am an attorney with the applicant firm, Paul Hastings LLP, and have been admitted to the bar of the State of Texas since 2000 and am a member of the bar of the State of New York.

      b.      I have personally performed many of the legal services rendered by Paul Hastings as counsel to the Debtors and am familiar with the other work performed on behalf of the Debtors in their chapter 11 cases by the lawyers and paraprofessionals in the firm.

      c.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such rule.

I, James T. Grogan, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 14, 2021
       Houston, Texas

                                  */s/ James T. Grogan*
                                  James T. Grogan (TX 24027354)