**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Obj. Deadline: 6/8/21 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: 6/17/21 at 2:00 p.m. (ET)** |
| | ) | **Related to Docket Nos. 371, 611, 664, 721** |

**FIFTH MONTHLY AND FINAL FEE APPLICATION OF
MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR (I) THE MONTHLY PERIOD FROM
APRIL 1, 2021 THROUGH APRIL 19, 2021 AND (II) THE CASE
PERIOD FROM DECEMBER 5, 2020 THROUGH APRIL 19, 2021**

| | |
|---|---|
| Name of Applicant: | **McDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Official Committee of Unsecured Creditors** |
| Date of retention: | **January 19, 2021 *nunc pro tunc* to December 5, 2020** |
| Monthly period for which compensation and reimbursement is sought: | **April 1, 2021 through April 19, 2021** |
| Amount of monthly compensation sought as actual, reasonable and necessary: | **$182,557.50** |
| Amount of monthly expense reimbursement sought as actual, reasonable and necessary: | **$20,591.50** |
| Case period for which final compensation and reimbursement is sought: | **December 5, 2020 through April 19, 2021** |

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

Amount of final compensation sought as
actual, reasonable and necessary:                    **$2,945,180.00**[2]

Amount of final expense reimbursement
sought as actual, reasonable and necessary:          **$117,144.98**

Amount of compensation paid to date
as actual, reasonable and necessary:                 $**1,810,865.20**

Amount of expense reimbursement paid to
date as actual, reasonable and necessary:            $**96,553.48**

This is a:                                           **Monthly and Final Fee Application**

---

[2]    This amount includes $25,882.00 in fees incurred after April 19, 2021 (the "Effective Date") through May 14, 2021 plus a $10,000.00 reserve for fees incurred after May 14, 2021 in connection with the preparation and filing of this final fee application and the final fee applications of the Committee's other chapter 11 professionals and attendance at and other work related to the hearing on such fee applications.  The time detail for the fees incurred from the Effective Date through May 14, 2021 is attached hereto as **Exhibit D**.

**CRED, INC., *ET AL*.**

**SUMMARY OF BILLING BY PROFESSIONAL FOR
MONTHLY PERIOD FROM APRIL 1, 2021 THROUGH APRIL 19, 2021**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Timothy W. Walsh | 1989 | Partner; Corporate Advisory | $1,375 | 35.6 | $48,950.00 |
| Mark T. Mihanovic | 1986 | Partner; Corporate Advisory | $1,205 | 1.1 | $1,325.50 |
| Andrew B. Kratenstein | 2000 | Partner; Trial | $1,185 | 0.6 | $711.00 |
| Evan Belosa | 2003 | Partner; Employee Benefits and Executive Compensation | $1,100 | 1.3 | $1,430.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,050 | 11.3 | $11,865.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $985 | 9.7 | $9,554.50 |
| Ethan H. Townsend | 2012 | Partner; Trial | $895 | 0.8 | $716.00 |
| Joseph B. Evans | 2014 | Partner, Trial | $850 | 20.9 | $17,765.00 |
| Aroma Sharma | 2011 | Partner; Corporate Advisory | $830 | 1.4 | $1,162.00 |
| Gregg Steinman | 2016 | Associate; Corporate Advisory | $745 | 40.2 | $29,949.00 |
| Samuel Ashworth | 2018 | Associate; Trial | $745 | 45.3 | $33,748.50 |
| Darren Yang | 2020 | Associate; Corporate Advisory | $545 | 21.0 | $11,445.00 |
| Mike D. Ferrara | N/A | Law Clerk, Trial | $545 | 5.0 | $2,725.00 |
| Benjamin P. Casten | N/A | Discovery Consultant; McDermott Discovery | $490 | 0.7 | $343.00 |
| Cathy Greer | N/A | Paralegal; Corporate Advisory | $385 | 27.8 | $10,703.00 |

| | | | | | |
|---|---|---|---|---|---|
| Allison Hart | N/A | Paralegal; Trial | $165 | 1.0 | $165.00 |
| **TOTALS** | | | | **223.7** | **$182,557.50** |

**All Timekeepers Blended Hourly Rate: $816.08**
**Attorney Blended Hourly Rate: $880.91**

**CRED, INC.,** *ET AL.*

**SUMMARY OF BILLING BY PROFESSIONAL FOR**
**CASE PERIOD FROM DECEMBER 5, 2020 THROUGH APRIL 19, 2021**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| John T. Lutz | 1991 | Partner, U.S. & International Tax | $1,440 | 0.8 | $1,152.00 |
| Gary C. Karch | 1980 | Partner; Tax | $1,395 | 0.3 | $418.50 |
| William R. Pomierski | 1983 | Partner; Tax | $1,380 | 5.3 | $7,314.00 |
| Timothy W. Walsh | 1989 | Partner; Corporate Advisory | $1,375 | 376.8 | $518,100.00 |
| Jane M. Byrne | 1989 | Partner, Trial | $1,260 | 51.2 | $64,512.00 |
| Michael J. Wilder | 1995 | Partner, U.S. & International Tax | $1,240 | 32.7 | $40,548.00 |
| Mark T. Mihanovic | 1986 | Partner; Corporate Advisory | $1,205 | 1.1 | $1,325.50 |
| Andrew B. Kratenstein | 2000 | Partner; Trial | $1,185 | 2.2 | $2,607.00 |
| Evan Belosa | 2003 | Partner; Employee Benefits and Executive Compensation | $1,100 | 1.3 | $1,430.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,050 | 162.7 | $170,835.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $985 | 463.4 | $456,449.00 |
| Gregory R. Jones | 2003 | Partner; Trial | $975 | 4.2 | $4,095.00 |
| John M. Robert | 2012 | Partner; Tax | $915 | 5.3 | $4,849.50 |
| Ethan H. Townsend | 2012 | Partner; Trial | $895 | 2.7 | $2,416.50 |
| Joseph B. Evans | 2014 | Formerly Associate, now Partner, Trial | $850 | 439.1 | $373,235.00 |
| Blaine Adams | 2016 | Associate; Corporate Advisory | $850 | 14.0 | $11,900.00 |
| Aroma Sharma | 2011 | Partner; Corporate Advisory | $830 | 1.4 | $1,162.00 |
| Gregg Steinman | 2016 | Associate; | $745 | 516.3 | $384,643.50 |

| | | Corporate Advisory | | | |
|---|---|---|---|---|---|
| Samuel Ashworth | 2018 | Associate; Trial | $745 | 498.4 | $371,308.00 |
| Anh B. Lee | 2004 | Partner; Corporate Advisory | $675 | 3.4 | $2,295.00 |
| Zachary Esposito | 2017 | Associate; Corporate Advisory | $675 | 22.2 | $14,985.00 |
| Daniel Kim | 2017 | Associate; Corporate Advisory | $675 | 5.9 | $3,982.50 |
| Daniel Thomson | 2018 | Associate; Corporate Advisory | $675 | 80.3 | $54,202.50 |
| Natalie A. Rowles | 2018 | Associate; Corporate Advisory | $610 | 13.9 | $8,479.00 |
| Darren Yang | 2020 | Formerly Law Clerk, now Associate; Corporate Advisory | $545 | 456.3 | $248,683.50 |
| Mike D. Ferrara | N/A | Law Clerk, Trial | $545 | 105.3 | $57,388.50 |
| Daniel Northrop | N/A | Paralegal; Corporate Advisory | $510 | 2.9 | $1,479.00 |
| Benjamin P. Casten | N/A | Discovery Consultant; McDermott Discovery | $490 | 22.6 | $11,074.00 |
| Cathy Greer | N/A | Paralegal; Corporate Advisory | $385 | 224.0 | $86,240.00 |
| Fitalesh G. Belayneh | N/A | Litigation Technology, Data Analyst | $195 | 3.5 | $682.50 |
| D. Valentino | N/A | Litigation Technology, Data Analyst | $195 | 1.8 | $351.00 |
| Allison Hart | N/A | Paralegal; Trial | $165 | 7.0 | $1,155.00 |
| **TOTALS** | | | | **3,528.3** | **$2,909,298.00** |

**All Timekeepers Blended Hourly Rate: $824.56**
**Attorney Blended Hourly Rate: $859.73**

**CRED, INC., *ET AL*.**

**COMPENSATION BY PROJECT CATEGORY FOR
MONTHLY PERIOD FROM APRIL 1, 2021 THROUGH APRIL 19, 2021**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 0.4 | $154.00 |
| Asset Analysis and Recovery | 64.9 | $51,075.5 |
| Meetings/Communications with Creditors | 19.8 | $17,549.00 |
| Court Hearings | 17.6 | $15,271.00 |
| Fee/Employment Applications | 41.7 | $27,054.50 |
| Other Contested Matters | 11.7 | $10,597.50 |
| Financing/Cash Collections | 9.7 | $7,814.50 |
| Claims Administration & Objections | 29.9 | $24,876.00 |
| Plan and Disclosure Statement | 13.0 | $14,435.50 |
| Examiner Matters and Data Collection | 1.8 | $1,162.50 |
| General Corporate | 13.2 | $12,567.50 |
| **TOTALS** | **223.7** | **$182,557.50** |

**CRED, INC.,** *ET AL.*

**COMPENSATION BY PROJECT CATEGORY FOR
CASE PERIOD FROM DECEMBER 5, 2020 THROUGH APRIL 19, 2021**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 73.0 | $40,748.50 |
| Asset Analysis and Recovery | 453.4 | $357,447.00 |
| Asset Disposition | 21.4 | $23,599.50 |
| Relief from Stay/Adequate Protection Proceedings | 377.0 | $315,359.00 |
| Meetings/Communications with Creditors | 290.4 | $259,203.50 |
| Court Hearings | 352.7 | $323,180.00 |
| Fee/Employment Applications | 229.8 | $146,532.00 |
| Assumption/Rejection of Leases | 3.0 | $2,643.00 |
| Avoidance Action Analysis | 2.5 | $1,982.50 |
| Other Contested Matters | 938.1 | $719,034.00 |
| Business Operations | 0.5 | $492.50 |
| Employee Benefits/Pensions | 1.6 | $1,610.00 |
| Financing/Cash Collections | 31.0 | $32,198.50 |
| Board of Directors Matters | 0.7 | $962.50 |
| Insurance | 173.4 | $159,704.50 |
| Tax Matters | 53.2 | $62,033.00 |
| Claims Administration & Objections | 93.5 | $76,392.50 |
| Plan and Disclosure Statement | 280.5 | $268,175.00 |
| Examiner Matters and Data Collection | 139.4 | $105,433.00 |
| General Corporate | 13.2 | $12,567.50 |
| **TOTALS** | **3,528.3** | **$2,909,298.00** |

**CRED, INC.,** *ET AL.*

**EXPENSE SUMMARY FOR MONTHLY**
**PERIOD FROM APRIL 1, 2021 THROUGH APRIL 19, 2021**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Case Website Hosting & Maintenance | Stretto | $8,453.10 |
| Computer Research | Westlaw/Lexis | $2,494.51 |
| Deposition Transcript Fees | Veritext | $3,936.00 |
| Deposition Cancellation Fees | Veritext | $1,140.00 |
| Express Mail | FedEx | $188.80 |
| Filing/Registration Fee | Executive Attorney Service, Inc. | $200.00 |
| Filing/Registration Fee | BMO Harris Bank | $505.00 |
| Hearing Transcript Fees | Briggs Reporting Company Inc. | $82.00 |
| Hearing Transcript Fees | Reliable | $1,209.80 |
| Outside Copying/Mail out Services | Reliable | $2,382.29 |
| **TOTALS** | | **$20,591.50** |

**CRED, INC., *ET AL*.**

**EXPENSE SUMMARY FOR CASE PERIOD**
**FROM DECEMBER 5, 2020 THROUGH APRIL 19, 2021**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Case Website Hosting & Maintenance | Stretto | $10,122.52 |
| Computer Hosting Fees | Relativity | $568.56 |
| Computer Research | Westlaw/Lexis | $45,785.73 |
| Computer Usage Charge – Data Review & Production Software | Relativity | $259.78 |
| Court Fees | CourtCall | $2,358.00 |
| Court Filing Fees | | $50.00 |
| Deposition Transcript Fees | Veritext | $13,602.65 |
| Deposition Cancellation Fees | Veritext | $1,140.00 |
| Express Mail | FedEx | $509.54 |
| Filing/Registration Fee | Executive Attorney Service, Inc. | $200.00 |
| Filing/Registration Fee | BMO Harris Bank | $505.00 |
| Hearing Transcript Fees | Briggs Reporting Company Inc. | $82.00 |
| Hearing Transcript Fees | Reliable | $4,756.40 |
| Outside Copying/Mail out Services | Reliable | $8,329.80 |
| Professional Services/Consultants | Ciphertrace | $28,875.00 |
| **TOTALS** | | **$117,144.98** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Obj. Deadline: 6/8/21 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: 6/17/21 at 2:00 p.m. (ET)** |
| | ) | **Related to Docket Nos. 371, 611, 664, 721** |
| | ) | |

### FIFTH MONTHLY AND FINAL FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE MONTHLY PERIOD FROM APRIL 1, 2021 THROUGH APRIL 19, 2021 AND (II) THE CASE PERIOD FROM DECEMBER 5, 2020 THROUGH APRIL 19, 2021

McDermott Will & Emery LLP (the "Applicant" or "McDermott"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11

Cases") of the above-captioned debtors (collectively, the "Debtors"), respectfully submits this fifth

monthly and final fee application (the "Application") pursuant to (i) sections 330 and 331 of title 11

of the United States Code, 11 U.S.C.§ 101-1532, et seq. (the "Bankruptcy Code"), (ii) Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

of Delaware (the "Local Bankruptcy Rules"), (iv) the *Revised Order Establishing Procedures for*

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax
identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred
Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East
Third Avenue, San Mateo, California 94401.

*Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 269] (the "Interim Compensation Order"),[2] and (v) the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan"), for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period from December 5, 2020 through April 19, 2021 (the "Case Period").[3]  In support of the Application, McDermott submits the Certification of Timothy W. Walsh, attached hereto as **Exhibit A**.  In further support of the Application, McDermott respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2.

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), McDermott consents to the entry of a final judgment or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgment or order absent the consent of the parties.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Interim Compensation Order.

[3]     McDermott also requests allowance of compensation for fees incurred after the Effective Date in connection with the preparation and filing of the Application and the final fee applications of the Committee's other chapter 11 professionals and attendance at and other work related to the hearing on such fee applications.

## BACKGROUND

### A.    The Chapter 11 Cases

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' business

operations, corporate and capital structures, and the circumstances leading to the Chapter 11

Cases are described in greater detail in the *Declaration of Daniel Schatt in Support of Debtors'*

*Chapter 11 Petitions and First Day Motions* [Docket No. 12].

5.      On December 3, 2020, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed the Committee in the Chapter 11 Cases.  *See* Docket

No. 120.

6.      On March 11, 2021, the Court entered the *Order Confirming and Approving on a*

*Final Basis Modified First Amended Combined Plan of Liquidation and Disclosure Statement of*

*Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629] (the

"Confirmation Order"), thereby confirming the Plan.  On April 19, 2021, the Plan became

effective (the "Effective Date").  *See* Docket No. 730.

7.      Section 9.2 of the Plan provides that all chapter 11 case professionals must file

final requests for payment of compensation and reimbursement of expenses not later than sixty

(60) days after the Effective Date (*i.e.*, June 18, 2021).  This Application represents

McDermott's fifth monthly and final request for payment of compensation and reimbursement of

expenses in the Chapter 11 Cases.

### B.    The Retention of McDermott

8.      On December 5, 2020, the Committee selected McDermott as its bankruptcy

counsel.  On December 23, 2020, the Committee applied [Docket No. 282] (the "McDermott

Retention Application") to the Court for an order authorizing it to retain and employ McDermott

3

as its counsel, *nunc pro tunc* to December 5, 2020.  On January 19, 2021, the Court entered an

order [Docket No. 368] approving the McDermott Retention Application.

**C.      The Interim Compensation Order**

9.      On December 21, 2020, the Court entered the Interim Compensation Order, which

sets forth the procedures for interim compensation and reimbursement of expenses in these

Chapter 11 Cases.

**RELIEF REQUESTED**

10.      By this Application, Applicant seeks approval and allowance of compensation in

the amount of $182,557.50 for professional services rendered, and reimbursement of actual and

necessary expenses in the amount of $20,591.50 incurred, during the period from April 1, 2021

through April 19, 2021 (the "Monthly Period").  Applicant also seeks final approval and

allowance of compensation in the amount of $2,945,180.00 for professional services rendered,

and reimbursement of actual and necessary expenses in the amount of $117,144.98 incurred,

during the Case Period, including any and all holdbacks.  Pursuant to the Interim Compensation

Order, and as detailed in the chart below, McDermott filed four monthly applications that have

not been heard by the Court for final approval.  *See* Docket Nos. 371, 611, 664, and 721

(collectively, the "Monthly Applications"):

| MONTHLY FEE APPLICATION | | | REQUESTED FEES AND EXPENSES | | APPROVED FEES AND EXPENSES[1] | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| Application Docket No. Date Filed | CNO Date Filed Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Fee Holdback (20% or 40%) |
| First Monthly D.I. 371 Filed: 1/20/21 | 2/11/21 D.I. 506 | 12/5/20 – 12/31/20 | $874,104.50 | $18,869.85 | $699,283.60 (80%) | $18,869.85 | $174,820.90 (20%) |
| Second Monthly D.I. 611 Filed: 3/8/21 | 3/30/21 D.I. 693 | 1/1/21 – 1/31/21 | $642,858.00 | $37,908.24 | $385,714.80 (60%) | $37,908.24 | $257,143.20 (40%) |
| Third Monthly D.I. 664 Filed: 3/19/21 | 4/12/21 D.I. 703 | 2/1/21 – 2/28/21 | $683,338.50 | $12,113.66 | $410,003.10 (60%) | $12,113.66 | $273,335.40 (40%) |
| Fourth Monthly D.I. 721 Filed: 4/16/21 | 5/7/21 D.I. 759 | 3/1/21 – 3/31/21 | $526,439.50 | $27,661.73 | $315,863.70 (60%) | $27,661.73 | $210,575.80 (40%) |
| **Total** | | | **$2,726,740.50** | **$96,553.48** | **$1,810,865.20** | **$96,553.48** | **$915,875.30** |

11.     In support of this request for the final allowance of all fees and expenses incurred by Applicant during the Case Period, McDermott incorporates herein by reference each of its Monthly Applications, together with the certificates of no objection with respect to the same.

### DESCRIPTION OF SERVICES RENDERED

12.     McDermott professionals devoted the majority of their time during the Case Period to contested matters, asset analysis and recovery, relief from stay, court hearings, meetings and communications with creditors, plan and disclosure statement matters, and the preparation and prosecution of fee and employment applications, which work is described in greater detail below.  McDermott professionals also spent time working in other time matter categories (*i.e.*, case administration, asset dispositions, employee matters, financing, insurance, tax matters, claims administration and examiner matters (collectively, the "Miscellaneous Matters").

---

[1]     As an accommodation to the Committee, McDermott agreed to seek interim payment of 60% of its January – March fees instead of the 80% permitted under the Interim Compensation Order.

13.     All work accomplished by McDermott professionals for the Committee, including work on Miscellaneous Matters, is described in the time detail (i) included in the Monthly Applications and (ii) attached hereto as **Exhibit B** and **Exhibit D**.  These detailed itemizations comply with Local Bankruptcy Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

14.     Further, the professionals who rendered services related to each category are identified in the time detail, along with the numbers of hours billed by each individual and the total compensation sought for each category.  The matters occupying the most significant amounts of McDermott professionals' time during the Case Period are described below.

**A.     Contested Matters (B190)**
**        Amount Sought: $719,034.00**

15.     During the Case Period, McDermott sought emergency injunctive relief against the Debtors' former Chief Capital Officer, James Alexander.  Mr. Alexander misappropriated the Debtors' assets (worth millions of dollars) shortly before the Debtors terminated his employment.  Subsequently, in violation of a temporary restraining order and a preliminary injunction issued by a California state court, Mr. Alexander transferred certain of those assets. Accordingly, McDermott, on behalf of the Committee, filed an emergency motion seeking a temporary restraining order and preliminary injunction against Mr. Alexander.  The emergency relief was granted and Mr. Alexander was required to (i) immediately turnover the assets, (ii) provide expedited discovery, and (iii) sit for a deposition.

16.     McDermott assisted the Committee in vigorously pursuing the Debtors' cryptocurrency in Mr. Alexander's possession and tracing missing funds.  These efforts were

6

consistently frustrated by tactics employed by Mr. Alexander.  For example, during a break

(requested by Mr. Alexander) in Mr. Alexander's deposition, Mr. Alexander's filed for personal

bankruptcy in the Central District of California and was directed to cease answering questions by

his counsel.  McDermott and the Debtors' counsel filed an emergency lift-stay motion in the

Central District of California.  In addition to the lift stay motion, the Debtors' counsel and

McDermott filed a motion for transfer of venue of Mr. Alexander's chapter 7 case to the

Delaware Bankruptcy Court.  Both of these motions were granted.

17.    Additionally, Mr. Alexander was (and remains) unwilling to fully cooperate with

his discovery obligations.  As a result, McDermott has spent considerable time corresponding

with Mr. Alexander's counsel regarding the deficiencies in Mr. Alexander's production.

Ultimately, Mr. Alexander's failed compliance compelled McDermott to file a contempt motion

against Mr. Alexander.  At the direction of the Court, McDermott filed a motion to withdraw the

reference of the contempt motion, which was granted by the United States District Court for the

District of Delaware.  The motion is currently pending.

18.    Mr. Alexander also filed a motion to dismiss Debtor Cred Capital Inc.'s chapter

11 case.  McDermott and the Debtors successfully opposed this motion and the Court denied the

relief.  However, Mr. Alexander appealed the Court's decision (and the Court's decision on the

preliminary injunction and temporary restraining order) to the District Court.  Those appeals are

currently pending.

19.    In addition to the contested matters involving Mr. Alexander, McDermott has

been actively involved in a variety of other contested matters during the Chapter 11 Cases.

Among other things, McDermott has (i) opposed multiple motions to dismiss or convert the

Chapter 11 Cases; (ii) deposed multiple parties in preparation for the hearing on the motions to

dismiss or convert; (iii) negotiated relief sought in various first day motions; (iv) prepared and served multiple information requests; and (v) negotiated various cryptocurrency resolutions.

20.     McDermott professionals devoted a total of 938.1 hours to contested matters during the Case Period, for which compensation in the amount of $719,034.00 is sought.

**B.      Asset Analysis and Recovery (B120)
          Amount Sought: $357,447.00**

21.     McDermott and its outside cryptocurrency tracing consultant, CipherTrace, spent a substantial amount of time tracing potentially fraudulent transactions involving the Debtors' assets, including Mr. Alexander's aforementioned transfers.  In order to conduct this investigation, McDermott requested and reviewed voluminous documents, including documents obtained through formal discovery.  McDermott's review identified assets Mr. Alexander has failed to turn over or account for, which McDermott continues to try to recover for the benefit of creditors.

22.     McDermott also prepared numerous Bankruptcy Rule 2004 discovery requests to obtain information related to the Debtors' assets and recovery of same, and has been actively involved in negotiations with the Debtors and third party cryptocurrency exchanges in connection with the Committee's efforts to recover funds invested by the Debtors.

23.     McDermott professionals devoted a total of 453.4 hours to asset analysis and recovery during the Case Period, for which compensation in the amount of $357,447.00 is sought.

**C.      Relief from Stay (B140)
          Amount Sought: $315,359.00**

24.     McDermott professionals prepared and filed an objection to the motion for relief from stay filed by UpgradeYa Investments, LLC ("UpgradeYa").  The objection required

substantial research and analysis of novel issues, including the tracing and commingling of cryptocurrency in the context of a bankruptcy case. McDermott also spent considerable time reviewing the relevant contracts to determine the secured status of the property at issue. McDermott determined the Debtors had commingled UpgradeYa's collateral and UpgradeYa could not trace the collateral. McDermott and CipherTrace determined that all of the e-wallets into which UpgradeYa deposited its funds were emptied out and the funds were commingled into other e-wallets. Despite UpgradeYa conceding that it could not trace the assets, UpgradeYa argued that it had claims against third parties that were not property of the Debtors' estates. The Court directed the parties to submit extensive briefing on that issue. Ultimately, McDermott successfully opposed UpgradeYa's stay relief motion and the Court denied the relief therein.

25.     McDermott professionals devoted a total of 377.0 hours to relief from stay matters during the Case Period, for which compensation in the amount of $315,359.00 is sought.

**D.      Court Hearings (B155)**
**Amount Sought: $323,180.00**

26.     During the Case Period, McDermott (i) prepared for and attended numerous hearings, (ii) reviewed pleadings and other materials in preparation for same, (iii) reviewed orders resulting therefrom, (iv) corresponded with various parties in interest in preparation of same, and (v) conducted depositions and interviews in preparation of same. These services also included conferences to discuss multiple matters scheduled for specific hearings, preparing various declarants in the Chapter 11 Cases to provide testimony in support of various motions, and preparing, filing, and serving pleadings.

27.     McDermott professionals devoted a total of 352.7 hours to court hearing related matters during the Case Period, for which compensation in the amount of $323,180.00 is sought.

**E.     Meetings and Communications with Creditors (B150)**
       **Amount Sought: $259,203.50**

28.     During the Case Period, McDermott incurred time preparing for and conducting weekly Committee meetings, as well as periodically communicating with Committee members on an individual basis regarding Chapter 11 Case matters.  McDermott coordinated with the Committee's financial advisor to prepare for the weekly Committee calls, including preparing, discussing and reviewing Committee presentations on various topics.  McDermott also prepared regular email updates for Committee members regarding Committee business, case status and various outstanding matters.

29.     McDermott professionals devoted a total of 290.4 hours to meetings and communications with creditors during the Case Period, for which compensation in the amount of $259,203.50 is sought.

**F.     Fee/Employment Applications (B160)**
       **Amount Sought: $146,532.00**

30.     During the Case Period, McDermott expended time preparing and filing the Committee's professionals' retention applications and monthly fee applications.

31.     McDermott professionals devoted a total of 229.8 hours to fee and employment applications during the Case Period, for which compensation in the amount of $146,532.00 is sought.

**G.    Plan and Disclosure Statement (B320)**
      **Amount Sought: $268,175.00**

32.    During the Case Period, McDermott professionals: (i) negotiated and prepared two plan support agreements with the Debtors; (ii) revised and negotiated the Plan and related documents, including the confirmation order and solicitation materials; (iii) conferred and corresponded with parties regarding the Plan and confirmation order, and various issues with respect thereto; (iv) analyzed voting issues and ballots and conferred and corresponded with parties regarding the same; (v) reviewed, analyzed, and revised the voting report and voting declaration; (vi) reviewed and analyzed plan objections; (vii) conducted research with respect to confirmation issues; (viii) prepared for and attended the confirmation hearing; (ix) prepared for and participated in transition calls; (x) drafted the liquidation trust agreement and related materials; and (xi) addressed post confirmation issues.

33.    McDermott professionals devoted a total of 280.5 hours to plan and disclosure statement matters during the Case Period, for which compensation in the amount of $268,175.00 is sought.

**EXPENSES INCURRED**

34.    McDermott incurred out-of-pocket expenses in connection with its representation of the Committee during the Case Period in the amount of $117,144.98.  A description of all expenses McDermott incurred in the performance of the services rendered as counsel to the Committee in the Chapter 11 Cases is included in the expense detail attached hereto as **Exhibit C** and in the Monthly Applications.  The expenses are broken down into categories of charges, including among other things, the following charges:  filing fees, telephonic and video

court appearances, computerized legal research, messenger service, transcripts, and other non-ordinary expenses.[2]

## NOTICE

35.     As required under the Interim Compensation Order, the Application will be served on the Notice Parties (as defined in the Interim Compensation Order).  Moreover, notice of the hearing on this Application will be served on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

36.     No prior request for the relief sought in the Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, McDermott respectfully requests that the Court enter an Order: (i) granting the Application and authorizing final allowance of compensation in the amount of $2,945,180.00 for professional services rendered, and reimbursement of actual and necessary costs in the amount of $117,144.98 incurred, during the Case Period; and (ii) granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[2]     In accordance with Local Bankrupcy Rule 2016-2(e)(iii), McDermott does not charge more than $0.10 per page for photocopies, does not charge for incoming facsimile transmissions, and does not charge more than $0.25 per page for ongoing facsimiles.  McDermott does not surcharge for computerized research.

Dated:  Wilmington, Delaware
        May 19, 2021

                                    **MCDERMOTT WILL & EMERY LLP**

                                    */s/ David R. Hurst*
                                    David R. Hurst (I.D. No. 3743)
                                    1007 North Orange Street, 10th Floor
                                    Wilmington, DE 19801
                                    Telephone: (302) 485-3900
                                    Facsimile:  (302) 351-8711

                                    - and -

                                    Timothy W. Walsh (admitted *pro hac vice*)
                                    Darren Azman (admitted *pro hac vice*)
                                    340 Madison Avenue
                                    New York, NY 10173
                                    Telephone: (212) 547-5400
                                    Facsimile:  (212) 547-5444

                                    *Counsel to the Official Committee of*
                                    *Unsecured Creditors*