## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket No. 786** |

## MOTION TO SHORTEN TIME FOR NOTICE OF EMERGENCY MOTION OF THE CRED INC. LIQUIDATION TRUST TO (I) ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) ENJOIN UPGRADEYA INVESTMENTS, LLC FROM PROSECUTING THE CIVIL ACTION AND SIMILAR CLAIMS IN OTHER FORUMS

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter

11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the

"Debtors"), hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**,

shortening the time for notice of the hearing to consider the *Emergency Motion of the Cred Inc.*

*Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin*

*UpgradeYa Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Forums* (the "Emergency Motion"),[2] filed contemporaneously herewith. In support of this

Motion, the Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  In accordance with Local Rule 9013-1(f) the Trust confirms its consent to the entry

of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section

105(a), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

## BACKGROUND

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing

petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On March 11, 2021, the Court entered the *Order Confirming and Approving on a*

*Final Basis Modified First Amended Combined Plan of Liquidation and Disclosure Statement of*

*Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629] (the

"Confirmation Order"), which confirmed the *Modified First Amended Combined Joint Plan of*

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Emergency Motion.

*Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").

6.      The Plan became effective on April 19, 2021 (the "Effective Date"). *See* Docket No. 730. On the Effective Date, the Trust was established and all assets of the Debtors were transferred and assigned to the Trust. *See* Plan, § 12.3; Confirmation Order, ¶¶ 12-13.

7.      The Plan provides that: "to the extent not otherwise waived in writing, released, settled, assigned or sold pursuant to a prior Order or the Combined Plan and Disclosure Statement, the Liquidation Trustees specifically retain and reserve the right to assert, after the Effective Date, any and all of the claims, Causes of Action (including but not limited to those Causes of Action listed on the Causes of Action List) and related rights, whether or not asserted as of the Effective Date, and all proceeds of the foregoing." Plan, § 12.3(c).

8.      The Confirmation Order provides that: "From and after the Effective Date, the Liquidation Trustees may commence, litigate, and settle any Causes of Action or Claims relating to the Liquidation Trust Assets or rights to payment or Claims that belong to the Debtors as of the Effective Date or are instituted by the Liquidation Trustees on or after the Effective Date, except as otherwise expressly provided in the Combined Plan and Disclosure Statement and the Liquidation Trust Agreement." Confirmation Order, ¶ 13. The Confirmation Order further provides that: "For the avoidance of doubt, no Creditor may pursue claims or causes of action that were property of the estate as of the Petition Date." *Id*. at ¶ 45.

9.      On April 7, 2021, UpgradeYa Investments, LLC ("UpgradeYa") filed a complaint (the "Complaint"), which is attached to the Emergency Motion as **Exhibit C**, in the Supreme Court of the State of New York, County of New York (the "Civil Action").

10.     It is the Trust's position that the causes of action asserted in the Civil Action are derivative and became property of the Debtors' estates as of the Petition Date pursuant to Bankruptcy Code section 541(a)(1).  Pursuant to the Plan and Confirmation Order, the Trust has the exclusive authority to bring such causes of action.

11.     Certain of the Defendants in the Civil Action are former directors and officers of the Debtors (collectively, the "D&O Defendants").  The inclusion of the D&O Defendants puts the Debtors' insurance at risk of depletion to the detriment of the Debtors' other creditors. Indeed, the Debtors' insurance carrier has already been placed on notice of the Civil Action.

## RELIEF REQUESTED

12.     By this Motion, the Trust requests entry of an order in the form attached hereto as **Exhibit A**, thereby shortening the time for notice of the Emergency Motion so that the Court may consider certain interim relief requested by such motion on an expedited basis.  A final hearing on the Emergency Motion will be noticed for June 17, 2021 at 2:00 p.m. (ET).

## BASIS FOR RELIEF REQUESTED

13.     Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing."  Del. Bankr. L.R. 9006-1(e).

14.     Under Local Rule 9006-1(c)(i), motions must ordinarily be filed and served at least fourteen (14) days prior to the applicable hearing date.  Del. Bankr. L.R. 9006-1(c)(i).

15.     Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date.  Del. Bankr. L.R. 9006-1(c)(ii).  However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice" and no hearing on such a motion is required.  Del. Bankr. L.R. 9006-1(e).

16.     As detailed in the Emergency Motion, the Trust believes that the causes of action asserted by UpgradeYa against the Defendants are derivative and became property of the Debtors' estates on the Petition Date.  Additionally, the dispute as to whether the causes of action are direct or derivative previously has been before this Court.

17.     Shortly after the Debtors filed the Chapter 11 Cases, UpgradeYa sought relief from the automatic stay to recover Bitcoin (BTC) that UpgradeYa pledged to the Debtors as collateral for a loan.  After UpgradeYa conceded that its collateral was commingled with other Debtor assets and thus rendered untraceable, UpgradeYa changed course by seeking stay relief to pursue direct claims against third parties.  *See* Docket No. 26 (the "Stay Relief Order"), p. 2 ("it became clear that the Debtors were no longer holding the Bitcoin that UpgradeYa pledged as collateral.  Accordingly, UpgradeYa modified its request for relief . . . to pursue claims for damages against non-debtor third parties . . . .").  UpgradeYa, however, was unable to articulate the bases for its purported direct claims and the Court ordered further briefing.

18.     Despite further briefing, the Court was unable to make a determination of the nature of UpgradeYa's alleged direct claims because UpgradeYa "did not provide drafts of a complaint, but, rather, provided general and somewhat vague descriptions of the types of actions

it intends to pursue." *Id*. at p. 3.  The Court noted that "[w]ithout a complaint before me that identifies the specifics of the claims being asserted and the party against whom they are asserted, I cannot determine whether those claims belong to the estate or to UpgradeYa." *Id*. at p. 4.

19.     Now that the Complaint has been filed (without notice to the Trust), it is immediately necessary for the Court to determine whether UpgradeYa has standing to pursue its Claims against the Defendants.

20.     Cause exists to shorten the time for notice of the Emergency Motion because if the Civil Action proceeds prior to adjudication of the Emergency Motion, the D&O Defendants will likely retain defense counsel, which will place the Debtors' insurance at risk of depletion to cover the fees and costs associated with defending the action.  If the Court ultimately determines that the Claims are derivative and grants the Emergency Motion, the incurrence of such fees and costs will have proven to be unnecessary.

21.     Accordingly, the notice provided to parties-in-interest is an appropriate amount of time given the balance between providing notice and the very real danger that the Debtors' insurance will be depleted.

22.     Consistent with its obligations under Local Rule 9006-1(e), the Trust notified the U.S. Trustee of its intent to request shortened notice and requested his consent to do so.  The U.S. Trustee does not have a position with respect to the shortened notice.

**NO PRIOR REQUEST**

23.     No previous request for the relief requested herein has been made to this or any other court.

## NOTICE

24.      Notice of this Motion has been provided to: (i) the U.S. Trustee for the District of

Delaware; (ii) counsel to UpgradeYa; and (iii) parties that have requested notice pursuant to

Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Trust submits that

no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Trust requests entry of an order in the form attached hereto as

**Exhibit A** shortening the time for notice of the Emergency Motion.

Dated:   Wilmington, Delaware
         May 24, 2021

                          **MCDERMOTT WILL & EMERY LLP**

                          */s/ David R. Hurst*
                          David R. Hurst (I.D. No. 3743)
                          1007 North Orange Street, 10th Floor
                          Wilmington, DE 19801
                          Telephone: (302) 485-3900
                          Facsimile:  (302) 351-8711

                          - and -

                          Timothy W. Walsh (admitted *pro hac vice*)
                          Darren Azman (admitted *pro hac vice*)
                          Joseph B. Evans (admitted *pro hac vice*)
                          340 Madison Avenue
                          New York, NY 10173
                          Telephone: (212) 547-5400
                          Facsimile:  (212) 547-5444

                          *Counsel to the Cred Inc. Liquidation Trust*