**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.:  20-12836 (JTD)<br><br>Jointly Administered<br><br>Ref. Nos. 786 and 787 |

**OBJECTION OF UPGRADEYA INVESTMENTS, LLC TO MOTION TO SHORTEN TIME FOR NOTICE OF EMERGENCY MOTION OF THE CRED INC. LIQUIDATION TRUST TO (I) ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) ENJOIN UPGRADEYA INVESTMENTS, LLC FROM PROSECUTING THE CIVIL ACTION AND SIMILAR CLAIMS IN OTHER FORUMS**

UpgradeYa Investments, LLC ("UpgradeYa"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion to Shorten Time for Notice of Emergency Motion of the Cred Inc. Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin UpgradeYa Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other Forums* [D.I. 787] (the "Motion to Shorten"), which seeks to shorten the notice periods related to the *Emergency Motion of the Cred Inc. Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin UpgradeYa Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other Forums* [D.I. 786] (the "Emergency Injunction Motion").  In support of this Objection, UpgradeYa submits the *Declaration of Jonathan G. Kortmansky in Support of the Objection of UpgradeYa Investments, LLC to the Motion to Shorten Time for Notice of Emergency Motion of the Cred Inc. Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin UpgradeYa*

---

[1] The debtors (collectively, the "Debtors") in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

{1311.001-W0064921.}

*Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other Forums* (the "Kortmansky Declaration") attached hereto as **Exhibit 1**, and respectfully states as follows:

## PRELIMINARY STATEMENT[2]

The Motion to Shorten and the Emergency Injunction Motion are the estates' latest in a continuing attempt to harass UpgradeYa and bully it into relinquishing its direct claims against non-debtor third parties. As this Court previously ruled "[c]laims against non-debtor third parties, such as those that UpgradeYa represents it will pursue, do not generally fall within the purview of Section 362(a) and UpgradeYa is free to pursue such claims."[3] Indeed, paragraph 45 of the Confirmation Order, which UpgradeYa negotiated extensively with the Committee (the predecessor to the Cred Inc. Liquidation Trust (the "Trust")), expressly preserves the rights of creditors, including UpgradeYa, to pursue their individual direct claims and causes of action notwithstanding the release and injunction provisions contained in the Plan. Thus, despite the Trust's assertions to the contrary, UpgradeYa had (and has) every right to pursue its direct claims and causes of action against non-debtor third parties, and to do so without first seeking this Court's permission or the Trust's blessing.

While, as recognized by this Court, the Debtors' estates are free to try to argue that the causes of action asserted by UpgradeYa in the Civil Action are property of the Debtors' estates (which they are not), the Trust has not articulated (nor can it articulate) any exigent circumstances that would warrant this Court considering the Emergency Injunction Motion on an expedited basis. The only "exigent" circumstance asserted by the Trust to try to justify its request for shortening notice is its concern that the D&O Defendants likely will retain counsel in the Civil Action, incur

---

[2] Terms utilized but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them in the body of this Objection.

[3] RFS Order at 4, Feb. 26, 2021, D.I. 565.

fees and costs associated therewith and deplete the applicable D&O insurance policy. However, the Trust overlooks the fact that D&O insurance proceeds are not property of the Debtors' estates and the Debtors' estates are not the beneficiaries under the applicable D&O policies. Since the D&O insurance proceeds are not property of the Debtors' estates, the Trust cannot rely on their potential depletion to justify shortening the requisite notice periods under the Bankruptcy Rules or the Local Rules.

Moreover, merely characterizing the Emergency Injunction Motion as an "emergency" does not render it so. Nor does it warrant the Trust's failure to follow required procedure, which requires the Trust to file an adversary proceeding[4] to try to obtain (i) a declaratory judgment (*i.e.*, here, a determination of whether the claims at issue are direct or derivative) and (ii) an injunction that would prohibit UpgradeYa from pursuing its direct claims against third parties notwithstanding the negotiated provision in paragraph 45 of the Confirmation Order expressly permitting UpgradeYa to do so.[5]

Finally, if the Trust had reached out to UpgradeYa's counsel in advance of filing the Motion to Shorten and the Emergency Injunction Motion, it would have learned that the status of the Civil Action is such that UpgradeYa is prepared to extend all applicable deadlines and proceedings in the Civil Action for the benefit of the D&O Defendants until thirty (30) days after

---

[4] *See* Fed. R. Bankr. P. 7001(7), (9*)* (requiring an adversary proceeding "to obtain an injunction or other equitable relief" except when a plan provides for the relief and "to obtain a declaratory judgment relating to any of the foregoing"); *see also, Allied Dev. of Ala. LLC v. Forever 21, Inc. (In re Forever 21, Inc.)*, 623 B.R. 53, 61-62 (Bankr. D. Del. 2020) (holding that Bankruptcy Rule 7001 "requires an adversary proceeding for an action to determine an interest in property" and that the "express language of Rule 7001 provides that requests for equitable relief must be brought by adversary proceeding"); *In re Fairchild Corp.*, 2009 Bankr. LEXIS 3815 at *29-30 (Bankr. D. Del. Dec. 1, 2009) (denying requests for declaratory judgment and injunction regarding non-debtor defendants in a state court action on the grounds that entry of such relief "requires initiation of an adversary proceeding" (citing Fed. R. Bankr. P. 7001(9))); *In re Garnett*, 47 B.R. 170, 171-72 (Bankr. E.D.N.Y. 1985) (denying request of a debtor for an injunction to stay state court action against non-debtor third parties on the grounds that such request requires commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(7)).

[5] UpgradeYa reserves all of its rights and remedies with respect to the procedural deficiencies of the Emergency Injunction Motion.

the Court rules on the Emergency Injunction Motion, thus, rendering the relief requested in the Motion to Shorten moot.

As such, for these reasons and as more fully set forth herein, the Court should deny the Motion to Shorten.

### RELEVANT BACKGROUND

1. On November 25, 2020, UpgradeYa filed the *Motion of UpgradeYa Investments, LLC for Relief from Stay Under Bankruptcy Code Section 362* [D.I. 89] (the "RFS Motion")[6] seeking to have certain Bitcoin it pledged as Collateral returned to it or, in the event the Debtors were no longer in possession of UpgradeYa's Collateral, authority to pursue claims against non-debtor third parties for the damages it suffered at their hands.[7] The Debtors and the Official Committee of Unsecured Creditors (the "Committee") opposed the relief requested.

2. Following a trial and supplemental briefing on the RFS Motion, on February 26, 2021, the Court entered the *Memorandum Order* [D.I. 565] (the "RFS Order") concluding that "[c]laims against non-debtor third parties, such as those that UpgradeYa represents it will pursue, do not generally fall within the purview of Section 362(a) and UpgradeYa is free to pursue such claims." RFS Order, p. 4.

---

[6] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the RFS Motion.

[7] Like the Committee before it, the Trust continues to insinuate that UpgradeYa could not in the RFS Motion seek alternate forms of relief, *e.g.*, the return of its Collateral from the Debtors or, in the event the Debtors no longer were in possession of UpgradeYa's Collateral, a modification of the automatic stay to pursue claims against third parties (to the extent such stay modification was required given the Court's admonition to creditors that it might require such relief). As noted by the Court in the RFS Order, "due to the unique nature of the assets at play in this case and [His Honor's] direction early in [the] case that parties exercise caution in initiating claims, UpgradeYa brought [the RFS] Motion out of an abundance of caution." RFS Order, p. 2. Given that the Trust is comprised of former members of the Committee and represented by former counsel to the Committee, it is time for the Trust to stop making these misleading allegations and put aside its relentless attempts to impugn UpgradeYa's motives and actions, which from the outset simply sought to seek redress for millions of dollars in damages it has suffered at the hands of the Debtors and various non-debtor third parties.

3. On March 11, 2021, the Court entered the *Order Confirming and Approving on a Final Basis Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [D.I. 629] (the "Confirmation Order").

4. In resolution of certain objections UpgradeYa and others had to the proposed Plan and the release and injunction provisions set forth therein, counsel to the Debtors and the Committee (now counsel to the Trust) negotiated and agreed to the inclusion of the following pertinent language in paragraph 45 of the Confirmation Order:

> Clarification of Releases & Injunction. Notwithstanding anything to the contrary in this Order or in the Combined Plan and Disclosure Statement, including Sections 18.2, 18.4 and 18.5 thereof, nothing in this Order or in the Combined Plan and Disclosure Statement shall constitute a release of, or injunction against, individual direct claims or causes of action that a Creditor may possess against any Person or Entity other than the Debtors, unless such Creditor is deemed to release such individual direct claim or causes of action against a Released Party pursuant to Section 18.2 of the Plan. For the avoidance of doubt, no Creditor may pursue claims or causes of action that were property of the estate as of the Petition Date.

Confirmation Order, ¶ 45.

5. On April 7, 2021, consistent with the RFS Order and paragraph 45 of the Confirmation Order, UpgradeYa filed a complaint in the Supreme Court of the State of New York, County of New York (the "Civil Action") asserting direct claims and causes of action against certain non-debtor third parties, including certain former directors and officers of the Debtors (collectively, the "D&O Defendants").

6. On May 24, 2021, the Trust filed the Emergency Injunction Motion requesting this Court "(A) enter the Proposed Interim Order temporarily staying the Civil Action pending the final adjudication of [the Emergency Injunction Motion] and (B) enter the Proposed Final Order (i)

enforcing the terms of the Plan and Confirmation Order and (ii) enjoining, barring, and/or estopping UpgradeYa from prosecuting the Civil Action and similar claims and causes of action in other forums." Emergency Injunction Motion, ¶ 40.

7. Contemporaneously therewith, the Trust filed the Motion to Shorten asking the Court to consider certain interim relief requested by the Emergency Injunction Motion on an expedited basis. While no specific hearing dates or response deadlines were requested in the Motion to Shorten, the proposed form of order (the "MTS PFO") submitted therewith contemplates a hearing date in June 2021 with responses due at or prior to the hearing. MTS PFO, ¶¶ 2-3.

## **OBJECTION**

8. The Trust has not in the Motion to Shorten articulated (and cannot articulate) any exigent circumstances to justify shortening notice for any of the relief requested in the Emergency Injunction Motion. Although the Court has discretion pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to shorten the notice and objection periods with respect to a motion "for cause shown", the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") require that the moving party specify "*the exigencies justifying shortened notice*." Del. Bankr. L.R. 9006-1(e) (emphasis added). The Trust's only purported exigency to justify seeking shortened notice is that "if the Civil Action proceeds prior to adjudication of the [Emergency Injunction] Motion, the D&O Defendants will likely retain defense counsel, which will place the Debtors' insurance at risk of depletion to cover the fees and costs associated with defending the action." Motion to Shorten, ¶ 20. This argument fails for several reasons.

9. First, the Trust's duty to maximize recovery for its beneficiaries "does not freely translate into a superseding right to recover [D&O] insurance proceeds, which are not property of

the estate, before all others." *Ochs v. Lipson (In re First Cent. Fin. Corp.)*, 238 B.R. 9, 21-22 (Bankr. E.D.N.Y. 1999) (refusing to enjoin personal causes of actions possessed by shareholders and stating that the shareholders' direct claims "should not be held hostage to the Trustee's mismanagement suit."); *see also Miller v. McDonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805 (Bankr. D. Del. 2007). Courts in this district consistently have "recognized that 'the proceeds of the Debtor's [D&O] insurance policy are not property of the estate' because the estate's interest in the proceeds is defined by the terms of the policies and in no way superior to the interest of other, non-debtor parties intended to be benefited by the policies." *Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Mem. Corp.)*, 382 B.R. 652, 689 (Bankr. D. Del. 2008) (quoting *In re World Health Alternatives, Inc.*, 369 B.R. at 811). "In essence and at its core, a D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection." *In re First Cent. Fin. Corp.*, 238 B.R. at 16. It is the officers and directors who are typically the beneficiaries under a D&O policy and not the debtor's estate. *See id.* at 17. (stating D&O policy "proceeds belong to the assignee or beneficiary and not to the policy owner's bankruptcy estate."). Because the D&O insurance proceeds are not property of the Debtors' estates and the Debtors' estates are not the beneficiaries thereunder, risk of potential depletion of such D&O policies is not an exigent circumstance sufficient to justify shortening notice of the Emergency Injunction Motion.

10.    Second, as set forth in the Kortmansky Declaration, UpgradeYa is still in the process of completing service of the Complaint on all but two (2) of the D&O Defendants in the Civil Action. Kortmansky Dec., ¶ 7. At present, there are no deadlines or proceedings with respect to the D&O Defendants scheduled in the Civil Action on or before June 17, 2021, the proposed final hearing date identified in the Motion to Shorten. *Id.* at ¶ 9.

11. Finally, as noted above, UpgradeYa will agree to extend all applicable deadlines and proceedings in the Civil Action for the benefit of the D&O Defendants until thirty (30) days after the Court rules on the Emergency Injunction Motion. As such, not only should the Motion to Shorten be denied on the basis that there are no exigencies to justify shortened notice, but the relief requested therein is moot as all applicable deadlines and proceedings in the Civil Action applicable to the D&O Defendants will be extended until after the Court rules on the Emergency Injunction Motion.

12. Thus, UpgradeYa respectfully requests that the Court deny the Motion to Shorten.

### RESERVATION OF RIGHTS

13. UpgradeYa expressly reserves, and does not waive, any and all of its rights, claims, causes of action, rights of set off, remedies, and defenses, in any and all courts, under law or in equity, in connection with the Motion to Shorten, the Emergency Injunction Motion, the Agreement, the Line of Credit, the Collateral, and the CredEarn Agreement under such applicable documents, the Bankruptcy Code, applicable law or otherwise against the Debtors' estates, the Trust, any successor in interest to the Debtors' estates or the Trust, the Litigation Targets, the D&O Defendants, and any and all third-parties, including, but not limited to, the right to seek recovery from any applicable insurance policies.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, UpgradeYa respectfully requests that the Court deny the Motion to Shorten and grant such other relief as may be necessary or proper.

| | |
|---|---|
| Dated: May 26, 2021<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>Nicolas E. Jenner (No. 6554)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone:     (302) 467-4400<br>Facsimile:      (302) 467-4450<br>Email: landis@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br>           jenner@lrclaw.com<br><br>*Counsel to UpgradeYa Investments, LLC* |