# **Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF JONATHAN G. KORTMANSKY IN SUPPORT OF THE OBJECTION OF UPGRADEYA INVESTMENTS, LLC TO THE MOTION TO SHORTEN TIME FOR NOTICE OF EMERGENCY MOTION OF THE CRED INC. LIQUIDATION TRUST TO (I) ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) ENJOIN UPGRADEYA INVESTMENTS, LLC FROM PROSECUTING THE CIVIL ACTION AND SIMILAR CLAIMS IN OTHER FORUMS**

I, Jonathan G. Kortmansky, hereby declare that the following is true and correct to the best of my knowledge:

1. I am a partner of the law firm BraunHagey & Borden, LLP, litigation counsel to UpgradeYa Investments, LLC ("UpgradeYa"). I submit this declaration (the "Declaration") in support of the *Objection of UpgradeYa Investments, LLC to the Motion to Shorten Time for Notice of Emergency Motion of the Cred Inc. Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin UpgradeYa Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other Forums*. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. I am authorized by UpgradeYa to submit this Declaration and, if called upon to testify, I could and would testify to the facts set forth herein.

2. On April 7, 2021, UpgradeYa initiated an action (the "Civil Action") in the Supreme Court for the State of New York in the County of New York captioned *UpgradeYa Investments, LLC*

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

*v. Fireblocks, Inc., et al.*, Index No. 652311/2021 (N.Y. Sup. Ct.).  A true and correct copy of the Complaint in the Civil Action is attached as **Exhibit A**.

3.      The Civil Action names the following individuals and entities as defendants: Daniel Schatt, Lu Hua, Joe Podulka, Dan Wheeler (together, the "D&O Defendants"); and Fireblocks, Inc., Fireblocks LLC, Mokredit Inc. d/b/a mo9, Elevar Finance LLC, Galois Capital Alpha Fund LP, Silvergate Bank, 100 Acre Ventures, LLC, 100 Acre Cred Opportunities Fund LTD., Sarson Funds, AX Momentum, L.P., Fifth Khagan, LP, Fifth Khagan Management, LLC, and Reliz Technologies LLC d/b/a Blockfills.

4.      Pursuant to New York's Civil Practice Law & Rules ("CPLR") 312-a, UpgradeYa served the Summons and Complaint in the Civil Action on each of the D&O Defendants in that action via first-class U.S. Mail on April 21, 2021.

5.      Defendant Podulka executed an Acknowledgement of Receipt and Summons and Complaint (an "Acknowledgement") on April 23, 2021.  UpgradeYa received Defendant Podulka's Acknowledgement on May 24, 2021.  Accordingly, Defendant Podulka's response to the Complaint is due on June 24, 2021.

6.      Defendant Schatt executed an Acknowledgement on May 20, 2021.  UpgradeYa received Defendant Schatt's Acknowledgement on May 25, 2021.  Accordingly, Defendant Schatt's response to the Complaint is due on June 25, 2021.

7.      Defendants Hua and Wheeler have not executed and returned Acknowledgements. UpgradeYa will effectuate service on Defendants Hua and Wheeler pursuant to CPLR 308.

8.      Upon information and belief, Defendants Hua and Wheeler are each domiciled outside of the State of New York.  Pursuant to CPLR 3012(c), the response deadlines for Defendants Hua

and Wheeler will therefore be thirty (30) days from the date of service—in other words, no earlier than June 26, 2021.

9. There presently are no deadlines or proceedings with respect to the D&O Defendants scheduled in the Civil Action on or before June 17, 2021.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 26, 2021

/s/ *Jonathan G. Kortmansky*
JONATHAN G. KORTMANSKY, ESQ.
BRAUNHAGEY & BORDEN LLP

# **Exhibit A**

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 6 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

UPGRADEYA INVESTMENTS, LLC,

Plaintiff,

v.

FIREBLOCKS, INC., FIREBLOCKS LLC, MOKREDIT INC. d/b/a MO9, ELEVAR FINANCE LLC, GALOIS CAPITAL ALPHA FUND LP, SILVERGATE BANK, 100 ACRE VENTURES, LLC, 100 ACRE CRED OPPORTUNITIES FUND LTD., SARSON FUNDS, AX MOMENTUM, L.P., FIFTH KHAGAN, LP, FIFTH KHAGAN MANAGEMENT, LLC, RELIZ TECHNOLOGIES LLC d/b/a BLOCKFILLS, DANIEL SCHATT, LU HUA, JOE PODULKA, AND DAN WHEELER,

Defendants.

Index No. ____________

**SUMMONS**

To the above-named Defendants:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the Complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York. YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 24

Dated: April 7, 2021

**BRAUNHAGEY & BORDEN LLP**

By: _/s/ Jonathan G. Kortmansky_

J. Noah Hagey
Jonathan G. Kortmansky
Douglas S. Curran
Gunnar K. Martz
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel./Fax: (646) 829-9403
hagey@braunhagey.com
kortmansky@braunhagey.com
curran@braunhagey.com
martz@braunhagey.com

*Counsel for Plaintiff*
*UpgradeYa Investments, LLC*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 8 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

UPGRADEYA INVESTMENTS, LLC,

Plaintiff,

v.

FIREBLOCKS, INC., FIREBLOCKS LLC, MOKREDIT INC. d/b/a MO9, ELEVAR FINANCE LLC, GALOIS CAPITAL ALPHA FUND LP, SILVERGATE BANK, 100 ACRE VENTURES, LLC, 100 ACRE CRED OPPORTUNITIES FUND LTD., SARSON FUNDS, AX MOMENTUM, L.P., FIFTH KHAGAN, LP, FIFTH KHAGAN MANAGEMENT, LLC, RELIZ TECHNOLOGIES LLC d/b/a BLOCKFILLS, DANIEL SCHATT, LU HUA, JOE PODULKA, AND DAN WHEELER,

Defendants.

Index No. ____________

**COMPLAINT**

**JURY TRIAL DEMANDED**

J. Noah Hagey
Jonathan G. Kortmansky
Douglas S. Curran
Gunnar K. Martz
**BRAUNHAGEY & BORDEN LLP**
7 Times Square 27th Floor
New York, NY 10026
Tel/Fax: (646) 829-9403

*Counsel for Plaintiff*
*UpgradeYa Investments, LLC*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

3 of 24

Plaintiff UpgradeYa Investments, LLC ("UpgradeYa" or "Plaintiff"), brings this Complaint against Defendants Fireblocks, Inc., Fireblocks LLC (together, "Fireblocks"), moKredit Inc. d/b/a mo9 ("moKredit"), Elevar Finance LLC, Galois Capital Alpha Fund LP, Silvergate Bank, 100 Acre Ventures, LLC, 100 Acre Cred Opportunities Fund Ltd., Sarson Funds, AX Momentum, L.P., Fifth Khagan, LP, Fifth Khagan Management, LLC, Reliz Technologies LLC d/b/a Blockfills, Daniel Schatt, Lu Hua, Joe Podulka, and Dan Wheeler (collectively, "Defendants") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff UpgradeYa, a small, family-owned investment company, brings this action to recover the 478.17 Bitcoin it deposited as collateral to secure a line of credit from Cred (US) LLC ("Cred"), a now-defunct online cryptocurrency lending platform. Cred and its co-conspirators engaged in a sustained and fraudulent scheme to dupe UpgradeYa and other investors into engaging in various cryptocurrency-related financial transactions that permitted Cred and its co-conspirators to fraudulently enrich themselves to the investors' detriment.

2. Cred presented itself to UpgradeYa and the rest of the market as a reliable, reputable, and experienced cryptocurrency-based financial services company offering both investment opportunities and loan products. But Cred was actually covertly engaged in converting its customers' assets into cryptocurrency and fiat currency that it funneled to its co-conspirators.

3. Cred perpetrated this massive fraud by first transferring dozens of millions of dollars to Defendant and co-conspirator moKredit under the guise of an uncollateralized "loan," knowing that it had no mechanism to force repayment of those funds. When the Bitcoin market dropped precipitously and unexpectedly in March 2020, Cred was unable to cover tens of millions of dollars in Bitcoin-backed hedge positions that it had taken to protect itself from fluctuations in the price of Bitcoin, and it desperately needed an infusion of capital.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

4. Cred and the other Defendants then worked together to convince unsuspecting investors like UpgradeYa to entrust their Bitcoin to Cred and other Cred-affiliated custodians, and then proceeded to loot that cryptocurrency from Cred's customers in an attempt to recoup those massive losses. Through this scheme, Cred and the other Defendants conspired to defraud UpgradeYa and steal its Bitcoin, valued today at more than $27 million.

5. As it turned out—and unbeknownst to UpgradeYa—Cred was little more than a shell company through which Defendants operated a conspiracy to defraud Cred's customers of millions of dollars' worth of cryptocurrency. Defendants Daniel Schatt, a co-founder, former CEO and board member of Cred, and Lu Hua, a co-founder and board member of Cred, built Cred from the ground up to serve as a front for the fraud and self-dealing.

6. Schatt and Hua, along with Joe Podulka, the former CFO of Cred, and Dan Wheeler, the former General Counsel of Cred (collectively, the "Individual Defendants"), attracted new funds into the scheme by offering sham lending and investment "services," which they marketed as a trusted way for investors to monetize their Bitcoin and other cryptocurrency without having to sell it. UpgradeYa participated in one of these "services," the CredBorrow program, pursuant to which it was granted a $2 million line of credit and deposited Bitcoin with Fireblocks, which was to serve as custodian and fiduciary of UpgradeYa's collateral.

7. A key player in the conspiracy, Fireblocks was held out as a secure, trustworthy custodian and fiduciary that would receive and hold UpgradeYa's Bitcoin as collateral. Instead, Fireblocks conspired with the other Defendants to transfer UpgradeYa's Bitcoin to a series of third-party asset managers, borrowers, commercial institutions, exchanges, and other individual co-conspirators that Defendants controlled.

8. As part of the fraudulent scheme and self-dealing, the Individual Defendants vested considerable corporate authority in James Alexander, Cred's Chief Capital Officer ("CCO"). Alexander had been convicted and sentenced to prison in the United Kingdom for crimes related to illegal money transfers, had escaped from prison, and was an at-large fugitive at the time he became the CCO of Cred. Despite this background, Alexander was given unfettered access to

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5 of 24

Cred's customers' funds and had free rein to transfer such funds to asset managers and other third parties, including those with whom he had prior relationships.

9.      Cred's finances were already in a precarious state in April 2020, when Defendants induced UpgradeYa to entrust its Bitcoin in the CredBorrow program. Due to a series of bad investment decisions, a "flash crash" in the price of Bitcoin, and Cred's inability to recall $10 million of a $38 million loan it had made to Hua's company moKredit, among other things, Cred suffered a liquidity crisis in March 2020. The Individual Defendants concealed these material facts from UpgradeYa, which would not have entered into an agreement with Cred if it had known of Cred's true financial state.

10.     Cred's finances continued to decline throughout 2020. Defendants' fraudulent scheme collapsed in October of that year, when the FBI began investigating Cred's transfer of 800 Bitcoin to an entity called QuantCoin, which resulted in a total loss of that cryptocurrency. On October 28, 2020, as a result of the federal investigation, Cred decided to come clean, and it informed UpgradeYa that it was cooperating with the investigation, had begun an internal accounting of its assets, and was temporarily suspending all inflows and outflows of funds.

11.     Concerned that its collateral may have been lost due to the reported fraud, UpgradeYa made multiple requests to pay back its loan to Cred in order to secure the return of the Bitcoin it had entrusted with Fireblocks. These requests were summarily ignored.

12.     Cred filed for bankruptcy in Delaware in November 2020. The federal bankruptcy court appointed Robert J. Stark as Examiner to investigate allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, and irregularity in the management of the affairs of Cred. After an extensive investigation, Mr. Stark filed a report (the "Court-Appointed Examiner Report") detailing the "dereliction in corporate responsibility"—including the company's near-total lack of diligence, accounting, and compliance functions—which contributed to Cred's downfall and the total loss of its customers'—including UpgradeYa's—collateral.

13.     UpgradeYa accordingly brings this action to recover its damages caused by Defendants' and their co-conspirators' fraudulent scheme to (1) induce UpgradeYa to deposit its

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

Bitcoin with Fireblocks, Cred's purported custodian, and (2) transfer the Bitcoin from Fireblocks to numerous third-party individuals and entities, who converted the collateral for their own benefit.

## PARTIES

14. Plaintiff UpgradeYa Investments, LLC is a limited liability company organized under the laws of the State of South Carolina and headquartered in Mount Pleasant, South Carolina. None of the members of UpgradeYa are domiciled in the State of New York

15. Defendant Fireblocks, Inc. is a corporation organized under the laws of the State of Delaware and headquartered in New York City, New York.

16. Defendant Fireblocks LLC is a limited liability company organized under the laws of the State of Delaware and headquartered in New York City, New York.

17. Defendant moKredit Inc. is a corporation organized under the laws of China and headquartered in China.

18. Defendant Elevar Finance LLC ("Elevar") is a limited liability company organized under the laws of the State of Delaware and headquartered in New York City, New York.

19. Defendant Galois Capital Alpha Fund LP ("Galois") is a limited partnership organized under the laws of the State of Delaware and headquartered in San Francisco, California.

20. Defendant Silvergate Bank ("Silvergate") is a corporation organized under the laws of the State of California and headquartered in La Jolla, California.

21. Defendant 100 Acre Ventures, LLC ("100 Acre") is a limited liability company organized under the laws of the State of Delaware and headquartered in San Francisco, California.

22. Defendant 100 Acre Cred Opportunities Fund Ltd. is a limited liability company organized under the laws of the Cayman Islands and headquartered in San Francisco, California.

23. Defendant Sarson Funds ("Sarson") is a corporation organized under the laws of the State of Indiana and headquartered in Indianapolis, Indiana.

24. Defendant AX Momentum, L.P. ("AX Momentum") is a limited partnership organized under the laws of the State of Delaware and headquartered in Indianapolis, Indiana.

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

7 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 13 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

25. Defendant Fifth Khagan, LP ("Fifth Khagan") is a limited partnership organized under the laws of the State of Delaware and headquartered in Indianapolis, Indiana.

26. Defendant Fifth Khagan Management, LLC ("Fifth Khagan Management") is a limited liability company organized under the laws of the State of Indiana and headquartered in Indianapolis, Indiana.

27. Defendant Reliz Technologies LLC d/b/a Blockfills ("Blockfills") is a limited liability company organized under the laws of the State of Illinois and headquartered in Chicago, Illinois.

28. Defendant Daniel Schatt is an individual who resides in the State of California. Schatt is the co-founder and former Chief Executive Officer of Cred.

29. Defendant Lu Hua is an individual who resides in the State of California. Hua is the co-founder of Cred and founder and the CEO of moKredit.

30. Defendant Joe Podulka is an individual who resides in the State of California. Podulka is the former Chief Financial Officer of Cred.

31. Defendant Dan Wheeler is an individual who resides in the State of California. Wheeler is the former General Counsel of Cred.

32. Upon information and belief, Defendants operated a joint enterprise under a unified management structure controlled and directed by Daniel Schatt, Lu Hua, Joe Podulka, and Dan Wheeler and their co-conspirators. Defendants agreed and conspired to fraudulently induce UpgradeYa to deposit its Bitcoin with Fireblocks and to secretly and fraudulently transfer that collateral to third parties, resulting in its complete loss. Defendants never took any action to withdraw from the conspiracy, and each Defendant acted in concert with the other Defendants and aided, abetted, directed, approved, or ratified each act or omission alleged in this Complaint to have been performed by Defendants and their co-conspirators.

## JURISDICTION AND VENUE

33. This Court has general personal jurisdiction over Defendants Fireblocks Inc., Fireblocks LLC, and Elevar because they are domiciled in New York State.

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

8 of 24

34. This Court has jurisdiction over the remaining Defendants pursuant to NY CPLR § 302(a)(2), because they committed one or more torts through their co-conspirators in New York State.

35. This Court is the proper venue for this action pursuant to NY CPLR § 503 because Defendants Fireblocks Inc., Fireblocks LLC, and Elevar reside within New York County.

**STATEMENT OF FACTS**

36. UpgradeYa brings this suit to remedy its loss of 478.17 Bitcoin, valued today at more than $27 million, as a direct result of Defendants' conspiracy to fraudulently induce UpgradeYa to deposit collateral with Fireblocks so that Defendants could convert the collateral through a series of unauthorized transfers to themselves and their co-conspirators.

**A. UpgradeYa Seeks a Cryptocurrency-Backed Loan and is Referred to Cred**

37. UpgradeYa is a small, family-owned investment entity that was founded to pursue cryptocurrency-based financial investments.

38. In early 2020, UpgradeYa sought a to obtain a cash loan backed by cryptocurrency, the proceeds of which were to be used to fund a separate investment. Based on rising demand by investors to use Bitcoin and other cryptocurrencies as leverage to acquire cash without having to transfer title to the coin, the cryptocurrency-based lending market exploded to approximately $8 billion in loan originations as of Q4 2019.

39. As part of its due diligence prior to taking out the loan, UpgradeYa considered multiple providers of cryptocurrency-backed loans. UpgradeYa was referred to Cred as a potential provider of such a loan.

40. Cred was an online cryptocurrency investing platform founded in 2017. Cred described itself as a "global financial services platform" and "licensed lender" that carried out cryptocurrency borrowing and lending services to customers throughout the United States.

41. Cred offered holders of cryptocurrencies the option of borrowing against those cryptocurrencies (through the "CredBorrow" program) or investing those assets with Cred (through the "CredEarn" program).

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 15 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

42. Participants in CredBorrow, including UpgradeYa, were induced to deposit their cryptocurrency with Cred to obtain a loan against those assets, for a fixed period and with a fixed interest rate. Participants in CredEarn were induced to invest their cryptocurrency with Cred for a fixed period, during which Cred guaranteed those customers a high fixed rate of return.

### B. Cred Makes Misrepresentations to UpgradeYa During the Parties' Negotiations

43. Prior to entering into an agreement with Cred, UpgradeYa had extensive discussions, by telephone and through the Telegram messaging app, with several Cred employees, including Michael Zhang and Xavier Rashotsky.

44. As part of these discussions, UpgradeYa specifically asked how its Bitcoin would be secured after they were transferred to Cred. Rashotsky told UpgradeYa that Cred "use[s] third party custodians like Fireblocks to store customer funds." Although Rashotsky further stated that Cred "move[s] funds around for the purposes of our operations," and "use[s] Bitcoin funds in storage to generate yield," UpgradeYa's loan agreement made expressly clear that title to the Bitcoin was never transferred and that neither Cred nor Fireblocks was authorized to secret the collateral out the back door. Rashotsky assured UpgradeYa that Cred would "ensure funds and positions are secured throughout the duration of loans"—meaning that UpgradeYa's Bitcoin would be kept safe.

45. This representation was false when it was made. Because the co-conspirators had already identified UpgradeYa as a mark, Cred always intended to transfer UpgradeYa's Bitcoin from Fireblocks to third party asset managers and investment companies, including Defendants. Cred performed little or no due diligence on the third parties to which it transferred UpgradeYa's collateral and did not institute any procedures or processes to ensure that UpgradeYa's collateral was "secured throughout the duration" of the loan. The co-conspirators instead agreed and worked together to dupe UpgradeYa into transferring its Bitcoin to Fireblocks to help with Cred's upside-down finances that resulted from the massive, uncollateralized $100 million "loan" that Cred had issued to co-conspirator moKredit.

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

46. As set forth more fully below, Cred was experiencing a liquidity crisis at the time it induced UpgradeYa to deposit Bitcoin with Fireblocks and was in dire need of an infusion of additional assets in order to keep its business operations running. The Individual Defendants withheld this information from UpgradeYa, which would not have entered into an agreement with Cred, or transferred its Bitcoin to Fireblocks, if it had known the truth about Cred's precarious financial state.

**C. UpgradeYa and Cred Enter into a Loan and Security Agreement**

47. In reliance on these misrepresentations and omissions, UpgradeYa selected Cred as its provider of a cryptocurrency-backed loan. On April 20, 2020, UpgradeYa and Cred entered into a Loan and Security Agreement (the "Agreement"). Under the Agreement, Cred agreed to provide UpgradeYa with a $2 million revolving line of credit (the "Line of Credit") secured by 531.3004746 Bitcoin (the "Collateral"), pledged by UpgradeYa as collateral in an amount equal to an initial maximum loan-to-value ratio of 50%.

48. Under the terms of the Agreement, UpgradeYa retained ownership of the Bitcoin it pledged as collateral to secure the loan. The Agreement expressly provides that Cred had only a security interest in the Collateral. Accordingly, the Agreement and subsequent transfers did not transfer legal or equitable title in the Bitcoin.

49. Any ability to sell, use or otherwise dispose of the Collateral was contemplated only in the event of a default by UpgradeYa. Cred never declared any default; UpgradeYa is not, in fact, in default; and Cred has not foreclosed on the Collateral.

**D. UpgradeYa Transfers the Collateral to Fireblocks**

50. On April 21, 2020, Cred identified thirty digital wallet accounts maintained by Fireblocks to receive UpgradeYa's Bitcoin. Upon information and belief, only Fireblocks held the keys to these digital wallets—not Cred.

51. Between April 21 and April 27, UpgradeYa transferred 531.3004746 Bitcoin to Fireblocks, as bailee of the Collateral, in sixty separate transactions. At the time, this Bitcoin was worth approximately $4 million.

8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

11 of 24

52.   UpgradeYa transferred the Bitcoin for the sole purpose of allowing Fireblocks to maintain it as Collateral securing UpgradeYa's Line of Credit pursuant to the terms of the Agreement. Based on Cred's representations, UpgradeYa understood that while the exact Bitcoin it deposited may be "moved around," an equivalent amount of Bitcoin would remain "in storage" and would be "secured" at Fireblocks "throughout the duration" of UpgradeYa's loan.

**E.    UpgradeYa Withdraws 10% of the Collateral**

53.   Between April 2020 and August 2020, the value of the Collateral increased substantially as a result of a rise in the price of Bitcoin. On August 20, 2020, the Collateral had a market value of $6,325,132.15—an increase of over $2 million from the time it was initially pledged.

54.   Accordingly, UpgradeYa requested to withdraw 10% of the Bitcoin it had deposited with Fireblocks, to return the deposited Collateral to a loan-to-value ratio closer to the requisite 50%.

55.   On August 13, 2020, Cred agreed to return 53.1200475 Bitcoin to UpgradeYa, leaving approximately 478.17 Bitcoin deposited as Collateral.

**F.    Defendants Conspire to Transfer the Collateral from Fireblocks to Third Parties Who Steal It**

56.   Instead of ensuring that UpgradeYa's Collateral was "secured throughout the duration of" UpgradeYa's loan, as Cred had falsely promised UpgradeYa it would do, the Defendants and Cred conspired to transfer the Collateral from Fireblocks to multiple third parties, including borrower moKredit; asset managers Elevar, 100 Acre, Sarson Funds, AX Momentum, Fifth Khagan, and Blockfills; and fiat trading partner Galois, who subsequently transferred it to fiat banking intermediary Silvergate. Defendants made, facilitated, and/or received these transfers for their own benefit and for that of their co-conspirators.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

**a. The Individual Defendants and James Alexander**

57. As found by the Court-Appointed Examiner Report, Individual Defendants Schatt, Hua, Podulka and Wheeler were derelict in their duties as managers of Cred. The Examiner noted multiple failures on the part of Cred's corporate managers, including:

> (i) un-systemic, chaotic and, in some instances, non-existent diligence, accounting, and compliance functions; (ii) allowance for currency migration to non-Cred entities operating in mainland China (moKredit), without legal or practical capacity to repatriate capital as and when requested/needed by Cred; and (iii) allocation of important managerial and operating functions to an individual [James Alexander] with an extremely worrisome past.

58. Indeed, as part of the conspiracy, the Individual Defendants agreed to operate Cred without enacting proper accounting, compliance, diligence, or legal functions. They purposefully avoided implementing any controls related to critical issues like asset management, storage, and transfers, and intentionally failed to maintain any records identifying, reconciling, or tracking customers' cryptocurrencies. This lack of controls and records made it easier for the Individual Defendants and their co-conspirators to transfer customer funds, including UpgradeYa's, between and among themselves and other third parties in furtherance of the fraudulent scheme.

59. As an additional part of the fraudulent scheme, Cred and the Individual Defendants vested considerable corporate authority in James Alexander, Cred's Chief Capital Officer. Prior to being hired by Cred, Alexander was convicted in the United Kingdom for crimes related to illegal money transfers, for which he was sentenced to three years and four months in prison. Alexander apparently escaped from prison and had been identified by the UK government as a fugitive.

60. As the CCO and head of Cred Capital, Alexander was responsible for raising and deploying capital and had broad power and discretion over Cred's customers' funds. In furtherance of the conspiracy, Alexander was granted the control and ability to transfer Cred's assets with little oversight and solicited numerous additional Defendants and co-conspirators to join the conspiracy.

10

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13 of 24

61. For example, as detailed in the Court-Appointed Examiner Report, at Alexander's recommendation, Cred entered into a relationship with an entity named QuantCoin, which was purportedly an asset manager. Cred transferred 700 Bitcoin to QuantCoin in February 2020 and an additional 100 Bitcoin that April. Cred later purported to have "learned" that QuantCoin was a fraud and that its entire 800 Bitcoin "investment" had been lost.

62. In June 2020, Alexander had a Cred employee transfer approximately 225 Bitcoin to a private wallet. According to the Court-Appointed Examiner Report, Alexander engaged in multiple subsequent transfers of the Bitcoin, liquidating some of the coin to USD and transferring it to his private bank accounts. Although Alexander subsequently returned approximately $2,773,488 in assets to the Cred bankruptcy estate, he failed to return approximately $664,468 worth of assets that he had transferred to himself. On February 9, 2021, Alexander was being deposed in a lawsuit brought against him by Cred. During a requested break in the deposition, Alexander filed for Chapter 11 bankruptcy in the Central District of California.

**b. Defendant moKredit**

63. Defendant moKredit is a Chinese microlending firm owned by Hua. As he did with Cred, Hua built moKredit to operate with nonexistent controls.

64. In a brazen act of self-dealing and in furtherance of the conspiracy, Hua caused moKredit and Cred to enter into a loan and security agreement on December 27, 2018, pursuant to which Cred extended a $100 million line of credit to moKredit. Defendant Hua and his co-conspirators stripped Cred of any ability to ensure that it could enforce the loan agreement and effectuate repayment in the event that moKredit, a company located and doing business in China, defaulted or was otherwise unwilling or unable to satisfy its repayment obligations.

65. Beginning in 2019, Cred converted cryptocurrency deposited by its customers into fiat currency, which it then loaned to moKredit. moKredit used these funds to make short-term, high-interest microloans to Chinese customers. Cred loaned at least $38 million to moKredit under this arrangement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 20 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

66. On information and belief, Cred's loans to moKredit were unsecured and not backed by any collateral, and Cred performed minimal diligence before entering into the loan and security agreement with moKredit.

67. On March 12, 2020, the price of Bitcoin dropped precipitously. Following this "flash crash," Cred encountered margin calls in connection with certain of its hedge positions, which it could not satisfy. The hedges were terminated, and Cred was left with a cumulative net short position with respect to its hedges of approximately $27 million.

68. Cred lacked the liquidity necessary to reinstate the hedges, in part because it had transferred 700 Bitcoin to QuantCoin during the prior month. Cred subsequently attempted to recall $10 million of the $38 million it had transferred to moKredit in order to reconstitute some of its hedges, but Hua informed Cred that moKredit could not repay the loan. This self-dealing and refusal to repay the loan had a significant and adverse impact on Cred's liquidity and cash flow position, prevented Cred from reconstituting the hedges, and left Cred exposed to fluctuations in the price of Bitcoin. In the ensuing weeks and months, the price of Bitcoin steadily rose and, because Cred could not reestablish its hedges (due to a lack of liquidity), so too did Cred's liabilities.

69. At the time that UpgradeYa was negotiating the Agreement with Cred, therefore, Cred was desperate for an infusion of additional funds. Upon information and belief, Cred, moKredit, Schatt, Hua, Podulka, and Wheeler conspired to induce UpgradeYa to enter into the Agreement and deposit its Bitcoin with Fireblocks in order to compensate for the excessive liabilities caused by moKredit's unrepaid loan.

**c. Defendant Fireblocks**

70. In February 2020, Cred sought an over-the-counter asset custodian that could hold and transfer cryptocurrency deposited with Cred. At Schatt's direction, Cred entered into a licensing agreement with Fireblocks on February 21, 2020.

71. The licensing agreement required Cred to put adequate controls in place in order to avoid "collusion risk"—the risk of double-spending cryptocurrency—including enacting protocols

12

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 21 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

and procedures to ensure that passwords were appropriately stored and tracked. Podulka was responsible for enacting such procedures with respect to Fireblocks but, in accordance with the Individual Defendants' agreement to operate Cred without enacting proper accounting, compliance, diligence or legal functions, no such procedures were ever put in place. Podulka and Alexander, among other Cred employees, had unfettered access to Cred's customers' funds that were deposited with Fireblocks and could transfer such funds with no oversight.

72. On information and belief, Fireblocks knew that Cred had not enacted the controls required by the licensing agreement and did nothing to require Cred to comply with the agreement or prevent Podulka, Alexander, and others from engaging in unauthorized transfers of customer funds from Fireblocks to third parties.

73. Specifically, Fireblocks did nothing to prevent the other Defendants and their co-conspirators from transferring UpgradeYa's Collateral to third parties. To the contrary, on information and belief, Fireblocks agreed with its co-conspirators to permit and facilitate the unauthorized transfer of the entire Collateral from Fireblocks to moKredit, Elevar, 100 Acre, Sarson Funds, Fifth Khagan, AX Momentum, and Blockfills.

**d. Defendant Elevar Finance LLC**

74. Beginning in 2019, Elevar, a purported lending company, joined the conspiracy. Cred and Elevar entered into an agreement pursuant to which Cred lent Elevar cryptocurrency assets at interest rates as high as 16%. Elevar benefitted from these transfers from Cred, by using the funds to engage in lending transactions with consumer lending and telecom receivable finance companies.

75. Alexander and the founder of Elevar knew each other before Cred began its relationship with Elevar.

76. The Examiner found that Cred had an asset allocation of $1,850,000 with Elevar as of May 31, 2020. Cred attempted to recall its loan to Elevar in November 2020, but was unable to regain access to these funds until at least February 2021.

13

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

16 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

77. On information and belief, a portion of the Collateral was transferred from Fireblocks to Elevar, which converted the Collateral for its own benefit.

**e. Defendant Galois Capital Alpha Fund LP**

78. On information and belief, Galois served as Cred's fiat trading partner and key intermediary between Fireblocks and Silvergate to bring about the conversion of UpgradeYa's Collateral.

79. On information and belief, a portion of the Collateral was transferred from Fireblocks to Galois, which converted the Collateral for its own benefit and for the benefit of other co-conspirators.

**f. Defendant Silvergate Bank**

80. On information and belief, Silvergate served as Cred's main fiat account and key intermediary between Galois and 100 Acre, Sarson, AX Momentum, Fifth Khagan, Fifth Khagan Management, and Blockfills to bring about the conversion of UpgradeYa's Collateral.

81. On information and belief, a portion of the Collateral was transferred from Fireblocks to Silvergate, which converted the Collateral for its own benefit and for the benefit of other co-conspirators.

**g. Defendant 100 Acre**

82. Beginning in or around April 2020, Cred began investing with 100 Acre Ventures, a purported cryptocurrency investment firm, at the recommendation of Alexander.

83. On information and belief, 100 Acre Ventures set up a special fund, Cred 100 Acre Opportunities Fund Ltd., for participating in the conspiracy.

84. The Examiner found that Cred paid a "1-2% management fee and 10-20% incentive fee to 100 Acre" for unspecified asset management services.

85. The Examiner further found that on June 29, 2020, Cred attempted to redeem all of the assets it had placed with 100 Acre. As of October 2020, however, 100 Acre still owed Cred approximately $1 million.

14

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

17 of 24

86. On information and belief, a portion of the Collateral was transferred from Fireblocks to 100 Acre, which converted the Collateral for its own benefit.

**h. Defendants Sarson Funds, AX Momentum, Fifth Khagan, and Fifth Khagan Management**

87. In March 2020, Cred began investing in Fifth Khagan, a small coin/small token fund, and AX Momentum, a covered call options fund. Sarson Funds, a cryptocurrency marketing company, is the general partner of Fifth Khagan and AX Momentum.

88. On information and belief, Fifth Khagan Management was also responsible for Fifth Khagan.

89. The Examiner found that a large portion of the investments in Fifth Khagan and AX Momentum was made by Cred.

90. On information and belief, a portion of the Collateral was transferred from Fireblocks to AX Momentum and Fifth Khagan.

**i. Defendant Blockfills**

91. Blockfills is an electronic, off exchange, digital liquidity provider. Blockfills' business model seeks to arbitrage the price difference of various cryptocurrencies and derivatives across different exchanges.

92. Cred initiated a relationship with Blockfills on the recommendation of Daniyal Inamullah, Cred's Vice President of Capital Markets.

93. Cred invested a portion of its assets with Blockfills and earned an 8-10% return.

94. On information and belief, a portion of the Collateral was transferred from Fireblocks to Blockfills, which converted the Collateral for its own benefit.

**2. UpgradeYa Learns That It Has Been Defrauded and Its Collateral Has Been Misappropriated and Converted**

95. On October 28, 2020, Michael Zhang of Cred informed UpgradeYa by email that "Cred has experienced irregularities in the handling of specific corporate funds by a perpetrator of fraudulent activity that has negatively impacted Cred's balance sheet and precipitated a law enforcement investigation into the loss of these funds." Zhang was referring to an FBI

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 24 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

investigation of Cred's 800 Bitcoin "investment" in QuantCoin, which resulted in a total loss. Zhang stated that Cred temporarily suspended all inflows and outflows of funds.

96. The next day, UpgradeYa contacted Schatt to inquire about the status of the Collateral being held by Cred and requested to settle the Line of Credit and withdraw the Collateral. On October 31, 2020, Schatt responded, stating "unfortunately I won't be able to provide an update for 7-10 days."

97. Again, on November 7, 2020, UpgradeYa contacted Schatt stating that it would fulfill its obligations and repay the entire $2 million Line of Credit in return for its Collateral. Defendant Schatt never responded.

98. On November 10, 2020, Cred confirmed in writing to UpgradeYa that "we are holding 478.17 BTC as collateral for your loan of $2,000,000."

99. Over the next few days, however, it became clear that this statement was materially false in every respect, as Fireblocks no longer held any of UpgradeYa's Collateral.

**G. Cred's Bankruptcy Lifts the Veil on this Conspiracy**

100. On November 7, 2020, Cred filed its Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware.

101. Cred's bankruptcy filing was precipitated by, among other things, gross mismanagement, malfeasance, and the theft of millions of dollars' worth of Bitcoin perpetrated by Cred's former officers, vendors, asset managers, commercial banks, and others.

102. Cred sought to attribute responsibility for its demise on failures in corporate leadership, Schatt, Hua, and Alexander, and failed investments in moKredit. But Cred did not lose UpgradeYa's coin through poor investments; rather, it was taken pursuant to a conspiracy spearheaded by Schatt and Hua.

**<u>FIRST CAUSE OF ACTION</u>**

**Conversion**

(Against All Defendants)

103. UpgradeYa incorporates by reference each and every allegation contained above as if set forth fully herein.

16

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 25 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

104. UpgradeYa owns and has a right to possession of the Collateral.

105. The Collateral is in the unauthorized possession of Defendants, who have acted to exclude UpgradeYa's rights as the owner of the Collateral.

106. UpgradeYa suffered damages as a result of Defendants' conversion—including the complete loss of 478.17 Bitcoin—in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**Breach of Fiduciary Duty**
(Against Defendants Fireblocks Inc. and Fireblocks LLC)

107. UpgradeYa incorporates by reference each and every allegation contained above as if set forth fully herein.

108. A bailee must exercise reasonable care and diligence in safeguarding the bailed property and is responsible for loss or injury resulting from negligence. A bailee's failure to return bailed property on demand raises a presumption of negligence.

109. Fireblocks was the bailee and custodian of UpgradeYa's Collateral.

110. Between April 23, 2020 and April 27, 2020, UpgradeYa transferred lawful possession of the Collateral to Fireblocks.

111. As the bailee of UpgradeYa's Collateral, Fireblocks owed fiduciary, statutory, and common law duties to UpgradeYa to account for the Collateral as UpgradeYa's property, including a duty to act with reasonable care with respect to the Collateral in its custody.

112. Not only has Fireblocks failed to return the bailed property, it knowingly effectuated the transfer of UpgradeYa's Collateral from Fireblocks to Defendants and other co-conspirators.

113. Fireblocks breached fiduciary, statutory, and/or common law duties owed to UpgradeYa by participating in such acts.

114. Fireblocks' failure to return the Collateral is *prima facie* evidence of gross negligence.

115. UpgradeYa suffered damages as a result of Fireblocks' breach of the duties it owed as bailee—including the complete loss of 478.17 Bitcoin—in an amount to be determined at trial.

17

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

20 of 24

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

**THIRD CAUSE OF ACTION**
**Aiding and Abetting Breach of Fiduciary Duty**
(Against the Individual Defendants, moKredit, Elevar, Galois, Silvergate, 100 Acre, 100 Acre Cred Opportunities Fund Ltd., Sarson Funds, AX Momentum, Fifth Khagan, Fifth Khagan Management, and Blockfills)

116. UpgradeYa incorporates by reference each and every allegation contained above as if set forth fully herein.

117. Fireblocks breached fiduciary, statutory, and/or common law duties owed to UpgradeYa, as detailed above.

118. Defendants had actual knowledge of Fireblocks' breach of duty.

119. Defendants knowingly induced and participated in the breach by providing substantial assistance to Fireblocks by assisting, helping conceal, and failing to act when required to do so, thereby enabling Fireblocks' breach to occur.

120. UpgradeYa suffered damages as a result of the breach of fiduciary duty that Defendants aided and abetted—including the complete loss of 478.17 Bitcoin—in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Fraud**
(Against All Defendants)

121. UpgradeYa incorporates by reference each and every allegation contained above as if set forth fully herein.

122. Defendants agreed amongst themselves and with Cred to defraud UpgradeYa for their personal benefit, and never withdrew from that agreement.

123. Defendants acted in furtherance of their corrupt agreement to defraud UpgradeYa for their personal benefit.

124. Defendants and Cred misrepresented and concealed material facts from UpgradeYa.

125. Defendants and Cred knew that these misrepresentations were false.

126. Defendants and Cred intended to induce reliance upon these misrepresentations and omissions.

18

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

21 of 24

127. UpgradeYa and its agents were justified in relying upon Defendants' and Cred's material misrepresentations and omissions.

128. UpgradeYa suffered damages as a result of Defendants' misrepresentations and omissions—including the complete loss of 478.17 Bitcoin—in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**Aiding and Abetting Fraud**
(Against All Defendants)

129. UpgradeYa incorporates by reference each and every allegation contained above as if set forth fully herein.

130. UpgradeYa was a victim of an underlying fraud perpetrated by Cred.

131. Defendants were aware of Cred's fraud as stated herein.

132. Defendants substantially assisted Cred's fraud as stated herein.

133. UpgradeYa suffered damages as a result of the fraud that Defendants aided and abetted—including the complete loss of 478.17 Bitcoin—in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff UpgradeYa Investments, LLC requests that this Court enter a judgment against Defendants as follows:

A. Award Plaintiff such preliminary and permanent injunctive and ancillary relief as may be necessary to avert the likelihood of injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary, preliminary, and permanent injunctions, an order freezing assets, and immediate access to records;

B. An award of monetary damages, along with all interest, costs, and attorneys' fees recoverable by law, in an amount to be determined at trial;

C. Disgorgement of Defendants' ill-gotten gains;

D. A constructive trust over any business or proceeds that Defendants directed from and via unlawful enterprises;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 20-12836-JTD Doc 791-1 Filed 05/26/21 Page 28 of 29 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/07/2021

E. Punitive damages; and

F. Such other and further relief as the Court deems just and proper.

Dated: April 7, 2021

Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: /s/ Jonathan G. Kortmansky

J. Noah Hagey
Jonathan G. Kortmansky
Douglas S. Curran
Gunnar K. Martz
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel./Fax: (646) 829-9403
hagey@braunhagey.com
kortmansky@braunhagey.com
curran@braunhagey.com
martz@braunhagey.com

*Counsel for Plaintiff*
*UpgradeYa Investments, LLC*

20

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

23 of 24

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all claims and causes of action triable before a jury.

Dated: April 7, 2021

Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: */s/ Jonathan G. Kortmansky*

J. Noah Hagey
Jonathan G. Kortmansky
Douglas S. Curran
Gunnar K. Martz
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel./Fax: (646) 829-9403
hagey@braunhagey.com
kortmansky@braunhagey.com
curran@braunhagey.com
martz@braunhagey.com

*Counsel for Plaintiff*
*UpgradeYa Investments, LLC*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.