## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 20-12836 (JTD) |
| CRED INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | **Related to Docket Nos. 786, 787, 791, 795, 802** |

### REPLY OF THE CRED INC. LIQUIDATION TRUST TO THE OBJECTION OF UPGRADEYA INVESTMENTS, LLC TO THE INTERIM RELIEF REQUESTED IN THE EMERGENCY MOTION OF THE CRED INC. LIQUIDATION TRUST TO (I) ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) ENJOIN UPGRADEYA INVESTMENTS, LLC FROM PROSECUTING THE CIVIL ACTION AND SIMILAR CLAIMS IN OTHER FORUMS

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the "Debtors") hereby submits this reply (the "Reply") to the objection [Docket No. 802] (the "Objection") of UpgradeYa Investments, LLC ("UpgradeYa") to the interim relief sought in the *Emergency Motion of the Cred Inc. Liquidation Trust to (I) Enforce the Chapter 11 Plan and Confirmation Order and (II) Enjoin UpgradeYa Investments, LLC from Prosecuting the Civil Action and Similar Claims in Other Forums* [Docket No. 786] (the "Emergency Motion").[2]  In support of this Reply, the Trust respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Emergency Motion.

## REPLY

### A.  The Emergency Motion is Procedurally Proper

1.    UpgradeYa asserts that rules 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") mandate that the Trust commence an adversary proceeding.  Bankruptcy Rule 7001(7) states that an adversary proceeding is "a proceeding to obtain an injunction or other equitable relief, *except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief*."  (emphasis added).  Bankruptcy Rule 7001(9) states that an adversary proceeding is "a proceeding to obtain a declaratory judgment relating to" Bankruptcy Rule 7001(7).

2.    The Trust is seeking to *enforce* an injunction that is already in place under the Plan and Confirmation Order.[3]  The Trust is not asking this Court to issue a new injunction.  As such, the relief sought in the Emergency Motion falls squarely within the exception to Bankruptcy Rule 7007 (*i.e.*, "except when a . . . chapter 11 plan . . . provides for the relief."), and no adversary proceeding is required.

3.    In addition to the plain reading of Bankruptcy Rule 7001(7), this Court and the Third Circuit routinely grant *motions* to enjoin third parties from prosecuting claims that are derivative and thus property of a chapter 11 liquidating trust.

4.    In *Semcrude*, the Third Circuit affirmed an order on a *motion* seeking to enforce the plan and confirmation order by enjoining an Oklahoma state court lawsuit because the claims were derivative and thus property of the liquidating trust.  796 F.3d 310, 316 (3d Cir. 2015)

---

[3]    *See, e.g.*, Confirmation Order at ¶¶ 45, 29, 9 ("[N]o Creditor may pursue claims or causes of action that were property of the estate as of the Petition Date."); (stating that the automatic stay remains "in full force and effect until the earlier of (i) closure of each of the Debtors' Chapter 11 Cases, (ii) dismissal of each of the Debtors' Chapter 11 Cases or (iii) order of the Court."); ("the provisions of the [Plan], the Plan Supplement, and this Order shall bind . . . any Holder of a Claim against . . . the Debtors . . . .").

("[defendant]'s motion to enjoin is related to the Chapter 11 reorganization plan and requires a determination that the [plaintiffs'] claims are property of the Litigation Trust.").  Similarly, in *JMO Wind Down*, this Court granted a *motion* to enforce the plan and confirmation order by enjoining a third party from prosecuting claims in a pending civil action that were derivative. *See* No. 16-10682, 2018 WL 1792185, at *6 (Bankr. D. Del. April 13, 2018) ("the Court must determine whether the claims asserted by [plaintiff] in the state court action are derivative of [the Liquidating Trust's] claims and whether injunctive relief is an appropriate remedy.").

5.      Here, the Trust has the sole authority to pursue estate causes of action.  The Plan and Confirmation Order explicitly enjoin third parties from pursuing estate causes of action. UpgradeYa has commenced an action in violation of that injunction.  The Trust now seeks enforcement of the Plan and Confirmation Order.  Accordingly, the Emergency Motion is procedurally proper and does not require an adversary proceeding.

**B.      The Trust's Request for Interim Relief is Appropriate**

6.      UpgradeYa focuses much of its efforts arguing that the Trust has failed to plead the elements necessary for an injunction.  As stated above, the Trust is not seeking a temporary restraining order, a preliminary injunction, or even a permanent injunction.  The Trust already has an injunction in place under the Plan and the Confirmation Order.  UpgradeYa has violated that injunction by commencing the Civil Action.  The Trust now seeks this Court's assistance in enforcing the injunction, and has asked the Court to do so in two stages in order to afford UpgradeYa a full opportunity to defend the Trust's Emergency Motion, while at the same time ensuring that UpgradeYa does not continue to harm the Trust and its constituents.

7.      There is nothing procedurally improper about asking this Court to enter interim relief pending a final adjudication.  This Court can and should make a preliminary determination as to whether UpgradeYa has violated the Plan and Confirmation Order.

8.      Indeed, the interim relief sought by the Trust has direct support under Bankruptcy Code section 362 and supporting case law.  Paragraph 29 of the Confirmation Order provides that the automatic stay remains "in full force and effect until the earlier of (i) closure of each of the Debtors' Chapter 11 Cases, (ii) dismissal of each of the Debtors' Chapter 11 Cases or (iii) order of the Court."  The automatic stay generally prevents third parties from pursuing estate causes of action.  *See In re Soundview Elite Ltd.*, 565 B.R. 534, 544 (Bankr. S.D.N.Y. 2017) (stating that derivative claims are property of the estate subject to the automatic stay).

9.      The way in which Congress drafted Bankruptcy Code section 362 demonstrates that the automatic stay was intended to be broad in scope.  *See In re Krystal Cadillac Oldsmobile GMC Truck, Inc.,* 142 F.3d 631, 637 (3d Cir. 1998).  This breadth includes acts against property of a debtor's estate "even when the property is merely 'arguably' property" of the debtor's estate. *See Hertzenberg*, 521 B.R. at 106; *see also, e.g.*, *In re Chesnut,* 422 F.3d 298, 303-04 (5th Cir. 2005) (automatic stay protects property that is "arguably" property of the estate); *In re Levenstein,* 371 B.R. 45, 48 (Bankr. S.D.N.Y. 2007) (adopting the "arguable property" concept); *In re Taub,* 427 B.R. 208 (Bankr. E.D.N.Y. 2010), *affirmed*, 2011 WL 1322390 (E.D.N.Y. 2011) (quoting *Levenstein,* the court stated that "courts in this circuit have concluded that the automatic stay applies even where 'the debtor's claimed interest in property may turn out to be groundless'"); *Bohm v. Howard (In re Howard),* 422 B.R. 593, 602 (Bankr. W.D. Pa. 2010) (citing *Chesnut* with approval); *In re Global Outreach, S.A.,* No. 09-15985 (DHS), 2009 WL

1606769, at \*8 (Bankr. D.N.J. 2009) (the court considered the concept of "arguable property" "instructive")).

10.       Although some courts have found the "arguable" property standard to be "too loose," those courts still find that where there is a bona fide dispute as to an estate's ownership interest, "it is reasonable to hold that the stay applies, pending resolution of the dispute." *See In re Franco*, 574 B.R. 730, 736 (Bankr. D.N.M. 2017) (citing *Chestnut*, 422 F.3d at 303-04; *In re Pickel*, 487 B.R. 289, 294-95 (Bankr. D.N.M. 2013); *In re Endeavour Highrise, L.P.*, 432 B.R. 583, 630 (Bankr. S.D. Tex. 2010)).

11.       Here, there is no question that a bona fide dispute exists as to whether the claims at issue became property of the Debtors' estates on the Petition Date.[4]  This bona fide dispute has been ongoing for six months and involved multiple hearings, a deposition, and additional briefing by the parties to determine the validity of UpgradeYa's asserted interest in the claims.

12.       The Court was previously unable to determine the nature of UpgradeYa's alleged direct claims because UpgradeYa "did not provide drafts of a complaint, but, rather, provided general and somewhat vague descriptions of the types of actions it intends to pursue." *See* Docket No. 565 at p. 3.  The Court noted that "[w]ithout a complaint before me that identifies the

---

[4]    The Bankruptcy Code applies the concept of "bona fide dispute" in Bankruptcy Code sections 303 (involving involuntary cases) and 363 (involving sales of property free and clear).  The concept, however, is not defined in the Bankruptcy Code.  The Third Circuit has adopted its own test, finding that a bona fide dispute exists "[i]f there is a genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts." *B.D.W. Assocs. Inc. v. Busy Beaver Bldg. Ctrs., Inc.,* 865 F.2d 65, 66 (3d Cir. 1989).  "Under this standard, the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute" as to the validity of debt (in the section 303 context) and as to the validity of the asserted interest (in the section 363 context).  *See In re AMC Investors, LLC*, 406 B.R. 478, 483-84 (Bankr. D. Del. 2009); *In re NJ Affordable Homes Corp.*, No. 05–60442, 2006 WL 2128624, \*10 (Bankr. D.N.J. June 29, 2006).  "The court's objective is to ascertain the existence of a dispute, not to actually resolve the dispute." *Id.*

specifics of the claims being asserted and the party against whom they are asserted, I cannot determine whether those claims belong to the estate or to UpgradeYa." *Id.* at p. 4.

13. Now that the Complaint has been filed, the Court can make a final determination as to the nature of the claims. However, until a decision is made, there remains a bona fide dispute as to whether the Claims became property of the Debtors' estates on the Petition Date, and thus belong to the Trust. Accordingly, pending that resolution, the automatic stay applies to the Civil Action.[5]

## C. UpgradeYa is Not Prejudiced by Staying the Civil Action

14. The Trust is seeking a brief stay of the Civil Action until a final adjudication of the Emergency Motion, which is currently set for hearing in less than two weeks. The Trust's request is reasonable and will not prejudice UpgradeYa, particularly in light of the fact that: (i) the Court entered an order on February 26, 2021 finding that UpgradeYa is free to pursue direct claims against third parties, yet UpgradeYa waited until April 7, 2021 to file the Complaint based on the same allegations asserted in its January 21, 2021 briefing; and (ii) UpgradeYa has not effected service of process on all Defendants.

15. To the extent UpgradeYa is arguing some form of prejudice resulting from a loss of litigation momentum, that is through UpgradeYa's own doing. Given the prior stay relief litigation, UpgradeYa was fully aware that upon learning of the Civil Action, the Trust would

---

[5] The mere filing of the Civil Action already constitutes a violation of the automatic stay. *See In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3d Cir. 1990) ("A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded."). UpgradeYa objected to the Plan and negotiated for specific language to be included in the Confirmation Order regarding the automatic stay. UpgradeYa's belief as to whether the Claims are direct or derivative is irrelevant. Prior to filing the Civil Action, UpgradeYa should have sought relief from the automatic stay and presented the Complaint to this Court. The Trust reserves all rights to seek damages for UpgradeYa's violation of the automatic stay, including for attorneys' fees under Bankruptcy Code section 362(k).

seek a determination from this Court that the claims are derivative.  Although UpgradeYa had no

legal obligation to inform the Trust of the Complaint, had UpgradeYa done so, this issue could

have been adjudicated prior to commencement of the Civil Action.  UpgradeYa's decision not to

inform the Trust or come before this Court with its proposed Complaint and seek a comfort order

forced the Trust's hand in seeking emergency relief.

16.     On the other hand, the prejudice that the Trust and the more than 6,500 creditors

of the Debtors will suffer if the Civil Action continues is considerable.  Many of the Defendants

in the Civil Action are small businesses or individuals—not fortune 500 companies with millions

of dollars to spare on legal costs.  Every dollar that is spent on defense costs by the Defendants in

connection with the Civil Action, including responding to discovery or negotiating briefing

schedules (which UpgradeYa states has commenced) will reduce the Trust's ability to recover on

causes of action against those third parties for the benefit of creditors.

**D.     The Insurance Proceeds are Property of the Estate**

17.     UpgradeYa argues that the D&O insurance proceeds are not recoverable by the

Trust, and thus there is no prejudice to the Trust in allowing the Civil Action to continue.

18.     *First*, UpgradeYa misses the point.  It is not only the depletion of D&O proceeds

that concerns the Trust.  As discussed above, the Trust is concerned about the depletion of *any*

money that the Defendants in the Civil Action will expend in defending causes of action that

belong to the Trust.

19.     *Second*, UpgradeYa is simply wrong.  A careful reading of the applicable D&O

insurance policy at issue, attached hereto as **Exhibit A**, makes clear that the proceeds are

property of the estate and recoverable directly by the Trust.

20.     This Court has held that proceeds of an insurance policy that provides direct coverage to a debtor are property of the estate.  *See In re Allied Digital Technologies Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004).  On the other hand, "when insurance policies provide direct coverage to directors and officers, the proceeds of the insurance policy are not property of the bankruptcy estate because the proceeds are payable to the directors and officers not the estate." *Id*.

21.     The Debtors' applicable D&O insurance policy is not so black and white because it is a contemporary policy with carve outs to indemnify the debtor post-dissolution for a failure traceable to mismanagement by executives.  Specifically, the policy includes the following carve outs:

> a Claim that is a derivative action brought or maintained on behalf of the Company by one or more persons who are not Insured Persons, where: (i) the Claim is brought and maintained without the participation, solicitation or active assistance of the Company or any Insured Person; or (ii) any such participation, solicitation or active assistance of the Company or any Insured Person is protected by any whistleblower statute or is solely pursuant to, or in compliance with, an enforceable subpoena or legal process
> . . .
>
> a Claim that is brought by or on behalf of a bankruptcy trustee, examiner, receiver, or creditors' committee of the Company against which such Claim is made, or any assignee of such bankruptcy trustee, examiner, receiver, or creditors' committee

Ex. A, ¶¶ J(1),(4).

22.     The foregoing carveouts are unique in that they allow a chapter 11 debtor's estate (or a successor thereto) and creditors to be the primary, actual, and intended beneficiaries of the policy (as opposed to the individual directors and officers).  The Trust's claims against the D&O Defendants fall squarely within these carve outs.  And the proceeds resulting from these claims would be payable directly to the Trust, not the D&O Defendants.  Accordingly, the insurance

proceeds at issue *are* recoverable by the Trust, and UpgradeYa's Civil Action will deplete such proceeds for seemingly no purpose if the Court ultimately grants the Emergency Motion.  For this reason, the Civil Action should be stayed pending final adjudication of the Emergency Motion.[6]

## CONCLUSION

23.     For the reasons set forth above, the Trust respectfully requests that this Court: (i) overrule the Objection; (ii) enter the Proposed Interim Order temporarily staying the Civil Action pending the final adjudication of the Emergency Motion; and (iii) grant such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
      June 4, 2021

McDERMOTT WILL & EMERY LLP

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile:  (302) 351-8711

- and -

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel to the Cred Inc. Liquidation Trust*

---

[6]     The Trust does not give any weight to UpgradeYa's extension of additional time for the D&O Defendants to respond to the Complaint.  Without a stay in place, the D&O Defendants and their counsel will almost certainly continue to expend money in connection with the Civil Action.