```
 1                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
 2
                                    .   Chapter 11
 3   IN RE:                         .
                                    .   Case No. 20-12836 (JTD)
 4   CRED INC., et al.,             .
                                    .   Courtroom No. 5
 5                                  .   824 North Market Street
                                    .   Wilmington, Delaware 19801
 6                                  .
                                    .
 7                   Debtors.       .   June 4, 2021
     . . . . . . . . . . . . . . . .    11:00 A.M.
 8
          TRANSCRIPT OF TELEPHONIC MOTION TO ENFORCE HEARING
 9             BEFORE THE HONORABLE JOHN T. DORSEY
                  UNITED STATES BANKRUPTCY JUDGE
10
11   APPEARANCES:

12   For Cred, Inc.,          David R. Hurst, Esquire
     Liquidation Trust:       MCDERMOTT WILL & EMERY LLP
13                            1007 North Orange Street, 10th Floor
                             Wilmington, Delaware 19801
14
                              - and -
15
                              Timothy W. Walsh, Esquire
16                            Darren Azman, Esquire
                              340 Madison Avenue
17                            New York, New York 10173

18   For UpgradeYa:           Kim Brown, Esquire
                              LANDIS RATH & COBB
19                            919 Market Street
                              Wilmington, Delaware 19801
20

21
     Audio Operator:          Jason Spencer
22
     Transcription Company:   Reliable
23                            1007 N. Orange Street
                              Wilmington, Delaware 19801
24                            (302)654-8080
                              Email: gmatthews@reliable-co.com
25   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
```

1    MOTION GOING FORWARD:

2    1. Emergency Motion of the Cred Inc., Liquidation Trust to
     (I) Enforce the Chapter 11 Plan and Confirmation Order and
3    (II) Enjoin UpgradeYa Investments, LLC from Prosecuting the
     Civil Action and Similar Claims in Other Forums [Filed
4    5/24/21; Docket No. 786]

5        **RULING:   Motion Granted**

6

7    EXHIBITS                              I.D.      REC'D

8    Declaration of Christman Rice                    15

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    (Proceedings commenced at 11:00 a.m.)

2         THE COURT:  Good morning.  This is Judge Dorsey.

3    We're on the record in Cred Inc.; Case Number 20-12836.

4         I will go ahead and turn it over to the

5    liquidating trustee's counsel.

6         MR. AZMAN:  Good morning, Your Honor.  Darren

7    Azman from McDermott Will & Emery, counsel to the trust.

8         There is just one item on the agenda today and

9    that is the trust's motion to enforce the plan injunction

10   provisions.  Your Honor, if you're ready for me to go

11   forward, there are two topics that I would like to cover this

12   morning on that motion.

13        THE COURT:  Go ahead.

14        MR. AZMAN:  Your Honor, the first topic I want to

15   cover relates to the underlying merits of our motion and the

16   second is the procedural objection that was raised by

17   UpgradeYa.

18        Your Honor, on the merits UpgradeYa's claims are

19   generalized; they are not particular.  UpgradeYa has tried to

20   mask that conclusion by putting their name at the top of the

21   complaint, but you really can see right through it with a

22   basic understanding of the facts.  These are really the same

23   facts that we were discussing before Your Honor earlier this

24   year.

25        The facts are pretty simple.  UpgradeYa

1  transferred bitcoin to the debtor and that bitcoin is gone.

2  The case law in this circuit is clear, to be a direct claim

3  the creditor's claim must not be the same as other creditors

4  and it must be independent of any alleged injury to the

5  debtor.  And the creditor must also be able to demonstrate

6  that they can prevail without showing an injury to the

7  debtor.  Your Honor, that is impossible here.

8        UpgradeYa was harmed because it lost the bitcoin

9  it transferred to Cred, that's it.  And every other creditor

10  in this case was harmed in that way, either with bitcoin or

11  some other form of cryptocurrency that they sent to the

12  debtors and lost.

13        So it doesn't matter how UpgradeYa has filed its

14  complaint.  The court must look to the underlying wrongs and

15  determine whether UpgradeYa, in fact, alleges a

16  particularized injury.  Many courts, including the Seventh

17  Circuit, go one step further and say that the creditor must

18  have suffered an injury significantly different from the

19  injuries to creditors in general.  That is the Ashland Oil

20  case that we cited in our brief.

21        Your Honor, every other creditor in this case

22  could have filed a civil action, but they didn't.  They filed

23  a proof of claim and they are waiting patiently in line.

24  Now, notably, UpgradeYa also filed a proof of claim in this

25  case and it's based on the same exact facts underlying their

1  civil action or also their bitcoin.

2            This is what happened in the Marketing [phonetic]

3  case that we cited from the Eastern District Of New York

4  Bankruptcy Court.  In that case, in discussing whether a

5  creditor had direct claims against third parties or whether

6  those claims were derivative the (indiscernible) noted that a

7  creditor had filed a proof of claim against the debtor for

8  the same exact loss that it was alleging against third

9  parties.  As a result the court found that the proof of claim

10 filed by the creditor amounted to a concession that its loss

11 arose from the debtors, not from independent actions by third

12 parties.

13            Your Honor, here UpgradeYa's civil action is based

14 on the same exact loss alleged in its proof of claim.  Just

15 like the court noted in Marketing.  If UpgradeYa somehow

16 recovers many of the third parties it is suing for the loss

17 of its bitcoin it would be forced to reduce its claim against

18 the debtors.  That is the very definition of an injury that

19 is not independent from the debtors.

20            So we would submit, Your Honor, that collateral

21 estoppel actually precludes UpgradeYa from arguing that their

22 claims against third parties are independent in any way from

23 the debtors.

24            Now we can also look at each cause of action in

25 UpgradeYa's complaint to see why the claims are derivative.

1   First is conversion.  UpgradeYa alleges that all the

2   defendants are liable for converting UpgradeYa's bitcoin.

3   The court will recall that in prior testimony UpgradeYa

4   admitted that it cannot trace the bitcoin that it transferred

5   to the debtor.  And the case law is clear that comingled

6   funds held by the debtor that can't be traced are property of

7   the estate even if the funds were supposed to be held in the

8   trust.

9         So the bitcoin that UpgradeYa complains of being

10  converted was the debtor's bitcoin.  And any conversation

11  that occurred harmed the debtor through equity, not

12  UpgradeYa.  So those claims are necessarily derivative.

13        The next group of claims are the breach of

14  fiduciary duty claims as well as the aiding and abetting

15  those breaches of fiduciary duties.  UpgradeYa alleges that

16  Fireblocks breached fiduciary duties that it apparently owed

17  to UpgradeYa.  In asserting this cause of action UpgradeYa

18  ignores a number of facts that are uncontested.

19        First, UpgradeYa never had any contact with

20  Fireblocks.  They had no contract with them.  The Fireblocks

21  accounts were owned and held by Cred.  These are not

22  UpgradeYa accounts.  UpgradeYa also claims that Fireblocks

23  acted as a bailee of UpgradeYa.  Again, this makes no sense

24  given that the accounts were held in Cred's name.  If there

25  was a bailsman relationship of any kind it was, of course,

1  between Fireblocks and Cred as the account holder, and it was

2  Cred that would have been directly harmed.

3          Perhaps an easier example of this is a wire

4  transfer with a traditional bank account.  Your Honor, if you

5  wire someone $10,000 to their Chase bank account Chase

6  doesn't owe you a fiduciary obligation; they owe the account

7  holder an obligation to credit the account and hold those

8  funds pending further instruction from the account holder.

9  Chase doesn't even know you are in that transaction.  They

10 know you as a stream of account numbers.

11         The facts here are no different and probably even

12 stronger given the nature and anonymity of cryptocurrency

13 transactions when there's not even a name associated with the

14 transfer.  Your Honor, if there was any fiduciary obligation

15 it was owed to Cred and, thus, these claims too against

16 Fireblocks cannot be direct.

17         Lastly are the fraud claims.  UpgradeYa alleges

18 that Cred was, and I'm quoting here,

19          "A little more than a shell company through which

20 defendants operated a conspiracy to defraud Cred's

21 customers."

22         That is the basis for the fraud claims.  Mr.

23 Parrish made clear in his sworn testimony that the only two

24 people he had contact with regarding his investments with

25 Cred were (I) someone who is unaffiliated with the debtors

1  and who is not a defendant in the civil action, so that

2  person is not relevant here, and (II) a Cred employee; that's

3  it, no one else.

4        Your Honor, if there was any misrepresentation

5  made to UpgradeYa that forms the basis for a fraud claim it

6  was by the debtors to the one employee that Mr. Parrish

7  apparently spoke to and that, of course, is a claim against

8  the debtors that can be pursued through a timely filed proof

9  of claim.

10       Now if UpgradeYa's allegations are true about Cred

11 being used as a shell to commit fraud then these third

12 parties harmed the debtors through that fraud, not UpgradeYa.

13 It's a claim that the debtors have against these third

14 parties.  So based on Mr. Parrish's prior testimony UpgradeYa

15 cannot possibly have a direct claim for fraud against any of

16 these third parties.

17       Your Honor, I want to turn to the procedural

18 issues that UpgradeYa raised in its objection.  UpgradeYa

19 argues that the trust needs to file an adversary proceeding

20 because we are seeking injunctive relief.  That is an

21 incorrect reading of the bankruptcy rules.  UpgradeYa points

22 to Bankruptcy Rule 7001-7 for its argument.  Under that rule

23 an adversary proceeding is needed to obtain an injunction or

24 other equitable relief, but there is an explicit carve-out.

25 It says except when a Chapter 9, Chapter 11, Chapter 7 or

1    Chapter 13 plan provides for the relief.

2              Your Honor, we are seeking to enforce an
3    injunction that is already contained in the plan.  We are not
4    asking for a new injunction.  So we do not need an adversary
5    proceeding to do that.  And, of course, the case law in this
6    circuit and this court, generally, is consistent with that.
7    We cited two examples of cases from this court where a court
8    enjoined litigation pursuant to a plan because the plaintiff
9    was pursuing estate causes of action; exactly what is
10   happening here and it was done through a motion, not an
11   adversary proceeding.

12             Now in terms of the interim relief we are seeking
13   this is nothing different.  If an adversary proceeding is not
14   necessary for the ultimate relief we are seeking how could
15   one possibly be necessary for the interim relief we are
16   seeking.  And in any event, this court can rely on the
17   automatic stay to make a preliminary ruling and certainly no
18   adversary proceeding is necessary for that.

19             The plan makes clear that the automatic stay is
20   still in effect.  Estate causes of action are, of course,
21   subject to the stay and courts interpret the stay broadly
22   finding that so long as the property at issue is arguably
23   property of the estate or under the more strict rule so long
24   as there is a bonafides dispute the court can enter
25   preliminary relief until the matter is adjudicated in order

1  to preserve the status quo.  That is exactly what we are

2  asking the court to do.  So, again, there are no procedural

3  defects with our request.

4          Your Honor, if UpgradeYa is allowed to proceed

5  with its claims I have no doubt that others will do the same.

6  UpgradeYa lost a lot of money, but we have a number of other

7  creditors who lost a lot more and who have a significant

8  financial means to hire lawyers to pursue third parties.  If

9  other creditors pursue these claims it will eviscerate the

10 trust.  We will have no purpose and it will undercut the

11 bankruptcy codes most fundamental principles of providing a

12 centralized forum to resolve all claims and ensure an orderly

13 and ratable distribution to creditors.

14         So we urge the court not to go down that path.

15 Thank you.

16         THE COURT:  Thank you, Mr. Azman.

17         Anyone wish to speak in support of the trust's

18 motion before I turn to UpgradeYa?

19     (No verbal response)

20         THE COURT:  Alright, let me hear from UpgradeYa.

21         MS. BROWN:  Good morning, Your Honor.  Kim Brown

22 from Landis Rath & Cobb appearing today on behalf of

23 UpgradeYa Investments.

24         Your Honor, joining me today is Mr. Christman Rice

25 from BraunHagey who was counsel to UpgradeYa in the civil

1  action and who executed the declaration in support of

2  UpgradeYa's objection to the interim relief requested in the

3  emergency injunction motion.

4        Your Honor, they say if it walks like a duck and

5  quacks like a duck it's a duck.  Anecdotally if the trust

6  asks this court to enjoin UpgradeYa from continuing the civil

7  action and the relief requested without the effect of

8  enjoining the civil action then the relief the trust requests

9  is an injunction.  The fact UpgradeYa had to even guess at

10  the grounds the trust relied on for the extraordinary relief

11  it requests and the trust felt the need to file a reply to

12  identify the relief it's seeking today mere hours before this

13  hearing only underscores why the trust's motion should be

14  denied on its face.

15        The trust has utterly failed to identify the

16  factual and legal basis that would permit this court to

17  provide it with the extraordinary relief it has requested,

18  whether that relief is called a preliminary injunction or an

19  extension of the automatic stay.  By failing to provide this

20  most basic information the trust has deprived UpgradeYa of a

21  full and fair opportunity to respond to the relief it seeks.

22  Moreover, it has not even attempted, let alone met, its

23  burden to prove it's entitled to such extraordinary relief in

24  the circumstances.

25        Unless Your Honor would prefer otherwise I will

1  first address why the relief requested is procedurally

2  improper, then I will discuss why the trust has not met its

3  burden to demonstrate its entitled to a preliminary

4  injunction, and then, to cover all my basis, I will explain

5  why the trust has not met its burden to show the automatic

6  stay should be extended to non-debtor third parties that this

7  court has no jurisdiction over.

8           As an initial matter the trust emergency

9  injunction motion is procedurally improper and should be

10  denied outright.  As cited in the objection, the bankruptcy

11  rules and case law are clear to obtain the extraordinary

12  remedy of a preliminary injunction the movant must initiate

13  an adversary proceeding and file the requisite motion seeking

14  such relief.  The federal rules of bankruptcy procedure are

15  not suggestions, they're rules; rules that are required to be

16  followed.  The trust is not above or exempt from following

17  these rules.  And these rules serve very important purposes

18  including providing procedural, due process and other

19  protections in favor of the defendants.

20           Now here there are two rules that are of

21  particular importance.  The first is Bankruptcy Rule 7001

22  which requires, in pertinent part, that a proceeding to

23  obtain an injunction or other equitable relief must be done

24  through an adversary proceeding unless the plan provides

25  otherwise.

1       Your Honor, in the trust's motion it asks this

2   court to enjoin the civil action in the event that the court

3   determines the claims are, in fact, UpgradeYa's direct

4   claims. This would be in direct conflict with the plan in

5   Paragraph 45 of the confirmation order that expressly

6   provides nothing in the plan or the confirmation order may

7   enjoin a creditor such as UpgradeYa from pursuing its direct

8   claims; as such, because the trust seeks to nullify a heavily

9   negotiated provision of the plan, it was required to proceed

10  through an adversary proceeding.

11      The second important rule at play here is

12  Bankruptcy Rule 7007(b)(1)(b) and (c) which expressly

13  requires that a motion must, and I'll quote,

14      "State with particularity the grounds for seeking

15  the order and state the relief that is sought."

16      Here the trust has failed to initiate an adversary

17  proceeding and to file the requisite motion to seek a

18  preliminary injunction.  Even more troubling the trust

19  failed, in its emergency injunction motion, to state the

20  precise relief it seeks or articulate the grounds for seeking

21  such extraordinary relief let alone with any particularity.

22  The trust's cavalier disregard of these bankruptcy rules has

23  placed UpgradeYa in the unfair and inappropriate position of

24  having to shadowbox and guess on what the grounds the trust

25  is seeking the extraordinary remedy of a preliminary

1  injunction.  This is the kind of --

2          THE COURT:  Hold on.  How is it unclear to

3  UpgradeYa what relief they are requesting?  They're saying

4  UpgradeYa filed a complaint in the State of New York seeking

5  to recover under causes of action that are property of the

6  debtors' estate.  I can figure it out.  Why can't UpgradeYa

7  figure it out?  It's pretty straight-forward to me.

8          And I will put to rest your idea that they have to

9  file an adversary, they don't.  The 7001 clearly states they

10 don't have to file an adversary proceeding in order to

11 enforce something in a plan.  That is exactly what they are

12 trying to do here.

13         So let's put that to rest now and move onto some

14 other arguments that actually might help you.

15         MS. BROWN:  Sure, Your Honor.

16         So, Your Honor, it's extremely important to keep

17 in mind here that it's the trust, as the movant, who bears

18 the burden of demonstrating that it's entitled to the

19 extraordinary relief it seeks and it's not met that burden

20 whether it calls it a preliminary injunction or an extension

21 of the automatic stay to non-debtor third parties.  This

22 court lacks jurisdiction over it.

23         Your Honor, before I move into the substance of

24 reason --

25         THE COURT:  Well hold on, let me put you to rest

1   on the jurisdictional issue too because if you have sued

2   third parties against whom the debtors have claims I

3   absolutely have jurisdiction over those parties.

4          MS. BROWN:  Okay, Your Honor.  I will move on from

5   that.

6          Before I move into the substantive reasons that

7   the interim relief should be denied I'd like to move the

8   declaration of Mr. Christman Rice into evidence.  Mr. Rice's

9   declaration was submitted as Exhibit A to UpgradeYa's

10  objection which appears on the docket at Entry No. 802.  Mr.

11  Rice is participating in today's hearing via Zoom and is

12  available for cross-examination and to answer any questions

13  Your Honor may have.

14         THE COURT:  Is there any objection, Mr. Azman?

15         MR. AZMAN:  No, Your Honor.  No objection to the

16  admission of the declaration.

17         THE COURT:  Alright, it's admitted without

18  objection.

19      (Declaration of Christman Rice received into evidence)

20         MR. AZMAN:  No need to cross either.

21         THE COURT:  Alright, thank you.

22         MS. BROWN:  Thank you, Your Honor.

23         If this court rules in the relief from stay order

24  Section 362(a) operates only to stay actions against the

25  debtors and its property.  As with the preliminary injunction

1  is an extraordinary exercise of discretion to stay a non-

2  debtor third-party action.  Courts have held that Bankruptcy

3  Code Section 362 does not automatically stay actions taken

4  against third parties that are only factually likely as

5  opposed to legally certain to impact estate property.  And as

6  explained, that the mere possibility that a third-party

7  action will have some effect on a debtor's estate is not

8  enough to stay or enjoin a creditor's third-party action.

9            THE COURT:  Well it's enough if the causes of

10  action that are being alleged are derivative causes of action

11  that belong to the estate.  You are asserting control over

12  estate property by bringing those causes of action.

13            MS. BROWN:  I disagree, Your Honor, and believe

14  that they are, in fact, direct claims of UpgradeYa which I

15  will address momentarily.

16            THE COURT:  Well I've read the complaint.  In the

17  first couple of paragraphs these are the allegations: Cred

18  and its coconspirators engaged in a sustained and fraudulent

19  scheme to dupe UpgradeYa and other investors.  Cred presented

20  itself to UpgradeYa and the rest of the market as a reliable,

21  reputable and experienced cryptocurrency based financial

22  services company.  But Cred was actually covertly engaged in

23  converting its customers' assets into cryptocurrency.

24            Those are all estate causes of action.  They are

25  not direct claims of UpgradeYa.

1        MS. BROWN:  I can certainly understand why the

2   court would see that the sentence that addresses both the

3   fact that UpgradeYa and other creditors may have direct

4   claims, but I believe that the actual causes of action that

5   we have identified are, in fact, UpgradeYa's direct claims.

6   With respect to fraud --

7        THE COURT:  If every creditor has the same claim

8   against these third parties and all of those creditors are

9   creditors of the debtors' estate that makes them estate

10  causes of action because they're all the same; they're all

11  based on the same factual allegations.  There is no

12  independent assertion of a fact that would raise these to an

13  independent cause of action.

14       MS. BROWN:  Your Honor, I would agree with that;

15  however, UpgradeYa's uniquely positioned against the debtors'

16  other creditors.  First, you've got the "Cred Earn" program

17  and the "Cred Borrow" program.  The majority and nearly the

18  entirety all except thirteen creditors fall under the Cred

19  Earn program.  Under the Cred Earn program those creditors

20  knowingly and intentionally, and with permission, transferred

21  title and ownership to its collateral to Cred as part of the

22  Cred Earn program.

23       With respect to the Cred Borrow program and as we

24  have cited in our supplemental reply briefing even among

25  those creditors UpgradeYa was uniquely situated and

1  UpgradeYa's agreement it was clear that it did not transfer

2  ownership or property interest in its collateral.  Unlike one

3  of the other Cred Borrow agreements they have expressly

4  stated that the ownership was being transferred to Cred, that

5  there was risks of loss that they were understanding and

6  willing to take including that bitcoin could be stolen.

7           This is completely different from the position

8  that UpgradeYa found itself in.  And its --

9           THE COURT:  I don't think it's any different

10 because you have UpgradeYa transferred assets to the debtors,

11 the debtors comingled those assets with all the other assets

12 of the debtors so there is no way to trace where those assets

13 went or what happened to them.  It's all mingled together, so

14 it's all part of the debtors' estate.

15           MS. BROWN:  Your Honor, I would disagree with that

16 respectfully in one instance. So the harms that UpgradeYa are

17 asserting occurred before the debtors comingled UpgradeYa's

18 bitcoin with other collateral.  UpgradeYa has made the claim

19 of fraud and in the complaint it alleges that UpgradeYa's

20 asserted and will prove at trial that the civil action that

21 Cred's former officers and directors made material

22 representation and/or omissions unique to UpgradeYa that they

23 fraudulently induced UpgradeYa to transfer its collateral to

24 Fireblocks.

25           With respect to its breach of fiduciary duty

1 claims these claims are premised on duties flowing from the

2 special bailsman relationship arose when UpgradeYa entrusted

3 its collateral which, again, it did not transfer ownership of

4 to Fireblocks's care despite the trust arguments to the

5 contrary that there is no legal requirement that a fiduciary

6 duty must arise from a contract or be more or less in

7 writing.  UpgradeYa asserts that Fireblocks owed it a

8 fiduciary duty and it failed to meet its obligations

9 thereunder.

10          UpgradeYa also has asserted and is seeking damages

11 for conversion of its property as a result of the defendants

12 interference with UpgradeYa's property interest and its

13 collateral which, again, unlike nearly every single one of

14 the debtors' other creditors UpgradeYa did not transfer a

15 property interest.

16          As before, in the context of the relief from stay

17 litigation, counsel to the trust failed to recognize that

18 unlike nearly every other creditor UpgradeYa didn't transfer

19 ownership interest in the bitcoin and additionally the trust

20 continues to ignore the fact that the defendants conversion

21 of UpgradeYa's property occurred before it was ever comingled

22 with the debtors' other cryptocurrency.

23          Finally, UpgradeYa asserted and will prove the

24 civil action that all of the defendants engaged in aiding and

25 abetting and civil conspiracy based on the underlying

1   tortious conversion, fraud and breach of fiduciary duty.

2   Each of these claims, as UpgradeYa explained in its

3   supplemental briefing, are quintessential direct claims.

4   Furthermore, the trust lacks standing to pursue these claims.

5   Its (indiscernible) that in order to have standing a party

6   must assert his own legal rights and interests, and cannot

7   rest its claim to relief on the legal rights or interest of

8   third parties like UpgradeYa.

9           Finally, the doctrine of *in pari delicto* bars the

10  trust from bringing any of these claims because as detailed

11  in the examiner's report the debtors are complicit, if not

12  active participants in the wrongdoing perpetrated on

13  UpgradeYa and were part of the conspiracy to steal its

14  collateral.  Its well-established that debtors and their

15  successors in interest of the trust are barred from asserting

16  and recovering claims against third parties where those

17  claims are premised on wrongful conduct for which the

18  debtors' themselves participated and are liable.

19          Thus, in light of the fact each of the claims of

20  breaches in the civil action are for harms personal to it.

21  Such claims are direct claims.  And because the debtors, as

22  explained in the examiner's report, were participants in and

23  benefited from these harms the doctrine of *in pari delicto*

24  bars the trust from pursuing such claims on the debtors'

25  estates behalf.  (Indiscernible) UpgradeYa who will prevail

1  on the merits and the trust has presented no evidence to the

2  contrary.  Moreover, it's the trust who bears the burden to

3  show that it is entitled to an extension of the stay.

4       With respect to the D&O defendants the only harm

5  that the trust has articulated is that there is a potential

6  depletion of the D&O insurance policies.  And while we didn't

7  get an opportunity to review the policy until this morning,

8  frankly, its moot because UpgradeYa has offered to extend the

9  deadline for all of the D&O defendants and to pause the

10  proceedings with respect thereto until 30 days after the

11  court rules on the emergency injunction motion which is

12  actually more relief then they had requested.

13       THE COURT:  Well, let me -- they're not seeking to

14  extend the automatic stay to third parties.  They are saying

15  that you have sued third parties for actions that belong to

16  the debtors' estate.  They are not seeking to stop you from

17  suing third parties because this automatic stay should be

18  extended to those third parties, they're seeking to enforce

19  the plan injunction which said that all these claims belong

20  to the debtors' estates and, therefore, you have sued parties

21  for causes of action that belong to the debtors' estates and

22  they need to be brought by the estate and not by third

23  parties.  So they're not seeking to extend the automatic

24  stay.

25       MS. BROWN:  Okay.  Well then they're seeking to

1   enjoin -- in fact, they say in the very last, I think its

2   Paragraph 75 of their motion, that to the extent the court

3   finds that any of the claims are direct claims of UpgradeYa

4   they're asking this court to enjoin them despite the fact

5   that Paragraph 45 of the confirmation order.  That was

6   heavily negotiated among UpgradeYa and counsel to the trust

7   provides that to the extent that the creditor has direct

8   claims they are free and not to be enjoined from pursuing

9   such claims.

10          By asking for a deviation from the plan, which

11  would nullify this heavily negotiated provision, that, I

12  believe, would require them and put them squarely back into

13  Rule 7001 for the request for an adversary proceeding.

14          THE COURT:  Well that begs the question. I mean

15  the initial question is are any of these claims in the

16  complaint direct claims of UpgradeYa.  They say they aren't.

17  So that begs the question.  That is not before me today.

18          MS. BROWN:  That is correct, Your Honor.

19          THE COURT:  The only issue before me today is

20  should I stay this proceeding temporarily until we can have a

21  full hearing where you have the opportunity to present all of

22  your arguments and all of your facts in order to convince me

23  that these are, in fact, direct claims.  Once that happens

24  then if there are direct claims you will be allowed to pursue

25  them.  I got to tell you, based on my reading of this

1  complaint I don't see any direct claims here.

2        MS. BROWN:  Well we will certainly hope to

3  convince Your Honor otherwise with the pleadings and the

4  argument when those issues are before Your Honor on the 17th.

5  In the meantime, for what is before Your Honor today, it is

6  still the trust's burden to demonstrate that it is entitled

7  to the extraordinary relief that it requests.

8        We have mooted the request with respect to the D&O

9  defendants.  With respect to the corporate third party

10  defendants the only thing that the trust has articulated is

11  that their concerns that if the action were to continue with

12  respect to these corporate third-party defendants that they

13  will incur defense costs and that it could somehow hurt them

14  down the road.

15        First let's presuppose that the trust has claims

16  against each of these defendants, that the trust will pursue

17  such claims, that the trust will obtain monetary judgements

18  in favor of those claims, and that the defendants will be

19  unable to pay any such judgment at any time in the future.

20  The trust who, again, bears the burden of proof has not

21  submitted any evidence to support this.  Moreover, this is

22  not a harm that is immediate or irreparable. The Third

23  Circuit has expressly held that an injury measured fully in

24  monetary terms cannot establish the type of harm necessary to

25  enable this court to halt the civil action proceeding.

1          THE COURT:  Well that's if they're seeking a

2   preliminary injunction which they are not. They are seeking

3   to enforce an injunction that is already in place.  Same

4   thing with 362, the automatic stay.  There is no requirement

5   for a debtor to prove the elements necessary to obtain a

6   preliminary injunction if they're seeking to enforce the

7   automatic stay.  I ruled on that in other cases if the

8   statute itself provides the stay.

9          So all the debtors are doing is saying you're

10  pursuing causes of action that belong to the estate that's in

11  violation of my order approving the plan, and therefore I

12  should enforce that order.  That is what I am doing.  I am

13  not imposing a TRO or a preliminary injunction.

14         MS. BROWN:  Your Honor, I respectfully disagree

15  that the trust has provided sufficient evidence that these

16  claims do not fall under Paragraph 45 of the confirmation

17  order (indiscernible) we can pursue them.  They're the exact

18  same claims and causes of action that we outlined in our

19  prior relief from stay proceeding in which the court found

20  that if these are what we were seeking we'd have the right to

21  pursue them.

22         THE COURT:  No, that is not what I said.  That is

23  not what I said in that prior order.  What I said in my prior

24  order was I couldn't tell what you were trying to pursue

25  because you were so vague in the allegations that you were

1  making and you refused to provide me with a draft of the

2  complaint that you planned on filing. I have no way of making

3  a determination of whether your claims were direct or not.

4  So you took the risk.  You took the risk without providing me

5  with a copy of the complaint, without providing the debtors

6  with a copy of the complaint -- excuse me, the trust a copy

7  of the complaint before you filed it.  That is the risk that

8  you took when you decided to proceed this way.

9          As far as what they have shown me they have shown

10 me the complaint. I can read the complaint. I have read the

11 complaint and it sure looks like there are derivative causes

12 of action in there.

13         MS. BROWN:  Very well, Your Honor.  I am not

14 trying to put words into your mouth, but we do believe that

15 the trust has not met its burden and provided any evidence to

16 show that there is any harm with the continuation of the

17 civil action with respect to the corporate third-party

18 defendants.

19         THE COURT:  They don't have to show harm.  They

20 have to show that you are pursuing causes of action that

21 belong to the debtors.  That is all they have to show and

22 they have done that by showing me the complaint.

23         MS. BROWN:  Okay, Your Honor.  I will rest on the

24 papers and the arguments that I have provided today.

25         THE COURT:  Alright.

1    MS. BROWN:  Unless Your Honor has any additional

2  questions for me.

3    THE COURT:  I do not.  We will have the -- I am

4  going to enter the order requested by the debtors staying

5  this action in New York until we have the full hearing on the

6  motion which is scheduled for when, the 17th?

7    MS. BROWN:  That's correct, Your Honor.

8    THE COURT:  Alright, we will have the hearing on

9  the 17th.  Do the parties plan on introducing any evidence at

10  that hearing?

11    MS. BROWN:  Yes, Your Honor, that is likely.

12    THE COURT:  Witness testimony?

13    MS. BROWN:  That is likely.  We have not yet had

14  an opportunity to completely game out what our plan will be

15  for the 17th as we have been focused on the prior motions and

16  the interim relief.  I would expect so and we will certainly

17  inform the court once we have made this determination if that

18  will be the case.

19    THE COURT:  Alright, debtor -- excuse me, the

20  trustee going to have any evidence?

21    MR. AZMAN:  I suspect we will, Your Honor, but

22  similar to Ms. Brown I don't know that we have made any

23  definitive decisions.  I know that's not helpful in counting

24  on how much time we will need.

25    THE COURT:  Alright, then I am going to make that

1  hearing a live hearing in the courtroom.  So everybody should

2  plan accordingly to be here for that hearing with witnesses

3  if you have them.

4           Does anybody have any concerns if we do that

5  hearing live?

6           MS. BROWN:  I do not have any concerns, Your

7  Honor.

8           MR. AZMAN:  No.  It will be nice to be in court.

9           THE COURT:  Alright.

10           MS. BROWN:  That's for sure.

11           THE COURT:  Okay.  So that hearing will be live.

12  We are going to be coming out with a new order for

13  proceedings that are live now that we're kind of coming out

14  of the pandemic issues.  So parties should be prepared to --

15  you do have to wear a mask in the common areas and in the

16  courtroom unless you are sitting at counsel table.  You have

17  the option of leaving your mask on if you're not speaking.

18  If you do speak you have to remove your mask.  If you're at

19  the podium you need to remove your mask, and the witnesses

20  need to remove their mask when testifying.

21           Everything else we will discuss prior to the

22  beginning of the hearing on the 17th.

23           MS. BROWN:  Thank you, Your Honor.

24           MR. AZMAN:  Thank you, Your Honor.

25           THE COURT:  Thank you.  Like I said I will enter

1  the order submitted by the -- has that been uploaded for

2  electronic signature?

3          MR. AZMAN:  Your Honor, I think we want to make --

4  I don't know if we uploaded it, but if it hasn't we will.

5  There is just one change we want to make.  Actually I don't

6  have it up in front of me.  I want to make sure, and I'm sure

7  Ms. Brown doesn't have an issue, that that order is served to

8  all defendants in the civil action so that they are aware of

9  the stay.  I don't know if it needs to be filed necessarily;

10  although, it probably should so that the judge is aware.  So

11  I just wanted to ensure that everyone would be made aware of

12  that pending the outcome of the final hearing.

13          THE COURT:  Alright.

14          MR. AZMAN:  We can add that to the order if that

15  concept is acceptable.

16          THE COURT:  Yes, that's fine.  Go ahead and submit

17  it under COC.

18          MR. AZMAN:  Great.  We will submit it to the

19  court.  Thank you, Your Honor.

20          THE COURT:  Alright, anything else for today?

21          MR. AZMAN:  No.  That's everything on the agenda.

22          THE COURT:  Alright, thank you.  We're adjourned.

23      (Proceeding concluded at 11:35 a.m.)

24

25

1

<u>CERTIFICATE</u>

2

3      I certify that the foregoing is a correct transcript

4 from the electronic sound recording of the proceedings in the

5 above-entitled matter.

6

<u>/s/Mary Zajaczkowski</u>            June 4, 2021

7 Mary Zajaczkowski, CET**D-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25