IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF CRED,<br>INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>JAMES ALEXANDER,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 21-417 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

At Wilmington, this 21st day of June 2021:

1. Before the Court is Cred Inc. Liquidation Trust, as successor-in-interest to the Official Committee of Unsecured Creditors of Cred Inc. ("the Trust")'s Emergency Motion for an Order (I) Holding James Alexander in Contempt of Court and (II) Issuing a Bench Warrant for the Arrest and Detention of James Alexander (D.I. 2, "the Motion"). Based on the filings submitted by the parties and the arguments held on June 2, 2021 and June 14, 2021, and for the reasons stated on the record, IT IS HEREBY ORDERED that the Motion is GRANTED-IN-PART and DENIED-IN-PART.

2. The Court GRANTS the Motion and finds that Mr. Alexander is in contempt for failing to comply with the February 5, 2021 emergency order issued by the United States Bankruptcy Court for the District of Delaware ("the Emergency Order").

3. The Court ORDERS that, as a sanction for contempt, for the transactions identified in Sections 1, 2, 3, 6, and 7, of the Trust's June 14, 2021 Letter (D.I. 27) ("the Subject

Transactions"), Mr. Alexander is precluded from ever challenging that the Subject Transactions were made for an improper purpose.

4. The Court further ORDERS that, also as a sanction for contempt, Mr. Alexander is precluded from challenging that he did not have the right to execute the Subject Transactions.

5. IT IS FURTHER ORDERED that:

    a. By no later than June 16, 2021, Mr. Alexander shall produce the information concerning foreign bank accounts requested in Section 4 of the Trust's June 14, 2021 Letter;

    b. By no later than June 21, 2021, the Trust may identify transactions for further explanation;

    c. By no later than June 24, 2021, for each transaction identified by the Trust, Mr. Alexander shall submit to the Trust and the Court under seal, a sworn statement identifying the (a) counter-parties to each transaction (name, physical address, phone number, email address); and (b) an explanation of the purpose of each transaction; and

    d. The Trust may submit a letter to the Court requesting a status conference concerning compliance with (a) – (c).

6. The Court further ORDERS that, by June 24, 2021, Mr. Alexander submit a sworn declaration identical to the declaration Mr. Alexander submitted on May 10, 2021 but in compliance with 28 U.S.C. § 1746.

7. To the extent that the Trust identifies further suspect accounts or transactions, the Trust may seek an order as to those accounts or transactions, similarly precluding Mr. Alexander from challenging that those transactions were made for an improper purpose.

8. The Motion is DENIED as to all other requested relief.

                                            */s/ Maryellen Noreika*
                                            The Honorable Maryellen Noreika
                                            United States District Judge