# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 30, 2021 at 4:00 p.m. (ET)**<br>**Hrg. Date: August 19, 2021 at 11:00 a.m. (ET)** |

### MOTION OF THE LIQUIDATION TRUST FOR ENTRY OF ORDER TERMINATING DONLIN, RECANO & COMPANY, INC.'S RETENTION AS CLAIMS AND NOTICING AGENT FOR DEBTORS AND AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO AS CLAIMS AND NOTICING AGENT FOR THE LIQUIDATION TRUST

The Cred Inc. Liquidation Trust (the "Liquidation Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the "Debtors") files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Retention Order"), pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012, (the "Claims Agent Protocol"), (i) terminating the services of Donlin, Recano & Company, Inc. ("Donlin Recano") as claims and noticing agent in the Chapter 11 Cases and (ii) appointing Stretto ("Stretto")[2] as claims and noticing agent (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

"Claims and Noticing Agent") for the Liquidation Trust. In support of the Motion, the Liquidation Trust relies upon the *Declaration of Sheryl Betance in Support of the Motion of the Liquidation Trust for Entry of Order Terminating Donlin, Recano & Company, Inc.'s Retention as Claims and Noticing Agent for Debtors and Authorizing the Employment and Retention of Stretto as Claims and Noticing Agent for the Liquidation Trust*, which is attached hereto as **Exhibit A**. In further support of the Motion, the Liquidation Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), Local Rule 2002-1(f), and 28 U.S.C. § 156(c).

4. Pursuant to Local Rule 9013-1(f), the Liquidation Trust consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

## BACKGROUND

5. On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in the Court.

6. On November 10, 2020, the Court entered its *Order Authorizing Retention and Appointment of Donlin, Recano & Company, Inc. as Claims and Noticing Agent for Debtors, Nunc Pro Tunc to Petition Date* [Docket No. 28] (the "Donlin Retention Order"). The Donlin

Retention Order approved the Debtors' entry into the Standard Claims Administration and Noticing Agreement with Donlin Recano and the appointment of Donlin Recano as the claims and noticing agent in the Chapter 11 Cases.

7.     On March 11, 2021, the Court entered an order [Docket No. 629] confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").[3]  The Plan became effective on April 19, 2021 (the "Effective Date").  *See* Docket No. 730.  On the Effective Date of the Plan, the Liquidation Trust was established and all assets of the Debtors were transferred and assigned to the Liquidation Trust.  *See* Plan, § 12.3.

## RELIEF REQUESTED

8.     By the Motion, the Liquidation Trust respectfully requests entry of an order, substantially in the form of the Retention Order, under 28 U.S.C. § 156(c), Bankruptcy Code section 105(a), and Local Rule 2002-1(f), (i) terminating the services of Donlin Recano as claims and noticing agent in the Chapter 11 Cases and (ii) authorizing the employment and retention of Stretto as the Claims and Noticing Agent for the Liquidation Trust, in accordance with the terms set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "Engagement Agreement").

## BASIS FOR RELIEF

### I.     Termination and Discharge of Donlin Recano

9.     Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Furthermore, the Court is not precluded from "taking any action or

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

3

making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

10. Pursuant to the Donlin Retention Order, the Court authorized Donlin Recano to provide claims and noticing services in the Chapter 11 Cases. Since its retention, Donlin Recano continuously performed the claims and noticing services, including: (a) serving motions, orders, notices and other documents filed with the Court as directed by the Debtors; (b) receiving and processing proofs of claim filed against the Debtors' estates; (c) maintaining the official claims register; and (d) hosting a public website and toll-free telephone number dedicated to providing information about the Chapter 11 Cases.

11. The services of Donlin Recano will no longer be needed upon the appointment of Stretto. Donlin Recano has, to date, fully performed its duties under the Donlin Retention Order, including by completing all mailings directed to be served by the Debtors and processing all claims it has received in connection with the Chapter 11 Cases. Further, Donlin Recano will ensure its substantial compliance with Local Rule 2002-1(f)(xii) upon entry of the Proposed Order by: (a) forwarding to the Clerk of the Court and the replacement claims and noticing agent an electronic version of all imaged claims and a data export of all filed and scheduled claims; (b) uploading the creditor mailing list into CM/ECF and sending the creditor mailing list in an electronic format acceptable to the Claims and Noticing Agent; (c) docketing a final claims register and providing the Claims and Noticing Agent with an electronic Claims Register with the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured,

priority, etc.), and (vi) any disposition of the claim; and (d) boxing and transporting all original claims to the Claims and Noticing Agent.

12. Accordingly, the Liquidation Trust respectfully requests that the Court terminate Donlin Recano's retention as claims and noticing agent in the Chapter 11 Cases.

## II.  The Need for Retention of a Claims and Noticing Agent

15. During the Chapter 11 Cases, Stretto provided necessary services to the Official Committee of Unsecured Creditors, the predecessor to the Liquidation Trust, including operating a website for the purpose of communicating with the Debtors' creditor body.  To facilitate the smooth operation of the Liquidation Trust and the proper notice to creditors, equity holders, and other parties in interest, the Liquidation Trust seeks the continued assistance of Stretto, in this instance as an experienced claims and noticing agent.

16. Stretto is a market leader in developing customized solutions to meet unique domestic and international deposit-management needs.  The administration of the Liquidation Trust involves complex cryptocurrency assets and a creditor body that is spread around the globe.  Accordingly, the Liquidation Trust submits that the appointment of Stretto as claims and noticing agent is in the best interests of the Liquidation Trust.

## III.  Stretto's Qualifications

17. Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases and trusts established by chapter 11 plans.  Stretto's professionals have experience in noticing, claims administration, and facilitating other administrative aspects of chapter 11 trusts and chapter 11 cases and experience in matters of this size and complexity.  Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  Stretto's active and former cases include: *In re VIVUS, Inc.*, Case No. 20-

11779 (LSS) (Bankr. D. Del. July 10, 2020); *In re Maines Paper & Food Service, Inc.,* Case No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC,* Case No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020); *In re Basin Transload, LLC,* Case No. 20-11462 (JTD) (Bankr. D. Del. June 3, 2020); *In re Superior Air Charter, LLC,* Case No. 20-11007 (CSS) (Bankr. D. Del. Apr. 29, 2020); *In re True Religion Apparel, Inc.,* Case No. 20-10941 (CSS) (Bankr. D. Del. Apr. 14, 2020); *In re Ravn Air Group, Inc.,* Case No. 20-10755 (BLS) (Bankr. D. Del. Apr. 7, 2020); *In re Rudy's Barbershop Holdings, LLC,* Case No. 20-10746 (LSS) (Bankr. D. Del. Apr. 6, 2020); *In re API Americas Inc.,* Case No. 20-10239 (CSS) (Bankr. D. Del. Feb. 4, 2020); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) (Bankr. D. Del. Nov. 15, 2019); and *In re Fleetwood Acquisition Corp.*, Case No. 19-12330 (KG) (Bankr. D. Del. Nov. 5, 2019).

**IV.    Services to be Provided**

18.    Stretto will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

    a.    Prepare and serve required notices and documents in the docket of the Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") in the form and manner directed by the Liquidation Trust and/or the Court;

    b.    Maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs listing the Debtors' known creditors and the amounts owed thereto;

    c.    Maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party in interest or the Clerk;

d. Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

e. Maintain an electronic platform for notice purposes and purposes of filing proofs of claim;

f. For all notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service, which includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

g. Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. Maintain the official claims register (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

i. Provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

j. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l. Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

m. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

n. Identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

  o. Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Liquidation Trust and the Chapter 11 Cases as directed by the Liquidation Trust or the Court, including through the use of a case website and/or call center; and

  p. Provide the Liquidation Trust with consulting services regarding claims analysis and reconciliation, website maintenance, legal noticing, case research, confidential online workspaces or data rooms, analysis of avoidance claims, and any other services agreed upon by the Liquidation Trust or otherwise required by applicable law, governmental regulations or court rules or orders.

**V. Professional Compensation**

19. The Liquidation Trust provided Stretto an advance retainer in the amount of $25,000. Stretto seeks to first apply the advance against its unpaid fees and expenses, and thereafter to have the advance replenished to the original advance amount, which Stretto will hold pursuant to the Engagement Agreement as security for the payment of fees and expenses incurred under the Engagement Agreement.

20. Additionally, under the terms of the Engagement Agreement, the Liquidation Trust has agreed to indemnify, defend, and hold harmless Stretto and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's actual fraud, gross negligence, or willful misconduct, or as otherwise provided in the Engagement Agreement or proposed Retention Order. The Liquidation Trust believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent.

**VI. Retention and Employment of Stretto is Appropriate Pursuant to 28 U.S.C. § 156(c), Bankruptcy Code Section 105(a), and Local Rule 2002-1(f)**

21. Under 28 U.S.C. § 156(c), Bankruptcy Code section 105(a), Local Rule 2002-1(f), and the Claims Agent Protocol, the Liquidation Trust is permitted to retain and employ

Stretto as Claims and Noticing Agent in order for Stretto to assume full responsibility for Claims and Noticing Agent services.

    22.    The authority to employ the services of a claims and noticing agent is found in 28 U.S.C. § 156, which sets forth that:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156.

    23.    Bankruptcy Code section 105(a) also provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by any party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

    24.    Finally, Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, in conformity with Local Form 134, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than two hundred (200) creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) ….

Del. Bankr. L.R. 2002-1(f).

25. There are over two hundred creditors and parties in interest in the Chapter 11 Cases. Thus, the appointment of a claims and noticing agent is mandated under Local Rule 2002-1(f) and the retention of Stretto should be authorized because Stretto has developed efficient and cost-effective methods to handle the services that will be required by the Liquidation Trust.

26. Accordingly, the Liquidation Trust respectfully requests entry of the Retention Order authorizing the Liquidation Trust to retain and employ Stretto as Claims and Noticing Agent.

## **NOTICE**

27. Notice of this Motion has been given to (i) the U.S. Trustee, (ii) Donlin Recano, (iii) Stretto, and (iv) all parties that are entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this Motion, the Liquidation Trust respectfully submits that no further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Liquidation Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit B**: (i) granting the relief requested and (ii) granting such other and further relief as the Court may deem proper.

Dated: Wilmington, Delaware
July 16, 2021

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711

- and -

Darren Azman (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to the Cred Inc. Liquidation Trust*