## Exhibit A

**Betance Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF SHERYL BETANCE IN SUPPORT OF MOTION OF THE LIQUIDATION TRUST FOR ENTRY OF ORDER TERMINATING DONLIN, RECANO & COMPANY, INC.'S RETENTION AS CLAIMS AND NOTICING AGENT FOR DEBTORS AND AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO AS CLAIMS AND NOTICING AGENT FOR THE LIQUIDATION TRUST

Pursuant to 28 U.S.C. § 1746, I, Sheryl Betance, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.     I am a Senior Managing Director at Stretto ("Stretto"),[2] a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine, CA 92602.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.     This declaration (the "Betance Declaration") is made in support of the *Motion of the Liquidation Trust for Entry of an Order Terminating Donlin, Recano & Company, Inc.'s Retention as Claims and Noticing Agent for Debtors and Authorizing the Employment and Retention of Stretto as Claims and Noticing Agent for the Liquidation Trust* (the "Motion").[3]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]     Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

[3]     Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

## QUALIFICATIONS

3.      Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases and trusts established by chapter 11 plans.  Stretto's professionals have experience in noticing, claims administration, and facilitating other administrative aspects of chapter 11 trusts and chapter 11 cases and experience in matters of this size and complexity.  Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  Stretto's active and former cases include: *In re VIVUS, Inc.,* Case No. 20-11779 (LSS) (Bankr. D. Del. July 10, 2020); *In re Maines Paper & Food Service, Inc.,* Case No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC,* Case No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020); *In re Basin Transload, LLC,* Case No. 20-11462 (JTD) (Bankr. D. Del. June 3, 2020); *In re Superior Air Charter, LLC,* Case No. 20-11007 (CSS) (Bankr. D. Del. Apr. 29, 2020); *In re True Religion Apparel, Inc.,* Case No. 20-10941 (CSS) (Bankr. D. Del. Apr. 14, 2020); *In re Ravn Air Group, Inc.,* Case No. 20-10755 (BLS) (Bankr. D. Del. Apr. 7, 2020); *In re Rudy's Barbershop Holdings, LLC,* Case No. 20-10746 (LSS) (Bankr. D. Del. Apr. 6, 2020); *In re API Americas Inc.,* Case No. 20-10239 (CSS) (Bankr. D. Del. Feb. 4, 2020); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) (Bankr. D. Del. Nov. 15, 2019); and *In re Fleetwood Acquisition Corp.*, Case No. 19-12330 (KG) (Bankr. D. Del. Nov. 5, 2019).

## SERVICES TO BE PROVIDED

4.      Stretto will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

      a.      Prepare and serve required notices and documents in the docket of the

2

Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") in the form and manner directed by the Liquidation Trust and/or the Court;

b.    Maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs listing the Debtors' known creditors and the amounts owed thereto;

c.    Maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party in interest or the Clerk;

d.    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

e.    Maintain an electronic platform for notice purposes and purposes of filing proofs of claim;

f.    For all notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service, which includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

g.    Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.    Maintain the official claims register (the "<u>Claims Register</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

i.    Provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

j.    Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k.     Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l.     Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

m.    Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

n.     Identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

o.     Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Liquidation Trust and the Chapter 11 Cases as directed by the Liquidation Trust or the Court, including through the use of a case website and/or call center; and

p.     Provide the Liquidation Trust with consulting services regarding claims analysis and reconciliation, website maintenance, legal noticing, case research, confidential online workspaces or data rooms, analysis of avoidance claims, and any other services agreed upon by the Liquidation Trust or otherwise required by applicable law, governmental regulations or court rules or orders.

5.    Stretto represents, among other things, the following:

a.     Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

b.     By accepting employment for the Liquidation Trust, Stretto waives any rights to receive compensation from the United States government in connection with such employment;

c.     In its capacity as the Claims and Noticing Agent for the Liquidation Trust, Stretto will not be an agent of the United States and will not act on behalf of the United States;

d.     Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent for the Liquidation Trust;

e.     In its capacity as Claims and Noticing Agent for the Liquidation Trust, Stretto will not intentionally misrepresent any fact to any person;

f.      Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

g.      Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

h.      None of the services provided by Stretto as Claims and Noticing Agent for the Liquidation Trust shall be at the expense of the Clerk's office.

6.      Although the Liquidation Trust does not propose to retain Stretto under section 327 of the Bankruptcy Code pursuant to the Motion, I caused to be submitted for review by our conflicts system the names of potential parties-in-interest (the "Potential Parties in Interest") in these Chapter 11 Cases.  A list of Potential Parties in Interest, attached hereto as Exhibit 1, was provided and included, among other parties, the Debtors, non-Debtor affiliates, former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' largest unsecured creditors on a consolidated basis, the United States Trustee and persons employed in the office of the United States Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries.  Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties").  The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision.  At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest.  Should Stretto discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7.      To the best of my knowledge, and based solely upon information provided to me, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Stretto has and will continue to represent clients in matters unrelated to these Chapter 11 Cases.  In addition, in matters unrelated to these Chapter 11 Cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Chapter 11 Cases.  Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.  To the best of my knowledge, Stretto does not provide professional services to any entities or persons that have been identified as Potential Parties in Interest.

8.      To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, or any attorney known by Stretto to be employed in the Office of the United States Trustee serving the District of Delaware.

9.      Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed.  To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the

last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these Chapter 11 Cases.

10.      Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in Chapter 11 Cases representing the Debtors or parties in interest.  To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these Chapter 11 Cases.

11.      In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point.  Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut.  The firm has raised and managed eight private equity funds – the Trident Funds – with aggregate committed capital of approximately $25 billion.  Stone Point targets investments in the global financial services industry and related sectors.

12.      The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.  Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties.  Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in these Chapter 11 Cases as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure.  To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors, Stretto will promptly file a supplemental disclosure.

Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

13.     From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Stretto's or its personnel's knowledge.  Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

14.     From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates.  Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work.  In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained.  Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

15.     To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 16, 2021

/s/ Sheryl Betance
Sheryl Betance
Senior Managing Director, Corporate Restructuring
Stretto
410 Exchange, Ste. 100
Irvine, California 92602

## Exhibit 1

## Potential Parties in Interest

**Debtors**
Cred Capital, Inc.
Cred Inc.
Cred Merchant Solutions LLC
Cred (Puerto Rico) LLC
Cred (US) LLC

**Debtors' Former Names**
Cred LLC
Libra Credit (US) LLC

**Non-Debtor Affiliates**
Cyber Quantum Pte. Ltd.
Income Opportunities (Luxembourg) SA

**Asset Managers**
100 Acre Cred Opportunities Fund Ltd.
AX Momentup LP
Fifth Khagan LP
Reliz Ltd.
Sarson Funds LLC

**Bankruptcy Judges and Staff (for the District of Delaware)**
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Chan, Judge Ashley M.
Dorsey, Judge John T.
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Johnson, Lora
Lopez, Marquietta
Owens, Judge Karen B.
Scaruzzi, Sherry
Shannon, Judge Laurie Selber
Sontchi, Chief Judge Christopher S.
Strupezewski, Karen
Syzmanski, Cheryl
Walker, Jill
Walrath, Judge Mary F.

Werkheiser, Rachel

**Banks**
Evolve Bank & Trust
LHV Pank
Metropolitan Commercial Bank
Provident Bank
Silvergate Bank

**Clerk of the Court**
O'Boyle, Una

**Committee Members**
de Lisser, Cedric
DragonFly International Holding Limited
Lee, Wendy Laraine
Maple Partners, LLC
Michelin, Michael
Moser, Christopher
Wang, Kyle Tuo

**Current & Former Officers and Directors**
Alexander, James
Goldstein, Daniel
Labovich, Jonathan
Lyon, Grant
Matteini, Francesco
Podulka, Joe
Rokhline, Maxim
Schatt, Daniel
Wheeler, Daniel

**Insurance**
AXIS Insurance Co.
Euclid Financial Institution Underwriters LLC
Hartford Financial Services Group
One Beacon n/k/a Intact Insurance Specialty
Solutions
Validus
Validus Specialty
Western World Insurance Group

**Landlords**
2121 SEC TT, LLC
Douglas Emmett 2016 LLC
Tower Plaza Tower

**Major Borrowers**
Elevar Finance LLC
moKredit Inc.

**Noteholders**
AHP
Borderless Capital
CR Fund
Dragonfly International Holding Limited
Spice VC

**Office of the United States Trustee**
Attix, Lauren
Buchbinder, David
Casey, Linda
Cooke, Denis
Dice, Holly
Dortch, Shakima L.
Fox, Jr., Timothy J.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane
McCollum, Hannah M.
McMahon, Joseph
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Sarkessian, Juliet
Schepacarter, Richard
Serrano, Edith A.
Sierra, Rosa
Starr, Karen
Tinker, T. Patrick
Villagrana, David
Vinson, Ramona
Wynn, Dion

**Partners**
Airbitz d/b/a Edge
AngelRock
BitAngels
Bitbuy
Bitcoin.com

Bitpie Limited
Blockfills
Coinstats Inc.
cryptobriefing
Cryptoslate
Dinwiddie, Inc.
Edge
Galois Alpha Capital Fund LP
Getty/IO Inc.
GPD Holdings LLC
HotGroup Limited
HuobiWallet
Klever
Litecoin
Litecoin Foundation Limited
Qtum Chain Foundation
Saint Bitts LLC
True USD
TrueCoin LLC
Uphold, Inc.
Virtuse Group Ptd. Ltd.

**<u>Professionals</u>**
Armanino LLP
Bryan Cave Leighton Paisner LLP
Cousins Law, LLC
Dentons US LLP
Donlin, Recano & Company, Inc.
Ganado Advocates
Lockton Insurance Brokers, LLC
MACCO Restructuring Group LLC
Paul Hastings LLP
PricwaterhouseCoopers
Richards Layton & Finger, P.A.
Ruddy Gregory, PLLC
Rutsaert Legal
SD Mayer & Associates, LLP
Sheppard Mullin
Sonoran Capital Advisors, LLC
Teneo Capital LLC

**<u>Regulatory/Government Permitting Authorities</u>**
California Department of Business Oversight
California Employment Development Department

**Shareholders**
Hua, Lu
Schatt, Daniel

**Taxing Authorities**
California Franchise Tax Board
Delaware Division of Corporations
Internal Revenue Service (IRS)
Los Angeles County
San Mateo County

**Third-Party-Benefits**
Anthem, Inc.
Guardian Life Insurance Company of America
Massachusetts Mutual Life Insurance Company
Navia Benefit Solutions
Permanente, Kaiser
VSP Vision Care

**Debtors' Top Unsecured Creditors**
Names on file[1]
DCP Capital
JST Capital, LLC
Uphold, Inc.

**Vendors/Suppliers**
10Clouds
2655316 Ontario Inc.
6C Marketing
ABM Industry Groups
Amazon Web Service
Amber Technologies Limited
Anchorage Trust Company
Anvil Advisors
Arendt
AScaleX
Balekund, Trupti
Barr, John
Bay Area Window Dressing
Bear Risk Advisory
Berke
BetterSource
BitGo
BitTemple

Bittrex International Gmbh
Blacklane
Blockchain at Berkeley
BlockPR
Brook Furniture Rental
Business Wire, Inc.
Carneros Resort and Spa
CDW Direct
Christen Interiors
Cloudflare
CoinDesk, Inc.
Comcast
Commercial Cleaning Pros
Concha, La
Cowan Agency
Creative Solutions
Crypsis
CSC
CT Corporation
Davis Design Group Ltd.
Decentral Media
Destination Design
Developing the Next Leaders
Digital Ninja Consulting
DLT Productions Inc.
Docusign
Element Technoloiges
elig
Equities First Holdings
Excolo Construction Services
Fireblocks Inc.
First Associates
Global Relay Communications
Greenleaf Platters
Herbkersman, Mara
Herschberg, Todd
HireUp LLC
Hubspot
Human Cloud Business Solution
HumanCloud Tchnologies
Illumant
Inbound Junction BG
InnReg LLC
Interior Plant Design
IOL
JST Systems

Jumio Corporation
Kim, Gene
KnowBe4, Inc.
Kotak, Matiri Kirtikumar
Lee's Florist & Nursery
LinkedIn
LogMeIn
Lua's Construction and Facilities
Marlena Agency
Meltwater
Methodical Valuation Services
Nevtec
Ochsenreiter, Jim
Oracle
Ortega, Ryan
Pandey, Pawan
Parker and Lynch
Peninsula Security Service
Piloto 151
PMB Solutions
Pringle, Mary M.
Regulation D Resource
Regus
RocketSpace, Inc.
Salesforce
Saltire Management Group LLC
Seemann, Catherina A.
Shequoia One PEO LLC
Shoreline Labs
Shred-it
Shuttle Finance Inc. (d/b/a Acre)
Silverline
Stefan Rust
Tableau
Tangent Capital Partners
Teknos
TeleMe.io
Ternary Intelligence Inc.
The Tintworks Enterprise
Trulioo Information Services
Uphold HQ, Inc.
User Centered Experiences, LLC
Utz, Clayton
Viking PC Health Ltd.
Yearwood Media
Zeroth Link LLC

Zuar

**<u>Other Interested Parties</u>**
Arctos Capital Cryptoasset Credit Fund, LP
Universal Protocol Alliance