# Exhibit C

**Engagement Agreement**



## Services Agreement

This Services Agreement (this "Agreement") is entered into as of April _, 2021 between Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") and the Trustees of the Cred Liquidation Trust (collectively, the "Trustees").

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

    (a) Stretto agrees to provide the Trustees with consulting services regarding claims analysis and reconciliation, website maintenance, legal noticing, case research, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement), analysis of avoidance claims, and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "Services").
    (b) The Trustees acknowledge and agree that Stretto will often take direction from the Trustees' representatives, employees, agents and/or professionals (collectively, the "Trustee Parties") with respect to providing Services hereunder. The parties agree that Stretto may rely upon, and the Trustees agree to be bound by, any requests, advice or information provided by the Trustee Parties to the same extent as if such requests, advice or information were provided by the Trustees.
    (c) The Trustees agree and understand that Stretto shall not provide the Trustees or any other party with legal advice.

2. **Rates, Expenses and Payment**

    (a) Stretto will provide the Services on an as-needed basis and upon request or agreement of the Trustees, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "Rate Structure").  The Trustees agree to pay for reasonable out of pocket expenses incurred by Stretto in connection with providing Services hereunder.
    (b) The Rate Structure sets forth individual unit pricing for each of the Services.  The Trustees may request separate Services or all of the Services.
    (c) Stretto will bill the Trustees no less frequently than monthly. All invoices shall be due and payable upon receipt. Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Stretto may require advance or direct payment from the Trustees before the performance of Services hereunder. If any amount is unpaid as of 30 days after delivery of an invoice, the Trustees agree to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.
    (d) In the case of a dispute with respect to an invoice amount, the Trustees shall provide a detailed written notice of such dispute to Stretto within 10 days of receipt of the invoice.
    (e) The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof. Late charges shall not accrue on any amounts disputed in good faith.
    (f) The Trustees shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Trustees or the Trustee Parties.
    (g) The Trustees shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Stretto or paid by Stretto to a taxing authority.

1

(h) Upon execution of this Agreement, the Trustees shall pay Stretto an advance of $25,000. Stretto may use such advance against unpaid fees and expenses hereunder. Stretto may use the advance against all prepetition fees and expenses.  The Trustees shall upon Stretto's request, which request may take the form of an invoice, replenish the advance to the original advance amount.  Stretto may also, at its option hold such advance to apply against unpaid fees and expenses hereunder.

(i) Stretto reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year. If such annual increases represent an increase greater than 10% from the previous year's levels, Stretto shall provide 30 days' notice to the Trustees of such increases.

(j) Payments to Stretto under the terms of this Agreement for services rendered, may be remitted by the Trustees using either (or both) of the following methods:

> **Wire Transmission**
> Bank Name – Pacific Western Bank
> Bank Address – 110 West A Street, Suite 100, San Diego, CA 92101
> ABA – 122238200
> Account Number – 1000681781
> Account Name – Bankruptcy Management Solutions, Inc.
>
> **Check**
> Stretto
> Attn: Accounts Receivable
> 410 Exchange, Suite 100
> Irvine, CA 92602

3. **Confidentiality**

   (a) The Trustees and Stretto agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the receiving party's possession or known to it, independently developed by the receiving party, lawfully obtained by the receiving party from a third party or required to be disclosed by law, then the receiving party shall bear no responsibility for publicly disclosing such information.

   (b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, (i) such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time, if possible, to seek any remedy available under applicable law to prevent disclosure of the information; and (ii) such party will limit such disclosure to the extent the such party's counsel in good faith determines such disclosure can be limited.

4. **Property Rights**

Stretto reserves to itself and its agents all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "Property") furnished by Stretto for itself or for use by the Trustees hereunder. The foregoing definition of Property shall include any and all data, from any source, downloaded, stored and maintained by Stretto's technology infrastructure. Fees and expenses paid by the Trustees do not vest in the Trustees any rights in such

2


Property. Such Property is only being made available for the Trustees' use during and in connection with the Services provided by Stretto hereunder.

5. **Bank Accounts**

At the request of the Trustees or the Trustee Parties, Stretto shall be authorized to establish accounts with financial institutions in the name of and as agent for the Trustees to facilitate distributions pursuant to a chapter 11 plan or other transaction. To the extent that certain financial products are provided to the Trustees pursuant to Stretto's agreement with financial institutions, Stretto may receive compensation from such institutions for the services Stretto provides pursuant to such agreement.

6. **Term and Termination**

    (a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein). "Cause" means (i) gross negligence or willful misconduct of Stretto that causes material harm to the Trustees' restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Trustees to pay Stretto invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the advance held by Stretto where Stretto reasonably believes it likely will not be paid.
    (b) If this Agreement is terminated after Stretto is retained pursuant to Bankruptcy Court order, the Trustees promptly shall seek entry of a Bankruptcy Court order discharging Stretto of its duties under such retention, which order shall be in form and substance reasonably acceptable to Stretto.
    (c) If this Agreement is terminated, the Trustees shall remain liable for all amounts then accrued and/or due and owing to Stretto hereunder.
    (d) If this Agreement is terminated, Stretto shall coordinate with the Trustees and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Stretto shall provide the necessary staff, services and assistance required for such an orderly transfer. The Trustees agree to pay for such Services pursuant to the Rate Structure.

7. **No Representations or Warranties**

Stretto makes no representations or warranties, express or implied, regarding the services and products sold or licensed to the Trustees hereunder or otherwise with respect to this Agreement, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity. Notwithstanding the foregoing, if the above disclaimer is not enforceable under applicable law, such disclaimer will be construed by limiting it so as to be enforceable to the extent compatible with applicable law.

8. **Indemnification**

    (a) To the fullest extent permitted by applicable law, the Trustees shall indemnify and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "Indemnified Parties") from and against any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to Stretto's performance hereunder. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

DM_US 178855760-2.T19432.0010

(b) Stretto and the Trustees shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

(c) The Trustees' indemnification of Stretto hereunder shall exclude Losses resulting from Stretto's gross negligence or willful misconduct.

(d) The Trustees' indemnification obligations hereunder shall survive the termination of this Agreement.

## 9. Limitations of Liability

Except as expressly provided herein, Stretto's liability to the Trustees for any Losses, unless due to Stretto's gross negligence or willful misconduct, shall be limited to the total amount paid by the Trustees to Stretto for the portion of the particular work that gave rise to the alleged Loss.  In no event shall Stretto be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

## 10. Trustee Data

(a) The Trustees are responsible for, and Stretto does not verify, the accuracy of the programs, data and other information it or any Trustee Party submits for processing to Stretto and for the output of such information and Stretto bears no responsibility for the accuracy and content of any website established for the Trustees.

(b) The Trustees agree, represents and warrants to Stretto that before delivery of any information to Stretto: (i) the Trustees have full authority to deliver such information to Stretto; and (ii) Stretto is authorized to use such information to perform Services hereunder and as otherwise set forth in this Agreement.

(c) Any data, storage media, programs or other materials furnished to Stretto by the Trustees may be retained by Stretto until the Services provided hereunder are paid in full. The Trustees shall remain liable for all fees and expenses incurred by Stretto under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Stretto. Any such disposal shall be in a manner requested by or acceptable to the Trustees; provided that if the Trustees have not utilized Stretto's Services for a period of 90 days or more, Stretto may dispose of any such materials in a manner to be determined in Stretto's sole reasonable discretion, and be reimbursed by the Trustees for the expense of such disposition, after giving the Trustees 30 days' notice. The Trustees agree to initiate and maintain backup files that would allow the Trustees to regenerate or duplicate all programs, data or information provided by the Trustees to Stretto.

(d) Notwithstanding the foregoing, disposal of any Trustees data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

## 11. Non-Solicitation

The Trustees agree that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Stretto during the term of this Agreement and for a period of 12 months after termination thereof unless Stretto provides prior written consent to such solicitation or retention.



**12. Force Majeure**

Whenever performance by Stretto of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Stretto's reasonable control, then such performance shall be excused.

**13. Choice of Law**

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

**14. Arbitration**

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction.  There shall be three arbitrators named in accordance with such rules. The arbitration shall be conducted in the English language in Irvine, California in accordance with the United States Arbitration Act.  Notwithstanding the foregoing, so long as any chapter 11 case(s) by Cred Inc. and its affiliated debtors remain open, any disputes related to this Agreement shall be decided by the bankruptcy court assigned to such chapter 11 case(s).

**15. Integration: Severability; Modifications: Assignment**

(a)  Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.
(b)  If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.
(c)  This Agreement may be modified only by a writing duly executed by an authorized representative of the Trustees and an officer of Stretto.
(d)  This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Stretto may assign this Agreement to a wholly-owned subsidiary or affiliate without the Trustees' consent.

**16. Effectiveness of Counterparts**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

5



**17. Notices**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

If to Stretto:	Stretto
	410 Exchange, Ste. 100
	Irvine, CA 92602
	Attn: Sheryl Betance
	Tel: 714.716.1872
	Email: sheryl.betance@stretto.com

If to the Trustees:	McDermott Will & Emery LLP
	c/o Darren Azman
	340 Madison Avenue
	New York, New York 10173-1922
	Email: dazman@mwe.com

[THIS SPACE INTENTIONALLY LEFT BLANK]

DM_US 178855760-2.T19432.0010

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective as of the date first above written.

Stretto

_____
By:

Title:


Liquidation Trustees

_____
By: Cedric de Lisser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust


_____
By: Michael Michelin, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust


_____
By: Christopher Moser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective as of the date first above written.

Stretto

_____
By:

Title:

Liquidation Trustees

_____
By: Cedric de Lisser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

_____*[signature: Michael Michelin]*_____
By: Michael Michelin, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

_____
By: Christopher Moser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

DM_US 178855760-2.T19432.0010

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective as of the date first above written.

Stretto

_____

By:

Title:

Liquidation Trustees

_____

By: Cedric de Lisser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

_____

By: Michael Michelin, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

*Christopher M Moser*
By: Christopher Moser, not in his individual capacity,
but solely in his capacity as a Trustee of the Cred Liquidation Trust

7

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective as of the date first above written.

Stretto

_____

By:       Travis Vandell

Title:    Managing Directro

Cred Inc.

_____

By:

Title:

7