EXHIBIT A

<u>Revised Order</u>

Case 20-12836-JTD    Doc 875-1    Filed 08/05/21    Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered)<br>**Related to Docket No. 863** |

**ORDER GRANTING MOTION OF THE LIQUIDATION TRUST FOR
ENTRY OF ORDER TERMINATING DONLIN, RECANO & COMPANY, INC.'S
RETENTION AS CLAIMS AND NOTICING AGENT FOR DEBTORS AND
AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO AS
CLAIMS AND NOTICING AGENT FOR THE LIQUIDATION TRUST**

Upon the Motion (the "Motion")[2] of the Cred Inc. Liquidation Trust for entry of an order pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012, (the "Claims Agent Protocol"), (i) terminating the services of Donlin, Recano & Company, Inc. ("Donlin Recano") as claims and noticing agent in the Chapter 11 Cases and (ii) appointing Stretto ("Stretto") as claims and noticing agent (the "Claims and Noticing Agent") for the Liquidation Trust, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidation Trust's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Liquidation Trust, the Debtors' creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Upon entry of this Order, Donlin Recano shall: (a) forward to the Clerk of the Court and the Claims and Noticing Agent an electronic version of all imaged claims and a data export of all filed and scheduled claims; (b) upload the creditor mailing list into CM/ECF and send the creditor mailing list to the Claims and Noticing Agent; (c) docket a final claims register and provide the Claims and Noticing Agent with an electronic Claims Register with the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim; and (d) box and transport all original claims to the Claims and Noticing Agent.

3. The appointment of Donlin Recano as the notice and claims agent in the Debtors' bankruptcy cases shall be terminated, and Donlin Recano is released and discharged as claims

and noticing agent in the Debtors' Chapter 11 Cases and shall bear no further responsibility in the Debtors' bankruptcy cases upon its completion of the services described in paragraph 2 of this Order.

4. Donlin Recano shall be paid its final invoice for services provided to the Debtors as the claims and noticing agent in the Chapter 11 Cases in accordance with the terms of the order authorizing Donlin Recano's employment in that capacity [Docket No. 28].

5. Notwithstanding the terms of the Engagement Agreement attached to the Motion as Exhibit C, the Motion is approved solely to the extent set forth in this Order.

6. The Liquidation Trust is authorized to retain Stretto as Claims and Noticing Agent under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim, and all related tasks, all as described in the Motion.

7. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases and thereafter and is authorized and directed to maintain official claims registers for the Liquidation Trust, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

8. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

9. Stretto is authorized to take such other action to comply with all duties set forth in the Motion.

10. The Liquidation Trust is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting

forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

11.   Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Liquidation Trust.

12.   The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

13.   Stretto may apply its advance retainer to all invoices, which advance shall be replenished to the original advance amount, and thereafter Stretto may hold its advance pursuant to the Engagement Agreement as security for the payment of fees and expenses incurred under the Engagement Agreement.

14.   The Liquidation Trust shall indemnify Stretto under the terms of the Engagement Agreement. Notwithstanding anything to the contrary in the Engagement Agreement, the Liquidation Trust shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Liquidation Trust alleges the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity,

contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15. The limitation of liability section in paragraph 9 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided by Stretto pursuant to this Order.

16. In the event Stretto is unable to provide the services set forth in this Order, Stretto will immediately notify the Clerk and the Liquidation Trust's counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Liquidation Trust's counsel.

17. The Liquidation Trust and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

19. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

20. Stretto shall not cease providing claims processing services for any reason, including nonpayment, without an order of the Court.

21. In the event of any inconsistency between the Engagement Agreement, the Motion, and this Order, this Order shall govern.

6

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.