# Exhibit A

**Proposed Final Decrees**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED (US) LLC,<br><br>                  Debtor. | Chapter 11<br><br>Case No. 20-12837 (JTD) |

## FINAL DECREE CLOSING
## CHAPTER 11 CASE OF CRED (US) LLC

Upon the *Certification of Counsel Regarding Final Decree Closing Certain Chapter 11 Cases* (the "Certification")[1] of the Liquidation Trust for entry of a final decree (this "Final Decree") pursuant to the Plan, the Confirmation Order, section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") closing the above-captioned chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Certification in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Certification is required to effectuate the terms of the Plan and Confirmation Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification.

1. The chapter 11 case of Cred (US) LLC, Case No. 20-12837 (JTD) (the "Closed Case"), is hereby closed effective as of the entry of this Order.

2. The chapter 11 case of Cred Inc., Case No. 20-12836 (JTD) (the "Lead Case"), shall remain open pending further order of the Court; and from and after the date of entry of this Order, all motions, notices, and other pleadings related to any of the Debtors or litigation commenced by the Liquidation Trust, shall be filed, administered, and adjudicated in the Lead Case, without the need to reopen the Closed Case, and the Court shall retain jurisdiction over such matters.

3. The Debtors' post-confirmation quarterly summary report for the period from July 1, 2021 through September 30, 2021 (the "Third Quarter Summary Report") shall include information for the Closed Case only through the date of entry of this Order; and the fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Closed Case shall be calculated based on disbursements only through the date of entry of this Order. Subsequent post-confirmation quarterly summary reports shall contain information for the Lead Case only.

4. The Liquidation Trust shall file a consolidated final report for all of the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Rule 3022-1(c).

5. Entry of this Order is without prejudice to (a) the rights of the Liquidation Trust or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to Bankruptcy Code section 350(b), (b) the right of the Liquidation Trust to dispute, before the Court or in an appropriate non-bankruptcy forum, all proofs of claim that were filed against the Debtors in the Chapter 11 Cases to the extent permitted by the Plan and the Confirmation Order,

or (c) the right of the Liquidation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the assets transferred to the Liquidation Trust pursuant to the Plan. If the Closed Case is reopened, the Liquidation Trust shall comply with any post-confirmation reporting obligations and, separately, obligations to pay fees pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) for the period that the Closed Case remains reopened.

6. The Liquidation Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED CAPITAL, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 20-12838 (JTD) |

## FINAL DECREE CLOSING
## CHAPTER 11 CASE OF CRED CAPITAL, INC.

Upon the *Certification of Counsel Regarding Final Decree Closing Certain Chapter 11 Cases* (the "Certification")[1] of the Liquidation Trust for entry of a final decree (this "Final Decree") pursuant to the Plan, the Confirmation Order, section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") closing the above-captioned chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Certification in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Certification is required to effectuate the terms of the Plan and Confirmation Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

　　**IT IS HEREBY ORDERED THAT:**

---

[1]　Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification.

1.  The chapter 11 case of Cred Capital, Inc., Case No. 20-12838 (JTD) (the "Closed Case"), is hereby closed effective as of the entry of this Order.

2.  The chapter 11 case of Cred Inc., Case No. 20-12836 (JTD) (the "Lead Case"), shall remain open pending further order of the Court; and from and after the date of entry of this Order, all motions, notices, and other pleadings related to any of the Debtors or litigation commenced by the Liquidation Trust, shall be filed, administered, and adjudicated in the Lead Case, without the need to reopen the Closed Case, and the Court shall retain jurisdiction over such matters.

3.  The Debtors' post-confirmation quarterly summary report for the period from July 1, 2021 through September 30, 2021 (the "Third Quarter Summary Report") shall include information for the Closed Case only through the date of entry of this Order; and the fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Closed Case shall be calculated based on disbursements only through the date of entry of this Order. Subsequent post-confirmation quarterly summary reports shall contain information for the Lead Case only.

4.  The Liquidation Trust shall file a consolidated final report for all of the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Rule 3022-1(c).

5.  Entry of this Order is without prejudice to (a) the rights of the Liquidation Trust or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to Bankruptcy Code section 350(b), (b) the rights of the Liquidation Trust to dispute, before the Court or in an appropriate non-bankruptcy forum, all proofs of claim that were filed against the Debtors in the Chapter 11 Cases to the extent permitted by the Plan and the Confirmation Order,

or (c) the right of the Liquidation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the assets transferred to the Liquidation Trust pursuant to the Plan. If the Closed Case is reopened, the Liquidation Trust shall comply with any post-confirmation reporting obligations and, separately, obligations to pay fees pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) for the period that the Closed Case remains reopened.

6.  The Liquidation Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.  Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.  The Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED MERCHANT SOLUTIONS LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12839 (JTD) |

## FINAL DECREE CLOSING
## CHAPTER 11 CASE OF CRED MERCHANT SOLUTIONS LLC

Upon the *Certification of Counsel Regarding Final Decree Closing Certain Chapter 11 Cases* (the "Certification")[1] of the Liquidation Trust for entry of a final decree (this "Final Decree") pursuant to the Plan, the Confirmation Order, section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") closing the above-captioned chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Certification in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Certification is required to effectuate the terms of the Plan and Confirmation Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification.

1. The chapter 11 case of Cred Merchant Solutions LLC, Case No. 20-12839 (JTD) (the "Closed Case"), is hereby closed effective as of the entry of this Order.

2. The chapter 11 case of Cred Inc., Case No. 20-12836 (JTD) (the "Lead Case"), shall remain open pending further order of the Court; and from and after the date of entry of this Order, all motions, notices, and other pleadings related to any of the Debtors or litigation commenced by the Liquidation Trust, shall be filed, administered, and adjudicated in the Lead Case, without the need to reopen the Closed Case, and the Court shall retain jurisdiction over such matters.

3. The Debtors' post-confirmation quarterly summary report for the period from July 1, 2021 through September 30, 2021 (the "Third Quarter Summary Report") shall include information for the Closed Case only through the date of entry of this Order; and the fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Closed Case shall be calculated based on disbursements only through the date of entry of this Order. Subsequent post-confirmation quarterly summary reports shall contain information for the Lead Case only.

4. The Liquidation Trust shall file a consolidated final report for all of the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Rule 3022-1(c).

5. Entry of this Order is without prejudice to (a) the rights of the Liquidation Trust or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to Bankruptcy Code section 350(b), (b) the rights of the Liquidation Trust to dispute, before the Court or in an appropriate non-bankruptcy forum, all proofs of claim that were filed against the Debtors in the Chapter 11 Cases to the extent permitted by the Plan and the Confirmation Order,

or (c) the right of the Liquidation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the assets transferred to the Liquidation Trust pursuant to the Plan. If the Closed Case is reopened, the Liquidation Trust shall comply with any post-confirmation reporting obligations and, separately, obligations to pay fees pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) for the period that the Closed Case remains reopened.

6.  The Liquidation Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.  Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.  The Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED (PUERTO RICO) LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12840 (JTD) |

## FINAL DECREE CLOSING
## CHAPTER 11 CASE OF CRED (PUERTO RICO) LLC

Upon the *Certification of Counsel Regarding Final Decree Closing Certain Chapter 11 Cases* (the "Certification")[1] of the Liquidation Trust for entry of a final decree (this "Final Decree") pursuant to the Plan, the Confirmation Order, section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") closing the above-captioned chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Certification in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Certification is required to effectuate the terms of the Plan and Confirmation Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification.

1. The chapter 11 case of Cred (Puerto Rico) LLC, Case No. 20-12840 (JTD) (the "Closed Case"), is hereby closed effective as of the entry of this Order.

2. The chapter 11 case of Cred Inc., Case No. 20-12836 (JTD) (the "Lead Case"), shall remain open pending further order of the Court; and from and after the date of entry of this Order, all motions, notices, and other pleadings related to any of the Debtors or litigation commenced by the Liquidation Trust, shall be filed, administered, and adjudicated in the Lead Case, without the need to reopen the Closed Case, and the Court shall retain jurisdiction over such matters.

3. The Debtors' post-confirmation quarterly summary report for the period from July 1, 2021 through September 30, 2021 (the "Third Quarter Summary Report") shall include information for the Closed Case only through the date of entry of this Order; and the fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Closed Case shall be calculated based on disbursements only through the date of entry of this Order. Subsequent post-confirmation quarterly summary reports shall contain information for the Lead Case only.

4. The Liquidation Trust shall file a consolidated final report for all of the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Rule 3022-1(c).

5. Entry of this Order is without prejudice to (a) the rights of the Liquidation Trust or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to Bankruptcy Code section 350(b), (b) the rights of the Liquidation Trust to dispute, before the Court or in an appropriate non-bankruptcy forum, all proofs of claim that were filed against the Debtors in the Chapter 11 Cases to the extent permitted by the Plan and the Confirmation Order,

or (c) the right of the Liquidation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the assets transferred to the Liquidation Trust pursuant to the Plan. If the Closed Case is reopened, the Liquidation Trust shall comply with any post-confirmation reporting obligations and, separately, obligations to pay fees pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) for the period that the Closed Case remains reopened.

6.  The Liquidation Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.  Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.  The Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.