## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: 10/12/21 at 4:00 p.m. (ET)** |
| | ) | **Hrg. Date: 11/4/21 at 11:00 a.m. (ET)** |

## MOTION OF THE CRED INC. LIQUIDATION TRUST FOR ENTRY OF AN ORDER AUTHORIZING MCDERMOTT TO REPRESENT THE TRUST FIDUCIARIES

The Cred Inc. Liquidation Trust (the "Trust") established in the chapter 11 bankruptcy

cases (the "Chapter 11 Cases") of the above-captioned debtors (collectively, the "Debtors")

hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the

"Bankruptcy Code") for entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "Proposed Order"), authorizing McDermott Will & Emery LLP ("McDermott") to represent

the Trust Fiduciaries (as defined herein). In support of this Motion, the Trust respectfully states

as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2). In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trust confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and regulatory predicates for the relief sought herein are Bankruptcy Code section 105(a) and Rules 1.7 and 1.13 of the Delaware Lawyer's Rules of Professional Conduct (the "Delaware Rules of Professional Conduct").

## BACKGROUND

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. On December 3, 2020, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). Docket No. 120. The Committee retained McDermott as counsel. Docket No. 368.

5.      On March 11, 2021, the Court entered an order [Docket No. 629] confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").[2] The Plan became effective on April 19, 2021 (the "Effective Date"). *See* Docket No. 730. On the Effective Date, the Committee was dissolved and the Trust was established. The Debtors' assets were transferred and assigned to the Trust. *See* Plan, § 12.3. The Trust is being administered by Cedric de Lisser, Michael Michelin, and Christopher Moser (collectively, the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

DM_US 182349959-3.113270.0011

"Liquidation Trustees") with an advisory board comprised of Kyle Wang, Jamie Shiller, and Eric Schurman (collectively, the "Advisory Board Members," and together with the Liquidation Trustees, the "Trust Fiduciaries").[3] *See* Docket No. 533. The Trust retained McDermott as counsel.

6.      Certain unforeseen circumstances related to the Debtors have arisen that require the Trust Fiduciaries to retain individual counsel in relation to their role as a Liquidation Trustee or an Advisory Board Member, as applicable.

7.      The Trust Fiduciaries desire to retain McDermott to represent them because (i) McDermott is intimately familiar with the Debtors and the Chapter 11 Cases as a result of McDermott's former representation of the Committee and current representation of the Trust and (ii) retaining McDermott is the most economical way for the Trust to proceed.

## RELIEF REQUESTED

8.      By this Motion, the Trust requests entry of the Proposed Order authorizing McDermott to represent the Trust Fiduciaries.

## BASIS FOR RELIEF REQUESTED

9.      Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This Court has "autonomous control over the conduct of their officers, among whom . . . lawyers are included." *Surrick v. Killion*, 449 F.3d 620, 629 (3d Cir. 2006) (*quoting Theard v. United States*, 354 U.S. 278, 281 (1957)).

10.     The Delaware Rules of Professional Conduct provide:

A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the

---

[3]     The initial advisory board also included DragonFly International Holding Ltd., which has since resigned as an Advisory Board Member.

3

provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

Del. R. Prof'l Conduct 1.13(e).

11.     The Delaware Rules of Professional Conduct further provide:

Notwithstanding the existence of a concurrent conflict of interest [. . .] a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

Del. R. Prof'l Conduct 1.7(b).

12.     McDermott has informed the Trust that: (i) McDermott believes it will be able to provide competent and diligent representation to the Trust Fiduciaries; (ii) the representation is not prohibited by law; and (iii) the representation does not involve the assertion of a claim between or amongst the Trust and the Trust Fiduciaries.

13.     Upon entry of the Proposed Order, each Trust Fiduciary will provide his informed consent, in writing, to the representation and his desire to be represented by McDermott. The Trust does not have shareholders or another "appropriate official" who may consent to such representation on behalf of the Trust, as required by the Delaware Rules of Professional Conduct. The Trust therefore seeks this Court's authorization for McDermott to represent the Trust Fiduciaries.

14.     The Trust has indemnification obligations to the Trustees. As such, if McDermott does not represent the Trust Fiduciaries, they would be forced to retain independent counsel, which would increase costs to the Trust and diminish creditor recoveries.

## NO PRIOR REQUEST

15.     No previous request for the relief requested herein has been made to this or any other court.

## NOTICE

16.     Notice of the Motion has been provided to parties that have requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Trust submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

DM_US 182349959-3.113270.0011

## <u>CONCLUSION</u>

**WHEREFORE**, the Trust respectfully requests entry of the Proposed Order authorizing

McDermott to represent the Trust Fiduciaries.

Dated:  Wilmington, Delaware
       September 28, 2021

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711

- and -

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to the Cred Inc. Liquidation Trust*

DM_US 182349959-3.113270.0011