# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRED INC., *et al.*, | ) Case No. 20-12836 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Obj. Deadline: 12/8/21 at 4:00 p.m. (ET) |
| | ) Hrg. Date: 1/5/22 at 10:00 a.m. (ET) |

## MOTION OF THE CRED INC. LIQUIDATION TRUST FOR THE ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. ("Cred") and its affiliated debtors (collectively, the "Debtors") hereby moves this Court to issue, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), 28 U.S.C. § 1781(b)(2), and the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), under its seal and signature, the attached Letters of Request, attached hereto as Exhibits 1-16 (the "Letters of Request"), to obtain documents from the below third parties. The Trust further requests that the Court notify the undersigned counsel when the Letters of Request are ready for collection, and counsel will arrange for their transmission to the applicable foreign authorities through the U.S. Department of State.[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] U.S. Department of State, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html

DM_US 183799958-1.113270.0012

The Trust seeks to obtain documents related to a series of cryptocurrency transactions that the Trust is investigating, from the following entities (collectively, the "<u>Transaction Discovery Targets</u>"):

1. Amber Group (Shenzhen China)
   2401, Building D1,
   Kexing Science Park
   Keyuan Road, Nanshan District
   Shenzhen, China

2. Amber Group (Hong Kong)
   15-011, LKF Tower,
   33 Wyndham Street,
   Central, Hong Kong

3. Binance
   Suite 5-204
   23 Lime Tree Bay Avenue, P.O. Box 2547
   Grand Cayman, Cayman Islands KY1-1104

4. iFinex Inc. d/b/a Bitfinex
   c/o SHRM Trustees (BVI) Limited
   Trinity Chambers, P.O. Box 4301
   VG1110, Road Town, Tortola
   British Virgin Islands

5. BitKan Limited
   1306A, Tower A, Shangmeilin
   Excellence City Phase 2,
   Meilin Street, Futian District,
   Shenzhen, China

6. Bittrex Global GmbH
   Dr. Grass-Strasse 12
   Vaduz, 9490
   Liechtenstein

7. Cloudbet.com
   E Gambling Montenegro d.o.o.
   Moskovska BR. 65 81000
   Podgorica, Montenegro

2

8. Coinpayments, Inc.
   Governors Square, 2nd Floor
   23 Lime Tree Bay Avenue, P.O. Box. 1569
   Grand Cayman, Cayman Islands KY1-1110

9. Huobi Global Limited
   Room 1404-05, Nan Fung Tower
   88 Connaught Road Central
   Hong Kong, China

10. Raj Mangahani
    50B Street
    Meena Bazar
    Dubai, United Arab Emirates

11. Pawan Parwani
    50B Street
    Meena Bazar
    Dubai, United Arab Emirates

12. Muhammad Kamran Abdul Razzak Sabowala
    50B Street
    Meena Bazar
    Dubai, United Arab Emirates

Additionally, the Trust seeks documents related to transactions and loan repayments from the following entities of Cred's former business partner MoKredit (the "MoKredit Parties," and collectively with the Transaction Discovery Targets, the "Discovery Targets"):

13. MoKredit Inc.
    Floor 4 Willow House, Cricket Square
    P.O. Box 2804
    Grand Cayman KY1-1112, Cayman Islands

14. MoKredit Technology (Hong Kong) Company Limited
    402 Jardine House
    1 Connaught Place
    Central, Hong Kong

3

DM_US 183799958-1.113270.0012

15. MoKredit (Shanghai) Information Technology, Co. Ltd.
    Room 632, Floor 6,
    No. 999 Changning Road,
    Changning District,
    Shanghai, China

16. Shanghai Bestone Information Technology Co. Ltd.
    Room 2016A,
    No.488 Yaohua Road
    Pudong New Area
    Shanghai, China

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trust confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for relief sought herein are Bankruptcy Code section 105(a), 28 U.S.C. § 1781(b)(2), and the Hague Convention.

## BACKGROUND

5. On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. On March 11, 2021, the Court entered an order [Docket No. 629] confirming the *Modified First Amended Combined Plan of*

4

*Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan"). The Plan became effective on April 19, 2021 (the "Effective Date"). *See* Docket No. 730. On the Effective Date, the Trust was established and the Debtors' assets were transferred and assigned to the Trust. *See* Plan, § 12.3. The Trust is being administered by the Liquidation Trustees. *See id.* § 12.3(a).

### A. The Trust Utilized Cryptocurrency Tracing to Identify Transaction Discovery Targets

6.  To assist with the recovery of assets, the Trust retained CipherTrace, one of the world's leading cryptocurrency and digital address tracing consultants.

7.  All transactions on the Bitcoin and Ethereum blockchains are public. However, the identity of the actual person or entity that owns each digital wallet is not publicly known. Digital addresses are a series of numbers and letters that identify a digital wallet where the private keys to Bitcoin, Ethereum, and other cryptocurrencies are stored. The person or entity that owns or controls the private keys maintains the capability to use and trade the cryptocurrency.

8.  One goal of cryptocurrency tracing is to associate a digital wallet with the actual person or entity who owns that wallet. This is typically done through a process called "attribution," which is the act of attributing digital addresses with particular cryptocurrency exchanges and other central repositories of information. Cryptocurrency exchanges and other central repositories often (and in many circumstances are required to) obtain and retain know-your-customer and other information about the persons that own and control digital wallets.[3] Thus, once the attribution process is complete, a subpoena can be served on the cryptocurrency

---

[3] Certain of the Discovery Targets are registered money services businesses, licensed money transmitters, and holders of other licenses that require the collection and preservation of anti-money laundering and know-your-customer information.

exchange or central repository to request information identifying the owner of the digital wallets at issue.

9.   The Trust directed CipherTrace to perform an "attribution" analysis for key cryptocurrency transactions under investigation by the Trust (the "Suspect Transactions"). CipherTrace's "attribution" analysis resulted in the identification of the Transaction Discovery Targets, which are various off-shore cryptocurrency exchanges, other central repositories of information, and individuals[4] that are likely in possession of key information about the cryptocurrency transactions at issue, including the owners of the digital wallets.

10.  The Transaction Discovery Targets are crucial to the Trust's investigation. The Transaction Discovery Targets hold the digital addresses traced to the Suspect Transactions. Those digital addresses will identify digital wallets held by the Transaction Discovery Targets (the "Suspect Wallets"). The Suspect Wallets are associated with accounts (the "Suspect Accounts") at the Transaction Discovery Targets. The Transaction Discovery Targets maintain contact and other information about the actual owners of the Suspect Accounts. This information is crucial to identifying the owners of the Suspect Accounts.

**B.    MoKredit**

11.  MoKredit was a significant player in Cred's business model. Cred borrowed cryptocurrency from its "CredEarn" customers and promised them that Cred would return the cryptocurrency, plus interest. Cred earned a yield on borrowed cryptocurrency by lending funds to MoKredit at high interest rates. Cred's business model relied on MoKredit's timely payments

---

[4]   One cryptocurrency exchange provided information directly related to individuals who received cryptocurrency traceable to the Suspect Transactions (the "Individual Discovery Targets"). We have contacted the Individual Discovery Targets via email and they have not responded.

to Cred. Ultimately, MoKredit failed to meet its obligations to Cred and currently owes Cred in excess of $40 million.

12. Obtaining information concerning MoKredit, its assets, and its current business operations is critical for the Trust to attempt to recover the funds owed by MoKredit. Accordingly, the Court should grant the Letters of Request for the MoKredit Parties.

## ARGUMENT

**A.  The Court Should Issue Letters of Request**

13. The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, 23 U.S.T. 2555. The United States and each of the States to which requests would be sent are parties to the Hague Convention.

14. The United States ratified the Hague Convention on August 8, 1972.[5]

15. This Motion seeks discovery pursuant to the Hague Convention from entities located in the British Virgin Islands, the Cayman Islands, Hong Kong, Liechtenstein, Montenegro, and the People's Republic of China.

16. The United Kingdom of Great Britain and Northern Ireland ratified the Hague Convention on July 16, 1976, with such ratification being extended on September 16, 1980. *See id.* As a result, the Hague Convention applies to the Cayman Islands pursuant to the July 16,

---

[5] Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82.

1976 ratification of the United Kingdom and the subsequent September 16, 1980 extension of application.[6]

17. The Hague Convention applies to the British Virgin Islands pursuant to the July 16, 1976 ratification of the United Kingdom and the subsequent September 16, 1980 extension of application.[7]

18. Liechtenstein acceded to the Hague Convention on November 12, 2008.[8]

19. Montenegro acceded to the Hague Convention on January 16, 2012.[9]

20. The People's Republic of China acceded to the Hague Convention on December 8, 1997.[10]

21. The Hague Convention applies to the Hong Kong Special Administrative Region of China pursuant to the July 15, 1976 ratification of the United Kingdom (while Hong Kong was a British colony and territory), and pursuant to the exchange of notes between the governments of the United Kingdom and of the People's Republic of China dated June 11, 1997 and June 10, 1997, respectively.[11]

22. The Hague Convention and federal law authorize the Court to issue the Letters of Request. *See* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *Société Nationale*

---

[6]   *Id.*

[7]   *Id.*

[8]   *Id.*

[9]   *Id.*

[10]  *Id.*

[11]  *Id.*

*Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that a judicial authority in one contracting state may forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence).[12]

23. Under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the designated central authorities of the receiving States. The central authorities for the receiving States regarding the proposed Letters of Request are as follows:

| | |
|---|---|
| The British Virgin Islands | Registrar of the Supreme Court<br>Supreme Court Registry<br>No. 84 Main Street<br>P.O. Box 418<br>Road Town, Tortola,<br>British Virgin Islands VG1110<br>https://www.hcch.net/en/states/authorities/details3/?aid=681 |
| The Cayman Islands | The Clerk of the Courts<br>Grand Cayman<br>Cayman Islands<br>https://www.hcch.net/en/states/authorities/details3/?aid=681 |
| Liechtenstein | Fürstliches Landgericht Court of Justice)<br>Spaniagasse 1<br>9490 Vaduz<br>Fürstentum Liechtenstein<br>https://www.hcch.net/en/states/authorities/details3/?aid=809 |
| Montenegro | Ministry of Justice, Human and Minority Rights<br>Vuka Karadžića 3, Podgorica, Montenegro<br>https://www.hcch.net/en/states/authorities/details3/?aid=919 |
| The People's Republic of China | International Legal Cooperation Center (ILCC)<br>Ministry of Justice of China<br>33, Pinganli Xidajie<br>Xicheng District<br>BEIJING 100035<br>People's Republic of China<br>https://www.hcch.net/en/states/authorities/details3/?aid=490 |

---

[12] The United Arab Emirates is not a party to the Hague Convention. However, the State Department is entitled under federal law to issue the Letters of Request to the three individuals of the Transaction Discovery Targets. *See* 28 U.S.C. § 1781(b)(2) ("this section does not preclude . . . (2) the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.")

| Hong Kong Special Administrative Region | Registrar of the High Court<br>38 Queensway<br>Hong Kong<br>China<br>https://www.hcch.net/en/states/authorities/details3/?aid=492 |
|---|---|
| United Arab Emirates | Ministry of Justice<br>Khalifa City (A), Sector 133, Street 12<br>P.O. Box 250<br>Abu Dhabi<br>https://www.moj.gov.ae/en/contact-us.aspx |

**B.    The Letters Of Request Are Necessary to Obtain the Documents and Information From The Discovery Targets**

24.     The Letters of Request are narrowly tailored to obtain information that is critical to the Trust's investigation.  The majority of the information sought is basic transaction data and onboarding information which should not be burdensome for the Discovery Targets to collect and produce.

25.     The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the data is located in countries outside the United States.  *See, e.g.*, *Order Granting Plaintiffs' Motion to Issue a Letter of Request for International Judicial Assistance from Sweden*, No. 11-bk-53454 (Bankr. D. Del. Sept. 25, 2015) (ECF No. 281) (finding "good cause and sufficient cause having been shown" to grant a letter of request for international judicial assistance from Sweden, where there were no alternative means to obtain the sought information other than from a company located in Sweden).

26.     In accordance with Article 23 of the Hague Convention, the Letters of Request are narrowly tailored and do not require the entities to indicate which documents are relevant to the case nor does it require the entities to produce documents other than those requested.  This is in accordance with the various jurisdiction's accessions to the Hague Convention.[13]

---

[13]    Cayman Islands Declaration Reservations, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=564&disp=resdn; The British

27. The Letters of Request are consistent with the "Model for Letters of Request" under the Hague Convention.[14] As recommended, the Letters of Request include the identities of the Discovery Targets, the nature of the Chapter 11 Cases, the discovery sought, any applicable special procedures, and the identity of the party that will bear any costs.[15]

## NOTICE

28. Notice of this Motion has been given to all parties that are entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this Motion, the Trust respectfully submits that no further notice of this Motion is required.

---

Virgin Islands Declaration Reservations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=564&disp=resdn; Liechtenstein Declaration Reservations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1036&disp=resdn; Montenegro Declarations Reservations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1131&disp=resdn; People's Republic of China and Hong Kong Special Administrative Region Declaration Reservations, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=493&disp=resdn.

[14] Hague Convention, Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, https://www.hcch.net/en/publications-andstudies/details4/?pid=3309&dtid=2.

[15] *See id.*

11

## CONCLUSION

29. For the foregoing reasons, the Trust respectfully requests that the Court execute the proposed Letters of Request attached hereto as Exhibits 1 through 16, and notify the undersigned counsel when the letters of request are ready for their transmission to applicable foreign authorities through the Department of State.

Dated: Wilmington, Delaware
November 24, 2021

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711

- and -

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
1 Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to the Cred Inc. Liquidation Trust*