# EXHIBIT 1

**Proposed Letter – Amber Group China**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |

## REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST

The United States Bankruptcy Court for the District of Delaware (this "Court") respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to be used in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. ("Cred") and its affiliated debtors (collectively, the "Debtors").

Based on the representations made by the Cred Inc. Liquidation Trust (the "Trust") established in the Chapter 11 Cases, this Court has determined that Amber Group (Shenzhen China) may be in possession of documents, information, and knowledge concerning material facts that are relevant to the Trust's ongoing investigation and recovery of the Debtors' assets.  This Court requests the assistance described below:

| 1.  Sender | Cred Inc. Liquidation Trust |
|---|---|
| | Represented by: |
| | McDermott Will & Emery LLP<br>David R. Hurst |

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

| | |
|---|---|
| | 1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| 2.  Central Authority of Requested State | International Legal Cooperation Center (ILCC)<br>Ministry of Justice of China<br>33, Pinganli Xidajie<br>Xicheng District<br>BEIJING 100035<br>People's Republic of China |
| 3.  Person to whom the executed request is to be returned | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| 4.  Requesting judicial authority (Article 3, a) | United States Bankruptcy Court<br>District of Delaware<br>Judge John T. Dorsey<br>824 North Market Street |

| | |
|---|---|
| | 3rd Floor<br>Wilmington, Delaware 19801 |
| 5.  To the competent authority of (Article 3, a) | The People's Republic of China |
| 6.   Names of the case and any identifying number | In re: Cred, Inc. *et al.*,<br>Case No. 20-12836 (JTD) |
| 7.  Names and addresses of the parties and their representatives (Article 3, b) | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| 8.  Evidence to be obtained or judicial act to be performed (Article 3, d) | It is respectfully requested that a judicial authority of the People's Republic of China order Amber Group to produce copies of documents and compel testimony as described in Attachment 1 from:<br><br>Amber Group (Shenzhen China)<br>2401, Building D1,<br>Kexing Science Park<br>Keyuan Road, Nanshan District<br>Shenzhen, China |
| 9.  The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com |

|  | Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| --- | --- |

In conformity with article 3 of the Hague Convention, the undersigned applicant submits this request in the above-titled action.  This Court presents its compliments to the judicial authorities of the People's Republic of China and requests international judicial assistance to obtain evidence to be used in an investigation before this Court in the Chapter 11 Cases.  This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is for the appropriate judicial authority in the People's Republic of China to compel Amber Group to produce the documents detailed below.

## RELEVANT INFORMATION ABOUT THE BANKRUPTCY CASES

On November 7, 2020, the Debtors filed for bankruptcy by filing petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On March 11, 2021, the Court confirmed the plan of liquidation, and the plan became effective on April 19, 2021.  On that effective date, the Trust was established and the Debtors' assets, including all claims and causes of action, were assigned to the Trust.

The Debtors' business and the Chapter 11 Bankruptcy Cases involve various forms of cryptocurrency transactions, some of which the Trust has determined to be fraudulent or otherwise improper.  Accordingly, the Trust has undertaken a substantial investigation into these

transactions and the potential recovery of the Debtors' assets.  To assist with such recovery, the Trust retained one of the world's leading cryptocurrency tracing consultants.

The Trust has represented to this Court that it has uncovered evidence that the following person/entity may have information about stolen or improperly transferred cryptocurrency: Amber Group.  The information from Amber Group is not available by any other means and will be essential to the potential recovery of significant assets of the Debtors' estates.  Accordingly, the Trust now seeks targeted discovery to obtain information relevant to the Trust's ongoing investigation and recovery of assets.  Such discovery is particularly important given the ease and speed with which cryptocurrency assets may be moved or dissipated.

## RELEVANCE OF THIS REQUEST TO THE ABOVE-CAPTIONED MATTER

The entity subject to this request, Amber Group, is believed to be located in the People's Republic of China.  Based on the Trust's investigation, Amber Group is believed to have important information bearing on issues central to the investigation.  Namely, that the documents described below and potential testimony are relevant to identifying data and other information that is critical to the recovery of assets.

For the foregoing reasons and in the interests of justice, this Court therefore requests that an order is issued in accordance with the laws and procedures of the courts of the People's Republic of China for the acquisition of documentary evidence in the Chapter 11 Cases.  The requests for documents and deposition testimony are described below.

## **SCHEDULING AND OTHER SPECIFIC REQUESTS**

It is respectfully requested by the below signed authority that the documents be produced to the Trust on or before 30 days after Amber Group is ordered to produce them to the Trust. When required, this Court will provide similar assistance as requested herein to the appropriate judicial authorities of the People's Republic of China.

**Dated: _____, 2021      JOHN T. DORSEY**
**          Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE**

**ATTACHMENT 1**

**REQUEST FOR DOCUMENTS**

**DEFINITIONS**

The following definitions of terms apply to all Requests under the below heading "Requests."  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (including any of the Debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      "You," or "Your," shall mean Amber Group, and other entities affiliated with the cryptocurrency financial services firm commonly known as Amber Group including, as

1

applicable, its predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions,

directors, officers, principals, trustees, employees, agents, representatives, consultants, attorneys,

auditors, accountants, consultants or any other Person(s) now or heretofore under the control of

the foregoing or acting or purporting to act on its behalf.

      6.      "Account(s)" means any fiat or cryptocurrency depository, including, but not

limited to any company or service that hosts or provides digital wallets or otherwise permits

trading and storage of cryptocurrency (including cryptocurrency exchanges and cryptocurrency

custodians), checking accounts, savings accounts, trust accounts, custodian accounts, money

market accounts, investment accounts, transactional accounts, certificates of deposit, safety

deposit boxes, and any other holder of assets or value of any kind, including cash, securities, debt

instruments, precious metals, jewelry, important documents, deeds, or any other asset or medium

of exchange.

      7.      "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).  This may encompass any oral, written, or electronic transmission

of information without limitation, including meetings, discussions, conversations, telephone

calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp,

Groupme, WeChat, Signal, Dust, Slack, Proton, memoranda, letters, analyst reports, telecopies,

telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm,

microfiche, magnetic disks, or other media of any kind.

      8.      "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

      9.      "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant

Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors,

subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.     "Cryptocurrency" means all digital assets that are traded on a blockchain, this definition is broadly defined to include all types of digital assets, including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets.  This definition includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum, U.S. Dollar Coin, Tether (USDt), Libra Token (LBA), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, and any other digital asset.

11.     "Digital address" means the alphanumerical sequence that identifies a digital wallet.

12.     "Digital Wallet(s)" means the place in which cryptocurrency (and/or the keys that give access to cryptocurrency) is stored, including hosted wallets, non-hosted wallets, multi-sig wallets, and any other place in which cryptocurrency can be stored.

13.     "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  For the avoidance of doubt, this encompasses all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or

3

representations of any kind or other data compilations from which information can be obtained

or translated, if necessary, through detection devices into reasonable usable form.  The term

"Documents" includes, but is not limited to:

a. correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, inter-office and intraoffice communications, pitchbooks, marketing materials, or offers;

b. any written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp, Groupme, WeChat, Signal, Dust, Slack, Proton, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind;

c. notations in any form made of conversations, telephone calls, meetings, negotiations, or other communications;

d. bulletins, circulars, schedules, lists, guides, printed matter (including newspapers, magazines and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements, or worksheets;

e. electronic, mechanical, or optical records or representations of any kind (including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, and computer-stored data or material), or transcriptions thereof; and

f. all drafts, alterations, modifications, changes and amendments of any of the foregoing, and any material underlying, supporting, or used in the preparation of any document.

g. A draft or non-identical copy is a separate document within the meaning of this term.

14.    "Records" means all documents and communications in any way related to an

Account, including emails, statements, applications, onboarding forms, communications,

correspondence, know your customer/anti-money laundering related documents, SWIFT records,

records reflecting transactions, checks (front and back), wire transfers, tax documents and filings, certificates of foreign status of beneficial owners, memoranda, notes, custodian agreements, trustee agreements, forms and/or related documents and communications, beneficiary agreements, forms and/or related documents and communications, and all other documents concerning the owners, signatories, beneficial owners, trustees, and all other persons associated with an Account in any way, and any other documents, communications, or bank records.

15.     "Suspect Transactions" means the transactions identified in Attachment 2, which were compiled by the Trust's cryptocurrency tracing consultant CipherTrace LLC.

16.     "Suspect Addresses" means the digital addresses identified in the Suspect Transactions.

17.     "Suspect Accounts" means all wallets and accounts associated with the Suspect Addresses.

## INSTRUCTIONS

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

4.      These Requests are for documents only to the extent they have not already been provided to the Trust.

5.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

6.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

7.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

8.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

9.      Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be

produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents. ESI and emails produced pursuant to this request shall be produced in a searchable format with accompanying index that states the following metadata:

a. BEG_NO (Bated number associated with first page of document);
b. END_NO (Bates number associated with last page of document);
c. CUSTODIAN (Who provided the document; usually a person. Only provide the names of custodians relevant to the specific matter; any superfluous names should be removed from metadata);
d. ATTACH_RANGE (Attachment range for parent email and children attachments);
e. FILE_EXT (File extension of native document);
f. FILE_NAME (Original file name of native document);
g. HASH (MD5 hash value of document or "de-duplication key");
h. AUTHOR (Author of document or email);
i. DATE_LAST_MOD (Date file was last modified: mm/dd/yyyy);
j. TIME_LAST_MOD (Time file was last modified: EST);
k. TITLE/SUBJECT (Information from title or subject line);
l. FROM (Author of email message);
m. TO (Recipient(s) of email message);
n. CC (Recipient(s) of Carbon Copies of email message);
o. BCC (Recipient(s) of Blind Carbon Copies of email message);
p. DATE_SENT (Sent date of email message: mm/dd/yyyy);
q. TIME_SENT (Sent time of email message: EST);
r. DATE_RCVD (Received date of email message: mm/dd/yyyy);
s. TIME_RCVD (Received time of email message: EST).

10.     If any document called for by these Requests has been destroyed or discarded, You must Identify that document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the

document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

11.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control.  A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

12.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is.  If no document exists that is responsive to a particular request, You must state so in writing.

13.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 to the present.

## REQUESTS

1.      All documents, records, communications, or other information concerning the Suspect Transactions, Suspect Addresses, or the Suspect Accounts.

2.      All onboarding, know-your-customer and anti-money laundering information concerning the Suspect Addresses or Suspect Accounts, including, but not limited to, account opening documents, applications, onboarding forms, and any other information identifying the owners.

3.      All account statements and transaction records for the Suspect Transactions, Suspect Addresses, or Suspect Accounts.

4.      All internet protocol addresses associated with the Suspect Transactions, Suspect Addresses, or Suspect Accounts.

5.      All documents, records, or other information reflecting persons or entities that own or control the Suspect Addresses or Suspect Accounts, including signers, beneficiaries, joint owners, or partial owners.

6.      All documents, records, or other information reflecting the source of funds contained in the Suspect Addresses or Suspect Accounts, including deposit information.

7.      All documents, records, communications, account statements, or other information concerning the following persons and entities:

      a.      Cred
      b.      Cyber Quantum PTE, Ltd.
      c.      Cyber Quantum
      d.      Dan Schatt
      e.      Lu Hua
      f.      James Alexander
      g.      Aaliyah Wan
      h.      Daniyal Inamullah
      i.      James Podulka
      j.      Daniel Wheeler
      k.      Chris Spadafora

l.      Heidi Ng
m.      Max Rokhline
n.      Jonathan Labovich
o.      MoKredit, Inc.
p.      MoKredit (Shanghai) Information Technology, Co. Ltd.
q.      MoKredit Technology (Hong Kong) Company Limited
r.      Shanghai Bestone Information Technology Co., Ltd.
s.      JST
t.      JST Capital
u.      JST Systems, LLC
v.      JST Alpha 1 Master Fund (Cayman)
w.      All email domains "@jstcap.com"
x.      All email domains "@mycred.io"

8.      All documents, records, communications, account statements, or other information concerning Accounts and Wallets associated with the email accounts al3xander.james@gmail.com and james@levelcapital.io.



City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**Cred Inc. Letters of Rogatory AMBER GROUP CHINA**" is, to the best of my knowledge and belief, a true and accurate translation from English into Chinese (Simplified).

_____
Shayna Himelfarb

Sworn to before me this
November 15, 2021

在美国特拉华地区
破产法庭

| | | |
|---|---|---|
| 关于： | ） | 第 11 章 |
| | ） | |
| CRED INC. 等， | ） | 案件编号 20-12836（JTD) |
| | ） | |
| 债务人。[1] | ） | （共同管理） |
| | ） | |

**国际协助请求 - 请求信**

　　根据 1970 年 3 月 18 日《关于从国外调取民事或商事证据的公约》（《海牙公约》），美国特拉华地区破产法院（本"法院"）恭请提供国际司法协助，以取得证据，用于 Cred Inc.（"Cred"）及其附属债务人（统称"债务人"）的上述第 11 章案件（"第 11 章案件"）。

　　根据在第 11 章案件中成立的 Cred Inc. 清算信托（"信托"）的陈述，本法院已确定 Amber Group（中国深圳）可能拥有与信托正在进行的调查和追偿债务人资产相关的重要事实相关的文件、信息和知识。本法院请求提供下列协助：

| 1. 发件人 | Cred Inc. 清算信托 |
|---|---|
| | 代表： |
| | McDermott Will & Emery LLP |
| | David R. Hurst |
| | 1007 North Orange Street, 10th Floor |

---

[1]　下面是这些第 11 章案件中的债务人，以及每个债务人的联邦税务识别号的最后四位数字：Cred Inc.（8268）、Cred (US) LLC (5799)、Cred Capital, Inc.（4064）、Cred Merchant Solutions LLC（3150）、Cred (Puerto Rico) LLC (3566)。债务人的邮寄地址是 3 East Third Avenue, San Mateo, California 94401。

1

| | |
|---|---|
| | Wilmington, DE 19801<br>dhurst@mwe.com<br>电话：(302) 485-3900<br>传真：(302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>电话：(212) 547-5400<br>传真：(212) 547-5444 |
| 2. 被请求国的中央当局 | 中华人民共和国司法部<br>司法协助交流中心（ILCC）<br>北京市西城区<br>平安里西大街33号北楼<br>邮编：100035<br>中华人民共和国 |
| 3. 已执行的请求将被退还给 | Cred Inc. 清算信托<br><br>代表：<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>电话：(302) 485-3900<br>传真：(302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>电话：(212) 547-5400<br>传真：(212) 547-5444 |

| | |
|---|---|
| 4. 请求司法机关（第 3 条 a 款） | United States Bankruptcy Court<br>District of Delaware<br>John T. Dorsey 法官<br>824 North Market Street<br>3rd Floor<br>Wilmington, DE 19801 |
| 5. 主管当局（第 3 条 a 款） | 中华人民共和国 |
| 6. 案件的名称和任何可识别的编号 | 关于：Cred, Inc. 等,<br>案件编号 20-12836（JTD） |
| 7. 各方及其代表的名称和地址（第 3 条 b 款） | Cred Inc. 清算信托<br><br>代表：<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>电话：(302) 485-3900<br>传真：(302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>电话：(212) 547-5400<br>传真：(212) 547-5444 |
| 8. 将要获得的证据或将要执行的司法行为（第 3 条 d 款） | 特此恭请<br>中华人民共和国的司法当局命令 Amber Group 提供附件 1 所述文件的副本，并从以下各方获取强制证词：<br><br>Amber Group（中国深圳）<br>中国深圳市南山区<br>高新科技园中区<br>科苑路科兴科学园 |

3

| | D1 座 2401 |
|---|---|
| 9. 根据《公约》第 14 条第二款或第 26 条应予以偿还的支出和费用的承担方将是 | Cred Inc. 清算信托<br><br>代表：<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>电话：(302) 485-3900<br>传真：(302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>电话：(212) 547-5400<br>传真：(212) 547-5444 |

根据《海牙公约》第 3 条，下述申请人在上述诉讼中提出此请求。

本法院向中华人民共和国的司法当局表示敬意，并请求提供国际司法协助，以取得本法院在第 11 章案件调查中使用的证据。

为维护司法公正，本法院请求本文所述的协助。请求的协助是为了让中华人民共和国的适当司法机关强制 Amber Group 提供下面详述的文件。

4

### 破产案件的相关信息

2020 年 11 月 7 日，债务人根据《美国法典》第 11 篇第 11 章（《破产法典》）申请破产救济。2021 年 3 月 11 日，法院确认了清算计划，且该计划已于 2021 年 4 月 19 日生效。在该生效日期，设立了信托，债务人的资产（包括所有权利主张和诉讼事由）都转移和分配给了信托。

债务人的业务和第 11 章破产案件涉及各种形式的加密货币交易，其中一些已被信托确定为欺诈或其他不当交易。因此，信托对这些交易和可能追回债务人资产的情况进行了大量调查。为了协助追回此类资产，信托聘请了世界领先的加密货币追踪顾问之一。

该信托向本法院表示，它已发现证据，表明以下个人/实体可能拥有关于被盗或不当转移加密货币的信息：Amber Group。

Amber Group 提供的信息无法通过任何其他方式获得，而这些信息对债务人的重大资产的潜在追回至关重要。因此，信托现在寻求有针对性的证据开示，以获取与信托正在进行的调查和追回资产有关的信息。考虑到加密货币资产移动或消散的便利性和速度，这种证据开示尤其重要。

### 本请求与上述问题的相关性

本请求的实体对象 Amber Group 据信位于中华人民共和国境内。根据信托的调查，Amber Group 被认为拥有关于调查核心问题的重要信息。也就是说，下述文件和可能的证词关系到确定对回收资产至关重要的数据和其他信息。

基于上述原因，并为维护司法公正，本法院特此请求依照中华人民共和国法院的法律和程序，出具一份命令来获取第 11 章案件的书面证据。下面将描述针对文件和证词的请求。

## <u>日程安排和其他特定的请求</u>

在下面签字的授权人恭请在 Amber Group 被命令向信托提交文件后 30 天或之前将文件提交给信托。如有需要，本法院将向中华人民共和国有关司法机关提供此处请求的类似协助。

日期：2021 年＿＿＿＿＿＿＿＿＿＿   JOHN T. DORSEY
　　　 Wilmington, Delaware      美国破产法官

**附件 1**

**文件请求**

**定义**

以下术语定义适用于以下"请求"标题下的所有请求。除此处另有规定外，此处使用的所有词和短语应符合其通常含义，并应按其通常含义进行解释。

1.      任何提及公司、合伙企业、独资企业、协会、组织或任何其他商业或法律实体（包括任何债务人）的地方应被视为包括公司、合伙企业、独资企业、协会、组织或其他商业或法律实体的代理人、会计师、顾问、雇员、律师、高级职员、董事、直接或间接股东、成员、代表、附属公司、子公司、前身、继承人、受让人或任何其他代表公司、合伙企业、独资企业、协会、组织或其他商业或法律实体行事或声称代表其行事的人。

2.      任何单数名词的使用应被解释为包括复数，反之亦然，并且任何时态的动词应被解释为该动词的所有其他时态的使用。

3.      术语"所有"、"任何"和"每一"均应解释为包括任何和所有。

4.      连接词"和"与"或"应根据需要进行单独或合并解释，以便将所有可能被解释为超出证据开示请求范围的答复纳入证据开示请求范围。

5.      "贵方"或"贵方的"指 Amber Group 以及与加密货币金融服务公司（通常称为 Amber Group）关联的其他实体，包括其前身、继任者、合作伙伴、合资企业、子公司、附属公司、部门、董事、高级职员、负责人、受托人、雇员、代理、代表、顾问、律师、审计员、会计师、顾问或目前或迄今在前述人员控制下的或代表其行事或声称代表其行事的任何其他人。

1

6.　　"账户"指任何法定或加密货币存储库，包括但不限于托管或提供数字钱包或以其他方式允许交易和存储加密货币（包括加密货币交易所和加密货币托管机构）、支票账户、储蓄账户、信托账户、托管账户、货币市场账户、投资账户、交易账户、存单、保险箱，以及任何资产或任何种类价值的其他持有人，包括现金、证券、债务工具、贵金属、珠宝、重要文件、契约或任何其他资产或交易媒介。

7.　　"通信"指信息的传递（以事实、想法、询问或其他形式）。这可能包括任何口头、书面或电子信息传输，包括但不限于会议、讨论、对话、电话、电子邮件消息、短信、聊天、iMessages、Bloomberg、Telegram、WhatsApp、Groupme、微信、Signal、Dust、Slack、Proton、备忘录、信件、分析师报告、电传本、电传、电传、会议、研讨会、消息、笔记、录像带、照片、缩微胶卷、缩微胶片、磁盘或任何类型的其他媒体。

8.　　"关于"指涉及、提及、描述、证明或构成。

9.　　"Cred"指 Cred Inc.、Cred (US) LLC、Cred Capital, Inc.、Cred Merchant Solutions LLC 和 Cred (Puerto Rico) LLC，以及它们的每一个前身、继任者、子公司、合伙人、负责人、高级职员、董事、律师、经理、专业人士和其他顾问、代理人、雇员、代表、以及代表或声称代表他们行事的人。

2

10.    "加密货币"指在区块链上交易的所有数字资产，该定义被广泛定义为包括所有类型的数字资产，包括虚拟货币、代币、符合 ERC-20 标准的代币、证券代币、实用型代币、稳定币和任何其他数字资产。    该定义包括但不限于：比特币、比特币现金、以太坊、美元币、Tether (USDt)、Libra Token (LBA)、Dai、IDOL、XRP、Cardano、Polkadot、Binance Coin、Litecoin、Chainlink、Stellar、Dogecoin、Aave、Uniswap、Wrapped Bitcoin、Bitcoin SV、EOS、Monero、Maker、Cosmos、TRON、NEM、Synthetix、Tezos、THETA、Compound、VeChain、Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana，以及任何其他数字资产。

11.    "数字地址"指用于识别数字钱包的字母数字序列。

12.    "数字钱包"指存储加密货币（和/或允许访问加密货币的密钥）的地方，包括托管钱包、非托管钱包、多 sig 钱包和任何其他可以存储加密货币的地方。

13.    "文件"的定义与《联邦民事诉讼规则》34(a)(1)(a) 中"文件或电子存储信息"一词的含义相同，并且在使用范围上与之相同。为免生疑义，这包括任何形式的书面、图形或印刷品，无论如何制作或复制，包括所有原件、草稿、工作底稿和不完全相同的副本（无论是由于这些副本上的批注还是其他原因而与原件不同），以及所有电子、机械、或任何种类的光学记录或表示，或从中可以获得信息的其他数据汇编，或在必要时通过检测设备翻译成合理的可用形式。"文件"一词包括但不限于：

a.  信件、备忘录、笔记、日历或日记本、统计信息、信件、电子邮件、笔记本、电报、日记本、会议记录、议程、通知、公告、说明、图表、时间表、请求、合同、潜在的合同、协议、潜在的协议、许可、潜在的许可、订单表格、账簿、账目、记录、报告、研究、调查、实验、分析、支票、注销支票、电汇确认书、报表、收据、退货、凭证、报表、信用备忘录、销售单据、本票、摘要、小册子、说明书、宣传册、公告、证书、图纸、计划、办公室间和办公室内的通讯、宣传册、营销材料或报价；

b.  任何书面或电子信息传输，包括但不限于会议、讨论、对话、电话、电子邮件消息、短信、聊天、iMessages、Bloomberg、Telegram、WhatsApp、Groupme、WeWork、Signal、Dust、Slack、Proton、备忘录、信件、分析师报告、电传本、电传、电传、会议、研讨会、消息、笔记、录像带、照片、缩微胶卷、缩微胶片、磁盘或任何类型的其他媒体；

c.  在任何形式的对话、电话、会议、谈判或其他通信中进行的注释；

d.  公报、通告、附表、清单、指南、印刷品（包括报纸、杂志和其他出版物、文章及其剪报）、新闻稿、电脑打印件、电传打字机、电传副本、电传文件、发票、分类账、资产负债表、财务报表或工作底稿；

e.  任何类型的电子、机械或光学记录或表述（包括磁带、卡式磁带、磁盘、硬盘驱动器、录音、语音邮件、电子邮件和计算机存储的数据或材料），或其转录文本；以及

f.  上述任何内容的所有草稿、变更、修改、变更和修订，以及任何文件的基础材料、支持材料或使用的材料。

g.  在本术语中，草稿或不完全相同的副本是单独的文件。

14.    "记录"指以任何方式与账户相关的所有文件和通信，包括电子邮件、报表、申请、入社表格、通信、了解客户/反洗钱相关文件、SWIFT 记录、反映交易的记录、支票（正面和反面）、电汇、税务文件和备案、受益所有人的外国身份证明、备忘录、票据、托管协议、受托人协议、表格和/或相关文件和通信、受益协议、表格和/或相关文件和通信，以及所有与所有者、签署人、受益所有人有关的所有其他文件和通信、受托人，以及与账户有任何关联的所有其他人，以及任何其他文件、通讯或银行记录。

15.    "可疑交易"指由信托的加密货币追踪顾问 CipherTrace LLC 编制的附件 2 中确定的交易。

16.    "可疑地址"指可疑交易中确定的数字地址。

17.    "可疑账户"指与可疑地址相关的所有钱包和账户。

### 指示

1.    上述定义适用于这些指示和每个后续请求。

2.    上面定义的所有术语均具有其中规定的含义，无论在请求中是否大写。

3.    贵方必须提供贵方拥有、保管或控制的所有相关文件，无论其位于何处，包括但不限于贵方代表、代理、专业人员、关联公司或任何代表贵方的人保管的文件。

4.    这些请求仅针对提供尚未提供给信托的文件。

5.　　如果贵方反对任何请求的任何部分，贵方必须提供用于回应贵方不反对的那部分请求的所有文件。贵方还必须陈述反对的性质和理由。

6.　　如果贵方不能完全遵守任何请求，贵方必须尽可能完全遵守，并且贵方应提供解释，说明为什么不能完全遵守。

7.　　如果贵方提出关于特权的权利主张，以反对一项请求并在此基础上扣留一份回应文件，则贵方必须提供一份特权日志，其中阐明 (a) 主张的特权的性质，(b) 被扣留的文件的类型，(c) 文件的一般标的事项，(d) 文件的日期，以及 (e) 足以识别文件的其他信息，在适当情况下，包括文件的作者、文件的标题或主题行、文件的收件人，以及在不明显的情况下，作者和收件人之间的关系。

8.　　如果一份文件同时包含特权材料和非特权材料，则贵方必须在不披露特权材料的情况下最大限度地披露非特权材料。如果一方对文件中包含材料的一部分提出特权主张，则主张特权的一方必须清楚地表明其主张特权的部分。当文件以任何方式被修订或更改时，贵方必须对每个文件指明修订或更改的原因、修订或更改的日期以及执行修订或更改的人。任何修订必须在被修订的文件上清晰可见。

9.　　应按照以下方式对某些电子存储信息进行额外特殊处理：Microsoft Excel 电子表格字段不应转换为 TIFF 文件，并且应以原格式提供。应创建一个占位符 TIFF 图片，对 Bates 进行编号，并对提供的 Excel 文件进行重命名，以匹配相应占位符页面上的 Bates 编号。但应以 TIFF 格式生成的修订的电子表格除外。被修订电子表格的图像应以与打印内容相同的方式来显示内容。本地文件应提供可提取的元数据和文本，且将为文件的未修订部分提供 OCR。根据此请求提供的 ESI 和电子邮件应以可搜索的格式提供，并随附索引，其中声明以下元数据：

6

a. BEG_NO（与文档第一页相关联的减弱号）；
b. END_NO（与文件最后一页相关的减弱号）；
c. CUSTODIAN（提供文件的人；通常一个人。仅提供与具体事项有关的保管人姓名；应该从元数据中删除任何多余的名称）；
d. ATTACH_RANGE（母电子邮件和子附件的附件范围）；
e. FILE_EXT（本地文件的文件扩展名）；
f. FILE_NAME（本地文件的原始文件名）；
g. HASH（文件的 MD5 哈希值或"重复数据删除键"）；
h. AUTHOR（文件或电子邮件作者）；
i. DATE_LAST_MOD（文件最后修改日期：月/日/年）；
j. TIME_LAST_MOD（文件最后修改时间：EST）；
k. TITLE/SUBJECT（来自标题或主题栏的信息）；
l. FROM（电子邮件的作者）；
m. TO（电子邮件的收件人）；
n. CC（电子邮件副本的收件人）；
o. BCC（电子邮件密件副本的收件人）；
p. DATE_SENT（电子邮件发送日期：月/日/年）；
q. TIME_SENT（电子邮件发送时间：EST）；
r. DATE_RCVD（收到电子邮件的日期：月/日/年）；
s. TIME_RCVD（收到电子邮件的时间：EST）。

10.　　如果这些请求所要求的任何文件已被销毁或丢弃，贵方必须通过提供以下信息以书面形式识别该文件：(a) 任何寄件人/作者及任何收件人；(b) 任何指明的或未指明的副本；(c) 文件的日期、主题、页数以及附件或附录；(d) 向其分发、出示或解释该文件的所有人士；(e) 其销毁或丢弃的日期、销毁或丢弃的方式以及销毁或丢弃的理由；(f) 授权和进行这种销毁或丢弃的人；及 (g) 该文件现时是否有任何副本，如有，则提供每份副本的保管人姓名。

11.　　不论因任何原因或任何手写标记或其他批注或任何遗漏，以任何方式与文件的正本或任何其他副本不同，文件的任何副本均是一份单独的文件，并且均须提供，不论该等文件的原件是否在贵方拥有、保管或控制范围内。对任何文件的请求包括对其所有草稿、所有修订和修改的请求，其中包括除文件本身之外的任何红线版本或文件比较。每一份文件都必须是完整的，不得缩写或删节。

12.　　在提供文件时，所有在最初找到时在物理上彼此附在一起的文件，或与其他文件分离或分开的文件，应按原样提供。如果不存在能回应特定请求的文件，则必须以书面形式声明。

13.　　除另有规定外，文件请求要求提供 2018 年 1 月 1 日至现在的文件、记录、通信和信息。

**请求**

1.　　与可疑交易、可疑地址或可疑账户有关的所有文件、记录、通信或其他信息。

2.　　关于可疑地址或可疑账户的所有引入、了解客户和反洗钱信息，包括但不限于开户文件、申请、引入表格和识别所有者的任何其他信息。

3.　　针对可疑交易、可疑地址或可疑账户的所有账户报表和交易记录。

4.　　与可疑交易、可疑地址或可疑账户相关联的所有互联网协议地址。

5.　　能反映拥有或控制可疑地址或可疑账户的个人或实体的所有文件、记录或其他信息，包括签署人、受益人、共同所有人或部分所有人。

6.　　能反映可疑地址或可疑账户中包含的资金来源的所有文件、记录或其他信息，包括存款信息。

7.　　关于下列人员和实体的所有文件、记录、通讯、报表或其他信息：

      a.　　Cred
      b.　　Cyber Quantum PTE, Ltd.
      c.　　Cyber Quantum
      d.　　Dan Schatt
      e.　　Lu Hua
      f.　　James Alexander
      g.　　Aaliyah Wan
      h.　　Daniyal Inamullah
      i.　　James Podulka
      j.　　Daniel Wheeler
      k.　　Chris Spadafora
      l.　　Heidi Ng
      m.　　Max Rokhline
      n.　　Jonathan Labovich
      o.　　MoKredit, Inc.
      p.　　MoKredit (Shanghai) Information Technology, Co. Ltd.
      q.　　MoKredit Technology (Hong Kong) Company Limited

      r.     Shanghai Bestone Information Technology Co., Ltd.
      s.     JST
      t.     JST Capital
      u.     JST Systems, LLC
      v.     JST Alpha 1 Master Fund (Cayman)
      w.    所有电子邮件域名 "@jstcap.com"
      x.    所有电子邮件域名 "@mycred.io"

8.     与电子邮件账户 al3xander.james@gmail.com 和 <u>james@levelcapital.io</u>

相关的所有文档、记录、通信、账户报表或其他与账户和钱包相关的信息。

# Attachment 2

| Exchange | Asset | Amount | Digital Address | Transaction Hash |
|---|---|---|---|---|
| Binance | BTC | | BCGS | 0819 |
| BlockFi | BTC | | HzW5 | eb29 |
| Unknown | BTC | | A1AX | ec95 |
| Unknown | BTC | | Dcwm | adce |
| Unknown | BTC | | ufFt | 3f52 |
| Binance | USDC | | f0be | 3279 |
| FTX | USDC | | 6ad2 | 17fd |
| Binance | USDC | | f0be | 88b1 |
| Coinbase | BTC | | NNsg | 260a |
| Coinbase/FTX | BTC | | ZzbH | b725 |
| Unknown | BTC | | Dcwm | adce |
| Unknown | BTC | | A1AX | ec95 |
| Binance | BTC | 11 89 | 5otG | 051b |
| Binance | BTC | 0 327 | jwVJ | 74e7 |
| Binance | BTC | 0 35 | AvJg | 6457 |
| Binance | BTC | 0 04 | RHH7 | be43 |
| Binance | BTC | 10 873 | qrJL | 89f7 |
| Binance | BTC | 7 578 | qrJL | af5c |
| Binance | BTC | 23 775 | qrJL | 6441 |
| Binance | BTC | 23 708 | qrJL | 10cf |
| Binance | BTC | 14 264 | dVEz | 2709 |
| Binance | BTC | 19 | qrJL | 857c |
| Binance | BTC | 0 0538 | uKuN | 894ff |
| Huobi | BTC | 70 | RbXm | de1b |
| Huobi | BTC | 21 93 | RbXm | 34e9 |
| Huobi | BTC | 40 | 9FMZ | e89d |
| Bitkan | BTC | 51 582 | QbTW | 6821 |
| CloudBet | BTC | 11 67 | pwxe | 475e |
| CoinPayments | BTC | 0 059 | oEEE | 2653 |
| CoinPayments | BTC | 0 111 | RBXq | 5180 |
| CoinPayments | BTC | 4 663 | jhWn | 52d0 |
| CoinPayments | BTC | 0 928 | 4mj4 | ec51 |
| CoinPayments | BTC | 1 478 | MrxN | 7111 |
| CoinPayments | BTC | 0 187 | uyTi | 5b52 |
| CoinPayments | BTC | 0 189 | cr8Z | 1146 |
| ExpertOption | BTC | 0 00314 | tnHg | 8608 |
| ExpertOption | BTC | 0 008 | tnHg | fc5cb |
| ExpertOption | BTC | 0 0033 | hYYe | 4a24 |
| Luno | BTC | 0 0061 | ziar | 24fe |
| Payeer | BTC | 0 2605 | SLMu | 7f2a |
| Payeer | BTC | 0 2881 | 7AG1 | a477 |
| Bitfinex | BTC | 10 | zfhU | ed89 |
| Bitfinex | BTC | 2 | zfhU | 3115 |
| Bitfinex | BTC | 15 | zfhU | af5e |
| LocalBitcoins | BTC | 1 397 | PHZq | d63f |
| Alameda/FTX | ETH | | e3bd | 3588 |
| Alameda/FTX | ETH | | 5803 | e249 |
| Alameda/FTX | ETH | | 5803 | 818a |
| Alameda/FTX | ETH | | 4621 | a4e3 |
| Alameda/FTX | ETH | | 4886 | 1c17 |
| Alameda/FTX | ETH | | e3bd | da35 |
| Alameda/FTX | ETH | | e882 | 53ca |
| Alameda/FTX | ETH | | e882 | 0f17 |
| Alameda/FTX | ETH | | e882 | 43fa |
| Alameda/FTX | ETH | | e882 | 93cd |
| Alameda/FTX | ETH | | e882 | 095a |
| Binance | BTC | | bu1s | 2d52 |
| Binance | BTC | | 2vu5 | |
| Binance | BTC | | bu1s | 43d3 |
| Binance | BTC | | bu1s | 43d3 |
| Binance | BTC | | bu1s | 43d3 |
| Binance | ETH | | 98ba | ddea |
| Binance | ETH | | 8c10 | 6335 |
| Binance | ETH | | b580 | b0a9 |
| Binance | ETH | | 3171 | 0d6c |
| Binance | ETH | | fd68 | 14ae |
| Binance | ETH | | 1110 | 5683 |
| Binance | ETH | | 9da7 | cda7 |
| Binance | ETH | | 6b7d | a3952 |
| Binance | ETH | | 6cc0 | 94c1 |
| Binance | ETH | | cb9b | 4326 |
| Binance | ETH | | 352c | b2da |
| Binance | ETH | | 352c | b602 |
| Binance | ETH | | 352c | 47cd |
| Binance | ETH | | 352c | 602b |
| Binance | ETH | | 352c | 259e |
| Binance | ETH | | e144 | 8f91 |
| Binance | ETH | | ad7d | efbd |
| Binance | ETH | | bb94 | 51be |
| Binance | ETH | | 3fa6 | b482 |
| Binance | ETH | | 3fa6 | 0c8b |
| Binance | ETH | | 3fa6 | f087 |
| Binance | ETH | | 3fa6 | 823f |
| Binance | ETH | | 3fa6 | 8ca1 |
| Binance | ETH | | 94b2 | 195f |
| Binance | ETH | | 1a9e | 0ee5 |
| Binance | ETH | | 1a9e | fc37 |
| Binance | ETH | | 94b2 | 195f |

| | | | | | |
|---|---|---|---|---|---|
| Binance | ETH | | e100 | | 6d85 |
| Binance | ETH | | ba17 | | 367e |
| Binance | ETH | | 538d | | 424a |
| Binance | ETH | | ba17 | | 367e |
| Binance | ETH | | df3b | | 3e7c |
| Binance | ETH | | efb5 | | 0a74 |
| Binance | ETH | | df3b | | 3e7c |
| Binance | ETH | | 8163 | | 5c79 |
| Binance | ETH | | bb94 | | 2da6 |
| Binance | ETH | | a12f | | c139 |
| Binance | ETH | | 318d | | 128f |
| Binance | ETH | | aed1 | | 14c7 |
| Binance | ETH | | aed1 | | 6ff5 |
| Binance | ETH | | 9650 | | d790 |
| Binance | ETH | | d98d | | ef29 |
| Binance | ETH | | 3fa6 | | 3d0b |
| Binance | ETH | | 538d | | 47c6 |
| Binance | ETH | | 744b | | 4ff3 |
| Binance | ETH | | 538d | | 410b |
| Binance | ETH | | 3fa6 | | 65a9 |
| Binance | ETH | | 8163 | | 2888 |
| Binance | ETH | | 4121 | | eaa7 |
| Binance | ETH | | 2e96 | | a30e |
| Binance | ETH | | ba17 | | a37c |
| Binance | ETH | | bd0a | | 0061 |
| Binance | ETH | | 8163 | | 2c87 |
| Binance | ETH | | ef5b | | 6933 |
| Binance | ETH | | 2e96 | | 1de3 |
| Binance | ETH | | 2e96 | | d539 |
| Binance | ETH | | 2e96 | | 0908 |
| Binance | ETH | | 2e96 | | 5087 |
| Binance | ETH | | 2e96 | | 9a64 |
| Binance | ETH | | ce91 | | ccb0 |
| Binance | ETH | | ce92 | | 6dbf |
| Binance | ETH | | ba17 | | 0e47 |
| Binance | ETH | | ba17 | | b9fb |
| Binance | ETH | | ba17 | | 0ddd |
| Binance | ETH | | ba18 | | b2e1 |
| Binance | ETH | | ba19 | | c8ee |
| Binance | ETH | | ba20 | | 9b52 |
| Binance | ETH | | 744b | | b996 |
| Binance | ETH | | ba19 | | 6d60 |
| Binance | ETH | | 92ff | | db96 |
| Binance | ETH | | 92ff | | 8f70 |
| Binance | ETH | | f0bE | | 0a4f |
| Binance | ETH | | f0bE | | 4af4 |
| Binance | ETH | | dbbf | | bea0 |
| Binance | ETH | | f0be | | bec6 |
| Binance | ETH | | f0be | | 4af4 |
| Binance | ETH | | dbbf | | f605 |
| Binance | ETH | | dbbf | | eae4 |
| Binance | ETH | | f0be | | 3412 |
| Binance | ETH | | f0be | | 21ac |
| Binance | ETH | | aced | | a56b |
| Binance | ETH | | 92ff | | 74df |
| Binance | ETH | | dbbf | | 6445 |
| Binance | ETH | | f0be | | e090 |
| Binance | ETH | | aced | | b9f8 |
| Binance | ETH | | aced | | 552f |
| Binance | ETH | | dbbf | | 552f |
| Binance | ETH | | dbbf | | 8462 |
| Binance | ETH | | f0be | | 59dc |
| Binance | ETH | | f0be | | 4e75 |
| Binance | ETH | | f0be | | 37ee |
| Binance | ETH | | dbbf | | 6de0 |
| Binance | ETH | | 92ff | | bb6e |
| Binance | ETH | | 92ff | | f62d |
| Binance | ETH | | dbbf | | f3f9 |
| Binance | ETH | | f0be | | ed3b |
| Binance | ETH | | 92ff | | f450 |
| Binance | ETH | | dbbf | | f4d2 |
| Binance | ETH | | f0be | | ef95 |
| Binance | ETH | | f0be | | 2e14 |
| Binance | ETH | | dbbf | | 1261 |
| Binance | ETH | | f0be | | d8fc |
| Binance | ETH | | f0be | | b470 |
| Binance | ETH | | aced | | 1a6d |
| Binance | ETH | | f0be | | 9095 |
| Binance | ETH | | f0be | | 7964 |
| Binance | ETH | | 92ff | | 94f6 |
| Binance | ETH | | f0be | | cc4b |
| Binance | ETH | | 92ff | | 1813 |
| Binance | ETH | | f0be | | 2579 |
| Binance | ETH | | f0be | | 77d2 |

| Exchange | Asset | | | | |
|---|---|---|---|---|---|
| Binance | ETH | | f0be | | f90c |
| Binance | ETH | | aced | | cbf5 |
| Binance | ETH | | dbbf | | aab4 |
| Binance | ETH | | dbbf | | 67d9 |
| Binance | ETH | | dbbf | | e2d9 |
| Binance | ETH | | 92ff | | 234d |
| Binance | ETH | | 92ff | | 3abb |
| Binance | ETH | | f0be | | b992 |
| Binance | ETH | | 92ff | | fba6 |
| Binance | ETH | | f0be | | bf33 |
| Binance | ETH | | aced | | a11b |
| Bittrex | Omni | jQZp | | | 3771 |
| Bittrex | Omni | jQZp | | | 3771 |
| Bittrex | Omni | jQZp | | | d56d |
| Bittrex | Omni | jQZp | | | d611 |
| Bittrex | Omni | jQZp | | | 1eeb |
| Bittrex | Omni | jQZp | | | 109d |
| Bittrex | ETH | | 8df5 | | 3f21 |
| Bittrex | ETH | | 8df5 | | 5d70 |
| Bittrex | ETH | | 43ef | | 75d5 |
| Bittrex | ETH | | b982 | | 060b |
| Bittrex | ETH | | b982 | | bc14 |
| Circle | ETH | | 722f | | 3a85 |
| Circle | ETH | | 4d08 | | 5195 |
| Circle | ETH | | 2274 | | 9138 |
| Circle/Poloniex | ETH | | 8652 | | 73f2 |
| Circle/Poloniex | ETH | | a30b | | 19c0 |
| Circle/Poloniex | ETH | | d5d2 | | 6db3 |
| Circle/Poloniex | ETH | | ef8d | | 4578 |
| Circle/Poloniex | ETH | | 1244 | | 482e |
| Coinbase | ETH | | bcda | | 41b5 |
| Coinbase | ETH | | 4526 | | 3258 |
| Coinbase | ETH | | ba05 | | 4d79 |
| Coinbase | ETH | | 253b | | 30df |
| Coinbase | ETH | | 7de1 | | 362f |
| Coinbase | ETH | | 7de1 | | 0b98 |
| Coinbase | ETH | | 7de1 | | 70a6 |
| Coinbase | ETH | | 136a | | ad05 |
| Coinbase | ETH | | 136a | | 3c66 |
| Crypto.com | ETH | | 2995 | | bb43 |
| Deribit | ETH | | b4a3 | | ffaa |
| Gemini.com | Omni | YRjA | | | a1b4 |
| Gemini.com | Omni | YRjA | | | a1b4 |
| Gemini.com | Omni | YRjA | | | 3ec7 |
| Gemini.com | Omni | YRjA | | | 8af5 |
| Gemini.com | Omni | YRjA | | | 77dc |
| Gemini.com | Omni | YRjA | | | 8fe4 |
| Gemini.com | Omni | YRjA | | | 74c7 |
| Gemini.com | Omni | YRjA | | | dad7 |
| Gemini.com | Omni | YRjA | | | e9ea |
| Gemini.com | Omni | YRjA | | | bf49 |
| Huobi Global | BTC | cn1T | | | 5245 |
| Huobi Global | BTC | cn1T | | | 5245 |
| Huobi Global | BTC | mEmZ | | | e6ac |
| Huobi Global | BTC | mEmZ | | | e33e |
| Huobi Global | Omni | gh8P | | | 81ad |
| Huobi Global | Omni | gh8P | | | 81ad |
| Huobi Global | Omni | gh8P | | | 4202 |
| Huobi Global | Omni | gh8P | | | 5f5a |
| Huobi Global | Omni | gh8P | | | 4202 |
| Huobi Global | Omni | mLaZ | | | 1a9f |
| Huobi Global | Omni | mLaZ | | | d4eb |
| Huobi | ETH | | 7a5c | | 4f20 |
| Huobi | ETH | | 07c0 | | 3c5f |
| Huobi | ETH | | 82f4a | | deb4 |
| Kraken | Omni | DRqX | | | 42e0 |
| Kraken | ETH | | 886b | | 12ba |
| Kraken | ETH | | 886b | | 4f3a |
| Nexo | ETH | | 5a92 | | ee07 |
| Nexo | ETH | | 7564 | | 9ffb |
| Nexo | ETH | | e9e3 | | 26d2 |
| Nexo | ETH | | 3a0e | | 9b6d |
| Nexo | ETH | | 3a0e | | 475a |
| Nexo | ETH | | 2542 | | 9e16 |
| OKEx | BTC | rh3E | | | d68f |
| OKEx | BTC | | | y4x6 | 33f9 |
| OKEx | ETH | | 11dd | | 2cbf |
| OKEx | ETH | | 8e7f | | a748 |
| OKEx | ETH | | 4955 | | fef9 |
| OKEx | ETH | | 0b53 | | ae64 |
| OKEx | ETH | | 0b53 | | 593d |
| OKEx | ETH | | 58b8 | | 5c1e |
| Uphold | ETH | | 78fc | | ccc3 |
| Uphold | ETH | | 78fc | | 29e0 |

| | | | | | |
|---|---|---|---|---|---|
| Uphold | ETH | | 78fc | | ed03 |
| Uphold | ETH | | d851 | | 799d |
| Uphold | ETH | | d851 | | b0ac |