**EXHIBIT 7**

**Proposed Letter – Cloudbet.com**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

## <u>REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST</u>

The United States Bankruptcy Court for the District of Delaware (this "<u>Court</u>")

respectfully requests international judicial assistance to obtain evidence, under the Hague

Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial

Matters (the "<u>Hague Convention</u>"), to be used in the above-captioned chapter 11 cases (the

"<u>Chapter 11 Cases</u>") of Cred Inc. ("<u>Cred</u>") and its affiliated debtors (collectively, the "<u>Debtors</u>").

Based on the representations made by the Cred Inc. Liquidation Trust (the "<u>Trust</u>")

established in the Chapter 11 Cases, this Court has determined that Cloudbet.com ("<u>Cloudbet</u>")

may be in possession of documents, information, and knowledge concerning material facts that

are relevant to the Trust's ongoing investigation and recovery of the Debtors' assets.  This Court

requests the assistance described below:

| | |
|---|---|
| 1.  Sender | Cred Inc. Liquidation Trust |
| | Represented by: |
| | McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor |

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

| | |
|---|---|
| | Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| 2.  Central Authority of Requested State | Ministry of Justice, Human and Minority Rights<br>Vuka Karadžića 3, Podgorica, Montenegro |
| 3.  Person to whom the executed request is to be returned | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444 |
| 4.  Requesting judicial authority (Article 3, a) | United States Bankruptcy Court<br>District of Delaware<br>Judge John T. Dorsey<br>824 North Market Street<br>3rd Floor<br>Wilmington, Delaware 19801 |
| 5.  To the competent authority of (Article 3, a) | Montenegro |
| 6.   Names of the case and any identifying number | In re: Cred, Inc. *et al*.,<br>Case No. 20-12836 (JTD) |

| 7.  Names and addresses of the parties and their representatives (Article 3, b) | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444 |
| --- | --- |
| 8.  Evidence to be obtained or judicial act to be performed (Article 3, d) | It is respectfully requested that a judicial authority of Montenegro order Cloudbet to produce copies of documents and compel testimony as described in Attachment 1 from:<br><br>Cloudbet.com<br>E Gambling Montenegro d.o.o.<br>Moskovska BR. 65 81000<br>Podgorica, Montenegro |
| 9.  The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Cred Inc. Liquidation Trust<br><br>Represented by:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19801<br>dhurst@mwe.com<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue |

| | New York, New York 10017 |
| | dazman@mwe.com |
| | jbevans@mwe.com |
| | Telephone: (212) 547-5400 |
| | Facsimile: (212) 547-5444 |

In conformity with article 3 of the Hague Convention, the undersigned applicant submits this request in the above-titled action.  This Court presents its compliments to the judicial authorities of Montenegro and requests international judicial assistance to obtain evidence to be used in an investigation before this Court in the Chapter 11 Cases.  This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is for the appropriate judicial authority in Montenegro to compel Cloudbet to produce the documents detailed below.

## RELEVANT INFORMATION ABOUT THE BANKRUPTCY CASES

On November 7, 2020, the Debtors filed for bankruptcy by filing petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On March 11, 2021, the Court confirmed the plan of liquidation, and the plan became effective on April 19, 2021.  On that effective date, the Trust was established and the Debtors' assets, including all claims and causes of action, were transferred and assigned to the Trust.

The Debtors' business and the Chapter 11 Bankruptcy Cases involve various forms of cryptocurrency transactions, some of which the Trust has determined to be fraudulent or otherwise improper.  Accordingly, the Trust has undertaken a substantial investigation into these transactions and the potential recovery of the Debtors' assets.  To assist with such recovery, the Trust retained one of the world's leading cryptocurrency tracing consultants.

The Trust has represented to this Court that it has uncovered evidence that the following person/entity may have information about stolen or improperly transferred cryptocurrency:

4

Cloudbet.  The information from Cloudbet is not available by any other means and will be essential to the potential recovery of significant assets of the Debtors' estates.  Accordingly, the Trust now seeks targeted discovery to obtain information relevant to the Trust's ongoing investigation and recovery of assets.  Such discovery is particularly important given the ease and speed with which cryptocurrency assets may be moved or dissipated.

### RELEVANCE OF THIS REQUEST TO THE ABOVE-CAPTIONED MATTER

The entity subject to this request, Cloudbet, is believed to be located in Montenegro. Based on the Trust's investigation, Cloudbet is believed to have important information bearing on issues central to the investigation.  Namely, that the documents described below and potential testimony are relevant to identifying data and other information that is critical to the recovery of assets.

For the foregoing reasons and in the interests of justice, this Court therefore requests that an order is issued in accordance with the laws and procedures of the courts of Montenegro for the acquisition of documentary evidence in the Chapter 11 Cases.  The requests for documents and deposition testimony are described below.

## <u>SCHEDULING AND OTHER SPECIFIC REQUESTS</u>

It is respectfully requested by the below signed authority that the documents be produced to the Trust on or before 30 days after Cloudbet is ordered to produce them to the Trust.  When required, this Court will provide similar assistance as requested herein, to the appropriate judicial authorities of Montenegro.

Dated: _____, 2021        **JOHN T. DORSEY**
      **Wilmington, Delaware**                        **UNITED STATES BANKRUPTCY JUDGE**

## ATTACHMENT 1

## REQUEST FOR DOCUMENTS

### DEFINITIONS

The following definitions of terms apply to all Requests under the below heading "Requests." Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (including any of the Debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2.      The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      "You" or "Your," shall mean Cloudbet.com and other entities affiliated with the cryptocurrency exchange commonly known as Cloudbet, including, as applicable, its

1

predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, directors,

officers, principals, trustees, employees, agents, representatives, consultants, attorneys, auditors,

accountants, consultants or any other Person(s) now or heretofore under the control of the

foregoing or acting or purporting to act on its behalf.

6.      "Account(s)" means any fiat or cryptocurrency depository, including, but not

limited to any company or service that hosts or provides digital wallets or otherwise permits

trading and storage of cryptocurrency (including cryptocurrency exchanges and cryptocurrency

custodians), checking accounts, savings accounts, trust accounts, custodian accounts, money

market accounts, investment accounts, transactional accounts, certificates of deposit, safety

deposit boxes, and any other holder of assets or value of any kind, including cash, securities, debt

instruments, precious metals, jewelry, important documents, deeds, or any other asset or medium

of exchange.

7.      "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).  This may encompass any oral, written, or electronic transmission

of information without limitation, including meetings, discussions, conversations, telephone

calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp,

Groupme, WeChat, Signal, Dust, Slack, Proton, memoranda, letters, analyst reports, telecopies,

telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm,

microfiche, magnetic disks, or other media of any kind.

8.      "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

9.      "Cred" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant

Solutions LLC, and Cred (Puerto Rico) LLC, and each of their predecessors, successors,

subsidiaries, partners, principals, officers, directors, attorneys, managers, professionals, and other advisors, agents, employees, representatives, and persons acting or purporting to act on their behalf.

10.     "Cryptocurrency" means all digital assets that are traded on a blockchain, this definition is broadly defined to include all types of digital assets, including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets.  This definition includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum, U.S. Dollar Coin, Tether (USDt), Libra Token (LBA), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, and any other digital asset.

11.     "Digital address" means the alphanumerical sequence that identifies a digital wallet.

12.     "Digital Wallet(s)" means the place in which cryptocurrency (and/or the keys that give access to cryptocurrency) is stored, including hosted wallets, non-hosted wallets, multi-sig wallets, and any other place in which cryptocurrency can be stored.

13.     "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  For the avoidance of doubt, this encompasses all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or

3

representations of any kind or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form.  The term "Documents" includes, but is not limited to:

a.  correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, inter-office and intraoffice communications, pitchbooks, marketing materials, or offers;

b.  any written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp, Groupme, WeChat, Signal, Dust, Slack, Proton, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind;

c.  notations in any form made of conversations, telephone calls, meetings, negotiations, or other communications;

d.  bulletins, circulars, schedules, lists, guides, printed matter (including newspapers, magazines and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements, or worksheets;

e.  electronic, mechanical, or optical records or representations of any kind (including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, and computer-stored data or material), or transcriptions thereof; and

f.  all drafts, alterations, modifications, changes and amendments of any of the foregoing, and any material underlying, supporting, or used in the preparation of any document.

g.  A draft or non-identical copy is a separate document within the meaning of this term.

14.  "Records" means all documents and communications in any way related to an Account, including emails, statements, applications, onboarding forms, communications, correspondence, know your customer/anti-money laundering related documents, SWIFT records,

records reflecting transactions, checks (front and back), wire transfers, tax documents and filings, certificates of foreign status of beneficial owners, memoranda, notes, custodian agreements, trustee agreements, forms and/or related documents and communications, beneficiary agreements, forms and/or related documents and communications, and all other documents concerning the owners, signatories, beneficial owners, trustees, and all other persons associated with an Account in any way, and any other documents, communications, or bank records.

15.    "<u>Suspect Transactions</u>" means the transactions identified in Attachment 2, which were compiled by the Trust's cryptocurrency tracing consultant CipherTrace LLC.

16.    "<u>Suspect Addresses</u>" means the digital addresses identified in the Suspect Transactions.

17.    "<u>Suspect Accounts</u>" means all wallets and accounts associated with the Suspect Addresses.

## INSTRUCTIONS

1.    The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.    All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.    You are required to produce all responsive documents in your possession, custody, or control, wherever located, including without limitation those in the custody of your representatives, agents, Professionals, affiliates, or anyone acting on your behalf.

4.    These Requests are for documents only to the extent they have not already been provided to the Trust.

5.      If You object to any part of any Request, You must produce all documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

6.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

7.      Where You assert a claim of privilege in objecting to a Request and withhold a responsive document on this basis, You must provide a privilege log setting forth (a) the nature of the privilege being claimed, (b) the type of document being withheld, (c) the general subject matter of the document, (d) the date of the document, and (e) such other information sufficient to Identify the document, including, where appropriate, the author of the document, the title or subject line of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

8.      If a document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege. When a document has been redacted or altered in any fashion, You must Identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

9.      Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be

produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the

produced Excel file shall be renamed to match the Bates number on its corresponding

placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in

TIFF format.  Images for the redacted spreadsheets shall display the content in the same manner

as if it were printed.  The extractable metadata and text shall be provided for native files, and

OCR will be provided for the un-redacted portions of the documents.  ESI and emails produced

pursuant to this request shall be produced in a searchable format with accompanying index that

states the following metadata:

a.  BEG_NO (Bated number associated with first page of document);
b.  END_NO (Bates number associated with last page of document);
c.  CUSTODIAN (Who provided the document; usually a person. Only provide the names of custodians relevant to the specific matter; any superfluous names should be removed from metadata);
d.  ATTACH_RANGE (Attachment range for parent email and children attachments);
e.  FILE_EXT (File extension of native document);
f.  FILE_NAME (Original file name of native document);
g.  HASH (MD5 hash value of document or "de-duplication key");
h.  AUTHOR (Author of document or email);
i.  DATE_LAST_MOD (Date file was last modified: mm/dd/yyyy);
j.  TIME_LAST_MOD (Time file was last modified: EST);
k.  TITLE/SUBJECT (Information from title or subject line);
l.  FROM (Author of email message);
m.  TO (Recipient(s) of email message);
n.  CC (Recipient(s) of Carbon Copies of email message);
o.  BCC (Recipient(s) of Blind Carbon Copies of email message);
p.  DATE_SENT (Sent date of email message: mm/dd/yyyy);
q.  TIME_SENT (Sent time of email message: EST);
r.  DATE_RCVD (Received date of email message: mm/dd/yyyy);
s.  TIME_RCVD (Received time of email message: EST).

10.    If any document called for by these Requests has been destroyed or discarded,

You must Identify that document in writing by providing the following information: (a) any

sender/author and any addressee; (b) any indicated or blind copies; (c) the document's date,

subject matter, number of pages, and attachments or appendices; (d) all persons to whom the

document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

11.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason or any handwritten mark or other notation or any omission, is a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control.  A request for any document includes a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

12.     In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is.  If no document exists that is responsive to a particular request, You must state so in writing.

13.     Except where otherwise specified, the Document Requests seek documents, records, communications, and information dated between January 1, 2018 to the present.

## REQUESTS

1.      All documents, records, communications, or other information concerning the Suspect Transactions, Suspect Addresses, or the Suspect Accounts.

2.      All onboarding, know-your-customer and anti-money laundering information concerning the Suspect Addresses or Suspect Accounts, including, but not limited to, account opening documents, applications, onboarding forms, and any other information identifying the owners.

3.      All account statements and transaction records for the Suspect Transactions, Suspect Addresses, or Suspect Accounts.

4.      All internet protocol addresses associated with the Suspect Transactions, Suspect Addresses, or Suspect Accounts.

5.      All documents, records, or other information reflecting persons or entities that own or control the Suspect Addresses or Suspect Accounts, including signers, beneficiaries, joint owners, or partial owners.

6.      All documents, records, or other information reflecting the source of funds contained in the Suspect Addresses or Suspect Accounts, including deposit information.

7.      All documents, records, communications, account statements, or other information concerning the following persons and entities:

      a.      Cred
      b.      Cyber Quantum PTE, Ltd.
      c.      Cyber Quantum
      d.      Dan Schatt
      e.      Lu Hua
      f.      James Alexander
      g.      Aaliyah Wan
      h.      Daniyal Inamullah
      i.      James Podulka
      j.      Daniel Wheeler

9

| | |
|---|---|
| k. | Chris Spadafora |
| l. | Heidi Ng |
| m. | Max Rokhline |
| n. | Jonathan Labovich |
| o. | MoKredit, Inc. |
| p. | MoKredit (Shanghai) Information Technology, Co. Ltd. |
| q. | MoKredit Technology (Hong Kong) Company Limited |
| r. | Shanghai Bestone Information Technology Co., Ltd. |
| s. | JST |
| t. | JST Capital |
| u. | JST Systems, LLC |
| v. | JST Alpha 1 Master Fund (Cayman) |
| w. | All email domains "@jstcap.com" |
| x. | All email domains "@mycred.io" |

8.      All documents, records, communications, account statements, or other information concerning Accounts and Wallets associated with the email accounts al3xander.james@gmail.com and james@levelcapital.io.



**DATE OF TRANSLATION:**  9-Nov-21

**ELECTRONIC FILE NAME:**  Cred Inc. Letters of Rogatory Cloudbet.com

**SOURCE LANGUAGE:**  English

**TARGET LANGUAGE:**  Montenegrin

**TRANSPERFECT JOB ID:**  US1146545

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.
TRANSPERFECT GLOBAL HQ
1250 BROADWAY, 7TH FLOOR, NEW YORK, NY 10001

TCert v. 4.0

## U STEČAJNOM SUDU SJEDINJENIH DRŽAVA
## ZA OKRUG DELAVER

| | | |
|---|---|---|
| Veza: | ) | Poglavlje 11 |
| | ) | |
| CRED INC., *i ostali*., | ) | Predmet br. 20-12836 (JTD) |
| | ) | |
| Dužnici.[1] | ) | (kolektivno sprovođeni) |
| | ) | |
| | ) | |
| | ) | |

## <u>ZAHTJEV ZA MEĐUNARODNU POMOĆ – ZAMOLNICA</u>

Stečajni sud Sjedinjenih Država u okrugu Delaver (u daljem tekstu „<u>Sud</u>") s poštovanjem traži međunarodnu sudsku pomoć za pribavljanje dokaza, prema Haškoj konvenciji o izvođenju dokaza u inostranstvu u građanskim i privrednim predmetima od 18. marta 1970. godine (u daljem tekstu „<u>Haška konvencija</u>"), koji će se koristiti u gorenavedenim predmetima iz poglavlja 11 (u daljem tekstu „<u>Predmeti iz poglavlja 11</u>") društva Cred Inc. (u daljem tekstu „<u>Cred</u>") i njegovih povezanih društava dužnika (u daljem tekstu zajednički „<u>Dužnici</u>").

Na osnovu izjava datih od strane Likvidacionog fiducijarnog pravnog posla (trusta) društva Cred Inc. (u daljem tekstu „<u>Trust</u>") osnovanog u predmetima iz poglavlja 11, ovaj sud je utvrdio da Cloudbet.com (u daljem tekstu „<u>Cloudbet</u>") može imati na raspolaganju dokumenta, informacije i saznanja u vezi sa materijalnim činjenicama koje su relevantne za aktuelnu istragu koja se sprovodi nad Trustom i za povraćaj imovine Dužnika. Ovaj sud upućuje zamolnicu za pomoć kako je navedeno u nastavku:

| 1. Pošiljalac | Likvidacioni trust društva Cred Inc. |
|---|---|
| | Kojeg zastupa: |

---

[1] Dužnici u ovim predmetima iz poglavlja 11, uz čije nazive su prikazane i poslednje četiri cifre federalnog poreskog identifikacionog broja svakog dužnika, su sljedeći: Cred Inc. (8268), Cred (SAD) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Portoriko) LLC (3566). Poštanska adresa Dužnika je 3 East Third Avenue, San Mateo, Kalifornija 94401.

|  | McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>Telefon: (302) 485-3900<br>Faks: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>Njujork, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telefon: (212) 547-5400<br>Faks:  (212) 547-5444 |
|---|---|
| 2.  Centralni organ države kojoj je upućena zamolnica | Ministarstvo pravde, ljudskih i manjinskih prava<br>Vuka Karadžića 3, Podgorica, Crna Gora |
| 3.  Lice kojem treba vratiti izvršeni zahtjev | Likvidacioni trust društva Cred Inc.<br><br>Kojeg zastupa:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>Telefon: (302) 485-3900<br>Faks: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>Njujork, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telefon: (212) 547-5400<br>Faks:  (212) 547-5444 |
| 4.  Sudski organ koji je uputio zahtjev (Član | Stečajni sud Sjedinjenih Država<br>Okrug Delaver |

| | |
|---|---|
| 3, a) | sudija John T. Dorsey<br>824 North Market Street<br>3rd Floor<br>Wilmington, DE 19801 |
| 5. Nadležnom organu (Član 3, a) | Crne Gore |
| 6. Nazivi predmeta i identifikacioni broj | Veza: Cred, Inc. *i ostali.*,<br>Predmet br. 20-12836 (JTD) |
| 7. Imena i adrese stranaka i njihovih predstavnika (Član 3, b) | Likvidacioni trust društva Cred Inc.<br><br>Kojeg zastupa:<br><br>McDermott Will & Emery LLP<br>David R. Hurst<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>dhurst@mwe.com<br>Telefon: (302) 485-3900<br>Faks: (302) 351-8711<br><br>Darren Azman<br>Joseph B. Evans<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>Njujork, NY 10017<br>dazman@mwe.com<br>jbevans@mwe.com<br>Telefon: (212) 547-5400<br>Faks:  (212) 547-5444 |
| 8. Dokazi koje treba pribaviti ili sudska radnja koju treba izvršiti (Član 3, d) | S poštovanjem se upućuje molba sudskom nadležnom organu Crne Gore da izda nalog Cloudbet-u da dostavi kopije dokumenata i obezbijedi svjedočenje kao što je opisano u Prilogu 1 od:<br><br>Cloudbet.com<br>E Gambling Montenegro d.o.o.<br>Moskovska br. 65, 81000<br>Podgorica, Crna Gora |
| 9. Naknade i nastali troškovi koji se mogu nadoknaditi prema drugom stavu Člana 14. ili prema Članu 26. Konvencije snosiće | Likvidacioni trust društva Cred Inc.<br><br>Kojeg zastupa:<br><br>McDermott Will & Emery LLP |

3

| | David R. Hurst |
| | 1007 North Orange Street, 10th Floor |
| | Wilmington, DE 19801 |
| | dhurst@mwe.com |
| | Telefon: (302) 485-3900 |
| | Faks: (302) 351-8711 |
| | |
| | Darren Azman |
| | Joseph B. Evans |
| | McDermott Will & Emery LLP |
| | One Vanderbilt Avenue |
| | Njujork, NY 10017 |
| | dazman@mwe.com |
| | jbevans@mwe.com |
| | Telefon: (212) 547-5400 |
| | Faks:  (212) 547-5444 |

U skladu sa Članom 3. Haške konvencije, podnosilac predstavke potpisan u nastavku podnosi ovaj zahtjev u gorenaslovljenom postupku.

Ovaj sud iskazuje svoje poštovanje pravosudnim organima Crne Gore i upućuje molbu za međunarodnu sudsku pomoć u pribavljanju dokaza koji će se koristiti u istrazi pred ovim Sudom u predmetima iz poglavlja 11.

Ovaj sud upućuje molbu za pomoć koja je u ovom dokumentu opisana kao neophodna za zadovoljenje pravde.  Cilj pomoći navedene u zamolnici jeste da nadležni pravosudni organ u Crnoj Gori naloži Cloudbet-u da dostavi dokumenta navedena u nastavku.

### RELEVANTNE INFORMACIJE O STEČAJNIM PREDMETIMA

Dana 7. novembra 2020. godine, Dužnici su podnijeli zahtjev za stečaj podnošenjem zahtjeva za zaštitu od povjerilaca u skladu sa odjeljkom 11 poglavlja 11 Kodeksa Sjedinjenih Država („Zakonik o stečaju").  Dana 11. marta 2021. godine, Sud je potvrdio stečajni plan, koji je stupio na snagu 19. aprila 2021. godine.  Na taj datum stupanja na snagu, Trust je osnovan i

imovina Dužnika, uključujući sva potraživanja i osnove za tužbu, prenijeta je i dodijeljena Trustu.

Poslovanje Dužnika i Predmeti stečaja iz poglavlja 11 uključuju različite forme transakcija kriptovalutama, za neke od kojih je Trust utvrdio da su bile prijevarne ili na neki drugi način neprikladne.  Shodno tome, Trust je preduzeo značajnu istragu ovih transakcija i potencijalnog povraćaja imovine Dužnika.  Da bi pružio podršku u predmetnom povraćaju, Trust je zadržao jednog od vodećih svjetskih konsultanata u oblasti praćenja kriptovaluta.

Trust je ovom sudu iznio da je otkrio dokaze da sljedeće lice/entitet može imati informacije o ukradenoj ili nepropisno prenijetoj kriptovaluti:  Cloudbet.

Informacije iz Cloudbet-a nisu dostupne ni na koji drugi način i biće od suštinskog značaja za potencijalni povraćaj značajnih sredstava imovine Dužnika.  Shodno tome, Trust sada traži ciljano utvrđivanje kako bi pribavio informacije relevantne za aktuelnu istragu koju sprovodi Trust i za povraćaj imovine.  Predmetno utvrđivanje je od posebnog značaja ako se u obzir uzme lakoća i brzina kojom se kriptovalute mogu prenositi ili im se izgubiti trag.

### RELEVANTNOST OVE ZAMOLNICE ZA PREDNJENAVEDENA PITANJA

Smatra se da se entitet koji je predmet ove zamolnice, Cloudbet, nalazi u Crnoj Gori.  Na osnovu istrage Trusta, smatra se da Cloudbet raspolaže važnim informacijama koje se odnose na pitanja koja su od ključnog značaja za istragu.  Naime, smatra se da su dokumenta opisana u nastavku i potencijalno svjedočenje relevantni za identifikaciju podataka i drugih informacija koje su ključne za povraćaj imovine.

Iz navedenih razloga i za potrebe zadovoljenja pravde, ovaj sud traži da se u skladu sa zakonima i postupcima sudova Crne Gore donese nalog za pribavljanje pisanih dokaza za Predmete iz poglavlja 11.  Zahtjevi za dokumente i iskazu svjedočenja opisani su u nastavku.

## VREMENSKI RASPORED I OSTALI POSEBNI ZAHTJEVI

Dolje potpisani nadležni organ je uputio molbu da se dokumenti predaju Trustu ne kasnije od 30 dana nakon naloga upućenog Cloudbet-u da ih preda Trustu.  Po potrebi, ovaj Sud će odgovarajućim pravosudnim organima Crne Gore pružiti pomoć sličnu onoj koja se traži ovom zamolnicom.

**Datirano na: ___. _____ 2021. JOHN T. DORSEY**
**Wilmington, Delaver        STEČAJNI SUDIJA SJEDINJENIH DRŽAVA**

6

## PRILOG 1

## ZAHTJEV ZA DOKUMENTA

### DEFINICIJE

Sljedeće definicije pojmova primjenjuju se na sve Zahtjeve pod naslovom „Zahtjevi" u nastavku.  Osim ako nije drugačije definisano ovdje, svim riječima i frazama korišćenim u ovom dokumentu pripisaće se njihovo uobičajeno značenje i tumačiće se u njihovom uobičajenom smislu.

1.       Smatraće se da svako upućivanje na korporaciju, partnerstvo, pravno lice, udruženje, organizaciju ili bilo koje drugo poslovno ili pravno lice (uključujući bilo koji subjekt koji se smatra Dužnikom) uključuje zastupnike, računovođe, savjetnike, zaposlene, advokate, službenike, direktore, direktne ili indirektne akcionare, članove, predstavnike, povezana lica, predstavništva, prethodnike, nasljednike, ustupaoce korporacije, partnerstva, pravnog lica, udruženja, organizacije ili drugih poslovnih ili pravnih lica, ili bilo koje drugo lice koje djeluje ili namjerava da djeluje u ime korporacije, partnerstva, pravnog lica, udruženja, organizacije ili drugog poslovnog ili pravnog lica.

2.       Upotreba bilo koje imenice u jednini će se tumačiti tako da uključuje množinu, i obrnuto, a glagol u bilo kom vremenu će se tumačiti kao upotreba glagola u svim drugim vremenima.

3.       Izrazi „svi", „bilo koji" i „svaki" će se tumačiti kao da obuhvataju bilo kojeg i sve.

4.       Veznici „i" i „ili" će se tumačiti ili disjunktivno ili konjunktivno kako je neophodno da se u opseg zahtjeva za objelodanjivanje obuhvate svi odgovori koji bi se inače mogli protumačiti kao da ne pripadaju njegovom opsegu.

1

5.        „Vi," ili „Vaš", će značiti Cloudbet.com i druga pravna lica povezana sa berzom kriptovaluta poznata uopšteno kao Cloudbet, uključujući, prema potrebi, njene prethodnike, nasljednike, partnere, zajednička ulaganja, zavisna društva, povezana društva, odjeljenja, direktore, službenike, upravnike, povjerenike, zaposlene, agente, predstavnike, konsultante, advokate, revizore, računovođe, savjetnike ili bilo koje drugo lice/druga lica koja su sada ili su bila do sada pod kontrolom gorenavedenih ili koja djeluju ili namjeravaju da djeluju u njeno ime.

6.        „Račun(i)" znači bilo koji depozitar fiat valuta ili kriptovaluta, uključujući, ali ne ograničavajući se na bilo koje pravno lice ili službu koja hostuje ili pruža digitalne novčanike ili na drugi način dozvoljava trgovinu i skladištenje kriptovaluta (uključujući berze kriptovaluta i depozitare kriptovaluta), tekući računi, štedni računi, povjerilački računi, kastodi računi, računi na tržištu novca, investicioni računi, transakcioni računi, potvrde o depozitu, sefovi, i bilo koji drugi vlasnik imovine ili vrijednosti bilo koje vrste, uključujući gotovinu, hartije od vrijednosti, dužničke instrumente, plemenite metale, nakit, važne dokumente, akte ili bilo koje drugo sredstvo ili instrument razmjene.

7.        „Komunikacija" znači prenošenje informacija (u formi činjenica, ideja, upita ili na neki drugi način).  To može da obuhvati bilo koji usmeni, pisani ili elektronski prenos informacija bez ograničenja, uključujući sastanke, diskusije, razgovore, telefonske pozive, e-poruke, tekstualne poruke, ćaskanje, razmjenu sadržaja putem platformi iMessages, Bloomberg, Telegram, WhatsApp, Groupme, WeChat, Signal, Dust, Slack, Proton, memorandume, dopise, izvještaje analitičara, telekopije, telefakse, telekse, konferencije, seminare, poruke, bilješke, trake sa video zapisima, fotografije, mikrofilmove, mikrofiševe, magnetne diskove ili druge medije bilo koje vrste.

2

8.     „U vezi sa" znači koji se odnosi na, koji upućuje na, koji opisuje, dokazuje ili konstituiše.

9.     „Cred" znači Cred Inc., Cred (SAD) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, i Cred (Portoriko) LLC, i svaki od njihovih prethodnika, nasljednika, zavisnih društava, partnera, upravnika, službenika, direktora, opunomoćenika, rukovodilaca, stručnih lica, i drugi savjetnici, zastupnici, zaposleni, predstavnici i lica koja djeluju ili namjeravaju da djeluju u njihovo ime.

10.    „Kriptovaluta" znači svu digitalnu imovinu kojom se trguje na lancu blokova; ova definicija je u širem smislu definisana tako da uključuje sve vrste digitalne imovine, uključujući virtuelnu valutu, tokene, tokene usklađene sa ERC-20, sigurnosne tokene, uslužne tokene, stabilne kovanice i sva druga digitalna sredstva.  Ova definicija uključuje, ali nije ograničena na Bitcoin, Bitcoin Cash, Ethereum, U.S. Dollar Coin, Tether (USDt), Libra Token (LBA), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, i bilo koje drugo digitalno sredstvo.

11.    „Digitalna adresa" znači alfanumerički niz koji identifikuje digitalni novčanik.

12.    „Digitalni novčanik(i)" znači mjesto na kome se čuva kriptovaluta (i/ili ključevi koji daju pristup kriptovaluti), uključujući hostovane novčanike, novčanike koji nisu hostovani, novčanike sa kolektivnim potpisima i bilo koje drugo mjesto na kome kriptovaluta može biti smještena.

13.    „Dokumenti" su definisani kao sinonim po značenju i ekvivalent po obimu upotrebi termina „dokumenti ili elektronski uskladištene informacije" u Članu 34(a)(1)(A)

Saveznog pravilnika za parnični postupak.  Radi izbjegavanja sumnje, to obuhvata svaki pisani, grafički ili štampani materijal bilo koje vrste, bez obzira na to kako je pripremljen ili reprodukovan, uključujući sve originale, nacrte, radne dokumente i neidentične kopije, bilo da se razlikuju od originala zbog bilo koje oznake napravljene na takvim kopijama ili na drugi način, kao i svaki elektronski, fizički ili optički zapis ili prikaz bilo koje vrste ili druge kompilacije podataka iz kojih se informacije mogu dobiti ili prevesti, po potrebi, putem uređaja za detekciju u razumno upotrebljivu formu.  Izraz „Dokumenti" uključuje, ali nije ograničen na sljedeće:

a. prepiske, memorandumi, bilješke, bilješke u kalendaru ili dnevniku, statistike, dopisi, elektronska pošta, bilježnice, telegrami, časopisi, zapisnici, dnevni redovi, obavještenja, saopštenja, uputstva, grafikoni, rasporedi, zahtjevi, ugovori, anticipativni ugovori, sporazumi, anticipativni sporazumi, licence, anticipativne licence, obrasci porudžbenica, knjige, računi, evidencije, izvještaji, studije, ankete, eksperimenti, analize, čekovi, poništeni čekovi, potvrde bankarskog prenosa, izvodi, priznanice, povratnice, vaučeri, izjave, kreditni memorandumi, uplatnice, mjenice, rezimei, pamfleti, prospekti, priručnici, brošure, najave, sertifikati, crteži, planovi, interna i eksterna službena komunikacija, zbornici, marketinški materijali ili ponude;

b. bilo koji pisani ili elektronski prenos informacija bez ograničenja, uključujući sastanke, diskusije, razgovore, telefonske pozive, poruke e-pošte, tekstualne poruke, ćaskanje, sadržaje razmijenjene putem platformi iMessages, Bloomberg, Telegram, WhatsApp, Groupme, WeWork, Signal, Dust, Slack, Proton, memorandumi, dopisi, izvještaji analitičara, telekopije, telefaksi, teleksi, konferencije, seminari, poruke, bilješke, trake sa video-zapisima, fotografije, mikrofilmovi, mikrofiševi, magnetni diskovi ili drugi mediji bilo koje vrste;

c. bilješke u bilo kojoj formi napravljene rokom razgovora, telefonskih poziva, sastanaka, pregovora ili druge komunikacije;

d. bilteni, cirkularni dopisi, rasporedi, spiskovi, vodiči, štampani materijal (uključujući novine, časopise i druge publikacije, članke i isječke iz njih), saopštenja za javnost, kompjuterski ispisi, teletipovi, telekopije, teleksi, fakture, knjige, bilansi stanja, finansijski izvještaji ili radni listovi;

e. elektronski, fizički ili optički zapisi ili prikazi bilo koje vrste (uključujući trake, kasete, diskove, čvrste diskove, snimke, govornu poštu, elektronsku poštu i kompjuterski uskladištene podatke ili materijal), ili njihove transkripcije; i

f. sve nacrte, promjene, modifikacije, izmjene i dopune bilo koje od prethodno navedenih formi, kao i bilo koji materijal koji je osnova za bilo koji takav dokument, priložen je uz isti ili se koristi u njegovoj pripremi.

4

g.     Nacrt ili neidentična kopija je poseban dokument u smislu ovog izraza.

14.     „Evidencija" označava sve dokumente i komunikacije koje su na bilo koji način povezane s računom, uključujući e-poštu, izjave, aplikacije, formulare za registraciju, komunikaciju, prepisku, dokumenta povezana sa provjerom klijenta/sprječavanjem pranja novca, SWIFT evidenciju, evidenciju koja odražava transakcije, čekove (uplate i povlačenja sredstava), elektronske prenose, poresku dokumentaciju i podneske, potvrde o statusu stvarnih vlasnika u inostranstvu, memorandume, bilješke, ugovore s depozitarem, ugovore o povjereništvu, obrasce i/ili povezana dokumenta i komunikacije, ugovore s korisnicima, obrasce i/ili povezana dokumenta i komunikacije, i sve druge dokumente koji se tiču vlasnika, potpisnika, stvarnih vlasnika, povjerenika i svih drugih lica povezanih sa Računom na bilo koji način, kao i sve druge dokumente, komunikacije ili bankovne evidencije.

15.     „Sumnjive transakcije" znači transakcije identifikovane u Prilogu 2, koje je sastavio konsultant za praćenje kriptovaluta, CipherTrace LLC, kojeg je angažovao Trust.

16.     „Sumnjive adrese" znači digitalne adrese identifikovane u Sumnjivim transakcijama.

17.     „Sumnjivi računi" znači svi novčanici i računi povezani sa Sumnjivim adresama.

## UPUTSTVA

1.     Prethodne definicije se primjenjuju na ova Uputstva i svaki od narednih Zahtjeva.

2.     Svi pojmovi prethodno definisani imaće značenje koje je u njima navedeno, bez obzira da li su u Zahtjevima napisani velikim početnim slovima ili ne.

3.     Od vas se zahtjeva da predočite sve relevantne dokumente koji su u vašem posjedu, koje čuvate ili kontrolišete, gdje god da se nalaze, uključujući bez ograničenja one koje čuvaju vaši predstavnici, zastupnici, Stručna lica, povezana društva ili bilo koji subjekt koji djeluje u vaše ime.

4.      Ovi Zahtjevi se odnose na dokumente samo u slučaju da isti već nisu dostavljeni Trustu.

5.      Ako imate prigovor na bilo koji dio bilo kog Zahtjeva, u obavezi ste da predate sve dokumente koji odgovaraju djelovima Zahtjeva na koje nemate prigovor. Takođe morate navesti prirodu prigovora i razloge za isti.

6.      Ako niste u mogućnosti da u potpunosti postupite u skladu sa bilo kojim Zahtjevom, u obavezi ste da postupite u skladu sa njim u najvećoj mogućoj mjeri, i treba da date objašnjenje zašto potpuno postupanje u skladu sa istim nije moguće.

7.      U slučaju da tvrdite da imate privilegovano pravo u prigovoru na Zahtjev i uskratite dostavljanje dostupnog dokumenta po tom osnovu, u obavezi ste da obezbijedite evidenciju privilegovanog prava u kojoj se navodi (a) priroda privilegije koja je predmet tvrdnje, (b) vrsta dokumenta čije se dostavljanje uskraćuje, (c) opšti predmet dokumenta, (d) datum dokumenta, i (e) sve ostale informacije dovoljne za Identifikaciju dokumenta, uključujući, gdje je to prikladno, subjekt koji je izradio dokument, naslov ili predmet dokumenta, subjekt kojem je dokument upućen i, u slučajevima kada to nije očigledno, odnos subjekta koji je izradio dokument i subjekta kojem je upućen dokument.

8.      Ako dokument sadrži i privilegovani i neprivilegovani materijal, u obavezi ste da objelodanite neprivilegovani materijal u najvećoj mogućoj meri koja neće dovesti do objelodanjivanja privilegovanog materijala.  Ako stranka tvrdi da ima privilegovano pravo na dio materijala sadržanog u dokumentu, stranka koja iznosi tvrdnju o predmetnom privilegovanom pravu mora jasno naznačiti djelove na koje polaže privilegovano pravo. Kada je dokument redigovan ili izmijenjen na bilo koji način, u obavezi ste da za svaki dokument Identifikujete razlog za redigovanje ili izmjenu, datum redigovanja ili izmjene, i osobu koja je izvršila

redigovanje ili izmjenu. Svako redigovanje mora biti jasno vidljivo na redigovanim dokumentima.

9.      Dodatna posebna obrada određenih elektronski uskladištenih informacija biće kako dalje slijedi:  Polja tabele u formatu Microsoft Excel neće biti konvertovana u datoteke formata TIFF i biće dostavljena u izvornom formatu.  Slika rezervisanog mjesta u TIFF formatu mora biti kreirana, imati Batesovu numeraciju, a pripremljena datoteka u Excel formatu preimenovana tako da odgovara Batesovoj numeraciji na odgovarajućoj stranici rezervisanog mjesta.  Izuzetak će biti redigovane tabele koje će biti pripremljene u TIFF formatu.  Slike za redigovane tabele treba da prikazuju sadržaj na isti način kao da su odštampane.  Metapodaci i tekst koji se mogu izdvojiti biće obezbijeđeni za izvorne datoteke, a OCR će biti obezbijeđen za neredigovane djelove dokumenata.  ESI i e-poruke pripremljene u skladu sa ovim zahtjevom biće pripremljene u formatu koji se može pretraživati sa pratećim indeksom koji navodi sljedeće metapodatke:

   a.  BEG_NO (Batesova numeracija povezana sa prvom stranicom dokumenta);
   b.  END_NO (Batesova numeracija povezana sa poslednjom stranicom dokumenta);
   c.  CUSTODIAN (koji je dostavio dokument; uglavnom je to fizičko lice. Navedite samo imena depozitara relevantnih za konkretnu predmetnu stvar; sva suvišna imena treba ukloniti iz metapodataka);
   d.  ATTACH_RANGE (opseg priloga za matične poruke e-pošte i naknadno unešene priloge);
   e.  FILE_EXT (ekstenzija datoteke izvornog dokumenta);
   f.  FILE_NAME (originalni naziv datoteke izvornog dokumenta);
   g.  HASH (MD5 heš vrijednost dokumenta ili „ključ za uklanjanje dupliranja");
   h.  AUTHOR (autor dokumenta ili e-pošte);
   i.  DATE_LAST_MOD (datum posljednje izmjene datoteke: dd.mm.gggg.);
   j.  TIME_LAST_MOD (vrijeme posljednje izmjene datoteke: prema vremenskoj zoni EST);
   k.  TITLE/SUBJECT (informacije iz naslova ili predmeta);
   l.  FROM (autor poruke e-pošte);
   m.  TO (primalac(oci) poruke e-poruke);
   n.  CC (primalac(oci) identične poruke e-pošte);
   o.  BCC (skriveni primalac(oci) identične poruke e-pošte);

      p.  DATE_SENT (datum slanja poruke e-pošte: dd.mm.gggg.);
      q.  TIME_SENT (vrijeme slana poruke e-pošte: prema vremenskoj zoni EST);
      r.  DATE_RCVD (datum prijema poruke e-pošte: dd.mm.gggg.);
      s.  TIME_RCVD (Vreme prijema poruke e-pošte: prema vremenskoj zoni EST).

10.     Ako je bilo koji dokument čije dostavljanje je traženo ovim Zahtjevima uništen ili odbačen, morate da Identifikujete taj dokument u pisanoj formi tako što ćete obezbijediti sljedeće podatke: (a) bilo koji pošiljalac/autor i primalac; (b) sve naznačene ili skrivene primaoce; (c) datum dokumenta, predmet, broj stranica i priloge ili dodatke; (d) sve osobe kojima je dokument distribuiran, pokazan ili objašnjen; (e) datum njegovog uništenja ili odbacivanja, način uništavanja ili odbacivanja i razlog za uništavanje ili odbacivanje; (f) lica koja su dala ovlašćenje i izvršila takvo uništavanje ili odbacivanje; i (g) da li trenutno postoje kopije dokumenta i, ako postoje, ime lica koje čuva te kopije.

11.     Svaka kopija dokumenta koja se na bilo koji način razlikuje od originala ili bilo koje druge kopije dokumenta, bilo usled nekog razloga ili bilo kakvog rukom pisanog znaka ili druge oznake ili bilo kakvog propusta, je poseban dokument i mora se dostaviti, bez obzira da li je original takvog dokumenta u vašem posedu, vi ga čuvate ili kontrolišete.  Zahtjev za bilo koji dokument uključuje, uz originalni dokument, i zahtjev za sve njegove radne verzije, kao i sve njegove revizije i modifikacije, uključujući sve verzije sa uključenom opcijom praćenja izvršenih izmjena ili verzije poređenja dokumenata. Svaki dokument treba dostaviti u cjelini, bez skraćenih verzija ili brisanih djelova.

12.     Prilikom dostavljanja dokumenata, svi dokumenti koji su fizički povezani jedni sa drugima, ili segregirani ili odvojeni od drugih dokumenata, kada su prvobitno locirani, treba da budu dostavljeni u originalnom stanju.  Ako ne postoji dokument kojim se zadovoljava određeni zahtjev, to morate navesti u pisanoj formi.

13.     Osim ako je drugačije naznačeno, Zahtjevima za dokumente traže se dokumenti,

zapisi, komunikacije i informacije za period od 1. januara 2018. godine do danas.

## ZAHTJEVI

1.      Svi dokumenti, zapisi, komunikacije ili druge informacije u vezi sa Sumnjivim transakcijama, Sumnjivim adresama ili Sumnjivim računima.

2.      Sve informacije o registraciji, provjeri klijenta i procedurama sprječavanja pranja novca u vezi sa Sumnjivim adresama ili Sumnjivim računima, uključujući, ali ne ograničavajući se na, dokumente za otvaranje računa, aplikacije, formulare za registraciju i sve druge informacije koje identifikuju vlasnike.

3.      Svi izvodi sa računa i zapisi o transakcijama za Sumnjive transakcije, Sumnjive adrese ili Sumnjive račune.

4.      Sve adrese internet protokola povezane sa Sumnjivim transakcijama, Sumnjivim adresama ili Sumnjivim računima.

5.      Svi dokumenti, zapisi ili druge informacije koje odražavaju osobe ili entitete koji posjeduju ili kontrolišu Sumnjive adrese ili Sumnjive račune, uključujući potpisnike, korisnike, solidarne vlasnike ili djelimične vlasnike.

9

6.     Svi dokumenti, evidencije ili druge informacije koje odražavaju izvor sredstava

sadržanih u Sumnjivim adresama ili Sumnjivim računima, uključujući informacije o depozitu.

7.     Svi dokumenti, evidencije, komunikacije, izvodi sa računa ili druge informacije u

vezi sa sljedećim licima i entitetima:

     a.     Cred
     b.     Cyber Quantum PTE, Ltd.
     c.     Cyber Quantum
     d.     Dan Schatt
     e.     Lu Hua
     f.     James Alexander
     g.     Aaliyah Wan
     h.     Daniyal Inamullah
     i.     James Podulka
     j.     Daniel Wheeler
     k.     Chris Spadafora
     l.     Heidi Ng
     m.     Max Rokhline
     n.     Jonathan Labovich
     o.     MoKredit, Inc.
     p.     MoKredit (Shanghai) Information Technology, Co. Ltd.
     q.     MoKredit Technology (Hong Kong) Company Limited
     r.     Shanghai Bestone Information Technology Co., Ltd.
     s.     JST
     t.     JST Capital
     u.     JST Systems, LLC
     v.     JST Alpha 1 Master Fund (Cayman)
     w.     Svi domeni e-pošte „@jstcap.com"
     x.     Svi domeni e-pošte „@mycred.io"

8.     Sva dokumenta, evidencije, komunikacija, izvodi sa računa ili druge informacije u

vezi s Računima i Novčanicima povezanim s nalozima e-pošte al3xander.james@gmail.com i

james@levelcapital.io.

## Attachment 2

| | A | B | C | D |
|---|---|---|---|---|
| 1 | Asset | Amount | Digital Address | Transaction Hash |
| 2 | BTC | 11.677 | pwxe | 475e |