**EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
-------------------------------------------------------------x

In re                                                                    Chapter 11

CRED INC., et al                                                Case No. 20-12836-JTP

                                    Debtors.            (Jointly Administered)
-------------------------------------------------------------x

## EARNITY INC. RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS OF THE CRED INC. LIQUIDATION TRUST

Earnity Inc. ("Earnity") by its attorneys, submits the following responses and objections to the Cred Inc. Liquidation Trust (the "Liquidation Trust") request for the production of documents (the "Document Requests") pursuant to the Subpoena for Rule 2004 Examination dated August 11, 2021.

## GENERAL OBJECTIONS

1.    Earnity objects to the Document Requests to the extent they purport to impose obligations on it that is inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2.    Earnity objects to the Document Requests on the grounds that they purport to impose obligations on it that are inappropriate under Fed. R. Bankr. P. 2004.

3.    Earnity objects to the Document Requests to the extent that the information sought is protected by the attorney client privilege, the work product doctrine or any other applicable privilege, protection or restriction on discovery.

4.    Earnity objects to the Document Requests to the extent that responding would be oppressive, unduly burdensome, unreasonably expensive, or would require an unreasonable investigation by it.

5.      Earnity objects to the Document Requests to the extent that they are vague and ambiguous or fail to identify with reasonable specificity the information or documents being requested.

6.      Earnity objects to the Document Requests to the extent that the Liquidation Trust is seeking documents that are in the possession, custody or control of the Debtors.

7.      Earnity reserves the right to modify and/or supplement any and all of its objections and responses to the Document Requests as and when it may become necessary or appropriate to do so.

8.      Earnity hereby incorporates by reference, as if fully set forth therein, each of the foregoing general objections (the "General Objections") in its specific responses to each of the individual Document Requests propounded by the UCC.

9.      Appearing at the Rule 2004 Examination is not intended to be and shall not be construed as a consent by Earnity to the jurisdiction of the Court; Earnity preserves its right to object to personal jurisdiction.

10.      Without waiving or limiting the foregoing General Objections or any of the specific objections set forth herein, Earnity provides the responses below, preserving and intending to preserve the right to object, on any grounds, to any demand for further responses to the Document Requests or to any other discovery requests involving or relating to the subject matter of the document Requests to which responses are herein or hereafter given.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**: All documents and communications concerning Cred.

**RESPONSE TO REQUEST NO.1:** Without waiver of the foregoing General Objections, Earnity has no responsive documents in its possession, custody, or control.

**Request No. 2**: All documents and communications with Daniel Schatt, Joseph Podulka, or Daniel Goldstein.

**RESPONSE TO REQUEST NO. 2:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to interactions involving the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control between Earnity and Daniel Schatt, Joseph Podulka, or Daniel Goldstein concerning the Debtors.

**Request No. 3**: Documents sufficient to show all persons hired by Earnity as employees, contractors, subcontractors, directors, officers, or in any other capacity.

**RESPONSE TO REQUEST NO. 3:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to persons or entities related to the Debtors.

**Request No. 4**: All documents, communications and contracts between Earnity and any individual or entity that is currently or formerly associated with Cred, including former directors, officers, employees, contractors, or subcontractors of Cred.

**RESPONSE TO REQUEST NO. 4:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not documents, communications and contracts related to the Debtors.

**Request No. 5**: All documents, communications, and records concerning any current or former CredEarn customers or investors.

**RESPONSE TO REQUEST NO. 5:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records concerning the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control.

**Request No. 6**: All documents, communications, and records concerning any current or former CredBorrow customers or investors.

**RESPONSE TO REQUEST NO. 6:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications, and records involving the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control**.**

**Request No. 7**: All customer lists, investor lists, or contact lists.

**RESPONSE TO REQUEST NO. 7:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited customer lists, investor lists, or contact lists involving the Debtors. Furthermore, Earnity objects to this request because it is requesting confidential commercial information. Without waiving any objection, Earnity notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 8**: All documents, communications, and records concerning any actual or potential Cred investor.

**RESPONSE TO REQUEST NO. 8:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and

therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 9**: All Board Materials concerning Cred.

**RESPONSE TO REQUEST NO. 9:**  Without waiving any objection, Earnity notes it has no Board Materials concerning Cred.

**Request No. 10**: All documents and communications concerning the borrowing of cryptocurrency, lending of cryptocurrency, cryptocurrency hedge funds or asset managers, cryptocurrency trading, cryptocurrency hedging, decentralized finance, debt financing, and micro-loans.

**RESPONSE TO REQUEST NO. 10:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it is not involved with the borrowing of cryptocurrency, lending of cryptocurrency, or micro-loans.

**Request No. 11**: All documents and communications concerning access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**RESPONSE TO REQUEST NO. 11:** Without waiving any objection, Earnity notes it has no documents responsive to this request and has no access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**Request No. 12**: All documents, communications, and records concerning source code, including a complete copy of Earnity's source code.

**RESPONSE TO REQUEST NO. 12:** In addition to and without waiver of the foregoing

General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 13**: All source code and smart contracts, including, but not limited to source code and smart contracts concerning Earnity's cryptocurrency-related business.

**RESPONSE TO REQUEST NO. 13:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information. Without waiving any objection, Earnity notes it has not entered into any smart contracts.

**Request No. 14**: All source codes stored on any VCS, including, but not limited to, Github, Gitlab, and Bitbucket.

**RESPONSE TO REQUEST NO. 14:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 15**: All documents, communications, and records concerning smart contracts, including, but not limited to documents concerning the administrator to all smart contracts and the private keys to the smart contracts. This request includes a copy of all smart contracts and access to the private keys.

**RESPONSE TO REQUEST NO. 15:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have smart contracts in place.

**Request No. 16**: All documents and communications concerning James Alexander, Scott Freeman, J.P. Thierot, Daniyal Inamullah, Daniel Wheeler, Lu Hua, Sally Zhang, Adnan Khakoo, Christopher Spadafora, Meghan Gardler, or Deleon De Metz.

**RESPONSE TO REQUEST NO. 16:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have documents or communications responsive to this request.

**Request No. 17**: All documents and communications concerning MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, DBS Consulting, or Banxa.

**RESPONSE TO REQUEST NO. 17:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have documents or communications responsive to this request relating to MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, and DBS Consulting.

**Request No. 18**: All documents and communications concerning Earnity's business plan, marketing strategy, or promotional materials, including presentations and slide decks.

**RESPONSE TO REQUEST NO. 18:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 19**: All documents and communications concerning Earnity's Board Materials, internal policies, procedures, and terms of conditions, including drafts thereof.

**RESPONSE TO REQUEST NO. 19:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 20**: All documents and communications concerning cryptocurrency and blockchain.

**RESPONSE TO REQUEST NO. 20:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 21**: All documents and communications concerning actual, potential, solicited, or unsolicited investments by any third party in Earnity, including all documents provided to potential investors.

**RESPONSE TO REQUEST NO. 21:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents,

communications and records relating to the Debtors.

**Request No. 22**: Documents sufficient to show Earnity's capital structure and ownership structure, including the identity and ownership structure of each individual or entity listed thereon.

**RESPONSE TO REQUEST NO. 22:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 22**: All insurance policies held by Earnity.

**RESPONSE TO REQUEST NO. 23:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not in any way related to the Debtors.

**Request No. 24**: All audited or unaudited financial statements, trial balances, statements of assets and liabilities, or other documents indicating Earnity's financial condition.

**RESPONSE TO REQUEST NO. 24:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is completely unrelated to the Debtors.

Dated: September 10, 2021

Respectfully submitted,


*/s/ Daniel M. Glassman*
Daniel M. Glassman
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Email:
daniel.glassman@klgates.com
Phone: 949.623.3565


*Attorney for Earnity Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies under penalty of perjury under the laws of the State of

Delaware that, on September 10, 2021, she caused to be served on the person(s) listed below in

the manner shown:

McDermott Will & Emery LLP          *Attorneys for Cred Inc.*
Attn: Joseph B. Evans and David R. Hurst          *Liquidating Trust*
1007 North Orange Street, 10th Fl.
Wilmington, Delaware 19801
Email:   dhurst@mwe.com
              jbevans@mwe.com


☒          United States Mail, First Class

☐          By Messenger

☐          By Facsimile

☒          By E-Mail


Dated at Miami, Florida, this 10th day of September, 2021

*Lauren Kennedy*
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
------------------------------------------------------------x

In re                                                    Chapter 11

CRED INC., et al                                         Case No. 20-12836-JTP

                      Debtors.                 (Jointly Administered)
------------------------------------------------------------x

### ET TRADER INC. RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS OF THE CRED INC. LIQUIDATION TRUST

ET Trader Inc. ("ET") by its attorneys, submits the following responses and objections to the Cred Inc. Liquidation Trust (the "Liquidation Trust") request for the production of documents (the "Document Requests") pursuant to the Subpoena for Rule 2004 Examination dated August 11, 2021.

### GENERAL OBJECTIONS

1.      ET objects to the Document Requests to the extent they purport to impose obligations on it that is inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2.      ET objects to the Document Requests on the grounds that they purport to impose obligations on it that are inappropriate under Fed. R. Bankr. P. 2004.

3.      ET objects to the Document Requests to the extent that the information sought is protected by the attorney client privilege, the work product doctrine or any other applicable privilege, protection or restriction on discovery.

4.      ET objects to the Document Requests to the extent that responding would be oppressive, unduly burdensome, unreasonably expensive, or would require an unreasonable investigation by it.

1

5.      ET objects to the Document Requests to the extent that they are vague and ambiguous or fail to identify with reasonable specificity the information or documents being requested.

6.      ET objects to the Document Requests to the extent that the Liquidation Trust is seeking documents that are in the possession, custody or control of the Debtors.

7.      ET reserves the right to modify and/or supplement any and all of its objections and responses to the Document Requests as and when it may become necessary or appropriate to do so.

8.      ET hereby incorporates by reference, as if fully set forth therein, each of the foregoing general objections (the "General Objections") in its specific responses to each of the individual Document Requests propounded by the UCC.

9.      Appearing at the Rule 2004 Examination is not intended to be and shall not be construed as a consent by ET to the jurisdiction of the Court; ET preserves its right to object to personal jurisdiction.

10.     Without waiving or limiting the foregoing General Objections or any of the specific objections set forth herein, ET provides the responses below, preserving and intending to preserve the right to object, on any grounds, to any demand for further responses to the Document Requests or to any other discovery requests involving or relating to the subject matter of the document Requests to which responses are herein or hereafter given.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**: All documents and communications concerning Cred.

**RESPONSE TO REQUEST NO.1:** Without waiver of the foregoing General Objections, ET has no responsive documents in its possession, custody, or control.

**Request No. 2**: All documents and communications with Daniel Schatt, Joseph Podulka, or Daniel Goldstein.

**RESPONSE TO REQUEST NO. 2:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to interactions involving the Debtors. Without waiving any objection, ET has no responsive documents in its possession, custody, or control between ET and Daniel Schatt, Joseph Podulka, or Daniel Goldstein concerning the Debtors.

**Request No. 3**: Documents sufficient to show all persons hired by Earnity as employees, contractors, subcontractors, directors, officers, or in any other capacity.

**RESPONSE TO REQUEST NO. 3:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to persons or entities related to the Debtors.

**Request No. 4**: All documents, communications and contracts between Earnity and any individual or entity that is currently or formerly associated with Cred, including former directors, officers, employees, contractors, or subcontractors of Cred.

**RESPONSE TO REQUEST NO. 4:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not documents, communications and contracts related to the Debtors.

**Request No. 5**: All documents, communications, and records concerning any current or former CredEarn customers or investors.

3

**RESPONSE TO REQUEST NO. 5:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records concerning the Debtors. Without waiving any objection, ET has no responsive documents in its possession, custody, or control.

**Request No. 6**: All documents, communications, and records concerning any current or former CredBorrow customers or investors.

**RESPONSE TO REQUEST NO. 6:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications, and records involving the Debtors. Without waiving any objection, ET has no responsive documents in its possession, custody, or control**.**

**Request No. 7**: All customer lists, investor lists, or contact lists.

**RESPONSE TO REQUEST NO. 7:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited customer lists, investor lists, or contact lists involving the Debtors. Furthermore, ET objects to this request because it is requesting confidential commercial information. Without waiving any objection, ET notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 8**: All documents, communications, and records concerning any actual or potential Cred investor.

**RESPONSE TO REQUEST NO. 8:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and

therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, ET notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 9**: All Board Materials concerning Cred.

**RESPONSE TO REQUEST NO. 9:** Without waiving any objection, ET notes it has no Board Materials concerning Cred.

**Request No. 10**: All documents and communications concerning the borrowing of cryptocurrency, lending of cryptocurrency, cryptocurrency hedge funds or asset managers, cryptocurrency trading, cryptocurrency hedging, decentralized finance, debt financing, and micro-loans.

**RESPONSE TO REQUEST NO. 10:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, ET notes it is not involved with the borrowing of cryptocurrency, lending of cryptocurrency, or micro-loans.

**Request No. 11**: All documents and communications concerning access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**RESPONSE TO REQUEST NO. 11:** Without waiving any objection, ET notes it has no documents responsive to this request and has no access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**Request No. 12**: All documents, communications, and records concerning source code, including a complete copy of Earnity's source code.

**RESPONSE TO REQUEST NO. 12:** In addition to and without waiver of the foregoing

General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. ET further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 13**: All source code and smart contracts, including, but not limited to source code and smart contracts concerning Earnity's cryptocurrency-related business.

**RESPONSE TO REQUEST NO. 13:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. ET further objects on the basis that this is requesting confidential research, development and/ commercial information. Without waiving any objection, ET notes it has not entered into any smart contracts.

**Request No. 14**: All source codes stored on any VCS, including, but not limited to, Github, Gitlab, and Bitbucket.

**RESPONSE TO REQUEST NO. 14:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. ET further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 15**: All documents, communications, and records concerning smart contracts, including, but not limited to documents concerning the administrator to all smart contracts and the private keys to the smart contracts. This request includes a copy of all smart contracts and access to the private keys.

**RESPONSE TO REQUEST NO. 15:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, ET notes it does not have smart contracts in place.

**Request No. 16**: All documents and communications concerning James Alexander, Scott Freeman, J.P. Thierot, Daniyal Inamullah, Daniel Wheeler, Lu Hua, Sally Zhang, Adnan Khakoo, Christopher Spadafora, Meghan Gardler, or Deleon De Metz.

**RESPONSE TO REQUEST NO. 16:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, ET notes it does not have documents or communications responsive to this request.

**Request No. 17**: All documents and communications concerning MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, DBS Consulting, or Banxa.

**RESPONSE TO REQUEST NO. 17:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, ET notes it does not have documents or communications responsive to this request relating to MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, and DBS Consulting.

**Request No. 18**: All documents and communications concerning Earnity's business plan, marketing strategy, or promotional materials, including presentations and slide decks.

**RESPONSE TO REQUEST NO. 18:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 19**: All documents and communications concerning Earnity's Board Materials, internal policies, procedures, and terms of conditions, including drafts thereof.

**RESPONSE TO REQUEST NO. 19:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 20**: All documents and communications concerning cryptocurrency and blockchain.

**RESPONSE TO REQUEST NO. 20:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. ET further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 21**: All documents and communications concerning actual, potential, solicited, or unsolicited investments by any third party in Earnity, including all documents provided to potential investors.

**RESPONSE TO REQUEST NO. 21:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents,

communications and records relating to the Debtors.

**Request No. 22**: Documents sufficient to show Earnity's capital structure and ownership structure, including the identity and ownership structure of each individual or entity listed thereon.

**RESPONSE TO REQUEST NO. 22:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 22**: All insurance policies held by Earnity.

**RESPONSE TO REQUEST NO. 23:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not in any way related to the Debtors.

**Request No. 24**: All audited or unaudited financial statements, trial balances, statements of assets and liabilities, or other documents indicating Earnity's financial condition.

**RESPONSE TO REQUEST NO. 24:** In addition to and without waiver of the foregoing General Objections, ET objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is completely unrelated to the Debtors.

Dated: September 10, 2021

Respectfully submitted,


*/s/ Daniel M. Glassman*
Daniel M. Glassman
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Email:
daniel.glassman@klgates.com
Phone: 949.623.3565


*Attorney for ET Trader Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of

Delaware that, on September 10, 2021, she caused to be served on the person(s) listed below in

the manner shown:

McDermott Will & Emery LLP                    *Attorneys for Cred Inc.*
Attn: Joseph B. Evans and David R. Hurst      *Liquidating Trust*
1007 North Orange Street, 10th Fl.
Wilmington, Delaware 19801
Email:   dhurst@mwe.com
         jbevans@mwe.com


☒         United States Mail, First Class

☐         By Messenger

☐         By Facsimile

☒         By E-Mail


Dated at Miami, Florida, this 10th day of September, 2021

_____
Lauren Kennedy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x

In re                                                    Chapter 11

CRED INC., et al                                         Case No. 20-12836-JTP

                              Debtors.                   (Jointly Administered)

------------------------------------------------------------x

### EARNITY FINANCIAL INC. RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS OF THE CRED INC. LIQUIDATION TRUST

Earnity Financial  Inc. ("Earnity") by its attorneys, submits the following responses and objections to the Cred Inc. Liquidation Trust (the "Liquidation Trust") request for the production of documents (the "Document Requests") pursuant to the Subpoena for Rule 2004 Examination dated August 11, 2021.

### GENERAL OBJECTIONS

1.      Earnity objects to the Document Requests to the extent they purport to impose obligations on it that is inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2.      Earnity objects to the Document Requests on the grounds that they purport to impose obligations on it that are inappropriate under Fed. R. Bankr. P. 2004.

3.      Earnity objects to the Document Requests to the extent that the information sought is protected by the attorney client privilege, the work product doctrine or any other applicable privilege, protection or restriction on discovery.

4.      Earnity objects to the Document Requests to the extent that responding would be oppressive, unduly burdensome, unreasonably expensive, or would require an unreasonable investigation by it.

1

5.      Earnity objects to the Document Requests to the extent that they are vague and ambiguous or fail to identify with reasonable specificity the information or documents being requested.

6.      Earnity objects to the Document Requests to the extent that the Liquidation Trust is seeking documents that are in the possession, custody or control of the Debtors.

7.      Earnity reserves the right to modify and/or supplement any and all of its objections and responses to the Document Requests as and when it may become necessary or appropriate to do so.

8.      Earnity hereby incorporates by reference, as if fully set forth therein, each of the foregoing general objections (the "General Objections") in its specific responses to each of the individual Document Requests propounded by the UCC.

9.      Appearing at the Rule 2004 Examination is not intended to be and shall not be construed as a consent by Earnity to the jurisdiction of the Court; Earnity preserves its right to object to personal jurisdiction.

10.      Without waiving or limiting the foregoing General Objections or any of the specific objections set forth herein, Earnity provides the responses below, preserving and intending to preserve the right to object, on any grounds, to any demand for further responses to the Document Requests or to any other discovery requests involving or relating to the subject matter of the document Requests to which responses are herein or hereafter given.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**: All documents and communications concerning Cred.

**RESPONSE TO REQUEST NO.1:** Without waiver of the foregoing General Objections, Earnity has no responsive documents in its possession, custody, or control.

**Request No. 2**: All documents and communications with Daniel Schatt, Joseph Podulka, or Daniel Goldstein.

**RESPONSE TO REQUEST NO. 2:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to interactions involving the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control between Earnity and Daniel Schatt, Joseph Podulka, or Daniel Goldstein concerning the Debtors.

**Request No. 3**: Documents sufficient to show all persons hired by Earnity as employees, contractors, subcontractors, directors, officers, or in any other capacity.

**RESPONSE TO REQUEST NO. 3:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to persons or entities related to the Debtors.

**Request No. 4**: All documents, communications and contracts between Earnity and any individual or entity that is currently or formerly associated with Cred, including former directors, officers, employees, contractors, or subcontractors of Cred.

**RESPONSE TO REQUEST NO. 4:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not documents, communications and contracts related to the Debtors.

**Request No. 5**: All documents, communications, and records concerning any current or former CredEarn customers or investors.

**RESPONSE TO REQUEST NO. 5:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records concerning the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control.

**Request No. 6**: All documents, communications, and records concerning any current or former CredBorrow customers or investors.

**RESPONSE TO REQUEST NO. 6:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications, and records involving the Debtors. Without waiving any objection, Earnity has no responsive documents in its possession, custody, or control**.**

**Request No. 7**: All customer lists, investor lists, or contact lists.

**RESPONSE TO REQUEST NO. 7:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited customer lists, investor lists, or contact lists involving the Debtors. Furthermore, Earnity objects to this request because it is requesting confidential commercial information. Without waiving any objection, Earnity notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 8**: All documents, communications, and records concerning any actual or potential Cred investor.

**RESPONSE TO REQUEST NO. 8:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and

therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it has no customer list and currently has no investors that overlap with the Debtors' investors.

**Request No. 9**: All Board Materials concerning Cred.

**RESPONSE TO REQUEST NO. 9:**  Without waiving any objection, Earnity notes it has no Board Materials concerning Cred.

**Request No. 10**: All documents and communications concerning the borrowing of cryptocurrency, lending of cryptocurrency, cryptocurrency hedge funds or asset managers, cryptocurrency trading, cryptocurrency hedging, decentralized finance, debt financing, and micro-loans.

**RESPONSE TO REQUEST NO. 10:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it is not involved with the borrowing of cryptocurrency, lending of cryptocurrency, or micro-loans.

**Request No. 11**: All documents and communications concerning access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**RESPONSE TO REQUEST NO. 11:** Without waiving any objection, Earnity notes it has no documents responsive to this request and has no access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.

**Request No. 12**: All documents, communications, and records concerning source code, including a complete copy of Earnity's source code.

**RESPONSE TO REQUEST NO. 12:** In addition to and without waiver of the foregoing

5

General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 13**: All source code and smart contracts, including, but not limited to source code and smart contracts concerning Earnity's cryptocurrency-related business.

**RESPONSE TO REQUEST NO. 13:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information. Without waiving any objection, Earnity notes it has not entered into any smart contracts.

**Request No. 14**: All source codes stored on any VCS, including, but not limited to, Github, Gitlab, and Bitbucket.

**RESPONSE TO REQUEST NO. 14:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 15**: All documents, communications, and records concerning smart contracts, including, but not limited to documents concerning the administrator to all smart contracts and the private keys to the smart contracts. This request includes a copy of all smart contracts and access to the private keys.

**RESPONSE TO REQUEST NO. 15:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have smart contracts in place.

**Request No. 16**: All documents and communications concerning James Alexander, Scott Freeman, J.P. Thierot, Daniyal Inamullah, Daniel Wheeler, Lu Hua, Sally Zhang, Adnan Khakoo, Christopher Spadafora, Meghan Gardler, or Deleon De Metz.

**RESPONSE TO REQUEST NO. 16:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have documents or communications responsive to this request.

**Request No. 17**: All documents and communications concerning MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, DBS Consulting, or Banxa.

**RESPONSE TO REQUEST NO. 17:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Without waiving any objection, Earnity notes it does not have documents or communications responsive to this request relating to MoKredit, JST, Uphold, Blockchain Advocacy Coalition, Universal Protocol Alliance, and DBS Consulting.

**Request No. 18**: All documents and communications concerning Earnity's business plan, marketing strategy, or promotional materials, including presentations and slide decks.

7

**RESPONSE TO REQUEST NO. 18:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 19**: All documents and communications concerning Earnity's Board Materials, internal policies, procedures, and terms of conditions, including drafts thereof.

**RESPONSE TO REQUEST NO. 19:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 20**: All documents and communications concerning cryptocurrency and blockchain.

**RESPONSE TO REQUEST NO. 20:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors. Earnity further objects on the basis that this is requesting confidential research, development and/ commercial information.

**Request No. 21**: All documents and communications concerning actual, potential, solicited, or unsolicited investments by any third party in Earnity, including all documents provided to potential investors.

**RESPONSE TO REQUEST NO. 21:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents,

communications and records relating to the Debtors.

**Request No. 22**: Documents sufficient to show Earnity's capital structure and ownership structure, including the identity and ownership structure of each individual or entity listed thereon.

**RESPONSE TO REQUEST NO. 22:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not limited to documents, communications and records relating to the Debtors.

**Request No. 22**: All insurance policies held by Earnity.

**RESPONSE TO REQUEST NO. 23:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is not in any way related to the Debtors.

**Request No. 24**: All audited or unaudited financial statements, trial balances, statements of assets and liabilities, or other documents indicating Earnity's financial condition.

**RESPONSE TO REQUEST NO. 24:** In addition to and without waiver of the foregoing General Objections, Earnity objects to this request as irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004 because the request is completely unrelated to the Debtors.

Dated: September 10, 2021

Respectfully submitted,

*/s/ Daniel M. Glassman*
Daniel M. Glassman
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Email:
daniel.glassman@klgates.com
Phone: 949.623.3565

*Attorney for Earnity*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies under penalty of perjury under the laws of the State of

Delaware that, on September 10, 2021, she caused to be served on the person(s) listed below in

the manner shown:

McDermott Will & Emery LLP                     *Attorneys for Cred Inc.*
Attn: Joseph B. Evans and David R. Hurst        *Liquidating Trust*
1007 North Orange Street, 10th Fl.
Wilmington, Delaware 19801
Email:   dhurst@mwe.com
              jbevans@mwe.com


☒          United States Mail, First Class

☐          By Messenger

☐          By Facsimile

☒          By E-Mail


Dated at Miami, Florida, this 10th day of September, 2021

_Lauren Kennedy_