**EXHIBIT I**



**mwe.com**

Joseph B. Evans
Partner
jbevans@mwe.com
+1 212 547 5767

September 23, 2021

**VIA EMAIL**

Daniel M. Glassman
K&L Gates LLP
1 Park Plaza, Twelfth Floor
Irvine, California 92614

Re:   *In re: Cred Inc., et al.,* **No. 20-bk-12836 (Bankr. D. Del.)**

Dear Mr. Glassman,

As you know, we represent the Cred Inc. Liquidation Trust (the "Trust"). We write to address Earnity Financial Inc.'s, ET Trader Inc.'s, and Earnity Inc.'s (collectively, "Earnity") responses to the Trust's Rule 2004 document requests (the "Requests"). Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Trust is examining whether Cred's property—including intellectual property—is in the possession, custody, or control of Earnity. Although the information the Trust seeks is well within the scope of required disclosures under Rule 2004, Earnity has refused to provide this information. Accordingly, the Trust requests that Earnity withdraw the objections referenced below, produce responsive documents, and otherwise respond to this letter by no later than **September 30, 2021**.

On July 23, 2021, during the course of former Cred Chief Financial Officer Joseph Podulka's deposition, the Trust uncovered that Mr. Podulka has been secretly working on a new cryptocurrency company that he describes as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." (*See* Podulka Dep. Tr. at 217.) According to Mr. Podulka, this company—later discovered to be Earnity ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* Podulka Dep. Tr. at 218 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ At the direction of counsel, Mr. Podulka refused to provide the name of the entity during the deposition or the names of any former Cred employees who work at Earnity. (*Id.* at 220 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *id.* at 218 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *id.* at 221 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



One Vanderbilt Avenue   New York NY 10017-5404   Tel +1 212 547 5400   Fax +1 212 547 5444
*US practice conducted through McDermott Will & Emery LLP.*

Letter to Earnity
September 23, 2021
Page 2

The Trust used its own resources to identify information about Earnity and asked Mr. Schatt about Earnity during Mr. Schatt's deposition. As was the case with Mr. Podulka, at the direction of counsel, Mr. Schatt refused to answer any questions concerning Earnity. (Schatt Dep. Tr. at 269 ███████████████████████████████████████.)

Following the depositions in which Mr. Podulka and Mr. Schatt were directed to not answer any questions concerning Earnity, the Trust issued Rule 2004 document requests to Earnity seeking relevant information, such as Cred property—including intellectual property—that may be in Earnity's possession, custody, or control. By way of example, the Trust has issued specific requests aimed to uncover whether Cred property is in Earnity's possession, custody, or control. (See, e.g., Requests 7, 11-12 ("[a]ll customer lists, investor lists, or contact lists"; "[a]ll documents, communications, and records concerning source code, including a complete copy of Earnity's source code"; "[a]ll documents and communications concerning access to Cred's shared drives, Google Suite, GitHub, or any other information concerning Cred.").) Earnity refused to respond to these requests.

Based on the sworn testimony of Mr. Podulka (and the Trust's own independent investigation), we know that ████████████████████████████████. Accordingly, the Trust requested "[d]ocuments sufficient to show all persons hired by Earnity as employees" and "[a]ll documents, communications and contracts between Earnity and any individual or entity that is currently or formerly associated with Cred[.]" (See Requests 3 and 4.) It is important for the Trust to determine which former Cred employees and executives have joined Earnity so that the Trust can investigate whether any of those employees and executives have delivered any of Cred's intellectual property to Earnity.

Earnity claims the Rule 2004 document requests are "irrelevant and overly broad in scope and therefore, outside the scope of Rule 2004". (See, e.g., Requests 3, 7, 12 (objecting to produce documents showing "all persons hired by Earnity as employees"; "customer lists, investors lists, or contacts lists"; and documents concerning "source code".) The discovery concerning Earnity is squarely within the scope of Rule 2004 because "[t]he purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("A Rule 2004 examination is commonly recognized as more in the nature of a fishing expedition.") (internal citations omitted). The Trust seeks information about Cred's property that may be in Earnity's possession, custody, or control, which serves the "legitimate goal[] of Rule 2004" including "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *Id*.

Earnity's claim that it "has no responsive documents" to various requests is not credible. For example, the Trust requested "[a]ll documents and communications with Daniel Schatt, Joseph Podulka, or Daniel Goldstein." (See Request 2.) Earnity responded that it "has no responsive documents in its possession between Earnity and Daniel Schatt, Joseph Podulka or Daniel Goldstein concerning the Debtors." (See Request 2) (emphasis added). Mr. Schatt, Mr. Podulka, and Mr. Goldstein were key executives of Cred that are now key executives of Earnity. It cannot be that Earnity is not in possession, custody, or



Letter to Earnity
September 23, 2021
Page 3

control of a single responsive document, communication, or other data concerning these three key executives.[1]

The Trust's requests are not speculative. Unbeknownst to the Trust, key former Cred executives Mr. Schatt, Mr. Podulka, and former Chief Technology Officer Daniel Goldstein started a new cryptocurrency company with other still undisclosed former Cred employees. When asked about these issues during the deposition, Mr. Schatt and Mr. Podulka refused to answer any questions. Both Cred and Earnity are in the cryptocurrency industry—an industry in which the value, security, and success of companies are tied to the strength of their technology. Accordingly, the Trust is seeking to investigate whether any of its intellectual property is in Earnity's possession, custody, or control. Mr. Schatt, Mr. Podulka, and whoever else is making the decisions at Earnity nonetheless continue to resist disclosing any information. These objections are improper and must be withdrawn.

Accordingly, the Trust demands a withdrawal of Earnity's objections and the production of all documents responsive to its Rule 2004 requests. The Trust requests a response and production by no later than **September 30, 2021**.

***

In connection with this letter, the Trust reserves all rights and waives none. Please feel free to contact us at any time.

Sincerely,



Joseph B. Evans

CC:   Darren Azman (dazman@mwe.com)
      Andrew B. Kratenstein (akratenstein@mwe.com)

---

[1] This is not the first time that Mr. Schatt and Mr. Podulka have refused to provide responsive information claiming that they had no such documents in their possession. For example, Mr. Schatt and Mr. Podulka initially refused to provide all of his responsive text messages claiming that they had produced everything in their possession, custody, or control. It was not until the Trust sent a letter on July 19, 2021 confronting Mr. Schatt and Mr. Podulka with evidence that such responsive data exists and is in their possession that Mr. Schatt – but not Mr. Podulka – produced such information. Even after that exchange, Mr. Schatt did not produce all responsive text messages and Mr. Podulka did not produce any information. The Trust sent an additional discovery letter on July 26, 2021, exposing that despite their claims that they had produced everything in their possession, Mr. Schatt and Mr. Podulka were in possession of responsive communications that they did not produce. Mr. Schatt then produced some additional mobile communications. Mr. Podulka has still not produced a single document or communication. Throughout this process, Mr. Schatt, Mr. Podulka, and Earnity have sought to produce as little information impossible and have not adequately complied with Rule 2004 discovery.

