**EXHIBIT J**



Daniel M. Glassman
Dan.Glassman@klgates.com

T +1 949 253 0900
F +1 949 253 0902

October 7, 2021

**VIA U.S. MAIL AND ELECTRONIC MAIL**

Joseph B. Evans
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
jbevans@mwe.com

    Re:    *In re Cred Inc., et al.*, Case No. 20-bk-12836 (Bankr. D. Del.)

Dear Mr. Evans,

    This is in response to your September 23, 2021 correspondence regarding Earnity Financial Inc., ET Trader, and Earnity Inc.'s (the "Earnity Entities") responses to the Cred Inc. ("Cred") Liquidation Trust's (the "Trust") Rule 2004 Requests (the "RFPs").

    Initially, as you know, since the commencement of the Cred bankruptcy proceedings Mr. Schatt has continuously cooperated with bankruptcy counsel (Paul Hastings), the US Trustee, the Special Investigator, the Creditors' Committee, and now the Liquidation Trust. He has already produced all Cred-related documents in his possession (on multiple occasions) and many of his own personal financial records, and has sat for lengthy depositions with you and the United States Trustee, as well as a long interview with the Special Investigator appointed by the Bankruptcy Court.

    Next, your claim that Earnity's written response was completely non-substantive is not accurate. As Earnity's response to the subpoena clearly states, Earnity has no responsive documents relating to the Debtors -- which is a substantive response. It may not be the response you want, but it does not entitle you to essentially every email on an unrelated company's server, all correspondence sent/received by that company, and a multitude of highly confidential business records which have absolutely nothing to do with Cred, including Earnity's source code and other equally inappropriate requests. The Trust's document requests are so broad that they

Joseph B. Evans
October 7, 2021
Page 2

would result in the production of thousands of irrelevant documents and confidential proprietary information that has no relationship to Cred.

As Mr. Schatt and I have informed you on multiple occasions, while Earnity is in the cryptocurrency industry, it is wholly unrelated to Cred and its business model is completely different. It's like comparing McDonalds to Ritz Carlton - both are technically part of the hospitality industry but provide entirely different services and target different clientele. Unlike Cred, Earnity's business model does not involve the borrowing or lending of cryptocurrencies. Earnity was not formed until months after Cred filed for bankruptcy and has not received and is not using any of Cred's assets. The only similarities are approximately eight (8) former Cred employees that are now employed by Earnity. Silicon Valley tech executives and employees forming/joining a new venture after their prior employer declared bankruptcy is certainly not a unique situation and absolutely not enough of a hook to require Earnity to comply with the overreaching document production you seek.

All that being said, we have reviewed the responses and Earnity stands by all of its objections. However, as a good faith attempt to meet and confer, in response to Request No. 3, Earnity is willing to provide you a list of Cred Inc. employees that are now employed by Earnity on the condition that the information remain confidential pursuant to an agreed confidentiality order and be marked as attorney's eyes only. Earnity makes this request because, as I previously informed you, Mr. Schatt and others have received personal threats due to their relationship with Cred and the publicity from this case. Earnity does not want to endanger the few Cred employees (and their families) that now work at Earnity. Earnity is also willing to provide you with the contract of the only contractor it has in common with Cred - a compliance service.

As to your other requests, Bankruptcy Rule 2004 does not permit unfettered examination. *In re Stambaugh*, 531 B.R. 191, 193 (Bankr. S.D. Ohio 2015) ("Caution, however, must be exercised to not unleash costly and disruptive procedures that far outweigh the benefit of obtaining the information."). As such, it must be used for a legitimate purpose and cannot be used to harass. Furthermore, a party seeking to conduct a Rule 2004 examination must show "good cause by establishing that the proposed examination is necessary to establish the claim of the party seeking the examination, or ... denial of such request would cause the examiner undue hardship or injustice." *See In re AOG Entm't, Inc*, 558 B.R. 98, 109 (Bankr. S.D.N.Y. 2016). This requires a balance of the interests of the parties, "weighing the relevance of and necessity of the information sought…." *Id.* Just because a document is relevant does not alone demonstrate good cause to burden a third party with production. *Id. at 108-109* (denying 2004 examination on mootness grounds but further noting it would have been unwarranted based on relevancy and lack of good cause).

505178627.2

Joseph B. Evans
October 7, 2021
Page 3

    Here, the Trust is asking for documents that have no relevance to Cred and contain confidential business information.  Additionally, the broad scope of many of the requests would require burdensome production from Earnity, an unrelated third-party.  As noted in Earnity's responses to these matters, they have no responsive documents relating to Cred, and as confirmed by this letter, Earnity is not using any of Cred's intellectual property or personal property.  Nonetheless, the Trust is essentially seeking all of Earnity's highly confidential business communications and intellectual property which, in addition to being irrelevant, is unduly burdensome.

    I am available if you would like to further discuss the points raised in this letter.

                                              Very truly yours,

                                              Daniel M. Glassman