**EXHIBIT K**

**mwe.com**

Joseph B. Evans
Attorney at Law
jbevans@mwe.com
+1 212 547 5767

July 19, 2021

**VIA EMAIL**

Daniel M. Glassman
K&L Gates LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
daniel.glassman@klgates.com

**Re:**     *In re Cred Inc., et al.*, No. 20-bk-12836 (Bankr. D. Del.)

Dear Mr. Glassman,

As you know, we represent the Cred Inc. Liquidation Trust (the "Trust").  We write to address several issues concerning Daniel Schatt's responses to the Trust's discovery requests.  We request that Mr. Schatt provide a supplemental production and otherwise respond to this letter by July 23, 2021.

**Request No. 17:**

The Trust requested that Mr. Schatt provide "[a]ll documents and communications concerning UpHold, including Your position as a director at Uphold.  This request includes all Uphold board materials, including agendas, meeting minutes, resolutions and notes from meetings."  (Request No. 17.)  Mr. Schatt refused to respond to this request claiming that it was "outside the scope of Rule 2004."

Uphold was one of Cred's key business partners, Mr. Schatt was a director of Uphold while he was CEO of Cred, thousands of Cred's clients were originally Uphold clients, and Uphold held tens of millions of Cred's assets.  Uphold documents are plainly discoverable pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  "The scope of a 2004 examination is 'unfettered and broad' and the examination is in the nature of a 'fishing expedition.'" *In re E. W. Resort Dev. V, L.P., L.L.L.P.*, No. 10-10452, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014).  Mr. Schatt and Uphold were knowledgeable about Cred's financial condition and documents in Mr. Schatt's possession concerning Uphold are within the scope of this examination.  *See In Re Millennium Lab Holdings II*, 562 B.R. 614, 627-28 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include…third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate."); *see also In re Vantage Petroleum Corp.*, 34 B.R. 650, 651–52 (Bankr. E.D.N.Y. 1983) (finding that "more than a mere possibility exists that the Trustee will gain information concerning the debtor's financial affairs" in examining documents from a corporation that was connected to debtor and where assets of debtor may have been diverted).



**340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444**

*US practice conducted through McDermott Will & Emery LLP.*

Letter to Counsel for Daniel Schatt
July 19, 2021
Page 2

After issuing marketing material and otherwise touting Cred for years, Uphold changed course following Cred's bankruptcy filing. Uphold issued public statements concerning Cred and what Uphold claimed it knew and did not know about Cred's financial condition. Mr. Schatt cannot reasonably argue that documents and communications in his possession concerning Uphold is not within the broad scope of Rule 2004.

As a compromise, the Trust agrees to limit Request No. 17 to those documents and communications concerning Uphold to the extent those documents and communications concern the following persons and entities: Cred (as defined in the Requests), Lu Hua, MoKredit, Joseph Podulka, Daniel Wheeler, James Alexander, Daniyal Inamullah, and Income Opportunities Luxembourg (S.A.).

**<u>Responsive Documents</u>**:

Mr. Schatt objected to many of the Trust's discovery requests with the following objection: "Schatt has no responsive documents in his possession, custody or control." As you are aware, a recipient of a Rule 2004 subpoena is "required to produce documents 'in the responding party's possession, custody or control.'" *In re Bello*, 528 B.R. 562, 567 (Bankr. E.D.N.Y. 2015) (citing Fed.R.Civ.P. 34(a)(1). For the purposes of discovery, "control is broadly defined, and includes situations where the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.'" *In re Feldman*, 528 B.R. at 567; *see also In re Feldman*, 597 B.R. 448, 453 (Bankr. E.D.N.Y. 2019) ("The term 'control' shall also include the ability to cause third parties to produce the Requested Documents.").

As of the date of this correspondence, Mr. Schatt has produced only 271 documents, all of which were in .pdf form. Notably, Mr. Schatt did not produce a single document or communication from any messaging application, except for some incomplete snapshots of SMS text messages. It seems odd to say the least that Cred's founder, former CEO, former 50% shareholder, and former director would only have 271 documents in his possession, custody or control. Accordingly, please provide a description of Mr. Schatt's methodology for determining that he has no additional responsive documents and communications. This response should include, but is not limited to, search terms utilized by Mr. Schatt, any and all efforts to seek documents from third parties, and all sources sourced for potentially responsive documents, including mobile phones.

**<u>Production Format</u>**

The Trust requested that documents produced in electronic format "shall be in their native format" and "shall be produced with Relativity compatible load files." (*See* Instruction No. 10.) The Trust also requested "all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, should be produced as is." (Instruction No. 14.) Mr. Schatt apparently ignored these instructions and made an incomplete production consisting solely of .pdfs. The production is incomplete for a number of reasons. Certain of the emails produced do not contain the attachments. (*See, e.g.,* REVCRED0011-99148931.) Other documents were produced which contain numerous technical deficiencies, including corrupted attachments. (*See* REVCRED0011-0014908-



Letter to Counsel for Daniel Schatt
July 19, 2021
Page 3

REVCRED0011-0014921.)  As described in the following section, the screenshots of the messaging data was deficient as it obviously omitted portions of the conversation.

Accordingly, we request that documents are produced in accordance with the Instructions in Schedule A to the Rule 2004 Subpoena.  As you know, producing native files with Relativity load files is commonplace in discovery and simple .pdfs fall well below the acceptable standard of document production.

**<u>Electronic and Mobile Data</u>**:

There are several deficiencies in Mr. Schatt's production of mobile data.

Mr. Schatt's production appears to be limited to SMS messages and does not include a single message from other messaging applications, such as WhatsApp, Telegram, WeChat or any other application. The Trust sought "all documents, communications, electronic messages or other data concerning Cred that is stored on Your personal mobile phone, personal email accounts, personal computers, personal tablets, flash drives, external hard drives, cloud-based storage system, or any other repository of electronic or physical information." (*See* Discovery Request No. 1.)  The term "documents" were defined to include, *inter alia*, "electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp, Groupme, WeChat, Signal, Dust, Slack, [and] Proton." (*See* Discovery Request Definition No. 20.)  The Trust knows that Mr. Schatt discussed Cred business on other messaging applications. (*See* DS_001343 James Alexander requesting a conversation via "zoom" or "Skype or Whatsapp"; *see also* DS_001372 Mr. Schatt asking James Alexander if he saw "what he just sent on Telegram".)  But Mr. Schatt only produced SMS text messages with three individuals.  Notably, the production did not include a single message between Mr. Schatt and Mr. Hua.  Mr. Schatt and Mr. Hua have known each other for years, co-founded Cred, were the sole members of the board, and were doing tens of millions of dollars' worth of business with one another.  It seems extremely unlikely that Mr. Schatt would not have a single electronic message with Mr. Hua.

Mr. Schatt's initial production of mobile data and documents simply consists of screenshots of text messages, which were presumably taken by Mr. Schatt.  Many of the text messages in Mr. Schatt's initial production are obviously missing the surrounding responsive messages. (*See, e.g.,* DS_001248 ("Call me when you can, there us an urgent matter we are dealing with" "Hey—I heard what…") (remainder of message cut off); DS_001407 ("FYI—we are working through the incident on multiple fronts-technical, insurance, legal etc...") (message lacking surrounding context); DS_001435 ("Getting my texts?" "I'm back to back until…") (remainder of messages cut off."); DS_001166 ("I'll also work with Francesco") (messages lacking surrounding context).)  These are just a few examples of text message conversations that clearly do not include the entire conversation which is apparent from the snapshots provided.

Accordingly, please reproduce the mobile data extracted by either a UFED device extraction (which is executed in-person) or an Apple backup production (which can be executed remotely).  Simply having



Letter to Counsel for Daniel Schatt
July 19, 2021
Page 4

Mr. Schatt produce screenshots of whatever portions of conversations he deems to be responsive is insufficient.  We request a production of mobile data which includes **all** messages on **all** messaging applications with the following persons:  Lu Hua, James Alexander, Daniel Wheeler, Joseph Podulka, Daniyal Inamullah, and Scott Freeman.  With the exception of Mr. Freeman, all of these individuals were key executives of Cred.  Mr. Freeman was the lead executive at JST Capital, a key business partner of Cred.  We are unaware of issues that would be discussed between Mr. Schatt and these executives which would not be responsive to the requests and anticipate that it would be more cost-efficient to simply make a wholesale production of messages with those individuals.

* * *

In connection with this letter, we reserve all rights and waive none.  Please feel free to contact us at any time.

Sincerely,

Joseph B. Evans

CC:    Darren Azman (dazman@mwe.com)
       Andrew Kratenstein (akratenstein@mwe.com)

