EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 947, 948, 997, ___** |

ORDER APPROVING DISCOVERY STIPULATION
BY AND BETWEEN CRED INC. LIQUIDATION TRUST AND
EARNITY INC., EARNITY FINANCIAL INC., AND ET TRADER INC.

Upon the certification of counsel (the "Certification of Counsel")[2] of the Cred Inc. Liquidation Trust (the "Trust") regarding approval of the stipulation attached hereto as **Exhibit 1** (the "Stipulation"); and the Court having jurisdiction to consider the Certification of Counsel and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Certification of Counsel and the requested relief being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Certification of Counsel in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and the Court having reviewed the Certification of Counsel and the Stipulation; and it appearing that entry of an order approving the Stipulation is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Certification of Counsel.

1

interests of the Debtors' creditors and all parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Stipulation attached hereto as **Exhibit 1** is hereby approved.

2. Earnity shall produce documents and communications responsive to the Subpoena by June 10, 2022 in accordance with the Stipulation.

3. The Court will hold a status conference to review compliance with the Stipulation on _____, 2022 at _____ (ET).

4. The hearing on the Motion currently scheduled for June 2, 2022 (11:00 a.m. ET) shall be adjourned to a date to be determined at the status conference.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

EXHIBIT 1

Discovery Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Cred Inc., *et al.*,[1] | ) ) | Case No. 20-12836 (JTD) |
| Debtors. | ) ) **)** ) | (Jointly Administered) |

**DISCOVERY STIPULATION**

This stipulation (the "Stipulation") is entered into by and between the Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the "Debtors") and Earnity, Inc., Earnity Financial Inc., and ET Trader Inc. (collectively, "Earnity"). The Trust and Earnity are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On August 12, 2021, the Trust issued a subpoena pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Subpoena") to Earnity.

B. On December 28, 2021, the Trust filed the Motion of the Cred Inc. Liquidation Trust to Compel Compliance with Subpoenas Under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"). *See* D.I. 947, 948.

C. Subject to the terms of this Stipulation, the Parties agree that (1) Earnity will complete the production of documents pursuant to this Stipulation by June 10, 2022; (2) the Parties will seek adjournment of the pending hearing on the Motion, dated June 2, 2022; and (3) the Parties

will seek to schedule a compliance conference with the Court at a time at the Court's convenience, on or around June 24, 2022.

**NOW, THEREFORE,** in consideration of the mutual promises and agreements set forth below, the following is hereby stipulated and agreed to, subject to the approval of the Bankruptcy Court.

1. <u>Recitals</u>. The preceding recitals are true and correct and are incorporated into this Stipulation by this reference.

2. <u>Authority</u>. The undersigned represent that they are fully authorized to enter into this Stipulation on their own behalf and on behalf of their respective clients.

3. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

4. Earnity shall produce documents and communications responsive to the Subpoena by June 10, 2022 in accordance with this Stipulation.

5. Earnity shall search for documents and communications[2] through the emails, mobile devices,[3] and other electronic and physical mediums in which documents and communications are stored for the following custodians (the "<u>Custodians</u>"):

    a. Daniel Schatt
    b. Domenic Carosa
    c. Joseph Podulka
    d. Daniel Goldstein
    e. Dan Hummer
    f. Pawan Chawla
    g. Marie Kacmarek
    h. Nicole Skillern

---

[2] "Documents," "communications," and all other relevant terms shall have the same definitions set forth in the Subpoena.

[3] Earnity also agrees to search the personal mobile devices of Daniel Schatt and Domenic Carosa.

        i.      Han Ha
        j.      Joseph Lall

6.     Earnity will apply the following search terms (the "Search Terms") to the emails, mobile devices, and other electronic and physical mediums in which documents and communications are stored for each of the Custodians:

    a.    Cred
    b.    CredEarn
    c.    CredBorrow
    d.    CredPartner
    e.    "Earn* NOT Earnity"
    f.    DeFi
    g.    Decentralized
    h.    CeFi
    i.    Centralized
    j.    Stafi
    k.    XTP
    l.    TAP
    m.    "Fast Track Program"
    n.    Borrow*
    o.    Lend*
    p.    Loan*
    q.    Web3
    r.    LEGOS
    s.    Algo
    t.    Tezos
    u.    Compound
    v.    Curve
    w.    Yearn
    x.    Staking
    y.    Node
    z.    Hedg!
    aa.    "Universal Protocol Alliance"
    bb.    Amun
    cc.    C-loc
    dd.    Income /3 Opportunities
    ee.    "Options agreement"
    ff.    "Merchant solution"
    gg.    "All weather approach"
    hh.    "Omnibus wallet"
    ii.    Liquidity
    jj.    "Cayman Reserve Account"
    kk.    "Structured derivative"

      ll.     Certik
    mm.    "Capital sweep"
     nn.    Singapore /4 VPN
     oo.    Systematic /3 alpha
     pp.    Reserves /3 management
     qq.    Reserve /3 methodology
     rr.     Ledger
     ss.     One-stop
     tt.     Dhiraj
     uu.    Confluence
     vv.    "Secret sauce"
    ww.    Combine /3 earnings
     xx.    Sean /3 Michael
     yy.    Stan /3 Miroshnik
     zz.    Uphold
    aaa.    JST

7. Earnity will use the time period January 1, 2020 to present to search for and produce documents and communications.

8. Earnity will produce all non-privileged communications (including text messages, WhatsApps and communications on other messaging applications) prior to March 2021 between Mr. Carosa and any of the following individuals: Mr. Schatt, Mr. Podulka, and Mr. Goldstein.

9. Earnity will prepare a declaration to explain and document the search procedures and review process it undertook to comply with the Subpoena and this Stipulation.

10. Earnity will produce the customer lists and any contact information of any former Cred customers and investors in its possession, custody, or control.

11. The Parties agree to continue to confer concerning the Earnity source code.

12. Earnity will produce the documents and communications described herein in a Relativity load file containing native documents with associated metadata by no later than June 10, 2022.

13. The Parties will request that the Court Order compliance with this Stipulation.

14. The Parties agree to seek adjournment of the hearing currently scheduled for June 2, 2022.

15. The Parties agree to schedule a status conference with the Court when the Court may be available on or about June 24, 2022.

16. The Parties reserve all rights and claims against one another, including the right to seek attorneys' fees and costs.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on this 26th day of May, 2022.

Dated: Wilmington, Delaware
       May 26, 2022

| **K&L Gates** | **McDermott Will & Emery LLP** |
|---|---|
| */s/ Daniel M. Glassman* | */s/ David R. Hurst* |
| Daniel M. Glassman (admitted *pro hac vice*) | David R. Hurst (I.D. No. 3743) |
| 1 Park Plaza, 12th Floor | 1007 North Orange Street, 10th Floor |
| Irvine, CA 92614 | Wilmington, DE 19801 |
| Telephone: (949) 623-3565 | Telephone: (302) 485-3900 |
| Facsimile: (949) 623-4484 | Facsimile: (302) 351-8711 |
| | - and - |
| | Joseph B. Evans (admitted *pro hac vice*) |
| | Darren Azman (admitted *pro hac vice*) |
| | 1 Vanderbilt Avenue |
| | New York, NY 10017 |
| | Telephone: (212) 547-5767 |
| | Facsimile: (212) 547-5444 |
| | *Counsel to the Cred Inc. Liquidation Trust* |