# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED INC., *et al.*,<br><br>           Debtors.[1] | )  Chapter 11<br>)<br>)  Case No. 20-12836 (JTD)<br>)<br>)  (Jointly Administered)<br>)<br>)  **Related to Docket No. \_\_\_**<br>) |

## ORDER APPROVING THIRD PARTY CLAIM ASSIGNMENT PROCEDURES

Upon the motion (the "Motion")[2] of the Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned bankruptcy cases of Cred, Inc. and its affiliated debtors for entry of an order approving the Assignment Procedures; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

      2.      The Trust is authorized, but not directed, to implement the Assignment Procedures, which are approved in their entirety. The Trust is further authorized to modify any administrative aspect of the proposed Assignment Procedures in its sole discretion.

      3.      The Trustees' and the TAB's decision to pursue the assignment of Third Party Claims and implement the Assignment Procedures are a sound exercise of their business judgment and in the best interests of creditors.

      4.      The Trust has authority to adjudicate assigned Third Party Claims pursuant to the Plan and the Trust Agreement.

      5.      The Trust is authorized to take all actions necessary to implement the relief granted in this Order.

      6.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

      7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.