FILED
2022 NOV -8 AM 9:55
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE



FÜRSTENTUM LIECHTENSTEIN
FÜRSTLICHES
LANDGERICHT

Aktenzeichen bitte immer anführen
**10 RZ.2022.361**
ON 3

# BESCHLUSS

Das Fürstliche Landgericht in Vaduz hat in der Rechtshilfesache des Konkursgerichts der Vereinigten Staaten für den Bezirk Delaware (USA) vom 28.01.2022 für das dort hinsichtlich CRED Inc. anhängige Verfahren Nr. 20-12836 (JTD)

## beschlossen:

**Die Gewährung der Rechtshilfe aufgrund des am 13.06.2022 eingelangten Rechtshilfeersuchens vom 28.01.2022, nämlich die Bittrex Global GmbH, 9490 Vaduz zur Herausgabe von Urkunden und/oder Auskunft aufzufordern, wird verweigert.**

## Begründung:

Mit hiergerichts am 13.06.2022 eingelangtem Rechtshilfeersuchen vom 28.01.2022 ersucht das Konkursgericht der Vereinigten Staaten für den Bezirk Delaware (USA) zum dort über die CRED Inc. Liquidation Trust anhängigen Verfahren um Rechtshilfe im Rahmen des Haager Übereinkommens über die Beweisaufnahme im Ausland in Zivil- oder Handelssachen vom 18. März 1970 durch Aufforderung der Bittrex Global GmbH zur Herausgabe von Urkunden und/oder Auskunft über den im Rechtshilfeersuchen angeführten Sachverhalt.

Die begehrte Beweisaufnahme soll in den im Rechtshilfeersuchen „Chapter-11-Fällen der CRED Inc. und der mit ihr verbundenen Schuldner verwendet werden. Das Gericht habe festgestellt, dass die Bittrex Global GmbH möglicherweise in Besitz von Dokumenten, Informationen und Kenntnissen über wesentliche Fakten sei, die für die laufenden Ermittlungen des Trusts und die Wiedererlangung der Vermögenswerte der Schuldner relevant seien.

Am 07.11.2020 hätten die Schuldner einen Antrag auf Konkurseröffnung gemäss Chapter 11, Titel 11, des US Bankruptcy Codes gestellt. Am 11.03.2021 habe das Gericht den Liquidationsplan bestätigt und der Plan sei am 19.04.2021 in Kraft getreten. An diesem Tag des Inkrafttretens sei der Trust gegründet und die Vermögenswerte der Schuldner, einschliesslich aller Forderungen und Klagegründe, seien auf den Trust übertragen und an diesen abgetreten worden.

Die Geschäftstätigkeit der Schuldner und die Insolvenzfälle nach Chapter 11 würden verschiedene Formen von Transaktionen in Kryptowährungen beinhalten, von denen der Trust einige als betrügerisch oder anderweitig unrechtmässig eingestuft habe. Dementsprechend habe der Trust eine umfangreiche Untersuchung dieser Transaktionen und der möglichen Beitreibung der Vermögenswerte der Schuldner durchgeführt. Zur Unterstützung bei dieser Beitreibung habe der Trust eine der weltweit führenden Beratungsfirmen für die Rückverfolgung von Kryptowährungen beauftragt. Der Trust habe dem Gericht gegenüber erklärt, dass er Beweise dafür festgestellt habe, dass Bittrex Informationen über gestohlene oder unrechtmässig übertragene Kryptowährungen haben könnte. Die Informationen von Bittrex seien auf keinem anderen Weg erhältlich und würden für die potentielle Wiedererlangung von bedeutenden Vermögenswerten aus dem Nachlass der Schuldner wesentlich sein. Dementsprechend strebe der Trust nun eine gezielte Offenlegung an, um Informationen zu erhalten, die für die laufenden Ermittlungen des Trusts und die Wiedererlangung von Vermögenswerten sachdienlich seien. Eine solche Offenlegung sei angesichts der Leichtigkeit und Geschwindigkeit, mit der Vermögenswerte in Kryptowährung verschoben oder verschwinden könnten, besonders wichtig.

**In rechtlicher Hinsicht ist zu erwägen:**

Gemäss Art 23 des Haager Übereinkommens über die Beweisaufnahme im Ausland in Zivil- oder Handelssachen vom 18. März 1970 kann jeder Vertragsstaat erklären, dass er Rechtshilfeersuchen nicht erledigt, die ein

Verfahren zum Gegenstand haben, das in Ländern des „Common Law" unter der Bezeichnung „pre-trial discovery of documents" bekannt ist. Liechtenstein hat diese Erklärung abgegeben.

Beim in den Vereinigten Staaten geführten Verfahren handelt es sich um ein Konkursverfahren über die CRED Inc. Es wird im Rechtshilfeersuchen vorgebracht, die Bittrex Global GmbH sei *möglicherweise* im Besitz von Dokumenten, Informationen und Kenntnissen über wesentliche Fakten, die für die laufenden Ermittlungen zur Wiedererlangung der Vermögenswerte der Schuldner relevant seien. Bittrex könnte über Informationen über gestohlene oder unrechtmässig übertragene Kryptowährungen haben. Diese Informationen von Bittrex seien für die potentielle Wiedererlangung von bedeutenden Vermögenswerten aus dem Nachlass der Schuldner wesentlich. Es werde nun eine gezielte Offenlegung angestrebt, um Informationen zu erhalten, die für die laufenden Ermittlungen für die Wiedererlangung von Vermögenswerten sachdienlich seien.

Es zeigt sich also, dass hier durch die begehrte Rechtshilfe, nämlich durch Auskunftserteilung bzw. Vorlage von Urkunden durch Bittrex, erst Urkunden bzw. Auskünfte für die spätere Beweisführung beschafft werden sollen. Es handelt sich hier also um ein Verfahren zur Beweisbeschaffung.

Das gegenständliche Rechtshilfeersuchen hat also ein Verfahren zum Gegenstand, das in Ländern des „Common Law" unter der Bezeichnung „pre-trial discovery of documents" bekannt ist. Zu solchen Verfahren hat Liechtenstein eine Erklärung gemäss Art 23 des Haager Übereinkommens über die Beweisaufnahme im Ausland in Zivil- oder Handelssachen vom 18. März 1970 abgegeben und darin erklärt, dass es solche Rechtshilfeersuchen nicht erledigt.

Die begehrte Rechtshilfe ist deshalb zu verweigern.

Fürstliches Landgericht
Vaduz, 27.10.2022
Willi Büchel
Landgerichtspräsident

Für die Richtigkeit der Ausfertigung



Barbara Schmid

## Rechtsmittelbelehrung

Nach § 29 JN entscheidet über die Rechtmässigkeit der Verweigerung der Rechtshilfe auf Antrag der ersuchenden Behörde das Fürstliche Obergericht.