# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | ) Chapter 11 )  |
| **CRED INC.,** *et al.*, | ) Case No. 20-12836 (JTD) ) (Jointly Administered) ) |
| Debtors[1] | ) **Obj. Deadline: February 2, 2023,** ) **at 4:00 p.m. (ET)** ) **Hearing Date: February 9, 2023 at 2:00 PM** ) **(ET)** |

### MOTION OF THE TRUSTEES OF CRED INC. LIQUIDATION TRUST PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE FOR CLARIFICATION OF JULY 19, 2022 BENCH RULING REGARDING TRUST'S AUTHORITY TO ACQUIRE CERTAIN THIRD-PARTY CLAIMS

The trustees Cedric de Lisser, Christopher Moser, and Michael Michelin, ("**Trustees**") of The Cred Inc. Liquidation Trust (the "**Trust**") established in the chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), pursuant to Section 105 of Title 11 of the United States Code ("**Bankruptcy Code**"), for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), clarifying this Court's July 19, 2022 bench ruling that the Trust can acquire third-party customer claims in connection with the settlement of preference claims and prosecute those claims. In support of this Motion, the Trust respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

**INTRODUCTION**

1. Throughout the fall of 2022, the Trustees acquired claims of CredEarn customers in accordance with this Court's findings from the July 19, 2022 Bench Ruling (defined below). Consistent with the Court's findings and direction,[2] the claims were acquired on an individual basis, customer-by-customer, as part of certain preference settlements between those customers and the Trust. No creditor/assignor was offered an enhanced recovery over the assignor's allowed claim. Thus, through the rights acquired by assignment, any ultimate recovery of damages suffered by that third-party creditor will be available to creditors in general and distributed in accordance with the Plan, the Liquidation Trust Agreement and orders of the Court.

2. On December 19, 2022 (in a filing docketed on December 22, 2022), the Trustees commenced an action in California state court against Lockton Companies, LLC and Lockton Companies LLC Pacific Series (together "**Lockton**"), by filing a complaint. An amended complaint was filed on January 9, 2023 (in a filing docketed on January 17, 2023) (the "**Amended Complaint**"). The Amended Complaint asserts the rights of CredEarn customers based on state common-law claims and a California statute. In response, Lockton filed a notice to remove the California state court case to federal court, arguing that there is "related to" bankruptcy jurisdiction. But Lockton's principal argument—that the Trust is not authorized to receive assignments of third-party claims—runs afoul of the Trustees' understanding of the July 19, 2022 Bench Ruling. Out of an abundance of caution, the Trustees seek clarification of that ruling.

3. The Trust had considered suing Lockton in this Court but concluded that there was an insufficiently close nexus because (i) the claims at issue are pre-petition third-party claims, (ii) the Debtors' Chapter 11 plan of reorganization was confirmed over a year and a half ago, and (iii)

---

[2] This represents the Trustees' best understanding of the results of the hearing as recorded in the Transcript dated July 19, 2022.

there are no bankruptcy issues to consider in the claims asserted against Lockton, among other reasons. Not willing to risk having this Court dismiss the action for lack of subject matter jurisdiction (which the Trustee believed would be likely), at the beginning of the case, or worse yet, later in the case when statute of limitation issues could be implicated, the Trustees commenced the litigation in California state court.

4. Pursuant to section 105 of the Bankruptcy Code, the Trustees seek an order clarifying the July 19, 2022 Bench Ruling regarding the Trust's authority to acquire certain third-party claims. Such an order will save time and resources that would be otherwise incurred litigating this removal issue and provide clarity for the California District Court as to the impact of the July 19, 2022 Bench Ruling.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 11 U.S.C. § 105 and 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

6. In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trust confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

### A. The Chapter 11 Cases and the Plan

8. On November 7, 2020, Cred, Inc. ("**Cred**") and its affiliated Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9. On December 31, 2020, the Debtors filed the Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code [Docket No. 301] (as amended, the "**Plan**").

10. On March 11, 2021, the Court entered an order confirming the Plan. [Docket No. 629] The Plan became effective on April 19, 2021. [Docket No. 730] On that date, the Trust was established. The Debtors' assets were transferred and assigned to the Trust. *See* Plan, Art. 12.3. The Trust is governed by the Liquidation Trust Agreement [Docket No. 579-1] (the "**Trust Agreement**").

11. Under the Plan, the Trustees are responsible for "[a]djudicating third-party claims assigned, purchased, or otherwise transferred to the Liquidation Trust." Plan, § 12.3(b)(vii). Pursuant to the Trust Agreement, the Trustees have the authority in connection with the administration of the Trust to "[a]djudicat[e] third-party claims assigned, purchased, or otherwise transferred to the Liquidation Trust." Trust Agreement, Art. 2.4(7). These provisions reflect that potential claims that Cred Customers have against third parties for wrongdoing related to Cred (the "**Third-Party Claims**") may be assigned to the Trust. Without an assignment, these are claims that only Cred's customers—not the Trust—would have standing to pursue.

### B. The July 19, 2022 Bench Ruling

12. On June 23, 2022, the Trust filed a motion (the "**Assignment Motion**") [Docket No. 1015] requesting that the Trust be allowed to acquire Third-Party Claims by soliciting creditors

through a portal. The Trust also requested that it be allowed to offer a 10% bump-up of assignors' allowed claims in the Chapter 11 Cases in exchange for receiving assignments.

13. On July 19, 2022, the Court held a hearing on the Assignment Motion. At the end of that hearing, the Court issued a bench ruling ("**The July 19, 2022 Bench Ruling**") [Docket No. 1041]. The July 19, 2022 Bench Ruling is attached as **Exhibit A** to the Somers Declaration filed concurrently. As discussed below, in considering the Assignment Motion, the Court determined that the Trust may acquire Third-Party Claims under the Plan in connection with preference settlement. The Court, however, denied *without prejudice* the Assignment Motion itself because the 10% bump-up was found to be impermissible, and the notice and solicitation procedures required modification or refinement.

C. **The Lawsuit Against Lockton**

14. The Trustees subsequently acquired certain Third-Party Claims from CredEarn customers ("**Customer Claims**"). When acquiring Third-Party Claims, the Trustees sought to take a conservative approach. The Trust intentionally acquired *only* claims of Cred Customers that were preference targets in the Chapter 11 Cases because this Court confirmed in the July 19, 2022 Bench Ruling that such an assignment was permitted under the Plan. Each claim was acquired in connection with a separate preference settlement. No assignor received an increase with respect to his allowed claim against the estates as part of the preference settlement. The Trust also did not use a portal to solicit Cred Customers with respect to the assignment process. *See* Declaration of Cedric de Lisser, filed concurrently herewith, ¶¶ 4-6.

15. In December 2022, the Trust commenced a lawsuit (the "**Lockton Litigation**") in the State of California Superior Court for the County of San Francisco. The complaint that commenced that action was thereafter amended by the Amended Complaint which is attached as **Exhibit B** to the Somers Declaration. In short, the Lockton Litigation alleges that Lockton

participated in and jointly authored with Cred a statement used on Cred's website, and which bore the Lockton logo and induced Cred Customers to invest in CredEarn. The statement made grossly misleading claims about Cred's insurance.

16. The Amended Complaint against Lockton alleges California state-law claims for relief for fraudulent misrepresentation, fraud in the inducement, negligent misrepresentation, intentional concealment, and aiding and abetting fraudulent misrepresentation, and negligent misrepresentation as well as a claim under California's Unfair Competition Law under California Business and Professions Code § 17200 *et. seq.*

17. On January 18, 2023, Lockton removed the Lockton Litigation to the United States District Court for the Northern District of California ("**California D.C.**") on the purported basis of "related to" bankruptcy jurisdiction ("**Removal Request**"). Lockton filed a *Notice to State Court and Adverse Parties of Removal of this Action to Federal Court*, and a *Declaration of Terry L. Wit in Support of Notice of Removal which attached various documents*. Among other things,[3] Lockton argues in their Notice of Removal that the Plan does not permit the Trust to take an assignment of Third-Party claims from Cred Customers, notwithstanding this Court's finding to the contrary in the July 19, 2022 Bench Ruling. The Notice of Removal is attached as **Exhibit C** to the Somers Declaration. The Trustees do not want the Lockton Litigation in the California D.C. to proceed based on a misunderstanding of the July 19, 2022 Bench Ruling supported by Lockton's contentions.

---

[3] The Removal Request also claims that a first day motion filed by the Debtors to continue their insurance is an admission as to the comprehensiveness of the insurance and that somehow the Customer Claims are really Debtor claims. The Trust disagrees with this characterization.

## RELIEF REQUESTED

18. The Trust respectfully requests entry of the Proposed Order clarifying the July 19, 2022 Bench Ruling regarding the Trust's authority to acquire Third-Party Claims. Given the Court's prior ruling, the Trust does not seek clarification of the Plan, but rather only clarification of the July 19, 2022 Bench Ruling.

## BASIS FOR RELIEF

### A. This Court Previously Found that the Trust Can Acquire the Customer Claims in Connection with Preference Settlement

19. At the hearing on the Assignment Motion, this Court made three things clear. *First*, acquisition by the Trust of a Third-Party Claim is permissible under the Plan, and assignments are not controversial if the Trust acquires such claims as part of preference settlements. *Second*, the Trust could not provide a 10% bump-up to creditors who assigned their claims to the Trust because that was not contemplated in the Plan. *Third*, acquiring creditor claims as part of a noticing/soliciting process through a portal or by means *other than as part of a preference settlement* required a modification and/or refinement of the procedures proposed by the Trust in the Assignment Motion.

20. This Court stated that the Plan allowed the assignment of creditor claims:

> I think in terms of the authority of the Trust to acquire third-party claims, although it was not completely clear in the plan or the trust agreement, I think it was certainly implied that the Trust would seek -– could seek or could obtain assignment of third-party claims that it could then pursue on behalf of all creditors of the estate.

(The July 19, 2022 Bench Ruling 67, lines 5-10).

21. When discussing the context in which this right to acquire creditor claims could be used, this Court concluded: "Well, you can use it [language in the Plan] in this sense. You can use it in the scenario you gave me where you're trying to compromise a claim, a preference action you have against somebody and they say, Hey, I've got a third-party claim against somebody else. I'll

7

give it to you in return for your forgiving my preference and you say, Okay. Now, you've bought that claim." (The July 19, 2022 Bench Ruling at 50, lines 4-10).

22. This Court also concluded at the end of the hearing on the Assignment Motion:

> Now, that still leaves open the issue of individual negotiations with individual claimants and whether or not if there's a claim objection and the trustee wants to settle it, and as a result they give some value to a third-party claim that's going to be assigned to the trust. I think that's something that can be done, but it's done on a one-off basis so it's more clear.

(July 19, 2022 Bench Ruling at 67-68, lines 24-26, 1-5)

### B. The Trust Seeks an Order to Clarify That the July 19, 2022 Bench Ruling Does Not Support Lockton's Argument that the Trustees Lacked Authority to Acquire Claims in Connection with Preference Settlements and Then Prosecute Those Claims.

23. Even though the Trustees acquired the claims at issue in the Lockton Litigation within the parameters set by this Court, Lockton has removed the Trust's action, which asserts solely claims under state law, based on a misinterpretation (or distortion) of the July 19, 2022 Bench Ruling. Lockton conflates this Court's findings about the circumstances by which assignments were not allowed, at least without further proceedings, with the circumstances by which assignments were allowed, which the Trust followed.

24. Thus, Lockton's argument relies on this Court's conclusion on the portal/notice issue, which the Court got "hung-up on"[4] and expands it, incorrectly, to argue that the Court prohibited the assignment of the Customer Claims in connection with preference settlements. But this Court concluded that, it was open to solicitation of assignments under different and revised procedures:

---

[4] "The notice issue is where I get hung-up the most. How do we give notice to these folks what the Trust is proposing to do? How it's going to be done. Why they're doing it. And what, if any benefits, are going to inure to the estate if it happens. And that's where I think the parties can maybe have a discussion and talk about it." (July 19, 2022 Bench Ruling 68, lines 6-11).

8

> So, at this point, I think it is appropriate for me to say I'm going to deny the motion without prejudice to bring another motion with different *procedures* on how to proceed, and would encourage the parties to all talk."

(July 19, 2022 Bench Ruling 68, lines 12-15) (emphasis added).

25. Thus, Lockton's citation to the July 19, 2022 Bench Ruling is unavailing and misleading. *First*, the Trust did ***not*** provide assignors with a 10% bump up, which this Court found was not permissible. *Second*, the Trust did ***not*** solicit and/or notice Cred Customers through a portal, which process this Court found needed more refinement and which explicitly did not include assignments through preference settlements:

> I'm not talking about preference targets; I'm talking about someone who is just a creditor of the estate. I have a claim against the estate, and I got a claim against the third-party. You don't have a claim against them, they have a claim against you, against the estate.

(The July 19, 2022 Bench Ruling at 56, lines 3-8)

26. In sum, the Trustees seek an order from this Court clarifying the July 19, 2022 Bench Ruling, which found that, in accordance with the Plan and the Trust Agreement, the Trustees *can* acquire Third-Party Claims obtained through individual preference settlements, and, if valid grounds exist, prosecute those claims against defendants, including, without limitation, Lockton. This relief is necessary to assist the California D.C. in understanding that the Trust's claims do not require interpretation of the Plan, and that the assignments do not create an issue that could serve as a basis for related to bankruptcy jurisdiction under 28 U.S.C. §§ 157(b) and 1334 in connection with claims that sound solely under California common law and its unfair competition statute.

## **NO PRIOR REQUEST**

27. No previous request for the relief requested herein has been made to this or any other court.

## NOTICE

26. Notice of the Motion has been provided to parties that have requested notice pursuant to Local Rule 2002-1(b) and to counsel to Lockton. Given the nature of the relief requested herein, the Trust submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the Trust respectfully requests (a) the entry of the Proposed Order Clarifying the July 19, 2022 Bench Ruling; and (b) such other and further relief as is just and proper.

Dated: January 23, 2023

*/s/ Jonathan M. Kass*
REID COLLINS & TSAI LLP
Jonathan M. Kass (DE ID 6003)
300 Delaware Avenue, Suite 770
Wilmington, DE 19801-6600
(302) 467-1765
jkass@reidcollins.com

REID COLLINS & TSAI LLP
Angela J. Somers (*pro hac vice*)
Jeffrey Gross (*pro hac vice* to be filed)
Minyao Wang (*pro hac vice* to be filed)
420 Lexington Avenue
Suite 2731
New York, NY 10170
(212) 344-5200
asomers@ reidcollins.com
jgross@reidcollins.com
mwang@reidcollins.com

*Special Counsel to the Trustees of the Cred Inc. Liquidation Trust*