# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

CRED INC., *et al.*,

Debtors.[1]

Chapter 11
Case No. 20-12836 (JTD)

**FIRST SET OF REQUESTS FOR PRODUCTION
TO THE CRED INC. LIQUIDATION TRUST**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, Lockton Companies, LLC and Lockton Companies, LLC – Pacific Series (collectively, "**Lockton**"), in the chapter 11 cases of Cred Inc. and its affiliated debtors (collectively, the "**Debtors**"), hereby propound their First Set of Requests to Debtors for the Production of Documents to The Cred Inc. Liquidation Trust (the "**Trust**") and Cedric de Lisser, Christopher Moser, and Michael Michelin in their capacity as trustee of the Trust (the "**Trustees**"). Lockton requests that the Trust and/or the Trustees produce all documents responsive to the following First Set of Requests no later than February 2, 2023.

**DEFINITIONS**

1. "**Agreement**" means any agreement, contract, understanding, or arrangement, whether written or oral.

2. "**All**" means the whole of, the entire quantity, the entire amount, and as much as possible.

3. "**Any**" and "**each**" are understood to include and encompass "all."

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

4. "**Bankruptcy Proceedings**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court, District of Delaware, captioned *In re Cred Inc., et al.*, Case No.: 20-12836 (JTD), and any contested matters or adversary proceedings relating thereto.

5. "**California Complaint**" means the *Verified Original Complaint* filed in San Francisco County Superior Court on December 22, 2022 in Case No. CGC-22-603638 that was subsequently removed to the United States District Court for the Northern District of California.

6. "**Communication**" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

7. "**Concerning**" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

8. "**Debtors**" means Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC, and each of their affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on their behalf.

9. "**Document**" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

10. "**Including**" means "including but not limited to" and "including without limitation."

11. "**Person**" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

12. "**Plan**" means the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code*.

13. "**Trust Agreement**" means the *Liquidation Trust Agreement*, as amended or modified.

14. "**Trust Assignors**" means the "Trust Assignors" identified in the California Complaint.

15. "**Committee**" means the Official Committee of Unsecured Creditors in the Bankruptcy Proceedings.

16. "**You**" and "**Your**" the Trust and/or the Trustees, and any of their agents, consultants, or any other person acting or purporting to act on their behalf.

## INSTRUCTIONS

1. You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2. Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3. You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4

4.  If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.  If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.  If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum, letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.  In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8.  Unless expressly indicated to the contrary, each request herein shall be construed independently.  No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.  A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or

deletions. The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10. Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents between the time of initial production and the time of the trial. Such supplemental Documents must be produced promptly upon discovery. The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents before trial.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All proofs of claim filed by the Trust Assignors.

**Request for Production No. 2:**

All Communications between the Debtors or You, on the one hand, and the Trust Assignors, on the other hand, concerning the Trust Assignors' proofs of claim.

**Request for Production No. 3:**

All Documents and Communications concerning claims by the Trust Assignors against the Debtors, including, without limitation, unredacted copies of schedules and the statement of

financial affairs filed by the Debtors in the Bankruptcy Cases.

**Request for Production No. 4:**

All Documents and Communications concerning potential claims or causes of action by the Debtors or You against the Trust Assignors.

**Request for Production No. 5:**

All Agreements between You and the Trust Assignors, including, without limitation, any Agreements concerning the assignment of the claims set forth in the California Complaint.

**Request for Production No. 6:**

All Documents and Communications concerning the assignment of the claims set forth in the California Complaint, including, without limitation, all Documents provided by the Trust Assignors to You concerning the claims set forth in the California Complaint and all Communications between You and the Trust Assignors.

**Request for Production No. 7:**

All Documents and Communications concerning steps taken to preserve Trust Assignor Documents, including litigation hold notices.

**Request for Production No. 8:**

All Documents and Communications on or before the effective date of the Plan concerning Your ability to acquire third party claims, including, without limitation, drafts of the Plan and Trust Agreement and Communications between the Debtors and Committee.

Dated:  January 27, 2023                     Respectfully submitted,
        Wilmington, Delaware

                                             **QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP**

/s/ Renita N. Sharma
Michael B. Carlinsky (*pro hac vice* forthcoming)
Renita N. Sharma (*pro hac vice* forthcoming)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
michaelcarlinsky@quinnemanuel.com
renitasharma@quinnemanuel.com

Terry L. Wit (*pro hac vice* forthcoming)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
terrywit@quinnemanuel.com

Eric D. Winston (*pro hac vice* forthcoming)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
ericwinston@quinnemanuel.com

*Counsel to Lockton Companies LLC and Lockton Companies LLC – Pacific Series*