# EXHIBIT B

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** <br><br> **CRED INC.,** *et al.*, <br><br> **Debtors**[1] | Chapter 11 <br><br> Case No. 20-12836 (JTD) <br> (Jointly Administered) |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION TO THE CRED INC. LIQUIDATION TRUST**

*To: Lockton Companies LLC and Lockton Companies LLC-Pacific Series*

The trustees Cedric de Lisser, Christopher Moser, and Michael Michelin, (collectively "**Trustees**" or "**Plaintiffs**") of The Cred Inc. Liquidation Trust established in the chapter 11 bankruptcy cases of the above-captioned debtors hereby submit their Response to First Set of Requests for Production to the Cred Inc. Liquidation Trust of Lockton Companies, LLC and Lockton Companies, LLC – Pacific Series (together "**Defendants**") as follows:

**PRELIMINARY STATEMENT**

1. Defendants are not entitled to serve the First Set of Requests for Production to the Cred Inc. Liquidation Trust (the "**Discovery Request**") upon Plaintiffs. The Discovery Request does not comply with Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

2. Defendants have not referred to any contested proceeding pursuant to which they make their Discovery Requests. Perhaps hesitant to prevent the Bankruptcy Court from engaging in the innocuous act of clarifying its own ruling, Defendants have not filed an objection to Motion of Trustees of Cred Inc. Liquidation Trust Pursuant to Section 105 of the Bankruptcy Code for Clarification of July 19, 2022 Bench Ruling Regarding the Trust's Authority to Acquire Certain Third-Party Claims (the "Clarification Motion") (ECF 1070). Thus, no contested proceeding exits.

3. In the Clarification Motion, Plaintiffs request clarification of the Bankruptcy Court's opinion based on the Transcript of the July 19, 2022 Bench Ruling. Plaintiffs do not request factual findings, nor are any needed here, since the Bankruptcy Court can clarify its ruling based solely on the Transcript of the July 19, 2022 Bench Ruling.

4. Moreover, Plaintiffs clearly are *not* seeking a ruling from the Bankruptcy Court that the specific assignments from the Trust Assignors are valid. (*See* Proposed Order [ECF 1070-2]). That is a question for the United States District Court for the Northern District of California ("California D.C.") which is currently hearing the contested matter *De Lisser v. Lockton Insurance Companies LLC et al*. (case no. 4-23-cv-00243), or if Plaintiffs prevail in their forthcoming motion to remand and/or to abstain, for the California Superior Court for the County of San Francisco (Case No. CGC-22-603638). One of those two courts will ultimately decide the standing issue as part of the litigation between the Plaintiffs and Defendants.

5. Defendants are not entitled to discovery on standing issues in the California D.C. prior to the FRCP 26(f) conference. For purposes of a motion to dismiss, the allegations in the Amended Complaint regarding standing are accepted as true and cannot be tested through discovery. Defendants seek to use this Court to accomplish a brazen end-run around the law and

rules applicable to the litigation against Defendants in the California D.C. and Rules 26 and 34 of the Federal Rules of Civil Procedure.

6.  Reserving all rights to submit that the Discovery Request are impermissible, and prohibited, Plaintiffs respond as follows to Defendants.[2]

### GENERAL OBJECTIONS

7.  All objections in the Preliminary Statement are hereby incorporated in these General Objections. All General Objections are incorporated into each and every specific response set forth below, even if no express objection is made to a particular Request.

8.  Plaintiffs object to each Discovery Request, and to each definition and instruction, to the extent that it seeks information that is immune from disclosure, including information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Inadvertent disclosure of any privileged information in response to a Request shall not be deemed a waiver of the applicable protection.

9.  Plaintiffs object to each Discovery Request to the extent that it seeks the production of documents that are non-public, confidential, proprietary, sensitive, include personal identifiable information or would otherwise cause injury if publicly disclosed. Such documents cannot be produced without a stipulation governing the production and exchange of confidential and highly confidential information executed by the parties and entered by the Court.

10. By responding to the Discovery Request, Plaintiffs do not concede that the Requests seek information that is relevant or admissible in the prosecution or defense of this action.

---

[2] It appears to the Trustees that the Discovery Request is signed by an attorney not admitted to practice in this Court.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**
**All proofs of claim filed by the Trust Assignors.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

**Request for Production No. 2:**
**All Communications between the Debtors or You, on the one hand, and the Trust Assignors, on the other hand, concerning the Trust Assignors' proofs of claim.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

**Request for Production No. 3:**
**All Documents and Communications concerning claims by the Trust Assignors against the Debtors, including, without limitation, unredacted copies of schedules and the statement of financial affairs filed by the Debtors in the Bankruptcy Cases.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the

Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

**Request for Production No. 4:**
**All Documents and Communications concerning potential claims or causes of action by the Debtors or You against the Trust Assignors.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

**Request for Production No. 5:**
**All Agreements between You and the Trust Assignors, including, without limitation, any Agreements concerning the assignment of the claims set forth in the California Complaint.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is

an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii)　Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv)　Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v)　Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

(vi)　Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks documents protected by an applicable privilege, such as attorney-client privilege or work product protection as all communication were related to the preference settlements and related assignments.

**Request for Production No. 6:**
**All Documents and Communications concerning the assignment of the claims set forth in the California Complaint, including, without limitation, all Documents provided by the Trust Assignors to You concerning the claims set forth in the California Complaint and all Communications between You and the Trust Assignors.**

(i)　Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

(vi) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks documents protected by an applicable privilege, such as attorney-client privilege or work product protection as all communication were related to the preference settlements and related assignments.

**Request for Production No. 7:**
**All Documents and Communications concerning steps taken to preserve Trust Assignor Documents, including litigation hold notices.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the

    Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

(vi) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks documents protected by an applicable privilege, such as attorney-client privilege or work product protection as all communication were related to the preference settlements and related assignments.

**Request for Production No. 8:**
**All Documents and Communications on or before the effective date of the Plan concerning Your ability to acquire third party claims, including, without limitation, drafts of the Plan and Trust Agreement and Communications between the Debtors and Committee.**

(i) Plaintiffs object to producing documents or information in response to this Discovery Request as they are irrelevant in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, and do not address matters "relevant to any party's claim or defense" as required by Rules 26 and 7026.

(ii) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks information concerning an anticipated defense to standing that Defendants have not yet raised, but are expected to raise, in the California D.C., which is an inappropriate subject of premature one-sided discovery in these proceedings as an end-around the rules and timing of discovery that may be available in the California D.C.

(iii) Plaintiffs object to producing documents or information in response to the Discovery Request as they are unduly burdensome in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling.

(iv) Plaintiffs object to producing documents or information in response to this Discovery Request as they are disproportionate in light of Plaintiffs' request for clarification of the Bankruptcy Court's July 19, 2022 Ruling, for which no discovery is needed, let alone the burdensome Requests served by Defendants.

(v) Plaintiffs object to producing documents or information in response to this Request because it is vague and not stated with reasonable particularity as to the connection between the Discovery Requests and the relief requested in the Clarification Motion.

(vi) Plaintiffs object to producing documents or information in response to this Discovery Request because it seeks documents protected by an applicable privilege, such as attorney-

client privilege or work product protection as all communication were related to the preference settlements and related assignments.

Dated:  January 29, 2023

           **REID COLLINS & TSAI LLP**

           Jonathan M. Kass (DE ID 6003)
           300 Delaware Avenue, Suite 770
           Wilmington, DE 19801-6600
           (302) 467-1765
           jkass@reidcollins.com

           **REID COLLINS & TSAI LLP**

           */s/ Angela J Somers*
           Angela J. Somers (*pro hac vice* admitted)
           Jeffrey Gross (pro hac vice to be filed)
           Minyao Wang (pro hac vice to be filed)
           420 Lexington Avenue
           Suite 2731
           New York, NY  10170
           (212) 344-5200
           asomers@ reidcollins.com
           jgross@reidcollins.com
           mwang@reidcollins.com

           *Special Counsel to the Trustees of the Cred Inc. Liquidation Trust*