# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRED, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 20-12836 (JTD)<br><br>(Jointly Administered)<br><br>Objection Deadline: February 2, 2023 at 4:00 p.m. (ET)<br>Hearing Date: February 9, 2023 at 2:00 p.m. (ET)<br><br>Related to Docket Nos. 1070, 1076 |

**JOINDER OF UPHOLD HQ INC. TO OBJECTION OF LOCKTON COMPANIES, LLC, ET AL., TO MOTION OF THE TRUSTEES OF CRED INC. LIQUIDATION TRUST PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE FOR CLARIFICATION OF THE JULY 19, 2022 BENCH RULING REGARDING TRUST'S AUTHORITY TO ACQUIRE CERTAIN THIRD-PARTY CLAIMS; AND RESERVATION OF RIGHTS**

Uphold HQ Inc. ("**Uphold**") hereby submits this joinder (the "**Joinder**"), by and through its undersigned counsel, to the objection [Docket No. 1076] (the "**Objection**")[2] of Lockton Companies, LLC and Lockton Companies – Pacific Series (together, "**Lockton**") with respect to the *Motion of the Trustees of Cred Inc. Liquidation Trust Pursuant to Section 105 of the Bankruptcy Code for Clarification of the July 19, 2022 Bench Ruling Regarding Trust's Authority to Acquire Certain Third Party Claims* [Docket No. 1070] ("**Motion**") filed by The Cred Inc. Liquidation Trust (the "**Trust**") established in the above-captioned chapter 11 bankruptcy cases (collectively, the "**Chapter 11 Cases**") of Cred, Inc. and its debtor affiliates (collectively, the "**Debtors**"). In support hereof, Uphold respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2] Unless otherwise defined herein, all defined terms in the Objection shall have the same meaning in this Joinder.

**JOINDER**

1. Uphold has reviewed the Objection filed by Lockton and hereby joins and incorporates all factual assertions and legal arguments set forth therein pertaining to the authority of the Trustee to acquire Third Party Claims under the Confirmation Order, Plan and/or Trust Agreement, and hereby reaffirms its positions regarding such authority, as set forth in the *Objection of Uphold HQ Inc. to the Motion of the Cred Inc. Liquidating Trust for Entry of Order Approving Third Party Claim Assignment Procedures* [Docket No. 1027] (the "**Uphold Objection**") and during the hearing on the Third Party Claim Motion, which are incorporated herein by reference.

**LIMITED RESPONSE**

2. By and through the Motion, the Trust requests that the Court "clarify" a purported "bench ruling" during the hearing on the Third Party Claim Motion. More precisely, the Trust requests that the Court order that:

> The July 19, 2022 Bench Ruling determined that, in accordance with the Plan and Trust Agreement, the Trustees can acquire Third-Party Claims obtained through individual settlements, and, if valid grounds exist, prosecute those claims against defendants….

*See* Docket No. 1070-2, at p. 2. The Trust's request, however, is flawed for numerous reasons, as discussed herein and in the Objection, and, thus, the Motion must be denied.

3. *First*, the Motion is fundamentally flawed as the Court did not issue a "bench ruling" granting the Trust any relief or authority during the July 19, 2022 hearing (the "**Hearing**"). The Hearing pertained to a single matter—namely, the Third Party Claim Motion. *See* Docket No. 1032. After receiving argument, the Court denied the Third Party Claim Motion without prejudice to a subsequent analogous motion—a motion the Trust never filed. *See* Docket No. 1040. In light of the unqualified denial of the Third Party Claim Motion, the statements characterized as the

2

Court's "bench ruling" (even if formally set forth in a formal opinion or order) constitute *dicta* not binding on the Court or any other party. *See Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017), *citing United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014).

4. *Second*, as discussed in the Uphold Objection and the Objection, the Plan and Trust Agreement do not contemplate or authorize the acquisition of Third Party Claims by the Trust. *See generally* Docket Nos. 1027, 1076. To the extent the provisions pertaining to Third Party Claims are deemed ambiguous, extrinsic evidence must be elicited and presented to determine the intention of the Debtors—not the Committee or Trust, neither of which were proponents of the Plan—in crafting the Plan and Trust Agreement. *See In re Forklift LP Corp.*, 363 B.R. 388, 396 (Bankr. D. Del. 2007). The Trust has failed to present any evidence of the Debtors' intentions in this regard and has refused to produce relevant information and document to parties in interest. Indeed, per the Objection and supporting declaration, the Trust has rebuffed requests by Lockton to obtain pertinent information. Similarly, Uphold has requested information and documents from the Trust relevant to the Trust's positions and representations regarding the Plan and Trust Agreement, including statements regarding communications between the Committee (the effective predecessor to the Trust) and the Debtors pertaining to the provisions of the Plan and Trust Agreement related to Third Party Claims and, in particular, Section 12.3(b)(vii) of the Plan, and proposed a continuation of the hearing on the Motion to permit the parties to engage in meaningful discovery. The Trust has refused to produce any of the requested documents or information or agree to the requested continuation. The information requested by Lockton and Uphold is essential to the interpretation of the Plan and Trust Agreement and, as such, resolution of the Motion.

5. *Third*, the Motion seeks broad relief without addressing fundamental concerns raised in connection with the Third Party Claim Motion, including the absence of adequate notice

and disclosures to creditors and third parties in the Plan or disclosure statement related to the acquisition of Third Party Claims and implications for Class 4 creditors under the Plan. As the United States Trustee noted during the Hearing, "the disclosure statement did not disclose that Class 4, the general unsecured creditors, could actually – there could be situations in which they could receive less if claims were assigned and prosecuted by the trust. They could receive less. They could receive more. They could receive the same. These are all possibilities, but to my understanding, this was not disclosed." Docket No. 1041, at 38:10-18; *see also* Docket No. 1041, at 68:6-11. Based on the record presented, the Trust has not resolved the substantial disclosure issues affecting the acquisition and prosecution of Third Party Claims (despite ample opportunity to do so).[3]

6.      Indeed, the Trust has not disclosed any relevant information regarding the procedures used to acquire or the Third Party Claims acquired by the Trust, including, without limitation, the creditors assigning the Third Party Claims, the nature and targets of the assigned Third Party Claims, the consideration provided by the Trust for the Third Party Claims (e.g., what avoidance actions the Trust released, the value of any released avoidance actions, waiver of claim objections/consensual allowance of disputed claims, etc.), the projected administrative expenses to prosecute any assigned Third Party Claims, the anticipated recoveries on account of assigned Third Party Claims, or the anticipate impact on the Trust beneficiaries; rather, the Trust merely avers that no assigning creditor received an increased claim and that the Trust "did not use a portal to solicit Cred Customers with respect to the assignment process," which assertions appear to be

---

[3] During the Hearing, the Court denied the Third Party Claim Motion and encouraged the Trust to coordinate with the United States Trustee and Uphold (as well as other parties in interest) regarding the preparation of disclosures and alternate procedures for the acquisition of Third Party Claims. *See, e.g.,* Docket No. 1041, 68:12-18. The Trust did not contact Uphold to discuss disclosures or alternate procedures for the acquisition of the Third Party Claims. Uphold is unaware whether the Trust contacted the United States Trustee or any other parties in interest regarding such disclosures or alternate procedures.

an attempt to address two (of the many) deficiencies with the Third Party Claim Motion. *See* Docket No. 1070, at p.5.[4]

7. The opacity of the Third Party Claim acquisition process precludes meaningful evaluation or oversight by the Court and parties in interest or confirmation that the process employed by the Trust entails a genuine "case-by-case" analysis and acquisition of Third Party Claims pursuant to *bona fide* settlements (as opposed to an orchestrated process designed to acquire Third Party Claims indiscriminately), which is especially disconcerting given the apparent administrative insolvency of the Trust and general lack of transparency in the administration of Trust assets, including, notably, the Trust's previously-undisclosed confidential resolution of claims against Cred insiders on unknown terms. *See Tr. of Jan. 11, 2023 Hearing*, at 28:22-29:14.[5]

8. *Fourth*, the Trust failed to provide proper notice of the Motion. Pursuant to Rule 2002-1(b) of the Local Rules for the United States Bankruptcy Court, District of Delaware, all motions must be served on, *inter alia*, "all parties whose rights are affected by the motion." As noted, *supra*, the Trust is not seeking to "clarify" a prior ruling of the Court; rather, the Trust seeks substantive relief potentially affecting the general unsecured creditors in the Chapter 11 Cases (i.e., the beneficiaries of the Trust) in the form of an order interpreting the subject provisions of the Plan and Trust Agreement. The Trust, however, failed to provide notice to the majority of creditors potentially affected by the relief requested—a defect that precludes resolving the motion without notice to all beneficiaries of the Trust. *See* Docket No. 1074.

/ / /

---

[4] The Trust submits the *Declaration of Cedric de Lisser* [Docket No. 1071] (the "**de Lisser Declaration**") in support of these contentions (among others); however, the de Lisser Declaration fails to comply with 28 U.S.C. § 1746 and, as such, may be inadmissible for purposes of adjudicating the Motion.

[5] A copy of relevant portions of the transcript is attached hereto as **Exhibit A**.

## **RESERVATION OF RIGHTS**

9. Uphold reserves all rights, *inter alia*, to amend, supplement, augment, alter or modify this Joinder in any respect at any time, prior to or during the hearing on the Motion, to join in any other objections or responses to the Motion, and to propound informal or formal discovery with respect to the Motion, any Third Party Claims, or any other matters directly or indirectly affecting Uphold. Uphold further reserves any and all rights, claims, causes of actions, remedies, and defenses, in any and all courts, under law or in equity, in respect of or connection with the Debtors and/or their bankruptcy estates (collectively, the "**Estates**"), any successor in interest to the Debtors and/or Estates, the Trust, Trustees, and any and all third parties and Third Party Claims.

*[Remainder of Page Intentionally Blank]*

**WHEREFORE**, for the reasons set forth herein and in the Objection, Uphold respectfully requests that the Court (a) (i) deny the Motion in its entirety or, in the alternative, (ii) continue the hearing on the Motion to permit discovery and proper notice of the Motion and (b) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 2, 2023<br>Wilmington, Delaware | **BAKER & HOSTETLER LLP**<br><br>/s/ Jeffrey J. Lyons<br>Jeffrey J. Lyons (#6437)<br>1201 North Market Street, Suite 1407<br>Wilmington, DE 19801-1147<br>Telephone: 302.468.7088<br>Email: jjlyons@bakerlaw.com<br><br>- and -<br><br>Jorian L. Rose (admitted *pro hac vice*)<br>Michael Sabella (admitted *pro hac vice*)<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>Email: jrose@bakerlaw.com<br>          msabella@bakerlaw.com<br><br>- and -<br><br>Michael T. Delaney (admitted *pro hac vice*)<br>Key Tower, 127 Public Sq.<br>Suite 2000<br>Cleveland, OH 44114<br>Telephone: 216.621.0200<br>Facsimile: 216.696.0740<br>Email: mdelaney@bakerlaw.com<br><br>*Counsel for Creditor Uphold HQ Inc.* |