## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., *et al.*, | Case No. 20-12836 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: Apr. 20, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: May 2, 2023 at 2:00 p.m. (ET)** |

## MOTION OF THE CRED INC. LIQUIDATION TRUST FOR ENTRY
## OF A THIRD ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter

11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the

"Debtors") files this motion (the "Motion"), pursuant to section 14.2 of the Plan (as defined

below), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-

2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Trust's deadline to

object to claims by 367 days through and including Monday, April 15, 2024. In support of this

Motion, the Trust respectfully represents as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, and the *Amended Standing Order of Reference* from the United States District Court for

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Local Rule 9013-1(f), the Trust confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006(b), and Local Rule 9006-2.

## **BACKGROUND**

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On March 11, 2021, the Court entered an order [Docket No. 629] confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").[2] The Plan became effective on April 19, 2021 (the "Effective Date"). *See* Docket No. 730. On the Effective Date, the Trust was established, and the Debtors' assets were transferred and assigned to the Trust. *See* Plan § 12.3. The Trust is being administered by the Liquidation Trustees (as defined in the Plan). *See id.* at § 12.3(a).

6.      The Plan permits the Trust, in its business judgment, to seek an extension of the Claims Objection Deadline by filing a motion requesting such relief on or before the Claims Objection Deadline. *See id.* at § 14.2.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

7.      On October 5, 2021, the Court entered the *Order Granting the Motion of the Cred Inc. Liquidation Trust for Entry of an Order Extending the Deadline to Object to Claims* [Docket No. 910], extending the deadline for the Trust to object to claims through and including April 14, 2022 (the "First Claims Objection Deadline").

8.      On February 1, 2022, the Court entered the *Order Granting the Motion of the Cred Inc. Liquidation Trust for Entry of a Second Order Extending the Deadline to Object to Claims* [Docket No. 968], extending the deadline for the Trust to object to claims through and including April 14, 2023 (the "Claims Objection Deadline" or the "Second Claims Objection Deadline").

9.      Since the Effective Date, the Trust has undertaken various tasks necessary to the administration of the Trust, all of which have delayed the Trust's claims reconciliation efforts. These tasks include: (i) investigating potential litigation claims through extensive discovery; (ii) fielding and resolving creditor inquiries; (iii) resolving certain disputes; (iv) disposing of pending matters against the Debtors; (v) retaining professionals to assist with tax, investigations, and cross-border issues; (vi) winding up the Debtors' estates; and (vii) negotiating consensual settlements of claims against third parties. In addition to having focused primarily on the foregoing efforts since the Effective Date, substantially all of the claims filed against the Debtors' estates involve various forms of cryptocurrency, which come with a broad range of novel and complex issues.

10.      Although the Trust has been working diligently to undertake the claims reconciliation process, substantial work remains. Accordingly, the Trust requires additional time to reconcile, evaluate, and resolve claims against the Debtors' estates.

DM_US 195282742-4.113270.0017

## RELIEF REQUESTED

11.     By this Motion, the Trust respectfully requests entry of an order, substantially in the form of the Proposed Order, extending the Claims Objection Deadline by 367 days through and including Monday, April 15, 2024. The requested extension is without prejudice to the Trust's right to seek additional extensions of the Claims Objection Deadline, as appropriate.

## BASIS FOR RELIEF

12.     The Plan expressly provides that "the Liquidation Trustees may request (and the Bankruptcy Court may grant) an extension of [the Claims Objection Deadline] by filing a motion with the Bankruptcy Court, based upon a reasonable exercise of the Liquidation Trustees' business judgment . . . ." Plan § 14.2.

13.     Additionally, Bankruptcy Code section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

14.     Bankruptcy Rule 9006(b)(1) generally allows a court, "for cause shown," to enlarge the time within which "an act is required or allowed to be done." Fed. R. Bankr. P. 9006(b)(1).

15.     Cause exists to extend the Claims Objection Deadline. The proposed extension is necessary for the efficient administration of the Trust and is in the best interests of creditors. Granting the requested extension will provide the Trust with additional time to (i) finalize its review and analysis of claims against the Debtors, (ii) complete the required due diligence to determine objectionable claims, (iii) negotiate resolutions to those claims, if possible, and (iv) object to and potentially litigate claims that cannot be consensually resolved.

4

16.     Conversely, if the Claims Objection Deadline is not extended, invalid or unsupported claims may be allowed, which may unfairly prejudice holders of valid and supported claims. The requested extension of the Claims Objection Deadline: (i) will not prejudice any claimant or other party in interest; (ii) will benefit creditors holding valid claims; (iii) is not being sought for purposes of delay; and (iv) will not affect any claimant's substantive defenses to any objection.

17.     For the foregoing reasons, the Trust respectfully submits that the requested extension of the Claims Objection Deadline through and including Monday, April 15, 2024, is appropriate.

## **<u>NOTICE</u>**

18.     Notice of this Motion has been given to all parties that are entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this Motion, the Trust respectfully submits that no further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Claims Objection Deadline by 367 days through and including Monday, April 15, 2024, and (ii) granting such other and further relief as the Court may deem proper.

Dated:   Wilmington, Delaware
         April 6, 2023

MCDERMOTT WILL & EMERY LLP

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711

- and -

Darren Azman (admitted *pro hac vice*)
1 Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to the Cred Inc. Liquidation Trust*

6