## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CRED INC., et al., | Case No. 20-12836 (KBO) |
| Debtors.[1] | (Jointly Administered) |
|  | **Reply Deadline: 4/23/25 at 4:00 p.m. (ET)**<br>**Hrg. Date: 5/13/25 at 9:30 a.m. (ET)** |

### THE LIQUIDATION TRUST'S SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO LATE CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 502(B), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

> **PARTIES RECEIVING THIS OMNIBUS OBJECTION SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIMS.**

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the "Debtors") hereby submits this seventh omnibus objection (the "Objection") to each of the claims listed on **Schedule 1** to the proposed form of order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"). In support of this Objection, the Trust submits the declaration of Tabish Rizvi (the "Rizvi Declaration"), attached hereto as **Exhibit A** and incorporated by reference, and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware dated February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b).

In accordance with Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), the Trust confirms its consent to the entry of a final

order by the Court in connection with this Objection to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 502(b) of

title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## BACKGROUND

A.      **The Chapter 11 Cases**

4.      On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing

petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Chapter

11 Cases have been jointly administered for procedural purposes only.

5.      On January 7, 2021, the Debtors filed their *Schedules of Assets and Liabilities*

[Docket Nos. 331, 332, 333, 334, 335] (as amended, the "Schedules").  Among other things, the

Schedules list the claims recognized by the Debtors, including cryptocurrency-based claims

(collectively, the "Scheduled Claims"), as reflected in the books and records maintained by the Debtors in the ordinary course of business (the "Books and Records").

6.    On March 11, 2021, the Court entered an order confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").[2]  The Plan went effective on April 19, 2021 (the "Effective Date").  *See* Docket No. 730.  On the Effective Date, the Trust was established, and the Debtors' assets were transferred and assigned to the Trust.  *See* Plan, § 12.3.  The Trust is being administered by the liquidation trustees (the "Liquidation Trustees").  *See id*. at § 12.3(a).

**B.    The Proof of Claim Procedures**

7.    On December 21, 2020, the Court entered the *Order (I) Fixing Deadlines for Filing Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 271] (the "Bar Date Order"), which established, *inter alia*, February 10, 2021 at 5:00 p.m. (Prevailing Eastern Time) (the "Bar Date") as the deadline for all persons and entities, other than governmental units, to file prepetition proofs of claim (the "Proofs of Claim") against the Debtors, including claims pursuant to Bankruptcy Code section 503(b)(9).  Pursuant to the Bar Date Order, holders of "claims" (as defined in Bankruptcy Code section 101(5)) were required to submit their claims such that the claims were actually received on or before the Bar Date.

8.    Additionally, Article XIV, section 8 of the Plan provides:

> On or after the Effective Date, a Claim may not be filed or amended without the prior authorization of the Bankruptcy Court or the Liquidation Trustees, and any such new or amended Claim filed without prior authorization shall be deemed Disallowed in full and expunged without any further action.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

9. The current deadline for the Trust to object to claims is April 15, 2025. *See* Docket No. 1161.

## THE LATE CLAIMS

10. The Trust has continued to review and reconcile claims in accordance with the Debtors' Books and Records. As indicated on **Schedule 1** annexed to the Proposed Order, 84 claims were filed after the Bar Date (collectively, the "Late Claims"). The Late Claims should be disallowed and expunged because each claimant was duly served with the Bar Date Order but nevertheless filed an untimely Proof of Claim after the Bar Date.[3]

## RELIEF REQUESTED

11. By this Objection, the Trust requests that the Court enter the Proposed Order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing the Late Claims in full as untimely.

## BASIS FOR RELIEF

12. Bankruptcy Code section 502(b) provides in pertinent part that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

13. A proof of claim generally constitutes *prima facie* evidence of the validity and amount of the claim. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). A claim, however,

---

[3] Approximately thirteen Late Claims were also modified through prior orders entered by this Court. The prior orders preserved the Trust's right to object to these claims on any additional grounds. *See* Docket Nos. 1198 ("The Trust shall retain and shall have the right to object in the future to any of the [claims] on any additional grounds, and to amend, modify and/or supplement the Objection as may be necessary."), 1187 (same), 1196 (same), 1197 (same), 1249 (same).

should not be allowed if that claim is unenforceable against a debtor and property of the debtor, under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992); *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Mortg. Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988).

14.     Bankruptcy Rule 3003(c)(3) authorizes courts to set bar dates by which proofs of claim must be filed. Additionally, section 502(b)(9) of the Bankruptcy Code states that a claim shall not be allowed "to the extent that . . . proof of such claim is not timely filed . . .." 11 U.S.C. § 502(b)(9); *Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs. Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) (enforcing the bar date and stating, inter alia, that "a bar date order does not function merely as a procedural gauntlet"); *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) (stating that the "[b]ar date is akin to a statute of limitations, and must be strictly observed").

15.     As set forth in the Rizvi Declaration, and based upon a review of the Late Claims, the Trust has determined that the Late Claims listed hereto on **Schedule 1** to the Proposed Order were not timely filed on or before the Bar Date, as required under the Bar Date Order. Each holder of Late Claims received notice of the Bar Date Order and the Bar Date but nevertheless failed to file a timely Proof of Claim. Accordingly, to avoid the possibility of improper or excessive recovery against the estate, and to ensure the accuracy of the claims register, the Trust requests that the Court disallow and expunge the Late Claims in their entirety.

## RESPONSES TO OBJECTION

16.     <u>Filing and Service of Responses</u>.  To contest the Objection, a claimant must file

and serve a written response to the Objection (a "<u>Response</u>") so that it is <u>received</u> by **4:00 p.m.**

**(Prevailing Eastern Time) on April 23, 2025** (the "<u>Deadline</u>").  A claimant who has timely

filed a Response and wishes to oppose the Objection must attend or make other plans to

participate in the hearing on the Objection, which is scheduled to be held on **May 13, 2025 at**

**9:30 a.m. (Prevailing Eastern Time)** before the Honorable Karen B. Owens, Chief United

States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824

North Market Street, 6th Floor, Courtroom No. 3, Wilmington, DE 19801.

17.     Every Response should be filed with the Office of the Clerk, United States

Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington,

Delaware 19801, and served on counsel for the Trust, so that the Response is received no later

than the Deadline at the following address:

> McDermott Will & Emery LLP
> Attn:  David R. Hurst
> 1000 N. West Street, Suite 1400
> Wilmington, Delaware 19801
> Telephone:  (302) 485-3900
> Facsimile:  (302) 351-8711
> Email:  dhurst@mwe.com
>
> -and-
>
> McDermott Will & Emery LLP
> Attn:  Gregg Steinman
> 333 SE 2nd Avenue, Suite 4500
> Miami, Florida 33131
> Telephone:  (305) 358-3500
> Facsimile:  (305) 347-6500
> Email:  gsteinman@mwe.com

18. <u>Content of the Responses</u>.  Every Response must contain, at a minimum, the following:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

(b) the name of the claimant and a description of the basis for the amount of the claim subject to the Objection;

(c) a concise statement setting forth the reasons why the relief requested in the Objection should not be granted, including the specific factual and legal bases on which the claimant relies in opposing the Objection;

(d) all documentation and other evidence supporting the claim subject to the Objection not previously filed with the Court or Stretto, the claims agent in the Chapter 11 Cases, upon which the claimant relies in opposing the Objection; and

(e) the name, address, telephone number, and facsimile number of the person(s), which may be the claimant or an attorney or other legal representative thereof, to whom counsel for the Trust should serve a reply, if any, to the Response and who has the authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

19. <u>Timely Response Required</u>.  If a claimant fails to file and serve a timely Response, then, without further notice to the claimant or a hearing on the Objection, the Trust will present the Court with the Proposed Order, substantially in the form attached hereto as **<u>Exhibit B</u>**.

**<u>RESERVATION OF RIGHTS</u>**

20. The Trust hereby reserves its right to object further to the Late Claims on any additional factual or legal ground.  Without limiting the generality of the foregoing, the Trust specifically reserves the right to amend this Objection, file additional papers in support thereof or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a Response by or on behalf of any claimant or other party in interest; (b) object further to any Late Claim for which a claimant provides (or attempts to provide) additional

7

documentation or substantiation; and (c) object further to any Late Claim based on additional information that may be discovered on further review by the Trust or through discovery.

## NOTICE

21.     Notice of this Objection will be provided to: (i) the United States Trustee for the District of Delaware; (ii) the claimants subject to the Objection and their counsel, if known; and (iii) all parties entitled to notice under Local Rule 2002-1(b).  The Trust respectfully submits that no further notice is required.

## NO PRIOR REQUEST

22.     No prior request for the relief sought in this Objection has been made to this or any other court.

## COMPLIANCE WITH LOCAL RULE 3007-1

23.     To the best of the Trust's knowledge and belief, the Objection, including its exhibits, substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply with the requirements of Local Rule 3007-1, the Trust submits that the deviations are not material and respectfully requests that those requirements be waived.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Trust respectfully requests that the

Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit B**, granting

the relief requested in the Objection and such other and further relief as the Court deems just and

proper.

Dated: Wilmington, Delaware                **MCDERMOTT WILL & EMERY LLP**
      March 31, 2025

                                                   */s/ David R. Hurst*
                                                   David R. Hurst (I.D. No. 3743)
     1000 N. West Street, Suite 1400
     Wilmington, DE 19801
     Telephone: (302) 485-3900
     Facsimile: (302) 351-8711

     *- and -*

     Darren Azman (admitted *pro hac vice*)
     One Vanderbilt Avenue
     New York, NY 10017
     Telephone: (212) 547-5400
     Facsimile: (212) 547-5444

     *Counsel to the Cred Inc. Liquidation Trust*