IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CRED INC., et al., | Case No. 20-12836 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Obj. Deadline: 4/14/25 at 4:00 p.m. (ET)<br>Hearing Date: 5/13/25 at 9:30 a.m. (ET) |

**MOTION OF THE CRED INC. LIQUIDATION TRUST FOR ENTRY
OF A FIFTH ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

The Cred Inc. Liquidation Trust (the "Trust") established in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Cred Inc. and its affiliated debtors (collectively, the "Debtors") files this motion (the "Motion"), pursuant to section 14.2 of the Plan (as defined below), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Trust's deadline to object to claims by 365 days, through and including April 15, 2026. In support of this Motion, the Trust respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

meaning of 28 U.S.C. § 157(b)(2).  In accordance with Local Rule 9013-1(f), the Trust confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006(b), and Local Rule 9006-2.

## BACKGROUND

4. On November 7, 2020, the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

5. On March 11, 2021, the Court entered an order [Docket No. 629] confirming the *Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 629-1] (as amended, the "Plan").[2]  The Plan became effective on April 19, 2021 (the "Effective Date").  Docket No. 730.  On the Effective Date, the Trust was established, and the Debtors' assets were transferred and assigned to the Trust.  Plan § 12.3.  The Trust is being administered by the Liquidation Trustees.  *Id.* at § 12.3(a).

6. The Plan permits the Trust, in its business judgment, to seek an extension of the Claim Objection Deadline by filing a motion requesting such relief on or before the Claim Objection Deadline.  *Id.* at § 14.2.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

7. On April 30, 2024, the Court entered the *Fourth Order Extending the Deadline to Object to Claims* [Docket No. 1161], extending the deadline for the Trust to object to claims through and including April 15, 2025 (the "Claim Objection Deadline").

8. Since the Effective Date, the Trust has undertaken various tasks necessary to the administration of the Trust, all of which have delayed the Trust's claims reconciliation efforts. These tasks include: (i) investigating potential litigation claims through extensive discovery; (ii) fielding and resolving creditor inquiries; (iii) resolving certain disputes; (iv) disposing of pending matters against the Debtors; (v) retaining professionals to assist with tax, investigations, and cross-border issues; (vi) winding up the Debtors' estates; and (vii) negotiating consensual settlements of claims against third parties. In addition to having focused on the foregoing efforts since the Effective Date, substantially all of the claims filed against the Debtors involve various forms of cryptocurrency, which come with a broad range of novel and complex issues.

9. The Trust has nearly reconciled the entire claims pool across seven omnibus claim objections. Moreover, the Trust's other recovery efforts have yielded increased assets as set forth in the *Fourth Statement of the Cred Inc. Liquidation Trust Regarding Trust Assets* [Docket No. 1228]. As a result of these efforts, projected recoveries for unsecured creditors have increased significantly. Although the Trust believes that the claims reconciliation process is nearly complete, it nevertheless seeks a further extension of the Claim Objection Deadline out of an abundance of caution.

## RELIEF REQUESTED

10. By this Motion, the Trust respectfully requests entry of an order, substantially in the form of the Proposed Order, extending the Claim Objection Deadline by 365 days through and including April 15, 2026. The requested extension is without prejudice to the Trust's right to seek additional extensions of the Claim Objection Deadline, as appropriate.

**BASIS FOR RELIEF**

11. The Plan expressly provides that "the Liquidation Trustees may request (and the Bankruptcy Court may grant) an extension of [the Claim Objection Deadline] by filing a motion with the Bankruptcy Court, based upon a reasonable exercise of the Liquidation Trustees' business judgment . . . ." Plan § 14.2.

12. Additionally, Bankruptcy Code section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*. Bankruptcy Rule 9006(b)(1) also allows a court, "for cause shown," to enlarge the time within which "an act is required or allowed to be done."

13. Cause exists to extend the Claim Objection Deadline because prior extensions have yielded significant increases to unsecured creditor recoveries. As set forth above, the Trust has labored to preserve and maximize the value of the Debtors' estate for the benefit of all creditors. An additional extension is necessary to ensure that the Trust can continue to fulfill its mandate by preventing claimants with invalid or unsupported claims from prejudicing holders of valid claims. The requested extension of the Claim Objection Deadline: (i) will not prejudice any claimant or other party in interest; (ii) will benefit creditors holding valid claims; (iii) is not being sought for purposes of delay; and (iv) will not affect any claimant's substantive defenses to any objection.

14. For the foregoing reasons, the Trust respectfully submits that the requested extension of the Claim Objection Deadline through and including April 15, 2026, is appropriate.

**NOTICE**

15. Notice of this Motion has been given to all parties that are entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this Motion, the Trust respectfully submits that no further notice of this Motion is required.

WHEREFORE, the Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Claim Objection Deadline by 365 days through and including April 15, 2026, and (ii) granting such other and further relief as the Court may deem proper.

Dated:  Wilmington, Delaware
         March 31, 2025

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:  (302) 351-8711
Email:  dhurst@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
1 Vanderbilt Avenue
New York, New York 10017
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
Email:  dazman@mwe.com

*Counsel to the Cred Inc. Liquidation Trust*